



**FILED**

DEC 0 3 1997

AT 8:30
WILLIAM T. WALSH
CLERK

AUGUST W. FISCHER, ESQ.
53 Pequot Road
Ringwood, NJ 07456     AF 8011
(973) 962-7179

Attorney for Defendant

| | | |
|---|---|---|
| WALSH SECURITIES, INC. | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| vs | : | Civil Action No.:CV97 3496 (WGB) |
| | : | |
| CRISTO PROPERTY MANAGEMENT, | : | |
| et al. | : | **ANSWER TO AMENDED COMPLAINT,** |
| | : | **CROSS-CLAIM and COUNTER-CLAIM** |
| | : | |

### ANSWER

1.   This defendant denies any violation of Racketeer Influenced and Corrupt Organization Act, common law fraud and breach of contract.

2.   This defendant has no knowledge of the allegations of paragraph number 2 and leaves the plaintiff to its proof.

3.   This defendant has no knowledge of the allegations of paragraph number 3 and leaves the plaintiff to its proof.

4.   This defendant has no knowledge of the allegations of paragraph number 4 and leaves the plaintiff to its proof.

5.   This defendant has no knowledge of the allegations of paragraph number 5 and leaves the plaintiff to its proof.

6.   This defendant has no knowledge of the allegations of paragraph number 6 and leaves the plaintiff to its proof.

7.   This defendant has no knowledge of the allegations of paragraph number 7 and leaves the plaintiff to its proof.

8.   This defendant has no knowledge of the allegations of paragraph number 8 and leaves the plaintiff to its proof.

9.   This defendant has no knowledge of the allegations of paragraph number 9 and leaves the plaintiff to its proof.

10.   This defendant has no knowledge of the allegations of paragraph number 10 and leaves the plaintiff to its proof.

11.    This defendant has no knowledge of the allegations of paragraph number 11 and leaves the plaintiff to its proof.

12.   This defendant admits that he is a New Jersey resident and a licensed real estate appraiser in the State of New Jersey.

13. This defendant has no knowledge of the allegations contained in paragraphs 13-30 and leaves the plaintiff to its proofs.

14.   Defendant admits the allegations of paragraph 31.

15.   This defendant admits the allegations of paragraph number 32.

16.   This defendant denies the allegations of paragraph number 33, 34, 35, and 36 as far as he is concerned.

17.   This defendant has no knowledge of the allegations of paragraph 37, 38, 39, 40, 41, and 42.

18.   This defendant denies the allegations of paragraph 43

except to admit that real estate appraisers are licensed by the State of New Jersey and usually selected by the mortgage banker.

19.   This defendant admits the real estate appraisal is supposed to reflect the true market value of the property and admits that in the event of default of a mortgage loan the lender can foreclose the property to recover the value of the mortgage loan.

20.   This defendant has no knowledge of the allegations of paragraph 45, 46, 47, 48, 49, 50 and 51.

21.   This defendant denies the allegations of paragraph 52 as applied to him but, believes same to be true with regard to certain of the other parties herein and leaves the plaintiff to its proof.

22.   This defendant denies the allegations of paragraph 53, 54, 55 and 56 with regard to himself, but, upon information and belief, understands the same to be true with regard to the other parties and leaves the plaintiff to its proof.

23.   Upon information and belief, the allegation in paragraph 57 of the complaint appear to be accurate, and the defendant leaves the plaintiff to its proof.

24.   The allegations of paragraph 58, upon information and belief, appear to be true except this defendant denies he "fraudulently" appraised the property in question.

25.   This defendant has no knowledge of the allegations of paragraph 59 and leaves the plaintiff to its proof.

26.   In response to paragraph number 60 this defendant repeats its answers to the allegation of paragraph 1-59 as if set

forth at length herein.

27.   The defendant admits the allegation of paragraph number 61 and paragraph 62.

28.   This defendant denies any association in fact or violation of the above mentioned statute.

29.   This defendant denies engagement in any activity proscribed by the RICO as alleged in paragraph 64.

30.   This defendant denies the allegations of paragraph 65, 66, 67, and 68 as directed to him.

## COUNT TWO

31.   This defendant  repeats its answers to the allegations to paragraphs 1-68 as if set forth fully herein in response to the allegations of paragraph 69.

32.   This defendant admits the allegation of paragraph 70.

33.   This defendant denies the allegations of paragraphs 71 and 72 as far as he is concerned, but upon information and belief understands the same to be true with regard to the other defendants set forth herein.

34.   The defendant has no knowledge of the allegations of paragraph 73 and leaves plaintiff to its proof.

## COUNT THREE

35.   This defendant repeats its answers to the allegations of paragraph number 1-73 as if set forth at length herein in response to the allegations of paragraph number 74.

36.   This defendant denies the allegations of paragraph

number 75 as far as he is concerned, but, upon information and belief, understands the same to be true and accurate with regard to the other defendant.

37.   This defendant denies the allegations of paragraph number 76, and 77 in that plaintiff, and/or its officers and principals were fully aware of the scheme as set forth herein.

38.   Defendant has no knowledge of the allegations of paragraph 78 and leaves the plaintiff to its proof.

39.   The allegations of paragraph number 79, 80, 81, 82,83, and 84 are not against this defendant and this defendant, therefore, makes no response thereto.

40.   The allegation of paragraphs 85, 86, 87, 88, 89, 90, and 91 are not against this defendant and this defendant, therefore, makes no response thereto.

## COUNTER CLAIM and CROSS-CLAIM

The defendant, Richard Calanni, by way of counter claim and Cross-claim states:

1.   This counterclaimant, cross-claimant brings this action for violation of the Racketeer Influenced and Corrupt Organizations Act, and common law fraud.

## Parties

2.   Calanni adopts the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 18, 20, 24, and 25 as if set forth at length herein.

## JURISDICTION

3. Jurisdiction is proper according to 28 U.S.C. 1331 and 18 U.S.C.1964(c).

## VENUE

4. Venues proper according to 28 U.S.C. 1391(b) and 18 U.S.C. 1965(a).

## INTRODUCTION

5. Calanni hereby adopts the allegations of paragraph 33,34, and 35 and additionally alleges that Walsh, through its principals and officers knew or should have known, of the actions and frauds being committed.

## FACTUAL ALLEGATION

6. Calanni adopts the allegations of paragraph 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48.

### NEW JERSEY MORTGAGE LOAN FRAUDS

7. Calanni adopts the allegations of paragraphs 52, 53, 54, 55, 56 and 57 of the complaint except Calanni alleges that Walsh, through its principals and/or agents knew and was aware of the fraudulent scheme and participated in or approved thereof. And that Calanni was never aware of the same, warned of the same or advised of the process which was occurring, but was directed to use information provided by Walsh and/or the other parties set forth herein.

### COUNT ONE

8. Calanni adopts the allegations of paragraph 61, 62, 63,

64, 65, 66, 67, and 68 of the complaint as if set forth at length herein, except that to allege that Calanni was unaware, uninformed and a victim of this scheme and that Walsh through, its principals and agents, was a party of said scheme.

9.  By reason of the aforesaid plaintiff has suffered the following foreseeable loss and damages:

(a) the lose and destruction of his business.

(b) the business reputation has caused Calanni to lose a substantial amount of business and profits

(c) other consequential, incidental and special damages


WHEREFORE, plaintiff prays that the Court find and determine that these RICO defendants are liable to it, jointly and severally, and award treble damages, attorneys fees and costs, and other such relief as may be appropriate.

## COUNT TWO

### VIOLATION OF 18 U.S.C. 1962(d) (RICO)


10.  Calanni repeats each and every allegation of paragraph 1-9 as set forth fully herein.

11.  Calanni repeats the allegations of paragraphs of 70, 71, and 72 of the complaint as set forth at length herein and further alleges that Walsh, through its principals and agents, participated in the same.

12.  By reason of the aforesaid violations plaintiff has suffered the following foreseeable lose and damages:

(a) The fraud perpetrated against Calanni has injured his business reputation and caused him to loose a substantial amount of business and profit.

(b) the fraud perpetrated against Calanni has caused him personal grief and embarrassment and injured his personal reputation.

(c) other consequential, incidental and special damages.

WHEREFORE, on this count Calanni prays the Court find and determine that all of the RICO defendants are liable to him, jointly and severally, for violations of 18 U.S.C 1962(d) and award treble damages, attorneys fees and costs, and other such relief as may be appropriate.

## COUNT THREE

## COMMON LAW FRAUD

12.   Calanni hereby repeats each and every allegation of paragraph 1-11.

13.   By illegal and fraudulent acts and schemes described above, the RICO defendants, including Walsh, willfully and intentionally damaged and defrauded Calanni by withholding information, making false and fraudulent and material misrepresentation and omissions to Calanni concerning the mortgage loans, conditions thereof, parties thereto, and value and circumstances of previously made and accepted mortgages which were part of the same scheme.  Said actions, omissions,

misinformation and directions and instructions provided to
Calanni led to his making appraisals which were inaccurate and
inflated.  These actions by Walsh and the other defendants as set
forth herein were intended to and did deceive Calanni.

14.  Calanni believed and relied upon these material
misrepresentations and omissions.

15.  As result of the actions of Walsh and the other
defendants herein plaintiff suffered damages in access of
$500,000.00.

WHEREFORE, on this count, plaintiff prays that the Court find and
determine that Walsh and the defendants as set forth herein are
liable to him jointly and severally, for common law fraud and
award damages, punitive damages and other such relief as may be
appropriate.


DEMAND is hereby made for jury trial.

Calanni hereby demands a jury for all issues for which he
has a right to trial by jury.


Dated  November   , 1997

AUGUST W. FISCHER,
Attorney for Defendant,
Counterclaimant and Cross-
claimant, RICHARD CALANNI

*Attorney(s):* AUGUST W. FISCHER, ESQ.
*Office Address & Tel. No.:* 53 Pequot Rd
            Ringwood, NJ 07456  (973) 962-7179
*Attorney(s) for* Richard Calanni

                 UNITED STATES DISTRICT COURT

WALSH SECURITIES, INC.

                       *Plaintiff(s),*

               *vs.*                *Docket No.* CV 97 3496 (WGB)
CRISTO PROPERTY, et al

                                      *CIVIL ACTION*

            *Defendant(s).*        *PROOF OF MAILING*

    *1. I, the undersigned, am* Dawn Sudol, secretary   for August W. Fischer, Esq.

*attorney(s) for* Richard Calanni

                                        *in the above entitled action.*

    *2. On* December 1,       *19* 97   , *I mailed in the U.S. Post Office in* Ringwood
*New Jersey, a sealed envelope with postage prepaid thereon, by* certified mail       *mail, return receipt*
*requested, containing*   Answer to Amended Complaint, Cross-claim, and Counter-claim

*addressed to* Michael chertoff, Esq.
               Latham & Watkins
               One Newark Center, 16th Floor
               Newark, NJ 07101

                                 *at said addressee's last known address.*

    *I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements*
*made by me are wilfully false, I am subject to punishment.*

    *Dated:* Dec. 1          *19* 97

                             Dawn Sudol