FILED

DEC 0 9 1997

AT 8:30 _____
WILLIAM T. WALSH
CLERK

DRAZIN and WARSHAW, P.C.
25 Reckless Place
P. O. Box 8909
Red Bank, New Jersey 07701
(732) 747-3730
Attorneys for Defendants Capital
Assets Property Management &
Investment Co., Inc.; Capital
Assets Property Management &
Investment Co., L.L.C.; and
Gary Grieser
RR 6813

---

| | |
|---|---|
| WALSH SECURITES, INC. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| | CIVIL ACTION NO. CV 97-3496 (WJB) |
| -vs- | |
| CRISTO PROPERTY MANAGEMENT LTD, a/k/a G.L.J. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DI BENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. | **ANSWER TO AMENDED COMPLAINT JURY DEMAND AND CROSS-CLAIMS** |

1

CUZZI, ANTHONY D'APOLITO,
DAP CONSULTING, INC.,
COMMONWEALTH LAND TITLE
INSURANCE COMPANY, NATIONS
TITLE INSURANCE OF NEW
YORK, INC., FIDELITY NATIONAL
TITLE INSURANCE COMPANY OF
NEW YORK and COASTAL TITLE
AGENCY,

        Defendants,

---

Defendants, Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management & Investment Co., L.L.C., and Gary Grieser, having their principal place of business at 10 West Bergen Place, Red Bank, in the Borough of Red Bank, County of Monmouth, State of New Jersey, by way of answer to the Amended Complaint, say:

1. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 1 and 2 except to admit that plaintiff purchases mortgages and has a place of business in Parsippany-Troy Hills, New Jersey.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 3, 4, 5, 6 and 9, except to admit that Cristo Property had a place of business in Union Beach, New Jersey and that defendant Kane had an interest in that business.

2

3. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 except to admit that NHF had a place of business in Monmouth County and that defendant Skowenski had an interest in that business.

4. These defendants deny the allegations of Paragraphs 8 and 10 except to admit that Capital Assets Property Management & Investment Co., Inc., and Capital Assets Property Management & Investment Co., L.L.C. are corporations of the State of New Jersey, that defendant Grieser owns all of the stock of each corporation, that he is the president of each corporation which have their principal place of business at 10 West Bergen Place, Red Bank, New Jersey, and that he is a New Jersey resident.

5. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 11, 12, 13, 14, 15, 16, and 17 except to admit that defendant Skowrenski is a New Jersey resident.

6. These defendants admit the allegations of Paragraphs 18, 19, 20, 21 and 24.

7. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 except to admit that defendants Yacker and Cicalese handled certain real property title closings.

8. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 25, 26, 27, 28, 29, 30, 31 and 32.

9. These defendants deny the allegations of Paragraphs 33, 34, 35 and 36.

10. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 except to admit the first sentence of paragraphs 37 and 39.

11. These defendants deny the allegations of Paragraphs 52, 53, 54, 55, 56, and 57 except to admit the existence and recording of certain deeds to defendants Capital Assets Management Property & Investment Co., Inc. or L.L.C., the existence of certain agreements for a joint venture, that defendants Capital Assets Property Management & Investment Co., Inc. or L.L.C. collected certain rents and paid certain expenses for certain real property, and that certain mortgage payments have not been made since June 30, 1997.

12. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 58 and 59.

## AS TO COUNT I

13. These defendants repeat and reallege their answers to Paragraphs 1 through 60 as if set forth at length herein.

14. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 61 and 62.

4

15. These defendants deny the allegations of Paragraphs 63, 64, 65, 66, 67 and 68.

## AS TO COUNT II

16. These defendants repeat and reallege their answers to Paragraphs 1 through 68 as if set forth at length herein.

17. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70.

18. These defendants deny the allegations of Paragraphs 71, 72, and 73.

## AS TO COUNT III

19. These defendants repeat and reallege their answers to Paragraphs 1 through 73 as if set forth at length herein.

20. These defendants deny the allegations of Paragraphs 75, 76, 77 and 78.

## AS TO COUNT IV

21. These defendants repeat and reallege their answers to Paragraphs 1 through 78 as if set forth at length herein.

22. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 80, 81, 82, 83 and 84.

## AS TO COUNT V

23. These defendants repeat and reallege their answers to Paragraphs 1 through 84 as if set forth at length herein.

24. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 86, 87, 88, 89, 90 and 91.

### FIRST SEPARATE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted as to these defendants.

### SECOND SEPARATE DEFENSE

Plaintiff's Amended Complaint against these defendants is barred by its own negligent conduct and the conduct of its agents, employees and officers.

### THIRD SEPARATE DEFENSE

Plaintiff's Amended Complaint against these defendants is barred by the acts of its agents, employees and officers which constitute laches.

### FOURTH SEPARATE DEFENSE

Plaintiff's Amended Complaint against these defendants is barred by the acts of its agents, employees and officers which constitute estoppel.

### FIFTH SEPARATE DEFENSE

Plaintiff's Amended Complaint against these defendants is barred by the acts of its agents, employees and officers which constitute waiver.

## JURY DEMAND

These defendants demand a trial by jury on all issues.

## CROSS-CLAIM FOR CONTRIBUTION

These defendants hereby demand contribution from defendants Cristo Property Management, Ltd., a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., William J. Kane, Robert Skowrenski, II, Richard Colanni, Richard DeBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Michael Alfieri, Richard Pepsny, Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York and Costal Title Agency.

>DRAZIN & WARSHAW, P.C.
>Attorneys for Defendants Capital Assets
>Property Management & Investment Co., Inc.,
>Capital Assets Property Management &
>Investment Co., L.L.C. and Gary Grieser

Dated: December 8, 1997

By: _____
Ronald Lee Reisner
For the Firm

DRAZIN and WARSHAW, P.C.
25 Reckless Place
P. O. Box 8909
Red Bank, New Jersey 07701
(732) 747-3730
Attorneys for Defendants Capital
Assets Property Management &
Investment Co., Inc.; Capital
Assets Property Management &
Investment Co., L.L.C.; and
Gary Grieser
RR 6813

---

| | |
|---|---|
| WALSH SECURITES, INC. : | UNITED STATES DISTRICT COURT |
| : | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, : | |
| : | CIVIL ACTION NO. CV 97-3496 (WJB) |
| -vs- : | |
| : | |
| CRISTO PROPERTY MANAGEMENT : | CERTIFICATION OF SERVICE |
| LTD., etc., et als; : | |
| : | |
| Defendants, : | |

I hereby certify that on the date hereof, I caused a true copy of the within Answer, Jury Demand, and Cross-Claims to be served by regular mail upon Latham & Watkins, Michael Chertoff, Esq., attorneys for plaintiff at One Newark Center, 16th Floor, Newark, New Jersey, 07107-3174 and Chamlin, Rosen, Cavanagh & Ulian, Charles J. Uliano, Esq. attorney for defendant, Anthony D'Apolito, at 268 Norwood Ave., West Long Branch, New Jersey 07764,

and Schottland, Manning, Rosen, Caliendo & Munson, P.A., Michael D. Schottland, Esq., attorneys for defendants, Robert Skowrenski, II and National Home Funding, Inc., at P. O. Box 6578, 36 West Main Street, Freehold, New Jersey 07728.

>DRAZIN & WARSHAW, P.C.
>Attorneys for Defendants Capital Assets
>Property Management & Investment Co., Inc.,
>Capital Assets Property Management &
>Investment Co., L.L.C. and Gary Grieser

Dated: December 8, 1997    By: *[signature]*
                               Ronald Lee Reisner