

**MARK W. CATANZARO, ESQUIRE**
Blason IV - Suite 208
513 S. Lenola Road
Moorestown, New Jersey 08057
(609) 235-4266
By: Mark W. Catanzaro, Esquire (MWC 7126)
Attorney for Defendant, Richard Pepsny

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK VICINAGE
### HONORABLE WILLIAM G. BASSLER

WALSH SECURITIES, INC.,           :

      Plaintiff,           :           Civil Action No. 97cv3496(WGB)

   vs.                    :

CRISTO PROPERTY           :
MANAGEMENT, LTD., a/k/a              ANSWER TO AMENDED COMPLAINT
G.J.L. LIMITED, et al,           :           WITH AFFIRMATIVE DEFENSES

      Defendants.           :


Richard Pepsny, by way of Answer to plaintiff's Amended Complaint states:

1.    Admitted in part; denied in part.  It is admitted that plaintiff brings this action alleging violations of the Racketeer Influenced and Corrupt Organizations Act as well common-law fraud and breach of contract.  It is specifically denied that answering defendant was involved in the alleged conduct which formulates

plaintiff's allegations.

## PARTIES

2.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

3.   Admitted in part; denied in part.   It is admitted that Cristo Property Management, Ltd. a/k/a G.J.L. Limited is a New Jersey Corporation.   The balance of the allegations are denied.

4.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

5.   Denied. After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

6.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

7.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and

-2-

accordingly are denied.

8. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

9. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

10. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

11. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

12. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

13. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

14.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

15.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

16.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

17.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

18.   Admitted.

19.   Admitted.

20.   Admitted.

21.   Denied.   After   reasonable   investigation,   answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

22.   Denied.  As to defendants Yacker, Cicalese and Alfieri, answering  defendant  is  without  sufficient  information  to  form  a

belief as to the truth or falsity of the allegations contained therein and accordingly are denied.  As to answering defendant, he denies the allegation as stated.

23.  Denied.  After reasonable investigation, answering defendant is without sufficient information to a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

24.  Denied.  After reasonable investigation, answering defendant is without sufficient information to a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

25.  Denied.  After reasonable investigation, answering defendant is without sufficient information to a belief as to the truth or falsity of . the allegations contained therein and accordingly are denied.

26.  Denied.  After reasonable investigation, answering defendant is without sufficient information to a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

27.  Denied.  After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

28.  Denied.  After reasonable investigation, answering defendant is without sufficient information to form a belief as to

the truth or falsity of the allegations contained therein and accordingly are denied.

29. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

30. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

## JURISDICTION

31. Denied.

## VENUE

32. Denied.

## INTRODUCTION

33. Denied as to answering defendant. As to the other individuals, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

34. Denied as to answering defendant. As to the other individuals, after reasonable investigation, answering defendant is

without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

35. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

36. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

## FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

37. Admitted in part; denied in part. It is admitted that a mortgage loan is a loan in which real property is used as collateral for the loan. Defendant is without sufficient information to form a belief as to whether or not it "usually" is "70 - 75 percent" of the actual value of the property.

38. Admitted.

39. Admitted in part; denied in part. It is admitted that mortgage bankers are licensed by the State of New Jersey pursuant to **N.J.S.A.** 17:11B-1, *et seq.* As to the remaining allegations of paragraph 39, after reasonable investigation, answering defendant

-7-

is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

40.  Admitted in part; denied in part.  It is admitted that individuals who had difficulties in their credit histories are often charged higher interest rates for mortgage loans.  As to whether or not there exists a "prime mortgage banker" versus a "sub prime mortgage banker" answering defendant is without sufficient information to form a belief as to the truth or falsity of that allegation and it is therefore denied.

41.  Admitted in part; denied in part.  It is admitted that loan borrowers make loan applications to mortgage bankers.  As to the remainder of the allegations set forth in that paragraph, they are denied.

42.  Denied.   After  reasonable  investigation,  answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

43.  Denied.   After  reasonable  investigation,  answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

44.  Denied.   After  reasonable  investigation,  answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and

accordingly are denied.

45. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

46. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

47. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

48. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

### Title Insurance and It's Role in Real Estate Transactions

49. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

50. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to

the truth or falsity of the allegations contained therein and accordingly are denied.

51. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

### The New Jersey Mortgage Loan Frauds

52. Answering defendant denies any involvement in the allegations set forth in paragraph 52 of the plaintiff's Complaint. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

### "The NHF/Cristo Property" Enterprise

53. Denied. It is specifically denied that answering defendant was involved in any fraud either separately or through an enterprise and/or an association in fact. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

54. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is

without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

55. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

56. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

### The Pattern

57. Denied. It is specifically denied that answering defendant was involved in the "NHF/Cristo Property Enterprise" or was otherwise illicitly enriched as a result of participation in any illegal activity. Answering defendant denies performing any illegal acts. As to the remaining allegations of paragraph 57, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

58. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied. Answering defendant has no independent

-11-

recollection or possession of documents evidencing that he prepared a deed between Cristo Property and J.M. He can therefore neither admit or deny and plaintiff is left to their proofs. Answering defendant denies involvement in any fraudulent conduct.

59. Denied. After reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

## COUNT I

### VIOLATION OF 18 U.S.C. § 1962(c) (RICO)

60. Answering defendant repeats each and every answer to the allegations contained in paragraphs 1 through 59 of the plaintiff's Complaint as if the same were set forth at length herein.

61. Admitted.

62. Admitted in part; denied in part. It is admitted that answering defendant is a person. The balance of the allegation is denied.

63. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

64. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is

-12-

without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

65. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

66. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

67. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

68. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys

fees.

## COUNT II

## VIOLATION OF 18 U.S.C. § 1962(d) (RICO)

69.  Answering defendant repeats each and every answer to the allegations contained in paragraphs 1 through 68 of the plaintiff's Complaint as if the same were set forth at length herein.

70.  Admitted.

71.  Denied as to answering defendant.  As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

72.  Denied as to answering defendant.  As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

73.  Denied as to answering defendant.  As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys

-14-

fees.

### COUNT III

#### COMMON-LAW FRAUD

74. Answering defendant repeats each and every answer to the allegations contained in paragraphs 1 through 73 of the plaintiff's Complaint as if the same were set forth at length herein.

75. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

76. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

77. Denied as to answering defendant. As to the other defendants, after reasonable investigation, answering defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and accordingly are denied.

78. Denied.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys

fees.

## COUNT IV

### BREACH OF CONTRACT BY NHF

79.  Answering defendant repeats each and every answer to the allegations contained in paragraphs 1 through 78 of the plaintiff's Complaint as if the same were set forth at length herein.

80.  The allegations contained in paragraphs 80 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

81.  The allegations contained in paragraphs 81 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

82.  The allegations contained in paragraphs 82 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

83.  The allegations contained in paragraphs 83 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

84.  The allegations contained in paragraphs 84 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

-16-

## COUNT V

## BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANT

85.   Answering defendant repeats each and every answer to the allegations contained in paragraphs 1 through 84 of the plaintiff's Complaint as if the same were set forth at length herein.

86.   The allegations contained in paragraphs 86 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

87.   The allegations contained in paragraphs 87 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

88.   The allegations contained in paragraphs 88 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

89.   The allegations contained in paragraphs 89 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

90.   The allegations contained in paragraphs 90 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

91.   The allegations contained in paragraphs 91 of the plaintiff's Complaint are directed towards a defendant other than answering defendant and therefore no further response is required.

WHEREFORE, answering defendant demands judgment dismissing

-17-

plaintiff's Complaint together with costs and reasonable attorneys fees.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to answering defendant.

### SECOND AFFIRMATIVE DEFENSE

No "enterprise" existed as set forth in 18 U.S.C. § 1962(c).

### THIRD AFFIRMATIVE DEFENSE

Answering defendant was not involved in an "enterprise" as set forth in 18 U.S.C. § 1962(c), the existence of any such enterprise being specifically denied.

### FOURTH AFFIRMATIVE DEFENSE

There is no "pattern" of racketeering activity as required by 18 U.S.C. § 1962(c).

### FIFTH AFFIRMATIVE DEFENSE

Defendant did not conduct or participate in an "enterprise", the existence of any such enterprise being specifically denied.

### SIXTH AFFIRMATIVE DEFENSE

Defendant did not conduct or participate in the operation or management of an "enterprise", the existence of any such enterprise being specifically denied.

### SEVENTH AFFIRMATIVE DEFENSE

Answering defendant entered into no agreement to perform the predicate acts as alleged in plaintiff's Complaint or any other illegal activity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damage as a result of the predicate or overt acts as alleged, the existence of any predicate or overt acts being specifically denied.

### NINTH AFFIRMATIVE DEFENSE

The conduct of answering defendant, the existence of any illegal conduct being specifically denied, was not the proximate cause of plaintiff's injuries.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to plead with particularity the allegations of fraud pursuant to Fed. R. Civ. P. 9(b) as to answering defendant and defendant reserves the right to move to dismiss before or at

the time of trial.

## ELEVENTH AFFIRMATIVE DEFENSE

Any acts, the existence of those acts being specifically denied, were not related and/or continuous so as to constitute a pattern.

## TWELFTH AFFIRMATIVE DEFENSE

Answering defendant was not involved in any conspiracy to operate or manage an "enterprise".

CROSSCLAIM OF DEFENDANT, RICHARD PEPSNY
AS AGAINST CRISTO PROPERTY MANAGEMENT, LTD.,
a/k/a G.J.L. LIMITED, DEK HOMES OF
NEW JERSEY, INC., OAKWOOD PROPERTIES, INC.,
NATIONAL HOME FUNDING, INC., CAPITAL ASSETS
PROPERTY MANAGEMENT & INVESTMENT COMPANY, INC.,
CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C.,
WILLIAM J. KANE, GARY GRIESER,
ROBERT SKOWRENSKI, II, RICHARD CALANNI,
RICHARD D. DIBENEDETTO, JAMES R. BROWN,
THOMAS BRODO, RONALD PIERSON, STANLEY YACKER, ESQ.,
MICHAEL ALFIERI, ESQ., ANTHONY M. CICALESE, ESQ.,
LAWRENCE M. CUZZI, ANTHONY D'APOLITO,
DAP CONSULTING, INC., COMMONWEALTH LAND TITLE
INSURANCE COMPANY, INC., NATIONS TITLE
INSURANCE OF NEW YORK, INC., FIDELITY
NATIONAL TITLE INSURANCE COMPANY
OF NEW YORK, INC. AND COASTAL TITLE AGENCY, INC.

If the allegations of plaintiff's Complaint are true, such allegations being expressly denied, the defendant, Richard Pepsny, alleges that co-defendants Cristo Property Management, Ltd., a/k/a

-20-

G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Company, Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard D. DiBenedetto, James R. Brown, Thomas Brodo, Ronald Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Anthony M. Cicalese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Inc., Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Inc. and Coastal Title Agency, Inc. are liable to defendant for contribution and indemnity and/or solely liable to the plaintiff for all damages alleged.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

DATED: December 17, 1997      By: _____
                                   Mark W. Catanzaro, Esquire

**MARK W. CATANZARO, ESQUIRE**
Blason IV - Suite 208
513 S. Lenola Road
Moorestown, New Jersey 08057
(609) 235-4266
By: Mark W. Catanzaro, Esquire (MWC 7126)
Attorney for Defendant, Richard Pepsny

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**
**HONORABLE WILLIAM G. BASSLER**

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | |
| Plaintiff, | : | Civil Action No. 97cv3496(WGB) |
| vs. | : | |
| CRISTO PROPERTY | : | |
| MANAGEMENT, LTD., a/k/a | | CERTIFICATION OF SERVICE |
| G.J.L. LIMITED, et al, | : | |
| Defendants. | : | |

Susan M. Kibler, of full age, makes the following certification:

1.    I am a secretary employed by the Law Firm of Mark W. Catanzaro, attorney for the defendant, Richard Pepsny in the within action.

2.    On December 17, 1997, I forwarded via New Jersey Lawyers Service to the Clerk, U.S. District Court, Martin Luther King , Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New

Jersey, an original and one copy of defendants' Answer to Amended Complaint with Affirmative Defenses and Certification of Service.

3. On December 17, 1997, I forwarded via New Jersey Lawyers Service a copy of defendants' Answer to Amended Complaint with Affirmative Defenses and Certification of Service to:

Robert A. Magnanini, Esquire
Latham & Watkins
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174

4. On December 17, 1997, I forwarded via regular first class mail, postage pre-paid a copy of defendants' Answer to Amended Complaint with Affirmative Defenses and Certification of Service to:

Michael Washor, Esquire
275 Madison Avenue
10th Floor
New York, New York 10016

Michael Schottland, Esquire
36 W. Main Street
Freehold, NJ 07728

Ronald Lee Reisner, Esquire
Drazin and Warshaw
26 Reckless Place
P.O. Box 8909
Red Bank, NJ 07701-8909

Richard L. Friedman, Esquire
Giordano, Halleran & Ciesla
125 Half Mile Road
P.O. Box 190
Morristown, NJ 07748

Miles Feinstein, Esquire
1135 Clifton Avenue
Clifton, NJ 07013

Charles J. Uliano, Esquire
268 Norwood Avenue
W. Long Branch, NJ 07764



Todd Panjonas, Esquire
2 Park Avenue, Suite 1420
New York, NY 10016

Richard Calanni
1 Old Farm Road
Tinton Falls, NJ 07724

Richard Dibenedetto
384 Greenwich Street
Bergenfield, NJ 07621

James R. Brown
1089 Cedar Avenue
Union, NJ 07083

Stanley Yacker, Esquire
330 Highway 34
Oldbridge, NJ 08857

Anthony M. Cicalese, Esquire
72 Eagle Rock Avenue
Building 2
East Hanover, NJ 07936

Commonwealth Land Title Insurance Company
90 East Halsey Road
Suite 108
Parsippany, NJ 07054

Coastal Title Insurance
21 West Main Street
Freehold, NJ 07728

Thomas Brodo
139 B Fort Lee Road
Teaneck, NJ 07666
Roland J. Peirson
Perison Appraisals
2 Maryland Drive
Jackson, New Jersey 08527

I certify that the foregoing statements made by me are true.
I am aware that if any of the foregoing statements made by me are
willfully false, I am subject to punishment.

Dated: December 17, 1997        _Susan M. Kibler_
                                Susan M. Kibler

-3-