FILED

DEC 29 1997

AT 8:30
WILLIAM T. WALSH
CLERK

**GIORDANO, HALLERAN & CIESLA, P.C.**
Deliver to: 125 Half Mile Road, Middletown, New Jersey 07748
Mail to: P.O. Box 190, Middletown, New Jersey 07748
(732) 741-3900
Attorneys for Defendant, Michael Alfieri, Esq.(RF 7466)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | Civil Action No. CV 97-3496 (WGB) |
| Plaintiff, | Hon. William G. Bassler |
| v. | **ANSWER TO AMENDED COMPLAINT WITH SEPARATE DEFENSES AND CROSSCLAIMS** |
| CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK and COASTAL TITLE AGENCY, | |
| Defendants. | |

Defendant, Michael Alfieri, Esq. ("defendant Alfieri"), with principal place of business located at 187 Route 34, Matawan, County of Monmouth and State of New Jersey, by way of answer to the Amended Complaint says:

## PARTIES

1. Defendant Alfieri admits that the Amended Complaint purports to allege violations of the Racketeer Influenced and Corrupt Organizations Act, common-law fraud and breaches of contract.

2. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 through 18 of the Amended Complaint, and as to those allegations leaves plaintiff to its proofs.

3. Defendant Alfieri admits the allegations contained in paragraphs 19 and 20 of the Amended Complaint.

4. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint, and leaves plaintiff to its proofs.

5. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint except to deny the allegations that he was chosen to facilitate real property closings by, with or involving any mortgage loans originated by Defendant NHF and sold to plaintiff.

6. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 through 32 of the Amended Complaint, and leaves plaintiff to its proofs.

7. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 33 through 36 of the Amended Complaint, and leaves plaintiff to its proofs, except to deny each and any allegation raised against Alfieri in paragraphs 33 through 36 of the Amended Complaint and deny that he was part of the alleged NHF/Cristo Property Enterprise.

8. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations and characterizations contained in paragraphs 37 through 51 of the Amended complaint as they relate to the underlying loans in this matter and the other allegations in the Amended complaint and leaves plaintiff to its proofs.

9. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 52 through 59 of the Amended complaint and leaves plaintiff to its proofs, except to deny any such allegations to the extent any such allegations pertain to defendant Alfieri.

## COUNT I

10. Defendant Alfieri in responding to the allegations in paragraph 60 of the Amended Complaint incorporates by reference, in lieu of repetition, his answers to each and every allegation of paragraphs 1 through 59 of the Amended Complaint.

11. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 61 through 68 of Count I of the Amended Complaint and leaves plaintiff to its proofs, except to deny the allegations to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE**, defendant Alfieri demands judgment dismissing the Amended Complaint herein plus attorneys' fees and costs of suit.

## COUNT II

12. Defendant Alfieri in responding to the allegations raised in paragraph 69 of the Amended complaint incorporates by reference, in lieu of repetition, his answers to each and every allegation of paragraphs 1 through 68 of the Amended Complaint.

13. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 70 through 73 of the Amended Complaint and leaves plaintiff to its proofs, except to deny any such allegations to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE**, defendant Alfieri demands judgment dismissing the Amended Complaint herein plus attorneys' fees and costs of suit.

## COUNT III

14. Defendant Alfieri in responding to the allegations in paragraph 74 of the Amended complaint incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 73 of the Amended Complaint.

15. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 75 through 78 of the Amended Complaint and leaves plaintiff to its proofs, except to deny any such allegations to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE**, defendant Alfieri demands judgment dismissing the Amended Complaint herein plus attorneys' fees and costs of suit.

## COUNT IV

16. Defendant Alfieri in responding to the allegations in paragraph 79 of the Amended complaint incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 78 of the Amended Complaint.

17. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 80 through 84 of the Amended Complaint and leaves plaintiff to its proofs, except to deny any such allegations to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE**, defendant Alfieri demands judgment dismissing the Amended Complaint herein plus attorneys' fees and costs of suit.

## COUNT V

18. Defendant Alfieri in responding to the allegations in paragraph 85 of the Amended complaint incorporates by reference, in lieu of repetition, his answers to each and every allegations raised in paragraphs 1 through 84 of the Amended Complaint.

19. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 86 through 91 of the Amended Complaint and leaves plaintiff to its proofs, except to deny any such allegations to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE**, defendant Alfieri demands judgment dismissing the Amended Complaint herein plus attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This court lacks personal jurisdiction over this defendant.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint herein fails to state a claim upon which relief can be granted and the defendant reserves the right to move at or before the time of trial to dismiss same.

### THIRD AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to, the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and, accordingly, the claimant's claim is barred as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is estopped from proceeding with this alleged cause of action.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff has waived its right to bring this suit of action against defendant.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is guilty of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and the Amended Complaint should be dismissed pursuant to the "Entire Controversy Doctrine".

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom the defendant had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

The damages of the plaintiff, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

### TWELFTH AFFIRMATIVE DEFENSE

The alleged incidents which form the basis of this litigation and which allegedly caused injuries and damages to the plaintiff was proximately caused or contributed to by the fault

of third persons not parties to this litigation. The responsibility of the defendant filing this answer and the right of the plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined, whether or not parties to this litigation. Accordingly, this defendant seeks an adjudication of the percentage of fault of the plaintiff and each and every other person whose fault contributed to these alleged incidents.

### THIRTEENTH AFFIRMATIVE DEFENSE

Demand and claim for contribution under the terms and conditions of the Joint Tortfeasors Contribution Act (<u>N.J.S.A.</u> 2A:53A, <u>et seq.</u>) is made against all co-defendants in this matter.

### FOURTEENTH AFFIRMATIVE DEFENSE

This defendant is entitled to a determination of the percentage shares of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

This defendant acted on reasonable grounds and without malice, and, therefore, is not responsible to the plaintiff for any alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an "enterprise" under 18 U.S.C. § 1962(c).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a pattern of racketeering under 18 U.S.C. § 1962(c).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish any requisite underlying predicate acts under 18 U.S.C. § 1962.

### NINETEENTH AFFIRMATIVE DEFENSE

Any actions taken by this defendant were taken without the knowledge of this defendant that fraud or false representations have been made and this defendant acted upon the information he possessed as if the statements were true when made.

### TWENTIETH AFFIRMATIVE DEFENSE

This defendant did not knowingly violate or permit any of his employees to violate any provision of law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This defendant did not participate in a RICO conspiracy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an "association in fact enterprise" under 18 U.S.C. § 1962(c).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Amended Complaint has been plead against this defendant in bad faith.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damage, loss or injury as a result of any act or failure to act on the part of this defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own contributory negligence and lack of diligence.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Negligence, if any, of this defendant was not a proximate cause of any loss or damage incurred by the plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Losses, if any, were caused or substantially contributed to by the wrongful conduct, criminal acts, fraudulent conduct, misrepresentations and negligence of persons other than this defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

This defendant acted in good faith and with reasonable and justified reliance upon the disclosed acts and representations of others.

### THIRTIETH AFFIRMATIVE DEFENSE

Wrongful conduct, criminal acts, fraudulent conduct and misrepresentations of other persons may not be imputed in any way to this defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not knowingly participate in, assent to, or ratify any wrongful conduct, criminal acts, fraudulent, or misrepresentation by any person.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

This court lacks jurisdiction in the subject matter of each claim made by the plaintiff.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of damage which it alleged was sustained and, accordingly, the Amended Complaint must be dismissed in its entirety.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Insofar as the plaintiff herein seeks damages against this defendant the Amended Complaint must be dismissed in that the plaintiff has sustained no damages as a result of the alleged conduct of this defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff, by its own actions, caused and aggravated its damages and accordingly, the Amended Complaint herein must be dismissed in its entirety.

### CROSSCLAIM FOR CONTRIBUTION

Defendant Alfieri denies liability with respect to plaintiff's claims. However, if defendant is adjudged liable, then defendant demands contribution from all co-defendants, pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A.

## CROSSCLAIM FOR INDEMNIFICATION

Defendant Alfieri denies any liability with respect to plaintiff's claims. However, if defendant is adjudged liable to plaintiff, the defendant demands equal indemnification from co-defendants.

## ANSWER TO CROSSCLAIMS FOR CONTRIBUTION
## AND/OR INDEMNIFICATION

Defendant Alfieri by way of answer to any and all crossclaims for contribution and/or indemnification which may be asserted against him, says:

Defendant Alfieri herein denies any and all cross-claims raised against him by any co-defendant in this action which may seek contribution or indemnification.

**WHEREFORE**, defendant Alfieri demands judgment dismissing any and all cross-claims for contribution and/or indemnification plus attorneys' fees and costs.

## ANSWER TO CROSS-CLAIM OF DEFENDANTS
## NATIONAL HOME FUNDING, INC. AND
## ROBERT SKOWRENSKI II

Defendant Alfieri herein responds to the allegations raised in the cross-claim of defendants, National Home Funding, Inc. ("NHF") and Robert Skowrenski II, ("Cross-claim defendants")as follows:

## COUNT ONE THROUGH COUNT THIRTEEN

1. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in the First through Thirteenth Counts of the Cross-claim which seek no

relief against defendant Alfieri except to deny any such allegations to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE,** defendant Alfieri demands judgment dismissing the First through Thirteenth Counts of the Cross-claim herein plus attorneys' fees and costs of suit.

### COUNT FOURTEEN

1. Defendant Alfieri incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in Count One through Count Thirteen of the Cross-claim.

2. Defendant Alfieri admits the allegations contained in paragraph 2 of the Fourteenth Count of the Cross-claim.

3. Defendant Alfieri denies the allegations contained in paragraph 3 of the Fourteenth Count of the Cross-claim.

4. Defendant Alfieri denies the allegations contained in paragraph 4 of the Fourteenth Count of the Cross-claim.

5. Defendant Alfieri denies the allegations contained in paragraph 5 of the Fourteenth Count of the Cross-claim.

**WHEREFORE,** defendant Alfieri demands judgment dismissing the Cross-claim herein plus attorneys' fees and costs of suit.

### COUNT FIFTEEN THROUGH COUNT EIGHTEEN

1. Defendant Alfieri incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in Count One through Count Fourteen of the Cross-claim and leaves Cross-claim plaintiffs to their proofs.

2. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in Counts Fifteen through Eighteen of the Cross-claim which seek no relief against defendant Alfieri except to deny any such allegation to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE,** defendant Alfieri demands judgment dismissing the Cross-claim herein plus attorneys' fees and costs of suit.

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
Attorneys for Defendant
Michael Alfieri, Esq.

By: /s/ Richard L. Friedman
RICHARD L. FRIEDMAN, ESQ. (RF 7466)

Dated: December 24, 1997

v10/CL/A/11074/002/P971216 ANSWER

## COUNT FIFTEEN THROUGH COUNT EIGHTEEN

1. Defendant Alfieri incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in Count One through Count Fourteen of the Cross-claim and leaves Cross-claim plaintiffs to their proofs.

2. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in Counts Fifteen through Eighteen of the Cross-claim which seek no relief against defendant Alfieri except to deny any such allegation to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE,** defendant Alfieri demands judgment dismissing the Cross-claim herein plus attorneys' fees and costs of suit.

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
Attorneys for Defendant
Michael Alfieri, Esq.

By: _____
RICHARD L. FRIEDMAN, ESQ. (RF 7466)

Dated: December 24, 1997

v10/CL/A/11074/002/P971216 ANSWER