FILED

JAN 23 1998

AT 8:30 .................. M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., : | Hon. William G. Bassler |
| : | Civil Action No. 97-3496 (WGB) |
| Plaintiff(s), : | |
| : | PRETRIAL SCHEDULING ORDER |
| -vs- : | |
| : | |
| CRISTO PROPERTY MANAGEMENT, : | |
| LTD., et al, : | |
| : | |
| Defendant(s), : | |
| : | |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 20, 1998; Michael Chertoff, Esq. appearing on behalf of Plaintiff; Ronald Kleinberg, Esq. and Richard Finkel, Esq. appearing on behalf of Defendants Cristo Properties, Kane, DEK and Oakwood; Bettina Munson, Esq. appearing on behalf of Defendant National Home Funding; August Fischer, Esq. appearing on behalf of Defendant Calanni; Richard L. Friedman, Esq. appearing on behalf of Defendant Alfieri; Charles J. Uliano, Esq. appearing on behalf of Defendants D'Appolito and DAP; Richard DiBeneditto appearing pro se; Jon C. Martin, Esq. and Bernard J. Hayes, Esq. appearing on behalf of Defendants Fidelity National Title and Nations Title Insurance; James Brown appearing pro se; Donald Lee Reisner, Esq. appearing on behalf of Defendants Greiser and Cicalese; David Kott, Esq. appearing on behalf of Defendant Commonwealth Title; Larry Lustberg, Esq. and James O'Hern, Esq. appearing on behalf of Defendant Yacker; Jerry Ballaroto, Esq. and Mark Catanzaro, Esq. appearing on behalf of Defendant Pepsny; and Thomas Brodo appearing pro se; and for good cause shown:

**IT IS on this 21st day of January, 1998**

**ORDERED THAT:**

I.  DISCOVERY AND MOTION PRACTICE

1.  Discovery is to remain open through **December 31, 1998**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2.  Any motion to add new parties, whether by amended or third-party complaint, must be returnable not later than **March 30, 1998**.

3. Any motion to amend pleadings must be returnable not later than **March 30, 1998**.

4. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

5. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

6. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

7. All calendar or dispositive motions shall comply with Local Civil Rules 7.1(b)-(e) and 78.1 and must be returnable not later than **the first motion day of February, 1999**.

## II. EXPERTS

8. All affirmative expert reports shall be delivered by **September 14, 1998**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**. Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(b)(4)(A)(I).

9. All responding expert reports shall be delivered by **December 1, 1998** with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**. Any such report shall be in the form and content as described above.

10. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## III. FINAL PRETRIAL CONFERENCE

11. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned.**

12. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

13. The original of the Pretrial Order shall be delivered to Chambers not later than twenty-four (24) hours before the pretrial conference. All counsel are responsible for the timely submission of the Pretrial Order.

### IV. MISCELLANEOUS

14. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **March 30, 1998**. Due to the number of parties involved in this action, the following procedure will be followed. Each party will be responsible for the duplication of two sets of their own relevant documents. Said documents will be appropriately Bates stamped with an agreed upon prefix unique to each party. One set of documents will be delivered and maintained at the offices of Latham & Watkins in Newark and the second set will be delivered and maintained at the offices of Schottland, Manning & Rosen in Freehold. It will then be the responsibility of each party to make arrangements to review the documents and request and pay for any specific copies they deem appropriate.

15. The parties may serve interrogatories limited to thirty (30) single questions and requests for production of documents on or before **April 27, 1998**, to be responded to on or before **June 12, 1998**. The initial 15 questions for each set of interrogatories are to be standard form or generic questions and the remaining 15 questions will be specific as to the individual party propounding same.

16. Defendants may serve interrogatories upon other Defendants limited to twenty (20) single question interrogatories only if affirmative claims are made by and between the parties.

17. All answers to Crossclaims are deemed denied.

18. All responsive pleadings must be served upon all parties **within fourteen (14) days of the date of this Order.**

19. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

20. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

21. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

22.  There shall be a status/settlement conference before the undersigned on **Wednesday, June 17, 1998 at 9:30 a.m.** in Court Room 2-A of the Martin Luther King, Jr. Federal Building and Court House in Newark, New Jersey.

23.  **FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

DENNIS M. CAVANAUGH
**United States Magistrate Judge**

Original: Clerk of the Court
cc:       All Parties
          Scott Creegan
          File

**RIDER ON LENGTH OF BRIEFS**

The attention of the parties is directed to L. Civ. R. 7.2(b), as amended by Order filed September 3, 1991. Briefs "shall not exceed 40 <u>ordinary</u> typed pages\*\*\*" (emphasis added). This page limitation shall be <u>strictly enforced</u>.

When submitting a brief in accordance with General Rule 27B, a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument. This request must be made by letter not to exceed two ordinary typed or printed pages and <u>must</u> be submitted with the brief.

The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's General Rule 27B brief and letter.

The Court also reserves the right, in its sole discretion, to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.