**FILED**

FEB 0 2 1998

AT 8:30 .............. M
WILLIAM T. WALSH
CLERK

**FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP**
Formed in the Commonwealth of Pennsylvania
BY: Jon C. Martin, Esq.
JM-2975
PRINCETON PIKE CORPORATE CENTER
997 LENOX DRIVE, BUILDING 3
LAWRENCEVILLE, NJ 08648-2311
(609) 896-3600
ATTORNEYS FOR Defendants, Fidelity National Title Insurance Company
of New York and Nations Title Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 97-3496 (WGB) |
| | : | |
| CRISTO PROPERTY MANAGEMENTS, LTD. | : | |
| A/K/A G.J.L. LIMITED, DEK HOMES OF | : | |
| NEW JERSEY, INC., OAKWOOD PROPERTIES | : | |
| INC., NATIONAL HOME FUNDING, INC., | : | |
| CAPITAL ASSETS PROPERTY MANAGEMENT | : | |
| & INVESTMENTS CO., INC., CAPITAL ASSETS | : | |
| PROPERTY MANAGEMENT LLC., WILLIAM J. | : | |
| KANE, GARY GRIESER, ROBERT | : | |
| SKOWRENSKI, II, RICHARD CALANNI, | : | |
| RICHARD DIBENEDETTO, JAMES R. BROWN, | : | |
| THOMAS BRODO, RONALD J. PIERSON, | : | |
| STANLEY YACKER, ESQ., MICHAEL | : | |
| ALFIERI, ESQ., RICHARD PEPSNY, | : | **ANSWER TO AMENDED COMPLAINT** |
| ESQ., ANTHONY M. CICALESE, ESQ., | : | |
| LAWRENCE M. CUZZI, ANTHONY | : | |
| D'APOLITO, DAP CONSULTING, INC., | : | |
| COMMONWEALTH LAND TITLE INSURANCE | : | |
| COMPANY, NATIONS TITLE INSURANCE | : | |
| OF NEW YORK INC., FIDELITY NATIONAL | : | |

TITLE INSURANCE COMPANY OF NEW          :
YORK AND COASTAL TITLE AGENCY,          :
                                        :
                          Defendants.   :
                                        :
_____ :

Defendants, Fidelity National Title Insurance Company of New York and Nations Title Insurance

Company ("Answering Defendants"), by their attorneys, Fox, Rothschild, O'Brien & Frankel, LLP,

(Edward J. Hayes and Jon Martin, Esquires), hereby file this Answer to the Amended Complaint of

Plaintiff, Walsh Securities, Inc. ("Plaintiff"):

1.      Admitted in part; denied in part. It is admitted that Plaintiff attempts to assert causes of

action for violations of the Racketeer Influenced and Corrupt Organizations Act, common-law fraud and

breach of contract in the Amended Complaint. It is denied that Answering Defendants have any liability

to Plaintiff in this matter on any such causes of action.


2.      Admitted in part; denied in part. It is admitted that Walsh Securities, Inc. ("Plaintiff") is

Plaintiff in this matter. Answering Defendants are without knowledge or information sufficient to form a

response as to the truth of the remaining allegations of paragraph 2.


3.      Admitted in part; denied in part. It is admitted that Cristo Property Management, Ltd.

("Cristo") is a defendant in this matter. Answering Defendants are without knowledge or information

sufficient to form a response as to the truth of the remaining allegations of paragraph 3.


4.      Admitted in part; denied in part. It is admitted that DEK Homes of New Jersey, Inc.

("DEK Homes") is a defendant in this matter. Answering Defendants are without knowledge or

information sufficient to form a response as to the truth of the remaining allegations of paragraph 4.

5.     Admitted in part, denied in part.  It is admitted that Oakwood Properties, Inc. ("Oakwood") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 5.

6.     Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 6.

7.     Admitted in part; denied in part.  It is admitted that National Home Funding, Inc. ("NHF") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 7.

8.     Admitted in part; denied in part.  It is admitted that Capital Assets Property Management and Investment Co., Inc. and Capital Assets Property Management, LLC (jointly "Capital Assets") are defendants in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 8.

9.     Admitted in part; denied in part.  It is admitted that William J. Kane ("Kane") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 9.

10.    Admitted in part; denied in part.  It is admitted that Gary Grieser ("Grieser") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 10.

11.     Admitted in part; denied in part.  It is admitted that Robert Skowrenski, II ("Skowrenski") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 11.

12.     Admitted in part; denied in part.  It is admitted that Richard Calanni ("Calanni") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 12.

13.     Admitted in part; denied in part.  It is admitted that Richard DiBendetto ("DiBendetto") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 13.

14.     Admitted in part; denied in part.  It is admitted that James R. Brown ("Brown") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 14.

15.     Admitted in part; denied in part.  It is admitted that Thomas Brodo ("Brodo") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 15.

16.     Admitted in part; denied in part.  It is admitted that Ronald J. Pierson ("Pierson") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 16.

17.    Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 17.

18.    Admitted in part; denied in part.  It is admitted that Stanley Yacker ("Yacker") is a defendant in this matter and an attorney admitted to practice in New Jersey.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations regarding Yacker's residence in New Jersey.

19.    Admitted in part; denied in part.  It is admitted that Michael Alfieri ("Alfieri") is a defendant in this matter and an attorney admitted to practice in New Jersey.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations regarding Alfieri's residence in New Jersey.

20.    Admitted in part; denied in part.  It is admitted that Richard Pepsny ("Pepsny") is a defendant in this matter and an attorney admitted to practice in New Jersey.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations regarding Pepsny's residence in New Jersey.

21.    Admitted in part; denied in part.  It is admitted that Anthony M. Cicalese ("Cicalese") is a defendant in this matter and an attorney admitted to practice in New Jersey.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations regarding Cicalese's residence in New Jersey.

22.     Admitted in part; denied in part.  It is admitted that certain of the named attorneys were approved attorneys for Answering Defendants in some of the relevant transactions.  If the attorneys engaged in the conduct alleged by Plaintiff, said conduct was not performed in the attorney's capacity as an approved attorney.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 22.

23.     Admitted in part; denied in part.  It is admitted that Lawrence M. Cuzzi ("Cuzzi") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 23.

24.     Admitted in part; denied in part.  It is admitted that Anthony D'Apolito ("D'Apolito") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 24.

25.     Admitted in part; denied in part.  It is admitted that DAP Consulting, Inc. ("DAP Consulting") is a defendant in this matter.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 25.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted in part; denied in part. It is admitted that Coastal Title Agency, Inc. ("Coastal") is a New Jersey corporation with its principal place of business in New Jersey. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 29.

30.     Admitted in part; denied in part. It is admitted that Coastal issued certain closing service letters to Plaintiff in connection with some transactions. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 30 as they relate to Commonwealth Land Title. The remaining allegations of paragraph 30 are denied as they relate to written documents, the terms of which speak for themselves. The allegations as to the scope of the closing service letters are denied as they constitute conclusions of law to which no response is required. It is denied that the closing service letters covered the type of conduct alleged by Plaintiff to have occurred.

31.     Denied. The allegations of paragraph 31 are conclusions of law to which no responsive pleading is required.

32.     Denied. The allegations of paragraph 32 are conclusions of law to which no responsive pleading is required.

33.     Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 33.

34.     Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 34.

35.     Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 35.

36.     Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 36.

37.     Admitted in part; denied in part.  It is admitted that a mortgage loan is a loan in which real property is used as collateral for the loan.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the remaining allegations of paragraph 37.

38.     Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 38.

39.     Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 39.

40.     Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 40.

41.     Denied.  Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 41.

42.     Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 42.

43.     Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 43.

44.     Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 44.

45.     Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 45.

46.     Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 46.

47.     Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 47.

48.     Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations of paragraph 48.

49.     Admitted in part; denied in part. It is admitted that in consideration for the payment of a premium, title insurance provides indemnification for owners and/or lenders of certain real property

against certain losses covered by the policy. It is further admitted that title insurance is purchased in connection with the majority of real estate purchases and/or refinances. It is further admitted that mortgage lenders routinely require the issuance of title insurance in connection with the purchase and/or financing of real estate. It is denied that title insurance guarantees against losses or damages. Title insurance is not a policy of guarantee, but is instead a policy of indemnity. It is denied that title insurance is issued on all transactions. It is further denied that title insurance is supplied to owners on each occasion when a title insurance policy is acquired by the lender.

50.     Admitted in part; denied in part. It is admitted that title insurance customers often deal with title agents as opposed to a title insurance underwriter. It is further admitted that title insurance agents perform certain duties pursuant to agency agreements executed with title insurance underwriters. It is also admitted that some title insurance agencies act as agents for more than one title insurance underwriter. It is denied that all business is transacted directly with title insurance agents and it is denied that all action taken by title insurance agents is taken pursuant to authorized granted by the agency agreements. Furthermore, many title insurance agents are exclusive agents for one title insurance underwriter.

51.     Admitted in part; denied in part. It is admitted that title insurance underwriters will issue closing service letters for the benefit of mortgage lenders. Said letters are not issued in connection with every transaction. It is further admitted that closing service letters are required by some mortgage lenders in connection with the closing. The allegations of paragraph 51 which characterize the scope of the closing service letters are denied as those documents are writings, the terms of which speak for themselves. It is denied that the closing service letters covered the type of conduct alleged by Plaintiff to

have occurred. It is further denied that closing service letters are only issued when a transaction is handled by one of the company's approved attorneys.

52. Denied. Answering Defendants are without knowledge or information sufficient for form a response as to the truth of the allegations of paragraph 52.

53. Denied. Answering Defendants are without knowledge or information sufficient for form a response as to the truth of the allegations of paragraph 53.

54. Denied. Answering Defendants are without knowledge or information sufficient for form a response as to the truth of the allegations of paragraph 54.

55. Denied. Answering Defendants are without knowledge or information sufficient for form a response as to the truth of the allegations of paragraph 55.

56. Denied. Answering Defendants are without knowledge or information sufficient for form a response as to the truth of the allegations of paragraph 56.

57. Denied. Answering Defendants are without knowledge or information sufficient for form a response as to the truth of the allegations of paragraph 57.

58. Denied. Answering Defendants are without knowledge or information sufficient for form a response as to the truth of the allegations of paragraph 58.

59.     Denied.  Answering Defendants are without knowledge or information sufficient for form a response as to the truth of the allegations of paragraph 59.

## COUNT I

60-68.  The allegations of paragraphs 60-68 inclusive do not relate to Answering Defendants and, therefore, no response is required.

## COUNT II

69-73.  The allegations of paragraphs 69-73 inclusive do not relate to Answering Defendants and, therefore, no response is required.

## COUNT III

74-78.  The allegations of paragraphs 74-78 inclusive do not relate to Answering Defendants and, therefore, no response is required.

## COUNT IV

79-84.  The allegations of paragraphs 79-84 inclusive do not relate to Answering Defendants and, therefore, no response is required.

## COUNT V

85.     The allegations of paragraphs 1-84 inclusive are incorporated herein by reference.

86.     Admitted in part; denied in part.  It is admitted that Answering Defendants issued title insurance on some of the transactions complained of by Plaintiff.  The title insurance policies insured

Plaintiff's lien as a valid first mortgage on the real estate. In fact, Plaintiff's mortgages are valid first liens on the real estate. It is further admitted that Answering Defendants issued some closing service letters in this matter. It is denied that the closing service letters covered the type of conduct alleged by Plaintiff to have occurred. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegation that the closing service letters were required as a pre-condition to the issuance of the loan.

87.    Denied. The allegations of paragraph 87 are conclusions of law to which no responsive pleading is required.

88.    Denied. Answering Defendants are without knowledge or information sufficient to form a response as to the truth of the allegations regarding the conduct of the closing attorneys. The allegations of paragraph 88 are further denied as conclusions of law to which no responsive pleading is required.

89.    Admitted in part; denied in part. It is admitted that Plaintiff has made a claim of Answering Defendants in connection with the closing service letters. It is denied that the closing service letters covered the type of conduct alleged by Plaintiff to have occurred. The remaining allegations of paragraph 89 are denied as conclusions of law to which responsive pleading is required.

90.    Admitted in part; denied in part. It is admitted that Answering Defendants have not paid monies to Plaintiff in connection with this matter. It is denied that Answering Defendants have any obligation to Plaintiff in this matter. The remaining allegations of paragraph 90 are conclusion of law to which no responsive pleading is required.

91.     Denied.  The allegations of paragraph 91 are conclusion of law to which no responsive pleading is required.

WHEREFORE, Answering Defendants respectfully request that judgment be entered in their favor and against Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Answering Defendants have no liability to Plaintiff in this matter under the closing service letters as:

1.     The closing service letters were not issued to Plaintiff.

2.     The closing service letters do not protect against the type of conduct alleged in the amended complaint.

3.     The closing service letters were invalid on their face in that they did not make reference to a particular transaction.

4.     The closing service letters were invalid on their face as they were not dated.

5.     To the extent the closing service letters were in force and effect, any liability under the closing service letters is limited by the terms of the documents.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff did not rely on the closing service letters in completing the mortgage transactions complained of in the amended complaint.

## THIRD AFFIRMATIVE DEFENSE.

Plaintiff is charged with the conduct of its officers and/or employees in this matter. The officers and/or employees of Plaintiff participated in the scheme set forth in the amended complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of contributory and/or comparative negligence in this matter.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Answering Defendants upon which relief can be awarded.

## SIXTH AFFIRMATIVE DEFENSE

In each transaction complained of in the amended complaint, Plaintiff maintains a valid first mortgage lien on the subject premises.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the borrowers as parties to this transaction. The borrowers have executed notes in favor of Plaintiff agreeing to repay the sums of money due to Plaintiff. Plaintiff should be required to exhaust the collateral prior to moving forward with this litigation.

## CROSS-CLAIM

Answering Defendants hereby assert the following cross-claim against Cristo Property Management, Ltd., DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investments Co., Inc., Capital Asserts Property Management, LLC, William J. Kane, Gary Grieser, Robert Skorenski, II, Richard Calanni, Richard DiBendetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Michael Alfieri, Richard Pepsny, Anthony M. Cicalese, Lawrence M. Cuzzi, Anthony D'Apolito and DAP Consulting, Inc.

1.      If the allegations of the amended complaint relating to the above named co-defendants are proven to be true, then said defendants are solely liable to Plaintiff on the causes of action asserted in the amended complaint.

2.      If the allegations of the amended complaint relating to the above named co-defendants are proven to be true, then said defendants are liable to Answering Defendants herein for contribution and/or indemnity.

WHEREFORE, Answering Defendants respectfully request that if the allegations of the amended complaint are proven to be true, then the above-named defendants are solely liable to Plaintiff on the causes of action asserted therein or are liable for contribution and/or indemnity to Answering Defendants.

EDWARD J. HAYES
JON C. MARTIN

FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
(609) 896-3600

Attorneys for Defendants,
Fidelity National Title Insurance Company of New York
& Nations Title Insurance Company

Date:   January 30, 1998

FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291

**FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP**
Formed in the Commonwealth of Pennsylvania
BY: Jon C. Martin, Esq.
JM-2975
PRINCETON PIKE CORPORATE CENTER
997 LENOX DRIVE, BUILDING 3
LAWRENCEVILLE, NJ 08648-2311
(609) 896-3600
ATTORNEYS FOR Defendants, Fidelity National Title Insurance Company
of New York and Nations Title Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,
                Plaintiff

        v.

CRISTO PROPERTY MANAGEMENTS, LTD.
A/K/A G.J.L. LIMITED, DEK HOMES OF
NEW JERSEY, INC., OAKWOOD PROPERTIES
INC., NATIONAL HOME FUNDING, INC.,
CAPITAL ASSETS PROPERTY MANAGEMENT
& INVESTMENTS CO., INC., CAPITAL ASSETS
PROPERTY MANAGEMENT LLC., WILLIAM J.
KANE, GARY GRIESER, ROBERT
SKOWRENSKI, II, RICHARD CALANNI,
RICHARD DIBENEDETTO, JAMES R. BROWN,
THOMAS BRODO, RONALD J. PIERSON,
STANLEY YACKER, ESQ., MICHAEL
ALFIERI, ESQ., RICHARD PEPSNY,
ESQ., ANTHONY M. CICALESE, ESQ.,
LAWRENCE M. CUZZI, ANTHONY
D'APOLITO, DAP CONSULTING, INC.,
COMMONWEALTH LAND TITLE INSURANCE
COMPANY, NATIONS TITLE INSURANCE
OF NEW YORK INC., FIDELITY NATIONAL

Civil Action No. 97-3496 (WGB)

**CERTIFICATION OF SERVICE**

TITLE INSURANCE COMPANY OF NEW          :
YORK AND COASTAL TITLE AGENCY,          :
                                        :
                            Defendants. :
                                        :

_____

I hereby certify that a copy of the within Answer to Amended Complaint was forwarded

via Federal Express to the Clerk, U.S. District Court, Martin Luther King Building, 50 Walnut Street,

Newark, New Jersey, with a copy of same via regular U.S. Mail to:

Robert A. Magnanini, Esquire
Latham & Watkins
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
Attorney for Plaintiff, Walsh Securities, Inc.

Michael Washor, Esquire
275 Madison Avenue
10th Floor
New York, New York 10016
Attorney for Defendants, Cristo Property Management, LTD,
DEK Homes of NJ, Inc., Oakwood Properties, Inc., William J. Kane

Michael Schottland, Esquire
36 W. Main Street
Freehold, NJ 07728
Attorney for Defendants, National Home Funding, Inc. & Robert Skowrenski, II

Ronald Lee Reisner, Esquire
Drazin and Warshaw
26 Reckless Place
P.O. Box 8909
Red Bank, NJ 07701-8909
Attorney for Defendants, Capital Assets Property Management & Investment Co., Inc.,
Capital Assets Property Management, LLC and Gary Greiser

Richard L. Friedman, Esquire
Giordano, Halleran & Ciesla
125 Half Mile Road
P.O. Box 190
Morristown, NJ 07748
Attorney for Defendant, Michael Alfieri, Esquire

Miles Feinstein, Esquire
1135 Clifton Avenue
Clifton, NJ 07013
Attorney for Defendant, Lawrence M. Cuzzi

Charles J. Uliano, Esquire
268 Norwood Avenue
W. Long Branch, NJ 07764
Attorney for Defendants, Anthony D'Apolito, DAP Consulting, Inc.

Mark W. Catanzaro, Esquire
Law Offices of Mark W. Catanzaro
Blason IV - Suite 208
513 S. Lenola Road
Moorestown, New Jersey 08057
Attorney for Defendant, Richard Pepsny

James I. O'Hein, Esquire
Crummy, Dal Deo, Dolan, Griffinger & Vechione
1 Riverfront Plaza
Newark, New Jersey 07102-5497
Attorney for Defendant, Stanley Yacker, Esquire

August W. Fischer, Esquire
53 Pequot Road
Ringwood, NJ 07456
Attorney for Defendant, Richard Calanni

David R. Kott, Esquire
McCarter & English
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101
Attorney for Defendant, Commonwealth Land Title Insurance Company


**Pro se:**

Richard Dibenedetto
384 Greenwich Street
Bergenfield, NJ 07621

James R. Brown
1089 Cedar Avenue
Union, NJ 07083

Anthony M. Cicalese, Esquire
72 Eagle Rock Avenue
Building 2
East Hanover, NJ 07936

Coastal Title Insurance
21 West Main Street
Freehold, NJ 07728

Thomas Brodo
139 B Fort Lee Road
Teaneck, NJ 07666

Roland J. Peirson
Peirson Appraisals
2 Maryland Drive
Jackson, New Jersey 08527

JON C. MARTIN

Dated: January 22, 1998