McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant
  Commonwealth Land Title
  Insurance Company

FILED

FEB 13 1998

AT 8:30 ........ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
-----------------------------------x
WALSH SECURITIES, INC.,            :

            Plaintiff,             :  Civil Action No. 97-3496
                                      Hon. William G. Bassler
v.                                 :

CRISTO PROPERTY MANAGEMENT, LTD.,  :
A/K/A G.J.L. LIMITED, DEK HOMES OF
NEW JERSEY, INC., OAKWOOD          :
PROPERTIES INC., NATIONAL HOME
FUNDING, INC., CAPITAL ASSETS      :  ANSWER TO AMENDED
PROPERTY MANAGEMENT, L.L.C.,          COMPLAINT, ANSWER TO CROSS-
WILLIAM J. KANE, GARY GRIESER,     :  CLAIM OF DEFENDANTS
ROBERT SKOWRENSKI, II, RICHARD        NATIONAL HOME FUNDING, INC.
CALANNI, RICHARD DIBENEDETTO, JAMES:  ROBERT SKOWRENSKI, II,
R. BROWN, THOMAS BRODO, RONALD J.     ANSWER TO CROSS-CLAIMS
PIERSON, STANLEY YACKER, ESQ.,     :  FOR CONTRIBUTUTION,
MICHAEL ALFIERI, ESQ., RICHARD        SEPARATE DEFENSES, CROSS-
PEPSNY, ESQ., ANTHONY M. CICALESE, :  CLAIM FOR CONTRIBUTION
ESQ., LAWRENCE M. CUZZI, ANTHONY      AND CROSS-CLAIM FOR
D'APOLITO, DAP CONSULTING, INC.,   :  INDEMNIFICATION
COMMONWEALTH LAND TITLE INSURANCE
COMPANY, NATIONS TITLE INSURANCE   :
OF NEW YORK INC., FIDELITY NATIONAL
TITLE INSURANCE COMPANY OF NEW     :
YORK, and COASTAL TITLE AGENCY,

                                   :

            Defendants.            :
-----------------------------------x
```

Defendant Commonwealth Land Title Insurance Company
(hereafter "Commonwealth"), a corporation of the Commonwealth of
Pennsylvania, having its principal place of business in the
Commonwealth of Pennsylvania, by way of Answer to the Amended
Complaint, says:

1.     Answering the allegations of paragraph 1, insofar as
they are directed at this defendant, they are denied.   This
defendant is without sufficient knowledge or information to
admit or deny the remaining allegations of paragraph 1.

## AS TO PARTIES

2.     This defendant is without sufficient knowledge or
information to admit or deny the allegations of paragraph 2.

3.     This defendant is without sufficient knowledge or
information to admit or deny the allegations of paragraph 3.

4.     This defendant is without sufficient knowledge or
information to admit or deny the allegations of paragraph 4.

5.     This defendant is without sufficient knowledge or
information to admit or deny the allegations of paragraph 5.

6.     This defendant is without sufficient knowledge or
information to admit or deny the allegations of paragraph 6.

7.     This defendant is without sufficient knowledge or
information to admit or deny the allegations of paragraph 7.

8.     This defendant is without sufficient knowledge or
information to admit or deny the allegations of paragraph 8.

9.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9.

10.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10.

11.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11.

12.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12.

13.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13.

14.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14.

15.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15.

16.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16.

17.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17.

18.   Answering the allegations of paragraph 18, this defendant admits that to its knowledge defendant Stanley Yacker, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18.

3

19.   Answering the allegations of paragraph 19, this defendant admits that to its knowledge defendant Michael Alfieri, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19.

20.   Answering the allegations of paragraph 20, this defendant admits that to its knowledge defendant Richard Pepsny, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20.

21.   Answering the allegations of paragraph 21, this defendant admits that to its knowledge defendant Anthony M. Cicalese, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21.

22.   Answering the allegations of paragraph 22, this defendant admits that on certain transactions closing service letters were issued on behalf of defendant Yacker and defendant Cicalese.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22.

23.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23.

24.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24.

25.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 25.

26.   The allegations of paragraph 26 are admitted.

27.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27.

28.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28.

29.   Answering the allegations of paragraph 29, this defendant admits that defendant Coastal Title Agency, Inc. engages in business in New Jersey and has been involved in the issuance of title insurance to plaintiff Walsh Securities's assignor.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 29.

30.   Answering the allegations of paragraph 30, this defendant admits that it is a title insurer and that it issued certain closing service letters to Walsh Securities.  With respect to the terms of the closing service letters issued by this defendant, they speak for themselves.  This defendant is

without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 30.

## AS TO JURISDICTION

31.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31.

## AS TO VENUE

32.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 32.

33.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 33.

34.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 34.

35.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 35.

36.  Answering the allegations of paragraph 36, any closing service letters issued by this defendant speak for themselves. The remaining allegations of paragraph 36 are denied.

## AS TO FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

37.  Answering the allegations of paragraph 37, this defendant admits that a loan can be made in which real property is used as collateral for the loan.  The remaining allegations of paragraph 37 are denied.

38.  The allegations of paragraph 38 are admitted.

6

39.   Answering the allegations of paragraph 39, this defendant admits that certain mortgage bankers do not utilize their own funds in making mortgage loans, and that certain mortgage bankers sell mortgage loans to other parties which provide the funds for the borrowers at the time of closings. This defendant further admits that in certain transactions mortgage bankers are paid fees by borrowers for originating mortgage loans.  This defendant further admits that mortgage bankers can be licensed by the State of New Jersey.  The remaining allegations of paragraph 39 are denied.

40.   Answering the allegations of paragraph 40, this defendant admits that there are certain borrowers who cannot obtain traditional financing because of an increased delinquency risk and who accordingly pay a higher than market interest rate. The remaining allegations of paragraph 40 are denied.

41.   Answering the allegations of paragraph 41, this defendant admits that mortgage loan applications are taken for mortgage loans.  The remaining allegations of paragraph 41 are denied.

42.   Answering the allegations of paragraph 42, this defendant admits that there are certain mortgage bankers who deal directly with borrowers and who take certain paperwork from prospective borrowers, including mortgage loan applications and

other documents.   The remaining allegations of paragraph 42 are
denied.

43.  This defendant is without sufficient knowledge or
information to admit or deny the allegations of paragraph 43.

44.  Answering the allegations of paragraph 44, this
defendant admits that with respect to certain mortgage loans
appraisals of the property securing the loan are done.   This
defendant also admits that on certain mortgage loans appraisals
are relied upon by certain lenders.   The remaining allegations
of paragraph 44 are denied.

45.  The allegations of paragraph 45 are denied.

46.  Answering the allegations of paragraph 46, this
defendant admits that there are persons known as
"Correspondents" who sell mortgage loans to lenders.   The
remaining allegations of paragraph 46 are denied.

47.  Answering the allegations of paragraph 47, this
defendant admits that certain entities buy mortgage loans from
correspondents and those entities fund the mortgage loans in a
variety of ways, and from time to time those entities retain the
mortgage loans or resell them.   The remaining allegations of
paragraph 47 are denied.

48.  Answering the allegations of paragraph 48, this
defendant admits that certain entities who fund mortgage loans
originated by correspondents provide certain instructions to

closing attorneys.  The remaining allegations of paragraph 48
are denied.

### AS TO TITLE INSURANCE AND ITS ROLE IN
### REAL ESTATE TRANSACTIONS

49.  Answering the allegations of paragraph 49, this
defendant admits that title insurance is insurance that provides
for specified coverage in return for premiums.  This defendant
further admits that title insurance is from time to time
purchased when real property is purchased or refinanced, and
that certain mortgage lenders require that owners who borrow
money to finance purchases of real property acquire title
insurance coverage.  The remaining allegations of paragraph 49
are denied.

50.  Answering the allegations of paragraph 50, this
defendant admits that from time to time owners or borrowers who
seek to purchase title insurance do not deal directly with the
title insurer in connection with purchase of the insurance.
This defendant also admits that from time to time title agents
perform certain specified tasks with respect to the purchase of
title insurance.  This defendant also admits that from time to
time certain agents may be affiliated with more than one title
insurance company.  This defendant also admits that from time to
time certain title insurance companies may have relationships

with more than one title agency.  The remaining allegations of paragraph 50 are denied.

51.  Answering the allegations of paragraph 51, this defendant admits that certain title insurers in certain occasions issue closing service letters.  With respect to the terms of the closing service letters, they speak for themselves. This defendant admits that Exhibit A attached to the Complaint is a closing service letter issued by this defendant.  The remaining allegations of paragraph 51 are denied.

### AS TO THE NEW JERSEY MORTGAGE LOAN FRAUDS

52.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 52.

### AS TO "THE NHF/CRISTO PROPERTY" ENTERPRISE

53.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 53.

54.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 54.

55.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 55.

56.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 56.

### AS TO THE PATTERN

57.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 57.

58.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 58.

59.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 59.

### AS TO COUNT I

### VIOLATION OF 18 U.S.C. § 1962(c)(RICO)

Count I of the Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

### AS TO COUNT II

### VIOLATION OF 18 U.S.C.§ 1962(d)(RICO)

Count II of the Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

### AS TO COUNT III

### COMMON-LAW FRAUD

Count III of the Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

11

## AS TO COUNT IV

### BREACH OF CONTRACT BY NHF

Count IV of the Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT V

### BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

85.  The answers to repeated allegations are repeated as if though set forth herein.

86.  Answering the allegations of paragraph 86, this defendant admits that certain borrowers obtained title insurance issued by this defendant and that this defendant on certain loans provided plaintiff with closing service letters.  The remaining allegations of paragraph 86 are denied.

87.  Answering the allegations of paragraph 87, the terms and conditions of the closing service letters speak for themselves.  This defendant admits that the closing service letter attached as Exhibit A to the Amended Complaint is a closing service letter issued by this defendant.  The remaining allegations of paragraph 87 are denied.

88.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 88.

12

89.   This defendant admits that plaintiff has notified this
defendant that plaintiff has allegedly sustained losses on
certain loans.   The remaining allegations of paragraph 89 are
denied.

90.   Answering the allegations of paragraph 90, this
defendant admits that it has not made any payments to plaintiff.
The remaining allegations of paragraph 90 are denied.

91.   The allegations of paragraph 91 are denied.

### FIRST SEPARATE DEFENSE

The Amended Complaint fails to state claim upon which
relief can be granted as to this defendant.

### SECOND SEPARTE DEFENSE

Plaintiff's Amended Complaint against this defendant is
barred by its own negligent conduct and the conduct of its
agents, employees and officers.

### THIRD SEPARATE DEFENSE

Plaintiff's Amended Complaint against this defendant is
barred by the acts of its agents, employees and officers which
constitute laches.

### FOURTH SEPARATE DEFENSE

Plaintiff's Amended Complaint against this defendant is
barred by the facts of its agents, employees and officers which
constitute estoppel.

### FIFTH SEPARATE DEFENSE

Plaintiff's Amended Complaint against this defendant is barred by the acts of its agents, employees and officers which constitute waiver.

### SIXTH SEPARATE DEFENSE

Plaintiff Walsh Securities, Inc., as assignee of any closing service letters, would have no higher rights under those letters than the assignor of the letters.

### CROSS-CLAIM FOR CONTRIBUTION

Defendant, Commonwealth Land Title Insurance Company, denies any liability to plaintiff or to any other defendant, but if Commonwealth Land Title Insurance Company is found liable, it demands contribution from Cristo Property Management, Ltd., A/K/A G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, and

14

Coastal Title Agency pursuant to the New Jersey Tortfeasors Contribution Act.

## CROSS-CLAIM FOR INDEMNIFICATION

While denying any liability to the plaintiff or to any other defendant whatsoever, defendant Commonwealth Land Title Insurance Company nevertheless asserts that any losses sustained by plaintiff or by any other defendant were the proximate result of the actions of defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, and Coastal Title Agency, which actions were primary and active, and if defendant Commonwealth Land Title Insurance Company is found liable to plaintiff with respect to such damages, such liability results solely from secondary, imputed, vicarious or passive negligence and defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, and Coastal Title Agency are liable to defendant Commonwealth Land Title Insurance Company by way of indemnification for any and all sums which defendant Commonwealth Land Title Insurance Company may be required to pay in this action.

## AS TO CROSS-CLAIM OF DEFENDANTS NATIONAL HOME FUNDING, INC., AND ROBERT SKOWRENSKI, II

Commonwealth, by way of Answer to the Cross-Claim of defendant National Home Funding, Inc. and Robert Skowrenski, II, says:

15

## AS TO COUNT ONE

1.   Answering the allegations of paragraph 1, this defendant admits that defendants National Home Fund, Inc., and Robert Skowrenski, II, are defendants in the within action. With respect to the allegations of the Amended Complaint, the Amended Complaint speaks for itself.

2. Answering the allegations of paragraph 2, insofar as they are directed to this defendant, they are denied.  This defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 2.

3.   Answering the allegations of paragraph 3, insofar as they are directed to this defendant, they are denied.  This defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 3.

4.   Answering the allegations of paragraph 4, insofar as they are directed to this defendant, they are denied.  This defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 4.

5.   Answering the allegations of paragraph 5, insofar as they are directed to this defendant, they are denied.  This defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 5.

6.   Answering the allegations of paragraph 6, insofar as they are directed to this defendant, they are denied.  This

defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 6.

## AS TO COUNT TWO

1.   The answers to repeated allegations are repeated as though set forth herein.

2.   This defendant denies the allegations of paragraph 2.

3.   This defendant denies the allegations of paragraph 3.

4.   This defendant denies the allegations of paragraph 4.

## AS TO COUNT THREE

Count Three of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

## AS TO COUNT FOUR

Count Four of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

## AS TO COUNT FIVE

Count Five of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

## AS TO COUNT SIX

Count Six of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

## AS TO COUNT SEVEN

Count Seven of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

### AS TO COUNT EIGHT

Count Eight of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

### AS TO COUNT NINE

Count Nine of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

### AS TO COUNT TEN

Count Ten of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

### AS TO COUNT ELEVEN

Count Eleven of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

### AS TO COUNT TWELVE

Count Twelve of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

### AS TO COUNT THIRTEEN

Count Thirteen of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant. However, insofar as Count Thirteen alleges that Stanley Yacker, Esq., committed any wrongful act that would give rise to coverage that this defendant would be responsible for, the allegations of Count Thirteen are denied.

## AS TO COUNT FOURTEEN

Count Fourteen of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant. However, insofar as Count Fourteen alleges that Michael Alfieri, Esq., committed any wrongful act that would give rise to coverage that this defendant would be responsible for, the allegations of Count Fourteen are denied.

## AS TO COUNT FIFTEEN

Count Fifteen of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant. However, insofar as Count Fifteen alleges that Richard Pepsny, Esq., committed any wrongful act that would give rise to coverage that this defendant would be responsible for, the allegations of Count Fifteen are denied.

## AS TO COUNT SIXTEEN

Count Sixteen of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant. However, insofar as Count Sixteen alleges that Anthony M. Cicalese, Esq., committed any wrongful act that would give rise to coverage that this defendant would be responsible for, the allegations of Count Sixteen are denied.

### AS TO COUNT SEVENTEEN

Count Seventeen of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

### AS TO COUNT EIGHTEEN

Count Eighteen of defendants' Cross-Claim seeks no judgment and accordingly no answer is required of this defendant.

### FIRST SEPARATE DEFENSE

The Cross-Claims of defendants National Home Funding, Inc., and Robert Skowrenski, II against this defendant fail to state claim upon which relief can be granted.

### SECOND SEPARTE DEFENSE

The Cross-Claims of defendants National Home Funding, Inc., and Robert Skowrenski, II against this defendant are barred by their own negligent conduct and the conduct of their agents, employees and officers.

### THIRD SEPARATE DEFENSE

The Cross-Claims of defendants National Home Funding, Inc., and Robert Skowrenski, II against this defendant are barred by the acts of their agents, employees and officers which constitute laches.

20

## FOURTH SEPARATE DEFENSE

The Cross-Claims of defendants National Home Funding, Inc., and Robert Skowrenski, II against this defendant are barred by the facts of their agents, employees and officers which constitute estoppel.

## FIFTH SEPARATE DEFENSE

The Cross-Claims of defendants National Home Funding, Inc., and Robert Skowrenski, II against this defendant are barred by the acts of their agents, employees and officers which constitute waiver.

## ANSWER TO CROSS-CLAIMS FOR CONTRIBUTION

This defendant denies any Cross-Claims made against it for contribution.

## CROSS-CLAIM FOR CONTRIBUTION

Defendant, Commonwealth Land Title Insurance Company, denies any liability to plaintiff or to any other defendant, but if Commonwealth Land Title Insurance Company is found liable, it demands contribution from Cristo Property Management, Ltd., A/K/A G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker,

21

Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M.
Cicalese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP
Consulting, Inc., Nations Title Insurance of New York, Inc.,
Fidelity National Title Insurance Company of New York, and
Coastal Title Agency pursuant to the New Jersey Tortfeasors
Contribution Act.

### CROSS-CLAIM FOR INDEMNIFICATION

While denying any liability to the plaintiff or to any
other defendant whatsoever, defendant Commonwealth Land Title
Insurance Company nevertheless asserts that any losses sustained
by plaintiff or by any other defendant were the proximate result
of the actions of defendants Stanley Yacker, Esq., Michael
Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, and
Coastal Title Agency, which actions were primary and active, and
if defendant Commonwealth Land Title Insurance Company is found
liable to plaintiff with respect to such damages, such liability
results solely from secondary, imputed, vicarious or passive
negligence and defendants Stanley Yacker, Esq., Michael Alfieri,
Esq., Richard Pepsny, Esq., Anthony M. Cicalese, and Coastal
Title Agency are liable to defendant Commonwealth Land Title
Insurance Company by way of indemnification for any and all sums

22

which defendant Commonwealth Land Title Insurance Company may be
required to pay in this action.

<div style="margin-left:40%">

McCARTER & ENGLISH, LLP
Attorneys for Defendant
 Commonwealth Land Title
 Insurance Company

</div>

By:

David R. Kott
A Member of the Firm

Dated: February 12, 1998

## AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY    )
                       ) ss.:
COUNTY OF ESSEX        )

PATRICIA V. CUMMINS, of full age, being duly sworn according to law, upon her oath deposes and says:

1.    I am employed by the firm of McCarter & English, LLP, attorneys for defendant Commonwealth Land Title Insurance Company in the within matter.

2.    On February 12, 1998, I caused to be delivered by mail the Answer to the Amended Complaint, Answer to Cross-Claim, Answer to Cross-Claims for Contribution, Separate Defenses, Cross-Claim for Contribution and Cross-Claim for Indemnification upon the persons named in the attached Counsel List.

                              _____
                              PATRICIA V. CUMMINS

SWORN AND SUBSCRIBED to
before me this 12th day
of February, 1998.

_____
AUDREY ABDELMONEM-SAMIR
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires March 7, 2002

## COUNSEL LIST

### WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL
### CIVIL ACTION NO. 97-3496(WGB)

**Attorney for Plaintiff Walsh Securities, Inc.**

Michael Chertoff, Esq.
Latham & Watkins
One Newark Center, 16th Floor
Newark, New Jersey  07101-3174

**Attorney for defendant Coastal Title Agency**

John Methfessel, Jr., Esq.
Methfessel & Werbel
1308 Pierce
P.O. Box B
Rahway, New Jersey  07065

**Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc.,**
**Oakwood Properties, Inc., William J. Kane**

Ronald M. Kleinberg, Esq.
Richard A. Finkel, Esq.
Meissner, Kleinberg & Finkel
275 Madison Avenue, Suite 1000
New York, New York  10016

**Attorney for defendants National Home Funding, Inc., and Robert Skowrenski, II**

Michael Schottland, Esq.
Schottland, Manning, Rosen, Callendo & Munson, PA
36 W. Main Street
Freehold, New Jersey  07728

**Attorney for defendants Capital Assets Property Management & Investment Co., Inc.**
**Capital Assets Property Management, LLC and Gary Greiser**

Ronald Lee Reisner, Esq.
Drazin & Warshaw
26 Reckless Place
P.O. Box 8909
Red Bank, New Jersey  07701-8909



**<u>Attorney for defendant Michael Alfieri, Esq.</u>**

Richard L. Friedman, Esq.
Giordano, Halleran & Ciesla
125 Half Mile Road
P.O. Box 190
Middletown, New Jersey 07748

**<u>Attorney for defendant Lawrence M. Cuzzi</u>**

Miles Feinstein, Esq.
1135 Clifton Avenue
Clifton, New Jersey 07013

**<u>Attorney for defendants Anthony D'Apolito, DAP Consulting, Inc.</u>**

Charles J. Uliano, Esq.
268 Norwood Avenue
W. Long Branch, New Jersey 07764

**<u>Attorney for defendant Richard Pepsny</u>**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey 08057

**<u>Attorney for defendants Nations Title Insurance and Fidelity National Title Insurance</u>**

Jon C. Martin, Esq.
Fox, Rothschild, O'Brien & Frankel
997 Lenox Drive
Lawrenceville, New Jersey 08648

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania 19103-3291

**Attorney for defendant Richard Calanni**

August W. Fischer, Esq.
53 Pequot Road
Ringwood, New Jersey  07456

**Attorney for defendant Stanley Yacker, Esq.**

Lawrence S. Lustberg, Esq.
James I. O'Hern, Esq.
Crummy, Del Deo, Dolan, Griffinger
  & Vecchione
One Riverfront Plaza
Newark, New Jersey  07102-5497

**Attorney for defendant Roland J. Pierson:**

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. Box 762
Red Bank, New Jersey  07701

**Attorney for defendant Anthony M. Cicalese**

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza
Box 4205
Montclair, New Jersey  07042

**Pro Se**

Richard DiBenedetto
153 Stephens Lane
Mahway, New Jersey  07430

Thomas Brodo
139B Fort Lee Road
Teaneck, New Jersey  07666

James R. Brown, Esq.
1089 Cedar Avenue
Union, New Jersey  07083

Anthony M. Cicalese, Esq.
100 Eagle Rock Avenue
East Hanover, New Jersey  07936