PASQUALE MENNA, ESQ. (PM 7667)
KAUFF AND MENNA, ESQS.
170 BROAD STREET
P.O. BOX 762
RED BANK, NJ  07701
(908) 747-4300
Attorneys for Defendant,
Roland J. Pierson, Improperly
Pleaded as Ronald J. Pierson

**FILED**

**DEC 2 0 1998**

AT 8:30 ............... M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

WALSH SECURITIES, INC.,     : CV Action No. CV 97-3496(WGB)

           Plaintiff,   :  Hon. William G. Bassler,

v.                   :

CRISTO PROPERTY MANAGEMENT,  :
LTD., A/K/A G.J.L. LIMITED,
DEK HOMES OF NEW JERSEY, INC.,:
OAKWOOD PROPERTIES, INC.,
NATIONAL HOME FUNDING, INC.,  :  ANSWER TO AMENDED COMPLAINT,
CAPITAL ASSETS PROPERTY      CROSS-CLAIM, AFFIRMATIVE DEFENSES,
MANAGEMENT & INVESTMENT CO.,  :  AND JURY DEMAND OF DEFENDANT,
INC., CAPITAL ASSETS PROPERTY    ROLAND J. PIERSON, IMPROPERLY
MANAGEMENT, L.L.C., WILLIAM J.:  PLEADED AS RONALD J. PIERSON
KANE, GARY GRIESER, ROBERT
SKOWRENSKI, II, RICHARD      :
CALANNI, RICHARD DIBENEDETTO,
JAMES R. BROWN, THOMAS BRODO, :
RONALD J. PIERSON, STANLEY
YACKER, ESQ. MICHAEL ALFIERI, :
ESQ., RICHARD PEPSNY, ESQ.,
ANTHONY M. CICALESE, ESQ.,    :
LAWRENCE M. CUZZI, ANTHONY
D'APOLITO, DAP CONSULTING,    :
INC., COMMONWEALTH LAND TITLE
INSURANCE COMPANY, NATIONS    :
TITLE INSURANCE OF NEW YORK
INC., FIDELITY NATIONAL TITLE :
INSURANCE COMPANY OF NEW YORK,
and COASTAL TITLE AGENCY,     :

         Defendants.

---

Defendant, ROLAND J. PIERSON, ("Defendant Pierson"), residing at 2 Maryland Drive, Jackson, NJ  08527, by way of Answer to the Amended Complaint, says:

ANSWER

1.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint and leaves plaintiff to its proofs.

PARTIES

2.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and leaves plaintiff to its proofs.

3.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint and leaves plaintiff to its proofs.

4.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint and leaves plaintiff to its proofs.

5.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 5 of the Amended Complaint and leaves plaintiff to its proofs.

6.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint and leaves plaintiff to its proofs.

7.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint and leaves plaintiff to its proofs.

8.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint and leaves plaintiff to its proofs.

9.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and leaves plaintiff to its proofs.

10.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and leaves plaintiff to its proofs.

11.   Defendant Pierson alleges that he is without sufficient

-3-

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint and leaves plaintiff to its proofs.

12.   Defendant Pierson believes that the allegations contained in paragraph 12 of the Amended Complaint are accurate.

13.   Defendant Pierson believes that the allegations contained in paragraph 13 of the Amended Complaint are accurate.

14.   Defendant Pierson believes that the allegations contained in paragraph 14 of the Amended Complaint are accurate.

15.   Defendant Pierson believes that the allegations contained in paragraph 15 of the Amended Complaint are accurate.

16.   Defendant Pierson admits the allegations contained in paragraph 16 of the Amended Complaint.

17.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph of the Amended Complaint and leaves plaintiff to its proofs.

18.   Defendant Pierson admits the allegations contained in paragraph 18 of the Amended Complaint.

19.   Defendant Pierson admits the allegations contained in paragraph 19 of the Amended Complaint.

20.   Defendant Pierson admits the allegations contained in paragraph 20 of the Amended Complaint.

21.   Defendant Pierson admits the allegations contained
in paragraph 21 of the Amended Complaint.

22. Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 22 of the Amended Complaint
and leaves plaintiff to its proofs.

23.   Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 23 of the Amended Complaint
and leaves plaintiff to its proofs.

24. Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 24 of the Amended Complaint
and leaves plaintiff to its proofs.

25.   Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 25 of the Amended Complaint
and leaves plaintiff to its proofs.

26.   Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 26 of the Amended Complaint
and leaves plaintiff to its proofs.

27.   Defendant Pierson alleges that he is without sufficient

knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 27 of the Amended Complaint
and leaves plaintiff to its proofs.

28.   Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 28 of the Amended Complaint
and leaves plaintiff to its proofs.

29.   Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 29 of the Amended Complaint
and leaves plaintiff to its proofs.

30.   Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 30 of the Amended Complaint
and leaves plaintiff to its proofs.

JURISDICTION

31.   Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of
the allegations contained in paragraph 31 of the Amended Complaint
and leaves plaintiff to its proofs.

VENUE

32.   Defendant Pierson alleges that he is without sufficient
knowledge or information to form a belief as to the truth of

the allegations contained in paragraph 32 of the Amended Complaint and leaves plaintiff to its proofs.

INTRODUCTION

33.   Defendant Pierson, with respect to the Introduction, denies the conclusionary statement that Pierson has engaged in a pattern of racketeering activity.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth in the allegations contained in paragraph 33 of the Amended Complaint concerning other co-defendants and leaves plaintiff to its proofs.

34.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint and leaves plaintiff to its proofs.

35.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint and leaves plaintiff to its proofs.

36.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint and leaves plaintiff to its proofs.

## FACTUAL ALLEGATIONS

### THE MORTGAGE BANKING INDUSTRY

37.  Defendant Pierson admits that a mortgage loan is a loan in which real property is used as collateral for the loan. Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of paragraph 37 of the Amended Complaint and leaves plaintiff to its proofs.

38.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint and leaves plaintiff to its proofs.

39.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint and leaves plaintiff to its proofs.

40.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint and leaves plaintiff to its proofs.

41.  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint and

leaves plaintiff to its proofs.

42.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint and leaves plaintiff to its proofs.

43.   Defendant Pierson admits the allegations contained in paragraph 43 of the Amended Complaint.

44.   Defendant Pierson admits the allegations contained in paragraph 44 of the Amended Complaint.

45.   Defendant Pierson admits the allegations contained in paragraph 45 of the Amended Complaint.

46.   Defendant Pierson admits that it is not unusual for a mortgage banker to initiate mortgage transactions to sell or transfer their mortgage loans.   The defendant Pierson, however, is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 46 of the Amended Complaint and leaves plaintiff to its proofs.

47.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 47 of the Amended Complaint and leaves plaintiff to its proofs.

48.   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the allegations

contained in paragraph 48 of the Amended Complaint and leaves plaintiff to its proofs.

### Title Insurance And Its Role In Real Estate Transactions

49.  Defendant Pierson admits the allegations contained in paragraph 49 of the Amended Complaint.

50.  Defendant Pierson admits the allegations contained in paragraph 50 of the Amended Complaint.

51.  Defendant Pierson admits the allegations contained in paragraph 51 of the Amended Complaint.

### The New Jersey Mortgage Loan Frauds

52.  Defendant Pierson denies each and every allegation contained in paragraph 52 of the Amended Complaint insofar as the same may relate to the commission of any fraudulent acts by or allegations of fraudulent acts by this answering defendant and leaves plaintiff to its proofs.

### "The NHF/Cristo Property" Enterprise

53.  Defendant Pierson denies each and every allegation contained in paragraph 53 of the Amended Complaint insofar as it relates to this answering defendant and leaves plaintiff to its proofs.

54.  Defendant Pierson denies each and every allegation contained in paragraph 54 of the Amended Complaint insofar as it relates to this answering defendant and leaves plaintiff to its proofs.

55.  Defendant Pierson denies each and every allegation contained in paragraph 55 of the Amended Complaint insofar as it relates to this answering defendant and leaves plaintiff to its proofs.

56.  Defendant Pierson denies each and every allegation contained in paragraph 56 of the Amended Complaint insofar as it relates to this answering defendant and leaves plaintiff to its proofs.

### The Pattern

57.  Defendant Pierson alleges that he is without sufficient or information to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.  Defendant Pierson, however, denies any fraudulent activity or transaction insofar as it may relate to him.

(a)  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph (a) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

(b)  Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph (b) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

(c)  Defendant Pierson admits having performed some appraisals

-11-

on the properties referenced in the Amended Complaint.

(d)   Defendant Pierson denies the allegations contained in paragraph (d) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

(e)   Defendant Pierson alleges that he is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph (e) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

1)   Defendant Pierson denies the allegations contained in paragraph (e) 1) of paragraph 57 of the Amended Complaint.

2)   Defendant Pierson denies the allegations contained in paragraph (e) 2) of paragraph 57 of the Amended Complaint.

3)   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to sub-paragraph 3) in paragraph (e) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

4)   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to sub-paragraph 4) in paragraph (e) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

5)   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to sub-paragraph 5) in paragraph (e) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

6)   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to sub-paragraph 6) in paragraph (e) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

7)   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to sub-paragraph 7) in paragraph (e) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

8)   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to sub-paragraph 8) in paragraph (e) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

(f)   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to paragraph (f), (g) (h), (i) (j) (k) 1) 2) 3) (l) (m) of paragraph 57 of the Amended Complaint and leaves plaintiff to its proofs.

58.   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to the allegations contained in paragraph 58 of the Amended Complaint and leaves plaintiff to its proofs.

59.   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to the allegations contained in paragraph 59 of the Amended Complaint and leaves plaintiff to its proofs.

-13-

## COUNT I

## VIOLATION OF 18 U.S.C. ss 1962(c) RICO

60.   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to the allegations contained in paragraph 60 of the Amended Complaint and leaves plaintiff to its proofs.

61.   Defendant Pierson admits the allegations contained in paragraph 61 of the Amended Complaint.

62.   Defendant Pierson admits the allegations contained in paragraph 62 of the Amended Complaint.

63.   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to the allegations contained in paragraph 63 of the Amended Complaint and leaves plaintiff to its proofs.

64.   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to the allegations contained in paragraph 64 of the Amended Complaint and leaves plaintiff to its proofs.

65.   Defendant Pierson denies the allegations contained in paragraph 65 of the Amended Complaint and leaves plaintiff to its proofs.

66.   Defendant Pierson denies the allegations contained in paragraph 66 of the Amended Complaint and leaves plaintiff to its

-14-

proofs.

67.   Defendant Pierson denies the allegations contained in paragraph 67 of Amended Complaint and leaves plaintiff to its proofs.

68.   Defendant Pierson is without sufficient knowledge or information to form a belief with respect to the allegations contained in paragraph 68 of the Amended Complaint and leaves plaintiff to its proofs.

### COUNT II

### VIOLATION OF 18 U.S.C. ss 1962(d) (RICO)

69.   Defendant Pierson repeats and realleges his answers to paragraphs 1 through 68 of the Amended Complaint as if fully set forth at length herein.

70.   Defendant Pierson admits the allegations of paragraph 70 of the Amended Complaint.

71.   Defendant Pierson denies any violation of any criminal nature and denies the allegations of paragraph 71 of the Amended Complaint.

72.   Defendant Pierson denies the allegations of paragraph 72 of the Amended Complaint and denies any violation of 18 U.S.C. ss 1962(d) as it concerns any activity in which he was engaged in and leaves plaintiff to its proofs.

73.   Defendant Pierson denies the allegations of paragraph 73 of the Amended Complaint and leaves plaintiff to its proofs.

## COUNT III

### COMMON-LAW FRAUD

74.   Defendant Pierson repeats and realleges his answers to paragraphs 1 through 73 of the Amended Complaint as if fully set forth at length herein.

75.   Defendant Pierson denies the allegations set forth in paragraph 75 of the Amended Complaint.

76.   Defendant Pierson denies the allegations set forth in paragraph 76 of the Amended Complaint.

77.   Defendant Pierson denies omitting any material fact in any action, and leaves plaintiff to its proofs concerning the allegations of paragraph 77 of the Amended Complaint.

78.   Defendant Pierson denies the allegations set forth in paragraph 78 of the Amended Complaint.

### COUNT IV

### BREACH OF CONTRACT BY NHF

79.   Defendant Pierson repeats and realleges all of his answers to paragraph 1 through 78 of the Amended Complaint as if fully set forth at length herein.

80.   Defendant Pierson is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 80 of the Amended Complaint and leaves plaintiff to its proofs.

-16-

81.  Defendant Pierson is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 81 of the Amended Complaint and leaves plaintiff to its proofs.

82.  Defendant Pierson is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 82 of the Amended Complaint and leaves plaintiff to its proofs.  Defendant Pierson further denies any allegations of falsely inflated appraisals contained in paragraph 82.

83.  Defendant Pierson is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 83 of the Amended Complaint and leaves plaintiff to its proofs.

84.  Defendant Pierson denies the allegations contained in paragraph 84 of the Amended Complaint and leaves plaintiff to its proofs.

<u>COUNT V</u>

<u>BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS</u>

85.  Defendant Pierson repeats and reallages his answers to paragraphs 1 through 84 of the Amended Complaint as if fully set forth at length herein.

86.  Defendant Pierson is without sufficient knowledge or information to form a belief as to the allegations contained

-17-

in paragraphs 86, 87, 88, 89, 90 and 91 of the Amended Complaint
since they involve individuals other than this answering
defendant and leaves plaintiff to its proofs.

WHEREFORE, this answering defendant demands judgment
dismissing plaintiff's Amended Complaint, together with costs
and reasonable attorneys fees.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which
relief can be granted as to answering defendant.

<u>SECOND AFFIRMATIVE DEFENSE</u>

No "enterprise" existed as set forth in 18 U.S.C. ss 1962(c).

<u>THIRD AFFIRMATIVE DEFENSE</u>

Answering defendant was not involved in an "enterprise" as
set forth in 18 U.S.C. ss 1962(c), the existence of any such
enterprise being specifically denied.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

There is no "pattern" of racketeering activity as required by
18 U.S.C. ss 1962(c).

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Defendant did not conduct or participate in an "enterprise",
the existence of any such enterprise being specifically denied.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Defendant did not conduct or participate in the operation or

management of an "enterprise", the existence of any such enterprise being specifically denied.

### SEVENTH AFFIRMATIVE DEFENSE

Answering defendant entered into no agreement to perform the predicate acts as alleged in plaintiff's Amended Complaint or any other illegal activity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damage as a result of the actions alleged in plaintifff's Amended Complaint.

### NINTH AFFIRMATIVE DEFENSE

Answering defendant did nothing wrong.

### TENTH AFFIRMATIVE DEFENSE

Answering defendant was not engaged in any other activity other than one of a professional type and conducted himself according to all professional standards.

### ELEVENTH AFFIRMATIVE DEFENSE

The conduct of the answering defendant, the existence of any illegal conduct being specifically denied, was not the proximate cause of any alleged injuries of plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff has failed to plead with particularity the allegations of fraud pursuant to Federal Rules of procedure 9(b) as to answering defendant and defendant reserves the

right to dismiss before or at the time of trial.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any actions, the existence of those acts being specifically denied, were not related and/or continuous so as to constitute a pattern.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering defendant was not involved in any conspiracy to operate or manage an "enterprise".

> CROSSCLAIM OF DEFENDANT, ROLAND PIERSON
> AS AGAINST CRISTO PROPERTY MANAGEMENT, LTD.,
> a/k/a G.J.L. LIMITED, DEK HOMES OF NEW
> JERSEY, INC., OAKWOOD PROPERTIES, INC.,
> NATIONAL HOME FUNDING, INC.., CAPITAL ASSETS
> PROPERTY MANAGEMENT & INVESTMENT COMPANY, INC.,
> CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C.,
> WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI,
> II, RICHARD CALANNI, RICHARD D. DIBENEDETTO,
> JAMES R. BROWN, THOMAS BRODO, STANLEY YACKER, ESQ.,
> MICHAEL ALFIERI, ESQ., ANTHONY M. CICALESE, ESQ.,
> LAWRENCE F. CUZZI, ANTHONY D'APOLITO, DAP
> CONSULTING, INC., COMMONWEALTH LAND TITLE
> INSURANCE COMPANY, INC., NATIONS TITLE INSURANCE
> OF NEW YORK, INC., FIDELITY NATIONAL TITLE
> INSURANCE COMPANY OF NEW YORK, INC., COASTAL
> TITLE AGENCY, INC., and RICHARD PEPSNY

If the allegations of plaintiff's Amended Complaint are true, such allegations being expressly denied, the defendant, Roland Pierson, alleges that co-defendants Cristo Property Management, Ltd., a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets

-20-

Property Management & Investment Company, Inc., Capital Assets

Property Management, L.L.C., William J. Kane, Gary Grieser,

Robert Skowrenski, II, Richard Calanni, Richard D. DiBenedetto,

James R. Brown, Thomas Brodo, Richard Pepsny, Stanley Yacker, Esq.,

Michael Alfieri, Esq., Anthony M. Cicalese, Esq., Lawrence M.

Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonealth Land

Title Insurance Company, Inc., Nations Title Insurance Company

of New York, Inc. Fidelity National Title Insurance Company

of New York, Inc. and Coastal Title Agency, Inc.  are liable

to defendant for contribution and indemnity and are solely

liable to plaintiff for any and all damages alleged if verified.

WHEREFORE, answering defendant demands judgment dismissing

plaintiff's Amended Complaint together with costs and reasonable

attorneys fees.

DATED:   February 10, 1998

KAUFF AND MENNA
Attorneys for Defendant
Roland J. Pierson

By: _____
PASQUALE MENNA

-21-

PASQUALE MENNA, ESQ. (PM 7667)
KAUFF AND MENNA, ESQS.
170 BROAD STREET
P.O. BOX 762
RED BANK, NJ  07701
(908) 747-4300
Attorneys for Defendant,
Roland J. Pierson, Improperly
Pleaded as Ronald J. Pierson

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| WALSH SECURITIES, INC., | : CV Action No. CV 97-3496(WGB) |
| Plaintiff, | : Hon. William G. Bassler, |
| v. | : |
| CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ. MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, and COASTAL TITLE AGENCY, | : : : : : CERTIFICATION OF MAILING : : : : : : : : |
| Defendants. | : |

---

JACQUELINE A. LELESI, of full age, makes the following certification:

1.   I am a Legal Assistant employed by the Law Firm of Kauff and Menna, attorneys for the defendant, Roland J. Pierson, in the within action.

2.   On February 19, 1998, I mailed via Regular First Class Mail at the United States Post Office in Red Bank, New Jersey, an original and one copy of said defendant's Answer to Amended Complaint, Cross-Claim with Affirmative Defenses and Jury Demand to the Clerk, U.S. District Court, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey and Certification of Service.

3.   On February 19, 1998, I mailed via Regular First Class Mail at the United States Post Office in Red Bank, New Jersey, a copy of said defendant's Answer to Amended Complaint, Cross-Claim with Affirmative Defenses and Jury Demand and Certification of Service to:

>               Robert A. Magnanini, Esq.
>               Latham & Watkins
>               One Newark Center, 16th Floor
>               Newark, NJ  07101-3174

4.   On February 19, 1998, I mailed via Regular First Class Mail at the United States Post Office in Red Bank, New Jersey, a copy of said defendant's Answer to Amended Complaint, Cross-Claim with Affirmative Defenses and Jury Demand and Certification of Service to all counsel listed on attached list.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DATED:  2/19/98

JACQUELINE A. LELESI

SERVICE LIST

Meissner, Kleinberg & Finkel, LLP
275 Madison Ave. Suite 1000
New York, NY 10016
Attorneys for Defendants Cristo, Kane
DEK Homes of NJ, Inc., Oakwood Properties

Richard L. Friedman, Esq.
Giordano, Halleran & Ciesla
P. O. Box 190
125 Half Mile Road
Middletown, NJ 07748
Attorneys for Michael Alfieri, Esq.

Jon C. Martin, Esq.
Fox, Rothschild, O'Brien & Frankel
997 Lenox Drive
Lawrenceville, NJ 08648
Attorney for Defs. Nations Title Insurance Co.
Of N.Y., Inc. and Fidelity National Title Insurance
Co. Of N.Y.

August W. Fischer, Esq.
53 Pequot Road
Ringwood, NJ 07456
Attorney for Richard Calanni

Robert A. Magnanini, Esq.
Latham & Watkins
One Newark Center, 16th Floor
Newark, NJ 07101-3174
Attorneys for Walsh Securities, Inc.

James I. O'Hern, Esq.
Crummy, Del Deo, Dolan, Griffinger & Vecchione
One Riverfront Plaza
Newark, NJ 07102-5497
Attorneys for Stanley Yacker, Esq.

David Kott, Esq.
McCarter & English
Gateway Four
Newark, NJ 07102
Attorneys for Commonwealth Land Title
Insurance Co.

Charles J. Uliano, Esq.
Chamlin, Rosen & Uliano
268 Norwood Ave.
West Long Branch, NJ 07764
Attorneys for Anthony D'Apolito
and Dap Consulting

Michael D. Schottland, Esq.
36 West Main St.
Freehold, NJ 07728
Attorney for National Home Funding, Inc.
and Robert Skowrenski, II

Mark W. Catanzaro, Esq.
513 South Lenola Road
Moorestown, NJ 08057
Attorney for Richard Pepsny

Ronald Lee Reisner, Esq.
Drazin and Warshaw
25 Reckless Place
Red Bank, NJ 07701-8909
Attorney for Grieser and Capital Assets
Miles Feinstein, Esq.
1135 Clifton Ave.
Clifton, NJ 07013
Attorney for Lawrence M. Cuzzi

Richard Dibenedetto
384 Greenwich St.
Bergenfield, NJ 07621
Pro se

James R. Brown
1090 Cedar Ave.
Union, NJ 07083
Pro se

Anthony M. Cicalese, Esq.
72 Eagle Rock Ave.
Building 2
East Hanover, NJ 07936
Pro se

Coastal Title Insurance
21 West Main St.
Freehold, NJ
Pro Se

Thomas Brodo
139 B. Fort Lee Road
Teaneck, NJ 07666
Pro se