Michael Chertoff (MC 6790)
Geoffrey S. Berman (GB 0851)
Robert A. Magnanini (RM 7356)
LATHAM & WATKINS
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(201) 639-1234
Attorneys for Plaintiff Walsh Securities, Inc.

FILED
FEB 23 1998
AT 8:30 ........... A.M.
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, JAMES BROWN, JAMES DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., JAMES PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, and COASTAL TITLE AGENCY, <br><br> Defendants. | Civil Action No. CV 97-3496 (WGB) <br><br> Hon. William G. Bassler <br><br> **ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM OF DEFENDANT JAMES BROWN** |

## ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff, Walsh Securities, Inc. ("Walsh"), having its principal place of business at 4 Campus Drive, Parsippany, New Jersey, by way of answer to the Counterclaim of Defendant James Brown ("Brown"), says:

1. This paragraph states legal conclusions to which no response is required.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied as to Walsh but admitted as to the defendants.

6. Admitted.

7. Denied as to Walsh, and denied as to Brown. The remaining allegations are admitted.

## COUNT ONE

8. Denied as to Walsh, and denied as to Brown. The remaining allegations are admitted.

9. Denied.

WHEREFORE, Walsh Securities, Inc. demands judgment dismissing Count One of the Counterclaim of Defendant James Brown.

## COUNT TWO

10. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 9 above as if set forth fully herein.

11. Denied as to Walsh. The remaining allegations are admitted.

12. Denied.

WHEREFORE, Walsh Securities, Inc. demands judgment dismissing Count Two of the Counterclaim of Defendant James Brown.

## COUNT THREE

13. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 12 above as if set forth fully herein.

14. Denied as to Walsh. After reasonable investigation, Walsh does not have knowledge regarding the remaining allegations and leaves Defendant Brown to his proofs.

15. After reasonable investigation, Walsh does not have knowledge as to defendant Brown's beliefs and leaves defendant Brown to his proofs.

16. Denied as to Walsh.

WHEREFORE, Walsh Securities, Inc. demands judgment dismissing Count Three of the Counterclaim of Defendant James Brown.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Each and every Count of Defendant's Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Insofar as Defendant purports to state claims for misrepresentation and fraud, the allegations in Defendant's Counterclaims lack the particularity required by Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant has no authority or standing to bring this suit.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Defendant has sustained any injuries, such injuries, if any, were caused, in whole or in part, by the acts or omissions of others for whose conduct Walsh is not responsible.

## TENTH AFFIRMATIVE DEFENSE

Walsh had no knowledge of, and was not a culpable participant in, any violations of any laws.

## ELEVENTH AFFIRMATIVE DEFENSE

Walsh acted in good faith and did not directly or indirectly induce the act or acts complained of by the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Walsh violated no legal duty owed to Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Walsh's conduct is not the cause of any injury or damages allegedly suffered by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant was contributorily negligent, and such negligence was the proximate, efficient, and contributing cause of his damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Walsh hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its answer to assert other related defenses as may become available.

**WHEREFORE**, Plaintiff Walsh Securities, Inc. seeks judgment dismissing the counterclaim of defendant James Brown, against Walsh and for interest, costs, attorney fees and other relief this Court deems to be just and equitable.

LATHAM & WATKINS
Michael Chertoff (MC 6790)
Geoffrey S. Berman (GB 1851)
Robert A. Magnanini (RM 7356)
One Newark Center
Newark, NJ 07101-3174
Telephone (201) 639-1234
Telecopy (201) 639-7298
ATTORNEYS FOR PLAINTIFF WALSH SECURITIES, INC.

By: _____
Michael Chertoff

Dated: February 23, 1998

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, and COASTAL TITLE AGENCY, <br><br> Defendants. | Civil Action No. CV 97-3496 (WGB) <br><br> Hon. William G. Bassler <br><br> **SUMMONS IN A CIVIL ACTION ON SECOND AMENDED COMPLAINT** |

To:    Lawrence J. Cuzzi

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon Plaintiff's Attorney:

> Michael Chertoff
> LATHAM & WATKINS
> One Newark Center, 16th Floor
> Newark, New Jersey 07101

an answer to the second amended complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the amended complaint.

WILLIAM T. WALSH                    2/26/98
Clerk                                Date

DONNA DE ANGELIS
Deputy Clerk

# RETURN OF SERVICE

| Service of the Summons and Second Amended Complaint was made by me | Date |
|---|---|
| NAME OF SERVER (Print) | Title |
| Check one line below to indicate appropriate method of service ||
| __ Served personally upon the defendant. Place where served:_____ ||
| __ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. ||
| __ Returned unexecuted:_____ ||
| Other (specify):_____ ||
| **STATEMENT OF SERVICE FEES** ||

| Travel | Services | Total |
|---|---|---|
|  |  |  |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Fees is true and correct.

Executed on_____        _____
            Date                   Signature of Server

                                   _____
                                   Address of Server