FILED

MAR 19 1998

AT 8:30 ......................M
WILLIAM T. WALSH
CLERK

**GIORDANO, HALLERAN & CIESLA, P.C.**
Deliver to: 125 Half Mile Road, Middletown, New Jersey 07748
Mail to: P.O. Box 190, Middletown, New Jersey 07748
(732) 741-3900
Attorneys for Defendant, Michael Alfieri, Esq. (RF 7466)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | Civil Action No. CV 97-3496 (WGB) |
| Plaintiff, | Hon. William G. Bassler |
| v. | **ANSWER OF DEFENDANT, MICHAEL ALFIERI, ESQ., TO CROSS-CLAIM OF DEFENDANT RICHARD CALANNI, AND AFFIRMATIVE DEFENSES** |
| CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK and COASTAL TITLE AGENCY, | |
| Defendants. | |

Defendant, Michael Alfieri, Esq. ("defendant Alfieri"), by way of answer to the cross-claim of defendant, Richard Calanni (hereinafter "Calanni"), hereby states:

1.   Defendant Alfieri neither admits or denies the allegations raised in paragraph 1 of the cross-claim in that the same does not specifically raise any allegations against defendant Alfieri except to state that defendant Alfieri denies any and al allegations that defendant Alfieri violated the Racketeer Influence corrupt organization act and/or committed any act of common law fraud.

2.   Defendant Alfieri is without information to form a belief as to the truth of the allegations contained in paragraph 2 of the cross-claim, except to state defendant Alfieri herein adopts his responses to the allegations raised in paragraphs 2 through 11, 13 through 15, 18, 20, 24 and 25 in the Amended Complaint.

3.   Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3 and 4 of the cross-claim, and leaves Calanni to his proofs.

4.   Defendant Alfieri is without information to form a belief as to the truth of the allegations contained in paragraph 5 of the cross-claim, except to deny each and any allegation raised against defendant Alfieri in paragraphs 33, 34 and 35 of the Amended Complaint and to deny that he was part of the alleged NHF/Cristo Property Enterprise.

5.   Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the cross-claim, except to deny any such allegations to the extent such allegations pertain to defendant Alfieri.

6.   Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the cross-claim, except to deny any allegations to the extent such allegations pertain to defendant Alfieri.

## COUNT ONE

7.   Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the cross-claim, except to deny the allegations to the extent any such allegations pertain to defendant Alfieri.

8.   Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the cross-claim, except to deny the allegations to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE,** defendant Alfieri demands judgment dismissing the cross-claim of defendant Calanni herein plus attorneys' fees and costs of suit.

## COUNT TWO

9.   Defendant Alfieri in response to the allegations raised in paragraph 10 of the cross-claim incorporates by reference, in lieu of repetition, his answers to each and every allegations of paragraphs 1 through 9 of the cross-claim.

10.   Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the cross-claim, except to deny any allegations to the extent any such allegations pertain to defendant Alfieri.

11.   Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the cross-claim, except to deny any allegations to the extent any such allegations pertain to defendant Alfieri.

**WHEREFORE,** defendant Alfieri demands judgment dismissing the cross-claim of defendant Calanni plus attorneys' fees and costs of suit.

## COUNT THREE

12.   Defendant Alfieri in response to the allegations raised in the second paragraph numbered 12 of the cross-claim incorporates by reference, in lieu of repetition, his answers to each and every allegation in paragraphs 1 through 12 of the cross-claim.

13.   Defendant Alfieri is without information sufficient to form a belief as to the truth of any allegations contained in paragraph 13 of the cross-claim, except to deny any such allegations to the extent any such allegations pertain to defendant Alfieri.

14.   Defendant Alfieri is without information sufficient to form a belief as to the truth of any allegations contained in paragraph 14 of the cross-claim, except to deny any such allegations to the extent any such allegations pertain to defendant Alfieri.

15.   Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the cross-claim, and leaves Calanni to his proofs.

**WHEREFORE,** defendant Alfieri demands judgment dismissing the cross-claim of defendant Calanni plus attorneys' fees and costs of suit.

### AFFIRMATIVE DEFENSES

1.   Defendant Alfieri herein incorporates, adopts and restates each and every affirmative defense set forth in defendant Alfieri's Answer to the Amended Complaint as if pled more specifically herein as directly against the cross-claimants with regard to the cross-claim.

2.   The cross-claim fails to state a cause of action upon which relief may be granted.

3.   The cross-claim is incongruous in that it denies certain allegations of the Amended Complaint and alternatively purports to adopt those same allegations and as such is an insufficient pleading.

> GIORDANO, HALLERAN & CIESLA
> A Professional Corporation
> Attorneys for Defendant
> Michael Alfieri, Esq.
>
> BY: _____
> /RICHARD L. FRIEDMAN, ESQ.

Dated:   March 13, 1998


v10/CL/A/11074/002/P980115 ANSWER/CC

-6-