FILED

MAR 27 1998

AT 8:30 ............ M
WILLIAM T. WALSH
CLERK

ANSELL ZARO GRIMM & AARON
1500 Lawrence Avenue
Ocean Township, New Jersey 07712
(732) 922-1000
Attorneys for Defendant Coastal Title Agency

| | |
|---|---|
| WALSH SECURITIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, and COASTAL TITLE AGENCY, <br><br> Defendants. | Civil Action No. CV 97-3496 (WGB) <br><br> Hon. William G. Bassler <br><br> Docket No. <br><br><br> ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSS CLAIMS <br><br> JURY TRIAL DEMANDED |

Defendant Coastal Title Agency, ("Coastal") by way of
Answer to Plaintiff's Amended Complaint states:

### ANSWER

1.    Coastal is without sufficient information to admit or
deny the allegations contained in paragraph 1 and leaves

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, NJ 07712
(908) 922-1000

1

Plaintiff to its proofs.

## PARTIES

2.    Coastal is without sufficient information to admit or deny the allegations contained in paragraph 2 and leaves Plaintiff to its proofs.

3.    Coastal is without sufficient information to admit or deny the allegations contained in paragraph 3 and leaves Plaintiff to its proofs.

4.    Coastal is without sufficient information to admit or deny the allegations contained in paragraph 4 and leaves Plaintiff to its proofs.

5.    Coastal is without sufficient information to admit or deny the allegations contained in paragraph 5 and leaves Plaintiff to its proofs.

6.    Coastal is without sufficient information to admit or deny the allegations contained in paragraph 6 and leaves Plaintiff to its proofs.

7.    Upon information and belief, admitted as to the location of NHF.   However, Coastal is without sufficient information to admit or deny the allegations contained in paragraph 7 and leaves Plaintiff to its proofs.

8.    Coastal is without sufficient information to admit or deny the allegations contained in paragraph 8 and leaves Plaintiff to its proofs.

9.    Coastal is without sufficient information to admit or deny the allegations contained in paragraph 9 and leaves

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

Plaintiff to its proofs.

10.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 10 and leaves Plaintiff to its proofs.

11.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 11 and leaves Plaintiff to its proofs.

12.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 12 and leaves Plaintiff to its proofs.

13.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 13 and leaves Plaintiff to its proofs.

14.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 14 and leaves Plaintiff to its proofs.

15.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 15 and leaves Plaintiff to its proofs.

16.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 16 and leaves Plaintiff to its proofs.

17.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 17 and leaves Plaintiff to its proofs.

18.   Upon information and belief, admitted.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

3

19. Upon information and belief, admitted.

20. Upon information and belief, admitted.

21. Upon information and belief, admitted.

22. Admitted as to the allegation that Yacker and Cicalese were approved attorneys by the title insurance companies. Coastal is without sufficient information to admit or deny the remaining allegations in paragraph 22 and leaves Plaintiff to its proofs.

23. Coastal is without sufficient information to admit or deny the allegations contained in paragraph 23 and leaves Plaintiff to its proofs.

24. Coastal is without sufficient information to admit or deny the allegations contained in paragraph 24 and leaves Plaintiff to its proofs.

25. Coastal is without sufficient information to admit or deny the allegations contained in paragraph 25 and leaves Plaintiff to its proofs.

26. Upon information and belief, admitted.

27. Upon information and belief, admitted.

28. Upon information and belief, admitted.

29. Coastal admits that it is a New Jersey Corporation with its principal place of business in New Jersey. Coastal also admits that it is a title insurance agent selected by various attorneys to act as a title insurance agent for real property closings. Coastal is without sufficient information to admit or deny who provided mortgage loans for these closings and

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

what ultimately happened to these loans.

30.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 30 and leaves Plaintiff to its proofs.

### JURISDICTION

31.   Jurisdiction is not disputed.

### VENUE

32.   Venue is not disputed.

### INTRODUCTION

33.   Denied.

34.   Denied.

35.   Denied as to the allegation that loans were fraudulently obtained by Coastal.   As to the remaining allegations in this paragraph, Coastal is without sufficient information to admit or deny same and therefore leaves Plaintiff to its proofs.

36.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 36 and leaves Plaintiff to its proofs.

### FACTUAL ALLEGATIONS, THE MORTGAGE BANKING INDUSTRY

37.   Upon information and belief, admitted.

38.   Upon information and belief, admitted.

39.   Upon information and belief, admitted.

40.   Upon information and belief, admitted.

41.   Upon information and belief, admitted.

42.   Upon information and belief, admitted.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CH 7507
OCEAN, N.J. 07712
(908) 922-1000

43.   Upon information and belief, admitted.

44.   Upon information and belief, admitted.

45.   Upon information and belief, admitted.

46.   Upon information and belief, admitted.

47.   Upon information and belief, admitted.

48.   Upon information and belief, admitted.

## TITLE INSURANCE AND ITS ROLE, IN REAL ESTATE TRANSACTIONS

49.   Upon information and belief, admitted.

50.   Upon information and belief, admitted.

51.   The exhibits attached to the Amended Complaint speak for themselves.

## THE NEW JERSEY MORTGAGE LOAN FRAUDS

52.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 52 and leaves Plaintiff to its proof.

## "THE NHF/CRISTO PROPERTY" ENTERPRISE

53.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 53 and leaves Plaintiff to its proof.

54.   Coastal denies that it was involved in illegal or improper activity, either individually or as part of an entity or association with any of the named Defendants.

55.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 55 and leaves Plaintiff to its proof.

56.   Coastal is without sufficient information to admit or

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712

(908) 922-1000

deny the allegations contained in paragraph 56 and leaves Plaintiff to its proof.

## THE PATTERN

57.    (a)  Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(a) and leaves Plaintiff to its proof.

(b)  Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(b) and leaves Plaintiff to its proof.

(c)  Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(c) and leaves Plaintiff to its proof.

(d)  Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(d) and leaves Plaintiff to its proof.

(e)  Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) and leaves Plaintiff to its proof.

1)  Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) 1) and leaves Plaintiff to its proof.

2)  Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) 2) and leaves Plaintiff to its proof.

3)  Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) 3)

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

and leaves Plaintiff to its proof.

4)   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) 4) and leaves Plaintiff to its proof.

5)   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) 5) and leaves Plaintiff to its proof.

6)   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) 6) and leaves Plaintiff to its proof.

7)   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) 7) and leaves Plaintiff to its proof.

8)   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(e) 8) and leaves Plaintiff to its proof.

(f)   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(f) and leaves Plaintiff to its proof.

(g)   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(g) and leaves Plaintiff to its proof.

(h)   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(h) and leaves Plaintiff to its proof.

(i)   Coastal is without sufficient information to

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

8

admit or deny the allegations contained in paragraph 57(i) and leaves Plaintiff to its proof.

(j) Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(j) and leaves Plaintiff to its proof.

(k) 1) Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(k) 1) and leaves Plaintiff to its proof.

2) Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(k) 2) and leaves Plaintiff to its proof.

3) Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(k) 3) and leaves Plaintiff to its proof.

(l) Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(l) and leaves Plaintiff to its proof.

(m) Coastal is without sufficient information to admit or deny the allegations contained in paragraph 57(m) and leaves Plaintiff to its proof.

58. Coastal is without sufficient information to admit or deny the allegations contained in paragraph 58 and leaves Plaintiff to its proof.

59. Coastal is without sufficient information to admit or deny the allegations contained in paragraph 59 and leaves Plaintiff to its proof.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

## COUNT I.

## VIOLATION OF 18 U.S.C. SECTION 1962(C) (RICO)

60.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 60 and leaves Plaintiff to its proof.

61.   The statute speaks for itself.

62.   The statute speaks for itself.

63.   Denied.

64.   Coastal is without sufficient information to admit or deny the allegations contained in paragraph 64 and leaves Plaintiff to its proof.

65.   Denied.

66.   Denied.

    (a)   Denied.

    (b)   Denied.

67.   Denied as to the allegation that Coastal was involved in this "racketeering activity".  As to the allegations of the remaining Defendants, Coastal is without sufficient information to admit or deny the allegations contained paragraph 67 and leaves Plaintiff to its proof.

68.   Coastal is without sufficient information to admit or deny the allegations contained paragraph 68 and leaves Plaintiff to its proof.

    (a)   Coastal is without sufficient information to admit or deny the allegations contained paragraph 68(a) and leaves Plaintiff to its proof.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

10

(b)   Coastal is without sufficient information to admit or deny the allegations contained paragraph 68(b) and leaves Plaintiff to its proof.

(c)   Coastal is without sufficient information to admit or deny the allegations contained paragraph 68(c) and leaves Plaintiff to its proof.

WHEREFORE, Coastal demands that the Amended Complaint filed against it be dismissed and for such other relief as the Court may deem proper.

**COUNT II**

**VIOLATION OF 18 U.S.C. SECTION 1962(d) (RICCO)**

69.   Coastal repeats and restates each of the answers contained in paragraphs 1 through 68 as if set forth at length herein.

70.   The statute speaks for itself.

72.   Denied.

73.   Coastal is without sufficient information to admit or deny the allegations contained paragraph 73 and leaves Plaintiff to its proof.

WHEREFORE, Coastal demands that the Amended Complaint filed against it be dismissed and for such other relief as the Court may deem proper.

**COUNT III**

**COMMON-LAW FRAUD**

74.   Coastal repeats and restates each of the answers contained in paragraphs 1 through 73 as if set forth at length

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J 07712
(908) 922-1000

herein.

75.   Denied as to any involvement by Coastal in the alleged illegal and improper acts.   As to the involvement of other Defendants, Coastal is without sufficient information to admit or deny the allegations contained in paragraph 75 and leaves Plaintiff to its proofs.

76.   Denied.

77.   Denied.

78.   Denied.

WHEREFORE, Coastal demands that the Amended Complaint filed against it be dismissed and for such other relief as the Court may deem proper.

COUNT IV

**BREACH OF CONTRACT BY NHF**

79.   Coastal repeats and restates each of the answers contained in paragraphs 1 through 78 as if set forth at length herein.

80-84.   Coastal is without sufficient information to admit or deny the allegations contained paragraphs 80 through 84 of the Amended Complaint as they do not make allegations against this Defendant.

WHEREFORE, Coastal demands that the Amended Complaint filed against it be dismissed and for such other relief as the Court may deem proper.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J 07712
(908) 922-1000

### COUNT V

#### BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

85. Coastal repeats and restates each of the answers contained in paragraphs 1 through 84 as if set forth at length herein.

86-91. Coastal is without sufficient information to admit or deny the allegations contained in paragraphs 86 through 91 of the Amended Complaint as they do not apply to this Defendant.

WHEREFORE, Coastal demands that the Amended Complaint filed against it be dismissed and for such other relief as the Court may deem proper.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the Doctrine of Accord and Satisfaction.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the Doctrine of Contributory Negligence.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the Doctrine of Estoppel.

#### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the Doctrine of Fraud.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the Doctrine of Illegality.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the Doctrine of Latches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the Statute of Frauds.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the Statute of Limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by Doctrine of Waiver.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by Plaintiff's own unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff reports to seek claims for misrepresentation and fraud, the allegation in Plaintiff's Complaint lacks the particularity required by Fed.R.Civ.P. 9(b).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has no authority or standing to bring this suit.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injuries,

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

such injuries, if any, were caused, in whole or in part, by the acts or omissions of others for whose conduct Coastal Title is not responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

Coastal Title had no knowledge of, and was not a knowing or willing participant in, any violation of any laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

Coastal Title acted in good faith and did not directly or indirectly induce the act or acts complained of by the Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Coastal Title violated no legal duty owed to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is charged with the conduct of its Officers and/or employees.  It is these Officers and/or employees of Plaintiff who participated in an illegal scheme as set forth in the Amended Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Coastal Title's conduct is the not cause of any injury or damages allegedly suffered by the Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

Coastal Title hereby gives notice that it intends to rely upon any other defense that may be become available or appear during the discovery proceedings in this case and hereby

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

15

reserves the right to amend its answer to assert other related defenses as may become available.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

16

## COUNTERCLAIM/CROSSCLAIM

Defendant Coastal Title Agency, ("Coastal"), states by way of Counterclaim against Plaintiff, Walsh Securities, Inc. ("Walsh") and by way of Crossclaim against Co-Defendants Stanley Yacker, Esq. and Anthony M. Cicalese, Esq. (the "Attorneys"); Cristo Property Management, Ltd., a/k/a G.J.L. Limited ("Cristo"); and William J. Kane ("Kane"):

1.    Coastal Title Agency ("Coastal"), repeats and restates the factual allegations contained in its Answer to the Amended Complaint and incorporates same by reference as if set forth at length herein.

2.    Coastal is a title agency which acts as an agent for title insurance companies.

3.    Coastal's main function is to conduct searches and provide preliminary title binders for the insuring of title as required by lending institutions and other parties who are acquiring interests in real property.

4.    It is not Coastal's function to determine, appraise, or otherwise value properties which are the subject of such transactions.

5.    In any and all transactions in which Coastal was involved with any and all of the other parties in this matter, Coastal provided title searches based upon orders for such searches received by the attorneys named in this action, specifically Stanley Yacker, Esq., and Anthony M. Cicalese, Esq.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

17

6.   Coastal through its agents and employees searched the recorded information on the real property which was the subjection of the subject transactions.

7.   Coastal provided this information to Walsh and other lenders involved in the individual transactions.

8.   The title searches provided by Coastal revealed no more and no less than the complete state of facts as indicated by public record, documented in the County recording and other offices in the County and State in which the property being sold was situate.

9.   Complete records of the searches and facts contained therein were forwarded to Walsh in all of the transactions at issue.

10.   In the event that a search revealed that title was not in the name of a potential borrower as such name would have been made known to Coastal through either Plaintiff or the attorneys named above who ordered title searches, such information was completely disclosed to Plaintiff and any other lenders.

11.   Coastal received no specific instructions with regard to such situations from Plaintiff or any of the lenders.

12.   No special conditions were placed upon the issuance of title insurance nor on the transactions as a whole, by Plaintiff or any of the other lenders.

13.   After a closing occurred, Coastal, as with any other title company, provided a title insurance policy.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, NJ 07712
(908) 922-1000

18

14.   In order for a title insurance policy to be issued, all of the conditions of the closing must met as set forth in the title binder were completed.

15.   Any title insurance that was issued on any of the transactions which were the basis of this suit was issued only after all the conditions of closing placed upon the transaction by Walsh or any other lender or the title insurance company insuring such policy were met.

### FIRST COUNT

16.   Coastal repeats and restates each of the allegations contained in the Counterclaim/Crossclaim paragraphs 1 through 15 as if set forth at length herein.

17.   As a direct result of Walsh's failure to follow appropriate procedures, including adequate due diligence, review of mortgage and loan applications and failure to properly hire and/or train appraisers, failure to review credit reports, failure to follow up on paper work, committing to loans without proper documentation or incomplete documentation, failure to provide any special closing instruction to Coastal and other negligence and/or misfeasance by Walsh, Defendant/ Counterclaimant/ Crossclaimant Coastal has been damaged.

18.   As a result of the foregoing actions, negligence and misfeasance by Walsh, Coastal has suffered damages to its reputation, destruction of its business and has had to expend large sums of money in order to defend against criminal allegations and other civil matters.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

19

WHEREFORE, Coastal seeks entry of a Judgment on the Counterclaim against Walsh Securities, Inc. for damages plus interest, costs and attorney's fees.

### SECOND COUNT

19. Coastal repeats and restates each of the allegations contained in paragraphs 1 through 18 of the Counterclaim/Crossclaim and restates same as if set forth at length herein.

20. At all material times relevant hereto, Stanley Yacker, Esq., was an attorney licensed by the New Jersey Supreme Court and engaged in the practice of law, which including participation in what is generally known as real estate closings and title work.

21. In accordance with the overall descriptive scheme provided by the Plaintiff in the Amended Complaint filed in this matter, Mr. Yacker was called upon to prepare the necessary closing documents and represent various interests including the interests of seller, purchaser, subsequent purchaser, mortgagee and to act in a professional capacity to assist in preparing documents, completing required forms, reviewing title, reports, and enclosing various transactions of conveyance and mortgage between many of the parties described in the main body of Plaintiff's Amended Complaint.

22. By virtue of the status of Mr. Yacker, and by virtue of the license granted to him by the Supreme Court of New Jersey, based upon the ordinary practices and procedures

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

established for the practice of law, Mr. Yacker had certain duties and obligations to carry out his closing requirements in the ordinary course of business. Among them was a duty to alert Coastal, who is within the class of persons relying upon the expertise of Mr. Yacker, of issues which impacted upon the issuance of title insurance and the validity of the title documents being recorded.  Mr. Yacker had a duty to alert Coastal as to any unusual circumstances surrounding the transaction in which he participated.

23.  Aside from the above, Mr. Yacker had a duty to abide by the closing instructions provided by Coastal and/or the insurance companies with regard to each separate transaction.

24.  Notwithstanding the above well known duties, Mr. Yacker negligently failed to adhere to such standards and by virtue of such negligence, and as a direct result thereby, Coastal has suffered substantial damages, including injury to its reputation, unwitting involvement in a scheme to defraud several of the parties involved in this action and various other losses and damages which will be more specifically set forth in the discovery phase of this litigation.

25.  Amongst the negligent acts relied upon:  preparation of title and mortgage documents by which in their very nature were inconsistent with the terms of the mortgages issued by several of the parties in this action; failing to record certain title and mortgage documents which were part of the transaction and required pursuant to the closing instructions issued by

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

21

Coastal; and generally failing to follow the procedures which in ordinary course of closing such a transaction should have been filed.

WHEREFORE, Counterclaimant/Crossclaimant Coastal seeks entry of Judgment against Defendant Stanley M. Yacker, Esq., including damages, costs of suit, interest and attorney's fees.

### THIRD COUNT

26.   Coastal repeats and restates each of the allegations contained in paragraphs 1 through 25 of the Counterclaim/ Crossclaim and restates same as if set forth at length herein.

27.   At all material times relevant hereto, Anthony M. Cicalese, Esq., was an attorney licensed by the New Jersey Supreme Court and engaged in the practice of law, which including participation in what is generally known as real estate closings and title work.

28.   In accordance with the overall descriptive scheme provided by the Plaintiff in the Amended Complaint filed in this matter, Mr. Cicalese was called upon to prepare the necessary closing documents and represent various interests including the interests of seller, purchaser, subsequent purchaser, mortgagee and to act in a professional capacity to assist in preparing documents, completing required forms, reviewing title, reports, and enclosing various transactions of conveyance and mortgage between many of the parties described in the main body of Plaintiff's Amended Complaint.

29.   By virtue of the status of Mr. Cicalese, and by virtue

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

22

of the license granted to him by the Supreme Court of New Jersey, based upon the ordinary practices and procedures established for the practice of law, Mr. Cicalese had certain duties and obligations to carry out his closing requirements in the ordinary course of business. Among them was a duty to alert Coastal, who is within the class of persons relying upon the expertise of Mr. Cicalese, of issues which impacted upon the issuance of title insurance and the validity of the title documents being recorded. Mr. Cicalese had a duty to alert Coastal as to any unusual circumstances surrounding the transaction in which he participated.

30. Aside from the above, Mr. Cicalese had a duty to abide by the closing instructions provided by Coastal and/or the insurance companies with regard to each separate transaction.

31. Notwithstanding the above well known duties, Mr. Cicalese negligently failed to adhere to such standards and by virtue of such negligence, and as a direct result thereby, Coastal has suffered substantial damages, including injury to its reputation, unwitting involvement in a scheme to defraud several of the parties involved in this action and various other losses and damages which will be more specifically set forth in the discovery phase of this litigation.

32. Amongst the negligent acts relied upon: preparation of title and mortgage documents by which in their very nature were inconsistent with the terms of the mortgages issued by several of the parties in this action; failing to record certain

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

title and mortgage documents which were part of the transaction and required pursuant to the closing instructions issued by Coastal; and generally failing to follow the procedures which in ordinary course of closing such a transaction should have been filed.

WHEREFORE, Counterclaimant/Crossclaimant Coastal seeks entry of Judgment against Defendant Anthony M. Cicalese, Esq., including damages, costs of suit, interest and attorney's fees.

### FOURTH COUNT

33. Coastal repeats and restates each of the allegations contained in paragraphs 1 through 32 of the Counterclaim /Crossclaim and restates same as if set forth at length herein.

34. During the course of transactions stated and alleged in Plaintiff's Amended Complaint, Coastal was retained by Defendant Cristo Property Management, Ltd. a/k/a G.J.L. Limited, ("Cristo") to perform title insurance agency functions including title searches and other prefatory work for closing of real property transfer transactions.

35. Coastal was retained by Cristo to perform upwards of 150 such searches.

36. To date, Coastal has not been paid for its services provided to Cristo in this regard.

37. As a result of Cristo's breach of contract and failure to pay, Coastal has been damaged.

38. Cristo has been unjustly enriched by the services

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

24

provided by Coastal.

WHEREFORE, Counterclaimant/Crossclaimant Coastal seeks entry of Judgment against Co-Defendant, Cristo Property Management, Ltd., a/k/a G.J.L. Limited including damages, costs of suit, interest and attorney's fees.

### FIFTH COUNT

39. Coastal repeats and restates each of the allegations contained in paragraphs 1 through 38 of the Counterclaim/Crossclaim and restates same as if set forth at length herein.

40. At all times relevant hereto, Kane was a principal in Cristo.

41. Upon information and belief, Kane was also a broker, employee, agent or affiliate of National Home Funding, Inc. ("NHF").

42. Kane, either through Cristo or individually ordered title searches and other related services from Coastal for the transactions at issue.

43. Kane, as agent, employee or broker for NHF would then review Coastal's title work.

44. Kane negligently failed to oversee, review and otherwise protect the interests of NHF and other mortgage lenders with regard to the transactions at issue.

45. Kane negligently failed to adhere to or respond to issues and concerns raised by Coastal regarding the chain of title for the properties in the transactions at issue.

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J 07712
(908) 922-1000

46. As a direct and proximate result of Kane's negligence, Coastal has been damaged.

WHEREFORE, Counterclaimant/Crossclaimant Coastal seeks entry of Judgment against Co-Defendant, William J. Kane including damages, costs of suit, interest and attorney's fees.

### SIXTH COUNT

47. Coastal repeats and restates each of the allegations contained in paragraphs 1 through 46 of the Counterclaim/Crossclaim and restates same as if set forth at length herein.

48. Coastal seeks indemnification and contribution from Defendants Cristo Property Management a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management and Investment Co., Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard Dibenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence M. Cuzzi, Esq., Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York. If there is any liability found on Coastal as a result of any of the allegations in the Amended Complaint, or any Crossclaim filed against Coastal, Coastal states that the above named parties are liable for contribution and

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

26

indemnification to Plaintiff or any other party who is successful as to Coastal.

WHEREFORE, Counterclaimant/Crossclaimant Coastal seeks entry of Judgment against Co-Defendants, including damages, costs of suit, interest, contribution, indemnification and attorney's fees.

Coastal reserves the right to petition the Court should the need arise to file additional pleadings, as Coastal's attorneys were not a party to the Scheduling Order and are just now entering into this litigation.

ANSELL ZARO GRIMM & AARON
Attorneys for Defendant
Coastal Title Agency

By: _____
JAMES G. AARON, ESQ.

Dated:     March 23, 1998

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, NJ 07712

(908) 922-1000

27

## JURY DEMAND

Defendant Coastal Title Agency demand a trial by jury in the above entitled cause of action.

                                    Attorneys for Defendant
                                    Coastal Title Agency

                                    By: _____
                                         JAMES G. AARON, ESQ.

Dated:      March 23, 1998

f:\users\tl\lhs\coastal\walsh\answer

ANSELL ZARO
GRIMM & AARON
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
1500 LAWRENCE AVENUE
CN 7807
OCEAN, N.J. 07712
(908) 922-1000

28