FILED

MAY 0 6 1998

AT 8:30 ............ M
WILLIAM T. WALSH
CLERK

CHAMLIN, ROSEN, ULIANO & WITHERINGTON
268 Norwood Avenue
PO Box 38
West Long Branch, NJ 07764
(908) 229-3200
Attorneys For Defendant, Anthony D'Apolito and
Dap Consulting Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | Civil Action No: CV 97-3496(WGB) |
| Plaintiff, | Hon. William G. Bassler |
| v. | ANSWER TO SECOND AMENDED COMPLAINT |
| CRISTO PROPERTY MANAGEMENT, LTD., A/K/A GJL LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, AND COASTAL TITLE AGENCY, | |
| Defendants. | |

## ANSWER

Defendants, Anthony D'Apolito, individually, residing at 10 Pond View Drive, Tinton Falls, New Jersey, and DAP Consulting, Inc., having had it's principal place of business at 86 Parker Road, West Long Branch, New Jersey, by way of Answer to the Amended Complaint, say:

### PARTIES

1. Anthony D'Apolito, individually, accepts and admits that he was an employee of Walsh Securities, and that he has an interest in DAP Consulting, Inc.

### AS TO THE FACTUAL ALLEGATIONS

2. Anthony D'Apolito admits that he submitted, as part of his employment responsibilities, various loan applications to Walsh Securities mortgage loans originated by NHF.

3. Defendants, Anthony D'Apolito and DAP Consulting, Inc., deny being part of a conspiracy to defraud Walsh Securities, and any and all allegations of participating in a "Rico Enterprise".

4. Defendants, Anthony D'Apolito and DAP Consulting, Inc., deny that it participated in a conspiracy to order and induce Walsh Securities to finance mortgage loans in excess of the true value of the properties. Defendants, Anthony D'Apolito and DAP Consulting, Inc. did not appraise the properties, nor was he in a position to approve a loan application which was done by underwriters at Walsh Securities.

5. Defendant, Anthony D'Apolito and DAP Consulting, Inc., admits receiving $10,000.00 for an NHF, which has nothing to do with the loan application being submitted through NHF or Skowrenski. DAP Consulting, Inc. admits receiving monies from co-defendant, Kane, but those monies were not connected to a fraudulent scheme. Defendant Anthony D'Apolito's duties included facilitating applications to Walsh Securities, and having defendant, Kane, make direct contact with various principals of Walsh Securities, including Betty Ann DeMola and James Walsh. Anthony D'Apolito did not breach his obligation to Walsh Securities and was unaware of any alleged fraudulent scheme, and did not actively participate in discussions held by co-defendant Kane and Grieser and principals of Walsh Securities.

6. Defendant, Anthony D'Apolito denies that he committed commercial bribery. Anthony D'Apolito did not knowingly violate his duty of fidelity to Walsh Securities. Anthony D'Apolito was advised by immediate supervisor Betty Ann DeMola that Walsh Securities would accept no income verification documents and all paperwork submitted by Anthony D'Apolito was reviewed and accepted by other members of Walsh Securities, and he was not aware of an alleged scheme of inflated prices through fraudulent appraisals or of an arrangement for conveyances after the fact, or of monies not being in closing attorneys trust accounts.

7. Allegations of a violation of 18 U.S.C.A. S 1962(c) are denied by defendants, Anthony D'Apolito and DAP Consulting, Inc.

8. Defendants, Anthony D'Apolito and DAP Consulting, Inc. did not participate in or was not part of an alleged Kane/Cristo or Greiser conspiracy to defraud Walsh Securities, nor were they part of the Kane, Grieser, Cristo Enterprise.

9. Defendant's Anthony D'Apolito and DAP Consulting, Inc. deny any knowing participation in an alleged fraudulent scheme as described and included in the word pattern as detailed in plaintiff's complaint.

## AS TO COUNT ONE

10. Defendant's Anthony D'Apolito and DAP Consulting, Inc. deny all allegations of commercial bribery as set forth in 2C:21-10.

11. As to the specifics in Count One, defendant's Anthony D'Apolito and DAP Consulting, Inc. deny any participation in a Rico Scheme and leave to the plaintiff and the Court whether or not the allegations are sufficient to invoke the provisions of 18 U.S.C. S 1961 under these circumstances.

## AS TO COUNT TWO

12. As to the specifics in Count Two, Anthony D'Apolito, individually, and DAP Consulting, Inc. deny any participation in any conspiracy as alleged and leave to the plaintiff and the court whether or not the allegations are sufficient to invoke the provisions of 18 U.S.C. S 1961 et seq. and these circumstances.

## AS TO COUNT THREE

13. Defendants, Anthony D'Apolito, individually, and DAP Consulting, Inc. deny that they were any part of a fraudulent scheme.

## AS TO COUNT FOUR

14. Count Four is not applicable to Defendants, Anthony D'Apolito, individually, and DAP Consulting, Inc. and therefore no Answer is provided.

## AS TO COUNT FIVE

15. Count Five is not applicable to Defendants, Anthony D'Apolito, individually, and DAP Consulting, Inc. and therefore no Answer is provided.

## AFFIRMATIVE DEFENSES

A. Defendants, Anthony D'Apolito, individually, and DAP Consulting, Inc., were not aware of an alleged fraudulent scheme and only facilitated to transfer the loan application to the plaintiff. Plaintiff, through it's underwriting was negligent in screening these applications and therefore the defendant, should not be blamed because other Walsh employees were negligent in their review of applications.

B. This defendant is being blamed for the incompetence of the Walsh underwriters, since this defendant's job descriptions did not include the submitting of appraisals or the physical inspection of any of the properties named.

C. This defendant did not give William Kane a desk at the Walsh Home Office, nor did he actively participate in discussions

between Kane and Greiser and his supervisors at Walsh. This defendant did not participate in certain discussions held by Walsh Securities Supervisor with Kane and Grieser, therefore it is clear that Walsh through incompetence, inadvertence, and gross negligence of its employees and principals help facilitate the very fraud it now states it was victim.

D. Defendant, D'Apolito, was not in a position, nor had the ability or authority to appraise or deny a loan, it was done by other employees of Walsh Securities, and therefore he should not be charged in this case, with breaching his fidelity to Walsh.

E. A Rico charge against Defendants, Anthony D'Apolito, individually, and DAP Consulting, Inc., on these set of facts cannot be substantiated.

F. Walsh Securities, through its own behavior cannot maintain nor prove that it was a "victim" in this matter and it is entitled to the relief sought.

WHEREFORE, defendants, Anthony D'Apolito, individually, and DAP Consulting, Inc., demand judgment dismissing the plaintiff's Complaint.

### JURY DEMAND

Defendants, Anthony D'Apolito and DAP Inc., demand a trial by jury.

### CROSS-CLAIM FOR CONTRIBUTION

1. Cross-claimant, Anthony D'Apolito, individually, and DAP Inc., did not participate in an alleged pyramid scheme to defraud Walsh Securities.

2. These defendants hereby demand contribution from

defendants Cristo Property Management, Ltd., a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., William J. Kane, Richard Colanni, Richard DeBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Michael Alfieri, Richard Pepsny, Lawrence M. Cuzzi, Commonwealth Lane Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Capital Assets Property Management & Investment Company, Inc., Capital Assets Property Management & Investment Company, L.L.C., and Gary Grieser.

                                     CHAMLIN, ROSEN, ULIANO & WITHERINGTON
                                     Attorneys for Defendant, Anthony D'Apolito and DAP Consulting, Inc.

DATE: April 30, 1998                     _____
                                     CHARLES J. ULIANO, ESQUIRE

CHAMLIN, ROSEN, ULIANO & WITHERINGTON
268 Norwood Avenue
PO Box 38
West Long Branch, NJ 07764
(908) 229-3200
Attorneys For Defendant, Anthony D'Apolito and
Dap Consulting Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | Civil Action No: CV 97-3496(WGB) |
| Plaintiff, | Hon. William G. Bassler |
| v. | |
| CRISTO PROPERTY MANAGEMENT, LTD., A/K/A GJL LIMITED, DEK HOMES OF NEW JERSEY, INC., et als. | CERTIFICATION OF SERVICES |
| Defendants. | |

I hereby certify that on the date hereof, I caused a true copy of the within Answer, Jury Demand and Crossclaims to be served by regular mail upon all parties on the attached counsel list.

DATE: April 30, 1998

_____
LYNN NELSON