Michael Chertoff (MC 6790)
Geoffrey S. Berman (GB 0851)
Robert A. Magnanini (RM 7356)
LATHAM & WATKINS
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(201) 639-1234
Attorneys for Plaintiff Walsh Securities, Inc.

FILED
MAY 11 1998
AT 8:30 ............ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, and COASTAL TITLE AGENCY, <br><br> Defendants. | Civil Action No. CV 97-3496 (WGB) <br><br> Hon. William G. Bassler <br><br> **ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM OF DEFENDANT COASTAL TITLE AGENCY** |

## ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff, Walsh Securities, Inc. ("Walsh"), having its principal place of business at 4 Campus Drive, Parsippany, New Jersey, by way of answer to the Counterclaim of Defendant Coastal Title Agency ("Coastal"), says:

1. This paragraph summarizes the crossclaimant/counterclaimant's answer to Walsh's complaint to which no response is required.

2. Admitted.

3. After reasonable investigation, Walsh does not have knowledge regarding the allegations and leaves Defendant Coastal to its proofs.

4. After reasonable investigation, Walsh does not have knowledge regarding the allegations and leaves Defendant Coastal to its proofs.

5. After reasonable investigation, Walsh does not have knowledge regarding the allegations and leaves Defendant Coastal to its proofs.

6. After reasonable investigation, Walsh does not have knowledge regarding the allegations and leaves Defendant Coastal to its proofs.

7. Denied as to Walsh except that Walsh admits receiving some communication from Coastal. After reasonable investigation, Walsh does not have knowledge regarding the remaining allegations and leaves Defendant Coastal to its proofs.

8. After reasonable investigation, Walsh does not have knowledge regarding the allegations and leaves Defendant Coastal to its proofs.

9. Denied, except that Walsh admits receiving some communications from Coastal.

10. Denied as to Walsh. After reasonable investigation, Walsh does not have knowledge regarding the remaining allegations and leaves Defendant Coastal to its proofs.

11. Denied as to Walsh. After reasonable investigation, Walsh does not have knowledge regarding the remaining allegations and leaves Defendant Coastal to its proofs.

12. Denied as to Walsh. After reasonable investigation, Walsh does not have knowledge regarding the remaining allegations and leaves Defendant Coastal to its proofs.

13. Admitted.

14. This allegation was unintelligible and no response can be given.

15. Denied as to Walsh. After reasonable investigation, Walsh does not have knowledge regarding the remaining allegations and leaves Defendant Coastal to its proofs.

## FIRST COUNT

16. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 15 above as if set forth fully herein.

17. Denied.

18. Denied.

WHEREFORE, Walsh Securities, Inc. demands judgment dismissing Count One of the Counterclaim of Defendant Coastal Title Agency.

## SECOND COUNT

19. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 18 above as if set forth fully herein.

20-25. Walsh makes no answer to the allegations contained in paragraphs 20 through 25 of the Second Count because said allegations are not directed against Walsh.

### THIRD COUNT

26. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 26 above as if set forth fully herein.

27.-32. Walsh makes no answer to the allegations contained in paragraphs 27 through 32 of the Third Count because said allegations are not directed against Walsh.

### FOURTH COUNT

33. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 32 above as if set forth fully herein.

32-38. Walsh makes no answer to the allegations contained in paragraphs 34 through 38 of the Fourth Count because said allegations are not directed against Walsh.

### FIFTH COUNT

39. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 38 above as if set forth fully herein.

40.-46 Walsh makes no answer to the allegations contained in paragraphs 39 through 46 of the Fifth Count because said allegations are not directed against Walsh.

## SIXTH COUNT

47. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 46 above as if set forth fully herein.

48. Walsh makes no answer to the allegations contained in paragraph 48 of the Sixth Count because said allegations are not directed against Walsh.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Each and every Count of Defendant's Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Insofar as Defendant purports to state claims for misrepresentation and fraud, the allegations in Defendant's Counterclaims lack the particularity required by Fed. R. Civ. P. 9(b).

## THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant has no authority or standing to bring this suit.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Defendant has sustained any injuries, such injuries, if any, were caused, in whole or in part, by the acts or omissions of others for whose conduct Walsh is not responsible.

## TENTH AFFIRMATIVE DEFENSE

Walsh had no knowledge of, and was not a culpable participant in, any violations of any laws.

## ELEVENTH AFFIRMATIVE DEFENSE

Walsh acted in good faith and did not directly or indirectly induce the act or acts complained of by the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Walsh violated no legal duty owed to Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Walsh's conduct is not the cause of any injury or damages allegedly suffered by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant was contributorily negligent, and such negligence was the proximate, efficient, and contributing cause of his damages.

7

## FIFTEENTH AFFIRMATIVE DEFENSE

Walsh hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its answer to assert other related defenses as may become available.

**WHEREFORE**, Plaintiff Walsh Securities, Inc. seeks judgment dismissing the counterclaim of defendant Coastal Title Insurance, against Walsh and for interest, costs, attorney fees and other relief this Court deems to be just and equitable.

Dated: May 8, 1998

                LATHAM & WATKINS
                Michael Chertoff (MC 6790)
                Geoffrey S. Berman (GB 1851)
                Robert A. Magnanini (RM 7356)
                One Newark Center
                Newark, NJ 07101-3174
                Telephone (201) 639-1234
                ATTORNEYS FOR PLAINTIFF WALSH SECURITIES, INC.

By: /s/ Michael Chertoff
      Michael Chertoff

# Walsh Securities, Inc. v. Cristo Property Management
## Civil Action No. 97-3496 (WGB)
## Service List

Michael Chertoff, Esq.
Geoffrey Berman, Esq.
Robert A. Magnanini, Esq.
Latham & Watkins
One Newark Center, 16th Fl.
Newark, NJ 07101-3174
973-639-1234
973-639-7298 (f)
Attorney for Plaintiff Walsh Securities, Inc.

Richard A. Finkel, Esq.
Ronald M. Kleinberg, Esq.
Meissner, Kleinberg & Finkel, LLP
275 Madison Avenue
10th Fl.
New York, NY 10016
212-689-8600
212-689-0252 (f)
Attorney for Cristo Property Management, Ltd.
a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc.
Oakwood Properties, Inc. and William J. Kane

Michael D. Schottland, Esq.
36 Schottland Manning, et al.
36 W. Main Steet
Freehold, NJ 07728
732-462-4405
732-409-0347 (f)
Attorney for National Home Funding, Inc.
Robert Skowrenski, II

Ronald Lee Reinser, Esq.
Drazin and Warshaw
25 Reckless Place
P.O. Box 8909
Red Bank, NJ 07701
732-747-3730
732-741-0865 (f)
Attorney for Capital Assets Property Management
& Investment Co., Inc., Capital Assets Property
Management, LLC, and Gary Greiser

August W. Fisher, Esq.
53 Peguot Road
Ringwood, NJ 07456
973-962-7179
973-962-0389 (f)
Attorney for Richard Calanni

Richard DiBenedetto
153 Stephens Lane
Mahway, NJ 07430
201-
Pro se

James R. Brown
1089 Cedar Avenue
Union, NJ 07083
908-687-7776
908-687-4328
Pro Se

Lawrence Lustberg, Esq.
James I. O'Hearn, Esq.
Gibbson, Del Deo, et al.
One Riverfront Plaza
Newark, NJ 07102
973-596-4500
973-596-0545 (f)
Attorney for Stanley Yacker, Esq.

Richard L. Friedman, Esq.
Timothy J. Lyons, Esq.
Edward C. Betucio, Esq.
Giordano, Halleran & Ciesla
125 Half Mile Road, P.O. Box 190

Middletown, NJ 07748
732-741-3900
732-224-6599 (f)
Attorney for Michael Alfieri, Esq.

Mark W. Catanzaro, Esq.
Blason IV, Suite 208
513 S. Lenola Road
Morrestown, NJ 08057
609-235-4266
609-235-4332 (f)

and

Jerome Balarotto, Esq.
143 White Horse Ave.
Trenton, NJ 08610
609-581-8555
609-581-9509 (f)
Attorneys for Richard Pepsney, Esq.

Anthony M. Cicalese, Esq.
A Cicalese, PC
467 Long Hill Drive
Short Hills, NJ 07078
Pro Se

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, NJ 07013
973-472-0202
973-472-2077 (f)
Attorney for Lawrence J. Cuzzi

Charles J. Uliano, Esq.
Chamlin, Rosen, Cavanaugh & Uliano
268 Norwood Avenue
W. Long Branch, NJ 07764
732-229-3200
732-571-8741(f)
Attorney for Anthony D'Apolito, and
DAP Consulting, Inc.

David R. Kott, Esq.
McCarter & English

Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101
973-622-4444
973-624-7070 (f)
Attorney for Commonwealth Land Title
Insurance Company

Jon C. Martin, Esq.
Fox O'Brien Rothschild & Frankel
997 Lenox Drive
Lawrenceville, NJ 08648
609-896-3600
609-896-1469 (f)
Attorney for Nations Title Insurance Company
 of New York, Inc., Fidelity National Title Insurance
 Company of New York

Martin R. McGowan, Esq.
Methfessel & Werbel
1308 Pierce Street
Rahway, NJ 07065
732-382-4200
732-382-4437 (f)

and James G. Aaron, Esq.
Larry Shapiro, Esq.
Ansell, Zaro Grimm & Aaron
1500 Lawrence Avenue
Ocean, NJ 07712
732-922-1000
732-922-6161 (f)
Attorneys for Coastal Title Insurance

Thomas Brodo
139 B Fort Lee Road
Teaneck, NJ 07666
201-836-9242
201-836-7574 (f)
Pro se

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street

P.O. Box 762
Red Bank, NJ 07701
732-888-6200
732-747-8814 (f)
Attorney for Ronald J. Pierson

## CERTIFICATION OF SERVICE

I hereby certify that today I caused an original and two copies of Plaintiff Walsh Securities, Inc.'s Answer and Affirmative Defenses to the Counterclaim of Defendant Coastal Title Agency to be served via hand delivery upon:

> William T. Walsh, Clerk
> United States District Court
> Dr. M.L. King, Jr. Fed. Bldg. & Cthse
> 50 Walnut Street - P.O. Box 999
> Newark, New Jersey 07101-0999

I further certify that on this date I also caused one copy of the aforementioned documents to be served upon All Counsel/Pro Se on the attached service list via regular mail.

> LATHAM & WATKINS
> One Newark Center, 16th Floor
> Newark, New Jersey 07101-3174
> (973) 639-1234
> Attorneys for Plaintiff
> Walsh Securities, Inc.
>
> By: _/s/ Alnieca Banks_
> Alnieca Banks
> Paralegal

Dated: May 11, 1998