240.2982(TDF)

Thomas D. Flinn, (TD1849)
Hope N. Kirsch,  (HK5141)
GARRITY, GRAHAM, FAVETTA & FLINN
A Professional Corporation
One Lackawanna Plaza
P.O. Box 4205
Montclair, New Jersey 07042
(973) 509-7500
Attorneys for Defendant Anthony M. Cicalese, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------x
WALSH SECURITIES, INC.,

  Plaintiff,

v.

CRISTO PROPERTY MANAGEMENT, LTD.,
A/K/A G.J.L. LIMITED, DEK HOMES OF NEW
JERSEY, INC., OAKWOOD PROPERTIES,
INC., NATIONAL HOME FUNDING, INC.,
CAPITAL ASSETS PROPERTY MANAGEMENT &
INVESTMENT CO., INC., CAPITAL ASSETS
PROPERTY MANAGEMENT, L.L.C., WILLIAM
J. KANE, GARY GRIESER, ROBERT
SKOWRENSKI, II, RICHARD CALANNI,
RICHARD DIBENEDETTO, JAMES R. BROWN,
THOMAS BRODO, RONALD J. PIERSON,
STANLEY YACKER, ESQ., MICHAEL ALFIERI,
ESQ., RICHARD PEPSNY, ESQ., ANTHONY M.
CICALESE, ESQ., LAWRENCE M. CUZZI,
ANTHONY D'APOLITO, DAP CONSULTING,
INC., COMMONWEALTH LAND TITLE
INSURANCE COMPANY, NATIONAL TITLE
INSURANCE COMPANY OF NEW YORK, INC.,
FIDELITY NATIONAL TITLE INSURANCE
COMPANY OF NEW YORK and COASTAL TITLE
AGENCY,

  Defendants.
------------------------------------x

Civil Action No.
CV 97-3496(WGB)

Hon. William G. Bassler

Civil Action

**ANSWER TO THE CROSS-CLAIM OF COASTAL TITLE AGENCY**

  Defendant **Anthony M. Cicalese, Esq.**, by and through his attorneys **Garrity Graham Favetta & Flinn**, as and for his Answer to the Cross-Claim of Coastal Title Agency, says:

  1. Defendant neither admits nor denies the allegations contained in paragraph 1, as the allegations set forth therein are

not directed to this defendant. To the extent that any such allegations may be interpreted as being directed to this defendant, they are denied.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 2 through 15, and therefore leaves defendant Coastal Title Agency to its proof.

### FIRST COUNT

3. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs 1-15 of the Crossclaim as if set forth at length herein.

4. Defendant neither admits nor denies the allegations contained in paragraph 17, as the allegations set forth therein are not directed to this defendant. To the extent that any such allegations may be interpreted as being directed to this defendant, they are denied.

5. Defendant neither admits nor denies the allegations contained in paragraph 18, as the allegations set forth therein are not directed to this defendant. To the extent that any such allegations may be interpreted as being directed to this defendant, they are denied.

### SECOND COUNT

6. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 18 as if set forth at length herein.

7. Defendant neither admits nor denies the allegations contained in paragraph 20 through 25, as the allegations set forth

therein are not directed to this defendant. To the extent that any such allegations may be interpreted as being directed to this defendant, they are denied.

### THIRD COUNT

8.  Defendant repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 25 as if set forth at length herein.

9.  Defendant admits the allegations contained in paragraph 27.

10. Defendant denies the allegations contained in paragraph 28, particularly that this defendant did anything "in accordance with" a scheme as described by plaintiff or otherwise.

11. Defendant denies the allegations contained in paragraphs 29 through 32.

### FOURTH COUNT

12. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 32 as if set forth at length herein.

13. Defendant neither admits nor denies the allegations contained in paragraphs 34 through 38, as the allegations set forth therein are not directed to this defendant. To the extent that any such allegations may be interpreted as being directed to this defendant, they are denied.

### FIFTH COUNT

14. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 38 as if set forth at length herein.

15. Defendant neither admits nor denies the allegations contained in paragraphs 40 through 46, as the allegations set forth therein are not directed to this defendant. To the extent that any such allegations may be interpreted as being directed to this defendant, they are denied.

### SIXTH COUNT

16. Defendant repeats and reiterates each and every response to the allegations contained in paragraphs 1 through 46 as if set forth at length herein.

17. Defendant denies the allegations contained in paragraph 48.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claim fails to state a cause of action against this defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Cross-claimant's claims are barred by the Doctrine of Estoppel.

### THIRD AFFIRMATIVE DEFENSE

Cross-claimant's claims are barred by the Doctrine of Waiver.

### FOURTH AFFIRMATIVE DEFENSE

Cross-claimant's claims are barred by the Doctrine of Collateral Estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Cross-claimant's claims are barred by the Doctrine of Judicial Estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Cross-claimant's claims are barred by the Doctrine of Unclean Hands.

### SEVENTH AFFIRMATIVE DEFENSE

This defendant owed no duty to cross-claimant Coastal Title Agency.

### EIGHTH AFFIRMATIVE DEFENSE

This defendant breached no duty to cross-claimant Coastal Title Agency.

### NINTH AFFIRMATIVE DEFENSE

Cross-claimant Coastal Title Agency suffered no damages.

### TENTH AFFIRMATIVE DEFENSE

No act or omission by this defendant proximately caused any of the losses or damages alleged.

### JURY DEMAND

Defendant demands a trial by jury in the above-entitled action.

### DEMAND COMPLIANCE WITH FRCP 26(a)(1)

Defendant hereby demands that cross-claimant Coastal Title Agency provide preliminary discovery without further demand in accordance with FRCP 26(a)(1).

GARRITY GRAHAM FAVETTA & FLINN  
Attorneys for Defendant  
Anthony M. Cicalese, Esq.

Dated: July 15, 1998

By: _/s/ Hope N. Kirsch_  
HOPE N. KIRSCH (HK5141)