NOT FOR PUBLICATION

FEB 10 1999
AT 8:30
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Walsh Securities, Inc.
        Plaintiff,

v.

Cristo Property Management
Ltd., et al.
        Defendants.

Hon. William G. Bassler

Civ. No. 97-3496 (WGB)

**OPINION**

ENTERED
on
THE DOCKET
WILLIAM T. WALSH, CLERK
By _____ (Deputy Clerk)

DENNIS M. CAVANAUGH, U.S. Magistrate Judge:

This matter comes before the Court upon a motion by Garden State Indemnity Company ("Garden State"), to intervene as Plaintiff, pursuant to Federal Rule of Civil Procedure 24. The motion was referred to me by the Honorable William G. Bassler. Pursuant to Fed. R. Civ. P. 78, no oral argument was conducted. This court having received no opposition to the within motion will rely upon the factual recitation contained in Plaintiff's brief for its truth. For the reasons discussed below, Garden State's motion is **denied**.

BACKGROUND

On or about July 17, 1997, Walsh Securities, Inc. filed a Complaint in the United States District Court, District of New Jersey against numerous Defendants, including Michael Alfieri, Richard Pepsny, and Anthony M. Cicalese. The Complaint alleges violations of the Racketeer Influenced and Corrupt Organizations

1

Act ("RICO") and common-law fraud.

Garden State Indemnity Company issued professional liability insurance policies to Defendants Michael Alfieri, Richard Pepsny and Anthony M. Cicalese. (Pl. Bf. at 2.) The aforesaid insurance policies contain an exclusion, entitled "Criminal Activities/ Dishonest Exclusions", which provides in relevant part

    A.    We do not insure here any claim arising out of any criminal activities of any insureds. . .

    B.    We do not insure here any claim arising out of the dishonest, fraudulent, or malicious activities of any insured.

(Id.)

Plaintiff argues that Counts One, Two and Three of the Original and Amended Complaint assert claims that arise out of criminal, dishonest, fraudulent and malicious activities of Defendants Alfieri, Pepsny and Cicalese. (Id..) As such, Garden State argues that it is not obligated to defend or indemnify Alfieri, Pepsny, or Cicalese against Counts One through Three of the Complaint.

Plaintiff argues further, that all Garden State insurance policies provide that Garden State is not obligated to defend any insured "in connection with claims seeking payment for 'loss' not covered here..." Said insurance policies define loss, in relevant part as follows

    Loss does not include, nor does any insurance here apply to, exemplary, punitive or statutory fines, penalties, or sanctions.

(Id. at 3.) Counts One and Two of the Complaint seek special and treble damages for alleged violations of the RICO statutes. Count Three of the Complaint seeks punitive damages for common-law fraud. Based on the foregoing, Garden State argues that it is not obligated to defend or indemnify Alfieri, Pepsny, or Cicalese against Counts One through Three of the Complaint. (Id.)

Garden State initially filed a declaratory judgment action in the New Jersey Superior Court, Law Division, Monmouth County, Docket No. L-1150-98, entitled <u>Garden State Indemnity Co. v. Alfieri, et al.</u>[1] Garden State subsequently filed a declaratory judgment complaint in the United States District Court, District of New Jersey. Plaintiff claims that its intent was to consolidate the two Federal Actions and dismiss the Superior Court action. On or about November 23, 1998, the Honorable William G. Bassler dismissed Garden State's Declaratory Judgement action for lack of subject matter jurisdiction.

## DISCUSSION

### Intervention of Right

Garden State seeks to intervene in the present matter as of right. Intervention as of right is governed by Federal Rule of Civil Procedure 24(a). Rule 24(a) provides:

Upon timely application anyone shall be permitted to

---

[1] <u>Garden State Indemnity v. Alfieri</u>, et al. L-1150-98, is currently pending before the Superior Court, Monmouth County.

> intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented.

Accordingly, a person may intervene as of right under Rule 24(a)(2) if: (1) the application for intervention is timely made; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, by the disposition of the action; and (4) the interest is not adequately represented by an existing party. Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3d Cir. 1998); United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1179 (3d Cir 1994); Harris v. Reeves, 946 F.2d 214, 219 (3d Cir.1991), cert. denied, 503 U.S. 952, 112 S.Ct 1516 (1992). Each of these requirements must be met to support intervention as of right under Rule 24(a)(2). Id.

The first requirement movant must satisfy to support intervention as of right is that the application is timely made. (Id.) The Third Circuit has identified three factors for the court to consider in determining timeliness: how far the proceedings have gone when the movant seeks to intervene, potential prejudice to other parties, and the reason for the delay. In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982). If a final order has been entered, the court is

4

usually inclined to deny the application to intervene. Pennsylvania v. Rizzio, 530 F.2d 501, 506 (3d Cir.), cert. denied by Fire Officers Union v. Pennsylvania, 426 U.S. 921 (1976) (motion to intervene filed after the proceedings were concluded and a final order granting injunctive relief was granted); Delaware Valley Citizens' Council for Clean Air v. Pennsylvania, 674 F.2d 970, 974-975 (3d Cir. 1982) (motion to intervene filed more than 20 months after consent decree); Fine Paper, 695 F.2d at 500-501 (no intervention by purported class members permitted after court approval of a settlement agreement and a entry of final judgment).

In the present matter, Garden State Indemnity filed the within Motion to Intervene on or about January 11, 1999, eighteen (18) months after the Complaint was filed in Walsh Securities.[2] Under ordinary circumstances, a delay of eighteen (18) months would weigh heavily toward a finding of untimeliness.[3] This Court is cognizant of the fact, however that discovery was stayed by the Honorable William G. Bassler on April 28, 1998, and resumed on or about November 1, 1998. As such, the proceedings

---

[2] The Complaint in Walsh Securities v. Cristo, et al, was filed on or about July 17, 1997.

[3] Plaintiff has failed to set forth a substantive argument that the within motion was timely filed. In fact, the only sentence regarding timeliness reads, "GSI's application for intervention is timely filed." Plaintiff made no attempt to explain why this motion was not filed until eighteen (18) months after the inception of the Walsh Securities matter.

5

have not progressed far enough to warrant a finding of untimeliness.

The second requirement movant must satisfy to support intervention as of right is a sufficient interest in the litigation. There is no clear definition of the interest required for intervention as of right. See 7C C. Wright & A. Miller, Federal Practice and Procedure, § 1908 (1997). The Supreme Court has declared "[w]hat is obviously meant [by the interest requirement] is a significantly protectable interest". Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 542 (1971).

Courts are split on the definition of "significantly protectable interest". Compare Travelers Indemnity Company v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989)("[t]he interest must be direct, not contingent) with Teague v. Bakker, 931 F.2d 259, 261 (4th Cir. 1991)(adopting the proposition that intervention should not be denied merely because an interest is contingent upon success in some other proceeding.); New Hampshire Insurance Company v. Greaves, 110 F.R.D. 549, 552 (D.R.I.1986)("the mere fact that an interest is contingent upon success in some other proceeding should not necessarily bar intervention"). The Third Circuit, however, requires a direct rather than a contingent interest. See Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987), cert. denied, 484 U.S. 947 (1987)(quoting United States v.

6

American Telephone and Telegraph Co., 642 F.2d 1285, 1292 (D.C.Cir. 1980) ("the interest must be `a legal interest as distinguished from interests of a general and indefinite character'"); Brody by and through Sugzdinis v. Spang, 957 F.2d 1108, 1116 (3d Cir.1992)(same). "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." Kleisser, 157 F.3d at 972.

Garden State Indemnity's interest in the present litigation is contingent upon a verdict against Defendants Alfieri, Pepsny and Cicalese. Unless and until such a verdict is rendered, Garden State's concern is but mere speculation.  See T.B. Proprietary Corp. v. Sposato Builders, Inc., 1996 WL 674010 (E.D.Pa. 1996)( speculation as to a subsequent lawsuit is not a sufficient reason for intervention). As such, Garden State's interest in the present litigation is not sufficient to permit intervention as of right. Liberty Mutual Insurance v. Pacific Indemnity Co., 76 F.R.D. 656, 658-60 (W.D. Pa. 1977)(plaintiff in underlying personal injury action cannot intervene as of right in declaratory judgment action between insurers since plaintiff has not yet recovered judgment and because contested issues of fact must be resolved in his favor before he can recover); Restor-A-Dent,Dental Lab. v. Certified Alloy Products, 725 F.2d 871, 875 (2d Cir. 1984)(General liability insurer for Defendant in

7

products liability action could not intervene because insurer's interest was contingent upon a jury verdict for Plaintiff in underlying action; only then will question of insurer's liability become relevant); See also T.B. Proprietary, 1996 WL 67010.

In addition, Garden State has failed to set forth a substantive argument that its interest in the present litigation is sufficient to warrant intervention as of right. Garden State relies solely upon Briggs & Stratton Corp. v. Concrete Sales & Service, 166 F.R.D. 43 (M.D. Ga 1996). In Briggs & Stratton, an insurer was permitted to intervene as of right in an action against the insured for alleged environmental damage. As set forth above, Courts are split on the definition of a sufficient interest. The Third Circuit, however, has clearly established that intervention as of right requires a direct rather than a contingent interest. See Kleissler, 157 F.3d at 972; Harris, 820 F.2d at 601. The Briggs & Stratton case is thus at odds with the standard established in the Third Circuit.[4] For the reasons discussed above, Garden State Indemnity has failed to establish a sufficient interest to warrant intervention as of right.

Garden State Indemnity has also failed to satisfy the third

---

[4] After reciting the facts and holding of the Briggs & Stratton case, Garden State failed to set forth a substantive argument that the facts in the present matter are sufficient to permit intervention. Garden State's sole reference to the sufficiency of its interest reads, "GSI has an interest relating to the subject matter of the Walsh action."

8

requirement for intervention as of right. The third prong requires that the movant's interests will be affected or impaired by the disposition of the action without intervention. "It is not sufficient that the claim be incidentally affected; rather, there must be 'a tangible threat' to the applicant's legal interest." Brody, 957 F.2d at 1123. "An applicant need not, however, prove that he or she would be barred from bringing a later action or that intervention constitutes the only possible avenue of relief." Id.

Plaintiff argues that it may be potentially bound by the factual determinations and rulings in the Walsh action.(Pl. Bf. at 6) The decisions rendered in the Walsh action, Plaintiff argues, will have a direct bearing on the insurance coverage issues. (Id.) Plaintiff, however, has failed recite one case in support of its argument. This Court is aware that the decisions rendered in the Walsh action may have a direct bearing upon insurance coverage issues, but Plaintiff has failed to persuade the court that these decisions pose a 'tangible threat' to Garden State's legal interests. In addition, Garden State's insurance coverage rights are presently the subject of a pending declaratory judgment action in the Superior Court of New Jersey, Monmouth County.

The final requirement that must be established to support intervention as of right is that the movant's interests are not

adequately represented by any existing party. It is well established that the moving party has the burden, however minimal, to show that its interests are not adequately represented by any existing parties. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972); Brody, 957 F.2d at 1123 (quoting Hoots v. Pennsylvania, 672 F.2d 1133,1135 (3d Cir.1982)).

> Representation will be considered inadequate on any of the following three grounds: (1) that although the applicants interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.

Brody, 957 F.2d at 1123 (quoting Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982)).

Garden State Indemnity argues that its interests are completely unrepresented by the existing parties to the Walsh action. (Pl. Bf. at 6) Defendants Alfieri, Pepsny and Cicalese, however, have a strong incentive to put forth a rigorous defense to the claims alleged in the Walsh action. See T.B. Proprietary, 1996 WL 674010 (even if Defendants believed that they would ultimately be entitled to indemnification from the proposed intervenor, it was in the defendants best interest to obtain a favorable ruling rather than take the risk of recovering subsequently). Plaintiff's argument that its interests are completely unrepresented, therefore, is simply not true. The

10

question is whether that representation is adequate. This Court finds no need to engage in an in depth analysis as to the adequacy of representation due to the fact that Garden State Indemnity has failed to satisfy both the interest and impairment requirements which would allow intervention as of right.

## CONCLUSION

For the reasons set forth above, Garden State Indemnity's application to intervene as Plaintiff in this matter pursuant to Federal Rule of Civil Procedure 24, is hereby **denied**.

Dennis M. Cavanaugh, U.S.M.J.

Orig: Clerk
cc: Hon. William G. Bassler
    All Parties
    File