FILED

JAN 1 9 2001

8:30 ........
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SCHOTTLAND, MANNING, ROSEN & CALIENDO, P.A.
36 West Main Street - P.O. Box 6578
Freehold, New Jersey 07728
(732) 462-4405
Attorneys for Defendant, National Home Funding

---

WALSH SECURITIES, INC.,

              Plaintiff,

    vs.

CRISTO PROPERTY MANAGEMENT,
LTD., et al.,

              Defendants.

Civil Action No. 97-3496 (WGB)

CERTIFICATION OF
KENNETH L. THOMSON, ESQ.

---

Kenneth L. Thomson, of full age, in lieu of oath or affidavit, certifies and says:

1.    I am an associate in the law firm of Schottland, Manning, Rosen & Caliendo, P.A. and as such I am fully familiar with the facts of this matter and authorized to provide this Certification.

2.    On January 21 1998, the Honorable Dennis M. Cavanaugh, U.S. Magistrate Judge, entered a Pretrial Scheduling Order which provided that our office was to be one of the two repositories for the records exchanged in accordance with *Fed. R. Civ. P. 26*. See the Scheduling Order, IV, ¶ 14, annexed hereto as Exhibit A.

3.    At the present time, our office has retained numerous

documents contained in approximately thirty to forty boxes in one of our spare offices.  Our office has previously advised the court and counsel of record that we were in the process of reconfiguring and downsizing our law firm's space and would be unable to continue to house this considerable amount of documents.  See May 18, 2000 letter from Michael Schottland, Esq., annexed hereto as Exhibit B.

4.   In light of the fact that we have received no response to that letter from either the Court or the other parties in this matter, it is hereby requested that the Court amend the scheduling order to reflect that a different law firm be responsible for the retention of the document, or, alternatively, we be permitted to dispose of the documents in light of the fact that there is a duplicate of those documents at the law firm of Latham & Watkins.  For the Court's information, our construction is scheduled to begin within the next month which would necessitate the immediate removal of the documents.

5.   I make this Certification in support of the motion to amend the Pretrial Scheduling Order.

As far as I am aware this application does not raise any issues of law which would require a brief to be submitted with this motion.  The reasons for this motion have been set forth in this Certification.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are

willfully false, I am subject to punishment.

January  / 8 , 2001                          _____
                                             KENNETH L. THOMSON

ALLSTATE LEGAL 800-222-0510   FD41   RECYCLED

FILED

JAN 2 3 1998

AT 8:30 .............. M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,          :
                                  :
          Plaintiff(s),          :
                                  :
     -vs-                         :
                                  :
CRISTO PROPERTY MANAGEMENT,      :
LTD., et al,                     :
                                  :
          Defendant(s),          :
                                  :

Hon. William G. Bassler
Civil Action No. 97-3496 (WGB)

PRETRIAL SCHEDULING ORDER

ENTERED
ON
THE DOCKET
1/27 19
WILLIAM T. WALSH, CLE
By
Deputy Clk

THIS MATTER having come before the Court for a scheduling
conference pursuant to Rule 16 of the Federal Rules of Civil
Procedure on January 20,1998; Michael Chertoff, Esq. appearing on
behalf of Plaintiff; Ronald Kleinberg, Esq. and Richard Finkel,
Esq. appearing on behalf of Defendants Cristo Properties, Kane, DEK
and Oakwood; Bettina Munson, Esq. appearing on behalf of Defendant
National Home Funding; August Fischer, Esq. appearing on behalf of
Defendant Calanni; Richard L. Friedman, Esq. appearing on behalf of
Defendant Alfieri; Charles J. Uliano, Esq. appearing on behalf of
Defendants D'Appolito and DAP; Richard DiBeneditto appearing pro
se; Jon C. Martin, Esq. and Bernard J. Hayes, Esq. appearing on
behalf of Defendants Fidelity National Title and Nations Title
Insurance; James Brown appearing pro se; Donald Lee Reisner, Esq.
appearing on behalf of Defendants Greiser and Cicalese; David Kott,
Esq. appearing on behalf of Defendant Commonwealth Title; Larry
Lustberg, Esq. and James O'Hern, Esq. appearing on behalf of
Defendant Yacker; Jerry Ballaroto, Esq. and Mark Catanzaro, Esq.
appearing on behalf of Defendant Pepsny; and Thomas Brodo appearing
pro se; and for good cause shown:

     IT IS on this 21st day of January, 1998

     ORDERED THAT:

## I.   DISCOVERY AND MOTION PRACTICE

     1.   Discovery is to remain open through **December 31, 1998.**
No discovery is to be issued or engaged in beyond that date, except
upon application and for good cause shown.

     2.   Any motion to add new parties, whether by amended or
third-party complaint, must be returnable not later than **March 30,**
**1998.**

EXHIBIT A

3.   Any   motion to amend pleadings must be returnable not
later than **March 30, 1998.**

4.   No objections to questions posed at depositions shall be
made other than as to lack of foundation, form or privilege.   See
Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall
be given unless a privilege is implicated.

5.   Any discovery dispute shall be brought to the Court's
attention  in  the  first  instance  by  letter  or  by  telephone
conference call immediately after the parties' good faith attempt
to resolve the dispute has failed.  See L. Civ. R. 16.1(f)(1).

6.   No discovery motion or motion for sanctions for failure
to provide discovery shall be made without prior leave of Court.

7.   All calendar or dispositive motions shall comply with
Local Civil Rules 7.1(b)-(e) and 78.1 and must be returnable not
later than **the first motion day of February, 1999.**

## II.   EXPERTS

8.   All affirmative expert reports shall be delivered by
**September 14, 1998,** with depositions of those experts to be taken
and completed **within twenty (20) days of receipt of report.**   Any
such report is to be in the form and content as required by Fed. R.
Civ. P. 26(b) (4) (A) (I).

9.   All responding expert reports shall be delivered by
**December 1, 1998** with depositions of those experts to be taken and
completed **within twenty (20) days of receipt of report.**  Any such
report shall be in the form and content as described above.

10.  No expert shall testify at trial as to any opinions or
base those opinions on facts not substantially disclosed in his
report.

## III.   FINAL PRETRIAL CONFERENCE

11.  A final pretrial conference shall be conducted pursuant
to Civil Rule 16(d) at **a time and date to be assigned.**

12.  All counsel are directed to assemble at the office of
Plaintiff's counsel not later than ten (10) days before the
pretrial conference to prepare the Pretrial Order in the form and
content required by the Court.  Plaintiff's counsel shall prepare
the Pretrial Order and shall submit it to all other counsel for
approval.

2

13.   The original of the Pretrial Order shall be delivered to Chambers not later than twenty-four (24) hours before the pretrial conference.   All counsel are responsible for the timely submission of the Pretrial Order.

## IV.   MISCELLANEOUS

14.   Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **March 30, 1998**.   Due to the number of parties involved in this action, the following procedure will be followed.   Each party will be responsible for the duplication of two sets of their own relevant documents.   Said documents will be appropriately Bates stamped with an agreed upon prefix unique to each party.   One set of documents will be delivered and maintained at the offices of Latham & Watkins in Newark and the second set will be delivered and maintained at the offices of Schottland, Manning & Rosen in Freehold.   It will then be the responsibility of each party to make arrangements to review the documents and request and pay for any specific copies they deem appropriate.

15.   The parties may serve interrogatories limited to thirty (30) single questions and requests for production of documents on or before **April 27, 1998**, to be responded to on or before **June 12, 1998**.   The initial 15 questions for each set of interrogatories are to be standard form or generic questions and the remaining 15 questions will be specific as to the individual party propounding same.

16.   Defendants   may   serve   interrogatories   upon   other Defendants limited to twenty (20) single question interrogatories only if affirmative claims are made by and between the parties.

17.   All answers to Crossclaims are deemed denied.

18.   All responsive pleadings must be served upon all parties **within fourteen (14) days of the date of this Order**.

19.   The Court may from time to time schedule conferences as may be required, either <u>sua</u> <u>sponte</u> or at the request of a party.

20.   Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

21.   A ⸌copy   of   every   pleading,   document   or   written communication with the Court shall be served on all other parties to the action.   Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

3

22.   There shall be a status/settlement conference before the undersigned on **Wednesday, June 17, 1998 at 9:30 a.m.** in Court Room 2-A of the Martin Luther King, Jr. Federal Building and Court House in Newark, New Jersey.

23.   **FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

DENNIS M. CAVANAUGH
United States Magistrate Judge

Original: Clerk of the Court
cc:       All Parties
          Scott Creegan
          File

4

ALL-STATE LEGAL  800-222-0510   EG11   RECYCLED

LAW OFFICES

## SCHOTTLAND, MANNING, ROSEN & CALIENDO

A PROFESSIONAL ASSOCIATION

MICHAEL D. SCHOTTLAND
CERTIFIED CIVIL TRIAL ATTORNEY
VINCENT P. MANNING
CERTIFIED CIVIL TRIAL ATTORNEY
EDWARD ROY ROSEN
NICHOLAS C. CALIENDO
—
KENNETH L. THOMSON

36 WEST MAIN STREET
FREEHOLD, NJ 07728
(732) 462-4405
—
FAX (732) 409-0347
REAL ESTATE DEPT. FAX (732) 462-7766

MAILING ADDRESS:
P.O. BOX 6578
FREEHOLD, N.J. 07728

May 18, 2000

Honorable William G. Bassler, U.S.D.J.
Martin Luther King, Jr., Courthouse
50 Walnut Street
Newark, New Jersey 07101-0999

          Re:  Walsh Securities v. Cristo Properties, et al.
               Cv. 97-3496 (WGB)

Dear Judge Bassler:

     We have received correspondence from Deputy Clerk Creegan
dated 1 May 2000 advising us of the status conference on May 26,
2000 at 10:00 a.m.   Kindly accept this letter as an attempt at
compliance with that directive.

     To our knowledge, the U.S. Attorney has continued his
investigation although there is no pending indictment as of the
writing of this letter.  My clients, National Home Funding and
Robert Skowrenski, II, seem to be targets of that investigation.

     To my knowledge no depositions or interrogatories have been
scheduled or exchanged to date.

     I have accumulated, as one of the two repositories for the
Bates Stamp material, a considerable amount of documents as most
parties have complied with the exchange of documents.   I am
requesting that the Court modify its earlier order pertaining to
my office serving as a repository for Bates Stamp purposes since
our firm will probably be moving in the next thirty or sixty days
and we are configuring the firm in a much more modest surrounding
than as presently exists.   In short, I won't have the room to
maintain this as a Bates Stamp repository.   I would ask the Court
to consider assigning this task to another firm.

     To my knowledge no depositions or interrogatories have been
scheduled or exchanged to date.

EXHIBIT B

LAND, MANNING, ROSEN & CALIENDO, P.A.

Page -2-

    Notwithstanding the fact that they may be targets of the
federal investigation, my clients are desirous of going forward
with discovery in the civil case.

                              Respectfully submitted,


                              MICHAEL D. SCHOTTLAND

MDS:lf
cc:  Counsel of Record