Chamlin Rosen Uliano & Witherington
268 Norwood Avenue
P.O. Box 38
West Long Branch, New Jersey 07764
(732) 229-3200

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JAN 27  A 9: 11

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITES, INC., | |
| Plaintiff, | Civil Action No. CV 97-3496(WGB) |
| v. | Hon. William G. Bassler |
| CRISTO PORPERTY MANAGEMENT, LTD, A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE J. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, and COASTAL TITLE AGENCY, | CERTIFICATION OF COUNSEL |
| Defendants. | |

CHARLES J. ULIANO, ESQ., of full age, hereby certifies as follows:

1. I am a partner in the Firm of Chamlin, Rosen, Uliano & Witherington. As such, I am fully familiar with the facts as set forth herein.

2. I represented Mr. Anthony D'Apolito with regard to a criminal case heard in the United States District Court, District of New Jersey, United States v. D'Apolito, Docket No. 98-784-001.

3. A Plea Agreement was entered into whereby Mr. D'Apolito plead guilty to a two count felony Information charging him with conspiracy to commit wire fraud contrary to 18 U.S.C. 1343, in violation of 18 U.S.C. 371, and wire fraud in violation of 18 U.S.C. 1343. Mr. D'Apolito was sentenced on November 14, 2001 to 21 months imprisonment.

4. While the criminal action was pending, Mr. D'Apolito was served with the complaint as to the above-referenced civil matter. In order to avoid the entry of default, this office filed an Answer to the Amended Complaint on behalf of Mr. D'Apolito and DAP Consulting, Inc. on May 6, 1998.

5. In the interim, this office has had little to no contact with Mr. D'Apolito. The most recent contact from Mr. D'Apolito came in the form of a bankruptcy notice advising that he was discharging our fees for services rendered to him in connection with the criminal and civil matters. Our fees were discharged pursuant to an Order of the United States Bankruptcy Court dated May 18, 2004.

6. Based upon the discharge and the lack of communication, it is my belief that the attorney-client relationship has been terminated by Mr. D'Apolito.

7. This case has a protracted procedural history due to the stay imposed to address the related criminal matters. There is no date set for trial.

8.  It is respectfully submitted that my withdrawal will not cause any prejudice to Mr. D'Apolito or any other litigants; it will not cause any harm to the administration of justice; and it will not cause any delay to the resolution of the case. Avant-Garde Computing Inc Securities Litigation, Civ. No. 85-4149 (D.N.J. letter op. and order filed August 31, 1989).

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true to the best of my information, knowledge and belief. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
CHARLES J. ULIANO, ESQ.

Dated: