**Edward C. Bertucio, Jr., Esq. (ECB 6435)**
**HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.**
125 Wyckoff Road
Eatontown, New Jersey 07724
(732) 380-1515
Attorneys for Defendant, Michael Alfieri, Esq.

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE J. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNEY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES AND GARDENS, <br><br>Defendants. | Civ. No. 97-3496 (WGB) <br><br><br><br><br><br><br><br> **DEFENDANT ALFIERI'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, SEPARATE DEFENSES AND CROSSCLAIMS** |

Defendant, Michael Alfieri, Esq. (Defendant Alfieri), with principal place of business located at 187 Route 34, Matawan, County of Monmouth and State of New Jersey, by way of answer to the Third Amended Complaint says:

1. Defendant Alfieri admits that the Third Amended Complaint purports to allege violations of the Racketeer Influenced and Corrupt Organizations Act, Common-law fraud, negligence and breaches of contract but denies that he is liable under any of these theories of liability, or any other theory of liability.

## PARTIES

2. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 through 18 of the Third Amended Complaint, and as to those allegations leaves plaintiff to its proofs.

3. Defendant Alfieri admits the allegations contained in paragraph 19 of the Third Amended Complaint.

4. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20 and 21 of the Third Amended Complaint, and leaves plaintiff to its proofs.

5. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third Amended Complaint except to deny the allegations that he was chosen to facilitate real property closings by, with or involving any mortgage loans originated by Defendant NHF and sold to plaintiff.

6. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 through 35 of the Third Amended Complaint, and leaves plaintiff to its proofs.

## JURISDICTION/VENUE/INTRODUCTION

7. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 36 through 43 of the Third Amended Complaint, and leaves plaintiff to its proofs, except to deny each and every allegation specifically raised against Mr. Alfieri in paragraphs 35 through 43 of the Third Amended Complaint.

## FACTUAL ALLEGATIONS

8. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations and characterizations contained in paragraphs 44 through 66 of the Third Amended Complaint as they relate to the underlying loans in this matter and other allegations in the Third Amended Complaint and leaves plaintiff to its proof except to deny each and every allegation specifically raised against Mr. Alfieri in paragraphs 44 through 66 of the Third Amended Complaint.

## COUNT I

9. Defendant Alfieri hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation of paragraphs 1 through 67 of the Third Amended Complaint.

10. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 68 through 75 of Count I of the Third Amended Complaint and leaves plaintiff to its proofs, except to deny each and every allegation specifically raised against Mr. Alfieri in paragraphs 68 through 75 of the Third Amended Complaint.

WHEREFORE, defendant Alfieri demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

## COUNT II

11.     Defendant Alfieri hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation of paragraphs 1 through 76 of the Third Amended Complaint

12.     Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 77 through 80 of the Third Amended Complaint and leaves plaintiff to its proofs, except to deny each and every allegation specifically raised against Mr. Alfieri in paragraphs 77 through 80 of the Third Amended Complaint.

WHEREFORE, defendant Alfieri demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

## COUNT III

13.     Defendant Alfieri hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 81 of the Third Amended Complaint.

14.     Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 82 through 85 of the Third Amended Complaint and leaves plaintiff to its proof, except to deny each and every allegation specifically raised against Mr. Alfieri in paragraphs 82 through 85 of the Third Amended Complaint.

WHEREFORE, Defendant Alfieri demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

## COUNT IV

15.     Defendant Alfieri incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 86 of the Third Amended Complaint.

16.     Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 87 through 91 of the Third Amended Complaint and leaves

Plaintiff to its proofs, except to deny each and every allegation specifically raised against Mr. Alfieri in paragraphs 87 through 91 of the Third Amended Complaint

WHEREFORE, Defendant Alfieri demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fee and costs of suit.

## COUNT V

17. Defendant Alfieri hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 92 of the Third Amended Complaint.

18. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 93 through 98 of the Third Amended Complaint and leaves plaintiff to its proofs, except to deny each and every allegation specifically raised against Mr. Alfieri in paragraphs 93 through 98 of the Third Amended Complaint.

WHEREFORE, Defendant Alfieri demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fee and costs of suit.

## COUNT VI

19. Defendant Alfieri hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 99 of the Third Amended Complaint.

20. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, except to admit that he is licensed to practice law in the State of New Jersey.

21. Defendant Alfieri denies the allegations contained in paragraph 101 of the Third Amended Complaint.

22. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 102 and 103 of the Third Amended Complaint and leaves plaintiff to its proofs.

23. Defendant Alfieri denies the allegations contained in paragraph 104 through 108 in the Third Amended Complaint.

WHEREFORE, Defendant Alfieri demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fee and costs of suit.

## COUNT VII

24. Defendant Alfieri hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 109 of the Third Amended Complaint.

25. Defendant Alfieri is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 110 through 117 (improperly numbered as 114) of the Third Amended Complaint and leaves plaintiff to its proofs except to deny each and every allegation specifically raised against Mr. Alfieri in paragraph's 110 through 117 (improperly numbered as 114) of the Third Amended Complaint.

WHEREFORE, Defendant Alfieri demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fee and costs of suit.

## PRAYER FOR RELIEF

26. Defendant Alfieri denies that Plaintiff is entitled to any of the relief sought in its "Prayer for Relief".

WHEREFORE, Defendant Alfieri demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fee and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction and subject matter jurisdiction over this defendant, and/or venue is improperly set with this Court.

### SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint herein fails to state a claim upon which relief can be granted and the defendant reserves the right to move at or before the time of trial to dismiss same.

### THIRD AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to, the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and, accordingly, the claimant's claim is barred as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is estopped from proceeding with this alleged cause of action.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff has waived its right to bring this suit of action against the defendant.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is guilty of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and the Third Amended Complaint should be dismissed pursuant to the "Entire Controversy Doctrine".

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's actions are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom the defendant had no control.

### TENTH AFFIRMATIVE DEFENSE

The damages of the plaintiff, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged incidents which form the basis of this litigation and which allegedly caused injuries and damages to the plaintiff was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the defendant filing this answer and the right of the plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined, whether or not parties to this litigation. Accordingly, this defendant seeks an adjudication of the percentage of fault of the plaintiff and each and every other person whose fault contributed to these alleged incidents.

### TWELFTH AFFIRMATIVE DEFENSE

Demand and claim for contribution under the terms and conditions of the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:53a, et.seq.) is made against all co-defendants in this matter.

### THIRTEENTH AFFIRMATIVE DEFENSE

This defendant is entitled to a determination of the percentage shares of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

This defendant acted on reasonable grounds and without malice, and, therefore, is not responsible to the plaintiff for any alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an "enterprise" under 18 U.S.C. § 1962 (c).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a pattern of racketeering under 18 U.S.C. § 1962 (c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish any requisite underlying predicate acts under 18 U.S.C. § 1962 (c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any actions taken by this defendant were taken without the knowledge of this defendant that fraud or false representations have been made and this defendant acted upon the information he possessed as if the statements were true when made.

## NINETEENTH AFFIRMATIVE DEFENSE

This defendant did not knowingly violate or permit any of his employees to violate any provision of law.

## TWENTIETH AFFIRMATIVE DEFENSE

This defendant did not participate in a RICO conspiracy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an "association in fact enterprise" under 18 U.S.C. § 1962 (c).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint has been pleaded against this defendant in bad faith.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damage, loss or injury as a result of any act or failure to act on the part of this defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own contributory negligence and lack of diligence.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Negligence, if any, of this defendant was not a proximate cause of any loss or damage incurred by the plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Losses, if any, were caused or substantially contributed to by the wrongful conduct, criminal acts, fraudulent conduct, misrepresentations and negligence of persons other than this defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This defendant acted in good faith and with reasonable and justified reliance upon the disclosed acts and representations of others.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Wrongful conduct, criminal acts, fraudulent conduct and misrepresentations of other persons may not be imputed in any way to this defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant did not knowingly participate in, assent to, or ratify any wrongful conduct, criminal acts, fraudulent, or misrepresentation by any person.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This court lacks jurisdiction in the subject matter of each claim made by the plaintiff.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of damage which it alleged was sustained and, accordingly, the Third Amended Complaint must be dismissed in its entirety.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Insofar as the plaintiff herein seeks damages against this defendant the Third Amended Complaint must be dismissed in that the plaintiff has sustained no damages as a result of the alleged conduct of this defendant.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff, by its own actions, caused and aggravated its damages and accordingly, the Third Amended Complaint herein must be dismissed in its entirety.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Alfieri did not owe any duty of care to Plaintiff in this matter, nor did any contractual obligation, privity or personal or professional duty of care or warranty of any kind arise between Plaintiff and Defendant Alfieri at any time.

### CROSSCLAIM FOR CONTRIBUTION

Defendant Alfieri denies liability with respect to plaintiff's claims. However, if defendant is adjudged liable, then defendant demands contribution from all co-defendants, pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53a.

**CROSSCLAIM FOR INDEMNIFICATION**

Defendant Alfieri denies any liability with respect to plaintiff's claims. However, if defendant is adjudged liable to plaintiff, the defendant demands equal indemnification from co-defendants.

**ANSWER TO CROSSCLAIMS FOR CONTRIBUTION**

**AND/OR INDEMNIFICATION**

Defendant Alfieri by way of answer to any and all crossclaims for contribution and/or indemnification which may be asserted against him, says:

Defendant Alfieri herein denies any and all crossclaims raised against him by any co-defendant in this action which may seek contribution or indemnification.

WHEREFORE, defendant Alfieri demands judgment dismissing any and all crossclaims for contribution and/or indemnification with prejudice plus attorneys' fees and costs.

**DEMAND FOR TRIAL BY JURY**

Defendant Alfieri hereby demands a trial by jury on all issues in the above-entitled cause of action as to Plaintiff's Complaint.

                        HOBBIE, CORRIGAN, BERTUCIO & TASHJY
                        Attorneys for Michael Alfieri

                        BY:/s/ *Edward C. Bertucio, Jr., Esq. 6435*
                              Edward C. Bertucio, Jr., Esq.

Dated: February 1, 2005