Lawrence S. Lustberg, Esq.
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
One Riverfront Plaza
Newark, New Jersey  07102-5496
973-596-4731
Attorneys for Defendants Stanley Yacker, Esq.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC.,<br><br>    Plaintiff,<br><br>CRISTO PROPERTY MANAGEMENT, LTD., et al.<br><br>    Defendants. | Action No. CV 97-3496 (WGB)<br><br>**CERTIFICATION OF LAWRENCE S. LUSTBERG IN SUPPORT OF LEAVE TO WITHDRAW** |

I, Lawrence S. Lustberg, hereby certify to the Court as follows:

1.  I am an attorney-at-law of the States of New Jersey and New York and was counsel for defendant Stanley Yacker in <u>United States v. Yacker</u>, et al., Criminal No. 01-047 (AMW) ("the criminal case"), as well as in <u>Walsh Securities, Inc. v. Cristo Property Management, Ltd, et al.</u>, Civil Action No. 97-3496 (WGB) ("the civil case").  I hereby respectfully submit this certification in support of my motion, and that of my law firm, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., to withdraw from representing Mr. Yacker in the above-captioned matter, *i.e.*, the civil case.

2.  I began representing Mr. Yacker in the criminal case on or about October 2, 1997. After a lengthy investigation, Mr. Yacker was indicted on January 26, 2001.  Eventually, after extended pretrial proceedings, Mr. Yacker entered a guilty plea on January 15, 2002; he cooperated against his co-defendants, testifying at their trial on April 30 and May 1, 2002, and eventually was sentenced, on June 17, 2003, to 18 months in prison.  Mr. Yacker surrendered for

service of his sentence on August 1, 2003 and from that date until last week, I did not hear from or speak to him.

3.   When I commenced my representation of Mr. Yacker in the criminal case, my retainer agreement of him specifically provided that I was not undertaking his representation in the civil case.  I became involved in the case, however, further to my representation of Mr. Yacker in the criminal case, in which he was, at the time, a target of the government's investigation.  In that capacity, I successfully moved for a stay pending the outcome of the criminal proceedings.  *See* Walsh Securities, Inc. v. Cristo Property Management, Ltd, 7 F.Supp.2d 523, 527 (D.N.J. 1998) (Bassler, J.).  Indeed, I believe (although I am not absolutely certain) that when I appeared before Judge Bassler to argue that motion, I made clear that I was appearing for the sole purpose of seeking such a stay, in my capacity as Mr. Yacker's criminal defense attorney.  And, indeed, to the best of my recollection, that motion was my only involvement in the case.

4.   Last month, as a result of the Court's Order setting a Scheduling Conference in this matter, I communicated by letter with Mr. Yacker, for the first time since his November 19, 2004 release from the custody of the Bureau of Prisons.  I also communicated with counsel for the plaintiff, Mr. Magnanini.  Mr. Magnanini advised me that he did not intend to proceed against Mr. Yacker, but that he wished to speak to Mr. Yacker.  Mr. Yacker advised me that he would be in direct contact with Mr. Magnanini, and that he no longer wished me to represent him, or could afford to pay me, as his counsel.

5.   I sincerely apologize for my failure to appear at the two Scheduling Conferences set by the Court.  As discussed above, I believed that my representation of Mr. Yacker had come to an end with the conclusion of the criminal case; Mr. Yacker believed likewise.  Nor, in any event, did I believe that I had ongoing responsibility with respect to the civil case, in which I had participated only in order to seek a stay, so as to protect Mr. Yacker's rights as a then-target in the criminal case.  Nonetheless, having received the Court's Notices, I should have, but failed to

move to withdraw or otherwise communicated with the Court with respect to this matter. I sincerely regret that I did not do so, and intended no disrespect to the Court.

6. To the extent that it is necessary, I hereby move to withdraw from my prior representation of Mr. Yacker, pursuant to L.Civ.R. 102.1. Pursuant to RPC 1.16, as made applicable by L.Civ.R. 103.1, such withdrawal is appropriate because

(a) the withdrawal can be accomplished without material adverse impact upon the client, RPC 1.16(b)(1), particularly since the plaintiffs have indicated that they do not ultimately intend to proceed against Mr. Yacker;

(b) Mr. Yacker has indicated that he, understandably, in light of his disbarment and incarceration, can no longer pay for my services, RPC 1.16(b)(6) ("… the representation will result in an unreasonable financial burden on the lawyer …"); and

(c) Mr. Yacker has confirmed that he no longer desires my representation, as a result of which "other good cause for withdrawal exists." RPC 1.16(b)(7).

7. I have spoken to counsel for plaintiff, Mr. Magnanini, and he has advised me that he consents to this application.

8. For these reasons, I respectfully request that the within motion be granted.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Lawrence S. Lustberg
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
One Riverfront Plaza
Newark, New Jersey  07102-5496
973-596-4731

Dated: February 8, 2005