McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant
 Commonwealth Land Title
 Insurance Company
DK-4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------x

WALSH SECURITIES, INC.,           :

               Plaintiff,          :     Civil Action No. 97-3496
                                      Hon. William G. Bassler

v.                                :

CRISTO PROPERTY MANAGEMENT, LTD.,   :
a/k/a G.J.L. LIMITED, DEK HOMES OF
NEW JERSEY, INC., OAKWOOD            : **ANSWER TO THIRD AMENDED**
PROPERTIES INC., NATIONAL HOME          **COMPLAINT, ANSWER TO CROSS-**
FUNDING, INC., CAPITAL ASSETS        : **CLAIM FOR CONTRIBUTION,**
PROPERTY MANAGEMENT & INVESTMENT       **SEPARATE DEFENSES, CROSS-**
CO., INC., CAPITAL ASSETS            : **CLAIM FOR CONTRIBUTION AND**
PROPERTY MANAGEMENT, L.L.C.,           **CROSS-CLAIM FOR**
WILLIAM J. KANE, GARY GRIESER,       : **INDEMNIFICATION**
ROBERT SKOWRENSKI, II, RICHARD
CALANNI, RICHARD DIBENEDETTO, JAMES  :
R. BROWN, THOMAS BRODO, RONALD J.
PIERSON, STANLEY YACKER, ESQ.,       :
MICHAEL ALFIERI, ESQ., RICHARD
PEPSNY, ESQ., ANTHONY M. CICALESE,   :
ESQ., LAWRENCE M. CUZZI, ANTHONY
D'APOLITO, DAP CONSULTING, INC.,     :
COMMONWEALTH LAND TITLE INSURANCE
COMPANY, NATIONS TITLE INSURANCE     :
OF NEW YORK INC., FIDELITY NATIONAL
TITLE INSURANCE COMPANY OF NEW       :
YORK, COASTAL TITLE AGENCY, and
STEWART TITLE GUARANTY COMPANY,      :
IRENE DiFEO, DONNA PEPSNY,
WEICHERT REALTORS, AND VECCHIO       :
REALTY, INC. D/B/A MURPHY REALTY
BETTER HOMES and GARDENS,            :

               Defendants.         :

-----------------------------------------------------------x

Defendant Commonwealth Land Title Insurance Company (hereafter "Commonwealth"), a corporation of the Commonwealth of Pennsylvania, having its principal place of business in the Commonwealth of Virginia, by way of Answer to the Third Amended Complaint, says:

1. Answering the allegations of paragraph 1, insofar as they are directed at this defendant, they are denied. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 1.

## AS TO PARTIES

2. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 2.

3. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 3.

4. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 4.

5. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 5.

6. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6.

7. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 7.

8. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8.

9. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9.

10. This defendant is without sufficient knowledge or information to admit or deny

the allegations of paragraph 10.

11. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11.

12. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12.

13. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13.

14. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14.

15. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15.

16. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16.

17. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17.

18. Answering the allegations of paragraph 18, this defendant admits that to its knowledge defendant Stanley Yacker, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18.

19. Answering the allegations of paragraph 19, this defendant admits that to its knowledge defendant Michael Alfieri, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19.

20. Answering the allegations of paragraph 20, this defendant admits that to its knowledge defendant Richard Pepsny, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20.

21. Answering the allegations of paragraph 21, this defendant admits that to its knowledge defendant Anthony M. Cicalese, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21.

22. Answering the allegations of paragraph 22, this defendant admits that on certain transactions closing service letters were issued on behalf of defendant Yacker and defendant Cicalese. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22.

23. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23.

24. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24.

25. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 25.

26. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26.

27. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27.

28. This defendant is without sufficient knowledge or information to admit or deny

the allegations of paragraph 28.

29. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 29.

30. Answering the allegations of paragraph 30, this defendant admits that at the time of the transactions referred to in the Third Amended Complaint it was a corporation of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania. This defendant states that at the current time it is a corporation of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Virginia. The remaining allegations of paragraph 30 are denied.

31. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31.

32. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 32.

33. Answering the allegations of paragraph 33, this defendant admits that defendant Coastal Title Agency, Inc. engages in business in New Jersey and is and was licensed as a title insurance agent by the State of New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 33.

34. This defendant admits that Defendant Stewart Title Guaranty Company has transacted the business of title insurance in the State of New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 34.

35. Answering the allegations of paragraph 35, this defendant admits that it is a title insurer and admits that defendant Coastal Title Agency, Inc. issued certain Closing Service Letters. With respect to the terms of the Closing Service Letters, they speak for themselves.

This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 35.

## AS TO JURISDICTION

36. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 36.

## AS TO VENUE

37. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 37.

## AS TO INTRODUCTION

38. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 38.

39. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 39.

40. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 40.

41. Answering the allegations of paragraph 41, this defendant admits that defendant Coastal Title Agency, Inc. issued certain Closing Service Letters. Insofar as the remaining allegations of paragraph 41 are directed at this defendant, they are denied. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 41.

42. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 42.

43. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 43.

## AS TO FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

44. Answering the allegations of paragraph 44, this defendant admits that a loan can be made in which real property is used as collateral for the loan. The remaining allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are admitted.

46. Answering the allegations of paragraph 46, this defendant admits that certain mortgage bankers do not utilize their own funds in making mortgage loans, and that certain mortgage bankers sell mortgage loans to other parties which provide the funds for the borrowers at the time of closings. This defendant further admits that in certain transactions mortgage bankers are paid fees by borrowers for originating mortgage loans. This defendant further admits that mortgage bankers can be licensed by the State of New Jersey. The remaining allegations of paragraph 46 are denied.

47. Answering the allegations of paragraph 47, this defendant admits that there are certain borrowers who cannot obtain traditional financing because of an increased delinquency risk and who accordingly pay a higher than market interest rate. The remaining allegations of paragraph 47 are denied.

48. Answering the allegations of paragraph 48, this defendant admits that mortgage loan applications are taken for mortgage loans. The remaining allegations of paragraph 48 are denied.

49. Answering the allegations of paragraph 49, this defendant admits that there are certain mortgage bankers who deal directly with borrowers and who take certain paperwork from prospective borrowers, including mortgage loan applications and other documents. The remaining allegations of paragraph 49 are denied.

50. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 50.

51. Answering the allegations of paragraph 51, this defendant admits that with respect to certain mortgage loans appraisals of the property securing the loan are done. This defendant also admits that on certain mortgage loans appraisals are relied upon by certain lenders. The remaining allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied.

53. Answering the allegations of paragraph 53, this defendant admits that there are persons known as "Correspondents" who sell mortgage loans to lenders. The remaining allegations of paragraph 53 are denied.

54. Answering the allegations of paragraph 54, this defendant admits that certain entities buy mortgage loans from correspondents and those entities fund the mortgage loans in a variety of ways, and from time to time those entities retain the mortgage loans or resell them. The remaining allegations of paragraph 54 are denied.

55. Answering the allegations of paragraph 55, this defendant admits that certain entities who fund mortgage loans originated by correspondents provide certain instructions to closing attorneys. The remaining allegations of paragraph 55 are denied.

### AS TO TITLE INSURANCE AND ITS ROLE IN REAL ESTATE TRANSACTIONS

56. Answering the allegations of paragraph 56, this defendant admits that title insurance is insurance that provides for specified coverage in return for premiums. This defendant further admits that title insurance is from time to time purchased when real property is purchased or refinanced, and that certain mortgage lenders require that owners who borrow money to finance purchases of real property acquire title insurance coverage. The remaining

allegations of paragraph 56 are denied.

57. Answering the allegations of paragraph 57, this defendant admits that from time to time owners or borrowers who seek to purchase title insurance do not deal directly with the title insurer in connection with purchase of the insurance. This defendant also admits that from time to time title agents perform certain specified tasks with respect to the purchase of title insurance. This defendant also admits that from time to time certain agents may be affiliated with more than one title insurance company. This defendant also admits that from time to time certain title insurance companies may have relationships with more than one title agency. The remaining allegations of paragraph 57 are denied.

58. Answering the allegations of paragraph 58, this defendant admits that certain title insurers and/or their agents on certain occasions issue Closing Service Letters. With respect to the terms of the Closing Service Letters, they speak for themselves. This defendant admits that Exhibit A attached to the Complaint is a Closing Service Letter issued by co-defendant Coastal Title Agency, Inc. The remaining allegations of paragraph 58 are denied.

## AS TO THE NEW JERSEY MORTGAGE LOAN FRAUDS

59. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 59.

## AS TO "THE NHF/CRISTO PROPERTY" ENTERPRISE

60. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 60.

61. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 61.

62. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 62.

63.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 63.

## AS TO THE PATTERN

64.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 64.

65.  Answering the allegations of paragraph 65, this defendant denies the allegations contained in paragraph 65(b)(8) of the Third Amended Complaint. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 65.

66.  This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 66.

## AS TO COUNT I

## VIOLATION OF 18 U.S.C. § 1962(c)(RICO)

Count I of the Third Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT II

## VIOLATION OF 18 U.S.C.§ 1962(d)(RICO)

Count II of the Third Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT III

## COMMON-LAW FRAUD

Count III of the Third Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT IV

## BREACH OF CONTRACT BY NHF

Count IV of the Third Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT V

## BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

92. The answers to repeated allegations are repeated as though set forth herein.

93. Answering the allegations of paragraph 93, this defendant admits that certain borrowers obtained title insurance issued by this defendant and that this defendant on certain loans provided plaintiff with Closing Service Letters. The remaining allegations of paragraph 93 are denied.

94. Answering the allegations of paragraph 94, the terms and conditions of the Closing Service Letters speak for themselves. This defendant admits that the Closing Service Letter attached as Exhibit A to the Third Amended Complaint is a Closing Service Letter issued by co-defendant Coastal Title Agency, Inc. The remaining allegations of paragraph 94 are denied.

95. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 95.

96. This defendant admits that plaintiff has notified this defendant that plaintiff has allegedly sustained losses on certain loans. The remaining allegations of paragraph 96 are denied.

97. Answering the allegations of paragraph 97, this defendant admits that it has not made any payments to plaintiff. The remaining allegations of paragraph 97 are denied.

98. The allegations of paragraph 98 are denied.

## AS TO COUNT VI

### NEGLIGENCE BY ALFIERI, CICALESE AND PEPSNY

Count VI of the Third Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT VI

### RESPONDEAT SUPERIOR – WEICHERT AND MURPHY REALTY

Count VII of the Third Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

### FIRST SEPARATE DEFENSE

The Third Amended Complaint fails to state claim upon which relief can be granted as to this defendant.

### SECOND SEPARTE DEFENSE

Plaintiff's Third Amended Complaint against this defendant is barred by its own negligent conduct and the conduct of its agents, employees and officers.

### THIRD SEPARATE DEFENSE

Plaintiff's Third Amended Complaint against this defendant is barred by the acts of its agents, employees and officers which constitute laches.

### FOURTH SEPARATE DEFENSE

Plaintiff's Third Amended Complaint against this defendant is barred by the facts of its agents, employees and officers which constitute estoppel.

### FIFTH SEPARATE DEFENSE

Plaintiff's Third Amended Complaint against this defendant is barred by the acts of its agents, employees and officers which constitute waiver.

## SIXTH SEPARATE DEFENSE

Plaintiff Walsh Securities, Inc., as assignee of any Closing Service Letters, would have no higher rights under those letters than the assignor of the letters.

## ANSWER TO CROSS-CLAIMS FOR CONTRIBUTION

This defendant denies any Cross-Claims made against it for contribution.

## CROSS-CLAIM FOR CONTRIBUTION

Defendant, Commonwealth Land Title Insurance Company, denies any liability to plaintiff or to any other defendant, but if Commonwealth Land Title Insurance Company is found liable, it demands contribution from Cristo Property Management, Ltd., A/K/A G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Stewart Title Guaranty Company, Irene DiFeo, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens pursuant to the New Jersey Tortfeasors Contribution Act.

## CROSS-CLAIM FOR INDEMNIFICATION

While denying any liability to the plaintiff or to any other defendant whatsoever, defendant Commonwealth Land Title Insurance Company nevertheless asserts that any losses sustained by plaintiff or by any other defendant were the proximate result of the actions of defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M.

Cicalese, Coastal Title Agency and Stewart Title Guaranty Company, which actions were primary and active, and if defendant Commonwealth Land Title Insurance Company is found liable to plaintiff with respect to such damages, such liability results solely from secondary, imputed, vicarious or passive negligence and defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Coastal Title Agency and Stewart Title Guaranty Company are liable to defendant Commonwealth Land Title Insurance Company by way of indemnification for any and all sums which defendant Commonwealth Land Title Insurance Company may be required to pay in this action.

McCARTER & ENGLISH, LLP
Attorneys for Defendant
Commonwealth Land Title
Insurance Company

By: *[signature]*

David R. Kott
A Member of the Firm

Dated: 2/15/05

## AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY   )
                     )ss.:
COUNTY OF ESSEX       )

      NANETTE R. McCALL, of full age, being duly sworn according to law, upon her oath deposes and says:

    1.    I am employed by the firm of McCarter & English, LLP, attorneys for defendant Commonwealth Land Title Insurance Company in the within matter.

    2.    On February 15th, 2005, I caused to be delivered by mail the Answer to the Third Amended Complaint, Answer to Cross-Claims for Contribution, Separate Defenses, Cross-Claim for Contribution and Cross-Claim for Indemnification upon the persons named in the attached Counsel List.

                                                  _/s/ Nanette R. McCall_
                                                      NANETTE R. McCALL

Sworn and subscribed to
before me this 15th day
of February, 2005.

_/s/ Diana L. Christmas_
**DIANA L. CHRISTMAS**
A Notary Public Of New Jersey
My Commission Expires Jan. 16, 2007

NWK2: 1273271.01

Revised 1/25/05

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL
## CIVIL ACTION NO. 97-3496(WGB)

Robert A. Magnanini, Esq.
Boies, Schiller & Flexner LLP
150 John F. Kennedy
Short Hills, NJ 07078
Attorney for plaintiff Walsh Securities, Inc.

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road, Suite 300
Edison, New Jersey 08818
Attorneys for Defendant Coastal Title Agency

Ronald M. Kleinberg, Esq.
Richard A. Finkel, Esq.
Meissner, Kleinberg & Finkel, LLP
275 Madison Ave., Suite 1000
New York, New York  10016
Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc.,
Oakwood Properties, Inc., and William J. Kane

Joseph Sorrentino, Esq.
404 Manor Road
Staten Island, New York 10314
Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc., Oakwood
Properties, Inc., and William J. Kane

Michael Schottland, Esq.
Schottland, Manning, Rosen, Callendo
 & Munson, PA
36 W. Main Street
Freehold, New Jersey 07728
Attorney for defendants National Home Funding, Inc. and Robert Skowrenski, II

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
Attorney for Defendant Michael Alfieri, Esq.

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, New Jersey 07013
Attorney for Defendant Lawrence M. Cuzzi

Charles J. Uliano, Esq.
268 Norwood Avenue
W. Long Branch, New Jersey 07764
Attorney for Defendants Anthony D'Apolito and DAP Consulting, Inc.

Mark W. Catanzaro, Esq.
Blason IV, Suite 208
513 Lenola Road
Moorestown, New Jersey 08057
Attorney for defendant Richard Pepsny

Jerome A. Ballarotto, Esq.
143 White Horse Avenue
Trenton, New Jersey 08610
Attorney for defendant Richard Pepsny

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
Attorney for Defendant Anthony M. Ciccalese

Edward Dauber, Esq.
Greenberg, Dauber, Epstein & Tucker
Suite 600
One Gateway Center
Newark, New Jersey 07102-5311

Anthony Argiropoulous, Esq.
Fox, Rothschild, O'Brien & Frankel
997 Lenox Drive, Bldg. 3
Lawrenceville, New Jersey 08648
Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724
Attorney for Defendant Richard Calanni

2

Lawrence S. Lustberg, Esq.
James I. O'Hern, Esq.
Crummy, Del Deo, Dolan, Griffinger
  & Vecchione
One Riverfront Plaza
Newark, New Jersey  07102-5497
Attorneys for Stanley Yacker, Esq.

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, New Jersey  07701
Attorneys for defendant Roland J. Pierson

Richard DiBenedetto, Pro Se
153 Stephens Lane
Mahway, New Jersey  07430

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey  07666

James R. Brown, Pro Se
1089 Cedar Avenue
Union, New Jersey  07083

Capital Assets Property Management, L.L.C.
10 West Bergen Place
Red Bank, New Jersey 07701

Andrew I. Indeck, Esq.
Scarinci & Hollenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
Attorney for Garden State Indemnity Co. (Legal Malpractice carrier
                                    for defendant Michael Alfieri)