Michael D. Schottland (mds4522)
Schottland, Manning, Caliendo & Thomson, P.A.
36 West Main Street
Freehold, New Jersey 07728
(732) 462-4405
Attorneys for Defendants, Robert Skowrenski, II & National Home Funding, Inc.

RECEIVED-CLERK
U.S. DISTRICT COURT
2005 MAR -4 P 3: 19

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Action No. CV 97-3496 (WGB)

WALSH SECURITIES, INC.,

Plaintiff,

vs.

CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DiBENEDETTO, JAMES R. BROWN THOMAS BRODO, ROLAND PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI ESQ., RICHARD PEPSNY, ESQ., LAWRENCE CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE CO., NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK, COASTAL TITLE AGENCY, STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY and WEICHERT REALTORS,

**ANSWER TO THIRD AMENDED COMPLAINT, COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Defendants, Robert Skowrenski, II and National Home Funding, Inc., by way of Answer to the Third Amended Complaint filed herein, say:

1. Admitted.

2. The plaintiff's description of itself contains significant omissions and is not admitted by the defendants, Robert Skowrenski, II and National Home Funding, Inc., a dissolved New Jersey corporation (hereinafter referred to as "this defendant").

3. This defendant leaves plaintiff to its proofs.

4. This defendant leaves plaintiff to its proofs.

5. This defendant leaves plaintiff to its proofs.

6. This defendant leaves plaintiff to its proofs.

7. Admitted, except to say that National Home Funding, Inc., a New Jersey corporation was dissolved on May 13, 2002.

8. This defendant leaves plaintiff to its proofs.

9. This defendant leaves plaintiff to its proofs.

10. This defendant leaves plaintiff to its proofs.

11. Admitted.

12. This defendant leaves plaintiff to its proofs.

13. This defendant leaves plaintiff to its proofs.

14. This defendant leaves plaintiff to its proofs.

15. This defendant leaves plaintiff to its proofs.

16. This defendant leaves plaintiff to its proofs.

17. This defendant leaves plaintiff to its proofs.

18. This defendant leaves plaintiff to its proofs.

19. This defendant leaves plaintiff to its proofs.

20. This defendant leaves plaintiff to its proofs.

21. This defendant leaves plaintiff to its proofs.

22. This defendant leaves plaintiff to its proofs, except to deny that National Home Funding, Inc. had anything to do with selecting closing attorneys.

23. This defendant leaves plaintiff to its proofs.

24. This defendant leaves plaintiff to its proofs.

25. This defendant leaves plaintiff to its proofs.

26. This defendant leaves plaintiff to its proofs.

27. This defendant leaves plaintiff to its proofs.

28. This defendant leaves plaintiff to its proofs.

29. Admitted.

30. Admitted.

31. Admitted.

32. Denied. National Home Funding, Inc. did not originate most of the loans. They were originated by Walsh Securities and persons acting on their behalf. To the knowledge of this defendant, the closing attorneys selected Coastal as the agency to do the title work.

33. Admitted.

34. Admitted.

35. This defendant leaves plaintiff to its proofs.

36. This defendant leaves plaintiff to its proofs.

37. Denied as to this defendant.

38. Denied.

39. Denied.

40. Denied.

41. This defendant leaves plaintiff to its proofs.

42. through 53. This is supposed to represent a description of the "mortgage banking industry". This defendant denies that it is an accurate description of the mortgage banking industry or the manner in which Walsh Securities, Inc. actually operated in connection with the transactions at issue in this matter.

54. through 56. This is an inaccurate and incomplete description of what a title insurance company does in connection with real estate transactions.

57. Defendant leaves plaintiff to its proofs.

58. through 61. This defendant objects to naming this process "The NHF/Cristo Property Enterprise". That represents a calculated effort to taint the proceedings against NHF without proof of their participation in any of these activities. This defendant suggests that the enterprise be named the "Walsh/Cristo Property Enterprise". The plaintiff Walsh had specific knowledge of the nature and extent of the conduct which it seeks in this proceeding to shift from itself to both innocent as well as criminal individuals.

62. This defendant objects to "NHF/Cristo Property Enterprise" and deny the content of the allegations of paragraph 62 in their entirety as they represent a miss-defined description of the criminal enterprise.

Paragraph (f) alleges that Skowrenski and NHF made a payment to D'Apolito. It is admitted that a $10,000 payment was made, except it had nothing to do with any aspect of the described events contained in the Walsh pleading. It was done for a legitimate business purpose.

With respect to paragraph (g), (h) and (i), this defendant leaves the plaintiff to its proofs.

With respect to paragraph (j), this defendant objects to the reference to this enterprise as "NHF/Cristo Property Enterprise".

With respect to paragraph (k), the conveyances of sixty percent (60%) of the property interest to Capital Assets were not secret and were reflected in deeds which were duly recorded by Coastal and which became a public record binding upon Walsh Securities, and Walsh had specific knowledge of this series of conveyances.

The balance of the allegations of paragraph 62 are denied.

63. This defendant again objects to the reference "NHF/Cristo Property Enterprise". The description contained in paragraph 63, (a) 1) through 9), is incomplete and inaccurate. This property is properly designated as the "Powell" purchase and the loan was not originated by NHF. In fact, the loan was originated by Walsh Securities which issued a wholesale commitment prior to the defendant NHF even opening a file. In fact, Coastal Title Agency recorded the deeds and mortgage on or about April 8, 1997. One deed was dated December 10, 1996 and there were two deeds dated December 27, 1996. Not included in the allegations pertaining to the "Powell" transaction was the fact that Walsh Securities, and prior to September 1, 1999, obtained a judgment in the wrong court, i.e., Union County Chancery Division, and obtained a Writ of Execution dated September 1, 1999 in the name of Bankers Trust Company, a Trustee, wherein it was then conveyed to RDR Properties, Inc. Also not included in the plaintiff's description is the fact that prior to June 19, 1998, Walsh had knowledge or should have had knowledge of the entire aspects of the transaction. With respect to NHF and Skowrenski, they had absolutely no knowledge of the nature of this transaction, were not kept informed of it by Walsh or Coastal.

With respect to the allegations contained in paragraph 63 (b) 1) through 9), otherwise known as the "Montayne" transaction, the plaintiff fails to accurately describe the transaction that actually occurred. In fact, Coastal Title recorded all of the instruments

pertaining to that transaction on or about April 8, 1997 and Walsh Securities was fully aware of the transaction and its true nature. Skowrenski/NHF were kept in the dark.

64. This defendant leaves plaintiff to its proofs.

65. through 73. Denied. This defendant objects to the characterization as "NHF/Cristo Property Enterprise".

74. through 78. Denied.

79. through 83. Denied. This defendant objects to the characterization as "NHF/Cristo Property Enterprise".

84. Denied.

85. This defendant objects to the characterization as "NHF/Cristo Property Enterprise".

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. through 96. This defendant objects to the "NHF/Cristo Property Enterprise" designation.

97. through 106. These allegations are not directed to this defendant, except this defendant denies selecting the attorneys.

107. through 112. These allegations are not directed to this defendant.

FIRST SEPARATE DEFENSE

The plaintiff, Walsh Securities, Inc., and its agents, servants and/or employees, knowingly participated in the scheme which sought to obtain mortgage loans that could be used

as an asset for purposes of the sale of Walsh Securities and/or securitization by Walsh Securities to innocent third parties. As a knowing participant in the scheme, the plaintiff is not entitled to any relief at the hands of the court or a jury.

SECOND SEPARATE DEFENSE

Senior officers of Walsh Securities, Inc., including Robert Walsh and his sister, Elizabeth Ann DeMola, were knowing participants in the scheme by which they sought to gain an advantage to Walsh Securities, Inc. Such knowing conduct by significant corporate officers bars plaintiff's complaint.

THIRD SEPARATE DEFENSE

As to defendants, Robert Skowrenski, II and National Home Funding, Inc., the claim is barred by the statute of limitations.

FOURTH SEPARATE DEFENSE

The conduct of Walsh Securities, Inc. , through its agents, servants and/or employees, amounted to a failure to use appropriate due diligence which is required by a wholesale mortgagor such as plaintiff and failed to follow its past practice of using in-house appraisers, and other due diligence techniques to avoid being subjected to any type of fraudulent scheme. As a result, such failure of due diligence bars any relief to the plaintiff.

WHEREFORE, defendants, Robert Skowrenski, II and National Home Funding, Inc., demand judgment dismissing the complaint on all Counts.

COUNTERCLAIM

Defendants, Robert Skowrenski, II, individually and as Trustee in dissolution for National Home Funding, Inc., by way of Counterclaim against plaintiff, Walsh Securities, Inc., says:

1. In 1996, National Home Funding, Inc. was a New Jersey corporation which served as a retail mortgage lender/outlet, with offices at 3443 Highway 9 North, Holiday Plaza, Freehold, New Jersey,.

2. Sometime in the spring of 1996, Anthony D'Apolito, who was a sales person/agent of Walsh Securities, Inc., contacted Robert Skowrenski and advised him that he was soliciting retail customers for purposes of obtaining properties to mortgage for Walsh Securities, Inc., and that certain associates of his, i.e., William Kane and Gary Grieser, had a source for providing purchasers/mortgagors in order to enhance Walsh Securities' mortgage portfolio.

3. William Kane was introduced to Robert Skowrenski and was granted the right to use National Home Funding as his licensed retail mortgage facility. Unbeknownst to Skowrenski, D'Apolito, Greiser and Kane were engaged in an enterprise which has already been described to a certain extent by the plaintiff, Walsh Securities, Inc., in its Third Amended Complaint. In concert, those three individuals arranged to have wholesale mortgage commitments issued by Walsh Securities to National Home Funding. Kane would then locate a purchaser and create the necessary file as the retail mortgage outlet.

4. William Kane, Anthony D'Apolito and Gary Grieser worked in concert with agents of Walsh Securities, including Elizabeth Ann DeMola, in hurriedly obtaining purchases and sales along with mortgages for purposes of packaging in a securitization and/or sale of assets by Walsh Securities, Inc. This operation is best descsribed as the Walsh/Cristo Scheme.

5. Walsh Securities, Inc. had a due diligence network set up which was avoided and not followed in the case of the loans emanating from the activities of Anthony D'Apolito, William Kane and Gary Grieser.

6. Special treatment was arranged to hurriedly process these applications. The three named individuals then selected attorneys for closing, ordered title searches through Coastal Title Agency and participated in the transactions which are described in the plaintiff's Complaint. The transactions were fraudulent and not in keeping with the title practice in Monmouth County, New Jersey.

7. Plaintiff, Walsh Securities, Inc. knew or should have known that the transactions were fraudulent and if and when uncovered by third parties, there would be a negative impact upon Skowrenski and National Home Funding, Inc. as Walsh, as a measure of its own protection, failed to secure and record assignments of it mortgages from Skowrenski in a timely fashion.

8. As a direct result of the conduct of Walsh Securities, Inc. and its agents, National Home Funding, Inc. was forced out of business and Robert Skowrenski was subjected to substantial investigation and suffered substantial damages, including attorneys fees and other loss of business and profits.

WHEREFORE, counterclaimant, Robert Skowrenski, II, as Trustee in dissolution and individually, seeks a judgment against Walsh Securities, Inc. in the amount of $5,000,000.00, plus interest and costs.

THIRD-PARTY COMPLAINT

Third-Party Plaintiff, Robert Skowrenski, II, by way of Third-Party Complaint, says:

1. We incorporate herein by reference the pleading in the Complaint.

2. At all material times herein, third-party defendant, Robert Walsh, was the President of Walsh Securities, Inc. and third-party defendant, Elizabeth Ann DeMola was a Senior Mortgage Underwriting Officer.

3. The third-party defendants were knowing and active participants in seeking to obtain high risk mortgagors for purposes of profiting by securitization and sale of Walsh Securities, Inc. assets.

4. The third-party defendants failed to follow the procedures for due diligence which were established and in place at Walsh Securities, Inc. They had a duty of good faith and fair dealing with Robert Skowrenski, II and National Home Funding, Inc. They breached the covenant and duty therein.

5. As a direct result of such breach, the third-party plaintiff, Skowrenski/National Home Funding, Inc., suffered substantial damages.

WHEREFORE, third-party plaintiff seeks entry of judgment against the third-party defendants, jointly and severally, for damages in the amount of $5,000,000.00, plus interest and costs.

The defendants, Robert Skowrenski, II and National Home Funding, Inc. hereby denies, without further pleading, any and all cross-claims which were or may be asserted against it in connection with this matter.

JURY DEMAND

Defendants, Robert Skowrenski, II and National Home Funding, Inc. hereby demand a trial by a jury as to all issues.

MICHAEL D. SCHOTTLAND (mds4522)
Schottland, Manning, Caliendo & Thomson
36 West Main Street
Freehold, New Jersey 07728
(732) 462-4405
Attorneys for the Defendants-
Counterclaimants/Third-Party Plaintiffs