Irene DiFeo, attorney pro se
5 Leann Court
Old Bridge, NJ 08857
(732) 679-0354
ID 7757

U.S. DISTRICT COURT

2005 MAR 11 P 2 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------X

WALSH SECURITIES, INC.,

           Plaintiff,

v.

CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, and STEWART TITLE GUARANTY COMPANY, IRENE DiFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS,

           Defendants.

---------------------------------X

Civil Action No. 97-3496
Hon. William G. Bassler

ANSWER TO THIRD AMENDED COMPLAINT, ANSWER TO CROSS-CLAIM FOR CONTRIBUTION, SEPARATE DEFENSES, CROSS-CLAIM FOR CONTRIBUTION AND CROSS-CLAIM FOR INDEMNIFICATION, ANSWER TO CROSSCLAIM FOR INDEMNIFICATION, AND JURY DEMAND

Defendant Irene DiFeo, by way of Answer to the Third Amended Complaint, says:

1. The first paragraph of the third amended complaint characterizes the matter, and, accordingly, defendant DiFeo incorporates by reference her responses to the allegations that follow.

## PARTIES

2. through 17. inclusive. Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

18., 19., 20. Defendant DiFeo admits the allegations of these paragraphs.

21. through 25. Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of this paragraph.

26. Defendant DiFeo denies any relationship with Weichert after 1990 and admits the remainder of the allegation.

27. Defendant DiFeo denies that defendant Pepsny was licensed as a broker and admits the remainder of the allegation.

28. Defendant DiFeo denies the relationship alleged with Weichert and admits the remainder of the allegation.

29. through 34. inclusive. Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

1

## JURISDICTION

35. Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of this paragraph.

## VENUE

36. Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of this paragraph.

## INTRODUCTION

37. through 41. inclusive. Defendant DiFeo denies any involvement in a RICO scheme and that she was an agent of Weichert and does not have sufficient knowledge or information to allow her to admit or deny the remainder of the allegations of these paragraphs.

## FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

42. Defendant DiFeo denies the allegations of the second sentence and admits the allegations of the first sentence of the paragraph.

43. Defendant DiFeo admits the allegations of this paragraph.

44. through 53. Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

**Title Insurance and its Role in Real Esate Transactions**

54. Defendant DiFeo admits the allegations of this paragraph.

55. and 56. Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

**The New Jersey Mortgage Loan Frauds**

57. Defendant DiFeo denies the allegations of this paragraph as to her transactions insofar as they apply to plaintiff, and as to the remainder of the allegations of this paragraph, Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of the paragraph.

**"The NHF/Cristo Property" Enterprise"**

58. to 61. inclusive. Defendant DiFeo denies the allegations of these paragraphs as to her transactions insofar as they apply to plaintiff, and as to the remainder of the allegations of this paragraph, Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

**The Pattern**

62. to 64. inclusive. Defendant DiFeo denies the allegations of these paragraphs as to her transactions insofar as they apply to plaintiff, and as to the remainder of the

3

allegations of this paragraph, Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

## COUNT I

### Violation of 18 U.S.C. section 1962(c)(RICO)

65. Defendant DiFeo incorporates by reference her responses to paragraphs 1. to 64.

66. Defendant DiFeo admits the allegation of paragraph 66.

67. to 73. Defendant DiFeo denies the allegations of these paragraphs as to her transactions insofar as they apply to plaintiff, and as to the remainder of the allegations of this paragraph, Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

Wherefore, defendant DiFeo demands judgment against the plaintiff dismissing the third amended complaint with prejudice, for reasonable attorneys' fees, for costs of suit and for such other relief as the Court deems appropriate.

## COUNT II

### Violation of 18 U.S.C. section 1962(d)(RICO)

74. Defendant DiFeo incorporates by reference her responses to paragraphs 1. to 73.

75. Defendant DiFeo admits the allegation of paragraph 75.

76. to 78. Defendant DiFeo denies the allegations of these

4

paragraphs as to her transactions insofar as they apply to plaintiff, and as to the remainder of the allegations of this paragraph, Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

Wherefore, defendant DiFeo demands judgment against the plaintiff dismissing the third amended complaint with prejudice, for reasonable attorneys' fees, for costs of suit and for such other relief as the Court deems appropriate.

### COUNT III

#### Common Law Fraud

79. Defendant DiFeo incorporates by reference her responses to paragraphs 1. to 78.

79 through 83. Defendant DiFeo denies the allegations of these paragraphs as to her transactions insofar as they apply to plaintiff, and as to the remainder of the allegations of this paragraph, Defendant DiFeo does not have sufficient knowledge or information to allow her to admit or deny the allegations of these paragraphs.

Wherefore, defendant DiFeo demands judgment against the plaintiff dismissing the third amended complaint with prejudice, for reasonable attorneys' fees, for costs of suit and for such other relief as the Court deems appropriate.

### COUNTS IV, V, VI, VII, VIII

84. to 112. The allegation of these counts and paragraphs make no claim against defendant DiFeo, and accordingly, she makes no response.

### FIRST SEPARATE DEFENSE

1. The third amended complaint fails to state a claim on which relief can be granted.

### SECOND SEPARATE DEFENSE

1. The four year statute of limitations applicable to RICO actions ran prior to institution of this action as did the six year statute of limitations on common law fraud contained in N.J. Stat. Ann. Section 2A:14-1.

2. No tolling period is applicable to this action because Betty Anne DeMola, believed to be an officer of plaintiff, was involved in the factual complex pleaded by plaintiff.

3. Additionally, on information and belief, Robert Walsh and James Walsh, principals of plaintiff were involved in the factual complex pleaded by plaintiff.

### THIRD SEPARATE DEFENSE

1. The conduct of plaintiff's agents, as set forth the second separate defense constitutes inequitable conduct and bars plaintiff from relief under the related doctrines of unclean hands, estoppel and laches.

### ANSWER TO CROSS-CLAIM FOR CONTRIBUTION

Defendant DiFeo denies liability on any cross-claim for

contribution.

### ANSWER TO CROSS-CLAIM FOR INDEMNIFICATION

Defendant DiFeo denies liability on any cross-claim for indemnification.

### CROSS-CLAIM FOR CONTRIBUTION

Defendant diFeo denies liability to any party to this matter, but if she is found liable to any party, demands contribution from each and every other party.

### CROSS-CLAIM FOR INDEMNIFICATION

Defendant diFeo denies liability to any party to this matter, but if she is found liable to any party, demands indemnification from each and every other party.

### JURY DEMAND

Defendant demands trial by jury.

Dated: March 11, 2005

*Irene DiFeo*
Irene DiFeo
Attorney Pro Se


### CERTIFICATION OF NO LITIGATION L. CIV.R 11.2

I hereby certify that, based upon information provided to me, this controversy is not the subject of any action pending in any court or of a pending arbitration or pending administrative proceeding, except many of the defendants, including me have been

subject to criminal proceedings in this Court, and I am going to be re-sentenced; also, Elizabeth DeMola has been indicted.

Dated: March 11, 2005

Ireno DiFeo
Attorney Pro SE