**MARK W. CATANZARO, ESQUIRE**
Blason IV - Suite 208
513 S. Lenola Road
Moorestown, New Jersey 08057
(856) 235-4266
By: Mark W. Catanzaro, Esquire (MWC 7126)
Attorney for Defendant, Donna Pepsny

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**
**HONORABLE WILLIAM G. BASSLER**

WALSH SECURITIES, INC.,           :

       Plaintiff,           :      Civil Action No. 97cv3496(WGB)

   vs.           :

CRISTO PROPERTY           :
MANAGEMENT, LTD., a/k/a              DONNA PEPSNY'S ANSWER TO
G.J.L. LIMITED, et al,           :      PLAINTIFF'S THIRD AMENDED
                COMPLAINT
      Defendants.           :


    Donna Pepsny, residing at 46 Bayside Drive, Atlantic Highlands, New Jersey, 07716, by way of Answer to plaintiff's Complaint, says:

    1. Answering defendant admits that the Third Amended Complaint purports to allege violations of the Racketeer Influence and Corrupt Organizations Act, common-law fraud, negligence and

breaches of contract but denies that she is liable under any of these theories of liability, or any other theory of liability.

## PARTIES

2. - 18. Answering defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs two through eighteen of the Third Amended Complaint and accordingly are denied.

19. Admitted.

20. Admitted.

21. - 26. Answering defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs twenty-one through twenty-six of the Third Amended Complaint and accordingly are denied.

27. Admitted.

28. Denied.

29. - 34. Answering defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs twenty-nine through thirty-four of the Third Amended Complaint and accordingly are denied.

## JURISDICTION

35. Denied.

## VENUE

36. Denied.

## INTRODUCTION

37.  Denied as to answering defendant.

38.  Denied.

39.  Denied.

40.  Denied.

41.  Denied.

## FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

42. - 64. Answering   defendant   is without information sufficient to form a belief as to the truth of the allegations and characterizations contained in paragraphs forty-four through sixty-four of the Third Amended Complaint as they relate to the underlying loans in this matter and other allegations in the Third Amended Complaint and leaves plaintiff to its proofs except to deny each and every allegation specifically raised against answering defendant in paragraphs forty-four through sixty-four of the Third Amended Complaint.

## COUNT I

### VIOLATION OF 18 U.S.C. & 1962(c) (RICO)

65.  Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through sixty-four as if the same were set forth at length herein.

66.  Admitted.

67.  Denied.

68.  Denied.

69.  Denied.

70.  Denied.

71.  Denied.

72.  Denied.

73.  Denied.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's complaint together with costs and reasonable attorneys fees.

## COUNT II

### VIOLATION OF 18 U.S.C. & 1962(d) (RICO)

74.  Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through seventy-three as if the same were set forth at length herein.

75. - 78. Denied.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's complaint together with costs and reasonable attorneys fees.

## COUNT III

### COMMON-LAW FRAUD

79.  Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through seventy-eight as if the same were set forth at length herein.

80. - 83. Denied.

-4-

WHEREFORE, answering defendant demands judgment dismissing plaintiff's complaint together with costs and reasonable attorneys fees.

## COUNT IV

### BREACH OF CONTRACT BY NHF

84.   Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through eighty-three as if the same were set forth at length herein.

85. - 89. Paragraphs eighty-five through eighty-nine are directed towards one other than answering defendant and no further response is required.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's complaint together with costs and reasonable attorneys fees.

## COUNT V

### BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

90.   Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through eighty-nine as if the same were set forth at length herein.

91. - 96. Paragraphs ninety-one through ninety-six are directed towards one other than answering defendant and no further response is required.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's complaint together with costs and reasonable attorneys

fees.

## COUNT VI

### NEGLIGENCE BY ALFIERI, CICALESE AND RICHARD PEPSNY

97. Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through ninety-six as if the same were set forth at length herein.

98. - 106. Paragraphs ninety-eight through one hundred and six are directed towards one other than answering defendant and no further response is required.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's complaint together with costs and reasonable attorneys fees.

## COUNT VII

### RESPONDEAT SUPERIOR - WEICHERT

107. Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through one hundred and six as if the same were set forth at length herein.

108. - 111.    Denied.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's complaint together with costs and reasonable attorneys fees.

### FIRST AFFIRMATIVE DEFENSE

This court lacks personal jurisdiction and subject matter jurisdiction over this defendant, and/or venue is improperly set

-6-

with this court.

## SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint herein fails to state a claim upon which relief can be granted and the defendant reserves the right to move at or before the time of trial to dismiss same.

## THIRD AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to, the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and, accordingly, the claimant's claim is barred as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff is estopped from proceeding with this alleged cause of action.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff has waived its right to bring this suit of action against the defendant.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff is guilty of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and the Third Amended Complaint should be dismissed pursuant to the "Entire Controversy Doctrine".

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's actions are barred by the doctrine of unclean

hands.

### NINTH AFFIRMATIVE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom the defendant had no control.

### TENTH AFFIRMATIVE DEFENSE

The damages of the plaintiff, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged incidents which form the basis of this litigation and which allegedly caused injuries and damages to the plaintiff wax proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the defendant filing this answer and the right of the plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined, whether or not parties to this litigation. Accordingly, this defendant seeks an adjudication of the percentage of fault or the plaintiff and each and every other person whose fault contributed to these alleged incidents.

### TWELFTH AFFIRMATIVE DEFENSE

Demand and claim for contribution under the terms and conditions of the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:53a, et. seq.) is made against co-defendants in this matter.

## THIRTEENTH AFFIRMATIVE DEFENSE

This defendant is entitled to a determination of the percentage shares of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

This defendant acted on reasonable grounds and without malice, and, therefore, is not responsible to the plaintiff for any alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an "enterprise" under 18 U.S.C. § 1962(c).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a pattern of racketeering under 18 U.S.C. § 2963(c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish any requisite underlying predicate acts under 18 U.S.C. § 1962(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

This defendant did not participate in a RICO conspiracy.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an "association in fact enterprise" under 18 U.S.C. § 1962(c).

## TWENTIETH AFFIRMATIVE DEFENSE

The Third Amended Complaint has been pleaded against this

defendant in bad faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has sustained no damage, loss or injury as a result of any act or failure to act on the part of this defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own contributory negligence and lack of diligence.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Negligence, if any, of this defendant was not a proximate cause of any loss or damage incurred by the plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Losses, if any, were caused or substantially contributed to by the wrongful conduct, criminal acts, fraudulent conduct, misrepresentations and negligence of persons other than this defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This defendant acted in good faith and with reasonable and justified reliance upon the disclosed acts and representations of others.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Wrongful conduct, criminal acts, fraudulent conduct and misrepresentations of other persons may not be imputed in any way

to this defendant.

<b><u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u></b>

Defendant did not knowingly participate in, assent to, or ratify any wrongful conduct, criminal acts, fraudulent, or misrepresentation by any person.

<b><u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u></b>

This court lacks jurisdiction in the subject matter of each claim made by the plaintiff.

<b><u>THIRTIETH AFFIRMATIVE DEFENSE</u></b>

Plaintiff assumed the risk of damage which it alleged was sustained and, accordingly, the Third Amended Complaint must be dismissed in its entirety.

<b><u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u></b>

Insofar as the plaintiff herein seeks damages against this defendant, the Third Amended Complaint must be dismissed in that the plaintiff has sustained no damages as a result of the alleged conduct of this defendant.

<b><u>THIRTY-SECOND AFFIRMATIVE DEFENSE</u></b>

Plaintiff, by its own actions, caused and aggravated its damages and accordingly, the Third Amended Complaint herein must be dismissed in its entirety.

<b><u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u></b>

Defendant Donna Pepsny did not owe any duty of care to plaintiff in this matter, nor did any contractual obligation,

-11-

privity or personal or professional duty of care or warranty of any kind arise between Plaintiff and Defendant Donna Pepsny at any time.

## CROSSCLAIM FOR CONTRIBUTION

Defendant Donna Pepsny denies liability with respect to plaintiff's claims. However, if defendant is adjudged liable, then defendant demands contribution from co-defendants, Cristo Property Managements, Ltd. a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Managements, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esquire, Anthony M. Cicalese, Esquire, Lawrence J. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Stewart Title Guaranty Company, Irene DiFeo and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens, pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53a.

## CROSSCLAIMS FOR INDEMNIFICATION

Defendant Donna Pepsny denies any liability with respect to plaintiff's claims. However, if defendant is adjudged liable to plaintiff, the defendant demands equal indemnification from co-

defendants, Cristo Property Managements, Ltd. a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Managements, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esquire, Anthony M. Cicalese, Esquire, Lawrence J. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Stewart Title Guaranty Company, Irene DiFeo and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens.

## ANSWER TO CROSSCLAIMS FOR CONTRIBUTIONS

### AND/OR INDEMNIFICATION

Defendant, Donna Pepsny, by way of answer to any and all crossclaims for contribution and/or indemnification which may be asserted against her, says:

Defendant Donna Pepsny herein denies any and all crossclaims raised against her by any co-defendant in this action which may seek contribution or indemnification.

WHEREFORE, defendant Donna Pepsny demands judgment dismissing any and all crossclaims for contribution and/or indemnification with prejudice plus attorneys' fees and costs.

-13-

## <u>DEMAND FOR TRIAL BY JURY</u>

Defendant Donna Pepsny hereby demands a trial by jury on all issues in the above-entitled cause of action as to Plaintiff's Complaint.


Dated: <u>March 16, 2005  </u>            <u>/s/ Mark W. Catanzaro          </u>

                                            Mark W. Catanzaro, Esquire