Thoms D. Flinn, Esq. (TDF 1849)
GARRITY, GRAHAM, FAVETTA & FLINN
A Professional Corporation
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ 07042
Telephone: 973-509-7500
**Attorneys for  Defendant, Anthony Cicalese**
**Our File No. 240.02982/TDF**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| WALSH SECURITIES, INC., : | |
| : | |
| Plaintiff, : | Action No.: CV 97-3496(WGB) |
| : | |
| vs. : | Hon. William G. Bassler |
| : | |
| CRISTO PROPERTY MANAGEMENT, : | |
| LTD., a/k/a G.J.L. LIMITED, : | |
| DEK HOMES OF NEW JERSEY, INC., : | **ANSWER TO** |
| OAKWOOD PROPERTIES, INC., : | **THIRD AMENDED COMPLAINT,** |
| NATIONAL HOME FUNDING, INC., : | **ANSWER TO CROSS-CLAIM FOR** |
| CAPITAL ASSETS PROPERTY : | **CONTRIBUTION, SEPARATE DEFENSES,** |
| MANAGEMENT & INVESTMENT CO., : | **CROSS-CLAIM FOR CONTRIBUTION AND** |
| INC., CAPITAL ASSETS PROPERTY : | **CROSS-CLAIM FOR INDEMNIFICATION** |
| MANAGEMENT, L.L.C., WILLIAM : | |
| KANE, GARY GRIESER, ROBERT : | |
| SKOWRENSKI, II, RICHARD : | |
| CALANNI, RICHARD DiBENEDETTO, : | |
| JAMES R. BRODO, THOMAS BRODO, : | |
| ROLAND PIERSON, STANLEY YACKER : | |
| ESQ., MICHAEL ALFIERI, ESQ., : | |
| RICHARD PEPSNY, ESQ., ANTHONY : | |
| M. CICALESE, ESQ., LAWRENCE : | |
| CUZZI, ANTHONY D'APOLITO, DAP : | |
| CONSULTING, INC., COMMONWEALTH : | |
| LAND TITLE INSURANCE CO., : | |
| NATIONS TITLE INSURANCE OF NEW : | |
| YORK, INC., FIDELITY NATIONAL : | |
| NATIONAL TITLE INSURANCE CO. : | |
| OF NEW YORK, COASTAL TITLE : | |
| AGENCY, STEWART TITLE GUARANTY : | |
| COMPANY, IRENE DIFEO, DONNA : | |
| PEPSNY and WEICHERT REALTORS, : | |
| : | |
| Defendants. : | |
| : | |

---

Defendant, Anthony Cicalese, by way of Answer to plaintiff's Third Amended Complaint, says:

1.   Answering defendant admits that the Third Amended Complaint purports to allege violations of the Racketeer Influenced and Corrupt Organization Act, common-law fraud, negligence and breaches of contract but denies that he is liable under any of these theories of liability or any other theory of liability.

**<u>PARTIES</u>**

2-20.  Answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs two through twenty of the Third Amended Complaint.

21.   Answering defendant admits the allegations contained in paragraph twenty-one of the Third Amended Complaint.

22.   Answering defendant denies the allegations contained in paragraph twenty-two of the Third Amended Complaint.

23-34.  Answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs twenty-three through thirty-four of the Third Amended Complaint.

2

## JURISDICTION

35.   Answering defendant denies the allegations contained in paragraph thirty-five of the Third Amended Complaint.

## VENUE

36.   Answering defendant admits the allegations contained in paragraph thirty-six of the Third Amended Complaint.

## INTRODUCTION

37-39.   Answering defendant denies the allegations contained in paragraph thirty-seven through thirty-nine of the Third Amended Complaint.

40-41.   Answering defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraphs forty through forty-one of the Third Amended Complaint.

## FACTUAL ALLEGATIONS
## THE MORTGAGE BANKING INDUSTRY

42-53.   Answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs forty-two through fifty-three of the Third Amended Complaint.

## TITLE INSURANCE AND ITS ROLE IN
## <u>REAL ESTATE TRANSACTIONS</u>

54-56.  Answering defendant is without sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs fifty-four through fifty-six.

## <u>THE NEW JERSEY MORTGAGE LOAN FUNDS</u>

57.  Answering defendant denies the allegations contained in paragraph fifty-seven of the Third Amended Complaint as it relates to the Answering defendant and is without knowledge or information sufficient to form a belief as to the other allegations contained in said paragraph.

## <u>"THE NHF/CRISTO PROPERTY" ENTERPRISE</u>

58-61.  Answering defendant denies the allegations contained in paragraph fifty-eight through sixty-one of the Third Amended Complaint as it relates to the Answering defendant and is without sufficient knowledge or information sufficient to form a belief as to the other allegations contained in said paragraphs.

## <u>THE PATTERN</u>

62-64.  Answering defendant denies the allegations contained in paragraph sixty-two through sixty-four of the Third Amended Complaint as it relates to the Answering defendant and is

4

without sufficient knowledge or information sufficient to form a belief as to the other allegations contained in said paragraphs.

## COUNT I

### VIOLATION OF 18 U.S.C. & 1962(c)(RICO)

65. Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through sixty-four as if the same were set forth at length herein.

66. Answering defendant neither admits nor denies the allegations set forth in paragraph sixty-six of the Third Amended Complaint, as they are not assertions of fact, but purport to be a statement of law, to which no response is required.

67. Answering defendant admits the allegations contained in paragraph sixty-seven of the Third Amended Complaint.

68-73. Answering defendant denies the allegations contained in paragraphs sixty-eight through seventy-three of the Third Amended Complaint.

**WHEREFORE,** Answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

5

## COUNT II

### VIOLATION OF 18 U.S.C. & 1962(d)(RICO)

74.   Answering  defendant  incorporates  by  reference  each  of  the
      answers  to  the  allegations  contained  in  paragraphs  one  through
      seventy-three  as  if  the  same  were  set  forth  at  length  herein.

75.   Answering  defendant  neither  admits  nor  denies  the  allegations
      set  forth  in  paragraph  seventy-five  of  the  Third  Amended
      Complaint,  as  they  are  not  assertions  of  fact,  but  purport  to  be
      a  statement  of  law,  to  which  no  response  is  required.

76-78.  Answering  defendant  denies  the  allegations  contained  in
      paragraphs  seventy-six  through  seventy-eight  of  the  Third
      Amended  Complaint.

      **WHEREFORE,**  Answering  defendant  demands  judgment  dismissing
plaintiff's  Complaint  together  with  costs  and  reasonable  attorneys
fees.

## COUNT III

### COMMON-LAW FRAUD

79.  Answering  defendant  incorporates  by  reference  each  of  the
      answers  to  the  allegations  contained  in  paragraphs  one  through
      seventy-eight  as  if  the  same  were  set  forth  at  length  herein.

6

80-83. Answering defendant denies the allegations contained in paragraph eighty through eighty-three of the Third Amended Complaint.

**WHEREFORE,** answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

## COUNT IV

### BREACH OF CONTRACT BY NHF

84. Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through eighty-three as if the same were set forth at length herein.

85-89. Answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs eighty-five through eighty-nine.

**WHEREFORE,** answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

## COUNT V

### BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

90. Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through

7

eighty-nine as if the same were set forth at length.

91-96. Answering defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs ninety-one through ninety-six except denies each and every allegation contained therein raised against the Answering defendant.

**WHEREFORE,** answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

### COUNT VI

### NEGLIGENCE BY ALFIERI, CICALESE, AND RICHARD PEPSNY

97. Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through ninety-seven as if the same were set forth at length herein.

98. Answering defendant admits the allegations contained in paragraph ninety-eight as it relates to the Answering defendant and is without knowledge and information sufficient to form a belief as it relates to the other allegations contained in said paragraph.

99. Answering defendant is without knowledge or information sufficient to form a belief as to the allegations contained in

8

paragraph ninety-nine.

100.   Answering   defendant   denies   the   allegations   contained   in paragraph one hundred of the Third Amended Complaint.

101.   Answering   defendant   is   without   knowledge   or   information sufficient to form a belief as to the allegations contained in paragraph one hundred one.

102.   Answering   defendant   denies   the   allegations   contained   in paragraph one hundred two of the Third Amended Complaint.

103.   Answering defendant admits the allegations as it relates to the answering   defendant   and   is   without   sufficient   knowledge   or information   to   form   a   belief   as   to   the   other   allegations contained in said paragraph.

104.   Answering   defendant   denies   the   allegations   contained   in paragraph one hundred four of the Third Amended Complaint.

105.   Answering   defendant   denies   the   allegations   contained   in paragraph one hundred five of the Third Amended Complaint.

106.   Answering   defendant   denies   the   allegations   contained   in paragraph one hundred six of the Third Amended Complaint.

**WHEREFORE,** answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

## COUNT VII

### RESPONDENT SUPERIOR-WEICHERT

107. Answering defendant incorporates by reference each of the answers to the allegations contained in paragraphs one through one hundred and six as if the same were set forth at length herein.

108-111. Answering defendant is without sufficient knowledge or information sufficient to form a belief as to the allegations contained in paragraphs one hundred eight through one hundred eleven.

**WHEREFORE,** answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction and subject matter jurisdiction over this claim.

### SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint herein fails to state a claim upon which relief can be granted and the defendant reserves the right to

10

move at or before the time of trial to dismiss same.

### THIRD AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to, the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and, accordingly, the claimant's claim is barred as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is estopped from proceeding with this alleged cause of action.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff has waived its right to bring this suit of action against the defendant.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is guilty of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and the Third Amended Complaint should be dismissed pursuant to the "Entire Controversy Doctrine."

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's actions are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom the defendant had no control.

## TENTH AFFIRMATIVE DEFENSE

The damages of the plaintiff, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged incidents which form the basis of this litigation and which allegedly caused injuries and damages to the plaintiff was proximately caused or contributed to by the fault of third persons not parties to this litigation.  The responsibility of the defendant filing this Answer and the right of the plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation.  Accordingly, this defendant seeks an adjudication of the percentage of fault or the plaintiff and each and every other person whose fault contributed to these alleged incidents.

## TWELFTH AFFIRMATIVE DEFENSE

Demand and claim for contribution under the terms and conditions of the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:52a, et. seq.) is made against co-defendants in this matter.

12

### THIRTEENTH AFFIRMATIVE DEFENSE

This defendant is entitled to a determination of the percentage shares of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

This defendant acted on reasonable grounds and without malice, and, therefore, is not responsible to the plaintiff for any alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an "enterprise" under 18 U.S.C. § 1962(c).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a pattern of racketeering under 18 U.S.C. § 2963(c).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish any requisite underlying predicate acts under 18 U.S.C. § 1962(c).

### EIGHTEENTH AFFIRMATIVE DEFENSE

This defendant did not participate in a RICO conspiracy.

13

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish an "association in fact enterprise" under 18 U.S.C. § 1962(c).

### TWENTIETH AFFIRMATIVE DEFENSE

The Third Amended Complaint has been pleaded against this defendant in bad faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has sustained no damage, loss or injury as a result of any act or failure to act on the part of this defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own contributory negligence and lack of diligence.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Negligence, if any, of this defendant was not a proximate cause of any loss or damage incurred by the plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Losses, if any, were caused or substantially contributed to by the wrongful conduct, criminal acts, fraudulent conduct,

14

misrepresentations and negligence of persons other than this defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This defendant acted in good faith and with reasonable and justified reliance upon the disclosed acts and representations of others.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Wrongful conduct, criminal acts, fraudulent conduct and misrepresentations of other persons may not be imputed in any way to this defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant did not knowingly participate in, assent to, or ratify an wrongful conduct, criminal acts, fraudulent, or misrepresentation by any person.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of damages which it alleged was sustained and, accordingly, the Third Amended Complaint must be dismissed in its entirety.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff, by its own actions, caused and aggravated its damages and accordingly, the Third Amended Complaint herein must be dismissed

in its entirety.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

This defendant owed no duty to plaintiff.

## CROSSCLAIM FOR CONTRIBUTION

Defendant, Anthony Cicalese denies liability with respect to plaintiff's claims. However, if defendant is adjudged liable, then defendant demands contribution from all co-defendants, Cristo Property Managements, Ltd. a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esquire, Michael Alfieri, Esquire, Richard Pepsny, Esquire, Lawrence J. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Stewart Title Guaranty Company, Irene DiFeo and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Garden, and Donna Pepsny, pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53a.

## CROSSCLAIMS FOR INDEMNIFICATION

Defendant, Anthony Cicalese denies any liability with respect to plaintiff's claim.   However, if defendant is adjudged liable to plaintiff, the defendant demands equal indemnification from all co-defendants, Cristo Property Management, Ltd. a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Managements, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esquire, Michael Alfieri, Esquire, Richard Pepsny, Esquire, Lawrence J. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Stewart Title Guaranty Company, Irene DiFeo and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens, and Donna Pepsny.

## ANSWER TO CROSSCLAIMS FOR CONTRIBUTIONS

## AND/OR INDEMNIFICATION

Defendant, Anthony Cicalese, by way of answer to any and all crossclaims for contribution and/or indemnification which may be asserted against him, says:

17

Defendant, Anthony Cicalese herein denies any and all crossclaims raised against him by any co-defendant in this action which may seek contribution or indemnification.

**WHEREFORE,** defendant, Anthony Cicalese demands judgment dismissing any and all crossclaims for contribution and/or indemnification with prejudice plus attorneys' fees and costs.

### DEMAND FOR TRIAL BY JURY

Defendant, Anthony Cicalese hereby demands a trial by jury on all issues in the above-entitled cause of action as to Plaintiff's Complaint.

GARRITY, GRAHAM, FAVETTA & FLINN
Attorneys for Defendant,
Anthony Cicalese

BY: /s Thomas D. Flinn (TDF 1849)
    THOMAS D. FLINN

Dated:   March 24, 2005

M:\Data\CLI\240\029\82\Pleadings\Answer to Third Amended Complaint.wpd

18