METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No.  45987 MRM

| | |
|---|---|
| WALSH SECURITIES, INC., <br><br> Plaintiff, <br><br> CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALLANI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE COMPANY OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY and STEWART TITLE GUARANTY COMPANY, IRENE DiFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. d/b/a MURPHY REALTY BETTER HOMES and GARDENS, <br><br> Defendants. | CIVIL ACTION NO. 97-3496 (WGB) <br><br> Hon. William G.Bassler <br><br> **ANSWER TO THIRD AMENDED COMPLAINT, ANSWER TO CROSSCLAIM FOR CONTRIBUTION, SEPARATE DEFENSES, CROSSCLAIM FOR CONTRIBUTION, CROSSCLAIMS FOR INDEMNIFICATION** |

Defendant, Coastal Title Agency, by way of Answer to the Third Amended Complaint says:

1. Answering the allegations of paragraph 1, insofar as they are directed at this defendant, are denied. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 1.

## AS TO PARTIES

2. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 2.

3. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 3.

4. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 4.

5. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 5.

6. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6.

7. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 7.

8. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8.

9. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9.

10. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10.

11. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11.

12. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12.

13. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13.

14. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14.

15. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15.

16. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16.

17. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17

18. Answering the allegations of paragraph 18, this defendant admits that to its knowledge, defendant Stanley Yacker, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18.

19. Answering the allegations of paragraph 19, this defendant admits that to its knowledge, defendant Michael Alfieri, Esq. was an

attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19.

20. Answering the allegations of paragraph 20, this defendant admits that to its knowledge, defendant Richard Pepsny, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20.

21. Answering the allegations of paragraph 21, this defendant admits that to its knowledge, defendant Anthony M. Cicalese, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21.

22. Answering the allegations of paragraph 22, this defendant admits that on certain transactions closing service letters were issued on behalf of defendant Yacker and defendant Cicalese. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22.

23. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23.

24. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24.

25. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 25.

26. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26.

27. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27.

28. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28.

29. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 29.

30. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 30.

31. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31.

32. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 32.

33. Answering the allegations of paragraph 33, this defendant admits that it engages in business in New Jersey and was licensed as a title agency by the State of New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 33.

34. This defendant admits that defendant Stewart Title Guaranty Company has transacted the business of title insurance in the State of

New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 34.

35. Answering the allegations of paragraph 35, this defendant admits that Commonwealth is a title insurer and admits that Coastal Title Agency issued certain Closing Service Letters. With respect to the terms of the Closing Service Letters, they speak for themselves. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 35.

### AS TO JURISDICTION

36. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 36.

### AS TO VENUE

37. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 37.

### AS TO INTRODUCTION

38. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 38.

39. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 39.

40. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 40.

41. Answering the allegations of paragraph 41, this defendant admits that it issued certain Closing Service Letters. Insofar as the

remaining allegations of paragraph 41 are directed at this defendant, they are denied. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 41.

42. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 42.

43. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 43.

## AS TO FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

44. Answering the allegations of paragraph 44, this defendant admits that a loan can be made in which real property can be used as collateral for the loan. The remaining allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are admitted.

46. Answering the allegations of paragraph 46, this defendant admits that certain mortgage bankers do not utilize their own funds in making mortgage loans, and that certain mortgage bankers sell mortgage loans to other parties which provide the funds for the borrowers at the time of closings. This defendant further admits that in certain transactions, mortgage bankers are paid fees by borrowers for originating mortgage loans. This defendant further admits that mortgage bankers can be licensed by the State of New Jersey. The remaining allegations of paragraph 46 are denied.

47. Answering the allegations of paragraph 47, this defendant admits that there are certain borrowers who cannot obtain traditional financing because of an increased delinquency risk and who accordingly pay a higher than market interest rate. The remaining allegations of paragraph 47 are denied.

48. Answering the allegations of paragraph 48, this defendant admits that mortgage loan applications are taken for mortgage loans. The remaining allegations of paragraph 48 are denied.

49. Answering the allegations of paragraph 49, this defendant admits there are certain mortgage bankers who deal directly with borrowers and who take certain paperwork from prospective borrowers, including mortgage loan applications and other documents. The remaining allegations of paragraph 49 are denied.

50. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 50.

51. Answering the allegations of paragraph 51, this defendant admits that with respect to certain mortgage loans, appraisals of the property securing the loan are done. This defendant also admits that on certain mortgage loans, appraisals are relied upon by certain lenders. The remaining allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied.

53. Answering the allegations of paragraph 53, this defendant admits that there are persons known as "Correspondents" who sell

mortgage loans to lenders. The remaining allegations of paragraph 53 are denied.

54. Answering the allegations of paragraph 54, this defendant admits that certain entities buy mortgage loans from correspondents and those entities fund the mortgage loans in a variety of ways, and from time to time those entities retain the mortgage loans or resell them. The remaining allegations of paragraph 54 are denied.

55. Answering the allegations of paragraph 55, this defendant admits that certain entities who fund mortgage loans originated by correspondents provide certain instructions to closing attorneys. The remaining allegations of paragraph 55 are denied.

### AS TO TITLE INSURANCE AND ITS ROLE IN REAL ESTATE TRANSACTIONS

56. Answering the allegations of paragraph 56, this defendant admits that title insurance is insurance that provides for specified coverage in return for premiums. This defendant further admits that title insurance is from time to time purchased when real property is purchased or refinanced, and that certain mortgage lenders require that owners who borrow money to finance purchases of real property acquire title insurance coverage. The remaining allegations of paragraph 56 are denied.

57. Answering the allegations of paragraph 57, this defendant admits that from time to time owners or borrowers who seek to purchase title insurance do not deal directly with the title insurer in connection

with purchase of the insurance.  This defendant also admits that from time to time title agents perform certain specified tasks with respect to the purchase of title insurance.  This defendant also admits that from time to time certain agents may be affiliated with more than one title insurance company.  This defendant also admits that from time to time certain title insurance companies may have relationships with more than one title agency.  The remaining allegations of paragraph 57 are denied.

58.    Answering the allegations of paragraph 58, this defendant admits that certain title insurers and/or their agents on certain occasions issue Closing Service Letters.  With respect to the terms of the Closing Service Letters, they speak for themselves.  This defendant admits that Exhibit A attached to the Complaint is a Closing Service Letter issued by it.  The remaining allegations of paragraph 58 are denied.

### AS TO THE NEW JERSEY MORTGAGE LOAN FRAUDS

59.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 59.

### AS TO "THE NHF/CRISTO PROPERTY" ENTERPRISE

60.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 60.

61.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 61.

62. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 62.

63. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 63.

### AS TO THE PATTERN

64. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 64.

65. Answering the allegations of paragraph 65, this defendant denies the allegations contained in paragraph 65(b)(8) of the Third Amended Complaint. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 65.

66. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 66.

### AS TO COUNT I

### VIOLATION OF 18 U.S.C. § 1962(c)(RICO)

Count I of the Third Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

### AS TO COUNT II

### VIOLATION OF 18 U.S.C. § 1962(d)(RICO)

Count II of the Third Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT III

## COMMON-LAW FRAUD

Count III of the Third Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT IV

## BREACH OF CONTRACT BY NHF

Count IV of the Third Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT V

## BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

92. The answers to repeated allegations are repeated as though set forth herein.

93. Answering the allegations of paragraph 93, this defendant admits that certain borrowers obtained title insurance issued by Commonwealth and that this defendant on certain loans provided Closing Service Letters. The remaining allegations of paragraph 93 are denied.

94. Answering the allegations of paragraph 94, the terms and conditions of the Closing Service Letters speak for themselves. This defendant admits that the Closing Service Letter attached as Exhibit A to the Third Amended Complaint is a Closing Service Letter issued by

Coastal Title Agency, Inc.  The remaining allegations of paragraph 94 are denied.

95.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 95.

96.   This defendant admits that the plaintiff has notified this defendant that plaintiff has allegedly sustained losses on certain loans.  The remaining allegations of paragraph 96 are denied.

97.   Answering the allegations of paragraph 97, this defendant admits that it has not made any payments to plaintiff.  The remaining allegations of paragraph 97 are denied.

98.   The allegations of paragraph 98 are denied.

## AS TO COUNT VI

### NEGLIGENCE BY ALFIERI, CICALESE AND PEPSNY

Count VI of the Third Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT VII

### RESPONDEAT SUPERIOR – WEICHERT AND MURPHY REALTY

Count VII of the Third Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

## FIRST SEPARATE DEFENSE

The Third Amended Complaint fails to state a claim upon which relief can be granted as to this defendant.

## SECOND SEPARATE DEFENSE

Plaintiff's Third Amended Complaint against this defendant is barred by its own negligent conduct and the conduct of its agents, employees and officers.

## THIRD SEPARATE DEFENSE

Plaintiff's Third Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute laches.

## FOURTH SEPARATE DEFENSE

Plaintiff's Third Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute estoppel.

## FIFTH SEPARATE DEFENSE

Plaintiff's Third Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute waiver.

## SIXTH SEPARATE DEFENSE

Plaintiff Walsh Securities, Inc., as assignee of any Closing Service Letters, would have no higher rights under those letters than the assignor of the letters.

## **ANSWER TO CROSSCLAIMS FOR CONTRIBUTION**

This defendant denies any crossclaims made against it for contribution.

## **CROSSCLAIMS FOR CONTRIBUTION**

Defendant, Coastal Title Agency, denies any liability to plaintiff or to any other defendant, but if Coastal Title Agency is found liable, it demands contribution from Cristo Property Management, Ltd. a/k/a G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfeiri, Esq., Richard Pepsny, Esq., Anthony M. Cicales, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance Of New York, Inc., Fidelity National Title Insurance Company of New York, Commonwealth Land Title Insurance Company, Stewart Title Guaranty Company, Irene DiFeo, Donna Pepsny, Weichert Realtors and Vecchio Realty d/b/a Murphy Realty Better Homes and Gardens pursuant to the New Jersey Tortfeasors Contribution Act.

## **CROSSCLAIM FOR INDEMNIFICATION**

While denying any liability to the plaintiff or to any other defendant whatsoever, defendant Coastal Title Agency nevertheless asserts that any losses sustained by the plaintiff or by any other defendant were the

proximate result of the actions of the defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Commonwealth Land Title Insurance Company, and Stewart Title Guaranty Company, which actions were primary and active, and if defendant Coastal Title Agency is found liable to plaintiff with respect to such damages, such liability results solely from secondary, imputed, vicarious or passive negligence and defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Commonwealth Land Title Insurance Company, and Stewart Title Guaranty Company are liable to defendant Coastal Title Agency by way of indemnification for any and all sums which defendant Coastal Title Agency may be required to pay in this action.

**METHFESSEL & WERBEL, ESQS.**

_____
Martin R. McGowan, Esq.

DATED: March 25, 2005

## **DESIGNATION OF TRIAL COUNSEL**

PURSUANT to the provisions of Rule 4:25-4, the Court is advised that Martin R. McGowan is hereby designated as trial counsel on behalf of the defendant, Coastal Title Agency.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Coastal Title Agency

By:_____
    Martin R. McGowan

DATED: March 25, 2005