WALSH SECURITES, INC.

    PLAINTIFF,

    VS.

CRISTO PROPERTY MANAGEMENT
LTD.,A/K/A/ G.J.L.LIMITED,DEK
HOMES OF NEW JERSEY,INC.
OAKWOOD PROPERTIES, INC.
NATIONL HOME FUNDING INC.,
CAPITAL ASSETS PROPERTY
MANAGEMENT & INVESTMENT
CO.,INC., CAPITAL ASSETS
PROPERTY MANAGEMENT, LLC.,
WILLIAM KANE, GARY GRIESER,
ROBERT SKOWRENSKI, 11, RICHARD
CALANNI, RICHARD DIBENEDETTO,
JAMES R. BROWN, THOMAS BRODO,
RONALD J. PIERSON, STANLEY
YACKER, ESQ., MICHAEL
ALFIERI, ESQ., RICHARD PEPSNY,
ESQ., ANTHONY M. CICALESE, ESQ.,
LAWRENCE M. CUZZI, ANTHONY
D'APOLITO, DAP CONSULTING,
INC., COMMONWEALTH LAND TITLE
INSURANCE CO.,NATIONS TITLE
INSURANCE OF NEW YORK INC.,
FIDELITY NATIONAL TITLE
INSURANCE CO., OF NEW YORK,
COASTAL TITLE AGENCY and
STEWART TITLE GUARANTY
COMPANY, IRENE DIFEO, DONNA
PEPSNY,WEICHERT REALTORS
        DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CV 97-3496   (WGB)

HON. WILLIAM G. BASSLER

RECEIVED - CLERK
U.S. DISTRICT COURT
2005 MAR 31   P 1:41

---

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IRENE
DIFEO'S MOTION TO DISMISS PLANTIFF'S THIRD AMENDED COMPLAINT

IRENE DIFEO, PRO, SE
5 LEANN CT.
OLD BRIDGE, NEW JERSEY 08857

TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................ii

PRELIMINARY STATEMENT........................................................1

STATEMENT OF FACT.................................................................3

LEGAL ARGUMENT......................................................................9

  1.  THE COMPLAINT SHOULD BE DISMISSED AS TO IRENE DIFEO
     AS PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH
     RELIEF CAN BE GRANTED.................................................9

    A.  PLAINTIFF'S CLAIM HAS BEEN EXTINGUISHED BY THE
       PASSAGE OF THE APPLICABLE STATUES OF
       LIMITATIONS..............................................................10

       1.  PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
          AS TO IRENE DIFEO HAS BEEN EXTINGUISHED...........11

       2.  PLAINTIFF IS NOT ENTITLED TO THE BENEFIT OF
          ANY TOLLING PERIOD.............................................14

CONCLUSION..............................................................................17

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Alexiou v. Brad Benson Mitsubishi,
  127 F. Supp. 2d 557 (D.N.J. 2000) ...................................................................... 9

Amland Properties Corp. v. Aluminum Co. of America,
  808 F. Supp. 1187 (D.N.J. 1992) ...................................................................... 12

Burd v. New Jersey Telephone Co.,
  76 N.J. 284 (1978) ............................................................................................. 12

Camden County Bd. of Chosen Freeholders v. Berretta U.S.A.
  Corp.,
  123 F. Supp. 2d 245 (D.N.J. 2000),
  aff'd, 273 F.3d 536 (3d Cir. 2001) .................................................................. 9

Cinnaminson Township Board of Education v. U.S. Gypsum Co.,
  552 F. Supp. 855 (D.N.J. 1982) (citations omitted) .......................... 10

Conley v. Gibson,
  355 U.S. 41 (1957) ............................................................................................... 9

Farrell v. Vorator Div. Of Chemetron Corp.,
  62 N.J. 111 (1973) ............................................................................................. 11

Gahnney v. State Farm Insurance Co.,
  56 F. Supp. 2d 491 (D.N.J. 1999) ............................................................. 11, 12

Galligan v. Westfield Centre Service, Inc.,
  82 N.J. 188 (1980) ............................................................................................. 14

Haardt v. Farmer's Mutual Fire Insurance Company of Salem
  County,
  796 F.Supp. 804 (D.N.J. 1992) ...................................................................... 13

Hanna v. U.S. Veterans' Admin. Hosp.,
  514 F.2d 1092 (3d Cir. 1975) ......................................................................... 10

Harriman v. Internal Revenue Service,
  233 F. Supp. 2d 451 (E.D.N.Y. 2002),
  reconsideration den., 2003 WL 1950254 (E.D.N.Y. 2003) ..................... 9

Keil v. National Westminster Bank, Inc.,
  311 N.J. Super. 473 (App. Div. 1998) (citations omitted) ............ 10

Lopez v. Swyer,
    62 N.J. 267 (1973) ........................................................................ 10

McGrogan v. Till,
    327 N.J. Super. 595 (App. Div.);
    certif. granted, 165 N.J. 132 (2000),
    aff'd as modified, 167 N.J. 414 (2001) ........................................ 10

P.T. & L. Construction Company, Inc. v. Madigan and Hyland,
    Inc.,
    245 N.J. Super. 201 (App. Div.),
    certif. den. 126 N.J. 330 (1991) ......................................... 14, 15

Peloso v. Hartford Fire Insurance Co.,
    56 N.J. 514 (1970) .................................................................. 12, 13

Robinson v. Johnson,
    313 F.3d 128 (3d Cir. 2002),
    cert. den., 540 U.S. 826 (2003) ............................................... 9, 10

Rosenau v. City of New Brunswick,
    51 N.J. 130 (1968) ........................................................................ 12

Rowe v. Morgan Stanley Dean Witter,
    191 F.R.D. 398 (D.N.J. 1999) ........................................................ 9

Schenck v. Kloster Cruise Limited,
    800 F.Supp. 120 (D.N.J. 1992),
    aff'd, 993 F.2d 225 (3d Cir. 1993) .............................................. 13

Tortorello v. Reinfeld,
    6 N.J. 58 (1950) ............................................................................ 12

Villalobos v. Fava,
    342 N.J. Super. 38 (App. Div.),
    certif. den. 170 N.J. 210 (2001) ................................................. 14

**Statutes**

N.J.S.A. 2A:14-1 ..................................................................... 11, 13

N.J.S.A. 2A-14:1 ............................................................................. 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................... 9

PRELIMINARY STATEMENT

While the genesis of this action, the underlying mortgage fraud scheme, and the tortured

procedural history of this matter are fairly complex; the subject matter of this statue

of limitations motions is fairly straightforward.

Plaintiff brought this action in July of 1997 alleging that starting in early 1996,

Numerous co-conspirators engaged in racketeering activity, inducing Walsh to

Purchase approximately 220 mortgage loans at fraudulently inflated prices. Plaintiff

Has amended its pleadings three (3) times. In all three amendments plaintiff has not

Identified any transactions outside of the 220 mortgage loans initially identified in its

First pleadings. Accordingly, the time with which any potential cause of action

Which plaintiff may have had against Irene Difeo would have accrued some time between

early 1996 and July 1997.

Despite initiating its action in 1997 with numerous defendants, plaintiff failed to assert

Any claims as to Irene Difeo until filing its Third Amended Complaint

On January 31,2005. Having waited almost eight (8) years since the accrual of its

Cause of action, plaintiff's claim as against Irene DiFeo alleging a breach of contract

Is time-barred under New Jersey's six-year statue of limitations.

Furthermore, plaintiff is not entitled to the benefit of any equitable tolling period.

At no time was plaintiff precluded from enforcing any remedy it may have had as against

Irene DiFeo. On the contrary, plaintiff had available a panoply of procedural methods in

Page 2

Which to assert a potential claim against Irene DiFeo prior to the expiration of the statute

Of limitations. Plaintiff could have done so either in this action or in a new action.

Plaintiff's election to sit on its rights, permitting its claims to become stale, should not

Sanctioned.  Rather, considerations of fairness to the defendant and the broader consideration

Of repose, compel the conclusion that plaintiff's claim as against Irene DiFeo should be

Dismissed as being time-barred.

Page 3

## STATEMENT OF FACTS

### THE RICO DEFENDANTS

Plaintiff Walsh Securities, Inc.,(" Walsh" ), filed this action on July 17, 1997 alleging

Violations of the Racketeer Influenced and Corrupt Organizations Act (hereinafter

"RICO"). Walsh is a wholesale mortgage banker which primarily focuses on purchasing

mortgage loans form 'sub-prime" market. Third Amended Complaint ("comp." At

2.   Walsh alleges that starting in early 1996, defendants  Cristo Property

Management, Ltd., ( "Cristo Property"), National Home Funding, Inc., ("NHF"),

Capital Assets Property Management and Investment  Company, Inc. ("Capital Assets")

William J. Kane, Gary Grieser, Robert Skowrenski, Richard Calanni, Richard
DiBenedetto

James R. Brown, Thomas Brodo, Roland Pierson, Stanley Yacker, Esq., Michael Alfieri,

Esq., Richard Pepsny, Esq., Anthony M. Cialese, Esq., Lawrence Cuzzi, Anthony

D'Apolito, DAP Consulting ,Inc., (collectively, the "RICO defendants")engaged in a

Pattern of racketeering activity which as resulted in approximately 220 mortgage

Loans being purchased by Walsh from NHF at fraudulently inflated prices. Comp.  38.

Walsh alleges that it was induced to purchase these mortgage loans from NHF

Based on fraudulent misrepresentations contained in the mortgage loan applications,

Which as explained in greater detail below, included fraudulent appraisals of the

Properties at issue.

---

1 Despite Walsh's recently amended pleading, it is clear that no new instances
of fraud have been discovered since filing the lawsuit. See Amended Complaint

(dated November 7,1997)  33 (action involves "approximately two hundred twenty mortgage loans");C.F. COMP.,   38(same).

PAGE 4

At  38.  The proceeds from Walsh mortgages were distributed among the RICO

Defendants as the elicit profits.  Id.

---

Irene DiFeo was not a party to the within action until on or about January 31,2005,
When Plaintiff filed a Third Amended Complaint naming Irene DiFeo as a party
defendant.

PAGE 5

## THE FRAUDULENT SCHEME

Walsh alleges the then RICO Defendants carried out numerous fraudulent transactions

Through a pattern of frauds. Comp., 64.    Kane, acting through Cristo Property,

Would purchase real property located in New Jersey. ID. At    64 (a).  Individuals

Were then identified who would be willing to buy these properties and sign mortgage

Loans. Id. at   64 (b).  The property would then be appraised by a licensed appraiser,

Which, in all instances resulted in a falsely inflated appraisal above what the

Properties were actually worth. Id.  at   64 (c ) through  (d).  Mortgage loan

Applications for the borrowers were then compiled by the RICO Defendants and

Submitted to Walsh. Id.  at    64 (e).

   The applications were purportedly falsified in several material respects in

Order to induce Walsh to finance mortgage loans well in excess of the true value of

The property.  Id.  This was done by inter alia, the use of inflated appraisals,

Inflated sales prices, fraudulent leases, representations the buyers had made a

Down payment on the property when in fact no such down payment was ever made,

Representations that the buyer would own the entire property when in fact it was

Agreed prior to the sale that the buyer would transfer a 60% percent  interest

In the property to Capital Assets immediately  after the sale under a secret joint

---

3.  notably, with the exception of  Coastal Title , the title insurance defendants and
    Irene DiFeo are not included within the RICO enterprise.

Page 6.

Agreement, and representations that the buyer would pay certain closing expenses

When in fact these expenses were paid by the seller. Christo property.

Compl.,   64 (e).

   It is further alleged that the closing attorneys would fraudulent transmit

To themselves and certain other RICO Defendants the proceeds of the mortgage loans

Illicitly obtained from Walsh. Compl.  64 (g).  Walsh alleges that the closing

Attorney transmitted these funds with knowledge that certain requirements and

Preconditions to the mortgage were not met.  Id.  In addition, the closing attorneys

Falsely certified at the time of the closing on the HUD-1 Settlement Statement

That these preconditions to closing had been met.  Id.

   The closing attorneys caused to be recorded certain deeds, which

Included deeds covering the sale to Cristo Property, the deeds from Cristo Property to

The borrowers to Capital Assets. Id. at  64 (h)..  The deeds were never disclosed to

Walsh, despite the fact that such conveyances constituted  an event of default under

The terms and conditions of the Walsh Mortgages.  Id. at  64 (i).  Monies from

The pooled rents along with funds from new mortgage loans were used to pay

The Walsh mortgages when due and to pay other expenses of the properties.

Id, at   64  (j).

Walsh alleges that since on or about June 30, 1997, certain of these properties have

Become delinquent in the payment of the mortgage loans.  Id. at   64 (m).

Accordingly, due to the inflated appraisals Walsh is unable to recoup the

Full amounts of the outstanding mortgage loans when and if it foreclosed on

Page 7

The properties. Id.

### The Court Administratively Stays the Action.

On or about April 28, 1998, the Court entered an order staying all interrogatory and

Deposition discovery until November 1, 1998 in response to a motion that was filed by

Certain of the defendants to stay al proceedings pending the outcome of related criminal

Investigations. 4. Thereafter, on May 30, 2000 , the Court entered a second order,

Administratively terminating the matter and staying all discovery pending further

Order of the Court. It does not appear that the Order prevented Plaintiff from asserting

Any rights it may have had against Irene Difeo. Notwithstanding, no action was

Taken to vacate the stay and file a cause of action until approximately 5 years later.

### Irene DiFeo is named in Walsh's Third Amended Complaint eight (8) Years After the Accrual Of Any Cause Of Action.

On or about September 30, 2004, the stay of discovery was vacated. Thereafter on

January 31, 2005, for the first time, Plaintiff Walsh asserted a claim as to Irene DiFeo in

Its Third Amended Complaint.

Page 8.

    4.   Document discovery was permitted to proceed as the stay order was limited solely
To interrogatory and deposition discover, In fact , the Court expressly provided that all
Parties that were served and who had not filed an answer, were required to do so
within 30 days of the Order. See April 26, 1998 Order.

Page 9.          **LEGAL ARGUMENT**

1. **THE COMPLAINT SHOULD BE DISMISSED AS TO IRENE DIFEO AS PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

A complaint should be dismissed for failure to stat4 a claim under Rule 12 (b)

(6) when "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." Alexiou v Brad Benson

Mitsubishi, 127 F. Supp. 2d  557,559 (D.N .J. 2000) (quoting Conley v. Gibson,

355 U.S.c41  45-45 (1957).  In evaluating a motion to dismiss, the court must

accept as true the well-pled allegations of the complaint and construe them in

the light most favorable to the plaintiff.   Camden County Bd. Of Chosen Free

holders v. Berretta U.S.A. Corp., 123 F  Supp. 2d  245, 252, (D.N.J. 2000),

aff'd, 273 F. 3d  536  (3d Cir.2001).  Dismissal is appropriate where, as here, the

plaintiff has alleged no set of facts as to Irene Difeo which, if proven, would

entitle plaintiff to the relief requested.  Rowe  v Morgan Stanley Dean Witter,

191  F.R.D.  398, 404=05  (D.N.J. 1999).

    When an action is barred under the applicable statuc of

Limitations, a motion to dismiss pursuant to Fed.  R. Civ.  P 12 (b) (6)

Is appropriate. See Robinson v. Johnson  313  F.3d  128, 135  (3d Cir. 2002)

Cert.den., 540 U. S. 826 (2003);  see also Harriman v. Internal Revenue Service,

233  F. Supp. 2d  451,  455  (E.D. N.Y. 2003).  In fact, the so called "Third

Circuit Rule" expressly permits a limitations defense to e raised by a motion

Under Rule 12 (b)  (6), if "the time alleged in the statement of a claim shows

Page 10

That the cause of action has not been brought within the statue of limitations"

Robinson, 313  F .3d at 135 (quoting Hanna  v. U,S> Veterans' Admin.,Hosp.,

514  F .2d  1092,  1094 (3d Cir. 1975) ).  For the reasons set forth below, Walsh

Has failed to state a claim upon which relief can be granted based on the

Expiration of the applicable statue of limitations period and , for that

Reason, the Complaint should be dismissed as to Irene DiFeo.

## A.  PLAINTIFF'S CLAIM HAS BEEN EXTINQUISHED BY THE PASSAGE OF THE APPLICABLE STATUES OF LIMITATIONS

Statutes of limitations are primarily statues of repose that are

Designed to stimulate litigants to pursue their actions diligently and

"to spare the courts from litigation of stale claims." Cinnaminson

Township Board of Education  v. U.S. Gysum Co., 552 F. Supp.855

866 (D.N.J. 1982) (citations omitted;  McGrogan v. Till,  327 N.J.

Super. 595,  605  (App. Div.,); certif.. granted, 165 N.J. 132  (2000),

Aff'd as modified,  167 N.J.  414 (2001)  (statutes of limitation are

Designed to protect  against the litigation of stale claims).  Additionally,

The limitations on actions are designed to punish negligence and promote

Repose by giving security and stability to human affairs.  Keil  v.

National Westminister Bank, Inc.,  311 N.J. Super. 473,  489 (App.Div.

1998) (citations omitted).  The principle consideration behind a

statute of limitations is one of fairness to the defendant.  Lopez v.

Swyer, 62 N.J. 267, 274 (1973).

Accordingly, "when a plaintiff knows or has reason to know that

Page 11

He has a cause of action against an identifiable defendant an voluntarily sleeps on his

Rights so long as to permit the customary period of limitations to expire, the pertinent

Considerations of individual justice, as well as the broader considerations of repose,

Coincide to bar his actions." Farrell v Vorator Div., of Clemetron Corp., 62 N.J. 111,

115 (1973).. This claim must be barred by operation of the applicable statute of

limitations.

### 1. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT AS TO IRENE DIFEO HAS BEEN EXTINGUISHED

N.J.S.A. 2A; 14-1

While the limitations period is the same for breach of an insurance contract, the

Concept of when the cause of action accrues is slightly different.  Traditionally

A cause of action " accrues" on the date when " the right to institute and

Maintain a suit" first arises.  See Rosenau v. City of New Brunswick,

51 N.J. 130, 137 ( 1968) ; see also Amland Properties Corp v. Aluminum Co.

of America, 808 F. Supp. 1187, 1190 (D>N>J> 1992) (statue of limitations

begins to run when all the elements of the cause of action are present);

Burd v New Jersey Telephone Co., 76 N.J. 284, 303, (1998 ) ( a cause

Of action is deemed to have accrued when the injured party learned or reasonably

Should have learned of the existence of "a state of facts which equate

In law with a cause of action").

Page 12

(W)e consider it to be firmly settled that by the

"accrual" of a cause of action.....is meant the

time when a right first arises to institute and

maintain an action for the invasion of one's rights

against the wrong-doer, and the statutory period

is computed from that time.....The statute of

limitations attaches at once and commences to

run from that time irrespective of the time

when the injury is discovered or the consequential

damages resulted.

Tortorello v. Reinfeld, 6 N.J. 58, 65 (1950) citations omitted)

New Jersey courts have held that " the statue of limitations is to run

From the date of the casualty, but to toll it from the time the insured gives

Notice until liability is formally declined." Gahnney, 56  F Supp. 2d t 495-96

(quoting Peloso v. Hartford Fire Insurance Co. , 56 N.J. 514, 521 (1970).

The tolling rule set out in Peloso has been the subject of considerable

Criticism and distinguished by this Court on numerous occasions.

Page 13

As was explained by Judge Barry, "(t)he rule in <u>Peloso</u> was meant

To alleviate the unfair effect of incongruous statutory provisions

Which would limit the period to file suit against his or her insurer to one year and

at the same time not enable an insured to file suit against an insurer for sixty

days, effectively reducing the time in which to commence an action from

twelve months to ten months." <u>Schenck  v Kloster Cruise Limited</u>, 800 F.

Supp. 120, 124 n. 6 (D.N.J. 1992), aff'd, 993  F.2d  225  (3d Cir. 1993)

(emphasis in original); <u>see also</u> <u>Haardt  v. Farmer's Mutual Fire Insurance</u>

<u>Company of Salem County</u>. 796  F. Supp.  804,, 808 n.  3  (D>N.J. 1992  )

(concluding that "(t) he <u>Peloso</u> holding is limited to cases involving

insurance contracts containing the "suit limitation" provision and does

not affect the statute of limitations analysis applied....pursuant to <u>N. J.S.A.</u>

2A-14:1"),  As in <u>Schenck,</u> this case does not invoke similar equities,

requiring the operation of such a rule.  <u>See</u>  <u>id</u>.  Furthermore, as this motion

is predicted on <u>N.J.S.A.</u>  2A: 14-1, the <u>Peloso</u> rule is simply inapplicable.

In this case, the casualties occurred in early 1996 with the last casualty

Occurring no later than July 17, 1997, the date on which Walsh filed the within

Action. <u>Compl.,</u>  38.  This is clearly evidenced by Walsh's allegations in it

Initial pleadings that action involves approximately 220 mortgage loans.

Amended Complaint. 33. Eight years later, Walsh's Third Amended Complaint

Makes mention of the same 220 mortgage loans, making it patently clear the

No new instances of fraud have been discovered. See Amended Complaint

Page 14

(dated November 7, 1997), 33 (action involves "approximately two

hundred twenty mortgage loans"); c.f. Comp., 38 (same). Plainly,

more than six years has elapsed since the accrual of Plaintiff's

cause of action. Therefore, Irene DiFeo should be dismissed from

the action, as the only cause of action pled against it is untimely

under the applicable statue of limitations.

## 2.  PLAINTIFF IS NOT ENTITLED TO THE BENEFIT OF ANY TOLLING PERIOD.

While New Jersey recognizes the doctrine of equitable tolling

In certain limited circumstances, none of those exceptions apply here.

Typically, the doctrine applies to relieve a plaintiff who has been

Induced or tricked by a defendant into missing a deadline. See

Villalobos v. Fava, 342 N.J. Super. 38, 50 (App. Div.), certif..den.

170 N.J. 210 (2001). Similarly, there is an exception which may equitable

Toll the statute of limitations based on the commencement of

Other cognate litigation. Galligan v. Westfield Centre Service, Inc.,

82 N. J> 188 (1980) (rejecting defendant's statute of limitations

argument when plaintiff had filed a complaint in federal court

within the limitations period on identical grounds, although jurisdictionally

improper, and then filed a state court action twenty –two days after

the expiration of the limitations period).

"However, the general rule is that in order for the pendency of

page 15

other proceedings to toll the statute of limitations on a cause of action, the

proceedings must be such as to prevent enforcement of the remedy by action." .

P.T. & L .Construction Company, Inc., v. Madigan and Hyland, Inc., , 245

N.J. Super, 201, 209 (App.Div,), certif., den. 126 N.J. 330 (1991) (emphasis

added. Rejecting plaintiff's tolling argument, the Court found that "nothing prevented

P.T. & L. from filing suit against Madigan- Hyland in 1973, when it knew that the

Project was improperly designed and that Madigan-Hyland had drawn the

Designs. Moreover, once a party knows that it has injured and the injury is the

Fault of another, it has the requisite knowledge for the applicable period of limitations

To commence running." Id. At 209 (citations omitted).

   Here, Plaintiff is not entitled to the benefit of equitable tolling.

First, with actual knowledge of a potential fraud in connection with the execution of the

Subject mortgages, and after naming other defendants, Walsh decided to sit on its rights

For almost eight years with regard to Irene DiFeo. Walsh failed to name Irene DiFeo in it

Initial Complaint. Walsh failed to name Irene DiFeo in its Amended Complaint filed on

Or about November 7, 1997. Walsh failed to name Irene DiFeo in its Second Amended

Complaint filed on or about February 11, 1998. It was not until nearly (8) eight

Years later that Irene DiFeo was finally named as a party defendant in Walsh's

Third Amended Complaint filed on or about January 31, 2005.

Furthermore, Walsh cannot be heard to complain of the administration stay
And dismissal that was entered by the Court on or about May 30, 2000. Plaintiff had
Available a panoply of procedural methods in which to assert a potential claim against
Page 16
Irene Difeo prior to expiration of the statute of limitations. As stated above, Walsh
Could have asserted a claim prior to the May 2000 administrative stay and dismissal.
Even after the Court's May 30, 2000 Order administratively dismissing the action,
Walsh could have brought a separate action against Irene DiFeo in either federal or
State court to protect against the statue of limitations bar. Furthermore, Walsh
Could have moved to open the matter for the limited purpose of asserting a claim against
A non-party in order to prevent the operation of the applicable statue of limitations
Period. Not having taken any proactive measures in order to protect its rights,
Walsh negligence should bar any claim it may have had against Irene DiFeo.
Accordingly, the Third Amended Complaint should be dismissed as to Irene
DiFeo.

Page 17

## CONCLUSION

For the reasons set forth above, Defendant Irene DiFeo respectfully request

That the Court grant its Motion to Dismiss the Plaintiff's Third Amended Complaint

With Prejudice as to Irene DiFeo for failure to state a claim upon which relief can

Be granted.

**IRENE DIFEO, PRO-SE**
5 Leann Court
Old Bridge, N.J. 08857

By; _Irene Di Feo_
Irene DiFeo

DATED :March 31, 2005
        Newark, N.J.