PASQUALE MENNA, ESQUIRE (PM 7667)
170 BROAD STREET
P. O. BOX 762
RED BANK, NEW JERSEY  07701
732-747-4300
ATTORNEY FOR CO-DEFENDANT, ROLAND J. PIERSON, IMPROPERLY
PLEADED AS RONALD J. PIERSON

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 APR 12  P 3: 14

|  |  |  |
|---|---|---|
| | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| WALSH SECURITIES, INC., | : | |
| Plaintiff(s), | : | |
| v. | : | |
| | | CV ACTION #:  CV-97-3496 [WGB] |
| CRISTO PROPERTY | : | |
| MANAGEMENT, LTD., A/K/A | : | HONORABLE WILLIAM G. BASSLER |
| G.J.L. LIMITED, DEK HOMES OF | : | |
| NEW JERSEY, INC., OAKWOOD | : | |
| PROPERTIES, INC., NATIONAL | : | CERTIFICATION  OF COUNSEL IN SUPPORT OF |
| HOME FUNDING, INC., CAPTIAL | : | NOTICE OF MOTION |
| ASSETS PROPERTY | | |
| MANAGEMENT & INVESTMENT | | |
| CO., INC., CAPTIAL ASSETS | | |
| PROPERTY MANAGEMENT, | | |
| L.L.C., WILLIAM J. KANE, GARY | | |
| GRIESER, ROBERT | | |
| SKOWRENSKI, II, RICHARD | | |
| CALANNI, RICHARD | | |
| DIBENEDETTO, JAMES R. | | |
| BROWN, THOMAS BRODO, | | |
| RONALD J. PIERSON, STANLEY | | |
| YACKER, ESQ., MICHAEL | | |
| ALFIERI, ESQ., RICHARD | | |
| PEPSNY, EQ., ANTHONY M. | | |
| CICALESE< EQ., LAWRENCE M. | | |
| CUZZI, ANTHONY D'APOLITO, | | |
| DAP CONSULTING, | | |
| COMMONWELATH LAND TITLE | | |
| INSURANCE COMPANY, | | |
| NATIONS TITLE INSURANCE OF | | |
| NEW YORK INC., TIDELTIY | | |
| NATIONAL TITLE ISNURANCE | | |
| COMPANY OF NEW YORK and | | |
| COASTAL TITLE AGENCY, | | |
| Defendant(s). | | |

Pasquale Menna, Esquire, of full age, being duly sworn according to law, depose and say:

1.   I am an attorney at law of the State of New Jersey and have been in the past retained to represent the defendant Roland J. Pierson, improperly pleaded as Ronald J. Pierson.

2.   By way of introduction, the above civil matter arises out of an action commenced in 1999 by way of complaint by Walsh Securities against a number of co-defendants, including Mr. Pierson, who was a minor participant in a complicated matter that arose as a result of indictments from the United States Attorney's Office, District of New Jersey.

3.   Because of the criminal complaints filed by the United States Attorney against a number of individuals in the within litigation, discovery as well as trial proceedings were stayed for many years.

4.   I represented the defendant throughout the successful completion of the criminal proceedings. I was then retained to represent him in the defense of the civil action.

5.   An answer and cross-claim was filed by the Defendant Pierson to protect his interests in the above captioned litigation in 1996.

6.   The within matter laid dormant for many years.

7.   Due to financial difficulties that have arisen since the filing of the civil action, the defendant Roland J. Pierson filed a petition under Chapter 7 in the United States Bankruptcy Court for the District of New Jersey. Attached herewith is Exhibit A that is a copy of the United States Bankruptcy petition submitted by the Defendant Pierson on the 28th day of August 2001.

8. Attached herewith please find the petition filed in the United States Bankruptcy Court that clearly sets forth notification was provided to the defendants, claimants and cross claimants in the within civil action of the pendency of the Bankruptcy petition under Chapter VII.

9. Under the provisions of to the United States Bankruptcy Law, the plaintiff and all of the defendants were notified of a possibility of filing an objection to the Bankruptcy proceeding and attend a 341(a) Creditors Meeting.

10. No opposition was filed by any of the creditors to the filing of the Bankruptcy petition by Pierson, and no one attended the 341 hearing to object to the Bankruptcy.

11. After the Bankruptcy proceeding and the 341 hearing commenced, any and all interested parties and all of the Defendants and plaintiff had the opportunity to file an Adversary Proceeding to challenge the Pierson Bankruptcy in question and/or to file a Motion to remove the within litigation from the provisions of the Automatic Stay granted to the Defendant Pierson by the United States Bankruptcy Court.

12. At no time since the filing of the United States Bankruptcy Court petition, did either the Plaintiff nor any of the Defendants file any Motion in the United States Bankruptcy Court, nor file an Adversary Proceeding nor did they move to remove the Automatic Stay of the United States Bankruptcy Court concerning the claims of the Plaintiff and various co-defendants and any cross-claims against Pierson.

13. Thereafter, as the attached Exhibit B indicates, the Defendant Pierson was discharged of any and all claims that were included in the Untied States Bankruptcy Court petition, including any claims of the Plaintiff and/or the co-defendants that they may have against him.

14. Since the discharge in the United States Bankruptcy Court on the _2½ *th*_ day of _August_ 2001, no party, including the Plaintiff or co-defendants filed any action in the United States Bankruptcy Court to challenge or re-open the Bankruptcy Court petition to discharge the claims.

15. Consequently, under the provisions of the United States Bankruptcy Code, and pursuant to the applicable regulations adopted by the United States District Court for the District of New Jersey, as it concerns Bankruptcy petitions in civil actions, the claims by the Plaintiff as well as the co-defendants are barred from being prosecuted against the Defendant.

16. Consequently, it is respectfully submitted that the complaint by the Plaintiff as well as the cross claims are moot by the Bankruptcy Court Order and should be dismissed.

17.     The Plaintiff or cross claimants may move against the Defendant Pierson because of the United States Bankruptcy Court to vacate that action and proceed further. It is respectfully submitted that it is prejudicial and unfair to have the Defendant Pierson to continue to be represented in the civil proceeding, which was included in the Bankruptcy proceeding. The parties in the within action have a remedy and that is to move to reopen the Chapter VII filed by Pierson. The Plaintiff or co-defendants' failure precludes the Plaintiff and the co-defendants from forever proceeding against the Defendant Pierson on the within civil litigation and acts as a dismissal of the claims.

18.     The interests of justice dictate that the action called for in this matter be undertaken, since it is prohibitively expensive for the Defendant to continue to be

involved as a minor participant in this litigation that was disposed of by the United States Bankruptcy Court.

     I certify that the foregoing statements made by me are true to the best of my personal knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

PASQUALE MENNA, ESQUIRE

DATED: _March 23, 2005_

UNITED STATES BANKRUPTCY COURT
UNITED STATES DISTRICT OF NEW JERSEY
TRENTON DIVISION

**VOLUNTARY PETITION**

IN RE
*Pierson, Roland J.*

NAME OF JOINT DEBTOR
*Pierson, Marissa*

ALL OTHER NAMES used by the debtor in the last 6 years
*NONE*

ALL OTHER NAMES used by the joint debtor in the last 6 years
*NONE*

SOC. SEC #/TAX I.D #
*143 40 5357*

SOC. SEC #/TAX I.D #
*095 40 6767*

STREET ADDRESS OF DEBTOR
*2 Maryland Drive
Jackson, N.J. 08527*

STREET ADDRESS OF JOINT DEBTOR
*2 Maryland Drive
Jackson, N.J. 08527*

Ph:

COUNTY OF RESIDENCE OR BUSINESS
*Ocean*

COUNTY OF RESIDENCE OR BUSINESS
*Ocean*

MAILING ADDRESS OF DEBTOR
*SAME*

MAILING ADDRESS OF JOINT DEBTOR
*SAME*

BUSINESS DEBTOR'S PRINCIPAL ASSET LOCATION
*NOT APPLICABLE*

VENUE

[X] *Debtor's domicile, residence, or business assets were in this District for the 180 days preceding this petition.*

## INFORMATION REGARDING DEBTOR

DEBTOR TYPE: [X] *Joint (Husband & Wife)*
DEBT NATURE: [X] *Non Business/Consumer*

CHAPTER/SECTION: [X] *Chapter 7*
SMALL BUSINESS:
[  ] *Debtor is a small business - 11 USC 101*
[  ] *Elects small business - 11 USC 1121(e)*
FILING FEE: [X] *attached*

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY
*Pasquale Menna
170 Broad Street
Red Bank, New Jersey 07701*

Telephone No. *(732) 747-4300*

ATTORNEY(S) REPRESENTING DEBTOR

STATISTICAL ADMINISTRATIVE I

[X] *Funds will not be available for unsecured cr*

ESTIMATED NO. OF CREDITORS:     SARD#
ESTIMATED ASSETS (thousands):        [2] *16-49*
ESTIMATED LIABILITIES (thousands):   [3] *100-49*
ESTIMATED NO. OF EMPLOYEES:          [3] *100-49*
ESTIMATED EQUITY SECURITY HOLDERS:   [  ] *Not Ap*
                                     [  ] *Not Ap*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Case # 01-55721 tRTL
Filed: 08:30 AM, 05/09/01

Chapter 7
Trenton

Judge: Raymond Lyons
Trustee: Thomas Orr
Debtor(s):

Roland J. Pierson
Marissa Pierson

**First Meeting of Creditors**
10:00 AM, June 12, 2001
Trenton - chapter 7
U.S. Courthouse
402 East State Street, Room 129
Trenton, NJ 08608-1507

RECEIPT
# 000146380 - MG
10:49 AM, May 09, 2001

| Code | Qty | Amount |
|------|-----|--------|
| NF   | 1   | $30.00 |
| 07   | 1   | $170.00 |

ATTORNEY

**TOTAL PAID: $200.00**
From: Pasquale Menna
170 Broad Street
PO Box 762
Red Bank, NJ 07701-0000

"A"

3

Debtors: *Roland J. Pierson and Marissa Pierson*

Case No.:

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| NONE | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR

| Name of Debtor | Case Number | Date |
|---|---|---|
| NONE | | |
| Relationship | District | Judge |

### REQUEST FOR RELIEF

Debtor requests relief under the U.S. Code title 11 chapter specified in this petition.

### SIGNATURES

Attorney

X _____

Attorney: *Pasquale Menna*                              Date 12/23/00

**JOINT DEBTORS**

We declare under penalty of perjury that the information provided in this petition is true and correct.

X _____  Date 2/23/00
Debtor: *Roland J. Pierson*

X _____  Date 12/23/00
Joint Debtor: *Marissa Pierson*

**CORPORATE OR PARTNERSHIP DEBTOR**

I declare under penalty of perjury that the information in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.

X _____
Signature of Authorized Individual
Name:
Title:
                                              Date:

*If the Debtor is a corporation filing under chapter 11, Exhibit "A" is attached and made part of this petition.

**TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 S322)**

We are aware that we may proceed under chapter 7, 11, or 12 or 13 of title 11, U.S. Code understand the relief available under such chapter and choose to proceed under chapter 7 of such title. If we are represented by an attorney Exhibit "B" has been completed

X _____  Date 2/23/00
Debtor: *Roland J. Pierson*

X _____  Date 12/23/00
Joint Debtor: *Marissa Pierson*

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 USC S110)**

I certify that I am a bankruptcy petition preparer as defined in 11 USC S110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Name of Bankruptcy Petition Preparer:

**EXHIBIT "B"**

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, U.S. Code and have explained the relief available under such chapter

X _____  Date 2/23/00
Attorney: *Pasquale Menna*

All Others Who Assisted in Preparation:

X _____
Signature of Preparer

Failure to comply may result in fines or imprisonment or both   11 USC S110; 18 USC S156

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

**Chapter 7:** Liquidation ($130 filing fee plus $45 administrative fee)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to the priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

**Chapter 13:** Repayment of All or Part of the Debts of an Individual with Regular Income ($130 filing fee plus $30 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

**Chapter 11:** Reorganization ($800 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

**Chapter 12:** Family farmer ($200 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

12/22/00
Date

_____
Signature of Debtor

_____
Case Number

Debtor Copy / Court Copy
(B 201 Rev 1/95)

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. S341

## INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of:

(1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2) the effect of receiving a discharge of debts;
(3) the effect of reaffirming a debt; and
(4) your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

## WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception, and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years

## WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

## WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary  - they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt

Reaffirmation agreements must not impose an undue burden on you or your dependants and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at anytime before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

## OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three to five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,000 ($250,000 in unsecured debts and $750,000 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

# UNITED STATES BANKRUPTCY COURT
## FOR THE UNITED STATES DISTRICT OF NEW JERSEY
## TRENTON DIVISION

In re   *Roland J. Pierson*
     and
    *Marissa Pierson*

Case No.
Chapter 7

_____/ Debtors

Attorney for Debtor: Pasquale Menna

## STATEMENT Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b), Rules of Bankruptcy Procedure, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or promised by the Debtor(s), to the undersigned, is as follows:
   a) For legal services rendered, or to be rendered in contemplation of
      and in connection with this case . . . . . . . . . . . . . . . . . . . . . .  $ 800.00
   b) Prior to the filing of this Statement, Debtor(s) has paid. . . . . . . .  800.00
   c) Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  0.00

3. The Filing Fee *has been paid.*

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the
      debtor(s) in determining whether to file a petition under Title 11, U.S.C.
   b) Preparation and filing of the petition, schedules, statement of affairs and other
      documents required by the court.
   c) Representation of the debtor(s) at the first meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings,
   wages and compensation for services performed, and
   *none other.*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid
   balance remaining, if any, will be from earnings, wages and compensation for services
   performed, and *none other.*

7. The undersigned has received no transfer, assignment or pledge of property except the
   following for the value stated:
   *None.*

8. The undersigned has not shared or agreed to share with any other entity, other than
   with members of the undersigned's law firm, any compensation paid or to be paid except
   as follows: *None.*

Dated: 12/23/10

Respectfully submitted,

Attorney for Petitioner: *Pasquale Menna*
*170 Broad Street*
*Red Bank, New Jersey 07701*

## UNITED STATES BANKRUPTCY COURT
## FOR THE UNITED STATES DISTRICT OF NEW JERSEY
## TRENTON DIVISION

In re   *Roland J. Pierson*
and
*Marissa Pierson*

Case No.
Chapter 7

Attorney for Debtor: Pasquale Menna — — — — — — — — — — / Debtors

### SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 115,000.00 | | |
| B - Personal Property | Yes | 4 | $ 50,100.00 | | |
| C - Property Claimed As Exempt | Yes | 1 | | | |
| D - Creditor Holding Secured Claims | Yes | 1 | | $ 117,300.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | $ 71,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $ 52,195.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,948.33 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 2,899.00 |

Total Number of sheets
in ALL Schedules >  17

Total Assets > $   165,100.00

Total Liabilities > $   240,495.00

In re: _Roland J. Pierson and Marissa Pierson_ _____ ___ ___ / Debtors    Case No.

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | H W J C | Market Value of Debtor's Interest | Amount of Secured Claim |
|---|---|---|---|---|
| _2 Maryland Drive, Jackson, NJ_<br>Debtor's Interest: _Fee simple_ | | J | $ 115,000 | NONE |
| | | Total | $ 115,000 | |

In re: _Roland J. Pierson and Marissa Pierson_ ___ ___ ___ ___ / Debtors   Case No. ___

## SCHEDULE B - PERSONAL PROPERTY

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|
| 1. Cash on hand. _Cash_ | | | |
| | Location: _In debtor's possession_ | J | $ 500 |
| 2. Checking, savings or other financial accounts, certificates of deposits or shares in banks, savings, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. _Rutgers Checking Acct_ | | | |
| | Location: _In debtor's possession_ | J | $ 300 |
| _Summit Bank Checking Acct/Jackson NJ_ | Location: _In debtor's possession_ | J | $ 300 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. [x] NONE | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. _Furniture_ | | | |
| | Location: _In debtor's possession_ | J | $ 8,000 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. [x] NONE | | | |
| 6. Wearing apparel. _Clothes_ | | | |
| | Location: _In debtor's possession_ | J | $ 4,000 |
| 7. Furs and jewelry. [x] NONE | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. [x] NONE | | | |
| 9. Interests in insurance policies. [x] NONE | | | |
| 10. Annuities. [x] NONE | | | |

In re: _Roland J. Pierson and Marissa Pierson_ _____ _____ _____/ Debtors    Case No.

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. _Marissa Retirement Fund_  Location: _In debtor's possession_ | | J | $ 25,000 |

12. Stock and interests in incorporated and unincorporated businesses.
     [x] NONE

13. Interests in partnerships or joint ventures.
     [x] NONE

14. Government and corporate bonds and other negotiable and non-negotiable instruments.
     [x] NONE

15. Accounts receivable.
     [x] NONE

16. Alimony, maintenance, support, and property settlements, to which the debtor is or may be entitled.
     [x] NONE

17. Other liquidated debts owing debtor including tax refunds.
     [x] NONE

18. Equitable and future interests, life estates, and rights of power exercisable for the benefit of the debtor other than those listed in Schedule of Real Property.
     [x] NONE

19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust.
     [x] NONE

20. Other contingent and unliquidated claims of every nature, including tax refunds, counter claims of the debtor, and the rights to setoff claims.
     [x] NONE

21. Patents, copyrights, and other intellectual property.
     [x] NONE

In re: *Roland J. Pierson and Marissa Pierson* _____ ___ ____ ___/ Debtors    Case No.

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Description of Property | Location | H W J C | Market Value of Debtor's Interest Before Claim |
|---|---|---|---|
| 22. Licenses, franchises, and other general intangibles. [x] NONE | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | | |
| *1989 Isuzu Trooper 195,000 miles* | Location: *In debtor's possession* | J | $ 1,000 |
| *1998 Kia Sephia car* | Location: *In debtor's possession* | J | $ 10,000 |
| *Ford Escort 1989* | Location: *In debtor's possession* | J | $ 1,000 |
| 24. Boats, motors, and accessories. [x] NONE | | | |
| 25. Aircraft and accessories. [x] NONE | | | |
| 26. Office equipment, furnishings, and supplies. [x] NONE | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. [x] NONE | | | |
| 28. Inventory. [x] NONE | | | |
| 29. Animals. [x] NONE | | | |
| 30. Crops - growing or harvested. [x] NONE | | | |
| 31. Farming equipment and implements. [x] NONE | | | |
| 32. Farm supplies, chemicals, and feed. [x] NONE | | | |
| 33. Other personal property of any kind not already listed. [x] NONE | | | |

Total    $ 50,100

Schedule B - page 3 of 3

In re: _Roland J. Pierson and Marissa Pierson_ _____/ Debtors   Case No.

## SCHEDULE C - PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
[x] 11 USC 522(b)(1): Exemptions provided in 11 USC 522(d).

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property w/o Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| _1 Maryland Drive, Jackson, NJ_ | _11 USC 522(d)(1)_ | $ 30,000 | $ 115,000 |
| **Cash on hand** | | | |
| _Cash_ | _10 USC 1035(a)_ | $ 500 | $ 500 |
| **Deposits of money with banks, etc** | | | |
| _Rutgers Checking Acct_ | _11 U.S.C. 522(d)(5)_ | $ 300 | $ 300 |
| _Summit Bank Checking Acct/Jackson NJ_ | _11 U.S.C. 522(d)(5)_ | $ 300 | $ 300 |
| **Household goods and furnishings** | | | |
| _Furniture_ | _11 USC 522(d)(3)_ | $ 8,000 | $ 8,000 |
| **Wearing apparel** | | | |
| _Clothes_ | _11 USC 522(d)(3)_ | $ 4,000 | $ 4,000 |
| **Interests in pension or profit sharing plans** | | | |
| _Marissa Retirement Fund_ | _11 USC 522(d)(10)(E)_ | $ 25,000 | $ 25,000 |
| **Automobiles, trucks, trailers, etc, and accessories** | | | |
| _1989 Isuzu Trooper 195,000 miles_ | _11 USC 522(d)(2)_ | $ 1,000 | $ 1,000 |
| _1998 Kia Sephia car_ | _11 USC 522(d)(2)_ | $ 3,800 | $ 10,000 |
| _Ford Escort 1989_ | _11 USC 522(d)(2)_ | $ 0 | $ 1,000 |

In re: _Roland J. Pierson and Marissa Pierson_ ___ ____. ___ _/ Debtors    Case No. ____

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| Creditor Name and Address | Date, Nature of Lien, Description & Value | Claim Amount | Unsecured Portion and Notes* |
|---|---|---|---|
| 1. Account No. 403955479<br>Americredit Financial Services<br>P.O. Box 961091<br>Fort Worth, TX 76161 | 1998<br>Non-Purchase Money Security<br>1998 Kia Sephia<br>Value: $ 10,000.00 | $ 11,000.00 | $ 1,000.00<br>*Joint Debt |
| 2. Account No. 0303150561<br>Fleet Mortgage Group<br>P.O. Box 3139<br>Milwaukee, WI 53201 3139 | 1991<br>Purchase Money Security<br>2 Maryland Drive, Jackson, N.J.<br>Value: $ 115,000.00 | $ 98,000.00 | $ 0.00<br>*Joint Debt |
| 3. Account No.<br>Old Republic<br>650 Bloomfield Avenue<br>Bloomfield, N.J. 07003 | 1998<br>Non-Purchase Money Security<br>2 Maryland Drive, Jackson, NJ<br>Value: $ 0.00 | $ 8,300.00 | $ 8,300.00<br>*Joint Debt |

No continuation sheets attached

Subtotal:   $ 117,300.00
Total:   $ 117,300.00

In re: *Roland J. Pierson and Marissa Pierson* _____ ____ / Debtors   Case No.

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### PRIORITY TYPE: Taxes and Certain Other Debts Owed to Governmental Units

| Creditor Name and Address | Claim Date and Consideration | Claim Amount | Amount with Priority and Notes* |
|---|---|---|---|
| 1. Account No.<br>United States of America<br>Dept. of Justice/US Atty<br>50 Walnut Street<br>Newark, N.J. 07101 | 2000<br>Fines & Criminal Rest/Unknown amt. | $ 71,000.00 | $ 71,000.00<br>*Husband's Debt |

Continuation sheet no. 1 of 1          Subtotal:   $ 71,000.00
                                                          Total:   $ 71,000.00

In re: *Roland J. Pierson and Marissa Pierson* _____ / Debtors    Case No.

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[ ] Debtor has no creditors holding unsecured priority claims to report on this
Schedule E.

TYPES OF PRIORITY CLAIMS

[ ] **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs
after the commencement of the case but before the earlier of the appointment of a
trustee or the order for relief.  11 U.S.C. S507(a)(2).

[ ] **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay
owing to employees and commissions owing to qualifying independent sales
representatives up to $4000* per person earned within 90 days immediately preceding
the filing of the original petition, or the cessation of business, whichever
occurred first, to the extent provided in 11 U.S.C. S507(a)(3).

[ ] **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately
preceding the filing of the original petition, or the cessation of business, whichever
occurred first, to the extent provided in 11 U.S.C. S507(a)(4).

[ ] **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4000* per farmer or fisherman, against
the debtor, as provided in 11 U.S.C. S507(a)(5).

[ ] **Deposits by individuals**
Claims of individuals up to $1800* for deposits for the purchase, lease, or rental of
property or services for personal, family, or household use, that were not delivered
or provided.  11 U.S.C. S507(a)(6).

[ ] **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or
support, to the extent provided in 11 U.S.C. S507(a)(7).

[X] **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental
units as set forth in 11 U.S.C. S507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift
Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve
System, or their predecessors or successors, to maintain the capital of an insured
depository institution.  11 U.S.C. S507(a)(9).

* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter
with respect to cases commenced on or after the date of adjustment.

1 Continuation sheet attached

_In re_: _Roland J. Pierson and Marissa Pierson_ _____ ___ ___/ Debtors   Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor Name and Address | Date Claim was Incurred Consideration for Claim | Claim Amount and Notes* |
|---|---|---|
| 1. Account No. 5457150021752050<br>Associates Master Card<br>P.O. Box 142319<br>Irving, Texas 75014 | 1998<br>Credit card purchases | $ 1,500.00<br>*Joint Debt |
| 2. Account No.<br>Capital Asset Management<br>10 West Bergen PLace<br>Red Bank, N.J. 07701 | 1997<br>Lawsuit | $ 0.00<br>*Husband's Debt |
| Ronald Reisner Esq.   Representing: Capital Asset Management<br>P.O. Box 8909<br>Red Bank, N.J. 07701 | | |
| 3. Account No. 4121741518035295<br>Capital One<br>P.O.Box 85147<br>Richmond, Va. 23285-5147 | 1998<br>Credit card purchases | $ 175.00<br>*Joint Debt |
| 4. Account No. 4121741318470692<br>Capital One Bank<br>P.O. Box 85147<br>Richmond, Va. 23285-5147 | 1998<br>Credit card purchases | $ 4,200.00<br>*Joint Debt |
| 5. Account No. 5491040232193160<br>Chase<br>P.O. Box 15655<br>Wilmington, DE 19886 | 1997<br>Credit card purchases | $ 11,000.00<br>*Joint Debt |
| 6. Account No. 4128003175899668<br>Citibank Advantage<br>P.O. Box 8001<br>S. Hackensack, N.J. 07606 | 1998<br>Credit card purchases | $ 3,500.00<br>*Joint Debt |
| 7. Account No. 4271382088423112<br>Citibank Preferred Visa<br>P.O. Box 8001<br>S. Hackensack, N.J. 07606 | 1998<br>Credit card purchases | $ 5,200.00<br>*Joint Debt |
| 8. Account No.<br>Coastal Title Ins.<br>21 West Main Street<br>Freehold, N.J. 07728 | 1997<br>Lawsuit | $ 0.00<br>*Husband's Debt |

3 continuation sheets attached

Subtotal:   $ 25,575.00

In re: Roland J. Pierson and Marissa Pierson _____ __ ___ ___/ Debtors   Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| Creditor Name and Address | Date Claim was Incurred Consideration for Claim | Claim Amount and Notes* |
|---|---|---|
| 9.  Account No.<br>Commonwealth Land Title Ins.<br>90 E. Halsey Road<br>Suite 108<br>Parsippany, N.J. 07054 | 1997<br>Lawsuit | $ 0.00<br>*Husband's Debt |
| 10.  Account No.<br>Cristo Property Management<br>809 Highway 36<br>Union Beach, N.J. 07735 | 1997<br>Lawsuit | $ 0.00<br>*Husband's Debt |
|     Michael Washor Esq.<br>    275 Madison Avenue<br>    10th Floor<br>    N.Y.C. N.Y. 10016 | Representing: Cristo Property Management | |
| 11.  Account No.<br>DAP Cansulting Inc.<br>Anthony D'Apolito<br>86 Parker Road<br>West Long Branch, N.J. 07764 | 1997<br>Lawsuit | $ 0.00<br>*Husband's Debt |
|     Charles Uliano Esquire<br>    268 Norwood Avenue<br>    West Long Branch, N.J. 07764 | Representing: DAP Cansulting Inc. | |
| 12.  Account No. 6011001851517583<br>Discover Card<br>P.O. Box 6011<br>Dover, DE 19903-6011 | 1998-9<br>Credit card purchases | $ 4,300.00<br>*Joint Debt |
| 13.  Account No.<br>Express Auto Repair<br>103 River Avenue<br>Lakewood, N.J. | 1999<br>Arrearage on Executory Contract | $ 500.00<br>*Joint Debt |
| 14.  Account No.<br>Fidelity Nat. Title Ins of NY<br>106 Apple Street<br>Suite 300<br>Tinton Falls, N.J. 07724 | 1997<br>Lawsuit | $ 0.00<br>*Husband's Debt |

Sheet no. 1 of 3

Subtotal:     $ 4,800.00

_In re_: _Roland J. Pierson and Marissa Pierson_ _____/ Debtors   Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| Creditor Name and Address | Date Claim was Incurred Consideration for Claim | Claim Amount and Notes* |
|---|---|---|
| 15. Account No. 4053555002121987<br>First NA National Bank<br>P.O. Box 42336<br>Richmond, Va. 23242-2336 | 1997<br>Credit card purchases | $ 275.00<br>*Joint Debt |
| 16. Account No. 4168100005968712<br>First Select Corp.<br>5040 Johnson Drive<br>P.O. Box 9104<br>Pleasanton, CA 94566 | 1998-9<br>Credit card purchases | $ 14,000.00<br>*Joint Debt |
| 17. Account No. 01082435<br>LabCorp<br>P.O. Box 2240<br>Burlington, N.C. 27216-2240 | 1999<br>Medical bills | $ 45.00<br>*Joint Debt |
| 18. Account No. 43001047028<br>Macy's<br>P.O. Box 4564<br>Carol Strm. IL. 60197 | 1999<br>Credit card purchases | $ 250.00<br>*Joint Debt |
| 19. Account No.<br>National Home Funding Inc.<br>3443 Highway 9 North<br>Freehold, N.J. 07728 | 1997<br>Lawsuit | $ 0.00<br>*Husband's Debt |
|     Michael D. Schottland Esq.<br>    36 W Main Street<br>    Freehold, N.J. 07728 | Representing: National Home Funding Inc. | |
| 20. Account No. 4356151086182089<br>Nations Bank<br>P.O. Box 85350<br>Louisville, KY 40285 | 1999<br>Credit card purchases | $ 1,800.00<br>*Joint Debt |
| 21. Account No.<br>Nations Title Insurance Co.<br>106 Apple Street<br>Suite 300<br>Tinton Falls, N.J. 07724 | 1997<br>Lawsuit | $ 0.00<br>*Husband's Debt |
|     John Martini Esq.<br>    997 Lenox Drive<br>    Lawrenceville, N.J. 08648 | Representing: Nations Title Insurance Co. | |

Sheet no. 2 of 3

Subtotal:   $ 16,370.00

In re: _Roland J. Pierson and Marissa Pierson_____ ___ ___ ___ / Debtors      Case No. ____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| Creditor Name and Address | Date Claim was Incurred Consideration for Claim | Claim Amount and Notes* |
|---|---|---|
| 22. Account No. 8320036731600 Nobody Beats the Wiz P.O. Box 105981 Dept. 83 Atlanta, Georgia 30353 | 1998 Credit card purchases | $ 1,400.00 *Joint Debt |
| 23. Account No. 3722841996-81008 Optima Card/AmEx Centurion P.O. Box 0001 Los Angeles, CA 90096-0001 | 1999 Credit card purchases | $ 450.00 *Joint Debt |
| 24. Account No. 0572833426354 Sears Card P.O. Box 555 Columbus, OH 43216 | 1998 Credit card purchases | $ 2,200.00 *Joint Debt |
| 25. Account No. 38110441 Sterns P.O. Box 4591 Carol Strm, IL 60197-4591 | 1998 Credit card purchases | $ 1,400.00 *Joint Debt |
| 26. Account No. Walsh Securities Inc. Latham & Watkins   Representing: Walsh Securities Inc, One Newark Center, 16th Floor Newark, N.J. 07101-3174 | 1996 Lawsuit | $ 0.00 *Joint Debt |

Sheet no. 3 of 3

|  | Subtotal: | $ 5,450.00 |
|---|---|---|
|  | Total: | $ 52,195.00 |

In re: *Roland J. Pierson and Marissa Pierson* _____ _____ / Debtors   Case No.

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and Address of Other Parties to Instrument | Notes of Contract or Lease and Debtor's Interest |
|---|---|

[X] No executory contracts or unexpired leases.

In re: *Roland J. Pierson and Marissa Pierson* _____ , _____ _/ Debtors    Case No.

## SCHEDULE H - CODEBTORS

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|

[X] Debtor has no codebtors.

In re: _Roland J. Pierson and Marissa Pierson_ _____ _____/ Debtors    Case No.

## SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

DEBTOR'S MARITAL STATUS: _Married_

DEPENDENTS OF DEBTOR AND SPOUSE: None

EMPLOYMENT:

|  | DEBTOR | SPOUSE |
|---|---|---|
| Occupation: | Unemployed | College admin. |
| Name of Employer: | | Rutgers University |
| How Long Employed: | | 10 years |
| Employer Address: | | New Brunswick, N.J. |

|  | DEBTOR | SPOUSE |
|---|---|---|
| INCOME: | | |
| Current monthly gross wages, salary, and commissions | $ 0.00 | $ 4,421.67 |
| Estimated monthly overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 0.00 | $ 4,421.67 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 1,473.33 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other: | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 1,473.33 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 2,948.33 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social security or other government assistance | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 0.00 | $ 2,948.33 |
| TOTAL COMBINED MONTHLY INCOME | $ 2,948.33 | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

   NONE

In re: *Roland J. Pierson and Marissa Pierson* ___ ___ ___ ___/ Debtors     Case No. ___

## SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 1,146.00 |
| Are real estate taxes included?    Yes ___   No x | |
| Is property insurance included?   Yes ___   No x | |
| Utilities: Electricity and heating fuel | |
|       Water and sewer | $ 150.00 |
|       Telephone | $ 60.00 |
|       Other Cable | $ 100.00 |
|         Garbadge | $ 50.00 |
| Home maintenance (repairs and upkeep) | $ 30.00 |
| Food | $ 70.00 |
| Clothing | $ 300.00 |
| Laundry and Dry cleaning | $ 20.00 |
| Medical and Dental expenses | $ 30.00 |
| Transportation (not including car payments) | $ 40.00 |
| Recreation, clubs, and entertainment, newspaper, magazines, etc. | $ 100.00 |
| Charitable contributions | $ 20.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | $ 0.00 |
|       Homeowner's or renter's | |
|       Life | $ 30.00 |
|       Health | $ 30.00 |
|       Auto | $ 0.00 |
|       Other 2nd Loan TIAA | $ 150.00 |
| Taxes (not deducted from wages or included in home mortgages) | $ 30.00 |
| Installment payments: | $ 0.00 |
|       Auto | |
|       Other Windows 2nd loan | $ 279.00 |
|         TIAA Loan | $ 154.00 |
| Alimony, maintenance, and support paid to others | $ 200.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm | $ 0.00 |
| (attach detailed statement) | |
| Other | $ 0.00 |
| | $ 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 2,899.00 |

# UNITED STATES BANKRUPTCY COURT
## FOR THE UNITED STATES DISTRICT OF NEW JERSEY
### TRENTON DIVISION

In re   *Roland J. Pierson*
and
*Marissa Pierson*

Case No. 01-56721 (KCF)
Chapter 7

Attorney for Debtor: Pasquale Menna _____ / Debtors

## STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from Employment or Operation of Business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this case calendar year.

*Wages*
Income, year to date:
    Last year: *$63,632.51*
Year before:
    Source(s): *Rutgers, BOE of East Brunswick, Spherion Corp.*

### 2. Income other than from Employment or Operation of Business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.

[X] None

### 3. Payments to Creditors.

a. List all payments on loans, installments, purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.

[X] None

Statement of Affairs -- Page 1

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.

[X] None

## 4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments.

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

Case title: *USA v. Pierson*
Case #: *CR 98-427*
Court/Agency location: *USDist Ct NJ Newark*
Nature of proceeding: *Criminal Indictment*
Suit status: *Plea entered/awaiting sentence*

Case title: *Walsh Securities Inc. v. Pierson et als.*
Case #: *CV 97-3496 (WGB)*
Court/Agency location: *USDist Ct NJ Newark*
Nature of proceeding: *Civil Action & RICO claim multiple defendants*
Suit status: *In litigation*

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

[X] None

## 5. Repossessions, Foreclosures and Returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

[X] None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.

[X] None

## 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

[X] None

## 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

[X] None

## 9. Payments Related to Debt Counseling or Bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Payee: *Pasquale Menna*
Address: *170 Broad Street*
Addr2: *Red Bank, New Jersey 07701*
Date of payment:
Payor: *Roland J. Pierson*
Payment/Value: *$ 800.00*

<u>10. Other Transfers.</u>

    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as a security within one year immediately preceding the commencement of this case.

    [X] None

<u>11. Closed Financial Accounts.</u>

    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

    [X] None

<u>12. Safe Deposit Boxes.</u>

    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.

    [X] None

<u>13. Setoffs.</u>

    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.

    [X] None

14. Property held for Another Person.

    List all property owned by another person that the debtor holds or controls.

    [X] None

15. Prior Address of Debtor.

    If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.

    [X] None

16. Nature, Location and Name of Business.

    a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

    b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within two years immediately preceding the commencement of this case.

    c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within two years immediately preceding the commencement of this case.

    [X] None

17. Books, records and financial statements.

a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised keeping of books of account and records of the debtor.

[X] None

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

[X] None

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

[X] None

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

[X] None

18. Inventories.

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

[X] None

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

[X] None

19. Current Partners, Officers, Directors and Shareholders.

    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

    [X] None

    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

    [X] None

20. Former partners, officers, directors and shareholders.

    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

    [X] None

    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

    [X] None

21. Withdrawals from a Partnership or Distributions by a Corporation.

    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

    [X] None

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.

Date: _6/27/01_                    _____
                                   Marisa Pierson

Date: _6/29/01_                    _____
                                   Roland J. Pierson


Penalty for making a false statement or concealing property.  Fine of up to $500,000.00 or imprisonment for up to 5 years or both.  18 U.S.C. SS 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## FOR THE UNITED STATES DISTRICT OF NEW JERSEY
### TRENTON DIVISION

In re   *Roland J. Pierson*
      and
    *Marissa Pierson*

Case No.
Chapter 7

Attorney for Debtor: Pasquale Menna ———— —— ——————— —— ——__/ Debtors

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION - JOINT DEBTS

1. We Roland J. Pierson and Marissa Pierson, the debtors, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. Our intention with respect to the property of the estate which secures those consumer debts is as follows:

a. Property to be Surrendered

Description of Property        Creditor's Name

    NONE

b. Property to be Retained

| Description of Property | Creditor's Name | Intention |
|---|---|---|
| 1998 Kia Sephia | Americredit Financial Services | Reaffirm 524(c)* |
| 2 Maryland Drive, Jackson, N.J. | Fleet Mortgage Group | Reaffirm 524(c)* |
| 2 Maryland Drive, Jackson, NJ | Old Republic | Reaffirm 524(c)* |

*524(c): Debt will be reaffirmed pursuant to Sec. 524(c)

3. I understand that 521(2)(B) of the Bankruptcy Code requires that I perform the above stated intentions within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

Debtor: *Roland J. Pierson*            Joint Debtor: *Marissa Pierson*

Date:

# UNITED STATES BANKRUPTCY COURT
## FOR THE UNITED STATES DISTRICT OF NEW JERSEY
### TRENTON DIVISION

In re   Roland J. Pierson
      and
    Marissa Pierson

Attorney for Debtor: Pasquale Menna

Case No.
Chapter 7

_____/ Debtors

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Dated: 12/23/00

Debtor

Joint Debtor

Roland J. Pierson
2 Maryland Drive
Jackson, N.J. 08527


Marissa Pierson
2 Maryland Drive
Jackson, N.J. 08527


Pasquale Menna
170 Broad Street
Red Bank, New Jersey 07701


Americredit Financial Services
P.O. Box 961091
Fort Worth, TX 76161


Associates Master Card
P.O. Box 142319
Irving, Texas 75014


Capital Asset Management
10 West Bergen PLace
Red Bank, N.J. 07701


Capital One
P.O.Box 85147
Richmond, Va. 23285-5147

Capital One Bank
P.O. Box 85147
Richmond, Va. 23285-5147


Charles Uliano Esquire
268 Norwood Avenue
West Long Branch, N.J. 07764


Chase
P.O. Box 15655
Wilmington, DE  19886


Citibank Advantage
P.O. Box 8001
S. Hackensack, N.J. 07606


Citibank Preferred Visa
P.O. Box 8001
S. Hackensack, N.J. 07606


Coastal Title Ins.
21 West Main Street
Freehold, N.J. 07728


Commonwealth Land Title Ins.
90 E. Halsey Road
Suite 108
Parsippany, N.J. 07054

Cristo Property Management
809 Highway 36
Union Beach, N.J. 07735


DAP Consulting Inc.
Anthony D'Apolito
86 Parker Road
West Long Branch, N.J. 07764


Discover Card
P.O. Box 6011
Dover, DE 19903-6011


Express Auto Repair
103 River Avenue
Lakewood, N.J.


Fidelity Nat. Title Ins of NY
106 Apple Street
Suite 300
Tinton Falls, N.J. 07724


First NA National Bank
P.O. Box 42336
Richmond, Va. 23242-2336


First Select Corp.
5040 Johnson Drive
P.O. Box 9104
Pleasanton, CA 94566

National Home Funding Inc.
3443 Highway 9 North
Freehold, N.J. 07728


Nations Bank
P.O. Box 85350
Louisville, KY 40285


Nations Title Insurance Co.
106 Apple Street
Suite 300
Tinton Falls, N.J. 07724


Nobody Beats the Wiz
P.O. Box 105981
Dept. 83
Atlanta, Georgia 30353


Old Republic
650 Bloomfield Avenue
Bloomfield, N.J. 07003


Optima Card/AmEx Centurion
P.O. Box 0001
Los Angeles, CA 90096-0001


Ronald Reisner Esq.
P.O. Box 8909
Red Bank, N.J. 07701

Form B18(Official Form 18)
(9/97)

United States Bankruptcy Court
District of New Jersey
United States Bankruptcy Court
District of New Jersey
402 E. State Street
Trenton, NJ 08608-1507

In Re:

Roland J. Pierson
2 Maryland Dr.
Jackson, NJ 8527
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

)
)
)
)
)
Debtor(s):   )
) **Case Number: 01-55721**

Marissa Pierson
2 Maryland Dr.
Jackson, NJ 8527
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

)
)
)
)
)
) Chapter: 7
)
)
)
)
)

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:**  The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**Date: August 28, 2001**

**BY THE COURT**

Honorable Raymond T. Lyons, Jr.
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

"B"