Thoms D. Flinn, Esq. (TDF 1849)
GARRITY, GRAHAM, FAVETTA & FLINN
A Professional Corporation
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ 07042
Telephone: 973-509-7500
**Attorneys for  Defendant, Anthony M. Cicalese, Esq.**
**Our File No. 240.02982/TDF**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : |
| Plaintiff, | : Action No.: CV 97-3496(WGB) |
| vs. | : Hon. William G. Bassler |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DiBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND PIERSON, STANLEY YACKER ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE CO., NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL NATIONAL TITLE INSURANCE CO. OF NEW YORK, COASTAL TITLE AGENCY, STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, and VECCHIO REALTY INC. d/b/a BETTER HOMES and GARDENS, | : **DEFENDANT, ANTHONY M. CICALESE, ESQ.'S ANSWER TO ALL CROSS-CLAIMS, CROSS-CLAIM FOR CONTRIBUTION, CROSS-CLAIM FOR INDEMNIFICATION, AND SEPARATE DEFENSES** |
| Defendants. | : |

Defendant, Anthony M. Cicalese, Esq., by way of Answer to all crossclaims filed against the same by all parties and assert:

## ANSWER TO ALL CROSSCLAIMS

Defendant, Anthony M. Cicalese, Esq., by way of answer to any and all crossclaims which may be asserted against him now and in the future, says:

Defendant, Anthony M. Cicalese, Esq. herein denies any and all crossclaims raised against him by any co-defendant in this action, including those claims which may seek contribution or indemnification that have been asserted against him or will be asserted against him in the future.

**WHEREFORE**, defendant, Anthony M. Cicalese, Esq. demands judgment dismissing any and all crossclaims with prejudice plus attorneys' fees and costs.

## CROSSCLAIM FOR CONTRIBUTION

Defendant, Anthony M. Cicalese, Esq. denies liability with respect to plaintiff's claims.  However, if defendant is adjudged liable, then defendant demands contribution from all co-defendants. Said co-defendants shall include all co-defendants named as parties in the future and shall not be limited to: Cristo Property Managements, Ltd. a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets

2

Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esquire, Michael Alfieri, Esquire, Richard Pepsny, Esquire, Lawrence J. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Stewart Title Guaranty Company, Irene DiFeo, Donna Pepsny, Weichert Realtors and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Garden, pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53a.

## **CROSSCLAIMS FOR INDEMNIFICATION**

Defendant, Anthony M. Cicalese, Esq. denies any liability with respect to plaintiff's claim.  However, if defendant is adjudged liable to plaintiff, the defendant demands equal indemnification from all co-defendants. Said co-defendants shall include all co-defendnats named as parties in the future and shall not be limited to:  Cristo Property Management, Ltd. a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Managements, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esquire, Michael

3

Alfieri, Esquire, Richard Pepsny, Esquire, Lawrence J. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Stewart Title Guaranty Company, Irene DiFeo, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction and subject matter jurisdiction over this claim.

### SECOND AFFIRMATIVE DEFENSE

The Third Amended Complaint herein fails to state a claim upon which relief can be granted and the defendant reserves the right to move at or before the time of trial to dismiss same.

### THIRD AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to, the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant, and, accordingly, the claimant's claim is barred as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is estopped from proceeding with this alleged cause of action.

4

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff has waived its right to bring this suit of action against the defendant.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff is guilty of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and the Third Amended Complaint should be dismissed pursuant to the "Entire Controversy Doctrine."

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's actions are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Any and all injuries and damages sustained were the result of a third party over whom the defendant had no control.

**TENTH AFFIRMATIVE DEFENSE**

The damages of the plaintiff, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

The alleged incidents which form the basis of this litigation and which allegedly caused injuries and damages to the plaintiff was

proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the defendant filing this Answer and the right of the plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties to this litigation. Accordingly, this defendant seeks an adjudication of the percentage of fault or the plaintiff and each and every other person whose fault contributed to these alleged incidents.

### TWELFTH AFFIRMATIVE DEFENSE

Demand and claim for contribution under the terms and conditions of the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:52a, et. seq.) is made against co-defendants in this matter.

### THIRTEENTH AFFIRMATIVE DEFENSE

This defendant is entitled to a determination of the percentage shares of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

This defendant acted on reasonable grounds and without malice, and, therefore, is not responsible to the plaintiff for any alleged damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to establish an "enterprise" under 18 U.S.C. § 1962(c).

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to establish a pattern of racketeering under 18 U.S.C. § 2963(c).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to establish any requisite underlying predicate acts under 18 U.S.C. § 1962(c).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This defendant did not participate in a RICO conspiracy.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to establish an "association in fact enterprise" under 18 U.S.C. § 1962(c).

**TWENTIETH AFFIRMATIVE DEFENSE**

The Third Amended Complaint has been pleaded against this defendant in bad faith.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate damages.

7

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff has sustained no damage, loss or injury as a result of any act or failure to act on the part of this defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own contributory negligence and lack of diligence.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Negligence, if any, of this defendant was not a proximate cause of any loss or damage incurred by the plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Losses, if any, were caused or substantially contributed to by the wrongful conduct, criminal acts, fraudulent conduct, misrepresentations and negligence of persons other than this defendant.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This defendant acted in good faith and with reasonable and justified reliance upon the disclosed acts and representations of others.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Wrongful conduct, criminal acts, fraudulent conduct and misrepresentations of other persons may not be imputed in any way to

this defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant did not knowingly participate in, assent to, or ratify an wrongful conduct, criminal acts, fraudulent, or misrepresentation by any person.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of damages which it alleged was sustained and, accordingly, the Third Amended Complaint must be dismissed in its entirety.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff, by its own actions, caused and aggravated its damages and accordingly, the Third Amended Complaint herein must be dismissed in its entirety.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This defendant owed no duty to plaintiff.

**DEMAND FOR TRIAL BY JURY**

Defendant, Anthony M. Cicalese, Esq. hereby demands a trial by jury on all issues in the above-entitled cause of action as to Plaintiff's Complaint.

                                     GARRITY, GRAHAM, FAVETTA & FLINN
                                     Attorneys for Defendant,
                                     Anthony M. Cicalese, Esq.


                                   BY: /S THOMAS D. FLINN (TDF 1849)
                                         THOMAS D. FLINN

Dated:   April 27, 2005

M:\Data\CLI\240\029\82\Pleadings\Answer to all crossclaims w-addt'l defs.wpd