


## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., : <br><br> v.　　　　Plaintiff, : <br><br> CRISTO PROPERTY MANAGEMENT, LTD., : et al., : <br>　　　　　　　: <br>　　　　Defendants. : <br> and : <br>　　　　　　: <br> COMMONWEALTH LAND TITLE INSURANCE : COMPANY, : <br>　　　　　　　: <br>　　　　Defendant/Third Party Plaintiff, : <br> v. : <br>　　　　　　　: <br> ROBERT WALSH and : ELIZABETH ANN DeMOLA, : <br>　　　　　　　: <br>　　　　Third Party Defendants. : <br>　　　　　　　: <br>　　　　　　　: | Civil Action No. 97-3496 (WGB) <br> Honorable William G. Bassler |

---

**THIRD PARTY PLAINTIFF COMMONWEALTH LAND TITLE INSURANCE COMPANY'S BRIEF IN OPPOSITION TO THIRD PARTY DEFENDANT WEICHERT, REALTORS MOTION TO DISMISS, AS IT RELATES TO COMMONWEALTH LAND TITLE INSURANCE COMPANY'S THIRD PARTY COMPLAINT**

---

David R. Kott, Esq. (DK-4593)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party
Plaintiff Commonwealth Land
and Title Company Insurance
Company

Of Counsel:　David R. Kott, Esq.

On the Brief:　David R. Kott, Esq.
　　　　　　Natalie S. Watson, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 2

LEGAL ARGUMENT ........................................................................................................... 2

    POINT I ................................................................................................................... 2

        WEICHERT HAS FAILED TO ASSERT A STATUTE OF
        LIMITATIONS DEFENSE AGAINST
        COMMONWEALTH; EVEN IF SHE HAD, SUCH A
        DEFENSE WOULD FAIL BECAUSE
        COMMONWEALTH'S CLAIM HAS NOT YET
        ACCRUED ................................................................................................. 2

    POINT II ................................................................................................................. 4

        SHOULD THE COURT GRANT WEICHERT'S
        MOTION TO DISMISS PLAINTIFF'S CLAIMS BASED
        ON STATUTE OF LIMITATIONS BAR, SUCH A
        DISMISSAL SHOULD NOT SERVE TO DISMISS
        CROSS-CLAIMS AGAINST WEICHERT ............................................... 4

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aetna Insurance Co. v. Newton*, 398 F.2d 729 (3d Cir. 1968)..............................................3

*Fairview Park Excavating Co., Inc. v. Al Monzo Construction Co., Inc.*, 560 F.2d 1122 (3d Cir. 1977).......................................................................................................3

*Fronmeyer v. L. & R. Construction Co., Inc.*, 139 F. Supp. 579 (D.N.J. 1956)..................3

## STATE CASES

*Holloway v. State*, 125 N.J. 386 (1991) ...............................................................................2

*Markey v. Skog*, 129 N.J. Super. 129 (Law Div. 1974) ........................................................2

*McGlone v. Corbi*, 59 N.J. 86 (1971) ...................................................................................1

*Mettinger v. Globe Slicing Machine Co.*, 153 N.J. 371 (1998) ............................................1

*S.P. v. Collier high School*, 319 N.J. Super. 452 (App. Div. 1999).....................................2

## STATUTES

NJS 2A:53A-1 et seq.   ........................................................................................................3

## MISCELLANEOUS

57 ADR 3d 867 at § 3(a)........................................................................................................2

Mahoney, Comparative Fault and Liability Apportionment (GANN, 2005) ......................2

### PRELIMINARY STATEMENT

We represent the defendant Commonwealth Land Title Insurance Company (hereinafter "Commonwealth") in the above-captioned matter. Weichert, Realtors (hereinafter "Weichert") does not contend that Commonwealth's cross-claims against it run afoul of the statute of limitations. Indeed, claims for contribution and indemnification do not accrue until the recovery of judgment against the third party plaintiff. Consequently, Commonwealth submits this brief to support the contention that any dismissal granted in favor of Weichert should not serve to dismiss the cross-claims against it.

### LEGAL ARGUMENT

### POINT I

### WEICHERT HAS FAILED TO ASSERT A STATUTE OF LIMITATIONS DEFENSE AGAINST COMMONWEALTH; EVEN IF SHE HAD, SUCH A DEFENSE WOULD FAIL BECAUSE COMMONWEALTH'S CLAIM HAS NOT YET ACCRUED

Under New Jersey law, claims for contribution and indemnification do not accrue until the recovery of judgment against the third party plaintiff. McGlone v. Corbi, 59 N.J. 86, 95 (1971); see also Mettinger v. Globe Slicing Mach Co., 153 N.J. 371, 387 (1998); Mahoney, Comparative Fault and Liability Apportionment (GANN, 2005) at 13:2-4. Said another way:

> The rule generally recognized is that a claim for contribution. . . does not accrue, and the statute of limitations does not start to run thereon, at the time of the commission of the tort, or of the resulting injury or damage, but from the time of the accrual of the cause of action for contribution, which is at the time of payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof, or at the time of other satisfaction or discharge of such claim in whole or in part, to an extent greater

> than his pro rata share of the common liability, by the party
> seeking contribution.

57 ADR 3d 867 at § 3(a).  For example, in <u>Mettinger</u>, a distributor sought indemnification and

contribution from the successor of the manufacturer of an allegedly defective product.  <u>Id.</u>  The

<u>Mettinger</u> Court held that the distributor's claims for indemnification and contribution against

the manufacturer's successor did not accrue until the injured plaintiff obtained a judgment

against the distributor.  <u>Id.</u>  Thus, the distributor's claims were preserved even though the

successor did not even come into existence until after the statute of limitations on the underlying

product claim had expired.  <u>Id.</u>

 In <u>Markey v. Skog</u>, 129 N.J. Super. 129, 200-201 (Law Div. 1974), Judge Pressler offers

a succinct explanation of the interplay between a defendant's contribution right and the statute of

limitations.  Holding that a defendant can bring a contribution claim against an alleged joint

tortfeasor even if the statute of limitations has run on the plaintiff's claim against that party,

Judge Pressler stated:

> It is clear that a defendant's right to contribution from a joint
> tortfeasor is, therefore, an inchoate right which does not ripen into
> a cause of action until he has paid more than his pro rata portion of
> the judgment obtained against him by the plaintiff.  It is at that
> point that his cause of action for contribution accrues. . . The
> assertion by codefendants in a negligence action of a right of
> contribution <u>inter sese</u> and the right of a defendant to implead a
> joint tortfeasor by a third-party complaint before plaintiff's cause
> of action has been reduced to a judgment are merely devices of a
> procedural convenience afforded by the rules of practice. . .

<u>Id.</u> at 200; <u>accord</u> <u>S.P. v. Collier high School</u>, 319 N.J. Super. 452, 472 (App. Div. 1999);

<u>Holloway v. State</u>, 125 N.J. 386, 399 (1991).

 In the case at bar, Commonwealth's claim against Weichert is for contribution under the

Joint Tortfeasors Contribution Law, N.J.S. 2A:53A-1 et seq.  As such, Commonwealth's claim

-3-

will not accrue until Walsh secures judgment against Commonwealth. Therefore,

Commonwealth's right to contribution from Weichert may not be defeated by Walsh's statute of

limitations bar, if such a bar exists.

## POINT II

### SHOULD THE COURT GRANT WEICHERT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS BASED ON STATUTE OF LIMITATIONS BAR, SUCH A DISMISSAL SHOULD NOT SERVE TO DISMISS CROSS-CLAIMS AGAINST WEICHERT

Under Third Circuit law, "dismissal of the original Complaint as to one of the defendants

named therein does not operate as a dismissal of a cross-claim filed against such defendant by a

co-defendant." Aetna Ins. Co. v. Newton, 398 F.2d 729, 734 (3d Cir. 1968) (internal citations

omitted); see also Fronmeyer v. L. & R. Construction Co., Inc., 139 F.Supp. 579, 585-86 (D.N.J.

1956); Fairview Park Excavating Co., Inc. v. Al Monzo Construction Co., Inc., 560 F.2d 1122,

1125-26 (3d Cir. 1977). As discussed above (Point I, supra), Commonwealth's cross-claims for

contribution have not yet accrued under New Jersey law and will not accrue until a plaintiff

secures judgment against Commonwealth. Furthermore, Weichert has not asserted a statute of

limitations defense against Commonwealth's cross-claims. Consequently, Commonwealth

respectfully requests that regardless of this Court's decision concerning dismissal of plaintiff's

claims against Weichert, any dismissal should not also serve to dismiss Commonwealth's cross-

claims against it.

-4-

## CONCLUSION

Therefore, for the reasons set forth above, defendant Commonwealth respectfully requests that regardless of whether the plaintiff's Complaint is dismissed as to any co-defendants, this Court preserve any and all cross-claims filed against the co-defendants by defendant Commonwealth.

Respectfully submitted,

Dated: June 3, 2005          By:

David R. Kott, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07101-0652
(973) 622-4444
(973) 624-7070 (fax)

NWK2: 1318374.01

-5-

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party
 Plaintiff Commonwealth Land Title Insurance Company
DK-4593 (David R. Kott, Esq.)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

WALSH SECURITIES, INC.,                          :

v.                        Plaintiff,             :        Civil Action No. 97-3496
                                                          Honorable William G. Bassler
CRISTO PROPERTY MANAGEMENT, LTD.,                :
et al.,

                                                 :        **CERTIFICATION OF SERVICE**
                          Defendants.
and                                              :

COMMONWEALTH LAND TITLE INSURANCE                :
COMPANY,                                         :

            Defendant/Third Party Plaintiff,     :

v.                                               :

ROBERT WALSH and ELIZABETH ANN                   :
DeMOLA,
            Third Party Defendants.              :

                                                 :
-------------------------------------------------------------x

         DESIREE JACKSON, in lieu of affidavit under oath, says:

         1.       I am employed by the law firm of McCarter & English, LLP, attorneys for

Defendants/Third Party Plaintiffs, Commonwealth Land Title Insurance Company, in this action.

         2.       On June 3, 2005, I caused to be delivered a copy of Third Party Plaintiff

Commonwealth Land Title Insurance Company's Brief in Opposition to Third Party Defendant

Weichert, Realtors Motion to Dismiss, As It Relates to  Commonwealth Land Title Insurance

Company's Third Party Complaint, by certified mail and regular mail to all counsel listed on the attached as Exhibit A.

3.    I hereby certify that the foregoing statements are true.  If any of the foregoing statements made by me are willfully false, I am subject to punishment by law.

DESIREE JACKSON

Dated: June 3, 2005

NWK2:1301837.01

-2-

Revised 4/02/05

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL CIVIL ACTION NO. 97-3496(WGB)

Robert A. Magnanini, Esq.
Boies, Schiller & Flexner LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Ronald M. Kleinberg, Esq.
Richard A. Finkel, Esq.
Meissner, Kleinberg & Finkel, LLP
275 Madison Ave., Suite 1000
New York, New York 10016
**Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc.,
Oakwood Properties, Inc., and William J. Kane**

Joseph Sorrentino, Esq.
404 Manor Road
Staten Island, New York 10314
**Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc.,
Oakwood Properties, Inc., and William J. Kane**

Michael Schottland, Esq.
Schottland, Manning, Rosen, Callendo & Munson, PA
36 W. Main Street
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ   07974
**Attorney for defendant Michael Alfieri, Esq. on the Sixth Count**

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, New Jersey  07013
**Attorney for Defendant Lawrence M. Cuzzi**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey  08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
**Attorney for Defendant Anthony M. Ciccalese**

Anthony Argiropoulous, Esq.
Fox, Rothschild, O'Brien & Frankel
997 Lenox Drive, Bldg. 3
Lawrenceville, New Jersey  08648
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania  19103-3291
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, New Jersey  07701
**Attorneys for defendant Roland J. Pierson**

Frederick Alworth, Esq.
Gibbons Del Deo Dolan Griffinger & Vecchione, PC
1 Riverfront Plaza
Newark, NJ  07102
**Attorney for defendant Stewart Title Guaranty Company**

John B. McCusker, Esq.
McCusker Anselmi Rosen Carvelli & Walsh, PC
127 Main Street
Chatham, NJ  07928
**Attorney for defendant Weichert Realtors**

2

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey  07666

James R. Brown, Pro Se
1089 Cedar Avenue
Union, New Jersey  07083

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
153 Stephens Lane
Mahwah, New Jersey  07430

Irene DiFeo, Pro Se
5 Leann Court
Old Bridge, NJ 08857

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ  07756-1397

Capital Assets Property Management, LLC
10 West Bergen Place
Red Bank, NJ 07701

Andrew I. Indeck, Esq.
Scarinci & Hollenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
**Attorney for Garden State Indemnity Co. (Legal Malpractice carrier**
**for defendant Michael Alfieri)**

NWK2: 1304466.01