WALSH SECURITIES, INC.,

                    Plaintiff,

          vs.

CRISTO PROPERTY MANAGEMENT, LTD.,
a/k/a G.J.L. LIMITED, DEK HOMES OF
NEW JERSEY, INC., OAKWOOD PROPERTIES,
INC., NATIONAL HOME FUNDING, INC.,
CAPITAL ASSETS PROPERTY MANAGEMENT &
INVESTMENT CO., INC., CAPITAL ASSETS
PROPERTY MANAGEMENT, L.L.C., WILLIAM
KANE, GARY GRIESER, ROBERT
SKOWRENSKI, II, RICHARD CALANNI,
RICHARD DiBENEDETTO, JAMES R. BROWN,
THOMAS BRODO, ROLAND PIERSON, STANLEY
YACKER, ESQ., MICHAEL ALFIERI, ESQ.,
RICHARD PEPSNY, ESQ., ANTHONY M.
CICALESE, ESQ., LAWRENCE CUZZI,
ANTHONY D'APOLITO, DAP CONSULTING,
INC., COMMONWEALTH LAND TITLE
INSURANCE CO., NATIONS TITLE
INSURANCE OF NEW YORK, INC., FIDELITY
NATIONAL TITLE INSURANCE CO. OF NEW
YORK, COASTAL TITLE AGENCY, and
STEWART TITLE GUARANTY COMPANY, IRENE
DiFEO, DONNA PEPSNY and WEICHERT
REALTORS,

                    Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CV 97-3496 (WGB)

Hon. William G. Bassler

*Document Electronically Filed*

---

**MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF
DEFENDANT STEWART TITLE GUARANTY COMPANY'S MOTION TO
DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

---

**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500
Attorneys for Defendant
Stewart Title Guaranty Company

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES......................................... ii

PRELIMINARY STATEMENT........................................ 1

LEGAL ARGUMENT .............................................. 2

I.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE
     A CLAIM UPON WHICH RELIEF CAN BE GRANTED DUE TO THE
     EXPIRATION OF THE STATUTE OF LIMITATIONS................. 2

     A.   The Statute of Limitations should not be tolled ..... 3

          1.   Plaintiff has failed to meet its burden of
               proof........................................... 3

          2.   Administrative stays and dismissals do not
               equitably toll the statute of limitations ...... 5

     B.   Plaintiff's claims do not relate back............... 6

     C.   The Entire Controversy Doctrine did not preclude
          the initiation of separate proceedings during the
          Stay ............................................... 8

          1.   New Jersey's Entire Controversy Doctrine no
               longer has a "Party Joinder" requirement ....... 9

          2.   The Entire Controversy Doctrine does not
               preclude the initiation of a second action
               before the first action has concluded ......... 9

     D.   Stewart Title is NOT estopped from invoking the
          statute of limitations as a defense................ 10

     E.   Public policy favors the application of the
          Statute of Limitations ............................ 13

II.  PLAINTIFF'S COUNSEL'S DECLARATION SHOULD BE STRICKEN
     AS IT IS CONCLUSORY AND WHOLLY UNSUPPORTED BY THE
     RECORD. ............................................... 14

CONCLUSION ................................................ 15

<u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Cases</u>

<u>Brunswick Hills Racquet Club, Inc. v.</u>
  <u>Route 18 Shopping Center Associates</u>,
  182 N.J. 210 (2005) ...........................................6

<u>Burnett v. New York Cent. R.R. Co.</u>,
  380 U.S. 424 (1965) .........................................13

<u>Childs v. City of Philadelphia</u>,
  2000 WL 567240 (E.D. Pa. May 9, 2000).......................7

<u>Cohen v. Kurtzman</u>,
  45 F. Supp. 2d 423 (D.N.J. 1999)............................15

<u>Courtney v. La Salle University</u>,
  124 F.3d 499 (3d Cir. 1997) .................................3

<u>Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.</u>,
  87 F. Supp. 2d 394 (D.N.J. 2000)............................5

<u>Garvin v. City of Philadelphia</u>,
  354 F.3d 215 (3d Cir. 2003) .................................7

<u>Hanna v. U.S. Veterans' Admin. Hosp.</u>,
  514 F.2d 1092 (3d Cir. 1975) ................................2

<u>Higgins v. Swiecicki</u>,
  315 N.J. Super. 488 (App. Div. 1998)........................9

<u>Hobart Bros. v. Nat'l Union Fire Ins.</u>,
  354 N.J. Super. 229 (App. Div.), 175 N.J. 170 (2002) ........9

<u>IP Innovation L.L.C. v. Dell Computer Corp.</u>,
  2004 WL 784792 (N.D. Ill. Apr. 9, 2004).....................4

<u>Kaselaan & D'Angelo Assocs., Inc. v.</u>
  <u>Soffian</u>, 290 N.J. Super. 293 (App. Div. 1996) ..............10

<u>Leachman v. Beech Aircraft Corp.</u>,
  694 F.2d 1301 (D.C. Cir. 1982) .............................13

<u>Lundy v. Adamar of New Jersey, Inc.</u>,
  34 F.3d 1173 (3d Cir. 1994) .............................7, 13

Mortara v. Cigna Prop. & Cas. Ins. Co.,
  356 N.J. Super. 1 (App. Div. 2001)......................10, 12

Nativo v. Grand Union Co.,
  315 N.J. Super. 185 (App. Div. 1998).......................5

Nelson v. Adams USA, Inc.,
  529 U.S. 460 (2000).................................7, 8, 13

Order of R.R. Telegraphers v. Ry.
  Express Agency, Inc.,
  321 U.S. 342 (1944)......................................13

Podobnik v. U.S. Postal Service,
  2005 WL 1059248 (3d Cir. May 5, 2005)......................3

Price v. New Jersey Mfrs. Ins. Co.,
  368 N.J. Super. 356 (App. Div.),
  aff'd, 182 N.J. 519 (2005) .............................11, 12

Robinson v. Johnson,
  313 F.3d 128 (3d Cir. 2002), 540 U.S. 826 (2003) ............2

Rycoline Products, Inc. v. Sun Graphics,
  Inc., 109 F.3d 883 (3d Cir. 1997)...........................9

Shirsat v. Mutual
  Pharmaceutical Co., Inc.,
  1996 WL 273674 (E.D. Pa. May 15, 1996)......................8

W.V. Pangborne & Co., Inc. v. New
  Jersey Dep't of Trans.,
  116 N.J. 543 (1989)......................................12

Walsh Securities, Inc. v. Cristo Property Management, Ltd.,
  7 F. Supp. 2d 523 (D.N.J. 1998) ............................4

White v. Williams,
  1997 WL 261357 (N.D. Ill. May 8, 1997).....................5

Wine v. EMSA Ltd. Partnership,
  167 F.R.D. 34 (E.D. Pa. 1996) .............................7

**Statutes**

N.J.S.A. 2A:14-1 ..........................................2

## **Rules**

Fed. R. Civ. P. 15(c)(3)(B) ....................................7

L. Civ. R. 7.2(a)...........................................14

Rule 15 ..............................................4, 7

Rule 4:30A .............................................9

## PRELIMINARY STATEMENT

Plaintiff's attempts to stretch the boundaries of established case law by converting the enforcement of statute of limitation periods into the exception, rather than the rule, is entirely improper on this record and contrary to established precedent, both in this Circuit and elsewhere.  Plaintiff has filed a certification of counsel with thinly veiled conclusory statements entirely devoid of proof, in a vain attempt to controvert facts and defeat the within motions.

The uncontroverted facts and established case law overwhelmingly support Stewart Title's motion to dismiss:

- The Statute of Limitations has long since passed;
- Plaintiff had available a panoply of options in which to assert a claim prior to the expiration of the statute;
  - o The April 28, 1998 stay Order did not preclude Walsh from asserting additional claims against non-parties;
  - o The May 30, 2000 administrative dismissal did not preclude Walsh from bringing a simultaneous action against Stewart Title;
  - o The record is devoid of evidence that Plaintiff attempted to lift or modify the stay and/or administrative dismissal, despite the Court's express invitation to do so, and despite the fact that another party ultimately succeeded in doing so;
  - o Similarly, other applications were made during the administrative dismissal, most notably, Defendant Cicalese's motion for leave to answer cross-claims, which was granted by the Court;
- The stay and administrative dismissal did not serve to equitably toll the statute of limitations;
- Plaintiff's claims as against Stewart Title do not relate back to the original Complaint;
  - o There has been no mistake concerning the identity of Stewart Title;
- Even after the termination of settlement negotiations between Stewart and Walsh, Plaintiff had approximately **four more years** in which to assert a claim against Stewart;

- Stewart Title has been prejudiced by the inability to participate in eight years of litigation with over 250,000 documents that have been produced;

- Even in the absence of demonstrated prejudice, considerations of fairness and a litigant's interest in repose compel the conclusion that Plaintiff's claim should be dismissed as time-barred; and

- Plaintiff is not entitled to any equitable defense, including equitable tolling, as the failure to name Stewart Title was solely the result of Plaintiff's neglect in unjustifiably sleeping on its rights for over eight years.

For all of the reasons stated herein, Stewart Title respectfully requests that this Court grant its motion to dismiss the Third Amended Complaint for failure to state a claim pursuant to R. 12(b)(6).

<u>LEGAL ARGUMENT</u>

**I.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED DUE TO THE EXPIRATION OF THE STATUTE OF LIMITATIONS.**

Plaintiff's attempt to obfuscate the record, while grasping for clearly inapplicable equitable defenses, fails to overcome the plain fact that the breach of contract claim asserted against Stewart in Walsh's Third Amended Complaint is time-barred under New Jersey's statute of limitations. See N.J.S.A. 2A:14-1. The Third Circuit Rule simply requires that "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002), cert. den., 540 U.S. 826 (2003) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

Here, the pleadings clearly demonstrate that any cause of action as to Stewart has expired and there is no basis on which to toll the applicable statute of limitations.

**A.    The Statute of Limitations should not be tolled.**

Plaintiff has failed to carry its burden of establishing the grounds for equitable tolling and completely ignores the weight of authority cited in Weichert Realtors' moving brief, standing for the proposition that a stay and/or administrative dismissal of a civil matter does not toll the statute of limitations period.

**1.    Plaintiff has failed to meet its burden of proof.**

Plaintiff has not proffered any facts which would support an equitable tolling of the statute of limitations and has failed to meet its burden of proof. Courtney v. La Salle University, 124 F.3d 499, 505 (3d Cir. 1997); see also Podobnik v. U.S. Postal Service, 2005 WL 1059248 *5 (3d Cir. May 5, 2005).

Plaintiff's tolling claim is based on the assertion that "none of plaintiff's claims have had an ability to become ripe because of the stay and administrative termination of the case." (Pb. 11). Plaintiff has profoundly misrepresented the content and effect of the Court's April 28, 1998 stay Order. The Court's Order merely stayed interrogatory and deposition discovery until November 1, 1998. (McCusker Cert., Exhibit E).

More importantly, the Court permitted document discovery to proceed and "further ORDERED that any parties who have been served and who have not yet filed answers in this action shall do so or shall otherwise move within thirty (30) days of the date of this order." (Id.). Clearly, the Court would not have required further responsive pleadings or motions in lieu thereof, if it intended the stay Order to operate as a bar to further prosecution and defense of the action.

There is no indication that the Court intended to prevent Plaintiff from timely amending its pleading, consistent with Rule 15.

A stay Order must be narrowly tailored and construed.  See IP Innovation L.L.C. v. Dell Computer Corp., 2004 WL 784792 (N.D. Ill. Apr. 9, 2004) (stating that "the stay was granted for a limited time and with a limited purpose").  Not even the most liberal reading of the Court's April 28, 1998 Order would preclude Plaintiff from asserting additional claims against new parties.  In its ruling, the Court stated that it "believe[d] answers and document discovery present[ed] little danger of self-incrimination."  Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F. Supp. 2d 523, 527 (D.N.J. 1998).  It is unclear how the inclusion of additional claims against non-parties - in Stewart's case, a non-RICO party without any criminal liability - would increase the threat of self-incrimination. The April 28, 1998 stay Order did not preclude additional amendments to the complaint and should not toll the statute of limitations.

The May 30, 2000 Order stayed discovery and administratively dismissed the matter until further order of the Court.  (McCusker Cert., Exhibit F).  Contrary to Plaintiff's Counsel's declaration wherein it is averred that several requests were made to allow the case to proceed, the Court noted that "all of the parties, except National Home Funding and Robert Skowrenski II, [were] of the opinion that discovery should not proceed."  (Id.) (emphasis added).  There is absolutely no evidence that Walsh made any such request.  Accordingly, Plaintiff contributed to its inability to proceed with its claims and should not get the benefit of an equitable tolling theory.

Additionally, Plaintiff could have moved to lift or modify the stay or dismissal and/or file additional actions against non-parties.

> **2.    Administrative stays and dismissals do not equitably toll the statute of limitations.**

Plaintiff makes the untenable argument that a lack of case law on an administrative dismissal's effect on the statute of limitations thereby makes the purported amendment timely.  (Pb. 11).  Weichert has already cited to numerous cases in which a Court declined to toll the statute of limitations as a result of a stay or dismissal.[1]

Walsh's attempt to distinguish White v. Williams, 1997 WL 261357 (N.D. Ill. May 8, 1997), is simply unavailing.  In White, the Court rejected plaintiff's claim to equitable tolling, based on plaintiff's lack of diligence.  Id. at *2.  Only by operation of an Illinois State "stay of action" statute - which in contrast to equitable tolling, did not require a demonstration of diligence - was the applicable statute of limitations tolled.  Id. at *3.

Similarly, an administrative dismissal does not equitably toll the statute of limitations.  In Electric Mobility Corp. v. Bourns Sensors/Controls, Inc., 87 F. Supp. 2d 394 (D.N.J. 2000), the plaintiff filed suit in 1990 arising out of a purchase of allegedly sub-standard potentiometers from defendant.  Id. at 397.  After

---

[1]    New Jersey Courts have rejected similar tolling arguments in light of the automatic stay provision of the Bankruptcy Code.  In Nativo v. Grand Union Co., 315 N.J. Super. 185 (App. Div. 1998), plaintiff was granted relief from the automatic stay 42 days prior to the expiration of the statute of limitations, however, the complaint was filed seven days late.  The Appellate Division rejected plaintiff's equitable argument, finding that the defendant's counsel did nothing to contribute to the delay in filing.  Id. at 188.

granting partial summary judgment for defendant, the Court administratively terminated the case on consent, so that the parties could pursue alternative dispute resolution.  Id.  Approximately five years later, the plaintiff moved and obtained an Order vacating the administrative dismissal and reopened the case.  Id.  A year later, the Court denied plaintiff's motion to file a Second Amended Complaint, as it did not relate back.  Id.

In this case, Plaintiff is not entitled to equitable tolling. Neither the initial stay Order nor the administrative dismissal precluded claims against Stewart Title.  Rather, this dilatory Plaintiff sat idly by and failed to take any documented affirmative steps to assert a timely claim, either in this action or a new one.

Plaintiff seeks the exercise of the Court's equity powers, without sufficient justification for its willful negligence in failing to timely assert a claim against Stewart Title.  "The maxim has long been recognized that equity aids the vigilant, not those who sleep on their rights."  Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Center Associates, 182 N.J. 210, 228 (2005) (citations omitted).  Plaintiff unjustifiably slept on its rights for over eight years, and cannot now be heard to seek equity.

**B.   Plaintiff's claims do not relate back.**

Plaintiff blatantly skirts the express requirement that for a claim against a non-party to relate back, Plaintiff bears the burden of proof that "the party to be brought in by amendment . . . (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."  Fed. R. Civ. P. 15(c)(3)(B) (emphasis added); see Childs v.

<u>City of Philadelphia</u>, 2000 WL 567240 *3 (E.D. Pa. May 9, 2000)(citing <u>Wine v. EMSA Ltd. Partnership</u>, 167 F.R.D. 34, 38 (E.D. Pa. 1996)).

The Supreme Court has expressly stated that Rule 15(c)(3) "applies <u>only</u> in cases involving 'a <u>mistake</u> concerning the identity of the proper party.'" <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 467 n.1 (2000) (finding that the "[r]espondent . . . made no such mistake" in that "[i]t knew of [the petitioner's] role and existence") (emphasis added). Clearly, there is no mistake when Walsh initially decided not to assert claims against Stewart and "there is no reason for [Stewart] to believe that [Walsh] did anything other than make a deliberate choice between potential defendants." <u>Lundy v. Adamar of New Jersey, Inc.</u>, 34 F.3d 1173, 1174 (3d Cir. 1994); <u>see also</u> <u>Garvin v. City of Philadelphia</u>, 354 F.3d 215, 221 (3d Cir. 2003).

Noticeably absent from Walsh's submission is any allegation that Walsh was mistaken as to Stewart's identity. Quite the contrary, Counsel for Walsh avers that in April 1998, it "engaged in extensive and lengthy settlement negotiations with Stewart Title's Counsel concerning Walsh Securities' claims for coverage under the closing service protection letters issued by Stewart Title." (Magnanini Decl. ¶ 7). Such a proffer completely precludes a finding of mistake.

Plaintiff's attempt "to perform an end-run around the statute of limitations that bars their claims" should not be countenanced; the doctrine "does not save the claims of complainants who have sat on their rights." <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1015 (3d Cir. 1995). Accordingly, the relation back doctrine is inapplicable and Stewart Title's motion to dismiss should be granted.

**C.    The Entire Controversy Doctrine did not preclude the initiation of separate proceedings during the Stay.**

Plaintiff was not precluded by the entire controversy doctrine from initiating separate actions against non-parties either in federal or state court during the administrative dismissal.  As explained below, there existed no legal impediment for Plaintiff to pursue any cause of action it may have against non-parties.

Additionally, the Court in its initial stay invited "the parties [to] petition the Court to lift or modify the stay if there is a change in circumstances warranting it." Walsh Securities, 7 F. Supp. 2d at 529.  If Plaintiff was truly concerned about enforcing its rights as against non-parties, it would have petitioned the Court.[2]

**1.    New Jersey's Entire Controversy Doctrine no longer has a "Party Joinder" requirement.**

The entire controversy doctrine did not preclude Walsh from bringing a separate suit against non-parties, as New Jersey no longer recognizes a "Party Joinder" requirement.  In September 1998, the New Jersey Court Rule was amended, and mandatory party joinder was

---

[2]    Although counsel for Walsh Securities contends that several requests were made to the U.S. Attorneys Office and the Court "to allow the case to proceed," (Magnanini Dec. ¶ 3), Plaintiff offers no proof of such requests and the docket report is silent as to same. (See Point II).   Additionally, Plaintiff does not contend that the requests were specifically made for the purpose of amending pleadings and/or asserting additional claims as to non-parties.  In fact, any suggestion that the purpose of these alleged requests was to assert claims as to non-parties is entirely belied by Plaintiff's dilatoriness in failing to file the Third Amended Complaint until four months after the stay and administrative dismissal was vacated.  See Shirsat v. Mutual Pharmaceutical Co., Inc., 1996 WL 273674 *3 (E.D. Pa. May 15, 1996) (finding that a one month delay from the date the stay was lifted until leave to amend was sought indicated that the "plaintiff now seeks to change a legal strategy, rather than correct an error").

eliminated.[3] See Hobart Bros. v. Nat'l Union Fire Ins., 354 N.J. Super. 229, 242 (App. Div.) certif. den., 175 N.J. 170 (2002).  Although the amendment took place during the pendency of this action, Courts have uniformly accorded the Rule's amendment pipeline retroactivity to all pending cases.  See Higgins v. Swiecicki, 315 N.J. Super. 488, 492-93 (App. Div. 1998); Hobart Bros., 354 N.J. Super. at 242.

Accordingly, Plaintiff's eleventh-hour attempt to use the entire controversy doctrine as a shield from its negligent failure to pursue non-parties should not be tolerated.

### 2. The Entire Controversy Doctrine does not preclude the initiation of a second action before the first action has concluded.

The very case cited by Plaintiff weighs against the application of the entire controversy doctrine on a second suit against non-parties prior to final judgment in this action.  The Third Circuit in Rycoline Products, Inc. v. Sun Graphics, Inc., 109 F.3d 883 (3d Cir. 1997), made clear that the entire controversy doctrine "does not require dismissal when multiple actions involving the same or related claims are pending simultaneously."  Id. at 887, 889 (holding that "the Entire Controversy Doctrine does not preclude the initiation of a second litigation before the first action has been concluded") (citations omitted) (quoting Kaselaan & D'Angelo Assocs., Inc. v. Soffian, 290 N.J. Super. 293 (App. Div. 1996)).

---

[3]   In its current formulation, the Rule provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine[.]"  R. 4:30A.

Although this case was originally filed in 1997, no final judgment has been entered. Accordingly, Plaintiff was free to file a simultaneous action against non-parties within the applicable period of limitations. The failure to diligently pursue any purported rights can only be explained by Plaintiff's negligence and lack of celerity. For these reasons, Stewart Title's motion to dismiss based on the expiration of the statute of limitations should be granted.

**D.   Stewart Title is NOT estopped from invoking the statute of limitations as a defense.**

Plaintiff attempts to attribute an alleged cut-off in settlement communications to the Court's April 1998 stay Order. (Pb. 20-21). As explained in greater detail above, the initial stay Order was very limited in scope and did not prevent Plaintiff from pursuing claims against other non-parties, especially parties that were not targeted in the criminal investigation. Assuming Plaintiff's chronology of events is accurate, it was nothing more than a consequence of fortuity, and to suggest otherwise would be disingenuous.

It is common sense that "[a] claim must be commenced by filing a complaint and is not commenced by writing letters or negotiating with one's adversary." Mortara v. Cigna Prop. & Cas. Ins. Co., 356 N.J. Super. 1, 3-4 (App. Div. 2001), aff'd, 174 N.J. 566 (2002). Walsh, a sophisticated wholesale mortgage banker, (Third Amended Compl. ("Amended Compl.") ¶ 2), represented by counsel, surely should have realized that merely discussing settlement did nothing to protect its claims from the passage of the statute of limitations.

Plaintiff cites to Price v. New Jersey Mfrs. Ins. Co., 368 N.J. Super. 356 (App. Div.), aff'd, 182 N.J. 519 (2005), for the

proposition that Stewart Title engaged in "wrongful conduct", indicating "that it would settle the claims made against it by Walsh Securities under the closing service letters, Walsh Securities did not amend its Complaint to name Stewart Title until January, 2005, after it was certain that Stewart Title was no longer interested in settling its claims." (Pb. 21-22). Price is clearly distinguishable and the facts as framed by Walsh clearly compel the opposite conclusion.

Walsh has failed to carry its burden in alleging that Stewart engaged in conduct comparable to that of NJM in Price. In Price, the Court went through a tortured review of three and one-half years of correspondence between the insurer and the insured. Price, 368 N.J. Super. at 360-63 (analogizing NJM's course of conduct to "a three-year odyssey . . . show[ing] all of the signs of a duly accepted claim").

The Price Court defined the insurer's duty of good faith, requiring that "NJM . . . notify plaintiff if it disagreed with his understanding that NJM was duly acting upon his filed claim." Price, 182 N.J. at 526 (citations omitted). The Court found that NJM breached this duty, when, "despite having received all requested medical records and other requested documentation, NJM never disclaimed or even questioned coverage until after the statute of limitations expired." Id. at 527 (emphasis in original).

While Plaintiff has attempted to manufacture facts analogous to Price, the record dispels any similarity. Counsel for Walsh represents that Walsh and Stewart "engaged in extensive and lengthy settlement negotiations with Stewart Title's Counsel concerning Walsh Securities' claims for coverage[.]" (Magnanini Dec. ¶ 7). However, Counsel indicates that these settlement negotiations "abruptly ended"

immediately after the April 1998 stay Order.  (Id. at ¶ 9).  The fact that the parties were engaged in settlement negotiations necessarily compels the conclusion that Stewart either disclaimed or questioned coverage.  See Mortara, 356 N.J. Super. at 3 (finding that the insurers were "in essence denying coverage").

Additionally, having allegedly "abruptly ended" these negotiations in April 1998, Plaintiff had approximately **four years** in which to assert a claim against Stewart Title.  Id. (noting that "[a] complaint filed reasonable promptly thereafter would have been timely"); c.f., Price, 182 N.J. at 526 (defendant did not notify the insured that the claim was denied until "more than a year after the statute would have otherwise run").  Plaintiff's failure to do so can only be attributed to its own neglect, not to Stewart's conduct.

There is no evidence that Stewart "made any representation or engaged in conduct that was calculated to mislead [Walsh] into a misperception concerning the eventual need to resort to litigation or to lull it into a false sense of security with respect to its right to take judicial action." W.V. Pangborne & Co., Inc. v. New Jersey Dep't of Trans., 116 N.J. 543, 554-55 (1989) (holding that the "quite exacting" requirements of equitable estoppel did not apply when "both parties remained in an adversarial posture, presumably remaining free to assert all claims and defenses").  As discussed above, Walsh, having slept on its rights for approximately eight years through no fault of any other party, simply does not have available the equitable remedy of tolling.  Accordingly, the Third Amended Complaint should be dismissed as to Stewart Title.

**E.  Public policy favors the application of the Statute of Limitations.**

Plaintiff argues that the purposes behind the statute of limitations would be furthered if the Court was to completely disregard them.  Contrary to Plaintiff's one-sided review of the policies underlying periods of limitations, more persuasive policy rationales support enforcement.  The Third Circuit looked with favor on the District of Columbia Circuit's limitation on the relation back doctrine.  The Court found that without some limit, relation back:

> would allow the tardy plaintiffs to benefit from the diligence of the other victims and, more importantly, could cause defendants' liability to increase geometrically and their defense strategy to become far more complex long after the statue of limitations had run.  <u>Even if, as here, there were no showing of specific prejudice in the sense of lost or destroyed evidence, defendants would still be deprived of their interest in repose</u>.  At some point, defendants should have notice of who their adversaries are.

<u>Nelson</u>, 60 F.3d at 1015 (emphasis added) (quoting <u>Leachman v. Beech Aircraft Corp.</u>, 694 F.2d 1301, 1309 (D.C. Cir. 1982)); <u>see also</u> <u>Lundy v. Adamar of New Jersey, Inc.</u>, 34 F.3d 1173, 1204 (3d Cir. 1994) ("The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.") (quoting <u>Order of R.R. Telegraphers v. Ry. Express Agency, Inc.</u>, 321 U.S. 342, 348-49 (1944)); <u>Burnett v. New York Cent. R.R. Co.</u>, 380 U.S. 424, 428 (1965) (stating that courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights).

In this case, Walsh has had more than an ample opportunity to assert a claim against Stewart.   A complete disregard of the applicable statute of limitations without a sufficient justification would serve as a complete deprivation of Stewart's interest in repose. Walsh argues that none of the defendants have alleged prejudice as "presumably evidence has not been lost, memories have not faded and witnesses have not disappeared." (Pb. 24).   Ironically, in opposition to the motion for a stay in 1998, Plaintiff argued that "a delay would cause memories to fade and assets to dissipate." <u>Walsh Securities</u>, 7 F. Supp. 2d at 528.

Clearly, Plaintiff's attempt to burn both ends of the candle should be disregarded as a last-ditch effort to defeat the present motions.   When viewed in light of a litigant's greater interest in repose, the underlying policies and purposes of the statute of limitations support Stewart Title's motion to dismiss.

**II.   PLAINTIFF'S COUNSEL'S DECLARATION SHOULD BE STRICKEN AS IT IS CONCLUSORY AND WHOLLY UNSUPPORTED BY THE RECORD.**

Plaintiff alleges that its prior counsel, Latham & Watkins, petitioned the Court and the U.S. Attorney's Office during the stay and administrative dismissal to allow the case to proceed. (Magnanini Decl. ¶ 3).   This assertion is belied by both the docket and the record before the Court, neither of which reveals any such request.

The Local Rules restrict statements in affidavits to "fact[s] within the personal knowledge of the affiant."   L. Civ. R. 7.2(a). "[U]nsubstantiated conjecture . . . [without] any competent evidence to corroborate [the] allegations" will not be considered.   <u>Cohen v. Kurtzman</u>, 45 F. Supp. 2d 423, 432 (D.N.J. 1999).

In this case, not only are representations regarding efforts to permit the case to proceed unsubstantiated, they are entirely contradicted by the Court's docket.  It is evident that subsequent to the April 1998 stay Order, numerous filings were made with the Court.  Notably, the Court granted leave for Anthony Cicalese to file an Answer to a cross-claim on or about July 6, 1998.  However, there is no notation on the docket that Plaintiff attempted to obtain relief from the stay or the dismissal.  More importantly, there is no evidence before this Court, other than Counsel's representation, evidencing such requests.  Therefore, Stewart respectfully requests that this Court not consider those portions of the Declaration, to the extent it consists of unsubstantiated and uncorroborated conjecture.

<u>CONCLUSION</u>

For the reasons set forth above and in the moving brief, Defendant Stewart Title Guaranty Company respectfully requests that the Court grant its Motion to Dismiss the Plaintiff's Third Amended Complaint with Prejudice as to Stewart for failure to state a claim upon which relief can be granted.


Dated:   June 17, 2005             By: _s/Frederick W. Alworth (FA-6977)_
Newark, New Jersey                 Frederick W. Alworth (FA-6977)
                                   Terrence S. Brody (TB-4463)
                                   **GIBBONS, DEL DEO, DOLAN,**
                                   **GRIFFINGER & VECCHIONE**
                                   A Professional Corporation
                                   One Riverfront Plaza
                                   Newark, New Jersey 07102
                                   P 973 596 4500
                                   F 973 596 0545
                                   Falworth@gibbonslaw.com

                                   Attorneys for Defendant
                                   Stewart Title Guaranty Company


-15-