| | |
|---|---|
| WALSH SECURITIES, INC., <br><br>    Plaintiff, <br><br>  vs. <br><br>CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DiBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE CO., NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK, COASTAL TITLE AGENCY, and STEWART TITLE GUARANTY COMPANY, IRENE DiFEO, DONNA PEPSNY and WEICHERT REALTORS, <br><br>    Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br>CV 97-3496 (WGB) <br><br>Hon. William G. Bassler <br><br>***Document Electronically Filed*** |

**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS'/CROSS-CLAIMANTS' OPPOSITION TO STEWART TITLE'S MOTION TO DISMISS CROSS-CLAIMS FOR FAILURE TO STATE A CLAIM**

                **GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE**
                A Professional Corporation
                One Riverfront Plaza
                Newark, New Jersey 07102-5496
                (973) 596-4500
                Attorneys for Defendant
                Stewart Title Guaranty Company

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................... ii

PRELIMINARY STATEMENT ........................................... 1

    I.    ALL CROSS-CLAIMS AS TO DEFENDANT STEWART TITLE SHOULD BE DISMISSED PURSUANT TO R. 12(B)(6) FOR FAILURE TO STATE A CLAIM. .......................... 2

        A.    Cross-claimants have failed to plead cross-claims with the required degree of specificity ................................... 2

        B.    Stewart Title cannot be held liable for contribution or indemnification ................ 3

            1.    Contribution cannot be asserted as to a non-tortfeasor ........................... 3

            2.    Stewart Title is not contractually obligated to indemnify any cross-claimants ............................... 4

            3.    The cross-claims fail to establish a claim for common law indemnification ...... 4

        C.    There exists no statutory right to contribution and/or indemnification ............ 6

CONCLUSION ..................................................... 7

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Cartel Capital Corp. v. Fireco of New Jersey,
  81 N.J. 548 (1980)..........................................4

Interfaith Community Organization v. Honeywell Intern., Inc.,
  263 F. Supp. 2d 796 (D.N.J. 2003), aff'd, 399 F.3d 248 (3d Cir.
  2005) ......................................................5

Mantilla v. NC Mall Associates,
  167 N.J. 262 (2001).........................................5

Minpeco, S.A. v. ContiCommodity Services, Inc.,
  677 F. Supp. 151 (S.D.N.Y. 1988)............................6

New Jersey Office Supply, Inc. v. Feldman,
  1990 WL 74477 (D.N.J. Jun. 4, 1990).......................5, 6

Rainbow Trucking, Inc. v. Ennia Ins. Co.,
  88 F.R.D. 596 (E.D. Pa. 1980) ..............................3

Ramos v. Browning Ferris Inds.,
  103 N.J. 177 (1986).........................................5

Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of
  Pennsylvania, Inc.,
  49 F. Supp. 2d 728 (D.N.J. 1999).........................3, 4

Schanzer v. Rutgers Univ.,
  934 F. Supp. 669 (D.N.J. 1996) .............................3

Stearns & Foster Bedding Co. v. Franklin Holding Corp.,
  947 F. Supp. 790 (D.N.J. 1996) .............................4

Wilder v. Williams,
  1989 WL 108389 (W.D. Pa. Jun. 7, 1989)......................6

**STATUTES**

18 U.S.C. § 1961 ...............................................6

**OTHER AUTHORITIES**

Wright & Miller, Federal Prac. & Proc. § 1202 (2004)...........3

**RULES**

Rule 12(b)(6) ......................................1, 7

Rule 8 ............................................2, 3

- iii -

**PRELIMINARY STATEMENT**

Defendant Stewart Title Guaranty Company ("Stewart Title") hereby submits this memorandum of law in reply to defendants/cross-claimants Michael Alfieri, Esq.'s and Commonwealth Land Title Insurance Company's ("Commonwealth") opposition to Stewart Title's motion to dismiss for failure to state a claim. In addition to dismissal of the Third Party Complaint, Stewart Title hereby seeks dismissal of all cross-claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, based on the following:

- The cross-claims fail to place Stewart Title on notice as to the claims alleged therein under even the most liberal pleading standards;
- Stewart Title is not implicated under any of Plaintiff's tort liability claims and is not a joint tortfeasor as required under general principles of contribution;
- Stewart Title maintains no contractual duty to indemnify as to any of the cross-claimants;
- Stewart Title maintains no common law duty to indemnify as it lacks the requisite special relationships with the cross-claimants and the cross-claimants have allegedly engaged in intentional wrongdoing; and
- There exists no statutory indemnification under RICO.

Accordingly, for all of the reasons stated herein, Stewart Title respectfully requests that the Court dismiss all cross-claims filed against it with prejudice.

**LEGAL ARGUMENT**

I. **ALL CROSS-CLAIMS AS TO DEFENDANT STEWART TITLE SHOULD BE DISMISSED PURSUANT TO R. 12(B)(6) FOR FAILURE TO STATE A CLAIM.**

As is often the case in rather large litigations, many defendants allege blanket cross-claims for contribution and indemnification in the event liability is found against them. This case is no different. However, for the reasons stated below, unspecified, conclusory demands for contribution and indemnification fall far short of the pleading standards established by the Federal Rules of Civil Procedure. Similarly, under no theory can defendants assert a claim upon which relief can be granted as to Stewart Title, as it has no liability in tort, has no contractual obligation to indemnify, and has no special relationships with the cross-claimants. Moreover, cross-claimants have allegedly engaged in intentional wrongdoing. Finally, the RICO statute does not provide for statutory indemnification.

A. **Cross-claimants have failed to plead cross-claims with the required degree of specificity.**

Defendants Anthony M. Cicalese, Esq., Michael Alfieri, Esq., Commonwealth, Irene DiFeo, Donna Pepsney and Coastal Title Agency (collectively "cross-claimants") have asserted unspecified cross-claims against numerous defendants, including Stewart Title, demanding contribution and/or indemnification in the event the cross-claimants are found liable. The cross-claimants' claims for contribution and/or indemnification fall far short of the rather liberal pleading standards found in Rule 8 of the Federal Rules of Civil Procedure, which requires that "[a] pleading which sets forth a claim for relief,

whether an original claim, counter-claim, cross-claim, or third-party claim, . . . contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8.

Clearly, "the pleading must contain more than a conclusory statement that the pleading party is entitled to relief from another party; it must state how and why the claimant is entitled to such relief." Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc., 49 F. Supp. 2d 728, 740 (D.N.J. 1999) (citing Rainbow Trucking, Inc. v. Ennia Ins. Co., 88 F.R.D. 596, 597 (E.D. Pa. 1980)). Consequently, "a bare averment that [a litigant] wants relief and is entitled to it" will not pass muster. Wright & Miller, Federal Prac. & Proc. § 1202 (2004). The purpose of Rule 8 is to afford "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rodin Properties, 49 F. Supp. 2d at 735 (citing Schanzer v. Rutgers Univ., 934 F. Supp. 669, 673 (D.N.J. 1996)).

In this case, the cross-claimants make mere conclusory demands for contribution and indemnification. Such bare averments clearly fail under Rule 8's already generous notice pleading standard, as they fail to provide Stewart Title with fair notice. Accordingly, the cross-claims should be dismissed as to Stewart Title.

**B.   Stewart Title cannot be held liable for contribution or indemnification.**

**1.   Contribution cannot be asserted as to a non-tortfeasor.**

Furthermore, the cross-claims are entirely infirm on their face. "[A] party cannot succeed on a claim for contribution unless there is

- 3 -

joint tortfeasorship and common liability." Rodin Properties, 49 F. Supp. 2d at 740 (holding that the co-defendant failed to explain in a "short and plain statement" why they were entitled to contribution) (citing Stearns & Foster Bedding Co. v. Franklin Holding Corp., 947 F. Supp. 790 (D.N.J. 1996)). Based on the facts alleged in the pleadings in this matter, it is clear that Stewart Title is not subject to tort liability. No party has alleged that Stewart Title engaged in tortious conduct. Therefore, there is no sustainable theory under which Stewart Title could be held liable for contribution.

### 2. Stewart Title is not contractually obligated to indemnify any cross-claimants.

None of the cross-claimants have asserted claims for contractual indemnification. Moreover, the pleadings are silent as to the existence of contracts providing for indemnification to the cross-claimants against losses – the only basis upon which a claim for contractual indemnification could be founded. See Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 566 (1980) ("It would be inequitable to permit an active wrongdoer in the absence of a contractual understanding between the parties to obtain indemnity from another wrongdoer and thus escape any responsibility."). Accordingly, all of the cross-claimants' claims for contractual indemnification must be dismissed.

### 3. The cross-claims fail to establish a claim for common law indemnification.

Only when a party can demonstrate the existence of a special relationship between it and the party from whom it seeks indemnification can the party maintain a claim for common law

- 4 -

indemnification.  Ramos v. Browning Ferris Inds., 103 N.J. 177, 188-90 (1986).  Furthermore, while a party whose "liability is entirely constructive, vicarious, and not based on any fault of its own," may be entitled to indemnification, Interfaith Community Organization v. Honeywell Intern., Inc., 263 F. Supp. 2d 796, 871 (D.N.J. 2003), aff'd, 399 F.3d 248 (3d Cir. 2005), it is well-settled that "an indemnitee who has defended against allegations of its independent fault may not recover its costs." Mantilla v. NC Mall Associates, 167 N.J. 262, 270 (2001) (emphasis added and citations omitted); New Jersey Office Supply, Inc. v. Feldman, 1990 WL 74477 *4 (D.N.J. Jun. 4, 1990) (holding that the "indemnification [claims] must fail, as a matter of law, because an intentional wrongdoer cannot be indemnified").

Here, the cross-claimants' claims for common law indemnification must fail as a matter of law, because they have not alleged any facts that establish the existence of a special relationship with Stewart Title.  Ramos, 103 N.J. at 188-90.  Moreover, the cross-claimants cannot demonstrate that they are without fault. Id.

With the exception of its claims against Commonwealth, all of Plaintiff's claims against the cross-claimants allege intentional wrongdoing, which automatically precludes cross-claimants' claims for common law indemnification.  The Plaintiff has asserted only contractual claims against Stewart Title.  No party has even alleged that Stewart Title has committed a tort.  Therefore, cross-claimants' claims against Stewart Title for common law indemnification must be dismissed as a matter of law.

**C.     There exists no statutory right to contribution and/or indemnification.**

Notably, Counts One and Two of the Third Amended Complaint allege violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), against all cross-claimants other than Commonwealth. 18 U.S.C. § 1961, et seq. It is well-settled that there is no right to contribution or indemnification under RICO. New Jersey Office Supply, Inc. v. Feldman, 1990 WL 74477 *2; see also Wilder v. Williams, 1989 WL 108389 *2 (W.D. Pa. Jun. 7, 1989) (citing Minpeco, S.A. v. ContiCommodity Services, Inc., 677 F. Supp. 151, 154-55 (S.D.N.Y. 1988)).

Accordingly, to the extent cross-claimants seek indemnification and/or contribution arising out of RICO liability or any other statutory scheme, same should be dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant Stewart Title Guaranty Company respectfully requests that the Court grant its Motion to Dismiss the Plaintiff's Third Amended Complaint and all Cross-Claims as to Stewart Title with Prejudice, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Dated:    June 17, 2005               By: s/Frederick W. Alworth (FA-6977)
Newark, New Jersey                        Frederick W. Alworth (FA-6977)
                                          Terrence S. Brody (TB-4463)
                                          **GIBBONS, DEL DEO, DOLAN,**
                                          **GRIFFINGER & VECCHIONE**
                                          A Professional Corporation
                                          One Riverfront Plaza
                                          Newark, New Jersey 07102
                                          P 973 596 4500
                                          F 973 596 0545
                                          Falworth@gibbonslaw.com

                                          Attorneys for Defendant
                                          Stewart Title Guaranty Company