WALSH SECURITIES , INC.

      Plaintiff

      Vs.

CRISTO PROPERTY MANAGEMENT,LTD.,
a./k/a/ G.J.L. LIMITED, DEK HOMES OF
NEW JERSEY INC., OAKWOOD PROP.,INC.,
NATIONAL HOME FUNDING.,INC.,
CAPITAL ASSETS PROPERTY MANAGE-
MENT & INVESTMENT CO., INC.,
CAPITAL ASSETS PROPERTY MANAGE-
MENT L. L. C. WILLIAM KANE
GARY GRIESER, ROBERT SKOWRENSKI, II,
RICHARD CALANNI, RICHARD
DIBENEDETTO, JAMES R. BROWN, THOMAS
BRODO, ROLAND PIERSON, STANLEY
YACKER, ESQ., MICHAEL ALFIERI, ESQ.,
RICHARD PEPSNY , ESQ., ANTHONY
M. CICALESE, ESQ., LAWRENCE CUZZI,
ANTHONY D' APOLITO, DAP
CONSULTING, INC., COMMONWEALTH
LAND TITLE INSURANCE,CO., NATIONS
TITLE INSURANCE OF NEW YORK, INC.,
FIDELITY NATIONAL TITLE INSURANCE
CO., OF NEW YORK, COASTAL TITLE
AGENCY, and STEWART TITLE GUARANTY
CO., IRENE DIFEO, DONNA PEPSNY AND
WEICHERT REALTORS.

      Defendants

UNITED STATES DISTRICT
COURT FOR THE DISTRICT
OF NEW JERSEY

CV. 97-3496  (WGB)

HON.,WILLIAM G. BASSLER

---

**MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT
OF DEFENDANT IRENE DIFEO'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT**

---

IRENE DIFEO, PRO SE
5 LEANN CT.
OLD BRIDGE, N.J. 08857

TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................ii

PRELIMINARY STATEMENT.........................................................1

LEGAL ARGUMENT........................................................................2

  1.  THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE
      A CLAIM UPON WHICH RELIEF CAN BE GRANTED DUE TO THE
      EXPIRATION OF THE STATUTE OF LIMITATIONS....................

        A.  THE STATUTE OF LIMITATIONS SHOULD NOT BE
            TOLLED.......................................................................

...

          1.  PLAINTIFF HAS FAILED TO MEET ITS BURDEN
              OF PROOF..............................................................

          2.  ADMINISTRATIVE STAYS AND DISMISALS DO NOT
              EQUITABLY TOLL THE STATUTE OF LIMITATIONS.......

        B.  PLAINTIFF'S CLAIMS DO NOT RELATE BACK TO THE FILING OF
           THE COMPLAINT.......................................................

          1.  PLAINTIFF WAS NOT MISTAKEN AS THE INDENITITY OF
              IRENE
              DIFEO.....................................................................

          2.  IRENE DIFEO  DID NOT HAVE NOTICE THAT PLAINTIFF
              INTENDED TO COMMENCE AN ATION AGAINST IT..............

          3.  PLAINTIFF CANNOT DISPENSE WITH THE NOTICE
              REQUIREMENT.........................................................

          4.  PLAINTIFF CANNOT MEET ITS BURDEN OF PROOF THAT
              IRENE DIFEO HAD NOTICE OF ITS CLAIMS....................

...

        C.  THE ENTIRE CONTROVERSY DOCTRINE DID NOT
           PRECLUDE THE INITIATION OF SEPARAATE PROCEDINGS
           DURING THE STAY...............................................

          1.  NEW JERSEY'S ENTIRE CONTROVERSY DOCTRINE NO
              LONGER HAS A "PARTY JOINDER" REQUIREMENT.......

          2.  THE ENTIRE CONTROVERSY DOCTRINE DOES

NOT PRECLUDE THE INITIATION OF A SECOND
ACTION BEFORE THE FIRST ACTION HAS
CONCLUDED...........................................................

D. PUBLIC POLICY FAVORS THE APPLICATION
OF THE STATUTE OF LIMITATIONS...........................
E. PLAINTIFF FAILED TO EXERCISE VIABLE ALTERNATIVES TO
PRESERVE ITS
CLAIMS...................................................................

   1. PLAINTIFF FAILED TO TIMELY MOVE TO AMEND THE
     COMPLAINT........................................................

   2. PLAINTIFF WAS NOT PRECLUDED FROM COMMENCING A
     NEW ACTION AGAINST IRENE DIFEO...........................

F. PLAINTIFF IS NOT ENTITLED TO UNPRECEDENTED BLANKET
PUBLIC POLICY PROTECTIONS..........................................

11. PLAINTIFF'S COUNSEL'S DECLARTION SHOULD BE
STRICKEN AS IT IS CONCLUSORY AND WHOLLY
UNSUPPORTED BY THE RECORD.........................................

CONCLUSION.................................................................

TABLE OF AUTHORITIES

CASES

BRUNSIWCK HILLS RACQUET CLUB INC.,V.
  ROUTE 18 SHOPPKING CENTER ASSOCIATES
  182 N.J. 210 (2005).......................................................................

BURNETT V. NEW YORK CENT., R.R.CO.380 U.S. 324
(1995)..........................................................................................

CHILDS V. CITY OF PHILADELPHIA
2000 WL  567240  (E. D. Pa. MAY 9, 2000)......................................

COHEN  V. HURTZMAN,
    45  F.  SUPP.  2d 423  (423  (D.N.J.  1999)......................................

COURTNEY V. LA SALLE UNIVERSITY
124 F.3D 499  (3d Cir.,1997)..........................................................

DANDREA V. MALSBURY MFG.,CO.
839 F.2d 163,166 (3d Cir.1986)

ELECTRIC MOBILITY CORP., V. BOURNS SENSOR/CONTROLS, INC.,
87 F SUPP. 2d  394  (D.N.J.)...........................................................

GARVIN V. CITY OF PHILADELPHIA,
354 F> 3d 215 (3d Cir.,2003)..........................................................

HANNA V U.S.VETERANS' ADMIN.HOSP.,
514 F.2d 1092 (3d Cir.,1975)..........................................................

HAUPTMAN V. WILENTZ
570 F. Supp 351 (D.N.J. 1983)........................................................

HIGGINS V. SWIECICKI,
315 N.J.SUPER..488  (App.Div.,1998)................................................

HOBART BROS., V. NAT'L UNION FIRE INS.,
354 N.J. SUPER.229  (App.DIV.) 175 N.J.170 (2002)...............................

IP INNOVATION L. L. C. V. DELL COMPUTER CORP.
  2004  WL  784792  (N.D. ILL. April 9,2004......................................

KASELAAN & D'ANGELO ASSOCS.,INC.,V SOFFIAN
290 N.J. SUPER.293 (App. Div. 1996)................................................

KINNALLY V. BELL OF PENNSYLVANIA
784 F. Supp.1136 (E.D.Pa. 1990..................................................................

KEMP INDUS.,INC., V. SAFETY LIGHT COR.,
Civ. A.NO.92-95, 1994  WL 532130, AT *10  & *11(D.N.J. JAN 25, 1994)......

LEACHMAN  V. BEECH AIRCRAFT CORP.,
    694  F. 2d 1301 (D.C. Cir.,1982)..............................................................

LUNDY V. ADAMAR OF NEW JERSEY, INC.,
34 F. 3d  1173,1174 ,1183 (3d
Cir.,1994)....................................................................

NATIVO  V. GRAND UNION CO.,
315 N.J. SUPER. 185 (App..,Div.,1998).............................................

NELSON  V. ADAMS USA, INC.
529 U.S. 460  (2000).........................................................................

ORDER OF R.R. TELEGRAPHERS V. RY. EXPRESS AGENCY,INC.
321 U.S. 342  (1944).........................................................................

PITTSON CO., V SEDGWICK JAMES OF NEW YORK
971 Supp. 915,917 (D.N.J.1997).........................................................

PODOBNIK  V. U.S. POSTAL SERICE
    2005  WL 1059248  (3d Cir.,May  2005)............................................

ROBINSON  V. JOHNSON
313 F. 3d 128  (3d cir.,2002) 540 U.S. 826  (2003)....................................

RYCOLINE PRODUCTS INC., V.  SUN GRAPHICS INC.
109 F.3 d  883  (3d Cir.,1997)..............................................................

SHIRSAT  V. MUTUAL PHARMACEUTICAL CO.,INC.
    No. Civ A.93-3202,1996 WL 273674  *3-4 (E.D. Pa., MAY 15 1996...........

SCHIAVONE V. FORTUNE
477 U.S. 21,30, (1986)

WALSH SECURITIES INC., V. CRISTO PROPERTY MGNT.,LTD.
7 F. SUPP . 2d  523 (D.N.J> 1998).........................................................

WHITE  V. WILLIAMS
    1996  WL  261357  (N.D.ILL, MAY 8, 1997............................................

WINE V. EMSA LTD., PARTNERSHIP
167 F.R.D.  34 (E.D. Pa.1996)..............................................................

STATUTES

N.J.S.A.  2A; 14-1...........................................................................

RULES

Fed., R civ.,P.  15 (c) (3) (B)...............................................................

L. Civ., R. 7.2 (a)...........................................................................

Rule 15.......................................................................................

Rule 4;30A.................................................................................

## PRELIMINARY STATEMENT

The plaintiff, Walsh Securities has failed to comply with the applicable statue of limitations. . Plaintiff's conclusory assertions of equity and public policy protection set forth in its consolidated opposition brief ("plaintiff opposition") are in not appropriate and plaintiff's claims must be summarily dismissed to Irene DiFeo in spite of plaintiff's attempt to smoke screen the issues of law.

Plaintiff's attempts to stretch the boundaries of established case law by converting the enforcement of statute of limitation periods into the exception, rather than the rule, is entirely improper on this record and contrary to established precedent, both in the circuit and elsewhere.  Plaintiff has filed a certification of counsel with thinly veiled conclusory statements entirely devoid of proof, in a vain attempt to controvert facts and defeat the within motions.

The uncontroverted facts and established case law overwhelmingly support DiFeo's motion to dismiss.

The Statute of Limitations has long since passed;

Plaintiff had available a panoply of options in which to assert a claim prior to the expiration of the Statue;

The April 28,1998 stay order did not preclude Walsh from asserting additional claims against non-parties;

The May 30,2000 administrative dismissal did not preclude Walsh from bringing a simultaneous action DiFeo

1

The record is devoid of evidence the Plaintiff attempted
to lift or modify the stay and/or administrative
dismissal, despite the court's express invitation to do so
and despite the fact that another party ultimately
succeeded in doing so;

Similarly, other applications were made during the
administrative dismissal, most notably, Defendant
Cicalese's motion for leave to answer cross-claims,
which was granted by the court

The stay and administrative dismissal did not serve to
equitably toll the statue of limitations;

Plaintiff's claims as against DiFeo do not relate back to
the original complaint.

There has been no mistake concerning the identity of
Irene DiFeo.

Irene DiFeo has been hugely prejudiced by the inability to
participate in the over eight years of litigation with as
admittedly by the Plaintiff's attorney Mr. Magnanini.
There are over 250,000 documents that have been produced.
I have no copies of any responses or documents prior to
Feb.2005 and even after the Feb. 2005 date I only received,
most times, a counsel mailing list with no other response
with information . I feel completely handicapped and
that with a trial date of January 2006 being about 6 mo.,
away, even a well-versed attorney would have some
difficulty to be ready for trial.

Even in the absence of demonstrated prejudice,
considerations of fairness and litigant's interest in
repose compel the conclusion that Plaintiff's claim
should be dismissed as time-barred; and

Plaintiff is not entitled to any equitable defense,
including equitable tolling, as the failure to name
Irene DiFeo was solely the result of Plaintiff's neglect
in unjustifiably sleeping on its rights for over eight
years.

2

For all of the reasons stated herein, Irene DiFeo respectfully request that this court

grant its motion to dismiss the third amended complaint for failure to state a claim

pursuant to R. 12(b) (6).

## LEGAL ARGUMENT

I.   **THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED DUE TO THE EXPIRATION OF THE STATUE OF LIMITATIONS.**

Plaintiff's attempt to obfuscate the record, while grasping for clearly

inapplicable equitable defenses, fails to overcome the plain truth that the breach of

contract claim asserted against Irene DiFeo in Walsh's third amended complaint is time-

barred under New Jersey's statue of limitations. See N. J. S. A. 2a:14-1, the

Third Circuit rule simply requires that "the time alleged in the statement of a claim shows

that the cause of action has not been brought within the statute of limitations." Robinson

v. Johnson, 313 f.3d 128,135 (3d cir. 2002). cert. den., 540 U.S. 826 (2003) (quoting

Hanna v. U.S. Veterans' Admin.Hosp., 514 f. 2 d 1092, 1094 3d cir., 1975).

Here, the pleadings clearly demonstrate that any cause of action as to Irene

DiFeo has expired and there is no basis on which to toll the applicable statue of

limitations.

A.   **The Statute Of Limitations Should Not Be Tolled.**

3

Plaintiff has failed to carry its burden of establishing the grounds for equitable tolling and completely ignores the weight of authority cited in Weichert Realtors' moving brief, standing for the proposition that a stay and / or administrative dismissal of a civil matter does not toll the statute of limitations period

1. **PLAINTIFF FAILED TO EXERCISE VIABLE ALTERNATIES TO PRESERVE IT CLAIMS.**

   A. **PLAINTIFF FAILED TO TIMELY MOVE TO AMEND THE COMPLAINT.**

   Plaintiff strongly asserts, but offers no support for, the proposition that the Stay of Discovery and/ or the Administrative Dismissal tolled the statue of limitation. Neither of these administrative tools, whether by their terms or by interpretation of case law and/or statutory law, precluded Plaintiff from amending the complaint to name Irene DiFeo as a party.

   In issuing its opinion   regarding the stay of discovery the court specifically address the fact that the stay of discovery was not indefinite and IT INVITED "the parties [to] petition the court to lift or modify the stay if there is a change of circumstances warranting it". *Walsh Securities Inc., v. Cristo Property Management Inc.,* 7 F Supp.2d 523,529 (D.N.J.1998).
   Plaintiff states that it repeatedly requested that this Court lift the Stay of Discovery and/or the Administrative Dismissal so that it could pursue its claims. *See e.g.,* Plaintiff's Opposition at pp. 6, 9 and 25. Plaintiff, unfortunately fails to set forth when it made such repeated request, in what

form the repeated requests were made, to whom the repeated requests were made, and on what grounds, if so, the repeated request were denied. See remarks below.  ✸/

The plaintiff's assertions are insincere because a cursory review of the docket reflects that, notwithstanding the Stay of Discovery and subsequent Administrative Dismissal, the court welcomed various motions and court conferences in 1998,1999, and 2000. *See* Supplemental Certification of John B. McCusker ( " Supplemental McCusker Certification") at Exhibit A. On July 6,1998, Defendant Anthony Cicalese moved the court for leave to answer cross claims. The court granted his motion. *Id.*  On January 7, 1999 a non-party, Garden State Indemnity, moved to intervene in the action. The motion was denied on February 7, 1999. *Id.*  Beginning in the spring of 2000 and extending into 2001, several defendants sought court intervention regarding the change and/ or substitution of counsel and assistance with managing the document repository. *Id.*  Plaintiff could have used these opportunities to assert that it intended to add any new defendants and/ or causes of action.  Also, Plaintiff's claims that it repeatedly tried to vacate the Administrative Dismissal loose even more strength because in 2004 defendant Michael Alfieri, not Plaintiff, moved to lift the Administrative Dismissal, or in the alternative, dismiss the case.  The Court granted Defendant Alfieri's motion. ("Supplemental McCusker Certification") at Exhibit B. Obviously absent from

the record to date is any attempt by the Plaintiff to timely prosecute it case

against Irene DiFeo.

*1   It is a well settled law that a long delay in commencing an action against a previously unnamed party will "at some point... become undue placing an unwarranted burden on the courtor will become prejudicial placing an unfair burden on the opposing part. CURETON V. NATIONAL COLLEGIATE ATHLETIC ASSOC.,252 F.3d 267,273 (3d Cir.,2001) Additionally, in repeatedly asserting that Irene DiFeo has not been prejudiced by Plaintiff's lack of timeliness in commencing its action against Irene DiFeo , Plaintiff fails to take into account the fact that Irene DiFeo does not bear the burden of proving prejudice with respect to any of its procedural defenses. In addition, Plaintiff fails to take into consideration that despite its claims that Irene DiFeo is not prejudiced by being names eight years into an action, and that Plaintiff has not been able to take discovery in this case, and it was documented at the last status meeting that there are at least 250,000 documents that have been produced to date by the original parties to this matter. Irene DiFeo did not even learn of the existence of these papers until June 2005, nearly (8) full years after the complaint was filed.

In an effort to satisfy its inaction, Plaintiff states that (1) there are no case law holdings

that prelude and administrative dismissal from operating to toll the statute of limitations

and (2) *The Electric Mobility Corp.V Bourns Sensors/Controls, Inc.*, case ,87 f. Supp. 2d

394 (D.N.J.2000) cited by Weichert, in which this court held that an administrative

dismissal issued during or toward the end of discovery did not operate to toll the Statute

of Limitations, is inapposite. *See* Plaintiff's Opposition at p.14. Again Plaintiff's

argument is procedurally and factually flawed. Procedurally, Plaintiff attempts to deflect

the burden of proof in this matter. It is Plaintiff's burden to demonstrate that the Stay of

Discovery and/or Administrative Dismissal operated to toll the statute of limitations' it is

not the responsibility of Irene DiFeo to prove that the Stay of Discovery and/or

Administrative Dismissal did not toll the statute of limitations. *See Courtney v. La Salle*

*Univ.*, 124F 3d 499,505 (Cir.1997). Plaintiff has not and cannot meet its burden.

6

Factually, Plaintiff's argument fails for 2 reasons. Plaintiff states that it, Plaintiff "has not had the benefit of any discovery and has been prevented from taking discovery" such that the statue of limitations should be equitably tolled. Plaintiff's Opposition at p. 14. Plaintiff's ability to take discovery in this matter is wholly irrelevant, and had not bearing on Plaintiff's strategic decision to not name Irene DiFeo as a party to this matter. Keeping in mind that there were in June, 2005, over 250,000 pages of documents already in the depository. The *Electric Mobility* Court did not draw any distinction in issuing the administrative dismissal according to the phase of discovery. Plaintiff, therefore, cannot take it upon itself to do so. Plaintiff knew or should have known Irene DiFeo in 1997 at the time it filed its complaint. Again Plaintiff chose not to name Irene DiFeo as party to the action until 2005.

In addition, if Plaintiff did not need the benefit of discovery in 2005 to name Irene DiFeo as a party, it cannot argue that a failure to conduct discovery in 1997 precluded it from naming Irene DiFeo as a party in any of the first three complaints.

Plaintiff's argument also fails factually because as set for in footnote 1, as discussed at the June 4, 2005 statue conference before Honorable Madeline Cox Arleo at least 250,000 pages of discoverable information have been produced to date. Plaintiff's statement that it has not taken discovery in this case is simple not supported by 250,000 documents already shown in the depository. Plaintiff cannot meaningfully distinguish the within Administrative Dismissal from administrative dismissals previously issued by this court, such that it can demonstrate that the administrative dismissal tolled the statute of limitations.

## B. PLAINTIFF WAS NOT PRECLUDED FROM COMMECING A NEW ACTION AGAINST IRENE DIFEO.

In the unlikely event this Court determines that the Administrative Dismissal precluded Plaintiff from moving the Court for leave to amend its Complaint, Irene DiFeo asks the court to dismiss Plaintiff's claims as untimely because Plaintiff was always free to commence a separate action against Irene DiFeo.

In explaining its failure to pursue this option, Plaintiff inappropriately seeks shelter in the Entire Controversy Doctrine stating that a new action" would be contrary to the well-stated purposes of the [Entire Controversy Doctrine.]"  While Irene DiFeo does not dispute the general purpose behind the Entire Controversy Doctrine, plaintiff's reliance on it is entirely misplaced because the Entire Controversy Doctrine simply does not apply to the facts in this case.

The Entire Controversy Doctrine precludes a plaintiff from commencing *successive* lawsuits involving related claims. *Rycole Products.Inc., v. C & W Unlimited*, 109 f. 3d 883,887 (3d cir.,1997) (emphasis added). Contrary to plaintiff's beliefs and conclusory statements regarding its application, it does not preclude a Plaintiff from commencing a timely action while an action on related claims against separate parties is pending. *Id.* (The Entire Controversy Doctrine "does not require dismissal when multiple actions involving the same or related claims are pending simultaneously."); *see also, Pittson Co., v. Sedgwick James of New York* 971 F. Supp. 915, 917(D.N.J.1997) (" the Entire Controversy Doctrine does not preclude the initiation of a second action before the first action has been concluded").

8

Application of the Entire Controversy Doctrine is wholly inappropriate in this case because Plaintiff is engaged in the prejudgment phase of litigation and had the opportunity to timely commence a simultaneous separate action, against Irene DiFeo. *See id.* Despite plaintiff's best efforts to convince the Court that it is the victim in this case, plaintiff was not precluded by the Entire Controversy Doctrine, or by any other legal precedent, from commencing a separate action against Irene DiFeo.

### 2. **Plaintiff has failed to meet its burden of proof.**

Plaintiff has not proffered any facts, which would support an equitable tolling of the statute of limitations and has failed to meet its burden of proof. Courtney v. La Salle University, 124 F. 3d 499, 505 (3d. Cir.1997); see also Podobnik v, U. S. Postal Service, 2005 WL 1059248 *5 (3d Cir. May 5, 2005).

Plaintiff's tolling claim is based on the assertion that "none of the plaintiffs claims have had an ability to become ripe because of the stay and administrative termination of the case". (pb. 11). Plaintiff has profoundly misrepresented the content and effect of the court's April 28, 1998 stay order. The Court's Order merely stayed interrogatory and deposition discovery until November 1, 1998 (see McCusker Cert., Exhibit E).

More importantly, the court permitted document discovery to proceed and "further ordered that any parties who have been served and who have not yet filed answers to this action shall do so or shall otherwise move within thirty (30) days of the date of this order." (Id.). Clearly, the Court would not have required further responsive pleadings or motions in lieu thereof, if it intended the stay order to operate as a bar to further prosecution and defense of the action.

9

There is no indication that the Court intended to prevent Plaintiff from timely amending it's pleading, consistent with Rule 15.

A stay order must be narrowly tailored and construed. See IP Innovation L.L.C. v. Dell Computer Corp., 2004 WL. 784792 (N.D. Ill. April 9, 2004 (stating that "the stay was granted for a limited time and with a limited purpose"). Not even the most liberal reading of the Court's April 28, 1998 order would preclude Plaintiff from asserting additional claims against new parties. In it's ruling, the Court stated that it " believe [d] answers and document discovery present [ed] little danger of self-incrimination." *Walsh Securities, Inc., v., Cristo Property Management.LTD.,* 7 F. Supp. 2 d 523,527, (D.N.J. 1998). It is unclear how the inclusion of additional claims against Irene DiFeo would increase the threat of self-incrimination. The April 28,1998 stay order did not preclude additional amendments to the complaint and should not toll the statute of limitations.

The May 30, 2000 Order stayed discover and administratively dismissed the matter until further order of the court. See (McCusker Cert., Exhibit F). Contrary to Plaintiff's Counsel's declaration wherein it is averred that several requests were mad to allow the case to proceed, the court noted that "all of the parties, except National Home Funding and Robert Skowrenski Il, [were] of the opinion that discovery should not proceed." (Id.) (emphasis added). There is absolutely no evidence that Walsh made any such request. Accordingly, plaintiff contributed to its inability to proceed with its claims and should not get the benefit of an equitable tolling theory. Also, plaintiff could have moved to lift or modify the stay or dismissal and /or file additional actions against non-parties.

10

**1.  Administrative Stays And Dismissals Do Not Equitably Toll The Statute Of Limitations.**

Plaintiff makes the untenable argument that a lack of case law on an administrative dismissal's effect on the statue of limitations thereby makes the purported amendment timely. (pb.11). Weichert has already cited to numerous cases in which a court declined to toll the statute of limitations as a result of a stay or dismissal.  1

Walsh's attempt to distinguish <u>White  v. Williams,</u> 1997  WL 261357 (N.D. Ill. May 8, 1997), is simply unavailing. In while, the court rejected plaintiff's claim to equitable tolling, based on plaintiff's lack of diligence. <u>Id.</u> at *2.  Only by operation of an Illinois State "stay of action" statute – which in contrast to equitable tolling, did not require a demonstration of diligence- was the applicable statue of limitations tolled. <u>Id.</u> at *3.

---

1.   New Jersey Courts have rejected similar tolling arguments in light of the automatic stay provision of the Bankruptcy Code. In <u>Nativo v. Grand Union CO.</u>,315N.J. Super.185 9App.Div.,.1998), plaintiff was granted relief from the automatic stay 42 days prior to the expiration of the statue of limitation, however, the complaint was filed seven days late. The Appellate Division rejected plaintiff's equitable argument, finding that the defendant's counsel did nothing to contribute to the delay in filing. <u>Id.</u> at 188.

Similarly, an administrative dismissal does not equitably toll the statute of limitations. in *Electric Mobility Corp., V.  Bourns Sensors/Controls, Inc.*, 87 F.  Supp  2 d 394  9d.N.J. 2000), the plaintiff filed suit in 1990 arising out of a purchase of allegedly sub-standard potentiometers from defendant.  *Id.*at 397.  after granting partial summary judgment for defendant, the court administratively terminated years later, the plaintiff moved and obtained an order the case on consent, so that the parties could pursue alternative dispute resolution. <u>Id.</u> approximately five vacating the administrative

11

dismissal and reopened the case.  Id.  A year later, the court denied plaintiff's motion to file a second amended complaint, as it did not relate back. Id

   In this case, Plaintiff is not entitled to equitable tolling. Neither the initial Stay order nor the administrative dismissal precluded claims against Irene DiFeo. Rather, this dilatory Plaintiff sat idly by and failed to take any documented affirmative steps to assert a timely claim, either in this action or a new one.


   Plaintiff seeks the exercise of the Court's equity powers, without sufficient justification for its willful negligence in filing to timely assert a claim against Irene DiFeo. "the maxim has long been recognized that equity aids the vigilant, not those sleep on their rights." Brunswick Hills Racquet Club Inc., v Route 18 Shopping Center Associates. 182 N. J.  210, 228  (2005) (citations omitted.).  Plaintiff unjustifiably slept on its right for over eight years, and cannot now be heard to seek equity.

## B.     Plaintiff Is Not Entitled To Unprecedented Blanket
   Public Policy Protections.

In spite of the Plaintiff's struggle to disclaim the statute of limitations applicable in this matter and substitute it with the doctrine of equitable tolling. "the important public policy reason behind  the statue of limitations are not best served if the statue is tolled indefinitely, while evidence stales, memories fade and courts and adversaries wait, until the Plaintiff at his leisure alleges actual discovery, despite the mountain of evidence that would put all but the most indiligent Plaintiffs on notice of a cause of action.' *Hauptman v. Wilentz*, 570 F. Supp. 351 (D.N.J. 1983).  Moreover the third circuit demands that a party seeking the benefit of equitable tolling prove that it was

12

misled by the party asserting the statue of limitations or that it was in some

extraordinary way prevented from asserting its rights; or that it timely asserted its

rights in the wrong forum. *See Kocian v Getty Refining & Marketing Co*, 707 F.2D

748,753 (3d Cir.1983).


Plaintiff's final hour argument simply fails. Plaintiff has not demonstrated (or even

stated) that Irene DiFeo actively misled and/ or precluded it from filing its claim. nor

has it demonstrated that the court's administrative tools precluded it in any way,

extraordinary or otherwise, from commencing an action against Irene DiFeo. rather,

just the opposite, this court expressly held that plaintiff could move to life the stay of

discovery it experienced a change in circumstances. Walsh Securities Inc., 7 F Supp.

2d at 529.

Also, its self-serving conclusions that public policy considerations entitle it to

override the statute of limitations are absolutely opposed by the New Jersey judiciary.

Plaintiff, at its leisure, chose to commence an action Irene DiFeo eight years after a

mountain of information was identified in the press and through multiple government

and private party investigations. Its reliance on public policy for protections in a case

concerning a fraudulent scheme it architect .(see documentation enclosed received

from McCarter & English the attorney representing another defendant and also partial

trial testimony from Richard DeBenedetto testifying that Walsh Securities own Betty

Ann Demola the owner's sister was a driving engineer in this whole scheme. It is

shameful and rude to take up the court's valuable time and is an insult to the honesty

and uprightness of this court. plaintiff's untimely claims must be summarily dismissed.

**C.       Plaintiff's Claims Do Not Relate Back To The Filing Of The Complaint.**

Plaintiff blatantly skirts the express requirement that for a claim against a non-party to relate back, Plaintiff bears the burden that "the party to be brought in by amendment... (B) knew or should have known that, <u>but for a mistake concerning the identity of the proper party,</u> the action would have been brought against the party" Fed. R. Civ .P. 15 (c) (3) (B) (emphasis added): <u>see</u> <u>Childs v. City Of Philadelphia</u>, 2000 WL 567240) *3 (E.D. Pa.. May 9, 2000 ) (citing <u>Wine V. EMSA Ltd., Partnership</u>, 167 F.R.D. 34, 38 (E.D. Pa. 1996).

The Supreme Court has expressly stated that Rule 15 (c) (3) "applies <u>only</u> in cases involving "a <u>mistake</u> concerning the identity of the proper party' ". <u>Nelson v. Adams USA, INC.</u>, 529 U.S. 460.467 n.1 (2000) (finding that the "[r] espondent... made no such mistake" in that "[I]t knew of[(the petitioner's] role and existence") (emphasis added). Clearly, there is no mistake when Walsh initially decided not to assert claims against Irene DiFeo and " there is no reason for Irene DiFeo to believe that (Walsh ) did anything other than make a deliberate choice between potential defendants." <u>Lundy V. Adamar of New Jersey,Inc.</u>, 34 F 3d 1173,1174, (3d Cir. 1994) ; <u>see also</u> <u>Garvin v. City of Philadelphia</u> 354 F. 3d 215, 221 (3d CIR. 2003).

Rule 15 ( c) (3) of the Federal Rules Of Civil Procedure sets forth very limited circumstances pursuant to which an amended pleading seeking to add a new party relates back to the filing of the original complaint for purposes of the statute of limitations.

Garvin  v City Of Philadelphia, 354 f .3d 215 (3d cir.2003). Under Rule 15 (c) (3) an

amended complaint naming a new party relates back to the original complaint where (1)

the claim asserted arose out of the same conduct, transaction or occurrence set forth in the

original pleading; (2) the party named in the new complaint had notice of the institution

of the action within 120 days of the filing of the original complaint; and (3) the newly

named party knew ofor should have know that, but for a mistake concerning its identity,

the action would have been brought against it. Id at 221; Kemp Indus.,Inc., v Safety Light

Corp., Civ.A No.92-95,1994 Wl 532139, at *10 (D.N.J. January 25, 1994)  Plaintiff, not

the newly named party, bears the burden of proving al three prongs of Rule 15 (c) (3).  In

determining whether a plaintiff has met its burden , a reviewing court is bound to

recognize and accept the plain language of Rule 15 criteria. _Dandrea v. Malsbury

Mfg.,Co., 839 F.2d 163,166 (3d Cir. 1986) (citing, Schiavone v. Fortune,477 u.s. 21,30,

(1986) (interpreting an earlier, similar version of Rule 15, finding no relation back and

holding " we accept the rule as meaning what it says"); see also Kemp Indust.,Inc.,1994

Wl 531120, at *11. It is obvious plaintiff cannot meet its burden.


Plaintiff's attempt "to perform an end-run around the statue of limitations that bars

their claims" should not be countenanced; the doctrine "does not save the claims of

complainants who have sat on their rights." Nelson  v. County of Allegheny,  60  f. 3 d

1010,1015  (3d Cir. 1995). Accordingly, the relation back doctrine is inapplicable and

Irene DiFeo's motion to dismiss should be granted.


**D.      PLAINTIFF WAS NOT MISTAKEN AS TO THE IDENTITY OF
          IRENE DIFEO.**

The legal meaning of the "mistake condition" of Rule 15 (c) (3) demands that a plaintiff demonstrate that it was mistaken as to the new defendant's identity and that it intended to sue that party at the time it filed the initial complaint. *Id* at *12.  It will not be met where plaintiff declined to assert liability against the newly named defendant at the time the initial complaint was filed and "there is no reason for [that] party to believed that the plaintiff did anything other than make a deliberate choice between potential defendants."Plaintiff's own processor at Walsh securities Kelly O'Neal, Vincent Applegate mortgage officer of Selective Mortgage and Lorraine king secretary from Stanley Yacker Esg. law office, all took plea agreements regarding the criminal investigation of this scheme and they have not been named as defendants in this case. See below 1.*Lundy v..Adamar of New Jersey, Inc.*, 34 f.3d 1173, 1174 (3d Cir, 1994); *see also  Shirsat V. Mutual Pharm.,Co., Inc.*, No.Civ.,a 93-3202, 1996 Wl 273674, *3-4 (E.D. Pa.,May 15, 1996) ("in light of plaintiff's knowledge of pertinent events and potential individual defendants with the statue of limitations period and plaintiff's delay in filing (its) motion (to amend), plaintiff's failure to sue any individual defendants can reasonably be viewed as deliberate legal strategy, not merely  error").

Consistent with Plaintiff's misinterpretation of the procedural posture of this case to date, Plaintiff has misinterpreted the mistake condition of Rule 15 ( c) (3). Rather than demonstrate how and/or why plaintiff was mistaken as to Irene DiFeo's identity, Plaintiff disingenuously attempts to shift the burden of proof to Irene DiFeo, stating (without explaining why Irene DiFeo was not named as a party in the first three complaints) that Irene DiFeo "should have known that when (plaintiff) was permitted

to do so, it would name (Irene DiFeo ) in this action. Plaintiff 's Opposition at p. 17.

This conjecture and attempt at shifting the burden of proof, does not demonstrate that

plaintiff was mistaken as to Irene DiFeo's identity.  Plaintiff most likely relies on it,

however because it cannot in good faith aver that it was mistaken as to Irene DiFeo's

identity at the time if filed any of its complaints.

     As is documented details of my 2-week trial were literally published in the
newspaper and fully examined in the course of a criminal jury trial. Regardless, the
plaintiff chose to wait eight years after the Asbury Park Press uncovered Plaintiff's
own architect land flipping scheme, and more than four (4) months after the
administrative dismissal was lifted, Plaintiff did not delay because it was mistaken
as to Irene DiFeo's identity; rather several years after the fact, it seeks now to alter it
litigation tactics.  *Garvin,* 354 F.2d at 221; *Shirsat,* 1996 Wl 273674,at*. Plaintiff
cannot, however, plead mistake in an attempt to escape the consequences of poor
legal strategy.  *Lundy,* 34 F.3d at 1173. Plaintiff cannot, however, meet the mistake
condition of Rule 15 (3 ) with respect to Irene DiFeo, therefore, its claims do not
relate back eight (8) years to the time the initial complaint was filed.

### E.  IRENE DIFEO DID NOT HAVE NOTICE THAT PLAINTIFF INTENDED TO COMMENCE AN ACTION AGAINST IT.

     Even if this court were to find that plaintiff was mistaken as to the identity of Irene

DiFeo, plaintiff's averment of mistake alone is not sufficient to permit ration back.

*Lundy,* 34  F. 3d at 1183.  Plaintiff bears the burden of proving that the party it seeks

to add by amendment knew within 120 days of the filing of the original complaint

that plaintiff intended to name it in the original complaint but omitted it by mistake.

*Kemp.* 1994 WL 532130, at *11 (citations omitted) (emphasis in original).

### E.  PLAINTIFF CANNNOT DISPENSE WITH THE NOTICE REQUIREMENT.

     Rather than meeting its burden of proof in demonstrating

That Irene DiFeo possessed the requisite notice of plaintiff's claims, plaintiff obviates

the notice requirement and argues that "because of lack of prejudice to (Irene DiFeo)

the notice requirement is less important".  Plaintiff 's Opposition on p. 16. While

plaintiff offers no support for this outlandish proposition, it refers to cases from

Pennsylvania, as well as The Fourth, Sixth And Ninth Circuits, that recognize that a

new party may receive notice of an action through informal means. *Id.* (citing,

*Kinnally v. Bell Of Pennsylvania*, 784 f. Supp. 1136 (E.D.Pa.,1990). Plaintiff's

reliance on *Kinnally* is inappropriate with respect to Irene DiFeo.  *Kinnally*

recognized informal notice under Rule15 (c) (3) because the newly named parties

were individual defendants preparing individual defenses in parallel administrative

matters. This is not the case with respect to Irene DiFeo.

Despite plaintiff's contentions that the procedural posture of this case renders the

Rule 15 (c ) (3) notice requirement "less important,' in this action than in other

relation back cases, the third circuit has repeatedly held that plaintiff can not dispense

with this factor when meeting the rigorous Rule 15 (c ) (3) criteria. *See e.g., Lundy,*

34 F.3d at 1183.

### F.  PLAINTIFF CANNOT MEET ITS BURDEN OF PROOF THAT IRENE DIFEO HAD NOTICE OF ITS CLAIMS.

G.

Not only has plaintiff attempted to delete the notice requirement from Rule 15 ( c)

(3). Plaintiff has also failed to set forth even a pinch of evidence demonstrating that

Irene DiFeo received even informal notice of the action. Irene DiFeo didn't even

know that there was any civil suit going on. The first time I was aware of this was on

Feb 2005 when I received a third amended complaint summons. There is not an ounce of proof for the plaintiff's conclusory statements.

As demonstrated above and contrary to Plaintiff's generalizations, Plaintiff's claims against Irene DiFeo do not relate back to the filing of the initial complaint because plaintiff cannot meet the third circuit's criteria of relation back. Its claims, therefore, are wholly time barred.

## THE ENTIRE CONTROVERSY DOCTRINE DID NOT PRECLUDE THE INITIATION OF SEPARATE PROCEEDINGS DURING THE STAY

Plaintiff was not precluded by the entire controversy doctrine from initiating separate actions against non-parties either in federal or state court during the administrative dismissal. As explained below, there existed no legal impediment for plaintiff to pursue any cause of action it may have against non-parties.

Additionally, the court in its initial stay invited "the parties (to) petition the court to lift or modify the stay if there is a change in circumstances warranting it." *Walsh Securities*, 7 F. Supp. 2d at 529. If plaintiff were truly concerned about enforcing its rights as against non-parties, it would have petitioned the court. See # 2 remarks

---

#2   Although counsel for Walsh Securities contends that several request were made to the U.S. Attorneys Office and the Court "to allow the case to proceed.' (Mr. Magnanini Dec.  3). Plaintiff offers no proof of such requests and the docket report is silent as to same. (See Point II). Additionally, Plaintiff does not contend that the requests were specifically made for the purpose of amending pleadings and /or asserting additional claims as to non-parties. In fact, any suggestion that the purpose of these alleged requests was to assert claims as to non-parties is entirely belied by Plaintiff's dilatoriness in failing to file the Third Amended Complaint until four months after the stay and administrative dismissal was vacated. *See Shirsat v. Mutual Pharmaceutical Co.,Inc.*, 1996  WL

273674 *3 (E.D.Pa. May 15, 1996) (finding that a one month delay from the date the stay was lifted until leave to amend was sought indicated that the "plaintiff now seeks to change a legal strategy, rather than correct an error").

### 1. NEW JERSEY ENTIRE CONTROVERSAY DOCTRINE NO LONGER HAS A " PARTY JOINDER REQUIREMENT

The entire controversy doctrine did not preclude Walsh from bringing a separate suit against non-parties, As New Jersey no longer recognizes a "party joinder" requirement. In September 1998, the New Jersey Court Rule was amended, and mandatory party joinder was eliminated. See #3 remarks. *See Hobart Bros.,v. National Union Fire Ins.*, 354 N.J. Super. 229,242 (App. Div.,) certif, den., 175 N.J. 170 (2002). Although the amendment took place during the pendency of this action, courts have uniformly accorded the rule's amendment pipeline retroactivity to all pending cases. See *Higgins v. Swiecicki,* 325 N.J. Super . 488, 493-93 (app. Div, 1998); *Hobart Bros.*, 354 N.J. Super.,at 242.

Accordingly, plaintiff's final hour attempt to use the Entire Controversy Doctrine as a shield from its negligent failure to pursue non-parties should not be tolerated and allowed.

### 2. THE ENTIRE CONTROVERSY DOCTRINE DOES NOT PRECLUDE THE INITIATION OF A SECOND ACTION BEFORE THE FIRST ACTION HAS CONCLUDED.

The very case cited by Plaintiff weighs against the application of the entire controversy doctrine on a second suit against non-parties prior to final judgment in this action. The third circuit in *Rycoline Products, Inc., v. Sun Graphics, Inc.,* 109 F. 3 d 883 (3d Cir., 1997), made clear that the Entire Controversy Doctrine

"does not require dismissal when multiple actions involving the same or related claims are pending simultaneously."Id. At 887, 889 (holding that "The Entire Controversy Doctrine does not preclude the initiation of a second litigation before the first action has been concluded") (citations omitted) (quoting *Kaelaan & D'angelo Assoc., Inc., v Soffian,* 290 N. J. Super. 293 (app., div.,1996) . See remarks # 3

---

#3  In its current formulation, the Rule provides that "(n)on-joinder of claims re quired to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine (.) r. 4:30aA.

Although this case was originally filed in 1997, no final judgment has been entered. Accordingly, Plaintiff was free to file a simultaneous action against non-parties within the applicable period of limitations. The failure to diligently pursue any purported rights can only be explained by plaintiff's negligence and lack of celerity. For these reasons, Irene DiFeo's motion to dismiss based on the expiration of the statute of limitations should be granted

## 3. PUBLIC POLICY FAVORS THE APPLICATION OF THE STATUE OF LIMITATIONS.

Plaintiff argues that the purposes behind the statue of limitations would be furthered if the court were to completely disregard them. Contrary to plaintiff's one- sided review of the policies underlying periods of limitations, more persuasive policy rationales support enforcement. The third circuit looked with favor on the District Of Columbia Circuit's limitation on the relation back doctrine. The court found that without some limit, relation back:

Would allow the tardy plaintiffs to benefit form the diligence of the other victims and , more importantly, could cause defendants' liability to increase geometrically and their defense strategy to become far more complex long after the statue of limitations had run. Even if, as here, there were no showing of specific prejudice in the sense of lost or destroyed evidence, defendants would still be deprived of their interest in repose. At some point, defendants should have notice of who their adversaries are.

*Nelson*, 60 F. 3d at 1015 (emphasis added) (quoting *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301.1309 (D.C. Cir.,1982)): *see also Lundy V. Adamar Of New Jersey, Inc.*, 34 F. 3d 1173, 1204 (3d Cir.,1994) ("the theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend with the period of limitation and the right to be free of stale claims in time comes to prevail over the right to prosecute them.") (quoting *Order Of R.R. Telegraphers V. Ry. Express Agency, Inc.*, 321 U. S. 342, 348-49 (1944)); *Burnett V. New York Cent. R.R. Co.*, 380 U. S. 424,428 (1965) (stating that courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.)

In this case, Walsh has had more than an enough opportunity to assert a claim against Irene DiFeo. A complete disregard of the applicable statue of limitations without a sufficient justification would serve as a complete deprivation of Irene DiFeo's interest in repose. Walsh argues that none of the defendants have alleged prejudice as "presumably evidence has not been lost, memories have not faded and witnesses have not disappeared." (Pb 24) it is a documented fact that in opposition to the motion for a stay in 1998, the plaintiff argued that "a delay would cause memories to fade and assets to dissipate." Walsh Securities, 7 F. Supp. 2d at 528.

without a doubt the plaintiff wants to have it both ways whatever suits the plaintiff's fancy and this strategy should not be tolerated and I pray that the court sees this as exactly what it is as a last minute effort to defeat the present motion, the reason for the underlying policies and purposes of the statue of limitations support irene difeo's motion to dismiss.

## 11. PLAINTIFF'S COUNCEL'S DECLARATION SHOULD BE STRICKEN AS IT IS CONCLUSORY AND WHOLLY UNSPUPPORTED BY THE RECORD

Plaintiff alleges that its prior counsel, Latham & Watkins, petitioned the court and the U. S. Attorney's office during the stay and administrative dismissal to allow the case to proceed. (Mr. Magnanini decl. 3). This assertion is belied by both the docket and the record before the court, neither of which reveals any such request.

The local rules restrict statements in affidavits to "fact) (s) within the personal knowledge of the affiant," L.Civ, R. 7.2 (a). "[u]nsubstantiated conjecture…(without) any competent evidence to corroborate (the) allegations" will not be considered. *Cohen v. Kurtzman,* 45 F. Supp.,2d 423,432 (D.N.J. 1999).

In this case, not only are representations regarding efforts to permit the case to proceed unsubstantiated, they are entirely contradicted by the court's docket,. It is evident that subsequent to the April 1998 stay order, numerous filings were made with the court. Notably, the court granted leave for Anthony Cicalese to file an answer to a cross-claim on or about July 6, 1998. However, there is no notation on the docket that plaintiff attempted to obtain relief from the stay or the dismissal.   More importantly, there is no evidence before this court, other than counsel's representation, evidencing such request. Therefore Irene DiFeo respectfully requests that this court not consider those portions of the declaration, to the extend it consists of unsubstantiated and uncorroborated conjecture.

## **CONCLUSION**

The arguments set forth by Weichert Realtors and Stewart Title Guaranty Company, I have adopted them as my own.

For the reasons set forth above and in the moving brief, defendant Irene DiFeo respectfully requests that the court grant it motion to dismiss the plaintiff's third amended complaint with prejudice as to Irene DiFeo for failure to state a claim upon which relief can be granted.

Dated June 23.,2005

Respectfully Submitted By

*Irene DiFeo, pro se*

Irene DiFeo, Pro Se
5 Leann Ct.
Old Bridge, N.J.  08857

24