UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : |
| v.　　　　　Plaintiff, | : |
| CRISTO PROPERTY MANAGEMENT, LTD., et al., | : |
| 　　　　　Defendants. and | : |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | : |
| 　　　　　Defendant/Third Party Plaintiff, v. | : |
| ROBERT WALSH and ELIZABETH ANN DeMOLA, | : |
| 　　　　　Third Party Defendants. | : |

Civil Action No. 97-3496 (WGB)
Honorable William G. Bassler

---

**THIRD PARTY PLAINTIFF COMMONWEALTH LAND TITLE INSURANCE
COMPANY'S SUPPLEMENTAL BRIEF IN OPPOSITION TO THIRD PARTY
DEFENDANT WEICHERT, REALTORS' MOTION TO DISMISS ALL CROSS
CLAIMS AGAINST WEICHERT, REALTORS**

---

David R. Kott, Esq. (DK-4593)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party
Plaintiff Commonwealth Land
Title Insurance Company

Of Counsel:　David R. Kott, Esq.

On the Brief:　David R. Kott, Esq.
　　　　　　　Natalie S. Watson, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................................ii

PRELIMINARY STATEMENT ......................................................................................................1

LEGAL ARGUMENT......................................................................................................................3

POINT I – NO BARS EXIST TO COMMONWEALTH'S CLAIM OF
CONTRIBUTION AGAINST WEICHERT; COMMONWEALTH IS NOT A
RICO DEFENDANT AND HAS NOT BEEN ACCUSED OF
INTENTIONAL WRONGDOING......................................................................................................3

POINT II – COMMONWEALTH HAS NOT SOUGHT INDEMNIFICATION
FROM WEICHERT; CONSEQUENTLY, WEICHERT'S ARGUMENTS
AGAINST INDEMNIFICATION ARE IRRELEVANT ...................................................................4

POINT III – COMMONWEALTH HAS ASSERTED A VALID CROSS CLAIM
FOR CONTRIBUTION AGAINST WEICHERT PURSUANT TO THE
FEDERAL RULES OF CIVIL PROCEDURE ................................................................................4

POINT IV – UNDER THE FEDERAL RULES OF CIVIL PROCEDURE,
COMMONWEALTH SHOULD BE PERMITTED TO AMEND ITS THIRD
PARTY COMPLAINT BECAUSE THERE IS NO DANGER OF UNDUE
PREJUDICE TO WEICHERT IN ALLOWING SUCH AN
AMENDMENT.................................................................................................................................7

CONCLUSION.................................................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cornell & Co. v. Occupational Safety & Health Rev. Commission*, 573 F.2d 820 (3d Cir. 1978)................................................................................................8

*Cureton v. National College Athletic Associate*, 252 F.3d 267 (3d Cir. 2001) .................8

*Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993) ...............................................8

*Tormo v. Yormark*, 398 F. Supp. 1159 (D.N.J. 1975)..........................................6

*USX Corp. v. Barnhart*, 395 F.3d 161 (3d Cir. 2004)..........................................9

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)................................8

## STATE CASES

*Blazovic v. Andrich*, 124 N.J. 90 (1991) ..........................................................7

*Cartel Capital Corp. v. Fireco of New Jersey*, 81 N.J. 548 (1980) ......................................6

*Dunn v. Praiss*, 139 N.J. 564 (1995)..................................................................6

*Howell v. Bennet Buick, Inc.*, 52 A.D.2d 590 (App. Div.), <u>appeal denied</u>, 40 N.Y.2d 803 (Ct. App. 1976) ..............................................................6

*Lee v. Kiku Restaurant*, 127 N.J. 170 (1992)......................................................7

*Safeway Stores, Inc. v. Nest-Kart*, 579 P.2d 441 (Cal. 1978) ...............................6

## FEDERAL RULES

Fed. R. Civ. P. 13(g) ......................................................................................5

Fed. R. Civ. P. 13(g) ......................................................................................3

Fed. R. Civ. P. 15(a) ......................................................................................8

## PRELIMINARY STATEMENT

As this Court is well aware, plaintiff Walsh Securities, Inc., ("Walsh") has asserted

claims against numerous parties in this case, including one against Commonwealth Land Title

Insurance Company ("Commonwealth"). Though Walsh has sued many of the defendants in this

case for their alleged RICO violations, Walsh's cause of action against Commonwealth stems

from an alleged breach of contract. Commonwealth denies any liability to the plaintiff or to any

other defendant. Nevertheless, Commonwealth asserts that any losses sustained by the plaintiff

or by any other defendant were the proximate result of the actions of several defendants,

including Weichert Realtors ("Weichert"). Consequently, Commonwealth has asserted cross-

claims for contribution against Weichert pursuant to the New Jersey Tortfeasors Contribution

Act.

Initially, Weichert served a notice of motion and brief on all adversaries arguing that

Walsh's claims against it should be dismissed on statute of limitations grounds. In these initial

papers, Weichert made no reference to Commonwealth's cross-claims against Weichert.

Commonwealth did not believe that Weichert was challenging the Commonwealth cross-claims.

However, in the event that the Court had any questions about the impact of a dismissal of a

complaint on cross claims, Commonwealth submitted an opposition brief explaining that, under

New Jersey law, the dismissal of a complaint does not serve to dismiss cross-claims. Pursuant to

Weichert's desire to follow Appendix N, defendant Commonwealth submitted its brief directly

to Weichert.

When Commonwealth received the complete motion package from Weichert, which

included Weichert's reply briefs, Commonwealth learned that Weichert submitted an entirely

new brief with this package urging this Court to dismiss all cross-claims filed against Weichert.

Because Weichert failed to provide this brief initially, Commonwealth was unable to respond to Weichert's arguments. Consequently, Commonwealth now submits this brief in opposition to Weichert's new brief in support of Weichert's motion to dismiss all cross-claims filed against it.

In its new brief, Weichert moved to dismiss all cross-claims filed against it, including those of Commonwealth, by advancing three arguments: (1) Commonwealth's claims for contribution should be dismissed because RICO/intentional tort defendants are not permitted to seek contributions; (2) Commonwealth's claims for indemnification should be dismissed because RICO/intentional tort defendants are not permitted to seek indemnification; and (3) Commonwealth's cross-claims should be dismissed because they allegedly were not pled sufficiently to put Weichert on notice as to the claims asserted against it. The first two arguments are puzzling and actually cause one to wonder whether Weichert's inclusion of Commonwealth in its motion to dismiss all cross-claims filed against it was simply a typographical error. Commonwealth is not and has never been a RICO defendant—the only claims asserted by the plaintiff against Commonwealth are breach of contract; moreover, Commonwealth never sought indemnification from Weichert.

Thus, the only argument that potentially applies to Commonwealth's cross-claims involves Weichert's misreading of the pleading requirement for cross-claims. Weichert asserts that Commonwealth has failed to give Weichert notice as to the basis of its cross-claim. A simple reading of Fed. R. Civ. P. 13(g), however, shows that Commonwealth's cross-claim complies exactly with the Federal Rules governing cross-claims. The Federal Rules do not require that cross claims for contribution be pled with specificity.

2

## LEGAL ARGUMENT

### POINT I

### NO BARS EXIST TO COMMONWEALTH'S CLAIM OF CONTRIBUTION AGAINST WEICHERT; COMMONWEALTH IS NOT A RICO DEFENDANT AND HAS NOT BEEN ACCUSED OF INTENTIONAL WRONGDOING

Citing an unpublished case, plaintiff asserts that

> the cross claims against Weichert, however, must be
> dismissed because the Cross Claiming Defendants cannot
> recover from Weichert due to the fact that Plaintiff alleges
> that each of them acted in conjunction with Weichert
> (through Pepsny) in violating RICO.

(Weichtert's Br. in Supp. of Mot. to Dismiss at 4.)  Weichert is wrong.  Plaintiff never alleged

that Commonwealth was in any way involved in any RICO violation, nor has plaintiff argued

that Commonwealth engaged in intentional wrongdoing.  As a reading of plaintiff's Third

Amended Complaint shows, plaintiff has alleged that Commonwealth is in breach of contract.

(See Pl.'s Third Am. Compl. at 94.)  In the ad damnum clause of Count V of the Complaint,

plaintiff asks for damages based upon "breach of contract."

Commonwealth denies any breach of contract.  Commonwealth, however, seeks

contribution from Weichert because any damages that Walsh claims to have suffered are

predicated upon damages caused by the negligent acts of Weichert and others.  Consequently,

pursuant to New Jersey statutory and case law, Commonwealth has a right to seek contribution

from Weichert.  Weichert's interpretation of RICO case law is irrelevant to Commonwealth's

cross claims against Weichert.

3

## POINT II

### COMMONWEALTH HAS NOT SOUGHT INDEMNIFICATION FROM WEICHERT; CONSEQUENTLY, WEICHERT'S ARGUMENTS AGAINST INDEMNIFICATION ARE IRRELEVANT

Weichert also mistakenly includes Commonwealth in its argument that cross-claims for indemnification should be dismissed because RICO/intentional tort defendants should be barred from pursuing indemnification.[1]  As discussed above, these arguments are irrelevant to Commonwealth's cross claims against Weichert because Commonwealth is not a RICO defendant.  Commonwealth has not been accused of any RICO violations nor of any intentional torts.  Furthermore, Commonwealth has never even asserted a claim for indemnification against Weichert.  Therefore, Weichert's arguments concerning indemnification, as they appear in Point C and in the Conclusion of its brief, are as irrelevant as they are puzzling.

## POINT III

### COMMONWEALTH HAS ASSERTED A VALID CROSS CLAIM FOR CONTRIBUTION AGAINST WEICHERT PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE

Despite Weichert's unsubstantiated assertions to the contrary, Commonwealth's cross-claim against Weichert is valid, both procedurally and substantively.  Under Fed. R. Civ. P. 13(g), a cross-claim "may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."  This is precisely what Commonwealth has done.  Commonwealth denies that it is

---

[1] It is unclear whether Weichert intends to include Commonwealth in this section of its brief.  The introduction to Weichert's brief indicates that Commonwealth is not included in Weichert's discussion of indemnification; the section itself, along with the conclusion to Weichert's brief, indicate that Commonwealth is included in this section.

liable to Walsh.  However, Commonwealth maintains that any harm suffered by Walsh is

predicted upon the negligence of Weichert and other co-defendants.

        Under New Jersey law, it is entirely appropriate to apportion liability among tortfeasors

who have caused injury due to negligence and those who have caused injury due to breach of

contract.  Dunn v. Praiss, 139 N.J. 564, 578 (1995).  In Dunn, defendant-physician was found

liable to plaintiff for personal injury.  The physician then sought contribution from the plaintiff's

HMO alleging that the HMO breached its contract with the patient to provide care to a

subscriber.  In allowing the physician to seek contribution from the HMO, the Dunn Court relied

heavily upon the purpose of the Joint Tortfeasor's Contribution Act.  The Dunn Court held that

> [a] breach of a contractual duty which is a proximate cause of a
> personal injury can easily be balanced against the negligence of
> another party so that their percentage responsibilities can be
> assessed and contribution directed as comparative fault.

Id. (internal citations omitted).  The Dunn Court found that the "label" placed upon an action,

whether breach of contract or personal injury, is irrelevant in determining whether one defendant

may seek contribution from another.  Id. at 578.  Instead, the court should focus "on the nature of

the injury inflicted on the plaintiff and the remedies requested."  Id. at 577 (quoting Pickett v.

Lloyd's, 131 N.J. 457 (1993)); see also Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J.

548, 566-68 (1980) (a court may apportion contribution between parties even if the parties are

liable on entirely different bases); Howell v. Bennet Buick, Inc., 52 A.D.2d 590 (App. Div.),

appeal denied, 40 N.Y.2d 803 (Ct. App. 1976) (manufacturer held liable for breach of warranty

may seek contribution from dealer who negligently repaired automobile); Tormo v. Yormark,

398 F.Supp. 1159, 1188-81 (D.N.J. 1975) (holding that under New Jersey law, a bank absolutely

liable under statute may seek contribution from a negligent attorney); Safeway Stores, Inc. v.

Nest-Kart, 579 P.2d 441, 445-46 (Cal. 1978) (cited with approval Cartel Capital Corp., 81 N.J. at

568) (holding that a negligent supermarket may seek contribution from a manufacturer of a defective shopping cart strictly liable for a customer's injuries).

New Jersey's Legislative and Judicial branches have long recognized that the "guiding principle of comparative fault" is the allocation of a loss "in proportion to the respective faults of the parties causing that loss." Blazovic v. Andrich, 124 N.J. 90, 107 (1991). In 1952, the Legislature enacted the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. Under the Joint Tortfeasor's Contribution Act:

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect, or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damages against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share...

N.J.S.A 2A:53A-3. In 1973, the Legislature modified the Joint Tortfeasor's Contribution Act by passing the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq. The Comparative Negligence Act modified the apportionment of liability in accordance with the "basic principle" that "a defendant contributing to an injury caused by multiple factors should bear no more of the ultimate liability than is proportionate to that defendant's relative share of the assigned fault." Lee v. Kiku Restaurant, 127 N.J. 170, 186 (1992).

In the case at bar, Commonwealth maintains that Weichert's negligent acts are responsible for Walsh Securities' injuries, if any, in whole or in part. Commonwealth's cross-claims comport with both New Jersey and federal law.

6

## POINT IV

### UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, COMMONWEALTH SHOULD BE PERMITTED TO AMEND ITS THIRD PARTY COMPLAINT BECAUSE THERE IS NO DANGER OF UNDUE PREJUDICE TO WEICHERT IN ALLOWING SUCH AN AMENDMENT

Commonwealth has articulated a valid claim for contribution against Weichert based upon Weichert's negligent actions. If, however, this Court reads Commonwealth's cross-claim against Weichert narrowly, interpreting it only as a claim arising out of contract, and, in turn, decides that the cross-claim fails to state a claim upon which relief may be granted, then Commonwealth requests that this Court allow Commonwealth to amend its cross-claim. Allowing such an amendment is in conformance with Third Circuit precedent that liberally allows amendments to pleadings.

The district court has the discretion to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). Under Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." Amendments are favored and "permitting amendments to pleadings is the rule, and denial of permission is the exception." 61A Am. Jur. § 761. In the Third Circuit, prejudice to the non-moving party "is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993); See also Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

To determine whether a proposed amendment would unduly prejudice the non-moving party, the Third Circuit has instructed district courts to "focus on the hardship to the defendants if the amendment were permitted." Cureton v. National College Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001). The Third Circuit has found prejudice in situations where the "proposed

amendment would result in additional discovery, cost and preparation to defendant against new facts or theories," id., or "when a movant has had previous opportunities to amend a complaint and offers no explanations for amending the complaint sooner." USX Corp. v. Barnhart, 395 F.3d 161 (3d Cir. 2004).

None of those dangers are present in this case. Weichert will experience no prejudice by an amendment. Commonwealth's initial cross-claim put Weichert on notice that it could be held liable for damages to Walsh Securities caused by its actions. Commonwealth seeks leave to amend its cross-claim immediately, if the Court finds its articulation of the initial cross-claim inaccurate. Consequently, there is no undue delay in seeking leave to amend. Given the liberal policy of allowing the amendment of pleadings, the lack of any risk of prejudice to Weichert in allowing an amendment, and in the interests of justice, Commonwealth respectfully requests that this Court allow it to amend its Complaint.

## **CONCLUSION**

For the reasons set forth above, Commonwealth respectfully requests that this Court deny

Weichert's motion to dismiss Commonwealth's cross-claim asserted against Weichert.

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Defendants,
Commonwealth Land Title Insurance Company

By:     /s David R. Kott, Esq.
        David R. Kott, Esq.
        A Member of the Firm

Dated: July 22, 2005

9

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party Plaintiff
  Commonwealth Land Title
  Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

WALSH SECURITIES, INC.,

                    Plaintiff,                                   Civil Action No. 97-3496
                                                                Hon. William G. Bassler

CRISTO PROPERTY MANAGEMENT,
LTD., A/K/A G.J.L. LIMITED, DEK
HOMES OF NEW JERSEY, INC., OAKWOOD
PROPERTIES INC., NATIONAL HOME
FUNDING, INC., CAPITAL ASSETS
PROPERTY MANAGEMENT, L.L.C.,                      **CERTIFICATION OF SERVICE**
WILLIAM J. KANE, GARY GRIESER,
ROBERT SKOWRENSKI, II, RICHARD
CALANNI, RICHARD DIBENEDETTO, JAMES
R. BROWN, THOMAS BRODO, RONALD J.
PIERSON, STANLEY YACKER, ESQ.,
MICHAEL ALFIERI, ESQ., RICHARD
PEPSNY, ESQ., ANTHONY M. CICALESE,
ESQ., LAWRENCE M. CUZZI, ANTHONY
D'APOLITO, DAP CONSULTING, INC.,
COMMONWEALTH LAND TITLE INSURANCE
COMPANY, NATIONS TITLE INSURANCE
OF NEW YORK INC., FIDELITY NATIONAL
TITLE INSURANCE COMPANY OF NEW
YORK, and COASTAL TITLE AGENCY,

                    Defendants.

-------------------------------------------------------------x

**GERALDINE AUER,** of full age, hereby certifies as follows:

1.     I am employed by McCarter & English, LLP, attorneys for defendant/third-party plaintiff Commonwealth Land Title Insurance Company.

2.     On July 22, 2005, I caused to be served by email, a copy of Commonwealth's Supplemental Brief in Opposition to Third-Party Defendant Weichert Realtors' Motion to Dismiss all Cross-Claims Filed Against Weichert Realtors upon the attorneys named in the list attached hereto, and also by certified mail, return receipt requested, to third-party defendant Weichert Realtors.

3.     I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


/s/ Geraldine Auer

GERALDINE AUER

MEI\5138881.1

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL
## CIVIL ACTION NO. 97-3496(WGB)


Robert A. Magnanini, Esq.
Boies, Schiller & Flexner LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Ronald M. Kleinberg, Esq.
Richard A. Finkel, Esq.
Meissner, Kleinberg & Finkel, LLP
275 Madison Ave., Suite 1000
New York, New York 10016
**Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc.,
Oakwood Properties, Inc., and William J. Kane**

Michael Schottland, Esq.
Schottland, Manning, Rosen, Callendo & Munson, PA
36 W. Main Street
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ   07974
**Attorney for defendant Michael Alfieri, Esq. on the Sixth Count**

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, New Jersey  07013
**Attorney for Defendant Lawrence M. Cuzzi**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey 08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
**Attorney for Defendant Anthony M. Ciccalese**

Anthony Argiropoulous, Esq.
Fox, Rothschild, O'Brien & Frankel
997 Lenox Drive, Bldg. 3
Lawrenceville, New Jersey 08648
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania 19103-3291
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, New Jersey 07701
**Attorneys for defendant Roland J. Pierson**

Frederick Alworth, Esq.
Gibbons Del Deo Dolan Griffinger & Vecchione, PC
1 Riverfront Plaza
Newark, NJ 07102
**Attorney for defendant Stewart Title Guaranty Company**

John B. McCusker, Esq.
McCusker Anselmi Rosen Carvelli & Walsh, PC
127 Main Street
Chatham, NJ 07928
**Attorney for defendant Weichert Realtors**

Jeffrey D. Smith, Esq.
DeCotiis FitzPatrick Cole & Wisler, LLP
500 Frank W. Burr Blvd.
Teaneck, NJ 07666
**Attorney for Third Party Defendant Elizabeth Ann DeMola**

2

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey  07666

James R. Brown, Pro Se
1089 Cedar Avenue
Union, New Jersey  07083

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
153 Stephens Lane
Mahwah, New Jersey  07430

Irene DiFeo, Pro Se
5 Leann Court
Old Bridge, NJ 08857

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ  07756-1397

Capital Assets Property Management, LLC
10 West Bergen Place
Red Bank, NJ 07701

Andrew I. Indeck, Esq.
Scarinci & Hollenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
**Attorney for Garden State Indemnity Co. (Legal Malpractice carrier
for defendant Michael Alfieri)**

3