# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,

          Plaintiff,

v.

CRISTO PROPERTY MANAGEMENT, LTD., a/k/a
G.J.L. LIMITED, DEK HOMES OF NEW JERSEY,
INC., OAKWOOD PROPERTIES INC., NATIONAL
HOME FUNDING, INC., CAPITAL ASSETS
PROPERTY MANAGEMENT & INVESTMENT
CO., INC., CAPITAL ASSETS PROPERTY
MANAGEMENT, L.L.C., WILLIAM I. KANE,
GARY GRIESER, ROBERT SKOWRENSKI, II,
RICHARD CALANNI, RICHARD DIBENEDETTO,
JAMES R. BROWN, THOMAS BRODO, RONALD J.
PIERSON, STANLEY YACKER, ESQ., MICHAEL
ALFIERI, ESQ., RICHARD PEPSNY, ESQ.,
ANTHONY M. CICALESE, ESQ., LAWRENCE M.
CUZZI, ANTHONY D'APOLITO, DAY
CONSULTING, INC., COMMONWEALTH LAND
TITLE INSURANCE COMPANY, NATIONS TITLE
INSURANCE OF NEW YORK INC., FIDELITY
NATIONAL TITLE INSURANCE COMPANY OF
NEW YORK, COASTAL TITLE AGENCY, and
STEWART TITLE GUARANTY COMPANY, IRENE
DiFEO, DONNA PEPSNY, WEICHERT,
REALTORS, AND VECCHIO REALTY, INC. D/B/A
MURPHY REALTY BETTER HOMES and
GARDENS,

          Defendants.

Civil Action No. 97-3496
Honorable William G. Bassler

---

## WEICHERT REALTORS' OPPOSITION TO COMMONWEALTH LAND TITLE INSURANCE COMPANY'S MOTION TO AMEND ITS CROSS CLAIMS AGAINST WEICHERT

**McCusker, Anselmi, Rosen,**
**Carvelli & Walsh, P.A.**
127 Main Street
Chatham, New Jersey 07928
(973) 635-6300
Attorneys for Defendant
Weichert, Realtors

On the Brief:
John B. McCusker (JBM 1482)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ ii

PRELIMINARY STATEMENT ...................................................................... 1

LEGAL ARGUMENT.................................................................................... 4

I. COMMONWEALTH CANNOT SEEK
CONTRIBUTION FROM WEICHERT
BECAUSE COMMONWEALTH AND
WEICHERT ARE NOT JOINT TORTFEASORS. ................................ 4

II. COMMONWEALTH'S MOTION TO AMEND
THE THIRD PARTY COMPLAINT SHOULD
BE DENIED BECAUSE COMMONWEALTH
HAS FAILED TO SET FORTH THE BASIS OF,
OR REASON FOR ITS PROPOSED AMENDMENT ......................... 7

CONCLUSION ............................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Centifanti v. Nix*, 865 F.2d 1422 (3d Cir. 1989) ........................................... 8,9

*Dover Steel Co., Inc. v. Hartford Accident & Indem., Co.*,
151 F.R.D. 570 (E.D.Pa. 1993) ....................................................................... 8

*Forman v. Davis*, 371 U.S. 178 (1962) ........................................................... 7

*Longport Ocean Plaza Condominium, Inc. v.
Robert Cato & Assoc. Inc.*, 2002 WL 2013925, *2
(E.D. Pa. Aug. 29, 2002) ......................................................................... 4, 5, 6

*Resolution Trust Corp. v. Moskowitz*,
845 F. Supp. 247 (D.N.J. 1994) ..................................................................... 4

*Sorrentino v.Guzy*,
Civ.A.No. 87-1233, 1988 WL 29356, *1
(E.D.Pa. Mar. 24, 1988) ................................................................................. 8

## STATE CASES

*Dunn v. Praiss, M.D.*, 139 N.J. 564 (1995) ..................................................... 5

## RULES

Federal Rule of Civil Procedure 12 .................................................................. 4

## PRELIMINARY STATEMENT

The underlying facts of the within matter are thoroughly detailed in Weichert, Realtors' ("Weichert") Motion to Dismiss and papers filed in support thereof ("Moving Papers"). A summary of the procedural history of this case is necessary, however, in order to frame the narrow issue between Commonwealth Land Title Insurance Company ("Commonwealth") and Weichert addressed in this memorandum.[1]

Plaintiff Walsh Securities, Inc. ("Plaintiff") asserts a breach of contract claim, in connection with the alleged RICO land-flipping scheme, against Commonwealth. Additionally, in connection with its claims against Defendant Donna Pepsny ("Pepsny"), Plaintiff seeks secondary liability, arising out of Respondeat Superior, against Weichert for Pepsny's actions. *See* Plaintiff's Third Amended Complaint at ¶¶ 108-11. Commonwealth alleges a conclusory, non-specific cross claim of contribution against all

---

[1] The procedural history of this case has become a hornet's nest with respect to dismissal of the cross claims. As demonstrated above, in May 2005, Weichert moved to dismiss the claims set forth in the Complaint. In June 2005, Commonwealth submitted a brief in opposition to Weichert's motion to dismiss, requesting that the Court preserve its cross claims against Weichert, even if the claims in the Complaint are dismissed. Also in June 2005, Weichert replied to Commonwealth's opposition, requesting that the Court dismiss all cross claims, in addition to dismissing the claims in the Complaint. In late July 2005, Commonwealth replied to Weichert's opposition requesting that the Court grant it leave to amend its cross claims. Weichert now opposes Commonwealth's motion to amend.

defendants, including Weichert.  Weichert, Commonwealth and Plaintiff

have submitted motions, memoranda of law and other supporting papers

pursuant to or in opposition to the procedural defenses set forth in Rule

12(b)(6).

- On May 10, 2005, Weichert served all parties with a copy of its Motion to Dismiss Plaintiff's Claims pursuant to Rule 12(b)(6);

- On June 3 2005, Commonwealth served opposition in response to Weichert's Motion to Dismiss ("Commonwealth's Opposition");

- Also on June 3 2005, Plaintiff served opposition to Weichert's Motion to Dismiss;

- On June 17, 2005, Weichert served its reply to Commonwealth's Opposition and its reply to Plaintiff's Opposition; and

- More than one month later, on July 22, 2005, Commonwealth *sua sponte* served a second opposition ("Second Opposition") to Weichert's Motion to Dismiss.  Recognizing that its vanilla cross claim that it is entitled to contribution from Weichert is insufficient, Commonwealth requested permission from this Court to amend its cross claims against Weichert.

In its Second Opposition and in an eleventh hour attempt to maintain a

claim for contribution under New Jersey joint tortfeasor law against

Weichert, Commonwealth states,

> As a reading of plaintiff's Third Amended Complaint shows, plaintiff has alleged that Commonwealth is in breach of contract....Commonwealth denies any breach of contract. Commonwealth, however, seeks contribution from Weichert because

2

> any damages that [plaintiff] claims to have suffered are predicated
> upon damages caused by the negligent acts of Weichert and others.[2]

See Second Opposition at 3.  In addition to the plethora of reasons set forth in Weichert's Moving Papers, Weichert opposes Commonwealth's Second Opposition, including its motion to amend its cross claims against Weichert, because: (1) a claim for contribution is procedurally inappropriate in that Commonwealth and Weichert are not, nor are they alleged to be, joint tortfeasors; (2) Commonwealth's motion to amend is procedurally flawed because Commonwealth has not explained the basis and/or purpose of its proposed amendment; and (3) it has failed to attach a copy of its proposed amended pleadings as mandated by the Third Circuit.

---

[2] Commonwealth repeatedly refers to Weichert's reply to Commonwealth's first opposition as Weichert's "new brief," intimating that Weichert's reply to Commonwealth's first opposition was somehow inappropriate.  It is Weichert's understanding, however, that as the moving party, it is entitled to address all arguments submitted in opposition to its motion papers.  This right of reply belongs to Weichert, the moving party.  A party submitting opposition papers only does not bear the right to reply to the moving party's reply.  Commonwealth apparently attempts to obviate this rule, more than one month later, by arguing that Weichert has submitted its "new brief."

## LEGAL ARGUMENT

I.   **COMMONWEALTH CANNOT SEEK CONTRIBUTION FROM WEICHERT BECAUSE COMMONWEALTH AND WEICHERT ARE NOT JOINT TORTFEASORS.**

Commonwealth cannot claim any benefit of joint tortfeasor liability. When asserting a claim for contribution under New Jersey joint tortfeasor law, "both the party against whom a claim for contribution is asserted, as well as the party *asserting* the claim, must be tortfeasors." *Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Assoc. Inc.*, 2002 WL 2013925, *2 (E.D. Pa. Aug. 29, 2002) (emphasis in original). One who is potentially liable only for breach of contract will not be deemed a tortfeasor. *See id.* Accordingly, a non-tortfeasor, liable only in contract, cannot maintain a joint tortfeasor relationship with a party liable in tort. *See Resolution Trust Corp. v. Moskowitz*, 845 F. Supp. 247, 251 (D.N.J. 1994) (dismissing cross claims for contribution against defendant because defendant's potential liability was grounded in contract not tort) *vacated in part on other grounds* Civ.A.No. 93-2080, 1994 WL 475811 (D.N.J. Aug. 31, 1994).

Notwithstanding the precise language of New Jersey's joint tortfeasor contribution law and Commonwealth's own statement that any liability it may have is grounded in contract only, Commonwealth argues that it maintains a joint tortfeasor relationship with Weichert. In so doing, it

4

inappropriately relies on the limited, narrowly tailored holding expressed in a personal injury action, *Dunn v. Praiss, M.D.*, in which the court stated, "in the context of this case in which the breach of contractual duty appears to parallel closely the fault based duty of care imposed on a health care provider, it is appropriate to allow for contribution." 139 N.J. 564, 577 (1995). Commonwealth's reliance, however, is misplaced because although limited, the *Dunn* Court's holding was prescient in that it recognized that in non-personal injury cases the right of contribution among contract defendants and tort defendants "might be less clear." 139 N.J. at 577; *see also, Longport Ocean Plaza Condominium Complex*, 2002 WL 2013925, at *3 (finding *Dunn* inapposite and stating that "the court, carv[ed] out an exception to the general rule that contribution must be sought between parties jointly liable in tort [and] held that such claims were permitted. However, it did so carefully limiting its holding based on (1) the harm suffered and (2) the particular nature of the breach of contractual duty in that case").

The within facts are more similar to the commercial facts in *Longport* case than the personal injury facts in the *Dunn* case. The *Longport* court addressed contribution claims, in a real estate related action, among multiple defendants alleged to be liable in tort and contract. It found that no right of

contribution existed among the defendants because the duties imposed on the contract defendant were not at all similar to the duties imposed on the tort defendant. Accordingly, the Court held that a defendant liable in contract could not claim any benefits of New Jersey's joint tortfeasor law.

Just as the *Longport* case is fully distinguishable from the *Dunn* case, so too is the within matter. Plaintiff's breach of contract allegations, asserted against Commonwealth, are in no way "similarly parallel" to the cryptic respondeat superior allegations against Weichert. *See id.* Moreover, Plaintiff has not set forth any similar allegation of personal injury caused by any party. *See generally*, Third Amended Complaint. Rather, the within case is premised upon an elaborate land flipping scheme rife with intentional wrongs. *Dunn* and any exception it allows are simply inapposite to the within matter. Commonwealth must instead be guided by New Jersey joint tortfeasor contribution law and by the courts in the Third Circuit which demand that "both the party against whom a claim for contribution is asserted, as well as the party asserting the claim [] be tortfeasors." *Longport Ocean Plaza Condominium, Inc.*, 2002 WL 2013925, at *2. That is not the case here. Accordingly, and in addition to the reasons set forth in Weichert's Moving Papers, Commonwealth's contribution claim against Weichert must be dismissed with prejudice.

6

## II.   COMMONWEALTH'S MOTION TO AMEND THE THIRD PARTY COMPLAINT SHOULD BE DENIED BECAUSE COMMONWEALTH HAS FAILED TO SET FORTH THE BASIS OF OR REASON FOR ITS PROPOSED AMENDMENT

As set forth in its Moving Papers, Weichert was not named as a party to the within matter until 2005. Commonwealth, however, has been a party to this action since 1997. Eight years after the filing of the Complaint, Commonwealth alleges, without more, that any liability it may have is due to Weichert's actions. Additionally, eight years after the Complaint was filed, five months after Commonwealth asserted its contribution cross claim against Weichert, nearly two months after Weichert moved to dismiss the Third Amended Complaint and one month after Weichert replied to Commonwealth's Second Opposition, Commonwealth now asks this Court to grant it leave to amend its cross claim, baselessly concluding that Weichert will not be prejudice by an amendment. This is not true.

While leave to amend is often freely given, "the allowance is not intended to be an automatic right." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Rather a reviewing court will evaluate factors, including but not limited to the futility of the amendment and prejudice to the nonmoving parties, in deciding whether to grant such a motion. To assist a court in examining these factors, the Third Circuit has held that, "the better practice to be followed" in amending a claim "is to attach with the motion a copy of

7

the proposed amend[ment]." *Centifanti v. Nix*, 865 F.2d 1422, 1431 n.10 (3d Cir. 1989) (motion to amend complaint). This procedure prevents a court from having to "wade through the pleadings to sort the wheat from the chaff and, essentially, do the work of the parties' counsel." *Id.*; *see also, Dover Steel Co., Inc. v. Hartford Accident & Indem., Co.*, 151 F.R.D. 570, 574 (E.D.Pa. 1993) ("the attaching of a proposed complaint to a motion for leave to amend gives notice of the proposed changes"); *Sorrentino v. Guzy*, Civ.A.No. 87-1233, 1998 WL 29356, *1 (Mar. 24, 1988 E.D.Pa.) (the moving party should give the reasons why it is necessary to amend and attach a copy of the proposed amendment). Additionally, providing the Court with a copy of the proposed amendment allows the Court to rule on the motion more effectively and quickly. *Centifanti*, 865 F.2d at 1431, n.10.

Commonwealth has not only failed to attach a copy of its proposed amendment, but it has also failed to offer even a brief abstract with respect to the basis of its proposed amendment. It merely relies on its self serving conclusion that Weichert will not be prejudiced by an amendment of its cross claims. Commonwealth's unacceptable procedural deficiencies have precluded the Court and Weichert from meaningfully evaluating the basis of the Commonwealth's motion to amend the cross claims. Commonwealth's failure to demonstrate whether it seeks to change its theory of liability as to

its claims against Weichert or whether it plans to enhance its scant allegations so as to provide the Court and Weichert with information regarding Weichert's alleged liability renders its motion ripe for denial. Neither the Court, nor Weichert should be forced to guess (1) the basis for Commonwealth's proposed amendment; (2) whether an amendment would prejudice Weichert; and/or (3) whether the amendment would be futile such that it could not withstand a motion to dismiss.   *See Centifanti*, 865 F.2d at 1431, n.10.  Commonwealth's motion to amend, set forth as a Point IV of its Second Opposition, is inappropriate and incomplete such that it must be denied.

## CONCLUSION

Commonwealth's claim for contribution against Weichert has no basis in law or fact.  Moreover, Commonwealth should not be given leave to amend in an eleventh hour attempt to create such a basis.  Commonwealth's contribution claim against Weichert must be dismissed with prejudice.

/S/John B. McCusker
John B. McCusker (JBM 1482)

August 2, 2005

9

Westlaw.

Not Reported in F.Supp.                                                             Page 1

Not Reported in F.Supp., 1988 WL 29356
**(Cite as: Not Reported in F.Supp.)**


Not Reported in F.Supp., 1988 WL 29356
Only the Westlaw citation is currently available.
   United States District Court, E.D. Pennsylvania.
       Michael SORRENTINO
           v.
       Dennis GUZY, et al.
     **CIV. A. No. 87-1233.**

      March 24, 1988.


Michael Sorrentino, in pro. per.
Lawrence W. Lindsay, Asst City Solicitor, Philadelphia, Pa., for Guzy & McGinnis.

     *MEMORANDUM AND ORDER*

JAMES McGIRR KELLY, District Judge.
**\*1** Plaintiff has filed a pro se motion for the court to grant permission to amend plaintiff's complaint. There has been no response filed by any of the defendants. In plaintiff's motion he gives no reason why the complaint should be amended, nor does the plaintiff attach to his motion the proposed amended complaint. This matter is listed to go into the trial pool on April 25, 1988. I will deny this motion without prejudice. If plaintiff wishes to amend the complaint, he should give the reasons why it is necessary to amend his complaint and attach to his new motion a copy of his proposed amended complaint.


       *ORDER*

AND NOW, this 24th day of March, 1988, in consideration of plaintiff's motion for the court to grant permission to amend plaintiff's complaint, it is ORDERED that plaintiff's motion is DENIED without prejudice.

E.D.Pa.,1988.
Sorrentino v. Guzy

Not Reported in F.Supp., 1988 WL 29356

END OF DOCUMENT

           © 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                      Page 1

Not Reported in F.Supp.2d, 2002 WL 2013925
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Not Reported in F.Supp.2d, 2002 WL 2013925
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
LONGPORT OCEAN PLAZA CONDOMINIUM,
INC., Plaintiff,
v.
ROBERT CATO & ASSOCIATES, INC.,
(Consolidated with 02-CV-1724) et al.
andThe Window Associates, Inc., et al., Defendants.
**No. CIV.A.00-CV-2231.**

Aug. 29, 2002.

Operator and manager of residential ocean front
condominium brought action against designer and
manufacturer of windows and doors alleging breach
of warranty over products used in renovation
project. Suit was consolidated with suit brought by
operator against general contractor. Manufacturer
brought third party claim against operator's board of
trustees. On operator's motion to dismiss
manufacturer's claim, the District Court , Buckwalter
, J., held that: (1) manufacturer could not assert
right of contribution under New Jersey law against
board, and (2) manufacturer did not have right to
indemnification against board.

Motion granted.

West Headnotes

**[1] Contribution 96 ⊂⟶5(5)**
96k5(5) Most Cited Cases
Window manufacturer could not assert right of
contribution under New Jersey law against board of
trustees of condominium operator, to condominium
operator's breach of warranty claim over products
used in renovation project, since no personal
injuries were asserted, manufacturer could not be
held liable or hold operator liable as joint tortfeasor,
and contractual duties imposed on manufacturer
were in no way similarly parallel to fiduciary duties

imposed on board. N.J.S.A. §§ 2A:53A -, 2A:53A-2
, 2A:53A-3.

**[2] Indemnity 208 ⊂⟶64**
208k64 Most Cited Cases
Window manufacturer did not have right to
indemnification under New Jersey law against
board of trustees of condominium operator, with
respect to condominium operator's breach of
warranty claim over products used in renovation
project, since manufacturer was not subject to tort
liability due to any fault by board, and relationship
between manufacturer and board was not kind of
special legal relationship that could support claim
for common law indemnification. Restatement,
Restitution § 96.

*MEMORANDUM*

BUCKWALTER.
*1 Presently before the Court is Plaintiff Longport
Ocean Plaza Condominium, Inc.'s ("Longport's")
Motion to Dismiss the Third Party Complaint filed
by Defendant/Third Party Plaintiff EFCO
Corporation, Inc. ("EFCO") against Jack Cooney,
Harvey Brodsky, George Hamid, Robert Ford,
Albert Kofsky, Lorraine Robins, Neil Glickman,
and Donald Marino, in their capacity as the 1996-98
Board of Trustees of Longport Ocean Plaza
Condominium Association ("the Board" or the "
Third Party Defendants"). For the reasons stated
below, the Motion is GRANTED.

I. FACTS AND PROCEDURAL HISTORY

The facts of this dispute regarding a
construction-renovation project were set forth by
the Court in its Memorandum granting summary
judgment in favor of EFCO in the first lawsuit filed
by Longport (the "first lawsuit"). *See Longport
Ocean Plaza Condominium, Inc. v. Robert Cato &
Assoc.,* 2002 WL 436742 (E.D.Pa. Mar.18, 2002).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 2

Not Reported in F.Supp.2d, 2002 WL 2013925
**(Cite as: Not Reported in F.Supp.2d)**

Therefore, the Court need not repeat them fully here. In that action, docketed at 00-CV-2231, Longport asserts claims for breach of construction contracts and warranties therein against its general contractor, Robert Cato & Associates, Inc. ("Cato" ). Cato, in turn, asserts various tort and contract claims against numerous additional parties. Until March 2002, those parties included EFCO, the designer and manufacturer of windows and doors used in the renovation project. However, on March 18, 2002, the Court granted summary judgment in favor of EFCO on the basis of the economic loss doctrine, since Cato's claims against EFCO sounded only in tort, and the damages sought did not include harm to "other property." *Id.* The Court also granted summary judgment on other parties' claims for contribution and indemnification against EFCO, since these claims were premised upon EFCO's status as a tortfeasor. *Id.*

Subsequently, Longport filed another action pertaining to the same dispute, asserting contract-based claims for breach of warranty directly against EFCO (the "second lawsuit"). The second lawsuit, docketed at 02-CV-1724, was consolidated with the first lawsuit, as reflected in the caption above. EFCO then filed a Third Party Complaint asserting claims for contribution and indemnification against the Board. EFCO asserts, *inter alia,* that the Board intentionally, recklessly or negligently failed to discharge its responsibilities to Longport and its individual condominium owners when it failed to properly evaluate the scope of the renovation project and failed to hire an appropriate contractor to manage the project. As a result, EFCO contends, it has wrongfully incurred damages and costs associated with the instant litigation.

Longport now moves to dismiss EFCO's complaint against the Board, arguing that EFCO may not seek contribution or indemnification as a matter of law. FN1

> FN1.Longport also contends that EFCO should be judicially estopped from asserting its claims for contribution and indemnification. The New Jersey Supreme Court recently "summarized the contours"

of the judicial estoppel doctrine: "The purpose of the judicial estoppel doctrine is to protect 'the integrity of the judicial process.' A threat to the integrity of the judicial system sufficient to invoke the judicial estoppel doctrine only arises when a party advocates a position contrary to a position it successfully asserted in the same or a prior proceeding." *Ali v. Rutgers,* 166 N.J. 280, 287, 765 A.2d 714, 718 (2000) (footnotes and citations omitted). The doctrine is "designed to prevent litigants from 'playing fast and loose with the courts.' " *Cummings v. Bahr,* 295 N.J.Super. 374, 387, 685 A.2d 60, 67 (App.Div.1996) (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,* 81 F.3d 355, 358 (3d Cir.1996).

At a minimum, EFCO's claim for contribution comes very close to the type of conduct that the doctrine of judicial estoppel is intended to prevent. In the first lawsuit, EFCO argued, and this Court agreed, that (1) in order for EFCO to be held liable under a theory of contribution, it must be a joint tortfeasor, and (2) because it could not be a joint tortfeasor by operation of the economic loss doctrine, summary judgment was appropriate as to the contribution claims against it. Now, in connection with the second lawsuit, EFCO asserts precisely the opposite: that, although it and the Board are not joint tortfeasors, it may nonetheless *assert* a claim for contribution against the Board.

However, the New Jersey Supreme Court also cautioned that judicial estoppel is an " extraordinary remedy," which should be invoked only "when a party's inconsistent behavior will otherwise result in a miscarriage of justice." *Ali,* 166 N.J. at 288, 765 A.2d at 718 (quoting *Ryan Operations,* 81 F.3d at 365). Therefore, because EFCO's claims for contribution and indemnification may not be maintained as a matter of law on their merits, the Court not need invoke the doctrine of judicial estoppel.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                        Page 3

Not Reported in F.Supp.2d, 2002 WL 2013925
**(Cite as: Not Reported in F.Supp.2d)**

## II. LEGAL STANDARD

**\*2** Under Fed.R.Civ.P. 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). To prevail, the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957). In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must only consider those facts alleged in the complaint. *See ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994). The reviewing court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). The pleader must provide sufficient information to outline the elements of the claim, or to permit inferences to be drawn that these elements exist. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## III. DISCUSSION

### A. Contribution

**[1]** Longport argues that EFCO may not assert a claim for contribution against the Third Party Defendants because, by its own admission, it cannot be a joint tortfeasor in this case. Under the New Jersey Joint Tortfeasor Contribution Law, the right of contribution "exists among joint tortfeasors." N.J. Stat. Ann. § 2A:53A-2 (2001). More specifically, the right arises when "injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors." N.J Stat. Ann. § 2A:53A-3 (2001). In such circumstances, one tortfeasor is "entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share." *Id.* A tortfeasor is one of "two or more persons jointly or severally liable *in tort.*" N.J Stat. Ann. § 2A:53A-1 (2001)(emphasis added).

Given the rather straightforward language of the statute, it is not surprising that courts dismiss contribution claims when the party against whom the claim is asserted may not, as a matter of law, be held liable as a joint tortfeasor. *See, e.g., Resolution Trust Corp. v. Moskowitz,* 845 F.Supp. 247, 251 (D.N.J.1994) (dismissing cross-claims for contribution against defendant because the only claim asserted against it by plaintiff was grounded in contract, not tort), *vacated, in part, on other grounds,* 1994 WL 475811 (D.N.J. Aug.31, 1994). EFCO advanced this exact argument in its motion to dismiss the claims and cross-claims for contribution against it in the first lawsuit. The Court agreed with this reasoning. *See Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Assoc.,* 2002 WL 436742 at \*7 (E.D.Pa. Mar.18, 2002).

As the term "*joint* tortfeasors" and the language of the statute indicate, both the party against whom a claim for contribution is asserted as well as the party *asserting* the claim must be tortfeasors. However, the only claims asserted against EFCO are grounded in contract, and EFCO itself admits that it may not be held liable as a joint tortfeasor in this case. Therefore, just as contribution claims *against* EFCO may not be maintained, contribution claims *by* EFCO may also not be maintained.

**\*3** EFCO argues that the New Jersey Supreme Court's decision in *Dunn v. Praiss,* 139 N.J. 564, 656 A.2d 413 (1995), is controlling, and permits a claim for contribution in this case. The Court disagrees. In that case, a physician-provider who was guilty of medical malpractice sought contribution from his health maintenance organization ("HMO") on the basis of the HMO's independent breach of contractual duty to the patient. The court, carving out an exception to the general rule that contribution must be sought between parties jointly liable in tort, held that such claims were permitted. However, it did so carefully limiting its holding based on (1) the harm suffered

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 4

Not Reported in F.Supp.2d, 2002 WL 2013925
(Cite as: Not Reported in F.Supp.2d)

and (2) the particular nature of the breach of
contractual duty in that case. The instant case is
dissimilar from *Dunn* on these matters, and
therefore *Dunn* is inapposite.

First, the *Dunn* court limited its holding to cases in
which the harm suffered by the plaintiff was
personal injury. The court defined the question
before it as: "Can there be contribution between a
party whose breach of contract is the proximate
cause *of personal injury* and another party whose
negligence is a proximate cause of the same injury?"
*Dunn,* 139 N.J. at 575, 656 A.2d at 419 (emphasis
added). It went on to "agree ... that it is appropriate
*in this case* to apportion responsibility based on a
breach on contract that is alleged to have
proximately caused *personal injury.*" *Dunn,* 139
N.J. at 577, 656 A.2d at 420 (emphasis added). In
the instant case, there is no similar allegation of
personal injury by any party.

Second, the court stressed the fact that the HMO's
contractual duty was closely analogous to the tort
duties imposed on the physician-provider. The court
held that "[i]n the context of this case in which the
breach of contractual duty appears to parallel
closely the fault-based duty of care imposed on a
health care provider, it is appropriate to allow for
contribution ... In this case, the alleged failure of the
HMO is more like a negligent act." *Id.* In the case at
bar, the contractual duties imposed on EFCO are in
no way similarly parallel to the fiduciary duties
imposed on the Board.

As a result, EFCO's claims for contribution against
the Board must be dismissed.

### B. Indemnification

\*4 [2] Longport also contends that EFCO may not
assert a claim for indemnification against the Board
because EFCO (1) cannot be liable in tort; and (2)
does not have a "special legal relationship" with the
Board necessary to support such a claim. Common
law indemnification "is available under New Jersey
law to a person who is not at fault, but has become
responsible *in tort* for the conduct of another." FN2
*Ronson v. Talesnick,* 33 F.Supp.2d 347, 357

(D.N.J.1999) (emphasis added). *See Adler's Quality
Bakery, Inc. v. Gaseteria, Inc.,* 32 N.J. 55, 80, 159
A.2d 97, 110 (1960) ; Restatement, Restitution § 96
(1937) (stating that "[a] person who, without
personal fault, has become subject to tort liability
for the unauthorized and wrongful conduct of
another, is entitled to indemnity"). Furthermore,
common law indemnification must be based on a "
special legal relationship between the parties [that]
creates an implied right of indemnification," since
the party asserting such a claim must only be liable
in a "constructive, secondary or vicarious" manner.
*Allied Corp. v. Frola,* 730 F.Supp. 626, 639
(D.N.J.1990). *See Moskowitz,* 845 F.Supp. at
251-52; *Ruvolo v. United States Steel Corp.,* 133
N.J.Super. 362, 367, 336 A.2d 508, 510-11 (Law
Div.1975).

> FN2.Contractual   indemnification   is   not
> asserted by EFCO.

In order to assert its claim for indemnification, then,
EFCO must be subject to tort liability that is
actually the Board's fault. However, the only claims
asserted against EFCO are contract claims. Indeed,
in connection with the first lawsuit, EFCO argued,
and the Court agreed, that it could not be held liable
in tort under the economic loss doctrine. As a
matter of law, then, EFCO cannot be subject to tort
liability for the Board's conduct. As a result,
EFCO's claims for indemnification must be
dismissed on this basis alone.

EFCO cites *Henry Heide, Inc. v. WRH Products
Co.,* 766 F.2d 105 (3d Cir.1985) and cases cited
therein for the proposition that a defendant may
possess a claim for indemnification against a
co-defendant even if the plaintiff's claim against it is
based solely on contract or quasi-contract under the
U.C.C. *See Henry Heide,* 766 F.2d at 112.
However, these cases-like *Dunn*-demonstrate only a
limited exception to the general rule that is not
applicable here. They permit such indemnification
only "between parties in a product distribution
chain." *Id.* In this case, the Board is obviously not
part of such a chain.

Just as importantly, as noted above, in order to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 2013925
**(Cite as: Not Reported in F.Supp.2d)**

maintain a claim for common law indemnification, EFCO must also demonstrate a special legal relationship with the Board such that a claim for common law indemnification is proper. The types of relationships that New Jersey courts have held fulfill this requirement are those of lessor-lessee, bailor-bailee, principal-agent, employer-employee, and union-member. *See Moskowitz,* 845 F.Supp. at 251-52; *Allied Corp.,* 730 F.Supp. at 639 n. 7. However, EFCO had no such relationship with the Board. Longport, by and through the Board, contracted with Cato to oversee the renovation project. Cato then contracted with a third party to supply and install new windows and doors. That party then arranged to use EFCO products. Regardless of the existence of any warranties which may run from EFCO to Longport, the relationship between the EFCO and the Board is extremely attenuated, and it is not a special legal relationship that supports a claim for common law indemnification.

As a result, EFCO's claims for indemnification against the Board must similarly be dismissed.

### IV. CONCLUSION

*5 EFCO may not maintain its claims for contribution or indemnification against the Board. As a result, its Third Party Complaint based on these claims is properly dismissed. An appropriate Order follows.

### *ORDER*

AND NOW, upon this 29th day of August 2002, upon consideration of Plaintiff Longport's Motion to Dismiss EFCO's Third Party Complaint (Docket No. 208), EFCO's opposition thereto (Docket No. 52), and Longport's Reply (Docket Nos. 55 and 56), it is hereby ORDERED that Longport's Motion is GRANTED, and EFCO's Third Party Complaint is DISMISSED.

As a result, the Third Party Defendants' Motion to Enlarge the Time for Filing An Answer or Otherwise Move (Docket No. 54) and the Third

Party Defendants' Motion to Dismiss EFCO's Third Party Complaint (Docket No. 57) are DENIED AS MOOT.

E.D.Pa.,2002.
Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Associates, Inc.
Not Reported in F.Supp.2d, 2002 WL 2013925

Briefs and Other Related Documents (Back to top)

• 2:00cv02231 (Docket) (May. 01, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.