Edward C. Bertucio, Jr., Esq. (ECB 6435)
HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.
125 Wyckoff Road
Eatontown, New Jersey 07724
(732) 380-1515
Attorneys for Defendant, Michael Alfieri, Esq.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE J. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, and COASTAL TITLE AGENCY,<br>                    Defendants. | Civ. No. 97-3496 (WGB)<br><br>ATTORNEY'S CERTIFICATION IN LIEU OF AFFIDAVIT OF EDWARD C. BERTUCIO, JR., ESQ. |

I, Edward C. Bertucio, Jr., Esq., an attorney at law of the State of New Jersey, hereby certify the following facts to be true to the best of my knowledge, information and belief.

1. I am a member of the law firm of Hobbie, Corrigan, Bertucio & Tashjy, P.C., counsel to Michael Alfieri, Esq. in the above captioned matter. As such, I am fully familiar with the facts I am about to relate.

2. As the Court is aware, this matter arises out of allegations of violations of the Racketeer Influenced and Corrupt Organizations Act and common-law fraud which Defendant Alfieri vehemently denies.

3. On April 13, 2005, Defendant Alfieri served Plaintiff with Interrogatories and a Notice to Produce. (See letter dated 4/13/05 attached as Exhibit A).

4. On July 7, 2005, the Honorable Madeline Cox Arleo, U.S.M.J, signed a Case Management Order, compelling the production of all Interrogatories by July 13, 2005. (See Order attached as Exhibit B).

5. On July 13, 2005, my office forwarded a letter to Plaintiff's counsel advising that Plaintiff's discovery responses were now overdue and to provide responses within ten days to avoid a motion. (See letter dated 7/13/05 attached as Exhibit C).

6. However, by letter dated July 12, 2005, which was received by my office after forwarding my letter on July 13, 2005, Plaintiff's counsel advised that they would need an additional two weeks to respond. (See letter dated 7/12/05 attached as Exhibit D).

7. Despite Defendant's good faith efforts as described above, Plaintiff still has not provided responses to Defendant's Discovery requests.

8. Without Plaintiff's discovery responses, Defendant is prejudiced in his preparation of this matter.

9. Plaintiff's failure to comply with their discovery obligations is unduly burdensome upon Defendant, has and will continue to squander valuable discovery time in this matter, and will ultimately delay the trial of this case.

10. Defendant is not in arrears with regard to any discovery requests propounded by Plaintiff.

I hereby certify that the foregoing facts are true to the best of my knowledge, information and belief to date. I am aware that if any of the foregoing facts is willfully false, I am subject to punishment.

HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.<br>
Attorneys for Michael Alfieri, Esquire

Dated: 8/29/05     By: _____
                       Edward C. Bertucio, Jr., Esq.

**EXHIBIT A**

# HCB&T

## Hobbie, Corrigan, Bertucio & Tashjy, P.C.
### Attorneys at Law

Norman M. Hobbie * *
David P. Corrigan *
Edward C. Bertucio, Jr. *
M. Scott Tashjy
Michael R. Hobbie
Jacqueline DeCarlo

* Certified by the Supreme
Court of New Jersey as a
Civil Trial Attorney

* Certified by the Supreme
Court of New Jersey as a
Criminal Trial Attorney

April 13, 2005

Robert A. Magnanini, Esq.
Boise, Schiller & Flexner, LLP
150 JFK Parkway
Short Hills, New Jersey 07078

RE: Walsh Securities v. Alfieri, et.al.

Dear Mr. Magnanini:

Demand is hereby made that Plaintiff provide responses to the enclosed Interrogatories and Notice to Produce pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Should you have any questions or concerns with regard to the foregoing, please do not hesitate to contact me.

Very truly yours,

Edward C. Bertucio, Jr., Esq.

ECB/dmb
Enclosures

cc: Attached counsel list

F:\A\ALFIERI - GENERAL\L-Magnaninni w disc pack.doc

125 Wyckoff Road, Eatontown, New Jersey 07724
732-380-1515 • Fax 732-380-1720

**EXHIBIT B**

Robert A. Magnanini, Esq. (RM 7356)
BOIES, SCHILLER & FLEXNER LLP
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NEW JERSEY 07078
973-218-1111
Attorneys for Plaintiff Walsh Securities, Inc.

RECEIVED
JUL -7 2005
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,

    Plaintiff,

vs.

CRISTO ROPERTY MANAGEMENT, LTD.,
et al.,

    Defendants.

Action No. CV 97-3496 (WGB)

Hon. William G. Bassler

**CASE MANAGEMENT ORDER**

**THIS MATTER** has been opened to the Court and the Court having shown:

IT IS on this 7 day of July, 2005,

**ORDERED THAT:**

All Parties that have been previously served with the Complaint in the above matter will serve Interrogatories by **June 21, 2005**. If Interrogatories are not served by then, the parties will be barred from serving Interrogatories; and it is further

**ORDERED** that by **June 21, 2005**, counsel for defendant Michael Alfieri will circulate a form of index to all parties and report to the Court by **June 30, 2005** as to the form the indices will take; and it is further

**ORDERED** that all relevant documents will be turned over to the document repository located at the offices of Boies, Schiller & Flexner LLP, counsel for the

Plaintiff Walsh Securities, Inc., at 150 JFK Parkway, 4th floor, Short Hills, New Jersey 07078; and it is further

**ORDERED** that all Interrogatories be answered by **July 13, 2005**; and it is further

**ORDERED** that Plaintiff has until **July 14, 2005** to decide whether to serve a privilege log; and it is further

**ORDERED** that Plaintiff has until **July 29, 2005** to produce a privilege log; and it is further

**ORDERED** that if the parties cannot agree on documents listed on the privilege log, any party wishing to raise an issue with the Court must file a letter brief by **August 15, 2005**, any opposition to be filed by **August 29, 2005** and replies to be filed by **September 5, 2005**. The Motion will be argued before the Honorable Madeline Cox Arleo on **September 15, 2005 at 2:00 p.m.**; and it is further

**ORDERED** that the Court denied a request to have counsel for Plaintiff Walsh Securities, Inc. identify all bates stamped documents supporting its claim at this time; and it is further

**ORDERED** that counsel for Plaintiff will review the documents currently in the repository and notify the defendants as to whether indices currently exist for documents already produced by the repository; and it is further

**ORDERED** that the next Case Management Conference is scheduled for **September 15, 2005 at 2:00 p.m.**

_____
Madeline Cox Arleo
United States Magistrate Judge

**EXHIBIT C**

# HCB&T

### Hobbie, Corrigan, Bertucio & Tashjy, P.C.
Attorneys at Law

Norman M. Hobbie * *
David P. Corrigan *
Edward C. Bertucio, Jr. *
M. Scott Tashjy
Michael R. Hobbie
Jacqueline DeCarlo

* Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
* Certified by the Supreme Court of New Jersey as a Criminal Trial Attorney

July 13, 2005

Robert A. Magnanini, Esq.
Boise, Schiller & Flexner, LLP
150 JFK Parkway
Short Hills, New Jersey 07078

RE:   Walsh Securities v. Alfieri, et.al.

Dear Mr. Magnanini:

Interrogatories and a Notice to Produce were propounded upon your office on April 13, 2005. Plaintiff's responses to all of Defendant's discovery requests are now over due. Please provide fully responsive answers to all of Defendant's discovery requests within ten (10) days of the date hereof in order to avoid the necessity of a Motion. No further attempt will be made to resolve this matter prior to the filing of a Motion.

Thank you for your attention. If you have any questions, please feel free to contact me or Dawn Soto, a paralegal with this firm who is familiar with this matter.

Very truly yours,

Edward C. Bertucio, Jr., Esq.

ECB/dmb
Enclosures

cc:   Christopher Iannicelli, Esq.
      Attached counsel list

F:\A\ALFIERI - GENERAL\L-Magnaninni re overdue disc 7.13.05.doc

125 Wyckoff Road, Eatontown, New Jersey 07724
732-380-1515 • Fax 732-380-1720

**EXHIBIT D**

# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH. 973.218.1111 • FAX 973.218.1106



July 12, 2005

**VIA REGULAR MAIL**

**To All Counsel and Pro Se Defendants on Counsel List Attached**

    Re:   *Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.*
           Civ. No. 97-3496 (WGB)

Dear Counsel and Pro Se Defendants:

    As you are all aware, pursuant to the case management order recently entered by the Honorable Madeline Cox Arleo, responses to interrogatories served before June 21, 2005, are due by July 13, 2005. However, because lead counsel to Walsh Securities, Inc., Robert A. Magnanini, a Lieutenant Colonel in the New York State National Guard, has been called-up as part of the mobilization of National Guard units to provide protection to New York State Mass Transit in light of the recent London bombings, Walsh Securities, Inc. will be unable to provide responses to interrogatories served upon it for at least two weeks.

    Please do not hesitate to contact the undersigned should you wish to discuss this matter. We appreciate the anticipated understanding of Counsel and Pro Se defendants given the unexpected circumstances.

                              Very truly yours,

                              Christopher Iannicelli

CI/r

NEW YORK    WASHINGTON DC    FLORIDA    CALIFORNIA    NEW HAMPSHIRE    NEW JERSEY
www.bsfllp.com