UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WALSH SECURITIES, INC. | : | |
| Plaintiff, | : | Action No. CV 97-3496 (WGB) |
| | : | |
| v. | : | Hon. William G. Bassler |
| | : | |
| CRISTO PROPERTY MANAGEMENT, LTD., et als. | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**THIRD PARTY DEFENDANT ROBERT WALSH'S MEMORANDUM IN
SUPPORT OF HIS MOTION TO DISMISS THE THIRD PARTY COMPLAINTS
FILED BY DEFENDANTS ROBERT SKOWRENSKI, II, NATIONAL HOME
FUNDING, INC. AND COMMONWEALTH
LAND TITLE INSURANCE CO.**

---

Robert A. Magnanini (RAM 7356)
**BOIES, SCHILLER & FLEXNER LLP**
Attorneys for Third Party Defendant
Robert Walsh
150 JFK Parkway, 4th Floor
Short Hills, NJ  07078
(973-218-1111)

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT .........................................................................................1

FACTUAL AND PROCEDURAL HISTORY .....................................................................1

LEGAL ARGUMENT.........................................................................................................2

I.   THE COMPLAINTS FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN
     BE GRANTED BECAUSE THE THIRD-PARTY PLAINTIFFS HAVE NOT SET
     FORTH ANY VIABLE THEORY OF LIABILITY AGAINST MR. WALSH
     INDIVIDUALLY..........................................................................................................2

     A.  Standard for Dismissal Pursuant to F.R.C.P. 12(b)(6)........................................2

     B.  The NHF Defendants' Third Party Complaint......................................................3

     C.  Commonwealth's Third Party Complaint.............................................................5

CONCLUSION....................................................................................................................8

i

# TABLE OF AUTHORITIES

## <u>FEDERAL CASES</u>

<u>Arentowicz v. CAP Gemini Ernst & Young U.S. LLC,</u>
    2004 WL 1834600, *2 (D.N.J. July 16, 2004)...................................................................2

<u>Conley v. Gibson,</u>
    355 U.S. 41 (1957)................................................................................................................3

<u>Hishon v. King & Spalding,</u>
    467 U.S. 69 (1984)................................................................................................................3

<u>In re Cendant Corp. Litigation,</u>
    69 F.Supp.2d 645 (D.N.J. 1999) ........................................................................................3

<u>Stewart Title Guarantee Co. v. Greenlands Realty Co.,</u>
    58 F.Supp. 2d 370 (D.N.J.1999) ......................................................................................3,6

## <u>STATE CASES</u>

<u>Aronsohn v. Mandara,</u>
    98 N.J.92 (1984) ...............................................................................................................4,7

<u>First American Title Insurance Co. v. Lawson,</u>
    351 N.J. Super. 407 (App. Div. 2002) ...........................................................................3,6

<u>New Mea Construction Corp. v. Harper,</u>
    203 N.J.Super. 486 (App. Div. 1985) .............................................................................5,7

<u>Sons of Thunder v. Borden, Inc.,</u>
    148 N.J.396 (1997) ...........................................................................................................3,6

## <u>FEDERAL RULES</u>

F.R.C.P. 8(a)(2)......................................................................................................................3

F.R.C.P. 12(b)(6) ...................................................................................................................2

## <u>STATE STATUTES</u>

<u>N.J.S.A.</u>. 2A:53A-2.................................................................................................................5

## **OTHER AUTHORITIES**

Richard J. Kohlman, <u>Bad Faith Tort Remedy for Breach of Contract,</u>
   34 Am. Jur. Trials 343 (June 2004...............................................................................................4,6


William M. Fletcher, <u>Liability of Directors and Officers on Corporate Contract or for   Debts of the</u>
   <u>Corporation,</u> 3A Fletcher Cyclopedia of Private Corp. § 1118 (Nov. 2004).....................5,8

Third Party Defendant Robert Walsh ("Walsh") submits this memorandum in support of his motion to dismiss the Third Party Complaints filed by defendants Robert Skowrenski, II, National Home Funding, Inc. ("NHF") and Commonwealth Land Title Insurance Co. ("Commonwealth") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff Walsh Securities, Inc. ("Walsh Securities") has filed an action against 33 defendants setting forth a complex scheme to defraud it in the funding of 223 mortgage loans. Defendants, Robert Skowrenski, II and NHF (the "NHF Defendants") and Commonwealth filed Third Party Complaints against Mr. Walsh individually, although a cursory review of the pleadings indicates that both of these Third Party Complaints are almost identical. The Complaints each appear to allege a breach of contract claim against Mr. Walsh individually alleging that because Walsh Securities was defrauded in a wide-ranging RICO scheme, Mr. Walsh is somehow personally liable for violating the covenant of good faith and fair dealing inherent in all New Jersey contracts. However, neither Complaint alleges what contract Mr. Walsh individually was in privity with the NHF Defendants or Commonwealth. Because Mr. Walsh was not in privity of contract with the NHF Defendants and Commonwealth, he cannot be held individually liable for an alleged breach of the covenant of good faith and fair dealing and the Third Party Complaints should be dismissed.

## FACTUAL AND PROCEDURAL HISTORY

For purposes of this motion only, Mr. Walsh accepts the allegations of the Third Party Complaints as true. In response to various RICO, fraud and breach of contract

1

claims alleged by Walsh Securities against 33 defendants, only three defendants filed Third Party Complaints against Mr. Walsh. Both Complaints at issue allege that Mr. Walsh was the President of Walsh Securities and that Walsh Securities was actively seeking to obtain high risk mortgages to increase the value of Walsh Securities. (NHF Defendants' Complaint ¶ 3; Commonwealth Complaint ¶ 3). Both Complaints allege that Mr. Walsh failed to follow the procedures for due diligence which were in place at Walsh Securities, although the Complaints fail to allege with any specificity what procedures Mr. Walsh as President was supposed to follow. (NHF Defendants' Complaint ¶ 4; Commonwealth Complaint ¶ 4). Finally, the Complaints allege that Mr. Walsh breached this duty, and as a result of this breach, the third party plaintiffs have suffered damages. (NHF Defendants' Complaint ¶ 5; Commonwealth Complaint ¶ 5). Commonwealth specifically alleges that it is entitled to contribution from Mr. Walsh pursuant to the New Jersey Tortfeasors Contribution Act. (Commonwealth Complaint ¶ 5). These allegations fail on their face and the Complaints should be dismissed pursuant to F.R.C.P. 12(b)(6).

## LEGAL ARGUMENT

I. **The Complaints Fail To State Claims Upon Which Relief Can Be Granted Because The Third-Party Plaintiffs Have Not Set Forth Any Viable Theory Of Liability Against Mr. Walsh Individually.**

A. **Standard for Dismissal Pursuant to F.R.C.P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for a dismissal based upon the pleader's "failure to state a claim upon which relief can be granted." *Arentowicz v. CAP Gemini Ernst & Young U.S. LLC*, 2004 WL 1834600, *2 (D.N.J. July 16, 2004) (Bassler, J.). The question is whether the claimant can prove any set of facts consistent with his/her allegations that will entitle him/her to relief, not whether this

2

person will ultimately prevail. *See In re Cendant Corp. Litigation*, 69 F.Supp. 2d 645, 647 (D.N.J. 1999) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). The claimant, however, must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. *Id.* (citing *Fed. R. Civ. P. 8(a)(2)*; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As set forth below, the Third Party Plaintiffs have failed to meet this standard and their Complaints should be dismissed.

### B.    The NHF Defendants' Third Party Complaint

The NHF Defendants' Complaint alleges that 1) they have been made defendants by way of a complaint filed by Walsh Securities; 2) Mr. Walsh was the President of Walsh Securities; 3) Mr. Walsh individually was a knowing participant in seeking to obtain high risk mortgages for purposes of profiting by securitization and sale of Walsh Securities' assets; 4) Mr. Walsh failed to follow the procedures for due diligence which were established and in place at Walsh Securities, and that he owed a duty of good faith and fair dealing to the NHF Defendants which he breached; and 5) that as a result of such breach, the NHF Defendants suffered damages. (NHF Defendants' Complaint ¶¶ 1-5).

The terms "Due Diligence" and "Duty of Good Faith and Fair Dealing" are commonly used in breach of contract actions. *See, e.g., Stewart Title Guar. Co. v. Greenlands Realty Co.*, 58 F.Supp. 2d 370, 385 (D.N.J. 1999) (citing *Sons of Thunder v. Borden, Inc.*, 148 N.J. 396, 421 (N.J. 1997)) ("The implied covenant of good faith and fair dealing imposes duties that exist *as part of every contract* formed in New Jersey.") (emphasis supplied); *First American Title Insurance Co., v. Lawson*, 351 N.J. Super. 407, 421 (App. Div. 2002) ("As to Lloyd's purported failure of due diligence, it is settled that

3

'[c]ontracts of insurance are contracts of utmost good faith . . .'"). As there are no general requirements on the pubic at large for good faith and fair dealing without a contract, we will treat the NHF Defendants' Complaint as a breach of contract action as there is simply no other way to interpret the allegations in the Complaint.

Although some jurisdictions recognize a remedy for "tortious breach of contract" arising out of the failure to exercise good faith or due diligence by a party to a contract, such claim however must be based on a contractual relationship between the parties. *See* Richard J. Kohlman, *Bad Faith Tort Remedy for Breach of Contract*, 34 Am. Jur. Trials 343 (June 2004) ("The term 'bad-faith breach of contract' or 'tortious breach of contract' refers to a 'bad-faith' breach of an agreement *arising out of a specific and special contractual relationship*. Furthermore, the term assumes recognition by the court of the implied-in-law covenant of good faith and fair dealing *in the subject agreement*, or that the duty of good faith is imposed on a contracting party by virtue of a statute.") (emphasis supplied).

Since the pleadings do not set forth that Mr. Walsh, in his individual capacity, entered into any contracts with the NHF Defendants, there is simply no basis on which to imply a breach of contract claim against Mr. Walsh. There is no contract between Mr. Walsh and the NHF Defendants alleged in Walsh Securities' Third Amended Complaint. There is likewise no contract alleged in the NHF Defendants' Third Party Complaint. It is well-established that if an officer contracts in the name of the corporation, or in his own name as officer, with the understanding on the part of both parties that the contract is with the corporation, the officer is clearly not personally liable, if the contract is within his authority, or is ratified by the corporation. *See, e.g., Aronsohn v. Mandara*, 98 N.J. 92

4

(N.J. 1984) ("Any claim against the individual plaintiff, Ashworth, is stricken. The Court can find no basis for any personal liability with respect to her in this action. Although she was the principal and guiding force of the plaintiff, the defendant at all times knew that they were dealing with a corporate entity and that the plaintiff was acting for and on behalf of the corporate entity and that there is no basis in this case for the Court to pierce the corporate veil, nor has there been any claim of piercing the corporate veil in this matter."); *accord, New Mea Construction Corp., v. Harper*, 203 N.J. Super. 486, 497 (App. Div. 1985); William M. Fletcher, *Liability of Directors and Officers on Corporate Contract or for Debts of the Corporation*, 3A Fletcher Cyclopedia of Private Corp. § 1118 (Nov. 2004).

Because there is not even an allegation that Mr. Walsh signed a contract on behalf of Walsh Securities with the NHF Defendants, nor any allegation that he bound himself individually on any contract, nor any allegations sufficient to pierce the corporate veil, there is simply no basis to find any individual liability as against Mr. Walsh. As such, the NHF Defendants' Third Party Complaint must be dismissed with prejudice for failing to set forth a claim upon which relief can be granted.

## C.   Commonwealth's Third Party Complaint

The Commonwealth Third Party Complaint similarly alleges that: 1) it has been made a defendant by way of a complaint filed by Walsh Securities; 2) Mr. Walsh was the President of Walsh Securities; 3) Mr. Walsh individually was knowing participant in seeking to obtain high risk mortgagors for purposes of profiting by securitization and sale of Walsh Securities' assets; 4) Mr. Walsh failed to follow the procedures for due diligence which were established and in place at Walsh Securities and that he had a duty

of good faith and fair dealing with Commonwealth which he breached; and 5) that as a result of each breach, Commonwealth is entitled to recovery pursuant to the New Jersey Tortfeasors Contribution Act, N.J.S.A. 2A:53A-2. (Commonwealth Complaint ¶¶ 1-5).

The terms "Due Diligence" and "Duty of Good Faith and Fair Dealing" are commonly used in breach of contract actions. *See, e.g., Stewart Title Guar. Co. v. Greenlands Realty Co.*, 58 F.Supp. 2d 370, 385 (D.N.J. 1999) (citing *Sons of Thunder v. Borden, Inc.*, 148 N.J. 396, 421 (N.J. 1997)) ("The implied covenant of good faith and fair dealing imposes duties that exist *as part of every contract* formed in New Jersey.") (emphasis supplied); *First American Title Insurance Co., v. Lawson*, 351 N.J. Super. 407, 421 (App. Div. 2002) ("As to Lloyd's purported failure of due diligence, it is settled that '[c]ontracts of insurance are contracts of utmost good faith . . .").  As there are no general requirements on the pubic at large for good faith and fair dealing without a contract, we will treat Commonwealth's Complaint as a breach of contract action as there is simply no other way to interpret the allegations in the Complaint.

Although some jurisdictions recognize a remedy for "tortious breach of contract" arising out of the failure to exercise good faith or due diligence by a party to a contract, such claim however must be based on a contractual relationship between the parties. *See* Richard J. Kohlman, *Bad Faith Tort Remedy for Breach of Contract*, 34 Am. Jur. Trials 343 (June 2004) ("The term 'bad-faith breach of contract' or 'tortious breach of contract' refers to a 'bad-faith' breach of an agreement *arising out of a specific and special contractual relationship*.  Furthermore, the term assumes recognition by the court of the implied-in-law covenant of good faith and fair dealing *in the subject agreement*, or that

the duty of good faith is imposed on a contracting party by virtue of a statute.")
(emphasis supplied).

The Commonwealth Complaint does not set forth that Mr. Walsh, in any capacity,
entered into any contracts with Commonwealth, or that there was any relationship
between Mr. Walsh and Commonwealth. The only relationship that did exist was
between Walsh Securities and Commonwealth arising from the closing service protection
letters issued to NHF (which selected Commonwealth through Coastal Title Insurance
Company) and its assignee, Walsh Securities, because Commonwealth was paid a
premium to issue title insurance on some of the fraud properties. At no time did Mr.
Walsh enter into any contracts with Commonwealth in any capacity, nor is there any such
allegation in Commonwealth's Complaint.

As set-forth above in subsection A, it is well-established that if an officer
contracts in the name of the corporation, or in his own name as officer, with the
understanding on the part of both parties that the contract is with the corporation, the
officer is clearly not personally liable, if the contract is within his authority, or is ratified
by the corporation. *See, e.g., Aronsohn v. Mandara*, 98 N.J. 92 (N.J. 1984) ("Any claim
against the individual plaintiff, Ashworth, is stricken. The Court can find no basis for
any personal liability with respect to her in this action. Although she was the principal
and guiding force of the plaintiff, the defendant at all times knew that they were dealing
with a corporate entity and that the plaintiff was acting for and on behalf of the corporate
entity and that there is no basis in this case for the Court to pierce the corporate veil, nor
has there been any claim of piercing the corporate veil in this matter."); *accord, New Mea
Construction Corp., v. Harper*, 203 N.J. Super. 486, 497 (App. Div. 1985); William M.

Fletcher, *Liability of Directors and Officers on Corporate Contract or for Debts of the Corporation*, 3A Fletcher Cyclopedia of Private Corp. § 1118 (Nov. 2004).

Given that there is no allegation that Mr. Walsh bound himself individually on this or any other contract, nor any allegations sufficient to pierce the corporate veil, there is simply no basis to find any liability as against Mr. Walsh. As such, Commonwealth's Third Party Complaint must be dismissed with prejudice for failing to set forth a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, Mr. Walsh requests an order dismissing all claims against Mr. Walsh with prejudice made in the NHF Defendants' Third Party Complaint and Commonwealth's Third Party Complaint, because both fail to state claims against Mr. Walsh upon which relief can be granted.

Respectfully submitted,

Robert A. Magnanini / CI
Robert A. Magnanini (RAM 7356)
BOIES, SCHILLER & FLEXNER LLP
Attorneys for Third Party Defendant
Robert Walsh
150 JFK Parkway, 4th Floor
Short Hills, NJ 07078
(973-218-1111)

Dated: May 16, 2005

8