UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC. | |
| Plaintiff, | Action No. CV 97-3496 (WGB) |
| v. | Hon. William G. Bassler |
| CRISTO PROPERTY MANAGEMENT, LTD., et als. | |
| Defendants. | |

**THIRD PARTY DEFENDANT ROBERT WALSH'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE THIRD PARTY COMPLAINT OF COMMONWEALTH LAND TITLE INSURANCE CO.**

**BOIES, SCHILLER & FLEXNER LLP**
Robert A. Magnanini (RAM 7356)
Christopher Iannicelli (CI 7904)
Attorneys for Third Party Defendant
Robert Walsh
150 JFK Parkway, 4th Floor
Short Hills, NJ 07078
(973) 218-1111

Third Party Defendant Robert Walsh ("Mr. Walsh") submits this reply memorandum in further support of his motion to dismiss the Third Party Complaint of Commonwealth Land Title Insurance Co. ("Commonwealth") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

## PRELIMINARY STATEMENT

Tacitly admitting that its Third Party Complaint for contribution against Mr. Walsh is deficient, Commonwealth seeks to recast allegations of a breach of the contract and duty of good faith and fair dealing into negligence and intentional wrongdoing. This attempted transformation underscores the deficiencies in Commonwealth's Complaint and further supports Mr. Walsh's argument that the Complaint should be dismissed with prejudice. <u>Furthermore</u>, Commonwealth's attempt to restate its Third Party Complaint has not set-forth a viable claim against Mr. Walsh which would establish Mr. Walsh's liability, even in part, for the harm suffered by Walsh Securities, Inc. ("Walsh Securities") in the RICO fraud sufficient for purposes of establishing its right to contribution under the JTCA. Commonwealth's request for leave to amend should also be denied because it was not properly raised, and any such amendment would be futile.

As such, Commonwealth's Third Party Complaint seeking contribution must be dismissed with prejudice for failing to set forth a claim upon which relief can be granted.

---

[1] Mr. Walsh initially filed a motion to dismiss both the Third Party Complaints of defendant Commonwealth and the Third Party Complaint of defendants Robert Skowresnki, II ("Skowrenski") and National Home Funding, Inc. ("NHF"). However, since that motion was initially filed, Counsel for Walsh, Skowrenski and NHF have engaged in settlement discussions resulting in a request by Counsel for NHF and Skowrenski that Walsh hold its motion to dismiss in abeyance. Accordingly, Walsh is moving at this time only to dismiss the Third Party Complaint of Commonwealth and hereby withdraws the motion as to Skowrenski and NHF without prejudice to re-file the motion if the matter is not resolved by the parties.

1

## LEGAL ARGUMENT

I. **COMMONWEALTH HAS FAILED TO SET FORTH A VIABLE CLAIM AGAINST MR. WALSH TO PLEAD LIABILITY IN TORT FOR PURPOSES OF ESTABLISHING ITS RIGHT TO CONTRIBUTION UNDER THE JTCA.**

Commonwealth has not set-forth a viable claim against Mr. Walsh which would establish Mr. Walsh's liability, even in part, for the harm suffered by Walsh Securities in the RICO fraud, sufficient for purposes of establishing its right to contribution under the JTCA. Indeed, Commonwealth's Third Party Complaint allegations are wholly-insufficient to establish any liability on the part of Mr. Walsh.

The Commonwealth Third Party Complaint alleges that: (1) it has been made a defendant by way of a complaint filed by Walsh Securities; (2) Mr. Walsh was the President of Walsh Securities; (3) Mr. Walsh individually was a knowing participant in seeking to obtain "high risk mortgagors" (sic) for purposes of profiting by securitization and sale of Walsh Securities' assets; (4) Mr. Walsh failed to follow the procedures for due diligence which were established and in place at Walsh Securities and Mr. Walsh "had a duty of good faith and fair dealing"; and (5) that as a result of such breach, if Commonwealth is found liable in this action, Commonwealth is entitled to contribution from Mr. Walsh pursuant to the JTCA. *See* Commonwealth Complaint ¶¶ 1-5.

Commonwealth is not entitled to contribution from Mr. Walsh. The right to contribution is stated in *N.J.S.A.* 2A:53A-3 as:

> Where injury or damage is suffered by any person *as a result of the wrongful act, neglect or default of joint tortfeasors*, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover

2

contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share . . . .

(emphasis supplied)

By way of its opposition memorandum, Commonwealth attempts to recast its breach of contract claim as a negligence and/or an intentional wrongdoing claim in order to state a viable claim for contribution; however, Commonwealth's Third Party Complaint – the operative pleading – wholly fails to plead any facts sufficient to plead negligent or intentional wrongdoing conduct on the part of Mr. Walsh as an individual (The Third Party Complaint also completely disregards the corporation in piercing the veil to name Mr. Walsh). Rather, it asserts a breach of contract claim.[2] None of the allegations of the Commonwealth Third Party Complaint support Commonwealth's new reading of its claims as negligence and intentional wrongdoing. *See* Commonwealth Complaint ¶¶ 1-5. Therefore Commonwealth is not entitled to contribution from Mr. Walsh.

### A. Commonwealth Has Failed to Properly Plead Negligence On the Part of Mr. Walsh Sufficient to Establish its Right to Contribution Under the JTCA.

Commonwealth has failed to state a viable claim for negligence on the part of Mr. Walsh sufficient to establish its right to contribution pursuant to the JTCA. The JTCA provides for the right to contribution where the plaintiff has been injured or otherwise damaged as a result of tortious or negligent conduct by a joint tortfeasor. *See N.J.S.A.* 2A:53A-3. Commonwealth has made no such showing.

---

[2] In cases involving circumstances not found in this matter, New Jersey Courts have allowed apportionment under the Joint Tortfeasors Contribution Act based upon "[a] breach of a contractual duty which is a proximate cause of a personal injury [which] can easily be balanced against the negligence of another party so that their percentage responsibilities can be assessed and contribution directed as comparative fault." *Dunn v. Praiss*, 139 N.J. 564, 578 (1995) (citing *Dunn v. Praiss*, 271 N.J.Super. 311, 324 (App. Div. 1994)).

It is fundamental that "[t]hree elements are essential for the existence of a cause of action in negligence: (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." *Endre v. Arnold*, 300 N.J.Super. 136, 142 (App. Div. 1997) (citing *Anderson v. Sammy Redd and Assoc.*, 278 N.J.Super. 50, 56 (App. Div.), *certif. denied*, 139 N.J. 441 (1995)). Commonwealth fails to sufficiently plead any of these elements.

First, Commonwealth makes no allegation that Mr. Walsh owed a duty of care to Walsh Securities. Indeed, Commonwealth's Complaint simply states that "[the third-party defendants] had a duty of good faith and fair dealing." *See* Commonwealth Complaint ¶ 4. Second, Commonwealth fails to allege that Mr. Walsh breached his purported duty of good faith and fair dealing in any manner. Rather, Commonwealth alleges that "[t]he third-party defendants failed to follow the procedures for due diligence which were established and in place at Walsh Securities, Inc." Finally, Commonwealth wholly ignores the third element necessary to establish a cause of action for negligence. Commonwealth's Complaint lacks any allegation that Walsh Securities' damages were proximately caused by Mr. Walsh's purported breach, and simply states that "[a]s a direct result of such breach . . . if defendant/third party plaintiff Commonwealth Land Title Insurance Company is found liable, *it is entitled to contribution* from third-party defendants Robert Walsh and Elizabeth Ann DeMola pursuant to the New Jersey Tortfeasors Contribution Act." *See* Commonwealth Complaint ¶ 5. (emphasis supplied). Commonwealth makes no allegation that Mr. Walsh's alleged breach proximately caused Walsh Securities' injuries. Given the foregoing, Commonwealth has failed to state a claim for negligence sufficient to establish its right to contribution under the JTCA.

4

> B.  **Commonwealth Has Failed to Properly Plead Intentional Misconduct On the Part of Mr. Walsh Sufficient to Establish its Right to Contribution under the JTCA.**

Although its Third Party Complaint makes no mention of it, Commonwealth has also asserted in its opposition papers that in addition to alleging negligent conduct, its Third Party Complaint also sets-forth a claim for "intentional wrongdoing" on the part of Mr. Walsh sufficient to establish its right to contribution under the JTCA. Given the lack of clarity in Commonwealth's pleading, Mr. Walsh presumes for purposes of this motion that by alleging "intentional wrongdoing" Commonwealth hopes to establish contribution based on intentional fraud committed by Mr. Walsh.[3] However, Commonwealth is clearly grasping at straws as its Third Party Complaint does not plead any facts at all, let alone sufficient to meet the high threshold for maintaining a claim for intentional fraud on the part of Mr. Walsh.

Commonwealth has failed to plead any of the elements essential to stating a viable claim of fraud. The New Jersey Supreme Court has described every fraud, in its most general and fundamental conception, as the "obtaining of an undue advantage by means of some act or omission that is unconscientious or a violation of good faith." *Jewish Center of Sussex County v. Whale*, 86 N.J. 619, 624 (1981). Commonwealth has made no factual allegations that Mr. Walsh made intentional misrepresentations or omissions of fact with the intent that others would rely upon such misrepresentations or omissions. Rather, Commonwealth has simply alleged that "[t]he third-party defendants failed to follow the procedures for due diligence which were established and in place at Walsh Securities, Inc." without alleging what the procedures were, or required, and how

---

[3] As far as Mr. Walsh is aware, New Jersey does not recognize a tort for "intentional wrongdoing" per se, but rather "intentional fraud causing damage."

5

Mr. Walsh intentionally failed to follow those procedures. Thus, Commonwealth's Complaint is deficient and fails to state a claim for intentional fraud sufficient to establish contribution.

## II. COMMONWEALTH'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE IT WAS NOT PROPERLY RAISED AND ANY SUCH AMENDMENT WOULD BE FUTILE.

Commonwealth's request for leave to amend should be denied because it was not properly raised and any such amendment would be futile if made.

### A. Commonwealth Has Not Properly Raised Its Request For Leave to Amend.

Recognizing the deficient nature of its Third Party Complaint, rather than filing a motion for leave to amend, Commonwealth has improperly requested in its opposition papers that "this Court allow it to amend its Complaint." *Fed. R. Civ. P. 15(a)* provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party*; and leave shall be freely given when justice so requires.

(emphasis supplied).

*Local R. Civ. P. 7.1(f)* further instructs that such leave of court shall be obtained by way of a motion for leave to file an amended complaint. Commonwealth has made no such motion for leave of court to amend. Commonwealth's request for leave to amend made in its opposition papers is therefore procedurally improper, and should be denied.

6

> B.  **When and If Properly Made, Commonwealth's Motion for Leave to Amend Should Be Denied Because Any Such Amendment Would Be Futile.**

When, and if, Commonwealth makes a procedurally proper motion for leave to amend its Third Party Complaint, such motion should be denied because any amendment would be futile. Among the reasons for denying leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility. *See Foman v. Davis*, 371 U.S. 128, 182 (1962). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Even if amended by Commonwealth, its Third Party Complaint would fail to state a claim which relief can be granted because it is fundamental that Mr. Walsh is shielded from personal liability by the corporate veil for any negligent acts which may have been committed within his capacity as President of Walsh Securities. *See, e.g., Aronsohn v. Mandara*, 98 N.J. 92 (N.J. 1984) ("Any claim against the individual plaintiff, Ashworth, is stricken. The Court can find no basis for any personal liability with respect to her in this action. Although she was the principal and guiding force of the plaintiff, the defendant at all times knew that they were dealing with a corporate entity and that the plaintiff was acting for and on behalf of the corporate entity and that there is no basis in this case for the Court to pierce the corporate veil, nor has there been any claim of piercing the corporate veil in this matter."); *accord, New Mea Construction Corp., v. Harper*, 203 N.J. Super. 486, 497 (App. Div. 1985); *see also*, William M. Fletcher, *Liability of Directors and Officers on Corporate Contract or for Debts of the Corporation*, 3A Fletcher Cyclopedia of Private Corp. § 1118 (Nov. 2004).

7

In order to pierce the corporate veil, "evidence must be presented to show that the corporation is a 'sham' which exists to avoid personal liability of the officers." *New Jersey Dept. of Environmental Protection v. Gloucester Environmental Management Services, Inc.*, 800 F. Supp. 1210, 1220 (D.N.J. 1992). Commonwealth has made no showing of evidence sufficient to establish Walsh Securities was a sham. Indeed, Commonwealth did not even allude to the existence of such evidence in its procedurally improper request for leave to amend. Accordingly, absent allegations sufficient to pierce the corporate veil, Mr. Walsh cannot be held personally liable for acts committed in his capacity as an officer of Walsh Securities.

## CONCLUSION

For the reasons set forth above and in Mr. Walsh's initial moving papers, Mr. Walsh requests an order dismissing all claims against Mr. Walsh with prejudice made in Commonwealth's Third Party Complaint because it fails to state claims against Mr. Walsh upon which relief can be granted.

Respectfully submitted,

Robert A. Magnanini (RAM 7356)
Christopher Iannicelli (CI 7904)
BOIES, SCHILLER & FLEXNER LLP
Attorneys for Third Party Defendant
Robert Walsh
150 JFK Parkway, 4th Floor
Short Hills, NJ  07078
(973) 218-1111

Dated: September 15, 2005