UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,

Plaintiff,

v.

CRISTO PROPERTY MANAGEMENT, LTD., et al.,

Defendants.

and

COMMONWEALTH LAND TITLE INSURANCE COMPANY,

Defendant/Third Party Plaintiff,

v.

ROBERT WALSH and ELIZABETH ANN DeMOLA,

Third Party Defendants.

Civil Action No. 97-3496 (WGB)
Honorable William G. Bassler

**THIRD PARTY PLAINTIFF COMMONWEALTH LAND TITLE INSURANCE COMPANY'S BRIEF IN OPPOSITION TO THIRD PARTY DEFENDANT ROBERT WALSH'S MOTION TO DISMISS COMMONWEALTH LAND TITLE INSURANCE COMPANY'S THIRD PARTY COMPLAINT**

David R. Kott, Esq. (DK-4593)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company

Of Counsel: David R. Kott, Esq.

On the Brief: David R. Kott, Esq.
Natalie S. Watson, Esq.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .........................................................................................1

LEGAL ARGUMENT ........................................................................................................11

POINT I – COMMONWEALTH HAS ASSERTED A VALID CLAIM FOR CONTRIBUTION AGAINST MR. WALSH PURSUANT TO THE JOINT TORTFEASOR'S CONTRIBUTION ACT, N.J.S.A. 2A:53a-1 ET SEQ., ALLEGING THAT MR. WALSH'S NEGLIGENT AND/OR INTENTIONAL WRONGDOING WAS DIRECTLY RESPONSIBLE, IN WHOLE OR IN PART, FOR ANY AND ALL DAMAGES SUFFERED BY WALSH SECURITIES ........................................................................................................3

POINT II – UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, COMMONWEALTH SHOULD BE PERMITTED TO AMEND ITS THIRD-PARTY COMPLAINT BECAUSE THERE IS NO DANGER OF UNDUE PREJUDICE TO MR. WALSH IN ALLOWING SUCH AN AMENDMENT......................................................5

CONCLUSION ..................................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Blazovic v. Andrich*, 124 N.J. 90 (1991) .......... 6

*Cartel Capital Corp. v. Fireco of New Jersey*, 81 N.J. 548 (1980) .......... 5

*Cornell & Co. v. Occupational Safety & Health Rev. Commission*, 573 F.2d 820 (3d Cir. 1978) .......... 8

*Cureton v. National College Athletic Associate*, 252 F.3d 267 (3d Cir. 2001) .......... 8

*Dunn v. Praiss*, 139 N.J. 564 (1995) .......... 5

*Howell v. Bennet Buick, Inc.*, 52 A.D.2d 590 (App. Div.), appeal denied, 40 N.Y.2d 803 (Ct. App. 1976) .......... 5

*Lee v. Kiku Restaurant*, 127 N.J. 170 (1992) .......... 6

*Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993) .......... 8

*Safeway Stores, Inc. v. Nest-Kart*, 579 P.2d 441 (Cal. 1978) .......... 6

*Tormo v. Yormark*, 398 F. Supp. 1159 (D.N.J. 1975) .......... 6

*USX Corp. v. Barnhart*, 395 F.3d 161 (3d Cir. 2004) .......... 8

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971) .......... 7

**PRELIMINARY STATEMENT**

Third Party Defendant Robert Walsh styles his brief in support of his motion to dismiss as a case of first impression. An examination of New Jersey Supreme Court cases, however, reveals the opposite. The New Jersey Supreme Court has held that the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., permits the courts to apportion liability among parties whose breach of contract is the proximate cause of harm and those whose negligence is a proximate cause of the same harm.

Unfortunately, Mr. Walsh's papers indicate he fell into the same faulty analysis criticized by the New Jersey Supreme Court in case law that addresses Mr. Walsh's position. Mr. Walsh focuses his brief on whether or not Commonwealth's claim against Mr. Walsh is a breach of contract claim. The New Jersey Supreme Court, however, has instructed courts that contribution-analysis should not focus on the label of the action, but rather on the nature of the injury inflicted on the plaintiff and the remedies requested. Indeed, the very purpose of the Joint Tortfeasor's Contribution Act is to allow defendants to seek contribution in an equitable manner.

In the case at bar, Walsh Securities, Inc., ("Walsh Securities") has asserted a claim against Commonwealth for "losses arising out of, among other things, fraud or misapplication by the Closing Attorneys." (Complaint ¶ 87.) Commonwealth maintains that "[a]t all material times herein, third-party defendant Robert Walsh, was the President of Walsh Securities, Inc. and third-party defendant, Elizabeth Ann DeMola, was a Senior Mortgage Underwriting Officer." (Commonwealth Third Party Complaint ¶ 2.) Commonwealth alleges that "[t]he third-party defendants [Robert Walsh and Elizabeth Ann Demola] were knowing and active participants in seeking to obtain high risk mortgagors for purposes of profiting by securitization and sale of

Walsh Securities, Inc., assets." (Id. at ¶ 3.) Furthermore, Commonwealth maintains that "[t]he third-party defendants failed to follow the procedures for due diligence which were established and in place at Walsh Securities, Inc." (Id. at ¶ 4.)

Commonwealth seeks contribution from Mr. Walsh because any damages that Walsh Securities claims to have suffered are predicated upon damages caused by the negligent and/or intentional acts of Robert Walsh and Elizabeth Ann DeMola. Consequently, pursuant to New Jersey statutory and case law, Commonwealth has a right to seek contribution from Mr. Walsh. Additionally, even if this Court were to read Commonwealth's claim narrowly and find that Commonwealth failed to state a claim upon which relief could be granted, Third Circuit law permits amending the pleading to reflect a claim for contribution on the basis of Mr. Walsh's and Ms. DeMola's negligent and/or intentional acts. Therefore, Commonwealth respectfully requests that this Court deny Third-Party Defendant Robert Walsh's motion to dismiss Commonwealth's Third Party Complaint, or, should the Court read this Third Party Complaint narrowly, allow Commonwealth to amend its Third-Party Complaint.

## LEGAL ARGUMENT

### POINT I

### COMMONWEALTH HAS ASSERTED A VALID CLAIM FOR CONTRIBUTION AGAINST MR. WALSH PURUSANT TO THE JOINT TORTFEASOR'S CONTRIBUTION ACT, N.J.S.A., 2A:53a-1 et seq., ALLEGING THAT MR. WALSH'S NEGLIGENT AND/OR INTENTIONAL WRONGDOING WAS DIRECTLY RESPONSIBLE, IN WHOLE OR IN PART, FOR ANY AND ALL DAMAGES SUFFERED BY WALSH SECURITIES

Under New Jersey law, it is entirely appropriate to apportion liability among tortfeasors who have caused injury due to negligence and those who have caused injury due to breach of contract. Dunn v. Praiss, 139 N.J. 564, 578 (1995). In Dunn, defendant-physician was found liable to plaintiff for personal injury. The physician then sought contribution from the plaintiff's HMO alleging that the HMO breached its contract with the patient to provide care to a subscriber. In allowing the physician to seek contribution from the HMO, the Dunn Court relied heavily upon the purpose of the Joint Tortfeasor's Contribution Act. The Dunn Court held that

> [a] breach of a contractual duty which is a proximate cause of a personal injury can easily be balanced against the negligence of another party so that their percentage responsibilities can be assessed and contribution directed as comparative fault.

Id. (internal citations omitted). The Dunn Court found that the "label" placed upon an action, whether breach of contract or personal injury, is irrelevant in determining whether one defendant may seek contribution from another. Id. at 578. Instead, the court should focus "on the nature of the injury inflicted on the plaintiff and the remedies requested." Id. at 577 (quoting Pickett v. Lloyd's, 131 N.J. 457 (1993)); see also Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 566-68 (1980) (a court may apportion contribution between parties even if the parties are liable on entirely different bases); Howell v. Bennet Buick, Inc., 52 A.D.2d 590 (App. Div.), appeal denied, 40 N.Y.2d 803 (Ct. App. 1976) (manufacturer held liable for breach of warranty

may seek contribution from dealer who negligently repaired automobile); Tormo v. Yormark, 398 F.Supp. 1159, 1188-81 (D.N.J. 1975) (holding that under New Jersey law, a bank absolutely liable under statute may seek contribution from a negligent attorney); Safeway Stores, Inc. v. Nest-Kart, 579 P.2d 441, 445-46 (Cal. 1978) (cited with approval Cartel Capital Corp., 81 N.J. at 568) (holding that a negligent supermarket may seek contribution from a manufacturer of a defective shopping cart strictly liable for a customer's injuries).

New Jersey's Legislative and Judicial branches have long recognized that the "guiding principle of comparative fault" is the allocation of a loss "in proportion to the respective faults of the parties causing that loss." Blazovic v. Andrich, 124 N.J. 90, 107 (1991). In 1952, the Legislature enacted the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. Under the Joint Tortfeasor's Contribution Act:

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect, or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damages against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share...

N.J.S.A 2A:53A-3. In 1973, the Legislature modified the Joint Tortfeasor's Contribution Act by passing the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq. The Comparative Negligence Act modified the apportionment of liability in accordance with the "basic principle" that "a defendant contributing to an injury caused by multiple factors should bear no more of the ultimate liability than is proportionate to that defendant's relative share of the assigned fault." Lee v. Kiku Restaurant, 127 N.J. 170, 186 (1992).

In the case at bar, Commonwealth maintains that Mr. Walsh's intentional and/or negligent acts are responsible for Walsh Securities' injuries, if any, in whole or in part. Mr. Walsh has pointed to a few unpublished and off-point cases from other jurisdictions in an attempt to convince this Court to ignore any percentage of fault for which Mr. Walsh might be liable. Legislative intent and case law, however, show that the Joint Tortfeasor's Contribution Act permits apportionment of fault among all alleged tortfeasors, regardless of the label placed upon their alleged wrongdoing.

## POINT II

## UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, COMMONWEALTH SHOULD BE PERMITTED TO AMEND ITS THIRD PARTY COMPLAINT BECAUSE THERE IS NO DANGER OF UNDUE PREJUDICE TO MR. WALSH IN ALLOWING SUCH AN AMENDMENT

Commonwealth has articulated a valid claim for contribution against Mr. Walsh based upon Mr. Walsh's intentional and negligent actions. If, however, this Court reads Commonwealth's Third Party Complaint narrowly, interpreting it only as a claim arising out of contract, and, in turn, decides that the Third-Party Complaint fails to state a claim upon which relief may be granted, then Commonwealth requests that this Court allow Commonwealth to amend its Third Party Complaint. Allowing such an amendment is in conformance with Third Circuit precedent that liberally allows amendments to pleadings.

The district court has the discretion to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). Under Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." Amendments are favored and "permitting amendments to pleadings is the rule, and denial of permission is the exception." 61A Am. Jur. § 761. In the Third Circuit, prejudice to the non-moving party "is the touchstone

for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993); See also Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

To determine whether a proposed amendment would unduly prejudice the non-moving party, the Third Circuit has instructed district courts to "focus on the hardship to the defendants if the amendment were permitted." Cureton v. National College Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001). The Third Circuit has found prejudice in situations where the "proposed amendment would result in additional discovery, cost and preparation to defendant against new facts or theories," id., or "when a movant has had previous opportunities to amend a complaint and offers no explanations for amending the complaint sooner." USX Corp. v. Barnhart, 395 F.3d 161 (3d Cir. 2004).

None of those dangers are present in this case. Mr. Walsh will experience no prejudice by an amendment. Commonwealth's initial Third-Party Complaint put Mr. Walsh on notice that he could be held liable for damages to Walsh Securities caused by his actions. Additionally, the federal investigations of the Walsh siblings should have put him on notice as well. Commonwealth seeks leave to amend its Third Party Complaint immediately, if the Court finds its articulation of the initial Third-Party Complaint inaccurate. Consequently, there is no undue delay in seeking leave to Amend. Given the liberal policy of allowing the amendment of pleadings, the lack of any risk of prejudice to Mr. Walsh in allowing an amendment, and in the interests of justice, Commonwealth respectfully requests that this Court allow it to amend its Complaint.

**CONCLUSION**

For the reasons set forth above, Commonwealth respectfully requests that this Court deny Mr. Walsh's motion to dismiss Commonwealth's Third Party Complaint asserted against Mr. Walsh.

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Defendants,
Commonwealth Land Title Insurance Company

By:

David R. Kott, Esq.
A Member of the Firm

Dated: June 7, 2005

NWK2: 1318326.01