**MARK W. CATANZARO, ESQUIRE**
Blason IV - Suite 208
513 S. Lenola Road
Moorestown, New Jersey 08057
(856) 235-4266
By: Mark W. Catanzaro, Esquire (MWC 7126)
Attorney for Defendant, Richard Pepsny

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE
HONORABLE WILLIAM G. BASSLER

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | |
| Plaintiff, | : | Civil Action No. 97cv3496(WGB) |
| vs. | : | |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, et al, | : | DEFENDANT RICHARD PEPSNY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT, SEPARATE DEFENSES AND CROSSCLAIMS |
| Defendants. | : | |

Defendant, Richard Pepsny, Esquire (Defendant R. Pepsny), with principal place of business located at 2005 Route 35, Middletown, County of Monmouth and State of New Jersey, by way of answer to the Third Amended Complaint says:

**PARTIES**

1. Defendant R. Pepsny admits that the Third Amended Complaint purports to allege violations of the Racketeer Influenced

and Corrupt Organizations Act, Common-law fraud, negligence and breaches of contract but denies that he is liable under any of these theories of liability, or any other theory of liability.

2. Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 through 18 of the Third Amended Complaint, and as to those allegations leaves plaintiff to its proofs.

3. Defendant R. Pepsny admits the allegations contained in paragraphs 19 and 20 of the Third Amended Complaint.

4. Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third Amended Complaint, and leaves plaintiff to its proofs.

5. Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third Amended Complaint except to deny the allegations that he was chose to facilitate real property closings by, with or involving any mortgage loans originated by Defendant NHF and sold to plaintiff.

6. Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 through 31 of the Third Amended Complaint, and leaves plaintiff to its proofs.

**JURISDICTION/VENUE/INTRODUCTION**

7. Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 32 through 37 of the Third Amended Complaint, and leaves plaintiff to its proofs, except to deny each and every allegations specifically raised against Mr. R. Pepsny in paragraphs 32 through 37 of the Third Amended Complaint.

**FACTUAL ALLEGATIONS**

8. Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations and characterizations contained in paragraphs 38 through 60 of the Third Amended Complaint as they relate to the underlying loans in this matter and other allegations in the Third Amended Complaint and leaves plaintiff to its proof except to deny each and every allegations specifically raised against R. Pepsny in paragraphs 38 through 64 of the Third Amended Complaint.

**COUNT I**

9. Defendant R. Pepsny hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation of paragraphs 1 through 64 of the Third Amended Complaint.

10. Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 65 through 73 of Count I of the Third Amended Complaint and leaves plaintiff to its proofs, except to deny each and every

allegation specifically raised against Mr. R. Pepsny in paragraphs 65 through 73 of the Third Amended Complaint.

WHEREFORE, defendant R. Pepsny demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

## COUNT II

11.   Defendant R. Pepsny hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation of paragraphs 1 through 73 of the Third Amended Complaint.

12.   Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 74 through 78 of the Third Amended Complaint and leaves plaintiff to its proofs, except to deny each and every allegation specifically raised against Mr. R. Pepsny in paragraphs 74 through 78 of the Third Amended Complaint.

WHEREFORE, defendant R. Pepsny demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

## COUNT III

13.   Defendant R. Pepsny hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 78 of the Third Amended Complaint.

14.   Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in

paragraphs 79 through 83 of the Third Amended Complaint and leaves plaintiff to its proof, except to deny each and every allegation specifically raised against Mr. R. Pepsny in paragraphs 79 through 83 of the Third Amended Complaint.

WHEREFORE, defendant R. Pepsny demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

## COUNT IV

15.   Defendant R. Pepsny incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 83 of the Third Amended Complaint.

16.   The allegations contained in Count IV of the Plaintiff's Complaint are directed towards one other than answering defendant and no further response is required.

WHEREFORE, defendant R. Pepsny demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

## COUNT V

17.   Defendant R. Pepsny hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 89 of the Third Amended Complaint.

18.   The allegations contained in Count V of the Plaintiff's Complaint are directed towards one other than answering defendant and no further response is required.

WHEREFORE, defendant R. Pepsny demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

### COUNT VI

19. Defendant R. Pepsny hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation raised in paragraphs 1 through 96 of the Third Amended Complaint.

20. Defendant R. Pepsny is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, except to admit that he is licensed to practice law in the State of New Jersey.

21. Defendant R. Pepsny is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 99 and 100 of the Third Amended Complaint and leaves plaintiff to its proofs.

22. Defendant R. Pepsny denies the allegations contained in paragraph 101 of the Third Amended Complaint and leaves plaintiff to its proofs.

WHEREFORE, defendant R. Pepsny demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

### COUNT VII

24. Defendant R. Pepsny hereby incorporates by reference, in lieu of repetition, his answers to each and every allegation raised

in paragraphs 1 through 107 of the Third Amended Complaint.

25. The allegations contained in Count VII paragraphs 108 through 112 of the Plaintiff's Complaint are directed towards one other than answering defendant and no further response is required.

WHEREFORE, defendant R. Pepsny demands judgment dismissing the Third Amended Complaint with prejudice plus attorneys' fees and costs of suit.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to answering defendant.

## SECOND AFFIRMATIVE DEFENSE

No "enterprise" existed as set forth in 18 U.S.C. § 1962(c).

## THIRD AFFIRMATIVE DEFENSE

Answering defendant was not involved in an "enterprise" as set forth in 18 U.S.C. § 1962(c), the existence of any such enterprise being specifically denied.

## FOURTH AFFIRMATIVE DEFENSE

There is no "pattern" of racketeering activity as required by 18 U.S.C. § 1962(c).

## FIFTH AFFIRMATIVE DEFENSE

Defendant did not conduct or participate in an "enterprise", the existence of any such enterprise being specifically denied.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not conduct or participate in the operation or

management of an "enterprise", the existence of any such enterprise being specifically denied.

### SEVENTH AFFIRMATIVE DEFENSE

Answering defendant entered into no agreement to perform the predicate acts as alleged in plaintiff's Complaint or any other illegal activity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damage as a result of the predicate or overt acts as alleged, the existence of any predicate or overt acts being specifically denied.

### NINTH AFFIRMATIVE DEFENSE

The conduct of answering defendant, the existence of any illegal conduct being specifically denied, was not the proximate cause of plaintiff's injuries.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to plead with particularity the allegations of fraud pursuant to Fed. R. Civ. P. 9(b) as to answering defendant and defendant reserves the right to move to dismiss before or at the time of trial.

### ELEVENTH AFFIRMATIVE DEFENSE

Any acts, the existence of those acts being specifically denied, were not related and/or continuous so as to constitute a pattern.

**TWELFTH AFFIRMATIVE DEFENSE**

Answering defendant was not involved in any conspiracy to operate or manage an "enterprise".

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Statute of Limitations.

**CR0SSCLAIM OF DEFENDANT, RICHARD PEPSNY
AS AGAINST CRISTO PROPERTY MANAGEMENT, LTD.,
a/k/a G.J.L. LIMITED, DEK HOMES OF
NEW JERSEY, INC., OAKWOOD PROPERTIES, INC.,
NATIONAL HOME FUNDING, INC., CAPITAL ASSETS
PROPERTY MANAGEMENT & INVESTMENT COMPANY, INC.,
CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C.,
WILLIAM J. KANE, GARY GRIESER,
ROBERT SKOWRENSKI, II, RICHARD CALANNI,
RICHARD D. DIBENEDETTO, JAMES R. BROWN,
THOMAS BRODO, RONALD PIERSON, STANLEY YACKER, ESQ.,
MICHAEL ALFIERI, ESQ., ANTHONY M. CICALESE, ESQ.,
LAWRENCE M. CUZZI, ANTHONY D'APOLITO,
DAP CONSULTING, INC., COMMONWEALTH LAND TITLE
INSURANCE COMPANY, INC., NATIONS TITLE
INSURANCE OF NEW YORK, INC., FIDELITY
NATIONAL TITLE INSURANCE COMPANY
OF NEW YORK, INC., COASTAL TITLE AGENCY, INC.,
IRENE DIFEO AND WEICHERT REALTORS**

If the allegations of plaintiff's Complaint are true, such allegations being expressly denied, the defendant, Richard Pepsny, alleges that co-defendants Cristo Property Management, Ltd., a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Company, Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard D. DiBenedetto, James R. Brown, Thomas Brodo, Ronald Pierson, Stanley Yacker, Esq., Michael

Alfieri, Esq., Anthony M. Cicalese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Commonwealth Land Title Insurance Company, Inc., Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Inc., Coastal Title Agency, Inc., Irene Difeo and Weichert Realtors are liable to defendant for contribution and indemnity and/or solely liable to the plaintiff for all damages alleged.

WHEREFORE, answering defendant demands judgment dismissing plaintiff's Complaint together with costs and reasonable attorneys fees.

Dated: June 20, 2005          By: \s\Mark W. Catanzaro
                                  Mark W. Catanzaro, Esquire