FOX, ROTHSCHILD LLP
FORMED IN THE COMMONWEALTH OF PENNSYLVANIA
BY:   EDWARD J. HAYES (EJH-9808)
      ANTHONY ARGIROPOULOS, ESQUIRE (AA-2427)
P. O. BOX 5231
PRINCETON, NJ 08543-5231
TEL. (609) 896-3600
FAX (609) 896-1469

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | Civil Action No. 97-3496 (WGB) |
| Plaintiff, | |
| v. | |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, and STEWART TITLE GUARANTY COMPANY, IRENE DiFEO, DONNA PEPSNY, | **ANSWER TO THIRD AMENDED COMPLAINT, SEPARATE DEFENSES, ANSWERS TO CROSS CLAIMS, CROSS CLAIM AND JURY DEMAND** |

| | |
|---|---|
| WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS,<br><br>    Defendants | :<br>:<br>:<br>:<br>: |

Defendants, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York (hereafter collectively referred to as "Answering Defendants"), by way of Answer to the Third Amended Complaint, say:

1. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Third Amended Complaint. To the extent that these allegations are conclusions of law, no responsive pleading is required. To the extent that these allegations are directed at Answering Defendants or otherwise seek to impose liability upon Answering Defendants, the allegations are denied.

## AS TO "PARTIES"

2. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Third Amended Complaint.

3. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Third Amended Complaint.

4. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Third Amended Complaint.

5. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Third Amended

Complaint.

6. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Third Amended Complaint.

7. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Third Amended Complaint.

8. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Third Amended Complaint.

9. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Third Amended Complaint.

10. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Third Amended Complaint.

11. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Third Amended Complaint.

12. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Third Amended Complaint.

13. Denied. Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations contained in paragraph 13 of the Third Amended Complaint.

14. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Third Amended Complaint.

15. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Third Amended Complaint.

16. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Third Amended Complaint.

17. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Third Amended Complaint.

18. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Third Amended Complaint.

19. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Third Amended Complaint.

20. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Third Amended Complaint.

21. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Third Amended Complaint.

22. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Third Amended Complaint.

23. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Third Amended Complaint.

24. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Third Amended Complaint.

25. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Third Amended Complaint.

26. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Third Amended Complaint.

27. Denied. Answering Defendants admit the allegations contained in paragraph 27 of the Third Amended Complaint.

28. Denied. Answering Defendants admit the allegations contained in paragraph 28 of the Third Amended Complaint.

29. Admitted in part; denied in part. It is admitted that Coastal Title Agency, Inc.

("Coastal") was a title insurance agency maintaining a place of business in New Jersey. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Third Amended Complaint.

30. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Third Amended Complaint.

31. Denied. Answering Defendants deny the allegations contained in paragraph 31 of the Third Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves. Answering Defendants refer the Court and the parties to the documents for their content. Furthermore, to the extent that the particular "closing service letters" are not sufficiently identified in this paragraph and are not attached to the copy of the Third Amended Complaint served in this matter, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations. Finally, to the extent that the allegations are conclusions of law, no responsive pleading is required.

### AS TO "JURISDICTION"

32. Denied. The allegations of paragraph 32 are conclusions of law to which n oresponsvie pleading is required.

### AS TO "VENUE"

33. Denied. The allegations of paragraph 32 are conclusions of law to which no responsvie pleading is required.

### AS TO "INTRODUCTION"

34. Denied. Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations contained in paragraph 34 of the Third Amended Complaint.

35. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Third Amended Complaint.

36. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Third Amended Complaint.

37. Denied. Answering Defendants deny the allegations contained in paragraph 37 of the Third Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves. Answering Defendants refer the Court and the parties to the documents for their content. Furthermore, to the extent that the particular "closing service letters" are not sufficiently identified in this paragraph and are not attached to the copy of the Third Amended Complaint served in this matter, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations. Finally, to the extent that these allegations are conclusions of law, no responsive pleading is required.

## AS TO "FACTUAL ALLEGATIONS"

### The Mortgage and Banking Industry

38. Admitted in part; denied in part. It is admitted that a mortgage loan is a loan in which real property is used as collateral. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Third Amended Complaint.

39. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Third Amended Complaint.

40. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 of the Third Amended Complaint.

41. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Third Amended Complaint.

42. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the Third Amended Complaint.

43. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of the Third Amended Complaint.

44. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 of the Third Amended Complaint.

45. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 of the Third Amended Complaint.

46. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the Third Amended

Complaint.

47. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Third Amended Complaint.

48. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the Third Amended Complaint.

49. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of the Third Amended Complaint.

## AS TO "TITLE INSURANCE AND ITS ROLE IN REAL ESTATE TRANSACTIONS"

50. Admitted in part; denied in part. Answering Defendants admit that in consideration for the payment of a premium, title insurance provides indemnification for owners and/or lenders of real property against certain losses covered by the policy, subject to the terms and conditions of the policy. It is further admitted that title insurance is purchased in the majority of real estate purchases and/or refinances. It is further admitted that mortgage lenders routinely require the issuance of title insurance in connection with the purchase and/or financing of real estate. It is denied that title insurance guarantees against losses or damages. Title insurance is not a policy of guaranty, but instead a policy of indemnity. It is denied that title insurance is issued on all transactions. It is further denied that title insurance is supplied to owners on each occasion when a title policy is required by the lender. The balance of the allegations contained in paragraph 50 of the Third Amended Complaint are denied.

51. Admitted in part; denied in part. It is admitted that title insurance customers often deal

with title insurance agents as opposed to a title insurance underwriter. It is further admitted that title insurance agents perform certain duties pursuant to written agency agreements executed with title insurance underwriters. It is also admitted that some title insurance agencies act as agents for more than one title insurance underwriter, while many are exclusive agents for one title insurance underwriter. The balance of the allegations contained in paragraph 51 of the Third Amended Complaint are denied.

52. Admitted in part; denied in part. Answering Defendants admit title insurance underwriters will issue closing service letters for the benefit of mortgage lenders. Said letters are not issued in connection with every transaction. It is further admitted that closing service letters are required by some lenders in connection with a closing. Answering Defendants deny the allegations contained in paragraph 52 of the Third Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves. Answering Defendants refer the Court and the parties to the documents for their content. Furthermore, to the extent that the particular "closing service letters" are not sufficiently identified in this paragraph and are not attached to the copy of the Third Amended Complaint served in this matter, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations. To the extent the allegations of paragraph 52 consitute conclusions of law, no responsive pleading is required.

## AS TO "THE NEW JERSEY MORTGAGE LOAN FRAUDS"

53. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 of the Third Amended Complaint.

## AS TO "'THE NHF/CHRISTO PROPERTY' ENTERPRISE"

54. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54 of the Third Amended Complaint.

55. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55 of the Third Amended Complaint.

56. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of the Third Amended Complaint.

57. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 57 of the Third Amended Complaint.

## AS TO "THE PATTERN"

58. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 (inclusive of its subparts) of the Third Amended Complaint. The exhibits referred to in this paragraph (inclusive of its subparts) are not attached to the Third Amended Complaint served upon Answering Defendants. By way of further answer, the allegations of paragraph 58 are conclusions of law to which no responsive pleading is required.

59. Denied. Answering Defendants denies the allegations set forth in paragraph 59(a)(8), and it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the balance of paragraph 59 (inclusive of its remaining subparts) of the

11

Third Amended Complaint. To the extent the allegations constitute conclusions of law, no responsive pleading is required.

60. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 of the Third Amended Complaint.

### AS TO "COUNT I"

61-69. The allegations contained in paragraphs 61 through 69, inclusive, do not relate to Answering Defendants. Therefore, no response is required of Answering Defendants.

### AS TO "COUNT II"

70-74. The allegations contained in paragraphs 70 through 74, inclusive, do not relate to Answering Defendants. Therefore, no response is required of Answering Defendants.

### AS TO "COUNT III"

75-79. The allegations contained in paragraphs 75 through 79, inclusive, do not relate to Answering Defendants. Therefore, no response is required of Answering Defendants.

### AS TO "COUNT IV"

80-85. The allegations contained in paragraphs 80 through 85, inclusive, do not relate to Answering Defendants. Therefore, no response is required of Answering Defendants.

### AS TO "COUNT V"

86. Answering Defendants repeat and reallege each of their resposnes to paragraphs 1 through 85, inclusive, of the Third Amended Complaint.

87. Admitted in part; denied in part. Answering Defendants admit that they issued title insurance in connection with some of the complained-of transactions. The title insurance polices insured Plaintiff's lien as a first mortgage against certain real estate. It is further admitted that

Answering Defendant issued closing service letters on some of the transactions. It is denied that the closing service letters covered the type of conduct complained of by Plaintiff or were for Plaintiff's benefit. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in paragraph 87 of the Third Amended Complaint. To the extent the allegations of paragraph 87 consistute conclusions of law, no responsive pleading is required.

88. Denied. The allegations of paragraph 88 are conclusions of law to which no responsive pleading is required. By way of further answer, Answering Defendants deny that the closing service letters covered the type of conduct complained of by Plaintiff and Answering Defendants deny the allegations contained in paragraph 88 of the Third Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves. Answering Defendants refer the Court and the parties to the documents for their content. "Sample closing service letters" are not attached to Third Amended Complaint served upon Answering Defendants, and Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning these "sample closing service letters."

89. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 89 of the Third Amended Complaint concernign the conduct of the closing attorneys. To the extent that the balance of the allegations contained in paragraph 89 are conclusions of law, no responsive pleading is required.

90. Admitted in part; denied in part. It is admitted that Plaintiff has notified Answering Defendants of a potential claim. Answering Defendants deny that the closing service letters covered the type of conduct complained of by Plaintiff. To the extent the allegations of paragraph 90 constitute

conclusions of law, no responsive pleading is required.

91. Denied. Answering Defendants deny that they owe any obligation to Plaintiff under the closing service letters. By way of further answer, the allegations of paragraph 91 are conclusions of law to which no responsive pleading is required.

92. Denied. The allegations of paragraph 92 are conclusions of law to which no responsive pleading is required. By way of further answer, it is denied that Plaintiff has suffered any losses for which Answering Defendants are liable.

## AS TO COUNT VI

93-102. The allegations contained in paragraphs 93 through 102, inclusive, do not relate to Answering Defendants. Therefore, no response is required of Answering Defendants.

WHEREFORE, Answering Defendants respectfully request that judgment be entered in their favor and against Plaintiff dismissing the Third Amended Complaint, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

## FIRST AFFIRMATIVE DEFENSE

Answering Defendants have no liability to Plaintiff under the closing service letters because:

a. The closing letters were not issued to Plaintiff.
b. The closing service letters do not protect against the type of conduct alleged by Plaintiff.
c. The closing service letters are invalid on their face in that they did not make references to a particular transaction.
d. The closing service letters are invalid on their face in that they are not dated.

    e. To the extent that the closing service letters were in force and effect, any liability under the closing service letters is limited by the terms of the documents.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff did not rely upon Answering Defendants' closing service letters in completing the mortgage transactions complained of in the Third Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is charged with the knowledge and conduct of its officers, agents and/or employees in this matter. Plaintiff's officers, agents and/or employees participated in the scheme alleged in the Third Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred by the contributory and/or comparative negligence of Plaintiff and its officers, agents and/or employees.

## FIFTH AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to state claim upon which relief can be granted as to Answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff, as assignee of any closing service letters, would have no higher rights under those letters than the assignor of the letters.

## SEVENTH AFFIRMATIVE DEFENSE

In each transaction pleaded in the Third Amended Complaint, Plaintiff maintains a valid first mortgage lien on the subject premises.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the borrowers as necessary parties to this action. The borrowers have executed notes in favor of Plaintiff agreeing to repay the sums of money due to Plaintiff. Plaintiff should be required to exhaust the collateral prior to moving forward with this litigation.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from the prosecution of this litigation and has unclean hands.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted herein are barred by the Entire Controversy Doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted herein should be dismissed for failure to diligently prosecute this action.

## ANSWER TO CROSS-CLAIMS FOR CONTRIBUTION AND/OR INDEMNIFICATION

Answering Defendants deny any and all Cross-Claims made against it for contribution or indemnification.

## CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Answering Defendants/Cross-claim Plaintiffs, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, says, by way of cross-claim against the following Defendants/Cross-claim Defendants: Cristo Property Management, Ltd., A/K/A G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Coastal Title Agency, Irene DiFeo, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens (collectively the "Cross-claim Defendants"):

## FIRST COUNT

### (Indemnification)

1. Answering Defendants/Cross-claim Plaintiffs deny any liability to Plaintiff, but if it is determined that Answering Defendants/Cross-claim Plaintiffs or any one of them is liable to Plaintiff in any respect, such liability is secondary, passive and vicarious, while the liability of the Cross-claim Defendants is primary, active and direct. Any damages for which Answering Defendants/Cross-claim Plaintiffs may be held liable are chargeable to the Cross-claim Defendants.

2. Answering Defendants are entitled to indemnification from the Cross-claim Defendants and/or other third parties.

WHEREFORE, Answering Defendants/Cross-claim Plaintiffs demand judgment of indemnification in its favor and against the Cross-claim Defendants, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

## SECOND COUNT

### (Contribution)

3. Answering Defendants/Cross-claim Plaintiffs repeat each of its foregoing allegations contained in the Cross-claim.

4. Answering Defendants/Cross-claim Plaintiffs denies any liability to Plaintiffs, and specifically denies that any such liability is joint and several as to Answering Defendants/Cross-claim Plaintiffs. If it is determined, however, that Answering Defendants/Cross-claim Plaintiffs is liable to Plaintiff in any respect, Answering Defendants/Cross-claim Plaintiffs demands contribution from all Cross-claim Defendants pursuant to the provisos of the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 et seq., and all other statutory or common laws which may be applicable with respect to any and all damages that may be assessed against Answering Defendants/Cross-claim Plaintiffs in favor of Plaintiff, together with costs of suit.

WHEREFORE, Answering Defendants/Cross-claim Plaintiffs demands judgment of contribution in its favor and against Crossclaim Defendants, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

                                              Edward J. Hayes, Esquire (EJH-9808)
                                              Anthony Argiropoulos, Esquire (AA-2427)
                                              FOX, ROTHSCHILD LLP

                                              Attorneys for Defendants Fidelity National
                                              Title Insurance Company of New York and
                                              Nations Title Insurance of New York

Dated: November 22, 2005

## JURY DEMAND

Defendants Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York demands a trial by jury as to all issues so triable.

LV1 308763v2 11/22/05

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court other than <u>Garden State Indemnity Company v. Michael Alfieri, et als.</u>, Docket No. MON-L-1150-98, which is has been stayed by the Superior Court of New Jersey, Law Division, Monmouth County (subject to the Resolution of the instant <u>Walsh Securites v. Cristo Property Management, Ltd.</u> matter) or any pending arbitration or administrative proceeding.

                                      _____
                                      Edward J. Hayes, Esquire (EJH-9808)
                                      Anthony Argiropoulos, Esquire (AA-2427)
                                      Fox, Rothschild LLP

                                      Attorneys for Defendants Fidelity National
                                      Title Insurance Company of New York and
                                      Nations Title Insurance of New York

Dated: November 22, 2005

LV1 308763v2 11/22/05