| | |
|---|---|
| WALSH SECURITIES, INC., <br><br>              Plaintiff,<br><br>     vs.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DiBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE CO., NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK, COASTAL TITLE AGENCY, and STEWART TITLE GUARANTY COMPANY, IRENE DiFEO, DONNA PEPSNY and WEICHERT REALTORS,<br><br>              Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CV 97-3496 (WGB)<br><br>Hon. William G. Bassler<br><br>***Document Electronically Filed***<br><br><br>Motion Date: February 27, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF STEWART TITLE'S MOTION TO DISMISS ALL CROSS-CLAIMS FOR FAILURE TO STATE A CLAIM**

 

**GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500
Attorneys for Defendant
*Stewart Title Guaranty Company*

#1048969 v1
081111-53415

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................. ii
PRELIMINARY STATEMENT ............................................. 1
PROCEDURAL HISTORY AND BACKGROUND ................................. 2
LEGAL ARGUMENT .................................................... 5
I.   All Cross-Claims Asserted Against Stewart Title Should Be
     Dismissed Pursuant To Rule 12(b)(6) For Failure To State A
     Claim. ....................................................... 5
     A.   Stewart Title is not a joint tortfeasor and therefore,
          cannot be held liable for contribution................... 5
     B.   Stewart Title is not contractually obligated to
          indemnify any Cross-Claim Defendants..................... 9
     C.   The cross-claims fail to state a claim for common law
          indemnification ......................................... 9
CONCLUSION........................................................ 11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Alexiou v. Brad Benson Mitsubishi,
  127 F. Supp. 2d 557 (D.N.J. 2000) .................................. 5

Blazovic v. Andrich,
  124 N.J. 90 (1991) ................................................ 7

Cartel Capital Corp. v. Fireco of New Jersey,
  81 N.J. 548 (1980) ............................................. 7, 9

Conley v. Gibson,
  355 U.S. 41 (1957) ............................................... 5

Dunn v. Praiss,
  139 N.J. 564 (1995) ...................................... 3, 6, 7, 8

Finderne Management Company, Inc. v. Barrett,
  355 N.J. Super. 197 (App. Div. 2002) ............................. 7

Interfaith Community Organization v. Honeywell Intern., Inc.,
  263 F. Supp. 2d 796 (D.N.J. 2003), aff'd, 399 F.3d 248 (3d Cir. 2005)
  ................................................................. 9

Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Associates,
  Inc.,
  Civ. A. No. 00-CV-2231, 2002 WL 2013925 at *2 (E.D. Pa. 2002) ...... 8

Mantilla v. NC Mall Associates,
  167 N.J. 262 (2001) ............................................. 10

New Jersey Office Supply, Inc. v. Feldman,
  1990 WL 74477 (D.N.J. Jun. 4, 1990) ............................. 10

Ramos v. Browning Ferris Inds.,
  103 N.J. 177 (1986) ........................................... 9, 10

Resolution Trust Corp. v. Moskowitz,
  845 F. Supp. 247 (D.N.J. 1994), vacated in part on other grounds,
  Civ. A. No. 93-2080, 1994 WL 475811 (D.N.J. Aug. 31, 1994) ......... 8

Rowe v. Morgan Stanley Dean Witter,
  191 F.R.D. 39 (D.N.J. 1999) ...................................... 5

Stearns & Foster Bedding Co. v. Franklin Holding Corp.,
  947 F. Supp. 790 (D.N.J. 1996) ................................... 6

**STATUTES**

N.J.S.A. 2A:53a .................................................... 2

#1048969 v1
081111-53415

**TABLE OF AUTHORITIES**
**CONTINUED**

**Page(s)**

N.J.S.A. 2A:53A-1................................................2, 5

N.J.S.A. 2A:53A-2...................................................5

**RULES**

Rule 12(b)(6)..........................................1, 3, 5, 11

#1048969 v1
081111-53415

**PRELIMINARY STATEMENT**

Defendant Stewart Title Guaranty Company ("Stewart Title") hereby submits this memorandum of law in support of its motion to dismiss all cross-claims asserted against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, based on the following:

- Stewart Title was not implicated under any of Plaintiff's tort liability claims and is not a joint tortfeasor as required by the Joint Tortfeasors Contribution Act;
- Stewart Title maintains no contractual duty to indemnify as to any of the cross-claimants;
- Stewart Title maintains no common law duty to indemnify as it lacks the requisite special relationships with the cross-claimants and the cross-claimants have allegedly engaged in intentional wrongdoing.

Accordingly, for all of the reasons stated herein, Stewart Title respectfully requests that the Court dismiss all cross-claims filed against it with prejudice.

## PROCEDURAL HISTORY AND BACKGROUND

On or about January 28, 2005, Walsh Securities, Inc. (hereinafter "Walsh") filed a Third Amended Complaint naming for the first time, Stewart Title Guaranty Company ("Stewart Title") as a party defendant under a breach of contract theory. See generally Third Amended Complaint. Specifically, Walsh alleged that Stewart Title and other title insurance defendants failed to reimburse Walsh under closing service protection letters for the losses it incurred as a result of the alleged fraud of the closing attorneys. See Third Amended Complaint, Count V.

In answering Walsh's Third Amended Complaint, defendants Michael Alfieri, Esq., Commonwealth Land Title Insurance Company ("Commonwealth"), Irene Difeo, Donna Pepsny, Anthony Cicalese and Coastal Title Agency (the "Cross-Claim Defendants") all asserted blanket cross-claims for contribution under New Jersey's Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq., and common law indemnification against all co-defendants, including Stewart Title. Mr. Alfieri's cross-claims – which are representative of the other Cross-Claim Defendants' cross-claims – allege as follows:

### CROSSCLAIM FOR CONTRIBUTION

> Defendant Alfieri denies liability with respect to plaintiff's claims. However, if defendant is adjudged liable, then defendant demands contribution from all co-defendants, pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53a.

**CROSSCLAIM FOR INDEMNIFICATION**

>         Defendant Alfieri denies any liability with respect to plaintiff's claims.  However, if defendant is adjudged liable to plaintiff, the defendant demands equal indemnification from co-defendants.

<u>See</u> Defendant Michael Alfieri's Answer to Plaintiff's Third Amended Complaint, Separate Defenses and Cross-Claims, dated February 2, 2005.

In response to Stewart Title's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), defendant Alfieri submitted a letter brief objecting to Stewart Title's motion to the extent it sought dismissal of the cross-claims.  Commonwealth submitted opposition to defendant Weichert Realtors' motion to dismiss on similar grounds.  Notably, Commonwealth and the other Cross-Claim Defendants, with the exception of Alfieri, did not oppose Stewart Title's original motion to dismiss all cross-claims.

The Court has since granted Stewart Title's and Weichert's motions to dismiss the Third Amended Complaint on statute of limitations grounds.  Stewart Title's motion to dismiss all cross-claims was denied without prejudice, with leave to re-file the motion on the docket and to address the case law raised by Commonwealth in its opposition to Weichert's motion; mainly the New Jersey Supreme Court's holding in <u>Dunn v. Praiss</u>, 139 N.J. 564 (1995).

For the reasons stated herein, the holding in <u>Dunn</u> is clearly distinguishable.  There is **no right of contribution** in New Jersey from a defendant alleged solely to have breached a contractual duty. Accordingly, as a matter of law, the Cross-Claim Defendants cannot

sustain a viable cross-claim against Stewart Title, a former breach of contract defendant.

For all of the reasons set forth below, we respectfully request that all cross-claims asserted against Stewart Title be dismissed with prejudice.

**LEGAL ARGUMENT**

I.  **ALL CROSS-CLAIMS ASSERTED AGAINST STEWART TITLE SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM.**

It is well settled that a pleading should be dismissed for failure to state a claim under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Alexiou v. Brad Benson Mitsubishi, 127 F. Supp. 2d 557, 559 (D.N.J. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Dismissal is appropriate where, as here, the Cross-Claim Defendants have not alleged facts, which, if proven, would entitle them to contribution or indemnification. Rowe v. Morgan Stanley Dean Witter, 191 F.R.D. 398, 404-05 (D.N.J. 1999).

A.  **Stewart Title is not a joint tortfeasor and therefore, cannot be held liable for contribution.**

The cross-claims for contribution against Stewart Title are entirely infirm on their face as a matter of law. New Jersey's Joint Tortfeasors Contribution Act (the "Act") permits contribution "among joint tortfeasors." N.J.S.A. 2A:53A-2. The Act defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to person or property. . . ." N.J.S.A. 2A:53A-1 (emphasis added).

"[A] party cannot succeed on a claim for contribution unless there is joint tortfeasorship and common liability." Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc., 49 F. Supp. 2d 728, 740 (D.N.J. 1999) (citing Stearns & Foster Bedding Co. v. Franklin Holding Corp., 947 F. Supp. 790 (D.N.J. 1996)). Based on the facts alleged in the pleadings in this matter,

- 5 -

it is clear Stewart Title is not subject to tort liability and has no common liability. No party has alleged that Stewart Title engaged in tortious conduct. Instead, Walsh alleged a breach of contract claim for failure to honor a closing service protection letter at some date after the underlying fraud is alleged to have taken place. Therefore, there is no sustainable theory under which Stewart Title could be held liable for contribution.

Commonwealth's reliance on the New Jersey Supreme Court's opinion in <u>Dunn v. Praiss</u>, 139 N.J. 564 (1995) is inapplicable on these facts. In <u>Dunn</u>, a physician found liable of medical malpractice sought contribution from the HMO on the basis of its independent breach of contractual duty to the insured. <u>Id.</u> at 569. The Court held under the narrow circumstances presented that it was "appropriate in this case to apportion responsibility based on a breach of contract that is alleged to have <u>proximately caused personal injury</u>." <u>Id.</u> at 577 (emphasis added). The Court explained:

> In the context of this case in which the breach of contractual duty appears to parallel closely the fault-based duty of care imposed on a health-care provider, it is appropriate to allow for contribution. In another case the issue might be less clear. For example, assume that an HMO contract had authorized five days of hospital care for an appendectomy, but the HMO refused to cover more than three days. The relationship between that breach of contract and a concurrent act of malpractice might be more difficult to assess. In this case <u>the alleged failure of the HMO is more like a negligent act than an intentional breach of a contract</u>.

<u>Id.</u> (emphasis added).

"Where the pleadings show <u>separate torts, severable as to time and breaching different duties</u>, rather than a joint tort, dismissal of

the third-party action is appropriate." <u>Finderne Management Company, Inc. v. Barrett</u>, 355 N.J. Super. 197, 208 (App. Div. 2002) (finding that the wrongs alleged did not relate to the same injury), <u>certif. den.</u>, 177 N.J. 219 (2003) (citations omitted and emphasis added).

Here, there is no dispute that the alleged underlying fraudulent scheme and Stewart Title's alleged breach of the closing service protection letters are severable as to time and invoke entirely different duties. Even the most liberal reading of the Third Amended Complaint would not suggest that Stewart Title's alleged breach was a proximate cause of the underlying conspiratorial fraud. Stewart Title's alleged breach is not tantamount to a negligent act, and is clearly distinguishable from the HMO's conduct in <u>Dunn</u>, which proximately and concurrently caused the plaintiff's personal injury.

The remaining cases cited by Commonwealth also would not impose liability on Stewart Title under the Act. See <u>Cartel Capital Corp. v. Fireco of New Jersey</u>, 81 N.J. 548, (1980) (concluding that the manufacturer's defective product and the "seller's negligence in servicing the product [both] <u>proximately and concurrently cause[d] the damages</u>") (emphasis added); <u>Blazovic v. Andrich</u>, 124 N.J. 90, 106 (1991) (holding that contribution rights exist between intentional and negligent tortfeasors).

Here, Stewart Title is neither an intentional tortfeasor nor a negligent tortfeasor. Furthermore, it cannot be argued that Stewart Title proximately and concurrently caused the damages purportedly suffered by Walsh as a result of the underlying fraud.

- 7 -

Notwithstanding the complete lack of authority on the Cross-Claim Defendants' contribution theory, there is well-settled case law supporting the dismissal of the cross-claims. For example, in Resolution Trust Corp. v. Moskowitz, the Court in applying the Act dismissed cross-claims for contribution alleged by the co-defendants against defendant Fidelity & Deposit Company of Maryland ("F & D"), a breach of contract defendant, on the grounds that F & D was "not a 'joint tortfeasor' and cannot be liable to any codefendant for contribution." 845 F. Supp. 247, 251 (D.N.J. 1994), vacated in part on other grounds, Civ. A. No. 93-2080, 1994 WL 475811 (D.N.J. Aug. 31, 1994).

In Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Associates, Inc., the Court expressly recognized the narrow limits of the Dunn holding, and rejected defendant EFCO's claim for contribution on the basis that the "only claims asserted against EFCO are grounded in contract. . . ." Civ. A. No. 00-CV-2231, 2002 WL 2013925 at *2 (E.D. Pa. 2002) (applying New Jersey law). The Court held that "[a]s the term 'joint tortfeasors' and the language of the statute indicate, both the party against whom a claim for contribution is asserted as well as the party *asserting* the claim must be tortfeasors." Id. (emphasis in original).

The law is clear. A defendant alleged to be liable on an ordinary breach of contract theory cannot be a joint tortfeasor under the Act, absent conduct that is tantamount to a tort and proximately causes the plaintiff's injury. See Dunn, 139 N.J. at 577. As there are no set of facts that would entitle the co-defendants to

contribution from Stewart Title, the cross-claims must be dismissed with prejudice.

    **B.   Stewart Title is not contractually obligated to indemnify any Cross-Claim Defendants.**

None of the Cross-Claim Defendants have asserted claims for contractual indemnification. Moreover, the pleadings are silent as to the existence of contracts providing for indemnification to the Cross-Claim Defendants against losses – the only basis upon which a claim for contractual indemnification could be founded. See Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 566 (1980) ("It would be inequitable to permit an active wrongdoer in the absence of a contractual understanding between the parties to obtain indemnity from another wrongdoer and thus escape any responsibility."). Accordingly, any cross-claim for contractual indemnification must be dismissed.

    **C.   The cross-claims fail to state a claim for common law indemnification.**

Only when a party can demonstrate the existence of a special relationship between it and the party from whom it seeks indemnification can a party maintain a claim for common law indemnification. Ramos v. Browning Ferris Inds., 103 N.J. 177, 188-90 (1986). Furthermore, while a party whose "liability is entirely constructive, vicarious, and not based on any fault of its own," may be entitled to indemnification, Interfaith Community Organization v. Honeywell Int'l, Inc., 263 F. Supp. 2d 796, 871 (D.N.J. 2003), aff'd, 399 F.3d 248 (3d Cir.), cert. den., 125 S. Ct. 2951 (2005), it is well-settled that "an indemnitee who has defended against allegations of its independent fault may not recover its costs." Mantilla v. NC

- 9 -

<u>Mall Associates</u>, 167 N.J. 262, 270 (2001) (emphasis added and citations omitted); <u>New Jersey Office Supply, Inc. v. Feldman</u>, 1990 WL 74477 *4 (D.N.J. Jun. 4, 1990) (holding that the "indemnification [claims] must fail, as a matter of law, because an intentional wrongdoer cannot be indemnified").

Here, the Cross-Claim Defendants' claims for common law indemnification must fail as a matter of law because they have not alleged any facts that establish the existence of a special relationship with Stewart Title.  <u>Ramos</u>, 103 N.J. at 188-90.  Moreover, the Cross-Claim Defendants are defending against allegations of their own independent fault.  <u>Id.</u>

With the exception of Walsh's claims against Commonwealth – which did not oppose Stewart Title's prior motion – all of Walsh's claims against the Cross-Claim Defendants allege intentional wrongdoing, which automatically precludes the Cross-Claim Defendants' claims for common law indemnification.  Walsh only asserted contractual claims against Stewart Title.  No party has alleged that Stewart Title has committed a tort.  Therefore, the Cross-Claim Defendants' claims against Stewart Title for common law indemnification must be dismissed as a matter of law.

**CONCLUSION**

For the reasons set forth above, Defendant Stewart Title Guaranty Company respectfully requests that the Court grant its Motion to Dismiss all Cross-Claims against Stewart Title with prejudice, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Respectfully Submitted,

Dated: January 26, 2006  By: s/ Terrence S. Brody (TB-4463)
      Newark, New Jersey        Frederick W. Alworth (FA-6977)
                                Terrence S. Brody (TB-4463)
                                **GIBBONS, DEL DEO, DOLAN,
                                GRIFFINGER & VECCHIONE**
                                A Professional Corporation
                                One Riverfront Plaza
                                Newark, New Jersey 07102
                                P 973 596 4500
                                F 973 596 0545
                                Falworth@gibbonslaw.com
                                Tbrody@gibbonslaw.com

                                Attorneys for Defendant
                                *Stewart Title Guaranty Company*

#1048969 v1
081111-53415