# HCB&T

## Hobbie, Corrigan, Bertucio & Tashjy, P.C.
Attorneys at Law

Norman M. Hobbie * •
David P. Corrigan *
Edward C. Bertucio, Jr. *
M. Scott Tashjy
Michael R. Hobbie
Jacqueline DeCarlo

\* Certified by the Supreme
Court of New Jersey as a
Civil Trial Attorney

• Certified by the Supreme
Court of New Jersey as a
Criminal Trial Attorney

File No.: 11074-0001

February 8, 2006

The Honorable William G. Bassler, U.S.D.J.
United States District Court
Dr. Martin Luther King Jr. Courthouse
50 Walnut Street, P.O. Box 999
Newark, New Jersey 07101-0999

    Re:    Walsh Securities v. Cristo Property, et al.
              Civil No. 97-3496 (WGB)
              Defendant Michael Alfieri, Esq.'s Letter Brief in Opposition to Stewart Title's
              Motion to Dismiss All Cross-Claims for Failure to State a Claim

Dear Judge Bassler:

    Please accept this letter in lieu of a more formal brief in opposition to the motion of Stewart Title to dismiss all cross-claims for failure to state a claim, which motion is presently returnable before the Court February 27, 2006, to be decided on the papers pursuant to the prior instructions of Your Honor.

    For a recitation of the pertinent procedural and factual history, the Court is respectfully directed to Your Honor's Opinion of January 20, 2006, setting forth the procedural and factual history of this matter in deciding certain motions to dismiss the plaintiff's complaint against certain defendants on the ground of the statute of limitations.

# HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.

February 8, 2006
Page 2

As to the law pertinent to the instant motion, Federal Rule of Civil Procedure 12(b)(6) only mandates dismissal of a pleading for failure to state a claim when "it appears beyond doubt that the plaintiff (or in this matter the parties filing the cross-claim against Stewart Title) cannot set forth any ground in support of its claim of entitlement to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Alexiou v. Brad Benson Mitsubishi, 127 F. Supp. 2d 557, 559 (DNJ 2000).

In this matter, Defendant Michael Alfieri, Esq., respectfully submits that any dismissal of plaintiff's affirmative claims against Stewart Title as contained in Your Honor's recent opinion on Stewart Title's motion against the plaintiff should not also serve to dismiss the cross-claim Mr. Alfieri has against defendant Stewart Title. In support of this contention, Mr. Alfieri respectfully directs the Court's attention to the Court of Appeals holding in Aetna Insurance Company v. Newton, 398 F.2d 729, 734 (3d Cir. 1968):

> "[A] dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant." Id., citing Fronmeyer v. L & R Construction, Co., Inc., 139 F. Supp., 579, 585-586 (DNJ 1956).

This rule, leaving in tact cross-claims even where certain defendants prevail on plaintiff's affirmative claims, has been consistently applied by Federal Courts. See, e.g., Fairview Park Excavating Company, Inc. v. Al Monzo Construction Company, Inc., et al., 560 F. 2d 1122, 1125-1126 (3d Cir. 1977).

In this case, the cross-claim at issue should not be dismissed pursuant to Dunn v. Praiss, 139 N.J. 564 (1995). In that case, the New Jersey Supreme Court held that in the context of the facts of that opinion, where a breach of a contractual duty parallelled closely the fault-based duty

HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.

February 8, 2006
Page 3

of care imposed on a health-care provider, it was appropriate to allow a cross-claim for contribution where the alleged failure of the HMO was more like a negligent act than an intentional breach of contract. Id. at 577.

In this case, not only is Defendant Alfieri charged in Counts I through V with various allegations (which Defendant Alfieri maintains are completely without factual support and ill-defined), but in Count VI Mr. Alfieri is also charged with professional negligence or malpractice (although there is a serious issue as to what, if any, duty of care Mr. Alfieri owed to the plaintiff or what privity the plaintiff had at all with Mr. Alfieri). At this juncture in the case where only written discovery has been exchanged and no depositions have yet commenced, for Stewart Title to claim that there is absolutely no factual support for the cross-claim is at best premature and at worst without factual basis. Although both Stewart Title, as well as Mr. Alfieri, deny any liability to plaintiff, to the extent that either or both are ultimately found to have some tort based liability (Mr. Alfieri through Count VI and the claim of professional negligence and Stewart Title derivatively through the assertion of the cross-claim) the motion should be denied.

Stewart Title cites in its certification of counsel to Resolution Trust Corporation v. Moskowitz, 845 F. Supp. 247 (DNJ 1994); Longport Ocean Plaza Condominium, Inc. v. Robert Cato and Associates, Inc., ___ F. Supp. 2d ___ (E.D. Pa. 2002); and to New Jersey Office Supply, Inc., v. Feldman, et al., ___ F. Supp. ___ (DNJ 1990) in support of its contention that the cross-claim of Mr. Alfieri cannot be supported. However, those cases are all District Court cases, which courts are obviously of parallel jurisdiction to the Court over which Your Honor presides and therefore not binding precedent. In addition, the attempt in Longport Ocean

HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.

February 8, 2006
Page 4

Plaza Condominium Inc. v. Robert Cado and Associates, Inc., supra, to distinguish Dunn v. Praiss, supra, is ultimately unpersuasive in this case where the determination of whether either Stewart Title or Mr. Alfieri is a tort feasor in the first instance, as well as the issue as to whether they are joint tort feasors, is yet to be explored even in discovery through depositions, let alone at trial before a jury.

Thus the cross-claim should remain viable in the case at this point in the litigation. Dunn v. Praiss, supra; see also, Blazovic v. Andrich, 124 N.J. 90, 106 (1991) (finding a right of contribution between intentional and negligent tort feasors); Cartel Capitol Corp. v. Fireco of New Jersey, 81 N.J. 548 (1980) (finding proximate and concurrent causes of damages between a manufacturer's defective product and a seller's negligence in servicing the product).

For the foregoing reasons it is respectfully requested that Stewart Title's motion to dismiss the cross-claims of Michael Alfieri, Esq., be denied.

Respectfully submitted,

HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.

/s/ *Edward C. Bertucio, Jr.* (ECB 6435)

EDWARD C. BERTUCIO, JR., ESQ.

ECB/jle
cc:   United States District Court (via E-File and direct filing)
      Attached counsel list
F:\A\ALFIERI - GENERAL\P-Ltr Brief in opp to Stewart Title's Mo to D X.Claim.doc