| | |
|---|---|
| WALSH SECURITIES, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DiBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE CO., NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK, COASTAL TITLE AGENCY, and STEWART TITLE GUARANTY COMPANY, IRENE DiFEO, DONNA PEPSNY and WEICHERT REALTORS,<br><br>        Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CV 97-3496 (WGB)<br><br>Hon. William G. Bassler<br><br>***Document Electronically Filed***<br><br><br><br>Motion Date: February 27, 2006 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF STEWART
TITLE GUARANTY COMPANY'S MOTION TO DISMISS ALL
CROSS-CLAIMS FOR FAILURE TO STATE A CLAIM**

 

**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500
Attorneys for Cross-Claim Defendant
*Stewart Title Guaranty Company*

#1056375 v1
081111-53415

**TABLE OF CONTENTS**

                                                                               **Page**

TABLE OF AUTHORITIES ............................................ ii

PRELIMINARY STATEMENT ............................................ 1

LEGAL ARGUMENT ................................................... 3

I.    ALFIERI'S CROSS-CLAIMS SHOULD BE DISMISSED WITH
      PREJUDICE PURSUANT TO RULE 12(B)(6) AS THEY FAIL TO
      STATE A CLAIM AS AGAINST STEWART TITLE GUARANTY
      COMPANY ...................................................... 3

      A.    The HMO's Conduct in <u>Dunn</u> is Clearly
            Distinguishable From the Allegations Against
            Stewart Title. ...................................... 4

      B.    Case Law Within the Third Circuit Persuasively
            Supports Dismissal of the Cross-Claims Against
            Stewart Title. ...................................... 6

CONCLUSION ....................................................... 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Altemose Const. Co. v. Atlantic, Cape May and Parts of Burlington,
  Ocean and Cumberland Counties Bldg. Trades Council,
  493 F. Supp. 1181 (D.N.J. 1980) .................................... 3

Conley v. Gibson,
  355 U.S. 41 (1957) ................................................. 3

Dunn v. Praiss,
  139 N.J. 564 (1995) ...................................... i, 1, 4, 7

Erie R.R. Co. v. Tompkins,
  304 U.S. 64 (1938) ................................................. 6

In re Rockefeller Center Properties, Inc. Securities Litigation,
  311 F.3d 198 (3d Cir. 2002) ........................................ 3

Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Associates,
  Inc.,
  Civ. A. No. 00-CV-2231, 2002 WL 2013925 (E.D. Pa. 2002) ............ 6

Mantilla v. NC Mall Associates,
  167 N.J. 262 (2001) ................................................ 7

McKenna v. Pacific Rail Service,
  32 F.3d 820 (3d Cir. 1994) ......................................... 6

New Jersey Office Supply, Inc. v. Feldman,
  1990 WL 74477 (D.N.J. Jun. 4, 1990) ................................ 6

Ramos v. Browning Ferris Indus.,
  103 N.J. 177 (1986) ................................................ 7

Resolution Trust Corp. v. Moskowitz,
  845 F. Supp. 247 (D.N.J. 1994), vacated in part on other grounds,
  Civ. A. No. 93-2080, 1994 WL 475811 (D.N.J. Aug. 31, 1994) ......... 6

**Statutes**

N.J.S.A. 2A:53a ....................................................... 5

**PRELIMINARY STATEMENT**

Defendant Michael Alfieri's cross-claims are nothing but ill-conceived attempts to expand the boundaries of New Jersey's Joint Tortfeasors Contribution Act and common law indemnification so as to impose liability on virtually any defendant, regardless of whether that defendant is a tortfeasor. Fortunately, the law is not so broad. Because Cross-Claim Stewart Title Guaranty Company (hereinafter "Stewart Title") is neither a joint tortfeasor nor liable under principles of common law indemnification, all cross-claims against it should be dismissed.

Stewart Title was joined in this action in January 2005, approximately eight (8) years after the underlying fraudulent enterprise is alleged to have acted to defraud Plaintiff Walsh Securities, Inc. (hereinafter "Walsh"). In the Third Amended Complaint, Walsh alleged that Stewart Title failed to reimburse Walsh pursuant to certain closing service protection letters for the losses it incurred as a result of the fraud.

Nowhere in the Complaint did Walsh allege that Stewart Title participated in the fraud, was aware of the fraud or ever had the opportunity to prevent the fraud. Walsh asserted only contract-based claims against Stewart Title. None of Walsh's claims sound in tort. Alfieri's reliance on Dunn v. Praiss, 139 N.J. 564 (1995), is therefore unfounded, because in Dunn, the cross-claim defendant HMO's negligent conduct was inextricable from its breach of a contractual duty. In contrast, Stewart Title's contractual duty here is entirely separable from the fault-based duty of care imposed on the so-called

RICO and fraud defendants.  In short, there are no allegations that support Alfieri's assertion that Stewart Title is a joint tortfeasor or is liable under common law indemnification.

Accordingly, it is requested that this Court grant Stewart Title's motion and dismiss all cross-claims asserted against it with prejudice for failure to state a claim.

**LEGAL ARGUMENT**

I.  **ALFIERI'S CROSS-CLAIMS SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 12(B)(6) AS THEY FAIL TO STATE A CLAIM AS AGAINST STEWART TITLE GUARANTY COMPANY.**

Alfieri "can prove no set of facts in support of his claim which would entitle him to relief" for either contribution or indemnification against Stewart Title, a non-tortfeasor. In re Rockefeller Center Properties, Inc. Securities Litigation, 311 F.3d 198, 215 (3d Cir. 2002) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The issue presented – whether Stewart Title is liable for contribution or indemnification – does not require the Court to resolve any factual issues. Nor would additional discovery aid the Court in deciding this issue of law. Here, the fact that Walsh asserted only breach of contract claims against Stewart Title and did not assert any tort or "tort-like" claims against Stewart Title is an insuperable bar to Alfieri's request for relief under New Jersey's Joint Tortfeasors Contribution Act and common law indemnification. See Altemose Const. Co. v. Atlantic, Cape May and Parts of Burlington, Ocean and Cumberland Counties Bldg. Trades Council, 493 F. Supp. 1181, 1183 (D.N.J. 1980) (finding dismissal appropriate when "some insuperable bar to relief is apparent on the face of the complaint").

Furthermore, the co-defendants' claims for indemnification are entirely without merit because none of the co-defendants have alleged a special relationship with Stewart Title. Rather, each of the co-defendants is defending against allegations of their own independent fault. Simply stated, Stewart Title is not a joint tortfeasor.

- 3 -

Therefore, no co-defendant can seek contribution or indemnification from Stewart Title.

### A. The HMO's Conduct in Dunn is Clearly Distinguishable From the Allegations Against Stewart Title.

Alfieri correctly points out that the New Jersey Supreme Court's opinion in Dunn v. Praiss, 139 N.J. 564 (1995), previously relied upon by co-defendant Commonwealth Land Title Insurance Co. (hereinafter "Commonwealth") against Weichert Realtors, was limited to unusual facts particular to that case, but not present here. Indeed, there does not appear to be any published authority subsequent to the 1995 holding in Dunn, that holds a breach of contract defendant liable for contribution, evidencing the narrow confines of the Court's holding.

In Dunn, the HMO's breach of its contractual duty closely paralleled the fault-based duty of care imposed on the physician. Id. at 577. Unlike the HMO's conduct in Dunn, Stewart Title's alleged conduct did not proximately cause personal injury and was not tantamount to a negligent act. Unlike the HMO in Dunn, whose agent should have reviewed and followed up on the urologist's reports in order to promptly treat plaintiff's cancer and ultimately prevent plaintiff's death, Dunn, 139 N.J. at 570, Stewart Title did not have the ability to prevent the damages incurred as a result of the underlying fraud.

Here, the purported breach of contract is completely separable from the alleged breaches of duties of care arising from the fraudulent enterprise. Indeed, the purported breach of contract took place after the fraudulent enterprise had ceased. Therefore, Stewart

Title's contractual duty is entirely distinct from the RICO and fraud defendants' fault-based duty of care.

Alfieri's focus on allegations set forth in Counts I through V of the Walsh's Third Amended Complaint is misplaced. Although some of these claims do sound in tort, there are **no** allegations as to Stewart Title sounding in tort. Alfieri implies that dismissal would be premature, as both Alfieri and Stewart Title may "ultimately [be] found to have some tort liability . . . Stewart Title derivatively through the assertion of the cross-claim." Alfieri Br. at 3. Yet, the cross-claims allege no facts against Stewart Title:

### CROSSCLAIM FOR CONTRIBUTION

> Defendant Alfieri denies liability with respect to plaintiff's claims. However, if defendant is adjudged liable, then defendant demands contribution from all co-defendants, pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53a.

### CROSSCLAIM FOR INDEMNIFICATION

> Defendant Alfieri denies any liability with respect to plaintiff's claims. However, if defendant is adjudged liable to plaintiff, the defendant demands equal indemnification from co-defendants.

Stewart Title's supposed "derivative liability" is not supported at all by these cross-claims. Furthermore, Stewart Title should not be forced to stay in the case based on the prospect of what discovery may ultimately reveal, without any allegations supporting Alfieri's unspecified claims.

The appropriate inquiry instead is whether Walsh alleges tort claims against Stewart Title. Only from tort claims could co-defendants' claims for contribution and indemnification arise. In the

- 5 -

Third Amended Complaint, Walsh alleged that Stewart Title breached a closing service protection letter by failing to reimburse Walsh for the losses it allegedly incurred as a result of the underlying fraud. See Third Amended Complaint, Count V. Walsh's allegations are completely devoid of anything even resembling a tort under the most liberal reading.

In sum, neither Alfieri, nor any other party in this matter can point to a single fact that would support Stewart Title's liability under New Jersey's Joint Tortfeasors Contribution Act or common law indemnification.

**B.   Case Law Within the Third Circuit Persuasively Supports Dismissal of the Cross-Claims Against Stewart Title.**

Without citing any authority to the contrary, Alfieri states that the District Court's holdings in Resolution Trust Corp. v. Moskowitz, 845 F. Supp. 247, 251 (D.N.J. 1994), vacated in part on other grounds, Civ. A. No. 93-2080, 1994 WL 475811 (D.N.J. Aug. 31, 1994), Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Associates, Inc., Civ. A. No. 00-CV-2231, 2002 WL 2013925 (E.D. Pa. 2002) and New Jersey Office Supply, Inc. v. Feldman, 1990 WL 74477 *4 (D.N.J. Jun. 4, 1990) are not binding precedent.

It is axiomatic that a Federal Court sitting in diversity must apply substantive state law as interpreted by the state's highest court. McKenna v. Pacific Rail Service, 32 F.3d 820, 825 (3d Cir. 1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)) (other citations omitted). Here, the cross-claims exclusively raise issues of state law. The substantive pronouncements of the Supreme Court of

- 7 -

New Jersey make clear that an ordinary breach of contract defendant, like Stewart Title, cannot be liable under either a contribution or indemnification theory of liability.  See Dunn, 139 N.J. at 577 (discussed supra); Ramos v. Browning Ferris Indus., 103 N.J. 177, 188-90 (1986) (holding that the existence of a special relationship is a necessary predicate for common law indemnification liability); Mantilla v. NC Mall Associates, 167 N.J. 262, 270 (2001) (holding that "an indemnitee who has defended against allegations of its independent fault may not recover its costs") (emphasis added).

The District Court decisions cited above – all interpreting New Jersey state law – are further persuasive authority standing for the proposition that Stewart Title is not liable as a matter of law on the cross-claims.  Indeed, Alfieri has not cited any authority whatsoever – either binding or persuasive – to the contrary.

## **CONCLUSION**

For the reasons set forth above and in the moving memorandum of law, Cross-Claim Defendant Stewart Title Guaranty Company respectfully requests that the Court grant its Motion to Dismiss all Cross-Claims against Stewart Title with prejudice, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Respectfully Submitted,

Dated: February 15, 2006    By:    s/ Terrence S. Brody
      Newark, New Jersey         Frederick W. Alworth (FA-6977)
Terrence S. Brody (TB-4463)
**GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102
P 973 596 4500
F 973 596 0545
Falworth@gibbonslaw.com
Tbrody@gibbonslaw.com

Attorneys for Cross-Claim Defendant
*Stewart Title Guaranty Company*