IRENE DIFEO, PRO SE
5 LEANN COURT
OLD BRIDGE, N.J. 08857

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 FEB 27  A 10: 01

WALSH SECURITIES, INC.

    PLAINTIFF,

VS.

CRISTO PROPERTY MANAGEMENT, LTD.,a/k/a G.J.L LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING.,INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPER MANAGEMENT, LLC. WILLIAM KANE GARY GRIESER, ROBERT SKOWRENSKI,II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN,THOMAS BRODO,RONALD J. PIERSON,STANLEY YACKER,ESQ., MICHAEL ALFIERI,ESQ, RICHARD PEPSNY,ESQ., ANTHONY M. CICALESE, ESQ.,LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC.,COMMONWEALTH LAND TITLE INSURANCE CO.,NATIONS TITLE INSURANCE OF NEW YORK, INC. FIDELITY NATIONAL TITLE INSURANCE CO., OF NEW YORK, COASTAL TITLE AGENCY and STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS AND VECCHIO REALTY INC.,d/b/a/ MURPHY REALTY BETTER HOMES AND GARDENS

    DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
NEW JERSEY

CV 97-3496  (WGB)

HON.WILLIAM G. BASSLER

**NOTICE OF MOTION**

**MOTION TO DISMISS ALL CROSS – CLAIMS AGAINST IRENE DIFEO**

Motion Date: February 27, 2006

## **PRELIMINARY STATEMENT**

Defendant Irene DiFeo was joined in this action in January 2005, approximately eight (8) years after the underlying fraudulent enterprise is alleged to have acted to defraud Plantiff Walsh Securities, Inc. (hereinafter "Walsh"). At no time during these eight years did Walsh notify Defendant Irene DiFeo of their intention to include her in their complaint or make any attempt to contact her.

Irene DiFeo was never found to be involved in any attempt to defraud Walsh. Irene DiFeo was not the Real Estate Agent who was involved in any of the so-called straw buyers' transactions. In fact, submitted documents list no Real Estate agent on contracts or HUD statements.

Defendant DiFeo, along with co-defendants, Weichert Realtors and Stewart Title Guaranty Company presented motions to the Court to dismiss them from this action due to the Statue of Limitations. At the hearing for the motions before Judge William G. Bassler, on January 12, 2006, Plantiffs' attorney moved for dismissal of the action against Irene DiFeo. The Court dismissed the action against Defendant DiFeo.

Co- Defendants Weichert Realtors and Stewart Title Guaranty Company Motions to Dismiss citing the Statue of Limitations were granted. It could be argued that Defendant Irene DiFeo's motion would have been granted if heard since it stated similar points.

## LEGAL ARGUMENT

### ALL CROSS-CLAIMS ASSERTED AGAINST IRENE DIFEO SHOULD BE DISMISSED PURSUANT TO RULE 12(b) (6) FOR FAILURE TO STATE A CLAIM.

It is well settled that a pleading should be dismissed for failure to state a claim under Rule 12 (b) (6) when " it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Alexiou v. Brad Benson Mitsubishi, 127 F. Supp. 2d 557, 559 (D.N.J. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal is appropriate where, as here, the Cross-Claim Defendants have not alleged facts, which if proven, would entitle them to contribution or idemnification. Rowe v. Morgan Stanley Dean Witter, 191 F. R. D. 398, 404-05 (D.N. J. 1999).


**Irene Difeo is not a joint tortfeaser and therefore cannot be held liable for contribution.**

The cross-claims for contribution against Irene DiFeo are entirely infirm on their face as a matter of law. New Jersey's Joint Tortfeasers Contribution Act (the "Act" ) permits contribution "among joint tortfeasers." N. J. S. A. 2A :53A-2 . The issue presented - whether Irene DiFeo is liable for contribution or idemnification - does not require the Court to resolve any factual issues. No additional discovery would aid the Court in deciding this issue of law.
The co – defendants' claims for idemnification are entirely without merit because none of the co – defendants have alleged a special relationship with Irene DiFeo. Each of the co – defendants is defending against allegations of their own

independent fault. Irene DiFeo cannot be considered a joint tortfeasor. Therefore no co–defendant can seek contribution or indemnification from Irene DiFeo.

## CONCLUSION

For the reasons set forth above and in the moving memorandum of law, Cross-Claims Defendant Irene DiFeo respectfully requests that the Court grant her Motion to Dismiss all Cross-Claims against her with prejudice, for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b) (6).

Respectfully Submitted,

Dated: February 27 2006        By: *Irene DiFeo* pro se

Irene DiFeo Pro Se