# HCB&T

**Hobbie, Corrigan, Bertucio & Tashjy, P.C.**
Attorneys at Law

Norman M. Hobbie * *
David P. Corrigan *
Edward C. Bertucio, Jr. *
M. Scott Tashjy
Michael R. Hobbie
Jacqueline DeCarlo

* Certified by the Supreme
  Court of New Jersey as a
  Civil Trial Attorney

* Certified by the Supreme
  Court of New Jersey as a
  Criminal Trial Attorney

Eatontown

File No.: 11704-0001

March 16, 2006

**Via E-Filing and Lawyers Service**
Honorable William G. Bassler, U.S.D.J.
U.S. District Court for the District of New Jersey
M.L. King, Jr. Federal Bldg
U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

RE: **Walsh Securities v. Cristo Property Management LTD., et.al.**
**Docket No. CV 97-3496 (WGB)**
**Defendant Michael Alfieri, Esq.'s Opposition to Defendant Irene DiFeo's**
**Motion to Dismiss All Cross-Claims Against Her**

Dear Judge Bassler:

Please accept this letter brief *in lieu* of a more formal brief in opposition to Defendant Irene DiFeo's motion to dismiss the cross-claims against her.

**DEFENDANT MICHAEL ALFIERI, ESQ.'S RESPONSE TO DEFENDANT IRENE DIFEO'S PRELIMINARY STATEMENT.**

In support of her motion to dismiss the cross-claims against her, Defendant Irene DiFeo, submits that she was never found to be involved in any attempt to defraud Plaintiff Walsh. Moreover, Defendant Irene DiFeo argues that she should receive the benefit of the Court's decision to dismiss as to Co-Defendants Weichert Realtors and Stewart Title Guaranty Company because she could have raised similar points on her own behalf. Respectfully, both of these

HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.

March 16, 2006
Page 2

arguments are without merit and neither can serve as a basis upon which to grant Defendant Irene DiFeo's motion.

First, as to Defendant Irene DiFeo's assertion that she was never found to be involved in any attempt to defraud Plaintiff Walsh, Defendant Michael Alfieri, Esq. respectfully submits that this claim goes to the heart of the controversy and, as such, its assertion by a Defendant at this juncture, when the matter is still pending, is patently improper.

Second, Defendant Irene DiFeo's argument that she should receive the benefit of the Court's decision to dismiss as to Co-Defendants Weichert Realtors and Stewart Title Guaranty Company because she could have raise similar points on her own behalf is contrary to the most basic principles of law.

Therefore, because Defendant Irene DiFeo has failed to state any adequate ground upon which to sustain her motion, it is respectfully submitted that said motion must be denied.

## LEGAL ARGUMENT

In addition to the uncorroborated claims made by Defendant Irene DiFeo in her Preliminary Statement, in further support of her motion to dismiss the cross-claims against her, Defendant Irene DiFeo argues that the cross-claims asserted against her should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the Co-Defendants have not alleged any facts which would entitle them to contribution or indemnification. Respectfully, these arguments are completely meritless.

**A.     Defendant Irene DiFeo is not entitled to a dismissal under Federal Rule of Civil Procedure 12(b)(6).**

Federal Rule of Civil Procedure 12(b) specifically states:

**HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.**

March 16, 2006
Page 3

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted..." Fed.R.Civ.P. 12(b).

As such, a motion that purports to raise the defense of "failure to state a claim upon which relief can be granted" under Fed.R.Civ.P. 12(b)(6) must be made before pleading (i.e., before the filing of an answer). Otherwise, said defense is deemed waived. Therefore, Defendant Irene DiFeo cannot now, at this juncture, raise the defense of "failure to state a claim upon which relief can be granted" and the cross-claims against her cannot be dismissed on this ground.

**B.    Assuming, *arguendo*, that Defendant Irene DiFeo timely raised a Fed.R.Civ.P. 12(b)(6) defense, she is still not entitled to a dismissal of the cross-claims against her.**

In further support of her motion to dismiss, Defendant Irene DiFeo submits that the cross-claims against her for contribution are "infirm on their face as a matter of law." Again, this argument is meritless.

In McClone v. Corbi, 59 N.J. 86, 95 (1971), the New Jersey Supreme Court stated that a claim for contribution or indemnification does not arise until plaintiffs recover a judgment. This rule has also been applied by the Third Circuit United States Court of Appeals. For instance, in United New York Sandy Hook Pilots Association v. Rodermond Industries, Inc., et al., 394 F.2d 65 (3d Cir. 1968). In Rodermond, supra, the Court of Appeals held that claims for contribution or indemnification does not accrue until liability is fixed by a judgment against or payment by

HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.

March 16, 2006
Page 4

the contributee or indemnitee. Rodermond, supra, at 75, citing Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 372 F.2d 18 (3d Cir. 1966), cert. denied, 387 U.S. 930 (1967); 3 Moore's Fed.Prac. P14.09 (2d ed. 1967). Therefore, it is clear that a motion to dismiss any cross-claims must be denied prior judgment being entered because cross-claims for contribution or indemnification, at that juncture, have not yet arisen.

Similarly, in the instant matter, no parties have yet recovered a judgment. As such, and pursuant to the Court of Appeals' holding in Rodermond, supra, and the New Jersey Supreme Court's holding in McClone v. Corbi, supra, any and all cross-claims for contribution and/or indemnification have not yet arisen and, as a result, Defendants, including Defendant Michael Alfieri, Esq., still have a right to maintain said cross-claims until such time when a judgment is rendered.

**C.**  **Most importantly, any dismissal granted in favor of Defendant Irene DiFeo does not also serve to dismiss the cross-claims against her.**

Notwithstanding the foregoing and despite Defendant Irene DiFeo's suggestions to the contrary, Defendant Michael Alfieri, Esq. respectfully submits that any dismissal granted in favor of Defendant Irene DiFeo should not also serve to dismiss the cross-claims against those defendants.

In support of this contention, Defendant Michael Alfieri, Esq. respectfully directs the Court's attention to the Court of Appeals' holding in Aetna Insurance Company v. Newton, 398 F.2d 729 (3d Cir. 1968), where it was held that:

> "[A] dismissal of the original Complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant."

HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.

March 16, 2006
Page 5

>Aetna, supra, at 734, citing Fronmeyer v. L. & R. Construction Co., Inc., 139 F.Supp., 579, 585-586 (D.N.J. 1956).

This rule has been unchallenged for over thirty-five years and is consistently applied by federal courts. See, e.g., Fairview Park Excavating Co., Inc. v. Al Monzo Construction Company, Inc., et al., 560 F.2d 1122, 1125-1126 (3d Cir. 1977).

Said rule should apply here and should serve to preserve any and all cross-claims filed against defendants on behalf of Defendant Michael Alfieri, Esq., regardless of whether a dismissal of the original Complaint as to any of the defendants is granted.

## CONCLUSION

As such, in light of the foregoing, because Defendant Irene DiFeo has failed to state any adequate ground upon which to sustain her motion to dismiss the cross-claims against her, it is respectfully submitted that said motion must be denied.

>Respectfully submitted,
>HOBBIE, CORRIGAN, BERTUCIO & TASHJY, P.C.
>
>/s/ Edward C. Bertucio, Jr.
>
>Edward C. Bertucio, Jr., Esq.

ECB/adh
cc:   Clerk, United States District Court (via e-filing)
      Attached Counsel List
      Michael Alfieri, Esq.

F:\A\ALFIERI - GENERAL\P-Reply re DiFeos motion to dismiss 3.16.06.doc

## WALSH SECURITIES v. CRISTO MANAGEMENT, LTD., et al.
### Civil Action No. CV 97-3496 (WGB)

### COUNSEL LIST

**Attorneys for Plaintiff, Walsh Securities**
Robert A. Magnanini, Esq.
Boies, Schiller & Flexner, LLP
150 JFK Parkway
Short Hills, New Jersey 07078

**Attorneys for Richard Calanni**
Richard Calanni, Pro Se
1 Old Farm Road
Tinton Falls, NJ 07724

**Attorneys for Richard DiBenedetto**
Richard DiBenedetto, Pro Se
153 Stephens Lane
Matawan, New Jersey 07430

**Attorneys for Stanley Yacker, Esq.**
Stanley Yacker, Pro Se
c/o Monmouth Title
188 E. Bergen Place
Red Bank, New Jersey 07701

**Attorneys for Richard Pepsny**
Mark W. Cantanzaro, Esq.
Blason IV – Suite 208
513 South Lenola Road
Moorestown, New Jersey 08057

**Attorneys for National Home Funding, Inc.
And Robert Skowrenski, II**
Michael Schottland, Esq.
Lomurro, Davison, Eastman & Munoz, P.A.
Monmouth Executive Center
100 Willowbrook Road
Building 1
Freehold, New Jersey 07728

**Attorneys for Anthony M. Ciccalese**
Thomas D. Flinn, Esq.
Garrity, Graham, Favetta & Flinn
1 Lackawanna Plaza
P.O. Box 4205
Montclair, New Jersey 07042

**Attorneys for Lawrence J. Cuzzi**
Theodore Daunno, Esq.
1033 Clifton Avenue
Clifton, New Jersey 07013

**Attorneys for Anthony D'Apolito and DAP Consulting, Inc.**
Anthony D'Apolito, Pro Se
909 Woodland Avenue
Wall Township, New Jersey 07719

**Attorneys for Commonwealth Land Title Insurance Company**
David R. Kott, Esq.
McCarter & English
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101

**Attorneys for Nations Title Insurance Company of New York, Inc. and Fidelity National Title Insurance Company of New York**
Anthony Argiropoulos, Esq.
Fox, O'Brien, Rothschild & Frankel
997 Lenox Drive
Lawrenceville, New Jersey 08648

**Attorneys for Coastal Title Insurance**
Martin R. McGowan, Esq.
Methfessel & Werbel
3 Ethel Road
P.O. Box 3012
Edison, New Jersey 08818

**Attorneys for Thomas Brodo**
Thomas Brodo, Pro Se
139 B. Fort Lee Road
Teaneck, New Jersey 07666

**Attorneys for Defendant Stewart Title Guaranty Company**
Frederick W. Alworth, Esq.
Terrence S. Brody, Esq.
Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.
One Riverfront Plaza
Newark, New Jersey 07102

**Attorneys for Defendant Weichert Realtors**
John B. McCusker, Esq.
McCusker, Anselmi, Rosen, Carvelli & Walsh
127 Main Street
Chatham, New Jersey 07928

**Attorneys for Garden State Indemnity Company**
Andrew L. Indeck, Esq.
Scarinci & Hollenbeck, LLC
P.O. Box 790
Lyndhurst, New Jersey 07071-0790

**Attorneys for Michael Alfieri, Esq., on the Sixth Count**
Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
Murray Hill Officenter
571 Central Avenue
New Providence, New Jersey 07974

**Attorneys for Roland J. Pierson**
Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
Red Bank, New Jersey 07701

**Attorneys for Fidelity National Title Insurance and Nations Title Insurance**
Edward Hayes, Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street, 10th Floor
Philadelphia, PA 19103

**Attorneys for Irene DiFeo**
Irene DiFeo, Pro Se
5 Leann Court
Old Bridge, NJ 08857