UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC.,<br><br>      v.      Plaintiff,<br><br>CRISTO PROPERTY MANAGEMENT, LTD., et al.,<br><br>            Defendants.<br>and<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>            Defendant/Third Party Plaintiff,<br>v.<br><br>ROBERT WALSH and<br>ELIZABETH ANN DeMOLA,<br><br>            Third Party Defendants. | Civil Action No. 97-3496<br>Honorable William G. Bassler |

## DEFENDANT/THIRD PARTY PLAINTIFF COMMONWEALTH LAND TITLE INSURANCE COMPANY'S BRIEF IN OPPOSITION TO DEFENDANT IRENE DiFEO'S MOTION

|  |  |
|---|---|
| Of Counsel and<br>  On the Brief<br>  David R. Kott | David R. Kott, Esq. (DK-4593)<br>McCARTER & ENGLISH, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102<br>(973) 622-4444<br>Attorneys for Defendant/Third-Party<br>  Plaintiff Commonwealth Land<br>  Title Insurance Company |

## **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

This brief is submitted in opposition to the motion filed by defendant Irene DiFeo to dismiss crossclaims asserted against her.

By way of background, the Third Amended Complaint filed by plaintiff Walsh Securities, Inc. contains very specific allegations of fault/wrongdoing against plaintiff Irene DiFeo. The Third Amended Complaint alleges that defendant Irene DiFeo was a licensed real estate broker in New Jersey in an employment or agency relationship with defendant Murphy Realty Better Homes and Gardens. (Third Amended Complaint at paragraph 26). The Third Amended Complaint also alleges that defendant DiFeo had been engaged since earlier 1996 in a pattern of racketeering activity which resulted in approximately 220 mortgage loans being purchased by plaintiff Walsh Securities from National Home Funding for amounts ranging up to eight times the preceding sales prices of the properties. (Third Amended Complaint at paragraph 38). It is alleged that defendant DiFeo identified individuals willing to purchase properties and sign mortgage loans. (Third Amended Complaint at paragraph 64(b)). The Third Amended Complaint alleges that Irene DiFeo committed "illegal and fraudulent acts and schemes...." (Third Amended Complaint at paragraph 115). Hence, the plaintiff in the Third Amended Complaint asserts numerous causes of action against DiFeo, including RICO (Counts I & II) and common-law fraud (Count III).

On January 26, 2001 DiFeo was indicted by the Grand Jury. (Criminal No. 01-47-2) That indictment also indicted Stanley Yacker and Donna Pepsny, and alleged that the defendants (including DiFeo) conspired to commit wire fraud in connection with certain real estate transactions that occurred largely in Monmouth County, New Jersey. (See Indictment in Criminal No. 01-47 (AMW) filed on January 26, 2001.) Ms. DiFeo went to trial before Judge Wolin and was found guilty of Conspiracy to Commit Wire Fraud and Wire Fraud. (See Judgment entered by Judge Wolin on June 19, 2003 and filed by the Clerk on June 19, 2003 in

ME1\5549342.1

CR01-47-2). The Third Circuit reversed the conviction on certain counts of the indictment (see Amended Judgment in a Criminal Case entered by Judge Linares on June 29, 2005), but did not reverse the conviction on Count I of the earlier jury verdict. (Id.) Accordingly, on or about June 29, 2005 Judge Linares re-sentenced Ms. DiFeo to a term of 36 months.

Defendant Commonwealth Land Title Insurance Company (hereinafter "Commonwealth") has filed a Crossclaim for Contribution against defendant Irene DiFeo, but has not filed any Crossclaims for Indemnification against defendant Irene DiFeo. Despite the age of the case, because of the stay of the litigation very little substantive discovery has taken place – there have not been any depositions of the parties, including any depositions of Ms. DiFeo.

In support of her motion Ms. DiFeo asserts that there cannot be a crossclaim for indemnification because the defendants have not alleged a "special relationship" with Irene DiFeo. Whether or not a claim for indemnification requires a "special relationship" need not be determined by the Court – insofar as Commonwealth does not assert an indemnification claim against Ms. DiFeo. Ms. DiFeo further asserts that because there are allegations against Commonwealth made by the plaintiff that Ms. DiFeo cannot be considered a joint tortfeasor, and therefore Commonwealth cannot obtain contribution from her. This is simply an incorrect statement of the law. Obviously if the law were as suggested by Ms. DiFeo – that a defendant accused of wrongdoing could not seek contribution from a different defendant also accused of wrongdoing – then the right of contribution under the New Jersey Tortfeasors Joint Contribution Act would be non-existent. Indeed, it is plain that the intent of the New Jersey Legislature in enacting the Joint Tortfeasors Contribution Act was to allow a defendant who may owe liability to the plaintiff the right to obtain contribution from a co-defendant who also owes liability to the plaintiff.

2

# LEGAL ARGUMENT

## POINT I

### A PARTY SUED IN CONTRACT (HERE, COMMONWEALTH) MAY ASSERT A CROSSCLAIM FOR CONTRIBUTION AGAINST A PARTY SUED IN TORT (HERE, CO-DEFENDANT IRENE DiFEO)

The New Jersey Joint Tortfeasors Contribution law allows a defendant to obtain contribution from a co-defendant "where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, ...." N.J.S.A. 2A:53A-3. While very little discovery has taken place, given the allegations in the Third Amended Complaint of the plaintiff, and given the criminal convictions of Ms. DiFeo arising out of the Walsh Securities frauds, unquestionably a jury could conclude that any damages claimed by Walsh were as a result of the conduct of Ms. DiFeo. In these circumstances, there is little question that Commonwealth would be entitled to contribution from Ms. DiFeo. Moreover, to the extent Ms. DiFeo is asserting that she did not engage in any wrongdoing that caused any losses to Walsh, in reality she is seeking a summary judgment, and her motion is premature. Indeed, aside from the fact that no depositions have been taken in the case at all, Ms. DiFeo has not yet been deposed because she is in the custody of the Attorney General of the United States as a result of being convicted of crimes arising from Walsh Securities transactions.

Moreover, as this Court recognized in denying the motion of co-defendant Weichert Realtors to dismiss Commonwealth's claim for contribution, the fact that Ms. DiFeo was sued in tort and the fact that Commonwealth was sued in contract does not prevent Commonwealth from obtaining contribution from Ms. DiFeo. Under New Jersey law, it is entirely appropriate to apportion liability among tortfeasors who have caused injury due to negligence and those who have caused injury due to breach of contract. Dunn v. Praiss, 139 N.J. 564, 578 (1995); Gennari

3

MEI\5549342.1

v. Weichert Co. Realtors, 288 N.J. Super. 504, 513 (App. Div. 1996), aff'd as modified, 148 N.J. 582 (1997). In Dunn, defendant-physician was found liable to plaintiff for personal injury. The physician then sought contribution from the plaintiff's HMO alleging that the HMO breached its contract with the patient to provide care to a subscriber. In allowing the physician to seek contribution from the HMO, the Dunn Court relied heavily upon the purpose of the Joint Tortfeasor's Contribution Act. The Dunn Court held that

> [a] breach of a contractual duty which is a proximate cause of a personal injury can easily be balanced against the negligence of another party so that their percentage responsibilities can be assessed and contribution directed as comparative fault.

Id. (internal citations omitted). The Dunn Court found that the "label" placed upon an action, whether breach of contract or personal injury, is irrelevant in determining whether one defendant may seek contribution from another. Id. at 578. Instead, the court should focus "on the nature of the injury inflicted on the plaintiff and the remedies requested." Id. at 577 (quoting Pickett v. Lloyd's, 131 N.J. 457 (1993)); see also Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 566-68 (1980) (a court may apportion contribution between parties even if the parties are liable on entirely different bases); Howell v. Bennet Buick, Inc., 52 A.D.2d 590 (App. Div.), appeal denied, 40 N.Y.2d 803 (Ct. App. 1976) (manufacturer held liable for breach of warranty may seek contribution from dealer who negligently repaired automobile); Tormo v. Yormark, 398 F.Supp. 1159, 1188-81 (D.N.J. 1975) (holding that under New Jersey law, a bank absolutely liable under statute may seek contribution from a negligent attorney); Safeway Stores, Inc. v. Nest-Kart, 579 P.2d 441, 445-46 (Cal. 1978) (cited with approval Cartel Capital Corp., 81 N.J. at 568) (holding that a negligent supermarket may seek contribution from a manufacturer of a defective shopping cart strictly liable for a customer's injuries).

## POINT II

## COMMONWEALTH'S CROSSCLAIM IS ADEQUATELY PLED, AND THE DISMISSAL OF THE THIRD AMENDED COMPLAINT BY PLAINTIFF AGAINST IRENE DiFEO DOES NOT BAR COMMONWEALTH'S CROSSCLAIM

In her moving papers, Ms. DiFeo asserts that the crossclaims against her are not valid as a matter of law, and also asserts that because the plaintiff has dismissed the Third Amended Complaint against her that Commonwealth's Crossclaim for Contribution must fail. For purposes of co-defendant Irene DiFeo's motion to dismiss crossclaims only, this defendant joins in and adopts as its own the March 16, 2006 letter brief of Edward C. Bertucio, Jr., Esq., the attorney for co-defendant Michael Alfieri, in opposition to co-defendant Irene DiFeo's motion to dismiss the crossclaims against her.

## CONCLUSION

For the reasons set forth above, Commonwealth respectfully requests that this Court deny co-defendant Irene DiFeo's motion to dismiss Commonwealth's crossclaims asserted against Irene DiFeo.

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Defendant/Third Party Plaintiff
Commonwealth Land Title Insurance Company

By:
David R. Kott, Esq.
A Member of the Firm

Dated: 3-22-06