UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Robert A. Magnanini (RM 7356)
BOIES, SCHILLER & FLEXNER LLP
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
(973) 218-1111
Attorneys for Plaintiff
Walsh Securities, Inc.

---

| | |
|---|---|
| WALSH SECURITIES, INC., | Civil Action No. 97-3496 (SDW) |
| Plaintiff, | |
| v. | **DECLARATION OF ROBERT A. MAGNANINI IN SUPPORT OF REQUEST FOR CLERK'S ENTRY OF DEFAULT AGAINST CERTAIN PRO SE DEFENDANT CORPORATIONS** |
| CRISTO PROPERTY MANAGEMENT, Ltd., et al., | |
| Defendants. | |

---

I, ROBERT A. MAGNANINI, do hereby declare:

1.  I am a Partner in the firm Boies, Schiller & Flexner LLP, counsel to Plaintiff Walsh Securities, Inc. ("WSI") in this matter, and submit this Declaration in support of WSI's request pursuant to Fed. R. Civ. P. 55(a) for entry of default as to certain *pro se* Defendant corporations for failure to plead as to WSI's Third Amended Complaint and failure to comply with Court Orders instructing Defendants Cristo Property Management Ltd, a/k/a/ G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., and DAP Consulting, Inc. (collectively, "Defendant corporations") that they could not continue to appear *pro se*.

2. On January 31, 2005, Walsh Securities filed a Third Amended Complaint against all of the defendants.

3. Based upon the Court files and records in this action and upon my personal knowledge of the proceedings herein, I state the following with respect to each defendant as to which WSI seeks an entry of default:

4. **Cristo Property Management Ltd., a/k/a G.J.L Limited;
DEK Homes of New Jersey ;
Oakwood Properties, Inc.;
Capital Assets Property Management & Investment Co.; and
Capital Assets Property Management LLC.**

   a. Attached hereto as Exhibit A is a true and correct copy of a February 17, 2005 Order to Show Cause (filed May 18, 2005 as Docket Entry No. 152) signed by U.S. Magistrate Judge Madeline Cox Arleo setting forth that, as corporate entities, Cristo Property Management Ltd, a/k/a/ G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., Capital Assets Property Management & Investment Co., Inc. ("CAPMI") and Capital Assets Property Management, L.L.C. ("CAPM") cannot appear *pro se* and ordering that "[i]f counsel has not entered an appearance on behalf of . . . [said defendants]. . . by June 1, 2005, I will ask Judge Bassler to strike their answer and enter default against them."

   b. No counsel has ever made an appearance on behalf of said Defendants since February 17, 2005.

5. **DAP Consulting, Inc.**

   a. Attached hereto as Exhibit B is a true and correct copy of a March 2, 2005 Letter Order (filed March 4, 2005 as Docket Entry No. 123) signed by U.S.

2

Magistrate Judge Madeline Cox Arleo setting forth that, as a corporate entity, DAP Consulting, Inc. cannot appear *pro se* and ordering that "[i]f counsel has not entered an appearance on behalf of DAP Consulting by **March 28, 2005**, I will ask Judge Bassler to strike its Answer and enter default against it." (emphasis in original).

    b. Attached hereto as Exhibit C is a true and correct copy of a March 19, 2005 Letter (apparently not filed on the Docket) from Anthony D'Apolito, the owner of DAP Consulting, Inc., to Magistrate Judge Arleo stating, at page 2, that counsel would not be retained for DAP Consulting, Inc.

    c. No counsel has ever made an appearance on behalf of DAP Consulting, Inc. since March 2, 2005.

6.     As detailed above, the time set for each of the defaulting *pro se* Defendant corporations to retain counsel and answer or otherwise respond to the Third Amended Complaint has elapsed.


I DECLARE UNDER PENALTY OF PERJURY that the foregoing is true and correct and that this Declaration was executed in Short Hills, New Jersey on this 22nd day of November, 2006.

By: _____
Robert A. Magnanini (RM 7356)

3

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

May 17, 2005

## LETTER ORDER

TO ALL COUNSEL ON ATTACHED LIST

    Re:    **Walsh Securities, Inc. V. Cristo Property Management, et al.
Civil Action No. 97-3496 (WGB)**

Dear Counsel:

    Attorney Joseph V. Sorrentino has moved for leave to withdraw as counsel for defendants Cristo Property Management, Ltd., a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.I.C., and William Kane. I have considered the papers in support of the motion. No papers were filed in opposition to the motion.

    This Court finds that good cause exists within the contemplation of R.P.C. 1.16(b)(6) for withdrawal of counsel from this case. Accordingly, the motion for leave to withdraw is granted. Mr. Sorrentino is further ordered to provide his clients with copies of this Order.

    All defendants (except Mr. Kane) are corporate entities. Under the law, they must be represented by a member of the bar. If counsel has not entered an appearance on behalf of Cristo Property Management, Ltd., a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.I.C. (Mr. Kane can appear pro se) by June 1, 2005, I will ask Judge Bassler to strike their answer and enter default against them.

    All parties are directed to appear before the Court for a status conference on **June 7, 2005 at 2:00 p.m.**

    SO ORDERED.

                                                     *s/Madeline Cox Arleo*
                                                    **MADELINE COX ARLEO**
                                                    **United States Magistrate Judge**

cc:    Clerk
       Hon. William G. Bassler, U.S.D.J.
       All Parties
       File

Robert A. Magnanini, Esq.
Boies, Schiller & Flexner, LLP
150 John F. Kennedy Parkway, 4th Fl.
Short Hills, NJ 07078

Marc Wietzke, Esq.
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue
Lyndhurst, NJ 07071

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, NJ 07724

Edward Bertucio, Esq.
Hobbie, Corriga, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 08057

Stephen Balsamo, Esq.
Garrity, Graham, Favetta & Flinn, P.C.
One Lackawanna Plaza
P.O. Box 4205
Montclair, NJ 07042-4205

Irene DeFeo, Pro Se
5 Leann Court
Old Bridge, NJ 08857

David R. Kott, Esq.
McCarter & English, LLP
Four Gateway Center
Newark, NJ 07102

Vincent Manning, Esq.
Schottland, Manning, Caliendo & Thomson
36 West Main Street
Freehold, NJ 07728

Thomas Brodo, Pro Se
319 Queen Anne Road, #B
Teaneck, NJ 07666

Robert J. Reilly, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ 07974

Anthony J. D'Appolito, Pro Se
909 Woodland Avenue
Wall, NJ 07719

Fred Alworth, Esq.
Gibbons, DelDeo, Dolan, Griffinger
 & Vecchione, P.C.
One Riverfront Plaza
Newark, NJ 07102

Daniel Towell, Esq.
Methfessel & Werbel
3 Ethel Road
Edison, NJ 08818

Jerome A. Ballarotto, Esq.
143 White Horse Avenue
Trenton, NJ 08610

John McCusker, Esq.
McCusker, Anselmi, Rosen,
 Carveli & Walsh, P.A.
127 Main Street
Chatham, NJ 07928

Patricia Barron, Esq.
Fox Rothschild, LLP
997 Lenox Drive
Lawrenceville, NJ 08648

Pasquale Menna, Esq.
Kauff & Menna
170 Broad Street
Red Bank, NJ 07701

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ

Mr. Richard DiBenedetto, Pro Se
153 Stephens Lane
Mahwah, NJ 07430-3863

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**MADELINE COX ARLEO**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 2060
NEWARK, NJ 07101
973-297-4903

March 2, 2005

Charles J. Uliano, Esq.
Chamlin, Rosen, Uliano & Witherington
268 Norwood Avenue
P.O. Box 38
West Long Branch, NJ 07764

## LETTER ORDER

Re:  **Walsh Securities, Inc. v. Cristo Property Management Ltd., et al.**
     **Civil Action No.: 97-3496 (WGB)**

Dear Mr. Uliano:

This Court is in receipt of your Motion for Leave to Withdraw as Counsel for Defendants Anthony D'Appolito and DAP Consulting, Inc., filed on behalf of yourself and the law firm of Chamlin, Rosen, Uliano & Witherington. I have considered the papers in support of this Motion. Plaintiff does not oppose the Motion.

This Court finds that good cause exists within the contemplation of R.P.C. 1.16(b) for withdrawal of counsel from this case. Accordingly, the Motion for Leave to Withdraw as Counsel is **granted**. You are hereby ordered to provide your clients with copies of this Order.

The parties to this action are ordered to appear for a Show Cause hearing and Rule 16 Scheduling Conference on **March 28, 2005 at 2:00 p.m.** If Mr. D'Appolito does not secure new counsel and an appearance is not entered by the March 28, 2005 conference, he will be deemed to be proceeding on a pro se basis. DAP Consulting, on the other hand, is a corporate entity. Under the law, it must be represented by a member of the bar. Simbraw, Inc. v. United States, 367 F.3d 373 (3d. Cir. 1966). If counsel has not entered an appearance on behalf of DAP Consulting by **March 28, 2005**, I will ask Judge Bassler to strike its Answer and enter default against it.

**SO ORDERED.**

s/Madeline Cox Arleo
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:  Hon. William G. Bassler, U.S.D.J.
     Clerk
     All parties
     File

# EXHIBIT C

3/19/05

# ANTHONY D'APPOLITO
## 909 WOODLAND AVENUE
## WALL TOWNSHIP, NEW JERSEY 07719
## TELEPHONE: (732) 556-6240

March 19, 2005

Honorable Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Court House
50 Wallnut Street
Newark, New Jersey 07101

Charles J. Uliano, Esq.
CHAMLIN, ROSEN, ULIANO & WITHERINGTON
268 Norwood Avenue
West Long Branch, New Jersey 07764

    RE:  Walsh Securities, Inc. v. Christo Property Management, Ltd., et als.
           Civil Action No.: 97-3496(WGB)

Dear Judge Cox and Mr. Uliano:

    I am in receipt of the Court's March 2, 2005 "Letter Order" (copy enclosed) and Mr. Uliano's letter to me dated March 14, 2005 (copy enclosed) regarding the above matter.

    As you both are aware, I am a defendant individually and a company that I owned, DAP Consulting, which company is now insolvent with no assets, is also named as a defendant. Formal Answers were previously filed as to both me and DAP Consulting by Mr. Uliano. I am aware that Mr. Uliano seeks to be relieved as counsel as to both me individually and DAP Consulting. I am also aware that I may represent myself individually in a *pro se* capacity, but that any defense of the company DAP Consulting must be through an attorney.

    To this end, by copy of this letter to Mr. Uliano I am sending him an executed Substitution of Attorney form allowing me to now represent myself individually *pro se* which I would ask that he sign and forward to the Clerk for filing. I have previously filed an individual petition under Chapter 7 of the United States Bankruptcy Code which resulted in a formal discharge. I listed the

Page 2 of 2

plaintiff's claims in the above matter in that petition. It is my understanding that as a matter of law the plaintiff's claims against me individually have been formally discharged as a result of my bankruptcy filing, and I am now in the process of obtaining copies of the discharge Order to forward to the Court. In the interim, I will be substituting in to represent myself individually as a *pro se* party.

With regard to DAP Consulting, as noted, the company is insolvent and has no assets. As such, at this time I will not be retaining an attorney to defend that business entity. I am aware that the Court will likely strike the Answer previously filed and allow the entry of a default after March 28, 2005. I reserve the right to hire an attorney to contest any proofs that may be offered by the plaintiffs at any proof hearing that may be scheduled to take place against DAP Consulting.

Lastly, with regard to the Rule 16 Scheduling Conference set for March 28, 2005 at 2:00 p.m., I anticipate that I will have the proof that the plaintiff's claims were discharged in my bankruptcy before then. Upon receipt of same I will forward same to the Court which should conclude the matter as to me individually without the necessity of me appearing at the Scheduling Conference.

Thank you very much.

Respectfully submitted,

Anthony D'Appolito