UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALSH SECURITIES, INC. | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| -vs- | : | Civil Action No. 97-3496 (SDW) |
| CRISTO PROPERTY MANAGEMENT, LTD., ET AL. | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

Presently before this Court is Plaintiff's Motion for Default Judgment against Pro Se Defendants, Cristo Property Management Ltd., a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., Capital Assets Property Management & Investment Co., Inc. Capital Assets Property Management, L.L.C., and DAP Consulting, Inc. Plaintiff seeks default judgment based upon Defendants failure to plead or otherwise defend against Plaintiff's Third Amended Complaint and their failure to obtain counsel. Defendants have not submitted any opposition papers to this Motion

## BACKGROUND

On May 17, 2005, this Court granted the motion of attorney Joseph V. Sorrentino for leave to withdraw as counsel for defendant Cristo Property Management Ltd., a/k/a G.J.L. Limited, DEK

1

Homes of New Jersey, Inc., Oakwood Properties, Inc., Capital Assets Property Management & Investment Co., Inc. Capital Assets Property Management, L.L.C. (Dkt. Entry # 152). In a letter Order filed in connection with that motion, the Court directed the above corporate defendants to obtain new counsel by June 1, 2005. The Order provided that if the defendants failed to do so, this Court would ask the district court to strike their answer and enter default against them. (Dkt. Entry #152). To date, no counsel has made an appearance on behalf of said defendants.

On March 2, 2005, this Court granted the motion of attorney Charles Uliano and the law firm Chamilin, Rosen, Uliano, & Witherington for leave to withdraw as counsel for defendants D'Appolito and DAP Consulting, Inc. In a letter Order filed in connection with that motion, the Court directed DAP Consulting, Inc. to obtain new counsel by March 28, 2005. The Order provided that if DAP Consulting, Inc. failed to do so, this Court would ask the district court to strike its answer and enter default against it. (Dkt. Entry # 123). In a letter to the Court dated March 19, 2005, Defendant D'Appolito explained that DAP was insolvent and would not be retaining counsel for DAP Consulting, Inc. To date, no counsel has made an appearance on behalf of said defendant.

Neither of the aforementioned defendants has yet to file an answer to Plaintiff's Third Amended Complaint. Likewise, the defendants have not submitted any opposition to this Motion.

**DISCUSSION**

The defendants failure to comply with the Orders of this Court requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether the sanction of default is appropriate. The Poulis factors are: (1)

the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense. Id. at 868.

The Poulis factors are applied to the facts at hand to determine if default is proper. After being ordered by this Court to retain counsel early in 2005, it was solely the defendants' responsibility to obtain new counsel. Defendants' failure to do so and to communicate with this Court demonstrates its lack of interest in defending against this action. Thus, the defendants are solely responsible for failing to comply with the Orders of the Court.

Second, defendants failure to appear and participate meaningfully in the case has prejudiced plaintiff Walsh Securities, Inc. Defendants failure to obtain new counsel and communicate with this Court make it impossible for the case to proceed.

Third, there is a history of non-compliance here. The defendants have failed to participate in this case for well over a year. This demonstrates a lack of desire to defend against these claims.

Fourth, based on the totality of circumstances here, I am satisfied that the defendants here have made a willful decision not to defend against this civil action as demonstrated by its pattern of non-compliance.

Fifth, alternative sanctions would not be appropriate. Defendants have demonstrated an apparent lack of desire to defend against this civil action. As such, a monetary sanction would be meaningless and ineffective. As to the sixth factor, defendants have failed to plead or otherwise defend against Plaintiff's Third Amended Complaint. Thus, it is evident that they have abandoned their defense of this action.

All of the Poulis factors weigh in favor of default. Not all of the Poulis factors need be

satisfied. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, the defendants failed to comply with Orders of this Court. Because a corporate entity must be represented by a member of the bar and the above-named defendants are currently unrepresented, this case can no longer proceed. Therefore, defendants' inaction warrants the sanction of default.

## CONCLUSION

For the reasons set forth above, I recommend that defendants, Cristo Property Management Ltd., a/k/a G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., Capital Assets Property Management & Investment Co., Inc. Capital Assets Property Management, L.L.C., and DAP Consulting, Inc, answers be stricken and default judgment be entered.

The parties have ten (10) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated:      December 13, 2006
Original:   Clerk
cc:         Hon. Susan D. Wigenton, U.S.D.J.
            File