**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------
WALSH SECURITIES, INC.,                            :
                                                   :
        Plaintiff,                     :     Civ. No. 97-3496 (DRD)
                                                   :
        v.                             :     **O P I N I O N**
                                                   :
CRISTO PROPERTY MANAGEMENT, LTD.,                  :
a/k/a G.J.L. LIMITED, DEK HOMES OF NEW             :
JERSEY, INC., OAKWOOD PROPERTIES INC.,             :
NATIONAL HOME FUNDING, INC., CAPITAL               :
ASSETS PROPERTY MANAGEMENT &                       :
INVESTMENT CO., INC., CAPITAL ASSETS               :
PROPERTY MANAGEMENT, L.L.C.,                       :
WILLIAM J. KANE, GARY GRIESER, ROBERT              :
SKOWRENSKI, II, RICHARD CALANNI,                   :
RICHARD DiBENEDETTO, JAMES R. BROWN                :
THOMAS BRODO, RONALD J. PIERSON,                   :
STANLEY YACKER, ESQ., MICHAEL ALFIERI,             :
ESQ., RICHARD PEPSNY, ESQ., ANTHONY M.             :
CICALESE, ESQ., LAWRENCE M. CUZZI,                 :
ANTHONY D'APOLITO, DAP CONSULTING,                 :
INC., COMMONWEALTH LAND TITLE                      :
INSURANCE COMPANY, NATIONS TITLE                   :
INSURANCE OF NEW YORK, INC., FIDELITY              :
NATIONAL TITLE INSURANCE COMPANY                   :
OF NEW YORK, COASTAL TITLE AGENCY,                 :
and STEWART TITLE GUARANTY COMPANY,                :
IRENE DiFEO, DONNA PEPSNY, WEICHERT                :
REALTORS, and VECCHIO REALTY, INC.                 :
d/b/a MURPHY REALTY BETTER HOMES and               :
GARDENS,                                           :
                                                   :
        Defendants.                    :
                                                   :
-----------------------------------------------------------------

1

GIBBONS, P.C.
Terrence S. Brody, Esq.
One Gateway Center
Newark, New Jersey 07102-5497
*Attorneys for Defendant Stewart Title Guaranty Company*

Irene DiFeo
*Plaintiff Pro Se*

McCARTER & ENGLISH, LLP
David R. Kott, Esq.
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

*Attorneys for Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company*

**DEBEVOISE, Senior District Judge**

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Walsh Securities ("Plaintiff" or "Walsh"), brought this action in July 1997, alleging that in early 1996, numerous co-conspirators engaged in racketeering activity which induced Walsh to purchase mortgage loans at fraudulently inflated prices.[1]  On January 28, 2005, Walsh, in its third amended complaint (the "Third Amended Complaint"), named for the first time Stewart Title Guaranty Company ("Stewart Title") and Irene DiFeo ("DiFeo") as defendants.  Subsequently, defendants, Michael Alfieri, Esq., Commonwealth Land Title Insurance Company ("Commonwealth"), Irene DiFeo, Donna Pepsny, Anthony Cicalese and Coastal Title Agency all asserted blanket cross-claims for contribution under New Jersey's Joint Tortfeasors Contribution Act, N.J.S.A. § 2A:53A-1, et seq., and common law indemnification

---

[1]For a full factual background, see Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd, 7 F. Supp. 2d 523 (D.N.J. 1998).

against all co-defendants.

In January 2006, Judge Bassler dismissed the Third Amended Complaint as to Stewart Title, DiFeo, and Weichert Realtors.[2] At that time, Stewart Title's motion to dismiss all cross-claims was denied without prejudice, with leave to re-file. Stewart Title and DiFeo now move to dismiss all cross-claims which have been asserted against them for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).[3] For the reasons stated below, both motions will be granted.

### III.  DISCUSSION

**1.     Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73. Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991). However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

---

[2]In addition, several defendants have settled with Plaintiff, and a default judgment was entered against several other defendants in the amount of $493,035,603.00. The remaining defendants are William Kane, Anthony D'Apolito, James Brown, Thomas Brodo, Richard DiBenedetto, Richard Calanni, Gary Grieser, Coastal Title Agency, Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc., and Fidelity National Title Insurance Company of New York.

[3]Stewart Title's motion was unopposed. DiFeo's motion was opposed by Commonwealth as to Commonwealth's cross-claim for contribution.

**2.      Claims For Contribution**

Under New Jersey law, the right of contribution exists among joint tortfeasors. N.J.S.A. § 2A: 53A-2. The term "joint tortfeasors" is defined as "two or more persons jointly or severally liable in tort for the same injury to person or property . . . ." N.J.S.A. § 2A: 53A-1.

**A.      Stewart Title**

In Count V of the Third Amended Complaint, Walsh alleges that the title insurance defendants, including Stewart Title, failed to reimburse Walsh for losses it incurred "based on the fraud and/or misapplication of the approved attorneys as covered by the closing service letters." (Third Amended Complaint ¶ 97). Walsh seeks damages associated with Stewart Title's alleged breach of contract.

As the allegations against Stewart Title are for breach of contract, and not any tortious conduct on its part, Stewart Title is not a "joint tortfeasor" and cannot be liable to any co-defendant for contribution. Resolution Trust Corp. v. Moskowitz, 845 F. Supp. 247, 251 (D.N.J. 1994), vacated in part, on other grounds, No. Civ. A. 93-2080, 1994 WL 475811 (D.N.J. Aug. 31, 1994). Therefore, all cross-claims for contribution will be dismissed.

**B.      DiFeo**

Walsh's claims against DiFeo, in contrast to the claims against Stewart Title, sound in tort. Walsh claims that DiFeo committed "illegal acts and fraudulent schemes . . . in the scope of her employment or agency relationship with Murphy Realty." (Third Amended Complaint ¶ 115).

Commonwealth, the only party to oppose DiFeo's motion, argues that her motion should be denied because "it is entirely appropriate to apportion liability among tortfeasors who have

caused injury due to negligence and those who have caused injury due to breach of contract." (Commonwealth Br. at 3).  In support of this proposition, Commonwealth relies on the New Jersey Supreme Court case Dunn v. Praiss, 139 N.J. 564 (1995).

In Dunn, a physician found liable of medical malpractice sought contribution from his HMO on the basis of its independent breach of contractual duty to the patient-subscriber of the HMO.  The court held that "it is appropriate in this case to apportion responsibility based on breach of contract that is alleged to alleged to have proximately caused personal injury." Id. at 577.  The Court explained:

> In the context of this case in which the breach of contractual duty appears to parallel closely the fault-based duty of care imposed on a health-care provider, it is appropriate to allow for contribution. In another case the issue might be less clear. For example, assume that an HMO contract had authorized five days of hospital care for an appendectomy, but the HMO refused to cover more than three days. The relationship between that breach of contract and a concurrent act of malpractice might be more difficult to assess. In this case the alleged failure of the HMO is more like a negligent act than an intentional breach of a contract.

Id.

In Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs., No. Civ. A. 00-CV-2231, 2002 WL 2013925 (E.D. Pa. Aug. 29, 2002), the court, applying New Jersey law, dismissed a contract defendant's third-party claim for contribution grounded in tort.  The court held that "[a]s the term '*joint* tortfeasors' and the language of the statute indicate, both the party against whom a claim for contribution is asserted as well as the party *asserting* the claim must be tortfeasors." Id. at *2.  In its analysis, the court found that the holding in Dunn: (1) was limited "to cases in which the harm suffered by the plaintiff was personal injury"; and (2) "stressed the

5

fact that the HMO's contractual duty was closely analogous to the tort duties imposed on the physician-provider." Id. at *3.

In the present case, as the Third Party Complaint indicates, and as Commonwealth concedes, Commonwealth has been sued in contract by Walsh. Thus, there are no claims that Commonwealth is a joint tortfeasor. Because it is not a joint tortfeasor, and because the facts of this case are readily distinguishable from Dunn, Commonwealth's contribution claim may not be maintained. Therefore, DiFeo's motion to dismiss all cross-claims will be granted.[4]

**2.    Claims For Common Law Indemnification**

"The right of indemnity rests upon a difference between the primary and secondary liability of two persons, each of whom is made responsible under the law to an injured person." In re: Lead Paint Litigation, No. A-1946-02T3, 2005 WL 1994172, at *17 (N.J. App. Div. Aug. 17, 2005). "Indemnity is a mechanism for shifting the cost of liability from one joint tortfeasor to another." Id. "A party is not entitled to common-law indemnity from another unless it and the other party have been found liable in tort to a third party for the same harm." Id. (citing U.S. v. Manzo, 182 F. Supp. 2d 385, 411 (D.N.J. 2000)).

As stated above, Stewart Title is not a joint tortfeasor, and thus, cannot be liable for common law indemnity. Furthermore, there has been no opposition to either Stewart Title or DiFeo's motions to dismiss the cross-claims for indemnification. Thus, the court will dismiss all cross-claims for indemnification as to both defendants.

---

[4]Other co-defendants who have asserted cross-claims against DiFeo may have had a basis for denying DiFeo's motion as to the contribution and indemnification claims. However, none of these cross-claimants have opposed her motion.

## IV.  CONCLUSION

For the reasons set forth above, Stewart Title's motion to dismiss and DiFeo's motion to dismiss will be granted.  The court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:		March 28, 2007