UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : Civil Action No.  97-3496 (DRD) |
| | : |
| Plaintiff, | : Hon. Dickinson R. Debevoise |
| | : |
| v. | : |
| | : |
| CRISTO PROPERTY MANAGEMENT, | : **AFFIDAVIT OF** |
| LTD., a/k/a G.J.L. LIMITED, et al. | : **ROBERT A. MAGNANINI** |
| | : **IN RESPONSE TO NOTICE** |
| Defendants. | : **OF CALL FOR DISMISSAL** |
| | : |

I, ROBERT A. MAGNANINI, being of full age, on his oath, deposes and says:

1.  I am a Partner in the firm of Boies, Schiller & Flexner LLP, 150 John F. Kennedy Parkway, Fourth Floor, Short Hills, New Jersey 07078, counsel for Plaintiff Walsh Securities, Inc., and a member of the bar of this Court.  I submit this Affidavit in response to the Clerk's October 11, 2007 Notice of Call for Dismissal Pursuant to Local Rule 41.1(a).

2.  For the reasons set forth below, this action should not be dismissed pursuant to Local Rule 41.1(a) because this action has been stayed by Court Order and the parties are mediating this action pursuant to Court Order.  Thus, Plaintiff has not failed to prosecute this action and good cause exists for striking the Notice of Call for Dismissal.  "[D]ismissal is an extreme sanction to be used in limited circumstances. . . ." *Manhattan Assocs., Inc. v. Ruderman*, Civ. No. 05-3928, 2006 U.S. Dist. LEXIS 94505, at *3 (D.N.J. Dec. 13, 2006) (Brown, C.J.).

3.  This is an action originally filed July 17, 1997 by Walsh Securities, Inc. ("WSI"), a mortgage banker, to recover damages arising from a residential real estate flipping scheme that defrauded WSI out of an average of 14 loans per month over the course of at least 16 months, for a total of 223 loans comprising approximately $24 million in principal, over $45 million in accrued interest, over $5.5 million in attorneys' fees and costs, the loss of a sale of the company for over $420 million and finally the destruction of WSI with the loss of over 250 jobs and 14 offices in 12 states. (*Docket Entry #1*).

4.  On November 7, 1997, after the title insurance companies refused to honor their contractual obligations pursuant to the Closing Service Protection Letters, WSI amended its complaint. (*Docket Entry #3*).

5.  The action was first stayed on April 28, 1998 (*Docket Entry #77 and 82*) and then administratively dismissed from May 26, 2000 until September 30, 2004, pending completion of the criminal prosecutions. (*Docket Entry # 94 and 102*). A Third Amended Complaint was filed on January 28, 2005. (*Docket Entry #108*).

6.  The masterminds of the scheme, along with many of the people they recruited to carry out the scheme, pled guilty to criminal charges, were jailed, and had judgments entered against them.

7.  The remaining claims are alleged against the title insurance companies and their agents who issued Closing Service Protection Letters intended to protect the mortgage banker WSI from certain misconduct of the closing attorneys who were the designated agents of the title insurance companies, but failed to meet their

2

obligations, leading to WSI's inability to repurchase all of the fraud loans, the collapse of the sale and eventual collapse of WSI.

8.  On March 16, 2006, following a Case Management Conference before the Honorable Madeline Cox Arleo, it was ordered that "this matter is hereby referred to Court Appointed Mediation pursuant to Local Civil Rule 300.1(d)," and "that all remaining proceedings in this case are stayed pending the outcome of the Mediation." (*Docket Entry #210 and 212*).

9.  Pursuant to Court Order dated April 11, 2006, this action was referred to Mediation before Hon. John M. Boyle. (*Docket Entry #214*).

10. On June 14, 2006, July 10, 2006, and July 26, 2006, the parties engaged in mediation before Judge Boyle.  During the mediation the title insurance companies requested the deposition of nine possible individuals "for the limited purpose of eliciting testimony concerning the alleged involved of WSI and/or any of its officers, directors or shareholders in the real estate loan fraud which underlies this action." (*Docket Entry #217*).

11. Pursuant to Stipulation and Order entered August 30, 2006, the stay was partially lifted for the sole purpose of conducting "a limited number of depositions on limited topics for the purpose of furthering the mediation process." (*Docket Entry #217*).

12. The following depositions of party and fact witnesses were taken as part of efforts to mediate this action:

        a.  Kellie O'Neil – December 20, 2006;

        b.  Richard DiBenedetto – January 3, 2007 and May 1, 2007;

c.   Richard Calanni – January 10, 2007 and January 22, 2007;

d.   Gary Greiser – January 16, 2007;

e.   Anthony D'Apolito – January 17, 2007;

f.   Roland Pierson – February 16, 2007;

g.   James Brown – March 19, 2007;

h.   William Kane – April 19, 2007 and May 4, 2007; and

i.   Thomas Brodo – April 24, 2007.

13.   On July 13, 2007, WSI and the title insurance companies continued their mediation efforts before Judge Boyle -- the mediation was continued to November 9, 2007.

14.   Accordingly, this action is presently being prosecuted and dismissal pursuant to Local Rule 41.1(a) is not warranted.

I attest that the foregoing statements made by me are true.   I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 29, 2007

**BOIES, SCHILLER & FLEXNER LLP**

By:_____
Robert A. Magnanini
150 JFK Parkway, 4th floor
Short Hills, NJ 07078
(973) 218-1111
*Counsel for Plaintiff Walsh Securities, Inc.*

Sworn to and subscribed
before me this   29th
day of   October,
20 07.

EILEEN BARON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 3, 2011

4