# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH. 973.218.1111 • FAX 973.218.1106

January 9, 2008

**VIA CM/ECF AND FACSIMILE**

Honorable Michael A. Shipp
United States Magistrate
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:   Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.
            Civil Action No.: 97-3496 (DRD/MS)

Dear Judge Shipp:

    We write to request that your Honor lift the stay in the above-referenced action and schedule a conference as soon as possible for the following reasons. This action arises out of a fraud which victimized our client, Walsh Securities, Inc., between 1996 and 1997. Walsh Securities filed a Complaint in July of 1997, which was later amended to include Commonwealth Land Title, Fidelity Title Insurance and Nations Title Insurance, the title insurance companies who issued closing service protection letters and title insurance on the properties in connection with which the fraud was committed. That case was stayed pursuant to an Order by Judge Bassler in May of 1998 in order to permit a criminal investigation to go forward of various individuals, and was subsequently administratively terminated for this purpose. We restored the case to the active docket in September 2005, and Walsh Securities filed an Amended Complaint at that time.

    Following several months of motion practice, the parties met with Judge Arleo and the Defendants, led by Commonwealth Land Title, requested Judge Arleo stay the case and order the matter to mediation, indicating that they believed that the matter could likely be settled. Defendants later opposed a suggestion by Judge Bassler that he hold a settlement conference in the matter, citing the fact that Judge Arleo had already ordered the matter to mediation. Mediation began before the Honorable John J. Boyle, retired, over eighteen months ago. The parties met several times with Judge Boyle, during which time the Plaintiff provided extensive information and details about their case and their damages to the Defendant title insurance companies. Despite this fact, the title insurance companies failed to make any settlement offer whatsoever to resolve the case. Instead, they requested extensive discovery in the form of documents and depositions, which Walsh Securities agreed to provide. This discovery included voluminous documents including internal legal memoranda that would never have been discoverable in this case, and twelve days of deposition testimony.

BOIES, SCHILLER & FLEXNER LLP

Honorable Michael A. Shipp
January 9, 2008
Page 2 of 2

At the conclusion of this extensive process, another meeting was held with Judge Boyle in which the Defendants again refused to put a single dollar on the table, but instead requested specific details concerning certain loans. During this process, the Defendants led Walsh Securities and Judge Boyle to believe that they were negotiating in good faith and that they intended to pay a substantial portion of Walsh Securities' actual out-of-pocket damages to settle the case. With this understanding, Walsh Securities incurred extensive, additional counsel fees and time and expense to provide the discovery requested by the Defendants.

However, in the final mediation with Judge Boyle held on January 7, 2008, Defendants once again refused to make any good faith settlement offer to resolve the case. Defendants finally agreed to put a $1 million offer on the table, after extensive discussion with Judge Boyle which, given Walsh Securities' documented legal fees of in excess of $5.5 million and overall compensatory damages in excess of $20 million did not constitute a good faith offer. Walsh Securities does not know why Defendants have wasted Judge Boyle and Walsh Securities' counsel's time going through a meaningless mediation, but it is apparent that the Defendants have not negotiated in good faith and that no settlement is imminent. Accordingly, on behalf of Walsh Securities, we hereby request that your Honor lift the stay as soon as practicable and schedule a conference with all parties so Walsh Securities may begin discovery and move to trial.

Enclosed is a proposed form of Order lifting the stay and scheduling a case management conference. We thank your Honor for your courtesy in connection with this matter.

Respectfully submitted,

David S. Stone

DSS/aa
Enclosure
cc:   Edward Hayes, Esq.
      David Kott, Esq.
      Martin McGowan, Esq.