Robert A. Magnanini, Esq.
BOIES, SCHILLER & FLEXNER LLP
150 John F. Kennedy Parkway, Fourth Floor
Short Hills, New Jersey 07078
973-218-1111
Attorneys for Walsh Securities, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : |
| Plaintiff, | : Civil Action No. 97-cv-3496 (DRD) |
| vs. | : Hon. Dickinson R. Debevoise, U.S.D.J. |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED; DEK HOMES OF NEW JERSEY; INC.; OAKWOOD PROPERTIES, INC.; NATIONAL HOME FUNDING, INC.; CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC.; CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C.; WILLIAM KANE; GARY GRIESER; ROBERT SKOWRENSKI, II; RICHARD CALANNI; RICHARD DiBENEDETTO; JAMES R. BROWN; THOMAS BRODO; ROLAND PIERSON; STANLEY YACKER, ESQ.; MICHAEL ALFIERI, ESQ.; RICHARD PEPSNY, ESQ.; ANTHONY M. CICALESE, ESQ.; LAWRENCE CUZZI; ANTHONY D'APOLITO; DAP CONSULTING, INC.; COMMONWEALTH LAND TITLE INSURANCE CO.; NATIONS TITLE INSURANCE OF NEW YORK, INC.; FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK; COASTAL TITLE AGENCY; STEWART TITLE GUARANTY COMPANY; IRENE DiFEO; DONNA PEPSNY; WEICHERT REALTORS; and VECCHIO REALTY, INC. d/b/a MURPHY REALTY BETTER HOMES AND GARDENS, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   **WALSH SECURITIES, INC.'S**<br>:   **MEMORANDUM OF LAW IN SUPPORT**<br>:   **OF MOTION TO FILE FOURTH**<br>:   **AMENDED COMPLAINT**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION.................................................................................................................1

PROCEDURAL HISTORY ................................................................................................2

LEGAL ARGUMENT..........................................................................................................2

    I.      WALSH SECURITIES MEETS THE STANDARD FOR
           LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT
           TO FED. R. CIV. P. 15(a) ..................................................................2

    II.     THE PROPOSED AMENDMENT RELATES BACK.......................................4

CONCLUSION ......................................................................................................................6

i

## **TABLE OF AUTHORITIES**

**Federal Cases**

Adams v. Gould, Inc.,
    739 F.2d 8585, 8586 (3d Cir. 1984)........................................................................ 3

Bensel v. Allied Pilots Ass'n,
    387 F.3d 298 (3d Cir. 2004)...................................................................................5

Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,
    690 F.2d 1240 (9th Cir. 1982) ...............................................................................5

Coventry v. United States Steel Corp.,
    856 F2d 514 (3d Cir. 1988).....................................................................................3

Foman v. Davis,
    371 U.S. 178 (1962)................................................................................................3

Kiser v. General Electric Corp.,
    831 F.2d 423 (3d Cir. 1987)...................................................................................3

Kovats v. Rutgers,
    633 F. Supp. 1469 (D.N.J. 1986) ..........................................................................4

Levin v. Weissman,
    594 F. Supp. 322 (E.D. Pa. 1984) ........................................................................ 3

Maegdlin v. Int'l Assn. of Machinists and Aerospace Workers,
    309 F.3d 1051 (8th Cir. 2002) ...............................................................................5

Mayle v. Felix,
    545 U.S. 644 (2005)...............................................................................................4

Michelsen v. Penney,
    135 F.2d 409 (2d Cir. 1943)...................................................................................5

Pepi, Inc. v. Helcar Corp.,
    458 F.2d 1062 (3d Cir. 1972)............................................................................... 3

Thomas v. American Cytoscope Makers, Inc.,
    414 F. Supp. 255 (E.D. Pa. 1976) ........................................................................ 3

Zenith Radio Corp. v. Nazeffine Research, Inc.,
    401 U.S. 321 (1971)...............................................................................................2

**Federal Statutes**

Fed. R. Civ. P. 15(a) ....................................................................................................................1, 6

Fed. R. Civ. P. 15(c)(2)..............................................................................................................1, 4, 6

**Miscellaneous**

6A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*
§ 1497, p. 85 (2d ed. 1990) .............................................................................................................5

## INTRODUCTION

Plaintiff Walsh Securities, Inc. ("Walsh Securities") submits this Memorandum in support of its motion pursuant to Fed. R. Civ. P. 15(a) for leave to file a Fourth Amended Complaint in the form attached as Exhibit 1 to the Declaration of Robert A. Magnanini ("Magnanini Decl.") filed herewith. Walsh Securities requests, pursuant to Fed. R. Civ. P. 15(c)(2), that this Court find that these amendments relate back to the initial Complaint filed against the respective defendants as to whom the new legal theories are asserted. These amendments simply streamline the Complaint to conform it to the evidence, to clarify, or to add legal theories based upon the facts previously alleged. The few added factual allegations only clarify or amplify previous factual allegations.

## PROCEDURAL HISTORY

The original Complaint (*Docket Entry 1*) was filed on or about July 17, 1997 as a substantial civil RICO action arising out of a scheme involving 223 real estate transactions designed to fraudulently induce Walsh Securities to lend a total of $24 million in purchase money while being left with defective mortgages on uncollectible notes that have accrued over $65 million in interest. The scheme also caused Walsh Securities to incur millions of dollars in attorneys' fees, caused the loss of a sale of Walsh Securities as a going-concern for $420 million, and ultimately destroyed the company itself. An Amended Complaint (*Docket Entry 3*) was filed on November 7, 1997 to add as defendants the title insurance companies and their common broker agent. (*See generally, Magnanini Decl.*).

Due to pending criminal proceedings, on April 28, 1998, this Court entered the first of two Orders (*Docket Entries 77 and 82*) staying interrogatory and deposition discovery. Concurrently, the Court's Orders (*Docket Entries 94 and 102*) administratively dismissed the

1

action from May 26, 2000 until September 30, 2004. Thereafter, on January 28, 2005, the operative Third Amended Complaint (*Docket Entry* 108) was filed. After a year of discovery and proceedings, on April 11, 2006, the Court ordered (*Docket Entry 214*) the parties to mediation which ensued for nearly the next two years. During the course of the mediation, several limited depositions were conducted and the parties discussed several additional legal theories that arose from the facts already alleged. (*See Magnanini Decl. at ¶¶ 8-15*). The mediation ultimately bore no fruit and Walsh Securities now intends to prosecute its claims vigorously. (*See Magnanini Decl. at ¶ 12*).

## LEGAL ARGUMENT

**I.     WALSH SECURITIES MEETS THE STANDARD FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a).**

The Rule on amended pleadings instructs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Walsh Securities requests that leave to amend be granted in the interest of justice. By clarifying the precise legal theories that arise from the common core of operative facts previously alleged, the parties will be able to present the case in future proceedings before this Court with greater clarity, and with more precise and refined arguments which will ultimately facilitate proper determination of the parties' rights and arrive at a resolution that comports with the law and principles of justice.

Grant of leave to amend is within the discretion of the District Court. *See Zenith Radio Corp. v. Nazeffine Research, Inc.,* 401 U.S. 321, 330 (1971). As the Supreme Court observed:

> *If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.* In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . .— the leave sought should, as the rules require, be 'freely given.'

2

*Foman v. Davis,* 371 U.S. 178, 182 (1962) (emphasis added).  Walsh Securities asserts that no tenable reason exists to preclude it from further amending the Complaint at this time.

That the original Complaint was filed some time ago provides insufficient basis for the denial of the instant motion as "mere delay is not by itself enough to justify denial of leave to amend." *Kiser v. General Electric Corp.,* 831 F.2d 423, 426-27 (3d Cir. 1987).  Indeed, Courts have refused to impose arbitrary timing restrictions on a party's request for leave to amend, instead granting such motions at all stages of litigation. *See Pepi, Inc. v. Helcar Corp.*, 458 F.2d 1062, 1063-64 (3d Cir. 1972) (permitting the plaintiff to amend its complaint at the commencement of trial to assert that the individual defendant was personally liable for his corporation's breach of contract); *Levin v. Weissman*, 594 F. Supp. 322, 329 (E.D. Pa. 1984) (permitting the plaintiff to amend his complaint to add his wife as an additional plaintiff immediately after he rested his case at trial and in response to defendant's motion for directed verdict on the grounds that she had not been named a plaintiff); *Thomas v. American Cytoscope Makers, Inc.*, 414 F. Supp. 255, 267 (E.D. Pa. 1976) (permitting the plaintiff to amend his pleading on the eve of trial to state a claim for punitive damages).

In order for delay to be a basis for denial of such a motion, the delay must "become 'undue,' placing an unwarranted burden on the court, or it will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould, Inc.,* 739 F.2d 8585, 8586 (3d Cir. 1984) (citations omitted); *see also Coventry v. United States Steel Corp.*, 856 F2d 514, 519 (3d Cir. 1988) (holding that the plaintiff should have been permitted to amend his complaint eight months after the close of discovery because "the district court did not point to any specific manner by which [defendant] would have been prejudiced by the amendment..."). In a procedurally

3

analogous situation, this Court granted leave to amend four years after commencement of the action and an ensuing administrative dismissal, noting:

> Since the issues raised by the amendments have been the subject of ongoing discovery, I fail to see how either party will be prejudiced by the amendments. *Any alleged delay absent a showing of bad faith does not warrant denial of leave to amend.*

*Kovats v. Rutgers*, 633 F. Supp. 1469, 1476 (D.N.J. 1986) (Debevoise, J.) (emphasis added).   In the present case, where the amendments have similarly been the subject of ongoing discovery which remains open, Walsh Securities' amendments are not offered in bad faith, will not cause undue delay, and will not unduly prejudice the defendants against whom they are offered.

The legal theories clarified in the proposed Fourth Amended Complaint are not new to the case, as they have been the subject of negotiations between counsel during the unsuccessful mediation conducted over the past two years.   Therefore, the affected defendants are not only fully aware and apprised that these legal theories arise out of the common core of operative facts previously alleged, they have been anticipating this amendment.   Moreover, these amendments are offered within a reasonable time after the unsuccessful conclusion of the mediation and within the time set in the current scheduling order to bring such a motion.   Given these circumstances, this motion should be granted.

## II.    THE PROPOSED AMENDMENTS RELATE BACK.

The Rules instruct that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or original pleading." Fed. R. Civ. P. 15 (c)(2).   The Supreme Court has observed that this rule relaxes the statute of limitations where there is "a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644,

4

659 (2005) (citing *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d 1240

(9th Cir. 1982); *see also* 6A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* §

1497, p. 85 (2d ed. 1990). Further, in applying Rule 15(c), courts must examine "whether the

opposing party has had fair notice of the general fact situation and legal theory upon which the

amending party proceeds." *Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 310 (3d Cir. 2004) (citing

*Michelsen v. Penney,* 135 F.2d 409, 416-17 (2d Cir. 1943)).

Accordingly, it is well settled that "amendments that restate the original claim with

greater particularity or amplify the factual circumstances surrounding the pertinent conduct,

transaction or occurrence in the preceding pleading fall within Rule 15(c)." *See Bensel,* 387 F.3d

at 310 (holding that as the claim in plaintiffs' Second Amended Restated Complaint "merely

expounds upon and further details the factual scenario and breach claims that were roughly

sketched in its original Complaint," it relates back to the original complaint); *Maegdlin v. Int'l*

*Assn. of Machinists and Aerospace Workers,* 309 F.3d 1051, 1052 (8th Cir. 2002) (holding that

amendments alleging Title VII gender discrimination merely added a new legal theory to the

original claim that a union breached its duty of fair representation by inadequately representing

plaintiff due to his gender); *Clipper Express,* 690 F.2d at 1259 n.29 (holding that an amendment

asserting inclusion of fraudulent information in rate protests filed over a two year period properly

related back to allegations that the same series of sham rate protests were filed for the purpose of

restricting competition).

The proposed amendments simply state or clarify the legal theories upon which Walsh

Securities may be entitled to recovery against defendants and do not seek to expand the action to

encompass different conduct. Thus, the few new factual allegations merely provide additional

details of the core operative facts previously alleged in order to show, where necessary, that the

newly stated legal theory is a plausible claim arising from the defendants' conduct that is already at issue in this matter. For example, Walsh Securities now alleges that Coastal Title and the Title Insurance Defendants (as defined in the Third Amended Complaint) breached their obligations to Walsh Securities by failing to disclose that the loan transactions were fraudulent and that the closing documents were not timely and properly recorded. Moreover, as discussed above, the defendants have had fair notice of these legal theories. Accordingly, the proposed amendments properly relate back to the initial Complaint filed against the affected defendants.

## CONCLUSION

For all of the foregoing reasons, Walsh Securities, Inc. respectfully requests that the Court grant its Motion for Leave to File a Fourth Amended Complaint with Right of Relation Back pursuant to Fed. R. Civ. P. 15(a) and 15(c)(2).

Respectfully submitted,

_____/s/_____

Robert A. Magnanini
**BOIES, SCHILLER & FLEXNER LLP**
150 John F. Kennedy Parkway, 4th floor
Short Hills, New Jersey 07078
(973) 218-1111
Counsel for Plaintiff Walsh Securities, Inc.

Dated: June 27, 2008

6