Robert A. Magnanini, Esq.
BOIES, SCHILLER & FLEXNER LLP
150 John F. Kennedy Parkway, Fourth Floor
Short Hills, New Jersey 07078
973-218-1111
Attorneys for Walsh Securities, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : |
| Plaintiff, | : Civil Action No. 97-cv-3496 (DRD) |
| vs. | : Hon. Dickinson R. Debevoise, U.S.D.J. |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED; DEK HOMES OF NEW JERSEY, INC.; OAKWOOD PROPERTIES, INC.; NATIONAL HOME FUNDING, INC.; CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC.; CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C.; WILLIAM KANE; GARY GRIESER; ROBERT SKOWRENSKI, II; RICHARD CALANNI; RICHARD DiBENEDETTO; JAMES R. BROWN; THOMAS BRODO; ROLAND PIERSON; STANLEY YACKER, ESQ.; MICHAEL ALFIERI, ESQ.; RICHARD PEPSNY, ESQ.; ANTHONY M. CICALESE, ESQ.; LAWRENCE CUZZI; ANTHONY D'APOLITO; DAP CONSULTING, INC.; COMMONWEALTH LAND TITLE INSURANCE CO.; NATIONS TITLE INSURANCE OF NEW YORK, INC.; FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK; COASTAL TITLE AGENCY; STEWART TITLE GUARANTY COMPANY; IRENE DiFEO; DONNA PEPSNY; WEICHERT REALTORS; and VECCHIO REALTY, INC. d/b/a MURPHY REALTY BETTER HOMES AND GARDENS, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : **DECLARATION OF** <br> : **ROBERT A. MAGNANINI IN** <br> : **SUPPORT OF WALSH SECURITIES, INC.'S** <br> : **MOTION FOR LEAVE TO FILE** <br> : **A FOURTH AMENDED** <br> : **COMPLAINT** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

I, ROBERT A. MAGNANINI, do hereby declare:

1. I am a Partner in the firm of Boies, Schiller & Flexner LLP, 150 John F. Kennedy Parkway, Fourth Floor, Short Hills, New Jersey 07078, counsel for Plaintiff Walsh Securities, Inc., and a member of the bar of this Court. I submit this Declaration in support of Plaintiff Walsh Securities, Inc.'s Motion for Leave to File a Fourth Amended Complaint in the form attached hereto as Exhibit 1.

2. This substantial action was originally filed July 17, 1997 by Walsh Securities, Inc. ("Walsh Securities"), a mortgage banker, to recover damages arising from a residential real estate flipping scheme that defrauded Walsh Securities out of an average of 14 loans per month over the course of at least 16 months, for a total of 223 loans comprising approximately $24 million in principal, over $45 million in accrued interest, over $5.5 million in attorneys' fees and costs, the loss of a sale of the company for over $420 million, and, finally, the destruction of Walsh Securities with the loss of over 250 jobs and 14 offices in 12 states. (*Docket Entry #1*).

3. On November 7, 1997, after the title insurance companies refused to honor their contractual obligations pursuant to the title policies and closing service protection letters, Walsh Securities amended its complaint to assert claims against them. (*Docket Entry #3*).

4. The action was first stayed on April 28, 1998 (*Docket Entry #77 and 82*) and then administratively dismissed from May 26, 2000 until September 30, 2004, pending completion of the criminal prosecutions. (*Docket Entry # 94 and 102*). A Third Amended Complaint was filed on January 28, 2005. (*Docket Entry #108*).

5. The masterminds of the scheme, along with many of the people they recruited to carry out the scheme, pled guilty to criminal charges, were jailed, and had judgments entered against them.

6. The remaining claims are alleged against the title insurance companies and their agents who issued closing service protection letters intended to protect the mortgage banker Walsh Securities from certain misconduct of the closing attorneys who were the designated agents of the title insurance companies, but failed to meet their obligations, leading to Walsh Securities' inability to repurchase all of the fraud loans, the collapse of the sale, and the eventual collapse of Walsh Securities.

7. On March 16, 2006, following a Case Management Conference before the Honorable Madeline Cox Arleo, it was ordered that "this matter is hereby referred to Court Appointed Mediation pursuant to Local Civil Rule 300.1(d)," and "that all remaining proceedings in this case are stayed pending the outcome of the Mediation." (*Docket Entry #210 and 212*).

8. Pursuant to Court Order dated April 11, 2006, this action was referred to Mediation before Hon. John M. Boyle, J.S.C., ret'd. (*Docket Entry #214*).

9. On June 14, 2006, July 10, 2006, and July 26, 2006, the parties engaged in mediation before Judge Boyle. During the mediation the title insurance companies requested the deposition of nine possible individuals "for the limited purpose of eliciting testimony concerning the alleged involved of Walsh Securities and/or any of its officers, directors or shareholders in the real estate loan fraud which underlies this action." (*Docket Entry #217*).

10. Pursuant to Stipulation and Order entered August 30, 2006, the stay was partially lifted for the sole purpose of conducting "a limited number of depositions on limited topics for the purpose of furthering the mediation process." (*Docket Entry #217*).

3

11. The following depositions of party and fact witnesses were taken as part of efforts to mediate this action:

    a. Kellie O'Neil – December 20, 2006;

    b. Richard DiBenedetto – January 3, 2007 and May 1, 2007;

    c. Richard Calanni – January 10, 2007 and January 22, 2007;

    d. Gary Greiser – January 16, 2007;

    e. Anthony D'Apolito – January 17, 2007;

    f. Roland Pierson – February 16, 2007;

    g. James Brown – March 19, 2007;

    h. William Kane – April 19, 2007 and May 4, 2007; and

    i. Thomas Brodo – April 24, 2007.

12. On January 7, 2008, Walsh Securities and the title insurance companies ended their mediation efforts before Judge Boyle.

13. On January 17, 2008, the Court ordered (*Docket #243*) that the stay of discovery be lifted.

14. During the course of the mediation, Walsh Securities and the title insurance companies discussed and debated the various additional legal theories that arise from the core operative facts alleged.

I DECLARE UNDER PENTALY OF PERJURY that the foregoing is true and correct and that this Declaration was executed in Short Hills, New Jersey on this 27 day of June, 2008.

                                              /S/
                                        Robert A. Magnanini