

| | Counsel | Associates |
|---|---|---|
| JOEL N. WERBEL> | LORI BROWN STERNBACK*+ | TRACY B. BUSSEL> |
| JOHN METHFESSEL, JR.> | MARC DEMBLING*+ | JEANNE K. CHESTNUT^ |
| EDWARD L. THORNTON*> | PAUL J. ENDLER JR.> | MICHAEL R. EATROFF> |
| DONALD L. CROWLEY*+ | GERALD KAPLAN+ | TIMOTHY J. FONSECA+ |
| FREDRIC PAUL GALLIN*+^ | STEVEN A. KLUXEN^ | SCOTT V. HECK+ |
| STEPHEN R. KATZMAN# | JOHN R. KNODEL*+ | FRANK J. KEENAN+ |
| WILLIAM S. BLOOM>* | MARTIN R. MCGOWAN, JR.> | LESLIE A. KOCH+ |
| ERIC L. HARRISON*+ | CHARLES T. MCCOOK, JR. *> | ALLISON M. KOENKE> |
| MATTHEW A. WERBEL> | JARED P. KINGSLEY*+ | DANIELLE M. LOZITO+ |
| | | ANDRES Y. MEJER+ |
| Of Counsel | | KEITH J. MURPHY+ |
| JOHN METHFESSEL, SR.> | | MATTHEW L. RACHMIEL> |
| | | WILLIAM J. RADA+ |
| | | CHARLES P. SAVOTH, III> |
| | | LEONARD E. SEAMAN, III^ |
| | | GINA M. STANZIALE> |

\* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
<Member of NJ and DC

**Please reply to New Jersey**

July 24, 2008

**VIA ELECTRONIC FILING & VIA LAWYERS SERVICE**
Clerk, United States District Court - Newark
Martin Luther King Jr.
Federal Building and U.S. Court
Newark, NJ  07101

RE:     **WALSH SECURITIES, INC. VS. CRISTO PROP.**
        Our File No.        : 45987 MRM
        Civil Action No.    : 2:97-CV-03496

Dear Sir/Madam:

We represent Coastal Title Agency in the above referenced matter. Please accept this letter brief as opposition to plaintiff's motion for leave to file fourth amended Complaint.  (PACER document #264).   This defendant agrees that the Docket Entry referenced in plaintiff's Declaration and Procedural History are accurate.  Additionally, this defendant anticipates that the exhibits filed on behalf of the two codefendant title insurance companies will be similarly true and accurate.

Factually, and the references to the prior pleadings in the moving papers bear this out, this defendant has for over a decade---- in an original Complaint and three Amendments thereto—been identified strictly, solely and only as a RICO entity.  Now, over ten years after the filing of the initial pleading, plaintiff seeks for the first time to assert negligence type claims.

Methfessel & Werbel, Esqs.
Our File No. 45987
Page 2

**A. Plaintiff has had ample time to file a Fourth Amended Complaint and should not be permitted to file at this late date**

Although a district court may deny a plaintiff's motion to amend a complaint if the plaintiff's delay in seeking the amendment is undue, "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay.  In fact, delay alone is an insufficient ground to deny leave to amend." Cureton v. National Collegiate Athletic Association, 252 F.3d 267, 273 (2005). In reviewing whether a plaintiff's motion to amend should be denied because of undue delay, a district court must " 'focus on the plaintiff's motives for not amending their complaint to assert this claim earlier." ' Lindquist v. Buckingham Twp., 106 F. App'x 768, 775 (3d Cir.2004) (quoting Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.1984)). The plaintiff "bears the burden of proof in explaining the reasons for delay in seeking leave to amend." Tarkett, Inc. v. Congoleum Corp., 144 F.R.D. 289, 290 (E.D.Pa.1992).

While the mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay, Adams, 739 F.2d at 868, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams, 739 F.2d at 868. Delay may become undue when a movant has had previous opportunities to

Methfessel & Werbel, Esqs.
Our File No. 45987
Page 3

amend a complaint. *See* <u>Lorenz v. CSX Corp</u>., 1 F.3d 1406, 1414 (3d Cir.1993) (three year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); *see also* <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 654-55 (3d Cir.1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier).

Plaintiff argues that the legal theories clarified in their proposed Fourth Amended Complaint *are not new* to the case. As a consequence the claims sought to be asserted against Coastal Title Agency could have, and in a legal sense *should have been*, raised at an earlier date.

In <u>Lorenz v. CSX Corp</u>., 1 F.3d 1406 (3d Cir. 1993), the Court reviewed the District Court's decision to deny plaintiff's motion for leave to file an amended Complaint based on undue delay. In <u>Lorenz</u>, the proposed amendment was three years after the action was filed and two years after the Complaint was amended for the second time. The Court reasoned that "over the three-year period between the filing of her original Complaint and the filing of her motion to amend, [plaintiff] had numerous opportunities to correct any deficiencies in her RICO claim but failed to take advantage of them. Her delay was unreasonable." Id. at 1414.

In the present case, the currently operative Third Amended Complaint was filed on January 28, 2005. Now more than three years later, plaintiff seeks to amend the Complaint to include legal theories which they admit are not new to the case. Unreasonable delay, as stated in Lorenz as one of the reasons for denying a motion to file an amended Complaint, occurs when a plaintiff had numerous opportunities to correct the Complaint. Such is the case here. Plaintiff had over three years to change the Complaint to include counts against Coastal Title Agency claiming Coastal breached their obligations to plaintiff by failing to disclose that the loan transactions were fraudulent and that the closing documents were not timely and properly recorded. In plaintiff's moving papers, there is no indication why there was such a long delay. Moreover, if one were to look back to the prior incarnations of the Complaint, the fact is that a decade has gone by since the first filing. Plaintiff has offered no reason(s) to justify what can only be described as a gross violation of the above stated principles of law.

Finally, plaintiff indicates that the affected defendants, including Coastal Title Agency, have been anticipating this amendment. While plaintiff may have casually and blithely dangled nebulous theories of negligence in front of the defendants, the fact of the matter is that there is no excuse for waiting until now to attempt to formally assert them. Plaintiff cannot even argue that they waited for the limited mediation to

Methfessel & Werbel, Esqs.
Our File No. 45987
Page 5

end before seeking leave to file an amended complaint, as that mediation concluded in early 2008.

The Court in <u>Cornell & Co v. Occupational Safety & Health Review Comm'n</u>, 573 F.2d 820, 823 (3rd Cir. 1978) stated "prejudice to the non-moving party is the touchstone for the denial of an amendment." Plaintiff's proposed legal theories against Coastal Title Agency will require this defendant to alter its defense strategy at this late hour and at a time when all parties are under very strict time requirements from the Court without plaintiff providing any reasons to justify the new claims. This is the very essence of prejudice. To that end, plaintiff's motion to Amend should be denied as plaintiff could have brought their negligence claims against Coastal several years ago.

**B.   Plaintiff's proposed amended claims do not relate back**

Plaintiff argues that the statute of limitations should be relaxed since the proposed amendments "clarify" the legal theories upon which plaintiff may be entitled to recover. Pursuant to the Third Amended Complaint and consistent with the previous two Complaints, Coastal has always, for a decade, been named as a RICO defendant and an intentional conspirator. Based upon the Discovery that took place pursuant to the limited mediation, it has apparently become clear to the plaintiff's that those claims were without merit. Now, in an attempt to have yet a <u>fourth</u> bite of the apple, it is alleged that Coastal Title

breached their obligations to plaintiff by failing to disclose that the loan transactions in question were fraudulent and that the closing documents were not timely and properly recorded. These assertions are essentially claims of errors and omissions---professional negligence. Obviously, the claims are not identical, they do not simply "clarify" as plaintiff disingenuously suggests; in fact they are fundamentally different both factually and legally.

As stated in plaintiff's moving papers, it is well settled that "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the proceding pleading fall with Rule 15(c). <u>Bensel v. Allied Pilots Association</u>, 387 F.3d 298, 310 (3rd Cir. 2004) (citing <u>Michelsen v. Penney</u>, 135 F.2d 409, 416-17 (2nd Cir. 1943). In this case, however, the proposed Fourth Amended Complaint does not restate the original claims with greater particularity. Therefore, the proposed amended claims should not relate back pursuant to Fed. R. Civ. P. 15 (c)(2) and are, therefore, barred by the Statute of Limitations.

For the reasons stated above, plaintiff's Complaint should not be amended to include new claims against Coastal Title Agency.

Methfessel & Werbel, Esqs.
Our File No. 45987
Page 7

                                      Very truly yours,
                                      **METHFESSEL & WERBEL, ESQS.**

                                      Martin R. McGowan
                                      mcgowan@methwerb.com
                                      Ext. 168

MRM:svh./rct

Methfessel & Werbel, Esqs.
Our File No. 45987
Page 8

cc: **VIA LAWYERS SERVICE TO ALL**
Robert A. Magnanini, Esq.
Boies, Schiller & Flexner, LLP
150 John F. Kennedy Parkway
Short Hills, NJ 07078
Attorneys for: Walsh Securities, Inc.

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica
Attorneys for: Anthony Cicalese

Thomas D. Flinn, Esq.
Garrity, Graham, Favetta & Flinn
One Lackawanna Plaza, PO Box 4205
Montclair, NJ 07042-8205
Attorneys for: Anthony Cicalese

David R. Kott, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
PO Box 652
Newark, NJ 07101-0652
Attorneys for: Commonwealth

Anthony Argiropoulos, Esq.
Fox, Rothschild, O'Brien & Frankel, LLP
Princeton Pike Corporate Center,
997 Lenox Drive, Building
Lawrenceville, NJ 08648-2311
Attorneys for: Fidelity National Title Insurance Company

Irene Difeo
5 Leann Court
Old Bridge, NJ 08857
Attorneys for: Irene Difeo

Anthony Argiropoulos, Esq.

Methfessel & Werbel, Esqs.
Our File No. 45987
Page 9

Fox, Rothschild, O'Brien & Frankel, LLP
Princeton Pike Corporate Center,
997 Lenox Drive, Building
Lawrenceville, NJ  08648-2311
Attorneys for: Nations Title Insurance Company

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
127 Main St.
Chatham, NJ  07928
Attorneys for: Weichert

James C. Aaron, Esq.
Ansell, Zaro, Grimm & Aaron, P.C.
1500 Lawrence Avenue
CN 7807
Ocean, NJ  07712
Attorneys for: Coastal Title Agency