METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No.  45987 MRM

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALSH SECURITIES, INC.<br><br>Plaintiff,<br><br>V.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALLANI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE COMPANY OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY AND STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES AND GARDENS, | 97-cv-3496 (DRD)<br>Hon. Dickinson R. Debevoise U.S.D.J.<br><br>**DECLARATION OF JAMES AARON, ESQ., IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO INCLUDE NEGLIGENCE/ERRORS AND OMMISSION TYPE CLAIMS AGAINST MY CLIENT COASTAL TITLE AGENCY** |

|  |
|---|
| Defendants. |

1. I am James Aaron, Esq. a shareholder in the firm of Ansell, Zaro, Grimm & Aaron, 1500 Lawrence Avenue, Ocean, New Jersey, 07712, and a member of the bar of this Court continuously since 1969. For over a decade I have acted as general counsel for the defendant Coastal Title Agency and personal counsel to the principle of Coastal Title Agency in connection with this matter.  I submit this Declaration in opposition to the plaintiffs' motion to amend the Complaint to include negligence/errors and omissions type claims as against my client, which is presently being represented by Mr. McGowan of the firm of Methfessel & Werbel secondary to an insuring agreement and Reservation of Rights with General Star Insurance.

2. As the Court is aware from other opposition papers, the claims against my client Coastal Title have <u>always and solely</u>, for over ten years, been couched in terms of intentional, conspiratorial, RICO violations.  As a consequence, I have been advising my client and assisting in the defense of this matter on that basis for <u>over a decade</u>.

3. Indeed, I negotiated the ROR agreement on that basis over ten years ago.

4. What the plaintiff seeks to do, with no articulated justification, is to undermine a decade of labor, advice and counsel not only by me,

but by Mr. McGowan, to the potential gross prejudice and detriment of my client

     5.  It goes without saying that the proofs, facts, evidentiary issues, etc attendant to defending a RICO claim are wholly disparate from the type of claims plaintiff now seeks to assert. The remedies/consequences could well also be different given the vagueries of litigation, not to mention considerations of indemnity under the ROR.  What flows from any amendment will be the requirement of my client to hire additional counsel at great cost and expense to review a decade of work by dozens of attorneys in a myriad of cases at untold costs to say the least.

     6. The plaintiff's application is not simply a matter of "clarification of the issues", this is a matter of fundamentally *changing* the issues---injecting new and completely different concerns into this case.

     7. As argued in the brief filed by Mr. McGowan in opposition to the plaintiff's motion, where there have been ample opportunities to amend, and where the moving party has failed to avail themselves of those opportunities, prejudice to the non-moving parties is patent, and the application should be denied.

     8.  Moreover, where as here, the proposed amendment actually sets forth a wholly different cause of action predicated upon a wholly different set of facts and proofs, same cannot in any intelligible way be said to legally "relate back".  That being so,  the proposed Amended

Complaint, as it relates to my client, is barred by whatever Statute of Limitations (two year, six year) one might arguably apply.

Case 2:97-cv-03496-DRD-JAD   Document 272   Filed 07/31/08   Page 4 of 5 PageID: 2874

9. Finally, although equally cogent to the analysis, the filing of the proposed Fourth Amended Complaint would set off a flurry of new pleadings----Answers, Cross-Claims, etc the scope of which would be limited only by the ingenuity of the other counsel involved. Again, at this late date when we are already under a very specific Case Management Order, the prejudice is clear.

I DECLARE UNDER PENALTY OF PERJURY that the foregoing is true and correct and that this Declaration was executed in Ocean, New Jersey on this 30th day of July, 2008

_____
James Aaron, Esq.

DATED: 7/30/2008