UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,                    :

           Plaintiff,                  :

v.                                         :               Civil Action No. 97-3496
                                                       Honorable Dickinson R. Debevoise
CRISTO PROPERTY MANAGEMENT, LTD.,          :
a/k/a G.J.L. LIMITED, et al.,

           Defendants.                 :             RECEIVED

and                                        :               AUG - 1 2008

COMMONWEALTH LAND TITLE INSURANCE          :            AT 8:30_____M
COMPANY,                                   :            WILLIAM T. WALSH, CLERK

         Defendant/Third Party Plaintiff,    :

v.                                         :

ROBERT WALSH and ELIZABETH ANN             :
DeMOLA,
         Third Party Defendants.             :

---

## BRIEF OF DEFENDANT/THIRD-PARTY DEFENDANT COMMONWEALTH LAND TITLE INSURANCE COMPANY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party
  Defendant Commonwealth Land Title
  Insurance Company
DK-4593 (David R. Kott, Esq.)

David R. Kott
  Of Counsel

Matthew J. Tharney
Andrew Heyman
  On the Brief

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

LEGAL ARGUMENT

POINT I

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED
COMPLAINT MUST BE DENIED BECAUSE PLAINTIFF FAILED TO ASSERT A
COMMON LAW FRAUD CLAIM AGAINST COMMONWEALTH DESPITE
SEVERAL PREVIOUS AMENDMENTS, BECAUSE PLAINTIFF ENGAGED IN
UNDUE DELAY IN SEEKING LEAVE TO AMEND AND BECAUSE PLAINTIFF'S
PROPOSED COMMON LAW FRAUD CLAIM IS TIME-BARRED AND FUTILE ON
ITS FACE ...............................................................................................................6

A.   PLAINTIFF FAILED TO ASSERT A COMMON LAW FRAUD|
     CLAIM AGAINST COMMONWEALTH DESPITE THREE PREVIOUS
     AMENDMENTS. ................................................................................7

B.   PLAINTIFF'S DELAY IN SEEKING LEAVE TO AMEND IS
     UNREASONABLE AND INEXCUSABLE.........................................12

C.   PLAINTIFF'S PROPOSED AMENDMENT WOULD BE FUTILE...................15

POINT II

THE PROPOSED AMENDMENTS IN PLAINTIFF'S FOURTH AMENDED
COMPLAINT DO NOT RELATE BACK UNDER *FED.R.CIV.P.* 15(c) .......................18

POINT III

PLAINTIFF'S MOTION FOR LEAVE TO AMEND MUST BE DENIED BECAUSE
PLAINTIFF FAILED TO COMPLY WITH *FED. R. CIV. P.* 41......................................24

CONCLUSION.......................................................................................................27

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bensel v. Allied Pilots Association*, 387 *F.3d* 298 (3d Cir. 2004) .....................................21

*Bower v. Jones*, 978 *F.2d* 1004 (7th Cir. 1992)...................................................................16

*Bradley v. Val-Mejias*, 379 *F.3d* 892 (10th Cir. 2004).......................................................16

*In re Burlington Coat Factory Sec. Litigation*, 114 *F.3d* 1410 (3d Cir. 1997)..................6

*Cureton v. National Collegiate Athletic Association*, 252 *F.3d* 267
    (3d Cir. 2001)...............................................................................................6, 13, 14

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine), Product Liability
Litigation,* 85 *Fed. Appx.* 845, 2004 *WL* 75379 (3d Cir. 2004)............................25, 26

*Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Transportation
Authority*, 224 *F.R.D.* 601 (E.D. Pa. 2004)....................................................................26

*Farrell v. Einemann*, 2006 *WL* 5164064 (*quoting Mayle v. Felix*, 545 *U.S.* 644
    (2005))....................................................................................................................21, 22

*Ferguson v. Eakle*, 492 *F.2d* 26 (3d Cir. 1974) ...........................................................25, 26

*Foman v. Davis*, 371 *U.S.* 178 (1962)..................................................................................6

*Glencore v. Chase Manhattan Bank, N.A.*, 199 *WL* 182599 (*quoting Block v. First
Blood Assocs.,* 988 *F.2d* 344, 350 (2d Cir. 1993)).......................................................14

*Heyl & Patterson International, Inc.*, 663 *F.2d* 419 (3d Cir. 1981), *cert. denied,*
    455 *U.S.* 11018 (1982).....................................................................................................6

*Kaplan v. Rose*, 49 *F.3d* 1363 (9th Cir. 1994)....................................................................8

*Kovats v. Rutgers*, 633 *F. Supp.* 1469 (D.N.J. 1986)..........................................................13

*Little v. Liquid Air Corp.*, 952 *F.2d* 841 (5th Cir. 1992), *aff'd* 37 *F.3d* 1069...................15

*Lorenz v. CSX*, 1 *F.3d* 1406 (3d Cir. 1998) ......................................7, 10, 11,12, 14, 15, 16

*Lyon v. Goldstein*, 2006 *WL* 2352595 (D.N.J.).................................................................13

*Rogers v. Lincoln Towing Serv. Inc.*, 771 *F.2d* 194 (7th Cir. 1985)..................................16

*Roth v. Garcia-Marquez*, 942 *F.2d* 628 (9th Cir. 1991) ....................................................16

*Sinclair v. Soniform, Inc.*, 935 *F.2d* 599 (3d Cir. 1991) .....................................................25

*Smith, Kline & French Laboratories v. A.H. Robins Company*, 61 *F.R.D.* 24 (E.D. Pa. 1973) ...........................................................................................................25

*USX v. Barnhart*, 395 *F.3d* 161 (3d Cir. 2004).............................................................7, 13

*Westlands Water District v. Firebaugh Canal*, 10 *F.3d* 667 (9th Cir. 1993) .....................8

*Young v. Wilky Carrier Corporation*, 150 *F.2d* 764 (3d Cir. 1945)..................................25

## FEDERAL RULES

*Fed. R. Civ. P.* 15(a) .................................................................................................1, 6, 24

*Fed. R. Civ. P.* 15(c) .......................................................................................2, 3, 18, 20, 23

*Fed. R. Civ. P.* 41(a)(2)..............................................................................................4, 24

## STATE STATUTES

*N.J.S.A.* 2A:14-1 ...............................................................................................................16

## MISCELLANEOUS

6 *James Wm. Moore, et al, Moore's Federal Practice* §15:15[3].......................................16

ME1 7572213v.1

## PRELIMINARY STATEMENT

This office represents defendant, Commonwealth Land Title Insurance Co.

("Commonwealth"), in this matter.  This Brief is submitted in opposition to the

Motion to File a Fourth Amended Complaint filed by plaintiff, Walsh Securities,

Inc. ("Walsh" and/or "plaintiff"), on June 27, 2008.

Plaintiff's initial Complaint was filed on July 17, 1997.  Now, despite three

previous amendments and more than eleven years after the initial Complaint was

filed, plaintiff seeks leave to file yet another Amended Complaint that includes,

*inter alia*, a Common Law Fraud claim against Commonwealth.  Plaintiff's Motion

for Leave to Amend must be denied because plaintiff failed to assert its prospective

Common Law Fraud claim against Commonwealth in any of the three previous

Amended Complaints despite plaintiff's representation that its proposed Fourth

Amended Complaint does "not seek to expand the action to encompass different

conduct." *See* Plaintiff's Memorandum in Support of Motion for Leave to Amend,

at 5.  In other words, plaintiff impliedly concedes that all alleged facts in support of

its novel Common Law Fraud claim against Commonwealth were known or

knowable since day one, yet plaintiff inexplicably failed to assert that claim against

Commonwealth despite three previous amendments to the Complaint.  Plaintiff's

excessive delay in seeking this new amendment also is inexcusable under *Fed. R.*

*Civ. P.* 15(a) and in accordance with Third Circuit precedent.  Plaintiff's Motion

for Leave to Amend to assert a Common Law Fraud claim against Commonwealth also must be denied as futile because that claim is time-barred on its face under the applicable Statute of Limitations.

The Common Law Fraud claim against Commonwealth in the proposed Fourth Amended Complaint also does not relate back to the date the original Complaint was filed under *Fed. R. Civ. P.* 15(c). Put simply, plaintiff cannot have it both ways and use *Rule* 15 as a sword and a shield. On one hand, plaintiff impliedly concedes that all facts purportedly supporting a Common Law Fraud claim against Commonwealth were known since no later than 1997. *See* Plaintiff's Memorandum, at 5. If that is accurate, then plaintiff's Motion must be denied for the reasons set forth in more detail in Point I, *infra* (*i.e.*, plaintiff's unjustifiable failure to amend despite repeated previous opportunities, excessive delay and futility).

In point of fact, a close review of plaintiff's proposed Fourth Amended Complaint confirms that the Common Law Fraud claim against Commonwealth ***does not arise out of the same conduct, transaction or occurrence***. Throughout 11 years and four versions of plaintiff's Complaint, Commonwealth has been sued ***solely*** for breach of contract. The purported basis for that claim is plaintiff's allegation that Commonwealth failed to reimburse plaintiff for losses caused by the wrongful conduct of other parties despite the obligations imposed upon

2

Commonwealth under closing service letters issued to plaintiff. *See* plaintiff's Third Amended Complaint, Count V, ¶¶93-97.  That alleged breach of contract occurred after alleged fraud committed by other defendants.  There was never an allegation that Commonwealth actively participated in alleged fraudulent conduct during the course of the underlying transactions.

Now, plaintiff seeks to allege for the first time that Commonwealth defrauded plaintiff by affirmatively "fail[ing] to disclose that the loan transactions at issue were fraudulent and that the closing documents were not timely and properly recorded." *See* proposed Fourth Amended Complaint, Count III, ¶77. That allegation **does not** arise out of the same conduct (*i.e.*, Commonwealth's alleged fraudulent conduct during real estate transactions is not the same conduct as allegedly breaching a title insurance agreement).  It **does not** arise out of the same transaction (*i.e.*, the consummation of a purported contract between Commonwealth and plaintiff is not the same transaction as Commonwealth's alleged fraudulent omissions).  It **does not** arise out of the same occurrence (*i.e.*, Commonwealth's alleged breach of contract by failing to provide title insurance is not the same occurrence as Commonwealth's alleged earlier fraudulent omissions). Thus, under *Fed. R. Civ. P.* 15(c) and interpretive decisional law, plaintiff's proposed Fourth Amended Complaint does not relate back to the original Complaint.

3

Finally, plaintiff's Motion to Amend must be denied because plaintiff has not filed an appropriate application for voluntary dismissal of all claims against 13 defendants as required under *Fed. R. Civ. P.* 41(a)(2). Although not referenced by plaintiff in its pending Motion, plaintiff is attempting to effectuate by Court Order a voluntary dismissal of all claims that have been asserted against DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, LLC, Robert Skowrenski, II, Roland Pierson, Michael Alfieri, Esq., Richard Pepsny, Esq., DAP Consulting, Inc., Stewart Title Guaranty Company, Irene Difeo, Donna Pepsny and Weichert Realtors.

Plaintiff's attempt to dismiss those claims informally in this fashion (*i.e.*, by a Motion for Leave to Amend under *Rule* 15 that simply omits those 13 defendants from the Fourth Amended Complaint) must fail because plaintiff has failed to comply with the requirements of *Fed. R. Civ. P.* 41(a)(2). That failure has deprived this Court of an opportunity to conduct a detailed analysis customarily performed by courts in the Third Circuit to determine whether a voluntary dismissal by Order is appropriate. In particular, courts within the Third Circuit routinely assess whether a voluntary dismissal should be barred due to excessive delay, prejudice to remaining defendants, potential impropriety of agreements due to collusion, etc. Without a complete and full record as to those issues due to

4

plaintiff's failure to file an appropriate application under *Rule* 41, plaintiff must not be permitted to amend its Complaint, thereby voluntarily dismissing all claims against 13 defendants.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT MUST BE DENIED BECAUSE PLAINTIFF FAILED TO ASSERT A COMMON LAW FRAUD CLAIM AGAINST COMMONWEALTH DESPITE SEVERAL PREVIOUS AMENDMENTS, BECAUSE PLAINTIFF ENGAGED IN UNDUE DELAY IN SEEKING LEAVE TO AMEND AND BECAUSE PLAINTIFF'S PROPOSED COMMON LAW FRAUD CLAIM IS TIME-BARRED AND FUTILE ON ITS FACE

Plaintiff seeks leave to file a Fourth Amended Complaint pursuant to

*Fed.R.Civ.P.* 15(a) to assert a Common Law Fraud claim against Commonwealth,

despite the fact that plaintiff's original Complaint previously was amended three

times without plaintiff asserting such a claim, despite the fact that it is more than

eleven years since plaintiff's original Complaint was filed, and despite the fact that

the proposed Common Law Fraud claim against Commonwealth is time-barred

and futile on its face.

Courts properly exercise discretion to deny leave to amend based on a

movant's repeated failure to cure purported deficiencies in a pleading, a movant's

undue delay, futility of amendment, a movant's bad faith or dilatory motive, or

undue prejudice to the other party. *See, e.g. Foman v. Davis*, 371 *U.S.* 178, 182

(1962); *Heyl & Patterson Int'l, Inc.*, 663 *F.2d* 419, 426 (3d Cir. 1981), *cert.*

*denied,* 455 *U.S.* 11018 (1982); *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252

*F.3d* 267, 272 (3d Cir. 2001); *In re Burlington Coat Factory Sec. Litig.*, 114 *F.3d*

6

1410, 1434 (3d Cir. 1997). Prejudice to the non-moving party is **not** a requirement for denial of a motion for leave to amend. *See, e.g. Lorenz v. CSX*, 1 *F.3d* 1406 (3d Cir. 1998).

In this case, plaintiff's Motion for Leave to Amend must be denied under Third Circuit precedent because plaintiff has had numerous opportunities to assert its prospective Common Law Fraud claim against Commonwealth by previous amendment, but has failed to do so. Additionally, plaintiff impliedly concedes that all facts asserted in the proposed Fourth Amended Complaint were known or knowable since plaintiff's first Complaint was filed in 1997. Thus, no justification exists for plaintiff's excessive delay in seeking this amendment. Finally, plaintiff's prospective Common Law Fraud claim is barred by New Jersey's six-year Statute of Limitations and thus amendment to include that claim would be futile.

A.   PLAINTIFF FAILED TO ASSERT A COMMON LAW FRAUD CLAIM AGAINST COMMONWEALTH DESPITE THREE PREVIOUS AMENDMENTS.

Decisional law from within and beyond the Third Circuit confirms that leave to amend properly is denied when, as here, a movant has had previous opportunities to cure deficiencies by amendment of the complaint. *Lorenz v CSX Corp.,* 1 *F.3d* 1406, 1414 (3d Cir. 1998) (denying leave to amend due to "unreasonable" three-year delay between filing of complaint and proposed amendment when plaintiff had "numerous opportunities" to amend); *USX v.*

7

*Barnhart,* 395 *F.3d* 161, 167 (3d Cir. 2004) (delay can become so undue so as to justify denial of leave to amend when movant has had previous opportunities to amend complaint). The Court's discretion to deny leave to amend is especially broad when plaintiff has already been given one or more opportunities to amend. *Kaplan v. Rose,* 49 *F.3d* 1363 (9th Cir. 1994) (denying leave to amend after two previous amendments, undue delay and predicate facts known to movant before amendment); *see also Westlands Water Dist. v. Firebaugh Canal,* 10 *F.3d* 667 (9th Cir. 1993) (discretion is broad when movant failed to assert claims by previous amendment).

Here, it is undisputed that the factual allegations in plaintiff's proposed Fourth Amended Complaint were known to plaintiff long before the present Motion was filed. Indeed, plaintiff's Memorandum in support of its Motion confirms that plaintiff does "not seek to expand the action to encompass different conduct." *See* Plaintiff's Memorandum at 5.

Count III of the plaintiff's Fourth Amended Complaint alleges in pertinent part that, together with the RICO defendants, Commonwealth (identified as one of the "Title Insurance Defendants" in the Third Amended Complaint) defrauded Walsh as follows:

> 70.   By the illegal and fraudulent acts and schemes described above, the RICO Defendants and Coastal Title defrauded Walsh Securities. **Further, insofar as Coastal Title was acting for or on behalf of the Title Insurance**

8

Defendants, such conduct was imputed to the Title Insurance Defendants...

74.   Through Coastal Title, the Title Insurance Defendants issued title insurance policies and closing service protection letters that covered, among other things, the vesting of title in the buyer/mortgagor and the first priority status of the mortgage held by the lender.

75.   By virtue of the relationship between Coastal Title, the Title Insurance Defendants, and Walsh Securities, Coastal Title and the Title Insurance Defendants owed a duty to disclose material facts to Walsh Securities.

76.   **Coastal Title knew that the loan transactions at issue were fraudulent and that the closing documents were not timely and properly recorded. Under principles of agency, such knowledge is imputed to the Title Insurance Defendants. The fraudulent nature of the loan transactions and the untimely and/or improper recording of the closing documents constitute material facts in the relationship between Walsh Securities, Coastal Title, and the Title Insurance Defendants.**

77.   **Coastal Title issued, on behalf of the Title Insurance Defendants, closing service letters and title insurance commitments with the intent and purpose that Walsh Securities would rely on the same. In doing so, Coastal Title and the Title Insurance Defendants failed to disclose that the loan transactions at issue were fraudulent and that the closing documents were not timely and properly recorded.**

78.   **Walsh Securities, in fact, relied upon the issuance of the closing service letters and the title insurance commitments to its detriment and thereafter funded the transactions.**

79.   **As a direct and proximate result of the RICO Defendants' material misrepresentations and omissions, and the fraudulent omissions of Coastal Title and the Title Insurance Defendants, plaintiff**

9

> **suffered   damages   substantially   in   excess   of $1,000,000.00.**

*See* Proposed Fourth Amended Complaint at pp. 27, 28 (emphasis added).

That Common Law Fraud claim against Commonwealth is asserted for the first time in plaintiff's proposed Fourth Amended Complaint. Paragraph 77 of the proposed Fourth Amended Complaint specifically alleges that Coastal Title and the Title Insurance Defendants (including Commonwealth) failed to disclose that the loan transactions were fraudulent and that the closing documents were not timely and properly recorded. Plaintiff utterly fails to offer any justification for its failure to previously assert a Common Law Fraud claim or any purportedly supportive facts against Commonwealth. Plaintiff does not suggest that the facts underlying this new claim were unknown or unknowable when the original Complaint or any of the three previously Amended Complaints were filed. To the extent the predicate facts for the prospective Common Law Fraud claim were known or knowable from the beginning, no justification exists for plaintiff's otherwise inexcusable failure to assert that claim in any previous pleadings.

In *Lorenz v. CSX*, 1 *F.3d* 1406, 1414 (3d Cir. 1998), the Third Circuit affirmed the denial of leave to amend based principally on a plaintiff's repeated failure to cure pleading deficiencies via previous amendment. In *Lorenz*, plaintiff, a holder of convertible debentures, brought an action against various defendants alleging securities violations, breach of fiduciary duty and implied covenant of

10

good faith and fair dealing, and civil RICO violations.  Nearly two years after

amending the Complaint for the second time, plaintiff moved for leave to amend

the Complaint a third time to add new factual allegations related to the civil RICO

counts against certain defendants.  The district court denied plaintiff's motion for

leave to amend and plaintiff appealed.  The Third Circuit affirmed the district

court's denial of plaintiff's motion to amend.  Critically important, the Third

Circuit noted that the district court "*did not make any finding of prejudice, but*

*instead based its decision on undue delay, previous failures to amend, and*

*futility of the amendment.*"  *Id* at 1414 (emphasis added).  In other words, the

Third Circuit explicitly acknowledged that it is well within a Court's discretion to

deny amendment even in the absence of any showing of prejudice to non-movant.

That is especially true when, as here, other bases exist (such as a movant's

unjustifiable failure to cure by previous amendment, undue delay and futility) that

independently warrant denial of leave to amend.

    The factual similarities between *Lorenz* and this case are striking.  As the

Third Circuit noted in its decision in *Lorenz*:

> This proposed amendment was requested three years
> after the action was filed and nearly two years after the
> complaint was amended for the second time.  Most of the
> facts were available to plaintiff Savin before she filed her
> original complaint in 1986, and probably all of them

11

> were available when she amended her complaint in May
> and August of 1987 and when she filed her RICO case
> statement in September of 1987.   Over the three-year
> period between the filing of her original complaint and
> the filing of her motion to amend, Savin had numerous
> opportunities to correct any deficiencies in her RICO
> claim but failed to take advantage of them.

*Id* at 1414.

Here, like in *Lorenz*, plaintiff amended the Complaint on three previous occasions.  The Third Amended Complaint was filed on January 31, 2005.  As was the case in *Lorenz*, all of the facts in the proposed Fourth Amended Complaint were available to plaintiff at the time the original Complaint was filed and were certainly known to plaintiff when the Third Amended Complaint was filed more than three years ago.  There is no rational justification for plaintiff's repeated failure to assert a claim based on facts known or knowable since the filing of the original Complaint and despite the filing of three previous amendments.  Accordingly, plaintiff's Motion for Leave to File a Fourth Amended Complaint should be denied.

> B.   PLAINTIFF'S DELAY IN SEEKING LEAVE TO AMEND IS UNREASONABLE AND INEXCUSABLE.

Plaintiff's Motion to Amend must be denied based on the undue delay before plaintiff filed its Motion to assert a Common Law Fraud claim against Commonwealth.  To determine whether delay is excessive, Courts within the Third

12

Circuit focus on the movant's reasons for not seeking to amend sooner. *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 *F.3d* 267, 273 (3d Cir. 2001). The Common Law Fraud count in the proposed Fourth Amended Complaint is entirely new as applied to Commonwealth. Plaintiff's Common Law Fraud claim asserted against Commonwealth fundamentally changes the nature of the case. Under Third Circuit precedent, this Court must determine whether sufficient justification exists for plaintiff's failure to attempt to assert that claim sooner. *Lyon v. Goldstein,* 2006 WL 2352595 (D.N.J.) (*citing USX v. Barnhart,* at 168).

Here, as noted, all alleged facts in support of plaintiff's prospective Common Law Fraud claim admittedly were known or knowable since before the original Complaint was filed in 1997. No possible basis exists to justify the excessive delay that occurred before plaintiff filed this Motion. Plaintiff asserts that the proposed amendment simply is an attempt to clarify allegations in previous pleadings. To that end, plaintiff relies on several cases, some of them more than thirty years old, for the proposition that delay alone, without a showing of prejudice or bad faith, does not warrant denial of a motion for leave to amend.

In particular, plaintiff relies on the opinion in *Kovats v. Rutgers,* 633 *F. Supp.* 1469 (D.N.J. 1986). The facts in that case clearly are distinguishable from the facts in the instant action. In *Kovats,* unlike here, plaintiffs and defendants simultaneously moved to amend their pleadings, yet both parties objected to their

13

adversary's proposed amendments on the grounds of delay and prejudice. The district court found that there was no bad faith or real prejudice to either party that would warrant denial of the motion in that unique situation (indeed, it would appear disingenuous for a party to seek leave to amend while arguing that another party's similar amendment should be denied as unduly prejudicial).

In the years since *Kovats,* more recent Third Circuit decisional law confirms that leave to amend will be denied based on undue delay and repeated failures to cure deficiencies in the pleadings by amendment, *even without a showing of bad faith or prejudice to the non-moving party. Lorenz,* 1 *F.3d* at 1414. Indeed, "the longer the period of an unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice." *Glencore v. Chase Manhattan Bank, N.A.,* 199 WL 182599 at *2 (*quoting Block v. First Blood Assocs.,* 988 *F.2d* 344, 350 (2d Cir. 1993)).

In *Cureton v. Nat'l Collegiate Athletics Ass'n,* 252 *F.3d* 267 (3rd Cir. 2001), for example, the Third Circuit affirmed the district court's denial of plaintiffs' motion for leave to amend in part because the motion was filed more than two years after the predicate facts were known. *Cureton,* 252 *F.3d* at 274. Here, plaintiff asks this Court to grant leave to amend to assert new claims ***more than eleven years*** after the predicate facts were known to the movant. The delay in this

ME1 7572213v.1

case is at least as egregious as the delay that was adjudged unreasonable in *Cureton*.

Similarly, in *Lorenz*, 1 *F.3d* 1406 (3d Cir. 1998), the Third Circuit affirmed the district court's denial of plaintiff's motion to amend three years after the action was filed and two years after the Complaint was amended for the second time, when all of the facts in the proposed amended complaint were known to plaintiff before she requested leave to amend and she had previous opportunities to correct any deficiencies in the pleadings. The Third Circuit so held *despite* confirming that there was *no prejudice* to defendant. *Lorenz*, 1 *F.3d* at 1414. Here, as noted, the facts are closely analogous to those in *Lorenz*. The same analysis applied in *Lorenz* likewise warrants denial of plaintiff's Motion in this case.

Plaintiff fails to even suggest a purported reason for the inexcusable delay in seeking to amend the Complaint at this late date. In accordance with Third Circuit precedent, plaintiff's Motion must be denied.[1]

### C. PLAINTIFF'S PROPOSED AMENDMENT WOULD BE FUTILE.

Plaintiff now seeks leave to amend to assert, for the first time, a count of Common Law Fraud against Commonwealth. Courts will not grant leave to amend when the proposed amendment is legally insufficient and when granting leave to

---

[1] When a delay in amending is particularly egregious, it is proper to shift the burden to the moving party to attempt to show that its delay was due to excusable neglect, oversight or inadvertence. *See, Little v. Liquid Air Corp.*, 952 *F.2d* 841, 846 (5th Cir. 1992), *aff'd* 37 *F.3d* 1069 (*reh'g en banc*) (shifting burden to moving party to show reason for delay).

amend would be futile.  Indeed, the Third Circuit affirmed the district court's
denial of plaintiff's motion for leave to amend in *Lorenz* in part because "even if
they were pled, these additional facts would not breathe life into her RICO claim."
*Lorenz,* 1 *F.3d* 1406 at 1414; *see also* 6 *James Wm. Moore, et al, Moore's Federal
Practice* §15:15[3].

Here, the newly asserted claims in the proposed Fourth Amended Complaint
are barred by New Jersey's six-year Statute of Limitations for actions sounding in
fraud. *N.J.S.A.* 2A:14-1.  When a plaintiff's proposed amendments are barred by
the Statute of Limitations, they are futile and the Court is well with in its discretion
to deny leave to amend. *See Bradley v. Val-Mejias* 379 *F.3d* 892, 900 (10th Cir.
2004) (affirming district court's denial of leave to amend when amendment would
have been futile because new claims were barred by applicable statute of repose);
*Bower v. Jones,* 978 *F.2d* 1004, 1008 (7th Cir. 1992) (leave to amend to add
equitable estoppel defense denied when amendment would be futile)*; Roth v.
Garcia-Marquez*, 942 *F.2d* 628 (9th Cir. 1991) (district court properly denied leave
to amend as futile because newly asserted claim would have been defeated on
summary judgment); *Rogers v. Lincoln Towing Serv. Inc.,* 771 *F.2d* 194 (7th Cir.
1985) (proposed amendment properly denied when it fails to allege facts to support
valid theory of liability).

16

The alleged facts asserted in plaintiff's proposed Fourth Amended Complaint occurred at least 11 years ago.  Plaintiff does not allege that Commonwealth engaged in fraudulent action within the last six years.  The Common Law Fraud claim in the proposed Fourth Amended Complaint is time-barred and, therefore, futile.  Accordingly, plaintiff's Motion for Leave to File Fourth Amended Complaint should be denied.

MEI 7572213v.1

## POINT II

## THE PROPOSED AMENDMENTS IN PLAINTIFF'S FOURTH AMENDED COMPLAINT DO NOT RELATE BACK UNDER *FED.R.CIV.P.* 15(c)

In the proposed Fourth Amended Complaint, plaintiff seeks to add entirely new claims and factual allegations against Commonwealth. Those new allegations do not arise out of the same conduct, transaction or occurrence asserted against Commonwealth in the original Complaint or any Amended Complaint. Pursuant to *Fed .R. Civ. P.* 15(c)(2), an amendment relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

Here, a close reading of plaintiff's proposed Fourth Amended Complaint reveals that the proposed amendments allege facts and conduct wholly different from that previously asserted by plaintiff in the original Complaint or any of the Amended Complaints. An examination of plaintiff's brief and of the proposed Fourth Amended Complaint reveals that plaintiff now alleges for the first time that Commonwealth and the other title insurance defendants committed fraud by "failing to disclose that the loan transactions were fraudulent and that the closing documents were not timely and properly recorded." *See* Plaintiff's Memorandum at 6. That new factual allegation (asserted at ¶77 of the proposed Fourth Amended Complaint in support of an entirely new theory of recovery against

18

Commonwealth) *does not* arise from the same conduct, transaction or occurrence as the claims asserted against Commonwealth in the original Complaint or any of the three previously Amended Complaints.

In the Third Amended Complaint and every previous pleading, plaintiff alleged that Commonwealth breached its contract with plaintiff by failing "to reimburse plaintiff for the losses it has incurred based on the fraud and/or misapplication of the approved attorneys as covered by the closing service letters." *See* Third Amended Complaint at ¶97. Now, plaintiff alleges for the first time that Commonwealth was an active participant in the alleged fraudulent conduct relating to the underlying and separate real estate transactions. Despite plaintiff counsel's argument to the contrary, the newly asserted factual allegations and theories of recovery in the proposed Fourth Amended Complaint *do not* "arise from the common core of operative facts previously alleged." *See* Plaintiff's Memorandum at 2.

In the Third Amended Complaint, plaintiff solely alleges that Commonwealth breached a contract despite Commonwealth's purported obligation to reimburse plaintiff for losses incurred due to the wrongful conduct of other defendants in this action. Commonwealth's alleged breach of contract necessarily occurred **after** the alleged acts of fraud by other defendants asserted in plaintiff's

original Complaint and the three Amended Complaints. Plaintiff has never before
asserted that Commonwealth was an active participant in the alleged fraud.

In the proposed Fourth Amended Complaint, plaintiff alleges that
Commonwealth actively participated in an alleged fraud by failing to disclose
material information. Such conduct was wholly unrelated to Commonwealth's
alleged breach of contract, and by definition any alleged fraudulent conduct by
Commonwealth occurred **before** the breach of contract that plaintiff alleges in the
original Complaint and the three Amended Complaints. Accordingly, plaintiff's
new allegations clearly do not arise out of the same conduct, transaction or
occurrence and the proposed Fourth Amended Complaint does not relate back
under *Fed.R.Civ.P.* 15(c)(2).

The conduct complained of in plaintiff's previous Complaints is
Commonwealth's alleged breach of contract. In the Fourth Amended Complaint,
the conduct complained of is fraud.

The transaction at issue in the previous Complaints is the consummation of a
purported agreement by Commonwealth to provide title insurance for plaintiff. In
the Fourth Amended Complaint, the transaction at issue is Commonwealth's
allegedly fraudulent omission of material information during the course of
underlying real estate transaction(s).

20

ME1 7572213v.1

Finally, the occurrence at issue in the previous Complaints is Commonwealth's alleged failure to provide insurance to cover plaintiff's losses, while in the Fourth Amended Complaint the occurrence is an affirmative act of fraud committed by Commonwealth.

Thus, the new factual allegations asserted by plaintiff in the proposed Fourth Amended Complaint can not relate back under *Rule* 15(c)(2) because those allegations *do not* arise out of the same conduct, transaction or occurrence alleged in the previous Complaints.

A proposed amendment "does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Farrell v. Einemann*, 2006 WL 5164064 at *1 (*quoting Mayle v. Felix*, 545 *U.S.* 644 (2005)). It is beyond dispute that the proposed Fourth Amended Complaint asserts a new ground for relief that is supported by facts that differ in both time and type from those asserted by plaintiff in the original Complaint and in each of the three Amended Complaints.

In support of its request for leave to amend, plaintiff relies on the Third Circuit's decision in *Bensel v. Allied Pilots Ass'n*, 387 *F.3d* 298 (3d Cir. 2004), to attempt to support its position that the newly asserted claims of Common Law Fraud relate back. In so doing, plaintiff suggests to the Court that the "proposed amendments simply state or clarify the legal theories upon which Walsh Securities

21

may be entitled to recovery against defendants and do not seek to expand the action to encompass different conduct." Plaintiff's Memorandum at 5 (emphasis added). Respectfully, plaintiff's effort to assert a new claim of fraud against Commonwealth based on entirely different facts for the first time eleven years after the initial Complaint was filed most certainly constitutes an attempt by plaintiff to "expand the action to encompass different conduct."

Plaintiff's reliance on *Bensel* thus is misplaced. As Judge Greenaway noted in *Farrell*, the proposed amendment in *Bensel* "merely expounds upon and further details the factual scenario and claims that were roughly sketched in the original Complaint." *Farrell v. Einemann*, 2006 WL 5164064 at *2. Here, in contrast, plaintiff's proposed amendment does not represent a simple effort to provide further detail to support an existing claim. Instead, plaintiff seeks to assert an entirely new claim based on entirely new facts. Plaintiff is asserting, for the first time, that Commonwealth acted affirmatively to defraud plaintiff.

The conduct, transaction and occurrence previously at issue in this matter relate to an alleged failure by Commonwealth to perform its obligations under a mortgage insurance contract, *not* to an affirmative fraudulent omission constituting Common Law Fraud, as is alleged in plaintiff's proposed Fourth Amended Complaint. Accordingly, the proposed Fourth Amended Complaint does not relate

back under *Fed. R. Civ. P.* 15(c)(2) and plaintiff's Motion for Leave to Amend must be denied.

## POINT III

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND MUST BE DENIED BECAUSE PLAINTIFF FAILED TO COMPLY WITH *FED. R. CIV. P.* 41

Plaintiff asserts that the proposed amendment simply is intended to streamline the Complaint to conform it to the evidence, and to clarify or to add legal theories based upon the facts previously alleged. *See* plaintiff's Memorandum of Law in Support of Motion to File Fourth Amended Complaint, at 1. Plaintiff thus seeks leave to amend exclusively pursuant to *Fed. R. Civ. P.* 15(a) and (c)(2). *See id.*

In point of fact, plaintiff's proposed Fourth Amended Complaint does not include claims against thirteen (13) separate defendants against whom plaintiff has asserted claims in the Third Amended Complaint. In particular, plaintiff's proposed Fourth Amended Complaint does not include claims against defendants DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, LLC, Robert Skowrenski, II, Roland Pierson, Michael Alfieri, Esq., Richard Pepsny, Esq., DAP Consulting, Inc., Stewart Title Guaranty Company, Irene Difeo, Donna Pepsny and Weichert Realtors.

*Fed. R. Civ. P.* 41(a)(2) states in pertinent part that "[e]xcept as provided in *Rule* 41(a)(1), an action may be dismissed at the plaintiff's request only by court

24

order, on terms that the court considers proper." Here, plaintiff has not filed a proper application pursuant to *Rule* 41(a)(2). Third Circuit decisional law confirms that an application pursuant to *Rule* 41 is the sole appropriate method by which a plaintiff may obtain voluntary dismissal of all claims against a party in these circumstances. *See, e.g., Ferguson v. Eakle*, 492 F.2d 26, 28-29 (3d Cir. 1974) (confirming court's discretion to determine whether dismissal is appropriate under *Rule* 41 and affirming district court's denial of motion for voluntary dismissal); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine), Product Liability Litigation,* 85 Fed. Appx. 845, 2004 WL 75379 (3d Cir. 2004) (same); *Sinclair v. Soniform, Inc.,* 935 F. 2d 599, 603 (3d Cir. 1991); *Smith, Kline & French Laboratories v. A.H. Robins Company,* 61 *F.R.D.* 24 (E.D. Pa. 1973); *Young v. Wilky Carrier Corporation,* 150 F.2d 764 (3d Cir. 1945).

Plaintiff here has failed to file an appropriate application under *Rule* 41 to attempt to obtain a Court Order dismissing all claims against thirteen (13) direct defendants. As such, this Court has not been afforded an opportunity to engage in a full and complete analysis to determine whether plaintiff's requested voluntary dismissal is appropriate.

Courts routinely engage in a thorough analysis to determine whether a dismissal under *Rule* 41 is appropriate. In particular, courts within the Third Circuit routinely assess, *inter alia*, whether a proposed voluntary dismissal would

prejudice remaining defendants, whether purported agreements relating to dismissal may be the product of collusion, and whether complete relief can be afforded to the parties (including remaining defendants) in the event voluntary dismissal is permitted by court order. *See, e.g., Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Transportation Authority, 224 F.R.D.* 601 (E.D. Pa. 2004); *Ferguson v. Eakle,* 492 F.2d 26 (3d Cir. 1974); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine), Product Liability Litigation,* 85 *Fed. Appx.* 845, 2004 WL 75379 (3d Cir. 2004).

Here, plaintiff's Motion for Leave to Amend should be denied because plaintiff has not moved as required under *Rule* 41. Unless and until an appropriate application is filed under *Rule* 41, no basis exists to grant plaintiff's attempted dismissal of all claims against thirteen (13) defendants. Respectfully, this Court should require a full and complete record on critical issues such as whether such voluntary dismissal would permit remaining parties to obtain full and complete relief, whether any remaining defendants may be prejudiced by such a dismissal and whether the requested relief is the result of potential collusion between plaintiff and certain defendants.

Accordingly, plaintiff's Motion for Leave to Amend must be denied based on plaintiff's failure to comply with *Rule* 41.

26

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a Fourth Amended Complaint should be denied.

McCARTER & ENGLISH, LLP

Attorneys for Defendant/Third-Party
  Defendant Commonwealth Land
  Title Insurance Company


By:      _i/\\_

        David R. Kott
        A Member of the Firm

Dated:  July 30, 2008

ME1 7572213v.1

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL
## CIVIL ACTION NO. 97-3496 (DRD)

Robert A. Magnanini, Esq.
Boies, Schiller & Flexner LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Ronald M. Kleinberg, Esq.
Richard A. Finkel, Esq.
Meissner, Kleinberg & Finkel, LLP
275 Madison Ave., Suite 1000
New York, New York 10016
**Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc.,
Oakwood Properties, Inc., and William J. Kane**

Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Muñoz, P.A.
100 Willowbrook Road
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ  07974
**Attorney for defendant Michael Alfieri, Esq. on the Sixth Count**

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, New Jersey  07013
**Attorney for Defendant Lawrence M. Cuzzi**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey  08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
**Attorney for Defendant Anthony M. Ciccalese (on certain counts of the Complaint)**

Anthony M. Cicalese, Esq.                    Anthony M. Cicalese
467 Long Hill Drive                          74C Manatiales de Belen
Short Hills, NJ 07078                        200 Mtrs Norte de igleseis de Ascen
**Pro se (on certain counts of the Complaint)**   San Antonio de Belen
                                             Heredia, Costa Rica
                                             **Pro se (on certain counts of the Complaint)**

Anthony Argiropoulos, Esq.
Fox, Rothschild, O'Brien & Frankel
997 Lenox Drive, Bldg. 3
Lawrenceville, New Jersey  08648
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania  19103-3291
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, New Jersey  07701
**Attorneys for defendant Roland J. Pierson**

Marc D. Freedman, Esq.
Freedman & Gersten, LLP
777 Terrace Avenue, 5th Floor
Hasbrouck Heights, NJ  07604
**Attorney for Third Party Defendant Elizabeth Ann DeMola**

MEI 2304466v.1

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey  07666

James R. Brown, Pro Se
1089 Cedar Avenue
Union, New Jersey  07083

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
3 Loller Drive
Martinsville, New Jersey  08836

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ  07756-1397

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, Florida 33707

Capital Assets Property Management, LLC
10 West Bergen Place
Red Bank, NJ 07701

Andrew I. Indeck, Esq.
Scarinci & Hollenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
**Attorney for Garden State Indemnity Co. (Legal Malpractice carrier
for defendant Michael Alfieri)**

3