# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH. 973.218.1111 • FAX 973.218.1106

*Via Electronic Filing*
August 4, 2008

Honorable Michael A. Shipp
United States Magistrate Judge
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> **Re:** **Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.**
> **Civil Action No.: 97-3496 (DRD/MAS)**

Dear Judge Shipp:

This firm represents Plaintiff Walsh Securities, Inc. ("Walsh Securities") in the above-referenced matter. Please accept this letter in opposition to the letter application of Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, and Nations Title Insurance Company (collectively, the "Title Insurance Defendants") that they be permitted to depose a corporate representative of Walsh Securities pursuant to Fed. R. Civ. P. 30(b)(6) for 28 hours over four days. For the reasons set forth herein, the Title Insurance Defendants' application should be denied.

Fed. R. Civ. P. 30(d)(2) makes clear that "[u]nless otherwise stipulated or ordered by the court, *a deposition is limited to 1 day of 7 hours.*" (Emphasis added). While the Court "must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impeded or delays the examination," it is well settled that the party seeking to exceed the seven hour time limit must show "good cause to justify such an order." *Id.*; Advisory Committee Notes to the 2000 Amendments to Fed. R. Civ. P. 30(d)(2) ("Advisory Committee Notes"). The Title Insurance defendants have not -- and indeed, cannot -- meet this burden.

In enacting the durational limit set forth in Rule 30(d)(2), the Advisory Committee specifically expressed its apprehension that "overlong depositions can result in undue costs and delays in some circumstances." The Title Insurance Defendants now request that this Court ignore those valid concerns and the limitation that the Advisory Committee put in Rule 30(d)(2) to alleviate the same. The Title Insurance Defendants posit that the "extremely complex" nature of the instant matter somehow justifies their request that the Court *quadruple* the time within which Plaintiff may be deposed. Not only does this mischaracterize the nature of this litigation, it plainly ignores the fact that countless depositions occur within the seven hour time limit in cases far more complex than this. *See generally* 8A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2104.1 (noting that most depositions do not exceed the one-day limit). Indeed, this office was recently involved in a matter worth *billions* of dollars where the vast

BOIES,   SCHILLER & FLEXNER   LLP

Honorable Michael A. Shipp
August 4, 2008
Page 2 of 3

majority of the witnesses (of the dozens that were deposed) were deposed in under six and one-half hours.

The Title Insurance Defendants have claimed that as this is allegedly a "very 'heavy' document case" and that as there are several parties that might wish to question Plaintiff, they are entitled to a gross deviation from the time limit set forth in Rule 30(b)(2). Cognizant of the possibility of such situations, however, the Advisory Committee made a number of relevant suggestions. First, it recommended that "[i]n cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them." Advisory Committee Notes. Further, it noted that "parties with similar interests should strive to designate one lawyer to question about areas of common interest." *Id.* It is unclear whether the Title Insurance Defendants have even considered conducting Plaintiff's deposition in this manner.

Moreover, the Title Insurance Defendants have summarily disregarded Plaintiff's suggestion that the deposition be held for seven hours and the need for additional deposition time be addressed thereafter as "not realistic." However, Plaintiff's position is wholly consistent with the holdings of number of Courts that a party seeking to extend a deposition should exhaust the initial seven hours and then attempt to negotiate additional time before seeking judicial assistance: "the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period. If the parties cannot reach a stipulation, then Court intervention may be sought." *Malec v. Trustees of Boston College,* 208 F.R.D. 23, 24 (D. Mass 2002); *see also General Electric Co. v. Indemnity Ins. Co. of North America,* 2006 WL 1525970, *3 (May 25, 2006 D. Conn.) (citing *Malec,* 208 F.R.D. 23).

Here, the Title Insurance Defendants have not demonstrated the requisite good cause to extend Plaintiff's deposition to four days and have rebuffed Plaintiff's suggestion that they proceed with the deposition and then determine their need to continue the same beyond the seven hours. Pursuant to case law, the Federal Rules and the Advisory Committee Notes, the Title Insurance Defendants should proceed with Plaintiff's deposition for seven hours and if, thereafter, they still maintain that additional deposition time is necessary, Plaintiff should be given the opportunity to consider that request before judicial intervention is sought. Such a procedure is consistent with both the letter and spirit of Rule 30(b)(2).

For the forgoing reasons, the Title Insurance Defendants' application should be denied.

Respectfully submitted,

Robert A. Magnanini

cc:   David R. Kott, Esq.

BOIES,   SCHILLER & FLEXNER   LLP

Honorable Michael A. Shipp
August 4, 2008
Page 3 of 3

> Edward J. Hayes, Jr., Esq.
> Martin R. McGowan, Jr., Esq.
> Anthony M. Cicalese, Esq.
> Marc D. Freedman, Esq.
> Richard Calanni, *pro se*
> Richard DiBenedetto, *pro se*