

ATTORNEYS AT LAW

August 11, 2008

**BY ELECTRONIC FILING AND BY REGULAR MAIL**

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07102

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

Re: <u>Walsh Securities, Inc. v. Cristo Property Management, et al</u>.
United States District for the District of New Jersey
Civil Action No. 97-3496 (DRD)

Dear Judge Shipp:

We represent the defendant Commonwealth Land Title Insurance Company in this case. We have an application pending with respect to the length of the Rule 30(b)(6) deposition of plaintiff Walsh Securities, Inc. Please accept this letter reply brief in support of our application.

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

Plaintiff has filed this lawsuit, seeking in excess of $640 million in damages. The Third Amended Complaint involves 220 loans, names as defendants numerous parties, and asserts numerous causes of action against various parties. The plaintiff has pending a motion for leave to file a Fourth Amended Complaint adding three new counts to Walsh's case. Against this background, with Walsh having chosen to file this lawsuit, seeking these damages, with numerous causes of action -- Walsh surely should not be heard to complain if the deposition of its representative is longer than one day/seven hours.

In addition, we add the following:

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

1. Generally we acknowledge that the Federal Rules of Civil Procedure contemplate that most depositions will be limited to one day/seven hours. However, the Federal Rules of Civil Procedure contemplate that there are cases in which a deposition cannot realistically be completed in one day/seven hours. (Fed. R. Civ. P. 30(d)(1) (the Court "<u>must</u>" allow additional time for the deposition beyond one day/seven hours if additional time is in fairness needed to conduct an adequate deposition.)) This case does not involve a fall-down at the post office or an automobile accident with soft tissue injuries -- if it did, we would readily concede that the deposition of the plaintiff could be completed within seven hours.

WILMINGTON

ME1 7611611v.1

2. Plaintiff's counsel in his August 4, 2008 letter brief states that his law firm was recently involved in a matter ". . . where the majority of the witnesses (of the dozens that were deposed) were deposed in under six and one-half hours." Hence, it appears that in that case, certain of the witnesses were not deposed within one day/seven hours. Moreover, the fact that depositions of witnesses in a different large case can be completed within one day/seven hours is not relevant here, where the claims of the plaintiff not only involve significant sums of money, but are highly complex.

3. With respect to whether the title insurance companies have designated one lawyer to question about areas of common interest, for the most part the title insurance defendants (as well as co-defendant Coastal Title) have not had any disputes between and among themselves as to the conduct of the litigation. I have a great deal of confidence that one of the defendants' lawyers will "take the lead" on each subject to be covered in the deposition, and any follow-up questioning by attorneys for other defendants will not be repetitive, but simply "fill in the holes" in the testimony of the witness. The title companies have no interest in unduly extending the deposition.

4. Plaintiff's counsel in his August 4, 2008 letter brief suggests that the defendants should take the deposition for one day/seven hours, and then plaintiff will give its position on whether the deposition can extend for additional days. This is wholly unworkable in this case. First, the defendants need some sense of the length of the deposition before starting it -- otherwise, they run the risk that they will not cover significant issues during the first day/seven hours, and they will be foreclosed from taking additional testimony of the deponent on additional days. Second, in addition to the title insurance defendants, there are other defendants who we contemplate will appear at the deposition -- the attorney for Coastal Title, and certain of the pro se defendants. If the deposition might be limited to one day/seven hours, it is highly unlikely that the various defendants could agree on a priority of the most important issues to be covered in the deposition, and which issues are less important. In addition, it is highly unlikely that the defendants could agree between and among themselves as to the amount of time during the deposition that should be allocated to each defendant. Our application is fully briefed, and ripe for disposition now. Plaintiffs have not shown any practical reason why the Court should not decide this issue at this time; indeed, as noted above, the practicalities are such that in

Honorable Michael A. Shipp
August 11, 2008
Page 3

        fairness to the defendants, this application should be decided by the Court at this time.

The purposes and spirit of the Federal Rules of Civil Procedure are well known to the Court. They are designed to allow a party to obtain the discovery needed to be prepared for trial. The Federal Rules of Civil Procedure contemplate some balancing between the quantum of the discovery sought and the complexity of the issues in the case. Against this record, the Court should grant our application.

Respectfully submitted,

*[signature]*

David R. Kott

DRK:lfj

cc:    Robert A. Magnanini, Esq. (by electronic filing and by regular mail)
       Edward J. Hayes, Jr., Esq. (by electronic filing and by regular mail)
       Martin R. McGowan, Jr., Esq. (by electronic filing and by regular mail)
       All Counsel on the Attached Service List

ME1 7611611v.1

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL
## CIVIL ACTION NO. 97-3496 (DRD)

Robert A. Magnanini, Esq.
Boies, Schiller & Flexner LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Ronald M. Kleinberg, Esq.
Richard A. Finkel, Esq.
Meissner, Kleinberg & Finkel, LLP
275 Madison Ave., Suite 1000
New York, New York 10016
**Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc., Oakwood Properties, Inc., and William J. Kane**

Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Muñoz, P.A.
100 Willowbrook Road
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ 07974
**Attorney for defendant Michael Alfieri, Esq. on the Sixth Count**

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, New Jersey 07013
**Attorney for Defendant Lawrence M. Cuzzi**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey 08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

ME1 2304466v.1

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
**Attorney for Defendant Anthony M. Ciccalese (on certain counts of the Complaint)**

Anthony M. Cicalese, Esq.  Anthony M. Cicalese
467 Long Hill Drive  74C Manatiales de Belen
Short Hills, NJ 07078  200 Mtrs Norte de igleseis de Ascen
**Pro se (on certain counts of the Complaint)**  San Antonio de Belen
 Heredia, Costa Rica
 **Pro se (on certain counts of the Complaint)**

Anthony Argiropoulos, Esq.
Fox, Rothschild, O'Brien & Frankel
997 Lenox Drive, Bldg. 3
Lawrenceville, New Jersey 08648
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania 19103-3291
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, New Jersey 07701
**Attorneys for defendant Roland J. Pierson**

Marc D. Freedman, Esq.
Freedman & Gersten, LLP
777 Terrace Avenue, 5th Floor
Hasbrouck Heights, NJ 07604
**Attorney for Third Party Defendant Elizabeth Ann DeMola**

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey 07666

James R. Brown, Pro Se
1089 Cedar Avenue
Union, New Jersey 07083

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
3 Loller Drive
Martinsville, New Jersey 08836

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ 07756-1397

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, Florida 33707

Capital Assets Property Management, LLC
10 West Bergen Place
Red Bank, NJ 07701

Andrew I. Indeck, Esq.
Scarinci & Hollenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
**Attorney for Garden State Indemnity Co. (Legal Malpractice carrier
for defendant Michael Alfieri)**