# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH. 973.218.1111 • FAX 973.218.1106

*Via Electronic Filing*
November 17, 2008

Honorable Michael A. Shipp
United States Magistrate Judge
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re: **Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.**
      **Civil Action No.: 97-3496 (DRD/MAS)**

Dear Magistrate Judge Shipp:

  This firm represents plaintiff Walsh Securities, Inc. ("Walsh Securities") in the above-referenced matter. Please accept this letter brief in lieu of a more formal memorandum of law in support of Walsh Securities' motion for reconsideration of the Court's October 31, 2008 Opinion & Order denying Walsh Securities' motion for leave to file a Fourth Amended Complaint. While Walsh Securities sought to add six additional causes of action and expand one cause of action, the Court's Opinion & Order addressed only those four causes of action that defendants opposed. Therefore, Walsh Securities seeks clarification on the remaining claims.

## RELEVANT PROCEDURAL HISTORY

  On June 27, 2008, Walsh Securities moved for leave to amend its pleading. In the proposed Fourth Amended Complaint, Walsh Securities expanded upon claims in the Third Amended Complaint and included a number of new claims. The proposed new claims included: (a) common law fraud against defendants Commonwealth Land Title Insurance Company ("Commonwealth"), Nations Title Insurance Company of New York, Inc. ("Nations"), Fidelity National Title Insurance Company ("Fidelity") (collectively, the "Title Insurance Defendants"), and Coastal Title Agency ("Coastal") in proposed Count III; (b) breach of contract against Coastal in proposed Count V; (c) negligence against Coastal in proposed Count VI; (d) unlawful interference with prospective economic advantage against Fidelity in proposed Count VII; (e) wrongful delay and/or denial of insurance claim against the Title Insurance Defendants in proposed Count VIII; and (f) a declaration of coverage against the Title Insurance Defendants in proposed Count IX. Additionally, in proposed Count IV, Walsh Securities expanded its pre-existing breach of contract claim against the Title Insurance Defendants to include allegations of a breach of the duty of good faith and fair dealing, to make clear that it has also been pursuing claims under the title insurance policies, and to specifically plead the damages. (*Docket Entry 264*).

  Each of the Title Insurance Defendants opposed Walsh Securities' motion for leave to amend its pleading. In its opposition, Commonwealth argued that Walsh Securities' delay in seeking leave to amend was undue, unreasonable, and inexcusable, that Walsh Securities failed to

BOIES, SCHILLER & FLEXNER LLP

Honorable Michael A. Shipp
November 17, 2008
Page 2 of 5

assert a common law fraud claim against it despite three previous amendments, and that Walsh Securities' proposed common law fraud claim was time barred and futile. (*Docket Entry 271*). Similarly, Nations and Fidelity argued that Walsh Securities' proposed claims for common law fraud and tortious interference were barred by undue delay and futility. (*Docket Entry 273*). None of the Title Insurance Defendants opposed – or even addressed – Walsh Securities' proposed claims for wrongful delay and/or denial of its insurance claims, breach of the duty of good faith and fair dealing, or a declaration of insurance coverage.

On October 31, 2008, this Court denied Walsh Securities' motion for leave to file a Fourth Amended Complaint. In its Opinion & Order of that date, the Court specifically held that the motion should not be denied on the grounds of undue delay or undue prejudice to the non-moving parties. The Court further held, however, that Walsh Securities' proposed amendment was futile in that the proposed claims of fraud, tortious interference, and negligence did not relate back pursuant to Fed. R. Civ. P. 15(c)(2) because they did not arise out of the same conduct, transaction, or occurrence set forth in the original pleading. (*Docket Entry 289*).

Because the Court's Opinion & Order did not expressly address Walsh Securities' proposed claims for wrongful delay and/or denial of its insurance claims, breach of the duty of good faith and fair dealing, and a declaration of insurance coverage, Walsh Securities requests that the Court reconsider its Opinion & Order denying it leave to file a Fourth Amended Complaint.

## LEGAL ARGUMENT

### I.  Standard Of Review

Local Civil Rule 7.1(i) (formerly 7.1(g)) permits a party to move for reargument or reconsideration of a district court's decision if there are "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." "The word 'overlooked' is the operative term in the Rule . . . . Only where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion." *Rouse v. Plantier*, 997 F. Supp. 575, 578 (D.N.J. 1998) (citing Allyn Z. Lite, *New Jersey Fed. Prac. Rules* 86 (1996 & Supp. 1997)), *vacated and remanded on other grounds*, 182 F.3d 192 (3d Cir. 1999). *See also Bowers v. National Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Courts will reconsider orders when matters have been overlooked "'to correct manifest errors of law or fact or to present newly discovered evidence,' *see Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), not to restate already rejected arguments . . . ." *Hurst v. City of Rehoboth Beach*, 2008 WL 2916374 (3d Cir. July 30, 2008).

### II.  In Denying, In Its Entirety, Walsh Securities' Motion To File A Fourth Amended Complaint, The Court Apparently Overlooked Certain Claims Which Would Have Resulted In A Different Conclusion.

Though this Court expressly found that there was no undue delay or undue prejudice to the non-moving parties, it only addressed three of Walsh Securities' proposed amendments. Indeed, the Title Insurance Defendants only opposed those three proposed amendments. Consequently, the

BOIES, SCHILLER & FLEXNER LLP

Honorable Michael A. Shipp
November 17, 2008
Page 3 of 5

Court apparently overlooked the fact that Walsh Securities' proposal to amend the Third Amended Complaint against the Title Insurance Defendants also included contractual claims for wrongful delay and/or denial of insurance claims, a declaration of coverage, and breach of the duty of good faith and fair dealing. While Walsh Securities respectfully disagrees with the Court's determination on its proposed claims for fraud, tortious interference, and negligence because the timeframe of a contract runs from when the contract was entered into, not from when the breach occurred, even under the Court's reasoning, these three contractual claims arose during the same "time frame and types of facts" that gave rise to the breach of contract claim that the parties have already been litigating. Because the Title Insurance Defendants did not oppose these three proposed amendments, and because these counts relate back to the underlying breach of contract claim, this Court should allow Walsh Securities to amend its Third Amended Complaint to assert these claims and related facts.

### A. The Court Apparently Overlooked Walsh Securities' Proposed Claim Against The Title Insurance Defendants For Wrongful Delay And/Or Denial Of Its Insurance Claims.

In proposed Count VIII, Walsh Securities seeks to assert a claim for the Title Insurance Defendants' wrongful delay and/or denial of its covered title insurance claims. Specifically, it alleged that the Title Insurance Defendants' failure to process and pay such claims in a reasonable time was done intentionally without debatable reason. Such a cause of action was first recognized by the Supreme Court of New Jersey in *Pickett v. Lloyd's*, 131 N.J. 457 (1993), which concerned an insurance company's bad faith failure to pay collision benefits to its insured for the destruction of a tractor-trailer truck. In holding that the carrier's failure to pay could be the basis of an action for damages in excess of the policy benefits, the court held that:

> [O]ur law does recognize such a cause of action when the failure to pay the policy results from a denial or withholding of benefits for reasons that are not even debatably valid and the economic losses sustained by the policyholder are clearly within the contemplation of the insurance company.

*Id.* at 461. While noting that "[c]ompensation should not be dependent on what label we place on an action but rather on the nature of the injury inflicted on the plaintiff and the remedies requested," the *Pickett* court nevertheless observed that this cause of action "is best understood as one that sounds in contract." *Id.* at 470.

Walsh Securities' proposed bad faith claim under *Pickett* clearly arises out of the same conduct, transaction, or occurrence as set forth in the Third Amended Complaint, and accordingly relates back to it. The "time frame and types of facts" underlying the bad faith claim directly relate to the "time frame and types of facts" underlying the breach of contract claim in the Third Amended Complaint because they stem from the same title insurance policies and closing service protection letters issued by the Title Insurance Defendants' and their breach thereof. Moreover, as the Title Insurance Defendants have continued to deny any obligation to provide coverage to Walsh Securities throughout the course of this litigation, they have continued to act in bad faith.

BOIES, SCHILLER & FLEXNER LLP

Honorable Michael A. Shipp
November 17, 2008
Page 4 of 5

### B. The Court Apparently Overlooked Walsh Securities' Proposed Claim Against The Title Insurance Defendants For A Declaration Of Insurance Coverage.

Count IX of the proposed Fourth Amended Complaint seeks to assert a claim for declaration of coverage, under the Declaratory Judgment Act, 28 U.S.C. § 2201, against the Title Insurance Defendants. This claim seeks "a declaration of the rights, duties, and obligations of the parties with respect to the title insurance policies and closing service protection letters" issued by the Title Insurance Defendants, which are the subject of the breach of contract cause of action. Thus, Walsh Securities' proposed amendment relates back, and should be allowed, because it asserts the same "time frame and types of facts" as those of the breach of contract claims already contained in the Third Amended Complaint. Further, the Title Insurance Defendants have continued, to this day, to fail to provide coverage under the title insurance policies, despite having been put on notice by Walsh Securities when the RICO scheme was uncovered. Their failure to provide coverage under the title insurance policies which they issued arose in the same "time frame and types of facts" related to their alleged breach of contract.

### C. The Court Overlooked Walsh Securities' Proposed Claim Against The Title Insurance Defendants For Breach Of The Duty Of Good Faith And Fair Dealing.

In proposed Count IV, Walsh Securities seeks to amend its pre-existing breach of contract claim against the Title Insurance Defendants to include, *inter alia*, allegations concerning the Title Insurance Defendants' breach of the duty of good faith and fair dealing. It is well settled that every contract in New Jersey contains an implied covenant of good faith and fair dealing. *Wilson v. Amerada Hess Corporation*, 168 N.J. 236, 244 (N.J. 2001) (*quoting Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997), *cert. denied*, 454 U.S. 1054 (1981)). Specifically, as the New Jersey Supreme Court held:

> In every contract there is an implied covenant that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; in other words, in every contract there exists an implied covenant of good faith and fair dealing."

*Sons of Thunder*, 148 N.J. at 420 (*citing Palisades Properties v. Brunetti*, 44 N.J. 117, 130 (1965)).

As New Jersey contracts, the title insurance policies and closing service protection letters at issue in the Third Amended Complaint clearly contain implied covenants of good faith and fair dealing. As a result, Walsh Securities should have been permitted to amend its pleading to specifically assert violations of such covenants relating to the Title Insurance Defendants' failure to process and pay the covered claims in a reasonable time and meaningfully investigate the same in a timely manner. The "time frame and types of facts" underlying Walsh Securities' claim concerning the breach of the duty of good faith and fair dealing are identical to those of the previously alleged breach of contract claim.

BOIES, SCHILLER & FLEXNER LLP

Honorable Michael A. Shipp
November 17, 2008
Page 5 of 5

## CONCLUSION

For the reasons set forth above, Walsh Securities respectfully submits that the Court apparently overlooked portions of the proposed Fourth Amended Complaint when it denied Walsh Securities' motion for leave to amend in its entirety. Accordingly, Walsh Securities requests that the Court reconsider its October 31, 2008 Opinion & Order, and modify the same, to permit Walsh Securities to amend its Third Amended Complaint to assert claims and facts against the Title Insurance Defendants for wrongful delay and/or denial of insurance claims, a declaration of coverage, and breach of the duty of good faith and fair dealing as set forth in the proposed Fourth Amended Complaint.

Respectfully submitted,

/s/

Robert A. Magnanini