# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : |
| Plaintiff, | : |
| v. | : |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a | : Civil Action No. 97-3496 |
| G.J.L. LIMITED; DEK HOMES OF NEW JERSEY, INC.; | : |
| OAKWOOD PROPERTIES, INC.; NATIONAL HOME | : Judge Dickinson R. Debevoise |
| FUNDING, INC.; CAPITAL ASSETS PROPERTY | : Magistrate Judge Michael A. Shipp |
| MANAGEMENT & INVESTMENT CO., INC.; CAPITAL | : |
| ASSETS PROPERTY MANAGEMENT, LLC; WILLIAM | : |
| KANE; GARY GRIESER; ROBERT SKOWRENSKI, II; | : *Electronically Filed* |
| RICHARD CALANNI; RICHARD DiBENEDETTO; | : |
| JAMES R. BROWN; THOMAS BRODO; ROLAND | : |
| PIERSON; STANLEY YACKER, ESQ.; MICHAEL | : |
| ALFIERI, ESQ.; RICHARD PEPSNY, ESQ.; ANTHONY | : |
| M. CICALESE, ESQ.; LAWRENCE CUZZI; ANTHONY | : |
| D'APOLITO; DAP CONSULTING, INC.; | : |
| COMMONWEALTH LAND TITLE INSURANCE CO.; | : |
| NATIONS TITLE INSURANCE OF NEW YORK, INC.; | : |
| FIDELITY NATIONAL TITLE INSURANCE CO. OF | : |
| NEW YORK; COASTAL TITLE AGENCY; STEWART | : |
| TITLE GUARANTY COMPANY; IRENE DiFEO; | : |
| DONNA PEPSNY; WEICHERT REALTORS; and | : |
| VECCHIO REALTY, INC., d/b/a MURPHY REALTY | : |
| BETTER HOMES AND GARDENS, | : |
| Defendants. | : |

## BRIEF OF DEFENDANTS NATIONS TITLE
## INSURANCE OF NEW YORK, INC. AND FIDELITY
## NATIONAL TITLE INSURANCE CO. OF NEW YORK IN
## OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Edward J. Hayes, Esquire
David H. Colvin, Esquire
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103
(215) 299-2092/2139
(215) 299-2150 (facsimile)

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION.................................................................................... 1

II.  LEGAL ARGUMENT ............................................................................ 3

      A.   Standard On Motion For Reconsideration............................................ 3

      B.   The Court Did Not Overlook Walsh's Proposed Title Insurance
           Claims When The Court Denied Walsh's Motion For Leave To
           File A Fourth Amended Complaint...................................................... 4

      C.   The Court Should Deny Walsh's Motion Because Walsh's
           Proposed Title Insurance Claims Do Not Relate Back To The
           Core Allegations In Walsh's Original Complaint ................................ 8

III. CONCLUSION ..................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

<u>Above the Belt v. Mel Bohannon Roofing, Inc.</u>,
   99 F.R.D. 99 (E.D. Va. 1983) ........................................................................... 4

<u>Blatt v. Merrill Lynch</u>,
   916 F. Supp. 1343 (D.N.J. 1996) .................................................................... 9

<u>Bowers v. National Collegiate Athletic Association</u>,
   130 F. Supp.2d 610 (D.N.J. 2001) ................................................................ 3

<u>Eichorn v. AT&T Corp.</u>,
   1999 U.S. Dist. LEXIS 22713 (D.N.J. Aug. 23, 1999) ................................. 4

<u>Green v. Evesham Corporation</u>,
   179 N.J. Super. 105 (App. Div. 1981) ......................................................... 11

<u>Hackensack Riverkeeper, Inc. v. Delaware Otsego Corp.</u>,
   Civ. A. No. 05-4806, U.S. Dist. LEXIS 43559 (D.N.J. June 15, 2007) ...... 3-5

<u>Maldonado v. Lucca</u>,
   636 F. Supp. 621 (D.N.J. 1986) ..................................................................... 3

<u>NL Industries, Inc. v. Commercial Union Insurance Co.</u>,
   935 F. Supp. 513 (D.N.J. 1996) ................................................................ 4, 8

<u>Oritani Savings & Loan Association v. Fidelity & Deposit Co. of Md.</u>,
   744 F. Supp. 1311 (D.N.J. 1990) .................................................................. 4

<u>Resorts International, Inc. v. Greate Bay Hotel & Casino</u>,
   830 F. Supp. 826 (D.N.J. 1992) .................................................................... 3

### <u>STATUTES</u>

N.J.S.A. 2A:14-1 ............................................................................................... 4

### <u>RULES</u>

Federal Rule of Civil Procedure 15 ........................................................... 3, 9, 13

Local Rule 7.1(i) ............................................................................................... 3

## <u>OTHER</u>

James Bruce Davis, *The Law of Closing Protection Letters*,
36 Tort & Ins. L.J. 845.................................................................................. 13

Defendants, Nations Title Insurance of New York, Inc. and Fidelity National Title Insurance Co. of New York (collectively, "**Fidelity**"), by and through their undersigned counsel, Fox Rothschild LLP, respectfully submit this memorandum of law in opposition to the motion filed by plaintiff, Walsh Securities, Inc. ("**Walsh**"), for reconsideration of this Court's Order and Opinion, dated October 31, 2008 (the "**Order**"), denying Walsh's motion for leave to file a fourth amended complaint. For the reasons that follow, the Court should deny Walsh's motion for reconsideration.[1]

## I.   <u>INTRODUCTION</u>

Walsh contends that the Court should modify its Order denying Walsh's motion for leave to file a fourth amended complaint and permit Walsh to assert new and factually unrelated claims against Fidelity because the Court is alleged to have "overlooked" certain aspects of Walsh's proposed amendment. Specifically, Walsh seeks reconsideration to add claims against Fidelity for (i) breach of duty of good faith and fair dealing (Proposed Count IV), (ii) wrongful delay and/or denial of insurance claim (Proposed Count VIII), and (iii) declaration of coverage (Proposed Count IX) (collectively, the "**Proposed Title Insurance Claims**"). Walsh's motion is without merit for several reasons.

---

[1]    Fidelity incorporates by reference herein the brief submitted by defendant, Commonwealth Land Title Insurance Company, in opposition to Walsh's motion for reconsideration.

First, Walsh's argument that Fidelity did not oppose Walsh's attempt to amend its complaint by adding the Proposed Title Insurance Claims is contradicted by the record. In its brief in opposition to Walsh's motion for leave to amend, Fidelity asked the Court to deny Walsh's motion in its entirety. The proposed order that Fidelity submitted with its brief in opposition provides, without qualification, that the Court should deny Walsh's motion in its entirety. Moreover, the mere fact that the Court did not explicitly address the Proposed Title Insurance Claims in its Order does not mean that the Court failed to consider Walsh's Proposed Title Insurance Claims. As such, it is disingenuous for Walsh to claim that Fidelity did not oppose, and that the Court did not consider, the Proposed Title Insurance Claims.

Second, Walsh had ample opportunities to raise the issues set forth in its motion for reconsideration in its reply brief in further support of its motion for leave to amend and during oral argument. Walsh did not do so. If Walsh actually believed that Fidelity (and the other Title Insurance Defendants) had silently assented to the Proposed Title Insurance Claims, then Walsh certainly would have raised the issue with the Court in its moving papers or at oral argument. Because Walsh is not permitted to use a motion for reconsideration to make arguments that it could have made before the Court entered its Order, the Court should deny Walsh's motion for reconsideration.

<u>Third</u>, even if the Court agrees that Walsh's Proposed Title Insurance Claims were somehow "overlooked", the Court should not permit Walsh to amend its complaint because Walsh's Proposed Title Insurance Claims do not satisfy Federal Rule of Civil Procedure 15 and, as such, would be barred by the applicable statute of limitations.

Accordingly, the Court should deny Walsh's motion for reconsideration.

## II.   **LEGAL ARGUMENT**

### A.   <u>Standard On Motion For Reconsideration</u>

In the United States District Court for the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i), which "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." <u>Hackensack Riverkeeper, Inc. v. Delaware Otsego Corp.</u>, Civ. A. No. 05-4806, U.S. Dist. LEXIS 43559, at *5 (D.N.J. June 15, 2007) (Debevoise, J.) (quoting Local Civil Rule 7.1(i)). A motion for reconsideration is "an extremely limited procedural vehicle," and relief sought by a motion for reconsideration is granted "very sparingly." <u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 130 F. Supp.2d 610, 613 (D.N.J. 2001) (quoting <u>Resorts Int'l, Inc. v. Greate Bay Hotel & Casino</u>, 830 F. Supp. 826, 831 (D.N.J. 1992) and <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986)). Significantly, a party may not file a motion for reconsideration in order to "ask the Court to rethink what

is [sic] had already thought through – rightly or wrongly." Oritani Savings & Loan Ass'n v. Fidelity & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting Above the Belt v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  Similarly, a party may not file a motion for reconsideration to raise an argument that it could have raised prior to the entry of the order on which it seeks reconsideration.  See, e.g., NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Applying these standards to the motion pending before the Court, it can be seen that the motion must be denied.

**B.     The Court Did Not Overlook Walsh's Proposed Title Insurance Claims When The Court Denied Walsh's Motion For Leave To File A Fourth Amended Complaint**

Walsh's motion for reconsideration is entirely premised on the assumption that the Court overlooked Walsh's Proposed Title Insurance Claims when the Court denied Walsh's motion for leave to file an amended complaint and that Fidelity did not oppose the request to include the Proposed Title Insurance Claims in the Fourth Amended Complaint.  Walsh is mistaken.  Although the Court did not explicitly discuss Walsh's Proposed Title Insurance Claims in the Order, as Judge Debevoise has held previously, "[t]hat a legal argument was not explicitly mentioned by the court does not preclude a finding that it was not overlooked in the court's initial consideration of the matter."  Hackensack Riverkeeper, Inc., 2007 U.S. Dist. LEXIS 43559, at *6 (citing Eichorn v. AT&T Corp., 1999 U.S.

4

Dist. LEXIS 22713 (D.N.J. Aug. 23, 1999)). Equally important, a court may be deemed to have considered an argument "if it is presented to the court in written submissions and in oral argument." Id. In Hackensack Riverkeeper, Judge Debevoise denied a motion for reconsideration on the basis that the issues that the plaintiffs claimed the Court overlooked were submitted to the Court either through plaintiffs' amended complaint, the briefs or at oral argument. Id. at *13. As such, Judge Debevoise concluded that the Court had "considered" plaintiffs' arguments and that plaintiffs sought reconsideration simply because they disagreed with the Court's decision.

The logic of Hackensack Riverkeeper is equally applicable here. Walsh filed a motion for leave to file a fourth amended complaint and, although Walsh did not specifically address its Proposed Title Insurance Claims in its brief in support of its motion, the proposed fourth amended complaint contains the Proposed Title Insurance Claims. Moreover, Fidelity (and the other Title Insurance Defendants) opposed – without qualification – Walsh's motion for leave to amend in its entirety. See, e.g., Fidelity Brief in Opposition at 24 [Doc. No. 273]; Fidelity Proposed Order [Doc. No. 273]. At oral argument, counsel for Walsh made statements to the Court that implicitly referred to the Proposed Title Insurance Claims. For example, counsel for Walsh stated:

> And, in fact, what we've alleged, both in our prior complaints and with these amendments, is that didn't

5

occur, that Walsh's closing instructions weren't
followed, <u>that the documents, the mortgages and notes
were not recorded properly</u>. As a matter of fact, in going
through some of the documents we've come upon, we've
got Cristo Properties, which bought the property for, say
$10,000, from an estate and then sold it to one of the
straw buyers. <u>We actually have the sale from Cristo to
the straw buyer, which is financed by Walsh, being
recorded first before Cristo was actually    bought    the
property from the buyer.</u>

<u>See</u> Transcript of Oral Argument, dated September 19, 2008 at 8:10-20 (emphasis

added). A true and correct copy of the Transcript is attached hereto as **Exhibit**

**"A"**.[2]

This reference by Walsh's counsel to the Proposed Title Insurance Claims

which Walsh was now seeking to assert <u>for the first time</u> caused counsel for

Fidelity to remind the Court that claims under the title insurance policies were

never an issue raised in any of the prior complaints filed by Walsh:

The claim of the multi-count complaint against Mr.
Kott's client and mine was simple: you issued a closing
protection letter to us, the closing protection letter were –
they were issued at each closing and they constituted a
contract between your company and Walsh to protect
against the fraud that we've complained of in this case.
Not you're a participant, but you had a contractual
obligation under the closing protection letter to protect us
against the fraud.

Now, interestingly, although we hear all these arguments
about the title policies, the companies also issued title

---

[2] Notably, none of the allegations referred to by counsel for Walsh at the oral
argument are directed at Fidelity in Walsh's fourth amended complaint.

> policies at each of those closings.  Those title policies were not the subject of the first complaint and the second complaint and the third complaint or the fourth complaint, the complaint was limited to Mr. Kott's client and my client didn't do what they were contractually obligated to do under the closing protection letters.

See Transcript of Oral Argument at 19:8-23.  During his rebuttal, counsel for Walsh specifically addressed the Proposed Title Insurance Claims simply by stating:

> And, then, the other claims we have against the title companies – wrongful delay, and denial of insurance claims, and coverage and a declaration asking for coverage so we can get paid – all, again, relate back to these initial claims that we've had.

See Transcript of Oral Argument at 27:3-7.  If, in fact, it was Walsh's position that inclusion of the Proposed Title Insurance Claims in the fourth amended complaint was either agreed to by Fidelity, or not objected to, it was incumbent upon counsel to state at that time that the arguments raised by Fidelity's counsel regarding the title policy claims were not properly before the Court as such claims were agreed to by Fidelity and/or Commonwealth.  Counsel did not do so.  Accordingly, in view of the fact that the Proposed Title Insurance Claims were addressed by the parties in their pleadings, briefs and at oral arguments, the Court should conclude that it already considered, and rejected, Walsh's Proposed Title Insurance Claims.

Further, to the extent that the Court concludes that Walsh and Fidelity did not explicitly address Walsh's Proposed Title Insurance Claims in the context of

Walsh's motion for leave to amend, the Court should nevertheless deny Walsh's motion for reconsideration because Walsh could have made the arguments that it asserts in its motion for reconsideration <u>before</u> the Court ruled on Walsh's motion for leave to amend.  For example, Walsh could have stated in its reply brief in support of its motion for leave to amend that the Court should permit Walsh's Proposed Title Insurance Claims because Fidelity did not oppose those claims. Walsh did not do so.  Also, as set forth above, Walsh could have stated during oral argument that the Court should permit Walsh's Proposed Title Insurance Claims because Fidelity did not oppose those claims.  Walsh did not do so.  As a result, the Court should deny Walsh's motion for reconsideration because a such a motion is not the proper vehicle to ask the Court to consider an argument that Walsh could have made (but did not) before the Court entered its Order.  <u>See, e.g.</u>, <u>NL Industries, Inc.</u>, 935 F. Supp. at 516.

Accordingly, the Court should deny Walsh's motion for reconsideration because the Court did not overlook Walsh's Proposed Title Insurance Claims.

### C.    The Court Should Deny Walsh's Motion Because Walsh's Proposed Title Insurance Claims Do Not Relate Back To The Core Allegations In Walsh's Original Complaint

Even if this Court were to determine that the Proposed Title Insurance Claims were not considered by it as part of the prior proceedings, Walsh must still get over the hurdle of the applicability of the statute of limitations to the claims it

now seeks to raise, which statute would bar the claims and make any attempted amendment futile and impermissible. Unless Walsh can establish that the Proposed Title Insurance Claims relate back (and it has not attempted to support such an argument in any of its filings), the proposed amendment would be futile and should not be allowed.

As explained in detail in Fidelity's brief in opposition to Walsh's motion for leave to amend, as well as this Court's Order denying Walsh's motion for leave to amend, a proposed amendment will be deemed to relate back to an original pleading if "the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading . . . Indeed, an amendment that states an entirely new claim for relief will relate back as long as it satisfies the test [same conduct, transaction or occurrence] embodied in the first sentence of Rule 15(c)." Blatt v. Merrill Lynch, 916 F. Supp. 1343, 1351 (D.N.J. 1996) (quoting 6A Charles A. Wright, Arthur R. Miller, *Federal Practice and Procedure* § 1497, at 94-99 (2d Ed. 1990)). Here, Walsh's Proposed Title Insurance Claims do not relate back to Walsh's original claim against Fidelity for breach of the closing protection letters. As such, Walsh's Proposed Title Insurance Claims are barred by the applicable six-year statute of limitations. See N.J.S.A. 2A:14-1.

In its original and amended complaints against Fidelity, there were no assertions that Fidelity had breached any of the title insurance policies issued in connection with the closings. There were no allegations that title insurance claims had been submitted to Fidelity and dishonored. There was no mention whatsoever of problems with the titles to the subject properties or the liens of the subject mortgages, i.e. matters for which the title insurance policies provide indemnification against loss. Instead, the sole basis of the claim against Fidelity was that, prior to the closings in question, title agents allegedly issued closing protection letters which are alleged by Walsh to require reimbursement for the types of the losses Walsh contends it sustained due to the alleged conduct of the closing attorneys. Those losses had to do with the value of the collateral and the creditworthiness of the borrowers, not the validity of the liens of the mortgages. It is important to note that the claim asserted by Walsh in all of its prior pleadings was that Fidelity has refused to pay Walsh under the closing protection letters and that such failure constituted a breach of contract under the closing protection letters. See Walsh's First Amended Complaint at ¶¶ 85-91.

Although Walsh's proposed fourth amended complaint does not set forth the facts that allegedly support Walsh's Proposed Title Insurance Claims, this Court can easily see that such claims would have to be supported by facts that differ in both "time and type" from the facts that support Walsh's existing claim against

Fidelity under the closing protection letters.  As those facts are different in "time and type", there can be no relation back with respect to the Proposed Title Insurance Claims.

To understand how the facts would have to differ in "time and type", it is important to understand the difference between a title insurance policy and a closing protection letter.  A title insurance policy is issued <u>at the time of closing, or thereafter,</u> and provides indemnification to the insured for losses sustained due to defects in title, subject to the terms and conditions of the policy.

> It is settled that a title insurance policy is a contract of indemnity under which the insurer agrees to indemnify its insured in a specified amount against loss through defects of title to, or liens or encumbrances on, realty in which the insured has an interest.

<u>Green v. Evesham Corporation</u>, 179 N.J. Super. 105, 109 (App. Div. 1981).  A title insurance policy does not insure the value of the collateral, it does not insure the creditworthiness of the borrower, it does not insure the condition of the property and it does not insure the conduct of the participants in the closing process.  Instead, the policy merely provides that in the case of a lender, if the lien of the mortgage is not as insured as a result of a defect in the title to the property, the title insurance underwriter will indemnify the lender for the losses sustained due to the defect in title.

Closing protection letters, on the other hand, are not issued at or after the date of the closing but are instead issued <u>prior to the closing</u>.  The letters are separate contracts that provide a lender with protections that are different than the protections afforded by a title insurance policy.  For example, the closing protection letters allegedly issued by Fidelity in connection with the underlying transactions indemnified Walsh from (i) the failure of the closing attorney to comply with Walsh's closing instructions, and (ii) fraud on the part of the closing attorney in handling Walsh's funds in connection with each closing.  True and correct copies of the closing protection letters issued by Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, Inc. are attached to Walsh's proposed fourth amended complaint as Exhibits "B" and "C", respectively.  If a claim under a closing protection letter was the same as a claim under a title insurance policy, then there would be no need for the issuance of a separate closing protection letter on a transaction.  The lender would merely submit a claim for coverage under the title insurance policy.

The letter itself makes it clear that claims under the letter are different in type than claims under the title insurance policy.  One of the conditions and exclusions set forth in Fidelity's closing protection letter is that

> [a]ny liability of the Company for loss incurred by you in connection with the closings of real estate transactions by an Issuing Agent or Attorney <u>shall be limited to the protection provided by this letter</u>.  However, this letter

12

> shall not affect the protection afforded by a title
> insurance binder, commitment or policy of the Company.
> (emphasis added).

As a result, the closing protection letter clearly covers losses that are not protected against under a title insurance policy and, therefore, provides a cause of action that is different in type from any cause of action permitted under a title insurance policy.

In addition, closing protection letters, issued prior to the real estate closing, are forward-looking in that they protect against the risk of future events that may occur (or may not occur) at the closing of a real estate transaction. See James Bruce Davis, *The Law of Closing Protection Letters*, 36 Tort & Ins. L.J. 845 (2001). On the other hand, title insurance policies are backward-looking in that they insure against matters adverse to title that came into being, if at all, before or at the time that the title insurance policy becomes effective. Id. Accordingly, the facts underlying Walsh's Proposed Title Insurance Claims differ in "type" from the facts supporting its claims against Fidelity under the closing protection letters.

Because Walsh's Proposed Title Insurance Claims differ in both "type and time" from its original claim against Fidelity, Walsh's Proposed Title Insurance Claims do not relate back to its original claim under Federal Rule of Civil Procedure 15. Accordingly, Walsh's Proposed Title Insurance Claims are barred by the applicable statute of limitations, and the Court should deny Walsh's motion

for reconsideration.

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, as well as the reasons set forth in its papers

and at oral argument in opposition to Walsh's motion for leave to amend, the Court

should deny Walsh's motion for reconsideration.

Respectfully submitted,

_____

Edward J. Hayes, Esquire
David H. Colvin, Esquire
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103
(215) 299-2092/2139
(215) 299-2150 (facsimile)

Attorneys for Defendants
Nations Title Insurance of New York, Inc.
and Fidelity National Title Insurance Co. of
New York

Dated:  December 22, 2008

14

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing brief in opposition to plaintiff's motion for reconsideration upon the following individuals by first class mail, postage prepaid:

Robert A. Magnanini, Esq.
Boies, Schiller & Flexner LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Ronald M. Kleinberg, Esq.
Richard A. Finkel, Esq.
Meissner, Kleinberg & Finkel, LLP
275 Madison Ave., Suite 1000
New York, New York 10016
**Attorney for defendants Cristo Property Management, LTD, DEK Homes of NJ, Inc., Oakwood Properties, Inc., and William J. Kane**

Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Muñoz, P.A.
100 Willowbrook Road
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, NJ 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ 07974
**Attorney for defendant Michael Alfieri, Esq.**

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, NJ  07013
**Attorney for Defendant Lawrence M. Cuzzi**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, NJ  08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ  07042
**Attorney for Defendant Anthony M. Cicalese (on certain counts of the Complaint)**

Anthony M. Cicalese, Esq.
467 Long Hill Drive
Short Hills, NJ  07078
**Pro se (on certain counts of the Complaint)**

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, NJ  07701
**Attorneys for defendant Roland J. Pierson**

Marc  D. Freedman, Esquire
Freedman & Gersten, LLP
777 Terrace Avenue, 5th Floor
Hasbrouck Heights, NJ  07604
**Attorney for Third Party Defendant Elizabeth Ann DeMola**

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, NJ  07666

James R. Brown, Pro Se
1089 Cedar Avenue
Union, NJ  07083

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, NJ 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
P.O. Box 243
Liberty Corner, NJ 07938-0243

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ 07756-1397

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, FL 33707

Capital Assets Property Management, LLC
10 West Bergen Place
Red Bank NJ 07701

Andrew I. Indeck, Esq.
Scarinci & Hollenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
**Attorney for Garden State Indemnity Co. (Legal Malpractice carrier for defendant
Michael Alfieri)**

David R. Kott, Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
**Attorney for Commonwealth Land Title Insurance Company**

DAVID H. COLVIN, ESQ.

Dated: December 22, 2008

3