# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WALSH SECURITIES, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>CRISTO PROPERTY MANAGEMENT,<br>LTD., a/k/a G.J.L. LIMITED, et al.,<br><br>                Defendant. | Civil Action No. 97-cv-3496 (DRD)(MAS)<br><br>Hon. Dickinson R. Debevoise, U.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J. |

---

## BRIEF OF DEFENDANT/THIRD-PARTY PLAINTIFF COMMONWEALTH LAND TITLE INSURANCE COMPANY IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 30, 2008 DECISION

---

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendant/Third-Party
    Plaintiff Commonwealth Land
    Title Insurance Company
DK-4593 (David R. Kott, Esq.)

Of Counsel
    David R. Kott

On the Brief
    David R. Kott
    Sara F. Merin

ME1 7957959v.1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT.................................................................................. 1

RELEVANT PROCEDURAL HISTORY ............................................................... 2

LEGAL ARGUMENT ................................................................................................ 7
    POINT I
    PLAINTIFF'S MOTION FOR RECONSIDERATION MUST
    BE DENIED, BECAUSE THE MOTION RAISES NEW
    ARGUMENTS FOR THE FIRST TIME. ............................................................ 7

    POINT II
    PLAINTIFF'S MOTION FOR RECONSIDERATION
    SHOULD BE DENIED BECAUSE THE COURT
    ADDRESSED THE ENTIRETY OF THE UNDERLYING MOTION. ........... 11

CONCLUSION ........................................................................................................... 13

ME1 7957959v.1

# TABLE OF AUTHORITIES

<u>Page</u>

## FEDERAL CASES

*Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610 (D.N.J. 2001) ...................................................................................... 9

*Hackensack Riverkeeper, Inc. v. Delaware Otsego Corp.*, Docket No. 05-4806, 2007 WL. 1749963 (D.N.J. June 15, 2007).............................. 8, 11, 12

*Leja v. Schmidt Manufacturing, Inc.*, Docket No. 01-5042, 2005 WL 2009924 22952835 (D.N.J. Aug. 17, 2005) ........................................ 8, 9, 10

*North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194 (3d Cir. 1995) ............................................................................. 8, 11

*Tecchio v. United States ex rel. Meola*, Docket No. 03-1529, 2003 WL 22952835 (D.N.J. Oct. 24, 2003)......................................................... 8, 9, 11

## LOCAL CIVIL RULES

Local Civil Rule 7.1 ............................................................................... 7

ME1 7957959v.1

## PRELIMINARY STATEMENT

This brief is submitted on behalf of Defendant Commonwealth Land Title Insurance Company ("Commonwealth") in opposition to Plaintiff's motion for reconsideration of the Court's October 30, 2008 decision denying Plaintiff's motion for leave to file a Fourth Amended Complaint. Additionally, for purposes of Plaintiff's motion for reconsideration, we join in and adopt co-defendant Fidelity National Title Insurance Company of New York's brief.

After being presented with a copy of the proposed Fourth Amended Complaint, receiving full briefing by the parties, and hearing oral argument, this Court denied Plaintiff's motion for leave to file a Fourth Amended Complaint on October 30, 2008. Plaintiff now seeks reconsideration of that decision, arguing that the Court and Defendants failed to consider all of the counts of Plaintiff's proposed amended complaint. Both the Court's decision and Defendants' arguments focused on specific counts of the proposed amended complaint instead of addressing every detail of the document, but the Court referenced the entire complaint in its decision, and Defendants also voiced their opposition to the proposed amended complaint in its entirety. As such, the Court's decision addresses the whole proposed amended complaint.

Moreover, during the briefing on the underlying motion, Plaintiff failed to argue that Defendants waived their objections to the counts that were not

ME1 7957959v.1

specifically addressed or that those counts arose from the same transaction or occurrence as the original pleading.  Plaintiff's reply brief was the proper place to make these arguments, and the hearing on the underlying motion was another potential forum.  Instead, Plaintiff raises the arguments for the first time in this motion for reconsideration.  A motion for reconsideration, however, is not the proper place for the first airing of arguments that could have been readily presented to the Court through briefing on the underlying motion.  Furthermore, as the moving party, Plaintiff holds the burden of proof on reconsideration; arguments at this stage in the proceedings that Defendant's briefing was inadequate is an impermissible shift of that burden.  As such, reconsideration is inappropriate, and Plaintiff's motion should be denied.

## RELEVANT PROCEDURAL HISTORY[1]

Plaintiff filed a motion for leave to file a Fourth Amended Complaint, which, after being fully briefed by the parties and this Court hearing oral argument on September 19, 2008, was denied in its entirety by the Court on October 30, 2008.  On November 17, 2008, Plaintiff filed a motion for reconsideration of the

---

[1] Although there are numerous defendants in this lawsuit, this brief only presents argument and relevant background as related to Defendant Commonwealth.

ME1 7957959v.1

Court's determination, arguing that the Court overlooked certain causes of action in the proposed Fourth Amended Complaint.

Plaintiff's brief in support of its motion for reconsideration was the first substantive discussion of proposed amended counts eight and nine, along with changes to count four. At no point prior to its motion for reconsideration did Plaintiff engage in a thorough written discussion of the specific changes it sought to make in its proposed Fourth Amended Complaint. Plaintiff also never highlighted what it now classifies as inadequacies in the breadth of Defendants' discussion of its motion. Further, reconsideration was the first time Plaintiff specifically argued that counts eight and nine and the changes to count four did not relate back "because [the proposed amendments] did not arise out of the same conduct, transaction, or occurrence set forth in the original pleading." (Pl.'s Br. in Supp. of Mot. for Recons. 2 [docket item #291].)

Plaintiff's initial brief in support of its motion to amend the complaint was generalized and did not explicitly discuss any of the numerous changes that it proposed, stating that "[t]he proposed amendments simply state or clarify the legal theories upon which [Plaintiff] may be entitled to recovery against defendants and do not seek to expand the action to encompass different conduct." (Pl.'s Br. in Supp. of Mot. to File Fourth Am. Compl. 5 [docket item #264].) The only specific amendment to the complaint that was discussed was a one sentence statement that

- 3 -

ME1 7957959v.1

alluded to the inclusion of a new count alleging fraud by the Title Insurance

Defendants. (*Id.* at 6.) Commonwealth filed a brief in opposition to Plaintiff's

motion, arguing that the motion should be denied in its entirety and focusing on

Plaintiff's most brazen attempted amendments, namely its effort to expand its

pleadings to include common law fraud and what Commonwealth perceived to be

an attempt to voluntarily dismiss thirteen Defendants. (*See* Def. Commonwealth's

Br. in Opp'n to Pl.'s Mot. to File Fourth Am. Compl. 1-5 [Docket item #271.])

Plaintiff then filed its reply brief, which again engaged in a generalized discussion,

and the only portions of the proposed Fourth Amended Complaint that were

specifically mentioned related to the common law fraud count, the narrowing of

the Complaint to eliminate defendants, and a discussion of a tortious interference

claim that relates only to Defendant Fidelity National Title Insurance Co. of New

York ("Fidelity"). (Pl.'s Reply Br. in Supp. of Mot. to File Fourth Am. Compl.

[Docket Item #280].) At no point did Plaintiff contend, as it does in its brief in

support of its motion for reconsideration, that Defendants collectively failed to

oppose any of its proposed amendments.

    At oral argument, Your Honor recognized that multiple topics were at issue

by clarifying that "[t]here are a lot of smaller issues that are at issue here," and then

requesting that the parties focus on the issue of relation back instead of arguing the

full breadth of the motion. (Sept. 19, 2008 Mot. Hr'g ("Tr.") Tr. 4:22-5:5.)

ME1 7957959v.1

Plaintiff's counsel initially focused entirely on the relation-back issue in the context of the common law fraud allegation.  (*See* Tr. 5-13.)  In his final argument, however, Plaintiff's counsel raised the other specific counts of the complaint, demonstrating that they were peripherally under consideration.  Counsel stated

> If [the Title Insurance Defendants] weren't doing this intentionally, they sure weren't doing it properly and that's why we had the negligence claims in there.
>
> And, then, the other claims we have against the title companies -- wrongful delay, and denial of insurance claims, and coverage and a declaration asking for coverage so we can get paid -- all, again, relate back to the initial claims that we've had.

(Tr. 26:25-27:7.)  Furthermore, counsel to Fidelity argued on behalf of all Title Insurance Defendants that none of the proposed amendments related back to the initial pleading, because they expanded the scope to include title policies as opposed to solely focusing on closing protection letters:

> Now, interestingly, although we hear all these arguments about the title policies, the companies also issued title policies at each of those closings.  Those title policies were not the subject of the first complaint and the second complaint and the third complaint or the fourth complaint, the complaint was limited to [Commonwealth] and Fidelity didn't do what they were contractually obligated to do under the closing protection letters.

(Tr. 19:16-23.)  As such, during oral argument, it was clearly recognized by the Court and all parties that the motion for leave to file a Fourth Amended Complaint

- 5 -

embraced additional issues than those which were so heavily focused upon in the briefing and at argument.  In short, although it was by no means the focus of **any** party's argument in briefs or at the hearing, it was understood that these additional issues were at play.

This Court's October 30, 2008 decision focuses on the arguments that counsel for **all** parties focused on, but explicitly recognizes that the proposed "Fourth Amended Complaint . . . maintains the original breach of contract claim, but also levels new charges against the Title Insurance Defendants.  The most fiercely opposed modification to the Third Amended Complaint is the inclusion of the Title Insurance Defendants in Count III, which charges them for the first time with common law fraud."  (Oct. 30, 2008 Op. 2-3 [docket item #289]; *see also id.* at 9 (noting that fraud is one of Plaintiff's proposed causes of action).) Respectfully, based on the language that recognizes that multiple issues were at play, albeit while focusing on a few discrete issues, this Court's conclusion that "Plaintiff's Fourth Amended Complaint does far more than 'streamline'[;] [it] adds facts of a different time and type[,]" which resulted in the conclusion that "the claims do not relate back and are barred by the Statute of Limitations[,]" demonstrates that this Court considered the entire proposed Fourth Amended Complaint.

- 6 -

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S MOTION FOR RECONSIDERATION MUST BE DENIED, BECAUSE THE MOTION RAISES NEW ARGUMENTS FOR THE FIRST TIME.

In its brief in support of its motion for reconsideration, Plaintiff presents to the Court, for the first time, an explicit discussion of the contents of counts eight, nine, and a portion of count four of its proposed Fourth Amended Complaint. In doing so, Plaintiff alleges, also for the first time, that Defendants failed to oppose various counts of Plaintiff's proposed Fourth Amended Complaint. Plaintiff also alleges, again for the first time, that these specific counts arise from "the same 'time frame and types of facts' that gave rise to the breach of contract claim that the parties have already been litigating." (Pl.'s Br. in Supp. of Mot. for Recons. 3.) A motion for reconsideration is not the time or place for these arguments. Plaintiff should have raised them before the Court in its reply brief and at oral argument. Because of this failure, reconsideration of the Court's October 30, 2008 decision should be denied.

Local Civil Rule 7.1(i) permits a party to petition the Court to seek reconsideration where that "party believes that the Judge or Magistrate Judge has overlooked" a matter or controlling decisions. L. Civ. R. 7.1(i). Motions for reconsideration are intended "to correct manifest errors of law or fact or to present

- 7 -

newly discovered evidence." *Tecchio v. United States ex rel. Meola*, Docket No.
03-1529, 2003 WL 22952835 at *1 (D.N.J. Oct. 24, 2003) (Chesler, J.) (quoting
*Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Such a motion is
"neither a tool for rearguing that which has already been duly considered, nor an
appeal from a decision with which the moving party simply disagrees." *Id.* at *3.

One of three major grounds must be present for a motion to be granted: "(1)
an intervening change in controlling law; (2) the availability of new evidence [not
available previously]; [or] (3) the need to correct clear error [of law] or prevent
manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d
1194, 1218 (3d Cir. 1995). It is the movant's burden to demonstrate that one or
more of these grounds exist. *Hackensack Riverkeeper, Inc. v. Delaware Otsego
Corp.*, Docket No. 05-4806, 2007 WL 1749963 at *2 (D.N.J. June 15, 2007)
(Debevoise, J.) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d
Cir. 1999)).

The term "overlooked" is the lynchpin of Local Civil Rule 7.1(i), "and it has
been interpreted consistently as referring only to facts and legal arguments
properly presented to the court at the time of the motion on which reargument is
sought and was initially decided." *Tecchio*, 2003 WL 22952835 at *1 (quoting
Lite, N.J. Federal Practice Rules, Comment 6(e)(1) to Rule 7.1(g) (Gann)); *Leja v.
Schmidt Mfg., Inc.*, Docket No. 01-5042, 2005 WL 2009924 at *2 (D.N.J. Aug. 17,

2005) (Debevoise, J.).  Due to this narrow application, "[a] motion for reconsideration is not a means by which to obtain a proverbial second bite of the apple." *Tecchio*, 2003 WL 22952835 at *1 (quoting Lite, N.J. Federal Practice Rules, Comment 6(e)(1) to Rule 7.1(g) (Gann)); *Leja*, 2005 WL 2009924 at *2.  Further, such a motion is only properly considered by the Court "where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion[.]" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).  As such, "[m]otions for reconsideration should be granted sparingly and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Leja*, 2005 WL 2009924 at *2 (citing *McGarry v. Resolution Trust Corp.*, 909 F. Supp. 241, 244 (D.N.J. 1995)); *Bowers*, 130 F. Supp. 2d at 613 (noting that a motion for reconsideration "is an extremely limited procedural vehicle" that is granted "very sparingly").

In the case at hand, the text of the proposed Fourth Amended Complaint was presented to the Court along with Plaintiff's motion to amend the complaint, its brief, and other related papers.  Plaintiff's brief in support of that motion, however, did not explain the proposed amendments; the only specific discussion was a single sentence on the sixth and final page of the brief that spoke about Plaintiff's proposed common law fraud allegation.  (*See* Pl.'s Br. in Supp. of its Motion for

-9-

Leave to File a Fourth Am. Compl. 6.)  Commonwealth's brief in opposition to the motion to amend explicitly argued that the motion should be denied in its entirety but focused primarily on Plaintiff's proposed common law fraud claim and did not specifically address all of Plaintiff's proposed changes.  Despite this, in its reply papers and/or at oral argument, Plaintiff never presented its argument, raised for the first time on reconsideration, that the Title Insurance Defendants' failure to specifically address each proposed amendment was an effective waiver of any opposition.  (*See* Pl.'s Br. in Supp. of its Mot. for Reconsideration 1.)  It also never asserted in the reply that counts eight, nine, and portions of four arise from the same "time frame and types of facts" as the original pleadings and therefore relate back.  (*See id.* at 3.)  Instead, its reply brief was a response to Defendants' count-specific arguments.

Plaintiff's arguments that Defendants did not oppose the motion to amend in its entirety and that the content of counts eight, nine, and portions of four relate back to the original pleadings could have been made in Plaintiff's reply papers, but are improperly before the Court in a motion for reconsideration, as Plaintiff seeks a Court determination on a novel issue that was ripe for discussion during the motion's initial briefing. *See Leja*, 2005 WL 2009924 at *2.  Plaintiff therefore fails to meet the prerequisite for reconsideration of showing that the issue presently under review was properly brought before the Court at the time the underlying

- 10 -

motion was decided. *See Tecchio*, 2003 WL 22952835 at *1. Since Plaintiff is

unable to present the necessary facts to show "the need to correct clear error [of

law] or prevent manifest injustice[,]" and Plaintiff, as the moving party, holds the

burden of proof, reconsideration of the Court's October 30, 2008 decision is

inappropriate. *See North River Ins. Co.*, 52 F.3d at 1218; *Hackensack Riverkeeper*,

2007 WL 1749963 at *2.

## POINT II

## PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE THE COURT ADDRESSED THE ENTIRETY OF THE UNDERLYING MOTION.

In its decision, a court is not required to address every claim raised by a

party.  In contrast, "[t]hat a legal argument was not explicitly mentioned by the

court does not preclude a finding that it was not overlooked in the court's initial

consideration of the matter.  An argument may be regarded as having been

considered if it is presented to the court in written submissions and in oral

argument." *Hackensack Riverkeeper*, 2007 WL 1749963 at *2 (citing *Eichorn v.

AT&T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999)).  As such, motions for

reconsideration ordinarily "address only those matters of fact or issues of law

which were presented to, but not considered by, the court in the course of making

the decision at issue." *Id.*

ME1 7957959v.1

The proposed Fourth Amended Complaint was a part of the record for the duration of Plaintiff's motion for leave to amend the complaint, so the Court, and Defendants, were well aware of its contents. Furthermore, the counts first discussed extensively by Plaintiff in its motion for reconsideration were raised at oral argument. (*See* Tr. 26:25-27:7.) Therefore, along with the proposed Fourth Amended Complaint being objected to in its entirety by Defendants, the individual counts now cited from the proposed complaint were before the Court. *See Hackensack Riverkeeper*, 2007 WL 1749963 at *2. As such, the Court's decision not to engage in an in-depth analysis of every proposed change within the complaint does not mean portions were overlooked. *See id.*

Plaintiff has therefore failed to demonstrate that reconsideration of the Court's October 30, 2008 decision is appropriate. *See id.* In short, Plaintiff's motion should be denied.

ME1 7957959v.1

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the

Court's October 30, 2008 decision should be denied.

Respectfully submitted,

McCARTER & ENGLISH, LLP

Attorneys for Defendant/Third-Party
Defendant Commonwealth Land Title
Insurance Company

By:     s/David R. Kott
        David R. Kott
        A Member of the Firm

Dated:        December 22, 2008

- 13 -