# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH. 973.218.1111 • FAX 973.218.1106

*Via Electronic Filing*
December 29, 2008

Honorable Michael A. Shipp
United States Magistrate Judge
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re: **Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.**
           **Civil Action No.: 97-3496 (DRD/MAS)**

Dear Magistrate Judge Shipp:

    As Your Honor is aware, this firm represents plaintiff Walsh Securities, Inc. ("Walsh Securities") in the above-referenced matter. Pursuant to the November 26, 2008 letter from David R. Kott, Esq., counsel for defendant Commonwealth Land Title Insurance Company ("Commonwealth"), please accept this letter brief in lieu of a more formal memorandum of law in further support of Walsh Securities' motion for reconsideration of the Court's October 31, 2008 Opinion & Order ("Opinion & Order").

    Walsh Securities' motion for leave to file a Fourth Amended Complaint sought to add six additional causes of action and expand one cause of action. This Court's Opinion & Order addressed only the four causes of action that defendants explicitly opposed.[1] Local Civil Rule 7.1(i) (formerly 7.1(g)) permits a party to move for reargument or reconsideration of a district court's decision if there are "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." Therefore, through its motion for reconsideration, Walsh Securities respectfully seeks clarification on the remaining three claims that the Court overlooked.

    As set forth in its moving brief, Walsh Securities has pointed out that this Court's Opinion & Order did not address Walsh Securities' proposed claims for (1) wrongful delay and/or denial of its insurance claims (under the closing protection letters and/or title insurance policies), (2) breach of the duty of good faith and fair dealing, and (3) a declaration of insurance coverage. These are three contract claims that were alleged in the proposed amendment and addressed at oral argument. Indeed, Commonwealth's brief asserts that "[t]he proposed Fourth

---

[1] A determination of whether the Title Insurance Defendants can successfully argue that they did in fact oppose these amendments by asserting an omnibus request that Walsh Securities' motion for leave to amend be denied in its entirety is not necessary because it is clear they were apparently inadvertently overlooked in the Court's analysis.

BOIES, SCHILLER & FLEXNER LLP

Honorable Michael A. Shipp
December 29, 2008
Page 2 of 4

Amended Complaint was a part of the record . . ., so the Court, and Defendants, were well aware of its contents," and the claims raised by this "motion for reconsideration were raised at oral argument." (Commonwealth Opp. Br. at 12).[2] Despite the protestations of Commonwealth, Nations, and Fidelity (collectively, the "Title Insurance Defendants") to the contrary, Walsh Securities is not contending that the Court came to the wrong conclusion but rather that the Court's apparent failure to consider and address three of the proposed amendments mandates reconsideration, or at least further analysis and an articulation of reasons for denial of the motion.

Walsh Securities recognizes that a motion for reconsideration is not the proper vehicle for challenging an incorrect conclusion reached by the court. However, unlike in *Hackensack Riverkeeper, Inc. v. Delaware Otsego Corp.*, 2007 WL 1749963 (D.N.J. June 15, 2007), upon which the Title Insurance Defendants rely, Walsh Securities' contract-based claims were not specifically addressed and were not subsumed within the relation back analysis performed by this Court with respect to claims of fraud, tortious interference unrelated to the closing protection letters and/or title insurance policies, or breach of contract by a separate defendant that is unrelated to this particular motion. In *Hackensack Riverkeeper*, the court held that the substance of the plaintiff's motion for reconsideration was that the court came to the wrong conclusion because its prior opinion had considered and rejected the claims at issue, either specifically or through a corollary. In this matter, by only addressing tort claims and claims relating to a separate contract -- claims that were distinctly dissimilar to the contract-based claims at hand -- the Opinion & Order certainly cannot be construed as applying the same relation back analysis to the contract-based claims that it did not discuss. These contractual claims against the Title Insurance Defendants relate back to the long-standing breach of contract claim already asserted against them. Once again, the Title Insurance Defendants provide no arguments in opposition to these particular amendments besides their overarching request that the Court deny Walsh Securities' motion. Here, the Court inadvertently overlooked these claims and a thorough analysis is necessary.

When such an analysis is undertaken, it is clear that the proposed claims at issue relate back both in fact and in law. First, Walsh Securities' proposed claim for wrongful delay and/or denial of its covered claims, wherein it alleges that the Title Insurance Defendants' failure to process and pay such claims in a reasonable time was done intentionally without debatable reason, relates back as it stems from the Title Insurance Defendants' breach of the very title insurance policies[3] and closing service protection letters that were the subject of the Third

---

[2] Unlike Commonwealth's admission, it is inconceivable how defendants Nations Title Insurance of New York, Inc. ("Nations") and Fidelity National Title Insurance Company of New York ("Fidelity") can assert, on the one hand, that these are new arguments, and then, on the other hand, claim that they opposed these amendments.

[3] The Title Insurance Defendants contend that the title insurance policies were not previously at issue in this case and that, therefore, the proposed amendment concerning the same does not relate back. This contention wholly ignores the fact that closing service protection letters are

BOIES, SCHILLER & FLEXNER LLP

Honorable Michael A. Shipp
December 29, 2008
Page 3 of 4

Amended Complaint.[4] Additionally, proposed Count IX, which requests "a declaration of the rights, duties, and obligations of the parties with respect to the title insurance policies and closing service protection letters" issued by the Title Insurance Defendants, relates back to the Third Amended Complaint because it seeks such a declaration with respect to the agreements (*i.e.*, the "transaction") at issue there. Similarly, the proposed amendment to the breach of contract claim that includes allegations concerning the Title Insurance Defendants' breach of the duty of good faith and fair dealing relates back insofar as its underlying facts are identical to those of the previously alleged breach of contract claim. Quite simply, the nature of the proposed claims at issue here (wrongful delay and/or denial of insurance claims, breach of the duty of good faith and fair dealing, and declaration of insurance coverage) mandates that their amendment be permitted and demonstrates that the Court's apparent failure to address the same was inappropriate.

Moreover, even if this Court did previously consider these claims, the record on the entirety of Walsh Securities' motion for leave to amend is not preserved and a reviewing court could not undertake a meaningful appellate review without understanding the basis for the denial of these other claims. This Court did not address whether or how these contract-based claims relate back to the breach of contract claim already asserted against the Title Insurance Defendants in the Third Amended Complaint. The Third Circuit has repeatedly remanded cases where it was unable to determine if the trial court had properly exercised its discretion or analyzed a legal precept. *See, e.g., Anthuis v. Colt Industries Operating Corp.*, 971 F.2d 999, 1012-13 (3d Cir. 1992) (remanding a district court's discretionary decision to deny attorneys' fees because the district court "failed to enunciate the reasons for the conclusions which it reached. . ."); *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 154 (3d Cir. 1986) (holding that "[b]ecause we are not aware of the basis on which the district court ruled, however, we are unable to perform our appellate function, and therefore must remand"). Since this Court only enunciated reasons for denying the motion with respect to Walsh Securities' tort claims against

---

issued in conjunction with insurance policies, such that they should be considered one "transaction" for purposes of the statute of limitations. *See Sears Mortgage Corp. v. Rose*, 134 N.J. 326, 350-51 (1993) (noting that the protection given through a closing service protection letter is "an incident to the issuance of title insurance"); *Clients' Security Fund of the Bar of New Jersey v. Security Title & Guaranty Co.*, 134 N.J. 358, 377 (1993) (affirming an award of attorneys' fees because "the closing-protection letter . . . was part of the title-insurance protection purchased"). Moreover, it is clear, through both the mediation process and the discovery conducted to date, that the title insurance policies have been and are a subject of the instant litigation. Finally, even if the Court is inclined to disallow the amendment concerning the title insurance policies, Walsh Securities should nevertheless be permitted to pursue the claims of bad faith, breach of the duty of good faith and fair dealing, and declaration of insurance coverage insofar as they relate to the closing service protection letters.

[4] The court should look no further than the Title Insurance Defendants' persistent denial of their obligation to provide coverage to Walsh Securities throughout the course of this litigation as evidence of their continuing violation.

the Title Insurance Defendants, unlawful interference with prospective economic advantage by Fidelity, and breach of contract by Coastal Title Agency, the district judge, on appeal, would not be able to exercise a review of the Opinion & Order, as to these contract-based claims, and would ultimately remand any appeal.

For the reasons set forth above and in its moving brief in support of its motion for reconsideration, Walsh Securities respectfully requests that the Court reconsider its October 31, 2008 Opinion & Order, and modify the same, to permit Walsh Securities to amend its Third Amended Complaint to assert claims and facts against the Title Insurance Defendants for wrongful delay and/or denial of insurance claims, a declaration of coverage, and breach of the duty of good faith and fair dealing as set forth in the proposed Fourth Amended Complaint.

Respectfully submitted,

/s/

Robert A. Magnanini