**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.  ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

<u>Not for Publication</u>

LETTER OPINION AND ORDER

June 30, 2009

<u>VIA CM/ECF</u>
All counsel of record

    Re:    <u>Walsh Securities Inc. v. Cristo Property Management, et al.</u>
           <u>Civil Action No. 97-3496 (DRD)</u>

Dear Counsel:

This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's October 31, 2008 Opinion & Order denying Plaintiff Walsh Securities' ("Walsh") motion for leave to file a Fourth Amended Complaint (Docket Entry No. 291). For the reasons set forth below, Plaintiff's motion will be granted.

**1.**    **Background**

On June 27, 2008, Walsh moved for an Order Granting Leave to File a Fourth Amended Complaint with Right of Relation Back. (Docket Entry No. 264). Several defendants to this action filed opposition briefs: Coastal Title Agency ("Coastal") (Docket Entry No. 270), Commonwealth Land Title Insurance Company ("Commonwealth") (Docket Entry No. 271), Nations Title Insurance

of New York, Inc. ("Nations") and Fidelity National Title Insurance Co. of New York ("Fidelity") (Docket Entry No. 273).[1]

Plaintiff sought to add six additional causes of action and also expand its breach of contract claim in Count IV to include breach of the duty of good faith and fair dealing. (Docket Entry No. 264-4.) The proposed new claims included: (a) common-law fraud against Coastal, Commonwealth, Nations and Fidelity in proposed Count III; (b) breach of contract against Coastal in proposed Count V; (c) negligence against Coastal in proposed Count VI; (d) unlawful interference with prospective economic advantage against Fidelity in proposed Count VII; (e) wrongful delay and/or denial of insurance claim against Commonwealth, Nations and Fidelity in proposed Count VIII; and (f) a declaration of coverage against Commonwealth, Nations and Fidelity in proposed Count IX. (Docket Entry No. 291-2.)

The Court denied Walsh's motion for leave to file a Fourth Amended Complaint. Specifically, the Court held that proposed Counts III (fraud), V (breach of contract), VI (negligence), and VII (unlawful interference) did not relate back pursuant to Fed. R. Civ. P. 15(c)(2) because they did not arise out of the same conduct, transaction, or occurrence set forth in the original pleading. (Docket Entry 289.) However, the Court did not address Count VIII (wrongful delay), Count IX (declaration of coverage) or the addition of a breach of duty of good faith and fair dealing claim to Count IV. Therefore, Walsh seeks reconsideration on the ground that the Court overlooked the uncontested proposed amendments. (Docket Entry No. 291.)

---

[1] Nations and Fidelity filed opposition collectively.

2. **Discussion**

A party may move for reconsideration where it believes that the court has overlooked matters brought before it. L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Rouse v. Plantier*, 997 F. Supp. 575, 578 (D.N.J. 1998) (*citing* Allyn Z. Lite, *New Jersey Federal Practice Rules* 86 (1996 & Supp. 1997)), *vacated and remanded on other grounds*, 182 F.3d 192 (3d Cir. 1999). Reconsideration is to be granted sparingly. *See U.S. v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

In *Student Public Interest Research Group v. Monsanto Co.*, the court inadvertently overlooked Plaintiff's reply brief. 727 F. Supp. 876, 878 (D.N.J. 1989). On that ground, the court granted the plaintiff's motion for reconsideration. *Id.* Similarly, in the present case, the Court provided a detailed analysis of the contested claims in Plaintiff's motion for leave to file a Fourth Amended Complaint, but overlooked the uncontested claims for wrongful delay and declaration of coverage, as well as the addition of a breach of duty and good faith claim to the breach of contract claim against Commonwealth, Nations and Fidelity.

A court may deny leave to amend where the court finds (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile where the statute of limitations has run and the relation-back doctrine does not apply. *Jennis v. Rood*, 310 Fed. Appx. 439, 440 (2d Cir. N.Y. 2009). Rule 15 provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c).

As the Court noted in its previous opinion, Defendants opposed the motion on the grounds of undue delay, undue prejudice, and futility. (Docket Entry No. 289, 4.) Furthermore, the Court held that it did not find undue delay or undue prejudice. (*See id.* at 4-8 (providing a detailed analysis of those issues).) Therefore, the only ground by which the Court will consider the uncontested claims is that of futility. If the proposed claims do not relate back, they are barred by the statute of limitations and are therefore futile. The claims that the Court apparently overlooked were uncontested by the Defendants. The Court will not perform an exhaustive relation-back analysis regarding the unopposed claims. Pursuant to the law set forth in its previous Opinion, the Court finds that the wrongful delay claim, the declaration of coverage claim, and the breach of the duty of good faith and fair dealing claim all arise out of the breach of contract claim already asserted. Therefore, the uncontested claims indeed relate back.

**3.    Conclusion**

Based on the foregoing reasons, Walsh's motion for reconsideration in GRANTED. Therefore, Walsh's motion for leave to file a Fourth Amended Complaint as to proposed Count VIII (wrongful delay), proposed Count IX (declaration of coverage), and the addition of a breach of duty of good faith and fair dealing claim to Count IV is GRANTED.

Plaintiff must file its Fourth Amended Complaint by July 10, 2009.


   s/ Michael A. Shipp
   **HONORABLE MICHAEL A. SHIPP**
   **UNITED STATES MAGISTRATE JUDGE**