# STONE ⚒ MAGNANINI
### LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

July 17, 2009

***Via Electronic Filing***
Honorable Michael A. Shipp
United States Magistrate Judge
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   **Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.**
       **Civil Action No.: 97-3496 (DRD)(MAS)**

Dear Judge Shipp:

This firm represents plaintiff Walsh Securities, Inc. ("Walsh Securities") in the above-referenced matter. Pursuant to Your Honor's July 1, 2009 docket entry, a Telephone Status Conference is presently scheduled for July 21, 2009 and the parties are to submit a joint case status letter to the Court by July 17. By regular mail the remaining *pro se* defendants, Richard Calanni and Richard DiBenedetto, are being provided a copy of this letter and the call-in information in the event they choose to participate in the Telephone Status Conference. Before sending this letter I have provided a copy of this letter to counsel for the Title Companies and Coastal and it is my understanding that they agree this is a joint submission to the Court. Accordingly, counsel for defendants Commonwealth Land Title Insurance Company, Nations Title Insurance Company of New York, Inc., Fidelity National Title Insurance Company, (collectively the "Title Companies"), and Coastal Title Agency ("Coastal") join in this letter.

On June 27, 2008, Walsh Securities filed a motion for leave to file a Fourth Amended Complaint, which the Court denied on October 30, 2008. On November 17, 2008, Walsh Securities moved for reconsideration on the basis that the Court overlooked certain proposed amendments related back and were uncontested, which the Court granted on June 30, 2009. Pursuant to the Court's Order, Walsh Securities then filed and served its Fourth Amended Complaint on July 10, 2009 alleging its new claims against the Title Companies for breach of the duty of good faith and fair dealing, wrongful delay in providing coverage, and a declaratory judgment of coverage.

Despite the age of this case, due to administrative stays the parties are just beginning discovery. In 1997, then Magistrate Judge Cavanaugh ordered all parties to produce document relating to the mortgage loans in question into a central document repository which is maintained by Plaintiff's counsel. Thereafter, the parties propounded interrogatories and document requests were exchanged, some of which have been responded to. Also, solely for purposes of mediation, some depositions have been taken. Certain parties have outstanding responses to written discovery and,

Honorable Michael A. Shipp
July 17, 2009
Page 2 of 3

as set forth in the proposed Amended Scheduling Order, the parties agree that by August 21, 2009 they will respond to any outstanding written discovery requests and will produce responsive documents, if any, to the repository.

Based upon the limited discovery that has taken place, Walsh Securities and Defendants may seek leave to propound additional written requests after further discovery has occurred. At this time, Walsh Securities anticipates that it can conform to the Court's schedule detailed in its March 14, 2008 Scheduling Order. However, absent a showing of good cause, Plaintiff believes that each side (not each party) should be limited to fifteen (15) depositions. Defendants do not believe they should be limited to fifteen (15) depositions and this will need to be resolved by the Court upon submission of letter briefs.

As Your Honor is aware, the parties had a dispute arise last summer about the length of the Rule 30(b)(6) deposition of plaintiff Walsh Securities. This matter has been fully briefed and is awaiting resolution.

Counsel for Commonwealth has asserted that he intends to file a Third-Party Complaint against Robert Walsh, James Walsh and Betty DeMola. Since the claim will be for contribution, Robert Walsh will be filing a motion to dismiss in lieu of an answer on the basis that the claims against Commonwealth sound only in contract and a claim for contribution would require Commonwealth to be a joint tortfeasor when there are no tort claims against Commonwealth. Consequently, Robert Walsh believes that the law of the case, and the prevailing law, prevents Commonwealth from asserting such a claim against him. Accordingly, the parties have proposed a briefing schedule in the proposed Amended Scheduling Order.

Counsel for Commonwealth has also indicated that he intends to seek from Walsh Securities an Affidavit from Walsh Securities' former counsel in the separate Cityscape action as to the documents that have been produced and the extent of the search of their files and any non-privileged documents not produced. Walsh Securities believes that this should be sought directly from its former counsel in the Cityscape matter. Counsel for Commonwealth disagrees and believes that Walsh Securities' counsel in this action should obtain the affidavit.

At the Court's request, attached is a proposed Amended Scheduling Order, which sets forth all remaining deadlines for this matter and follows Your Honor's format in the March 14, 2008 Scheduling Order. Although the parties are awaiting a ruling on the length of the 30(b)(6) deposition of Plaintiff, and the Court will be receiving at least one motion to dismiss the soon to be filed Third-Party Complaint, Walsh Securities believes that the Court can still set discovery deadlines at this time. If deadlines are approaching and the Court has not resolved these matters, the parties can then request a scheduling conference to adjust the discovery deadlines. To the contrary, Defendants believe that no deadlines should be set until the Court rules on all matters.

Honorable Michael A. Shipp
July 17, 2009
Page 3 of 3

       Thank you for Your Honor's kind attention to this matter.

                 Respectfully submitted,

                 STONE & MAGNANINI LLP
                 Attorneys for Plaintiff

                 By:_____
                    Robert A. Magnanini

                 150 John F. Kennedy Parkway
                 Short Hills, NJ 07078
                 (973) 218-1111

Enclosure

cc:    All Counsel of Record (*via electronic filing only*)
       Richard Calanni, *pro se* (*via regular mail*)
       Richard DiBenedetto, *pro se* (*via regular mail*)