**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party Plaintiff,
Commonwealth Land Title Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,

                              Plaintiff,

v.

CRISTO PROPERTY MANAGEMENT, LTD., a/k/a
G.J.L. LIMITED, DEK HOMES OF NEW JERSEY,
INC., OAKWOOD PROPERTIES INC.,
NATIONAL HOME FUNDING, INC., CAPITAL
ASSETS PROPERTY MANAGEMENT &
INVESTMENT CO., INC., CAPITAL ASSETS
PROPERTY MANAGEMENT, L.L.C., WILLIAM J.
KANE, GARY GRIESER, ROBERT
SKOWRENSKI, II, RICHARD CALANNI,
RICHARD DIBENEDETTO, JAMES R. BROWN,
THOMAS BRODO, RONALD J. PIERSON,
STANLEY YACKER, ESQ., MICHAEL ALFIERI,
ESQ., RICHARD PEPSNY, ESQ., ANTHONY M.
CICALESE, ESQ., LAWRENCE M. CUZZI,
ANTHONY D'APOLITO, DAP CONSULTING,
INC., COMMONWEALTH LAND TITLE
INSURANCE COMPANY, NATIONS TITLE
INSURANCE OF NEW YORK INC., FIDELITY
NATIONAL TITLE INSURANCE COMPANY OF
NEW YORK, COASTAL TITLE AGENCY,
DONNA PEPSNY, WEICHERT REALTORS, and
VECCHIO REALTY, INC. D/B/A MURPHY
REALTY BETTER HOMES and GARDENS,

                              Defendants.

and

COMMONWEALTH LAND TITLE INSURANCE
COMPANY

                   Defendant/Third-Party Plaintiff,

v.

ROBERT WALSH, JAMES WALSH and
ELIZABETH ANN DeMOLA,

                   Third-Party Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 97-cv-3496 (DRD) (MAS)
Honorable Dickinson R. Debevoise

**ANSWER TO FOURTH AMENDED
COMPLAINT, SEPARATE DEFENSES,
ANSWER TO CROSS-CLAIMS, CROSS-
CLAIM FOR CONTRIBUTION, CROSS-
CLAIM FOR INDEMNIFICATION AND
THIRD-PARTY COMPLAINT AGAINST
ROBERT WALSH, JAMES WALSH AND
ELIZABETH ANN DeMOLA**

MEI 8783046v.1

Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company (hereinafter "Commonwealth"), a corporation of the Commonwealth of Pennsylvania, having its principal place of business in the Commonwealth of Virginia, by way of Answer to the Fourth Amended Complaint, says:

1. Answering the allegations of paragraph 1, insofar as they are directed at this defendant, they are denied. This defendant is without sufficient knowledge of information to admit or deny the remaining allegations of paragraph 1.

## AS TO PARTIES

2. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 2.

3. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 3.

4. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 4.

5. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 5.

6. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6.

7. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 7.

8. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8.

9. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9.

MEI 8783046v.1

10.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10.

11.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11.

12.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12.

13.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13.

14.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14.

15.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15.

16.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16.

17.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17.

18.     Answering the allegations of paragraph 18, this defendant admits that to its knowledge defendant Stanley Yacker, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18.

19.     Answering the allegations of paragraph 19, this defendant admits that to its knowledge defendant Michael Alfieri, Esq. was an attorney admitted to practice in New Jersey.

ME1 8783046v.1

This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19.

20.    Answering the allegations of paragraph 20, this defendant admits that to its knowledge defendant Richard Pepsny, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20.

21.    Answering the allegations of paragraph 21, this defendant admits that to its knowledge defendant Anthony M. Cicalese, Esq. was an attorney admitted to practice in New Jersey. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21.

22.    Answering the allegations of paragraph 22, this defendant admits that on certain transactions closing service letters were issued on behalf of defendant Yacker and defendant Cicalese. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22.

23.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23.

24.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24.

25.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 25.

26.    Answering the allegations of paragraph 26, this defendant admits that at the time of the transactions referred to in the Fourth Amended Complaint it was a corporation of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of

Pennsylvania.   This defendant states that at the current time it is a corporation of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Virginia.   The remaining allegations of paragraph 26 are denied.

27.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27.

28.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28.

29.   Answering the allegations of paragraph 29, this defendant admits that defendant Coastal Title Agency, Inc. engages in business in New Jersey and is and was licensed as a title insurance agent by the State of New Jersey.   This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 29.

30.   Answering the allegations of paragraph 30, this defendant admits that it is a title insurer and admits that defendant Coastal Title Agency, Inc. issued certain Closing Service Letters.   With respect to the terms of the Closing Service Letters, they speak for themselves. This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 30.

31.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31.

32.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 32.

33.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 33.

ME1 8783046v.1

## AS TO JURISDICTION

34.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 34.

## AS TO VENUE

35.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 35.

## AS TO INTRODUCTION

36.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 36.

37.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 37.

38.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 38.

39.     Answering the allegations of paragraph 39, this defendant admits that defendant Coastal Title Agency, Inc. issued certain Closing Service Letters.   Insofar as the remaining allegations of paragraph 39 are directed at this defendant, they are denied.   This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 39.

## AS TO FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

40.     Answering the allegations of paragraph 40, this defendant admits that a loan can be made in which real property is used as collateral for the loan.   The remaining allegations of paragraph 40 are denied.

41.     The allegations of paragraph 41 are admitted.

ME1 8783046v.1

42.     Answering the allegations of paragraph 42, this defendant admits that certain mortgage bankers do not utilize their own funds in making mortgage loans, and that certain mortgage bankers sell mortgage loans to other parties which provide the funds for the borrowers at the time of closings.  This defendant further admits that in certain transactions mortgage bankers are paid fees by borrowers for originating mortgage loans.  This defendant further admits that mortgage bankers can be licensed by the State of New Jersey.  The remaining allegations of paragraph 42 are denied.

43.     Answering the allegations of paragraph 43, this defendant admits that there are certain borrowers who cannot obtain traditional financing because of an increased delinquency risk and who accordingly pay a higher than market interest rate.  The remaining allegations of paragraph 43 are denied.

44.     Answering the allegations of paragraph 44, this defendant admits that mortgage loan applications are taken for mortgage loans.  The remaining allegations of paragraph 44 are denied.

45.     Answering the allegations of paragraph 45, this defendant admits that there are certain mortgage bankers who deal directly with borrowers and who take certain paperwork from prospective borrowers, including mortgage loan applications and other documents.  The remaining allegations of paragraph 45 are denied.

46.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 46.

47.     Answering the allegations of paragraph 47, this defendant admits that with respect to certain mortgage loans appraisals of the property securing the loan are done.  This defendant

ME1 8783046v.1

also admits that on certain mortgage loans appraisals are relied upon by certain lenders.  The remaining allegations of paragraph 47 are denied.

48.    The allegations of paragraph 48 are denied.

49.    Answering the allegations of paragraph 49, this defendant admits that there are persons known as "Correspondents" who sell mortgage loans to lenders.  The remaining allegations of paragraph 49 are denied.

50.    Answering the allegations of paragraph 50, this defendant admits that certain entities buy mortgage loans from correspondents and those entities fund the mortgage loans in a variety of ways, and from time to time those entities retain the mortgage loans or resell them. The remaining allegations of paragraph 50 are denied.

51.    Answering the allegations of paragraph 51, this defendant admits that certain entities who fund mortgage loans originated by correspondents provide certain instructions to closing attorneys.  The remaining allegations of paragraph 51 are denied.

## AS TO TITLE INSURANCE AND ITS ROLE IN REAL ESTATE TRANSACTIONS

52.    Answering the allegations of paragraph 52, this defendant admits that title insurance is insurance that provides for specified coverage in return for premiums.  This defendant further admits that title insurance is from time to time purchased when real property is purchased or refinanced, and that certain mortgage lenders require that owners who borrow money to finance purchases of real property acquire title insurance coverage.  The remaining allegations of paragraph 52 are denied.

53.    Answering the allegations of paragraph 53, this defendant admits that from time to time owners or borrowers who seek to purchase title insurance do not deal directly with the title insurer in connection with purchase of the insurance.  This defendant also admits that from time to time title agents perform certain specified tasks with respect to the purchase of title

ME1 8783046v.1

insurance.  This defendant also admits that from time to time certain agents may be affiliated with more than one title insurance company.  This defendant also admits that from time to time certain title insurance companies may have relationships with more than one title agency.  The remaining allegations of paragraph 53 are denied.

54.     Answering the allegations of paragraph 54, insofar as they are directed at this defendant, they are denied.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 54.

55.     Answering the allegations of paragraph 55, this defendant admits that certain title insurers and/or their agents on certain occasions issue Closing Service Letters.  With respect to the terms of the Closing Service Letters, they speak for themselves.  This defendant admits that Exhibit A attached to the Complaint is a Closing Service Letter issued by co-defendant Coastal Title Agency, Inc.  The remaining allegations of paragraph 55 are denied.

<b>AS TO THE NEW JERSEY MORTGAGE LOAN FRAUDS</b>

56.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 56.

<b>AS TO "THE CRISTO/CAPITAL ASSETS" ENTERPRISE</b>

57.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 57.

58.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 58.

59.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 59.

60.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 60.

-9-

## AS TO THE PATTERN

61.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 61.

62.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 62.

63.     Answering the allegations of paragraph 63, insofar as they are directed at this defendant, they are denied.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 63.

## AS TO CONSEQUENCES VISITED UPON WALSH SECURITIES

64.     Answering the allegations of paragraph 64, this defendant admits that it has not made any payments to plaintiff.  The remaining allegations of paragraph 64 are denied.

65.     The allegations of paragraph 65 are denied.

## AS TO COUNT I

## VIOLATION OF 18 U.S.C. § 1962(c) RICO

Count I of the Fourth Amended Complaint seeks no judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT II

## VIOLATION OF 18 U.S.C. § 1962(d) (RICO)

Count II of the Fourth Amended Complaint seeks no judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT III

## COMMON-LAW FRAUD

Count III of the Fourth Amended Complaint seeks no judgment against this defendant and accordingly no answer is required of this defendant.

MEI 8783046v.1

**AS TO COUNT IV**

**BREACH OF CONTRACT BY NHF**

Count IV of the Fourth Amended Complaint seeks no judgment against this defendant and accordingly no answer is required of this defendant.

**AS TO COUNT V**

**BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS**

92.     The answers to repeated allegations are repeated as though set forth herein.

93.     Answering the allegations of paragraph 93, this defendant admits that certain borrowers obtained title insurance issued by this defendant and that this defendant on certain loans provided plaintiff with Closing Service Letters.  The remaining allegations of paragraph 93 are denied.

94.     Answering the allegations of paragraph 94, the terms and conditions of the Closing Service Letters speak for themselves.  This defendant admits that the Closing Service Letter attached as Exhibit A to the Fourth Amended Complaint is a Closing Service Letter issued by co-defendant Coastal Title Agency, Inc.  The remaining allegations of paragraph 94 are denied.

95.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 95.

96.     This defendant admits that plaintiff has notified this defendant that plaintiff has allegedly sustained losses on certain loans.  The remaining allegations of paragraph 96 are denied.

97.     Answering the allegations of paragraph 97, this defendant admits that it has not made any payments to plaintiff.  The remaining allegations of paragraph 97 are denied.

98.     The allegations of paragraph 98 are denied.

-11-

MEI 8783046v.1

99.     Answering the allegations of paragraph 99, insofar as they are directed at this defendant, they are denied.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 99.

100.    Answering the allegations of paragraph 100, insofar as they are directed at this defendant, they are denied.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 100.

## AS TO COUNT VI

## NEGLIGENCE BY ALFIERI, CICALESE AND RICHARD PEPSNY

Count VI of the Fourth Amended Complaint seeks no judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT VII

## WRONGFUL DELAY AND/OR DENIAL OF INSURANCE CLAIM BY TITLE INSURANCE DEFENDANTS

111.    The answers to repeated allegations are repeated as though set forth herein.

112.    Answering the allegations of paragraph 112, insofar as they are directed at this defendant, they are denied.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 112.

113.    Answering the allegations of paragraph 113, insofar as they are directed at this defendant, they are denied.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 113.

## AS TO COUNT VIII

## DECLARATION OF COVERAGE AGAINST THE TITLE INSURANCE DEFENDANTS

114.    The answers to repeated allegations are repeated as though set forth herein.

ME1 8783046v.1

115.     Answering the allegations of paragraph 115, insofar as they are directed at this defendant, they are denied.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 115.

116.     Answering the allegations of paragraph 116, insofar as they are directed at this defendant, they are denied.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 116.

## FIRST SEPARATE DEFENSE

The Fourth Amended Complaint fails to state claim upon which relief can be granted as to this defendant.

## SECOND SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by its own negligent conduct and the conduct of its agents, employees and officers.

## THIRD SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees and officers which constitute laches.

## FOURTH SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by the facts of its agents, employees and officers which constitute estoppel.

## FIFTH SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees and officers which constitute waiver.

## SIXTH SEPARATE DEFENSE

Plaintiff Walsh Securities, Inc., as assignee of any Closing Service Letters, would have no higher rights under those letters than the assignor of the letters.

MEI 8783046v.1

## ANSWER TO CROSS-CLAIMS

This defendant denies any cross-claims made against it including but not limited to any cross-claims for contribution and/or cross-claims for indemnity.

## CROSS-CLAIM FOR CONTRIBUTION

Defendant, Commonwealth Land Title Insurance Company, denies any liability to plaintiff or to any other defendant, but if Commonwealth Land Title Insurance Company is found liable, it demands contribution from Cristo Property Management, Ltd., a/k/a G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance of New York, Inc., Fidelity National Title Insurance Company of New York, Coastal Title Agency, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens pursuant to the New Jersey Tortfeasors Contribution Act.

## CROSS-CLAIM FOR INDEMNIFICATION

While denying any liability to the plaintiff or to any other defendant whatsoever, defendant Commonwealth Land Title Insurance Company nevertheless asserts that any losses sustained by plaintiff or by any other defendant were the proximate result of the actions of defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, and Coastal Title Agency, which actions were primary and active, and if defendant Commonwealth Land Title Insurance Company is found liable to plaintiff with respect to such damages, such liability results solely from secondary, imputed, vicarious or passive negligence

-14-

and defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, and Coastal Title Agency are liable to defendant Commonwealth Land Title Insurance Company by way of indemnification for any and all sums which defendant Commonwealth Land Title Insurance Company may be required to pay in this action.

### THIRD-PARTY COMPLAINT

Defendant/third-party plaintiff Commonwealth Land Title Insurance Company ("Commonwealth"), by way of Third Party Complaint against third-party defendants Robert Walsh, James Walsh and Elizabeth Ann DeMola says:

1.  Plaintiff has commenced an action against defendant/third-party plaintiff Commonwealth for the causes set forth in the Fourth Amended Complaint, a copy of which is attached hereto as Exhibit A.

2.  At all material times herein, third-party defendants, Robert Walsh, James Walsh and Elizabeth Ann DeMola were officers, directors and/or employees of Walsh Securities, Inc.

3.  The third-party defendants were negligent, or engaged in fraud, or breached their legal and/or fiduciary duties, or otherwise were engaged in wrongdoing or fault, which caused or contributed to the losses claimed by plaintiff in this case.

4.  As a direct result of the negligence or fraud or breach of their legal and/or fiduciary duties or the wrongdoing or the fault of third-party defendants, while defendant/third-party plaintiff Commonwealth denies any liability to plaintiff or to any other defendant, if defendant/third-party plaintiff Commonwealth is found liable, it is entitled to contribution from third-party defendants Robert Walsh, James Walsh and/or Elizabeth Ann DeMola pursuant to the New Jersey Tortfeasors Contribution Act.

ME1 8783046v.1

WHEREFORE, defendant/third-party plaintiff Commonwealth demands judgment against third-party defendants Robert Walsh, James Walsh and Elizabeth Ann DeMola, jointly and severally.

McCARTER & ENGLISH, LLP
Attorneys for Defendant/Third-Party
  Plaintiff Commonwealth Land Title
Insurance Company

By:

David R. Kott
A Member of the Firm

Dated: 7|23|09

-16-

### AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY   )
                            )ss.:
COUNTY OF ESSEX      )

      NANETTE R. McCALL, of full age, being duly sworn according to law, upon her oath deposes and says:

      1.    I am employed by the firm of McCarter & English, LLP, attorneys for Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company in the within matter.

      2.    On _July 23_ , 2009, I caused to be delivered by electronic filing, regular mail and/or certified mail Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company's Answer to Fourth Amended Complaint, Separate Defenses, Answer to Cross-Claims, Cross-Claim for Contribution, Cross-Claim for Indemnification and Third-Party Complaint Against Robert Walsh, James Walsh and Elizabeth Ann DeMola upon the persons named in the attached Service List.

                                 NANETTE R. McCALL

Sworn and subscribed to
before me this 23 day
of July , 2009.

**DEBRA ANNE KAUFMAN**
**A Notary Public of New Jersey**
**My Commission Expires 12/1/2010**

-17-

MEI 8783046v.1