METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No.  45987 MRM

| | |
|---|---|
| WALSH SECURITIES, INC.<br><br>Plaintiff,<br><br>V.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALLANI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE COMPANY OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY AND STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES AND GARDENS,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:UNITED STATES DISTRICT - NEWARK<br>: 97-CV-03496 (DRD)(MAS)<br><br><br>Civil Action<br><br><br>ANSWER TO FOURTH AMENDED COMPLAINT, ANSWER TO CROSSCLAIM FOR CONSTRIBUTION AND INDEMNITY, SEPARATE DEFENSES, CROSSCLAIM FOR CONTRIBUTION, CROSSCLAIM FOR INDEMNIFICATION |

And

COMMONWEALTH LAND TITLE
INSURANCE COMPANY

            Defendant/Third-Party
Plaintiff,

v.

ROBERT WALSH, JAMES WALSH and
ELIZABETH ANN DeMOLA,

           Third Party Defendants.

Defendant, Coastal Title Agency, by way of Answer to the Third

Amended Complaint says:

1.    Answering the allegations of paragraph 1, insofar as they are

directed at this defendant, are denied.   This defendant is without

sufficient knowledge or information to admit or deny the remaining

allegations of paragraph 1.

## AS TO PARTIES

2.    This defendant is without sufficient knowledge or

information to admit or deny the allegations of paragraph 2.

3.    This defendant is without sufficient knowledge or

information to admit or deny the allegations of paragraph 3.

4.    This defendant is without sufficient knowledge or

information to admit or deny the allegations of paragraph 4.

5.    This defendant is without sufficient knowledge or

information to admit or deny the allegations of paragraph 5.

6. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 6.

7. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 7.

8. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 8.

9. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 9.

10. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 10.

11. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 11.

12. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 12.

13. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 13.

14. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 14.

15. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 15.

16. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16.

17.     This     defendant     is     without     sufficient     knowledge     or information to admit or deny the allegations of paragraph 17

18.     Answering the allegations of paragraph 18, this defendant admits that to its knowledge, defendant Stanley Yacker, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18.

19.     Answering the allegations of paragraph 19, this defendant admits that to its knowledge, defendant Michael Alfieri, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19.

20.     Answering the allegations of paragraph 20, this defendant admits that to its knowledge, defendant Richard Pepsny, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20.

21.     Answering the allegations of paragraph 21, this defendant admits that to its knowledge, defendant Anthony M. Cicalese, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21.

22.    Answering the allegations of paragraph 22, this defendant admits that on certain transactions closing service letters were issued on behalf of defendant Yacker and defendant Cicalese.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22.

23.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23.

24. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24.

25.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 25.

26.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26.

27.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27.

28.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28.

29.    Answering the allegations of paragraph 29, this defendant admits that it is a Corporation of the State of New Jersey with its principle place of business in New Jersey, engaged in the business of being a Title Insurance Agency.  The remaining allegations of paragraph 29 are denied.

30.   Answering the allegations of paragraph 30, the allegations are not directed to this defendant, and this defendant makes no answer thereto, except to deny any allegations which may be deemed to apply to it.

31.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31.

32.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 32.

33.   This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 33.

## AS TO JURISDICTION

34.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 34.

## AS TO VENUE

35.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 35.

## AS TO INTRODUCTION

36.   This defendant denies the allegations of paragraph 36 as they pertain to it.

37.   This defendant denies the allegations of paragraph 37 as they pertain to it.

38.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 38.

39.     The allegations of paragraph 39 are not directed at this defendant, and the defendant makes no answer thereto except to deny any allegations which may be deemed to apply to it.

### AS TO FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

40.     Answering the allegations of paragraph 40, this defendant admits that a loan can be made in which real property can be used as collateral for the loan.   The remaining allegations of paragraph 40 are denied.

41.     The allegations of paragraph 41 are admitted.

42.     Answering the allegations of paragraph 42, this defendant admits that certain mortgage bankers do not utilize their own funds in making mortgage loans, and that certain mortgage bankers sell mortgage loans to other parties which provide the funds for the borrowers at the time of closings.    This defendant further admits that in certain transactions, mortgage bankers are paid fees by borrowers for originating mortgage loans.  This defendant further admits that mortgage bankers can be licensed by the State of New Jersey.  The remaining allegations of paragraph 42 are denied.

43.     Answering the allegations of paragraph 43, this defendant admits that there are certain borrowers who cannot obtain traditional

financing because of an increased delinquency risk and who accordingly pay a higher than market interest rate.   The remaining allegations of paragraph 43 are denied.

44.   Answering the allegations of paragraph 44, this defendant admits that mortgage loan applications are taken for mortgage loans. The remaining allegations of paragraph 44 are denied.

45.   Answering the allegations of paragraph 45, this defendant admits there are certain mortgage bankers who deal directly with borrowers and who take certain paperwork from prospective borrowers, including mortgage loan applications and other documents.   The remaining allegations of paragraph 45 are denied.

46.   This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 46.

47.   Answering the allegations of paragraph 47, this defendant admits that with respect to certain mortgage loans, appraisals of the property securing the loan are done.   This defendant also admits that on certain mortgage loans, appraisals are relied upon by certain lenders. The remaining allegations of paragraph 47 are denied.

48.   The allegations of paragraph 48 are denied.

49.   Answering the allegations of paragraph 49, this defendant admits that there are persons known as "Correspondents" who sell mortgage loans to lenders.   The remaining allegations of paragraph 49 are denied.

50.    Answering the allegations of paragraph 50, this defendant admits that certain entities buy mortgage loans from correspondents and those entities fund the mortgage loans in a variety of ways, and from time to time those entities retain the mortgage loans or resell them.  The remaining allegations of paragraph 50 are denied.

51.    Answering the allegations of paragraph 51, this defendant admits that certain entities who fund mortgage loans originated by correspondents provide certain instructions to closing attorneys.   The remaining allegations of paragraph 51 are denied.

## AS TO TITLE INSURANCE AND ITS ROLE IN REAL ESTATE TRANSACTIONS

52.    Answering the allegations of paragraph 52, this defendant admits that title insurance is insurance that provides for specified coverage in return for premiums.   This defendant further admits that title insurance is from time to time purchased when real property is purchased or refinanced, and that certain mortgage lenders require that owners who borrow money to finance purchases of real property acquire title insurance coverage.  The remaining allegations of paragraph 52 are denied.

53.    Answering the allegations of paragraph 53, this defendant admits that from time to time owners or borrowers who seek to purchase title insurance do not deal directly with the title insurer in connection with purchase of the insurance.   This defendant also admits that from time to time title agents perform certain specified tasks with respect to

the purchase of title insurance.  This defendant also admits that from time to time certain agents may be affiliated with more than one title insurance company.  This defendant also admits that from time to time certain title insurance companies may have relationships with more than one title agency.  The remaining allegations of paragraph 53 are denied.

54.    Answering the allegations of paragraph 54 this defendant admits a business relationship between it and the "Title Insurance" defendants, and leaves plaintiff to its proofs as to the nature and scope of same.  The remaining allegations of paragraph 54 are denied.

55.    Answering the allegations of paragraph 55, same are not directed at this defendant, and this defendant makes no answer thereto, except to deny any allegations which may be deemed to apply to it.

### AS TO THE NEW JERSEY MORTGAGE LOAN FRAUDS

56.    Answering the allegations of paragraph 56, same are not explicitly addressed to this defendant and this defendant makes no answer thereto, except to deny any allegations which may be deemed to apply to it.

### "THE CRISTO/CAPITAL ASSETS" ENTERPRISE

57.    Answering the allegations of paragraph 57, same are denied as they relate to this defendant.

58.    This defendant is without sufficient knowledge or information to admit or deny the bulk of the allegation of paragraph 58,

but does specifically deny any allegations which may be deemed to apply to it.

59.     Answering the allegations of paragraph 57, same are denied as they relate to this defendant.

60.     Answering the allegations of paragraph 57, same are denied as they relate to this defendant.

## AS TO THE PATTERN

61.     Answering the allegations of paragraph 61, same are denied insofar as they pertain to this defendant.   This defendant is without sufficient knowledge or information to admit or deny the bulk of the allegations of paragraph 61.

62.     Answering the allegations of paragraph 62, same are denied insofar as they pertain to this defendant.   This defendant is without sufficient knowledge or information to admit or deny the bulk of the allegations of paragraph 62.

63.     Answering paragraph 63, this defendant denies same.

## CONSEQUENCES VISITED UPON WALSH SECURITIES

64.     This defendant is without sufficient knowledge of information to admit or deny paragraph 64.

65.     The allegations of paragraph 65 are denied.

## AS TO COUNT I

## VIOLATION OF 18 U.S.C. § 1962(c)(RICO)

66.     This defendant repeats and re-alleges each and every response of paragraph 1-65 as if fully set forth herein.

67.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 67, but denies any such allegations which may be deemed to apply to it.

68.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 68, but denies any such allegations which may be deemed to apply to it.

69.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 69, but denies any such allegations which may be deemed to apply to it.

70.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 70, but denies any such allegations which may be deemed to apply to it.

71.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 71, but denies any such allegations which may be deemed to apply to it.

72.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 72, but denies any such allegations which may be deemed to apply to it.

73. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 73, but denies any such allegations which may be deemed to apply to it.

74. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 74, but denies any such allegations which may be deemed to apply to it.

## AS TO COUNT II

## VIOLATION OF 18 U.S.C. § 1962(d)(RICO)

75.        This defendant repeats and re-alleges each and every response of paragraph 1-74 as if fully set forth herein.

76. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 76, but denies any such allegations which may be deemed to apply to it.

77. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 77, but denies any such allegations which may be deemed to apply to it.

78. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 78, but denies any such allegations which may be deemed to apply to it.

79. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 79, but denies any such allegations which may be deemed to apply to it.

## **AS TO COUNT III**

## **COMMON-LAW FRAUD**

80.         This defendant repeats and re-alleges each and every response of paragraph 1-79 as if fully set forth herein.

81.   This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 67, but denies any such allegations which may be deemed to apply to it.

82.   This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 68, but denies any such allegations which may be deemed to apply to it.

83.   This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 69, but denies any such allegations which may be deemed to apply to it.

84.   This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 70, but denies any such allegations which may be deemed to apply to it.

85.   This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 71, but denies any such allegations which may be deemed to apply to it.

## AS TO COUNT IV

### BREACH OF CONTRACT BY NHF

Count IV of the Fourth Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT V

### BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

Count V of the Fourth Amended Complaint does not seek any judgment from this defendant and accordingly no answer is require of this defendant.

## AS TO COUNT VI

### NEGLIGENCE BY ALFIERI, CICALESE AND PEPSNY

Count VI of the Fourth Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT VII

### WRONGFUL DELAY AND/OR DENIAL OF INSURANCE CLAIM BY TITLE INSURANCE AGENCY

Count VII of the Fourth Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT VIII

## DECLARATION OF COVERAGE AGAINST THE TITLE INSURANCE

## DEFENDANTS

Count VIII of the Fourth Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

### FIRST SEPARATE DEFENSE

The Fourth Amended Complaint fails to state a claim upon which relief can be granted as to this defendant.

### SECOND SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by its own negligent conduct and the conduct of its agents, employees and officers.

### THIRD SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute laches.

### FOURTH SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute estoppel.

## FIFTH SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute waiver.

## SIXTH SEPARATE DEFENSE

Plaintiff Walsh Securities, Inc., as assignee of any Closing Service Letters, would have no higher rights under those letters than the assignor of the letters.

## ANSWER TO CROSSCLAIMS FOR CONTRIBUTION OR INDEMNITY

This defendant denies any crossclaims made against it for contribution or indemnity.

## CROSSCLAIMS FOR CONTRIBUTION

Defendant, Coastal Title Agency, denies any liability to plaintiff or to any other defendant, but if Coastal Title Agency is found liable, it demands contribution from Cristo Property Management, Ltd. a/k/a G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfeiri, Esq., Richard Pepsny, Esq., Anthony M. Cicales, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance Of New York, Inc., Fidelity National Title Insurance Company of New York,

Commonwealth Land Title Insurance Company, Stewart Title Guaranty Company, Irene DiFeo, Donna Pepsny, Weichert Realtors and Vecchio Realty d/b/a Murphy Realty Better Homes and Gardens pursuant to the New Jersey Tortfeasors Contribution Act.

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to the plaintiff or to any other defendant whatsoever, defendant Coastal Title Agency nevertheless asserts that any losses sustained by the plaintiff or by any other defendant were the proximate result of the actions of the defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Commonwealth Land Title Insurance Company, and Stewart Title Guaranty Company, which actions were primary and active, and if defendant Coastal Title Agency is found liable to plaintiff with respect to such damages, such liability results solely from secondary, imputed, vicarious or passive negligence and defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Commonwealth Land Title Insurance Company, and Stewart Title

Guaranty Company are liable to defendant Coastal Title Agency by way of indemnification for any and all sums which defendant Coastal Title Agency may be required to pay in this action.

**METHFESSEL & WERBEL, ESQS.**

_____
Martin R. McGowan, Esq.

DATED: July 24, 2009

## <u>DESIGNATION OF TRIAL COUNSEL</u>

PURSUANT to the provisions of Rule 4:25-4, the Court is advised that Martin R. McGowan is hereby designated as trial counsel on behalf of the defendant, Coastal Title Agency.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Coastal Title Agency

By:_____
          Martin R. McGowan

DATED: July 24, 2009

Our File No.  45987

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

     1.  I am employed by the law firm of Methfessel & Werbel.

     2.  On July 24, 2009 the undersigned prepared and forwarded copies of the within correspondence to the following parties:

     Office of the Clerk
     United States District Court
     Martin Luther King, Jr. Building
     50 Walnut Street
     Newark, NJ 07101

     Robert A. Magnanini, Esq.
     Boies Schiller & Flexner, LLP
     150 John F. Kennedy Pkwy,  4th Floor
     Short Hills, NJ 07078

     Thomas D. Flinn, Esq.
     Garrity, Graham, Favette & Flinn
     1 Lackawanna Plaza, Box 4205
     Montclair, NJ 07042

     Andew L. Indeck, Esq.
     Scarinci & Hollenbeck, LLC
     1100 Valleybrook Avenue
     Lyndhurst, NJ 07071

     Edward C. Bertucio, Esq.
     Hobbie, Corrigan, Bertucio & Tashjy
     125 Wyckoff Road
     Eatontown, NJ 07724

     Richard Calanni, Pro Se
     One Old Farm Road
     Tinton Falls, NJ 07724
     Attorneys for Richard Calanni

     Theodore W. Daunno, Esq.
     1033 Clifton Avenue
     Clifton, NJ 07013

James R. Brown, Pro Se
1089 Cedar Avenue
Union, NJ

Mark W. Catanzaro, Esq.
Blason IV, Suite 208
513 S. Lenola Road
Moorestown, NJ 08057

David Kott, Esq.
McCarter & English
Gateway Four
100 Mulberry Street, PO Box 652
Newark, NJ 07102

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, NJ 07666-3241

Pasquale Menna, Esq.
Kauf & Menna
170 Broad Street, PO Box 762
Red Bank, NJ 07701

Michael D. Schottland, Esq.
Schottland, Manning, Caliendo & Thomson
36 West Main Street
Freehold, NJ 07728

Robert Reilly, Esq.
Reilly, Supple & Wischusen
571 Central Avenue
New Providence, NJ 07974

Anthony M. Cicalese, Esq.
467 Long Hill Drive
Short Hills, NJ  07078

Anthony M. Cicalese
74C Mantiale De Belen
200 Mtrs Norte De Igleseis De Ascen
San Antonio De Belen
Heredia, Costa Rica

Edward Hayes Jr., Esq.
Fox, Rothschild, O'Brien & Franken
2000 Market Street
10th Floor
Philadelphia, PA  19103

John McCusker, Esq.
McCusker, Anselmi, Rosen, Carvelli & Walsh
127 Main Street
Chatham, NJ  07928

Anthony D'Apolito, Pro. Se.
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro. Se.
3 Loller Drive
Martinsville, NJ  08836

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ  07756

William Kane, Pro Se
61119 Kipps Colony Drive
Gulfport, FL  33707

Elizabeth Ann DeMola
One Abedim Way
Califon, NJ 07830

Capital Assets Property Management
10 West Bergen Place
Red Bank, NJ 07701

 

3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Deborah Fertig*
_____
Deborah Fertig



|  | Counsel | Associates |
| --- | --- | --- |
| JOEL N. WERBEL> | LORI BROWN STERNBACK*+ | TRACY B. BUSSEL> |
| JOHN METHFESSEL, JR.> | MARC DEMBLING*+ | KEVIN G. BORIS~ |
| EDWARD L. THORNTON*> | GERALD KAPLAN+ | DOUGLAS R D'ANTONIO> |
| DONALD L. CROWLEY*+ | STEVEN A. KLUXEN^ | MICHAEL R. EATROFF> |
| FREDRIC PAUL GALLIN*+ | JOHN R. KNODEL˜+ | NICHOLAS S. HARNIK> |
| STEPHEN R. KATZMAN# | MARTIN R. MCGOWAN, JR.> | FRANK J. KEENAN+ |
| WILLIAM S.BLOOM>* | THOMAS F. ZBOROWSKI˜> | ALLISON M. KOENKE> |
| ERIC L. HARRISON*+ | BRUCE A. SEIDMAN+ | DANIELLE M. LOZITO+ |
|  |  | BENJAMIN R. MESSING^ |
|  |  | SARAH E. NEWSOME+ |
|  | Of Counsel | MICHAEL R. OLSZAK> |
|  | JOHN METHFESSEL, SR.> | CYNTHIA R. RICHARDS*> |
|  |  | CHARLES P. SAVOTH, III> |
|  |  | PATRICIA C. SOH+ |
|  |  | GINA M. STANZIALE> |
|  |  | DANIEL T. TOWELL+ |
|  |  | JOHN VAN DYKEN+ |
|  |  | MATTHEW A. WERBEL> |

* Certified by the Supreme Court of New
  Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
~Member of NJ & TX Bar

**Please reply to New Jersey**

**VIA ELECTRONIC FILING**

July 24, 2009

Office of the Clerk
United States District Court
Martin Luther King, Jr. Building
50 Walnut Street
Newark, NJ 07101

RE:  **WALSH SECURITIES, INC. VS. CRISTO PROP.**
     Our File No.    : 45987 MRM
     Docket No.     : CV 97-3496 (WGB)

Dear Sir/Madam:

Enclosed please find the following documents:

☐ Answer to Fourth Amended Complaint

Would you kindly:
☐ File on behalf of defendant, Coastal Title Agency

                               **METHFESSEL & WERBEL, ESQS.**
                               Attorneys for Coastal Title Agency

                             By:_____
                                  Martin R. McGowan

DATED: July 24, 2009

Methfessel & Werbel, Esqs.
Page 2
Our File No. 45987

**ELECTRONIC FILING AND REGULAR MAIL**
Robert A. Magnanini, Esq.
Boies Schiller & Flexner, LLP
150 John F. Kennedy Pkwy,  4th Floor
Short Hills, NJ 07078

Edward C. Bertucio, Esq.
Hobbie, Corrigan, Bertucio & Tashjy
125 Wyckoff Road
Eatontown, NJ 07724

Mark W. Catanzaro, Esq.
Blason IV, Suite 208
513 S. Lenola Road
Moorestown, NJ 08057

David Kott, Esq.
McCarter & English
Gateway Four
100 Mulberry Street, PO Box 652
Newark, NJ 07102

Michael D. Schottland, Esq.
Schottland, Manning, Caliendo & Thomson
36 West Main Street
Freehold, NJ 07728

Robert Reilly, Esq.
Reilly, Supple & Wischusen
571 Central Avenue
New Providence, NJ 07974

Edward Hayes Jr., Esq.
Fox, Rothschild, O'Brien & Franken
2000 Market Street
10th Floor
Philadelphia, PA  19103

John McCusker, Esq.
McCusker, Anselmi, Rosen, Carvelli & Walsh
127 Main Street
Chatham, NJ  07928

Methfessel & Werbel, Esqs.
Page 3
Our File No. 45987 MRM

**VIA CERTIFIED MAIL RRR
AND REGULAR MAIL**

Anthony D'Apolito, Pro. Se.
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro. Se.
3 Loller Drive
Martinsville, NJ  08836

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ  07756

William Kane, Pro Se
61119 Kipps Colony Drive
Gulfport, FL  33707

Elizabeth Ann DeMola
One Abedim Way
Califon, NJ 07830

Capital Assets Property Management
10 West Bergen Place
Red Bank, NJ 07701

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, NJ 07013

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042

Andew L. Indeck, Esq.
Scarinci & Hollenbeck, LLC
1100 Valleybrook Avenue
Lyndhurst, NJ 07071

Methfessel & Werbel, Esqs.
Page 4
Our  File No. 45987 MRM

**VIA CERTIFIED MAIL RRR**
**AND REGULAR MAIL**

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, NJ 07724
Attorneys for Richard Calanni

James R. Brown, Pro Se
1089 Cedar Avenue
Union, NJ 07083

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, NJ 07666-3241

Pasquale Menna, Esq.
Kauf & Menna
170 Broad Street, PO Box 762
Red Bank, NJ 07701

Anthony M. Cicalese, Esq.
467 Long Hill Drive
Short Hills, NJ  07078

Anthony M. Cicalese
74C Mantiale De Belen
200 Mtrs Norte De Igleseis De Ascen
San Antonio De Belen
Heredia, Costa Rica