

Fox Rothschild LLP
ATTORNEYS AT LAW

2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com
Edward J. Hayes
Direct Dial: (215) 299-2092
Email Address: ehayes@foxrothschild.com

**VIA ECF**

July 28, 2009

Honorable Michael A. Shipp
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    **Walsh Securities, Inc. v. Cristo Property Management, et al.**
              **Civil Action No. 97-3496**

Dear Judge Shipp:

      This Firm represents defendants, Fidelity National Title Insurance Co. of New York and Nations Title Insurance of New York, Inc. (collectively, "**Fidelity**"), in the above-referenced proceedings. As directed by the Court at the status conference held on July 21, 2009, I write regarding the parties' dispute about the number of depositions that will be taken in this case.

**I.    FACTUAL BACKGROUND**

      This case involves claims alleged by plaintiff, Walsh Securities, Inc. ("**Walsh**"), against twenty-nine (29) defendants for (i) violations of the Racketeer, Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, et seq., (ii) common law fraud, (iii) breach of contract, (iv) negligence, (v) wrongful delay and/or denial of insurance claims, and (vi) declaration of insurance coverage. Walsh's purported claims arise from its purchase of approximately 220 mortgage loans that Walsh contends were overvalued and fraudulently obtained by certain defendants. Walsh seeks more than $400 million in damages.

      Although Walsh has agreed to permit defendants to take 15 depositions, as opposed to the limit of 10 depositions set forth in Federal Rule of Civil Procedure 30, Walsh contends that *each side* should be limited to a total of 15 depositions and that all defendants constitute *one side* for purposes of this limitation. Because it is the only plaintiff in this matter, Walsh's proposal would



Honorable Michael A. Shipp
July 28, 2009
Page 2

permit Walsh to take 15 depositions of its own choosing. Because there are 29 defendants, however, the only logical conclusion of Walsh's proposal is one of two possibilities: (i) not every defendant will be able to take a deposition in this matter, or (ii) each defendant will be entitled to depose "half a witness". In either respect, Walsh's proposal is both unreasonable and unfair. This is a complex case, and Fidelity's defense of Walsh's claims and its discovery strategy should not be prejudiced by the fact that Walsh voluntarily chose to assert a myriad of claims against 29 different defendants, most of which have involvement in the more than 200 real estate transactions which are the subject of Walsh's Fourth Amended Complaint. Accordingly, given the nature of the claims asserted by Walsh, the number of parties and underlying transactions involved, and the number of third parties who may have knowledge of the facts and circumstances regarding the parties' respective claims and defenses, Fidelity requests that the Court permit *each defendant* to take at least 40 depositions.[1]

## II.   LEGAL STANDARD

Under Rule 30 of the Federal Rules of Civil Procedure, a party must obtain leave of court to take a deposition if the proposed deposition would result in more than 10 depositions being taken by the plaintiffs, the defendant or the third-party defendants. See Fed. R. Civ. P. 30(a)(2)(A)(i). A "party seeking more than ten depositions must overcome [the] presumptive limit by demonstrating that the additional depositions are reasonable and necessary." Alaska Electrical Pension Fund v. Pharmacia Corp., Civ. A. No. 03-1519, 2006 U.S. Dist. LEXIS 59095, at *8 (D.N.J. Aug. 18, 2006).

## III.   ANALYSIS

The Court should grant Fidelity's request to take at least 40 depositions because the depositions requested by Fidelity are both reasonable and necessary for several reasons. First, Walsh's Fourth Amended Complaint states claims against 29 defendants. Fidelity has asserted cross-claims for indemnification and contribution against 26 of the named defendants. Both Fidelity and Commonwealth Land Title Insurance Company have also filed a third-party complaint against 3 third-party defendants. As such, at a minimum, Fidelity should be given the opportunity to depose the 29 parties against whom Fidelity has asserted claims in this matter. See, e.g., Matusick v. Erie County Water Auth., Civ. A. No. 07-489, 2009 U.S. Dist. LEXIS

---

[1]   Attached hereto as Exhibit "A" is a list of the individuals and entities who Fidelity would need to depose in this matter in order to properly defend against the claims asserted by Walsh.



Honorable Michael A. Shipp
July 28, 2009
Page 3

3067, at *4 (W.D.N.Y. Jan. 16, 2009) (granting motion to exceed 10 depositions because number of defendants named by plaintiff provides sufficient particularized need to warrant plaintiff's request for additional depositions).

Second, Walsh has disclosed 104 witnesses who are likely to have discoverable knowledge and/or information that Walsh may use to support its claims or defenses, some of whom are already parties to this action. A true and correct copy of Walsh's Rule 26 disclosures, dated April 11, 2005, is attached hereto as **Exhibit "B"**. Given Walsh's disclosure of 104 witnesses with discoverable information, it is difficult to understand how Walsh can propose that *all defendants* should be limited to a total of 15 depositions. While Fidelity intends to depose the defendants and third-party defendants against whom it has claims, at this point in time, Fidelity will likely seek to depose only a fraction of the 104 witnesses listed in Walsh's Rule 26 disclosures. By way of example only, Fidelity intends to depose the corporate representatives of Resource BancShares Mortgage Group and Resource BancShares Corporation on the subject of Resource BancShares' allegedly unsuccessful acquisition of Walsh.

Third, in view of the depositions that are necessary to Fidelity's defense of Walsh's claims and its own cross-claims and third-party claims, it would be an inefficient use of judicial resources to require Fidelity, as suggested by Walsh, to take fifteen depositions and to then force Fidelity to file an additional motion for each additional deposition that it would like to take. See e.g., Elena del Campo v. American Corrective Counseling Servs., Inc., Civ. A. No. 01-21151, 2007 U.S. Dist. LEXIS 87150, at *17 (N.D. Cal. Nov. 6, 2007) (permitting plaintiff to take more than 10 depositions and concluding that it would be inefficient to require plaintiff to file a motion for every additional deposition it sought). Such a practice would require this Court to "micro-manage" the discovery process and would greatly increase the cost of defending the claims asserted by Walsh. Moreover, it would be prejudicial to Fidelity if the Court requires Fidelity to exhaust a number of depositions (10 or 15, for example) before Fidelity may seek leave to take more depositions because Fidelity's approach to discovery from the outset will depend on how many depositions the Court will permit it to take. Id.[2]

---

[2] It should also be pointed out that even if the Court were to permit the number of depositions suggested by Fidelity, the Court always has the power to subsequently limit the depositions if it appears that any of the parties are not engaging in discovery in good faith.



**Fox Rothschild LLP**
ATTORNEYS AT LAW

Honorable Michael A. Shipp
July 28, 2009
Page 4

    Accordingly, because the number of depositions proposed by Fidelity is both reasonable and necessary, and in large part because the number of depositions are the result of the number of defendants Walsh has chosen to make a party to this action, Fidelity respectfully requests the following relief: (i) leave of Court to take 40 deposition in this matter, and (ii) the opportunity to take additional depositions upon a showing of good cause.

Respectfully yours,

Edward J. Hayes

cc:    Attached Service List