

July 28, 2009

**BY ELECTRONIC FILING AND REGULAR MAIL**

The Honorable Michael A. Shipp
United States Magistrate Judge
U.S. District Court, District of New Jersey
M.L.K. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ  07102

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

Re:   Walsh Securities, Inc. v. Cristo Property Management, et al.
       United States District Court for the District of New Jersey
       Docket No. 97-3496 (DRD) (MAS)

Dear Judge Shipp:

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

We represent Defendant Commonwealth Land Title Insurance Company in this case and write regarding a discovery matter stemming from the Amended Scheduling Order submitted to this Court on July 17, 2009 [document 303].  This letter brief is submitted at the Court's instruction on the question of whether there should be any limitation on the number of depositions to be taken in this case by the Defendants. It is our position that the maximum number of depositions should be dictated by the needs of the case, not by a pre-set number.

Plaintiff seeks to limit Defendants to 15 depositions.  Such a limit would be a straightjacket on Commonwealth's ability to defend itself due the size and complexity of this case.  Instead, a more sensible tack is to not limit the number of depositions that may be taken and to rely on the provisions of the Federal Rules to curb any potential abuses.  Namely, if Plaintiff believes that Defendants seek to take extraneous depositions, Plaintiff may move before this Court for a limitation on depositions pursuant to Rule 26(b)(2)(C).

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

### *Background*

Plaintiff filed this lawsuit and seeks in excess of $450 million in damages -- exclusive of interest and legal fees -- from Commonwealth and the other title insurance defendants.  (See Fourth Am. Compl., Counts V, VII, VIII [document 302]).  The Fourth Amended Complaint in this case, filed by Plaintiff on July 10, is 37 pages long and contains 116 allegations in eight separate causes of action. Moreover, Plaintiff named 28 separate Defendants.

Generally, the Fourth Amended Complaint alleges that a fraud occurred with respect to the issuance of over 220 residential mortgages.  It further alleges that various defendants played different roles in the fraud.  Specifically, the Fourth Amended

Honorable Michael A. Shipp
July 28, 2009
Page 2

Complaint alleges that defendants Cristo Property Management, Ltd. and National Home Funding engaged in fraud in originating mortgages that were sold by National Home Funding to Walsh Securities. Another Group of defendants -- all appraisers -- were alleged to have participated in the fraud. Yet another group of defendants -- all attorneys -- were also alleged to have participated in the fraud. A further group of defendants -- all realtors -- were also alleged to have participated in the fraud. In addition, certain individuals who ultimately purchased the property after the mortgages were issued (defendants Capital Assets Property Management, LLC and affiliated individual defendants) are alleged to have participated in the fraud. The Fourth Amended Complaint asserts RICO and common-law fraud causes of action against those defendants, as well as against defendant Coastal Title Agency, an insurance agency that is alleged to have issued certain title insurance policies insuring the mortgages at issue.

In addition, the Fourth Amended Complaint asserts a breach of contract cause of action against National Home Funding, which originated the mortgages and sold them to Plaintiff. The Fourth Amended Complaint further asserts a claim for breach of contract against the title insurance defendants, Commonwealth Land Title Insurance Co., Fidelity National Title Insurance Co. of New York, and Nations Title Insurance of New York. The Fourth Amended Complaint also alleges that certain of the attorneys were negligent in connection with legal services provided relating to the real estate closings and title work. The Fourth Amended Complaint further alleges that the title insurance defendants intentionally and without any reason failed to process and pay allegedly covered claims within a reasonable time. It also seeks a declaratory judgment from this Court stating that the losses suffered by Plaintiff in connection with the loan transactions at issue are covered by title insurance. According to Plaintiff, a significant portion of the alleged losses being claimed stem from the allegedly unsuccessful acquisition of Plaintiff by Resource BancShares Mortgage Group and Resource BancShares Corporation. Plaintiff claims that the merger fell through due to the alleged fraud and associated events set forth within the Complaint.

We understand from discovery exchanged to date that Plaintiff alleges that there are approximately 220 loans that were purchased by the Plaintiff from Defendant National Home Funding which are part of this lawsuit. It is also our understanding from the discovery to date that all of those loans, or virtually all of those loans, were sold by the Plaintiff to third parties. Specifically, the loans were packaged as securitizations and sold as securities or were sold to other lenders by Plaintiff for other lenders to hold in their portfolios. In fact, there was litigation brought by one of the purchasers of mortgages from Walsh (an entity known as Cityscape) against Walsh, which went to Judgment in the Southern District of New York. In short, this case is incredibly intensive, complex, and fact-specific.

Honorable Michael A. Shipp
July 28, 2009
Page 3

### *The Law*

Rule 30(a)(2)(A)(i) allows the Court to grant a party more than ten depositions:

> (2)  A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
> (A)  if the parties have not stipulated to the deposition and:
>
> (i)  the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third party defendants[.]

FED. R. CIV. P. 30(a)(2).  Rule 26(b) specifically gives courts the power to "alter the limits of these rules on the number of depositions . . . ."  FED. R. CIV. P. 26(b)(2).

### *Argument*

The complexity of this case requires a greater number of depositions than are permitted without leave of court and a larger number than Plaintiff has agreed to stipulate to.  In order to effectively defend itself, Commonwealth must depose many, if not all, of the 27 other named defendants.  It also needs to depose the senior management of Walsh, namely Robert Walsh, James Walsh, and Betty DeMola. The core of Plaintiff's suit is 220 separate mortgage loans, as such, depositions of some of the borrowers involved in those loans are also required.  The depositions of individuals at the company that sought to merge with Plaintiff also must be taken in order to determine why the merger did not go through and to further Commonwealth's understanding of Plaintiff's calculation of its own value.  This list is not exclusive, but it demonstrates Commonwealth's need to take more depositions than Plaintiff is willing permit without the Court's intervention.

As such, in order to defend itself against the three different causes of action pled by Plaintiff, Commonwealth seeks leave of court to permit the needs of this case to dictate the number of depositions that are taken.  Commonwealth is well aware of its obligation under Rule 26(b)(2) not to seek unnecessary or unduly burdensome discovery, and has no intention of violating that Rule.  However, the realities of mounting a defense in this intensely complicated case require flexibility in the number of depositions permitted, as a limitation such as the one proposed by Plaintiff will handcuff Commonwealth and prevent it from obtaining the information and understanding necessary to defend itself.  In short, Commonwealth respectfully requests that this Court not set a limit on the number of depositions that each side is permitted to take.

Honorable Michael A. Shipp
July 28, 2009
Page 4


Respectfully Submitted,

*s/ David R. Kott*

David R. Kott

cc:   Robert A. Magnanini, Esq. (via electronic filing & reg. mail)
      Edward J. Hayes, Jr., Esq. (via electronic filing & reg. mail)
      Martin R. McGowan, Jr., Esq. (via electronic filing & reg. mail)
      John B. McCusker, Esq. (via electronic filing & reg. mail)
      Mark W. Catanzaro, Esq. (via electronic filing & reg. mail)
      Michael D. Schottland, Esq. (via electronic filing & reg. mail)
      Edward C. Bertucio, Jr., Esq. (via electronic filing & reg. mail)
      Robert J. Reilly, III, Esq. (via electronic filing & reg. mail)
      Theodore W. Daunno, Esq. (via reg. mail)
      Thomas D. Flinn, Esq. (via reg. mail)
      Anthony M. Cicalese, Esq. (via reg. mail)
      Pasquale Menna, Esq. (via reg. mail)
      Thomas Brodo, Pro Se (via reg. mail)
      James R. Brown, Pro Se (via reg. mail)
      Richard Calanni, Pro Se (via reg. mail)
      Anthony D'Apolito, Pro Se (via reg. mail)
      Stanley Yacker, Pro Se (via reg. mail)
      William Kane, Pro Se (via reg. mail)
      Richard DiBenedetto, Pro Se (via reg. mail)
      Elizabeth Ann DeMola, Pro Se (via reg. mail)
      Capital Assets Property Management (via reg. mail)
      Andrew I. Indeck, Esq. (via reg. mail)