# STONE ▨ MAGNANINI
### LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

July 28, 2009

*Via Electronic Filing*

Honorable Michael A. Shipp
United States Magistrate Judge
M.L. King, Jr. Federal Building
    & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    **Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.**
             **Civil Action No.: 97-3496 (DRD)(MAS)**

Dear Judge Shipp:

    This firm represents Plaintiff Walsh Securities, Inc. ("Walsh Securities") in the above-referenced matter. During the Telephone Status Conference that Your Honor held on July 21, 2009, the parties were instructed to submit simultaneous letters to the Court on July 28, 2009 addressing the parties' respective positions regarding limits on the number of depositions.

    As part of the process of submitting a joint letter to the Court in advance of the Telephone Status Conference, we proposed an increase in the usual number of depositions given the number of parties and claims involved. Your Honor's March 14, 2008 Scheduling Order provided that "The number of depositions to be taken by each side shall not exceed ten (10)." We believe that 15 depositions for each side should be sufficient and that if good cause is shown the parties could request to increase the number at a later date. Counsel for Defendants Commonwealth Land Title Insurance Company, Nations Title Insurance Company of New York, Inc., Fidelity National Title Insurance Company, (collectively the "Title Companies"), and Coastal Title Agency ("Coastal") (collectively the "Defendants") disagree and contend that they need more than 15 depositions and that the limit, under the Federal Rules of Civil Procedure, applies to each party and not each side. To date, Defendants have not provided us with a number of depositions that they believe to be fair and reasonable. If we knew a precise number that they had in mind, we may have been able to come to a mutual resolution without the necessity of letter writing. Plaintiff, however, is not willing to consent to an unlimited number of depositions.

    According to Fed. R. Civ. P. 30(a)(2)(A)(i), the limit is "10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." Based on the plain language of the Rule, our interpretation is that the limit is 10 depositions for each side and not each individual party. This is in accord with the analysis set forth in two distinguished

treatises. As explained in 7-30 *Moore's Federal Practice – Civil* § 30.05, "The presumptive limit of 10 depositions applies to each 'side' or 'position' in litigation and not to each party." Similarly, Robert E. Bartkus & Elizabeth J. Sher, *N.J. Federal Civil Procedure* (2d ed.), § 12-5:5.3, at 400 (2008), states: "Federal Rule 30(a)(2)(A)(i) limits the number of depositions available to all plaintiffs (not each plaintiff) to 10 depositions absent leave of court or a written stipulation of all parties. The same limit applies to all defendants and third-party defendants." While the parties could have stipulated to a different limit on the number of depositions, the Rule is clear that the limit applies to each side.

The burden is on Defendants to obtain leave of court to increase the number of depositions that they choose to take. It is not incumbent on Plaintiff to seek a protective order to limit the number of depositions when Plaintiff is already proposing an increased number. Plus, "a motion for leave of court to take additional depositions must be specific as to the number of additional depositions sought and the identity of the deponents." 7-30 *Moore's Federal Practice – Civil* § 30.05. "In determining whether to grant additional depositions, the court must apply the principles set forth in Rule 26(b)(2)(C), which lists such considerations as whether the discovery is duplicative, whether the party seeking discovery has had ample opportunity to otherwise obtain the information sought, and the burden or expense of the proposed discovery." *Id.* Consequently, Defendants must identify the deponents and set a limit on the number of depositions.

Although, as Defendants will argue, this case involves a large sum of damages and originally named a number of defendants, even though only four represented defendants and two *pro se* defendants remain, "[t]he specific facts of the case are important in determining whether the knowledge possessed by prospective deponents is cumulative or tangential." *Id.* Walsh Securities' Fourth Amended Complaint alleges claims against the three Title Companies for breach of contract, breach of the duty of good faith and fair dealing, wrongful delay in providing coverage, and a declaratory judgment of coverage. The claims alleged against Coastal and the two *pro se* defendants involve RICO and common law fraud. The remaining named defendants have been included at the Title Companies and Coastal's insistence because they alleged corss-claims against those defendants. The majority of individuals, other than two, have had Plaintiff's claims dismissed or had judgments entered against them. Similarly, the majority of corporate defendants, other than the four active corporate defendants, have had judgment entered against them. Since many of the individual defendants plead guilty, the remaining defendants have the benefit of those allocutions. Moreover, the parties have engaged in limited discovery as part of the mediation process during which Defendants took nine depositions and obtained numerous witness interview memos prepared by Plaintiff's counsel during its investigation into the scheme. Although they cannot use this information at trial, it is knowledge they have gained that should assist them in focusing the number of depositions and maintaining a cost-effective plan for discovery. Thus, the Defendants should be able to identify and come to a consensus on a fixed set of depositions that is not limitless, duplicative, or overly burdensome and expensive.

Plaintiff is not opposed to considering additional depositions in excess of 15, but respectfully requests that the Court consider Rule 26(b)(2)(C) and set a reasonable limit that is not boundless, or even the 60 proposed by the Defendants during the telephone status conference.

Honorable Michael A. Shipp
July 28, 2009
Page 3 of 3

 

Thank you for Your Honor's kind attention to this matter.

Respectfully submitted,

_____/s/_____
Robert A. Magnanini

cc:     All Counsel of Record (*via electronic filing only*)
         Richard Calanni, *pro se* (*via regular mail*)
         Richard DiBenedetto, *pro se* (*via regular mail*)