FOX, ROTHSCHILD LLP
FORMED IN THE COMMONWEALTH OF PENNSYLVANIA
BY:      EDWARD J. HAYES (EJH-9808)
              DAVID H. COLVIN, ESQUIRE (DHC-9909)
P. O. BOX 5231
PRINCETON, NJ 08543-5231
TEL. (609) 896-3600
FAX (609) 896-1469

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : |
| | : |
| Plaintiff, | : Civil Action No. 97-3496 (DRD)(MAS) |
| v. | : |
| | : |
| CRISTO PROPERTY MANAGEMENT, LTD., | : |
| a/k/a G.J.L. LIMITED, DEK HOMES OF NEW | : |
| JERSEY, INC., OAKWOOD PROPERTIES INC.,: | |
| NATIONAL HOME FUNDING, INC., CAPITAL : | |
| ASSETS PROPERTY MANAGEMENT & | : |
| INVESTMENT CO., INC., CAPITAL ASSETS | : |
| PROPERTY MANAGEMENT, L.L.C., | : **ANSWER TO FOURTH AMENDED** |
| WILLIAM J. KANE, GARY GRIESER, ROBERT: | **COMPLAINT, SEPARATE DEFENSES,** |
| SKOWRENSKI, II, RICHARD CALANNI, | : **ANSWERS TO CROSS CLAIMS,** |
| RICHARD DIBENEDETTO, JAMES R. BROWN,: | **CROSS CLAIM, THIRD PARTY** |
| THOMAS BRODO, RONALD J. PIERSON, | : **COMPLAINT AND JURY DEMAND** |
| STANLEY YACKER, ESQ., MICHAEL ALFIERI: | |
| ESQ., RICHARD PEPSNY, ESQ., ANTHONY M.: | |
| CICALESE, ESQ., LAWRENCE M. CUZZI, | : |
| ANTHONY D'APOLITO, DAP CONSULTING, | : |
| INC., COMMONWEALTH LAND TITLE | : |
| INSURANCE COMPANY, NATIONS TITLE | : |
| INSURANCE OF NEW YORK INC., FIDELITY | : |
| NATIONAL TITLE INSURANCE COMPANY | : |
| OF NEW YORK, COASTAL TITLE AGENCY, | : |
| and STEWART TITLE GUARANTY | : |
| COMPANY, IRENE DiFEO, DONNA PEPSNY, | : |
| WEICHERT REALTORS, AND VECCHIO | : |
| REALTY, INC. D/B/A MURPHY REALTY | : |
| BETTER HOMES and GARDENS, | : |
| Defendants | : |

Defendants, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York (hereafter collectively referred to as "Answering Defendants"), by way of Answer to the Fourth Amended Complaint, say:

1. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Fourth Amended Complaint. To the extent that these allegations are conclusions of law, no responsive pleading is required. To the extent that these allegations are directed at Answering Defendants or otherwise seek to impose liability upon Answering Defendants, the allegations are denied.

## AS TO "PARTIES"

2. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Fourth Amended Complaint.

3. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Fourth Amended Complaint.

4. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Fourth Amended Complaint.

5. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Fourth Amended Complaint.

6. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Fourth Amended Complaint.

2

7.   Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Fourth Amended Complaint.

8.   Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Fourth Amended Complaint.

9.   Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Fourth Amended Complaint.

10. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Fourth Amended Complaint.

11. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Fourth Amended Complaint.

12. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Fourth Amended Complaint.

13. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Fourth Amended Complaint.

14. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Fourth Amended Complaint.

15. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Fourth Amended Complaint.

16. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Fourth Amended Complaint.

17. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Fourth Amended Complaint.

18. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Fourth Amended Complaint.

19. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Fourth Amended Complaint.

20. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Fourth Amended Complaint.

21. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Fourth Amended Complaint.

22. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Fourth Amended Complaint.

23. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Fourth Amended Complaint.

24. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Fourth Amended Complaint.

25. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Fourth Amended Complaint.

26. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Fourth Amended Complaint.

27. Admitted.

28. Admitted.

29. Admitted in part;  denied in part.  It is admitted that Coastal was a corporation operating in New Jersey and that it acted as a title insurance agent.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 29

30. Admitted in part; denied in part.  It is admitted that Answering Defendants are title insurance underwriters and that Coastal issued certain closing service letters and loan policies of title insurance to NHF on occasion.  Any characterization of those letters or policies is denied as the documents are writings, the terms of which speak for themselves.  Furthermore, Answering Defendants are without knowledge or information sufficient to form a response to the allegation that closing proection letters and/or policies were issued on all of the transactions complained of

5

by Plaintiff.

31. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Fourth Amended Complaint.

32. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Fourth Amended Complaint.

33. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Fourth Amended Complaint.

## AS TO "JURISDICTION"

34. Denied.   The allegations of paragraph 34 are conclusions of law to which no responsvie pleading is required.

## AS TO "VENUE"

35. Denied.   The allegations of paragraph 35 are conclusions of law to which no responsvie pleading is required.

## AS TO "INTRODUCTION"

36. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Fourth Amended Complaint.

37. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of the Fourth Amended Complaint.

38. Denied.  Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations contained in paragraph 38 of the Fourth Amended Complaint.

39. Admitted in part; denied in part.  It is admitted that Coastal issued certain closing service letters and loan policies of title insurance to NHF on occasion.  Any characterization of those letters or policies is denied as the documents are writings, the terms of which speak for themselves.   Furthermore, Answering Defendants are without knowledge or information sufficient to form a response to the allegation that closing proection letters and/or policies were issued on all of the transactions complained of by Plaintiff.   The remaining allegations of paragraph 39 are conclusions of law to which no response is required.

### AS TO "FACTUAL ALLEGATIONS"

### The Mortgage and Banking Industry

40. Admitted in part; denied in part.  It is admitted that a mortgage loan is a loan in which real property is used as collateral.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Fourth Amended Complaint.

41. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Fourth Amended Complaint.

42. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the Fourth Amended Complaint.

43. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of the Fourth Amended Complaint.

7

44. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 of the Fourth Amended Complaint.

45. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 of the Fourth Amended Complaint.

46. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the Fourth Amended Complaint.

47. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Fourth Amended Complaint.

48. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the Fourth Amended Complaint.

49. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of the Fourth Amended Complaint.

50. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the Fourth Amended Complaint.

51. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 of the Fourth Amended Complaint.

## AS TO "TITLE INSURANCE AND ITS ROLE IN REAL ESTATE TRANSACTIONS"

52. Admitted in part; denied in part.  Answering Defendants admit that in consideration for the payment of a premium, title insurance provides indemnification for owners and/or lenders of real property against certain losses covered by the policy, subject to the terms and conditions of the policy.  It is further admitted that title insurance is purchased in the majority of real estate purchases and/or refinances.  It is further admitted that mortgage lenders routinely require the issuance of title insurance in connection with the purchase and/or financing of real estate.  It is denied that title insurance guarantees against losses or damages.  Title insurance is not a policy of guaranty, but instead a policy of indemnity.  It is denied that title insurance is issued on all transactions.  It is further denied that title insurance is supplied to owners on each occasion when a title policy is required by the lender.  The balance of the allegations contained in paragraph 52 of the Fourth Amended Complaint are denied.

53. Admitted in part; denied in part.  It is admitted that title insurance customers often deal with title insurance agents as opposed to directly with a title insurance underwriter.  It is further admitted that title insurance agents perform certain duties pursuant to written agency agreements executed with title insurance underwriters.  It is also admitted that some title insurance agencies act as agents for more than one title insurance underwriter, while many are exclusive agents for one title insurance underwriter.  The balance of the allegations contained in paragraph 53 of the Fourth Amended Complaint are denied.

54. Admitted in part; denied in part.  It is admitted that agency agreements existed with Coastal.  Any characterization of the terms of those agreements is denied as the agreements are writings, the terms of which speak for themselves.  The allegations of paragraph 54 are further denied as conclusions of law.

55. Admitted in part; denied in part.  Answering Defendants admit title insurance

underwriters will issue closing service letters and/or title insurance policies for the benefit of mortgage lenders.  Closing service letters are not issued in connection with every transaction.  It is further admitted that closing service letters are required by some lenders in connection with a closing.  Answering Defendants deny the allegations contained in paragraph 55 of the Fourth Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves.  Answering Defendants refer the Court and the parties to the documents for their content.  Furthermore, to the extent that the particular "closing service letters" are not sufficiently identified in this paragraph and are not attached to the copy of the Fourth Amended Complaint served in this matter, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations.  To the extent the allegations of paragraph 55 consitute conclusions of law, no responsive pleading is required.

## AS TO "THE NEW JERSEY MORTGAGE LOAN FRAUDS"

56. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of the Fourth Amended Complaint.

## AS TO "'THE CRISTO/CAPITAL ASSETS ENTERPRISE"

57. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 57 of the Fourth Amended Complaint.

58. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 of the Fourth Amended Complaint.

59. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of the Fourth Amended Complaint.

60. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 of the Fourth Amended Complaint.

## AS TO "THE PATTERN"

61. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61 of the Fourth Amended Complaint.

62. Admitted in part;  denied in part.  It is admitted that Coastal issued a policy of title insurance in connection with this transaction.   Answering Defendants deny the allegations contained in paragraph 62 of the Fourth Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 61 (inclusive of its subparts) of the Fourth Amended Complaint.

63. Denied.  The allegations of paragraph 63 are denied.

## AS TO "CONSEQUENCES VISITED UPON WALSH"

64. Admitted in part; denied in part.  It is admitted that no payments have been made to Plaintiff.  It is denied that any payments are required or that Answering Defendants have not acted properly in this matter. Plaintiff has no claims against Answering Defendants.

65. Denied.  The allegations of paragraph 65 are denied.

## AS TO "COUNT I"

66-74.  The allegations contained in paragraphs 66 through 74, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

## AS TO "COUNT II"

75-79.  The allegations contained in paragraphs 75 through 79, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

## AS TO "COUNT III"

80-85.  The allegations contained in paragraphs 80 through 85, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

## AS TO "COUNT IV"

86-91.  The allegations contained in paragraphs 86 through 91, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

## AS TO "COUNT V"

92. Answering Defendants repeat and reallege each of their responses to paragraphs 1 through 91, inclusive, of the Answer to Fourth Amended Complaint.

93. Admitted in part; denied in part.  Answering Defendants admit that Coastal issued title insurance policies in connection with some of the complained-of transactions.  The title insurance polices insured NHF's lien as a first mortgage against certain real estate.  It is further admitted that Coastal issued closing service letters on some of the transactions.  It is denied that the closing service letters covered the type of conduct complained of by Plaintiff or were for Plaintiff's benefit.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in paragraph  of the Fourth Amended Complaint.   To the extent the allegations of paragraph 93 consistute conclusions of law, no responsive pleading is required.

12

94. Denied. The allegations of paragraph 94 are conclusions of law to which no responsive pleading is required. By way of further answer, Answering Defendants deny that the title insurance policies or closing service letters covered the type of conduct complained of by Plaintiff and Answering Defendants deny the allegations contained in paragraph 94 of the Fourth Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves. The allegations are further denied as conclusions of law.

95. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 95 of the Fourth Amended Complaint concerning the conduct of the closing attorneys. To the extent that the balance of the allegations contained in paragraph 95 are conclusions of law, no responsive pleading is required.

96. Admitted in part; denied in part. It is admitted that Plaintiff has notified Answering Defendants of a potential claim. Answering Defendants deny that the title insurance policies or closing service letters cover the type of conduct complained of by Plaintiff. To the extent the allegations of paragraph 96 constitute conclusions of law, no responsive pleading is required.

97. Admitted in part; denied in part. It is admitted that Answering Defendants have not paid monies to Plaintiff. It is denied that Plaintiff is entitled to payment from Answering Defendants. It is further denied that Plaintiff has suffered any losses for which Answering Defendants are liable.

98. Denied. The allegations of paragraph 98 are conclusions of law to which no responsive pleading is required. Furthermore, Answering Defendants have acted properly in this matter.

99. Denied. The allegations of paragraph 99 are conclusions of law to which no responsive pleading is required. By way of further answer, it is denied that Plaintiff has suffered any losses for which Answering Defendants are liable or that Answering Defendants have not acted properly in this matter.

100.   Denied.  It is denied that Plaintiff has suffered any damages for which Answering Defendants are liable.

### AS TO COUNT VI

101-110.   The allegations contained in paragraphs 101 through 110, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

### AS TO COUNT VII

111.   Answering Defendants repeat and reallege each of their responses to paragraphs 1 through 110, inclusive, of the Answer to Fourth Amended Complaint.

112.   Denied.  The allegations of paragraph 112 are conclusions of law to which no responsive pleading is required.  By way of further answer, it is denied that Plaintiff has suffered any losses for which Answering Defendants are liable or that Answering Defendants have not acted properly in this matter.

113.   Denied.  It is denied that Plaintiff has suffered any damages for which Answering Defendants are liable.

### AS TO COUNT VIII

114.   Answering Defendants repeat and reallege each of their responses to paragraphs 1 through 113, inclusive, of the Answer to Fourth Amended Complaint.

115.   Denied.  The allegations of paragraph 115 are conclusions of law to which no responsive pleading is required.  By way of further answer, it is denied that Plaintiff has suffered any losses for which Answering Defendants are liable or that Answering Defendants have not acted properly in this matter.

116.   Denied.  It is denied that Plaintiff is entitled to the relief it requests.

WHEREFORE, Answering Defendants respectfully request that judgment be entered in their favor and against Plaintiff dismissing the Fourth Amended Complaint, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

## FIRST AFFIRMATIVE DEFENSE

Answering Defendants have no liability to Plaintiff under the closing service letters because:

a. The closing letters were not issued to Plaintiff.

b. The closing service letters do not protect against the type of conduct alleged by Plaintiff.

c. The closing service letters are invalid on their face in that they did not make references to a particular transaction.

d. The closing service letters are invalid on their face in that they are not dated.

e. To the extent that the closing service letters were in force and effect, any liability under the closing service letters is limited by the terms of the documents.

f. The closing service letters were induced by fraud.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff did not rely upon closing service letters in completing the mortgage transactions complained of in the Fourth Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff, as assignee of any closing service letters, would have no higher rights under those letters than the assignor of the letters, which assignor is alleged by Plaintiff to have participated in

the alleged fraud.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is charged with the knowledge and conduct of its officers, agents and/or employees in this matter. Plaintiff's officers, agents and/or employees participated in the scheme alleged in the Fourth Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims arise from the conduct of individuals and/or entities over which Answering Defendants had no control

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred by the contributory and/or comparative negligence of Plaintiff and its officers, agents and/or employees.

## SEVENTH AFFIRMATIVE DEFENSE

The Fourth Amended Complaint fails to state claim upon which relief can be granted as to Answering Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff do not arise under the title insurance policies. In each transaction pleaded in the Fourth Amended Complaint, Plaintiff maintains a valid first mortgage lien on the subject premises.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the borrowers as necessary parties to this action. The borrowers

have executed notes in favor of Plaintiff agreeing to repay the sums of money due to Plaintiff. Plaintiff should be required to exhaust the collateral prior to moving forward with this litigation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from the prosecution of this litigation and has unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted herein are barred by the Entire Controversy Doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

The claims asserted herein should be dismissed for failure to diligently prosecute this action.

## ANSWER TO CROSS-CLAIMS FOR CONTRIBUTION AND/OR INDEMNIFICATION

Answering Defendants deny any and all Cross-Claims made against them for contribution or indemnification.

## CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Answering Defendants/Cross-claim Plaintiffs, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, say, by way of cross-claim against the following Defendants/Cross-claim Defendants: Cristo Property Management, Ltd., A/K/A G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni,

Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Coastal Title Agency, Irene DiFeo, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens (collectively the "Cross-claim Defendants"):

## FIRST COUNT

### (Indemnification)

1.  Answering Defendants/Cross-claim Plaintiffs deny any liability to Plaintiff, but if it is determined that Answering Defendants/Cross-claim Plaintiffs or any one of them is liable to Plaintiff in any respect, such liability is secondary, passive and vicarious, while the liability of the Cross-claim Defendants is primary, active and direct.  Any damages for which Answering Defendants/Cross-claim Plaintiffs may be held liable are chargeable to the Cross-claim Defendants.

2.  Answering Defendants are entitled to indemnification from the Cross-claim Defendants and/or other Fourth parties.

WHEREFORE, Answering Defendants/Cross-claim Plaintiffs demand judgment of indemnification in their favor and against the Cross-claim Defendants, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

## SECOND COUNT

### (Contribution)

3.  Answering Defendants/Cross-claim Plaintiffs repeat each of its foregoing allegations contained in the Cross-claim.

4. Answering Defendants/Cross-claim Plaintiffs deny any liability to Plaintiffs, and specifically deny that any such liability is joint and several as to Answering Defendants/Cross-claim Plaintiffs. If it is determined, however, that Answering Defendants/Cross-claim Plaintiffs are liable to Plaintiff in any respect, Answering Defendants/Cross-claim Plaintiffs demand contribution from all Cross-claim Defendants pursuant to the provisos of the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 et seq., and all other statutory or common laws which may be applicable with respect to any and all damages that may be assessed against Answering Defendants/Cross-claim Plaintiffs in favor of Plaintiff, together with costs of suit.

WHEREFORE, Answering Defendants/Cross-claim Plaintiffs demand judgment of contribution in their favor and against Crossclaim Defendants, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

### THIRD PARTY COMPLAINT

Answering Defendants/Third Party Plaintiffs, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, say, by way of third party complaint against Robert Walsh, James Walsh and Elizabeth Ann DeMola (collectively the "Third Party Defendants"):

1. Third Party Defendants were officers, directors and/or employees of Plaintiff.

2. In their capacity as officers, directors and/or employees of Plaintiff, Third Party Defendants participated in the fraud alleged to have occurred by Plaintiff.

3. Alternatively, Third Party Defendants were negligent and/or breached their duties to Plaintiff as officers, directors and/or employees.

4. Answering Defendants/ Third Party Plaintiffs deny any liability to Plaintiff, and specifically deny that any such liability is joint and several as to Answering Defendants/ Third

19

Party Plaintiffs. If it is determined, however, that Answering Defendants/ Third Party Plaintiffs are liable to Plaintiff in any respect, Answering Defendants/ Third Party Plaintiffs demand contribution from all Third Party Defendants pursuant to the provisos of the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 et seq., and all other statutory or common laws which may be applicable with respect to any and all damages that may be assessed against Answering Defendants/ Third Party Plaintiffs in favor of Plaintiff, together with costs of suit.

WHEREFORE, Answering Defendants/ Third Party Plaintiffs demand judgment of indemnification in their favor and against the Third Party Defendants, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

David H. Colvin, Esquire (DHC-9909)
Edward J. Hayes, Esquire (EJH-9808)
Fox Rothschild LLP

Attorneys for Defendants Fidelity National
Title Insurance Company of New York and
Nations Title Insurance of New York

Dated: July 31, 2009

## JURY DEMAND

Defendants Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York demands a trial by jury as to all issues so triable.

PH1 2358981v1 07/24/09

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the Answer to Fourth

Amended Complaint upon the individuals identified in the service list attached hereto.

Date:  July 31, 2009

David H. Colvin, Esq.

21

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ER AL
## CIVIL ACTION NO. 97-3496 (DRD)

Robert A. Magnanini, Esq.
Stone Magnanini, LLP
150 John F. Kennedy
Short Hills, NJ 07078
Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh

Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Munoz, P.A.
100 Willowbrook Road
Freehold, NJ 07728
Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
Attorneys for Defendant Coastal Title Agency

Edward C. Bertucio, Jr., Esq.
Hobble, Corrigan, Bertucio Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
Attorney for Defendant Michael Alfieri, Esq.

Robert J. Reilly, Ill, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ 07974
Attorney for defendant Michael Alfieri, Esq. on the Sixth Count

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, New Jersey 07013
Attorney for Defendant Lawrence M. Cuzzi

Mark W. Catanzaro, Esq.
Blason IV Suite 208
513 Lenola Road
Moorestown, New Jersey 08057
Attorney for defendants Richard Pepsny and Donna Pepsny

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
Attorney for Defendant Anthony M. Ciccalese (on certain counts of the Complaint)

Anthony M. Cicalese, Esq.
467 Long Hill Drive
Short Hills, NJ 07078
Pro se (on certain counts of the Complaint)

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica
Pro se (on certain counts of the Complaint)

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, New Jersey 07701
Attorneys for Defendant Roland J. Pierson

John B. McCusker, Esq.
McCusker, Anselmi, Rosen, Carvell & Walsh, PC
127 Main Street
Chatham, NJ 07928
Attorneys for Defendant Weichert Realtors

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey 07666

James R. Brown, Pro Se
1089 Cedar Avenue
Union, New Jersey 07083

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
3 Loller Drive
Martinsville, NJ 08836

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ 07756-1397

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, FL 33707

Ms. Elizabeth Ann DeMola
One Abedim Way
Califon, NJ 07830

Capital Assets Property Management, LLC
10 West Bergen Place
Red Bank, NJ 07701

Andrew I. Indeck, Esq.
Scarinci & Hallenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
Attorney for Garden State Indemnity Co. (Legal Malpractice carrier
                                              for defendant Michael Alfieri)

David R. Kott, Esquire
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102