

August 4, 2009

**BY ELECTRONIC FILING AND REGULAR MAIL**

The Honorable Michael A. Shipp
United States Magistrate Judge
U.S. District Court, District of New Jersey
M.L.K. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ  07102

Re: <u>Walsh Securities, Inc. v. Cristo Property Management, et al.</u>
    United States District Court for the District of New Jersey
    Docket No. 97-3496 (DRD) (MAS)

Dear Judge Shipp:

Plaintiff filed this lawsuit.  In the lawsuit, Plaintiff decided to name 28 defendants.  In the lawsuit, Plaintiff decided to plead that 220 separate mortgages were involved.  In this lawsuit, Plaintiff decided to file a Fourth Amended Complaint that is 37 pages long.  In the lawsuit, Plaintiff decided to seek damages in excess of $450 million.  Now, having picked this sizable fight (indeed, this nuclear war) Plaintiff suggests that Defendants <u>collectively</u> should be limited to 15 depositions.  Surely the drafters of the Federal Rules of Civil Procedure, in composing discovery rules that are designed to allow parties to be prepared for trial, did not intend the result that Plaintiff seeks here.

Plaintiff's desire to limit <u>all</u> defendants to a cumulative total of 15 depositions is plainly unreasonable.  In order to effectively defend itself, Commonwealth Land Title Insurance Company must be permitted to investigate the facts of the case through depositions -- the maximum number of which should be dictated by the needs of the case, not a pre-set number.  By Plaintiffs' own admission, six of the 28 named defendants are presently actively involved in this case.  (<u>See</u> Pl.'s Letter Br. 2 [document 313].)   Plaintiff's suggested number of 15 <u>total</u> depositions would limit Commonwealth to a total of two, possibly three depositions.  This number is wholly insufficient.  For example, some of the 27 other named defendants not being presently active in this case does not obviate Commonwealth's need to depose many, if not all, of them insofar as they all unquestionably have information concerning liability and some may also have information concerning damages.  In addition to those depositions, Commonwealth still needs to depose the senior management of Walsh, namely Robert Walsh, James Walsh, and Betty DeMola.  Depositions of some of the borrowers involved in the 220 separate mortgage loans at issue are also required.  Further, depositions of individuals at the company that sought to merge with Plaintiff must also be taken to determine why the merger did not go through and to further Commonwealth's understanding of Plaintiff's

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

ME1 8862162v.1

calculation of its own value. In short, Plaintiff's suggested limitation -- or a limitation anywhere near this *de minimis* number -- will handcuff Commonwealth, preventing it from obtaining the information and understanding necessary to defend itself.

Plaintiffs also suggest that, in lieu of depositions, Defendants rely on "numerous witness interview memos prepared by Plaintiff's counsel during its investigation into the scheme" as a means to reduce the number of depositions Defendants must take, while conceding that none of the information in these memoranda is admissible at trial. (Pl.'s Letter Br. 2.) These witness interview memoranda -- of non-adversarial interviews conducted by Plaintiff's counsel only and then summarized by Plaintiff's counsel -- are not an equivalent substitute to sworn depositions by Defendants' counsel. Depositions are intended to, among other things, permit a party to "[i]dentify[] witnesses, evidence, and documents that support a party's case[;] [g]ather[] information about the other side's view of key events and occurrences[;] [p]reserve[e] the testimony of witnesses who may no longer be available at the time of trial[;] and [e]stablish[] a record for use in impeaching the witness at trial by committing the witness to specific testimony." Robert E. Bartkus & Elizabeth J. Sher, N.J. Federal Civil Procedure § 12-5:5.1, at 398 (2d ed. 2008); see also 7 Moore's Federal Practice, § 30.02[1], [2] (3d ed.) (discussing nature, purpose, and importance of depositions). Plaintiff's witness memoranda do none of these things for Commonwealth. For the same reasons of unreliability that Plaintiff's witness summaries are rightfully inadmissible in court, they are an insufficient substitute for depositions in forming the structure of Commonwealth's litigation strategy and development.

Finally, while Plaintiff suggests that it is settled law that motions for leave of court must specify the number of additional depositions sought and the identity of the deponents, "'there is not a lot of caselaw' regarding lawyer conduct and other aspects of [deposition] proceedings." 7 Moore's Federal Practice, § 30.02[2] (citing Hall v. Clifton Precision, 150 F.R.D. 525, 526 (E.D. Pa 1993)). Specifically, published caselaw from the Third Circuit or the District of New Jersey does not address the requirements of Rule 30(a)(2)(a)(i), the comments on that Rule cited by Plaintiffs from Moore's Federal Practice, or the District of Massachusetts case upon which Moore's relies. See 7 Moore's Federal Practice, § 30.05[1][b] (citing Whittingham v. Amherst College, 163 F.R.D. 170, 171 (D. Mass. 1995)). Moreover, Moore's recognizes that "the 10-deposition rule can create a significant obstacle for discovery in multi-party cases, such as when the lawsuit involves multiple plaintiffs and the defendant simply wants to take the deposition of each plaintiff." Ibid. In that situation, where parties are unable to agree to an increased number of depositions, courts "must apply the principles set forth in Rule 26(b)(2)(C), which lists such considerations as whether the discovery is duplicative, whether the party seeking discovery has had ample opportunity to otherwise obtain the information sought, and the burden or expense of the proposed discovery." Ibid. The realities of this case, discussed above and in Commonwealth's July 28 letter to this Court,

Honorable Michael A. Shipp
August 4, 2009
Page 3

demonstrate that Rule 26(b)(2)(C)'s standards are met in Commonwealth's request for a flexible number of depositions.

As such, in order to defend itself in this complex, high-dollar action pled by Plaintiff, Commonwealth seeks leave of court to permit the needs of this case to dictate the number of depositions that are taken. If the Court deems such an arrangement too fluid, Commonwealth requests that the Court permit <u>each defendant</u> to take 60 depositions, not including experts. Most importantly, Commonwealth requests that the Court determine the limits -- if any -- on deposition numbers at this juncture. Leave to request further depositions at a later date will be of little assistance, because that will hinder Commonwealth's ability to plan its litigation process and strategy.

Respectfully Submitted,

*s/ David R. Kott*

David R. Kott

cc: Robert A. Magnanini, Esq. (via electronic filing & reg. mail)
    Edward J. Hayes, Jr., Esq. (via electronic filing & reg. mail)
    Martin R. McGowan, Jr., Esq. (via electronic filing & reg. mail)
    John B. McCusker, Esq. (via electronic filing & reg. mail)
    Mark W. Catanzaro, Esq. (via electronic filing & reg. mail)
    Michael D. Schottland, Esq. (via electronic filing & reg. mail)
    Edward C. Bertucio, Jr., Esq. (via electronic filing & reg. mail)
    Robert J. Reilly, III, Esq. (via electronic filing & reg. mail)
    Theodore W. Daunno, Esq. (via reg. mail)
    Thomas D. Flinn, Esq. (via reg. mail)
    Anthony M. Cicalese, Esq. (via reg. mail)
    Pasquale Menna, Esq. (via reg. mail)
    Thomas Brodo, Pro Se (via reg. mail)
    James R. Brown, Pro Se (via reg. mail)
    Richard Calanni, Pro Se (via reg. mail)
    Anthony D'Apolito, Pro Se (via reg. mail)
    Stanley Yacker, Pro Se (via reg. mail)
    William Kane, Pro Se (via reg. mail)
    Richard DiBenedetto, Pro Se (via reg. mail)
    Elizabeth Ann DeMola, Pro Se (via reg. mail)
    Capital Assets Property Management (via reg. mail)
    Andrew I. Indeck, Esq. (via reg. mail)