# STONE ⚜ MAGNANINI
LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

August 4, 2009

**VIA ECF**

Honorable Michael A. Shipp
United States Magistrate Judge
M.L. King, Jr. Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re: Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.
     Civil Action No.: 97-3496 (DRD)(MAS)

Dear Judge Shipp:

  This firm represents Plaintiff Walsh Securities, Inc. ("Walsh Securities") in the above-referenced matter.  We write pursuant to Your Honor's instructions concerning a reply to the letters filed on July 28, 2009 by Commonwealth Land Title Insurance Company ("Commonwealth") and Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, Inc. ("Fidelity/Nations"), (collectively, "the Title Insurance Companies"),[1] and in further support of our letter submitted on the same date concerning the number of depositions to be taken in this case.

  Plaintiff Walsh Securities contends that, pursuant to the Federal Rules of Civil Procedure and the associated commentary, absent leave of court or stipulation of the parties, the limit is 10 depositions for each side and not each individual party.   Walsh Securities believes that 15 depositions for each side should be sufficient and that if good cause is shown the parties could request to increase the number at a later date.  The burden is on the party to obtain leave of court to increase the number of depositions that it believes it needs to take.  As such, Defendants "must be specific as to the number of additional depositions sought and the identity of the deponents." 7-30 *Moore's Federal Practice – Civil* § 30.05.  "In determining whether to grant additional depositions, the court must apply the principles set forth in Rule 26(b)(2)(C), which lists such considerations as whether the discovery is duplicative, whether the party seeking discovery has had ample opportunity to otherwise obtain the information sought, and the burden or expense of the proposed discovery." *Id.*  Defendants' submissions to the Court do not provide the Court with the information needed to make such a determination.  Given the amount of discovery that took place in the mediation and the numerous allocutions by individual defendants, the Title

---

[1] Defendant Coastal Title Agency has not filed any submission on this issue, thus we presume it consents to the 15 depositions proposed by Plaintiff.

Honorable Michael A. Shipp
August 4, 2009
Page 2 of 3

Insurance Company Defendants should be able to identify and come to a consensus on a fixed set of depositions that is not limitless, duplicative, or overly burdensome and expensive.

In response, Defendant Commonwealth filed a letter suggesting that the Court not set any limit on the number of depositions that each side be permitted to take. We do not believe it is wise to completely abandon the Federal Rules of Civil Procedure or the long-standing scheduling order tradition in this District which sets limits on the numbers of interrogatories and depositions and allows parties to increase that number by showing good cause.

Similarly, Defendants Fidelity/Nations asked for forty depositions between the two of them, presumably also allowing Defendants Commonwealth and Coastal Title Agency a similar number of forty depositions for a total of 120. First, Plaintiff believes that the number of depositions allowed to be taken by each side, i.e. the Defendants and the Plaintiff, be the same. Second, we believe the reasons provided for the need to take the 40 depositions, while they may have been quite valid at the beginning of this action in 1997, are less valid and somewhat disingenuous at this time. Defendants Fidelity/Nations claim that Walsh's Fourth Amended Complaint states claims against 29 Defendants. The only reason Walsh included all of the Defendants that had previously been included in the Third Amended Complaint was the strong insistence of the Defendants that they still retain potential cross-claims against the Defendants, even when Plaintiff had either obtained judgments against those Defendants or dismissed those Defendants. In fact, of the 29 Defendants named in the caption to the Fourth Amended Complaint at the Title Insurance Companies and Coastal's insistence, there are only six actual defendants remaining in this case that have either not been dismissed or had judgment entered against them. Those six Defendants are the Title Insurance Companies – Nations, Fidelity and Commonwealth, Coastal Title Agency, and pro se appraisers Richard Calanni and Richard DiBenedetto. All of the other corporations that have a judgment entered against them were owned by individual Defendants who have also had judgment entered against them. A vast number of individual Defendants, including all of the appraisers, Mr. D'Apolito, Ms. O'Neill, Mr. Kane, Mr. Grieser, Mr. Cuzzi, and attorney Stanley Yacker also entered guilty pleas in court as a direct result of Walsh Securities' internal investigation into the racketeering scheme.

Fidelity/Nations cite to the initial disclosures of Walsh Securities listing 104 potential witnesses, almost all of which were related to the racketeering scheme. As we previously pointed out, during the attempted mediation of the matter, Plaintiff Walsh Securities, to facilitate the mediation, turned over internal interview memoranda with various Defendants and other individuals listed in the Rule 26 disclosures to the Defendants to facilitate settlement.

It is clearly more efficient to establish a number of depositions that the parties will be allowed to take rather than have no limit as suggested by Commonwealth and have Plaintiff move continuously for protective orders for potential depositions of third parties. Also, looking at Exhibit A of the deposition proposed by Fidelity/Nations, depositions number 2, 3 and 4 listing representatives of Cristo Property Management, DEK Homes of New Jersey, Inc. and Oakwood Properties, Inc. were all companies owned by Defendant William Kane and are no longer in existence. Depositions number 6 and 7, representatives of Capital Assets Property

Honorable Michael A. Shipp
August 4, 2009
Page 3 of 3

Management and Investment Co., Inc. and Capital Assets Property Management, LLC were both entities owned by Defendant Gary Greiser and are no longer in existence. Similarly, deposition number 5, a representative of National Home Funding, Inc. is a former corporation owned by proposed deponent number 10 Robert Skowrenski II. Also, many people on this list will also likely be noticed by Plaintiff Walsh Securities.

As we have previously explained, Plaintiff Walsh Securities is not opposed to considering additional depositions in excess of 15, but respectfully requests that the Court consider Rule 26(b)(2)(C) and set a reasonable fixed limit based on the fact that there is a limited number of issues remaining in the case, only 6 defendants, and the Title Insurance Companies are likely going to notice the exact same witnesses, some of whom Plaintiff Walsh Securities will also be noticing.

Thank you for Your Honor's kind attention to this matter.

Respectfully submitted,

_____/s/_____
Robert A. Magnanini

cc:     All Counsel of Record (*via electronic filing only*)
        Richard Calanni, *pro se* (*via regular mail*)
        Richard DiBenedetto, *pro se* (*via regular mail*)