Robert A. Magnanini, Esq.
Amy Walker Wagner, Esq.
**STONE & MAGNANINI LLP**
150 John F. Kennedy Parkway, Fourth Floor
Short Hills, New Jersey 07078
973-218-1111
Attorneys for Plaintiff Walsh Securities, Inc.
and Third-Party Defendant Robert Walsh

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : Civil Action No. 97-cv-3496 (DRD) |
| Plaintiff, | : Hon. Dickinson R. Debevoise |
| vs. | : |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DiBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE CO., NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK, COASTAL TITLE AGENCY, STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS, | : |
| Defendants, | : |

```
and                                              :
                                                 :
COMMONWEALTH LAND TITLE                          :
INSURANCE COMPANY, FIDELITY                      :
NATIONAL TITLE INSURANCE COMPANY                 :
and NATIONS TITLE INSURANCE OF                   :
NEW YORK, INC.,                                  :
                                                 :
         Defendants/Third-Party Plaintiffs,      :
                                                 :
v.                                               :
                                                 :
ROBERT WALSH, JAMES WALSH  and                   :
ELIZABETH ANN DEMOLA,                            :
                                                 :
         Third-Party Defendants.                 :
_____ :
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THIRD-PARTY DEFENDANT ROBERT WALSH TO DISMISS THE THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY PLAINTIFF COMMONWEALTH LAND TITLE INSURANCE COMPANY, AND THE THIRD-PARTY COMPLAINT OF DEFENDANTS/THIRD-PARTY PLAINTIFFS FIDELITY NATIONAL TITLE INSURANCE COMPANY AND NATIONS TITLE INSURANCE OF NEW YORK, INC.

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ..................................................................................................i

**TABLE OF AUTHORITIES** ...........................................................................................ii

**PRELIMINARY STATEMENT** ......................................................................................1

**PROCEDURAL HISTORY AND BACKGROUND** ......................................................2

**LEGAL ARGUMENT** .....................................................................................................4

    I.   STANDARD OF REVIEW ON MOTION TO DISMISS
        PURSUANT TO FED. R. CIV. P. 12(b)(6). ....................................................4

    II.  COMMONWEALTH AND FIDELITY/NATIONS ARE NOT "JOINT
        TORTFEASORS" AND THEREFORE NOT ENTITLED TO SEEK
        CONTRIBUTION. ............................................................................................5

    III. THE THIRD-PARTY COMPLAINTS MUST BE DISMISSED FOR
        FAILURE TO MEET THE PLEADING REQUIREMENTS OF
        FED. R. CIV. P. 8(a)(2). ...................................................................................8

    IV. THE ALLEGATIONS OF FRAUD MUST BE DISMISSED FOR
        FAILURE TO SATISFY THE PARTICULARITY REQUIREMENTS
        OF FED. R. CIV. P. 9(b). ..............................................................................10

**CONCLUSION** ..............................................................................................................12

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Ashcroft v. Iqbal*,
 ___ U.S. ___, 129 S. Ct. 1937 (2009) ................................................................................5

*Askanase v. Fatjo*,
 1993 U.S. Dist. LEXIS 6634 (S.D. Tex. Mar. 25, 1993) ...................................................11

*Bell Atlantic v. Twombly*,
 550 U.S. 544 (2007) ..............................................................................................4, 5, 8, 9, 10

*Conley v. Gibson*,
 355 U.S. 41 (1957) ..........................................................................................................5, 8

*Dasrath v. Continental Airlines, Inc.*,
 467 F. Supp. 2d 431 (D.N.J. 2006)......................................................................................7

*DiLeo v. Ernst & Young*,
 901 F.2d 624 (7th Cir. 1990) .......................................................................................10-11

*Erickson v. Pardus*,
 551 U.S. 89 (2007) ............................................................................................................9

*In re Advanta Corp.*,
 180 F.3d 525 (3d Cir. 1999) ........................................................................................10, 11

*Jordan v. Madison Leasing Co.*,
 596 F. Supp. 707 (S.D.N.Y. 1984) .....................................................................................11

*Longport Ocean Plaza Condominium, Inc. v. Robert Cato & Associates, Inc.*,
 Civ. A. No. 00-cv-2231, 2002 WL 2013925 (E.D. Pa. 2002)..............................................6

*Papasan v. Allain*,
 478 U.S. 265 (1986) ...........................................................................................................8

*Phillips v. County of Allegheny*,
 515 F.3d 224 (3d Cir. 2008) ............................................................................................5, 9

*Policastro v. Tenafly Bd. of Educ.*,
 Civ. No. 09-1794 (DRD), 2009 U.S. Dist. LEXIS 64461 (D.N.J. July 24, 2009) ..............5

*Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*,
 49 F. Supp. 2d 728 (D.N.J. 1999)........................................................................................6

*Rolo v. City Investing Co. Liquidating Trust,*
   155 F.3d 644 (3d Cir. 1998) ..................................................................................10, 11

*Seiler v. E.F. Hutton & Co., Inc.,*
   102 F.R.D. 880 (D.N.J. 1984) ......................................................................................11

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,*
   742 F.2d 786 (3d Cir. 1984) .........................................................................................10

*Shapiro v. Miami Oil Producers, Inc.,*
   84 F.R.D. 234 (D. Mass. 1979) ....................................................................................11

*Stearns & Foster Bedding Co. v. Franklin Holding Corp.,*
   947 F. Supp. 790 (D.N.J. 1996) .....................................................................................6

*Walsh Securities, Inc. v. Cristo Property Management Ltd.,*
   Civ. No. 97-3496 (DRD), 2007 WL 951955 (D.N.J. March 28, 2007) .....................5, 7

*Won Enterprises Co., Ltd. v. Saveco, Inc.,*
   1995 WL 66909 (E.D. Pa. Feb. 14, 1995) ...................................................................11

## Federal Rules

Fed. R. Civ. P. 8(a) .............................................................................................................10

Fed. R. Civ. P. 8(a)(2) .......................................................................................... 1, 2, 8, 9, 12

Fed. R. Civ. P. 9(b) ............................................................................................ 1, 2, 10, 11, 12

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 2, 4, 5, 8, 12

## State Statutes

N.J.S.A. 2A:53A-1 ............................................................................................................4, 6

N.J.S.A. 2A:53A-3 ................................................................................................................6

## Miscellaneous

5A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1297 (3d ed.) ..............11

6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1453 (2d ed.) ...................8

18 Am. Jur. 2d Contributions § 121 (1985) ..........................................................................6

In lieu of an Answer, Third-Party Defendant Robert Walsh ("Mr. Walsh") submits this Memorandum in support of his Motion to Dismiss the Third-Party Complaint of Commonwealth Land Title Insurance Co. ("Commonwealth") and the Third-Party Complaint of Fidelity National Title Insurance Company and Nations Title Insurance of New York, Inc. ("Fidelity/Nations") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, for failure to meet the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), and/or for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

## PRELIMINARY STATEMENT

Plaintiff Walsh Securities, Inc. ("Walsh Securities") filed the present action against a number of defendants (only 6 of which remain in the case) setting forth a complex scheme to defraud it in the funding of 223 mortgage loans. As to the Title Insurance Company Defendants, Commonwealth and Fidelity/Nations, Walsh Securities asserts claims sounding in contract for their breach of contractual duties to Walsh Securities by failing to provide coverage under the Closing Service Protection Letters and Title Insurance Policies.

Commonwealth previously filed a Third-Party Complaint against Mr. Walsh alleging what appeared to be a breach of contract, which Mr. Walsh moved to dismiss because there was no contractual relationship between Mr. Walsh and Commonwealth. Commonwealth opposed the motion, and, after a recitation of the four paragraphs of the Third-Party Complaint to Judge Bassler, sought leave to amend the Third-Party Complaint so as to clarify that it is, in fact, asserting a contribution claim. In response to the Court's Order granting Commonwealth leave to file an Amended Third-Party Complaint, Commonwealth filed a four paragraph Amended Third-Party Complaint asserting a claim for contribution against Mr. Walsh and Elizabeth Ann Demola ("Ms. DeMola").

1

Pursuant to this Court's Order, Walsh Securities filed a Fourth Amended Complaint, on July 10, 2009, that alleged that Commonwealth and Fidelity/Nations breached their contractual duties by failing to provide insurance coverage to Walsh Securities under the Closing Service Protection Letters and Title Insurance Policies. In response, Commonwealth filed a new Third-Party Complaint, in response to the Fourth Amended Complaint, making almost identical allegations and adding Mr. James Walsh as a third-party defendant. Similarly, in a tactical response to the Fourth Amended Complaint, Fidelity/Nations for the first time filed a Third-Party Complaint making allegations very similar to Commonwealth's.

Mr. Walsh hereby submits this Memorandum of Law in support of his Motion to Dismiss all third-party claims against him, pursuant to Fed. R. Civ. P. 12(b)(6). Under New Jersey law, and the law of the case pursuant to this Court's previous ruling, defendants such as Commonwealth and Fidelity/Nations, whose liability to Plaintiff sounds in breaches of contractual claims, have no right of contribution against Mr. Walsh because there is no requisite joint tortfeasorship. Moreover, both Third-Party Complaints fail to meet the general pleading requirements of Fed. R. Civ. P. 8(a)(2) and the heightened pleading requirements of Fed. R. Civ. P. 9(b) alleging fraud. Accordingly, and for all of the reasons set forth herein, Mr. Walsh respectfully requests that this Court dismiss all third-party claims against him filed by Commonwealth and Fidelity/Nations with prejudice.

## **PROCEDURAL HISTORY AND BACKGROUND**

For purposes of this motion only, Mr. Walsh accepts the allegations of the Third-Party Complaints as true. At all relevant times, Walsh Securities has alleged that Commonwealth and Fidelity/Nations breached their contractual duties to Walsh Securities. On or about April 5, 2005, Commonwealth filed its Answer to the Third Amended Complaint and filed a Third-Party

Complaint against Mr. Walsh and Ms. DeMola seeking contribution under the New Jersey Tortfeasors Contribution Act on the grounds that Mr. Walsh breached contractual duties to Walsh Securities. (Docket Entry Nos. 135 and 136). On September 15, 2005, Mr. Walsh moved to dismiss Commonwealth's Third-Party Complaint on the grounds that it failed to state a claim because there was no contract giving rise to duties from Mr. Walsh to Walsh Securities. (Docket Entry No. 181). On January 20, 2006, after Plaintiff's counsel read the Third-Party Complaint to the Court, Commonwealth's counsel agreed to dismiss the Complaint and file an Amended Third-Party Complaint, and this Court granted Commonwealth's request to file an Amended Third-Party Complaint within thirty days and denied Mr. Walsh's motion without prejudice. (Docket Entry No. 194).

On February 1, 2006, Commonwealth duly filed an Amended Third-Party Complaint against Mr. Walsh and Ms. DeMola, alleging that each was an Officer, Director and/or employee of Walsh Securities and "were negligent, or engaged in fraud, or breached their legal and/or fiduciary duties, or otherwise were engaged in wrongdoing or fault, which caused or contributed to the losses claimed by plaintiff in this case," thereby entitling Commonwealth to contribution pursuant to the New Jersey Tortfeasors Contribution Act. (Docket Entry No. 201). Before Mr. Walsh filed a motion to dismiss the Amended Third-Party Complaint this case was stayed for mediation. After this stay was lifted, Walsh Securities then filed a motion for leave to amend its Third Amended Complaint, which was initially denied and then in part granted on reconsideration on June 30, 2009.

On July 10, 2009, after sending the proposed Amended Complaint to the defendants, Walsh Securities filed its Fourth Amended Complaint. (Docket Entry No. 108). As part of their Answer to Walsh Securities' Fourth Amended Complaint, Commonwealth and Fidelity/Nations

3

each filed a Third-Party Complaint against Third-Party Defendants Robert Walsh, James Walsh, and Ms. DeMola. (Docket Entry Nos. 304 and 314). Similar to Commonwealth's Amended Third-Party Complaint, Commonwealth and Fidelity/Nations allege that the third-party defendants were officers, directors and/or employees of Walsh Securities. Commonwealth alleges that that Robert Walsh, James Walsh, and Ms. DeMola

> were negligent, or engaged in fraud, or breached their legal and/or fiduciary duties, or otherwise were engaged in wrongdoing or fault, which caused or contributed to the losses claimed by plaintiff in this case.

*See* Commonwealth's Third-Party Complaint at ¶ 3 (Docket Entry No. 304). Likewise, Fidelity/Nations asserts that Robert Walsh, James Walsh, and Ms. DeMola

> participated in the fraud alleged to have occurred by Plaintiff. . . . Alternatively, . . . . were negligent and/or breached their duties to Plaintiff as officers, directors and/or employees.

*See* Fidelity/Nations' Third-Party Complaint at ¶¶ 2-3 (Docket Entry No. 314). Both incorrectly assert that through these actions the third-party defendants caused or contributed to the losses claimed by Commonwealth and Fidelity/Nations, thereby entitling them to contribution pursuant to the New Jersey Tortfeasors Contribution Act, N.J.S.A. § 2A:53A-1, *et. seq.*

Despite prior attempts to amend its complaint, Commonwealth's allegations continue to fail and the Third-Party Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). For the same reasons, Fidelity/Nations' allegations fail and its Third-Party Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW ON MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court clarified the

4

legal standard on motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Abrogating the standard established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief," the Supreme Court has instructed that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Thus, the allegations of the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). Moreover, as this Court has previously acknowledged, while "the Court must assume the veracity of the facts asserted in the complaint, it is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Policastro v. Tenafly Bd. of Educ.*, Civ. No. 09-1794 (DRD), 2009 U.S. Dist. LEXIS 64461 at *20 (D.N.J. July 24, 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

## II. COMMONWEALTH AND FIDELITY/NATIONS ARE NOT "JOINT TORTFEASORS" AND THEREFORE NOT ENTITLED TO SEEK CONTRIBUTION.

As explained by this Court in *Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.*, Civ. No. 97-3496 (DRD), 2007 WL 951955 at *2 (D.N.J. March 28, 2007), and as New Jersey law makes clear, Commonwealth and Fidelity/Nations cannot assert rights to contribution when there is no allegation that they are liable for a tort.

The right to contribution is set forth in the New Jersey Tortfeasors Contribution Act (the

5

"Act") as follows, in relevant part:

> Where injury or damage is suffered by any person as <u>a result of the wrongful act, neglect or default of joint tortfeasors,</u> and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share. . . .

N.J.S.A. § 2A:53A-3 (emphasis added). The Act defines joint tortfeasors as "two or more persons <u>jointly or severally liable in tort</u> for the <u>same injury</u> to person or property. . . ." N.J.S.A. § 2A:53A-1 (emphasis added).

"[A] party cannot succeed on a claim for contribution unless there in joint tortfeasorship and common liability." *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F. Supp. 2d 728, 740 (D.N.J. 1999) (citing *Stearns & Foster Bedding Co. v. Franklin Holding Corp.*, 947 F. Supp. 790 (D.N.J. 1996)). "When the pleading at issue is a third-party complaint for contribution, the pleading 'must allege facts sufficient to show joint tortfeasorship, common liability to the plaintiff, and the original defendant's right to contribution from the third-party defendant in case the plaintiff recovers.'" *Id.* (quoting 18 Am. Jur. 2d Contributions § 121 (1985)).

New Jersey law is clear that a claim for contribution cannot be maintained where the third-party plaintiff only faces liability to the original plaintiff under a breach of contract theory. *Longport Ocean Plaza Condo, Inc. v. Robert Cato & Assocs.*, No. Civ. A. 00-CV-2231, 2002 WL 2013925 at *2 (E.D. Pa. Aug. 29, 2002) (applying New Jersey law). The Court explained that "[a]s the term '<u>joint</u> tortfeasors' in the language of the statute indicate, both the party against whom a claim for contribution is asserted as well as the party <u>asserting</u> the claim must be tortfeasors." *Id.* (emphasis in original).

Similarly, it is the law of this case that Commonwealth and Fidelity/Nations cannot maintain a claim for contribution against Mr. Walsh. *Dasrath v. Continental Airlines, Inc.*, 467 F. Supp. 2d 431, 443 (D.N.J. 2006) (Debevoise, J.). Judge Debevoise previously granted the motions of Stewart Title and Irene DiFeo to dismiss multiple cross claims, including those by Commonwealth, seeking contribution and/or indemnification on March 28, 2007. In dismissing the contribution cross claims, Judge Debevoise ruled that the party seeking contribution must be a tortfeasor and that "as the Third Party Complaint indicates, and as Commonwealth concedes, Commonwealth has been sued in contract by Walsh [Securities]." *Walsh Securities, Inc.*, 2007 WL 951955 at *2.

Despite Judge Debevoise's well-reasoned opinion, Commonwealth has informally indicated that it relies upon an Order that Judge Bassler issued years before, without any explanation on the record or otherwise, declining to dismiss Commonwealth's cross claim for contribution against Weichert Realtors ("Weichert"). There is no dispute that Walsh Securities sued Weichert under the theory of *respondeat superior* and sought to hold Weichert liable for the tort of the fraud committed by its employee, Donna Pepsny. While the record is unclear as to Judge Bassler's reasoning, it is clear that Commonwealth asserted this same argument in opposition to Ms. DiFeo's motion and that Judge Debevoise was not persuaded; therefore, the Court granted Ms. DiFeo's motion to dismiss Commonweath's cross claim. (*See* Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company's Brief in Opposition to Defendant Irene DiFeo's Motion, Docket Entry No. 209, at 3-4).

Nowhere in Walsh Securities' Fourth Amended Complaint has it alleged that Commonwealth or Fidelity/Nations engaged in a tort. In fact, Walsh Securities' efforts to include tort claims against the Title Insurance Companies were strenuously objected to by them

7

and denied by the Court. Therefore, Walsh Securities asserted only claims sounding in contract against Commonwealth and Fidelity/Nations arising out of the Closing Service Protection Letters and Title Insurance Policies they issued, without which Walsh Securities, understandably, would not have made the mortgage loans. Moreover, the meager Third-Party Complaints do not even allege joint tortfeasorship. Since there is no basis to find any liability as against Mr. Walsh, the Third-Party Complaints of Commonwealth and Fidelity/Nations must be dismissed with prejudice for failing to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### III. THE THIRD-PARTY COMPLAINTS MUST BE DISMISSED FOR FAILURE TO MEET THE PLEADING REQUIREMENTS OF FED. R. CIV. P. 8(a)(2).

Even under basic notice pleading requirements, Commonwealth and Fidelity/Nations have failed to give Mr. Walsh fair notice of their claims against him. Fed. R. Civ. P. 8(a)(2) requires that pleadings setting forth claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also* 6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1453 (2d ed.) (noting that a third-party complaint is subject to the pleading requirements of Rule 8). This so-called "notice pleading" standard exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (citing *Conley,* 355 U.S. at 47). While a complaint need not contain detailed factual allegations, the Supreme Court recently clarified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions. . . ." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Indeed, the Court specifically rejected the assertion that the Federal Rules of Civil Procedure eliminated the obligation of pleading facts:

8

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," . . . Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 556 n.3 (internal citations omitted) (emphasis in original). As the Third Circuit explained, "we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips,* 515 F.3d at 232 (citing *Twombly*, 550 U.S. 544, and *Erickson v. Pardus*, 551 U.S. 89 (2007)).

Neither Commonwealth's nor Fidelity/Nations' four paragraph Third-Party Complaints meet the pleading standard of Rule 8(a)(2) as described by the Court in *Twombly*. Rather than providing the grounds of its entitlement to relief against Mr. Walsh, Commonwealth vaguely asserts, in one paragraph of its four paragraph complaint, that Robert Walsh, James Walsh, and Ms. DeMola

> were negligent, or engaged in fraud, or breached their legal and/or fiduciary duties, or otherwise were engaged in wrongdoing or fault, which caused or contributed to the losses claimed by plaintiff in this case.

*See* Commonwealth's Third-Party Complaint at ¶ 3. Similarly, Fidelity/Nations assert, in two paragraphs of their four paragraph complaint that Robert Walsh, James Walsh, and Ms. DeMola "participated in the fraud alleged to have occurred by Plaintiff. . . . Alternatively, . . . were negligent and/or breached their duties to Plaintiff as officers, directors and/or employees." *See* Fidelity/Nations' Third-Party Complaint at ¶¶ 2-3. These indistinct and conclusory allegations contain no factual support and are nothing more than "labels and conclusions." *Twombly,* 550 U.S. at 555. As such, they are wholly insufficient to provide Mr. Walsh notice of the claims and

the grounds upon which they rest. "Because the [Third-Party Plaintiffs] here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Accordingly, the Third-Party Complaints should be dismissed.

### IV. THE ALLEGATIONS OF FRAUD MUST BE DISMISSED FOR FAILURE TO SATISFY THE PARTICULARITY REQUIREMENTS OF FED. R. CIV. P. 9(b).

Commonwealth and Fidelity/Nations have also failed to plead the particularities of the fraud that they assert in their contribution claim. As discussed more fully above, in order to assert a valid claim under the Federal Rules of Civil Procedure, a plaintiff must plead "a short and plain statement of the claim" showing an entitlement to relief. *See* Fed. R. Civ. P. 8(a). The "notice pleading" standard has been heightened, however, by Fed. R. Civ. P. 9(b) for allegations of fraud or mistake. Specifically, Fed. R. Civ. P. 9(b) provides, in relevant part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with *particularity*." (Emphasis added). The Third Circuit has observed that Rule 9(b) serves to place defendants on notice of the "precise misconduct with which they are charged" and to protect defendants by safeguarding them against "spurious charges of immoral and fraudulent behavior." *See Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

To satisfy Rule 9(b), a plaintiff must "plead with particularity the circumstances of the alleged fraud." *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998) (citing *Seville Indus. Machinery*, 742 F.2d at 791). While Rule 9(b) does not require plaintiffs to plead the "date, place or time" of the alleged fraud, it does, however, require them to plead the "'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *In re Advanta Corp.*, 180 F.3d 525, 534 (3d Cir. 1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d

624, 627 (7th Cir. 1990)); *Rolo*, 155 F.3d at 658. Further, the application of Rule 9(b) has not been limited to fraud claims appearing in an original complaint; "a claim or defense based on fraud appearing in a counterclaim, reply, cross-complaint or answer, or third-party complaint or answer also must be stated with enough particularity to satisfy the requirements of Rule 9(b)." 5A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1297 (3d ed.); *see also Won Enterprises Co., Ltd. v. Saveco, Inc.*, 1995 WL 66909, at *2 (E.D. Pa. Feb. 14, 1995) (holding that the allegations in the defendant's counterclaim for fraud are not stated with sufficient particularity); *Askanase v. Fatjo*, 1993 U.S. Dist. LEXIS 6634, at *8 (S.D. Tex. Mar. 25, 1993) (noting that cross-claims "seeking indemnity or contribution in a fraud action must conform with the pleading requirements of Rule 9(b)"); *Seiler v. E.F. Hutton & Co., Inc.*, 102 F.R.D. 880, 886 (D.N.J. 1984) (analyzing the claims in a third-party complaint for contribution pursuant to Rule 9(b)); *Jordan v. Madison Leasing Co.*, 596 F. Supp. 707, 710 (S.D.N.Y. 1984) (analyzing the claims in a third-party complaint pursuant to Rule 9(b)); *Shapiro v. Miami Oil Producers, Inc.*, 84 F.R.D. 234, 236-37 (D. Mass. 1979) (holding that the general averments of fraud in the third-party complaint were insufficient to meet the requirements of Rule 9(b)).

Here, the Third-Party Complaints of Commonwealth and Fidelity/Nations make nothing more than bald allegations that Mr. Walsh "engaged in fraud" and "participated in the fraud" without a single additional word, phrase, or description of any particular act constituting fraud. *See* Commonwealth's Third-Party Complaint at ¶ 3; Fidelity/Nations' Third-Party Complaint at ¶ 2. Noticeably absent from both Third-Party Complaints are the "what, when, where, and how," *see In re Advanta Corp.*, 180 F.3d at 524, of this alleged fraud. Such bare allegations fail to satisfy the particularity requirements of Rule 9(b) and are inadequate to place Mr. Walsh on notice of the precise misconduct with which he is charged. Accordingly, the Third-Party

Complaints should be dismissed pursuant to Rule 9(b).

## CONCLUSION

For all of the foregoing reasons, Mr. Walsh respectfully requests that the Court grant his Motion to Dismiss all claims filed against him in Commonwealth's Third-Party Complaint and Fidelity/Nations' Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), for failure to meet the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), and/or for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

Dated: August 20, 2009

                                                Respectfully submitted,

                                                _____s/_____
                                                Robert A. Magnanini
                                                Amy Walker Wagner
                                                **STONE & MAGNANINI LLP**
                                                150 John F. Kennedy Parkway, 4th floor
                                                Short Hills, New Jersey 07078
                                                (973) 218-1111
                                                Attorneys for Plaintiff Walsh Securities, Inc. and
                                                Third-Party Defendant Robert Walsh