UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Walsh Securities, | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 97-3496 (DRD)** |
| v. | : | |
| | : | |
| Cristo Property, et al., | : | **SCHEDULING ORDER** |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**THIS MATTER** came before the Court for a telephone status conference on July 21, 2009. During the conference, the Court required counsel to submit letter briefs on the number of depositions to be taken by each party. Counsel submitted the required letter briefs and the Court considered the arguments of counsel. The Court also considered the Defendants' request to set the expert discovery-related deadlines following the Court's decision on any motions to dismiss the Third-Party Complaint. Having considered the arguments of counsel, and for good cause shown,

**IT IS** on this 24th day of August, 2009

**ORDERED THAT:**

## I.  DISCOVERY AND MOTION PRACTICE

1. **Fact Discovery Deadline**.  Fact discovery is to remain open through **3/10/10.** All fact witness depositions must be completed by the close of fact discovery.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.  Both parties will identify their experts and the scope of the subjects on which the experts will be opining by **3/10/10.**

2. **Motions to Add New Parties**.  Any motion to add new parties, whether by amended or third-party complaint, must be returnable no later than **11/16/09.**

3. **Motions to Amend Pleadings**.  Any motion to amend pleadings must be returnable no later than **11/16/09.**

4. **Rule 26 Disclosures**.  The parties have represented to the Court that Fed. R. Civ P. 26 initial disclosures have already been exchanged.  Any supplements to initial disclosures shall be completed by **8/31/09.**

5. **Interrogatories**.  The parties may serve interrogatories limited to **twenty-five (25)** single questions, including subparts and requests for production of documents, on or before **n/a,** which shall be responded to by **8/31/09** and documents to be produced to the repository by **8/31/09.**  Walsh Securities is granted leave to supplement its interrogatories and document requests on or before **10/9/09**.

6. **Depositions**.  Plaintiff and each of the six remaining Defendants may each take up to **twenty-five (25)** depositions, with the ability to petition the Court for leave for additional depositions upon a showing of good cause.  Defendants should meet and confer and coordinate the depositions amongst themselves prior to the depositions.  The Court will consider duplicative depositions (both as to individuals deposed and content) in its analysis as to whether good cause has been demonstrated for additional requested depositions, if any.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).

7. **Electronic Discovery**.  The parties are directed to Fed. R. Civ. P. 26(f), as amended December 1, 2006, which, among other things, addresses preservation of discoverable information, discovery of electronically stored information, and claims of privilege or work product protection.  The parties are also directed to L. Civ. R. 26.1(d) which, among other things, describes the obligations of counsel with regard to their clients' information management systems.

8. **Discovery Disputes**.  No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.  <u>Counsel shall confer in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal efforts fail, counsel must **e-file a joint letter** which sets forth the nature of the dispute and each party's position regarding the dispute.</u>  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute.  *See* L. Civ. R. 16.1(f).

9. **Motion Practice**.  **Dispositive motions shall only be filed after depositions have been completed.**  No motions are to be filed without prior written permission from this Court.  All dispositive motions must first be the subject of a dispositive motion pre-hearing.  These pre-requisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with the federal and local rules.

10. **The New Third Party Complaint.**  Defendant Commonwealth Land Title Insurance Co. will be filing a new Third-Party Complaint.  Third-party defendants shall answer or file pre-answer motions to dismiss as to the new Third-Party Complaint within thirty (30) days of the filing of the new Third-Party Complaint.  The motion will then be set for the next regular return date and will follow the regular motion schedule.

## II.  EXPERTS

11. **Affirmative Expert Reports**.  All affirmative expert reports shall be delivered by **4/16/10.**

12. **Responding Expert Reports**.  All responding expert reports shall be delivered by **5/17/10.**

13. **Expert Depositions.**  Depositions of experts to be completed by **6/16/10.**

14. **Form and Content of Expert Reports**.  All expert reports must comport with the form and content requirements set forth in Fed. R. Civ. P. 26(a)(2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

## III.  FINAL PRETRIAL CONFERENCE

15. **Final Pretrial Conference**.  A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) **[to be scheduled].**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial Conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. **Trial Exhibits**.  Not later than **twenty (20) working days** before the final pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

17. **Meet and Confer**.  All counsel are directed to assemble at the office of Plaintiff's counsel not later than **thirty (30) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. **Non-Jury Trials**.  With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. **Joint Proposed Final Pretrial Order**.  The original joint proposed final pretrial order shall be delivered to the chambers of the undersigned no later than **[to be scheduled]**

20. **Settlement Discussions**.  The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full

settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### IV.  MISCELLANEOUS

21.  **Future Conferences**.  The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

22.  **Extensions and Adjournments**.  All requests for adjournments of court dates or other deadlines, whether established in this Pretrial Scheduling Order or any subsequent orders of the Court, shall be submitted to the Court in writing via an e-filed letter with a courtesty copy via facsimile [(973) 645-4412 ].  Said written request must include the following information: (a) the reason for the request, (b) whether or not all parties consent to the request, (c) the number of prior requests, and (d) the amount of additional time sought.  Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court – even with consent of all counsel.

23.  **Service of Correspondence**.  A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action, unless otherwise directed by the Court.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.  **E-filing/Facsimiles**.  With the exception of confidential settlement position letters (which may be submitted via facsimile), counsel must submit all correspondence to the Court via the electronic filing system.  Counsel may submit courtesy copies via facsimile to (973) 645-4412.

25.  *Pro Hac Vice* **Applications**.  The undersigned accepts informal applications to admit counsel *pro hac vice*.  The informal application must be e-filed and include: (a) an affidavit of local counsel, (b) an affidavit of counsel seeking admission *pro hac vice*, and (c) a proposed form of order.  The undersigned encourages all parties to consult L. Civ. R. 101.1 (c), and the related commentary in Lite, *N.J. Federal Practice Rules* (Gann 2007), for information about the form and content of the aforementioned affidavits and proposed form of order.

26.  **Protective Orders**.  Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R.  Civ. P. 26(c) and Local Civil Rule 5.3.  *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or

       attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** *See* Local Civil Rule 5.3.

27. **Audio/Visual Equipment**. The Court has various audio/visual and automated evidence presentation equipment available to the Bar for use at no cost. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. For further information, please contact Nadine Mauro, the undersigned's Courtroom Deputy.

28. **Telephone Status Conference**. There will be a telephone status conference before the undersigned on **10/14/09 at 2:00 p.m.** Counsel for Plaintiff shall initiate the call to (973) 645-3827. **One week prior to this conference**, counsel must e-file a joint case status letter.

29. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS ENTERED BY THIS COURT MAY RESULT IN SANCTIONS**.

                                              s/ Michael A. Shipp
                                              **Michael A. Shipp**
                                              **UNITED STATES MAGISTRATE JUDGE**