Robert A. Magnanini, Esq.
Amy Walker Wagner, Esq.
Jeffrey A. Shooman, Esq.
**STONE & MAGNANINI LLP**
150 John F. Kennedy Parkway, Fourth Floor
Short Hills, New Jersey 07078
973-218-1111
Attorneys for Plaintiff Walsh Securities, Inc.
and Third-Party Defendant Robert Walsh

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : Civil Action No. 97-cv-3496 (DRD)(MAS) |
| Plaintiff, | : Hon. Dickinson R. Debevoise |
| vs. | : |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DiBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE CO., NATIONS TITLE INSURANCE OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK, COASTAL TITLE AGENCY, STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS, | : |
| Defendants, | : |
| and | : |
| COMMONWEALTH LAND TITLE | : |

INSURANCE COMPANY, FIDELITY          :
NATIONAL TITLE INSURANCE COMPANY     :
and NATIONS TITLE INSURANCE OF       :
NEW YORK, INC.,                      :
                                     :
          Defendants/Third-Party Plaintiffs,   :
                                     :
v.                                   :
                                     :
ROBERT WALSH, JAMES WALSH  and       :
ELIZABETH ANN DEMOLA,                :
                                     :
          Third-Party Defendants.    :
_____:

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF
THIRD-PARTY DEFENDANT ROBERT WALSH TO DISMISS
THE THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY PLAINTIFF
COMMONWEALTH LAND TITLE INSURANCE COMPANY,
AND THE THIRD-PARTY COMPLAINT OF DEFENDANTS/THIRD-PARTY
PLAINTIFFS FIDELITY NATIONAL TITLE INSURANCE COMPANY AND NATIONS
TITLE INSURANCE OF NEW YORK, INC.**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................i

TABLE OF AUTHORITIES ..............................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................1

LEGAL ARGUMENT ..........................................................................................................2

I.    LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO
      FED. R. CIV. P. 12(b)(6). ..........................................................................................2

II.   THE THIRD-PARTY PLAINTIFFS' COMPLAINT MUST BE DISMISSED
      AS A MATTER OF LAW BECAUSE THEY SEEK CONTRIBUTION IN
      TORT WHERE PLAINTIFF HAS ONLY ASSERTED ECONOMIC INJURIES
      THAT ARISE OUT OF THIRD-PARTY PLAINTIFFS' BREACH OF
      CONTRACT. ..............................................................................................................3

III.  THE THIRD-PARTY COMPLAINTS MUST BE DISMISSED FOR FAILURE
      TO MEET THE PLEADING REQUIREMENTS OF FED. R. CIV. P. 8(a)(2) AND
      9(b). ..........................................................................................................................9

IV.   THE COURT SHOULD DENY THIRD-PARTY PLAINTIFFS' MOTION TO
      AMEND DUE TO THEIR FAILURE TO SATISFY FED. R. CIV. P. 15. ................10

CONCLUSION ....................................................................................................................11

## TABLE OF AUTHORITIES

**Federal Cases**

*Am. Lease Ins. Agency Corp. v. Balboa Capital Corp.*,
  No. 08-2414, __ F.3d __, 2009 U.S. App. LEXIS 19120 (1st Cir. Aug. 26, 2009) ............6

*Ashcroft v. Iqbal*,
  ___ U.S. ___, 129 S. Ct. 1937 (2009) .................................................................................3

*Balboa Capital Corp.*,
  __ F.3d at __, 2009 U.S. App. LEXIS 19120 .................................................................8, 9

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................3, 9

*Conley v. Gibson*,
  355 U.S. 41 (1957) .............................................................................................................3

*In re Advanta Corp.*,
  180 F.3d 525 (3d Cir. 1999) ..............................................................................................9

*NN&R v. One Beacon Ins. Group*,
  362 F. Supp. 2d 514 (D.N.J. 2005).....................................................................................7

*Phillips v. County of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ...............................................................................................3

*Quaker State Oil Refining Corp. v. Garrity Oil Co.*,
  884 F.2d 1510 (1st Cir. Mass. 1989) .................................................................................11

*Roe v. Morgan Stanley Dean Witter*,
  191 F.R.D. 398 (D.N.J. 1999) ............................................................................................2

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
  742 F.2d 786 (3d Cir. 1984) .............................................................................................10

*Sluka v. Landau Uniforms, Inc.*,
  383 F. Supp. 2d 649 (D.N.J. 2005).................................................................................5, 8

*Stewart Title Guar. Co. v. Greenlands Realty Co.*,
  58 F. Supp. 2d 370 (D.N.J. 1999)......................................................................................6

*True v. Allstate Ins. Co.*,
  160 F. App'x 616 (9th Cir. 2005)....................................................................................6, 8

*Walsh Securities, Inc. v. Cristo Property Management Ltd.,*
    Civ. No. 97-3496 (DRD), 2007 WL 951955 (D.N.J. March 28, 2007) ..........................3, 4

## State Cases

*Dunn v. Praiss,*
    139 N.J. 564 (1995) ...........................................................................................4, 5

*Lee v. Kiku Restaurant,*
    127 N.J. 170 (1992) .............................................................................................8

*Pickett v. Lloyd's,*
    131 N.J. 457 (1993) ...........................................................................................6, 7

*Sons of Thunder v. Borden, Inc.,*
    148 N.J. 396 (N.J. 1997).......................................................................................6

## Federal Rules

Fed. R. Civ. P. 8(a)(2) ............................................................................1, 2, 9, 10, 11

Fed. R. Civ. P. 9(b)..................................................................................1, 2, 9, 10, 11

Fed. R. Civ. P. 12(b)(6) ............................................................................1, 2, 3, 8, 11

Fed. R. Civ. P. 15..............................................................................................10

Fed. R. Civ. P. 15(1)(a) ......................................................................................10

## State Statutes

N.J.S.A. § 2A:15-5.1 *et seq.* ...................................................................................8

## Miscellaneous

BLACK'S LAW DICTIONARY (7th Ed. 1999) ..................................................................6

In lieu of an Answer, on August 20, 2009, Third-Party Defendant Robert Walsh ("Mr. Walsh") filed a Motion to Dismiss the Third-Party Complaint of Commonwealth Land Title Insurance Co. ("Commonwealth") and the identical Third-Party Complaint of Fidelity National Title Insurance Company and Nations Title Insurance of New York, Inc. ("Fidelity/Nations") (collectively, "Third-Party Plaintiffs" or "Title Insurance Company Defendants") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, for failure to meet the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), and/or for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). Third-Party Defendants Elizabeth Ann DeMola ("Ms. DeMola") and James Walsh joined in that motion. Please accept this brief in further support of Mr. Walsh's motion to dismiss.

## PRELIMINARY STATEMENT

Plaintiff Walsh Securities, Inc. ("Plaintiff" or "Walsh Securities") filed the present action against a number of defendants (only 6 of which remain in the case) setting forth a complex scheme to defraud it in the funding of over two hundred mortgage loans. As to the Title Insurance Company Defendants, Commonwealth and Fidelity/Nations, Walsh Securities asserts claims sounding in contract for their breach of contractual duties to Walsh Securities by failing to provide coverage under the Closing Service Protection Letters and Title Insurance Policies. Commonwealth's current version of its Third-Party Complaint is its third attempt at seeking contribution from Mr. Walsh and Ms. DeMola. In the present version, Commonwealth also seeks contribution from James Walsh. While this is Fidelity/Nations' first attempt at a Third-Party Complaint against these individuals, that have never been named in the initial 12 year old action, Fidelity/Nations has essentially filed an identical Third-Party Complaint.

1

Anticipating the Court finding deficiencies in their pleadings, the Third-Party Plaintiffs have sought leave to amend. Only Commonwealth attached a proposed amended complaint. Nevertheless, the Third-Party Plaintiffs are all relying upon deposition testimony that was taken for the sole "purpose of furthering the mediation process." (*See* Stipulation and Order for Partial Lift of Stay to Conduct Depositions, Docket Entry No. 217, dated August 30, 2006.) Such testimony may not be used for any other purpose, and should not be used against the Third-Party Defendants since they were not even parties to the mediation.

Mr. Walsh hereby submits this Memorandum of Law in further support of his Motion to Dismiss all third-party claims against him, pursuant to Fed. R. Civ. P. 12(b)(6). The law is clear that defendants such as Commonwealth and Fidelity/Nations, whose liability to Plaintiff sounds in breaches of contractual claims, have no right of contribution against Mr. Walsh because there is no requisite joint tortfeasorship. Moreover, both Third-Party Complaints fail to meet the general pleading requirements of Fed. R. Civ. P. 8(a)(2) and the heightened pleading requirements of Fed. R. Civ. P. 9(b) alleging fraud. Accordingly, Mr. Walsh respectfully requests that this Court dismiss all third-party claims against him filed by Commonwealth and Fidelity/Nations with prejudice.

## LEGAL ARGUMENT

I.   **LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6).**

Dismissal remains appropriate where, as here, the Third-Party Plaintiffs have not alleged facts which are plausible on their face that would entitle them to contribution. *Roe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 404-05 (D.N.J. 1999). The Supreme Court has instructed that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  The complaint's allegations must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).

## II.   THE THIRD-PARTY PLAINTIFFS' COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW BECAUSE THEY SEEK CONTRIBUTION IN TORT WHERE PLAINTIFF HAS ONLY ASSERTED ECONOMIC INJURIES THAT ARISE OUT OF THIRD-PARTY PLAINTIFFS' BREACH OF CONTRACT.

Walsh Securities' Fourth Amended Complaint does not allege that Commonwealth or Fidelity/Nations engaged in a tort.  In fact, Walsh Securities has asserted only claims sounding in contract against Commonwealth and Fidelity/Nations arising out of the Closing Service Protection Letters and Title Insurance Policies they issued, without which Walsh Securities, understandably, would not have made the mortgage loans.  Since there is no basis to find any liability for joint tortfeasorship as against Mr. Walsh, the Third-Party Complaints of Commonwealth and Fidelity/Nations must be dismissed with prejudice for failing to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

As anticipated, despite this Court's well-reasoned opinion to the contrary, *Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.*, Civ. No. 97-3496 (DRD), 2007 WL 951955 (D.N.J. March 28, 2007), Commonwealth relies upon an Order that Judge Bassler issued years before, without any clear analysis on the record or otherwise, declining to dismiss Commonwealth's cross claim for contribution against Weichert Realtors ("Weichert").  Although Commonwealth has provided the

[1] *Twombly* abrogated the standard established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  Since Fidelity/Nations incorrectly relies upon the abrogated standard set forth in *Conley*, Mr. Walsh respectfully requests that it be disregarded by the Court.

Court with the hearing transcripts, the record remains unclear as to Judge Bassler's reasoning. Nevertheless, it is clear that Commonwealth asserted this same argument in opposition to Ms. DiFeo's motion and that this very Court was not persuaded and granted Ms. DiFeo's motion to dismiss Commonwealth's cross claim. (*See* Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company's Brief in Opposition to Defendant Irene DiFeo's Motion, Docket Entry No. 209, at 3-4). Thus, Third-Party Plaintiffs should be bound by the law of this case and their claims should be dismissed with prejudice.

Even if this Court decides to revisit the issue, the result today will be the same. Third-Party Plaintiffs rightfully acknowledge that this Court's decision in *Walsh* forecloses any contribution theory grounded in breach of contract claims. *Walsh Securities, Inc.* 2007 WL 951955 at *2, (Fidelity/Nations Opp'n at 6-9; Commonwealth Opp'n at 8-9). However, they erroneously assert that Walsh Securities' claims for breach of the duty of good faith and fair dealing or wrongful denial of benefits contain duties that are analogous to tort duties.

In support of their arguments, Third-Party Plaintiffs incorrectly rely heavily on *Dunn v. Praiss*, 139 N.J. 564 (1995), in support of their argument that Walsh Securities' claim for the breach of the covenant of good faith and fair dealing may render individual Third-Party Defendants and the Third-Party Plaintiffs, "joint tortfeasors." Third-Party Plaintiffs both misconceive *Dunn* and seek to sweep under the rug this Court's decision in *Walsh*.

First, as to *Dunn*, it is wholly inapposite. Distilled to its essence, *Dunn* was a medical malpractice case where the doctor in question sought contribution from the HMO responsible for the plaintiff's death due to a failure to diagnose. Plaintiff's claim against the HMO was contractual in nature. Third-Party Plaintiffs' quotation from *Dunn* (and indeed, *Dunn's* core holding) unknowingly makes Mr. Walsh's point:

4

> A breach of a contractual duty which is a proximate cause of a personal injury can easily be balanced against the negligence of another party so that their percentage responsibilities can be assessed and contribution directed as comparative fault.

*Id.* at 578 (internal citations omitted). Walsh Securities does not assert a "personal injury" in the tortious sense of the word as against the Third-Party Plaintiffs. It asserts claims arising out of a breach of contract that do not lend themselves to other labels sounding in tort such as "proximate cause." *Dunn* was a tragic medical malpractice case where the court recognized that it had taken a "pragmatic approach" in delineating the conceptual differences between torts and breaches of contract. *Id.* at 577. Walsh Securities' claims do not lend themselves to such abstractions. This is a garden variety breach of contract case where any purported liability on the part of Mr. Walsh, an individual that was not a party to any of the contracts at issue in this case, in relation to Third-Party Plaintiffs' breach, would be impossible to quantify. It is quite simply the law of the case that Mr. Walsh is not a joint *tortfeasor* in the literal, figurative, and practical sense of the word. Moreover, the torts alleged in the Fourth Amended Complaint against the RICO defendants occurred prior to and separate from the claims against the Third-Party Plaintiffs.

That Walsh Securities has pleaded an implied covenant of good faith and fair dealing claim does not alter the calculus. This count is plead in the alternative and is, in a way, subsumed by the breach of contract claim: were Walsh Securities to prevail on its breach of contract claim, the implied covenant claim would be duplicative in nature. *See Sluka v. Landau Uniforms, Inc.*, 383 F. Supp. 2d 649, 656 (D.N.J. 2005) (awarding judgment on a breach of contract claim, and accordingly, holding that alleged breach of the implied covenant was duplicative). Perhaps more fundamentally, because the claims are concomitant in nature rather than parallel, and taking the implied covenant at face value, it cannot be labeled a "tort" in the practical sense of the word. It is merely an independent obligation – a *covenant* – that attaches

5

by force of law to contracts. *See Stewart Title Guar. Co. v. Greenlands Realty Co.*, 58 F. Supp. 2d 370, 385 (D.N.J. 1999) (citing *Sons of Thunder v. Borden, Inc.*, 148 N.J. 396, 421 (N.J. 1997)) ("The implied covenant of good faith and fair dealing imposes duties that exist *as part of every contract* formed in New Jersey.") (emphasis supplied). It is not a *duty of care*.

Black's Law Dictionary defines covenant as "[a] formal agreement or promise, usu. in a contract." BLACK'S LAW DICTIONARY (7th Ed. 1999). Consistent with this definition, Magistrate Judge Shipp explicitly held that the claim directly "arise[s] out of the breach of contract claim. . . ." (*See* Letter Opinion & Order, Docket Entry No. 201, dated June 30, 2009.) Cases outside this jurisdiction are in accord with this view. *See, e.g., Am. Lease Ins. Agency Corp. v. Balboa Capital Corp.*, No. 08-2414, __ F.3d __, 2009 U.S. App. LEXIS 19120, at *25-26 (1st Cir. Aug. 26, 2009) (holding that under New York law, implied covenant claims are duplicative of breach of contract claims); *True v. Allstate Ins. Co.*, 160 F. App'x 616, 618 (9th Cir. 2005) ("True's claim for breach of the implied covenant of good faith and fair dealing also fails because it is duplicative of his breach of contract claim"). Accordingly, as a matter of law, Third-Party Plaintiffs cannot recover for contribution on a claim that sounds in contract.

Third-Party Plaintiffs' argument that Walsh Securities' "bad faith" claim (styled as a "wrongful delay and/or denial of insurance claim" in Count VII of Walsh Securities' Fourth Amended Complaint) renders the Third-Party Plaintiffs' conduct as tortious fares no better. Nations/Fidelity heavily presses this argument. (Nations/Fidelity Opp'n 7-9). In doing so, it primarily relies on *Pickett v. Lloyd's*, 131 N.J. 457 (1993) and cherry-picks language from that case that it believes helps its argument. In doing so, it contorts *Pickett* beyond recognition to support a proposition that has no basis in law.

The New Jersey Supreme Court granted certification in *Pickett* to decide whether or not

6

New Jersey recognizes a bad faith cause of action for the wrongful failure to pay benefits under an insurance contract. The court held in the affirmative. In doing so, as Fidelity rightly points out, the court stated that "[c]ompensation should not be dependent on what label we place on an action but rather on the nature of the injury inflicted on the plaintiff and the remedies requested." *Id.* at 470. Fidelity takes this (common sense) inch and makes it into a mile. The court was making an argument for *recognizing* the cause of action in the first instance; Fidelity wrings out of *Pickett* the proposition that a party has the right to contribution for a claim that, as the law is in *this* case, directly arises out of the primary claim of breach of contract. *Pickett*, of course, held no such thing.

Moreover, the very language cited by Nations/Fidelity undermines its own argument. Nations/Fidelity is right that the focus should be on the nature of the injury inflicted and the remedies requested, as per *Pickett*. And it is the remedy that Nations/Fidelity seeks that undermines its entire cause of action. Nations/Fidelity seeks contribution from Mr. Walsh for economic injuries resulting from breach of contract. It is not about the label; it is about the nature of the injury. And the nature of Walsh Securities' injuries directly arise from Third-Party Plaintiffs' breaches of their contracts with Walsh Securities; both Magistrate Judge Shipp and this Court have so explicitly held. Third-Party Plaintiffs' efforts to essentially reverse this Court's prior holding are completely futile.

Nations/Fidelty's citation to *NN&R v. One Beacon Ins. Group*, 362 F. Supp. 2d 514 (D.N.J. 2005), advancing similar propositions as it did under *Pickett*, is also unavailing. Notwithstanding the fact that *NN&R* is not binding on this Court, it is unpersuasive for two reasons. First, it does not address the incongruity in asserting a contribution claim sounding in tort for claims that solely arise out of a breach of contract. Second, and perhaps more

7

fundamentally, it ignores the great weight of authority holding that such bad faith claims directly arising out of a breach of contract do not sound in tort so as to permit double recovery for a breach of contract. *Accord Sluka*, 383 F. Supp. 2d at 656; *Balboa Capital Corp.*, __ F.3d at __, 2009 U.S. App. LEXIS 19120, at *25-26; *True*, 160 F. App'x at 618.

Additionally, the basic principle of the New Jersey Comparative Negligence Act, N.J.S.A. § 2A:15-5.1 *et seq.*, as cited by Commonwealth, is that "a defendant contributing to an injury caused by multiple factors should bear no more of the ultimate liability than is proportionate to that defendant's relative share of the assigned fault." *Lee v. Kiku Restaurant*, 127 N.J. 170, 186 (1992). Should a jury decide that the Title Insurance Companies failed to process and pay their contractual claims for insurance to Walsh Securities (which is the foundation for the breach of contract, breach of the covenant of good faith and fair dealing, and the wrongful delay claims), the damages against them will be contractual in nature and have no relevance to damages that might be separately attributable in tort to the RICO defendants. The Title Insurance Companies are not saying that the Third-Party Defendants were parties to the title insurance policies or somehow also breached the same contracts. Instead, the Title Insurance Companies attempt to assert that the Third-Party Defendants engaged in fraud or negligence, like the RICO Defendants. Thus, the nature of the injury and remedy are very different.

In sum, Third-Party Plaintiffs assert claims upon which this Court cannot grant relief pursuant to Fed. R. Civ. P. 12(b)(6). Respectfully, the entirety of their Complaint should be dismissed with prejudice.

## III.    THE THIRD-PARTY COMPLAINTS MUST BE DISMISSED FOR FAILURE TO MEET THE PLEADING REQUIREMENTS OF FED. R. CIV. P. 8(a)(2) AND 9(b).

Under basic notice pleading requirements and the more heightened particularity

requirement for claims sounding in fraud, Commonwealth and Fidelity/Nations have failed to give Mr. Walsh fair notice of their claims against him.   Neither Commonwealth's nor Fidelity/Nations' four paragraph Third-Party Complaints meet the pleading standards of Rules 8(a)(2) or 9(b).  Rather than providing the grounds of its entitlement to relief against Mr. Walsh, Commonwealth vaguely asserts, in one paragraph of its four paragraph complaint, that Robert Walsh, James Walsh, and Ms. DeMola

> were negligent, or engaged in fraud, or breached their legal and/or fiduciary duties, or otherwise were engaged in wrongdoing or fault, which caused or contributed to the losses claimed by plaintiff in this case.

*See* Commonwealth's Third-Party Complaint at ¶ 3.  Similarly, Fidelity/Nations assert, in two paragraphs of their four paragraph complaint that Robert Walsh, James Walsh, and Ms. DeMola "participated in the fraud alleged to have occurred by Plaintiff. . . . Alternatively, . . . were negligent and/or breached their duties to Plaintiff as officers, directors and/or employees." *See* Fidelity/Nations' Third-Party Complaint at ¶¶ 2-3.   Here, the Third-Party Complaints of Commonwealth and Fidelity/Nations make nothing more than bald allegations that Mr. Walsh "engaged in fraud" and "participated in the fraud" without a single additional word, phrase, or description of any particular act constituting fraud.  *See* Commonwealth's Third-Party Complaint at ¶ 3; Fidelity/Nations' Third-Party Complaint at ¶ 2.  Noticeably absent from both Third-Party Complaints are the "what, when, where, and how," *see In re Advanta Corp.*, 180 F.3d 525, 534 (3d Cir. 1999), of this alleged fraud.   These indistinct and conclusory allegations contain no factual support and are nothing more than "labels and conclusions," *Twombly,* 550 U.S. at 555, and do not serve to place defendants on notice of the "precise misconduct with which they are charged" and to protect defendants by safeguarding them against "spurious charges of immoral and fraudulent behavior," *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786,

9

791 (3d Cir. 1984).

The Third-Party Plaintiffs incorrectly assert that the Third-Party Defendants are well aware of the nature of the claims being asserted against them. As noted above, the Third-Party Defendants are not parties to the main action and were not participants in the mediation process. Any deposition testimony that occurred during the mediation, while it should not even be relied upon, should not be imputed to the Third-Party Defendants. Notwithstanding the foregoing, the Third-Party Plaintiffs fail to provide the Court with any legal support for their ridiculous assertion that the Third-Party Defendants should know the facts that form the basis for the claims of contribution, sufficient to excuse the Third-Party Plaintiffs from following the pleading requirements of the Federal Rules of Civil Procedure. Accordingly, the Third-Party Complaints should be dismissed pursuant to Rules 8(a)(2) and 9(b).

## IV.   THE COURT SHOULD DENY THIRD-PARTY PLAINTIFFS' MOTION TO AMEND DUE TO THEIR FAILURE TO SATISFY FED. R. CIV. P. 15.

In the alternative, Third-Party Plaintiffs have no right to move to amend because they have not even met the requirements of Local Rule 15.1(a), which provides:

> A party who moves to amend a filing shall (i) attach the proposed amended filing to the motion to amend, (ii) identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties, and (iii) explain why any new allegations, claims, or parties were not included in the original filing.

While Commonwealth complied with subsection (i) by attaching a proposed Amended Complaint (unlike Nations/Fidelity), nowhere in either their motion or supporting memorandum do they identify the new factual allegations they propose to assert nor do they explain why they wish to include those factual allegations at this late stage. Furthermore, other than an unsubstantiated assertion that Third-Party Defendants should have been on notice of the factual underpinnings of their contribution claim, Commonwealth has not explained why these new

10

allegations were not included in its original filing in 2005 or its first amendment filed in 2006, or in its most recent filing this year. Accordingly, Mr. Walsh respectfully submits that this Court should deny the motion on these procedural grounds alone.

Furthermore, while leave is to be "freely given," "a court [must] examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations." *Quaker State,* 884 F.2d at 1517. First, for the reasons set forth above, any amendment would be futile. Second, there has been a repeated failure to cure deficiencies. Despite filing two prior Third-Party Complaints, beginning more than 4 years ago, Commonwealth, while represented by counsel, has failed in any of those previous pleadings to allege facts that demonstrate fraud with the requisite particularity. This was Commonwealth's third opportunity to amend its complaint. What is more, Fidelity/Nations merely mimicked Commonwealth's pleading without any legal justification for why it also failed to allege fraud with particularity. With three strikes against them, the Third-Party Plaintiffs should be out.

## CONCLUSION

For all of the foregoing reasons, Mr. Walsh respectfully requests that the Court grant his Motion to Dismiss all claims filed against him in Commonwealth's Third-Party Complaint and Fidelity/Nations' Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), for failure to meet the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), and/or for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). In the alternative, Mr. Walsh respectfully requests that Third-Party Plaintiffs' inadequate motion for leave to amend be denied.

11

Dated: October 5, 2009

Respectfully submitted,

_____s/_____
Robert A. Magnanini
Amy Walker Wagner
Jeffrey A. Shooman
**STONE & MAGNANINI LLP**
150 John F. Kennedy Parkway, 4th floor
Short Hills, New Jersey 07078
(973) 218-1111
Attorneys for Plaintiff Walsh Securities, Inc. and
Third-Party Defendant Robert Walsh

12