

# RICHARD CALANNI, PRO SE

1 Old Farm Road
Tinton Falls, NJ 07724
Phone (732) 389-8738
Fax (732) 389-8853

September 25, 2009

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,

        Plaintiff,

Civil Action No. 97-cv-3496 (DRD)(MAS)

-------------------------------------------------------------------------

**FOURTH  AMENDED COMPLAINT**
Hon. Dickinson R. Debevoise

CRISTO PROPERTY MANAGEMENT, LTD.,
a/k/a G.J.L LIMITED, DEK HOMES OF NEW
JERSEY, INC.,OAKWOOD PROPERTIES, INC.,
NATIONAL HOME FUNDING, INC.,
 CAPITAL ASSETS PROPERTY MANAGEMENT &
 INVESTMENT CO., INC., CAPITAL ASSETS
PROPERTY MANAGEMENT, L.L.C., WILLIAM KANE, GARY GRIESER,
ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DiBENEDETTO
JAMES R. BROWN, THOMAS BRODO, ROLAND PIERSON,
 STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ.,
RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ.,
LAWRENCE CUZZI, ANTHONY D'APOLITO, DAP CONSULTING.
INC., COMMONWEALTH LAND TITLE INSURANCE CO.,
NATIONS TITLE INSURANCE OF NEW YORK, INC.,
FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK,
COASTAL TITLE AGENCY, STEWART TITLE GUARANTY COMPANY,
IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO
REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES AND GARDEN

        Defendants

-------------------------------------------------------------------------------------

I Richard Calanni acting PRO SE ( "referred to as Answering Defendant" ), by way of Answer to the Fourth Amended Complaint to the following paragraphs as numbered say,

1. Denied. I Richard Calanni never volunteered or intentionally devised any scheme or artifice to defraud, or for obtaining money or property by means of false pretense, or acted in way of Racketeer Influenced and Corrupt Organizations Act, common-law fraud,. Answering other allegation in paragraph 1, this defendant is without sufficient knowledge or information to form a belief or truth contained.

## AS TO PARTIES

2. This defendant is without knowledge or information to admit or deny the contents.

3. This defendant is without knowledge or information to admit or deny the contents.

4. This defendant is without knowledge or information to admit or deny the contents.

5. This defendant is without knowledge or information to admit or deny the contents.

6. This defendants belief is that Kane was a reprehensive/loan officer of NHF & Kane owned Cristo Property Management only. This defendant is without knowledge or information to admit or deny the other contents.

7. This defendants belief is that Robert Skowrenski was the owner of National Home Funding in Monmouth County NJ. This defendant is without knowledge or information to admit or deny the other contents.

8. This defendant is without knowledge or information to admit or deny the contents.

9. This defendants belief was that William J. Kane was the owner of Cristo Property Management and a loan officer for National Home Funding (NHF). This defendant is without knowledge or information to admit or deny the other entities of Kanes contents.

10. This defendant is without knowledge or information to admit or deny the contents.

11. This defendants belief is Robert Skowrenski, was the owner of NHF, This defendant is without knowledge or information to admit or deny the other contents.

12. This defendant admits to paragraph 12

13. This defendant is without knowledge or information to admit or deny the contents.

14. This defendant is without knowledge or information to admit or deny the contents.

15. This defendant is without knowledge or information to admit or deny the contents.

16. This defendant admits knowledge to paragraph 16.

17. This defendant says NHF, owner Robert Skowrenski and William Kane acting loan officer for NHF assigned appraisal requests to T.F. Certified Real Appraisals, Richard Calanni, This defendant is without knowledge or information to admit or deny the other contents.

18. This defendants belief is that Stanley Yacker, Esq., was a practicing attorney in New Jersey, This defendant is without knowledge or information to admit or deny the other contents.

19. This defendant is without knowledge or information to admit or deny the contents.

20. This defendants belief is that Richard Pepsny was a practicing attorney in New Jersey. This defendant is without knowledge or information to admit or deny the other contents.

21. This defendant is without knowledge or information to admit or deny the contents.

22. This defendant belief is Stanley Yacker was a closing attorney. It is also this defendants belief that NHF (Robert Skowrenski) was a loan originator. This defendant is without knowledge or information to admit or deny the other contents.

23. This defendant is without knowledge or information to admit or deny the contents.

24. This defendants belief is Anthony D'Apolito was an employee of Walsh Securities. This defendant is without knowledge or information to admit or deny the contents.

25. This defendant is without knowledge or information to admit or deny the contents.

26. This defendant is without knowledge or information to admit or deny the contents.

27. This defendant is without knowledge or information to admit or deny the contents.

28. This defendant is without knowledge or information to admit or deny the contents.

29. This defendant is without knowledge or information to admit or deny the contents.

30. This defendant is without knowledge or information to admit or deny the contents.

31. This defendants belief is that Donna Pepsny was a licensed real estate broker in New Jersey an employee of Weichert Realtors. This defendant is without knowledge or I information to admit or deny the other contents.

32. This defendants belief to paragraph 32 to be true

33. This defendants belief to the name Murphy Realty Better Homes and Garden to to be true. This defendant is without knowledge or information to admit or deny the contents.

## AS TO JURISDICTION

34. This defendant is without knowledge or information to admit or deny the contents.

## AS TO VENUE

35. This defendant is without knowledge or information to admit or deny the contents.

## AS TO INTRODUCTION

36. This defendant denies all allegations in paragraph 36 as to Richard Calanni. As to the others, This defendant is without knowledge or information to admit or deny the other contents.

37. This defendant denies all allegations in paragraph 37 as to Richard Calanni. As to the others, This defendant is without knowledge or information to admit or deny the other contents.

38. This defendant denies all allegations in paragraph 38 as to Richard Calanni. This defendant is without knowledge or information to admit or deny the other contents.

39. This defendant is without knowledge or information to admit or deny the other contents.

## AS TO FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

40. This defendant is without knowledge or information to admit or deny the contents.

41. This defendant is without knowledge or information to admit or deny the contents.

42. As to Mortgage Bankers not holding their own loans, James Walsh of Walsh Securities, INC., (PLAINTIFF) told this defendant that they, Walsh Securities is a non-conventional Mortgage Banker and they hold their own loans without selling loans to other bankers. As to paid fees, or operations of Banks to loans, this defendant is without knowledge or information to admit or deny the other contents.

43. This defendant is without knowledge or information to admit or deny the contents.

44. This defendant acknowledges that mortgage applications are taken for mortgage loans. This defendant is without knowledge or information to admit or deny the other contents.

45. This defendant acknowledges that some mortgage bankers who deal directly with applicants of mortgages may be the originators of the loan, and may assign appraisals. This defendant is without knowledge or information to admit or deny the other contents.

46. This defendant says that the originating Mortgage Banker may select the appraiser upon acceptance of their Banker clients. As to payment, there are no set rule who pays the appraiser for the said assignment. This defendant is without knowledge or information to admit or deny the contents.

47. This defendant says, that appraisal are done. This defendant denies the remaining allegations and/or is without knowledge or information to admit or deny the other contents.

48. This defendant is without knowledge or information to admit or deny the contents.

49. This defendant is without knowledge or information to admit or deny the contents.

50. This defendant is without knowledge or information to admit or deny the contents.

51. This defendant is without knowledge or information to admit or deny the contents.

## AS TO THE INSURANCE AND ITS ROLE IN ESTATE TRANSACTION

52. This defendant is without knowledge or information to admit or deny the contents.

53. This defendant is without knowledge or information to admit or deny the contents.

54. This defendant is without knowledge or information to admit or deny the contents.

55. This defendant is without knowledge or information to admit or deny the contents.

## AS TO THE NEW JERSEY MORTGAGE LOAN FRAUD

56. Denied. As to this allegation may be directed to this defendant it is denied.  This defendant is without knowledge or information to admit or deny the other contents.

## AS TO THE CRISTO/CAPITAL ASSETS ENTERPRISE

57. Denied. As the allegation is directed to this defendant, the allegation is denied. This defendant is without knowledge or information to admit or deny the other contents.

58. Denied As the allegation is directed to this defendant, the allegation is denied. This defendant is without knowledge or information to admit or deny the other contents

59. This defendant is without knowledge or information to admit or deny the contents

60. This defendant is without knowledge or information to admit or deny the contents

## AS TO THE PATTERN

61. This defendant appraised some properties for NHF, but without fraudulently inflating value.  this allegation is denied. This defendant is without knowledge or information to admit or deny the other contents to paragraphs 61

62. The allegation directed to this defendant as " fraudulently appraised" is denied. By way of further answer, this defendant is without knowledge or information to admit or deny the other contents to paragraphs 62

63. This defendant is without knowledge or information to admit or deny the other contents

## AS TO CONSEQUENCES VISITED UPON WALS SECURITIES

64. Paragraph 64 seeks no judgment against this defendant and accordingly requires no responsive answer. By way of further answer, this defendant is without knowledge or information to admit or deny the other contents

65. Denied. This defendant is without knowledge or information to admit or deny the other contents

## AS TO COUNT I
## VIOLATION OF 18 U.S.C. 1962 © RICO

66. The defendant repeats and re-alleges each and every response from paragraph 1-65

67. Denied. The allegations in paragraph 67 are conclusion interpretation of law to which no responsive pleading is required. By way of further answer , allegation directed to this defendant are denied, this defendant is without knowledge or information to admit or deny the other contents

68. . . Denied. The allegations in paragraph 68 are conclusion interpretation of law to which no responsive pleading is required. By way of further answer , allegation directed to this defendant are denied, this defendant is without knowledge or information to admit or deny the other contents

69. Denied. The allegations directed to this defendant are denied. By ways of further answer, this defendant is without knowledge or information to admit or deny the other contents

70. Denied. The allegations directed to this defendant are denied. By ways of further answer this defendant is without knowledge or information to admit or deny the contents.

71. Denied. The allegations directed to this defendant are denied. By ways of further answer this defendant is without knowledge or information to admit or deny the contents.

72. & (a). Denied. The allegations in paragraph 72 are conclusion interpretation of law to which no responsive pleading is required. By way of further answer , allegation directed to this defendant are denied, this defendant is without knowledge or information to admit or deny the other contents
     & (b) this defendant is without knowledge or information to admit or deny the other contents

73. & a, b,  Denied. The allegations in paragraph 73 are conclusion interpretation of law to which no responsive pleading is required. By way of further answer , allegation directed to this defendant are denied, this defendant is without knowledge or information to admit or deny the other contents

74. & a, b. Denied. The allegations in paragraph 74 are conclusion interpretation of law to which no responsive pleading is required. By way of further answer , allegation directed to this defendant are denied, this defendant is without knowledge or information to admit or deny the other contents

( c ),  Denied. As to liability, jointly and severally and award treble damages, attorney fees, cost and other relief is denied by this defendant. The allegations directed to this defendant are denied. By ways of further answer this defendant is without knowledge or information to admit or deny the contents.

## AS TO COUNT II

75. The defendant repeats and re-alleges each and every response from paragraph 1-74

76. Denied. The allegations in paragraph 76 are conclusion interpretation of law to which no responsive pleading is required. By way of further answer , allegation directed to this defendant are denied, this defendant is without knowledge or information to admit or deny the other contents

77. Denied. Allegation directed to this defendant are denied, this defendant is without knowledge or information to admit or deny the other contents

78. Denied. Allegation directed to this defendant are denied, this defendant is without knowledge or information to admit or deny the other contents

79.& (a), (b), The allegations directed to this defendant are denied. By way of further answer, this defendant is without knowledge or information to admit or deny the other contents
     ( c ) , Denied. As to liability, jointly and severally and award treble damages, attorney fees, cost and other relief is denied by this defendant. The allegations directed to this defendant are denied. By ways of further answer this defendant is without knowledge or information to admit or deny the other contents.

## AS TO COUNT III

## COMMON-LAW FRAUD

80. The defendant repeats and re-alleges each and every response from paragraph 1-79

81. Denied. The allegations in paragraph 81 are conclusion interpretation of law to which no responsive pleading is required. By way of further answer , allegation directed to this defendant as fraudulent, falsely, acts are denied, this defendant is without knowledge or information to admit or deny the other contents

82. This allegation is not directed to this defendant accordingly does not require an answer. By way of further answer, this defendant is without knowledge or information to admit or deny the contents.

83. The allegations directed to this defendant are denied. This defendant is without knowledge or information to admit or deny the other contents.

84. . The allegations directed to this defendant are denied. This defendant is without knowledge or information to admit or deny the other contents.

85. Denied. It is denied that the Plaintiff has suffered any damage by this defendant.

Denied. As to liability, jointly and severally for common law fraud, and award treble damages, punitive attorney fees, cost and other relief is denied by this defendant. The allegations directed to this defendant are denied. By ways of further answer this defendant is without knowledge or information to admit or deny the other contents.

## COUNT IV

## BREACH OF CONTRACT BY NHF

86. The defendant repeats and re-alleges each and every response from paragraph 1-85.

87-91. This allegation is not directed to this defendant accordingly does not require an answer. By way of further answer, this defendant is without knowledge or information to admit or deny the contents.

## COUNT V

## BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

92. The defendant repeats and re-alleges each and every response from paragraph 1-91.

93-100. This allegation is not directed to this defendant accordingly does not require an answer. By way of further answer, this defendant is without knowledge or information to admit or deny the contents.

## COUNT VI
## NEGLIGENCE BY ALFIERI, CICLESE AND RICHARD PEPSNY

101- The defendant repeats and re-alleges each and every response from paragraph 1-100

102- 110. This allegation is not directed to this defendant accordingly does not require an answer. By way of further answer, this defendant is without knowledge or information to admit or deny the contents.

## COUNT VII
## WRONGFULL DELAY AND/OR DENIAL OF INSURANCE CLAIM BY TITLE INSURANCE DEFENDANTS

111. The defendant repeats and re-alleges each and every response from paragraph 1-110

112 - 113. This allegation is not directed to this defendant accordingly does not require an answer. By way of further answer, this defendant is without knowledge or information to admit or deny the contents.

## COUNT VIII

## DECLARATION OF COVERAGE AGAINST THE TITLE INSURANCE DEFENDANTS

114. The defendant repeats and re-alleges each and every response from paragraph 1-113

115-116. This allegation is not directed to this defendant accordingly does not require an answer. By way of further answer, this defendant is without knowledge or information to admit or deny the contents.

WHEREFORE, Answering defendant respectfully request that judgment be entered in favor of this defendant and against plaintiff dismissing the Fourth Amended Complaint, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

## FIRST AFFIRMATIVE DEFENSE

Answering defendant has no liability to the plaintiff as to all and any RICO allegations made including all sections of such allegations made by plaintiff because

a) this defendant did not volunteer to participate in any frudulent conduct of any enterprise, that the plaintiff alleges in the Fourth Amended Complaint

b) had no knowledge of the objectives of participants who were part of any enterprise or scheme, that the plaintiff alleges in the Fourth Amended Complaint

c) did not volunteer to participate or intentionally devised any scheme or artifice to defraud, or for obtaining money or property by means of false pretense, or acted in ways of Racketeer Influenced and Corrupt Organizations Act, common-law fraud that the plaintiff alleges in the Fourth Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

Answering defendant has no liability to the plaintiff because

a) Any appraisal performed by this defendant was for its own client National Home Funding, known as (NHF) owned by Robert Skowrenski. Once the appraisal was given to NHF or its representatives, NHF distributed the appraisal to one of many of their clients, of which this defendant had no control of distribution. It is also said by this defendant, if NHF and its representatives had any intent to use or did use said appraisals for the purpose of any illegal acts, including and not limited to fraudulent use, this defendant had no knowledge of such use, and did not participate or give permission for any illegal or fraudulent use.

## THIRD  AFFIRMATIVE DEFENSE

Plaintiffs Fourth Amended Complaint against this defendant is barred by  its own negligent conduct and conduct of its agents, employees, and officers.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs is charged with the knowledge and conduct of its officers, agents, underwriters and/or its employees within Walsh Securities Inc., as well as hired agents. Plaintiff's officers, agents, underwriters and employees participated in the scheme alleged in  Fourth Amended Complaint against this defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees, and officers which constitutes estoppel

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees, and officers which constitutes laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to join individuals who supplied fraudulent information to  this defendant.

## EIGTH AFFIRMATIVE DEFENSE

The plaintiff in its own Fourth Amended Complaint claims fraudulent borrowers, yet the plaintiff fails to join borrowers as parties to the action. According to the plaintiff, these borrowers caused a great loss in moneys and agreed to secret joint ventures. Plaintiff should be required to produce all fraudulent purchaser's and/or borrowers prior to moving forward so as to determine account of loss, and willing participants to their scheme. Without the fraudulent purchasers accountability, there's no process that plaintiff claims to be.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs Fourth Amended Complaint against this defendant is barred by its own negligent conduct and of its agents, employees, and officers which constitutes waiver.

## TENTH AFFIRMATIVE DEFENSE

The underwriter's review is the FAIL SAFE SYSTEM procedure to protect all procedures of the loan, including the appraisal, using the UNDERWRITERS GUIDE LINES. These guide lines are designed to accept or disapprove the appraisal. The underwriting procedure is within the plaintiffs jurisdictions of which they and their agents were negligent and/or intentionally disregarded these guide lines for self gain of moneys.

## ANSWER TO CROSS CLAIMS

This Defendant Richard Calanni Pro-se, denies any and all Cross Claims made against him  including but not limited to any-cross claims for contribution and/or cross-claims for indemnity

## ANSWER TO CROSS CLAIMS FOR CONTRIBUTION OR INDEMNIFICATION

Defendant Richard Calanni Pro-se, denies any and all Cross Claims made against him for contribution or indemnification. But if this defendant is found liable it demands contribution from, Cristo Property Management, Ltd., a/k/a G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William Kane, Gary Griesr, Robert Skowrenski, II, Richard DiBenedetto, James R. Brown, Thomas Brodo, Roland Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance of New York, Inc. Fidelity National Title Insurance Company of New York, Coastal Title Agency, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Better Homes and Gardens, Commonwealth Land Title Insurance Company

## ANSWER TO CROSS CLAIMS FOR CONTRIBUTION

Defendant Richard Calanni Pro-se, denies any and all Cross Claims made against him for contribution, But if this defendant is found liable it demands contribution from, Cristo Property Management, Ltd., a/k/a G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William Kane, Gary Griesr, Robert Skowrenski, II, Richard DiBenedetto, James R. Brown, Thomas Brodo, Roland Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance of New York, Inc. Fidelity National Title Insurance Company of New York, Coastal Title Agency, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Better Homes and Gardens,

Commonwealth Land Title Insurance Company

## ANSWER TO CROSS CLAIMS  INDEMNIFICATION

Defendant Richard Calanni Pro-se, denies any and all Cross Claims made against him for indemnification. But if this defendant is found liable it demands contribution from, Cristo Property Management, Ltd., a/k/a G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William Kane, Gary Griesr, Robert Skowrenski, II, Richard DiBenedetto, James R. Brown, Thomas Brodo, Roland Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance of New York, Inc. Fidelity National Title Insurance Company of New York, Coastal Title Agency, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Better Homes and Gardens, Commonwealth Land Title Insurance Company

## ANSWER TO THIRD PARTY COMPLAINT

Defendant Richard Calanni Pro-se, denies any and all Cross Claims made against him by including Third Party Complaints But if this defendant is found liable it demands contributions from , Cristo Property Management, Ltd., a/k/a G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William Kane, Gary Griesr, Robert Skowrenski, II, Richard DiBenedetto, James R. Brown, Thomas Brodo, Roland Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance of New York, Inc. Fidelity National Title Insurance Company of New York, Coastal Title Agency, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Better Homes and Gardens, Commonwealth Land Title Insurance Company, Robert Walsh, James Walsh, and Elizabeth Ann DeMola a/k/a Betty Ann DeMola.

## **AFFIDAVIT OF SERVICE**

I  hereby certify that on this date I served an answer to the Fourth Amended Complaint

upon individual identified in the service list attached here to

Extended due Date as offered by Judge Shipp without any objections

Date: September 25, 2009

Richard Calanni, Pro-se