LAW OFFICES
## MANNING, CALIENDO & THOMSON
A PROFESSIONAL ASSOCIATION

VINCENT P. MANNING*
NICHOLAS C. CALIENDO
KENNETH L. THOMSON

DANIEL J. EASTMOND
JOHN D. TORESCO+

EDWARD ROY ROSEN
  OF COUNSEL

* CERTIFIED BY THE SUPREME COURT
OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

+MEMBER NEW JERSEY AND NEW YORK BAR

36 WEST MAIN STREET
FREEHOLD, NEW JERSEY 07728

TELEPHONE: (732) 462-4405
FACSIMILE: (732) 409-0347

WWW.FREEHOLDLAWYERS.COM

REAL ESTATE DEPT.:
TEL.: (732) 462-4264
FAX: (732) 462-7766

October 29, 2009

Magistrate Judge Michael Shipp, U.S.M.J.
United States District Court
U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:  **Walsh Securities, Inc. v. Cristo Property Management, Ltd. et als.**
     **USDC, District of New Jersey**
     **Civil Action No.: 97-3496 (DRD)(MAS)**

Dear Judge Shipp:

I represent Robert Skowrenski, II and National Home Funding, Inc. I am responding to Mr. Kott's letter of October 28, 2009 (Doc.360). Mr. Kott suggests that Your Honor enter an Order dismissing the Motion to Enforce Settlement on two grounds. I object.

First, Mr. Kott argues that there has been noncompliance with paragraph 9 of the Scheduling Order of August 24, 2009. (Doc. 331.)

I wrote the Court on October 6, 2009 requesting leave to file the Notice of Motion to Enforce Settlements. (Doc. 349.) Plaintiff's counsel in the Joint Case Status Letter (Doc. 352) represented that "counsel for the title companies strongly objected and insisted that the defaulted and settling defendants remain in the Complaint. So as to avoid further motion practice, Walsh Securities filed a Fourth Amended Complaint naming the defaulted and settling defendants." (Doc. 352.) The Joint Case Status Letter also referenced my request to file the motion. It was my understanding that an Answer was due to be filed by Skowrenski and National Home Funding on or before October 13, 2009. The motion to enforce was filed Friday, October 9, 2009. (Doc. 359). The following Monday, October 12, 2009, was Columbus Day, a court holiday. A telephone status conference was conducted on the record October 14, 2009. Mr. Kott participated. At that time, the only issue regarding the motion was whether it was to be heard before Your Honor or Judge Debevoise. Your Honor directed that it be heard by Judge

LAW OFFICES
MANNING, CALIENDO & THOMSON, P.A.
October 27, 2009
Page 2 of 2

Debevoise. I confirmed this by letter dated October 15, 2009. (Doc. 357.) The motion was refiled before Judge Debevoise on October 26, 2009. Mr. Kott then chose to object. (Doc. 360.)

What is truly dispositive are the settlement agreements and Stipulations of Dismissal set out in the moving papers. The instant motion is not so much dispositive as a motion to enforce litigants rights. To the extent it is deemed dispositive, Your Honor can issue written permission *nunc pro tunc* and the telephone status conference serve as the pre-hearing conference.

Mr. Kott's second argument is that the application is premature because Mr. Skowrenski has not been deposed, therefore the motion is not "ripe" for disposition. Mr. Skowrenski was deposed in the related State Court litigation, Skowrenski v. Coastal Tile, Docket No. MON-L-1937-03 on February 5, 2003. The deposition transcript covers 115 pages. Mr. Kott's questioning of Mr. Skowrenski begins on page 69. Mr. Kott's client settled with Mr. Skowrenski September 9, 2005. There were no requests to produce Mr. Skowrenski following the lifting of the stay of discovery on January 17, 2008. (Doc 243.) Mr. Kott has failed to set forth what relevant discovery would emanate from a re-deposition of Mr. Skowrenski that would be material to the motion to enforce the settlements. Absent such a proffer, Mr. Kott's request should be denied and the motion should remain as set for December 7, 2009.

Respectfully submitted,

VINCENT P. MANNING

VPM/b

cc: All counsel of record (via electronic mail)
    Michael D. Schottland, Esq. (via electronic mail)