

November 2, 2009

**VIA ELECTRONIC FILING & REGULAR MAIL**

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07102

Re: Walsh Securities, Inc. v. Cristo Property Management, et al.
United States District for the District of New Jersey
Civil Action No. 97-3496 (DRD)

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON
HARTFORD
NEW YORK
NEWARK
PHILADELPHIA
STAMFORD
WILMINGTON

Dear Judge Shipp:

I am in receipt of Mr. Manning's October 29, 2009 letter to Your Honor with respect to the dispositive motion he has filed without meeting the requirements of Paragraph 9 of Your Honor's August 24, 2009 Scheduling Order (Document No. 331 electronically filed on 08/25/09).

The motion filed by Mr. Manning (Document No. 359 electronically filed on 10/26/09) is surely dispositive. In fact, in Mr. Manning's October 26, 2009 letter brief to Judge Debevoise Mr. Manning, at pp. 6-7 (pp. 83 and 84 of Document No. 359) states the following:

> "2. Legal Argument
>
> a. These issues of the alleged liability of NHF to Walsh and to the title companies were subject to litigation both in the instant case and in the state court proceedings. The releasing parties were all represented by competent counsel. There are no claims of fraud or duress in obtaining the settlements. Under such circumstances, Walsh, Coastal, Commonwealth and Fidelity/National Title should be estopped from making any claims against Skowrenski in connection with the Fourth Amended Complaint.
>
> b. As a substantive matter, Walsh has taken the litigation position, by the precise terms of the settlement agreement, that NHF had no responsibility and no fault in connection with the

> scheme. Walsh is estopped from changing position. The claims against Skowrenski have no factual basis, and so none of the parties have stated a claim against NHF upon which relief could be granted.
>
> c. Contract principles of mutuality, good faith and fair dealing are an additional basis to dismiss the crossclaims. Coastal and Commonwealth paid NHF to release them from claims arising out of the Walsh-RICO scheme. To now assert crossclaims under the guise of the Fourth Amended Complaint is to seek the return of what was given in a mutual exchange with nothing in return. Thus, the crossclaims become a subterfuge to avoid the settlements entered into, to litigate in the federal forum what was given up in the state. Sons of Thunder v. Borden, 148 NJ 196 (1997)."

Hence, unquestionably the motion is dispositive.

As to whether the motion is "ripe" for disposition, Mr. Skowrenski was deposed in some related litigation -- in a case where Mr. Skowrenski was the plaintiff and sued our client and co-defendant Coastal. However, no portion of his deposition was relevant to the legal argument made by Mr. Manning in his October 26, 2009 letter brief. Discovery is certainly needed of Mr. Skowrenski and apparently of his lawyer in the related litigation as to the scope of the settlement in the earlier litigation, Mr. Skowrenski's involvement in the fraudulent schemes involved in this case and in his relationship with the title insurers. We would note that every Complaint filed by the plaintiff in this case (including the pending Fourth Amended Complaint) specifically pleads that Mr. Skowrenski and his company, National Home Funding, were actively involved in the mortgage frauds giving rise to this litigation. We would also note that there have been no depositions whatsoever of the plaintiff or its representatives in this case to date.

Hence, legally Mr. Skowrenski's motion for summary judgment is not "ripe" for disposition. From a practical matter, unless the motion is deemed withdrawn, all that will occur is that Judge Debevoise will be required to consider and rule on a motion for summary judgment that is opposed in substantial part by the submission of Rule 56(f) affidavits.

For the foregoing reasons we respectfully request that the Court enter the Order Deeming the Motion to Enforce Settlements and Dismiss all Claims Against Robert

Skowrenski, II and National Home Funding, Inc. and for Other Relief as Being Withdrawn that I submitted to Your Honor with my October 28, 2009 letter (Document No. 360 electronically filed on 10/28/09).

Respectfully submitted,

David R. Kott

DRK/srv

cc: Hon. Dickinson R. Debevoise (via electronic filing and regular mail)
Vincent P. Manning, Esq. (via fax and regular mail)
All counsel and other entities on attached Service List (via regular mail)

Revised 10/14/09

**SERVICE LIST**

**WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL**
**CIVIL ACTION NO. 97-3496 (DRD)**

Robert A. Magnanini, Esq.
Stone Magnanini, LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Vincent P. Manning, Esq.
Manning, Caliendo & Thomson
36 West Main Street
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ 07974
**Attorney for defendant Michael Alfieri, Esq. on the Sixth Count**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey 08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
**Attorney for Defendant Anthony M. Ciccalese (on certain counts of the Complaint)**

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica
**Pro se (on certain counts of the Complaint)**

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania 19103-3291
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, New Jersey 07701
**Attorneys for Defendant Roland J. Pierson**

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
210 Park Avenue, #3
Florham Park, NJ 07932-1012
**Attorneys for Defendant Weichert Realtors**

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey 07666

James R. Brown, Pro Se
7 Pamela Road
East Brunswick, NJ 08816-4418

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
3 Loller Drive
Martinsville, NJ 08836

Stanley Yacker, Esq., Pro Se
6 Swimming River Court
Barnegat, NJ 08005-5624

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, FL 33707

Ms. Elizabeth Ann DeMola
One Abedim Way
Califon, NJ 07830

James Walsh
10 Sherwood Court
Warren, NJ 07059

Andrew I. Indeck, Esq.
Scarinci & Hollenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
**Attorney for Garden State Indemnity Co. (Legal Malpractice carrier for defendant Michael Alfieri)**