LAW OFFICES
## MANNING, CALIENDO & THOMSON
A PROFESSIONAL ASSOCIATION
36 WEST MAIN STREET
FREEHOLD, NEW JERSEY 07728

TELEPHONE: (732) 462-4405
FACSIMILE: (732) 409-0347

WWW.FREEHOLDLAWYERS.COM

VINCENT P. MANNING*
NICHOLAS C. CALIENDO
KENNETH L. THOMSON
———
DANIEL J. EASTMOND
JOHN D. TORESCO+
———

EDWARD ROY ROSEN
OF COUNSEL

* CERTIFIED BY THE SUPREME COURT
OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

+MEMBER NEW JERSEY AND NEW YORK BAR

REAL ESTATE DEPT.:
TEL: (732) 462-4264
FAX: (732) 462-7766

November 4, 2009

Clerk,
United States District Court
U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07101

**RE:**   Walsh Securities v. Cristo Property Management, et al.
USDC, District of New Jersey
Civil Action No.: 97-3496 (DRD)(MAS)

Dear Sir/Madam:

Enclosed please find a revised version of Document # 354 for filing.  Same is being filed pursuant to the Order entered on November 2, 2009, by the Honorable Magistrate Judge Michael Shipp, U.S.M.J. (Document #364), requiring certain confidential documentation be removed therefrom.

Very truly yours,

VINCENT P. MANNING

VPM/dje
Enc.

LAW OFFICES
## MANNING, CALIENDO & THOMSON
A PROFESSIONAL ASSOCIATION

VINCENT P. MANNING*
NICHOLAS C. CALIENDO
KENNETH L. THOMSON

STEPHEN M. BACIGALUPO, II
GUENEVERE D. WALKER

EDWARD ROY ROSEN
OF COUNSEL

* CERTIFIED BY THE SUPREME COURT
OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

36 WEST MAIN STREET
FREEHOLD, NEW JERSEY 07728

TELEPHONE: (732) 462-4405
FACSIMILE: (732) 409-0347

REAL ESTATE DEPT.:
TEL.: (732) 462-4264
FAX: (732) 462-7766

October 9, 2009

Magistrate Judge Michael Shipp, U.S.M.J.
United States District Court
U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07101

RE:   Walsh Securities v. Cristo Property Management, et al.
      USDC, District of New Jersey
      Civil Action No.: 97-3496 (DRD)(MAS)
      Moving Party: Vincent P. Manning, Esq. (7005)
      Attorney for Defendant Skowrenski and National Home Funding

Dear Judge Shipp:

        Please accept this letter brief in lieu of a more formal brief in support of the motion of

defendants Robert Skowrenski and National Home Funding to enforce settlements and dismiss

all claims against them.

        In the above captioned matter, Walsh submitted the Fourth Amended Complaint on July

10, 2009 (Document 302).  In that pleading, Walsh alleges participation by Robert Skowrenski,

II and National Home Funding, Inc. (collectively hereinafter "NHF") in a RICO scheme along

with the other defendants.

Co-defendants Commonwealth Title and Fidelity/National Title filed responsive pleadings that include crossclaims against Skowrenski and National Home Funding for contribution and indemnification. (Documents 304 and 314). Co-defendant Coastal filed only a crossclaim for contribution (Document309).

The plaintiff's Fourth Amended Complaint and the crossclaims should be dismissed. Walsh, Coastal and Commonwealth all entered into settlement agreements with NHF. National Home Funding itself does not even exist, having been dissolved on May 13, 2002 in a "no asset" dissolution. See Certification of Robert Skowrenski, II, Exhibit "A". No crossclaim or Third Party Complaint should be allowed by the Fidelity/National Title defendants because no privity exists between them and NHF. These matters are controlled by New Jersey state law and that law should be applied here to bar the claims. Hamilton v. Roth, 624 F.2d 1204, 1210 (3rd Cir. 1980).

1.      The Settlements

      a.      Walsh v. Cristo, CV 97-3496 (SDW)

On September 5, 2006, the Honorable Susan D. Wigenton entered a Stipulation and Order of Dismissal with Prejudice as to NHF. See Schottland Certification, Exhibit "E". From the terms of the Agreement of Settlement and Release, Walsh acknowledged that neither Skowrenski nor National Home Funding has "responsibility and fault in connection with the RICO action". The Release extends to "any and all claims, counter claims, cross claims, third party claims, third party counter claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, that they ever had, not have, or hereafter can, shall or may have on account of, or in any way arising out of, any and all known or unknown, foreseen or unforeseen, suspected or unsuspected injuries, damages, and the consequences thereof in any

LAW OFFICES
**MANNING, CALIENDO & THOMSON, P.A.**
**Page 3 of 6**

way arising out of or resulting from conduct alleged or which could have been alleged in the RICO action." Schottland Certification, Exhibit "D".

Naming NHF as defendants in the Fourth Amended Complaint is a breach of the contract established by the settlement agreement. Skowrenski and National Home Funding are entitled to enforcement of the contract. The only meaningful enforcement is to give NHF the benefit of the negotiated settlement by dismissing the Fourth Amended Complaint and awarding Skowrenski and National Home Funding reasonable costs and counsel fees. The claims are precluded by the agreement and Walsh is estopped from raising them. Barticheck v. Fidelity Union, 680 F. Supp. 144 (DNJ 1988). Accordingly, Walsh has executed a Stipulation of Dismissal of the Fourth Amended Complaint, which has been filed with the Clerk. (Document 347)

      b.    Skowrenski v. Coastal Title Agency, MON-L-1937-07

      On February 10, 2006, the Clerk of the New Jersey Superior Court filed the Stipulation of Dismissal with Prejudice in the New Jersey state court action styled Skowrenski v. Coastal, et al., Docket Number MON-L-1937-07. Schottland Certification, Exhibit "C". The Settlement Agreement extends to "any and all claims brought, or which could have been brought, arising out of the subject matter of a lawsuit filed in the Superior Court of New Jersey, Law Division, Monmouth County, bearing Docket Number L-1937-03." Manning Certification, Exhibit "A". The underlying lawsuit alleged the victimization of Skowrenski and National Home Funding in the Walsh - RICO scheme due to the alleged negligence of Coastal. Schottland Certification, Exhibit "A". The state court lawsuit was inextricably related to the relationship between Coastal and Skowrenski and National Home Funding in the Walsh - RICO scheme. Any claims Coastal had against NHF were to be brought in the state court action as part of the entire controversy doctrine mandate of joinder of claims. N.J. Superior Court Rules R.

4:30A; R. 4:7-5. Whether such claims were plead or not is of no moment. The Release and the Stipulation extinguished all claims for all times. NHF is entitled to enforcement of the contract. The only meaningful enforcement is to give NHF the benefit of the bargain by dismissing all crossclaims and awarding Skowrenski and National Home reasonable costs and attorneys fees.

      c.    Commonwealth

          Similarly, NHF alleged in the same state court action that Coastal and Commonwealth were agent and principal and that Commonwealth, therefore, was vicariously liable. On September 9, 2005, the New Jersey Superior Court Clerk filed the Stipulation of Dismissal with Prejudice as to Commonwealth Land Title Insurance Company. Schottland Certification, Exhibit "B". Commonwealth did not file a counterclaim against NHF in the state court case, and so is precluded from raising any claims now. R. 4:30A; R. 4:7-5.

The agreement between the parties encompassed the Walsh litigation. Plaintiff is entitled to enforcement of the agreement. The only meaningful enforcement is to give NHF the benefit of the negotiated settlement by dismissing all crossclaims of Commonwealth and awarding NHF reasonable costs and fees.

      d.    Fidelity/National Title

          All claims against NHF by Fidelity and National Title Insurance Company should be dismissed based on lack of privity. Skowrenski and National Home Funding dealt solely with Coastal Title. Skowrenski Certification, paragraph 5.

      According to the Fourth Amended Complaint, particularly paragraphs 30, 39, 53-55, and 72(b), the involvement of Fidelity and National Title in the Walsh-RICO scheme is limited to providing closing service protection letters and ultimate title insurance coverage through their agent Coastal. The agency agreement between Coastal and Fidelity/National created no privity

between NHF and Fidelity/National. NHF owed no duties contractually to these co-defendants. Importantly, Coastal, as the agent for these co-defendants, in settling with NHF in the underlying state court action, extinguished the principal's rights to any claims against NHF arising out of the Walsh-RICO scheme. In the absence of privity, there can be no claim. There were simply no dealings between NHF and Fidelity/National nor any mutual or successive relationship that would support privity. 1st National Bank v. Carlyle House, Inc., 102 N.J. Super 300, 322 (Ch. 1968) aff'd 107 N.J. Super 389 (App. Div. 1969); cert. den. 55 N.J. 316 (1969).[1]

    2.    Legal Argument

        a.    These issues of the alleged liability of NHF to Walsh and to the title companies were subject to litigation both in the instant case and in the state court proceedings. The releasing parties were all represented by competent counsel. There are no claims of fraud or duress in obtaining the settlements. Under such circumstances, Walsh, Coastal, Commonwealth and Fidelity/National Title should be estopped from making any claims against Skowrenski in connection with the Fourth Amended Complaint.

        b.    As a substantive matter, Walsh has taken the litigation position, by the precise terms of the settlement agreement, that NHF had no responsibility and no fault in connection with the scheme. Walsh is estopped from changing position. The claims against Skowrenski have no factual basis, and so none of the parties have stated a claim against NHF upon which relief could be granted.

        c.    Contract principles of mutuality, good faith and fair dealing are an additional basis to dismiss the crossclaims. Coastal and Commonwealth paid NHF to release them from claims arising out of the Walsh-RICO scheme. To now assert crossclaims under the

---

[1] The rule of law is so self-evident it required little modern jurisprudential development.

LAW OFFICES
**MANNING, CALIENDO & THOMSON, P.A.**
**Page 6 of 6**

guise of the Fourth Amended Complaint is to seek the return of what was given in a mutual

exchange with nothing in return.   Thus, the crossclaims become a subterfuge to avoid the

settlements entered into, to litigate in the federal forum what was given up in the state.   Sons of

Thunder v. Borden, 148 NJ 196 (1997).

For all the foregoing reasons, the Fourth Amended Complaint and all crossclaims against

NHF should be dismissed with prejudice.   No Third Party Complaints should be allowed and

NHF should be awarded reasonable counsel fees and costs.

Respectfully submitted,

VINCENT P. MANNING

VPM/b
Enc.

**Manning, Caliendo & Thompson**
36 West Main Street
Freehold, New Jersey  07728
Telephone: 732-462-4405
Facsimile: 732-409-0347
National Home Funding, Inc., and Robert Skowrenski, II

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | Civil Action No. 97-cv-3496 (DRD)(MAS) |
| Plaintiff, | : | Hon. Magistrate Judge Michael Shipp |
| vs. | : | |
| CRISTO PROPERTY MANAGEMENT, a/k/a G.J.L. LIMITED; DEK HOMES OF NEW JERSEY, INC.; OAKWOOD PROPERTIES, INC.; NATIONAL HOME FUNDING, INC.; CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C.; WILLIAM KANE; GARY GRIESER; ROBERT SKOWRENSKI, II; RICHARD CALANNI; RICHARD DiBENEDETTO; JAMES R. BROWN; THOMAS BRODO; ROLAND PIERSON; STANLEY YACKER, ESQ.; MICHAEL ALFIERI, ESQ.; RICHARD PEPSNY, ESQ.; ANTHONY M. CICALESE, ESQ.; LAWRENCE CUZZI; ANTHONY D'APOLITO; DAP CONSULTING, INC.; COMMONWEALTH LAND TITLE INSURANCE CO.; NATIONS TITLE INSURANCE OF NEW YORK, INC.; FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK; COASTAL | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CERTIFICATION OF ROBERT SKOWRENSKI, II |

TITLE AGENCY; DONNA
PEPSNY; WEICHERT                    :
REALTORS; and VECCHIO
REALTY, INC., D/B/A MURPHY    :
REALTY BETTER HOMES and
GARDENS,                               :

        Defendants.          :

_____

    1.     I, Robert Skowrenski, II, am a named defendant in the above captioned matter.

    2.     I am providing the Certification in support of the Motion to Dismiss all claims against me in the case entitled Walsh Securities v. Cristo Properties, et als., Civil Action No. 97-cv-3496 (DRD)(MAS).

    3.     Annexed hereto as Exhibit "A" is a copy of the State of New Jersey Department of Treasury Dissolution Certification for National Home Funding, Inc. dated May 24, 2002 together with the attachments thereto. I received no assets in the dissolution.

    4.     Attached as Exhibit "B" is a copy of the Release and Settlement Agreement in the matter of Robert Skowrenski, II vs. Coastal Title Agency and Commonwealth Land Title Insurance Company.

    5.     In my dealings regarding the real estate which form the subject matter of the Walsh Securities v. Cristo Properties, et als. litigation, I dealt only with Coastal Title Agency. I had no direct dealings with Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc. and Fidelity National Title Insurance Company of New York.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ROBERT SKOWRENSKI

DATED: October 9, 2009

**EXHIBIT A**

**STATE OF NEW JERSEY**
**DEPARTMENT OF TREASURY**
**CERTIFICATE RELATIVE - DISSOLUTION**

**NATIONAL HOME FUNDING, INC.**

*I, the Treasurer of the State of New Jersey, do hereby certify, that the above-named New Jersey Domestic Profit Corporation did on the 13th of May, 2002, file and record in this department a Certificate Relative to a Dissolution in the home state, thereby terminating existence of NATIONAL HOME FUNDING, INC. as by the statutes of this State required.*



*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal at Trenton, this 24th day of May, 2002*

John E McCormac, CPA
State Treasurer

**CERTIFICATE OF DISSOLUTION**
(Without a Meeting of Shareholders/Members)
(For Use by Domestic Profit and Nonprofit Corporations)
(Nonprofit Corporations Must File This Form in Triplicate)

FILED C-159B Rev. 7/92

STATE TREASURER

Check Appropriate Statute:

☒ Title 14A:12-3     New Jersey Business Corporation Act
☐ Title 15A:12-3     New Jersey Nonprofit Corporation Act

See Reverse Side for Filing/Mailing Instructions.

A corporation may be dissolved by the written consent of all its shareholders/members entitled to vote thereon. To effect such dissolution, all such shareholders/members shall sign and file in the Office of the Secretary of State, the following articles of dissolution. Domestic profit corporations must attach a "Tax Clearance Certificate" obtained from the Division of Taxation, Department of Treasury, CN-269, Trenton, N.J. 08625.

1. Name of Corporation: National Home Funding, INc

2. Corporation Number: 0100-5822-79

3. Registered Agent: Robert Skowrenski

4. Registered Office: 60 Dover Court, Tinton Falls, NJ 07724
   (STREET AND POSTAL DESIGNATION, IF APPLICABLE)

5. Name and addresses of the Directors/Trustees and Officers.
   (Note: Address cannot be that of the Nonprofit Corporation).

   Robert Skowrenski            60 Dover Court, Tinton Falls, NJ (

The corporation is dissolved.

Nonprofit corporation must also include a Plan of Dissolution, Statement of Liabilities and the date and vote of the dissolution authorization

The certificate has been signed in person or by proxy by all shareholders/members of the corporation entitled to vote thereon.

Signature: _____   Date: 4-18-02

Signature: _____   Date:

Signature: _____   Date:

The purpose of this form is to simplify the filing requirements of the Secretary of State and does not replace the need for competent legal advice.

Jersey Division of Revenue
s Support Services
x 308

S/102972
21/9211

Messenger Service:
New Jersey Division Of Revenue
Business Support Services

0100562270

DEPARTMENT OF TREASURY
Division of Revenue
Business Support Services, Commercial Recording
P.O. Box 308
Trenton, NJ 08625

05/24/2002

SHIP TO:

ROBERT SKOWRENSKI
60 DOVER COURT
TINTON FALLS, NJ 07712

Thank you for your recent work request. The following information summarizes all
work requests processed and the associated fees.

If your work was rejected, it is imperative that you include this form or a copy when
resubmitting corrected documents or if you are requsting a refund.
This will assist us in verifying payment and the original date the work request was
submitted.  Call us at (609) 292-9292 if you have any questions regarding this notice.

1. Customer Number:  232581
2. Account Number:
3. Session Number:    1102972
4. User ID:  27
5. Comments On Work Request:

6. Number of Rejected Jobs:  0

Method of Payment: Check
Check No:  652                        Amount:    $70.00
Job 1 :                               Job Completion Status:  C  CLOSED (JOB OR SESSION)
Session Number: 1102972
Work Description: AMENDA  AMENDMENT/RENEWAL/ALL OTHERS
Job Number:  2119211
Filing Number:  100582279
Received Date:  24-MAY-02
Entity Name:  NATIONAL HOME FUNDING, INC.
Comments On Job:

| FEE CODE | FEE DESCRIPTION | FEE | QTY | TOTAL |
|----------|-----------------|-----|-----|-------|
| AMENDT | AMENDMENT | 50.00 | 1 | $50.00 |
| TAXCLR | TAX CLEARANCE | 20.00 | 1 | $20.00 |
| | | | JOB TOTAL: | $70.00 |
| | | COMPLETED JOB TOTAL: | | $70.00 |

OFFICIAL RECEIPT   *** THIS IS NOT A BILL ***
* Please retain a copy for your records to verify check and credit card billing.



*CERTIFICATE OF DISSOLUTION*
*(Without a Meeting of Shareholders/Members)*
*(For Use by Domestic Profit and Nonprofit Corporations)*
*(Nonprofit Corporations Must File This Form in Triplicate)*

C-159B Rev. 7/92

Check Appropriate Statute:

☒ Title 14A:12-3     New Jersey Business Corporation Act
☐ Title 15A:12-3     New Jersey Nonprofit Corporation Act

See Reverse Side for Filing/Mailing Instructions.

A corporation may be dissolved by the written consent of all its shareholders/members entitled to vote thereon. To effect such dissolution, all such shareholders/members shall sign and file in the Office of the Secretary of State, the following articles of dissolution. Domestic profit corporations must attach a "Tax Clearance Certificate" obtained from the Division of Taxation, Department of Treasury, CN-269, Trenton, N.J. 08625.

1. Name of Corporation:   National Home Funding, INc

2. Corporation Number:   0100-5822-79

3. Registered Agent:   Robert Skowrenski

4. Registered Office:   60 Dover Court, Tinton Falls, NJ 07724
   (STREET AND POST OFFICE ADDRESS, ZIP CODE)

5. Name and addresses of the Directors/Trustees and Officers
   (Note: Address cannot be that of the Nonprofit Corporation)

   Robert Skowrenski     60 Dover Court, Tinton Falls, NJ

The corporation is dissolved.

Nonprofit corporation must also include a Plan of Dissolution, Statement of Liabilities and the date and vote of the dissolution authorization

The certificate has been signed in person or by proxy by all shareholders/members of the corporation entitled to vote thereon.

Signature: _____   Date: 4-18-02

Signature: _____   Date: _____

Signature: _____   Date: _____

The purpose of this form is to simplify the filing requirements of the Secretary of State and does not replace the need for competent legal advice.

Messenger Service:
New Jersey Division Of Revenue
Business Support Services
225 West State Street

TAXPAYER'S COPY



## State of New Jersey
### DEPARTMENT OF THE TREASURY
### DIVISION OF TAXATION
April 16, 2002

Certificate No. B-035739-D
Application No. GRL

Fee Paid   $25.00

## TAX CLEARANCE CERTIFICATE

This is to certify that all State taxes, fees, penalties, and interest levied upon or assessed against:

NATIONAL HOME FUNDING, INC.
0100-5822-79

by the State of New Jersey, under Title 54 of the Revised Statutes and all acts amendatory thereof, or antecedent or supplementary thereto, have been paid or provided for.

This Certificate is VOID after 45 days from the date herein.



WITNESS my hand and official seal at Trenton,

this 16TH day of APRIL A.D. 2002

Robert K. Thompson

Robert K. Thompson, Director
New Jersey Division of Taxation

1440D013552232920860000004101 601-H

| Form **966** (Rev. August 1996) Department of the Treasury Internal Revenue Service | **Corporate Dissolution or Liquidation** (Required under Section 6043 (a) of the Internal Revenue Code) | OMB No. 1545-0041 |
|---|---|---|

**PLEASE TYPE OR PRINT**

| Name of corporation NATIONAL HOME FUNDING, INC C/O SKOWRENSKI | Employer Identification number 22-3292086 |
|---|---|
| Number, street, and room or suite no. (If a P.O. box number, see instructions below.) 60 DOVER COURT | Check type of return |
| City or town, state, and ZIP code TINTON FALLS, NJ 07724 | ☐ 1120     ☐ 1120-L ☐ 1120-IC-DISC   ☒ 1120S ☐ Other ▶ |

| 1 Date incorporated 3/23/1994 | 2 Place incorporated NJ | 3 Type of liquidation ☒ Complete  ☐ Partial | 4 Date resolution or plan of complete or partial liquidation was adopted 12/17/01 |
|---|---|---|---|
| 5 Service Center where corporation filed its immediately preceding tax return CINCINNATI, OH | 6 Last month, day, and year of immediately preceding tax year 12/31/00 | 7a Last month, day, and year of final tax year 12/31/01 | 7b Was corporation's final tax return filed as part of a consolidated income tax return? If "Yes," complete 7c, 7d, and 7e. ☐ Yes   ☐ No |
| 7c Name of common parent | | 7d Employer identification number of common parent | 7e Service Center where consolidated return was filed |

| | Common | Preferred |
|---|---|---|
| 8 Total number of shares outstanding at time of adoption of plan of liquidation........................... | 100 | |

9 Date(s) of any amendments to plan of dissolution...............................................

10 Section of the Code under which the corporation is to be dissolved or liquidated ...................... | 331/336

11 If this return concerns an amendment or supplement to a resolution or plan, enter the date the previous Form 966 was filed .........................................................

**Attach a certified copy of the resolution or plan and all amendments or supplements not previously filed.**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete.

▶ _____    _____    _____
  Signature of officer                   Title                          Date

CERTIFIED COPY OF RESOLUTION
National Home Funding, Inc.

I hereby certify that the following Resolution was unanimously adopted at a Joint Meeting of the Stockholders and Directors held on December 17, 2001 at 10:00 in the forenoon.

RESOLVED, that the following plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.O. 99-514, be and the same is hereby adopted:

I.     Within thirty (30) days after the date of this meeting, Counsel for the Corporation shall file Form 966 with the Director of Internal Revenue, (Cincinnati, OH), attaching to said form a certified copy of this solution, indicating that the Stockholders and Directors have adopted a plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

II.    That the Corporation, by its duly authorized Officers, within twelve (12) months after the date of the adoption of the Plan, distribute all of its assets, except those retained to meet corporate obligations, to the Stockholder of the Corporation.

III.   That as soon as practical, but not later than twelve (12) months after the date of this meeting, Counsel for the Corporation shall file a Certificate of Dissolution of the Corporation with the Secretary of State for the State of New Jersey and that the Officers of the Corporation are hereby authorized to execute any and all documents necessary to effectuate such dissolution.

IV.    That the Officers and Directors be and they are hereby empowered, authorized and directed to proceed in accordance with the Resolution hereby adopted by the Stockholders and Directors, said Officers and Directors being authorized to adopt any subsequent resolutions to effectuate the intent of the Stockholders and Directors to liquidate the Corporation in accordance with the plan of liquidation adopted pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

There being no further business before the Meeting, the Meeting was adjourned.

Dated:
December 17, 2001

Robert Skowrenski
Secretary

MINUTES OF A JOINT SPECIAL MEETING
OF STOCKHOLDERS AND DIRECTORS
OF
National Home Funding, Inc.

A Joint Special Meeting of the Stockholders and Directors of
National Home Funding, Inc. was held at 60 Dover Court, Tinton
Falls, New Jersey 07724 on December 17, 2001, at 10:00 in the
forenoon.

The following, being all of the Stockholders and Directors,
were present:

STOCKHOLDERS                    DIRECTORS

Robert Skowrenski               Robert Skowrenski

Robert Skowrenski, the President of the Corporation, acted as
Chairman and , Secretary of the Corporation.

The Chairman announced that the purpose of the meeting was to
discuss and act upon a proposal to liquidate and dissolve the
Corporation.  Counsel for the Corporation was asked for his opinion
of the tax results to the Corporation and the Stockholder caused by
the complete liquidation and distribution of the corporate assets.
The Stockholder expressed his desire to liquidate and distribute
the assets of the Corporation to the Stockholder.

After a full discussion by the Stockholder, and Director of
the Corporation and counsel for the corporation; after a report by
the counsel of the Corporation as to the fair market value of the
assets and the general financial condition of the Corporation, the
following Resolution was unanimously adopted:

RESOLVED, that the following plan of liquidation pursuant to
Sections 331 and 336 of the 1986 Internal Revenue Code, including
the transitional rules allowed under these sections by P.L. 99-
514, be and the same is hereby adopted:

I.   Within thirty (30) days after the date of this meeting,
Counsel for the Corporation shall file Form 966 with the Director
of Internal Revenue, Cincinnati, OH, attaching to said form a
certified copy of this resolution, indicating that the Stockholder
and Director has adopted a plan of liquidation pursuant to Sections
331 and 336 of the 1986 Internal Revenue Code, including the
transitional rules allowed under these sections by P.L. 99-514.

- 2 -

II.   That the Corporation, by its duly authorized Officer, within twelve (12) months after the date of the adoption of the Plan, distribute all of its assets, except those retained to meeting corporate obligations, to the Stockholder of the Corporation.

III.   That as soon as practical, but not later than twelve (12) months after the date of this meeting, Counsel for the Corporation shall file a Certificate of Dissolution of the Corporation with the Secretary of State for the State of New Jersey and that the Officer of the Corporation are hereby authorized to execute any and all documents necessary to effectuate such dissolution.

IV.   That the Officer and Director are hereby empowered, authorized and directed to proceed in accordance with the Resolution hereby adopted by the Stockholder and Director, said Officer and Director being authorized to adopt any subsequent resolutions to effectuate the intent of the Stockholder and Director to liquidate the Corporation in accordance with the plan of liquidation adopted pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

There being no further business before the Meeting, the Meeting was adjourned.

Dated:
December 17, 2001

Robert Skowrenski
Secretary

A-5052-TC
11-99, R-40

# STATE OF NEW JERSEY
## ESTIMATED SUMMARY TAX RETURN
(IMPORTANT: See General Instructions on page 3 before completing this form)

Period Beginning _1/1/2001_          Ending _12/31/2001_

COPY

| Federal Employer I.D. Number | N.J. Corporation Number | |
|---|---|---|
| 22-3292086 | 0100-5822-79 | State and Date of Incorporation _3/15/1995_ |
| Corporation Name | | |
| National Home Funding, Inc | | Date authorized to do business in New Jersey _3/23/1994_ |
| C/O Skowrenski | | Date first began business in New Jersey _3/23/1994_ |
| Mailing Address | | |
| 50 Dover Court | | Date first acquired real property in New Jersey |
| City | State          Zip Code | |
| Tinton Falls, NJ 07724 | | Nature of business |

## SUMMARY OF NEW JERSEY STATE TAXES
### (Submit separate checks for each tax)

1. Amount of Estimated Liability for Corporation Business Tax . . . . . . . . . . . $ _____ 200 00
   (Complete Schedule I)

2. Amount of Estimated Liability for Sales and/or Use Taxes . . . . . . . . . . . . $ _____
   (Complete Schedule II)

3. Amount of Estimated Liability for Gross Income Tax (W/H) . . . . . . . . . . . . $ _____
   (Complete Schedule III)

4. Amount of Estimated Liability for All Other Taxes . . . . . . . . . . . . . . . . . . . $ _____
   (Complete Schedule IV)

5. Total Amount of Estimated Liability for All Taxes . . . . . . . . . . . . . . . . . . . . $ _____ 200 00

## SIGNATURE AND AFFIRMATION OF AN OFFICER OF THE CORPORATION

I declare and affirm, under the penalties provided by law, that this return (including any accompanying schedules and statements) has been examined by me and to the best of my knowledge and belief is a true ESTIMATE of tax liability under Title 54 of the revised Statues.

_____     X _____          _____
(Date)                  (Signature of Duly Authorized Officer of Taxpayer)              (Title)

_____     X _____
(Date)                  (Signature of Individual Preparing Return)          (Address)          (Preparer's ID Number)

                                                    32 So. Main St
_cker & Dodich_____          Edison, NJ 08837_____          22-2959850
                        (Name of Tax Preparer's Employer)          (Address)          (Employer's ID Number)

A-5052-TC

## SCHEDULE I
Page 2

COMPUTATION OF ESTIMATED CORPORATION BUSINESS TAX - For accounting periods beginning on or after July 1, 1986, the tax is due only on net income allocable to New Jersey, subject to the minimum tax indicated in N.J.A.C. 18:7-3.4(c).

1. (a) ADJUSTED ENTIRE NET INCOME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    $ _____ 0

   (b) If less than 100% of the Adjusted Net Income is allocated to New Jersey, enter Business Allocation Factor    _____ %

   (c) Tax Base - In the case of a non-allocating taxpayer, enter amount at Item 1(a); if allocating, multiply
   Item 1(a) by Item 1(b) and enter product here . . . . . . . . . . . . . . . . . . . . . . .    $ _____

   (d) Estimated Corporation Business Tax - Multiply line 1(c) by .09 or, if applicable, by .075 (Refer to
   Instruction 5(a)). Refer to Instruction 5(b) for minimum tax requirements. New Jersey S Corporations
   must follow the instructions in 5(c) to calculate the appropriate estimated corporation business tax liability
   to be reported on this line. Carry the amount reported on line 1(d) to page 1, line 1 . . . . . . . . . . .    $ _____ 200

## SCHEDULE II

COMPUTATION OF ESTIMATED NEW JERSEY SALES & USE TAX -
Enter tax paid over the last four reporting (quarterly) periods:

| PERIOD ENDING | | AMOUNT PAID |
|---|---|---|
| _____ | . . . . . . . . . . . . $ | _____ 0 |
| _____ | . . . . . . . . . . . . $ | _____ |
| _____ | . . . . . . . . . . . . $ | _____ |
| _____ | . . . . . . . . . . . . $ | _____ |

Enter Estimated Tax for current or subsequent period (as applicable). (Carry to Page 1, Line 2) . $ _____ 0
(ATTACH RIDER FOR METHOD OF COMPUTATION OF ESTIMATED TAX, IF APPLICABLE)

## SCHEDULE III

COMPUTATION OF ESTIMATED NEW JERSEY GROSS INCOME TAX EMPLOYER WITHHOLDINGS -
Enter tax paid over the last reporting periods:

| PERIOD ENDING | | AMOUNT PAID |
|---|---|---|
| _____ | . . . . . . . . . . . . $ | _____ |
| _____ | . . . . . . . . . . . . $ | _____ |
| _____ | . . . . . . . . . . . . $ | _____ |
| _____ | . . . . . . . . . . . . $ | _____ |

Enter Estimated Tax for current or subsequent period (as applicable). (Carry to Page 1, Line 3) . $ _____ 0
ATTACH RIDER FOR METHOD OF COMPUTATION OF ESTIMATED TAX, IF APPLICABLE)

## SCHEDULE IV

COMPUTATION OF ESTIMATED TAX FOR ALL OTHER APPLICABLE NEW JERSEY TAXES AND FEES -

| NAME OF TAX | LAST FILING PERIOD | AMOUNT PAID |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| | TOTAL | $ _____ 0 |

Enter Estimated Tax for current period, (Carry to Page 1, Line 4) . . . . . . . . . . . . . . . . $ _____ 0
ATTACH RIDER FOR METHOD OF COMPUTATION OF ESTIMATED TAX, IF APPLICABLE)

A-5088-TC
8-99, R-8

**State of New Jersey**
**DIVISION OF TAXATION**
**PO Box 269**
**TRENTON, N.J. 08695-0269**
## APPLICATION FOR TAX CLEARANCE CERTIFICATE
(Prepare and remit with $25.00 fee)

To the Director of the Division of Taxation, Department of the Treasury, State of New Jersey:

Application is hereby made by National Home Funding, Inc, 60 Dover Court, Tinton Falls, NJ 07724
<span>(Name and address of corporation)</span>
for a Tax Clearance Certificate under Title 54 of the Revised Statutes.
Correspondence and eventual issuance of Tax Clearance Certificate should be addressed to:

Robert Skowrenski, 60 Dover Court, Tinton Falls, NJ   732-643-0200
<span>(If third party, authorization letter must be included)</span>   <span>(Phone Number)</span>

N.J. Corporation Number 0100-5822-79 _____ F.I.D. Number 22-3292086
State and date of incorporation or authorization NJ 3/23/1994

*NOTE:* All questions must be answered.

1. The purpose for which Certificate is to be used is (state whether for dissolution, merger, withdrawal, or reauthorization)
   Dissolution
2. The accounting year employed by the corporation for Federal Income Tax purposes is December 31
   _____ (See special instructions on reverse side.)
3. Have any of the assets of the corporation been sold or transferred during the current or prior taxable accounting period?
   ☐ Yes  or  ☒ No
   a. If "Yes", when? _____
   b. Sales price of assets $ _____
   c. Profit on sale or transfer of assets? $ _____
   d. Sales price of real estate included in the above $ _____
   e. Profit on sale or transfer of such real estate $ _____
   f. Furnish copies of the IRS Forms 966, 1096, 1099 and 4797, corporation minutes, and indicate section of the Internal Revenue Code the taxpayer is reporting under.

   g. Name of purchaser or transferee of real estate and other assets _____

4. Have any of the assets of the corporation been distributed in dissolution of liquidation during the current or prior taxable accounting periods? ☐ Yes  or  ☒ No
   If "Yes", give amounts, dates and other particulars. _____

5. Has the corporation or its stockholders entered into any negotiations or contracts for the sale of any of the remaining assets?
   ☐ Yes  or  ☒ No
   If "Yes", state the full consideration to be received $ _____
6. Have any other dividends been made or declared during the current taxable accounting period?  ☐ Yes  or  ☒ No
   If "Yes", give amounts, dates and other particulars _____

7. Have any payments been made in liquidation of capital stock?  ☐ Yes  or  ☒ No
   If "Yes", give amounts, dates and other particulars _____
8. If all the assets have *not* been disposed of, advise:
   a. What disposition will be made of remaining assets? Distributed in complete liquidation
   b. Value of assets remaining to be liquidated $ 2,500
   Who will continue the business formerly conducted by this corporation? _____
10. Give names and addresses of the present officers and directors of the company _____
    Robert Skowrenski, President
    60 Dover Court, Tinton Falls, NJ 07724

Enclosed is remittance in the sum of $25.00.

I declare and affirm, under the penalties provided by law, that this application (including any accompanying statements) has been

CERTIFIED COPY OF RESOLUTION
National Home Funding, Inc.

I hereby certify that the following Resolution was unanimously adopted at a Joint Meeting of the Stockholders and Directors held on December 17, 2001 at 10:00 in the forenoon.

RESOLVED, that the following plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.O. 99-514, be and the same is hereby adopted:

I.    Within thirty (30) days after the date of this meeting, Counsel for the Corporation shall file Form 966 with the Director of Internal Revenue, (Cincinnati, OH), attaching to said form a certified copy of this solution, indicating that the Stockholders and Directors have adopted a plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

II.   That the Corporation, by its duly authorized Officers, within twelve (12) months after the date of the adoption of the Plan, distribute all of its assets, except those retained to meet corporate obligations, to the Stockholder of the Corporation.

III.  That as soon as practical, but not later than twelve (12) months after the date of this meeting, Counsel for the Corporation shall file a Certificate of Dissolution of the Corporation with the Secretary of State for the State of New Jersey and that the Officers of the Corporation are hereby authorized to execute any and all documents necessary to effectuate such dissolution.

IV.   That the Officers and Directors be and they are hereby empowered, authorized and directed to proceed in accordance with the Resolution hereby adopted by the Stockholders and Directors, said Officers and Directors being authorized to adopt any subsequent resolutions to effectuate the intent of the Stockholders and Directors to liquidate the Corporation in accordance with the plan of liquidation adopted pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

There being no further business before the Meeting, the Meeting was adjourned.

Dated:
December 17, 2001                    Robert Skowrenski
                                         Secretary

MINUTES OF A JOINT SPECIAL MEETING
OF STOCKHOLDERS AND DIRECTORS
OF
National Home Funding, Inc.

A Joint Special Meeting of the Stockholders and Directors of National Home Funding, Inc. was held at 60 Dover Court, Tinton Falls, New Jersey 07724 on December 17, 2001, at 10:00 in the forenoon.

The following, being all of the Stockholders and Directors, were present:

STOCKHOLDERS                    DIRECTORS

Robert Skowrenski                Robert Skowrenski

Robert Skowrenski, the President of the Corporation, acted as Chairman and , Secretary of the Corporation.

The Chairman announced that the purpose of the meeting was to discuss and act upon a proposal to liquidate and dissolve the Corporation. Counsel for the Corporation was asked for his opinion of the tax results to the Corporation and the Stockholder caused by the complete liquidation and distribution of the corporate assets. The Stockholder expressed his desire to liquidate and distribute the assets of the Corporation to the Stockholder.

After a full discussion by the Stockholder, and Director of the Corporation and counsel for the corporation; after a report by the counsel of the Corporation as to the fair market value of the assets and the general financial condition of the Corporation, the following Resolution was unanimously adopted:

RESOLVED, that the following plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514, be and the same is hereby adopted:

I.    Within thirty (30) days after the date of this meeting, Counsel for the Corporation shall file Form 966 with the Director of Internal Revenue, Cincinnati, OH, attaching to said form a certified copy of this resolution, indicating that the Stockholder and Director has adopted a plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

- 2 -

II.   That the Corporation, by its duly authorized Officer, within twelve (12) months after the date of the adoption of the Plan, distribute all of its assets, except those retained to meeting corporate obligations, to the Stockholder of the Corporation.

III.   That as soon as practical, but not later than twelve (12) months after the date of this meeting, Counsel for the Corporation shall file a Certificate of Dissolution of the Corporation with the Secretary of State for the State of New Jersey and that the Officer of the Corporation are hereby authorized to execute any and all documents necessary to effectuate such dissolution.

IV.   That the Officer and Director are hereby empowered, authorized and directed to proceed in accordance with the Resolution hereby adopted by the Stockholder and Director, said Officer and Director being authorized to adopt any subsequent resolutions to effectuate the intent of the Stockholder and Director to liquidate the Corporation in accordance with the plan of liquidation adopted pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

There being no further business before the Meeting, the Meeting was adjourned.

Dated:
December 17, 2001

                    Robert Skowrenski
                    Secretary

Department of the Treasury Internal Revenue Service

Form **1120S**

**U.S. Income Tax Return for an S Corporation**   **2001**   OMB No. 1545-0130   IRS use only — Do not write or staple in this space.

► Do not file this form unless the corporation has timely filed Form 2553 to elect to be an S corporation.
► See separate Instructions.

For calendar year 2001, or tax year beginning _____ , 2001, and ending _____ , 20 ____

| | | | |
|---|---|---|---|
| A Effective Date of Election as an S Corporation | Use IRS label. Other-wise, print or type. | NATIONAL HOME FUNDING, INC C/O SKOWRENSKI 60 Dover Court Tinton Falls, NJ  07724 | C Employer Identification Number |
| 3/15/1995 | | | 22-3292086 |
| B Business Code No. (see instructions) | | | D Date Incorporated |
| | | | 3/23/1994 |
| | | | E Total Assets $  68,639. |

F Check applicable boxes: (1) ☐ Initial return (2) ☒ Final return (3) ☐ Name change (4) ☐ Address change (5) ☐ Amended return

G Enter number of shareholders in the corporation at end of the tax year ............................... ► 1

Caution: *Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.*

| | | | |
|---|---|---|---|
| **I N C O M E** | 1a Gross receipts or sales .... | b Less returns and allowances .... | c Bal ► | **1c** | |
| | 2 Cost of goods sold (Schedule A, line 8) ............................................ | **2** | |
| | 3 Gross profit. Subtract line 2 from line 1c ........................................ | **3** | |
| | 4 Net gain (loss) from Form 4797, Part II, line 18 (attach Form 4797) .................. | **4** | |
| | 5 Other income (loss) (attach schedule) ............................................ | **5** | |
| | 6 Total income (loss). Combine lines 3 thr... ► | **6** | |
| **D E D U C T I O N S** | 7 Compensation of officers ...................................................... | **7** | |
| | 8 Salaries and wages (less employment credits) .................................... | **8** | |
| | 9 Repairs and maintenance ...................................................... | **9** | |
| | 10 Bad debts ................................................................... | **10** | |
| | 11 Rents ....................................................................... | **11** | |
| | 12 Taxes and licenses .......................................................... | **12** | |
| | 13 Interest .................................................................... | **13** | 240. |
| | 14a Depreciation (*if required, attach Form 4562*) ...... | **14a** | | |
| | b Depreciation claimed on Schedule A and elsewhere on return .... | **14b** | | |
| | c Subtract line 14b from line 14a ............................................... | **14c** | |
| | 15 Depletion (**Do not deduct oil and gas depletion.**) ................................ | **15** | |
| | 16 Advertising ................................................................. | **16** | |
| | 17 Pension, profit-sharing, etc, plans ............................................ | **17** | |
| | 18 Employee benefit programs .................................................... | **18** | |
| | 19 Other deductions (*attach schedule*) ............................................ | **19** | |
| | 20 Total deductions. Add the amounts shown in the far right column for lines 7 through 19 ... ► | **20** | 240. |
| | 21 Ordinary income (loss) from trade or business activities. Subtract line 20 from line 6 ... ► | **21** | -240. |

TAXPAYER'S COPY

| | | | |
|---|---|---|---|
| **T A X   A N D   P A Y M E N T S** | 22 Tax: a Excess net passive income tax (*attach schedule*) .......... | **22a** | | |
| | b Tax from Schedule D (Form 1120S) ............... | **22b** | | |
| | c Add lines 22a and 22b (see instructions for additional taxes) ...................... | **22c** | |
| | 23 Payments: a 2001 estimated tax payments and amount applied from 2000 return .... | **23a** | | |
| | b Tax deposited with Form 7004 ................. | **23b** | | |
| | c Credit for federal tax paid on fuels (*attach Form 4136*) .... | **23c** | | |
| | d Add lines 23a through 23c ..................................................... | **23d** | |
| | 24 Estimated tax penalty. Check if Form 2220 is attached ......................... ► ☐ | **24** | |
| | 25 Tax due. If the total of lines 22c & 24 is larger than line 23d, enter amount owed. See instrs for depository method of payment ........................................... | **25** | |
| | 26 Overpayment. If line 23d is larger than the total of lines 22c and 24, enter amount overpaid .......... ► | **26** | 0. |
| | 27 Enter amount of line 26 you want: Credited to 2002 estimated tax ► ____ Refunded ► | **27** | |

**Sign Here**
Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

► _____  _____  _____
Signature of Officer        Date             Title

May the IRS discuss this return with the preparer shown below (see instructions)? ☒ Yes ☐ No

| | | | |
|---|---|---|---|
| **Paid Preparer's Use Only** | Preparer's Signature ► BERNARD K BECKER | Date 4/04/02 | Check if self-employed ☒ | Preparer's SSN or PTIN |
| | Firm's Name (or yours if self-employed), Address, and ZIP Code | Frank S. Dodich & Co., CPA 938 Chelsea Drive Brick, NJ 08724 | EIN 22-3846505 |
| | | | Phone No. (732) 840-9010 |

For Paperwork Reduction Act Notice, see separate instructions.      SPSA0105L 12/19/01      Form **1120S** (2001)

Form 1120S (2001)   NATIONAL HOME FUNDING, INC      22-3292086                                                   Page 2

## Cost of Goods Sold (see instructions)

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year................................................................ | 1 | |
| 2 | Purchases................................................................ | 2 | |
| 3 | Cost of labor................................................................ | 3 | |
| 4 | Additional Section 263A costs *(attach schedule)*................................................ | 4 | |
| 5 | Other costs *(attach schedule)*................................................ | 5 | |
| 6 | **Total.** Add lines 1 through 5................................................ | 6 | |
| 7 | Inventory at end of year................................................ | 7 | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2........................ | 8 | |

9 a  Check all methods used for valuing closing inventory:
- (I)  ☐ Cost as described in Regulations Section 1.471-3
- (II)  ☐ Lower of cost or market as described in Regulations Section 1.471-4
- (III)  ☐ Other (specify method used and attach explanation)

b  Check if there was a writedown of 'subnormal' goods as described in Regulations Section 1.471-2(c).........

c  Check if the LIFO inventory method was adopted this tax year for any goods *(if checked, attach Form 970)* .........  ▶ ☐

d  If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO................................................ | 9d | |

e  Do the rules of Section 263A (for property produced or acquired for resale) apply to the corporation?........   ☐ Yes  ☐ No

f  Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If 'Yes,' attach explanation.................................   ☐ Yes  ☐ No

## Other Information

|  | | Yes | No |
|---|---|---|---|
| 1 | Check method of accounting: **(a)** ☒ Cash  **(b)** ☐ Accrual  **(c)** ☐ Other (specify) ▶ | | |
| 2 | Refer to the list in the instructions and state the corporation's principal:  **(a)** Business activity ▶ **INACTIVE**   **(b)** Product or service ▶ **INACTIVE** | | |
| 3 | Did the corporation at the end of the tax year own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see Section 267(c).) If 'Yes,' attach a schedule showing: (a) name, address, and employer identification number and (b) percentage owned | | |
| 4 | Was the corporation a member of a controlled group subject to the provisions of Section 1561?.................... | | X |
| 5 | Check this box if the corporation has filed or is required to file Form 8264, Application for Registration of a Tax Shelter. | | X |
| 6 | Check this box if the corporation issued publicly offered debt instruments with original issue discount.........  ▶ ☐  If so, the corporation may have to file Form 8281, Information Return for Publicly Offered Original Issue Discount Instruments. | | |
| 7 | If the corporation: (a) filed its election to be an S corporation after 1986, (b) was a C corporation before it elected to be an S corporation or the corporation acquired an asset with a basis determined by reference to its basis (or the basis of any other property) in the hands of a C corporation, and (c) has net unrealized built-in gain (defined in Section 1374(d)(1)) in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years (see instructions)............  ▶ $ | | |
| 8 | Check this box if the corporation had accumulated earnings and profits at the close of the tax year (see instructions) ▶ ☐ | | |

**Note:** *If the corporation had assets or operated a business in a foreign country or U.S. possession, it may be required to attach Schedule N (Form 1120), Foreign Operations of U.S. Corporations, to this return. See Schedule N for details.*

## Shareholders' Shares of Income, Credits, Deductions, etc

| | (a) Pro rata share items | | | | (b) Total amount |
|---|---|---|---|---|---|
| | **INCOME (LOSS)** | | | | |
| 1 | Ordinary income (loss) from trade or business activities (page 1, line 21)............. | | | 1 | |
| 2 | Net income (loss) from rental real estate activities *(attach Form 8825)* ............. | | | 2 | -240. |
| 3a | Gross income from other rental activities............. | 3a | | | |
| b | Expenses from other rental activities *(attach schedule)* ............. | 3b | | | |
| c | Net income (loss) from other rental activities. Subtract line 3b from line 3a......... | | | 3c | |
| 4 | Portfolio income (loss): | | | | |
| a | Interest income............. | | | 4a | |
| b | Ordinary dividends............. | | | 4b | |
| c | Royalty income............. | | | 4c | |
| d | Net short-term capital gain (loss) *(attach Schedule D (Form 1120S))*............. | | | 4d | |
| e | (1) Net long-term capital gain (loss) *(attach Schedule D (Form 1120S))*: | | | 4e (1) | |
| | (2) 28% rate gain (loss) .....  ▶ | | (3) Qualified 5-year gain ... ▶ | | |
| f | Other portfolio income (loss) *(attach schedule)* ............. | | | 4f | |
| 5 | Net Section 1231 gain (loss) (other than due to casualty or theft) *(attach Form 4797)*............. | | | 5 | |
| 6 | Other income (loss) *(attach schedule)*............. | | | 6 | |

SPSA0112L  01/28/02                                                                 Form 1120S (2001)

Form 1120S (2001)   **NATIONAL HOME FUNDING, INC**   22-3292086   Page 3

### Schedule K   Shareholders' Shares of Income, Credits, Deductions, etc (continued)

| | (a) Pro rata share items | | (b) Total amount |
|---|---|---|---|
| **Deductions** | 7   Charitable contributions *(attach schedule)*. | 7 | |
| | 8   Section 179 expense deduction *(attach Form 4562)*. | 8 | |
| | 9   Deductions related to portfolio income (loss) (itemize) | 9 | |
| | 10   Other deductions *(attach schedule)*. | 10 | |
| **Investment Interest** | 11 a Interest expense on investment debts. | 11a | |
| | b (1) Investment income included on lines 4a, 4b, 4c, and 4f above | 11b (1) | |
| | (2) Investment expenses included on line 9 above. | 11b (2) | |
| **Credits** | 12a Credit for alcohol used as a fuel *(attach Form 6478)* | 12a | |
| | b Low-income housing credit: | | |
| | (1) From partnerships to which Section 42(j)(5) applies. | 12b (1) | |
| | (2) Other than on line 12b(1). | 12b (2) | |
| | c Qualified rehabilitation expenditures related to rental real estate activities *(attach Form 3468)*. | 12c | |
| | d Credits (other than credits shown on lines 12b and 12c) related to rental real estate activities. | 12d | |
| | e Credits related to other rental activities. | 12e | |
| | 13   Other credits. | 13 | |
| **Adjustments and Tax Preference Items** | 14a Depreciation adjustment on property placed in service after 1986. | 14a | |
| | b Adjusted gain or loss. | 14b | |
| | c Depletion (other than oil and gas). | 14c | |
| | d (1) Gross income from oil, gas, or geothermal properties. | 14d (1) | |
| | (2) Deductions allocable to oil, gas, or geothermal properties. | 14d (2) | |
| | e Other adjustments and tax preference items *(attach schedule)*. | 14e | |
| **Foreign Taxes** | 15a Name of foreign country or U.S. possession. ▶ _____ | | |
| | b Gross income from all sources. | 15b | |
| | c Gross income sourced at shareholder level. | 15c | |
| | d Foreign gross income sourced at corporate level: | | |
| | (1) Passive. | 15d (1) | |
| | (2) Listed categories *(attach schedule)*. | 15d (2) | |
| | (3) General limitation. | 15d (3) | |
| | e Deductions allocated and apportioned at shareholder level: | | |
| | (1) Interest expense. | 15e (1) | |
| | (2) Other. | 15e (2) | |
| | f Deductions allocated and apportioned at corporate level to foreign source income: | | |
| | (1) Passive. | 15f (1) | |
| | (2) Listed categories *(attach schedule)*. | 15f (2) | |
| | (3) General limitation. | 15f (3) | |
| | g Total foreign taxes (check one): ▶ ☐ Paid   ☐ Accrued. | 15g | |
| | h Reduction in taxes available for credit *(attach schedule)*. | 15h | |
| **Other** | 16   Section 59(e)(2) expenditures:   a Type ▶ _____   b Amount ▶ | 16b | |
| | 17   Tax-exempt interest income. | 17 | |
| | 18   Other tax-exempt income. | 18 | |
| | 19   Nondeductible expenses. | 19 | |
| | 20   Total property distributions (including cash) other than dividends reported on line 22 below. | 20 | |
| | 21   Other items and amounts required to be reported separately to shareholders *(attach schedule)*. | | |
| | 22   Total dividend distributions paid from accumulated earnings and profits. | 22 | |
| | 23   Income (loss). (Required only if Schedule M-1 must be completed.) Combine lines 1 through 6 in column (b). From the result, subtract the sum of lines 7 through 11a, 15g, and 16b. | 23 | |

Form 1120S (2001)

Form 1120S (2001)   **NATIONAL HOME FUNDING, INC**   22-3292086   Page 4

### Schedule L   Balance Sheets per Books

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| 1  Cash | | | | |
| 2a Trade notes and accounts receivable | | 1,272. | | |
|  b Less allowance for bad debts | | | | |
| 3  Inventories | | | | |
| 4  U.S. government obligations | | | | |
| 5  Tax-exempt securities | | | | |
| 6  Other current assets (attach schedule) | | | | |
| 7  Loans to shareholders | | | | |
| 8  Mortgage and real estate loans | | 64,500. | | |
| 9  Other investments (attach schedule) | | | | |
| 10a Buildings and other depreciable assets | | | | |
|  b Less accumulated depreciation | | | | |
| 11a Depletable assets | 5,953. | | | |
|  b Less accumulated depletion | 3,086. | 2,867. | | |
| 12 Land (net of any amortization) | | | | |
| 13a Intangible assets (amortizable only) | | | | |
|  b Less accumulated amortization | | | | |
| 14 Other assets (attach schedule) | | | | |
| 15 Total assets | | 68,639. | | 0. |
| **Liabilities and Shareholders' Equity** | | | | |
| 16 Accounts payable | | | | |
| 17 Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 Other current liabilities (attach sch) | | | | |
| 19 Loans from shareholders | | | | |
| 20 Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 Other liabilities (attach schedule) Sea. St. 1 | | | | |
| 22 Capital stock | | 1. | | |
| 23 Additional paid-in capital | | 30,000. | | |
| 24 Retained earnings | | 131,233. | | |
| 25 Adjustments to shareholders' equity (att sch) | | -92,595. | | |
| 26 Less cost of treasury stock | | | | |
| 27 Total liabilities and shareholders' equity | | 68,639. | | 0. |

### Schedule M-1   Reconciliation of Income (Loss) per Books with Income (Loss) per Return (You are not required to complete this schedule if the total assets on line 15, column (d), of Schedule L are less than $25,000.)

| | | | | |
|---|---|---|---|---|
| 1  Net income (loss) per books | | 5  Income recorded on books this year not included on Schedule K, lines 1 through 6 (itemize): | | |
| 2  Income included on Schedule K, lines 1 through 6, not recorded on books this year (itemize): | | a Tax-exempt interest  $ _____ | | |
| | | 6  Deductions included on Schedule K, lines 1 through 11a, 15g, and 16b, not charged against book income this year (itemize): | | |
| 3  Expenses recorded on books this year not included on Schedule K, lines 1 through 11a, 15g, and 16b (itemize): | | a Depreciation  $ _____ | | |
| a Depreciation  $ _____ | | | | |
| b Travel and entertainment  $ _____ | | 7  Add lines 5 and 6 | | |
| 4  Add lines 1 through 3 | | 8  Income (loss) (Schedule K, ln 23). Ln 4 less ln 7 | | |

### Schedule M-2   Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed (see instructions)

| | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Shareholders' undistributed taxable income previously taxed |
|---|---|---|---|
| 1  Balance at beginning of tax year | -65,450. | | |
| 2  Ordinary income from page 1, line 21 | | | |
| 3  Other additions | | | |
| 4  Loss from page 1, line 21 | ( 240.) | | |
| 5  Other reductions | | | |
| 6  Combine lines 1 through 5 | -65,690. | | |
| 7  Distributions other than dividend distributions | | | |
| 8  Balance at end of tax year. Subtract line 7 from line 6 | -65,690. | | |

SPSA0134L  12/20/01

Form 1120S (2001)

Schedule K-1
(Form 1120S)

Department of the Treasury
Internal Revenue Service

**Shareholder's Share of Income, Credits, Deductions, etc**

► See separate instructions.

For calendar year 2001 or tax year
beginning _____ , 2001, and ending _____ , 20 ___

OMB No. 1545-0130

**2001**

Shareholder's identifying number ► 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      Corporation's identifying number ► 22-3292086

Shareholder's Name, Address, and ZIP Code

ROBERT SKOWRENSKI
2 MICHAELS COURT
OAKHURST, NJ  07755

Corporation's Name, Address, and ZIP Code

NATIONAL HOME FUNDING, INC
C/O SKOWRENSKI
60 Dover Court
Tinton Falls, NJ  07724

A  Shareholder's percentage of stock ownership for tax year (see instructions for Schedule K-1). . . . . . . . . . . ►   100.%

B  Internal Revenue Service Center where corporation filed its return. . . . . . . . . . . ► Cincinnati, OH

C  Tax shelter registration number (see instructions for Schedule K-1). . . . . . . . . . . . . . . . . . . . . ►

D  Check applicable boxes:  (1) [X] Final K-1      (2) [ ] Amended K-1

| | (a) Pro rata share items | | (b) Amount | (c) Form 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| | 1 Ordinary income (loss) from trade or business activities. . . . . . . . . . | 1 | -240. | See the Shareholder's Instructions for Schedule K-1 (Form 1120S) |
| | 2 Net income (loss) from rental real estate activities. . . . . . . . . . | 2 | | |
| | 3 Net income (loss) from other rental activities. . . . . . . . . . | 3 | | |
| | 4 Portfolio income (loss): | | | |
| | a Interest. . . . . . . . . . . . . . . . . . . . | 4a | | Schedule B, Part I, line 1 |
| Income (Loss) | b Ordinary dividends. . . . . . . . . . . . . . | 4b | | Schedule B, Part II, line 5 |
| | c Royalties. . . . . . . . . . . . . . . . . . | 4c | | Schedule E, Part I, line 4 |
| | d Net short-term capital gain (loss). . . . . . . | 4d | | Schedule D, line 5, col (f) |
| | e (1) Net long-term capital gain (loss). . . . . . | 4e(1) | | Schedule D, line 12, col (f) |
| | (2) 28% rate gain (loss). . . . . . . . . . | 4e(2) | | Schedule D, line 12, col (g) |
| | (3) Qualified 5-year gain. . . . . . . . . | 4e(3) | | Line 4 of worksheet for Schedule D, line 29 |
| | f Other portfolio income (loss) (attach schedule). . . . | 4f | | (Enter on applicable line of return.) |
| | 5 Net Section 1231 gain (loss) (other than due to casualty or theft). . . . . . . . . . . . . . . | 5 | | See the Shareholder's Instructions for Schedule K-1 (Form 1120S) |
| | 6 Other income (loss) (attach schedule). . . . . | 6 | | (Enter on applicable line of return.) |
| Deduc-tions | 7 Charitable contributions (attach schedule). . . . | 7 | | Schedule A, line 15 or 16 |
| | 8 Section 179 expense deduction. . . . . . . | 8 | | |
| | 9 Deductions related to portfolio income (loss) (attach schedule). . . . . . . . . . . . | 9 | | See Shareholder's Instructions for Schedule K-1 (Form 1120S). |
| | 10 Other deductions (attach schedule). . . . . . | 10 | | |
| Invest-ment Interest | 11a Interest expense on investment debts. . . . . | 11a | | Form 4952, line 1 |
| | b (1) Investment income included on lines 4a, 4b, 4c, and 4f above. . | 11b(1) | | See Shareholder's Instruc-tions for Schedule K-1 (Form 1120S) |
| | (2) Investment expenses included on line 9 above. . . . . | 11b(2) | | |
| Credits | 12a Credit for alcohol used as fuel. . . . . . . | 12a | | Form 6478, line 10 |
| | b Low-income housing credit: | | | |
| | (1) From Section 42(j)(5) partnerships. . . . . . | 12b(1) | | Form 8586, line 5 |
| | (2) Other than on line 12b(1). . . . . . . | 12b(2) | | |
| | c Qualified rehabilitation expenditures related to rental real estate activities. . . . . . . . . . | 12c | | |
| | d Credits (other than credits shown on lines 12b and 12c) related to rental real estate activities. . . . . . . . . | 12d | | See the Shareholder's Instructions for Schedule K-1 (Form 1120S). |
| | e Credits related to other rental activities. . . . | 12e | | |
| | 13 Other credits. . . . . . . . . . . . . . . | 13 | | |

AA  For Paperwork Reduction Act Notice, see the instructions for Form 1120S.

Schedule K-1 (Form 1120S) 2001

Shareholder 1

Page 2 Not Applicable
SPSA0412L  01/14/02

**2001**        **Federal Statements**        **Page 1**

Client 0807        **NATIONAL HOME FUNDING, INC**        22-3292086

4/04/02                                                                      05:35PM

Statement 1
Form 1120S, Schedule L, Line 21
Other Liabilities

|  | Beginning | Ending |
|---|---|---|
| Rounding............................................................. | $ 1. | $ 0. |
| Total | $ 1. | $ 0. |

Form **966**
(Rev. August 1998)

Department of the Treasury
Internal Revenue Service

## Corporate Dissolution or Liquidation

(Required under Section 6043 (a) of the Internal Revenue Code)

OMB No. 1545-0041

PLEASE PRINT OR TYPE

Name of corporation   NATIONAL HOME FUNDING, INC
C/O SKOWRENSKI

Number, street, and room or suite no. (If a P.O. box number, see instructions below.)
60 DOVER COURT

City or town, state, and ZIP code
TINTON FALLS, NJ   07724

Employer identification number
22-3292086

Check type of return
☐ 1120          ☐ 1120-L
☐ 1120-IC-DISC   ☒ 1120S
☐ Other ▶

| 1 Date incorporated | 2 Place incorporated | 3 Type of liquidation | 4 Date resolution or plan of complete or partial liquidation was adopted |
|---|---|---|---|
| 3/23/1994 | NJ | ☒ Complete   ☐ Partial | 12/17/01 |

| 5 Service Center where corporation filed its immediately preceding tax return | 6 Last month, day, and year of immediately preceding tax year | 7a Last month, day, and year of final tax year | 7b Was corporation's final tax return filed as part of a consolidated income tax return? If "Yes," complete 7c, 7d, and 7e. |
|---|---|---|---|
| CINCINNATI, OH | 12/31/00 | 12/31/01 | ☐ Yes   ☐ No |

7c Name of common parent

7d Employer identification number of common parent

7e Service Center where consolidated return was filed

| | Common | Preferred |
|---|---|---|
| 8 Total number of shares outstanding at time of adoption of plan of liquidation . . . . . . . . . . . . . . . . . . . . . . | 100 | |

9 Date(s) of any amendments to plan of dissolution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

10 Section of the Code under which the corporation is to be dissolved or liquidated . . . . . . . . . . . . . . . . . . . . . .   331/336

11 If this return concerns an amendment or supplement to a resolution or plan, enter the date the previous Form 966 was filed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Attach a certified copy of the resolution or plan and all amendments or supplements not previously filed.

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete.

▶

Signature of officer _____   Title _____   Date _____

CERTIFIED COPY OF RESOLUTION
National Home Funding, Inc.

I hereby certify that the following Resolution was unanimously adopted at a Joint Meeting of the Stockholders and Directors held on December 17, 2001 at 10:00 in the forenoon.

RESOLVED, that the following plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.O. 99-514, be and the same is hereby adopted:

I.   Within thirty (30) days after the date of this meeting, Counsel for the Corporation shall file Form 966 with the Director of Internal Revenue, (Cincinnati, OH), attaching to said form a certified copy of this solution, indicating that the Stockholders and Directors have adopted a plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

II.   That the Corporation, by its duly authorized Officers, within twelve (12) months after the date of the adoption of the Plan, distribute all of its assets, except those retained to meet corporate obligations, to the Stockholder of the Corporation.

III.   That as soon as practical, but not later than twelve (12) months after the date of this meeting, Counsel for the Corporation shall file a Certificate of Dissolution of the Corporation with the Secretary of State for the State of New Jersey and that the Officers of the Corporation are hereby authorized to execute any and all documents necessary to effectuate such dissolution.

IV.   That the Officers and Directors be and they are hereby empowered, authorized and directed to proceed in accordance with the Resolution hereby adopted by the Stockholders and Directors, said Officers and Directors being authorized to adopt any subsequent resolutions to effectuate the intent of the Stockholders and Directors to liquidate the Corporation in accordance with the plan of liquidation adopted pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

There being no further business before the Meeting, the Meeting was adjourned.

Dated:
December 17, 2001

Robert Skowrenski
Secretary

MINUTES OF A JOINT SPECIAL MEETING
OF STOCKHOLDERS AND DIRECTORS
OF
National Home Funding, Inc.


A Joint Special Meeting of the Stockholders and Directors of National Home Funding, Inc. was held  at 60 Dover Court, Tinton Falls, New Jersey 07724 on December 17, 2001, at 10:00 in the forenoon.


The following, being all of the Stockholders and Directors, were present:

STOCKHOLDERS                    DIRECTORS

Robert Skowrenski              Robert Skowrenski


Robert Skowrenski, the President of the Corporation, acted as Chairman and , Secretary of the Corporation.


The Chairman announced that the purpose of the meeting was to discuss and act upon a proposal to liquidate and dissolve the Corporation. Counsel for the Corporation was asked for his opinion of the tax results to the Corporation and the Stockholder caused by the complete liquidation and distribution of the corporate assets. The Stockholder expressed his desire to liquidate and distribute the assets of the Corporation to the Stockholder.


After a full discussion by the Stockholder, and Director of the Corporation and counsel for the corporation; after a report by the counsel of the Corporation as to the fair market value of the assets and the general financial condition of the Corporation, the following Resolution was unanimously adopted:


RESOLVED, that the following plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514, be and the same is hereby adopted:


I.    Within thirty (30) days after the date of this meeting, Counsel for the Corporation shall file Form 966 with the Director of Internal Revenue, Cincinnati, OH, attaching to said form a certified copy of this resolution, indicating that the Stockholder and Director has adopted a plan of liquidation pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

- 2 -

II.   That the Corporation, by its duly authorized Officer, within twelve (12) months after the date of the adoption of the Plan, distribute all of its assets, except those retained to meeting corporate obligations, to the Stockholder of the Corporation.

III.   That as soon as practical, but not later than twelve (12) months after the date of this meeting, Counsel for the Corporation shall file a Certificate of Dissolution of the Corporation with the Secretary of State for the State of New Jersey and that the Officer of the Corporation are hereby authorized to execute any and all documents necessary to effectuate such dissolution.

IV.   That the Officer and Director are hereby empowered, authorized and directed to proceed in accordance with the Resolution hereby adopted by the Stockholder and Director, said Officer and Director being authorized to adopt any subsequent resolutions to effectuate the intent of the Stockholder and Director to liquidate the Corporation in accordance with the plan of liquidation adopted pursuant to Sections 331 and 336 of the 1986 Internal Revenue Code, including the transitional rules allowed under these sections by P.L. 99-514.

There being no further business before the Meeting, the Meeting was adjourned.

Dated:
December 17, 2001

                         Robert Skowrenski
                         Secretary

**2001**
**CBT-100S**

# New Jersey Corporation Business Tax Return

For taxable years ending July 31, 2001 through June 30, 2002

Page 1

Taxable year beginning **1/01**, 2001, and ending **12/31**, 2001

Place the label provided below. Make necessary corrections on the label. Otherwise, type or print the requested information. Check if address change appears below................

| | |
|---|---|
| Date of New Jersey S corporation election ..... | **3/15/1995** |
| State and date of incorporation ... **NJ** | **3/23/1994** |
| Date authorized to do business in New Jersey.. | **3/23/1994** |

Federal Employer Identification Number  **22-3292086**   New Jersey Corporation Number  **0100-5822-79**

Federal business activity code . . . . . . . . . . .

Corporation Name  **NATIONAL HOME FUNDING, INC**

Corporation books are in the care of......... **TAXPAYER**

C/O SKOWRENSKI

at **SAME ADDRESS**

Mailing Address

**60 Dover Court**

Telephone number. . . . . . . . . . . . . . . . . . . . .

City

**Tinton Falls, NJ 07724**

State ZIP Code

**Division Use**

Total gross receipts less returns and allowances.... $           0.

Check if applicable ☐ Initial return  ☐ Initial 1120-S  ☒ Final return  ☐ Inactive

RP    NP    A _____ R _____

Pages 1 and 2 must be completed on this form. Only exact copies may be substituted.

| | | | |
|---|---|---|---|
| 1 | Entire net income (from Schedule A, line 43)........................................ | 1 | -40. |
| 2 | Allocation factor (from Schedule J, Part III, line 5). Non-allocating taxpayers should not make an entry on line 2....... | 2 | |
| 3 | Allocated net income — multiply line 1 by line 2. Non-allocating taxpayers must enter the amount from line 1.................................. | 3 | -40. |
| 4 | Tax — if the income on line 3 is greater than $100,000, multiply ~~TAXPAYER'S~~... $100,000, enter zero (see instruction 10(a))......................... | 4 | 0. |
| 4a | Total nonoperational income  $ _____ (attach Schedule O, Part I) (see instruction 50) | | |
| 4b | Tax due (NJ Nexus). (Attach Schedule O, Part III) (do not enter amount ~~COPY~~ ....... | 4b | |
| 5 | Allocated entire net income subject to federal corporate income taxation (from Schedule ... line 45)........ | 5 | |
| 6 | Tax — multiply line 5 by .09 or, if applicable, by .075 (see instruction 10... | 6 | |
| 7 | Amount of tax (lines 4 plus 4b plus 6) (see instruction 10(d) for minimum tax).......................... | 7 | 200. |
| 8 | Credit for taxes paid to other jurisdictions (see instruction 27(a))........................ | 8 | |
| 9 | Subtract line 8 from line 7........................................ | 9 | 200. |
| 10 | Tax credits (from Schedule A-3) (see instruction 17)........................ | 10 | |
| 11 | Total tax liability — line 9 minus line 10........................ | 11 | 200. |
| 12 | Installment payment (see instruction 39)........................ | 12 | |
| 13 | Total of line 11 plus line 12........................ | 13 | 200. |
| 14 | Payments and credits (see instruction 40)........................ | 14 | 300. |
| 15 | Balance of tax due — line 13 minus line 14........................ | 15 | 0. |
| 16 | Prorata share of S corporation income for nonconsenting shareholders (from Schedule K, Part VII, line 6, column (C))........................ | 16 | |
| 17 | Gross income tax paid on behalf of nonconsenting shareholders — line 16 x .0637.......................... | 17 | |
| 18 | Penalty and interest due — (see instructions 7(c) and 41) Penalty _____ Interest _____ ....................... Total | 18 | |
| 19 | Interest from CBT-160 (see instruction 42) (attach Form CBT-160)........................ | 19 | |
| 20 | Annual report fee _____ 40. Registered agent change fee _____ ...... Total | 20 | 40. |
| 21 | Total balance due — line 15 plus line 17 plus line 18 plus line 19 plus line 20........................ | 21 | 0. |
| 22 | If line 14 is greater than line 13 plus line 17 plus line 18 plus line 19 plus line 20 enter the amount of overpayment .............................. $ | | 60. |
| 23 | Amount of item 22 to be.............................. Credited to 2002 return  Refunded $  60. | | **Division Use** |

## Signature and Verification (see instruction 12)

I declare under the penalties provided by law, that this return (including any accompanying schedules and statements) has been examined by me and to the best of my knowledge and belief is a true, correct and complete return. If the return is prepared by a person other than the taxpayer, his declaration is based on all the information relating to the matters required to be reported in the return of which he has knowledge.

Date _____  Signature of Duly Authorized Officer of Taxpayer _____  Title _____

Date  **4/04/02**   Signature of Individual Preparing Return  **BERNARD K BECKER**

Address  **938 Chelsea Drive**

Preparer's ID Number _____

Name of Tax Preparer's Employer  **Frank S. Dodich & Co., CPA**

Address  **Brick, NJ 08724**

Employer's ID Number  **22-3846505**

NJSA0101L  12/12/01

Form NJ CBT-100S (2001)

Name as Shown on Return

NATIONAL HOME FUNDING, INC

Page 2

Federal Identification Number

22-3292086

## Schedule A     Computation of Entire Net Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales _____ Less returns and allowances _____ | 1 | |
| 2 | Cost of goods sold (Schedule A-2, line 8) | 2 | |
| 3 | Gross profit — subtract line 2 from line 1 | 3 | |
| 4 | Net gain (loss) from Form 4797 (attach Form 4797) (see instruction 14(b)) | 4 | |
| 5 | Other income (loss) (attach schedule) | 5 | |
| 6 | Total income (loss). Combine lines 3 through 5 | 6 | |
| 7 | Compensation of officers | 7 | |
| 8 | Salaries and wages _____ Less jobs credit _____ | 8 | |
| 9 | Repairs | 9 | |
| 10 | Bad debts | 10 | |
| 11 | Rents | 11 | |
| 12 | Taxes | 12 | |
| 13 | Interest | 13 | 240. |
| 14a | Depreciation | | |
| 14b | Depreciation claimed on Schedule A-2 and elsewhere on return | 14a | |
| 14c | Subtract line 14b from line 14a | 14b | |
| | | 14c | |
| 15 | Depletion (do not deduct oil and gas depletion) | 15 | |
| 16 | Advertising | 16 | |
| 17 | Pension, profit-sharing, etc, plans | 17 | |
| 18 | Employee benefit programs | 18 | |
| 19 | Other deductions (attach schedule) | 19 | |
| 20 | Total deductions (add lines 7 through 19) | 20 | |
| 21 | Ordinary income (loss) from trade or business activities. Subtract line 20 from line 6 (see instruction 14(a)(1)) | 21 | -240. |
| 22a | Gross income from all rental activities | 22a | -240. |
| b | Expenses related to the above rental activities (attach schedule) | 22b | |
| c | Net income (loss) from all rental activities. Subtract line 22b from 22a | 22c | |
| 23 | Portfolio income (loss): | | |
| a | Interest income | | |
| b | Dividend income | 23a | |
| c | Royalty income | 23b | |
| d | Capital gain net income (attach Schedule D (Form 1120S)) | 23c | |
| e | Other portfolio income (loss) (attach schedule) | 23d | |
| 24 | Net gain (loss) under Section 1231 (attach Form 4797) | 23e | |
| 25 | Other income (loss) (attach schedule) | 24 | |
| 26 | Section 179 expense deduction (attach Form 4562) (see instruction 14(c)) | 25 | |
| 27 | Deductions related to portfolio income (loss) | 26 | |
| 28 | Other deductions (attach schedule) | 27 | |
| 29 | Combine lines 21 through 28 | 28 | |
| 30 | Charitable contributions (limited to 10% of line 29) | 29 | -240. |
| 31 | Taxable income before net operating loss and special deductions. Subtract line 30 from line 29. (see instruction 14(a)(2) and (3)) | 30 | |
| | | 31 | -240. |
| 32 | Interest on federal, state, municipal and other obligations not included above (see instruction 14(d)) | 32 | |
| 33 | New Jersey State and other states income taxes deducted above (see instruction 14(e)) | 33 | 200. |
| 34 | Taxes paid by the corporation on behalf of the shareholder (see instruction 14(f)) | 34 | |
| 35 | Depreciation and other adjustments from Schedule S (see instruction 35) | 35 | |
| 36a | Deduction for foreign taxes paid, withheld or deemed paid (see instruction 14(h)) | 36a | |
| b | Other deductions. Explain on separate rider (see instruction 14(h)) | 36b | |
| c | Other additions. Explain on separate rider (see instruction 14(h)) | 36c | |
| 37 | Entire net income before net operating loss deduction and dividend exclusion. Total of lines 31 through 36(c) | 37 | -40. |
| 38 | Net operating loss deduction from Schedule A-1 (see instructions 14(i) and 15) | 38 | |
| 39 | Entire net income before dividend exclusion (line 37 minus line 38) | 39 | -40. |
| 40 | Dividend exclusion from Schedule R (see instruction 14(j)) | 40 | |
| 41 | Entire net income (line 39 minus line 40) | 41 | -40. |
| 42 | Entire net income that is subject to federal corporate income taxation (see instruction 14(l)) | 42 | |
| 43 | Entire net income that is not subject to federal corporate income taxation (line 41 minus line 42. Carry to page 1, line 1) | 43 | -40. |
| 44 | Allocation factor (from Schedule J, Part III, line 5) | 44 | |
| 45 | Allocated entire net income that is subject to federal corporate income taxation (line 42 multiplied by line 44. Carry to page 1, line 5) | 45 | |

NJSA0102L  11/19/01

Form NJ CBT-100S (2001)
Name as Shown on Return

Page 3

NATIONAL HOME FUNDING, INC

Federal Identification Number
22-3292086

## Schedule A-1    Net Operating Loss Deduction and Carryover (see instructions 14(i) and 15)

| | | (1)<br>Fiscal Year<br>Ended | (2)<br>Income/Loss Reported<br>on Schedule A, Line 31<br>(CBT-100S) or Schedule A,<br>Line 28 (CBT-100) | (3)<br>Add NJ ENI<br>Adjustments<br>Excluding the<br>Dividend Exclusion | (4)<br>Amount |
|---|---|---|---|---|---|
| NJ NOL'S | 1 | 12/31/97 | -42,942. | 59. | 42,883. |
| | 2 | | | | |
| | 3 | | | | |
| | 4 | | | | |
| | 5 | | | | |
| | 6 | | | | |
| | 7 | | | | |
| NJ NOL'S Used | 8 | | | | |
| | 9 | | | | |
| | 10 | | | | |
| | 11 | | | | |
| | 12 | | | | |
| | 13 | | | | |
| | 14 | | | | |
| NJ NOL Carryover | 15 | Total lines 1 through 14, column 4 | | | 42,883. |

## Schedule A-2    Cost of Goods Sold

| | | |
|---|---|---|
| 1  Inventory at beginning of year | 1 | |
| 2  Purchases | 2 | |
| 3  Cost of labor | 3 | |
| 4  Additional Section 263A costs | 4 | |
| 5  Other costs (attach schedule) | 5 | |
| 6  Total — add lines 1 through 5 | 6 | |
| 7  Inventory at end of year | 7 | |
| 8  Cost of goods sold — subtract line 7 from line 6. Enter here and on Schedule A, line 2 | 8 | |

## Schedule A-3    Summary of Tax Credits (see instruction 17)

| | | |
|---|---|---|
| 1  New Jobs Investment Tax Credit from Form 304 | 1 | |
| 2  Either:   a Urban Enterprise Zone Employee Tax Credit from Form 300<br>    Or    b Urban Enterprise Zone Investment Tax Credit from Form 301 | 2 | |
| 3  Redevelopment Authority Project Tax Credit from Form 302 | 3 | |
| 4  Recycling Equipment Tax Credit from Form 303 | 4 | |
| 5  Manufacturing Equipment and Employment Investment Tax Credit from Form 305 | 5 | |
| 6  Research and Development Tax Credit from Form 306 | 6 | |
| 7  Smart Moves for Business Programs Tax Credit from Form 307 | 7 | |
| 8  Small New Jersey-Based High-Technology Business Investment Tax Credit from Form 308 | 8 | |
| 9  Neighborhood and Business Child Care Tax Credit from Form 309 | 9 | |
| 10  Other tax credits (see instruction 38(j)) | 10 | |
| 11  Total tax credits taken on this return — add lines 1 through 10. Enter here and on page 1, line 10 | 11 | |

Form NJ CBT-100S (2001)

Name as Shown on Return

Page 4

**NATIONAL HOME FUNDING, INC**

Federal Identification Number

22-3292086

**Schedule B    Balance Sheet as of**

Figures appearing below must be the same as year-end figures shown on the taxpayer's books. If not, explain and reconcile on rider.

12/31 , 2001

| | Assets | Beginning of the Tax Year | End of Tax Year |
|---|---|---|---|
| 1 | Cash | | |
| 2 | Trade notes and accounts receivable (net) | 1,272. | |
| 3 | Loans to stockholders/affiliates | | |
| 4 | Stock of subsidiaries | 64,500. | |
| 5 | Corporate stocks | | |
| 6 | Bonds, mortgages and notes | | |
| 7 | New Jersey state and local government obligations | | |
| 8 | All other government obligations | | |
| 9 | Patents and copyrights | | |
| 10 | Deferred charges | | |
| 11 | Goodwill | | |
| 12 | All other intangible personalty (itemize) | | |
| 13 | Total intangible personal property (total lines 1 to 12) | | |
| 14 | Land | 65,772. | |
| 15 | Buildings and other improvements | | |
| 16 | Machinery and equipment (net) | | |
| 17 | Inventories | | |
| 18 | All other tangible personalty (net) (itemize on rider) See Statement 1 | | |
| 19 | Total real and tangible personal property (total lines 14 to 18) | 2,867. | |
| 20 | Total assets (add lines 13 and 19) | 2,867. | |
| | | 68,639. | |
| | **Liabilities and Stockholder's Equity** | | |
| 21 | Accounts payable | | |
| 22 | Mortgages, notes, bonds payable in less than 1 year (attach schedule) | | |
| 23 | Other current liabilities (attach schedule) | | |
| 24 | Loans from stockholders/affiliates | | |
| 25 | Mortgages, notes, bonds payable in 1 year or more (attach schedule) | | |
| 26 | Other liabilities (attach schedule) | | |
| 27 | Capital stock See Statement 2 | 1. | 1. |
| 28 | Paid-in or capital surplus | 30,000. | |
| 29 | Retained earnings — appropriated (attach schedule) | 131,233. | |
| 30 | Retained earnings — unappropriated | | |
| 31 | Adjustments to shareholders' equity (attach schedule) | -92,595. | -1. |
| 32 | Less cost of treasury stock | | |
| 33 | Total liabilities and stockholder's equity (total lines 21 to 32) | 68,639. | |

**Schedule C    Reconciliation of Income per Books with Income per Return** (see instruction 19)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Net income per books | | 7 | Income recorded on books this year not included in this return (itemize) | | |
| 2 | Federal income tax | -240. | | | | |
| 3 | Excess of capital losses over capital gains | | | a Tax-exempt interest ......... $ | | |
| 4 | Income subject to tax not recorded on books this year (itemize) | | | b | | |
| | | | | c | | |
| | | | 8 | Deductions in this tax return not charged against book income this year (itemize) | | |
| 5 | Expenses recorded on books this year not deducted in this return (itemize) | | | a Depreciation..... $ | | |
| | a Depreciation .... $ | | | b Contributions carryover ...... $ | | |
| | b Contributions carryover ...... $ | | | | | |
| | c Other (itemize). $ | | 9 | Total of lines 7 and 8 | | |
| 6 | Total of lines 1 through 5 | -240. | 10 | Income (item 31, Schedule A) — line 6 less 9 | | -240. |

NJSA0104L  11/19/01

Form NJ CBT-100S (2001)

Name as Shown on Return

NATIONAL HOME FUNDING, INC

Page 5

Federal Identification Number

22-3292086

## Schedule E    General Information (see instruction 20)

All taxpayers must answer the following questions. Riders must be provided where necessary.

1  Type of business. **INACTIVE**

   Principal products handled. **INACTIVE**

   Internal Revenue Center where
   corresponding federal tax return was filed....... **Cincinnati, OH**

2  **Final determination of net income by federal government** (see instruction 13)
   Has a change or correction in the amount of taxable income of the reporting corporation or for any other corporation purchased, merged
   or consolidated with the reporting corporation, been finally determined by the Internal Revenue Service, and not previously reported to
   New Jersey?
   Yes or No **No**                                       . If yes, an amended return must be filed.

3  This question must be answered by domestic corporations only —

   a Does the taxpayer hold any personal property, including moneys, negotiable instruments, choses in action, interest, dividends, wages,
   debts or demands, stocks, bonds, deposits, and the accretions thereon, due or belonging to another where the owner, beneficial owner or
   person entitled to such property has been unknown, or where the whereabouts of such owner has been unknown, or where such personal
   property has been unclaimed for a period of fourteen successive years, (five successive years in the case of cash items such as money,
   wages, cash dividends, etc) as of the last day of the accounting period covered in this return? Yes or No **No**             .

   b If yes, itemize on a separate rider the nature of the property, value thereof and last known names and addresses of such owners or persons.

4  This question must be answered by corporations with income from sources outside the United States.

   a Is income from sources outside the United States included in entire net income at item 41 of Schedule A? Yes or No _____

   b If the answer is no, set forth such items of gross income, the source, the deductions and the amount of foreign taxes paid thereon.
   Enter at item 36(c), Schedule A the difference between the net of such income and the amount of foreign taxes paid thereon not
   previously deducted.

## Schedule F    Corporate Officers — General Information and Compensation (see instruction 21)

| (1)<br>Name and Current<br>Address of Officer | (2)<br>Social<br>Security<br>Number | (3)<br>Title | (4)<br>Dates Employed<br>in this Position | | (5)<br>Percent of<br>Corporation<br>Stock Owned | (6)<br>Amount of<br>Compensation |
|---|---|---|---|---|---|---|
| | | | From | To | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a Total compensation of officers........................................................

b Less: Compensation of officers claimed elsewhere on the return........................

c Balance of compensation of officers (enter here and on Schedule A, line 7, page 2).................................

## Schedule H    Taxes (see instructions 14(e) and 22) Include all taxes paid or accrued during the accounting period wherever deducted on Schedule A.

| | (a)<br>Corporation<br>Franchise/<br>Business Taxes | (b)<br>Corporation<br>Business/<br>Occupancy Taxes | (c)<br>Property Taxes | (d)<br>UCC or<br>Payroll Taxes | (e)<br>Other Taxes<br>(attach schedule) | (f)<br>Total |
|---|---|---|---|---|---|---|
| 1  New Jersey taxes.... | 200. | | | | | |
| 2  Other states and<br>U.S. possessions..... | | | | | | 200. |
| 3  City and local taxes... | | | | | | |
| 4  Federal taxes........ | | | | | | |
| 5  Total................. | 200. | | | | 40. | 40. |
| 6  Combine lines 5(a)<br>and 5(b)............. | | 200. | | | 40. | 240. |
| 7  Sales and use taxes paid by<br>a utility vendor......... | | | | | | |
| 8  Add lines 6 and 7 — carry<br>to Schedule A, line 33..... | | 200. | | | | |
| 9  Taxes paid to<br>foreign countries..... | | | | | | |
| 0  Total taxes deducted<br>(combine line 5(f)<br>and line 9)........... | | | | | | 240. |

NJSA0105L  11/16/01

Form NJ CBT-100S (2001)

Name as Shown on Return

**NATIONAL HOME FUNDING, INC**

Page 6

Federal Identification Number

22-3292086

**Schedule J**
Parts I, II, & III

All taxpayers who maintain a regular place of business outside of New Jersey regardless of the amount of entire net income reported on Schedule A, line 41, of the CBT-100S should complete Schedule J. This schedule should be omitted if the taxpayer does not maintain a regular place of business outside this state other than a statutory office, in which case the tax law requires the allocation factor to be 100% (1.000000).

**Part I     All Allocating Companies Must Answer the Following Questions (see instruction 25)**

a State the number of regular corporate places of business maintained outside this state (see instruction 25(b)). _____

b List the address of at least one such regular place of business _____

c List the states in which the taxpayer maintained a permanent and continuous place of business, indicating type of establishment, such as warehouse, factory, store, office, etc. _____

d Give the address of every factory, warehouse, store, or other place of business in New Jersey, indicating type of establishment . . . . . . . . . . . _____

_____

e Number of people employed (average) in New Jersey. . _____ outside New Jersey. . . . . _____

f Explain in detail internal controls used in distribution of receipts in and out of New Jersey, as shown in Part III, line 2 . . . . . . . . . _____

_____

g State the location of the actual seat of management or control of the corporation. . . . . . . _____

**Part II     Average Values (see instruction 26)**

a This schedule showing average values of real and tangible personal property must be completed by every taxpayer entitled to and electing to allocate.

b The average values of real and tangible personal property owned are to be computed on the basis of the average book values thereof and not on original cost. Rented or leased property is valued at 8 times the annual rent, including any amounts paid or accrued in addition to or in lieu of rent during the period covered by the return. All other property which is used by the taxpayer but is neither owned, rented or leased, should be valued at book value, however, if no such book value exists, the market value of the property should be used.

c The frequency upon which the amounts in columns A and B below have been averaged is _____ (see instruction 26).

| Assets | Average Values (see instruction 26) (omit cents) | | Division Use Only |
|---|---|---|---|
| | Column A — New Jersey | Column B — Everywhere | |
| 1  Land. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| 2  Buildings and other improvements. . . . . . . . . . . . . . | | | |
| 3  Machinery and equipment. . . . . . . . . . . . . . . . . . . . | | | |
| 4  Inventories. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| 5  All other tangible personally owned (itemize on rider). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| 6  Property rented or leased (8 x annual rent). . . . . . . . | | | |
| 7  All other property used . . . . . . . . . . . . . . . . . . . . | | | |
| 8  Total real and tangible personal property. . . . . . . . . . | | | |

**Part III     Computation of Allocation Factor (see instruction 27)**

| | Column A (omit cents) | Column B |
|---|---|---|
| 1  Average value of the taxpayer's real and tangible personal property: | | |
| a In New Jersey (Part II, column A, line 8). . . . . . . . . . . . . . . . . . . . . . . . . . | 1a | |
| b Everywhere (Part II, column B, line 8). . . . . . . . . . . . . . . . . . . . . . . . . . | 1b | |
| c Percentage in NJ (line 1a divided by line 1b). Enter in column B. . . . . . . | | 1c |
| 2  Receipts: | | |
| a From sales of tangible personal property shipped to points within New Jersey (see instruction 27(c)). . . . . . . . . . . . . . . . . . . . . . . . . . | 2a | |
| b From services performed in New Jersey. . . . . . . . . . . . . . . . . . . . . . | 2b | Complete by carrying the fraction to six (6) decimal places. Do not express as a percent. Example: |
| c From rentals of property situated in New Jersey. . . . . . . . . . . . . . . . | 2c | |
| d From royalties for the use in New Jersey of patents and copyrights . . . . . | 2d | |
| e All other business receipts earned in New Jersey. (see instruction 27(d)) | 2e | $\dfrac{123,456}{1,000,000} = \bullet$ 1 2 3 4 5 6 |
| f Total NJ receipts (total of lines 2a to 2e, inclusive, in column A). . . . . . . . | 2f | |
| g Total receipts from all sales, services, rentals, royalties and other business transactions everywhere . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2g | |
| h Percentage in NJ (line 2f divided by line 2g). Enter in column B. . . . . . . | | 2h |
| i Double-weighted receipts factor (enter 2h) . . . . . . . . . . . . . . . . . . . . | | 2i |
| 3  Wages, salaries and other personal service compensation (see instruction 27(f)) | | |
| a In New Jersey. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3a | |
| b Everywhere. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3b | |
| c Percentage of NJ (line 3a divided by line 3b). Enter in column B. . . . . . . | | 3c |
| 4  Sum of New Jersey percentages shown at lines 1c, 2h, 2i, and 3c. Enter in column B. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 4 |
| 5  Allocation factor (line 4 divided by four, or by the number of percentages included on line 4. See instruction 27(g)). Enter in column B and carry to line 2, page 1 and line 44, page 2, and Schedule K, Part III, line 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 5 |

NJSA0106L   09/11/01

Form NJ CBT-100S (2001)

Name as Shown on Return

**NATIONAL HOME FUNDING, INC**

Federal Identification Number

**22-3292086**

Page 7

## Schedule K   Shareholders' Shares of Income, Deductions, etc (see instruction 28)

### Part I

| | | |
|---|---|---|
| 1 Total number of shareholders | | |
| 2 Total number of nonresident shareholders | | 1 |
| 3a Total number of nonconsenting shareholders | | |
| b Percentage of stock owned | | % |

### Part II   New Jersey S Corporation Income (Loss)

| | | | | |
|---|---|---|---|---|
| 1 Amount from Schedule A, line 21 | | | | |
| 2 Add the following amounts from Federal 1120S, Schedule K | | 1 | | -240. |
| a Net income (loss) from rental real estate activities | a | | | |
| b Net income (loss) from other rental activities | b | | | |
| c Interest income | c | | | |
| d Dividend income | d | | | |
| e Royalty income | e | | | |
| f Net short-term capital gain (loss) | f | | | |
| g Net long-term capital gain (loss) | g | | | |
| h Other portfolio income (loss) | h | | | |
| I Net gain (loss) under Section 1231 | I | | | |
| J Other income | J | | | |
| k Tax-exempt interest income | J | | | |
| l Other tax-exempt income | k | | | |
| Total of 2a through 2l | l | | | |
| 3 Add line 1 plus line 2 | | 2 | | |
| 4 Additions: | | 3 | | -240. |
| a Interest income on state and municipal bonds other than New Jersey | a | | | |
| b New Jersey state and other states' income taxes deducted in arriving at line 3 including taxes paid on behalf of the shareholder | b | | 200. | |
| c All expenses included in line 3 to generate tax exempt income | c | | | |
| d Losses included in line 3 from U.S. Treasury and other obligations pursuant to NJSA 54A:6-14, and 6-14.1 | d | | | |
| Total of 4a through 4d | | | | |
| 5 Add line 3 plus line 4 | | 4 | | 200. |
| 6 Subtractions: | | 5 | | -40. |
| a U.S. Treasury and other interest income included in line 3 from investments exempt under NJSA 54A:6-14, and 6-14.1 | a | | | |
| b Gains included in line 3 from U.S. Treasury and other obligations pursuant to NJSA 54A:6-14 and 6-14.1 | b | | | |
| c IRS Section 179 expense from federal Schedule K | c | | | |
| d The 50% of meals and entertainment expenses not deductible for federal purposes | d | | | |
| e Other subtractions | e | | | |
| Total of 6a through 6e | | 6 | | |
| 7 New Jersey S corporation income (loss) — subtract line 6 from line 5 | | 7 | | -40. |

### Part III   Allocation of S Corporation Income (Loss)

| | | | |
|---|---|---|---|
| 1 New Jersey S corporation income (loss) (Part II, line 7) | 1 | | -40. |
| a Current period nonoperational activity (Schedule O, Part I, line 34) | 1a | | |
| 2 Total operational income (loss) (line 1 minus line 1a) | 2 | | -40. |
| 3 Allocation factor (Schedule J, Part III, line 5) | 3 | | 1.000000 |
| 4 Allocated operational income (loss) (line 3 x line 2) | 4 | | -40. |
| 5 Allocated nonoperational income (loss) (Schedule O, Part III, line 31) | 5 | | |
| 6 Total allocated income (loss) (line 4 plus line 5) | 6 | | -40. |
| 7 New Jersey CBT reported on CBT-100S (page 1, line 6) | 7 | | |
| 8 New Jersey allocated income (loss) (line 6 minus line 7) | 8 | | -40. |
| 9 income (loss) not allocated to New Jersey (line 1 minus line 6) | 9 | | |

NJSA0107L  11/16/01

Form NJ CBT-100S (2001)
Schedule K · Continued
Name as Shown on Return

NATIONAL HOME FUNDING, INC

Page 8

Federal Identification Number
22-3292086

## Part IV – A    Analysis of New Jersey Accumulated Adjustments Account

| | (A)<br>New Jersey AAA | (B)<br>Non New Jersey AAA | (C)<br>Total Columns (A) & (B) |
|---|---|---|---|
| 1  Beginning balance | | | |
| 2  Net pro rata share of S corporation income | -50,656. | | -50,656. |
| 3  Other income/loss | -40. | | -40. |
| 4  Other reductions (attach schedule).... See Statement 4 | | | |
| 5  Total lines 1 through 4 | 200. | | 200. |
| 6  Distributions | -50,896. | | -50,896. |
| 7  Ending balance (line 5 minus line 6) | -50,896. | | -50,896. |

## Part IV – B    New Jersey Earnings and Profits

| | | |
|---|---|---|
| 1  Beginning balance | 1 | |
| 2  Additions/adjustments | 2 | |
| 3  Dividends paid | 3 | |
| 4  Ending balance (line 1 plus line 2 minus line 3) | 4 | |

## Part V    Summary of Resident Shareholders' Pro Rata Shares

| (A)<br>Name | (B)<br>Social Security<br>Number | (C)<br>Pro Rata Share<br>Income/Loss | (D)<br>Distributions |
|---|---|---|---|
| 1  ROBERT SKOWRENSKI | 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 | | |
| 2 | | -40. | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6  Total | | -40. | |

## Part VI    Summary of Consenting Non-Resident Shareholders' Pro Rata Shares

| (A)<br>Name | (B)<br>Social Security<br>Number | Pro Rata Share Income/Loss | | (E)<br>Distributions |
|---|---|---|---|---|
| | | (C)<br>Allocated to NJ | (D)<br>Not Allocated to NJ | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6  Total | | | | |

## Part VII    Summary of Nonconsenting Shareholders' Pro Rata Shares

| (A)<br>Name | (B)<br>Social Security<br>Number | Pro Rata Share Income/Loss | | (E)<br>Distributions | (F)<br>Gross Income<br>Tax Paid |
|---|---|---|---|---|---|
| | | (C)<br>Allocated to NJ | (D)<br>Not Allocated to NJ | | |
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6  Total | | | | | |

Form NJ CBT-100S (2001)
Name as Shown on Return

Page 9

NATIONAL HOME FUNDING, INC

Federal Identification Number
22-3292086

## Schedule P    Subsidiary Investment Analysis (see instruction 31)

Note: Taxpayers must hold at least 80% of the combined voting power of all classes of stock entitled to vote and at least 80% of the total number of shares of all other classes of stock, except non-voting stock which is limited and preferred as to dividends, for each subsidiary. Do not include advances to subsidiaries in book value.

| (1) Name of Subsidiary | (2) Percentage of Interest | | (3) Book Value (as reported in Schedule B) | (4) Dividend Income (as reported in Schedule A) |
|---|---|---|---|---|
| | Voting | Non-Voting | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Totals | | | | |

## Schedule P-1    Partnership Investment Analysis (see instruction 32)

| (1) Name of Partnership LLC, or Other Entity | (2) Date and State where Organized | (3) Federal Identification Number | (4) Percentage of Ownership | (5) | | (6) Tax Accounting Method | | (7) New Jersey Nexus | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Limited Partner | General Partner | Flow Through | Separate Accounting | Yes | No |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

## Schedule Q    Qualified Subchapter S Subsidiaries (QSSS) (see instruction 33)

1   Is this corporation a Qualified Subchapter S Subsidiary?........................................ Yes ☐   No ☒
    If yes, indicate the parent corporation's name, address, and federal identification number below. A New Jersey QSSS must complete page 1 and this schedule only.

2   Does this corporation own any Qualified Subchapter S Subsidiaries?........................... Yes ☐   No ☒
    If yes, list all the QSSS's names, addresses, and federal identification numbers below. Attach additional rider if necessary. Separately note those subsidiaries that have made a New Jersey QSSS election and whose activities are included in this return.

## Schedule R    Dividend Exclusion (see instruction 34)

| | | | |
|---|---|---|---|
| 1 | Dividend income included in Schedule A............................................................ | 1 | |
| 2 | Less: Dividend income — Schedule P, column (4) ................................................. | 2 | |
| 3 | Balance (line 1 less line 2)......................................................................... | 3 | |
| 4 | 50% of line 3..................................................................................... | 4 | |
| 5 | Dividend exclusion: Line 2 plus line 4 (carry to Schedule A, line 40)............................ | 5 | |

Form NJ CBT-100S (2001)

Name as Shown on Return

NATIONAL HOME FUNDING, INC

Page 10

Federal Identification Number

22-3292086

## Schedule S – Part I    Depreciation and Safe Harbor Leasing (see instruction 35)

| | | | |
|---|---|---|---|
| 1 | Section 179 deduction................................................................ | 1 | |
| 2 | MACRS – for assets placed in service during accounting periods beginning on and after July 7, 1993................................................. | 2 | |
| 3 | MACRS – for assets placed in service during accounting periods beginning prior to July 7, 1993........... | 3 | |
| 4 | ACRS................................................................................ | 4 | |
| 5 | Other depreciation – for assets placed in service after December 31, 1980................. | 5 | |
| 6 | Other depreciation – for assets placed in service prior to January 1, 1981................. | 6 | |
| 7 | Listed property – for assets placed in service during accounting periods beginning on and after July 7, 1993............................................. | 7 | |
| 8 | Listed property – for assets placed in service during accounting periods beginning prior to July 7, 1993............................................. | 8 | |
| 9 | Total depreciation claimed in arriving at taxable income, line 31, Schedule A................ | 9 | |

### Attach Federal Form 4562 to Return

### Adjustments at line 35, Schedule A
### Depreciation and Certain Safe Harbor Lease Transactions

**10   Additions**

a ACRS and MACRS from lines 3, 4, 5 and 8 above .................................   a _____

b Distributive share of ACRS and MACRS from a partnership.........................   b _____

c Deductions on federal return resulting from an election made pursuant to IRC Section 168(f)8 exclusive of elections made with respect to mass commuting vehicles.

Interest............................................................. _____

Rent.................................................................. _____

Amortization of transactional costs ................................. _____

Other deductions................................................... _____   c _____

Total line 10 (lines a, b and c)................................................................. 10 _____

**11   Deductions**

a New Jersey depreciation – (from Part II of this schedule)............................   a _____

b Recomputed depreciation attributable to distributive share of recovery property from a partnership (from Part II of this schedule)................................   b _____

c Any income included in the return with respect to property described at line 10c solely as a result of that election.................................................   c _____

d The lessee/user should enter the amount of depreciation which would have been allowable under the Internal Revenue Code at December 31, 1980 had there been no safe harbor lease election (from Part II of this schedule)............................   d _____

e Excess of accumulated ACRS and MACRS over accumulated New Jersey depreciation on physical disposal of recovery property (attach computations).....................   e _____

Total line 11 (lines a, b, c, d and e)............................................................. 11 _____

**12   Adjustment** – (line 10 minus line 11). Enter at line 35, Schedule A................................. 12 _____

NJSA0110L  09/10/01

Form NJ CBT-100S (2001)                                                                    Page 11

| Name as Shown on Return | Federal Identification Number |
|---|---|
| NATIONAL HOME FUNDING, INC | 22-3292086 |

**Schedule S — Part II** New Jersey Depreciation on Recovery Property Placed in Service On or After January 1, 1981 and Prior to Taxpayers Fiscal or Calendar Accounting Periods Beginning On and After July 7, 1993.

| A<br>Description of Property | B<br>Month, Day<br>and Year<br>Placed<br>in Service* | C<br>Use Federal<br>Basis | D<br>Depreciation<br>Allowable in<br>Earlier Years | E<br>Method of<br>Figuring<br>Depreciation | F<br>Life<br>or Rate | G<br>New Jersey<br>Depreciation<br>Computations |
|---|---|---|---|---|---|---|
| *Year placed in service acceptable for personal property only. | | | | | | |
| Do not use 'various' in any column. | | | | | | |
| Class Life Asset Depreciation Range (CLADR) System Depreciation — attach computations | | | | | | |
| Other depreciation (see instructions): | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Form NJ CBT-100S (2001)                                                                                    Page 12

Name as Shown on Return
**NATIONAL HOME FUNDING, INC**

Federal Identification Number
**22-3292086**

## Schedule S — Part III    New Jersey Depreciation for Gas, Electric, and Gas and Electric Public Utilities

1  Total depreciation claimed in arriving at Schedule A, line 21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **1**  _____

2  Federal depreciation for assets placed in service after January 1, 1998. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **2**  _____

3  Net (subtract line 2 from line 1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **3**  _____

4  New Jersey depreciation allowable on the single asset account. (Assets placed in service prior to January 1, 1998)

   **a** Total adjusted federal depreciable basis as of December 31, 1997 . . . . . . . . . . . .   **a**_____

   **b** Excess book depreciable basis over federal tax basis as
   . of December 31, 1997. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **b**_____

   **c** Less accumulated federal basis for all single asset account property sold,
   retired, or disposed of to date. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **c**_____

   **d** Total (line 4a plus 4b less line 4c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **d**_____

5  New Jersey depreciation (divide line 4d by 30). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **5**  _____

6  New Jersey adjustment (subtract line 5 from line 3). Carry to Schedule A, line 35. . . . . . . . . . . . . . . . . . . . . . . . .  **6**  _____

| Schedule **NJ-K-1**<br>(Form CBT-100S)<br>(5-01) | State of New Jersey<br>Division of Taxation<br><br>**Shareholder's Share of Income / Loss**<br><br>For calendar year 2001 or tax year beginning _____ , and ending _____ | Page 15<br><br>**2001** |

| Shareholder's Identifying Number | Federal Employer Identification Number |
|---|---|
| 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 | 22-3292086 |
| Shareholder's Name, Address, and ZIP Code | Corporation's Name, Address, and ZIP Code |
| ROBERT SKOWRENSKI<br>2 MICHAELS COURT<br>OAKHURST, NJ   07755 | NATIONAL HOME FUNDING, INC<br>C/O SKOWRENSKI<br>60 Dover Court<br>Tinton Falls, NJ   07724 |

## Part I

1  Shareholder's percentage of stock ownership for tax year.......... _____   100 %
2  Shareholder.................[X] resident............ [ ] nonresident
3  Shareholder.................[X] consenting ......... [ ] nonconsenting
4  Check applicable box:.........[X] Final NJ-K-1.......... [ ] Amended NJ-K-1

## Part II

| | | |
|---|---|---|
| 1  S income/loss allocated to New Jersey........................... | _____ -40. | Shareholder: Follow the reporting instructions contained in your New Jersey Income Tax return packet and in Tax Topic Bulletin GIT-9S, Income from S Corporations. |
| 2  S income/loss not allocated to New Jersey....................... | _____ | |
| 3  Pro rata share of S corporation income/loss (line 1 plus line 2)..... | _____ -40. | |
| 4  Total payments made on behalf of shareholder................... | _____ | This schedule must be included with your New Jersey Income Tax return. |
| 5  Distributions................................................ | _____ | |

## Part III   Shareholder's New Jersey Accumulated Adjustments Account

| | New Jersey AAA | Non New Jersey AAA |
|---|---|---|
| 1  Beginning balance................................................ | -50,656. | |
| 2  Income/loss..................................................... | -40. | |
| 3  Other income/loss............................................... | | |
| 4  Other reductions................................................ | 200. | |
| 5  Total lines 1-4.................................................. | -50,896. | |
| 6  Distributions.................................................... | | |
| 7  Ending balance (line 5 minus line 6)............................... | -50,896. | |

## Part IV   Shareholder's New Jersey Earnings and Profits Account

1  Beginning balance............................................ _____
2  Additions/adjustments........................................ _____
3  Dividends received .......................................... _____
4  Ending balance (line 1 plus line 2 minus line 3) ................... _____

## Part V

1  Interest paid to shareholder (per 1099-INT)...................... _____
2  Indebtedness:
   a From corporation to shareholder............................... _____
   b From shareholder to corporation.............................. 

Shareholder 1

| 2001 | New Jersey Statements | Page 1 |
|---|---|---|
| Client 0807 | NATIONAL HOME FUNDING, INC | 0100-5822-79 |
| 4/04/02 | | 05:35PM |

**Statement 1**
**Form CBT-100S, Schedule B, Line 18**
**All Other Tangible Personality**

| | Beginning | Ending |
|---|---|---|
| Depletable Assets (Net)............................................ | $    2,867. | $         0. |
| Total | $    2,867. | $         0. |

**Statement 2**
**Form CBT-100S, Schedule B, Line 26**
**Other Liabilities**

| | Beginning | Ending |
|---|---|---|
| Rounding............................................................ | $         1. | $         1. |
| Total | $         1. | $         1. |

**Statement 3**
**Form CBT-100S, Schedule H**

**Line 4e - Other Federal Taxes**

| | |
|---|---|
| ANUAL REPORT....................................................... | $        40. |
| Total | $        40. |

**Statement 4**
**Schedule K, Part IV-A, Line 4**
**Other Reductions**

| | |
|---|---|
| New Jersey State and Other State Income Taxes.................... | $       200. |
| Total | $       200. |

**EXHIBIT B**

From: 732 462 8955      Page: 2/2      Date: 12/20/2005 10:55:41 AM

# Release

This Release, dated   December 19, 2005                    , is given

BY the Releasor(s)
        ROBERT SKOWRENSKI, II, Individually and as Trustee
        in Dissolution of National Home Funding, Inc.

referred to as "I,"
TO          COASTAL TITLE AGENCY, INC.

referred to as "You."
If more than one person signs this Release, "I" shall mean each person who signs this Release.

**1. Release.**    I release and give up any and all claims and rights which I may have against You. This releases all claims, including those of which I am not aware and those not mentioned in this Release. This Release applies to claims resulting from anything which has happened up to now. I specifically release the following claims:

    For any and all claims brought, or which could have been brought, arising out of the subject matter of a lawsuit filed in the Superior Court of New Jersey, Law Division, Monmouth County, bearing Docket No. L-1937-03.

**2. Payment.**    I have been paid a total of $ 325,000.00                    and other good and valuable consideration in full payment for making this Release. I agree that I will not seek anything further, including any other payment, from You.

**3. Who is bound.**    I am bound by this Release. Anyone who succeeds to my rights and responsibilities, such as my heirs or the executor of my estate, is also bound. This Release is made for your benefit and all who succeed to your rights and responsibilities, such as your heirs or the executor of your estate.

**4. Signatures.**    I understand and agree to the terms of this Release. If this Release is made by a corporation, its proper corporate officers sign and its corporate seal is affixed.

Witnessed or Attested by:


_____                    _____ (Seal)

MICHAEL D. SCHOTTLAND                    ROBERT SKOWRENSKI, II


                                                        _____ (Seal)


STATE OF NEW JERSEY, COUNTY OF  MONMOUTH          SS:
I CERTIFY that on
                December 19, 2005,   Robert Skowrenski, II

personally came before me and stated under oath to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument; and,
(b) executed this instrument as his or her own act.


                                        _____

                                        MICHAEL D. SCHOTTLAND
                                        Attorney at Law of New Jersey
                                        Print name and title below signature

8710 - Release - General
Ind. or Corp. - Plain Language
Rev. 1/99   P 1/01

©1996 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800-222-0510   Page 1

LOMURRO, DAVISON, EASTMAN & MUNOZ, P.A.
Monmouth Executive Center
100 Willowbrook Road, Bldg. 1
Freehold, New Jersey 07728
(732) 462-7170
Attorneys for Defendants
National Home Funding, Inc., and Robert Skowrenski, II

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | Civil Action No. 97-cv-3496 (DRD(MAS) |
| Plaintiff, | : | Hon. Dickinson R. Debevoise |
| vs. | : | |
| CRISTO PROPERTY MANAGEMENT, a/k/a G.J.L. LIMITED; DEK HOMES OF NEW JERSEY, INC.; OAKWOOD PROPERTIES, INC.; NATIONAL HOME FUNDING, INC.; CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C.; WILLIAM KANE; GARY GRIESER; ROBERT SKOWRENSKI, II; RICHARD CALANNI; RICHARD DiBENEDETTO; JAMES R. BROWN; THOMAS BRODO; ROLAND PIERSON; STANLEY YACKER, ESQ.; MICHAEL ALFIERI, ESQ.; RICHARD PEPSNY, ESQ.; ANTHONY M. CICALESE, ESQ.; LAWRENCE CUZZI; ANTHONY D'APOLITO; DAP CONSULTING, INC.; COMMONWEALTH LAND TITLE INSURANCE CO.; NATIONS TITLE INSURANCE OF NEW YORK, INC.; FIDELITY NATIONAL TITLE INSURANCE | : : : : : : : : : : | **CERTIFICATION OF MICHAEL D. SCHOTTLAND, ESQ.** |

CO. OF NEW YORK; COASTAL  :
TITLE AGENCY; DONNA
PEPSNY; WEICHERT        :
REALTORS; and VECCHIO
REALTY, INC., D/B/A MURPHY  :
REALTY BETTER HOMES and
GARDENS,              :

        Defendants.      :

---

MICHAEL D. SCHOTTLAND, ESQ., of full age, being duly sworn according to law, upon his oath, deposes and says:

1.     I was retained in 1996 by Robert Skowrenski, II, and National Home Funding, his retail mortgage company, to defend Mr. Skowrenski and National Home Funding in all aspects of the investigation arising out of the Asbury Park real estate scam that broke as a result of newspaper articles from the Asbury Park Press and which ultimately led to the indictment and conviction of several individuals and the civil action above-captioned. That action was commenced in 1997 and as Counsel to those defendants filed an Answer, Crossclaim and Counterclaim against the plaintiff-proponent in the Federal Case.

2.     I remained Counsel for Mr. Skowrenski and National Home Funding which was resolved under New Jersey Law until just recently when as a result of a conflict within my current firm and the title carriers, I had to drop out of the case and transfer the file to my former firm, in particular Vincent Manning, Esquire, who had previously worked on the case and the companion case that I instituted in the State Court entitled Skowrenski v. Coastal Title and Commonwealth Land Title Insurance Company, which was assigned Docket Number L-1937-03.

3.      This Certification is being provided to this Court as a foundation background for a Motion to be filed by Mr. Manning on behalf of Mr. Skowrenski to finally and once and for all obtain a complete dismissal from this ongoing Federal litigation.

4.      A short recitation of the history of the litigation is in order to better understand the thrust of the Motion. The Federal case commenced in 1997 was administratively dismissed by Order of Judge Bassler on May 26, 2000. It apparently was re-opened by an Order of September 30, 2004. This was done so as not to interfere with the Federal criminal matter.

5.      In the interim while the Federal case was in administrative dismissal, I filed a lawsuit in the State Court seeking damages on behalf of Robert Skowrenski, II, individually, and as sole trustee of National Home Funding Inc., a dissolved New Jersey corporation. A true copy of that filed Complaint is marked Exhibit A annexed to this Certification. Neither Mr. Skowrenski or National Home Funding were defendants in the criminal matter.

6.      In the State Court matter Coastal Title was defended by Martin McGowan, Esquire, and Commonwealth Land and Title Insurance Company was defended by David Kott, Esquire, both of whom are currently appearing in the pending Federal case.

7.      Following the deposition of Mr. Skowrenski and extensive negotiations, I settled the claim on August 15, 2005 on behalf of Mr. Skowrenski with Commonwealth upon it paying a $50,000.00 partial settlement on September 8, 2005 with execution of a Release and a Stipulation of Dismissal with prejudice. A true copy of the cover letter conveying the check to us is annexed hereto marked Exhibit B with Stipulation of Dismissal.

8.      In the late Fall of 2005 I entered into serious negotiations with Mr. McGowan looking toward a settlement of our claim against Coastal Title. It is to be noted that in the

State Court litigation there was no Counterclaims filed against my client by either of the defendants, nor did they avail themselves of filing a Third Party Complaint against any other defendant.

9.     Ultimately that case settled with Coastal Title paying Mr. Skowrenski $325,000.00; the money was delivered early in 2006. A Stipulation of Dismissal with prejudice was filed in the State Court winding up that litigation. See Exhibit C.

10.    Subsequently, the Federal Court authorized mediation with limited discovery. It is to be noted this mediation process was ordered for the period April 11, 2006 through and including January 17, 2008. Judge Wigenton lifted the partial stay for discovery which was in place during that time for the purposes of taking the depositions of several individuals not including my client to establish whether Walsh Securities and/or its officers knew of and participated in the scam which was the source of all of the litigation. Our deposition in connection with that matter was never requested, nor were we ever requested to join in the mediation process. Instead we were essentially left out of the Court process basically because there was a recognition that Mr. Skowrenski's participation in this scam was a non-starter.

11.    It is to be noted that neither Mr. Skowrenski, nor his then company National Home Funding, were ever charged with any crime by the United States Attorney or the Prosecutor of Monmouth County in connection with this scam. His situation was reviewed in detail by the U.S. Attorney as I participated in that process along with criminal defense Counsel, Michael D'Alesio, Esquire.

12.    On August 28, 2006 the Walsh interests agreed with Mr. Skowrenski to drop all claims. A true copy of that Agreement is annexed hereto and marked Exhibit D. That Agreement resulted in execution by Judge Wigenton of an Order dismissing the case with

prejudice as to my clients dated September 5, 2006. That Order is annexed hereto marked Exhibit E.

13.    Subsequent to the entry of that Order, Mr. Skowrenski considered himself essentially out of the Federal case and the matter concluded. Unfortunately, the plaintiff succeeded in persuading this Court to permit it to file a Fourth Amended Complaint which was filed on July 10, 2009. In that Complaint, the plaintiff resurrected a pleading against Mr. Skowrenski and National Home Funding.

14.    As a result certain claims were filed specifically naming Mr. Skowrenski and National Home Funding. The Crossclaims of Fidelity Title Company and Commonwealth Title Company both include Crossclaims specifically naming Mr. Skowrenski and National Home Funding.

15.    National Home Funding was dissolved as a no-asset dissolution by Mr. Skowrenski. He is submitting a separate Certification which will provide the documentation in support of that position.

16.    It is to be noted that Coastal Title did not file a Crossclaim against Mr. Skowrenski or National Home Funding with respect to the Fourth Amended Complaint which is now the guiding document in the pending lawsuit litigation.

17.    This Certification is presented to the Court in support of Mr. Skowrenski's Motion to dismiss on the ground that the entire Controversy Doctrine bars the Crossclaims filed by Fidelity and Commonwealth and of any other title company which have not been served on us to date. There was in effect a full settlement as to any claims by Coastal, Commonwealth, Walsh or members of the Walsh family or employees associated with this controversy.

18. To my knowledge Mr. Skowrenski and National Home Funding had no direct dealing with the title companies except for Coastal Title. It has not made a claim against Mr. Skowrenski in connection with the Fourth Amended Complaint, and which in fact, paid Mr. Skowrenski $325,000.00 in settlement of his claims against it.

19. There was no business relationship between Mr. Skowrenski, National Home Funding and the title companies since all of the mortgages which were the subject matter of what turned out to be a real estate scam were or were to be assigned to Walsh Securities, and the title policies that were supposed to be issued as a result of the title work done by Coastal were supposed to name Walsh Securities as the insured. Anything that was issued to the contrary was a mistake.

20. It was never intended to be nor was there any relationship between Mr. Skowrenski, National Home Funding and the title companies other than Coastal in connection with these real estate matters. Mr. Skowrenski is addressing this in his Certification. Hence not only was there a lack of privity between National Home Funding and/or Mr. Skowrenski and Fidelity and Commonwealth, there was also no duty owed by National Home Funding or Mr. Skowrenski to those entities.

21. The current Counsel for Mr. Skowrenski is providing a Certification with additional materials and a legal memorandum in support of this position. My Certification is offered to summarize the procedural events and the circumstances that Mr. Skowrenski now finds himself in connection with this matter.

22. The State law case against Commonwealth and Coastal was based upon common law negligence by Coastal and by virtue of Coastal's actions as an agent of Commonwealth.

23.     The filing of the Fourth Amended Complaint against Mr. Skowrenski and National Home Funding represent a breach of the Settlement Agreement with Walsh and contempt of Judge Wigenton's Order. The publication of Walsh's Fourth Amended Complaint which is the first amendment subsequent to the August 28, 2006 Settlement Agreement is not cured by a simple statement that Walsh does not wish to prosecute that Complaint.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MICHAEL D. SCHOTTLAND, ESQ.

Dated: October 7 , 2009

**EXHIBIT A**




SCHOTTLAND, MANNING, CALIENDO & THOMSON, P.A.
36 West Main Street
Freehold, New Jersey 07728
(732) 462-4405
Attorneys for Plaintiff

| | |
|---|---|
| ROBERT SKOWRENSKI, II, Individually and as sole Trustee of National Home Funding, Inc., a dissolved N.J. corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>COASTAL TITLE AGENCY, INC., a N.J. corporation, and COMMONWEALTH LAND TITLE INSURANCE CO.,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION/MONMOUTH COUNTY DOCKET NO. L-1937-03<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Robert Skowrenski, II, individually and as sole trustee of National Home Funding, inc., a dissolved New Jersey corporation, residing at 60 Dover Court in the Borough of Tinton Falls, Monmouth County, New Jersey, by way of Complaint against the defendants, says:

<u>FIRST COUNT</u>

1.    The plaintiff was the owner and President of National Home Funding, Inc., a N.J. corporation, which at the pertinent time period was in the business of procuring and processing retail mortgages for residential housing in the Monmouth County area.

2.     On or about the 13th day of May, 2002, that corporation was dissolved pursuant to law and plaintiff was the trustee in dissolution and received the remaining assets of the corporation.

3.     The defendant, Coastal Title Agency, Inc., is a New Jersey corporation in the business of assessing title to real estate primarily in the Monmouth County area and undertakes to secure for individual and other entities good and marketable title to real estate and to guarantee to mortgagees that it or they have a properly recorded lien consistent with the particular undertaking and expectations of the parties to the transaction.

4.     Commencing early in 1996 and running through the early summer of 1997, the plaintiff's corporation, National Home Funding, Inc., became the unwitting victim of a real estate scam which involved several other persons and entities, not parties hereto, wherein National Home Funding's operation acted to place approximately 340 first mortgages on real estate in the Monmouth County area.

5.     The defendant, Coastal Title Agency, Inc, was selected by attorneys and others to conduct the necessary searches to insure that National Home Funding would receive a proper first position lien on the real estate, with appropriate fee owner, and not be subjected to inappropriate second mortgages, leases and inappropriate conveyances.

6.     The said defendant had a duty to act reasonably to carry out its undertaking to protect the interests of National Home Funding and its officers and directors.

2

7.     The said Coastal Title Agency negligently breached its duty and failed to alert the plaintiff to circumstances in which a reasonable mortgagee would recognize that it was being used as an unwitting participant in a real estate scam.

8.     Such negligence directly caused the destruction of the plaintiff's business and forever tarnished the plaintiff's reputation and caused plaintiff to expend large sums of money in an endeavor to defend initial allegations that he and National Home Funding, Inc. engaged in an illegal criminal enterprise.

9.     Such negligence resulted in plaintiff and National Home Funding, Inc. being subjected to incredibly negative publicity so that the public as well as wholesale mortgagees and others would not employ them in their business capacity, and thus, severely damaged plaintiff.

WHEREFORE, plaintiff demands judgment against defendant, Coastal Title Agency, Inc., for damages, costs of suit, attorneys' fees and prejudgment interest.

## SECOND COUNT

10.     Plaintiff repeats and incorporates herein by reference the allegations of the First Count.

11.     Defendant, Commonwealth Land Title Insurance Co. was selected by Coastal to issue a policy insuring National Home Funding as a bona fide first mortgagee on several residential real estate loans.

12.     Coastal acted as the agent for the said Commonwealth Land Title Insurance Co. in these transactions and as such is liable for the negligence and defalcations of the Coastal Title Agency, Inc.

3

WHEREFORE, plaintiff demands judgment against defendant, Commonwealth Land Title Insurance Co. for damages, costs of suit, attorneys' fees and prejudgment interest.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury as to all issues.

SCHOTTLAND, MANNING,
CALIENDO & THOMSON, P.A.
Attorneys for Plaintiff

April 29 , 2003                    By: _____

MICHAEL D. SCHOTTLAND

## TRIAL ATTORNEY DESIGNATION

Please take notice that Michael D. Schottland, Esq. is hereby designated trial counsel for the plaintiff in the within captioned matter pursuant to Rule 4:25-4.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that pursuant to R. 4:5-1, to my knowledge and based on the information available to me at this time, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, except Garden State Indemnity Co. v. Alfieri, et al., Dkt. MON-L-1150-98, and that no additional parties are known at this time who should be added.

April 29 , 2003

_____

MICHAEL D. SCHOTTLAND

4

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.

Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY | | | |
|---|---|---|---|
| PAYMENT TYPE :  CK | CG | CA | |
| CHG / CK NO. | | | |
| AMOUNT : | | | |
| OVERPAYMENT : | | | |
| BATCH NUMBER : | | | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| MICHAEL D. SCHOTTLAND, ESQ. | (732) 462-4405 | MONMOUTH |

**FIRM NAME (if applicable)**
SCHOTTLAND, MANNING, CALIENDO & THOMSON

**DOCKET NUMBER (When available)**

**OFFICE ADDRESS**
36 West Main Street
Freehold, New Jersey 07728

**DOCUMENT TYPE**
COMPLAINT

**JURY DEMAND**  ☐ YES  ☐ NO

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| Robert Skowrenski, II, Plaintiff | COASTAL TITLE AGENCY, INC. and COMMONWEALTH LAND TITLE INS. CO. |

**CASE TYPE NUMBER**
(See reverse side for listing)
699

**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ☒ YES ☐ NO
**IF YES, LIST DOCKET NUMBERS** MON-L-1150-98

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** ☐ YES ☒ NO

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN**
☐ NONE ☒ UNKNOWN

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☒ YES ☐ NO
**IF YES, IS THAT RELATIONSHIP** ☐ EMPLOYER - EMPLOYEE ☐ FRIEND / NEIGHBOR ☐ OTHER (explain)
☐ FAMILIAL ☒ BUSINESS

**B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☐ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

**WILL AN INTERPRETER BE NEEDED?** ☐ YES ☒ NO
IF YES, FOR WHAT LANGUAGE:

**ATTORNEY SIGNATURE**

Revised July 2001

*16*

# EXHIBIT B

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
tel 973.622.4444
fax 973.624.7070
www.mccarter.com

September 8, 2005



ATTORNEYS AT LAW

## BY CERTIFIED MAIL

Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Muñoz, P.A.
100 Willowbrook Road
Freehold, NJ 07728

Re:   Skowrenski v. Coastal Title Agency, Inc., et al.
       Docket No.: L-1937-03

Dear Mr. Schottland:

I enclose LandAmerica's check no. 224366, dated September 6, 2005, in the amount of $50,000 payable to: "Robert Skowrenski II, Ind. & As Trustee & Michael Schottland, Esq." This check is sent, of course, in complete and final settlement as reflected in the August 15, 2005 Release executed by your client.

Simply so you will have a complete file, I am enclosing a copy of my September 8, 2005 letter and its enclosures to the Clerk of Monmouth County forwarding the Stipulation of Dismissal With Prejudice and Without Costs of Complaint and Crossclaims Against Defendant Commonwealth Land Title Insurance Company Only for filing.

Very truly yours,

David R. Kott

DRK:lfj
Enclosures

cc:   Martin McGowan, Jr, Esq. (w/enc.) (by certified mail)

McCARTER & ENGLISH, LLP
Attorneys At Law
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendant
Commonwealth Land Title Insurance Co.



SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MONMOUTH COUNTY
DOCKET NO. L-1937-03

ROBERT SKOWRENSKI, II, Individually
and as sole Trustee of National Home
Funding, Inc., a dissolved N.J. Corporation,

                          Plaintiff,

            vs.

COASTAL TITLE AGENCY, INC., a N.J.
corporation and COMMONWEALTH LAND
TITLE INSURANCE CO.,

                        Defendants

Civil Action

STIPULATION OF DISMISSAL WITH
PREJUDICE AND WITHOUT COSTS OF
COMPLAINT AND CROSSCLAIMS AGAINST
DEFENDANT COMMONWEALTH LAND
TITLE INSURANCE COMPANY ONLY

IT IS HEREBY STIPULATED AND AGREED that the Complaint and any and all crossclaims against defendant Commonwealth Land Title Insurance Company be and they hereby are dismissed with prejudice and without costs.

IT IS FURTHER HEREBY STIPULATED AND AGREED that the within Stipulation of Dismissal does not dismiss plaintiff's Complaint against defendant Coastal Title Agency, Inc.

SCHOTTLAND, MANNING,
CALIENDO & THOMSON, P.A.
Attorney for Plaintiff, Robert Skowrenski

By: _____
Michael D. Schottland

McCARTER & ENGLISH, LLP
Attorney for Defendant/Third-Party Plaintiff
Commonwealth Land Title Agency, Inc.

By: _____
David R. Kott
A Member of the Firm.

METHFESSEL & WERBEL, ESQS.
Attorney for Defendant,
Coastal Title Agency, Inc.

By: _____
Martin R. McGowan

- 2 -

# EXHIBIT C

LOMURRO, DAVISON, EASTMAN & MUNOZ, P.A.
Monmouth Executive Center
100 Willowbrook Rd., Bldg. 1
Freehold, NJ  07728
(732) 462-7170
Attorneys for Plaintiff

| | |
|---|---|
| ROBERT SKOWRENSKI, II, Individually and as sole Trustee of National Home Funding, Inc., a dissolved N.J. corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COASTAL TITLE AGENCY, INC., a N.J. corporation, and COMMONWEALTH LAND TITLE INSURANCE CO.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION/MONMOUTH COUNTY<br>DOCKET NO.  L-1937-03<br><br>Civil Action<br><br>**STIPULATION OF**<br>**DISMISSAL WITH PREJUDICE** |

The matter in difference in the above-captioned action having been amicably adjusted by and between the parties, it is hereby stipulated and agreed that as to defendant, Coastal Title Agency, Inc., the same be and is hereby dismissed without costs against either party and with prejudice.

Dated:  December 20, 2005

METHFESSEL & WERBEL

LOMURRO, DAVISON,
EASTMAN & MUNOZ, P.A.

By: _____
MARTIN R. MCGOWAN
Attorneys for Defendant,
Coastal Title Agency, Inc.

By: _____
MICHAEL D. SCHOTTLAND
Attorneys for Plaintiff

FILED

MONMOUTH COUNTY

FEB 10 2006

OFFICE OF THE SUPERIOR COURT CLERK
CIVIL DIVISION

415987B mRm

LOMURRO, DAVISON, EASTMAN & MUNOZ, P.A.
Monmouth Executive Center
100 Willowbrook Rd., Bldg. 1
Freehold, NJ  07728
(732) 482-7170
Attorneys for Plaintiff

| | |
|---|---|
| ROBERT SKOWRENSKI, II, Individually and as sole Trustee of National Home Funding, Inc., a dissolved N.J. corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COASTAL TITLE AGENCY, INC., a N.J. corporation, and COMMONWEALTH LAND TITLE INSURANCE CO.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION/MONMOUTH COUNTY DOCKET NO.  L-1937-03<br><br>Civil Action<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

The matter in difference in the above-captioned action having been amicably adjusted by and between the parties, it is hereby stipulated and agreed that as to defendant, Coastal Title Agency, Inc., the same be and is hereby dismissed without costs against either party and with prejudice.

Dated: December 20, 2005

METHFESSEL & WERBEL

By: _____
MARTIN R. MCGOWAN
Attorneys for Defendant,
Coastal Title Agency, Inc.

LOMURRO, DAVISON,
EASTMAN & MUNOZ, P.A.

By: _____
MICHAEL D. SCHOTTLAND
Attorneys for Plaintiff
FILED

MONMOUTH COUNTY

FEB 10 2006

OFFICE OF THE SUPERIOR COURT CLERK
CIVIL DIVISION
L15987B mRm

# EXHIBIT D

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,

        Plaintiff,

v.

CRISTO PROPERTY MANAGEMENT,
LTD., a/k/a G.J.L. LIMITED, et al.

        Defendants.

: Civil Action No. CV 97-3496 (SDW)
:
: Hon. Susan D. Wigenton
:
:
:
: **STIPULATION AND ORDER**
: **OF DISMISSAL AS TO DEFENDANTS**
: **ROBERT SKOWRENSKI, II AND**
: **NATIONAL HOME FUNDING, INC.**
: **WITH PREJUDICE AND WITHOUT COSTS**

IT IS HEREBY STIPULATED AND AGREED that Plaintiff Walsh Securities, Inc.'s claims

against Defendants Robert Skowrenski, II and National Home Funding, Inc. are hereby dismissed with

prejudice and without costs against any party , AND claims by Skowrenski against plaintiff and
third party defendants, Robert Walsh and Elizabeth Ann DeMola are hereby dismissed with
prejudice and without costs against any party.

By: _____
Robert A. Magnanini, Esq.
Boies, Schiller & Flexner LLP
150 John F. Kennedy Parkway
Short Hills, NJ 07078
Counsel for Plaintiff Walsh Securities, Inc.

Dated: August 28, 2006

By: _____
Michael Schottland, Esq.
Lomurro, Davison, Eastman & Munoz, P.A.
100 Willowbrook Road, Building 1
Freehold, NJ 07728
Counsel for Defendants Robert Skowrenski, II
and National Home Funding, Inc.

IT IS SO ORDERED this 5th day of Sept , 2006.

_____
Susan D. Wigenton, U.S.D.J.

**Manning, Caliendo & Thompson**
36 West Main Street
Freehold, New Jersey 07728
Telephone: 732-462-4405
Facsimile: 732-409-0347
National Home Funding, Inc., and Robert Skowrenski, II

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | Civil Action No. 97-cv-3496 (DRD(MAS) |
| Plaintiff, | : | Hon. Magistrate Judge Michael Shipp |
| vs. | : | |
| CRISTO PROPERTY MANAGEMENT, a/k/a G.J.L. LIMITED; DEK HOMES OF NEW JERSEY, INC.; OAKWOOD PROPERTIES, INC.; NATIONAL HOME FUNDING, INC.; CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C.; WILLIAM KANE; GARY GRIESER; ROBERT SKOWRENSKI, II; RICHARD CALANNI; RICHARD DiBENEDETTO; JAMES R. BROWN; THOMAS BRODO; ROLAND PIERSON; STANLEY YACKER, ESQ.; MICHAEL ALFIERI, ESQ.; RICHARD PEPSNY, ESQ.; ANTHONY M. CICALESE, ESQ.; LAWRENCE CUZZI; ANTHONY D'APOLITO; DAP CONSULTING, INC.; COMMONWEALTH LAND TITLE INSURANCE CO.; NATIONS TITLE INSURANCE OF NEW YORK, INC.; FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK; COASTAL | : : : : : : : : : : : : : | **NOTICE OF MOTION TO ENFORCE SETTLEMENTS AND DISMISS ALL CLAIMS AGAINST ROBERT SKOWRENSKI, II AND NATIONAL HOME FUNDING, INC. AND FOR OTHER RELIEF** |

TITLE AGENCY; DONNA
PEPSNY; WEICHERT                    :
REALTORS; and VECCHIO
REALTY, INC., D/B/A MURPHY  :
REALTY BETTER HOMES and
GARDENS,                           :

      Defendants.            :

_____

TO:                      United States District Court
                         U.S. Courthouse
                         50 Walnut Street
                         Newark, New Jersey 07101

MOVING PARTY:            Vincent P. Manning, Esq.
                         Manning, Caliendo & Thomson, P.A.
                         36 West Main Street
                         Freehold, New Jersey 07728
                         Attorneys for Defendant Robert Skowrenski, II
                         and National Home Funding, Inc.

RETURN DATE:

RELIEF SOUGHT:           For an Order as follows:

                         (1) Enforcing Settlements;
                         (2) Dismissing all Claims against defendant
                             Robert Skowrenski, II and National Home Funding, Inc.

SUPPORTING
DOCUMENTATION:           Letter Brief, Certification


                            **MANNING, CALIENDO & THOMSON,**


Dated:  October 9, 2009          By:     _____
                                         VINCENT P. MANNING
                                         Attorney for the Plaintiffs

.

**Manning, Caliendo & Thompson**
36 West Main Street
Freehold, New Jersey 07728
Telephone: 732-462-4405
Facsimile: 732-409-0347
National Home Funding, Inc., and Robert Skowrenski, II


UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | Civil Action No. 97-cv-3496 (DRD(MAS) |
| Plaintiff, | : | Hon. Magistrate Judge Michael Shipp |
| vs. | : | |
| CRISTO PROPERTY | : | |
| MANAGEMENT, a/k/a G.J.L. | | |
| LIMITED; DEK HOMES OF NEW | : | **ORDER OF DISMISSAL WITH** |
| JERSEY, INC.; OAKWOOD | | **PREJUDICE AS TO SKOWRENSKI, II** |
| PROPERTIES, INC.; NATIONAL | : | **AND NATIONAL HOME FUNDING. INC.** |
| HOME FUNDING, INC.; CAPITAL | | |
| ASSETS PROPERTY | : | |
| MANAGEMENT, L.L.C.; | | |
| WILLIAM KANE; GARY | : | |
| GRIESER; ROBERT | | |
| SKOWRENSKI, II; RICHARD | : | |
| CALANNI; RICHARD | | |
| DiBENEDETTO; JAMES R. | : | |
| BROWN; THOMAS BRODO; | | |
| ROLAND PIERSON; STANLEY | : | |
| YACKER, ESQ.; MICHAEL | | |
| ALFIERI, ESQ.; RICHARD | : | |
| PEPSNY, ESQ.; ANTHONY M. | | |
| CICALESE, ESQ.; LAWRENCE | : | |
| CUZZI; ANTHONY D'APOLITO; | | |
| DAP CONSULTING, INC.; | : | |
| COMMONWEALTH LAND TITLE | | |
| INSURANCE CO.; NATIONS | : | |
| TITLE INSURANCE OF NEW | | |
| YORK, INC.; FIDELITY | : | |
| NATIONAL TITLE INSURANCE | | |
| CO. OF NEW YORK; COASTAL | : | |

TITLE AGENCY; DONNA
PEPSNY; WEICHERT                    :
REALTORS; and VECCHIO
REALTY, INC., D/B/A MURPHY   :
REALTY BETTER HOMES and
GARDENS,                           :

        Defendants.          :

_____

      This matter having been opened to the Court on application of defendant Robert Skowrenski, II and National Home Funding, Inc., Vincent P. Manning, Manning, Caliendo & Thomson, 36 West Main Street, Freehold, New Jersey 07728, and for good cause shown,

      **IT IS ON THIS** _____ day of _____, 2009, hereby Ordered that:

    1.    The Complaint and all crossclaims against Robert Skowrenski and National Home Funding, Inc. be and are hereby dismissed with prejudice; and

    2.    No Third Party Complaint, Amended Answer or other pleading shall be accepted by the Clerk in which Robert Skowrenski and/or National Home Funding is named as a defendant.

    3.    Counsel for defendant Robert Skowrenski and National Home Funding, Inc. is hereby awarded a counsel fee of $_____ to be paid by _____ no later than _____, 2009; and

                                                      _____
                                                             U.S.M.J.