# STONE ⚜ MAGNANINI
### LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

November 23, 2009

*Via Electronic Filing*
Honorable Michael A. Shipp
United States Magistrate Judge
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   **Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.**
       **Civil Action No.: 97-3496 (DRD/MAS)**

Dear Judge Shipp:

    This firm represents Plaintiff Walsh Securities, Inc. ("Walsh Securities") and Third-Party Defendant Robert Walsh in the above-referenced matter. Please accept this letter in response to the motion to seal filed by Robert Skowrenski, II ("Skowrenski") and National Home Funding ("NHF"). In support of their motion to enforce settlement filed as Docket Entry No. 354 and 359, Skowrenski and NHF attached an exhibit that is subject to a confidentiality provision and a liquidated damages clause for a substantial sum of money (hereinafter "Exhibit D"). Following the request of counsel, by Order dated November 2, 2009, Docket Entry No. 364, Your Honor removed Docket Entry No. 354 from the docket and sealed Docket Entry No. 359, subject to a motion by Skowrenski and NHF to seal Exhibit D, which was to comport with Local Civil Rule 5.3(c). For the reasons set forth herein, the confidential agreement referenced in the Skowrenski and NHF motion should be removed from the docket, or at the very least remain under seal.

    While Skowrenski and NHF have filed a motion to seal Exhibit D, they have not adequately addressed "why a less restrictive alternative to the relief sought is not available." *See* Local Civil Rule 5.3(c)(2). Instead, their counsel merely asserts that "[t]here is no less restrictive alternative to the relief sought available." *See* Manning Cert. at ¶ 8. This is incorrect since there is no justifiable ground for Skowrenski and NHF to even need to rely upon Exhibit D.

    By way of background, on June 27, 2008, Walsh Securities filed a motion for leave to file a Fourth Amended Complaint. *See* Docket Entry No. 264. Attached to the motion was a proposed Fourth Amended Complaint, which, in part, streamlined the caption and reduced it from 30 to 16 defendants. The reason for the large reduction in defendants was due to various orders of the court, settlements, and default judgments.[1] The Court denied Walsh Securities' motion with respect to certain causes of action, and then granted Walsh Securities' motion for reconsideration on the other causes of action. The Court did not make any rulings with respect to reducing the size of the caption or the claims against the parties that Walsh Securities'

---

[1] Since then, another motion for default judgment was entered that has further reduced the number of defendants.

Honorable Michael A. Shipp
November 23, 2009
Page 2 of 2

considered to be former defendants. As a result, and because they sought to preserve their cross-claims, the Title Company Defendants insisted that Walsh Securities could only amend to allege the specific causes of action ruled upon by the Court. While, due to the insistence of the Title Companies, Walsh Securities did not change the caption, it has never taken the position that the Fourth Amended Complaint asserted new claims against the settling parties, the parties against whom judgments have been entered, or against parties that the Court dismissed. Indeed, the amended complaint did not and cannot reopen judgments or dismissals.

Shortly after filing the Fourth Amended Complaint, we were contacted by the former and the current counsel for Skowrenski and NHF about their clients' names appearing in the new complaint. We explained to their counsel that their clients were dismissed with prejudice pursuant to a Stipulation and Order entered on September 7, 2006, *see* Docket Entry No. 218, and that nothing in the Fourth Amended Complaint asserted new allegations against Skowrenski or NHF. In an effort to make this unquestionably clear, we promptly provided their new counsel with a new Stipulation and Order that was entered by the Court on October 7, 2009. *See* Docket Entry No. 351.

Despite there being absolutely no reason to contend that Walsh Securities is still asserting claims against Skowrenski and NHF, they have nevertheless included allegations in their motion to enforce settlement that Walsh Securities has violated the Stipulation and Order entered on September 7, 2006. In support of this outlandish allegation, they are relying upon Exhibit D to further prove that Walsh Securities cannot assert any new allegations against their clients. While Walsh Securities has gone out of its way to make it unmistakable that it has no claims against Skowrenski and NHF, they have disregarded these efforts and frivolously injected Walsh Securities into an entirely unnecessary motion. Walsh Securities can conceive of no reason for Skowrenski and NHF to have violated the confidentiality provision in Exhibit D and have thereby subjected themselves to the substantial liquidated damages provision contained therein. In sum, the least restrictive alternative for the relief sought would be for Skowrenski and NHF to permanently remove Exhibit D from their motion as it is utterly irrelevant.

For the forgoing reasons, Walsh Securities respectfully requests that Exhibit D to the Skowrenski and NHF motion be removed from the docket in its entirety, or, in the alternative, the Court should keep Exhibit D under seal.

Respectfully submitted,

s/
Robert A. Magnanini

cc:   All Counsel of Record (via e-filing)
      Richard Calanni, *pro se* (via regular mail)
      Richard DiBenedetto, *pro se* (via regular mail)