April 27, 2010

**VIA ELECTRONIC FILING**

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07102

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Re: <u>Walsh Securities, Inc. v. Cristo Property Management, et al</u>.
United States District for the District of New Jersey
Civil Action No. 97-3496 (DRD)

Dear Judge Shipp:

I write about a few matters.

On November 4, 2009 Your Honor entered a Temporary Order to Seal (Document No. 364, filed November 2, 2009). Thereafter, co-defendants National Home Funding, Inc. and Robert Skowrenski, II, filed a Notice of Motion to Seal Materials (Document No. 366, filed November 5, 2009). On November 23, 2009 the attorneys for the plaintiffs, Stone Magnanini, LLP, filed a letter brief with respect to the Motion to Seal (Document No. 371, filed November 23, 2009).

There have been some depositions taken to date and I believe that the parties are in need of a decision on the pending Motion to Seal insofar as the document that defendants National Home Funding/Skowrenski seeks to seal is one that certain of the parties wish to use in depositions. By this letter brief we oppose the Motion to Seal. Simply put, the Local Rules (as well as the applicable case law in the Third Circuit and in the District of New Jersey) set forth the criteria as the procedure for sealing documents. Local Rule 5.3. None of the papers submitted by any party with respect to the Motion to Seal even remotely meet the criteria (or the procedure) required to seal a document. Hence, the Court's November 2, 2009 Temporary Order to Seal (Document No. 364) should be vacated and the Notice of Motion to Seal Materials (Document No. 366) should be denied.

Irrespective of the Court's ruling on the Motion to Seal, it appears that there is a discovery dispute about the confidentiality of the terms of the settlement. Of course, if the Court vacates the Temporary Order to Seal and/or denies the Motion to Seal Materials then those rulings will moot any discovery dispute. In any event, the document questioned is a settlement agreement between the plaintiff and two of the

Honorable Michael A. Shipp
April 27, 2010
Page 2

defendants, National Home Funding, Inc. and its owner, Robert Skowrenski, II. Both National Home Funding, Inc. and Robert Skowrenski, II were sued by the plaintiff and were alleged to have engaged in intentional conduct (including RICO conduct) leading to the losses claimed by the plaintiff in this case. The plaintiff has apparently settled with National Home Funding/Skowrenski and dismissed the Complaint against National Home Funding/Skowrenski. At recent depositions of plaintiff Walsh Securities the Rule 30(b)(6) deponent testified in part that Walsh Securities, Inc. was unsure if Mr. Skowrenski was involved in the frauds -- despite the plaintiff having filed <u>five</u> Complaints (the original Complaint and four Amended Complaints) all of which plead with specificity the acts of Mr. Skowrenski in engaging in the fraud and otherwise committing civil RICO violations. It is plain in these circumstances that the terms of the settlement between the plaintiff and defendants National Home Funding/Skowrenski impacts directly upon the plaintiff as well as Mr. Skowrenski.

*   *   *

We also request that the Court enter an Order compelling the deposition (with a date specific) of Elizabeth Ann DeMola. For a very long time we have been attempting to obtain the deposition of Ms. DeMola. At one point earlier in the litigation it was delayed because she was going to retain a lawyer. When she retained a lawyer it was delayed so the lawyer could "get up to speed" on the case. Then it did not happen because she discharged the lawyer. We recently served a Subpoena on Ms. DeMola and she left a voicemail message that she could not attend the deposition because she was going to a Yankees game. Thereafter, we were told by Robert Magnanini, Esq. that Ms. DeMola would be represented at her deposition, either by Mr. Magnanini's firm or by another firm retained by the plaintiff or referred to Ms. DeMola by the plaintiff to represent her in connection with the deposition. We have asked Mr. Magnanini to supply us with dates for Ms. DeMola's deposition and we still do not have those dates.

Ms. DeMola is a central witness to this case. She is the sister of Robert Walsh, who was the principal stockholder of the plaintiff. She was also employed by the plaintiff as the National Sales Manager and a significant number of witnesses have testified in depositions that Ms. DeMola was either involved in the frauds at issue in this case or was aware of the frauds at issue in this case. Given this background, I do not believe that this discovery dispute (meaning the failure of Ms. DeMola to appear for depositions) can be resolved without the Court entering an Order compelling Ms. DeMola to appear at depositions on a date certain.

Given the outstanding matters in this case it might make sense for the Court to conduct a telephone Status Conference, or if the Court thought it would be

Honorable Michael A. Shipp
April 27, 2010
Page 3

preferable an in-person Status Conference. If the Court wanted our office to arrange for a telephone Status Conference we could of course do so.

Very truly yours,

David R. Kott

DRK/srv

cc: Robert A. Magnanini, Esq. (via electronic filing & regular mail)
    Vincent P. Manning, Esq. (via electronic filing & regular mail)
    Martin R. McGowan, Jr., Esq. (via electronic filing & regular mail)
    Edward J. Hayes, Jr., Esq. (via electronic filing & regular mail)
    All persons and entities on attached Service List (via regular mail)

## SERVICE LIST

### WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL
### CIVIL ACTION NO. 97-3496 (DRD)

Robert A. Magnanini, Esq.
Stone Magnanini, LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Vincent P. Manning, Esq.
Manning, Caliendo & Thomson
36 West Main Street
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ 07974
**Attorney for defendant Michael Alfieri, Esq. on the Sixth Count**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey 08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
**Attorney for Defendant Anthony M. Ciccalese (on certain counts of the Complaint)**

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica
**Pro se (on certain counts of the Complaint)**

ME1 2304466v.1

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania  19103-3291
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Pasquale Menna, Esq.
Menna, Supko & Nelson, LLC
830 Broad Street, Suite B
Shrewsbury, NJ 07702
**Attorneys for Defendant Roland J. Pierson**

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
210 Park Avenue, #3
Florham Park, NJ 07932-1012
**Attorneys for Defendant Weichert Realtors**

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey  07666

James R. Brown, Pro Se
7 Pamela Road
East Brunswick, NJ 08816-4418

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
3 Loller Drive
Martinsville, NJ  08836

Stanley Yacker, Esq., Pro Se
6 Swimming River Court
Barnegat, NJ  08005-5624

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, FL 33707

2

ME1 2304466v.1