# STONE MAGNANINI
LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

May 7, 2010

*Via Electronic Filing*

Honorable Michael A. Shipp
United States Magistrate Judge
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   **Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.**
      **Civil Action No.: 97-3496 (DRD/MAS)**

Dear Judge Shipp:

      This firm represents Plaintiff Walsh Securities, Inc. ("Walsh Securities") in the above-referenced matter. Please accept this letter in response to David Kott's April 27, 2010 letter to the Court on behalf of Defendant Commonwealth Land Title ("Commonwealth"). Commonwealth's request to the Court is twofold. It presses the Court to decide the pending motion to seal, Docket Entry No. 366, and seeks an Order compelling the deposition of Elizabeth Ann DeMola, a non-party witness.

      Ms. DeMola is not presently represented by counsel. However, because she is a former employee of Walsh Securities, we have advised her that this firm is able to represent her during her deposition. We have also attempted to contact her in order to schedule a deposition date.

      By way of background concerning the motion to seal, Robert Skowrenski ("Skowrenski") and National Home Funding ("NHF") were dismissed from the Third Amended Complaint with prejudice pursuant to a Stipulation and Order entered on September 7, 2006. See Docket Entry No. 218. In an effort to make it unquestionably clear that nothing in the Fourth Amended Complaint asserted new allegations against Skowrenski or NHF, Walsh Securities provided counsel for Commonwealth (and the remaining parties) with a draft Fourth Amended Complaint that only included active allegations in the case against the title companies, Coastal Title Agency, and appraisers Richard Calanni and Richard DiBenedetto. Counsel for the title companies objected vociferously, claiming that Plaintiff could not unilaterally change the caption and body of the Complaint because of alleged crossclaims asserted by the title companies. To avoid further motion practice and delay, Plaintiff filed the Fourth Amended Complaint and included prior claims and parties that Plaintiff obtained judgments against or dismissed via settlements. Walsh Securities explained this to counsel for Skowrenski and NHF, and went the further step of providing their counsel with a new Stipulation and Order that was entered by the Court on October 7, 2009. See Docket Entry No. 351. In support of their motion to enforce settlement with Commonwealth Land Title Insurance Co. ("Commonwealth"), Nations Title

Honorable Michael A. Shipp
May 7, 2010
Page 2 of 3

Insurance of New York, Inc. ("Nations"), Fidelity National Title Insurance Co. of New York ("Fidelity"), and Coastal Title Agency ("Coastal"), filed as Docket Entry No. 354 and 359, Robert Skowrenski and NHF attached as Exhibit D an agreement with Walsh Securities that is subject to a confidentiality provision and a liquidated damages clause for a substantial sum of money (hereinafter referred to as "Exhibit D"). Following the request of counsel, by Order dated November 2, 2009, Docket Entry No. 364, Your Honor removed Docket Entry No. 354 from the docket and temporarily sealed Docket Entry No. 359. For the reasons set forth herein and in Walsh Securities' November 23, 2009 letter to the Court, Docket Entry No. 371 (*see* attached), Exhibit D should be removed from the docket, or at the very least continue to remain under seal.

The terms of Exhibit D are not relevant to this litigation, nor has Commonwealth made such a claim even though it attempted to use this confidential agreement as an exhibit during the 30(b)(6) deposition of Walsh Securities. Commonwealth's request is devoid of any argument that the document contains relevant information; rather, in cursory fashion, it claims the standard for sealing has not been met. Such blanket statements should not overcome the confidential terms of this agreement since they do not impact upon the facts in this litigation. The existence of the settlement is the *only* fact that may be remotely relevant to this litigation. But the existence of the settlement may be established by documents that were publicly filed on this case's docket. Therefore, there is no reason for the confidential terms of Exhibit D to be disclosed.

Likewise, Exhibit D does not impact upon Walsh Securities' Rule 30(b)(6) testimony about whether Mr. Skowrenski was involved in the frauds at issue in this litigation. It is unbelievable that Commonwealth points out that Skowrenski is named as a party in the Fourth Amended Complaint when it was Commonwealth that vehemently opposed Walsh Securities' attempt at removing Skowrenski and NHF from the Fourth Amended Complaint. Thus, Commonwealth tries to use a problem of its own creation to sandbag Walsh Securities. Walsh Securities was a victim of the frauds at issue in this litigation and through the course of discovery there have been questions raised about whether Skowrenski was involved in personally committing these frauds. Consequently, there is nothing inconsistent about the Walsh Securities Rule 30(b)(6) deponent's testimony that the company is unsure if Skowrenski was involved in the frauds. Exhibit D and the terms of the settlement simply have no bearing on this testimony.

Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Rule 5.3(c)(2) requires a showing of:

Honorable Michael A. Shipp
May 7, 2010
Page 3 of 3

    (a) the nature of the materials or proceedings at issue,
    (b) the legitimate private or public interests which warrant the relief sought,
    (c) the clearly defined and serious injury that would result if the relief sought is not granted, and
    (d) why a less restrictive alternative to the relief sought is not available.

Exhibit D is a confidential settlement agreement between private parties in this litigation. Skowrenski and NHF filed this agreement in support of their motion to enforce entirely separate settlement agreements with the other defendants. Walsh Securities continues to contend that there is no reason for Skowrenski and NHF to have violated the confidentiality provision in Exhibit D and have thereby subjected themselves to the substantial liquidated damages provision contained therein. Since a stipulation of dismissal, with prejudice, has already been entered by the Court, there is no reason for this private agreement to be subjected to any judicial scrutiny or interpretation. The least restrictive alternative for the relief sought would be for Skowrenski and NHF to permanently remove Exhibit D from their motion as it is irrelevant since Walsh Securities is no longer asserting any claims against them.

If the Court deems the document relevant to the motion of Skowrenski and NHF, then Walsh Securities respectfully request that the document remain under seal. It is self evident that maintaining the confidentiality of the terms of a settlement agreement is often an inducement to enter into a settlement agreement. If the details of all private settlement agreements were to be broadcast to the public, then surely there would be fewer settlements. Furthermore, there is no public interest in the terms of this agreement since the public is aware that these parties entered into a voluntary stipulation of dismissal. *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. Ill. 2002). Thus, there are legitimate private interests that undoubtedly outweigh the public interests in viewing Exhibit D.

For the forgoing reasons, Walsh Securities respectfully requests that Exhibit D to the Skowrenski and NHF motion be removed from the docket in its entirety, or, in the alternative, the Court should keep Exhibit D under seal.

Respectfully submitted,

_____s/_____
Robert A. Magnanini

cc:    All Counsel of Record (via e-filing)
        Richard Calanni, *pro se* (via e-mail and regular mail)
        Richard DiBenedetto, *pro se* (via regular mail)