McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party
 Plaintiff Commonwealth Land Title Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

WALSH SECURITIES, INC.,
                 Plaintiff,
v.

CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, DONNA PEPSNY, WEICHERT REALTORS, and VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS,

                 Defendants.
and

COMMONWEALTH LAND TITLE INSURANCE COMPANY

                 Defendant/Third-Party Plaintiff,
v.

ROBERT WALSH, JAMES WALSH and ELIZABETH ANN DeMOLA,

                 Third-Party Defendants.

Civil Action No. 97-cv-3496 (DRD) (MAS)
Honorable Dickinson R. Debevoise

**CASE MANAGEMENT ORDER
(MAY 11, 2010 CASE MANAGEMENT
CONFERENCE)**

ME1 9968410v.1

**THIS MATTER** having been opened to the Court at a Case Management Conference (by telephone, not on the record); in the presence of Robert A. Magnanini, Esq. & Amy Walker Wagner, Esq., attorneys for plaintiff, Walsh Securities, Inc., David R. Kott, Esq., attorney for defendant/third-party plaintiff Commonwealth Land Title Insurance Company, Edward J. Hayes, Jr., Esq., attorney for defendants Fidelity National Title Insurance and Nations Title Insurance, Vincent P. Manning, Esq., attorney for defendants Robert Skowrenski, II (Skowrenski) and National Home Funding, Inc. (NHF) and Paul J. Endler, Jr., Esq., attorney for defendant Coastal Title Agency;

**IT IS** this _____ day of _____, 2010

ORDERED that

1. The motion filed by defendants Robert Skowrenski, II and National Home Funding, Inc. to seal Exhibit "D" to the Certification of Michael D. Schottland (Document # 354) be and hereby is granted and Exhibit "D" shall be removed from the docket;

2. Plaintiff and defendants Skowrenski and NHF shall supply within 5 days hereof to the attorneys for defendants Commonwealth Land Title Insurance Company, Nations Title Insurance, Fidelity National Title Insurance and Coastal Title Agency a copy of Exhibit "D" with any redactions that plaintiff and Skowrenski/NHF believe are proper; plaintiff shall also forward by mail to the undersigned an unredacted copy of the document to allow the Court to rule on any discovery disputes that may arise concerning the propriety of any redactions made by the plaintiff;

3. If plaintiff alleges that certain witness statements taken as part of an internal investigation that were turned over to the defendants are not discoverable and/or should not be used in the litigation, within 14 days hereof the plaintiff shall file a letter application on this issue and any defendants shall file any response within 7 days thereafter;

ME1 9968410v.1

4. Within 30 days hereof, plaintiff shall identify all properties on which it intends to pursue a claim under a title insurance policy and shall set forth with specificity for each property the basis for the title claim and the date and manner of notice to defendants of the title claim;

5. Within 30 days hereof, plaintiff shall identify all loan transactions on which it is asserting a breach of contract claim under closing service letters and shall supply as to each such loan a copy of the applicable closing service letter and the closing instructions supplied by plaintiff in connection with the loan, as well as the specific bases for the claim that defendants are liable under the closing service letter;

6. The deposition of Robert Skowrenski, II shall take place on may 25, 2010 at 9:30 A.M. at the office of Manning, Caliendo & Thomson ;

7. The Rule 30(b)(6) deposition of Commonwealth Land Title Insurance Company shall take place on May 27, 2010 at 10:00 A.M. at the offices of Stone Magnanini, LLP;

8. The deposition of Anthony M. Cicalese shall take place on May 28, 2010 at 10:00 A.M. at the offices of Stone Magnanini, LLP;

9. The deposition of Stanley Yacker shall take place on June 1, 2010 at 9:30 A.M. at the offices of Stone Magnanini, LLP;

10. The deposition of Michael Alfieri shall take place on June 2, 2010 at 9:30 A.M. at the offices of Stone Magnanini, LLP;

11. The deposition of Richard Pepsny shall take place on June 4, 2010 at 9:30 A.M. at the offices of Stone Magnanini, LLP;

12. The deposition of Elizabeth Ann DeMola shall take place on June 9, 2010 at 9:00 A.M. at the offices of McCarter & English, LLP;

ME1 9968410v.1

13. The Rule 30(b)(6) deposition of Fidelity National Title Insurance shall take place on June 17, 2010 at 10:00 A.M. at the offices of Stone Magnanini, LLP;

14. The Rule 30(b)(6) deposition of Nations Title Insurance shall take place on June 21, 1010 at 10:00 A.M. at the offices of Stone Magnanini, LLP;

15. The Rule 30 (b)(6) deposition of defendant Coastal Title Agency shall take place on June 11, 2010 at Manning, Caliendo & Thomson;

16. The deposition of Robert Agel of defendant Coastal Title Agency shall take place on June 23, 2010 at 10:00 A.M. at the offices of Manning, Caliendo & Thomson;

17. The Rule 30(b) (6) of R.B.M.G. shall take place on June 25, 2010 at a location to be agreed upon by Counsel ;

18. The deposition of Anthony D'Apolito shall take place on June 28, 2010 beginning at 9:30 A.M. at Stone Magnanini;

19. The deposition of William Kane shall take place on June 29, 2010 beginning at 9:30 A.M. at a location to be agreed upon by Counsel;

20. The deposition of Lawrence Cuzzi shall take place on July 1, 2010 beginning at 9:30 A.M. at Stone Magnanini;

21. The continued Rule 30(b)(6) deposition of plaintiff shall take place on a date set by the Court at the next scheduled telephone and/or in person status conference;

22. The Court at the next scheduled telephone and/or in person conference shall determine if Robert Walsh (in his individual capacity) shall be deposed and if so schedule a date for that deposition;

23. If the Court rules that the witness statements referred to in Paragraph 3 above may not be used in this case then the parties shall complete any depositions of any of the persons from

ME1 9968410v.1

whom witness statements were taken within 30 days of the Court's ruling concerning the witness statements; and

24.  The undersigned shall conduct a telephone status conference on July 12, 2010 at 2:00 P.M. (to be initiated by plaintiff's counsel) at which time the Court will set further deadlines including but not limited to deadlines for service of expert reports and at which time the Court will set a date for the continued Rule 30 (b)(6) deposition of plaintiff and decide whether Robert Walsh in his individual capacity shall be deposed and if so the date of that deposition.

_____
MICHAEL A. SHIPP, U.S.M.J.

ME1 9968410v.1