# STONE ▩ MAGNANINI
LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

May 18, 2010

**VIA ECF & FACSIMILE**

Honorable Michael A. Shipp
United States District Court for the
District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.
               Civil Action No.: 97-3496 (DRD/MAS)

Dear Judge Shipp:

      I submit this letter in response to the proposed Case Management Order ("proposed CMO") filed yesterday by Mr. Kott. Due to unavoidable conflicts we were not able to conclude our discussions with the Defendants, predominantly counsel for the Title Insurance Companies, concerning three paragraphs of the proposed CMO. Despite several discussions, the parties seem unable to compromise on specific language. Therefore, we enclose a revised Case Management Order ("revised CMO") for Your Honor's consideration.

      The paragraphs at issue are 4, 5 and 24 of the proposed CMO. As Your Honor can see from our revised CMO, the Plaintiff has agreed in paragraph 4 that, within thirty days hereof, to identify all properties on which it intends to pursue a claim under a title insurance policy. We do not, however, believe Plaintiff is required to set forth in writing with specificity the basis of each title claim and the date and manner of notice to Defendants of the title claim. The Federal Rules do not require Plaintiff to undertake this project on behalf of the Defendants. As in the past, Plaintiff believes that the Defendants have inserted the language "with specificity," and following, in an effort to "shore up" yet another motion to delay this case under the guise of procuring discovery.

      Plaintiff and the Title Insurance Companies disagree as to the necessity of paragraph 5. Again, Plaintiff should not be required to do Defendants' work. As Plaintiff has been asserting since it amended its Complaint in November 1997, it is suing the Title Companies on <u>all</u> 223 loans involved in the fraud for breaching their contract, for failing to provide coverage to the Plaintiff for the fraud of the Title Companies' closing agents, and for the failure of their closing agents to follow Walsh Securities' closing instructions. The Closing Service Protection Letters are available in the

Honorable Michael A. Shipp
May 18, 2010
Page 2 of 2

document repository in the files of several parties. Moreover, not only do Defendants have the same access to the repository as Plaintiff does, but these Letters were issued by the Title Companies and their agents. Tellingly, counsel for Commonwealth Land Title has only been to the document repository three times during the 13 year pendency of this litigation, and counsel for Nations and Fidelity Title has only been to the document repository once. Once again, Plaintiff believes that the language of paragraph 5 is also drafted to provide the bases for another motion by the Title Insurance Companies during the pendency of discovery.

Plaintiff also disagrees with the language of paragraph 24 of the proposed CMO because it goes beyond the Court's prior ruling. Counsel for Plaintiff believes counsel for the Title Insurance Companies previously argued that they were entitled to four days of depositions of Plaintiff's 30(b)(6) witness, as well as an additional day of deposition of Robert Walsh in his individual capacity, on a telephone conference before Your Honor. Your Honor ruled that the Defendants were entitled to two days of deposition of Walsh Securities' 30(b)(6) witness. To date, Defendants have taken two days of the deposition of Mr. Robert Walsh as Plaintiff's 30(b)(6) witness, totaling approximately 9 ½ hours. Defendants are entitled to another day of deposition of Mr. Walsh for 4 ½ hours. Throughout the 30(b)(6) deposition, counsel for the Defendants have continuously asked Mr. Walsh personal questions and questions about his knowledge in his individual capacity. Therefore, Plaintiff does not believe Defendants are entitled to a second bite at the apple and another motion before Your Honor to ask for either additional time for the Walsh Securities' 30(b)(6) deposition or another day to depose Mr. Walsh in his individual capacity. A revised CMO reflecting these changes is attached for Your Honor's consideration, although we ask Your Honor to delay entry of either proposed CMO to allow the Defendants time to reply to this letter.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

_____s/_____
Robert A. Magnanini

RAM/aa
Attachment
cc:   All counsel of record via ECF
      Richard Calanni (via regular mail)
      Richard DiBenedetto (via regular mail)