

**Fox Rothschild** LLP
ATTORNEYS AT LAW

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

Edward J. Hayes
Direct Dial:  (215) 299-2092
Email Address:  ehayes@foxrothschild.com

May 19, 2010

***VIA ELECTRONIC FILING AND TELECOPY***

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07102

> Re:  **Walsh Securities, Inc. v. Cristo Property Management, et al.
> Civil Action No. 97-3496**

Dear Judge Shipp:

  This office represents Fidelity National Title Insurance Company and Nations Title Insurance Company in the above matter.  We are in receipt of David Kott's letter forwarding a proposed Case Management Order and Robert Magnanini's objection to certain of the provisions of the proposed Order.  Please note that it is our position that the form of Order provided by Mr. Kott should be issued without the changes proposed by Mr. Magnanini.

  We believe it would be helpful for Your Honor to understand the genesis of the paragraphs of the proposed Case Management Order submitted by Mr. Kott which call for counsel to provide specific information as to the nature of the claims now being presented.  As Your Honor is aware, this case involves approximately 220 allegedly fraudulent loans made by the plaintiff.  Until the filing of the Fourth Amended Complaint, the claim asserted against our clients was solely a breach of contract claim under closing service letters alleged to have been issued at the closings.  In the Fourth Amended Complaint, the plaintiff chose for the first time to assert claims for breach of the title insurance policies issued in connection with these loans.  Since each loan is a different transaction, it is necessary for the plaintiff to establish facts supporting both its closing service letter claims and its title insurance policy claims as to each transaction.

  Recognizing the amount of deposition time that would be necessary to review the facts of each individual transaction with the Rule 30(b)(6) deponent for Walsh to determine the transactions on which both types of claims were being presented and the facts supporting those claims, we suggested to counsel for plaintiff that we were prepared to provide plaintiff with an alternative to deal with this issue.



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Honorable Michael A. Shipp
May 19, 2010
Page 2

First, we told counsel we could go through each settlement file individually with the deponent in an effort to determine the properties on which each claim was being presented, the nature of the claim being presented, the documentation supporting the claim and the date on which notice of the claim was provided to the title insurance underwriters. The obvious problem with this alternative is the amount of time which will be necessary to conduct this inquiry and the need to obtain from the Court additional time with the 30(b)(6) witness to make these inquiries, without which defendants will be left to guess as to the basis for the claims asserted by plaintiff.[1]

The alternative we proposed was for counsel to provide the defendants with a listing of the properties on which each type of claim was being submitted, the facts supporting the claim as to each property and the date and manner of notice of the claim to the title insurance companies. The providing of such a list would greatly narrow the focus of the inquiry required of the 30(b)(6) witness and will provide the defendants with the type of information we believe a plaintiff is obligated to provide under the Federal Rules of Civil Procedure. Quite frankly, it was my understanding based on statements by at least one of plaintiff's attorneys that he recognized our right to this information and that our proposal seemed to be more reasonable than requiring the 30(b)(6) deponent to be questioned about individual transactions and the facts supporting the claim as to each transaction.

We respectfully request that Your Honor give favorable consideration to the form of Order submitted by Mr. Kott as we believe it does not place an unreasonable burden on the plaintiff but instead simply requires it to disclose the type of information which the defendants and entitled to receive as part of discovery.

Respectfully yours,

Edward J. Hayes

EJH:rcr
cc:   Robert A. Magnanini, Esquire (via e-mail)
      David R. Kott, Esquire (via e-mail)
      Martin R. McGowan, Esquire (via e-mail)
      All Counsel on Attached List

---

[1] While at least one member of Mr. Magnanini's firm seems to believe that we are not entitled to learn the specifics until the time of trial, we do not believe other members of his firm share that view.

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL
## CIVIL ACTION NO. 97-3496 (DRD)

Robert A. Magnanini, Esq.
Stone Magnanini, LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Vincent P. Manning, Esq.
Manning, Caliendo & Thomson
36 West Main Street
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ  07974
**Attorney for defendant Michael Alfieri, Esq. on the Sixth Count**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey  08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

Stephen Balsamo, Esq.
Garrity, Graham, Murphy, Garofalo & Flinn, P.C.
72 Eagle Rock Avenue, Suite 350
P.O. Box 438
East Hanover, NJ 07936
**Attorney for Defendant Anthony M. Ciccalese (on certain counts of the Complaint)**

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica
**Pro se (on certain counts of the Complaint)**

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania 19103-3291
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Pasquale Menna, Esq.
Menna, Supko & Nelson, LLC
830 Broad Street, Suite B
Shrewsbury, NJ 07702
**Attorneys for Defendant Roland J. Pierson**

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
210 Park Avenue, #3
Florham Park, NJ 07932-1012
**Attorneys for Defendant Weichert Realtors**

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey 07666

James R. Brown, Pro Se
7 Pamela Road
East Brunswick, NJ 08816-4418

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
3 Loller Drive
Martinsville, NJ 08836

Stanley Yacker, Esq., Pro Se
6 Swimming River Court
Barnegat, NJ 08005-5624

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, FL 33707

2