

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

May 20, 2010

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

**VIA ELECTRONIC FILING & FAX**

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07102

Re:  Walsh Securities, Inc. v. Cristo Property Management, et al.
     United States District for the District of New Jersey
     Civil Action No. 97-3496 (DRD)

Dear Judge Shipp:

We represent the defendant/third-party plaintiff Commonwealth Land Title Insurance Company in this case. On May 17, 2010 I submitted to the Court a Case Management Order. I am in receipt of a May 18, 2010 letter and its enclosures to Your Honor from Robert Magnanini, Esq., the attorney for the plaintiff, objecting to our proposed Case Management Order and submitting an alternative Case Management Order. I write in response to Mr. Magnanini's May 18, 2010 letter and its enclosure.

In his letter Mr. Magnanini objects to paragraphs 4, 5 and 24 of our proposed Case Management Order. By way of background, the plaintiff has sued my client and the other title insurance defendants seeking coverage under title insurance policies and under closing protection letters for approximately 220 loans in this case. For some time we have been attempting to obtain in discovery from the plaintiff copies of the closing protection letters upon which the plaintiff relies for each of the loans and the bases on which the plaintiff alleges that there is coverage under the policies and/or the closing protection letters.

I am enclosing for the Court a March 5, 2010 letter that I forwarded to Mr. Magnanini and his April 6, 2010 response. In that letter I requested from Mr. Magnanini the bases for which the plaintiff was making claims on the various loans. In the letter I also indicated that if he would not provide that information to us that we would need to ask the plaintiff's Rule 30(b)(6) deponent at deposition the bases for the claims under the policy and/or under the closing protection letter for each of the loans -- which would be extremely tedious and time-consuming. As can be seen, over a month after I wrote my March 5, 2010 letter to Mr. Magnanini he simply responded that plaintiff was making "all claims" against the title insurance defendants based

Honorable Michael A. Shipp
May 20, 2010
Page 2

upon the 223 loans that were identified and that we could obtain copies of the closing service letters from a document repository in this case.

On April 23, 2010 plaintiff's Rule 30(b)(6) deponent, Robert C. Walsh, was deposed. I am enclosing pages 262 - 265, 397 - 399, 409 - 413 and 498 - 501 from that deposition. As can be seen at that deposition the plaintiff's attorney at pp. 411 - 413 specifically <u>conceded</u> that we were entitled for each loan the information we are seeking in paragraphs 4 and 5 of our proposed Case Management Order. Plaintiff's attorney stated:

> "I will be clear that I think you're entitled to that before trial. That's not even an issue to me. The question is, in what manner and at what time, and that's something that we got to look at." Page 412, lines 13 - 18.

Plaintiff's attorney further indicated that he would provide that information to us before the next day of the deposition of the plaintiff.

Now plaintiff's attorney is apparently suggesting that in this insurance coverage case the plaintiff has no obligation in discovery to supply us with copies of the closing protection letters that plaintiff relies upon. Whether or not certain of those letters may be available in defendants' files, there is little question that in discovery in an insurance coverage case it is proper discovery to request that the plaintiff produce the insurance policies and other documents upon which the lawsuit is based. In addition, there is little question that in an insurance coverage dispute it is proper discovery for the insurance defendants to request of the plaintiff the factual bases upon which the plaintiff relies in asserting that there is coverage. Indeed, if one were to adopt the reasoning of plaintiff's counsel in his May 18, 2010 letter to Your Honor the plaintiff could at trial for the first time set forth the facts on any given loan which sets forth the bases that there is coverage under the policies and/or under the closing protection letters. Trial by ambush was abolished many decades ago -- this is basic "core" discovery in any insurance coverage case.

Mr. Magnanini in his May 18, 2010 letter to Your Honor also suggests that we are seeking this information to further delay discovery in this regard. Yet as reflected in the correspondence enclosed we asked for this information in my March 5, 2010 letter. Mr. Magnanini did not respond to the letter for over 30 days -- and then simply indicated that the plaintiff was seeking coverage under all 223 loans rather than supplying the information requested. Moreover, in the initial draft of the Case Management Order that we had presented to plaintiff's attorney before submission of the Case Management Order to Your Honor, we had provided in paragraphs 4 and 5 that plaintiff would supply the information set forth in those paragraphs within 10 days. In discussing the form of the Case Management Order with one of

Honorable Michael A. Shipp
May 20, 2010
Page 3

plaintiff's attorneys (Amy Walker Wagner, Esq.) in an effort to reach agreement on the wording of the Case Management Order, Ms. Wagner requested that we revise our proposed form of Case Management Order so that plaintiff would have 30 days, instead of 10 days, to supply the requested information. Of course, if plaintiff is concerned about delay in discovery (which seems inconsistent with plaintiff's failure to provide information that we requested on March 5, 2010), that can be remedied by requiring that plaintiff supply the information in paragraphs 4 and 5 of our proposed Case Management Order within 10 days rather than within 30 days.

With respect to whether Robert Walsh will be deposed in his individual capacity, we do not believe that this discovery dispute is "ripe" for determination now. That is why our proposed Case Management Order provided (at paragraph 24) that if the defendants' desire to depose Robert Walsh in his individual capacity (and that decision will be made by the defendants after the completion of the Rule 30(b)(6) deposition of Mr. Walsh in his representative capacity) that this dispute will be "ripe" for determination by Your Honor. At that time the parties will also be able to provide the Court with a full record on the issue, i.e., provide the Court with relevant sections of Mr. Walsh's deposition in his capacity as a Rule 30(b)(6) deponent.

For the foregoing reasons we respectfully request that the Court enter the Case Management Order which we submitted with my May 17, 2010 letter to Your Honor.

Respectfully submitted,

David R. Kott

DRK/srv
Enclosures

cc: Robert A. Magnanini, Esq. (w/encs., via electronic filing & fax)
    Edward J. Hayes, Jr., Esq. (w/encs., via electronic filing & fax)
    Martin R. McGowan, Jr., Esq. (w/encs., via electronic filing & fax)
    Vincent P. Manning, Esq. (w/encs., via electronic filing & fax)
    All persons and entities on attached Service List (w/encs., via regular mail)