COPY

# McCARTER & ENGLISH
ATTORNEYS AT LAW

March 5, 2010

**VIA EMAIL & REGULAR MAIL**

Robert A. Magnanini, Esq.
Stone Magnanini LLP
150 JFK Parkway
Short Hills, NJ 07078



Re: <u>Walsh Securities, Inc. v. Cristo Property Management, et al.</u>
Civil Action No. CV 97-3496 (DRD) (MAS)

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

Dear Bob:

A few things.

First, it seems to me that it might be most efficient if the depositions taken during the mediation process could be used as if they were taken during discovery in this case. That would save us all a good deal of time and money, and I seriously doubt any of the deponents would give different testimony if they were deposed a second time than they gave in their depositions that were taken as part of the mediation. For that reason, I am enclosing an Order Allowing Depositions Taken During Mediation to be Used as if Taken During Discovery. You will note that in this Order I have represented that you have no objection to the Order -- but I do not know your position on this issue. Please let me know.

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

Second, in your most recent amended Complaint you indicated that you were making claims on certain of the loans under the policy. I would appreciate it if by return mail you would provide us with which loans/properties you are making policy claims on and the bases for the title claims. If we do not receive that information from you there is a good chance that we will need to explore those issues with Robert Walsh when he gives his Rule 30(b)(6) deposition which undoubtedly would result in our asking Judge Shipp for additional days for that deposition.

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Third, I am unclear whether you are still pursuing this case on the approximate 220 properties/loans that had been in the case at one time. During the mediation process you had seemed to reduce the number of properties/loans that you were pursuing, but I am not holding you to that. I am just trying to get your position, before the depositions begin, as to whether you are only pursuing the loans you had identified during the mediation process.

Fourth, I do not think you have produced closing service letters for the loans on which you are suing. I would request that you provide copies of those letters to us

ME1 9691604v.1

COPY

Robert A. Magnanini, Esq.
March 5, 2010
Page 2

now. Ed Hayes has asked me to ask you to produce them not only for the Commonwealth loans, but for the loans upon which you are suing Fidelity on.

I look forward to hearing from you on these issues.

Very truly yours,


David R. Kott

DRK/srv
Enclosure

cc: Edward J. Hayes, Jr., Esq. (w/enc., via email & regular mail)
    Martin R. McGowan, Esq. (w/enc., via email & regular mail)

ME1 9691604v.1