```
1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
2                    CIVIL NO. 97-3496 (DRD)
3
     ------------------------
4    WALSH SECURITIES,            :
     INC.,                        :
5                                 :
          Plaintiff,              :
6                                 :
          v.                      :
7                                 :
     CRISTO PROPERTY              :
8    MANAGEMENT, LTD., a/k/a      :
     G.J.L. LIMITED; DEK          :
9    HOMES OF NEW JERSEY,         :
     INC.; OAKWOOD                :            ORIGINAL
10   PROPERTIES, INC.;            :
     NATIONAL HOME FUNDING,       :
11   INC.; CAPITAL ASSETS         :
     PROPERTY MANAGEMENT &        :
12   INVESTMENT CO., INC.;        :     CONTINUED
     CAPITAL ASSETS               :     DEPOSITION UPON
13   PROPERTY MANAGEMENT,         :     ORAL EXAMINATION
     L.L.C.; WILLIAM KANE;        :           OF
14   GARY GRIESER; ROBERT         :     ROBERT C. WALSH
     SKOWRENSKI, II;              :
15   RICHARD CALANNI;             :
     RICHARD DI BENEDETTO;        :
16   JAMES R. BROWN; THOMAS       :
     BRODO; ROLAND PIERSON;       :     PAGE 262
17   STANLEY YACKER, ESQ.;        :
     MICHAEL ALFIERI, ESQ.;       :
18   RICHARD PEPSNY, ESQ.;        :
     ANTHONY M. CICALESE,         :
19   ESQ.; LAWRENCE CUZZI;        :
     ANTHONY D'APOLITO; DAP       :
20   CONSULTING, INC.;            :
     COMMONWEALTH LAND            :
21   TITLE INSURANCE CO.;         :
     NATIONS TITLE                :
22   INSURANCE OF NEW YORK,       :
     INC.;                        :
23                                :
                                  :
24                                :
                                  :
25                                :
                                  :
```



Rizman Rappaport Dillon & Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

```
 2        FIDELITY NATIONAL
          TITLE INSURANCE CO. OF      :
 3        NEW JERSEY; COASTAL         :
          TITLE AGENCY; DONNA         :
 4        PEPSNY; WEICHERT            :
          REALTORS and VECCHIO        :
 5        REALTY, INC. D/b/a          :
          MURPHY REALTY BETTER        :
 6        HOMES AND GARDENS,          :
                                      :
 7             Defendants.            :
      ------------------------------
 8
 9
10
11
12            T R A N S C R I P T  of the stenographic
13     notes of HOWARD A. RAPPAPORT, a Notary Public and
14     Certified Shorthand Reporter of the State of
15     New Jersey, Certificate No. XI00416, taken at the
16     offices of MC CARTER & ENGLISH, LLP, Four Gateway
17     Center, Newark, New Jersey, on Friday,
18     April 23, 2010, commencing at 8:35 a.m.
19
20
21
22
23
24
25
```



**Rizman Rappaport Dillon & Rose, LLC**
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

A P P E A R A N C E S:

STONE & MANGANINI
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
BY:   DAVID STONE, ESQ.,
      AMY WALKER WAGNER, ESQ.,
For the Plaintiff

MC CARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-0652
BY:   DAVID R. KOTT, ESQ.,
For Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company

FOX, ROTHSCHILD, O'BRIEN & FRANKEL
997 Lenox Drive
Lawrenceville, New Jersey  08648
BY:   EDWARD J. HAYES, ESQ.,
For Defendants Nations Title Insurance and Fidelity National Title Insurance

METHFESSEL & WERBEL
3 Ethel Road
Suite 300
Edison, New Jersey 08818
BY:   MARTIN R. MC GOWAN, ESQ.,
For Coastal Title Agency



Rizman Rappaport Dillon & Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

# I N D E X

| WITNESS | | PAGE |
|---|---|---|
| ROBERT C. WALSH | | |
| Cross-Examination by Mr. Hayes | | 266 |
| EXHIBITS | DESCRIPTION | FOR IDENT. |
|---|---|---|
| Robert Walsh-7 | Closing instructions | 373 |
| Robert Walsh-8 | Closing service letter | 373 |
| Robert Walsh-9 | Letter via e-mail and regular mail dated March 5, 2010 | 409 |
| Robert Walsh-10 | Letter via e-mail and regular mail dated April 6, 2010 | 409 |
| Robert Walsh-11 | Uniform settlement statement | 420 |
| Robert Walsh-12 | Secondary mortgage loan | 421 |
| Robert Walsh-13 | Wholesale mortgage commitment | 421 |
| Robert Walsh-14 | Contract for sale of real estate | 433 |
| Robert Walsh-15 | Document entitled, "Fidelity National Title" | 433 |
| Robert Walsh-16 | Review checklist | 440 |
| Robert Walsh-17 | HUD 1, Uniform Settlement Statement | 440 |
| Robert Walsh-18 | HUD 1 review form | 448 |
| Robert Walsh-19 | Uniform underwritten transmittal summary form | 448 |
| Robert Walsh-20 | Wholesale mortgage commitment | 453 |
| Robert Walsh-21 | WSI common stock ownership, SEC filing | 476 |



Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

```
 1   enforceability or priority of the lien of your
 2   mortgage.
 3        A     I do not.
 4        Q     Are you willing to acknowledge, sir,
 5   that on the transactions where the mortgages were
 6   recorded, that there was no violation of this
 7   provision of the closing instructions?
 8             MR. STONE:  Object to the form of the
 9   question.  Calls for a legal conclusion.
10             If you know, you can answer.
11        A     I do not.
12        Q     My question was, are you willing to
13   acknowledge that there is no violation on those
14   transactions where the mortgages were recorded?
15        A     Yes.
16        Q     The next section here says, violation --
17   "Failure to comply with closing instructions
18   regarding the obtaining of documents."  Okay.
19             Are you aware of any facts, Mr. Walsh,
20   which would support an argument that the closing
21   attorneys --
22             MR. STONE:  Just hold on a second.
23             That request that you made for him to go
24   do something between this deposition and the next
25   one, please put that in a letter you're going to send
```



Rizman Rappaport Dillon & Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-066
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1  us so we have a record of these discovery requests
2  you're making.
3      I don't want to have to search through
4  the deposition and rely on what I believe you're
5  asking as opposed to what you formally are
6  requesting.
7      MR. HAYES: So there is no question what
8  we are asking, is that there has been a title
9  insurance claim added as part of the fourth amended
10 complaint, and specific requests have been made,
11 identify for us on which property you are making a
12 title insurance claim.
13     MR. STONE: Okay.
14     MR. HAYES: The response to date has
15 been all 220. We don't believe that's what you
16 really mean.
17     Parts of what we want to know is which
18 files are you making title claims on and what is the
19 basis for the claim.
20     If you can supply that to us --
21     MR. STONE: If you send it to me in a
22 letter, we'll do what we can before the next
23 deposition.
24     If for some reason there is an issue,
25 we'll discuss it with you.



Rizman
Rappaport
Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650  Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1    MR. KOTT: After the break we'll mark as
2 identification the letter I already sent asking for
3 that and the response I got.
4    So we already sent a letter, but you,
5 Mr. Stone, you are covering for your partner. You
6 may not have seen it, but I'll bring it in after
7 lunch.
8    MR. STONE: That's fine, and I
9 appreciate it. Again, you asked a question here, and
10 that's why I want to have that embodied in a letter.
11    That being said, we can certainly --
12    MR. KOTT: My letter was sent before
13 Mr. Walsh appeared before his first deposition. This
14 is not a new subject.
15    MR. STONE: I understand what you're
16 saying.
17    You can proceed.
18  Q    Mr. Walsh, I think the question that was
19 interrupted was, have you learned any facts in your
20 investigation that would support an argument that any
21 of the closing attorneys failed to comply with
22 written closing instructions as it relates to the
23 obtaining of documents necessary to establish title
24 or the liens on the properties?
25  A    It just gets back to I don't know how



**Rizman**
**Rappaport**
**Dillon&Rose, LLC**
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

```
 1     A     I don't think they did.
 2     Q     As for all of the mortgages that were
 3  foreclosed, Mr. Walsh, will you agree with me that
 4  those mortgages were in fact valid and enforceable?
 5           MR. STONE:  Object to the form of the
 6  question.
 7           You can answer it as to your lay
 8  understanding.
 9     A     I don't know the answer to that.
10     Q     And will you agree with me, Mr. Walsh,
11  that you have no claim under paragraph one for those
12  mortgages that were in fact successfully foreclosed?
13           MR. STONE:  Object to the form of the
14  question.  Calls for a legal conclusion.
15     A     I don't know the answer.
16           MR. HAYES:  You need five?  Yes.
17           (Recess at 11:35 a.m.)
18           (Deposition resumes at 11:50 a.m.)
19           (Exhibits marked for identification
20  Robert Walsh-9, Letter via e-mail and regular mail
21  dated March 5, 2010; Robert Walsh-10, Letter via
22  e-mail and regular mail dated April 6, 2010.)
23           MR. HAYES:  Let's just go back on the
24  record.
25           Mr. Stone, prior to the deposition we
```


Rizman Rappaport Dillon & Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650  Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1  had some discussions about the requests that had been
2  made regarding the title claims and the fact that
3  there was a letter.
4      I've had marked as Walsh Exhibit 9 a
5  March 5, 2010 letter from Mr. Kott to Mr. Magnanini
6  in which there was a specific request for information
7  regarding the number of properties on which title
8  claims were being pursued, asking for identification
9  as to those properties and the claim.
10     I show you that as Exhibit 9 dated
11 March 5th, I believe, and indicating that that
12 information wasn't supplied prior to the deposition,
13 that we would find it necessary to explore that
14 information with your 30(b)(6) witness.
15     That letter was not responded to until
16 April 6 in a letter that has been marked Walsh
17 Exhibit 10, at which time we were advised that Walsh
18 was making all claims against the title companies
19 based upon the 223 loans that were originally
20 identified.
21     In spite of our request almost two
22 months ago that you identify the files on which title
23 claims are being made, we don't have that
24 identification and don't have a 30(b)(6) witness that
25 indicates that he can answer those questions.



Rizman Rappaport Dillon & Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1  So I spoke with Mr. Kott out of the
2  room, and I don't know that we feel any more detailed
3  request that we can make other than what has already
4  been made in a letter to your office on March 5th.
5       We would expect that prior to the next
6  deposition, that your office supplies us with a
7  listing of the cases on which title, or transactions
8  on which title claims are made or your witness is in
9  a position to be able to answer those questions.
10       MR. STONE:  I'll tell you what I will
11  do.
12       I'll ignore the request you made to this
13  witness.  I'm going to review this request that you
14  have given me, and I will get back to you as to
15  whether we are going to give you a written response
16  substantively responding to this or the witness will
17  respond to it, and whether we won't, and if we won't,
18  I'll give you a reason why we won't.  How is that?
19       MR. KOTT:  Let me give you my position.
20       It is okay with me if it comes through
21  the 30(b)(6) witness, but that may become burdensome
22  for 220 loans, to tell us all the facts on each loan
23  on which you base a title claim or closing protection
24  letter claim.
25       I'm entitled to know that before we get



Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1    to trial for each of the loans.
2            A less cumbersome way to do it, loan by
3    loan we get a letter from you or something that will
4    bind you at the time of trial that says on the Smith
5    loan we make a policy claim and the basis for the
6    claim -- this is a policy claim we make, and the
7    factual basis is X, Y and Z.
8            Then I can prepare for trial and I'm
9    okay.
10           It does not have to come necessarily
11   through the 30(b)(6) -- I'm only speaking for
12   myself -- as long as I get it.
13           MR. STONE:  I will be clear that I think
14   you're entitled to that before trial.  That's not
15   even an issue to me.
16           The question is, in what manner and at
17   what time, and that's something that we got to look
18   at.
19           MR. KOTT:  What I was trying to say to
20   you is I will work with you to try to make it not
21   cumbersome, less cumbersome as we can.
22           MR. STONE:  I appreciate that.
23           MR. HAYES:  I think our preference is
24   not to waste 30(b)(6) time by going through all of
25   the transactions.

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

```
 1           MR. KOTT:  Yeah, we will be here
 2   forever.
 3           MR. HAYES:  If you will provide us with
 4   a list that will enable us to hone in on what
 5   questions we have to ask you about any particular
 6   title claim.  We are at a tremendous disadvantage,
 7   with a month and a half passing, that we still don't
 8   know what transactions you are making title claims
 9   on.
10           MR. STONE:  I understand your position.
11   We'll get back to you before the next day of
12   deposition.
13   BY MR. HAYES:
14       Q     All set, Mr. Walsh?
15       A     I am, thank you.
16       Q     Do you still have before you the closing
17   service letter marked as Walsh-8?
18       A     I do.
19       Q     Mr. Walsh, prior to the discovery of the
20   fraud, had you reviewed any of the closing service
21   letters in the case?
22       A     Personally?
23       Q     Yes.
24       A     No.
25       Q     You believe someone from Walsh did?
```



Rizman Rappaport Dillon & Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1  hired attorneys.
2           You now asked four questions based on
3  the assumption they hired attorneys.
4           There is no way for him to answer these
5  questions.  He said he doesn't know whether they
6  hired attorneys.
7      Q    Mr. Walsh, are you aware of any letters
8  that actually set forth to the title company title
9  claims and losses sustained as a result of those
10 title claims by Walsh?
11     A    The claims, yes, I'm not sure if the
12 losses -- I'm not sure.
13     Q    Separate and apart from the closing
14 protection letters is what I'm talking about.
15     A    Oh, no.
16     Q    Okay.
17          MR. KOTT:  This is what we are striking
18 for, Mr. Hayes and I.
19          We are good listeners.  You said we are
20 entitled to get the basis for the title claims, and
21 all of that basis before trial.
22          We would like to get it before we close
23 out the deposition of Mr. Walsh.
24          What I mean by that close out, there is
25 going to be another session at some point, I don't


Rizman
Rappaport
Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1  know when, two, three, four, five weeks. We would
2  like to get it before then.
3           I fully understand that if you're going
4  to get it to us, it's going to take you some time to
5  get it.
6           MR. STONE: Right.
7           MR. KOTT: All I'm asking at this point
8  is, can we have agreement that before we close out
9  the deposition of Mr. Walsh as a Rule 30(b)(6)
10 deposition, that you will either get us the
11 information, the information being which loans you
12 assert closing protection claims, the bases,
13 b-a-s-e-s, which loans you assert total claims, and
14 the bases, b-a-s-e-s, the facts on which you allege
15 or what the claims are. Or that you will get back to
16 us and say you don't want to do it in writing, you
17 would prefer that we do it orally with Mr. Walsh as a
18 30(b)(6).
19          That's what Mr. Hayes and I are
20 struggling with, getting agreement from you that
21 before we close out or end the 30(b)(6) dep that we
22 have.
23          MR. STONE: Most of the questions that
24 you have left relating to those issues --
25          MR. HAYES: There are other issues that



**Rizman Rappaport Dillon & Rose, LLC**
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1  are going to take more than 15 minutes.
2         That's why I called him out.  I am
3  struggling with the concept of somehow getting from
4  you a list of title claims after his deposition has
5  been closed.
6         That's why I've been asking him
7  questions, which, quite frankly, would be very easily
8  answered if we had the list, but I'm sort of
9  anticipating trying to box him in a little bit on
10 what the title claims are when we don't know what
11 they are.
12        David's suggestion is a good one.  We
13 are not saying how you should do it.
14        MR. STONE:  Let me make this suggestion.
15 Ask questions unrelated to the title claims for 15
16 more minutes if, if you have them, and by the end of
17 next week we'll try to get back to you and at least
18 tell what you our thinking is on this.
19        What I'll agree to, I'm not going to
20 agree to extend any more hours than we have --
21        MR. KOTT:  I wasn't asking you to do
22 that.
23        MR. STONE:  We can extend the date when
24 he comes back until we reach some resolution on this.
25        MR. KOTT:  I don't mean to ask questions


Rizman
Rappaport
Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

1  like I'm a judge asking questions, but can you, by
2  the end of next week, get to us whether you will get
3  us the information in writing, and if so, when you
4  target to get it to us?
5          MR. STONE:  That's what I was saying, we
6  would try to do, yes.  At least we'll tell you where
7  we are on it, and we can figure out if, you know,
8  we'll try to get back to you on both those things by
9  next week.
10         If we can't, we'll tell you when we can.
11    Q     You had testified previously, Mr. Walsh,
12 that there were certain reps and warranties that you
13 had made as part of the merger that would have or
14 could have resulted in repercussions to you had there
15 been fraud, correct?
16    A     Fraud in the transaction?  Fraud in the
17 representations that was being made?  Fraud in what
18 was being disclosed?  Fraud in material items?
19         If there were two loans that had fraud
20 in it, no, that would not have been a material
21 effect.
22         There was a ten percent holdback to
23 handle issues that were unaccounted for on our
24 balance sheet.  So we were holding back the
25 equivalent of, at the time, $30 million that were



Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com