

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

June 4, 2010

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

**VIA ELECTRONIC FILING & FAX**

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07102

Re:  <u>Walsh Securities, Inc. v. Cristo Property Management, et al</u>.
United States District for the District of New Jersey
Civil Action No. 97-3496 (DRD)

Dear Judge Shipp:

We represent the defendant/third-party plaintiff Commonwealth Land Title Insurance Company in this case. I write about a discovery dispute.

On June 2, 2010 co-defendant Michael Alfieri, Esq. was deposed. In the Complaint and in all of the four Amended Complaints the plaintiff alleged RICO claims against Mr. Alfieri -- alleging that Mr. Alfieri was involved in the real estate frauds that form the basis of plaintiff's Complaint. In the Complaint and in the Amended Complaints the plaintiff made very specific allegations against Mr. Alfieri concerning his involvement with the frauds.

Thereafter, the plaintiff settled with Mr. Alfieri. However, we (along with certain of the other defendants) have filed crossclaims against Mr. Alfieri, and putting aside the crossclaims, at the time of trial certain of the defendants may argue that Mr. Alfieri (along with certain of the other settled defendants) were responsible for plaintiff's losses.

On June 2, 2010 I deposed Mr. Alfieri. At the deposition I asked Mr. Alfieri about the terms of his settlement with the plaintiff. Mr. Alfieri's attorney, Edward Bertucio, Esq., stated at the deposition that despite the fact that the settlement agreement between the plaintiff and Mr. Alfieri had a confidentiality provision he was willing to waive any confidentiality provisions of that settlement agreement. However, plaintiff's attorney was not willing to waive the confidentiality provisions of the settlement agreement between the plaintiff and Mr. Alfieri, which resulted in Mr. Bertucio instructing Mr. Alfieri not to answer any of the many questions I posed to him about the terms of the settlement between the plaintiff and Mr. Alfieri.

ME1 10091822v.1

Honorable Michael A. Shipp
June 4, 2010
Page 2

Clearly the terms of the settlement agreement are discoverable. Here, we have a situation in which it appears that a defendant has "flipped" in return for dismissal of the lawsuit. The terms of the settlement agreement clearly impact upon the credibility of Mr. Alfieri. We would note in this regard that the discovery dispute with Mr. Alfieri is very similar to the pending discovery dispute before Your Honor concerning the discoverability of the settlement of co-defendant Robert Skowrenski with the plaintiff. In the Complaint and in the Amended Complaints the plaintiff made very specific allegations against Mr. Skowrenski and his company, co-defendant National Home Funding ("NHF") -- that Skowrenski and NHF were RICO defendants that were intimately involved with the frauds at issue in this case. Despite those allegations, the plaintiff has settled with Mr. Skowrenski and NHF. When we deposed plaintiff's Rule 30(b)(6) deponent, Robert Walsh, he "backed away" from the very specific allegations against Mr. Skowrenski contained in plaintiff's detailed Complaints -- he claimed that Walsh really did not know whether Mr. Skowrenski was involved in the fraud.

We very recently deposed Mr. Skowrenski. When these frauds became public back in 1997 Mr. Skowrenski's then attorney was quoted in the newspaper stating that Robert Walsh and the Walsh family were involved with the frauds at issue in this case. At his deposition Mr. Skowrenski claimed that he had no knowledge of the Walsh family being involved in the frauds or what his then attorney was referring to back in 1997 when his then attorney was quoted in the press as stating that the Walsh family was involved in the frauds. Hence, like Mr. Alfieri, Mr. Skowrenski has also "flipped". At the very recent deposition of Mr. Skowrenski we inquired as to the terms of the settlement between the plaintiff and Mr. Skowrenski/NHF. As with Mr. Alfieri, it appeared that Mr. Skowrenski's attorney (Vincent Manning, Esq.) did not have an objection to waiving any confidentiality provision of the settlement between the plaintiff and Mr. Skowrenski/NHF. On the other hand, at the deposition plaintiff's counsel invoked the confidentiality provision, which resulted in Mr. Skowrenski's attorney (Vincent Manning, Esq.) instructing Mr. Skowrenski not to answer questions we had posed concerning the terms of his settlement with the plaintiff.

In this situation, clearly the settlements that plaintiff reached with Messrs. Alfieri and Skowrenski are discoverable. They affect the credibility of those defendants, and they may include provisions which would lead to the discovery of admissible evidence concerning the involvement of the Walsh family in the frauds. In addition, the defendants would be entitled to a credit for any money or other consideration paid by Messrs. Alfieri and Skowrenski to the plaintiff, *i.e.*, if there were a jury verdict against the non-settling defendants those non-settling defendants would be entitled to certain credits for any monies or other consideration paid to the plaintiff in settlement by Messrs. Alfieri and Skowrenski.

For the foregoing reasons we respectfully request that the Court enter an Order compelling Messrs. Alfieri and Skowrenski to respond to questions at depositions

ME1 10091822v.1

Honorable Michael A. Shipp
June 4, 2010
Page 3

concerning the terms of any settlement reached as well as the negotiation of those terms.

Respectfully submitted,

David R. Kott

DRK/srv

cc: Robert A. Magnanini, Esq. (via electronic filing & fax)
 Edward J. Hayes, Jr., Esq. (via electronic filing & fax)
 Martin R. McGowan, Jr., Esq. (via electronic filing & fax)
 Vincent P. Manning, Esq. (via electronic filing & fax)
 Edward C. Bertucio, Jr., Esq. (via electronic filing & fax)
 All persons and entities on attached Service List (via regular mail)

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ET AL
## CIVIL ACTION NO. 97-3496 (DRD)

Robert A. Magnanini, Esq.
Stone Magnanini, LLP
150 John F. Kennedy
Short Hills, NJ 07078
**Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh**

Vincent P. Manning, Esq.
Manning, Caliendo & Thomson
36 West Main Street
Freehold, NJ 07728
**Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II**

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
**Attorneys for Defendant Coastal Title Agency**

Edward C. Bertucio, Jr., Esq.
Hobbie, Corrigan, Bertucio & Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
**Attorney for Defendant Michael Alfieri, Esq.**

Robert J. Reilly, III, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ 07974
**Attorney for defendant Michael Alfieri, Esq. on the Sixth Count**

Mark W. Catanzaro, Esq.
Blason IV
Suite 208
513 Lenola Road
Moorestown, New Jersey 08057
**Attorney for defendants Richard Pepsny and Donna Pepsny**

Stephen Balsamo, Esq.
Garrity, Graham, Murphy, Garofalo & Flinn, P.C.
72 Eagle Rock Avenue, Suite 350
P.O. Box 438
East Hanover, NJ 07936
**Attorney for Defendant Anthony M. Ciccalese (on certain counts of the Complaint)**

ME1 2304466v.1

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica
**Pro se (on certain counts of the Complaint)**

Edward J. Hayes, Jr., Esq.
Fox, Rothschild, O'Brien & Frankel
2000 Market Street
10th Floor
Philadelphia, Pennsylvania 19103-3291
**Attorney for Defendants Fidelity National Title Insurance and Nations Title Insurance**

Pasquale Menna, Esq.
Menna, Supko & Nelson, LLC
830 Broad Street, Suite B
Shrewsbury, NJ 07702
**Attorneys for Defendant Roland J. Pierson**

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
210 Park Avenue, #3
Florham Park, NJ 07932-1012
**Attorneys for Defendant Weichert Realtors**

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey 07666

James R. Brown, Pro Se
7 Pamela Road
East Brunswick, NJ 08816-4418

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
3 Loller Drive
Martinsville, NJ 08836

Stanley Yacker, Esq., Pro Se
6 Swimming River Court
Barnegat, NJ 08005-5624

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, FL 33707