Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Walsh Securities, Inc., : | |
| : | |
| Plaintiff, : | Civil Action No. 97-3496 (DRD)(MAS) |
| v. : | |
| : | |
| Cristo Property Management, Ltd., et al., : | **OPINION & ORDER** |
| : | |
| Defendants. : | |

**THIS MATTER** comes before the Court upon Robert Skowrenski, II and National Home Funding, Inc.'s ("Defendants") motion for leave to file a certain exhibit under seal. (Doc. No. 366.) The exhibit was submitted in support of Defendants' Motions to Enforce Settlements and Dismiss all Claims. (Doc. Nos. 354/365 and 359.) Plaintiff Walsh Securities, Inc. ("Plaintiff") supports the permanent removal of the exhibit from the docket (Doc. Nos. 371 and 386), while Defendant Commonwealth Land Title Insurance Company ("Commonwealth") opposes the Motion to Seal. (Doc. No. 383.)

### I.  Summary of the Facts

The parties are well-versed in the underlying facts of this litigation. As such, the Court will address only those facts relevant to the instant motion. Plaintiff filed its Fourth Amended Complaint ("FAC") on July 10, 2009. (Doc. No. 302.) While Plaintiff initially proposed streamlining the caption because the number of defendants could be reduced due to settlements, judgments or dismissals, the FAC ultimately named all original defendants. Confusion arose from the fact that Defendants were still listed in the caption of the FAC, despite having settled with Plaintiff. However, because of the settlement, Plaintiff could not and did not assert new

claims against Defendants in the FAC. (*See* Stipulation and Order of Dismissal, Doc. Nos. 218 and 351.) Defendants nonetheless assumed that new claims had been alleged against them and filed Motions to Enforce Settlement and Dismiss all Claims in early November 2009. (Doc. Nos. 354/365 and 359.) In support of these motions, Defendants attached the parties' confidential settlement agreement (hereinafter "Exhibit D"). Because of the confidential nature of Exhibit D, the Court issued a Temporary Order to Seal pursuant to Local Civil Rule 5.3(c)(6), and required Defendants to file a formal Motion to Seal the document in accordance with Local Civil Rule 5.3. (Doc. No. 364.) Upon clarification of the confusion, Defendants' Motions to Enforce Settlements and Dismiss all Claims were terminated in mid-November 2009. (*See* Doc. Nos. 369 and 370.)

## II.    Legal Standard & Analysis

Under Local Civil Rule 5.3(c)(2), prior to granting a motion to seal, the Court must be satisfied that the following factors have been demonstrated and described:

(a)    the nature of the materials or proceedings at issue,

(b)    the legitimate private or public interests which warrant the relief sought,

(c)    the clearly defined and serious injury that would result if the relief sought is not granted, and

(d)    why a less restrictive alternative to the relief sought is not available.

The only document that Defendants seek to maintain under seal is Exhibit D, a confidential settlement agreement between Plaintiff and Defendants. Pursuant to Local Civil Rule 5.3(d)(2), "[a]ny settlement agreement filed with the Court or incorporated into an order shall, absent an appropriate showing under federal law, be deemed a public record and available

for public review." Generally, settlement agreements are not filed with the Court.[1]

Defendants set forth the relevant 5.3(c)(2) factors in the Certification and Letter Brief attached to their Motion to Seal, including their conclusion that there is "no less restrictive alternative to the relief sought available." (Doc. No. 366.) Plaintiff provides compelling rationale that supports removal of Exhibit D from the docket by asserting that removing Exhibit D from the docket would be the least restrictive alternative available to prevent injury to the Plaintiff. (Pl.'s Ltr. 2, Doc. No. 371.) In support of this argument, Plaintiff notes that Defendants' Motions to Enforce Settlements and Dismiss all Claims were unnecessary since Plaintiff is no longer asserting any claims against Defendants. (*Id.*) Moreover, by publicly filing Exhibit D, Defendants violated the confidentiality provisions of the agreement and subjected themselves to the liquidated damages provision in the settlement agreement. (*Id.*) Therefore, because Exhibit D had no relevance to Defendants' motion and was filed in error, the least restrictive alternative to avoid injury would be to remove it from the docket.

Commonwealth opposes the Motion to Seal, asserting generally that the Rule 5.3(c)(2) criteria were not satisfied in either Defendants' or Plaintiff's papers. Commonwealth also mentions that certain parties wish to reference Exhibit D in depositions. (Commonwealth's Ltr. 1, Doc. No. 383.) In response, Plaintiff notes that Commonwealth does not specifically address why the Rule 5.3 factors were ostensibly not met. (Pl.'s Ltr. 2, Doc. No. 386.) Plaintiff further posits that the only fact possibly relevant to the current litigation with regard to Exhibit D is the existence of a settlement, which is evident from other publicly filed documents. (*Id.*)

---

[1] Notably, Local Civil Rule 5.3(d)(1) states that "[n]o party or parties shall submit a proposed settlement agreement for approval by a Judge or Magistrate Judge unless required to do so by statute or other law or for the purpose of retaining jurisdiction." Because all claims asserted by Plaintiff against Defendants were dismissed with prejudice prior to the Defendants' Motions to Enforce Judgment and Dismiss all Claims, the filing of Exhibit D was extraneous.

Denying the Motion to Seal outright would disclose the confidential terms of Exhibit D to the public. While there is a strong presumption that records of judicial proceedings should be public information, private interests can outweigh that public interest when justice so requires, particularly when, as in the instant matter, the case involves private litigants and encompasses matters of little legitimate public interest. *See, e.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-790 (3d Cir. 1994); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). Here, the public's interest in Exhibit D, a contract between two private parties, is minimal. Indeed, the parties entered into a voluntary Stipulation of Dismissal. (*See* Doc. No. 386.) Further, the confidentiality of a settlement agreement is important because it protects litigation strategy and promotes more settlements. Finally, any party that desires to reference the content of the settlement agreement should file an application for the Court's consideration.[2]

### III. Conclusion

The Court has carefully considered the arguments set forth in the pleadings. The Court finds that an appropriate showing has been made pursuant to Rule 5.3(c)(2). Furthermore, the Court is persuaded that the permanent removal of Exhibit D is the most appropriate means to restrict public access to the settlement agreement. Therefore, based on the foregoing and for other good cause shown,

IT IS on this 30th day of **June, 2010,**

**ORDERED** that Defendants' Motion to Seal is granted. The Clerk's Office shall permanently remove Exhibit D from the docket.

s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In fact, this issue is currently before the Court. The Court will address the application separate from the motion to seal.