# STONE ▧ MAGNANINI
LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

July 14, 2010

**VIA CM/ECF, E-MAIL, and U.S. MAIL**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07101

Re: *Walsh Securities, Inc. v. Cristo Property Management, LTD, et al.*
Civil Action No. 97-3496 (DRD/MAS)

Dear Judge Shipp:

We represent Plaintiff Walsh Securities Inc. ("WSI") in the above entitled action. Pursuant to Your Honor's July 1, 2010 Text Order, we provide this letter regarding the current status of discovery in the case. All parties represented by counsel and Richard Calanni, *pro se*, agree with the contents of this report.

As we previously informed the Court, counsel have successfully narrowed down the number of deponents from potentially taking 150 depositions. Given the various schedules of counsel and the availability of certain witnesses, however, setting dates for these depositions has been somewhat more difficult in this case than in others because of certain defendants who no longer reside in New Jersey and will not return to New Jersey, and other defendants who were jailed as a result of the allegations brought to the U.S. Attorney's Office by Walsh Securities. Counsel have worked together to ensure that the depositions take place in a timely manner even if an attorney's schedule prevented their attendance – in some instances, attorneys have even agreed to not attend certain depositions. Despite these good faith efforts, there have been instances where counsel for deponents or the deponents themselves have needed postponements. Certain other witnesses decided to retain counsel in the days before their scheduled deposition which necessitated the rescheduling of their depositions.

At this time, 12 depositions are concluded and 5 are scheduled through the middle of August: including depositions of persons residing in Florida and Costa Rica. However, the parties are still attempting to schedule approximately 6 other depositions. Additionally, Plaintiff

is having difficulty locating several witnesses who previously worked for defendants as well as other fact witnesses. The parties believe that they will continue to work diligently to conclude the outstanding depositions and be able to conclude fact discovery by September 30, 2010.

In addition, the parties have certain disputes pending before Your Honor. First, the parties are awaiting the Court's rulings concerning the form of the Case Management Order submitted on May 17, 2010. See, Document No. 388 filed 05/20/10, Document No. 389 filed 5/18/20, Document No. 390 filed 05/20/10 and Document No. 391 filed 05/20/10. That Order addresses certain issues such as the requirement that Plaintiff respond to requests by Defendants regarding the ability to use certain witness statements obtained by Plaintiff as part of an internal investigation (some of which may already have been used by the Defendants), the specificity with which Plaintiff must identify its breach of contract and title claims under the title policies and the Closing Protection Letters, and whether Robert Walsh can be deposed in his individual capacity at the conclusion of the two days of his 30(b)(6) deposition.

Second, the parties are awaiting the Court's decision on whether the parties can inquire at the completed depositions as to the terms of the settlement between the Plaintiff and co-defendants Robert Skowrenski, II and National Home Funding. Document No. 392 filed 06/04/10 and Document No. 393 filed 06/11/10. As Your Honor is aware, your decision on the Motion to Seal did not address the Defendants' right to inquire as to the terms of the settlements. The ability to inquire regarding settlement agreements also arose in the completed deposition of Michael Alfieri.

Third, Plaintiff has proposed to streamline this case through its request that the Court *sua sponte* dismiss all cross claims for indemnification and contribution for the reasons set forth in Opinions already entered by both District Court Judges in this action. Mr. Skowrenski and National Home Funding joined in this request, which is opposed by the title defendants. Although Mr. Calanni has not submitted a written response to the Court, he advised counsel for Plaintiff earlier today that he also joins in Plaintiff's request to dismiss *sua sponte* all cross claims by the title companies based on the law of the case.

Next, although not previously raised with Your Honor, the title defendants have advised us that they would request that the Court set a deadline for Plaintiff to produce the following documents, all of which have previously been requested:

1. Copies of all of Plaintiff's documents in the document repository (other than loan files of Walsh for any loans insured by Fidelity or Nations);

2. Any private placement memoranda for any of the securities into which fraudulent loans were placed;

3. Any quality control reports that Plaintiff's Rule 30(b)(6) deponent, Robert Walsh, has reviewed;

4. Any quality control directives that Mr. Walsh has reviewed;

5. The draft of the merger agreement between plaintiff and RBMG;

6. A complete copy of the actual merger agreement including any attachments;

7. Any and all writings (including but not limited to any legal bills/expenses) for any legal fees/expenses that Plaintiff is seeking in this matter;

8. An identification of any documents that defendants could review to determine on which of the 220 loans there were review appraisals;

9. Copies of any review appraisals for any of the loans at issue in this case;

10. The corporate books and records of Walsh Securities;

11. Appraisals done by Walsh after the fraud;

12. All Walsh underwriting guidelines/directives;

13. Copies of any agreements that Walsh had with Greenwich; and

14. Any correspondence/communications from Greenwich raising concerns on lack of control or raising concerns about underwriting and/or appraisals.

Likewise, the title defendants are deficient in their responses to discovery requests previously made by Plaintiff. Defendant Commonwealth Land Title's Rule 30(b)(6) witness, Donna Sullivan, testified that she had reviewed numerous documents in preparation for her deposition, despite the fact that Commonwealth had only produced 152 pages of documents in February 1998. Ms. Sullivan further testified that she was unable to answer certain questions directly pertaining to those documents because she did not have them in her possession at the time of her deposition. In response, by letter dated June 11, 2010, Plaintiff renewed its request for the production of documents and specifically cross-referenced the documents that Ms. Sullivan testified she had reviewed with Plaintiff's prior requests that were served in 2005 and 2008. As set forth below, these documents directly relate to the claims and defenses in this litigation:

1. A copy of Commonwealth's document retention policy. Ms. Sullivan testified that she reviewed a retention memo from 1999 in preparation for her deposition. *See* Document Request No. 46.

2. A list of individuals with whom Ms. Sullivan consulted in preparation for her deposition and the topics that they discussed. *See* Document Request Nos. 23 & 24; Interrogatory Nos. 1 & 6.

3. A copy of Commonwealth's claims manual. Ms. Sullivan testified that she reviewed a copy of the 1997 claims manual in preparation for her deposition. *See* Document Request No. 14.

4. A copy of Commonwealth's termination letter to Coastal Title Agency, which Ms. Sullivan testified that she also reviewed. *See* Document Request Nos. 3 & 22.

5. Ms. Sullivan was unsure whether Commonwealth's National Processing Center ("NPC") still exists. If the NPC still exists, please produce any documents relevant to this litigation in its possession. *See* Document Request Nos. 6, 7, 12, 14, 40, 41, 42.

6. A copy of the memorandum that Ms. Sullivan received from Gary Hamm concerning closing protection letters, which she testified she reviewed.

7. A copy of Commonwealth's "approved/disapproved" attorney lists since 1996, which Ms. Sullivan testified was chronological and continuous. *See* Document Request No. 15; Interrogatory No. 21.

8. Copies of all correspondence from Commonwealth, or its attorneys, to Walsh Securities, or its attorneys, with respect to any of the properties at issue in this litigation. *See* Document Request Nos. 35, 36, 37.

9. Copies of all communications with Coastal Title Agency, including memoranda relating to those communications, concerning Walsh Securities or any property at issue in this litigation. *See* Document Request Nos. 11, 15, 22.

10. A copy of any joint defense agreements among any parties in this litigation. *See* Document Request No. 11; Interrogatory No. 18.

11. A copy of Commonwealth's agency file with respect to Coastal Title Agency. *See* Document Request No. 22.

12. State whether Commonwealth's financial data and other electronic information was integrated or could have been integrated with Fidelity's electronic database.

13. State whether Commonwealth's New Jersey claims department received any information from NPC regarding Walsh Securities during its claims investigation. *See* Document Request Nos. 7, 12, 39.

14. State whether Commonwealth is in possession of any of the documents that were originally sent to NPC.

15. Identify all payments or premiums that Commonwealth received from Walsh Securities during 1996 – 1997, and state whether those payments were for title insurance policies or closing protection letters, or both. *See* Document Request Nos. 12, 13, 15, 32, 33; Interrogatory No. 20.

16. Identify the number of title insurance policies and closing service letters issued on properties funded by Walsh Securities between 1996 and 1998. *See* Document Request Nos. 1, 4, 7, 12, 35; Interrogatory No. 20.

17. State whether Commonwealth has paid, or offered to pay, any claims or settlement proceeds on behalf of any other defendant in this case, or whether Commonwealth has demanded settlement from any party in this litigation. *See* Document Request Nos. 2, 3, 9, 11, 15; Interrogatory No. 17.

18. A copy of the settlement agreement and all related correspondence with Robert Skowrenski and/or National Home Funding in the action entitled *Skowrenski v. Coastal Title Agency, Inc., et al.*, filed in the Superior Court of New Jersey, Monmouth County, Law Division.

19. A copy of all correspondence and filings related to any properties at issue in this litigation for which Commonwealth claims that it processed or resolved claims made by Walsh Securities, Temple Inland or Banker's Trust.

Plaintiff also has outstanding requests to Defendant Fidelity National Title. Although counsel for Fidelity advised Plaintiff's counsel today that it is presently attempting to collect the documents related to Plaintiff's request, the request was made in May for the production of certain materials in advance of Fidelity's Rule 30(b)(6) deposition. In that regard, to the extent that Fidelity intends to identify the same witness as Commonwealth (Ms. Donna Sullivan, Esq.) for its 30(b)(6) deposition, then it is imperative that both Commonwealth and Fidelity produce these materials well in advance of Fidelity's Rule 30(b)(6) deposition to avoid the current situation the parties now must face – the possible continuation of Commonwealth's Rule 30(b)(6). Therefore, Plaintiff intends to request that the Court set a deadline for the production of all documents referenced above.

Finally, the title defendants intend to ask that the Court set a deadline for Plaintiff to respond to letters dated April 27, 2010 and May 27, 2010 concerning what they believe to be transcription errors in two depositions of Plaintiff's Rule 30(b)(6) deponent.

We thank Your Honor for your kind attention to this matter.

Respectfully submitted,

s/
Robert A. Magnanini

Honorable Michael A. Shipp
July 14, 2010
Page 6 of 6

cc: David Kott (via CM/ECF only)
Edward J. Hayes (via CM/ECF only)
Martin McGowan (via CM/ECF only)
Vincent Manning (via CM/ECF only)
Richard Calanni (via e-mail)
Richard DiBenedetto (via U.S. Mail)