EXHIBIT  C

FOX, ROTHSCHILD LLP
FORMED IN THE COMMONWEALTH OF PENNSYLVANIA
BY:     EDWARD J. HAYES (EJH-9808)
            DAVID H. COLVIN, ESQUIRE (DHC-9909)
P. O. BOX 5231
PRINCETON, NJ  08543-5231
TEL. (609) 896-3600
FAX (609) 896-1469

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 97-3496 (DRD)(MAS) |
| v. | : | |
| | : | |
| CRISTO PROPERTY MANAGEMENT, LTD., | : | |
| a/k/a G.J.L. LIMITED, DEK HOMES OF NEW | : | |
| JERSEY, INC., OAKWOOD PROPERTIES INC., | : | |
| NATIONAL HOME FUNDING, INC., CAPITAL | : | |
| ASSETS PROPERTY MANAGEMENT & | : | |
| INVESTMENT CO., INC., CAPITAL ASSETS | : | |
| PROPERTY MANAGEMENT, L.L.C., | : | **ANSWER TO FOURTH AMENDED** |
| WILLIAM J. KANE, GARY GRIESER, ROBERT | : | **COMPLAINT, SEPARATE DEFENSES,** |
| SKOWRENSKI, II, RICHARD CALANNI, | : | **ANSWERS TO CROSS CLAIMS,** |
| RICHARD DIBENEDETTO, JAMES R. BROWN, | : | **CROSS CLAIM, THIRD PARTY** |
| THOMAS BRODO, RONALD J. PIERSON, | : | **COMPLAINT AND JURY DEMAND** |
| STANLEY YACKER, ESQ., MICHAEL ALFIERI, | : | |
| ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. | : | |
| CICALESE, ESQ., LAWRENCE M. CUZZI, | : | |
| ANTHONY D'APOLITO, DAP CONSULTING, | : | |
| INC., COMMONWEALTH LAND TITLE | : | |
| INSURANCE COMPANY, NATIONS TITLE | : | |
| INSURANCE OF NEW YORK INC., FIDELITY | : | |
| NATIONAL TITLE INSURANCE COMPANY | : | |
| OF NEW YORK, COASTAL TITLE AGENCY, | : | |
| and STEWART TITLE GUARANTY | : | |
| COMPANY, IRENE DiFEO, DONNA PEPSNY, | : | |
| WEICHERT REALTORS, AND VECCHIO | : | |
| REALTY, INC. D/B/A MURPHY REALTY | : | |
| BETTER HOMES and GARDENS, | : | |
| Defendants | : | |

Defendants, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York (hereafter collectively referred to as "Answering Defendants"), by way of Answer to the Fourth Amended Complaint, say:

1. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Fourth Amended Complaint. To the extent that these allegations are conclusions of law, no responsive pleading is required. To the extent that these allegations are directed at Answering Defendants or otherwise seek to impose liability upon Answering Defendants, the allegations are denied.

## AS TO "PARTIES"

2. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Fourth Amended Complaint.

3. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Fourth Amended Complaint.

4. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Fourth Amended Complaint.

5. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Fourth Amended Complaint.

6. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Fourth Amended Complaint.

7.   Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Fourth Amended Complaint.

8.   Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Fourth Amended Complaint.

9.   Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Fourth Amended Complaint.

10. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Fourth Amended Complaint.

11. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Fourth Amended Complaint.

12. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Fourth Amended Complaint.

13. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Fourth Amended Complaint.

14. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Fourth Amended Complaint.

15. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Fourth Amended Complaint.

16. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Fourth Amended Complaint.

17. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Fourth Amended Complaint.

18. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Fourth Amended Complaint.

19. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Fourth Amended Complaint.

20. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Fourth Amended Complaint.

21. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Fourth Amended Complaint.

22. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Fourth Amended Complaint.

23. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Fourth Amended Complaint.

24. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Fourth Amended Complaint.

25. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Fourth Amended Complaint.

26. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Fourth Amended Complaint.

27. Admitted.

28. Admitted.

29. Admitted in part;  denied in part.  It is admitted that Coastal was a corporation operating in New Jersey and that it acted as a title insurance agent.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 29

30. Admitted in part; denied in part.  It is admitted that Answering Defendants are title insurance underwriters and that Coastal issued certain closing service letters and loan policies of title insurance to NHF on occasion.  Any characterization of those letters or policies is denied as the documents are writings, the terms of which speak for themselves.  Furthermore, Answering Defendants are without knowledge or information sufficient to form a response to the allegation that closing proection letters and/or policies were issued on all of the transactions complained of

by Plaintiff.

31. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Fourth Amended Complaint.

32. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Fourth Amended Complaint.

33. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Fourth Amended Complaint.

### AS TO "JURISDICTION"

34. Denied.   The allegations of paragraph 34 are conclusions of law to which no responsvie pleading is required.

### AS TO "VENUE"

35. Denied.   The allegations of paragraph 35 are conclusions of law to which no responsvie pleading is required.

### AS TO "INTRODUCTION"

36. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Fourth Amended Complaint.

37. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of the Fourth Amended Complaint.

38. Denied.  Answering Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations contained in paragraph 38 of the Fourth Amended Complaint.

39. Admitted in part; denied in part. It is admitted that Coastal issued certain closing service letters and loan policies of title insurance to NHF on occasion. Any characterization of those letters or policies is denied as the documents are writings, the terms of which speak for themselves. Furthermore, Answering Defendants are without knowledge or information sufficient to form a response to the allegation that closing proection letters and/or policies were issued on all of the transactions complained of by Plaintiff. The remaining allegations of paragraph 39 are conclusions of law to which no response is required.

### AS TO "FACTUAL ALLEGATIONS"

### The Mortgage and Banking Industry

40. Admitted in part; denied in part. It is admitted that a mortgage loan is a loan in which real property is used as collateral. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Fourth Amended Complaint.

41. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Fourth Amended Complaint.

42. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the Fourth Amended Complaint.

43. Denied. Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of the Fourth Amended Complaint.

44. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 of the Fourth Amended Complaint.

45. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 of the Fourth Amended Complaint.

46. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the Fourth Amended Complaint.

47. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Fourth Amended Complaint.

48. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the Fourth Amended Complaint.

49. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of the Fourth Amended Complaint.

50. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the Fourth Amended Complaint.

51. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 of the Fourth Amended Complaint.

## AS TO "TITLE INSURANCE AND ITS ROLE IN REAL ESTATE TRANSACTIONS"

52. Admitted in part; denied in part.  Answering Defendants admit that in consideration for the payment of a premium, title insurance provides indemnification for owners and/or lenders of real property against certain losses covered by the policy, subject to the terms and conditions of the policy.  It is further admitted that title insurance is purchased in the majority of real estate purchases and/or refinances.  It is further admitted that mortgage lenders routinely require the issuance of title insurance in connection with the purchase and/or financing of real estate.  It is denied that title insurance guarantees against losses or damages.  Title insurance is not a policy of guaranty, but instead a policy of indemnity.  It is denied that title insurance is issued on all transactions.  It is further denied that title insurance is supplied to owners on each occasion when a title policy is required by the lender.  The balance of the allegations contained in paragraph 52 of the Fourth Amended Complaint are denied.

53. Admitted in part; denied in part.  It is admitted that title insurance customers often deal with title insurance agents as opposed to directly with a title insurance underwriter.  It is further admitted that title insurance agents perform certain duties pursuant to written agency agreements executed with title insurance underwriters.  It is also admitted that some title insurance agencies act as agents for more than one title insurance underwriter, while many are exclusive agents for one title insurance underwriter.  The balance of the allegations contained in paragraph 53 of the Fourth Amended Complaint are denied.

54. Admitted in part; denied in part.  It is admitted that agency agreements existed with Coastal.  Any characterization of the terms of those agreements is denied as the agreements are writings, the terms of which speak for themselves.  The allegations of paragraph 54 are further denied as conclusions of law.

55. Admitted in part; denied in part. Answering Defendants admit title insurance

9

underwriters will issue closing service letters and/or title insurance policies for the benefit of mortgage lenders.   Closing service letters are not issued in connection with every transaction.   It is further admitted that closing service letters are required by some lenders in connection with a closing. Answering Defendants deny the allegations contained in paragraph 55 of the Fourth Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves.   Answering Defendants refer the Court and the parties to the documents for their content.   Furthermore, to the extent that the particular "closing service letters" are not sufficiently identified in this paragraph and are not attached to the copy of the Fourth Amended Complaint served in this matter, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations.   To the extent the allegations of paragraph 55 consitute conclusions of law, no responsive pleading is required.

## AS TO "THE NEW JERSEY MORTGAGE LOAN FRAUDS"

56. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of the Fourth Amended Complaint.

## AS TO "'THE CRISTO/CAPITAL ASSETS ENTERPRISE"

57. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 57 of the Fourth Amended Complaint.

58. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 of the Fourth Amended Complaint.

59. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of the Fourth Amended Complaint.

60. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 of the Fourth Amended Complaint.

**AS TO "THE PATTERN"**

61. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61 of the Fourth Amended Complaint.

62. Admitted in part;  denied in part.  It is admitted that Coastal issued a policy of title insurance in connection with this transaction.   Answering Defendants deny the allegations contained in paragraph 62 of the Fourth Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 61 (inclusive of its subparts) of the Fourth Amended Complaint.

63. Denied.  The allegations of paragraph 63 are denied.

**AS TO "CONSEQUENCES VISITED UPON WALSH"**

64. Admitted in part; denied in part.  It is admitted that no payments have been made to Plaintiff.  It is denied that any payments are required or that Answering Defendants have not acted properly in this matter. Plaintiff has no claims against Answering Defendants.

65. Denied.  The allegations of paragraph 65 are denied.

11

## AS TO "COUNT I"

66-74.  The allegations contained in paragraphs 66 through 74, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

## AS TO "COUNT II"

75-79.  The allegations contained in paragraphs 75 through 79, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

## AS TO "COUNT III"

80-85.  The allegations contained in paragraphs 80 through 85, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

## AS TO "COUNT IV"

86-91.  The allegations contained in paragraphs 86 through 91, inclusive, do not relate to Answering Defendants.  Therefore, no response is required of Answering Defendants.

## AS TO "COUNT V"

92. Answering Defendants repeat and reallege each of their responses to paragraphs 1 through 91, inclusive, of the Answer to Fourth Amended Complaint.

93. Admitted in part; denied in part. Answering Defendants admit that Coastal issued title insurance policies in connection with some of the complained-of transactions.  The title insurance polices insured NHF's lien as a first mortgage against certain real estate.  It is further admitted that Coastal issued closing service letters on some of the transactions.  It is denied that the closing service letters covered the type of conduct complained of by Plaintiff or were for Plaintiff's benefit.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the balance of the allegations contained in paragraph  of the Fourth Amended Complaint.   To the extent the allegations of paragraph 93 consistute conclusions of law, no responsive pleading is required.

94. Denied.  The allegations of paragraph 94 are conclusions of law to which no responsive pleading is required.  By way of further answer, Answering Defendants deny that the title insurance policies or closing service letters covered the type of conduct complained of by Plaintiff and Answering Defendants deny the allegations contained in paragraph 94 of the Fourth Amended Complaint to the extent that the allegations characterize the content and substance of documents that speak for themselves.  The allegations are further denied as conclusions of law.

95. Denied.  Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 95 of the Fourth Amended Complaint concerning the conduct of the closing attorneys.  To the extent that the balance of the allegations contained in paragraph 95 are conclusions of law, no responsive pleading is required.

96. Admitted in part; denied in part.  It is admitted that Plaintiff has notified Answering Defendants of a potential claim.  Answering Defendants deny that the title insurance policies or closing service letters cover the type of conduct complained of by Plaintiff.  To the extent the allegations of paragraph 96 constitute conclusions of law, no responsive pleading is required.

97. Admitted in part; denied in part.  It is admitted that Answering Defendants have not paid monies to Plaintiff.  It is denied that Plaintiff is entitled to payment from Answering Defendants.  It is further denied that Plaintiff has suffered any losses for which Answering Defendants are liable.

98. Denied.  The allegations of paragraph 98 are conclusions of law to which no responsive pleading is required. Furthermore, Answering Defendants have acted properly in this matter.

99. Denied.  The allegations of paragraph 99 are conclusions of law to which no responsive pleading is required.  By way of further answer, it is denied that Plaintiff has suffered any losses for which Answering Defendants are liable or that Answering Defendants have not acted properly in this matter.

100.   Denied.   It is denied that Plaintiff has suffered any damages for which Answering Defendants are liable.

## AS TO COUNT VI

101-110.   The allegations contained in paragraphs 101 through 110, inclusive, do not relate to Answering Defendants.   Therefore, no response is required of Answering Defendants.

## AS TO COUNT VII

111.   Answering Defendants repeat and reallege each of their responses to paragraphs 1 through 110, inclusive, of the Answer to Fourth Amended Complaint.

112.   Denied.  The allegations of paragraph 112 are conclusions of law to which no responsive pleading is required.  By way of further answer, it is denied that Plaintiff has suffered any losses for which Answering Defendants are liable or that Answering Defendants have not acted properly in this matter.

113.   Denied.  It is denied that Plaintiff has suffered any damages for which Answering Defendants are liable.

## AS TO COUNT VIII

114.   Answering Defendants repeat and reallege each of their responses to paragraphs 1 through 113, inclusive, of the Answer to Fourth Amended Complaint.

115.   Denied.  The allegations of paragraph 115 are conclusions of law to which no responsive pleading is required.  By way of further answer, it is denied that Plaintiff has suffered any losses for which Answering Defendants are liable or that Answering Defendants have not acted properly in this matter.

116.   Denied.  It is denied that Plaintiff is entitled to the relief it requests.

WHEREFORE, Answering Defendants respectfully request that judgment be entered in their favor and against Plaintiff dismissing the Fourth Amended Complaint, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

## FIRST AFFIRMATIVE DEFENSE

Answering Defendants have no liability to Plaintiff under the closing service letters because:

    a.  The closing letters were not issued to Plaintiff.

    b.  The closing service letters do not protect against the type of conduct alleged by Plaintiff.

    c.  The closing service letters are invalid on their face in that they did not make references to a particular transaction.

    d.  The closing service letters are invalid on their face in that they are not dated.

    e.  To the extent that the closing service letters were in force and effect, any liability under the closing service letters is limited by the terms of the documents.

    f.  The closing service letters were induced by fraud.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff did not rely upon closing service letters in completing the mortgage transactions complained of in the Fourth Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff, as assignee of any closing service letters, would have no higher rights under those letters than the assignor of the letters, which assignor is alleged by Plaintiff to have participated in

the alleged fraud.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is charged with the knowledge and conduct of its officers, agents and/or employees in this matter. Plaintiff's officers, agents and/or employees participated in the scheme alleged in the Fourth Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims arise from the conduct of individuals and/or entities over which Answering Defendants had no control

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred by the contributory and/or comparative negligence of Plaintiff and its officers, agents and/or employees.

## SEVENTH AFFIRMATIVE DEFENSE

The Fourth Amended Complaint fails to state claim upon which relief can be granted as to Answering Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff do not arise under the title insurance policies. In each transaction pleaded in the Fourth Amended Complaint, Plaintiff maintains a valid first mortgage lien on the subject premises.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the borrowers as necessary parties to this action. The borrowers

have executed notes in favor of Plaintiff agreeing to repay the sums of money due to Plaintiff. Plaintiff should be required to exhaust the collateral prior to moving forward with this litigation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from the prosecution of this litigation and has unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted herein are barred by the Entire Controversy Doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted herein should be dismissed for failure to diligently prosecute this action.

### ANSWER TO CROSS-CLAIMS FOR CONTRIBUTION AND/OR INDEMNIFICATION

Answering Defendants deny any and all Cross-Claims made against them for contribution or indemnification.

### CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Answering Defendants/Cross-claim Plaintiffs, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, say, by way of cross-claim against the following Defendants/Cross-claim Defendants: Cristo Property Management, Ltd., A/K/A G.J.L. Limited, DEK Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., Capital Assets Property Management, L.L.C., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni,

Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Coastal Title Agency, Irene DiFeo, Donna Pepsny, Weichert Realtors, and Vecchio Realty, Inc. d/b/a Murphy Realty Better Homes and Gardens (collectively the "Cross-claim Defendants"):

**FIRST COUNT**

**(Indemnification)**

1.   Answering Defendants/Cross-claim Plaintiffs deny any liability to Plaintiff, but if it is determined that Answering Defendants/Cross-claim Plaintiffs or any one of them is liable to Plaintiff in any respect, such liability is secondary, passive and vicarious, while the liability of the Cross-claim Defendants is primary, active and direct.  Any damages for which Answering Defendants/Cross-claim Plaintiffs may be held liable are chargeable to the Cross-claim Defendants.

2.   Answering Defendants are entitled to indemnification from the Cross-claim Defendants and/or other Fourth parties.

WHEREFORE, Answering Defendants/Cross-claim Plaintiffs demand judgment of indemnification in their favor and against the Cross-claim Defendants, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

**SECOND COUNT**

**(Contribution)**

3.   Answering Defendants/Cross-claim Plaintiffs repeat each of its foregoing allegations contained in the Cross-claim.

4. Answering Defendants/Cross-claim Plaintiffs deny any liability to Plaintiffs, and specifically deny that any such liability is joint and several as to Answering Defendants/Cross-claim Plaintiffs. If it is determined, however, that Answering Defendants/Cross-claim Plaintiffs are liable to Plaintiff in any respect, Answering Defendants/Cross-claim Plaintiffs demand contribution from all Cross-claim Defendants pursuant to the provisos of the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 et seq., and all other statutory or common laws which may be applicable with respect to any and all damages that may be assessed against Answering Defendants/Cross-claim Plaintiffs in favor of Plaintiff, together with costs of suit.

WHEREFORE, Answering Defendants/Cross-claim Plaintiffs demand judgment of contribution in their favor and against Crossclaim Defendants, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

## THIRD PARTY COMPLAINT

Answering Defendants/Third Party Plaintiffs, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, say, by way of third party complaint against Robert Walsh, James Walsh and Elizabeth Ann DeMola (collectively the "Third Party Defendants"):

1. Third Party Defendants were officers, directors and/or employees of Plaintiff.

2. In their capacity as officers, directors and/or employees of Plaintiff, Third Party Defendants participated in the fraud alleged to have occurred by Plaintiff.

3. Alternatively, Third Party Defendants were negligent and/or breached their duties to Plaintiff as officers, directors and/or employees.

4. Answering Defendants/ Third Party Plaintiffs deny any liability to Plaintiff, and specifically deny that any such liability is joint and several as to Answering Defendants/ Third

19

Party Plaintiffs. If it is determined, however, that Answering Defendants/ Third Party Plaintiffs are liable to Plaintiff in any respect, Answering Defendants/ Third Party Plaintiffs demand contribution from all Third Party Defendants pursuant to the provisos of the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 et seq., and all other statutory or common laws which may be applicable with respect to any and all damages that may be assessed against Answering Defendants/ Third Party Plaintiffs in favor of Plaintiff, together with costs of suit.

WHEREFORE, Answering Defendants/ Third Party Plaintiffs demand judgment of indemnification in their favor and against the Third Party Defendants, together with costs of suit and attorney fees and any other relief that the Court may deem equitable and just.

Edward J. Hayes, Esquire (EJH-9808)
David H. Colvin, Esquire (DHC-9909)
FOX, ROTHSCHILD LLP

Attorneys for Defendants Fidelity National
Title Insurance Company of New York and
Nations Title Insurance of New York

Dated: July 24, 2009

## JURY DEMAND

Defendants Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York demands a trial by jury as to all issues so triable.

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I served a true and correct copy of the Answer to Fourth Amended Complaint upon the individuals identified in the service list attached hereto.

Date:  July 24, 2009

_____
Edward J. Hayes

21

## SERVICE LIST

## WALSH SECURITIES, INC. V. CRISTO PROPERTY MANAGEMENT, ER AL CIVIL ACTION NO. 97-3496 (DRD)

Robert A. Magnanini, Esq.
Stone Magnanini, LLP
150 John F. Kennedy
Short Hills, NJ 07078
Attorney for plaintiff Walsh Securities, Inc. and for third-party defendant Robert Walsh

Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Munoz, P.A.
100 Willowbrook Road
Freehold, NJ 07728
Attorney for Defendants National Home Funding, Inc. and Robert Skowrenski, II

Martin R. McGowan, Jr., Esq.
Methfessel & Werbel
3 Ethel Road
Suite 300
Edison, New Jersey 08818
Attorneys for Defendant Coastal Title Agency

Edward C. Bertucio, Jr., Esq.
Hobble, Corrigan, Bertucio Tashjy, P.C.
125 Wyckoff Road
Eatontown, NJ 07724
Attorney for Defendant Michael Alfieri, Esq.

Robert J. Reilly, Ill, Esq.
Reilly, Supple & Wischusen, LLC
571 Central Avenue
New Providence, NJ 07974
Attorney for defendant Michael Alfieri, Esq. on the Sixth Count

Theodore W. Daunno, Esq.
1033 Clifton Avenue
Clifton, New Jersey 07013
Attorney for Defendant Lawrence M. Cuzzi

Mark W. Catanzaro, Esq.
Blason IV Suite 208
513 Lenola Road
Moorestown, New Jersey 08057
Attorney for defendants Richard Pepsny and Donna Pepsny

Thomas D. Flinn, Esq.
Garrity, Graham, Favette & Flinn
1 Lackawanna Plaza, Box 4205
Montclair, NJ 07042
Attorney for Defendant Anthony M. Ciccalese (on certain counts of the Complaint)

Anthony M. Cicalese, Esq.
467 Long Hill Drive
Short Hills, NJ 07078
Pro se (on certain counts of the Complaint)

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica
Pro se (on certain counts of the Complaint)

Pasquale Menna, Esq.
Kauff and Menna
170 Broad Street
P.O. 762
Red Bank, New Jersey 07701
Attorneys for Defendant Roland J. Pierson

John B. McCusker, Esq.
McCusker, Anselmi, Rosen, Carvell & Walsh, PC
127 Main Street
Chatham, NJ 07928
Attorneys for Defendant Weichert Realtors

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, New Jersey 07666

James R. Brown, Pro Se
1089 Cedar Avenue
Union, New Jersey 07083

Richard Calanni, Pro Se
One Old Farm Road
Tinton Falls, New Jersey 07724

Anthony D'Apolito, Pro Se
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro Se
3 Loller Drive
Martinsville, NJ 08836

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ 07756-1397

William Kane, Pro Se
6119 Kipps Colony Drive
Gulfport, FL 33707

Ms. Elizabeth Ann DeMola
One Abedim Way
Califon, NJ 07830

Capital Assets Property Management, LLC
10 West Bergen Place
Red Bank, NJ 07701

Andrew I. Indeck, Esq.
Scarinci & Hallenbeck, LLC
1100 Valleybrook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
Attorney for Garden State Indemnity Co. (Legal Malpractice carrier
                                    for defendant Michael Alfieri)

David R. Kott, Esquire
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102

EXHIBIT  D

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No.  45987 MRM

| | |
|---|---|
| WALSH SECURITIES, INC.<br><br>Plaintiff,<br><br>V.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALLANI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE COMPANY OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY AND STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES AND GARDENS,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:UNITED STATES DISTRICT - NEWARK<br>: 97-CV-03496 (DRD)(MAS)<br><br>Civil Action<br><br>ANSWER TO FOURTH AMENDED COMPLAINT, ANSWER TO CROSSCLAIM FOR CONSTRIBUTION AND INDEMNITY, SEPARATE DEFENSES, CROSSCLAIM FOR CONTRIBUTION, CROSSCLAIM FOR INDEMNIFICATION |

And

COMMONWEALTH LAND TITLE
INSURANCE COMPANY

          Defendant/Third-Party
Plaintiff,

v.

ROBERT WALSH, JAMES WALSH and
ELIZABETH ANN DeMOLA,

          Third Party Defendants.

---

Defendant, Coastal Title Agency, by way of Answer to the Third

Amended Complaint says:

1.    Answering the allegations of paragraph 1, insofar as they are

directed at this defendant, are denied.   This defendant is without

sufficient knowledge or information to admit or deny the remaining

allegations of paragraph 1.

### AS TO PARTIES

2.    This defendant is without sufficient knowledge or

information to admit or deny the allegations of paragraph 2.

3.    This defendant is without sufficient knowledge or

information to admit or deny the allegations of paragraph 3.

4.    This defendant is without sufficient knowledge or

information to admit or deny the allegations of paragraph 4.

5.    This defendant is without sufficient knowledge or

information to admit or deny the allegations of paragraph 5.

6.      This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 6.

7.      This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 7.

8.      This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 8.

9.      This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 9.

10.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 10.

11.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 11.

12.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 12.

13.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 13.

14.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 14.

15.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 15.

16.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 16.

17.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 17

18.    Answering the allegations of paragraph 18, this defendant admits that to its knowledge, defendant Stanley Yacker, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18.

19.    Answering the allegations of paragraph 19, this defendant admits that to its knowledge, defendant Michael Alfieri, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19.

20.    Answering the allegations of paragraph 20, this defendant admits that to its knowledge, defendant Richard Pepsny, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20.

21.    Answering the allegations of paragraph 21, this defendant admits that to its knowledge, defendant Anthony M. Cicalese, Esq. was an attorney admitted to practice in New Jersey.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21.

22.     Answering the allegations of paragraph 22, this defendant admits that on certain transactions closing service letters were issued on behalf of defendant Yacker and defendant Cicalese.  This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22.

23.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 23.

24. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 24.

25.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 25.

26.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 26.

27.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 27.

28.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 28.

29.     Answering the allegations of paragraph 29, this defendant admits that it is a Corporation of the State of New Jersey with its principle place of business in New Jersey, engaged in the business of being a Title Insurance Agency.  The remaining allegations of paragraph 29 are denied.

30.    Answering the allegations of paragraph 30, the allegations are not directed to this defendant, and this defendant makes no answer thereto, except to deny any allegations which may be deemed to apply to it.

31.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 31.

32.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 32.

33.    This defendant is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 33.

## AS TO JURISDICTION

34.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 34.

## AS TO VENUE

35.    This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 35.

## AS TO INTRODUCTION

36.    This defendant denies the allegations of paragraph 36 as they pertain to it.

37.    This defendant denies the allegations of paragraph 37 as they pertain to it.

38.     This   defendant   is   without   sufficient   knowledge   or information to admit or deny the allegations of paragraph 38.

39.     The allegations of paragraph 39 are not directed at this defendant, and the defendant makes no answer thereto except to deny any allegations which may be deemed to apply to it.

### AS TO FACTUAL ALLEGATIONS

### The Mortgage Banking Industry

40.     Answering the allegations of paragraph 40, this defendant admits that a loan can be made in which real property can be used as collateral for the loan.   The remaining allegations of paragraph 40 are denied.

41.     The allegations of paragraph 41 are admitted.

42.     Answering the allegations of paragraph 42, this defendant admits that certain mortgage bankers do not utilize their own funds in making mortgage loans, and that certain mortgage bankers sell mortgage loans to other parties which provide the funds for the borrowers at the time  of  closings.    This  defendant  further  admits  that  in  certain transactions, mortgage bankers are paid fees by borrowers for originating mortgage loans.  This defendant further admits that mortgage bankers can be licensed by the State of New Jersey.  The remaining allegations of paragraph 42 are denied.

43.     Answering the allegations of paragraph 43, this defendant admits that there are certain borrowers who cannot obtain traditional

financing because of an increased delinquency risk and who accordingly pay a higher than market interest rate. The remaining allegations of paragraph 43 are denied.

44. Answering the allegations of paragraph 44, this defendant admits that mortgage loan applications are taken for mortgage loans. The remaining allegations of paragraph 44 are denied.

45. Answering the allegations of paragraph 45, this defendant admits there are certain mortgage bankers who deal directly with borrowers and who take certain paperwork from prospective borrowers, including mortgage loan applications and other documents. The remaining allegations of paragraph 45 are denied.

46. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 46.

47. Answering the allegations of paragraph 47, this defendant admits that with respect to certain mortgage loans, appraisals of the property securing the loan are done. This defendant also admits that on certain mortgage loans, appraisals are relied upon by certain lenders. The remaining allegations of paragraph 47 are denied.

48. The allegations of paragraph 48 are denied.

49. Answering the allegations of paragraph 49, this defendant admits that there are persons known as "Correspondents" who sell mortgage loans to lenders. The remaining allegations of paragraph 49 are denied.

50.    Answering the allegations of paragraph 50, this defendant admits that certain entities buy mortgage loans from correspondents and those entities fund the mortgage loans in a variety of ways, and from time to time those entities retain the mortgage loans or resell them.  The remaining allegations of paragraph 50 are denied.

51.    Answering the allegations of paragraph 51, this defendant admits that certain entities who fund mortgage loans originated by correspondents provide certain instructions to closing attorneys.   The remaining allegations of paragraph 51 are denied.

## AS TO TITLE INSURANCE AND ITS ROLE IN REAL ESTATE TRANSACTIONS

52.    Answering the allegations of paragraph 52, this defendant admits that title insurance is insurance that provides for specified coverage in return for premiums.  This defendant further admits that title insurance is from time to time purchased when real property is purchased or refinanced, and that certain mortgage lenders require that owners who borrow money to finance purchases of real property acquire title insurance coverage.  The remaining allegations of paragraph 52 are denied.

53.    Answering the allegations of paragraph 53, this defendant admits that from time to time owners or borrowers who seek to purchase title insurance do not deal directly with the title insurer in connection with purchase of the insurance.  This defendant also admits that from time to time title agents perform certain specified tasks with respect to

the purchase of title insurance.  This defendant also admits that from time to time certain agents may be affiliated with more than one title insurance company.  This defendant also admits that from time to time certain title insurance companies may have relationships with more than one title agency.  The remaining allegations of paragraph 53 are denied.

54.    Answering the allegations of paragraph 54 this defendant admits a business relationship between it and the "Title Insurance" defendants, and leaves plaintiff to its proofs as to the nature and scope of same.  The remaining allegations of paragraph 54 are denied.

55.    Answering the allegations of paragraph 55, same are not directed at this defendant, and this defendant makes no answer thereto, except to deny any allegations which may be deemed to apply to it.

### AS TO THE NEW JERSEY MORTGAGE LOAN FRAUDS

56.    Answering the allegations of paragraph 56, same are not explicitly addressed to this defendant and this defendant makes no answer thereto, except to deny any allegations which may be deemed to apply to it.

### "THE CRISTO/CAPITAL ASSETS" ENTERPRISE

57.    Answering the allegations of paragraph 57, same are denied as they relate to this defendant.

58.    This   defendant   is   without   sufficient   knowledge   or information to admit or deny the bulk of the allegation of paragraph 58,

but does specifically deny any allegations which may be deemed to apply to it.

59.     Answering the allegations of paragraph 57, same are denied as they relate to this defendant.

60.     Answering the allegations of paragraph 57, same are denied as they relate to this defendant.

## AS TO THE PATTERN

61.     Answering the allegations of paragraph 61, same are denied insofar as they pertain to this defendant.  This defendant is without sufficient knowledge or information to admit or deny the bulk of the allegations of paragraph 61.

62.     Answering the allegations of paragraph 62, same are denied insofar as they pertain to this defendant.  This defendant is without sufficient knowledge or information to admit or deny the bulk of the allegations of paragraph 62.

63.     Answering paragraph 63, this defendant denies same.

## CONSEQUENCES VISITED UPON WALSH SECURITIES

64.     This defendant is without sufficient knowledge of information to admit or deny paragraph 64.

65.     The allegations of paragraph 65 are denied.

## AS TO COUNT I

## VIOLATION OF 18 U.S.C. § 1962(c)(RICO)

66.     This defendant repeats and re-alleges each and every response of paragraph 1-65 as if fully set forth herein.

67.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 67, but denies any such allegations which may be deemed to apply to it.

68.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 68, but denies any such allegations which may be deemed to apply to it.

69.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 69, but denies any such allegations which may be deemed to apply to it.

70.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 70, but denies any such allegations which may be deemed to apply to it.

71.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 71, but denies any such allegations which may be deemed to apply to it.

72.     This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 72, but denies any such allegations which may be deemed to apply to it.

73. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 73, but denies any such allegations which may be deemed to apply to it.

74. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 74, but denies any such allegations which may be deemed to apply to it.

## AS TO COUNT II

## VIOLATION OF 18 U.S.C. § 1962(d)(RICO)

75. This defendant repeats and re-alleges each and every response of paragraph 1-74 as if fully set forth herein.

76. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 76, but denies any such allegations which may be deemed to apply to it.

77. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 77, but denies any such allegations which may be deemed to apply to it.

78. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 78, but denies any such allegations which may be deemed to apply to it.

79. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 79, but denies any such allegations which may be deemed to apply to it.

## <u>AS TO COUNT III</u>

## <u>COMMON-LAW FRAUD</u>

80.         This defendant repeats and re-alleges each and every response of paragraph 1-79 as if fully set forth herein.

81.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 67, but denies any such allegations which may be deemed to apply to it.

82.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 68, but denies any such allegations which may be deemed to apply to it.

83.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 69, but denies any such allegations which may be deemed to apply to it.

84.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 70, but denies any such allegations which may be deemed to apply to it.

85.   This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 71, but denies any such allegations which may be deemed to apply to it.

## AS TO COUNT IV

## BREACH OF CONTRACT BY NHF

Count IV of the Fourth Amended Complaint does not seek any judgment from this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT V

## BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS

Count V of the Fourth Amended Complaint does not seek any judgment from this defendant and accordingly no answer is require of this defendant.

## AS TO COUNT VI

## NEGLIGENCE BY ALFIERI, CICALESE AND PEPSNY

Count VI of the Fourth Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

## AS TO COUNT VII

## WRONGFUL DELAY AND/OR DENIAL OF INSURANCE CLAIM BY

## TITLE INSURANCE AGENCY

Count VII of the Fourth Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

**AS TO COUNT VIII**

**DECLARATION OF COVERAGE AGAINST THE TITLE INSURANCE**

**DEFENDANTS**

Count VIII of the Fourth Amended Complaint does not seek any judgment against this defendant and accordingly no answer is required of this defendant.

**FIRST SEPARATE DEFENSE**

The Fourth Amended Complaint fails to state a claim upon which relief can be granted as to this defendant.

**SECOND SEPARATE DEFENSE**

Plaintiff's Fourth Amended Complaint against this defendant is barred by its own negligent conduct and the conduct of its agents, employees and officers.

**THIRD SEPARATE DEFENSE**

Plaintiff's Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute laches.

**FOURTH SEPARATE DEFENSE**

Plaintiff's Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute estoppel.

## FIFTH SEPARATE DEFENSE

Plaintiff's Fourth Amended Complaint against this defendant is barred by the acts of its agents, employees and offers which constitute waiver.

## SIXTH SEPARATE DEFENSE

Plaintiff Walsh Securities, Inc., as assignee of any Closing Service Letters, would have no higher rights under those letters than the assignor of the letters.

## ANSWER TO CROSSCLAIMS FOR CONTRIBUTION OR INDEMNITY

This defendant denies any crossclaims made against it for contribution or indemnity.

## CROSSCLAIMS FOR CONTRIBUTION

Defendant, Coastal Title Agency, denies any liability to plaintiff or to any other defendant, but if Coastal Title Agency is found liable, it demands contribution from Cristo Property Management, Ltd. a/k/a G.J.L. Limited, Dek Homes of New Jersey, Inc., Oakwood Properties, Inc., National Home Funding, Inc., Capital Assets Property Management & Investment Co., Inc., William J. Kane, Gary Grieser, Robert Skowrenski, II, Richard Calanni, Richard DiBenedetto, James R. Brown, Thomas Brodo, Ronald J. Pierson, Stanley Yacker, Esq., Michael Alfeiri, Esq., Richard Pepsny, Esq., Anthony M. Cicales, Esq., Lawrence M. Cuzzi, Anthony D'Apolito, DAP Consulting, Inc., Nations Title Insurance Of New York, Inc., Fidelity National Title Insurance Company of New York,

Commonwealth Land Title Insurance Company, Stewart Title Guaranty Company, Irene DiFeo, Donna Pepsny, Weichert Realtors and Vecchio Realty d/b/a Murphy Realty Better Homes and Gardens pursuant to the New Jersey Tortfeasors Contribution Act.

## **CROSSCLAIM FOR INDEMNIFICATION**

While denying any liability to the plaintiff or to any other defendant whatsoever, defendant Coastal Title Agency nevertheless asserts that any losses sustained by the plaintiff or by any other defendant were the proximate result of the actions of the defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Commonwealth Land Title Insurance Company, and Stewart Title Guaranty Company, which actions were primary and active, and if defendant Coastal Title Agency is found liable to plaintiff with respect to such damages, such liability results solely from secondary, imputed, vicarious or passive negligence and defendants Stanley Yacker, Esq., Michael Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Cicalese, Commonwealth Land Title Insurance Company, and Stewart Title

Guaranty Company are liable to defendant Coastal Title Agency by way of indemnification for any and all sums which defendant Coastal Title Agency may be required to pay in this action.

**METHFESSEL & WERBEL, ESQS.**

_____
Martin R. McGowan, Esq.

DATED: July 24, 2009

## <u>DESIGNATION OF TRIAL COUNSEL</u>

PURSUANT to the provisions of Rule 4:25-4, the Court is advised that Martin R. McGowan is hereby designated as trial counsel on behalf of the defendant, Coastal Title Agency.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Coastal Title Agency

By:_____
                Martin R. McGowan

DATED: July 24, 2009

Our File No.  45987

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

     1.  I am employed by the law firm of Methfessel & Werbel.

     2.   On July 24, 2009 the undersigned prepared and forwarded copies of the within correspondence to the following parties:

        Office of the Clerk
        United States District Court
        Martin Luther King, Jr. Building
        50 Walnut Street
        Newark, NJ 07101

        Robert A. Magnanini, Esq.
        Boies Schiller & Flexner, LLP
        150 John F. Kennedy Pkwy,  4th Floor
        Short Hills, NJ 07078

        Thomas D. Flinn, Esq.
        Garrity, Graham, Favette & Flinn
        1 Lackawanna Plaza, Box 4205
        Montclair, NJ 07042

        Andew L. Indeck, Esq.
        Scarinci & Hollenbeck, LLC
        1100 Valleybrook Avenue
        Lyndhurst, NJ 07071

        Edward C. Bertucio, Esq.
        Hobbie, Corrigan, Bertucio & Tashjy
        125 Wyckoff Road
        Eatontown, NJ 07724

        Richard Calanni, Pro Se
        One Old Farm Road
        Tinton Falls, NJ 07724
        Attorneys for Richard Calanni

        Theodore W. Daunno, Esq.
        1033 Clifton Avenue
        Clifton, NJ 07013

James R. Brown, Pro Se
1089 Cedar Avenue
Union, NJ

Mark W. Catanzaro, Esq.
Blason IV, Suite 208
513 S. Lenola Road
Moorestown, NJ 08057

David Kott, Esq.
McCarter & English
Gateway Four
100 Mulberry Street, PO Box 652
Newark, NJ 07102

Thomas Brodo, Pro Se
139B Fort Lee Road
Teaneck, NJ 07666-3241

Pasquale Menna, Esq.
Kauf & Menna
170 Broad Street, PO Box 762
Red Bank, NJ 07701

Michael D. Schottland, Esq.
Schottland, Manning, Caliendo & Thomson
36 West Main Street
Freehold, NJ 07728

Robert Reilly, Esq.
Reilly, Supple & Wischusen
571 Central Avenue
New Providence, NJ 07974

Anthony M. Cicalese, Esq.
467 Long Hill Drive
Short Hills, NJ  07078

Anthony M. Cicalese
74C Mantiale De Belen
200 Mtrs Norte De Igleseis De Ascen
San Antonio De Belen
Heredia, Costa Rica

Edward Hayes Jr., Esq.
Fox, Rothschild, O'Brien & Franken
2000 Market Street
10th Floor
Philadelphia, PA  19103

John McCusker, Esq.
McCusker, Anselmi, Rosen, Carvelli & Walsh
127 Main Street
Chatham, NJ  07928

Anthony D'Apolito, Pro. Se.
909 Woodland
Wall Township, NJ 07719

Richard DiBenedetto, Pro. Se.
3 Loller Drive
Martinsville, NJ  08836

Stanley Yacker, Esq., Pro Se
33 Broadway, #1
Ocean Grove, NJ  07756

William Kane, Pro Se
61119 Kipps Colony Drive
Gulfport, FL  33707

Elizabeth Ann DeMola
One Abedim Way
Califon, NJ 07830

Capital Assets Property Management
10 West Bergen Place
Red Bank, NJ 07701

    3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Deborah Fertig*
_____
Deborah Fertig

EXHIBIT  E



Not Reported in F.Supp.2d, 2007 WL 951955 (D.N.J.)
**(Cite as: 2007 WL 951955 (D.N.J.))**

Only the Westlaw citation is currently available.NOT
FOR PUBLICATION

United States District Court,
D. New Jersey.
WALSH SECURITIES, INC., Plaintiff,
v.
CRISTO PROPERTY MANAGEMENT, LTD., a/k/a
G.J.L. Limited, DEK Homes of New Jersey, Inc.,
Oakwood Properties Inc., National Home Funding,
Inc., Capital Assets Property Management & Invest-
ment Co., Inc., Capital Assets Property Management,
L.L.C., William J. Kane, Gary Grieser, Robert
Skowrenski, II, Richard Calanni, Richard
DiBenedetto, James R. Brown Thomas Brodo,
Ronald J. Pierson, Stanley Yacker, Esq., Michael
Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Ci-
calese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito,
DAP Consulting, Inc., Commonwealth Land Title
Insurance Company, Nations Title Insurance Of New
York, Inc., Fidelity National Title Insurance Com-
pany of New York, Coastal Title Agency, and Stew-
art Title Guaranty Company, Irene Difeo, Donna
Pepsny, Weichert Realtors, and Vecchio Realty, Inc.
d/b/a Murphy Realty Better Homes and Gardens,
Defendants.
**Civ. No. 97-3496 (DRD).**

March 28, 2007.

Gibbons, P.C., Terrence S. Brody, Esq., Newark, NJ,
for Defendant Stewart Title Guaranty Company.

Irene DiFeo, Plaintiff Pro Se.

McCarter & English, Llp, David R. Kott, Esq.
Newark, NJ, for Defendant/Third-Party Plaintiff
Commonwealth Land Title Insurance Company.

### OPINION

DEBEVOISE, Senior District Judge.

### I. *BACKGROUND AND PROCEDURAL HIS-TORY*

**\*1** Plaintiff, Walsh Securities ("Plaintiff" or

"Walsh"), brought this action in July 1997, alleging
that in early 1996, numerous co-conspirators engaged
in racketeering activity which induced Walsh to pur-
chase mortgage loans at fraudulently inflated
prices.[FN1] On January 28, 2005, Walsh, in its third
amended complaint (the "Third Amended Com-
plaint") named for the first time Stewart Title Guar-
anty Company ("Stewart Title") and Irene DiFeo
("DiFeo") as defendants. Subsequently, defendants,
Michael Alfieri, Esq., Commonwealth Land Title
Insurance Company ("Commonwealth"), Irene
DiFeo, Donna Pepsny, Anthony Cicalese and Coastal
Title Agency all asserted blanket cross-claims for
contribution under New Jersey's Joint Tortfeasors
Contribution Act, N.J.S.A. § 2A 53A-1, et seq., and
common law indemnification against all co-
defendants.

> FN1. For a full factual background, *see
> Walsh Sec., Inc. v. Cristo Prop. Mgmt.,* Ltd,
> 7 F.Supp.2d 523 (D.N.J.1998).

In January 2006, Judge Bassler dismissed the Third
Amended Complaint as to Stewart Title, DiFeo, and
Weichert Realtors.[FN2] At that time, Stewart Title's
motion to dismiss all cross-claims was denied with-
out prejudice, with leave to re-file. Stewart Title and
DiFeo now move to dismiss all cross-claims which
have been asserted against them for failure to state a
claim upon which relief can be granted pursuant to
Fed.R.Civ.P. 12(b)(6).[FN3] For the reasons stated be-
low, both motions will be granted.

> FN2. In addition, several defendants have
> settled with Plaintiff, and a default judgment
> was entered against several other defendants
> in the amount of $493,035,603.00. The
> remaining defendants are William Kane,
> Anthony D'Apolito, James Brown, Thomas
> Brodo, Richard DiBenedetto, Richard Ca-
> lanni, Gary Grieser, Coastal Title Agency,
> Commonwealth Land Title Insurance
> Company, Nations Title Insurance of New
> York, Inc., and Fidelity National Title
> Insurance Company of New York.

> FN3. Stewart Title's motion was unopposed.
> DiFeo's motion was opposed by Common-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 951955 (D.N.J.)
**(Cite as: 2007 WL 951955 (D.N.J.))**

wealth as to Commonwealth's cross-claim for contribution.

## III. *DISCUSSION*

### 1. *Standard for Dismissal under Fed.R.Civ.P. 12(b)(6)*

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73. Allegations contained in the Complaint will be accepted as true, *Cruz v. Beto,* 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir .1991). However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 179 (3d Cir.1988).

### 2. *Claims For Contribution*

Under New Jersey law, the right of contribution exists among joint tortfeasors. N.J.S.A. § 2A 53A-2. The term "joint tortfeasors" is defined as "two or more persons jointly or severally liable in tort for the same injury to person or property...." N.J.S.A. § 2A 53A-1.

### A. Stewart Title

In Count V of the Third Amended Complaint, Walsh alleges that the title insurance defendants, including Stewart Title, failed to reimburse Walsh for losses it incurred "based on the fraud and/or misapplication of the approved attorneys as covered by the closing service letters." (Third Amended Complaint ¶ 97). Walsh seeks damages associated with Stewart Title's alleged breach of contract.

As the allegations against Stewart Title are for breach of contract, and not any tortious conduct on its part, Stewart Title is not a "joint tortfeasor" and cannot be liable to any codefendant for contribution. *Resolution Trust Corp. v. Moskowitz,* 845 F.Supp. 247, 251 (D.N.J.1994), *vacated in part, on other grounds,* No. Civ. A. 93-2080, 1994 WL 475811 (D.N.J. Aug. 31,

1994). Therefore, all cross-claims for contribution will be dismissed.

### B. DiFeo

*\*2* Walsh's claims against DiFeo, in contrast to the claims against Stewart Title, sound in tort. Walsh claims that DiFeo committed "illegal acts and fraudulent schemes ... in the scope of her employment or agency relationship with Murphy Realty." (Third Amended Complaint ¶ 115).

Commonwealth, the only party to oppose DiFeo's motion, argues that her motion should be denied because "it is entirely appropriate to apportion liability among tortfeasors who have caused injury due to negligence and those who have caused injury due to breach of contract." (Commonwealth Br. at 3). In support of this proposition, Commonwealth relies on the New Jersey Supreme Court case *Dunn v. Praiss,* 139 N.J. 564 (1995).

In *Dunn,* a physician found liable of medical malpractice sought contribution from his HMO on the basis of its independent breach of contractual duty to the patient-subscriber of the HMO. The court held that "it is appropriate in this case to apportion responsibility based on breach of contract that is alleged to alleged to have proximately caused personal injury." *Id.* at 577. The Court explained:

> In the context of this case in which the breach of contractual duty appears to parallel closely the fault-based duty of care imposed on a health-care provider, it is appropriate to allow for contribution. In another case the issue might be less clear. For example, assume that an HMO contract had authorized five days of hospital care for an appendectomy, but the HMO refused to cover more than three days. The relationship between that breach of contract and a concurrent act of malpractice might be more difficult to assess. In this case the alleged failure of the HMO is more like a negligent act than an intentional breach of a contract.

*Id.*

In *Longport Ocean Plaza Condo., Inc. v. Robert Cato & Assocs.,* No. Civ. A. 00-CV2231, 2002 WL 2013925 (E.D.Pa. Aug. 29, 2002), the court, applying

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 951955 (D.N.J.)
**(Cite as: 2007 WL 951955 (D.N.J.))**

New Jersey law, dismissed a contract defendant's third-party claim for contribution grounded in tort. The court held that "[a]s the term '*joint* tortfeasors' and the language of the statute indicate, both the party against whom a claim for contribution is asserted as well as the party *asserting* the claim must be tortfeasors." *Id.* at *2. In its analysis, the court found that the holding in *Dunn* (1) was limited "to cases in which the harm suffered by the plaintiff was personal injury"; and (2) "stressed the fact that the HMO's contractual duty was closely analogous to the tort duties imposed on the physician-provider." *Id.* at *3.

In the present case, as the Third Party Complaint indicates, and as Commonwealth concedes, Commonwealth has been sued in contract by Walsh. Thus, there are no claims that Commonwealth is a joint tortfeasor. Because it is not a joint tortfeasor, and because the facts of this case are readily distinguishable from *Dunn,* Commonwealth's contribution claim may not be maintained. Therefore, DiFeo's motion to dismiss all cross-claims will be granted.[FN4]

> FN4. Other co-defendants who have asserted cross-claims against DiFeo may have had a basis for denying DiFeo's motion as to the contribution and indemnification claims. However, none of these cross-claimants have opposed her motion.

## 2. *Claims For Common Law Indemnification*

**\*3** "The right of indemnity rests upon a difference between the primary and secondary liability of two persons, each of whom is made responsible under the law to an injured person." *In re Lead Paint Litigation,* No. A-1946-02T3, 2005 WL 1994172, at *17 (N.J.App.Div. Aug. 17, 2005). "Indemnity is a mechanism for shifting the cost of liability from one joint tortfeasor to another." *Id.* "A party is not entitled to common-law indemnity from another unless it and the other party have been found liable in tort to a third party for the same harm." *Id.* (citing *U.S. v. Manzo,* 182 F.Supp.2d 385, 411 (D.N.J.2000)).

As stated above, Stewart Title is not a joint tortfeasor, and thus, cannot be liable for common law indemnity. Furthermore, there has been no opposition to either Stewart Title or DiFeo's motions to dismiss the cross-claims for indemnification. Thus, the court will dismiss all cross-claims for indemnification as to

both defendants.

### IV. *CONCLUSION*

For the reasons set forth above, Stewart Title's motion to dismiss and DiFeo's motion to dismiss will be granted. The court will enter an order implementing this opinion.

D.N.J.,2007.
Walsh Securities, Inc. v. Cristo Property Management, Ltd.
Not Reported in F.Supp.2d, 2007 WL 951955 (D.N.J.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT  F



Slip Copy, 2009 WL 5064757 (D.N.J.)
**(Cite as: 2009 WL 5064757 (D.N.J.))**

Only the Westlaw citation is currently available.NOT FOR PUBLICATION

United States District Court,
D. New Jersey.
WALSH SECURITIES, INC., Plaintiff,
v.
CRISTO PROPERTY MANAGEMENT, LTD., a/k/a
G.J.L. Limited, Dek Homes of New Jersey, Inc.,
Oakwood Properties Inc., National Home Funding,
Inc., Capital Assets Property Management & Invest-
ment Co., Inc., Capital Assets Property Management,
L.L.C., William J. Kane, Gary Grieser, Robert
Skowrenski, II, Richard Calanni, Richard
DiBenedetto, James R. Brown Thomas Brodo,
Ronald J. Pierson, Stanley Yacker, Esq., Michael
Alfieri, Esq., Richard Pepsny, Esq., Anthony M. Ci-
calese, Esq., Lawrence M. Cuzzi, Anthony D'Apolito,
Dap Consulting, Inc., Commonwealth Land Title
Insurance Co., Nations Title Insurance of New York,
Inc., Fidelity National Title Insurance Co. of New
York, Coastal Title Agency, and Stewart Title
Guaranty Company, Irene DiFeo, Donna Pepsny,
Weichert Realtors, and Vecchio Realty, Inc. d/b/a
Murphy Realty Better Homes and Gardens,
**Civ. No. 97-cv-3496 DRD.**

Dec. 16, 2009.

West KeySummary
**Contribution 96** 5(6.1)

96 Contribution
    96k2 Common Interest or Liability
        96k5 Joint Wrongdoers
            96k5(6) Particular Torts or Wrongdoers
                96k5(6.1) k. In General. Most Cited
Cases
Under New Jersey law, claim of a purchaser of mort-
gage loans against title insurance companies for
breach of good faith and fair dealing was essentially
contractual in nature and thus was totally dissimilar
from the negligence, fraud, and Racketeer Influenced
and Corrupt Organizations Act (RICO) claims
against other defendants. Therefore, title insurance
companies were not entitled to receive contribution
from other defendants as joint tortfeasors. Although
title insurance companies argued that the charges

found in the good faith and fair dealing claim were
grounded in tort, the claim was pled as a supplement
to purchaser's breach of contract claim. N.J.S.A.
2A:53A-2.

Stone & Magnanini LLP, by: Robert A. Magnanini,
Esq., Amy Walker Wagner, Esq., Jeffery A.
Shooman, Esq., Short Hills, NJ, for Plaintiff Walsh
Securities, Inc., and Third-Party Defendant Robert
Walsh.

McCarter & English, LLP, by: David R. Kott, Esq.,
Sara F. Merin, Esq., Newark, NJ, for
Defendant/Third-Plaintiff Commonwealth Land Title
Insurance Co.

Fox Rothschild LLP, by: Edward J. Hayes, Esq.,
David H. Colvin, Esq., Amy C. Purcell, Esq.,
Philadelphia, PA, for Defendants/Third-Plaintiffs
Nations Title Insurance of New York, Inc. and
Fidelity National Title Insurance Co. of New York.

***OPINION***

DEBEVOISE, Senior District Judge.

**I. BACKGROUND AND PROCEDURAL HIS-
TORY**

**\*1** Plaintiff, Walsh Securities ("Plaintiff" or "Walsh
Securities"), brought this action in July 1997, alleg-
ing that in early 1996, numerous co-conspirators en-
gaged in racketeering activity which induced Walsh
Securities to purchase mortgage loans at fraudulently
inflated prices.[FN1] In addition to naming the alleged
perpetrators of the fraud, Walsh Securities sued three
title insurance companies-Commonwealth Land Title
Insurance Co. ("Commonwealth") and Fidelity Na-
tional Title Insurance Co. of New York, and Nations
Title Insurance of New York, Inc. ("Fidelity-
Nations") (collectively, "Third-Party Plaintiffs" or
"Title Insurance Company Defendants"). Walsh Se-
curities alleged in the early versions of the Complaint
that the Title Insurance Company Defendants
breached their duties to Walsh Securities by failing to
provide coverage under Closing Service Protection
Letters and Title Insurance Policies. Commonwealth

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

filed a Third-Party Complaint against Walsh Securities's officers Robert Walsh ("R.Walsh") and Elizabeth Ann DeMola ("Ms.DeMola") with respect to the earlier versions of the Complaint, seeking contribution.

> FN1. For a full factual background, *see Walsh Sec. Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F.Supp.2d 523 (D.N.J.1998); *see also Walsh Secs., Inc. v. Cristo Prop. Mgmt,* 2007 U.S. Dist. LEXIS 22244, 2007 WL 951955 (D.N.J. Mar. 28, 2007).

Walsh Securities filed a Fourth Amended Complaint. It embellished its claims against the Title Insurance Company Defendants. Adding to the charge of failing to provide coverage under the Closing Service Protection Letters and Title Insurance Policies, the Fourth Amended Complaint alleged that the Title Insurance Company Defendants breached the duty of good faith and fair dealing and engaged in a wrongful delay in processing Walsh Securities's claims.

Thereafter, Commonwealth filed a new Third-Party Complaint, seeking contribution from James Walsh ("J.Walsh") as well as from R. Walsh and Ms. DeMola. Fidelity-Nations filed its first Third-Party Complaint seeking contribution and also indemnification from R. Walsh, J. Walsh and Ms. DeMola (hereinafter sometimes referred to as the "Third-Party Defendants"). Commonwealth's Third-Party Complaint is typical of these Third-Party Complaints. It reads in its entirety as follows:

Defendant/third-party plaintiff Commonwealth Land Title Insurance Company ("Commonwealth"), by way of Third Party Complaint against third-party defendants Robert Walsh, James Walsh and Elizabeth Ann DeMola says:

1. Plaintiff has commenced an action against defendant/third-party plaintiff Commonwealth for the causes set forth in the Fourth Amended Complaint, a copy of which is attached hereto as Exhibit A.

2. At all material times herein, third-party defendants, Robert Walsh, James Walsh and Elizabeth Ann DeMola were officers, directors and/or employees of Walsh Securities, Inc.

3. The third-party defendants were negligent, or engaged in fraud, or breached their legal and/or fiduciary duties, or otherwise were engaged in wrongdoing or fault, which caused or contributed to the losses claimed by plaintiff in this case.

4. As a direct result of the negligence or fraud or breach of their legal and/or fiduciary duties or the wrongdoing or the fault of third-party defendants, while defendant/third-party plaintiff Commonwealth denies any liability to plaintiff or to any other defendant, if defendant/third-party plaintiff Commonwealth is found liable, it is entitled to contribution from third-party defendants Robert Walsh, James Walsh and/or Elizabeth Ann DeMola pursuant to the New Jersey Tortfeasors Contribution Act.

**\*2** WHEREFORE, defendant/third-party plaintiff Commonwealth demands judgment against third-party defendants Robert Walsh, James Walsh and Elizabeth Ann DeMola, jointly and severally.

(Commonwealth Third-Party Compl. ¶ 3.)

Commonwealth and Fidelity/Nations [FN2] asserted third-party complaints for contribution under New Jersey's Joint Tortfeasors Contribution Act, N.J.S.A. § 2A:53A-1, et seq., and for common law indemnification against the Third-Party Defendants as officers, directors or employees of Walsh Securities. In lieu of an answer R. Walsh moved to dismiss each of the Third-Party complaints pursuant to Fed.R.Civ.P. (12)(b)(6) for failure to state a claim upon which relief can be granted, for failure to meet the notice pleading requirements of Fed. R.Civ. P. 8(a)(2), and for failure to plead fraud with particularity as required by Fed.R.Civ.P. 9(b). Ms. DeMola and J. Walsh joined in this motion.

> FN2. Several defendants have settled with Walsh Securities, and a default judgment was entered against several other defendants in the amount of $493,035,603.00. Six defendants remain in the case.

The Title Insurance Company Defendants opposed the motions to dismiss and, in the alternative, moved for leave to file First Amended Third-Party Complaints against the Third-Party Defendants. The Third-Party Defendants' motion to dismiss will be

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 5064757 (D.N.J.)
**(Cite as: 2009 WL 5064757 (D.N.J.))**

granted; the Title Insurance Company Defendants' motion for leave to file a First Amended Third-Party Complaint will be denied as futile because it fails to state a claim for contribution or indemnification.

### III. DISCUSSION

**A. Standard for Dismissal under Fed.R.Civ.P. 12(b)(6):** Fed.R.Civ.P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merit s, but whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.,* 311 F.3d 198, 215 (3d Cir.2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The decisions in those cases abrogated the rule established in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, *Bell Atlantic,* 550 U.S. at 545, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," *id.* at 570, meaning that the facts alleged "allow [ ] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal,* 129 S.Ct. at 1949; *see also, Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

**\*3** When assessing the sufficiency of a complaint, the Court must distinguish factual contentions-which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted-from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

In the present case the allegations of the Third-Party Complaints fail to state valid claims upon which relief can be granted.

**B. Sufficiency of the Third-Party Complaints:** In its four paragraph Third-Party Complaint, Commonwealth charges that the three Third-Party Defendants "were negligent, or engaged in fraud, or breached their legal and/or fiduciary duties, or otherwise were engaged in wrongdoing or fault, which caused or contributed to the losses claimed by plaintiff in this case." (Commonwealth Third-Party Compl. ¶ 3.) Fideltiy-Nations assert that the three Third-Party Defendants "participated in the fraud alleged to have occurred by Plaintiff ... Alternatively, ... were negligent and/or breached their duties to Plaintiff as officers, directors and/or employees." (Fidelity-Nations Third-Party Compl. ¶¶ 2-3 .) The underlying wrongdoing out of which this case arises is set forth in the Fourth Amended Complaint in which a large number of individuals, corporations and other entities are alleged to have engaged in a massive mortgage fraud scheme. Defendants in that case, other than the Title Insurance Company Defendants, are charged with (1) § 1962(c) RICO fraud, (2) § 1962(d) RICO fraud and (3) common law fraud. The alleged fraudulent conduct is set forth in the Complaint in great detail.

The allegations in the Third-Party Complaints of the Title Insurance Company Defendants are so deficient by the standards set forth in Fed.R.Civ.P. 12(b)(6) and 9(b), as applied in *Twombly* and *Iqbal,* that nothing further need be said. These complaints must be dismissed out of hand. The Title Insurance Company Defendants offer a pathetic excuse for this deficiency, asserting that there has been so much discov-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 5064757 (D.N.J.)
**(Cite as: 2009 WL 5064757 (D.N.J.))**

ery in the past twelve years that the Third-Party Defendants must know what it is all about.

Recognizing the absurdity of that proposition, Commonwealth has attached to its brief opposing the motion to dismiss a proposed First Amended Complaint Against Robert Walsh, James Walsh and Elizabeth Ann DeMola. This too is a strange document. It includes the generalized allegations of fraud, negligence and breach of legal and/or fiduciary duties as officers, directors and/or employees of Walsh Securities. Instead of setting forth a systematic account of their alleged conduct, the "FACTUAL ALLEGATIONS" appear to be largely a collection of Ms. DeMola's allocution statements at the time she entered her plea of guilty in the criminal case against her. There follows a jumble of miscellaneous factual allegations concerning R. Walsh, J. Walsh and Ms. DeMola which might or might not have relevance at a trial. Rather than invite the parties to address the question whether this proposed First Amended Third-Party Complaint could survive a motion, to dismiss, the court will turn to the question whether the Title Insurance Company Defendants can assert a claim against the Third-Party Defendants for contribution or indemnification. If they cannot, the motions for leave to file a First Amended Third-Party Complaint would have to be denied as futile.

**\*4 C. Claims For Contribution:** Under New Jersey law, the right of contribution exists among joint tortfeasors. N.J.S.A. § 2A:53A-2. The term "joint tortfeasors" is defined as "two or more persons jointly or severally liable in tort for the same injury to person or property ...." N.J.S.A. § 2A:53A-1.

In Count V of the Fourth Amended Complaint, Walsh Securities alleges that the title insurance defendants, including Commonwealth and Fidelity-Nations:

breached their respective duties of good faith and fair dealing by failing to process and pay covered claims in a reasonable time. In connection therewith, the [Title Insurance Company Defendants] knew or recklessly disregarded the fact that they lacked a reasonable basis for denying the claims. This is evidenced[.... by the [Title Insurance Company Defendants] reckless indifference to facts or proofs submitted by Walsh Securities and the [Title Insurance Company Defendants] prema-

ture terminations of [their] investigation upon the filing of this action against them seeking coverage.

(Fourth Am. Compl. ¶ 99.) In addition, in Count VII, Walsh Securities raises a claim for wrongful delay and/or denial of insurance claims by Title Insurance Company Defendants, whereby it asserts that:

[The Title Insurance Company Defendants] failure to process and pay covered claims in a reasonable time was done intentionally without debatable reason and/or in reckless disregard of the fact that they had no valid reason for doing so.

(Fourth Am. Compl. ¶ 112.) In their Third-Party Complaints, Commonwealth and Fidelity-Nations seek contribution from the Third-Party Defendants as joint tortfeasors who contributed to the damages sought by Walsh Securities. [FN3] (Commonwealth Third-Party Compl. ¶ 4; *see also* Fidelity-Nations Third-Party Compl. ¶ 4 .) Despite the Court's earlier ruling in *Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.,* Civ. No. 97-3496(DRD), 2007 WL 951955 (D.N.J. March 28, 2007), the Title Insurance Company Defendants argue that Walsh Securities's claims sound in tort and thus they are entitled to contribution from the Third-Party Defendants. (Commonwealth Br. at 6; *see also* Fidelity-Nations Br. at 8.) Specifically, they argue that the charges found in Walsh Securities's Fourth Amended Complaint, including the addition of the breach of good faith and fair dealing claim and wrongful delay claim, alter the nature of Walsh Securities's claim against the Title Insurance Company Defendants to one grounded in tort giving rise to contribution. (Commonwealth Br. at 8.) To support this proposition, the Title Insurance Company Defendants urge this Court to look to the remedies sought rather than the labels attached to the claim. (Fidelity-Nations Br. at 8.)

> FN3. Fidelity-Nations additionally seeks indemnification and other common law relief as the Court may deem equitable and just. (Fidelity-Nation's Third-Party Compl. ¶ 4.)

The court on a prior occasion addressed the contribution issue raised in the present motions. *Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.,* Civ. No. 97-3496(DRD), 2007 WL 95J955 (D.N.J. March 28, 2007). In its Third Amended Complaint Walsh Securities named Stuart Title Guaranty Company ("Stuart Title") and Irene Di Feo ("Di Feo") as defendants,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 5064757 (D.N.J.)
**(Cite as: 2009 WL 5064757 (D.N.J.))**

claiming that Stewart title had failed to reimburse Walsh Securities for losses it incurred "based on the fraud and/or misapplication of the approved attorneys as covered by the closing service letters." Walsh Securities sought damages associated with Stuart Title's alleged breach of contract. Commonwealth, among other defendants, filed cross-claims for contribution. On DiFeo's motion to dismiss, the court held:

> **\*5** In the present case, as the Third Party complaint indicates, and as Commonwealth concedes, Commonwealth has been sued in contract by Walsh. Thus, there are no claims that Commonwealth is a joint tort-feasor. Because it is not a joint tortfeasor, and because the facts of this case are readily distinguishable from *Dunn,* Commonwealth's contribution claim may not be maintained.

In *Dunn v. Praiss,* 139 N.J. 564, 656 A.2d 413 (1995), a physician found liable for medical malpractice sought contribution from his HMO on the basis of its independent breach of contractual duty to the patient-subscriber of the HMO. The Court held in that case that "it is appropriate in this case to apportion responsibility based on breach of contract that is alleged to have proximately caused personal injury." *Id.* At 577.

In *Cristo* the court cited *Longport Ocean Plaza Condo, Inc. v. Robert Cato & Assocs.,* Civ. No. 00-cv-2231, 2002 U.S. Dist LEXIS 16334, 2002 WL 2013925 (E.D.Pa. Aug.29, 2002). There the court limited the ruling in *Dunn,* holding that (1) it was limited "to cases in which harm suffered by plaintiff was personal injury," and (2) it "stressed the fact that the HMO's contractual duty was closely analogous to the tort duties imposed on the physician provider." 2002 U.S. Dist. LEXIS 16334, 2002 WL 2013925[WL] at *3. The court, applying New Jersey law, dismissed a contract defendant's third party claim for contribution grounded in tort.

The Title Insurance Company Defendants argue that Walsh Securities's Fourth Amended Complaint seeks damages against them not only for alleged breach of contract but also for what are, in effect, tort claims-wrongful delay and/or denial of insurance claims and breach of their respective duties of good faith and fair dealing. Consequently, they contend that *Cristo* is no longer good law, if it ever was.

Claims against insurance companies for breach of the duty of good faith and fair dealing and for wrongful delay "sound[ ] in both tort and contract." *Pickett v. Lloyd's (A Syndicate of Underwriting Members),* 131 N.J. 457, 470, 621 A.2d 445 (1993) *quoting Rova Farms Resort, Inc. v. Investors Ins. Co.,* 65 N.J. 474, 504, 323 A.2d 495 (1974). Moreover, compensation is not "dependent on what label [is] place[d] on an action but rather on the nature of the injury inflicted on the plaintiff and the remedies requested." *Pickett,* at 470, 621 A.2d 445. Therefore, for contribution purposes, the crux of the analysis of whether a claim is grounded in tort or contract must focus on the nature of the injury inflicted and the remedy sought. If the damages sought are ones normally flowing from breach of contract claims (i.e., consequential damages, lost profits, etc.) then the claim is more likely contractual in nature. *Id.* at 475, 621 A.2d 445. Treble damages and punitive damages are unlikely to be available in contract cases.

Both *Dunn* and *Longport* emphasized that the answer to the question whether a contract claim will be considered to be a tort claim for contribution purposes depends upon the circumstances of the individual case. *Longport* emphasized that *Dunn* "stressed the fact that the HMO's contractual duty was closely analogous to the tort duties imposed on the physician-provider." *Dunn* noted:

> **\*6** In the context of this case in which the breach of contractual duty appears to parallel closely the fault based duty of care imposed on a healthcare provider it is appropriate to allow for contribution. *In another case the issue might be less clear." Id.* at 577, 656 A.2d 413. (emphasis added)

Here, Walsh Securities is pleading breach of good faith and fair dealing in conjunction with the Third-Party Plaintiffs' alleged breach of contract. (Fourth Am. Compl. ¶ 100.) In this setting, the good faith and fair dealing claim is only belatedly being pled as a supplement to the breach of contract claim. (Third Party Defs. Br. at 5.) The damages sought under this claim are identical to those sought for breach of contract and if a court were to find the existence of a breach of contract, the good faith claim would be redundant.

As for Walsh Securities's claims for wrongful delay and/or denial of insurance, the damages sought are

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 5064757 (D.N.J.)
**(Cite as: 2009 WL 5064757 (D.N.J.))**

"consequential" and are for "diminution and/or complete loss of ... going concern value." (Fourth Am. Compl. ¶ 113.) These damages are closely analogous to contract damages and are the natural and probable consequences of a breach of contract, suggesting that the wrongful delay claims against the Third-Party Plaintiffs are also contractual in nature.

For approximately 12 years, during which the Title Insurance Companies have been named as defendants in the various complaints (and the Third-Party Defendants have not), Walsh Securities has proceeded against the Title Insurance Company Defendants on strictly contract claims. As Fidelity-Nations points out in its brief, awareness of the nature of this case "arises from all of the activity that has taken place since the inception of the fraud alleged to have occurred" (Fidelity-Nations Br. at 13), and "as part of the mediation process, numerous depositions were taken of the participants in the underlying transactions, which depositions resulted in the disclosure of the very detailed and specific accusations regarding the conduct of the Third-Party Defendants." Yet only now, in the twelfth year of this case, two of the Title Insurance Company Defendants seek to assert a claim against the Third-Party Defendants.

More important is the total disparity between the general claims that Walsh Securities is asserting against the non-Title Insurance Company Defendants and the embellished contract claims that it asserts against the Title Insurance Defendants in its Fourth Amended Complaint. Fidelity-Nations describes the general nature of Walsh Securities's allegations against the nonTitle Insurance Company Defendants'.

> Over ten years ago, plaintiff, Walsh Securities ("Walsh"), instituted this action. In various reiterations of its complaint, Walsh alleges that it was the victim of a fraudulent scheme perpetrated by a vast number of mortgage companies, real estate appraisers, and attorneys to induce Walsh to purchase approximately 223 mortgage loans on real properties with artificially inflated prices. Walsh has set forth a variety of claims against those defendants ranging from negligence to fraud to RICO violations.

**\*7** (Fidelity-Nations's Br. at 2)

These wide-ranging fraudulent activities are to be contrasted to the contractual and related duties that Walsh Securities alleges the Title Insurance Company Defendants breached. In *Dunn* contribution was allowed because "the HMO's contractual duty was closely analogous to the tort duties imposed on the physician-provider." There is nothing analogous between the Walsh Securities fraud, negligence and RICO claims against the other defendants and its contract and related claims against the Title Insurance Company Defendants. It would be impossible to allocate responsibility and damages in such disparate claims that have such different elements and such different measures of damages.

Although under New Jersey law there are occasions when a contract claim may have attributes that will permit it to give rise to a claim for contribution, this is not one of them. Walsh Securities's claims against the Title Insurance Company Defendants, even as amplified in the Fourth Amended Complaint, are essentially contractual in nature and they are so totally dissimilar from the negligence, fraud and RICO claims asserted against the other defendants, they are an inappropriate basis for a claim for contribution.

**D. Claims For Common Law Indemnification:**
Only Fidelity-Nations also brings a claim for indemnification against the Third-Party Defendants. "The right of indemnity rests upon a difference between the primary and secondary liability of two persons, each of whom is made responsible under the law to an injured person." *In re: Lead Paint Litigation,* No. A-1946-02T3, 2005 WL 1994172, at *17 (N.J.App.Div. Aug. 17, 2005). "Indemnity is a mechanism for shifting the cost of liability from one joint tortfeasor to another." *Id.* "A party is not entitled to common-law indemnity from another unless it and the other party have been found liable in tort to a third party for the same harm." *Id.* (*citing U.S. v. Manzo,* 182 F.Supp.2d 385, 411 (D.N.J.2000)).

As stated above, the Third-Party Defendants are not joint tortfeasors, and thus, cannot be liable for common law indemnity. Furthermore, there has been no opposition to the Third-Party Defendants' motions to dismiss the Third-Party Complaint claim for indemnification.

**IV. CONCLUSION**

For the reasons set forth above the Third-Party Com-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 5064757 (D.N.J.)
**(Cite as: 2009 WL 5064757 (D.N.J.))**

plaints of Commonwealth and Fidelity-Nations will be dismissed for failing to comply with the pleading requirements of Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 9(b). The motions of Commonwealth and FidelityNations for leave to file an amended complaint seeking contribution and indemnification will be denied as futile. The Court will file an order implementing this opinion.

D.N.J.,2009.
Walsh Securities, Inc. v. Cristo Property Management, Ltd.
Slip Copy, 2009 WL 5064757 (D.N.J.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.