

**METHFESSEL & WERBEL**

A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
EDWARD L. THORNTON*>
FREDRIC PAUL GALLIN*+^
STEPHEN R. KATZMAN#
WILLIAM S.BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>

Of Counsel
JOHN METHFESSEL, SR.>
DONALD L. CROWLEY*+

Counsel
LORI BROWN STERNBACK*+
MARC DEMBLING*+
PAUL J. ENDLER JR.>
GERALD KAPLAN+
JARED P. KINGSLEY*+
STEVEN A. KLUXEN^
JOHN R. KNODEL *
CHARLES T. MCCOOK, JR. *>
MARTIN R. MCGOWAN, JR.>

Associates
EDWARD D DEMBLING>
MICHAEL R. EATROFF>
TIMOTHY J. FONSECA+
SCOTT A. GINSBERG+
MAURICE JEFFERSON>
FRANK J. KEENAN+^
JENNIFER M. HERRMANN^=
RAINA M. JOHNSON^
LESLIE A. KOCH+
ALLISON M. KOENKE>
DANIELLE M. LOZITO+
CAROLINE PYRZ^
MATTHEW L. RACHMIEL>
WILLIAM J. RADA+
CHARLES P. SAVOTH, III>
AMANDA J. SCHMESSER^
MICHELLE M. SCHOTT>
GINA M. STANZIALE>
ADAM S. WEISS<

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
<Member of NJ and DC
=Member of FL Bar

Please reply to New Jersey

August 11, 2010

VIA ELECTRONIC MAIL
The Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Jr. Federal Building  and U.S. Court
50 Walnut Street
Newark, NJ  07102

RE:  **WALSH SECURITIES, INC. VS. CRISTO PROP.**
      Our File No.      : 45987 MRM
      Docket No.        : 2:97-CV-03496

Dear Judge Shipp:

This office represents defendant Coastal Title Agency in the above-captioned matter.

On August 10, 2010, this office filed a Motion to Dismiss Crossclaims against Coastal Title Agency for indemnification and contribution by Co-Defendants Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, and Nations Title Insurance Company.  Unfortunately, the Notice of Motion erroneously indicated that this office sought an order to dismiss Plaintiff's Complaint.

Enclosed with this letter you will find our resubmitted and corrected Motion to Dismiss Co-Defendant Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, and Nations Title Insurance Company's Crossclaims against Coastal Title Agency for indemnification and contribution.

3 Ethel Road ~ Suite 300 ~ P.O. Box 3012 ~ Edison, NJ 08818 ~ (732) 248-4200 ~ FAX (732) 248-2355
450 Seventh Avenue ~ Suite 1400 ~ New York, New York 10123 ~ (212) 947-1999 ~ FAX (212) 947-3332
www.njinslaw.com

Methfessel & Werbel, Esqs.
Our File No. 45987 MRM
Page 2


If you have any objection to this office's submission of the corrected motion, please feel free to contact me in this regard.

Very truly yours,

**METHFESSEL & WERBEL, ESQS.**


Martin R. McGowan
mcgowan@methwerb.com
Ext. 168

MRM:cep/daf/Enc.

Methfessel & Werbel, Esqs.
Our File No. 45987 MRM
Page 3


cc:   VIA ELECTRONIC FILING AND
      LAWYER SERVICE


      Robert A. Magnanini, Esq.
      Stone & Magnanini, LLP
      150 John F. Kennedy Parkway
      Short Hills, NJ 07078

      Joseph G. LePore, Esq.
      LePore, Luizzi & Rossi, P.C.
      489 Aurora Place
      Brick, NJ 08723

      Vincent P. Manning, Esq.
      Manning, Caliendo & Thomson
      36 West Main Street
      PO Box 6578
      Freehold, NJ  07728

      Anthony M. Cicalese
      74C Manatiales de Belen
      200 Mtrs Norte de igleseis de Ascen
      San Antonio de Belen
      Heredia, Costa Rica

      Thomas D. Flinn, Esq.
      Garrity, Graham, Favetta & Flinn
      72 Eagle Rock Avenue, 3rd Floor
      East Hanover, NJ  07936

      EMAIL: dkott@mccarter.com
      David R. Kott, Esq.
      McCarter & English, LLP
      Four Gateway Center
      100 Mulberry Street
      PO Box 652
      Newark, NJ  07101-0652

Methfessel & Werbel, Esqs.
Our File No. 45987 MRM
Page 4


Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Munoz,
P.A.
100 Willobrook Road, Bldg 1
Freehold, NJ 07728

Anthony Argiropoulos, Esq.
Fox, Rothschild, O'Brien & Frankel,
LLP
Princeton Pike Corporate Center,
997 Lenox Drive, Building
Lawrenceville, NJ  08648-2311

Irene Difeo
5 Leann Court
Old Bridge, NJ 08857

Richard Calanni, Pro Se
1 Old Farm Road
Tinton Falls, NJ 07724

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
210 Park Ave, Ste 301
Florham Park NJ 07932

James C. Aaron, Esq.
Ansell, Zaro, Grimm & Aaron, P.C.
1500 Lawrence Avenue
CN 7807
Ocean, NJ  07712

Robert Agel



## METHFESSEL & WERBEL
### A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
EDWARD L. THORNTON'>
FREDRIC PAUL GALLIN'+^
STEPHEN R. KATZMAN#
WILLIAM S.BLOOM>*
ERIC L. HARRISON'+
MATTHEW A. WERBEL>

Of Counsel
JOHN METHFESSEL, SR.>
DONALD L. CROWLEY'+

**Counsel**
LORI BROWN STERNBACK'+
MARC DEMBLING'+
PAUL J. ENDLER JR.>
GERALD KAPLAN+
JARED P. KINGSLEY'+
STEVEN A. KLUXEN^
JOHN R. KNODEL*
CHARLES T. MCCOOK, JR. '>
MARTIN R. MCGOWAN, JR.>

**Associates**
EDWARD D DEMBLING>
MICHAEL R. EATROFF>
TIMOTHY J. FONSECA+
SCOTT A. GINSBERG+
MAURICE JEFFERSON+
FRANK J. KEENAN+^
JENNIFER M. HERRMANN^=
RAINA M. JOHNSON^
LESLIE A. KOCH+
ALLISON M. KOENKE>
DANIELLE M. LOZITO+
CAROLINE PYRZ^
MATTHEW L. RACHMIEL>
WILLIAM J. RADA+
CHARLES P. SAVOTH, III>
AMANDA J. SCHMESSER^
MICHELLE M. SCHOTT>
GINA M. STANZIALE>
ADAM S. WEISS<

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
<Member of NJ and DC
=Member of FL Bar

**Please reply to New Jersey**

August 11, 2010

<u>**VIA LAWYERS SERVICE AND ELECTRONIC FILING**</u>

Motions Clerk, United States District Court - Newark
Martin Luther King Jr.
Federal Building  and U.S. Court
Newark, NJ  07101

RE:     **WALSH SECURITIES, INC. VS. CRISTO PROP.**
        Our File No.        :  45987 MRM
        Docket No.          :  2:97-CV-03496

Dear Sir/Madam:

Enclosed please find the following documents:

☒ Notice of Motion
☒ Certification
☒ Brief
☒ Order

Thank you.

                                        Very truly yours,

                                        **METHFESSEL & WERBEL, ESQS.**

                                        Martin R. McGowan
                                        mcgowan@methwerb.com
                                        Ext. 168

MRM:cep/daf/Encl.
nc

Methfessel & Werbel, Esqs.
Page 2
Our File No. 45987 MRM

cc:   **<u>VIA ELECTRONIC FILING AND LAWYERS SERVICE</u>**

Robert A. Magnanini, Esq.
Boies, Schiller & Flexner, LLP
150 John F. Kennedy Parkway
Short Hills, NJ 07078

Joseph G. LePore, Esq.
LePore, Luizzi & Rossi, P.C.
489 Aurora Place
Brick, NJ 08723

Vincent P. Manning, Esq.
Manning, Caliendo & Thomson
36 West Main Street
PO Box 6578
Freehold, NJ  07728

Thomas D. Flinn, Esq.
Garrity, Graham, Favetta & Flinn
72 Eagle Rock Avenue, 3rd Floor
East Hanover, NJ  07936

David R. Kott, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
PO Box 652
Newark, NJ  07101-0652

Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Munoz, P.A.
100 Willobrook Road, Bldg 1
Freehold, NJ 07728

Anthony Argiropoulos, Esq.
Fox, Rothschild, O'Brien & Frankel, LLP
Princeton Pike Corporate Center,
997 Lenox Drive, Building
Lawrenceville, NJ  08648-2311

Methfessel & Werbel, Esqs.
Page 3
Our File No. 45987 MRM

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
210 Park Ave, Ste 301
Florham Park NJ 07932

James C. Aaron, Esq.
Ansell, Zaro, Grimm & Aaron, P.C.
1500 Lawrence Avenue
CN 7807
Ocean, NJ 07712

**VIA REGULAR MAIL**

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica

Irene Difeo
5 Leann Court
Old Bridge, NJ 08857

Coastal Title Agency
Robert F. Agel
2 Paragon Way
Suite 400 B
Freehold, NJ  07728

Richard Calanni
1 Old Farm Road
Tinton Falls, NJ 07724

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No.  45987 MRM

| | |
|---|---|
| WALSH SECURITIES, INC.<br><br>Plaintiff,<br><br>V.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALLANI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE COMPANY OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY AND STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CASE NO.: 2:97-CV-03496<br><br>Civil Action<br><br>**NOTICE OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** |

BETTER HOMES AND GARDENS,

        Defendants.

**TO:    MOTIONS CLERK AND ALL COUNSEL OF RECORD**

      **PLEASE TAKE NOTICE** that the undersigned will apply to the above named Court at

Clerk, United States District Court - Newark, Martin Luther King Jr.  Federal Building and U.S.

Court Newark, NJ  07101, on September 7, 2010 at 9:00 a.m., or as soon thereafter as counsel

may be heard, for an Order to Dismiss Co-Defendant Commonwealth Land Title Insurance

Company, Fidelity National Title Insurance Company, and Nations Title Insurance Company's

Crossclaims against Coastal Title Agency for indemnification and contribution. pursuant to Rule

12 (b)(6).

Pursuant to R. 1:6-2(d) the undersigned requests oral argument only if opposition to the within

motion is entered.

                **METHFESSEL & WERBEL, ESQS.**
                Attorneys for Coastal Title Agency

                By:_____
                    Martin R. McGowan

DATED: August 11, 2010
A proposed form of Order is annexed hereto.

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No.  45987 MRM

| | |
|---|---|
| WALSH SECURITIES, INC.<br><br>        Plaintiff,<br><br>V.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALLANI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE COMPANY OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY AND STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br>: 2:97-CV-03496<br><br>        Civil Action<br><br><br>    **AFFIDAVIT OF**<br>**MARTIN R. MCGOWAN, ESQ.**<br>**IN SUPPORT OF MOTION**<br>**TO DISMISS PURSUANT TO RULE**<br>**12(b)(6)** |

BETTER HOMES AND GARDENS,

                       Defendants.

I, Martin R. McGowan, of full age, duly certify as follows:

1.       I am an attorney at law in the State of New Jersey, associated with the law firm of Methfessel & Werbel, attorneys for the defendant(s), Coastal Title Agency, and in such capacity I am fully familiar with the facts of the within matter.

2.       Attached as **Exhibit A** is a true, accurate, and authentic copy of the Plaintiff's Complaint.

3.       Attached as **Exhibit B** is a true, accurate, and authentic copy of the Commonwealth Land Title Insurance Company's Answer to Plaintiff's Fourth Amended Complaint.

4.       Attached as **Exhibit C** is a true, accurate, and authentic copy of Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York's Answer to Plaintiff's Fourth Amended Complaint.

5.       Attached as **Exhibit D** is a true, accurate, and authentic copy of Coastal Title Agency's Answer to Plaintiff's Fourth Amended Complaint.

6.       Attached as **Exhibit E** is a true, accurate, and authentic copy of Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd., Civ. No. 97-3496, 2007 WL 951955 (D. N.J. March 28, 2007).

7.      Attached as **Exhibit F** is a true, accurate, and authentic copy of <u>Walsh Securities</u> <u>Inc. v. Cristo Prop. Mgmt., Ltd.,</u> Civ. No. 97-3496, 2009 WL 5064757 (D. N.J. December 16, 2009).

I swear under penalty of perjury that the foregoing is true and correct.

METHFESSEL & WERBEL, ESQS.
Attorneys for Coastal Title Agency

By:_____
            Martin R. McGowan

DATED: August 11, 2010

| | |
|---|---|
| WALSH SECURITIES, INC.<br><br>       Plaintiff,<br><br>V.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALLANI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE COMPANY OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY AND STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES AND GARDENS,<br><br>       Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Case No.: 2:97-CV-03496<br><br><br>       Civil Action |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**METHFESSEL & WERBEL, ESQS.**
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No.  45987 MRM

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...………………………………………………….……2

PRELIMINARY STATEMENT………………………………………………………….3

STATEMENT OF FACTS……………………………………………………...……4

LEGAL ARGUMENT

POINT I…………. ..……………………………………………………..………..7

APPLICATION OF RULE 12(b)(6) REQUIRES DISMISSAL OF COMMONWEALTH AND FIDELITY NATIONS' CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION.

POINT II..…………. ..……………………………………………………..…………8

COMMONWEALTH AND FIDELITY NATIONS' CROSSCLAIMS FOR CONTRIBUTION MUST BE DISMISSED AS COASTAL IS NOT A JOINT TORTFEASOR.

POINT III ..…………. ..……………………………………………………..………..13

THE TITLE INSURANCE DEFENDANTS' CROSS CLAIMS FOR INDEMNIFICATION FROM COASTAL MUST BE DISMISSED AS THE PARTIES ARE NOT JOINTLY LIABLE TO WALSH IN TORT

CONCLUSION……………………………………………………………………..14

## **TABLE OF AUTHORITIES**

**Cases:**

Bald Eagle Area School Dist., et al. v. Keystone Financial, Inc., et al., 189 F.3d 321 (3d Cir. 1999).  ................................................................................................................. 7

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)  ................................................................. 7

Dunn v. Praiss, 139 N.J. 564 (1995)……………………………………………………10

Enright v. Lubow, 202 N.J. Super. 58, 85 (App. Div. 1985), certif. denied, 104 N.J. 376 (1986). ………………………………………………….……………………………13

Harley Davidson v. Advance Die Casting, Inc., 150 N.J. 489, 497-98 (1997) …..……...13

Hishon v. King and Spaulding, 467 U.S. 69 (1984).  ............................................... ……..7

Longport Ocean Plaza Condo. Inc. v. Robert Cato & Assocs., Civ. No. 00-CV-2231, 2002 U.S. Dist. LEXIS 16334, 2002 WL 2013925 (E.D. Pa. Aug., 29, 2002)………………………10

United States v. Manzo, 182 F. Supp. 2d 385, 411 (D. N.J. 2000). ………………………13

Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd., Civ. No. 97-3496 (DRD), 2007 WL 951955 (D. N.J. March 28, 2007)………………………………………………………………9

Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd., Civ. No. 97-3496 (DRD), 2009 WL (D. N.J. December 16, 2009)………………………………………………………..10

**Statutes:**

18 U.S.C. § 1962………………………………………………………………..3

N.J.S.A. § 2A:53A-1-2……………………………………………………………3

Federal Rules of Civil Procedure 12 (b) (6)........................................................................ 3

2

## PRELIMINARY STATEMENT

This matter was commenced by Plaintiff Walsh Securities, Inc. ("Walsh") in 1997, when Walsh filed its original Complaint alleging that numerous parties had engaged in racketeering activities and induced Walsh to purchase mortgage loans at fraudulently inflated prices.

In Walsh's Fourth Amended Complaint, Coastal Title Agency ("Coastal") is named as a Defendant and alleged to have committed common law fraud, as well as racketeering under the "Racketeer Influenced and Corrupt Organizations Act (RICO)," 18 U.S.C. §1962(c) & (d). Three title insurance companies, Commonwealth Land Title Insurance Company ("Commonwealth"), Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York (collectively referred to as "Fidelity Nations") were also named as Defendants in the Complaint. Walsh alleged that these title insurance companies (collectively referred to as "Title Insurance Defendants") breached their contracts with Plaintiff, in addition to their duties of good faith and fair dealing.  Walsh further alleged the Title Insurance Defendants wrongfully delayed the processing of Walsh's claims.

Included within Commonwealth and Fidelity Nations' Answers to the Fourth Amended Complaint were cross-claims against Coastal for common law indemnification and contribution under the New Jersey Tortfeasors Contribution Act, N.J.S.A. §2A:53A-1, et. seq.  Based on the allegations contained with the pleadings, Coastal now moves to dismiss Commonwealth and Fidelity Nations' these cross-claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (F.R.C.P.), since they are not joint tortfeasors here.

**STATEMENT OF FACTS**

1.   On July 10, 2009, Walsh filed their Fourth Amended Complaint (the "Complaint") in this matter naming Coastal as a Defendant.   (See Complaint, attached to the Certification of Martin R. McGowan, Esq. as **Exhibit A**).

2.   In Count I, Walsh specifically alleged that Coastal engaged in a pattern of racketeering activities, including, but not limited to wire fraud and commercial bribery, in violation of 18 U.S.C. §1962(c) (RICO).  (See **Exhibit A**, ¶¶ 66-74).

3.   In Count II of the Complaint, Walsh alleged that Coastal and several other Defendants conspired to commit acts of racketeering, including, but not limited to wire fraud and commercial bribery, in violation 18 U.S.C. §1962 (d) (RICO).  (See **Exhibit A**, ¶¶ 75-79).

4.   Walsh also alleges in Count III that Coastal, as well as several other defendants, committed common-law fraud by willfully and intentionally defrauded Walsh securities and making false, fraudulent, and material misrepresentations and omissions.  (See **Exhibit A**, ¶¶ 80-85).

5.   As to Commonwealth and Fidelity National, also referred to as "Title Insurance Defendants," Walsh alleged in Count V that the Title Insurance Defendants breached their contracts with Walsh and breached their respective duties of good faith and fair dealing.  (See **Exhibit A**, ¶¶92-100).

6.   In Count VII, Walsh also asserted the Title Insurance Defendants intentionally and without debatable reason and/or in reckless disregard of the fact that they had no valid reason for doing so engaged in the wrongful delay and/or denial of an insurance claim

by failing to process and pay covered claims in a reasonable time.  (See **Exhibit A**, ¶¶ 111-112).

7.      Commonwealth Land Title Insurance Company filed their Answer to Plaintiff's Fourth Amended Complaint on July 23, 2009, in which it asserted a cross-claim for contribution under the New Jersey Tortfeasors Contribution Act from several defendants including Coastal Title Agency.   (See Answer to Plaintiff's Fourth Amended Complaint by Commonwealth Land Title Insurance Company, attached to the Certification of Martin R. McGowan, Esq. as **Exhibit B** at p.14).

8.      Commonwealth asserted a cross-claim against Coastal for common-law indemnification.  (See **Exhibit B** at pp. 14-15).

9.      On July 24, 2009, Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York filed their Answer to Plaintiff's Fourth Amended Complaint.  Fidelity Nations cross-claimed against Coastal for contribution pursuant to the New Jersey Joint Tortfeasors Act, N.J.S.A. §2A:53A-1.  (See Answer to Plaintiff's Fourth Amended Complaint by Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York, attached to the Certification of Martin R. McGowan, Esq. as **Exhibit C** at pp. 18-19).

10.     Fidelity Nations also cross-claimed against Coastal for common law indemnification. (See **Exhibit C** at p 18.)

11.     On July 24, 2009, Coastal also filed its Answer to Plaintiff's Fourth Amended Complaint, in which it denied all material allegations and any cross-claims made against it for contribution and indemnity.  (See Answer to Plaintiff's Fourth Amended

Complaint by Coastal Title Agency, attached to the Certification of Martin R. McGowan, Esq. as **Exhibit D**).

12. In its Answer, Coastal expressly denied any and all Crossclaims asserted against it. (See **Exhibit D**, at pp. 17-18).

13. Coastal now files the instant motion to dismiss Commonwealth and Fidelity Nations' cross-claims for contribution and indemnity.

## LEGAL ARGUMENT

### POINT I

### APPLICATION OF RULE 12(b)(6) REQUIRES DISMISSAL OF COMMONWEALTH AND FIDELITY NATIONS' CROSSCLAIMS AGAINST COASTAL FOR CONTRIBUTION AND INDEMNIFICATION.

It is well settled that a pleading should be dismissed for failure to state a claim under Rule 12(b)(6) when it appears beyond doubt that the party "can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Fed. R. Civ. P. 12 (b)(6) provides in pertinent part:

> How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  . . .  (6) failure to state a claim upon which relief can be granted . . . .  A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

> Fed. R. Civ. P. 12 (b)(6).

In reviewing a motion under Fed. R. Civ. P. 12 (b) (6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff.  Bald Eagle Area School Dist., et al. v. Keystone Financial, Inc., et al., 189 F.3d 321 (3d Cir. 1999).  If, after viewing the allegations in the light most favorable to the plaintiff, the court determines that no relief could be granted under any set of facts which could prove consistent with the allegations, the court shall dismiss the complaint.  Hishon v. King and Spaulding, 467 U.S. 69 (1984). Because Commonwealth and Fidelity Nations have not alleged facts that, if proven, would entitle them to indemnification or contribution,   application of Rule 12(b)(6) requires dismissal of said crossclaims.

7

**POINT II**

**COMMONWEALTH AND FIDELITY NATIONS' CROSSCLAIMS FOR
CONTRIBUTION AGAINST COASTAL MUST BE DISMISSED AS
THEY ARE NOT JOINT TORTFEASORS.**

Commonwealth and Fidelity Nations' cross claims for contribution must be dismissed because they have not alleged facts to demonstrate they were joint tortfeasors with Coastal. Under New Jersey law, the right of contribution exists among joint tortfeasors. N.J.S.A. §2A: 53A-2. "Joint tortfeasors" are defined as "two or more persons jointly or severally liable in tort for the same injury to person or property…." N.J.S.A. §2A: 53A-1.

It is clear from the face of the Complaint that Coastal and the Title Insurance Defendants cannot be joint tortfeasors because of the gross disparity between the claims asserted against each. Specifically, Count V of the Fourth Amended Complaint is entitled "BREACH OF CONTRACT BY THE TITLE INSURANCE DEFENDANTS" and alleges that Commonwealth and Fidelity Nations "breached their respective duties of good faith and fair dealing by failing to process and pay covered claims in a reasonable time." (See **Exhibit A**, ¶¶ 92-100). In Count VII, the Plaintiff asserts that Commonwealth and Fidelity-Nations intentionally and without debatable reason and/or in reckless disregard of the fact that they had no valid reason for doing so engaged in the wrongful delay and/or denial of an insurance claim by failing to process and pay covered claims in a reasonable time. (See **Exhibit A**, ¶¶ 111-112).

By contrast, Plaintiff's claims against Coastal in Counts I and II of the Fourth Amended Complaint relate to allegations of racketeering activity and conspiracy to commit acts of racketeering in violation of 18 U.S.C. §1962(c) & (d). (See **Exhibit A**, ¶¶ 66-79). In Count III, Plaintiff alleges that Coastal committed common-law fraud by willfully and intentionally

8

defrauded Walsh Securities and making false, fraudulent, and material misrepresentations and omissions.  (See **Exhibit A**, ¶¶80-85). It is plainly evident from the facts alleged in the pleadings that Commonwealth and Fidelity Nations are not subject to tort liability.   In addition, the allegations against the Title Insurance Defendants occurred a different times and involved different circumstances so as to further preclude any common tort liability to enable a contribution cross claim.

Notably, the viability of the Title Insurance Defendants' cross claims for contribution has already been ruled upon by this Court on two prior occasions.  In response to the anticipated arguments of Commonwealth and Fidelity Nations, this Defendant will briefly address the substance of these opinions.

In <u>Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd.</u>, Civ. No. 97-3496, 2007 WL 951955 (D. N.J. March 28, 2007), this Court addressed whether crossclaims for contribution filed against Defendants Stewart Title Guaranty Company (Stewart Title) and Irene DiFeo (DiFeo) by several Co-Defendants (including Commonwealth) should be dismissed under F.R.C.P. 12(b)(6).  (See Opinion by J. Debevoise, <u>Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd.,</u> Civ. No. 97-3496 (DRD), 2007 WL 951955 (D. N.J. March 28, 2007) attached to the Certification of Martin R. McGowan, Esq. as **Exhibit E**.)   In its Third Amended Complaint, Walsh alleged that Stewart breached its contract by failing to reimburse it for losses.  The court determined that Commonwealth's contribution claim could not be maintained because it was sued by Walsh in contract, and was therefore, not a joint tortfeasor entitled to contribution.

With respect to DiFeo's Motion to Dismiss crossclaims, Commonwealth contended in opposition that apportionment of liability was appropriate among tortfeasors that caused injury due to negligence and others that caused injury due to a breach of contract.  In support of its

9

position, Commonwealth cited to <u>Dunn v. Praiss</u>, 139 N.J. 564 (1995), where the New Jersey Supreme Court apportioned damages between a physician liable for medical malpractice and his HMO that was alleged to have breached a contractual duty to the patient-subscriber. (See **Exhibit E**, at *5.)  In <u>Dunn</u>, the Supreme Court concluded that apportionment was appropriate because the breach of the contractual duty alleged to have proximately caused the personal injury closely paralleled the fault-based duty of care imposed on the health-care provider.  <u>Id</u>. at 577. However, Judge Debevoise rejected Commonwealth's reliance and instead noted that in <u>Longport Ocean Plaza Condo. Inc. v. Robert Cato & Assocs.</u>, Civ. No. 00-CV-2231, 2002 U.S. Dist. LEXIS 16334, 2002 WL 2013925 (E.D. Pa. Aug., 29, 2002), Dunn was limited to cases where the plaintiff had suffered a personal injury.  <u>Id</u>. at *3.  Judge Debevoise further noted the court in <u>Longport</u> "stressed the fact that the HMO's contractual duty was closely analogous to the tort duties imposed on the physician-provider."  <u>Walsh</u>, supra at 6, quoting <u>Longport</u>, at *3. Ultimately, this Court dismissed Commonwealth's cross claims against DiFeo because the facts of <u>Dunn</u> were distinguishable and Commonwealth was not a joint tortfeasor.

This Court revisited almost identical issues involving crossclaims for contribution two years later in <u>Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd.</u>, Civ. No. 97-3496, 2009 WL 5064757 (D. N.J. December 16, 2009) (attached to the Certification of Martin R. McGowan, Esq. as **Exhibit F**).  By this point, Walsh had filed a Fourth Amended Complaint in which it alleged for the first time that the Title Insurance Defendants had breached their duties of good faith and fair dealing.  Commonwealth and Fidelity Nations filed separate Third Party Complaints against Robert Walsh (R. Walsh), Elizabeth Ann DeMola (Ms. DeMola) and James DeMola (Commonwealth only, hereinafter referred to as "Mr. DeMola").  In these Third-Party Complaints, the Title Insurance Defendants alleged the Third-Party Defendants committed

10

negligence, fraud, and breach of fiduciary duties and duties of good faith.   They also asserted crossclaims for contribution.

Commonwealth and Fidelity/Nations contended they were entitled to contribution because Walsh's claims against them for breach of good faith and fair dealing, as well as wrongful delay, sounded in tort.  In addition, Commonwealth and Fidelity further asserted that they were entitled to contribution because when the remedies sought by Walsh were analyzed, rather than the actual claims themselves, it was clear the claims were tortious in nature.

Initially, the court acknowledged claims against insurance companies for breach of the duty of good faith and fair dealing and wrongful delay sound in both tort and contract.  Walsh at *10 (internal citations omitted).  In order to determine whether a claim is grounded in tort or contract, the court focused on "the nature of the injury inflicted and the remedy sought." Id.  As to the breach of good faith and fair dealing claim, the court concluded that it was only being pled as a supplement to the breach of contract claim and the damages sought were identical to those sought for a breach of contract.  With respect to the wrongful delay and denial of insurance count, the court found the damages sought were also contractual in nature as they were for consequential damages and diminution and/or complete loss of going concern value.  Id at *11.  Finally, the court acknowledged that the "total disparity" between the various claims against non-title insurance defendants for fraudulent activities and the contractual-related claims against the title insurance defendants.  Based on these findings, the court concluded that Walsh's claims against the Title Insurance Defendants were "essentially contractual in nature" and "so totally dissimilar from the negligence, fraud and RICO claims asserted against the other defendants, they are an inappropriate basis for contribution." Id. at *13.

The prior decisions in this matter are on all fours with the instant motion.  Based on the court's analysis in both opinions, it is clear that there is no common tort liability between Coastal and the Title Insurance Defendants so as to permit a cross claim for contribution.  Therefore, Commonwealth and Fidelity National's cross claims against Coastal for contribution must be dismissed as a matter of law.

**POINT III**

**THE TITLE INSURANCE DEFENDANTS' CROSS CLAIMS FOR
INDEMNIFICATION FROM COASTAL MUST BE DISMISSED AS THE
PARTIES ARE NOT JOINTLY LIABLE TO WALSH IN TORT**

Commonwealth and Fidelity Nations' cross claims for indemnification from Coastal must be dismissed because they fail to allege any facts to establish a special relationship with Coastal. In addition, the crossclaims for indemnification from Coastal also fail as the Title Insurance Defendants were not joint tortfeasors.

The right to indemnification "rests upon a difference between the primary and secondary liability of two persons, each of whom is made responsible under the law to an injured party." Enright v. Lubow, 202 N.J. Super. 58, 85 (App. Div. 1985), certif. denied, 104 N.J. 376 (1986). Indemnity is a mechanism for shifting the cost of liability from one who is constructively or vicariously liable to the tortfeasor who is primarily liable." Harley Davidson v. Advance Die Casting, Inc., 150 N.J. 489, 497-98 (1997). "A common law cause of action for contribution or indemnification arises only when two or more persons become liable in tort to the same person for the same harm." United States v. Manzo, 182 F. Supp. 2d 385, 411 (D. N.J. 2000).

As discussed above, Coastal and the Title Insurance Defendants are not joint tortfeasors in this matter because Walsh's claims against Coastal sound in tort, while the allegations against Commonwealth and Fidelity Nations are contractual in nature. Therefore, Coastal and Title Insurance Defendants cannot be liable together in tort for any of Walsh's alleged harm. Accordingly, Commonwealth and Fidelity Nations' cross-claims against Coastal for common-law indemnification have no basis and must be dismissed as a matter of law.

## <u>CONCLUSION</u>

For the foregoing reasons and those set forth in Defendants' Memorandum of Law in Support of the Motion to Dismiss pursuant to F.R.C.P. 12(B)(6), the Defendants respectfully request that the Court dismiss Commonwealth and Fidelity National's cross claims for contribution and indemnification against Coastal Title Agency.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Coastal Title Agency

By:_____
          Martin R. McGowan

DATED: August 11, 2010

14

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No.  45987 MRM

| | |
|---|---|
| WALSH SECURITIES, INC. | UNITED STATES DISTRICT COURT |
| Plaintiff, | DISTRICT OF NEW JERSEY |
| | : 2:97-CV-03496 |
| V. | |
| | Civil Action |
| CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES, INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALLANI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE COMPANY OF NEW YORK, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY AND STEWART TITLE GUARANTY COMPANY, IRENE DIFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY | **ORDER** |

BETTER HOMES AND GARDENS,

Defendants.

**THIS MATTER** having been brought before the Court on the Motion of Methfessel & Werbel, attorneys for defendant, Coastal Title Agency for an Order to dismiss Co-Defendant Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, and Nations Title Insurance Company's Crossclaims against Coastal Title Agency for indemnification and contribution, and the Court having considered the matter and for good cause shown;

**IT IS** on this          day of              2010;

**ORDERED** that crossclaims by Co-Defendant Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, and Nations Title Insurance Company against Coastal Title Agency for indemnification and contribution be and are hereby dismissed; and it is further

**ORDERED** that a copy of this Order be served on all counsel within          days of the date hereof.

_____
                                                             J.S.C.

( ) Opposed
( ) Unopposed

Our File No.  45987

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

      1.      I am employed by the law firm of Methfessel & Werbel.

      2.      On August 11, 2010 the undersigned prepared and forwarded copies of the within correspondence to the following parties:

> Motions Clerk, United States District Court - Newark
> Martin Luther King Jr.
> Federal Building  and U.S. Court
> Newark, NJ  07101
>
> VIA LAWYER SERVICE
>
> Robert A. Magnanini, Esq.
> Stone & Magnanini
> 150 John F. Kennedy Parkway
> Short Hills, NJ 07078
> Attorneys for: Walsh Securities, Inc.
>
> Thomas D. Flinn, Esq.
> Garrity, Graham, Favetta & Flinn
> 72 Eagle Rock Avenue, 3rd Floor
> East Hanover, NJ  07936
> Attorneys for: Anthony Cicalese
>
> David R. Kott, Esq.
> McCarter & English, LLP
> Four Gateway Center
> 100 Mulberry Street
> PO Box 652
> Newark, NJ  07101-0652
> Attorneys for: Commonwealth
>
> Michael D. Schottland, Esq.
> Lomurro, Davison, Eastman & Munoz, P.A.
> 100 Willobrook Road, Bldg 1
> Freehold, NJ 07728
> Attorneys for: Cristo Property Management, LTD

Anthony Argiropoulos, Esq.
Fox, Rothschild, O'Brien & Frankel, LLP
Princeton Pike Corporate Center,
997 Lenox Drive, Building
Lawrenceville, NJ  08648-2311
Attorneys for: Fidelity National Title Insurance Company

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
210 Park Ave, Ste 301
Florham Park NJ 07932
Attorneys for: Weichert

James C. Aaron, Esq.
Ansell, Zaro, Grimm & Aaron, P.C.
1500 Lawrence Avenue
CN 7807
Ocean, NJ  07712
Attorneys for: Coastal Title Agency

VIA REGULAR MAIL

Anthony M. Cicalese
74C Manatiales de Belen
200 Mtrs Norte de igleseis de Ascen
San Antonio de Belen
Heredia, Costa Rica
Attorneys for: Anthony Cicalese

Irene Difeo
5 Leann Court
Old Bridge, NJ 08857
Attorneys for: Irene Difeo

Richard Calanni
1 Old Farm Road
Tinton Falls, NJ 07724

 3. I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Caroline E. Pyrz, Esq.