IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal |
| v. | : | No. 98-427 |
| THOMAS BRODO, JAMES BROWN and RICHARD CALANNI, | : | TRANSCRIPT OF PROCEEDINGS |
| Defendants. | : | |

-------------------------------X

Newark, New Jersey
December 1, 1998

BEFORE:

THE HON. ALFRED M. WOLIN, U.S.D.J.

Reported by:
CHARLES P. McGUIRE, C.S.R.
Official Court Reporter

Pursuant to Section 753, Title 28, United States Code, the following transcript is certified to be an accurate record as taken stenographically in the above entitled proceedings.

CHARLES P. McGUIRE, C.S.R.

CHARLES P. McGUIRE, C.S.R.
OFFICIAL COURT REPORTER

COM 00153

2

1   APPEARANCES:

2       ALAN LIEBMAN, Assistant U.S. Attorney,
        On Behalf of the Government

3

        HAYDEN & SILBER, ESQS.,
4       H. TODD HESS, ESQ.,
        On Behalf of Defendant Brodo

5

        JOHN McGOVERN, ESQUIRE,
6       On Behalf of Defendant Brown

7       CHARLES M. MORIARTY, ESQUIRE,
        On Behalf of Defendant Calanni

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CHARLES P. McGUIRE, C.S.R.
OFFICIAL COURT REPORTER

50

1  Count 1 of the indictment?
2         DEFENDANT BROWN: Yes, sir.
3         THE COURT: Did you do all of these things
4  voluntarily, meaning of your own free will, knowingly, meaning
5  you understood that which were doing, and willfully, that you
6  intended to bring about that result by intentional conduct?
7         DEFENDANT BROWN: I did.
8         THE COURT: You may be seated, sir.
9         DEFENDANT BROWN: Thank you.
10        THE COURT: Mr. Calanni.
11        DEFENDANT CALANNI: Yes, Your Honor.
12        THE COURT: Did you have the opportunity to review a
13 memorandum, particularly the factual-basis questions, on page
14 five of the memorandum dated November 24th, 1998?
15        DEFENDANT CALANNI: I did, Your Honor.
16        THE COURT: Sir, is it true that, in 1996 and 1997,
17 you were performing appraisals as a licensed New Jersey
18 residential real estate appraiser?
19        DEFENDANT CALANNI: Yes, Your Honor.
20        THE COURT: And, sir, did you generally understand
21 that underwriting decisions as to mortgage loans would be based,
22 at least in part, upon the values expressed in your appraisal
23 reports?
24        DEFENDANT CALANNI: Yes, Your Honor, I understood
25 that.

CHARLES P. McGUIRE, C.S.R.
OFFICIAL COURT REPORTER

COM 00202

51

1  THE COURT: Did you generally understand that, in the
2  ordinary course, at the time of closing on a property which you
3  appraised, the mortgage loan proceeds would be sent by or
4  through the lender to an attorney for disbursement at the
5  closing?
6  DEFENDANT CALANNI: Yes, Your Honor, I did.
7  THE COURT: In this period, did you, by agreement and
8  understanding with others, issue appraisal reports which
9  overstated the value of the subject properties?
10  DEFENDANT CALANNI: Yes, Your Honor.
11  THE COURT: Were various of your reports false in
12  that, while the properties were actually in a state of
13  disrepair, you assigned values to them as if the properties had
14  been repaired and improved, without disclosing that important
15  fact in the resulting reports?
16  DEFENDANT CALANNI: True, Your Honor.
17  THE COURT: Did various of your reports falsely state
18  that the properties in their current "as is" condition required
19  no repairs?
20  DEFENDANT CALANNI: Yes, Your Honor.
21  THE COURT: Was it your understanding that a number of
22  the appraisal reports which you prepared in this period related
23  to properties as to which Walsh Securities was the lender?
24  DEFENDANT CALANNI: That's true, Your Honor.
25  THE COURT: At a meeting which occurred at Walsh

CHARLES P. McGUIRE, C.S.R.
OFFICIAL COURT REPORTER