# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC.<br><br>Plaintiff,<br><br>V.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, et al.,<br><br>Defendants. | Civil Action: 2:97-CV-03496<br><br>Hon. Dickinson Debevoise, U.S.S.D.J.<br>Hon. Michael Shipp, U.S.M.J. |

---

## REPLY BRIEF OF DEFENDANT, COASTAL TITLE AGENCY
## IN SUPPORT OF MOTION TO DISMISS CROSSCLAIMS OF TITLE INSURANCE
## DEFENDANTS PURSUANT TO RULE 12(b)(6)

---

**METHFESSEL & WERBEL, ESQS.**
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Coastal Title Agency
Our File No. 45987 MRM

On the Brief:

Martin R. McGowan

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .…………………………………………………….……ii, iii

INTRODUCTION  …………………………………………………………………………1

LEGAL ARGUMENT……………………………………………………………………2

POINT I…………. .………………………………………………………...…… ………2

COMMONWEALTH AND FIDELITY NATIONS' CROSS-CLAIMS FOR CONTRIBUTION AND COMMON LAW INDEMNIFICATION AGAINST COASTAL MUST BE DISMISSED FOR FACTUAL PLEADING DEFICIENCIES.

POINT II.…………. .………………………………………………………...…………..6

COMMONWEALTH AND FIDELITY NATIONS' CROSS-CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION MUST BE DISMISSED AS THEY FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AGAINST COASTAL

POINT III ...…………………………………………………………………...…………11

THE CROSSCLAIMS OF FIDELITY AND COMMONWEALTH AGAINST COASTAL MUST BE DISMISSED WITHOUT LEAVE TO AMEND

CONCLUSION……………………………………………………………………….18

## TABLE OF AUTHORITIES

**Cases:**

Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984)…………………………………..14

Ashcroft v. Iqbal, -- U.S -- ,  129 S. Ct. 1937, 1950 (2009)…………………………2, 3

Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)………………………………14

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)…………2

Bryn Mawr Hosp. v. Coatesville Elec. Supply Co., 776 F. Supp. 181, 185-86 ……….

(E.D. Pa. 1991),...........................................................................................................15

Cureton v. Nat'l Collegiate Athletics Ass 'n, 252 F.3d 267, 274 (3rd Cir. 2001),…….13, 14, 15

Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009)………………………..2

Harter v. GAF Corp., 150 F.R.D. 502 (D. N.J. 1993)…………………………………..14

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)………..12

Lake v. Arnold, 232 F. 3d 360, 374 (3d Cir. 2000)……………………………………..11

Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)……………………………12, 13, 14

Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). ……………………11

Ramsgate Court Townhome Ass'n v. W. Chester Borough, 313 F.3d 157, 161

(3d Cir. 2002)…………………………………………………………………………11

Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.

 9 F. Supp. 2d 728, 740 (D. N.J. 1999)………………………………………………..9

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)……………………………………...12

United States v. Manzo, 182 F. Supp. 2d 385, 411 (D. N.J. 2000)..……………………..9

Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd., Civ. No. 97-3496 (DRD),

2007 WL 951955 (D. N.J. March 28, 2007)……………………………………………9

Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd., Civ. No. 97-3496 (DRD),

 2009 WL (D. N.J. December 16, 2009)……………………………………………….9, 13

**Statutes:**

18 U.S.C. § 1962………………………………………………………………………….15

N.J.S.A. § 2A:53A-1-2…………………………………..…………………………..4

Federal Rule of Civil Procedure 8(a)(2) …………………….…………..…………………..2, 5

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 5

## <u>INTRODUCTION</u>

Defendant Coastal Title Agency Inc. ("Coastal") submits this reply brief in further support of its Motion to Dismiss the cross-claims of Defendants Fidelity National Title Insurance Co. of New York and Nations Title Insurance of New York, Inc. (collectively referred to as "Fidelity"), and Commonwealth Land Title Insurance Co. ("Commonwealth").   In light of Commonwealth's adoption of the brief submitted by Fidelity in opposition to Coastal's Motion to Dismiss and the fact that the arguments advanced by Fidelity and Commonwealth are similar, Coastal respectfully submits this reply brief in response to both opposition briefs filed by Fidelity and Commonwealth. Coastal also relies upon, and incorporates by reference, the arguments advanced in its brief in support of the motion to dismiss.

## LEGAL ARGUMENT

### POINT I

**COMMONWEALTH AND FIDELITY NATIONS'
CROSS-CLAIMS FOR CONTRIBUTION AND
COMMON LAW INDEMNIFICATION AGAINST
COASTAL MUST BE DISMISSED FOR FACTUAL
PLEADING DEFICIENCIES.**

The contribution and indemnification cross-claims of Fidelity and Commonwealth must be dismissed because the allegations therein are deficient as they fail to contain any facts whatsoever to support any basis for relief.

Fidelity and Commonwealth attempt to avoid the factually deficient nature of their crossclaims by essentially contending they state a claim for relief based on the allegations contained within Plaintiff's Fourth Amended Complaint. In fact, Commonwealth asserts that Plaintiff's Fourth Amended Complaint "informs co-defendants of the behavior for which it seeks contribution and/or indemnity." (See Brief of Commonwealth in Opposition to Coastal's Motion to Dismiss, doc #419-1 at 5). Coastal respectfully contends that federal pleading standards require litigants to submit cross-claims containing something more than bare legal conclusions.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires that a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, -- U.S --, 129 S. Ct. 1937, 1950 (2009). Although detailed factual allegations are not required, something more than labels, conclusions and a formulaic recitation of the elements of a cause of action is necessary. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). "A complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts."

2

Id.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft, supra, 129 S. Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, supra, 129 S.Ct. at 1949 (quoting Twombly, supra, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The cross-claims asserted by Fidelity and Commonwealth against Coastal are devoid of any facts whatsoever and instead contain nothing more than legal assertions. For example, Fidelity's actual indemnification cross-claim against Coastal states:

> Answering Defendants/Cross-claim Plaintiffs [Fidelity Nations] deny any liability to Plaintiff [Walsh Securities], but if it is determined that Answering Defendants/Cross-claim Plaintiffs or any one of them is liable to Plaintiff in any respect, such liability is secondary, passive and vicarious, while the liability of the Cross-claim Defendants [Coastal] is primary, active and direct. Any damages for which Answering Defendants/Cross-claim Plaintiffs may be held liable are chargeable to the Cross-claim Defendants [Coastal].

(See Answer and Cross-Claims of Fidelity at Doc # 308, ¶ 1).

Fidelity Nations' cross-claim against Coastal for contribution by provides the following:

> Answering Defendants/Cross-claim Plaintiffs deny any liability to Plaintiffs, and specifically deny that any such liability is joint and several as to Answering Defendants/Cross-claim Plaintiffs. If it is determined, however, that Answering Defendants/Cross-claim Plaintiffs are liable to Plaintiff in any respect, Answering Defendants/Cross-claim Plaintiffs demand contribution

> from all Cross-claim Defendants pursuant to the provisos of
> the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A- et
> seq., and all other statutes or common laws which may be
> applicable with respect to any and all damages that may be
> assessed against Answering Defendants/Cross-claim
> Plaintiffs in favor of Plaintiff, together with costs of suit.

(See Doc #308 at ¶ 4).

Consistent with an overall theme of absent factual allegations, Commonwealth's cross-

claim for contribution against Coastal states:

> Defendant, Commonwealth Land Title Insurance Company,
> denies any liability to plaintiff or to any other defendant, but
> if Commonwealth Land Title Insurance Company is found
> liable, it demands contribution from [Coastal Title Agency]
> pursuant to the New Jersey Tortfeasors Contribution Act.

(See Doc # 304 at p. 14-15).

Next, Commonwealth asserts the following cross-claim for indemnification:

> While denying any liability to the plaintiff or any other
> defendant whatsoever, defendant Commonwealth Land
> Title Insurance Company nevertheless asserts that any
> losses sustained by plaintiff or by any other defendant were
> the proximate result of the actions of defendants [Coastal
> Title Agency], which actions were primary and active, and
> if defendant Commonwealth Land Title Insurance
> Company is found liable to plaintiff with respect to such
> damages, such liability results solely from secondary,
> imputed, vicarious or passive negligence and defendants
> [Coastal Title Agency] are liable to defendant
> Commonwealth Land Title Insurance Company by way of
> indemnification for any and all sums which defendant
> Commonwealth Land Title Insurance Company may be
> required to pay in this action.

(See Doc # 304 at p. 14).

It is clear from the above that the cross-claims of Commonwealth and Fidelity

Nations' are nothing more than bare legal assertions. Absent from these cross-claims are

any facts to support their legal conclusions.   Because Commonwealth and Fidelity Nations have not alleged facts that, if proven, would entitle them to indemnification or contribution, application of Rule 12(b)(6) and Rule 8(a)(2) requires dismissal of said cross-claims.

## POINT II

**COMMONWEALTH AND FIDELITY'S CROSS-CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION MUST BE DISMISSED AS THEY FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AGAINST COASTAL**

The contribution and indemnification cross-claims of Fidelity and Commonwealth against Coastal must also be dismissed as a matter of law because there are no facts here that would entitle them to such relief.  Both Commonwealth and Fidelity contend that cross-claims for contribution and indemnification are appropriate in this matter because of Coastal's alleged negligence as their agent.  Commonwealth and Fidelity assert that the only basis for their potential liability to Plaintiff is by virtue of Coastal's participation in the fraudulent scheme.  Thus, Commonwealth and Fidelity contend that because Coastal increased their exposure and/or liability by breaching its duties as an agent, cross-claims for contribution and common-law indemnification must be appropriate.  In addition, Commonwealth and Fidelity contend they have stated cross-claims for contractual indemnification based on Coastal's breach of the purported "Agency Agreement."

As a preliminary matter, none of the cross-claims discussed in the previous section of this brief contain any facts whatsoever to support Commonwealth and Fidelity's purported basis for contribution and indemnification from Coastal.  Neither Fidelity nor Commonwealth use the term "agent" in any of their cross-claims.  Nor do they allege that Coastal was negligent based on a breach of its duty as an agent. Therefore, the failure of Fidelity and Commonwealth to even mention their alleged

agency theory in their cross-claims for contribution and common-law indemnification requires that these cross-claims be dismissed as factually deficient.

Next, any attempt by Commonwealth or Fidelity to assert a cross-claim for contractual indemnification against Coastal is completely improper because there is no legal or factual basis for such claims. From only a cursory review of the pleadings, it is clear that Fidelity and Commonwealth did not include contractual cross-claims against Coastal in the first place. (See Doc #'s 304, 308). Moreover, there is no reference to any "Agency Agreement" with Coastal in the indemnification cross-claims of Fidelity and Commonwealth. Commonwealth and Fidelity essentially contend that Plaintiff's allusion to an agreement in one paragraph of a 37-page Complaint would be sufficient to support a cross-claim for contractual indemnification. Commonwealth and Fidelity go on to invoke various depositions and exhibits in a desperate attempt to show support for a cross-claim for indemnification, in addition to their cross-claims for contribution and common-law indemnification. Coastal submits that these attempts to rescue the contractual indemnification claim must fail because there is simply no legal or factual reference whatsoever to any agreement between Fidelity and Commonwealth and Coastal. Thus, any contractual indemnification cross-claim advanced by Commonwealth or Fidelity must be dismissed for failure to state a claim upon which relief may be granted.

As for Commonwealth and Fidelity's equitable argument regarding the basis for their liability in the instant matter, Coastal submits that their potential exposure is not based solely on its allegedly fraudulent actions. Rather, Walsh Securities has alleged that Commonwealth and Fidelity, as the "Title Insurance Defendants," committed separate

7

acts that constituted a breach of "their respective duties of good faith and fair dealing by failing to process and pay covered claims in a reasonable time." (Plaintiff's Fourth Amended Complaint, doc # 302, at ¶99). Walsh further alleges that the Title Insurance Defendants "knew or recklessly disregarded the fact that they lacked a reasonable basis for denying the claims," which was "evidenced, in part, by the Title Insurance Defendants' reckless indifference to facts or proofs submitted by Walsh Securities and by the Title Insurance Defendants' premature terminations of their investigation upon the filing of this action against them seeking coverage." Id. Lastly, Walsh Securities alleges in Count VII of its Fourth Amended Complaint that the Title Insurance Defendants, not Coastal, intentionally and without debatable reason and/or in reckless disregard of the facts failed to process and pay covered claims in a reasonable time. (See doc #302, ¶¶111-113). Clearly, the potential liability of Commonwealth and Fidelity in the instant matter is not based solely on the acts of Coastal. Thus, Fidelity and Commonwealth's assertion that a claim for contribution and indemnification has been stated due to their s their limited and secondary liability is significantly undermined by Plaintiff's allegations of direct liability against Commonwealth and Fidelity in the Fourth Amended Complaint.

Finally, even assuming such an agency relationship existed and Coastal breached its duty to Commonwealth and Fidelity, their contribution and indemnification cross-claims would still fail to state a claim for which relief could be granted because of the lack of the joint tortfeasor relationship. As discussed in this Coastal's original brief in support of its Motion to Dismiss, it is well-settled in New Jersey law that the right of contribution exists among joint tortfeasors. N.J.S.A. §2A:53A-2. "Joint tortfeasors" are defined as "two or more persons jointly or severally liable in tort for the same injury to

8

person or property….” <u>N.J.S.A</u>. §2A: 53A-1.  “A party cannot succeed on a claim for contribution unless there is joint tortfeasorship and common liability.”  <u>Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc</u>. 9 F. Supp. 2d 728, 740 (D. N.J. 1999).        With respect to common-law indemnification, it also well-settled that “a common law cause of action for contribution or indemnification arises only when two or more persons become liable in tort to the same person for the same harm.”  <u>United States v. Manzo</u>, 182 F. Supp. 2d 385, 411 (D. N.J. 2000).

Plaintiff’s allegations against Fidelity and Commonwealth in the Fourth Amended Complaint do not sound in tort, but are instead contractual.  As such, there is no common tort liability between Coastal and Fidelity or Commonwealth to permit cross-claims for contribution or indemnification.  Indeed, this is consistent with prior decisions on this very issue in the instant matter.  See <u>Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd</u>., Civ. No. 97-3496, 2007 WL 951955 (D. N.J. March 28, 2007), and <u>Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd.</u>, Civ. No. 97-3496 (DRD), 2009 WL 5064757 (D. N.J. December 16, 2009) (attached as Exhibits E & F to Coastal Brief in support of Motion to Dismiss).

Fidelity and Commonwealth attempt to distinguish the decisions cited above due to an alleged agency relationship.  Even if sufficient facts were pled to establish an agency relationship between Coastal and Fidelity and/or Commonwealth, this would not convert the parties into joint tortfeasors so as to state a valid contribution or indemnification claim because these parties would not all be liable in tort to the same person for the same harm.  Instead, Coastal would have breached its duty to a different person, Commonwealth and/or Fidelity, which would have caused Commonwealth and

Fidelity harm.  Thus, the duties and corresponding injuries would not align in even an agency scenario to permit Coastal and Commonwealth or Fidelity to be joint tortfeasors.

Accordingly, Coastal submits the cross-claims for contribution and indemnification asserted against it by Commonwealth and Fidelity must be dismissed for failure to state a claim upon which relief may be granted.

## POINT III

## THE CROSSCLAIMS OF FIDELITY AND COMMONWEALTH AGAINST COASTAL MUST BE DISMISSED WITHOUT LEAVE TO AMEND

As a preliminary matter, Coastal submits that dismissal without leave to amend is proper here because neither Fidelity nor Commonwealth have provided proposed amended cross-claims or filed motions to amend their crossclaims against Coastal. Due to this omission, the District Court and this Defendant are left with nothing to review in order to make an informed decision on the viability of any possible amendments. The failure of a party subject to a Rule 12(b)(6) dismissal to provide a draft of an amended pleading is an adequate basis to deny a request to amend. See Ramsgate Court Townhome Ass'n v. W. Chester Borough, 313 F.3d 157, 161 (3d Cir. 2002), citing Lake v. Arnold, 232 F. 3d 360, 374 (2000). As such, Coastal submits that Commonwealth and Fidelity's request for leave to amend their respective crossclaims be denied for failure to submit motions to amend or proposed amended crossclaims.

In the event that Commonwealth and Fidelity's request for leave to amend is not granted for the reasons set forth in the paragraph above, Coastal submits, in the alternative, that dismissal of crossclaims without leave to amend is appropriate here as the expected amendments are futile, a product of undue delay, and would seriously prejudice Coastal's position in the instant matter.

When a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, dilatory motive,

prejudice, and futility.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993).

"Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.  See Burlington, supra, at 114 F.3d at 1434.  In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).  Id.  Therefore, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, "leave to amend generally must be granted unless the amendment would not cure the deficiency."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

In light of the factual averments and allegations presented within the opposition briefs of Commonwealth and Fidelity, any proposed amendments to their cross-claims for indemnification and contribution could not remedy the inherent deficiencies in their claims against Coastal.  As previously discussed in Point II, there are no set of facts that would entitle Fidelity and Commonwealth to contribution and common-law indemnification from Coastal.   Again, the allegations against Fidelity and Commonwealth are based in contract, while those against Coastal sound in tort.  Under the applicable case law governing cross-claims for contribution, the right to contribution exists amongst joint tortfeasors, who are persons jointly or severally liable in tort for the same injury to the same person.  An indemnification cross-claim is also proper where two persons are liable in tort to the same person for the same harm.

In sum, permission to amend should be denied as futile because there are no set of facts that could resuscitate Fidelity and Commonwealth cross-claims for contribution and indemnification.  This result is entirely in line with prior decisions in this very case,

particularly in <u>Walsh Securities Inc. v. Cristo Prop. Mgmt., Ltd.</u>, Civ. No. 97-3496 (DRD), 2009 WL 5064757 (D. N.J. December 16, 2009), where Fidelity and Commonwealth's Motions for leave to file an amended complaint for seeking indemnification and contribution from Robert Walsh, James Walsh, and Elizabeth Ann DeMola was denied as futile.

Fidelity and Commonwealth's request for leave to amend their cross-claims must also be denied for "undue delay," as they are seemingly seeking permission to assert new cross-claims based on information that has been available for over a decade.   Where the movant has had previous opportunities to amend and failed to so, the movant's delay is unreasonable and may become undue.  See <u>Lorenz</u>, supra, 1 F. 3d at 141.  In <u>Lorenz</u>, the plaintiff sought leave to amend the complaint three years after the original complaint was filed and nearly two years after the complaint was amended for a second time.  The Court in <u>Lorenz</u> found that despite having most of the pertinent facts were available to the plaintiff prior to the originally filing of here complaint and at the time she filed the motion amend, she failed to take advantage of the numerous opportunities to correct any deficiencies in her claims.  Several years later, the Third Circuit, in <u>Cureton v. Nat'l Collegiate Athletics Ass 'n</u>, 252 F.3d 267, 274 (3rd Cir. 2001), affirmed a district court's decision to deny a plaintiff's' motion for leave to amend as the motion was filed over two years after the predicate facts were known.

Here, Fidelity and Commonwealth have presumably been aware of the basic facts surrounding this matter, the agency relationship, and the purported agency agreement with Coastal since the inception of this lawsuit over a decade ago.  At the very least, Fidelity and Commonwealth have been aware of the nature of their relationship with

Coastal since Plaintiff attempted to file an Amended Fourth Complaint in 2008.[1]  Despite being aware of the exact facts necessary to assert the claims they now seek to file, Fidelity and Commonwealth now attempts to bring cross-claims of negligence, contribution, and contractual indemnification against Coastal.   Fidelity and Commonwealth's expected cross-claims are not based on any newly discovered evidence. Thus, Fidelity and Commonwealth had numerous opportunities to amend their cross-claims so that they would actually provide a sufficient factual and legal basis against Coastal, but they failed to do so.   In light of the holdings in <u>Lorenz</u> and <u>Cureton</u>, Commonwealth and Fidelity's failure to amend their cross-claims despite numerous opportunities was unreasonable and constitutes undue delay in this matter.

In addition to futility and undue delay, Commonwealth and Fidelity's request to amend must also be denied as a result of the prejudice it will cause Coastal.  "The issue of prejudice requires that [the Court] focus on the hardship to the defendants if the amendment were permitted."   <u>Adams v. Gould</u>, 739 F.2d 858, 868 (3d Cir. 1984). "Prejudice," for the purpose of determining whether to allow an amendment to a complaint, involves serious impairment of defendant's ability to present its case.  <u>Harter v. GAF Corp.</u>, 150 F.R.D. 502 (D. N.J. 1993).  If the opposing party can "show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence," a court will refuse to allow an amendment.  <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652 (3d

---

[1] On June 27, 2008, Plaintiff filed its notice of Motion for Leave to file a Fourth Amended Complaint in which it set forth, in addition to an original breach of contract claim, a count of common law fraud.  (See Opinion and Order to deny Plaintiff's Motion to file Amended Complaint, dated October 30, 2008, doc # 289, attached hereto as **Exhibit A**.)  In Plaintiff's proposed amended complaint, claims for breach of contract and negligence were also brought against Coastal for the first time. Specifically, the breach of contract claimed that Plaintiff was the intended third-party beneficiary of the agency agreements between Coastal and the "Title Insurance Defendants [Commonwealth and Fidelity]."  (See Doc #289 at 3.)

Cir. 1989). When deciding if an amendment will result in prejudice to the non-movant, courts generally consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton, supra, 252 F.3d at 273.

In the case of Bryn Mawr Hosp. v. Coatesville Elec. Supply Co., 776 F. Supp. 181, 185-86 (E.D. Pa. 1991), the defendants moved to dismiss the plaintiff's complaint under Rule 12(b)(6) based on allegations of numerous deficiencies within the plaintiff's pleadings. After holding the pleadings to be deficient and subject to dismissal, the court considered whether or not the plaintiff should have been permitted to amend its pleadings. In analyzing this issue, the court considered whether or not the defendants could demonstrate any prejudice as a result of the amendment. Initially, the court noted that the original complaint had put the defendants on notice of the claims plaintiff desired to assert. The court further noted that the trial date was not imminent, discovery had not yet begun, and the defendants had not even filed an answer. Based on these factors, the court permitted the plaintiff to file an amended complaint because it would not prejudice the defendants.

In contrast to the circumstances in Bryn Mawr, the instant litigation has been in existence for over a decade and significant amounts of both written and oral discovery have taken place. During the entire course of this litigation, Coastal has essentially defended the Plaintiff's allegations of common law fraud and racketeering under the "Racketeer Influenced and Corrupt Organizations Act (RICO)," 18 U.S.C. §1962(c) & (d). Also in existence during this time frame were Commonwealth and Fidelity's factually and legally deficient cross-claims against Coastal for contribution and common-

15

law indemnification.   Apparently, Commonwealth and Fidelity now wish to bring negligence cross-claims against Coastal on the basis of the alleged agency relationship and agency agreement.  In addition, it also appears that Commonwealth and Fidelity will attempt to add cross-claims for contractual indemnification under the agency agreement.

Coastal respectfully submits that it would suffer significant prejudice if Commonwealth and Fidelity are permitted to amend their crossclaims.  First, the addition of negligence and contractual indemnification cross-claims would completely alter the nature of Coastal's defense in this matter.  Coastal's ability to present its case and defend on these additional counts would be significantly impaired at this late juncture in litigation.  Indeed, extensive paper discovery has already been exchanged in this matter and Coastal's Representative has already been deposed.  If such an amendment is permitted, Coastal will be forced to alter its defense strategy by investigating and reviewing the intricacies of the alleged agency relationship and agency agreement between it and Commonwealth and Fidelity.

Commonwealth and Fidelity assert that permission to allow the amendments is not inequitable and will not prejudice Coastal because it is already aware of the agency relationship and its potential liability based on the facts of the underlying dispute and prior cross-claims filed in conjunction with previous complaints.  However, the presence of mere allegation in a Complaint as to the existence of an agreement between Coastal and Fidelity and/or Commonwealth is drastically different than the assertion of negligence and contractual indemnification claims expressly based on that agreement.  It is equally apparent that despite being aware of the alleged agency relationship with Coastal for over a decade, Commonwealth and Fidelity failed to include any appropriate

16

cross-claims in their pleadings, as well as the necessary facts to support such claims. This is certainly not a scenario where new facts or circumstances have arisen to justify such an amendment to the pleadings.  Rather, Commonwealth and Fidelity have been made aware of the factual and legal deficiencies in their cross-claims and only now attempt to alter them.

Based on the arguments above, it is clear that allowing Fidelity and Commonwealth to amend their crossclaims will change the entire nature of this litigation for Coastal.  Because such amendment will occur at a point in time when depositions and other discovery have already occurred, the end result is that Coastal will be at a severe disadvantage with its opportunity to present facts or evidence, especially at the deposition of its representative to support its defense, would now be foreclosed.  Coastal submits that these circumstances demonstrate prejudice to it as well as the inequitable nature of Fidelity and Commonwealth's request for permission to amend.

Accordingly, the crossclaims of Fidelity and Commonwealth must be dismissed without leave to amend.

## <u>CONCLUSION</u>

Based on the foregoing, it is respectfully requested that the defendant, Coastal Title Agency's Motion to Dismiss the cross-claims of Commonwealth Land Title Insurance Company, Nations Title Insurance of New York, Inc. and Fidelity National Title Insurance Co. of New York be granted.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Coastal Title Agency

By:_____

Martin R. McGowan

DATED: September 13, 2010

18

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALSH SECURITIES, INC. | Civil Action: 2:97-CV-03496 |
| Plaintiff, | Hon. Dickinson Debevoise, U.S.S.D.J. |
| | Hon. Michael Shipp, U.S.M.J. |
| V. | |
| CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, et al., | |
| Defendants. | **AFFIDAVIT OF MARTIN R. MCGOWAN, ESQ. IN FURTHER SUPPORT OF MOTION TO DISMISS CROSS-CLAIMS PURSUANT TO RULE 12(b)(6)** |

I, Martin R. McGowan, of full age and sound mind, state:

1.      I am an attorney at law in the State of New Jersey, associated with the law firm of Methfessel & Werbel, attorneys for the defendant, Coastal Title Agency, and in such capacity I am fully familiar with the facts of the within matter.

2. Attached as **Exhibit A** is a true, accurate, and authentic copy of the Opinion and Order of the Honorable Judge Michael Shipp to deny Plaintiff's Motion to file Amended Complaint, dated October 30, 2008, doc # 289.)

I swear under penalty of perjury that the foregoing is true and correct.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Coastal Title Agency

By:_____
              Martin R. McGowan

DATED: September 13, 2010

Our File No.  45987

## CERTIFICATE OF MAILING

The undersigned hereby certifies as follows:

       1.      I am employed by the law firm of Methfessel & Werbel.

       2.      On September 13, 2010 the undersigned prepared and forwarded copies of the within correspondence to the following parties:

        Motions Clerk, United States District Court - Newark
        Martin Luther King Jr.
        Federal Building  and U.S. Court
        Newark, NJ  07101

        Robert A. Magnanini, Esq.
        Stone Magnanini LLP
        150 John F. Kennedy Parkway
        Short Hills, NJ 07078
        Attorneys for: Walsh Securities, Inc.

        Anthony M. Cicalese
        74C Manatiales de Belen
        200 Mtrs Norte de igleseis de Ascen
        San Antonio de Belen
        Heredia, Costa Rica
        Attorneys for: Anthony Cicalese

        Thomas D. Flinn, Esq.
        Garrity, Graham, Favetta & Flinn
        72 Eagle Rock Avenue, 3rd Floor
        East Hanover, NJ  07936
        Attorneys for: Anthony Cicalese

        dkott@mccarter.com
        David R. Kott, Esq.
        McCarter & English, LLP
        Four Gateway Center
        100 Mulberry Street
        PO Box 652
        Newark, NJ  07101-0652
        Attorneys for: Commonwealth

Michael D. Schottland, Esq.
Lomurro, Davison, Eastman & Munoz, P.A.
100 Willobrook Road, Bldg 1
Freehold, NJ 07728
Attorneys for: Cristo Property Management, LTD

Anthony Argiropoulos, Esq.
Fox, Rothschild, O'Brien & Frankel, LLP
Princeton Pike Corporate Center,
997 Lenox Drive, Building
Lawrenceville, NJ  08648-2311
Attorneys for: Fidelity National Title Insurance Company

Irene Difeo
5 Leann Court
Old Bridge, NJ 08857
Attorneys for: Irene Difeo

Richard Calanni, Pro Se
1 Old Farm Road
Tinton Falls, NJ 07724
Attorneys for: Richard Calanni

John B. McCusker, Esq.
McCusker, Anselmi, Rosen & Carvelli
210 Park Ave, Ste 301
Florham Park NJ 07932
Attorneys for: Weichert

James C. Aaron, Esq.
Ansell, Zaro, Grimm & Aaron, P.C.
1500 Lawrence Avenue
CN 7807
Ocean, NJ  07712
Attorneys for: Coastal Title Agency

3.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Caroline E. Pyrz

22