

**VIA ELECTRONIC FILING & REGULAR MAIL**

September 20, 2010

Hon. Dickinson R. Debevoise, U.S.S.D.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Re: *Walsh Securities, Inc. v. Cristo Property Management, et al.*
Civil Action No. 97-cv-3496 (DRD)

Dear Judge Debevoise:

We represent Commonwealth Land Title Insurance Company ("Commonwealth") and write to oppose Defendants National Home Funding, Inc. ("NHF") and Robert Skowrenski, II's motion to dismiss [document 416], filed on August 30, 2010. Please accept this letter brief in lieu of a more formal submission.

This opposition is written to preserve the right to appeal. For purposes of the record, we incorporate the arguments regarding Commonwealth's cross-claims made in Commonwealth's brief in opposition to Third-Party Defendant Robert Walsh's Motion to Dismiss Commonwealth's Third-Party Complaint [document 342]. We recognize that the Court has rejected these arguments by way of its Order and Opinion dated December 16, 2009 [documents 373, 372].

Commonwealth contracted with NHF -- not with Plaintiff -- and, pursuant to Plaintiff's allegations, NHF breached its duty of good faith and fair dealing to Commonwealth by obtaining title insurance on properties that it knew were fraudulently appraised (and indeed Plaintiff's Complaint is rife with allegations that NHF and Skowrenski were at the very center of the fraudulent enterprise alleged). These contract were entered into with NHF, of which Skowrenski was owner, when Commonwealth's agent, Coastal Title Agency (also an alleged participant in the fraudulent scheme), issued closing service protection letters on the properties at issue, binding Commonwealth. NHF then assigned its interest in the title insurance contracts to Plaintiff.

Commonwealth was at no time involved in the fraudulent enterprise alleged by Plaintiff and only became aware of it well after Commonwealth's entry into the contracts with NHF. Thus, but for the fraudulent conspiracy, the policies in this case would never have been issued to NHF, and Commonwealth would be in no way involved in this matter. Despite this, pursuant to the Court's previous decisions and in contrast to the arguments raised by Commonwealth in its previous briefing on the

ME1 10605851v.1

Case 2:97-cv-03496-DRD-JAD   Document 427   Filed 09/20/10   Page 2 of 2 PageID: 5012

Hon. Dickenson R. Debevoise, U.S.S.D.J.
September 20, 2010
Page 2

issue (referenced above), since the claims alleged by Plaintiff against Commonwealth sound in contract and the claims against NHF and Skowrenski sound in tort, Commonwealth is precluded from pursuing its cross-claims against NHF and Skowrenski. Thus, while Plaintiff may seek damages from Commonwealth stemming from NHF and Skowrenski's wrongdoing, under the law of this case with which Commonwealth respectfully disagrees, Commonwealth is barred from distributing any loss among the culpable parties.

Respectfully submitted,

*s/David R. Kott*

David R. Kott

Enclosure
cc:   Attached Service List

ME1 10605851v.1