

November 4, 2010

**VIA ECF AND REGULAR MAIL**

Honorable Dickinson R. Debevoise, U.S.S.D.J.
U.S. District Court for the District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:  Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.
       Civil Action No. 97-cv-3496 (DRD)(MAS)**

Dear Judge Debevoise:

This office represents Defendant/Third-Party Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") in connection with this matter.  Please accept this letter brief in lieu of a more formal submission in sur-reply to Coastal Title Agency's Reply Brief in Support of its Motion to Dismiss Cross-claims of Title Insurance Defendants Pursuant to Rule 12(b)(6), written to clarify the factual record before this Court.

In its reply brief, Coastal argues that dismissal of Commonwealth's cross-claims should be with prejudice and without leave to amend, erroneously arguing in part that Commonwealth's application (which has yet to be made) is a product of undue delay.  (*See* Reply Br. of Def. Coastal Title Agency in Supp. of Mot. to Dismiss Cross-claims of Title Ins. Defs. Pursuant to R. 12(b)(6) ("Coastal Reply Br.") 11 [document 423].)  Coastal incorrectly represents that the information on which Commonwealth relies in support of its argument that Coastal's negligence increased Commonwealth's exposure to liability "has been available for over a decade[.]"  (*See* Coastal Reply Br. 13.)  The fact that Coastal may have mistakenly issued incorrect closing service letters only came to light on August 5, 2010 during the second day of the deposition of Robert Agel, Coastal's 30(b)(6) representative.  (*See* Certif. of Sara F. Merin in Support of Commonwealth's Br. in Opp. to Coastal Title Agency's Mot. to Dismiss, Ex. E: Excerpts from the August 5, 2010 Deposition of Robert Agel [document 419]; Br. of Def. Commonwealth Land Title Ins. Co. in Opp. to Def. Coastal Title Agency, Inc.'s Mot. to Dismiss Commonwealth's Cross-Claims Pursuant to R. 12(b)(6) at 6-9 [document 419].)  As set forth in Commonwealth's opposition brief, this newly discovered evidence -- the admission by 30(b)(6) representative of the possibility of mistake -- supports Commonwealth's cross-claims for negligence.  (*Ibid.*)

If this Court determines that the Commonwealth's cross-claims against Coastal are insufficiently pled, the discovery of this new information warrants a dismissal without prejudice to permit Commonwealth to move to amend the Complaint.  Coastal's

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

ME1 10829904v.1

Office of the Clerk
November 4, 2010
Page 2

arguments regarding undue delay are therefore based on an incorrect understanding of the facts at hand and are without merit.

Respectfully submitted,

*s/ David R. Kott*

David R. Kott

Enclosure
cc: Martin R. McGowan, Jr., Esq. (via ECF and regular mail) (w/encl.)
     All Persons and Entities on the Attached Service List (via regular mail) (w/encl.)
     Edward J. Hayes, Jr., Esq. (via ECF and regular mail) (w/encl.)