# STONE 𝕄 MAGNANINI
## LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

February 25, 2011

**VIA CM/ECF and U.S. MAIL**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07101

     Re:    *Walsh Securities, Inc. v. Cristo Property Management, LTD, et al.*
             Civil Action No. 97-3496 (DRD/MAS)

Dear Judge Shipp:

     We represent Plaintiff Walsh Securities Inc. ("Plaintiff" or "WSI") in the above entitled action. Pursuant to Your Honor's January 5, 2011 Text Order, which was extended to 30 days after the undersigned received approval from the Bankruptcy Court to represent WSI, we provide this letter regarding the current status of discovery in the case. Counsel for Defendants Commonwealth Land Title Insurance Company ("Commonwealth"), Fidelity National Title Insurance Company of New York ("Fidelity"), Nations Title Insurance of New York, Inc. ("Nations") (collectively the "Title Insurance Defendants"), Coastal Title Agency ("Coastal"), and Richard Calanni, *pro se* (collectively "Defendants"), agree with the contents of this report.

     As the Court is aware, this has been a long complex case involving hundreds of potential witnesses (a number of whom were criminally prosecuted), hundreds of thousands of pages of paper discovery, a death, and bankruptcies. The most recent bankruptcies involve those of WSI and Mr. Calanni. In addition, we were recently informed by counsel for Commonwealth Title that they had received a handwritten note on a piece of mail from Mr. DiBenedetto's wife indicating that Mr. DiBenedetto had passed away, however his estate has never filed a notice with the Court regarding his passing that would invoke Fed. R. Civ. P. 25(a)(1).

     At this time, most of the fact depositions are concluded and four fact depositions still need to be scheduled. One is of a defaulted defendant residing in Florida and the other two are the Rule 30(b)(6) witnesses for Defendants Fidelity and Nations. Defendants also need to conclude the remaining approximately 4.5 hours more in the Rule 30(b)(6) deposition of WSI. In addition, defendants, depending upon the Court's ruling on the use of witness statements (see

---

**NEW YORK OFFICES**   575 Lexington Avenue, New York NY 10022   P 212.644.5854
www.stonemagnalaw.com   www.false-claims.net

below) assert that they may need to depose the witnesses who gave statements in the event the Court rules that the defendants may not use the witness statements of certain witnesses. The defendants may also need to take the deposition of Robert Walsh in his individual capacity, albeit that decision will not be made until the deposition of plaintiff's Rule 30(b)(6) witnesses is concluded. There may be additional document demands by Plaintiff as a result of these Rule 30(b)(6) depositions, as occurred with the deposition of Commonwealth's Rule 30(b)(6) representative. Additionally, Plaintiff is having difficulty locating several witnesses who previously worked for Defendants as well as other fact witnesses. Defendants contend that they still have not received certain documents that the Court previously ordered be produced by the plaintiff. Specifically, defendants state that they have not received any and all writings (including but not limited to any legal bills/expenses) for any legal fees/expenses that plaintiff is seeking in this matter and defendants have not received the corporate books/records of Walsh Securities. In addition, defendants assert that they have requested that plaintiff produce the schedules/lists of loans for any loans that were securitized by Bankers Trust and/or Citiscape and have not yet received those schedules/lists.

The parties also have certain disputes pending before Your Honor. First, the parties have fully briefed and submitted their positions regarding the ability to use certain witness statements obtained by Plaintiff as part of an internal investigation (some of which may already have been used by the Defendants). Document No. 412 filed 08/16/2010, Document No. 417 filed 08/30/2010, and Document No. 418 filed 08/30/2010.

Second, the parties have also fully briefed and are awaiting the Court's decision on whether Defendants can inquire into the terms of the settlement between the Plaintiff and co-defendants Robert Skowrenski, II and National Home Funding. Document No. 392 filed 6/4/2010, Document No. 393 filed 6/11/2010, Document No. 411 filed 08/16/2010, Document No. 414 filed 8/26/2010, and Document No. 425 filed 09/14/2010. Your Honor previously ruled on June 30, 2010 that the settlement agreement was sealed on the docket pursuant to L. Civ. R. 5.3(c)(2) because private interests outweighed public interests and it is important to the protect litigation strategy of private settling parties, which would promote more settlements, but your decision did not address the Defendants' right to inquire as to the terms of the settlements. Document No. 395 filed 6/30/2010.

Also, on February 22, 2011, during oral argument before the Honorable Dickinson R. Debevoise, U.S.D.J. on Mr. Calanni's motion for summary judgment, Judge Debevoise denied Mr. Calanni's motion but also stayed the case as to Mr. Calanni in light of his recent bankruptcy filing of which he informed the Court that day. Judge Debevoise also indicated that he would schedule a settlement conference between WSI and the Title Insurance Defendants.

In addition to the foregoing, the parties have been engaged in settlement negotiations with Coastal Title Agency through the use of a mediator and informal settlement negotiations among the remaining represented parties to attempt to reach a final resolution to this case. The claims against Coastal have been settled and the written settlement agreement is being finalized and will then need approval from the Bankruptcy Court. If this case cannot be resolved amicably as to all parties, there is still the above mentioned fact and expert discovery to complete. We

Honorable Michael A. Shipp
February 25, 2011
Page 3 of 3

respectfully request a conference in approximately two months as fact discovery should be concluded and expert discovery will begin.

We thank Your Honor for your kind attention to this matter.

                                                  Respectfully submitted,

                                                                         s/
                                                  Robert A. Magnanini

cc:    David Kott (via CM/ECF only)
        Edward J. Hayes (via CM/ECF only)
        Martin McGowan (via CM/ECF only)
        Vincent Manning (via CM/ECF only)
        Richard Calanni (via e-mail)
        Richard DiBenedetto (via U.S. Mail)