# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LARRY MARSHAK,

                Plaintiff,

v.

FAYE TREADWELL, ET AL.,

                Defendants.

Civ. No. 97-3496 (DRD)

**O R D E R**

This matter having come before the Court on a motion submitted by Contemnor Lowell B. Davis seeking (1) reconsideration of the Court's September 10, 2007 ruling finding him bound by and in contempt of the August 16, 1999 permanent injunction, (Opinion, September 10, 2007, ECF No. 236), or, in the alternative, a hearing at which Defendant Faye Treadwell would be required to present evidence showing that he actively participated in violating the injunction as an aider and abettor and show actual damages resulting from the violation of the injunction, and (2) to compel the disclosure of the settlement agreement between Faye Treadwell and Larry Marshak; and the Court having considered the submissions of Mr. Davis;

The Court finds as follows:

(1)  Court of Appeals found "ample evidence" that Mr. Davis was bound by the injunction as a person in active concert or participation with an enjoined party and aided and abetted the violation of the injunction. Marshak v. Treadwell, 595 F.3d 478, 488-89 (3d Cir. 2009);

(2) Faye Treadwell need not show actual damages resulting from the violation of the injunction; rather, she need only show gross income. See Banjo Buddies, Inc. v. Renovsky, 399 F.3d 168, 176 (3d Cir. 2005).  The burden then shifts to the contemnors to show expenses. Id.;

(3) Mr. Davis's motion to compel the disclosure of the settlement agreements between Faye Treadwell and Larry Marshak is moot, as the parties agreed to disclose the settlement agreements pursuant to a stipulated order of confidentiality. See (Stipulation and Order of Confidentiality, March 11, 2011, ECF No. 392);

WHEREFORE, it is on this 14th of March, 2011, hereby ORDERED that Mr. Davis's Motion for Reconsideration and to Compel is DENIED.

DICKINSON R. DEBEVOISE, U.S.S.D.J.