# STONE 🅼 MAGNANINI
LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

July 7, 2011

**VIA CM/ECF and REGULAR MAIL**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Walsh Securities, Inc. v. Cristo Property Management, LTD, et al.*
              Civil Action No. 97-3496 (DRD/MAS)

Dear Judge Shipp:

      We represent Plaintiff Walsh Securities Inc. ("Plaintiff" or "WSI") in the above entitled action. Pursuant to Your Honor's June 30, 2011 Text Order, we provide this letter regarding the current status of discovery in the case. Counsel for Defendants Commonwealth Land Title Insurance Company ("Commonwealth"), Fidelity National Title Insurance Company of New York ("Fidelity"), and Nations Title Insurance of New York, Inc. ("Nations") (collectively the "Title Insurance Defendants"), agree with the contents of this report. Where Plaintiff does not agree with Defendants' language, it has been noted below.

      As the Court is aware, this has been a long complex case involving hundreds of potential witnesses (a number of whom were criminally prosecuted), hundreds of thousands of pages of paper discovery, a death, and bankruptcies. The most recent bankruptcies involve those of WSI, Mr. Walsh (WSI's sole shareholder), and Mr. Calanni. In addition, counsel for Commonwealth Title has received a handwritten note on a piece of mail from Mr. DiBenedetto's wife indicating that Mr. DiBenedetto passed away, however his estate has never filed a notice with the Court regarding his passing that would invoke Fed. R. Civ. P. 25(a)(1).

      At this time, most of the fact depositions are concluded and four fact depositions still need to be scheduled. One is of a defaulted defendant residing in Florida and the other two are the Rule 30(b)(6) witnesses for Defendants Fidelity and Nations. Defendants also need to conclude the remaining approximately 4.5 hours more in the Rule 30(b)(6) deposition of WSI.

      There may also be additional document demands by Plaintiff as a result of these Rule 30(b)(6) depositions, as occurred with the deposition of Commonwealth's Rule 30(b)(6) representative.

**[Defendants' Insert which Plaintiff does not join]**

>WSI has produced witness statements of 24 witnesses, only 2 of whom have been deposed (Messrs. D'Apolito and O'Neill). The Title Insurance Defendants may wish to depose the 22 other people who had given witness statements, and that can be completed within 90 days. However, it may be difficult to quickly locate some of the witnesses from the witness statements and the Title Insurance Defendants may need further assistance from the Court as to deadlines if witnesses cannot be located, or alternatively, we reserve our right to seek access to the witness statements for any witness which cannot be reasonably located. The Title Insurance Defendants may seek to depose Robert Walsh individually, albeit that decision will not be made until the deposition of WSI's Rule 30(b)(6) witnesses is concluded.

>The Court had previously ordered that WSI produce writings (including but not limited to any legal bills/expenses) for any legal fees/expenses that WSI is seeking in this matter, and if those are not produced by WSI within 30 days, WSI should be barred from recovering any bills/expenses. WSI still has not produced the corporate records of WSI as to who were the shareholders of WSI during the period that the loans were made, and if WSI does not produce those records within 30 days WSI should be barred from contending directly or indirectly that Betty Ann DeMola was not a shareholder in WSI at the time the loans were made or offering any evidence on that issue. To the extent WSI has not produced schedules/lists of loans for any loans that were securitized by Bankers Trust and/or Citiscape, WSI should produce these schedules/lists of loans within 30 days. WSI within 30 days should produce title commitments and/or binders for any loans that it makes a closing service letter claim on and as to any such title commitments/binders not produced within 30 days WSI should be barred from contending that a title commitment and/or binder was issued. WSI's attorney should inform the Title Insurance Defendants if WSI is seeking recovery on all the loans or seeking recovery only on the loans that appeared on the list of loans that WSI previously supplied of loans it repurchased -- WSI's attorney should inform the Title Insurance Defendants' attorneys of its position in this regard in writing within 20 days. WSI should inform the Title Insurance Defendants whether WSI will have any experts, the subjects of the experts' testimony and when WSI would propose serving reports of experts. As to transactions on

which WSI now contends title claims exist, WSI should produce within 30 days any prior notice provided to the title companies of these title claims and, if not produced within that time period, WSI should be precluded from contending that there was any prior notice of these title claims to the underwriters. WSI should also be required to produce copies of assignments executed by NHF transferring to WSI its interest in any mortgage loans on which WSI is asserting a claim. If those assignments are not produced within 30 days, WSI should be precluded from asserting closing service letter claims or title claims on any such loans.

**[End Insert]**

In addition, Judge Debevoise has held two settlement conferences with WSI and the Title Insurance Defendants, which did not result in a settlement. The parties also engaged in successful settlement negotiations with Coastal Title Agency through the use of a mediator. The claims against Coastal have been settled and, although there is still a dispute about the distribution of the settlement proceeds between WSI and the Title Insurance Defendants, the written settlement agreement was finalized and approved by the Bankruptcy Court for WSI.

Also, in accordance with Your Honor's Text Order, attached are two proposed amended scheduling orders – submitted by Plaintiff and Defendants respectively, for the parties could not come to an agreement as to its contents. Exhibit A is Plaintiff's Proposed Scheduling Order, and Exhibit B is that of the Title Insurance Defendants.

We thank Your Honor for your kind attention to this matter.

                Respectfully submitted,

                     s/
                Robert A. Magnanini

cc:    David Kott (via CM/ECF only)
        Edward J. Hayes (via CM/ECF only)
        Richard Calanni (via e-mail)
        Richard DiBenedetto (via U.S. Mail)