# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : Civil Action No. 97-cv-3496 (DRD) |
| Plaintiff, | : Hon. Dickinson R. Debevoise |
| v. | : |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, et al., | : **DEFENDANTS' [PROPOSED] CASE MANAGEMENT ORDER** |
| Defendants. | : |

**THIS MATTER** having been opened by the Court through its Text Order dated June 30, 2011, ordering the parties to submit a joint proposed amended scheduling order [Dkt. 453]; and for good cause having been shown:

**IT IS** on this _____ day of _____, 2011

**ORDERED** that

1. if plaintiff does not produce within 30 days all writings (including but not limited to any legal bills/expenses) for any legal fees/expenses that plaintiff is seeking in this matter plaintiff shall be barred from recovering any legal fees or any expenses arising out of this matter;

2. if plaintiff does not produce within 30 days corporate records of plaintiff identifying who were the shareholders of plaintiff, plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that Betty Ann DeMola was not a shareholder in plaintiff;

3. within 30 days to the extent they have not already been produced plaintiff shall produce schedules/lists of loans for any loans that were securitized by Bankers Trust and/or Citiscape;

4. within 30 days hereof plaintiff shall produce title commitments and/or binders for any loans that it makes a closing service letter claim on and as to any such title commitment/binders not produced within 30 days plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that a title commitment and/or binder was issued;

5. within 20 days hereof plaintiff's attorney shall advise the attorney for the title insurance defendants in writing if plaintiff is seeking recovery on all loans (whether or not repurchased by plaintiff) or is seeking recovery only on the loans that appeared on the list of loans that plaintiff previously supplied identifying loans repurchased by the plaintiff;

1

6. within 30 days hereof plaintiff's attorney should inform the attorneys for the title insurance defendants whether plaintiff will have any experts and the subject of the testimony of those experts, and plaintiff shall be barred from serving the reports of any experts who set forth opinions on subjects not identified by plaintiff within 30 days;

7. as to transactions on which plaintiff contends title claims exist, plaintiff should produce within 30 days any prior/earlier notice provided to the title companies of these title claims and for any loans for which the plaintiff does not provide copies of prior/earlier notice to the title companies of title claims within 30 days Walsh shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that there was any prior notice of those claims to the title insurance defendants;

8. within 30 days hereof Walsh should produce copies of assignments executed by National Home Funding transferring to plaintiff its interest in any mortgage loans on which plaintiff has asserted a claim, and as to any loans for which such assignments are not produced within 30 days Walsh shall be barred from asserting closing service letter claims or title claims on such loans;

9. fact discovery shall be completed by October 10, 2011;

10. affirmative expert reports shall be exchanged by November 18, 2011;

11. rebuttal expert reports shall be exchanged by January 9, 2012; and

12. depositions of experts shall be completed by February 20, 2012.

_____
Hon. Michael A. Shipp, U.S.M.J.

2

MEI 11959836v.1