# STONE M MAGNANINI
## LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

July 15, 2011

**VIA CM/ECF and REGULAR MAIL**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Walsh Securities, Inc. v. Cristo Property Management, LTD, et al.*
              Civil Action No. 97-3496 (DRD/MAS)

Dear Judge Shipp:

      We represent Plaintiff Walsh Securities Inc. ("Plaintiff" or "WSI") in the above entitled action. Pursuant to a telephonic conference held with Your Honor on July 11, 2011, and a text order [Dkt. 455] issued the same day, Plaintiff now submits this letter[1] (and attached proposed amended scheduling order) outlining the issues that remain in dispute in connection with discovery.

      As the outset, we note where the parties agree. The parties, in accordance with this Court's telephonic ruling that summary judgment motions be submitted at the end of fact discovery, agree to the following schedule:

- Motions for summary judgment due **November 10, 2011**

- Responses to motions due **December 9, 2011**

- Replies due **December 30, 2011**

      Moreover, the following items in the Title Insurance Defendants' proposed amended scheduling order [Dkt. 454-2] are agreeable to all: ¶¶ 5 and 9. We respectfully request that the Court adopt those dates.

      WSI and the Title Insurance Defendants disagree on the remaining paragraphs of the proposed order. We set forth below our respective positions on these issues *seriatim* with the

---

[1] WSI had initially thought this letter would be jointly filed in accordance with its understanding of this Court's request during the July 11, 2011 telephone conference. Defendants have elected to file their own letter, however. *See infra* n. 2

**NEW YORK OFFICES**   575 Lexington Avenue, New York NY 10022   P 212.644.5854
www.stonemagnalaw.com   www.false-claims.net

numbered paragraphs of Defendants' proposed order [Dkt. 454-2] in brackets for Your Honor's ease of reference.

**[1.]** **If plaintiff does not produce within 30 days all writings (including but not limited to any legal bills/expenses) for any legal fees/expenses that plaintiff is seeking in this matter plaintiff shall be barred from recovering any legal fees or any expenses arising out of this matter;**

### A. Plaintiff's Position

The Title Insurance Defendants have argued that Your Honor already ordered that WSI produce our legal bills. They rest their argument on a slender reed which does not say what they argue: this Court's July 22, 2010 amended scheduling order [Dkt. 403]. In that order, this Court ordered that the "Parties shall provide responses to outstanding discovery requests by no later than 8/13/10." [*Id.* ¶ 3] That Order arguably references the parties' July 14, 2010 joint status letter to the Court [Dkt. 399] where the parties wrote that "the title defendants have advised us that they would request that the Court set a deadline for Plaintiff to produce the following documents, all of which have been previously requested * * * 7. Any and all writings (including but not limited to any legal bills/expenses) for any legal fees/expenses that Plaintiff is seeking in this matter." The Court's order was a general one; it had no occasion (until the dispute ripened, which it has) to decide the merits of the particular dispute in July of 2010, which was neither briefed nor agreed to by Plaintiff.

WSI has resisted turning over its legal bills to the Title Insurance Defendants for the simple reason that it's simply completely improvident at this juncture to do so when many depositions have yet to be taken, dispositive motions have not even been briefed, and a trial date has yet to be set. To be sure, if WSI establishes Defendants' liability, it will be entitled to attorneys' fees in prosecuting this action. *First American Title Ins. Co. v. Vision Mortg. Corp., Inc.*, 298 N.J. Super. 138 (App. Div. 1997) (Long, J.) (defrauded mortgage company entitled to, *inter alia*, attorneys' fees after it established title insurance company's breach of contract at trial).

However, it is simply onerous under the Federal Rules to put WSI to a rolling production of its legal bills when fact discovery in this case is still ongoing. Indeed, WSI will maintain that its fees for trying this case are certainly recoverable under *Vision*; the point is simply that Defendants are not entitled to any legal bills at this juncture. Highlighting why this request is so problematic, it would require WSI to heavily redact its bills to protect the disclosure of core attorney work product in the middle of a litigation. WSI's legal bills are arguably *completely* protected by the work product doctrine in that they *all* now reflect attorneys' mental impressions of the litigation given that there has been no adjudication on the merits of its claims. Giving opposing counsel even a *slight* window into Plaintiff's activities in prosecuting this case – in the middle of fact discovery – would completely vitiate the underlying purposes of the work product doctrine. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003) ("core or opinion work product receives greater protection than ordinary work product and is discoverable only upon a showing of rare and exceptional circumstances").

Even if this Court rules that there is *ever* an appropriate moment in an ongoing case for disclosure of the legal bills, that time is surely not at the present. WSI further notes, as it will below in connection with Defendants' other requests, that placing possible sanctions in a case management order is entirely inappropriate, especially where WSI has in the utmost good faith complied to date with its discovery obligations.

**B.    Defendants' Position**[2]

[2.]    if plaintiff does not produce within 30 days corporate records of plaintiff identifying who were the shareholders of plaintiff, plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that Betty Ann DeMola was not a shareholder in plaintiff

Plaintiff agrees with this paragraph except insofar as it (a) objects to the 30 day period; and (b) it has a sanctions component to it. Given the already strong efforts on WSI's part to obtain these records, WSI requests that it be given **60 days** to produce, as the records will either need to be procured via subpoena or through a turnover order in the bankruptcy court. As to the sanctions component, this sort of remedy is completely inappropriate at this time. Plaintiff notes that this sanction would be better suited for an *in limine* motion before Judge Debevoise, or at the very least, if Defendants do not receive what they contend is necessary to their defense, they can move the Court for an adverse inference. A complete preclusion of presenting evidence at the discovery stage is utterly inapt.

[3.]    within 30 days to the extent they have not already been produced plaintiff shall produce schedules/lists of loans for any loans that were securitized by Bankers Trust and/or Citiscape

These documents have already been produced to Defendants. They are also available in the document repository that was established in this case by Judge Cavanaugh on January 23, 1998 [Dkt. 46 ¶ 14] and are available at any time for viewing by the Defendants. Plaintiff will set forth in detail below its argument as to the availability of the documents in the repository as it relates to the last 3 areas of dispute among the parties.

[4.]    within 30 days hereof plaintiff shall produce title commitments and/or binders for any loans that it makes a closing service letter claim on and as to any such title commitment/binders not produced within 30 days plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that a title commitment and/or binder was issued;

[7.]    as to transactions on which plaintiff contends title claims exist, plaintiff should produce within 30 days any prior/earlier notice provided to the title companies of these title claims and for any loans for which the plaintiff does not provide copies of

---

[2] We understood Your Honor to have only sought one joint letter from the parties on the outstanding discovery issues so as not to burden the Court. However, we were informed today by one of the Title Insurance Defendant's counsel that they would prefer to submit their own letter on these issues. Accordingly, Defendants' submission(s) to the Court are completely on their own volition.

Honorable Michael A. Shipp, U.S.M.J
July 15, 2011
Page 4 of 5

      prior/earlier notice to the title companies of title claims within 30 days **Walsh shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that there was any prior notice of those claims to the title insurance** defendants;

[8.]    within 30 days hereof **Walsh should produce copies of assignments executed by National Home Funding transferring to plaintiff its interest in any mortgage loans on which plaintiff has asserted a claim, and as to any loans for which such assignments are not produced within 30 days Walsh shall be barred from asserting closing service letter claims or title claims on such loans;**

      In these three requests for production, Defendants are essentially trying to reverse their discovery obligations and place the shoe on the other foot. Defendants request that WSI produce "title commitments," "assignments," "binders," and "title claims," among other things. Defendants ignore the fact that WSI and other defendants, third-parties and the Defendants themselves have already provided Defendants with the information that they seek and produced relevant documents to which *they have complete, full and absolutely unfettered access* to the document repository established in this case. Defendants essentially seek to put the burden on WSI to package and mail to them the proofs in this case, long before the Final Pretrial Conference and trial. Judge Cavanaugh was prescient in his order establishing the repository, making it very clear that Defendants' request that Plaintiff be put to the burden of searching, copying, and producing documents for *Defendants'* sake is entirely baseless. Indeed, the order [Dkt. 46] clearly and unequivocally provides that "[i]t **will then be the responsibility of each party to make arrangements to review the documents** and request and pay for specific **copies they deem appropriate.**" [*Id.* ¶ 14] (emphasis added).

      It is an unambiguous order, and a dispositive point: it is *Defendants'* "responsibility . . . to review the documents" – documents, we note, the gravamen of which were under the control and custody of the Title Insurance Defendants as they were documents also produced by *them* to the repository. Thus, Defendants seek an order of production which would be essentially the third time the documents were produced in this case: once by Defendants, once by WSI, and at present. This position is untenable and especially runs afoul of the Federal Rules, indeed, two of the subsections concerning duplicative discovery as set forth in Rule 26. Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii) (court may *sua sponte* limit discovery where "the discovery sought is unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." *See Wyeth v. Abbott Labs.*, Nos. 08-230, 08-1021, 2011 U.S. Dist. LEXIS 63409, at *20 (D.N.J. June 13, 2011) (where plaintiff sought to compel third party to produce documents, request was denied insofar as it sought the exact same documents already produced by a defendant); *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 117 (S.D.N.Y. 2008) (requesting party failed to identify any discovery that it had not already discovered via other means; accordingly, request was found "likely to be duplicative of discovery already conducted").

      By definition the requested discovery is duplicative and, to the letter of the rule, "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The documents have been in the repository at the same location in Short Hills, New Jersey for approximately 6 years. Defendants are free and welcome to review the documents, a

Honorable Michael A. Shipp, U.S.M.J
July 15, 2011
Page 5 of 5

process we note which they have availed themselves of over the years, at their leisure. To shift their discovery burden to the Plaintiff is as frivolous a position as it is unfair.

      Accordingly, these requests should be denied in their entirety.

**[6.]**     **within 30 days hereof plaintiff's attorney should inform the attorneys for the title insurance defendants whether plaintiff will have any experts and the subject of the testimony of those experts, and plaintiff shall be barred from serving the reports of any experts who set forth opinions on subjects not identified by plaintiff within 30 days;**

      This has been rendered moot in light of this Court's telephonic ruling that expert discovery will occur after summary judgment motions are filed, in 2012. Given that expert discovery has thus been severed from fact discovery, the parties agree that no expert dates should be set at this time given the Court's ruling. Thus, we ask the Court not to enter paragraphs 10, 11, and 12 of Defendants' proposed order.

                        *        *        *

      We are available at a time this Court deems convenient to discuss the foregoing issues. We thank the Court for its kind and continued attention to this matter.

                                                                Respectfully submitted,

                                                                /s/Robert A. Magnanini
                                                                Robert A. Magnanini

cc:    David Kott (via CM/ECF only)
        Edward J. Hayes (via CM/ECF only)
        Richard Calanni (via U.S. Mail)
        Richard DiBenedetto (via U.S. Mail)