

July 15, 2011

**VIA ELECTRONIC FILING**

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07102

Re:  Walsh Securities, Inc. v. Cristo Property Management, et al.
     United States District for the District of New Jersey
     Civil Action No. 97-3496 (DRD)(MAS)

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Dear Judge Shipp:

Your Honor at the conclusion of the July 11, 2011 Case Management Conference required that counsel submit by July 15, 2011 a letter with a proposed Case Management Order.  We are enclosing the Case Management Order that we request that the Court enter.  I have communicated with Edward Hayes, Esq., the attorney for co-defendants Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York Inc., and Mr. Hayes joins in this letter.

With respect to our proposed Order I believe that each of the provisions should be entered by the Court.  They will all likely relate to our filing a motion for summary judgment and will likely result in a substantial pairing down of the issues which must be tried.  In this letter we will set forth our position on why each of the provisions in the enclosed Case Management Order should be entered.

> Paragraph 1:  "if plaintiff does not produce within 30 days all writings (including but not limited to any legal bills/expenses) for any legal fees/expenses that plaintiff is seeking in this matter plaintiff shall be barred from recovering any legal fees or any expenses arising out of this matter".

Your Honor has previously ordered that these documents be produced.  Specifically, over one year ago the Court required Mr. Magnanini to submit to Your Honor a letter setting forth the outstanding discovery.  In that letter Mr. Magnanini noted that we were awaiting production by the Plaintiff of any and all writings (including but not limited to any legal bills/expenses for any legal fees/expenses that Plaintiff is seeking in this matter).  Document No. 399, filed 07/14/10, page 3, paragraph 7.  On July 22, 2010, Your Honor entered an Amended Scheduling Order which at paragraph 3 required that parties shall provide responses to outstanding discovery requests by no later than 8/13/10.  Document No. 403, filed 07/22/10, paragraph 3. Plaintiff has not yet complied with that Amended Scheduling Order.

ME1 11982945v.1

Honorable Michael A. Shipp
July 15, 2011
Page 2

Moreover, as the Court is aware, we have been informed by Plaintiff that the amount of legal bills/fees sought by the Plaintiff in this case exceeds $7,000,000. Obviously we cannot defend against that claim without having the documentation supporting the claim. It is irrelevant whether the award of counsel fees would be made by the jury or post-trial by the Court -- in either event disclosure must be made **during** the discovery period as we clearly would be entitled to discovery on this issue. Depending on the results of discovery, this may be the basis for a summary judgment motion. We would note that we believe that a good portion of the legal fees were for services unrelated to the title insurance dispute; in addition, as to any claim for legal fees we would have a right to analyze whether the fees were reasonable and necessary. In any event, Plaintiff cannot seek recovery of legal fees/bills in excess of $7 million but decline to provide copies of the bills in question.

> Paragraph 2: "if plaintiff does not produce within 30 days corporate records of plaintiff identifying who were the shareholders of plaintiff, plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that Betty Ann DeMola was not a shareholder in plaintiff".

As with the legal bills, the Court has already ordered that these materials be produced. In Mr. Magnanini's July 14, 2010 letter to Your Honor he identified certain of the outstanding discovery we were awaiting as being the corporate books and records of Walsh Securities. Document No. 399, filed 07/14/10, page 3, paragraph 10. Again, in Your Honor's Amended Scheduling Order at Paragraph 3 entered on July 22, 2010 the Court required Plaintiff to provide this outstanding discovery by 8/13/10. Document 403, filed 07/22/10, paragraph 3. Plaintiffs have demonstrated that they need a "drop dead" date for this production. They now say that they will produce records in 60 days that -- to date -- they have failed to produce for over a year. Their excuse that the records are in possession of private counsel does not justify a delay of this magnitude. Plaintiff has had almost a year to find a way to get records from private counsel. Those records could have been subpoenaed or made the subject of a motion with this Court. The fact that Plaintiff failed to do so before now does not justify an extended period of time to produce these records, particularly with an October 10 close of discovery.

Aside from the fact that over one year ago the Court required that these materials be produced, they are highly relevant to the case. One of the significant factual issues in the case is whether Betty Ann Demola, who was a senior executive of Walsh Securities and the sister of Robert Walsh, was a shareholder at Walsh Securities. We have obtained documentation (including an SEC filing by Walsh) that states that Ms. Demola was a shareholder in Walsh. However, in the Rule 30(b)(6) deposition of Plaintiff Walsh Securities the corporate deponent (Robert Walsh) denied that Ms. Demola was a shareholder of the Plaintiff. The Plaintiff **still** has not produced is corporate records and documents that would reflect who the

Honorable Michael A. Shipp
July 15, 2011
Page 3

record shareholders were of Walsh Securities.  Obviously the Plaintiff cannot fail to produce the official records of the Plaintiff that would list the shareholders of the Plaintiff but at the time of trial contend that Ms. Demola was not a shareholder of the Plaintiff.

Paragraph 3:   "within 30 days to the extent they have not already been produced plaintiff shall produce schedules/lists of loans for any loans that were securitized by Bankers Trust and/or Citiscape".

Paragraph 4:   "within 30 days hereof plaintiff shall produce title commitments and/or binders for any loans that it makes a closing service letter claim on and as to any such title commitment/binders not produced within 30 days plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that a title commitment and/or binder was issued".

Paragraph 7:   "as to transactions on which plaintiff contends title claims exist, plaintiff should produce within 30 days any prior/earlier notice provided to the title companies of these title claims and for any loans for which the plaintiff does not provide copies of prior/earlier notice to the title companies of title claims within 30 days Walsh shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that there was any prior notice of those claims to the title insurance defendants".

Paragraph 8:   "within 30 days hereof Walsh should produce copies of assignments executed by National Home Funding transferring to plaintiff its interest in any mortgage loans on which plaintiff has asserted a claim, and as to any loans for which such assignments are not produced within 30 days Walsh shall be barred from asserting closing service letter claims or title claims on such loans".

These are all documents that the Plaintiff will need to introduce as part of the Plaintiff's cause of action.  From our conversations with Plaintiff's counsel, the Plaintiff's counsel plans on listing these documents as exhibits in the Final Pretrial Order.  If Plaintiff intends to list these documents in the Final Pretrial Order, and to introduce them into evidence, it is plain that the Plaintiff will need to identify and segregate the documents in question.  In my view it is fairly basic procedure that if a party is going to list as an exhibit a document in the Final Pretrial Order that during

Honorable Michael A. Shipp
July 15, 2011
Page 4

the discovery period the other parties to the action have a right to have that document produced.

During the July 11, 2011 phone conference with Your Honor Mr. Magnanini indicated that there was a document repository and therefore the defendants could review the documents in the document repository and obtain the documents from the document repository.  However, we are talking about a needle in a hay stack.  I would conservatively estimate that there are over 100,000 documents in the document repository.    Moreover, each party at the beginning of the lawsuit deposited into the document repository files with respect to each of the loans.  In effect, extensive documentation was "dumped" into a document repository.

**Moreover, we also believe that this issue was previously resolved by the Court**.  On May 17, 2010 I submitted to the Court a proposed form of Case Management Order which at paragraph 5 required that Plaintiff supply as to each loan in the case a copy of the applicable closing service letter and the closing instructions supplied by Plaintiff in connection with the loan.  Document No. 388, filed 05/17/10, paragraph 5.  Mr. Magnanini submitted a May 18, 2010 letter to Your Honor making the identical argument as to Paragraph 5 of our proposed Order that he makes on this issue -- that Plaintiff should not be required to "do Defendants' work" and should not be required to produce the documents that could be found in the repository.  Document No. 389, filed 05/18/10, page 1.  Your Honor ruled on that dispute by requiring that Plaintiff comply with paragraph 5 of our proposed Case Management Order.  Document 403, filed 07/22/10 at Paragraph 5.  Hence, the precise argument made by Mr. Magnanini in objecting to paragraphs 3-6 of our enclosed Case Management Order has already been rejected by the Court..

As to our request for any prior notices provided by Plaintiff with respect to title claims, this information relates to the Plaintiff's claim that the title insurance defendants have acted improperly and in bad faith in not addressing promptly title claims.  It is the title defendants' position that no notice was given of these claims until last year when the Court granted Plaintiff's request to include title claims as part of this case.  If Plaintiff has no proof that it previously made these claims, we believe the Court would look favorably upon a motion for summary judgment regarding any alleged bad faith relating to those claims.

These issues, therefore, all provide likely grounds for summary judgment motions.  In short, if Plaintiffs are listing these documents as exhibits -- which appears to be necessary -- they will have to go through the files anyway.  Thus, as a practical matter, this required search should be done at this juncture.

Further, these documents are critical components of Plaintiffs' proofs at trial.  The assignments are needed to show that Plaintiff has standing to bring this case.  If Plaintiff cannot produce assignments, it is likely the Court would look favorably upon our summary judgment motion as to any loans for which assignments do not exist.

ME1 11982945v.1

Honorable Michael A. Shipp
July 15, 2011
Page 5

The burden to make this showing should be on Plaintiff, not on the insurance defendants. The issue regarding the closing service letters is not whether a commitment was issued, it is -- as set out in the closing service letters -- whether Plaintiffs were in possession of the commitments before the "transmission of [the] final closing instructions to the attorney." *See* Closing Service Letter Exclusion B ("If the closing is to be conducted by an issuing Agent or Attorney, a title insurance binder or commitment of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.") The fact that the title agent may have issued a commitment is not controlling. The issue is can Plaintiff establish that it had the commitment in its possession prior to issuance of the final closing instructions to the attorney.

> Paragraph 5: "within 30 days hereof plaintiff's attorney should inform the attorneys for the title insurance defendants whether plaintiff will have any experts and the subject of the testimony of those experts, and plaintiff shall be barred from serving the reports of any experts who set forth opinions on subjects not identified by plaintiff within 30 days".

We request that the Court require Plaintiff to identify the subjects on which Plaintiff will have expert testimony. Our position in this regard is based on the practicalities of this case. This case is extraordinarily complex. If the defendants first learn of the subjects on which the Plaintiff will have expert testimony (some of which may be highly specialized) when Plaintiff serves expert reports, then the defendants will at this point need to identify experts, retain experts, and have the experts review extensive documents and discovery before they will be able to render reports. In fact, it might take defendants as long as four months to identify experts, retain them, and have the experts review documents and discovery and render reports. If the Plaintiff identifies the subjects upon which the Plaintiff will provide discovery at this time then at least the defendants can identify and retain experts at this time, which would shorten the period that defendants need to serve expert reports.

> Paragraph 6: "within 20 days hereof plaintiff's attorney shall advise the attorney for the title insurance defendants in writing if plaintiff is seeking recovery on all loans (whether or not repurchased by plaintiff) or is seeking recovery only on the loans that appeared on the list of loans that plaintiff previously supplied identifying loans repurchased by the plaintiff".

I believe that Mr. Magnanini does not have an objection to our paragraph 6.

> Paragraph 9: "fact discovery shall be completed by October 10, 2011".

> Paragraph 10: "motions for summary judgment or for partial summary judgment shall be filed no later than November 10, 2011;

Honorable Michael A. Shipp
July 15, 2011
Page 6


opposition to any motions for summary judgment or partial summary judgment shall be filed no later than December 12, 2011; and reply papers with respect to any motions for summary judgment or partial summary judgment shall be filed no later than December 23, 2011".

I believe these paragraphs are largely consistent with the schedule that the Court set during the July 11, 2011 Case Management Conference.

Respectfully submitted,

*s/David R. Kott*

David R. Kott

DRK:mma

cc:    Robert A. Magnanini, Esq. (via electronic filing & regular mail)
       Edward J. Hayes, Jr., Esq. (via electronic filing & regular mail)
       Amy Walker Wagner, Esq. (via email)
       Jeffrey A. Shooman, Esq. (via email)