**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party
  Plaintiff Commonwealth Land Title Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC.,<br><br>                                    Plaintiff,<br>v.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, DONNA PEPSNY, WEICHERT REALTORS, and VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS,<br><br>                                    Defendants. | Civil Action No. 97-cv-3496 (DRD) (MAS)<br>Honorable Dickinson R. Debevoise<br><br><br>**CASE MANAGEMENT ORDER**<br>**(JULY 12, 2011 CASE MANAGEMENT**<br>**CONFERENCE)** |

       **THIS MATTER** having been opened to the Court by the Court at a Case Management Conference held on July 12, 2011; in the presence of Robert A. Magnanini, Esq. & Amy Walker Wagner, Esq., attorneys for plaintiff; David R. Kott, Esq., attorney for defendant Commonwealth Land Title Insurance Company; Edward J. Hayes, Jr., Esq., attorney for defendants Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York Inc.;

**IT IS** on this       day of                    , 2011

**ORDERED** that

1. If plaintiff does not produce within 30 days all writings (including but not limited to any legal bills/expenses) for any legal fees/expenses that plaintiff is seeking in this matter plaintiff shall be barred from recovering any legal fees or any expenses arising out of this matter;

2. If plaintiff does not produce within 30 days corporate records of plaintiff identifying who were the shareholders of plaintiff, plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that Betty Ann DeMola was not a shareholder in plaintiff;

3. Within 30 days to the extent they have not already been produced plaintiff shall produce schedules/lists of loans for any loans that were securitized by Bankers Trust and/or Citiscape;

4. Within 30 days hereof plaintiff shall produce title commitments and/or binders for any loans that it makes a closing service letter claim on and as to any such title commitment/binders not produced within 30 days plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that a title commitment and/or binder was issued;

5. As to transactions on which plaintiff contends title claims exist, plaintiff should produce within 30 days any prior/earlier notice provided to the title companies of these title claims and for any loans for which the plaintiff does not provide copies of prior/earlier notice to the title companies of title claims within 30 days Walsh shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that there was any prior notice of those claims to the title insurance defendants;

6. Within 30 days hereof Walsh should produce copies of assignments executed by National Home Funding transferring to plaintiff its interest in any mortgage loans on which plaintiff has asserted a claim, and as to any loans for which such assignments are not produced within 30 days Walsh shall be barred from asserting closing service letter claims or title claims on such loans;

7. Within 30 days hereof plaintiff's attorney should inform the attorneys for the title insurance defendants whether plaintiff will have any experts and the subject of the testimony of those experts, and plaintiff shall be barred from serving the reports of any experts who set forth opinions on subjects not identified by plaintiff within 30 days;

8. Within 20 days hereof plaintiff's attorney shall advise the attorney for the title insurance defendants in writing if plaintiff is seeking recovery on all loans (whether or not repurchased by plaintiff) or is seeking recovery only on the loans

      that appeared on the list of loans that plaintiff previously supplied identifying loans repurchased by the plaintiff;

9. Fact discovery shall be completed by October 10, 2011; and

10. Motions for summary judgment or for partial summary judgment shall be filed no later than November 10, 2011; opposition to any motions for summary judgment or partial summary judgment shall be filed no later than December 12, 2011; and reply papers with respect to any motions for summary judgment or partial summary judgment shall be filed no later than December 23, 2011.

                                                Hon. Michael A. Shipp, U.S.M.J.

ME1 11982644v.2