

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

July 22, 2011

**VIA ELECTRONIC FILING**

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07102

Re: <u>Walsh Securities, Inc. v. Cristo Property Management, et al</u>.
United States District for the District of New Jersey
Civil Action No. 97-3496 (DRD)(MAS)

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Dear Judge Shipp:

I write about two matters. I have spoken with Edward Hayes, Esq., the attorney for defendants Fidelity National Title Insurance Company of New York and Nations Title Insurance of New York Inc. and Mr. Hayes joins in this letter.

First, I write about the Court's Amended Scheduling Order entered on July 19, 2011 (Document No. 458 Filed 07/19/11). That Amended Scheduling Order was entered by the Court after counsel had submitted proposed forms of Order. It does not appear that the July 19, 2011 Amended Scheduling Order addresses certain of the relief we sought, meaning that the Amended Scheduling Order does not grant or deny the relief we sought.

We had submitted to the Court a July 15, 2011 letter and its enclosures forwarding to the Court a proposed Form of Order (Document 457 Filed 07/15/11). In our letter and in our proposed Form of Order we requested that the Court require that plaintiff produce certain documents. Our July 15, 2011 letter stated as follows:

"Paragraph 3: 'within 30 days to the extent they have not already been produced plaintiff shall produce schedules/lists of loans for any loans that were securitized by Bankers Trust and/or Citiscape'.

"Paragraph 4: 'within 30 days hereof plaintiff shall produce title commitments and/or binders for any loans that it makes a closing service letter claim on and as to any such title commitment/binders not produced within 30 days plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that a title commitment and/or binder was issued'.

"Paragraph 7: 'as to transactions on which plaintiff contends title claims exist, plaintiff should produce within 30 days any

> prior/earlier notice provided to the title companies of these title claims and for any loans for which the plaintiff does not provide copies of prior/earlier notice to the title companies of title claims within 30 days Walsh shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that there was any prior notice of those claims to the title insurance defendants'.

> "Paragraph 8: 'within 30 days hereof Walsh should produce copies of assignments executed by National Home Funding transferring to plaintiff its interest in any mortgage loans on which plaintiff has asserted a claim, and as to any loans for which such assignments are not produced within 30 days Walsh shall be barred from asserting closing service letter claims or title claims on such loans'.

"These are all documents that the Plaintiff will need to introduce as part of the Plaintiff's cause of action. From our conversations with Plaintiff's counsel, the Plaintiff's counsel plans on listing these documents as exhibits in the Final Pretrial Order. If Plaintiff intends to list these documents in the Final Pretrial Order, and to introduce them into evidence, it is plain that the Plaintiff will need to identify and segregate the documents in question. In my view it is fairly basic procedure that if a party is going to list as an exhibit a document in the Final Pretrial Order that during the discovery period the other parties to the action have a right to have that document produced.

"During the July 11, 2011 phone conference with Your Honor Mr. Magnanini indicated that there was a document repository and therefore the defendants could review the documents in the document repository and obtain the documents from the document repository. However, we are talking about a needle in a hay stack. I would conservatively estimate that there are over 100,000 documents in the document repository. Moreover, each party at the beginning of the lawsuit deposited into the document repository files with respect to each of the loans. In effect, extensive documentation was "dumped" into a document repository.

"**Moreover, we also believe that this issue was previously resolved by the Court**. On May 17, 2010 I submitted to the Court a proposed form of Case Management Order which at paragraph 5 required that Plaintiff supply as to each loan in the case a copy of the applicable closing service letter and the closing instructions supplied by Plaintiff in connection with the loan. Document No. 388, filed 05/17/10, paragraph 5. Mr. Magnanini submitted a May 18, 2010 letter to Your Honor making the identical argument as to Paragraph 5 of our proposed Order that he makes on this issue -- that Plaintiff should not be required

Honorable Michael A. Shipp
July 22, 2011
Page 3

to "do Defendants' work" and should not be required to produce the documents that could be found in the repository. Document No. 389, filed 05/18/10, page 1. Your Honor ruled on that dispute by requiring that Plaintiff comply with paragraph 5 of our proposed Case Management Order. Document 403, filed 07/22/10 at Paragraph 5. Hence, the precise argument made by Mr. Magnanini in objecting to paragraphs 3-6 of our enclosed Case Management Order has already been rejected by the Court.

"As to our request for any prior notices provided by Plaintiff with respect to title claims, this information relates to the Plaintiff's claim that the title insurance defendants have acted improperly and in bad faith in not addressing promptly title claims. It is the title defendants' position that no notice was given of these claims until last year when the Court granted Plaintiff's request to include title claims as part of this case. If Plaintiff has no proof that it previously made these claims, we believe the Court would look favorably upon a motion for summary judgment regarding any alleged bad faith relating to those claims.

"These issues, therefore, all provide likely grounds for summary judgment motions. In short, if Plaintiffs are listing these documents as exhibits -- which appears to be necessary -- they will have to go through the files anyway. Thus, as a practical matter, this required search should be done at this juncture.

"Further, these documents are critical components of Plaintiffs' proofs at trial. The assignments are needed to show that Plaintiff has standing to bring this case. If Plaintiff cannot produce assignments, it is likely the Court would look favorably upon our summary judgment motion as to any loans for which assignments do not exist. The burden to make this showing should be on Plaintiff, not on the insurance defendants. The issue regarding the closing service letters is not whether a commitment was issued, it is -- as set out in the closing service letters -- whether Plaintiffs were in possession of the commitments before the "transmission of [the] final closing instructions to the attorney." See Closing Service Letter Exclusion B ("If the closing is to be conducted by an issuing Agent or Attorney, a title insurance binder or commitment of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.") The fact that the title agent may have issued a commitment is not controlling. The issue is can Plaintiff establish that it had the commitment in its possession prior to issuance of the final closing instructions to the attorney."

The plaintiff's attorney submitted a July 15, 2011 letter specifically objecting to our requests in this regard (Document 456 Filed 07/15/11). Nevertheless, it does not appear that the Court ruled upon our request that the Court grant us the relief sought in Paragraphs 3 - 8 of our proposed Case Management Order.

ME1 12019027v.1

* * *

Second, I request that the Court resolve an additional discovery dispute. Your Honor will recall that earlier in the litigation the plaintiff had supplied to the title insurance company defendants certain written witness statements. The plaintiff had filed a motion to require the title insurance company defendants to destroy those witness statements and not to otherwise use them. In support of that application, the plaintiff's attorney, Robert Magnanini, Esq., submitted an August 16, 2010 letter brief (Document 412 Filed 08/16/10). In support of the relief sought by the plaintiff, Mr. Magnanini stated as follows:

> "<u>There is absolutely no reason why Defendants cannot interview these witnesses on their own, and there is no reason why Defendants did not attempt to interview these witnesses earlier in this litigation</u>. There has been no showing or offering of witness unavailability. Defendants lack need, let alone substantial need; they are seeking to piggyback off of the efforts of Plaintiffs counsel and their failure to perform any investigation into this matter. *Sandra T.E.*, 600 F.3d at 622. <u>Assuming, arguendo, that there is a showing of need, there has not been - nor can there logically be - any showing that Defendants cannot obtain the substantial equivalent because the witnesses have always been available to Defendants in the very same way that the witnesses were available to Plaintiffs counsel</u>. *Cf. Brombard v. Montana*, No. CV-05-32-BLG-RF-CSO, 2007 U.S. Dist. LEXIS 67810 (D. Mont. Sept. 13, 2007) ('even if [the party] did have a substantial need for this information, he has been able to obtain the substantial equivalent of the materials by other means'). The witnesses, including those that are now former employees, are not under Plaintiffs control. Defendants can obtain the equivalent of the contents of the memos by interviewing them or deposing them." [Emphasis added]

Your Honor granted the relief sought by the plaintiff in a June 28, 2011 Letter Opinion and Order (Document 452 Filed 06/28/11). In that Letter Opinion and Order the Court specifically noted the argument of the plaintiff that defendants could interview the witnesses:

> "Having asserted that the Interview Memoranda were prepared in anticipation of litigation and are thus protected under the work-product doctrine, Plaintiff next contends that Defendants have not met their burden of proving a substantial need for the documents; nor have they proved that they cannot obtain substantial equivalents of the Interview Memoranda by other means without undue hardship. (*Id.* at 4.) As to both need and undue hardship, Plaintiff contends that '[t]here is absolutely no reason why Defendants cannot interview [the same] witnesses on their own, and there is no reason why Defendants did not attempt to interview these witnesses earlier in this litigation.' (*Id.*) Thus, Plaintiff contends that without establishing the degree of need and undue burden that would warrant disclosure, Defendants 'are seeking to

Honorable Michael A. Shipp
July 22, 2011
Page 5

> piggyback off of the efforts of Plaintiff s counsel and their failure to perform any investigation into this matter.' (*Id.*)"

Letter Opinion and Order dated June 28, 2011, Document 452 Filed 06/28/11 at p. 6.

I have recently spoken with Mr. Magnanini and he has now taken the position that I cannot interview six of the witnesses who had given the written statements in question because they are within the plaintiff's control group. This is directly contrary to the position taken by Mr. Magnanini in support of his motion as to why the title insurance company defendants should be required to return the witness statements. In short, it is wholly unfair for the plaintiff to have obtained the Order requiring that the witness statements be destroyed and not be used by the title insurance company defendants based upon an argument that the title insurance company defendants could interview those witnesses and now to take the contrary position that the title insurance companies should not be allowed to interview the witnesses.

For the foregoing reasons, we request that the Court enter an Order granting the title insurance company defendants leave to interview any of the persons whose witness statements were the subject of the Court's June 28, 2011 Letter Opinion and Order.

Respectfully submitted,

David R. Kott

DRK:tas

cc: Robert A. Magnanini, Esq. (via electronic filing & regular mail)
Edward J. Hayes, Jr., Esq. (via electronic filing)
Amy Walker Wagner, Esq. (via email)
Jeffrey A. Shooman, Esq. (via email)