



July 27, 2011

**VIA ELECTRONIC FILING**

Honorable Michael A. Shipp
U.S. Magistrate, United States District Court
Martin Luther King Building & US Courthouse
50 Walnut Street
Newark, NJ 07102

Re:  Walsh Securities, Inc. v. Cristo Property Management, et al.
     United States District for the District of New Jersey
     Civil Action No. 97-3496 (DRD)(MAS)

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Dear Judge Shipp:

Your Honor has scheduled a telephone status conference for Thursday, July 28, 2011 at 2:00 P.M. with respect to the letter submissions of the parties that appear at docket entry numbers 459 and 460.

I am in receipt of Mr. Magnanini's July 24, 2011 letter (Document 460 Filed 07/24/11) in response to my July 22, 2011 letter (Document 459 Filed 07/22/11) and also in which Mr. Magnanini requests that the Court assist in mediating the rights of the plaintiff and of the title insurance defendants to the proceeds of the settlement reached with defendant Coastal Title Agency.

With respect to the settlement with Coastal, that settlement has been effectuated and Coastal has paid the settlement and it is being held in escrow.  Both the plaintiff and the title insurance defendants contend that they are entitled to the proceeds of that settlement.

I do not think that the Court could assist the plaintiff and the title insurance companies in resolving their dispute on this issue.  Preliminarily, I would note that irrespective of how the proceeds of the settlement with Coastal are divided between the plaintiff and the title insurance companies, the main lawsuit will continue.  In other words, a resolution of the claims of the plaintiff and the claims of the title insurance companies to the proceeds of the Coastal settlement will not resolve the entire case and not assist in resolving the entire case.   Moreover, as Mr. Magnanini's July 24, 2011 letter sets forth, it is plaintiff's position that the plaintiff is entitled to the entire proceeds of the settlement with Coastal.  In light of plaintiff's position in this regard, it seems highly unlikely that the plaintiff and the title insurance companies will at any time in the near future be able to resolve their dispute as to who is entitled to the proceeds of the settlement with Coastal.  Moreover, to the extent that plaintiff seeks that the Court order the parties to mediation, aside from the fact that mediation would very likely be futile (for the foregoing reasons), I am not sure that the Court has the authority to require a party to pay a mediator to mediate a case.  In any event, simply from a practical standpoint in light of the position taken by plaintiff as to its right to the entire

ME1 12039842v.1

ECF

Honorable Michael A. Shipp
July 27, 2011
Page 2


proceeds of the Coastal settlement, it does not seem that settlement discussions between and among the plaintiff and the title insurance companies at this time would result in a settlement.

With respect to the Amended Scheduling Order entered by the Court on July 19, 2011 (Document 458 Filed 07/19/11), we incorporate by reference what we stated in my July 22, 2011 letter to Your Honor (Document 459 Filed 07/22/11). We had requested certain relief from the Court -- that the Amended Scheduling Order include provisions requiring the plaintiff to provide discovery to us. While the Court denied certain of the relief we had requested, it did not grant or deny other of the relief we had requested. For purposes of having a complete record, we would request that the Court either grant or deny the relief we sought in paragraphs 3, 4, 7 & 8 of the proposed Form of Order that we submitted with our July 15, 2011 letter and its enclosures to the Court (Document 457 Filed 07/15/11).

Finally, with respect to the interview memos, our office has discarded the interview memos as required by the plaintiff. Two of the persons who gave interviews to plaintiff's attorneys were Peter Trebour and Paul Del Rosso. The plaintiff has taken the position that we cannot interview those former employees of the plaintiff unless plaintiff's counsel is present. As we noted in our July 22, 2011 submission on this issue, the plaintiff previously took the position that we could interview all of the witnesses who gave statements to plaintiff's counsel. In short, in obtaining the Order requiring us to discard the witness statements, plaintiff took the position that we could be in the same position as plaintiff's counsel simply by interviewing the witnesses. Of course, to the extent that plaintiff's counsel now takes the position that he has a right to be present during interviews of Mr. Trebour and Mr. Del Rosso obviously we cannot be put in the same position as plaintiff was when plaintiff's attorney did the interviews. After all, plaintiff's attorney did the interviews without counsel for any other party being present. In light of the position taken by plaintiff on the Motion that we be required to discard the witness statements, the plaintiff should now not be allowed to take the position that plaintiff's counsel be present when we conduct interviews of any of the former employees of plaintiff who gave witness statements to plaintiff's attorneys.

Respectfully submitted,

David R. Kott

DRK:tas

cc:   Robert A. Magnanini, Esq. (via electronic filing & regular mail)
      Edward J. Hayes, Jr., Esq. (via electronic filing)
      Amy Walker Wagner, Esq. (via email)
      Jeffrey A. Shooman, Esq. (via email)