McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party
 Plaintiff Commonwealth Land Title Insurance Company

|  |  |
|---|---|
| WALSH SECURITIES, INC., | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| v.            Plaintiff, | Civil Action No. 97-3496<br>Honorable William G. Bassler |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, and STEWART TITLE GUARANTY COMPANY, IRENE DiFEO, DONNA PEPSNY, WEICHERT REALTORS, AND VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS, | **ORDER DENYING APPLICATION THAT SCHEDULING ORDER REQUIRE PRODUCTION OF DOCUMENTS BY PLAINTIFF** |
| Defendants. | |
| and | |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | |
| Defendant/Third Party Plaintiff, | |
| v. | |
| ROBERT WALSH and ELIZABETH ANN DeMOLA, | |
| Third Party Defendants. | |

ME1 12081609v.1

THIS MATTER having been opened to the Court by the Court on July 28, 2011; in the presence of Robert Magnanini, Esq., Amy Walker Wagner, Esq., & Jeffrey A. Shooman, Esq., attorneys for plaintiff, Edward J. Hayes, Jr., Esq. attorney for defendants Nations Title Insurance of New York Inc. and Fidelity National Title Insurance Company of New York and in the presence of David R. Kott, Esq., attorney for defendant Commonwealth Land Title Insurance Company; and it appearing that the Court entered an Amended Scheduling Order on July 19, 2011 (Document No. 458 Filed 07/19/11); and it appearing that before the Court entered its Amended Scheduling Order on July 19, 2011, the defendants Nations Title Insurance of New York Inc., Fidelity National Title Insurance Company of New York and Commonwealth Land Title Insurance Company had submitted to the Court a proposed form of Order (Document 457 Filed 07/15/11) requesting that the Amended Scheduling Order contain the following paragraphs:

"Paragraph 3: 'within 30 days to the extent they have not already been produced plaintiff shall produce schedules/lists of loans for any loans that were securitized by Bankers Trust and/or Citiscape'.

"Paragraph 4: 'within 30 days hereof plaintiff shall produce title commitments and/or binders for any loans that it makes a closing service letter claim on and as to any such title commitment/binders not produced within 30 days plaintiff shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that a title commitment and/or binder was issued'.

"Paragraph 7: 'as to transactions on which plaintiff contends title claims exist, plaintiff should produce within 30 days any prior/earlier notice

provided to the title companies of these title claims and for any loans for which the plaintiff does not provide copies of prior/earlier notice to the title companies of title claims within 30 days Walsh shall be barred from offering evidence directly or indirectly, and shall be barred from contending directly or indirectly, that there was any prior notice of those claims to the title insurance defendants'.

"Paragraph 8: 'within 30 days hereof Walsh should produce copies of assignments executed by National Home Funding transferring to plaintiff its interest in any mortgage loans on which plaintiff has asserted a claim, and as to any loans for which such assignments are not produced within 30 days Walsh shall be barred from asserting closing service letter claims or title claims on such loans'.

and it further appearing that the Court has declined to grant the relief sought by defendants Nations Title Insurance of New York Inc., Fidelity National Title Insurance Company of New York and Commonwealth Land Title Insurance Company in its proposed form of Order (Document 457 Filed 07/15/11);

IT IS this ____ day of _____, 2011

ORDERED that the Court overrules the request of Nations Title Insurance of New York Inc., Fidelity National Title Insurance Company of New York and Commonwealth Land Title Insurance Company contained in the proposed form of Order (Document 457 Filed 07/15/11) that the Amended Scheduling Order include paragraphs 3, 4, 7 & 8 of the proposed form of Order submitted by the defendants Nations Title Insurance of New York Inc., Fidelity National

ME1 12081609v.1

Title Insurance Company of New York and Commonwealth Land Title Insurance Company in their proposed form of Order (Document 457 Filed 07/15/11).

_____
HONORABLE MICHAEL A. SHIPP, U.S.M.J.