# EXHIBIT A

Page 192

**Certified Transcript**

```
 1                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
 2                    Civil Action No.
                      97-cv-3496 (DRD) (MAS)
 3
    WALSH SECURITES, INC.,    :
 4                            :
              Plaintiff,      :
 5                            :    VOLUME II
         vs.                  :    DEPOSITION OF:
 6                            :    DONNA SULLIVAN
    CRISTO PROPERTY MANAGEMENT,
 7  LTD., a/k/a G.J.L. LIMITED;
    OAKWOOD PROPERTIES, INC.;
 8  NATIONAL HOME FUNDING, INC.;
    CAPITAL ASSETS PROPERTY
 9  MANAGEMENT & INVESTMENT CO.,
    INC.; CAPITAL ASSETS PROPERTY
10  MANAGEMENT, L.L.C.; WILLIAM
    KANE; GARY GRIESER; ROBERT
11  SKOWRENSKI, II; RICHARD CALANNI;
    RICHARD DiBENEDETTO; JAMES R.
12  BROWN; THOMAS BRODO; ROLAND
    PIERSON; STANLEY YACKER, ESQ.;
13  MICHAEL ALFIERI, ESQ.; RICHARD
    PEPSNY, ESQ.; ANTHONY M.
14  CICALESE, ESQ.; LAWRENCE CUZZI;
    ANTHONY D'APOLITO; DAP
15  CONSULTING INC.; COMMONWEALTH
    LAND TITLE INSURANCE CO.;
16  NATIONS TITLE INSURANCE OF
    NEW YORK, INC.; FIDELITY
17  NATIONAL TITLE INSURANCE CO.
    OF NEW YORK, INC.; COASTAL
18  TITLE AGENCY; DONNA PEPSNY;
    WEICHERT REALTORS; and VECCHIO
19  REALTY, INC., d/b/a MURPHY
    REALTY BETTER HOMES AND
20  GARDENS                   :
              Defendants.     :
21                            :
         - - - - - - - - - - -
22
23
24
25       Job No. NJ352197
```

Page 193

1      TRANSCRIPT of the stenographic notes of
2   the proceedings in the above-entitled matter, as
3   taken by and before JANET BAILYN, a Certified
4   Shorthand Reporter and Notary Public of the State of
5   New Jersey, held at the office of STONE & MAGNANINI,
6   150 John F. Kennedy Parkway, Short Hills, New Jersey,
7   on September 20, 2011, commencing at 10:00 in the
8   forenoon.

Page 226

1   and the claim report I believe went into the computer
2   system so it was accessible by home office. I know
3   that home office was certainly aware of the Walsh
4   claim. I don't know the time frame.
5        Q.   Further down on that page underneath,
6   "Subsequent Reporting," but before those numbered
7   paragraphs it states: "The claims officer should
8   complete and file a claim update form CLT-3083," and
9   then it lists several circumstances when the claim
10  update form needs to be completed. And that form is
11  actually Exhibit 8 to the claims manual. Do you know
12  whether or not those claim update forms were ever
13  issued on these properties?
14       A.   I don't know that that form was ever
15  used.
16       Q.   Okay. On page 23879 underneath
17  "Reserving Practices. Claims officers must establish
18  a reserve for each claim, which represents a
19  realistic estimate of the anticipated net loss to the
20  insurer based upon the facts then known."
21            Do you know if a claim reserve was made
22  on the Walsh Securities properties?
23       A.   I know there is a claims reserve.
24       Q.   What is it?
25            MR. KOTT: Hold on. Excuse me. Was the

Page 227

1  the question how much?
2          MR. MEE:  Yes.
3          MR. KOTT:  I'm inclined to instruct the
4  witness not to answer but maybe you can tell me why
5  I'm wrong on that.
6          MR. MEE:  I think you're wrong because
7  it's not privileged.  Whether Commonwealth decided to
8  establish a reserve probably occurred prior to your
9  being hired as counsel.  This is --
10         MR. KOTT:  Not correct.
11         MR. MEE:  Even if it -- even if you were
12 hired as counsel at the time, I would imagine that
13 it's a normal business practice and procedure.  How
14 would that be privileged?
15         MR. KOTT:  Well, just like reporting to
16 me is a normal business, asking me questions is a
17 normal business --
18         MR. MEE:  I'm asking for the amount, not
19 whether or not you had discussions with her about how
20 much the amount should be.
21         MR. KOTT:  I want to talk to her
22 outside.
23         MR. MEE:  Because this question is
24 pending I think it's inappropriate for you to pull
25 the client out and have a discussion with her.

```
                                                    Page 228
 1            MR. KOTT:  Not if it involves privilege.
 2   I can pull the client out if it involves privilege
 3   and that's what I'm asking her about.
 4            MR. MEE:  What basis do you have to say
 5   it's privileged?
 6            MR. KOTT:  That's why I want to talk to
 7   her about it.
 8            (A recess takes place.)
 9            MR. KOTT:  Mr. Mee, I have instructed
10   the witness not to answer so you can proceed to your
11   next question.
12            MR. MEE:  Actually I would like to know
13   your basis for instructing her not to answer.
14            MR. KOTT:  The basis is privilege, work
15   product privilege of the party and of the attorney.
16            MR. MEE:  It's an underlying fact --
17            MR. KOTT:  Hold on.  I'm not finished.
18            MR. MEE:  Sorry.
19            MR. KOTT:  Also could not lead to
20   discoverable evidence.  That's an objection, that's
21   not the grounds for instructing her, but that's part
22   of the objection, but it deals with how the client
23   evaluates the case for settlement and I don't think
24   you're entitled to that.
25            MR. MEE:  I think that it actually deals
```

Page 229

```
 1  with how the client handled this claim by Walsh
 2  Securities.  It's an underlying fact in this case.
 3  Whether or not she had communicated with you about --
 4  or whether or not Commonwealth had communicated with
 5  you about how much the amount should be, that's not
 6  what I'm asking.  I'm asking for a fact of whether or
 7  not there is a reserve and the fact of what that
 8  amount is.  So if she's not going to answer the
 9  question, then we're going to have to take this to
10  the judge and we're going to have to continue this
11  deposition.
12          MR. KOTT:  I don't know what you mean
13  by -- I know what you mean by continue --
14          MR. MEE:  Continuance of the deposition.
15          MR. KOTT:  Finish the dep and then you
16  can take it to the judge and if the judge says we
17  have to produce that info I will let you know what it
18  is.  If Judge Shipp says that Commonwealth must
19  disclose that, I will send you a letter and disclose
20  what it is but let's finish for today.
21          MR. MEE:  Sounds good.
22          (The pending question is read by the
23  court reporter.)
24      Q.      Do you know when the claims reserve was
25  made?
```