*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 628856

**TITLE AGENT'S FILE NUMBER:** CT-20402 (A)

**BORROWER (PRIMARY):** KELEHER, JOHN GLENN

**PROPERTY ADDRESS:** 203 Arlington Avenue, Jersey City, NJ 07305

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.


EXHIBIT
A

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 619474

**TITLE AGENT'S FILE NUMBER:** CT-17764

**BORROWER (PRIMARY):** MONTANYE, JILL A.

**PROPERTY ADDRESS:** 506 Asbury Avenue, Asbury Park, NJ 07712

### TITLE INSURANCE - LOAN POLICY CLAIM:

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 623303

**TITLE AGENT'S FILE NUMBER:** CT-18806(A)

**BORROWER (PRIMARY):** CUZZI JR, MARIO

**PROPERTY ADDRESS:** 1324 Asbury Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- GJL did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 627863

**TITLE AGENT'S FILE NUMBER:** CT-19995

**BORROWER (PRIMARY):** WHITE, JOANNA M.

**PROPERTY ADDRESS:** 933 Bangs Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622645

**TITLE AGENT'S FILE NUMBER:** CT-18718 (A)

**BORROWER (PRIMARY):** JUERGENSEN, ALICIA

**PROPERTY ADDRESS:** 1032-34 Bangs Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Borrower did not attend closing, did not understand documents being signed, and/or did not personally sign any closing documents or loan application.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Seller did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 616945

**TITLE AGENT'S FILE NUMBER:** CT-16950

**BORROWER (PRIMARY):** LEODIS, THOMAS

**PROPERTY ADDRESS:** 56 Bank Street, Red Bank, NJ 07701

### TITLE INSURANCE - LOAN POLICY CLAIM:
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- DEK Homes did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622010

**TITLE AGENT'S FILE NUMBER:** CT-18274 (A)

**BORROWER (PRIMARY):** DIDONNA JR., THOMAS J.

**PROPERTY ADDRESS:** 246 Bayside Drive, Highlands, NJ 07732

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- A Monmouth County records search reveals the borrower's mortgage was never recorded.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 627636

**TITLE AGENT'S FILE NUMBER:** CT-20107(A)

**BORROWER (PRIMARY):** PELARDIS, AFRODITE E.

**PROPERTY ADDRESS:** 461 Bergen Avenue, Jersey City, NJ 07305

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 626827

**TITLE AGENT'S FILE NUMBER:** CT-19921 (A)

**BORROWER (PRIMARY):** FANIA JR., ANTHONY W.

**PROPERTY ADDRESS:** 181 Clerk Street, Jersey City, NJ 07307

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 623846

**TITLE AGENT'S FILE NUMBER:** CT-18848 (A)

**BORROWER (PRIMARY):** VISCARDO, SUSAN

**PROPERTY ADDRESS:** 303 Comstock Avenue, Asbury Park, NJ 07712

### TITLE INSURANCE – LOAN POLICY CLAIM:

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Management*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 624172

**TITLE AGENT'S FILE NUMBER:** CT-18919 (A)

**BORROWER (PRIMARY):** POWELL, KIMBERLY E.

**PROPERTY ADDRESS:** 30 Dewitt Avenue, Asbury Park, NJ 07712

### TITLE INSURANCE - LOAN POLICY CLAIM:

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 614368

**TITLE AGENT'S FILE NUMBER:** CT- 15756

**BORROWER (PRIMARY):** GRIESER, GARY D.

**PROPERTY ADDRESS:** 1702 Elk Street, Piscataway, NJ 07791

### TITLE INSURANCE - LOAN POLICY CLAIM:

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Borrower did not attend closing, did not understand documents being signed, and/or did not personally sign any closing documents or loan application.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- DEK Homes did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 619588

**TITLE AGENT'S FILE NUMBER:** CT-17761

**BORROWER (PRIMARY):** MONTANYE, JILL A.

**PROPERTY ADDRESS:** 408 Emory Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

**Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters**

LOAN NUMBER: 622861

TITLE AGENT'S FILE NUMBER: CT-18760 (A)

BORROWER (PRIMARY): DEVINCENZO, DONALD

PROPERTY ADDRESS: 326 Fisher Avenue, Neptune, NJ 07753

TITLE INSURANCE - LOAN POLICY CLAIM:
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

CLOSING SERVICE PROTECTION LETTER CLAIM:
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 615237

**TITLE AGENT'S FILE NUMBER:** MT-11163

**BORROWER (PRIMARY):** POPE, MARVINA

**PROPERTY ADDRESS:** 414 Fisher Avenue, Neptune, NJ 07753

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 628930

**TITLE AGENT'S FILE NUMBER:** CT-20274A

**BORROWER (PRIMARY):** GUZMAN, VICTOR

**PROPERTY ADDRESS:** 18 Ford Avenue, Freehold, NJ 07728

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 624173

**TITLE AGENT'S FILE NUMBER:** CT-18801 (A)

**BORROWER (PRIMARY):** OWENS, THOMAS

**PROPERTY ADDRESS:** 101 Herbert Street, Red Bank, NJ 07701

### TITLE INSURANCE - LOAN POLICY CLAIM:

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 621714

**TITLE AGENT'S FILE NUMBER:** CT-18105 (A)

**BORROWER (PRIMARY):** APGAR, RAYMOND C.

**PROPERTY ADDRESS:** 89 Jefferson Street, Paterson, NJ 07522

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Borrower did not attend closing, did not understand documents being signed, and/or did not personally sign any closing documents or loan application.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622863

**TITLE AGENT'S FILE NUMBER:** CT-18560(A)

**BORROWER (PRIMARY):** JUERGENSEN, RALPH

**PROPERTY ADDRESS:** 1422 Mattison Avenue, Asbury Park, NJ 07712

### TITLE INSURANCE - LOAN POLICY CLAIM:
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Borrower did not attend closing, did not understand documents being signed, and/or did not personally sign any closing documents or loan application.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 626828

**TITLE AGENT'S FILE NUMBER:** CT-19648A

**BORROWER (PRIMARY):** WRIGHT, WESLEY

**PROPERTY ADDRESS:** 222 Monticello Avenue, Jersey City, NJ 07307

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 627997

**TITLE AGENT'S FILE NUMBER:** CT-19531 (A)

**BORROWER (PRIMARY):** VILARDI, JANICE

**PROPERTY ADDRESS:** 226 Monticello Avenue, Jersey City, NJ 07305

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:**  622008

**TITLE AGENT'S FILE NUMBER:**  CT-18108 (A)

**BORROWER (PRIMARY):**  DIDONNA JR., THOMAS J.

**PROPERTY ADDRESS:**  24 Noll Place, Newark, NJ 07106

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

### Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 626019

**TITLE AGENT'S FILE NUMBER:** CT-19426 (A)

**BORROWER (PRIMARY):** FUSCO, FRED

**PROPERTY ADDRESS:** 118-20 Plainfield Avenue, Plainfield, NJ 07060

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622626

**TITLE AGENT'S FILE NUMBER:** CT-18724 (A)

**BORROWER (PRIMARY):** BUSTOS, SR., RAFAEL

**PROPERTY ADDRESS:** 138 Ridge Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- A Monmouth County records search reveals the borrower's deed and mortgage were never recorded.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Borrower did not attend closing, did not understand documents being signed, and/or did not personally sign any closing documents or loan application.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Deed and mortgage were not recorded.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:**  616947

**TITLE AGENT'S FILE NUMBER:**  CT-17175

**BORROWER (PRIMARY):**  LEODIS, THOMAS

**PROPERTY ADDRESS:**  205 River Street, Red Bank, NJ 07701

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- DEK Homes did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

LOAN NUMBER: 624171

TITLE AGENT'S FILE NUMBER: CT-19154A

BORROWER (PRIMARY): DELIYSKI, DIMITAR D.

PROPERTY ADDRESS: 253A South Pearl Street, Red Bank, NJ 07701

TITLE INSURANCE - LOAN POLICY CLAIM:
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

CLOSING SERVICE PROTECTION LETTER CLAIM:
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622860

**TITLE AGENT'S FILE NUMBER:** CT-16921

**BORROWER (PRIMARY):** DEVINCENZO, DONALD

**PROPERTY ADDRESS:** 1127 Summerfield Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- A Monmouth County records search reveals the borrower's deed and mortgage were never recorded.
- Walsh Securities' rights were extinguished by D&Sons' sale of the property to a third party.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- D&Sons sold the property to a third party - Sorsha, LLC.
- Deed and mortgage were not recorded.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622633

**TITLE AGENT'S FILE NUMBER:** CT-18721(A)

**BORROWER (PRIMARY):** RICIGLIANO, PAMELA

**PROPERTY ADDRESS:** 1507 Summerfield Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622658

**TITLE AGENT'S FILE NUMBER:** CT-18641(A)

**BORROWER (PRIMARY):** REILLY, BRIAN G.

**PROPERTY ADDRESS:** 126 Union Avenue, Long Branch, NJ 07740

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale and no deed from GJL to Cristo was ever recorded.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 614472

**TITLE AGENT'S FILE NUMBER:** MT 11134

**BORROWER (PRIMARY):** CRESPO, JULIO

**PROPERTY ADDRESS:** 335 Watson Avenue, Perth Amboy, NJ 00876

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622862

**TITLE AGENT'S FILE NUMBER:** CT-18690(A)

**BORROWER (PRIMARY):** VISCARDO, SUSAN

**PROPERTY ADDRESS:** 603 First Avenue, Asbury Park, NJ 07712

### TITLE INSURANCE - LOAN POLICY CLAIM:

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- No deed from GJL to Cristo has ever been recorded.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622017

**TITLE AGENT'S FILE NUMBER:** CT-18233 (A)

**BORROWER (PRIMARY):** RIZZUTO, LORETTA

**PROPERTY ADDRESS:** 612 First Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 623847

**TITLE AGENT'S FILE NUMBER:** CT-18901(A)

**BORROWER (PRIMARY):** CUZZI, LAWRENCE M.

**PROPERTY ADDRESS:** 701 First Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- GJL did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622663

**TITLE AGENT'S FILE NUMBER:** CT-18563(A)

**BORROWER (PRIMARY):** AMADOR, JOSEPH L.

**PROPERTY ADDRESS:** 209 Second Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- A Monmouth County records search reveals the borrower's deed and mortgage were never recorded.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale and no deed from GJL to Cristo was ever recorded.
- Deed and mortgage were not recorded.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 623848

**TITLE AGENT'S FILE NUMBER:** CT-18948 (A)

**BORROWER (PRIMARY):** CUZZI, LAWRENCE M.

**PROPERTY ADDRESS:** 305 Second Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 625058

**TITLE AGENT'S FILE NUMBER:** CT - 19034 (A)

**BORROWER (PRIMARY):** JUERGENSEN, HANS

**PROPERTY ADDRESS:** 58 Third Street, Newark, NJ 07107

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Borrower did not attend closing, did not understand documents being signed, and/or did not personally sign any closing documents or loan application.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 624169

**TITLE AGENT'S FILE NUMBER:** CT-18910(A)

**BORROWER (PRIMARY):** OWENS, THOMAS

**PROPERTY ADDRESS:** 409 Sixth Avenue, Asbury Park, NJ 07712

### TITLE INSURANCE - LOAN POLICY CLAIM:

- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

### CLOSING SERVICE PROTECTION LETTER CLAIM:

- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- GJL did not own the property at the time of the sale.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- By virtue of the joint venture 60/40 deed, CAPMI had an outstanding interest in the mortgage since it was also in title with the borrower at the time of recording the mortgage, which impaired Walsh Securities' mortgage.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 624260

**TITLE AGENT'S FILE NUMBER:** CT-18904 (A)

**BORROWER (PRIMARY):** VISCARDO, SUSAN

**PROPERTY ADDRESS:** 515 Seventh Avenue, Asbury Park, NJ 07712

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- A Monmouth County records search reveals the borrower's deed and mortgage were never recorded.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- GJL did not own the property at the time of the sale.
- Deed and mortgage were not recorded.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

*Walsh Securities, Inc. v. Cristo Property Mgmt., et al.*
Civil Action No. 97-cv-3496 (DRD)(MAS)

## Plaintiff's Claims Under the Title Policies and Closing Service Protection Letters

**LOAN NUMBER:** 622859

**TITLE AGENT'S FILE NUMBER:** CT-18551(A)

**BORROWER (PRIMARY):** DEVINCENZO, DONALD

**PROPERTY ADDRESS:** 48 South Fifth Avenue, Long Branch, NJ 07740

**TITLE INSURANCE - LOAN POLICY CLAIM:**
- Loss or damage sustained or incurred by Walsh Securities as assignee of National Home Funding, including but not limited to, by reason of title to the estate or interest described in Schedule A of the Title Commitment being vested other than as stated therein; defect in or lien or encumbrance on the title; unmarketability of the title; and the invalidity or unenforceability of the lien of the insured mortgage upon the title.
- A Monmouth County records search reveals the borrower's deed and mortgage were never recorded.
- Walsh Securities' rights were extinguished through a third-party's foreclosure.

**CLOSING SERVICE PROTECTION LETTER CLAIM:**
- Closing attorney knew borrower was not a bona fide mortgagor.
- Closing attorney failed to personally obtain proper identification from borrowers at closing.
- Closing documents were not executed by the closing attorney.
- No deposit and/or earnest money provided as disclosed on HUD-1.
- No bona fide second mortgage as disclosed on the HUD-1.
- Attorney/client relationship with borrower was a sham.
- Closing attorney overcharged for recording fees and improperly retained the overcharges.
- Closing attorney failed to distribute "Cash to Seller" as provided by the HUD-1.
- Closing attorney failed to ensure that all liens, judgments, and mortgages were satisfied at closing.
- Cristo did not own the property at the time of the sale.
- Deed and mortgage were not recorded.
- Full ALTA Title Policy was not delivered within 30 days of closing.
- Failure to properly record documents resulting in an inability or impaired ability to enforce the mortgage or collect a deficiency judgment.
- In many instances the closing attorney disbursed loan proceeds to seller prior to closing.

Walsh Securities' discovery and investigation of the facts relevant to this case are ongoing and Walsh Securities' responses provided herein are made to the best of its present knowledge, information, and belief. Walsh Securities reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.