# EXHIBIT 1

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

Effective Date: January 23, 1996 at 8:00 AM

Agent File No. MT 11134

1. Policy or Policies to be issued:

   (a) ALTA Owner's Policy                                    $ 115,000.00

       Proposed Insured:
       CRUZ M. CRESPO and JULIO CRESPO

   (b) ALTA Loan Policy                                       $ 115,000.00

       Proposed Insured:
       NATIONAL HOME MORTGAGE,
       its Successors and/or Assigns

2. Title to the                    Fee Simple                          estate or interest in the land
   described or referred to in this Commitment is at the effective date hereof vested in:
   D & SONS CONSTRUCTION CORP. by deed from ABC HORIZON HOME IMPROVEMENTS, INC., a New
   Jersey Corporation dated June 14, 1995 and recorded in the Middlesex County Clerk's
   Office on July 10, 1995 in Deed Book 4251 page 483.

3. The land referred to in this Commitment is described as follows:
   See Attached Legal Description in Schedule C

ONMOUTH TITLE AGENCY, INC.
20 Broad Street
ed Bank, New Jersey  07701
908) 758-0201

his commitment is invalid unless the Insuring Provisions
id Schedules A and B are attached.

Form TCMNTNJ Rev 08/01/94



WS1 027989

ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11134

1.  The following are the requirements to be complied with:

    A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B.  Instruments in insurable form which must be executed, delivered and duly filed for record.

    C.  DELIVERY AND RECORDING OF A DEED FROM: D & SONS CONSTRUCTION CORP. to CRUZ M. CRESPO and JULIO CRESPO.

    D.  DELIVERY AND RECORDING OF A MORTGAGE FROM:  CRUZ M. CRESPO and JULIO CRESPO, to NATIONAL HOME MORTGAGE.

    E.  SATISFACTION AND CANCELLATION OF MORTGAGE(S) as set forth in Schedule B-II.
    F.  Submission of standard form Affidavit of title for proposed grantor(s)/mortgagor(s).

    G.  This company requests that a title rundown be ordered at least 24 hours prior to closing of title.

    H.  Submission of corporate standard form Affidavit of Title together with resolution of the Board of Directors authorizing the within transaction vs D & Sons Construction Corp.

    NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien Endorsement. (Sample attached).

    NOTE:  Mortgage Policy to issue will contain an ALTA 9 Endorsement.  (sample attached)

    I.  A NOTICE OF SETTLEMENT pursuant to N.J.S.A. 46:16A-1 et seq., must be filed prior to closing of title.

    NOTE: Mortgage policy will insure that the mortgage set forth herein is a valid first mortgage lien on the above mentioned property in accordance with the conditions shown herein.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551

SWS Form TCMNTHJ Rev. 06/01/94



ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE B-II

Agent File No.   MT 11134

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Taxes.

   a) Possible additional taxes and assessments for the year 1994 assessed or levied under N.J.S.A. 54:4-63.1 et seq.
   b) Tax Search dated February 7, 1996 is attached.
   c) Assessment Search dated February 7, 1996 shows none.
   d) Lien for water and/or sewer rents.

8. New Jersey Superior Court and U.S. District Court Search Report shows 2 judgments vs. Julio Crespo, proposed mortgagor.
NOTE: We require said judgments to be satisfied and cancelled of record or proof that same are against party or parties of similar name.

9. Upper Court search vs. the proposed grantor shows clear through January 31, 1996.

10. SATISFACTION AND CANCELLATION OF A MORTGAGE MADE BY: D & Sons Construction Corp. and John Dinaso, personal guarantor to Community Home Mortgage Corporation, 33 Clinton Road, West Caldwell, New Jersey 07006 dated June 14, 1995, recorded July 10, 1995n Mortgage Book 4920 at page 333 in the MIDDLESEX County Clerk's Office.

(Continued)

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

552

SWS Form TCMNTNJ Rev. 06/01/94



WS1 027991

ALTA COMMITMENT
Schedule B Cont'd

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B -II
#### (CONTINUED)

Agent File No. MT 11134

Secures: $ 107,750.00.
NOTE:  Said Mortgage having been assigned to Federal Savings Bank, 2800 Cantrell Road,
Little Rock, Arkansas 72221 having been recorded September 14, 1995 in Assignment of
Mortgage Book 630 at page 131.

11.   SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the
property described in Schedule A-3(C). (Copy of Notice is attached)

12.   Subject to subsurface conditions not of record.  (Fee policy only.)

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

553

SMS Form TCMNTNJ Rev. 06/01/94



WS1 027992

2-14-1996 3:57PM    FROM   REF   NO GRANATA 908 583 8942              P.7

# SCHEDULE ____c____

Agent File No. MT 11134

### LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of PERTH AMBOY, County of MIDDLESEX and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point on the westerly sideline of Watson Avenue (66 feet wide) said point being distant southerly 177.44 feet from the intersection of said sideline with the southerly sideline of Fayette Street, and running, thence:

1)  Leaving Watson Avenue, north 68 degrees 30 minutes 00 seconds west a distance of 72.00 feet to a point, thence;

2)  South 21 degrees 30 minutes 00 seconds west a distance of 25.00 feet to a point, thence;

3)  South 68 degrees 30 minutes 00 seconds east a distance of 72.00 feet to a point on the westerly sideline of said Watson Avenue, thence;

4)  Along said sideline, North 21 degrees 30 minutes 00 seconds east a distance of 25.00 feet to the point and place of BEGINNING.

FOR INFORMATION PURPOSES ONLY - Said premises being also known as Lot 19 in Block 115 as shown on the current Tax Map of the  City of Perth Amboy, County of Middlesex and State of New Jersey.

SWS Form TCMNTNJ Rev 08/01/94



WS1 027993

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue • Red Bank, NJ 07.
Phone (908) 219-6540

NJ: 226084



Date: January 23, 1996

NATIONAL HOME MORTGAGE, ITS SUCCESSORS AND/OR ASSIGNS

Re: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:   **Stanley Yacker, Esq.**
    File No.:   **MT 11134**
    Premises:   **335 Watson Ave., Perth Amboy, NJ**

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a one-to-four famil, dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A.  The Company will not be liable to you for loss arising out of:

   1. Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

   2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

   3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

MONMOUTH TITLE AGENCY, INC.
Issuing Office

320 Broad Street
Address

Red Bank, NJ  07701  (908) 758-0201
City     State     Phone

Henry R. Kellermann
Nations Title Insurance of New York Inc.
Regional Vice President

451

LENDER     WS1 027988

NJRB 6-04
8/1/94 (V2)

ALTA Loan Policy
Schedule A

# MORTGAGE TITLE INSURANCE POLICY

## SCHEDULE A

Amount of Insurance: $109,200.00

Policy No. **M** 189-193067

Agent File No. MT 11134

Date of Policy   March 19, 1996

1. Name of Insured:
   NATIONAL HOME FUNDING,
   its Successors and/or Assigns

2. The estate or interest in the land which is encumbered by the insured mortgage is:
   Fee Simple

3. Title to the estate or interest in the land is vested in:
   CRUZ M. CRESPO and JULIO CRESPO by Deed from D & SONS CONSTRUCTION CORP., dated
   February 26, 1996, recorded March 19, 1996, Clerk's Office Middlesex County, in Deed
   Book 4311 at page 141.

4. The insured mortgage and the assignments thereof, if any, are described as follows:
   Mortgage in the amount of $109,200.00 and interest made by JULIO CRESPO AND CRUZ M.
   CRESPO to NATIONAL HOME FUNDING, INC., dated February 27, 1996, recorded March 19,
   1996 in the Middlesex County Clerk's Office, New Jersey, in Mortgage Book 5050, page
   562.
   NOTE:  Mortgage policy will insure that the mortgage set forth herein is a valid first
   mortgage lien on the above mentioned property in accordance with the conditions shown
   herein.

5. The land referred to in this policy is described as follows:
   See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey   07701
(908) 758-0201

NT 001004

This policy is not valid unless
Schedule B is attached hereto.



730

SMS Form TMPNTNJ Rev. 06/01/94

Loan Policy
Schedule B
Part I

# MORTGAGE TITLE INSURANCE POLICY

## SCHEDULE B

Policy No. **M**189-193067

Agent File No. MT 11134

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorney's fees or expenses) which arise by reason of:

1.  Lien of Municipal Taxes for the year 1996.  However, taxes have been paid through the 1st Quarter, 1996.  Subsequent quarters are not yet due and payable.

2.  Subject to such facts as a current survey of the premises would disclose.

NT 001005



731-R

SMS Form TMPNTNJ Rev. 06/01/94

Loan Policy
Schedule B
Part II

# MORTGAGE TITLE INSURANCE POLICY

Agent File No. MT 11134          **SCHEDULE B-II**          Policy No. M 189-193067

In addition to the matters set forth in Schedule (B), the title to the estate or interest in the land described or referred to in Schedule (A) is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest:

NONE

NT 001006

732

SMS Form TMPNTNJ Rev. 06/01/94



# SCHEDULE __c__

Agent File No. MT 11134                    Policy No. M 189-193067

### LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of PERTH AMBOY, County of MIDDLESEX and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point on the westerly sideline of Watson Avenue (66 feet wide) said point being distant southerly 177.44 feet from the intersection of said sideline with the southerly sideline of Fayette Street, and running, thence:

1)  Leaving Watson Avenue, north 68 degrees 30 minutes 00 seconds west a distance of 72.00 feet to a point, thence;

2)  South 21 degrees 30 minutes 00 seconds west a distance of 25.00 feet to a point, thence;

3)  South 68 degrees 30 minutes 00 seconds east a distance of 72.00 feet to a point on the westerly sideline of said Watson Avenue, thence;

4)  Along said sideline, North 21 degrees 30 minutes 00 seconds east a distance of 25.00 feet to the point and place of BEGINNING.

FOR INFORMATION PURPOSES ONLY - Said premises being also known as Lot 19 in Block 115 as shown on the current Tax Map of the  City of Perth Amboy, County of Middlesex and State of New Jersey.

NT 001007



# ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT
## (New Jersey)
### Issued By

# Nations Title Insurance
# of New York Inc.

Agent File No. MT 11134
RE:   CRESPO
    335 WATSON AVENUE
    PERTH AMBOY, NJ

Attached to Policy Number  M 189-193067

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

*This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et. seq. subsequent to the effective date of this policy.*

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

Signed this      10th    day of            June         , 19 96   .

**Nations Title Insurance
of New York Inc.**

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

By:   *Richard Alexander*
                President

Attest:  *Chris M/ Dihena*
                Secretary

Countersigned:

By  *[signature]*
        Authorized Officer or Agent

2358
ALTA Endorsement 8.1 (NJ)

SWS Form TEDNT81 Rev. 06/09/94

NT  001008

# RESTRICTIONS, ENCROACHMENTS
## AND MINERALS ENDORSEMENT

### Issued By

# Nations Title Insurance
# of New York Inc.

Attached to Policy Number

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1. Any incorrectness in the assurance that, at Date of Policy:

    (a) There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

    (b) Unless expressly excepted in Schedule B:

    (1) There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public record.

    (2) Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

    (3) There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.

    (4) There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

    (5) There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.

2. Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:

    (a) invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or

    (b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.

3. Damage to existing improvements, including lawns, shrubbery or trees:

    (a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

    (b) resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4. Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

5. Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in Paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

Signed this            day of                      , 19      .

Nations Title Insurance
of New York Inc.

By _____

President

Attest _____

Secretary

Countersigned _____

By _____

Authorized Officer or Agent

NT 001009

# EXHIBIT 2

03/12/96    12:52    MONMOUTH TITLE AGENCY → 908 528 7144                    NO.098   D06

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

Effective Date:  February 21, 1996 at 8:00 AM          Agent File No. MT 11163

1.  Policy or Policies to be Issued:

    (a) ALTA Owner's Policy                          $ 100,000.00

        Proposed Insured:
        MARVINA POPE-ISLAM and MELVINA POPE

    (b) ALTA Loan Policy                             $ 100,000.00

        Proposed Insured:
        NATIONAL HOME FUNDING,
        its Successors and/or Assigns

2.  Title to the            Fee Simple            estate or interest in the land
    described or referred to in this Commitment is at the effective date hereof vested in:

    D & SONS CONSTRUCTION CORP. by deed from ABC Home Horizon Improvements, Inc., a New
    Jersey Corporation dated June 14, 1995, recorded June 26, 1995 in Deed Book 5419 at
    page 635 in the Monmouth County Clerk's Office, and by Corrective Deed dated
    September 13, 1995, recorded September 20, 1995 in Deed Book 5444 at page 423 in the
    Monmouth County Clerk's Office.



3.  The land referred to in this Commitment is described as follows:
    See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey   07701
(908) 758-0201

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.



SSG

ORS Form TCMNTNJ Rev. 00/01/94

WS1 059062

03/12/96    12:52    MONMOUTH TITLE AGENCY → 908 528 7144              NO. 098    P07

ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11163

1.  The following are the requirements to be complied with:

    A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B.  Instruments in insurable form which must be executed, delivered and duly filed for record.

    C.  DELIVERY AND RECORDING OF A DEED FROM: D & SONS CONSTRUCTION CORP. to MARVINA POPE-ISLAM and MELVINA POPE.

    D.  DELIVERY AND RECORDING OF A MORTGAGE FROM: MARVINA POPE-ISLAM and MELVINA POPE, to NATIONAL HOME FUNDING.

    E.  SATISFACTION AND CANCELLATION OF MORTGAGE(S) as set forth in Schedule B-II.

    F.  Submission of standard form Affidavit of title for proposed grantor(s)/mortgagor(s).

    G.  This company requests that a title rundown to be ordered at least 24 hours prior to closing of title.

    H.  A copy of the corporate resolution of D & Sons Construction Corp. authorizing the sale of the premises must be produced at or prior to closing of title and provided to this Company. Said corporate resolution must be certified to be a true copy adopted by the Board of Directors in accordance with the Certificate of Incorporation, etc., and that same has not been modified or rescinded

    NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien Endorsement. (Sample attached).

    NOTE: Mortgage Policy to issue will contain an ALTA 9 Endorsement. (sample attached)

    NOTE: Mortgage policy will insure that the mortgage set forth herein is a valid first mortgage lien on the above mentioned property in accordance with the conditions shown herein.

This commitment is invalid unless the insuring Provisions
and Schedules A and B are attached.

**nti**

661

SMS Form TCMNTNJ Rev. 06/01/94

WS1 059063

03/12/96    12:53    MONMOUTH TITLE AGENCY → 908 528 7144              NO.098    P08

ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE B-II

Agent File No.    MT 11163

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Taxes.

   a) Possible additional taxes and assessments for the year 1995 assessed or levied under N.J.S.A. 54:4-63.1 et seq.
   b) Tax Search dated September 29, 1995 is attached.
   c) Assessment Search dated September 29, 1995 shows none.
   d) Lien for water and/or sewer rents.
   e) Liability, if any, or premises for municipal improvements constructed or being constructed, but not yet assessed.
   NOTE: Tax and Assessment Search has been continued and will submitted upon receipt.

8. SATISFACTION AND CANCELLATION OF A MORTGAGE MADE BY: D & Sons Construction Corp. and John Dinaso, Personal Guarantor to Community Home Mortgage Corp., dated June 14, 1995, recorded June 26, 1995 in Mortgage Book 5809 at page 102 in the MONMOUTH County Clerk's Office. Secures: $88,550.00.

9. Upper court search vs. the proposed mortgagor/grantor has been ordered, and will be reported upon receipt of same.

   (Continued)

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

**nti**

552

SRCS Form TCMNTNJ Rev. 06/01/94

WS1 059064

03/12/96    12:53    MONMOUTH TITLE AGENCY → 908 528 7144                    NO.098    P09

ALTA COMMITMENT
Schedule B Cont'd

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B -II
#### (CONTINUED)

Agent File No. MT 11163

10.  SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the
property described in Schedule A-3(C). (Copy of Notice is attached)

11.  Subject to subsurface conditions not of record. (Fee policy only.)

12.  Based upon a survey made by Thomas R. Hansen, P.L.S.  dated June 6, 1995, the
Company hereby insures against loss or damage which the insured shall sustain by
reason of any encroachments, overlaps, boundary line disputes or easements, except as
follows:

      (a) Mislocation of 5 foot metal fence along Westerly line of
          insured premises.
      (b) Shed encroaches onto lands to the South of insured prem-
          ises.

NOTE:  Subject to submission of a Survey Affidavit of NO CHANGE by the within
Grantor(s).

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

553

SPBS Form TCI/#THJ Rev. 06/01/94



WS1 059065

03/12/96    12:53    MON^^TH TITLE AGENCY → 908 528 7144         NO.098    P10

## SCHEDULE ___c___

Agent File No. MT 11163

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the Township of NEPTUNE, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the easterly line of Fisher Avenue (50 foot Right-of Way) said point being distant 248.52 feet southerly from its intersection with the southerly line of Bangs Avenue and from said beginning point running:

1) North 85 degrees 00 minutes 00 seconds East, 152.00 feet to a point; thence

2) South 04 degrees 50 minutes 23 seconds East, 100.00 feet to a point; thence

3) South 85 degrees 00 minutes 00 seconds West, 151.72 feet to a point in the easterly line of Fisher Avenue; thence

4) Along same, North 05 degrees 00 minutes 00 seconds West, 100.00 feet to the Point and Place of Beginning.

The above description was drawn in accordance with a survey prepared by Flannery, Webb & Hansen, P.A. dated June 9, 1995.

FOR INFORMATION PURPOSES ONLY - Said premises being also known as Lot 215 in Block 193 as shown on the current Tax Map of the Township of Neptune, county of Monmouth and state of New Jersey.



Form TCMNTNJ Rev. 08/01/94

WS1 059066

**Nations Title Insurance of New York Inc.**
54 Shrewsbury Avenue • Red Bank, NJ 07701
Phone (908) 219-6540

**NJ2- 226112**

Date: March 8, 1996

NATIONAL HOME FUNDING
its Successors and/or Assigns
3443 Highway 9 North
Freehold, NJ   07728

Re: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:   STANLEY YACKER, ESQUIRE
    File No.:   MT 11163 (POPE-ISLAM/POPE)
    Premises:   Lot 193, Block 215  Tax Map, Township of Neptune, Monmouth County

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

1.  Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the disbursement of funds necessary to establish such title or lien; or (b)  the collection and payment of funds due you; or

2.  Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a one-to-four family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A.  The Company will not be liable to you for loss arising out of:

1.  Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

MONMOUTH TITLE AGENCY, INC.
_____
Issuing Office

320 BROAD STREET
_____
Address

RED BANK, NEW JERSEY 07701   (908) 758-0201
_____
City    State    Phone

Henry R. Kellermann
Nations Title Insurance of New York Inc.
Regional Vice

NJRB 6-04
8/1/94 (V2)

451

**LENDER**

SYSW02577

# EXHIBIT 3

**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE A

Commitment No.

1. Commitment Date: March 3, 1996          **File No.** CT-16879

2. Policy or Policies to be issued:          **Policy Amount**

   (a) [ X ] ALTA Residential Title Insurance Policy          $ 110,000.00
           One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)          $     100,000

   Proposed Insured:

   GARY GEISER

   (b) [ X ] ALTA Loan Policy          $ 77,000.00    70,000
           (10/17/92)

   Proposed Insured:

   NATIONAL HOME FUNDING, INC.,
   its successors and/or assigns

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Shadow Lawn Savings Bank, SLA  by deed from,  William
   M. Lanzaro, Sheriff of Monmouth County, dated October 17, 1994, recorded
   November 28, 1994, in the Monmouth County Clerk's/Register's office in deed
   book 5366, page 436.

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Asbury Park,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881



COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMEN**

Commitment No.

File No. CT-16879

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Asbury Park, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Beginning at a point in the easterly line of Emory Street
distant 79.00 feet on a course of North 27 degrees 30 minutes
East from the point of intersection of same with the northerly
line of Munroe Avenue and running; thence

1. North 27 degrees 30 minutes East, along the easterly line
of Emory Street, 21.00 feet to a point; thence

2. South 62 degrees 30 minutes East, 50.00 feet to an iron
pipe set; thence

3. South 27 degrees 30 minutes West, 21.00 feet to a pipe set;
thence

4. North 62 degrees 30 minutes West, 50.00 feet to a point in
the easterly line of Emory Street, the point or place of
Beginning.

NOTE:  Being Lot(s) 9, Block 133, Tax Map of the City of
Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

③

TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

TITLE INSURANCE COMMITMENT

## SCHEDULE B - SECTION 1

Commitment No.

File No. CT-16879

## REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed from ENC, Inc. to DEK Homes of New Jersey, Inc. to be recorded.

2. Deed made by DEK Homes of New Jersey, Inc. to the proposed insured(s) named in Schedule A, 2(a).

3. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) County judgment search is clear.



(i) New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

(j) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE: There are no open mortgages of record.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE: As an accommodation, a Flood Letter has been ordered, but not yet received.

(k) Receipt of proper corporate affidavit of title for EMC. Inc.

(l) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

(m) Receipt of proper corporate affidavit of title for DEK Homes of New Jersey, Inc.

(n) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

NOTE: There is a possibility that the mortgage being insured herein must include one of the following:

a. Variable Rate Endorsement - Renegotiable or Adjustable.
b. Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE: This Policy will insure all facsimile copies of endorsements as originals.

NOTE: The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued. Special comprehensive title protection is afforded by said endorsement to the Mortgagee only. Affirmative insurance to the Owners can be given on a line by line basis. Please see Schedule B, Section 2.

NOTE: The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

WSI 056175

5

NOTE:  We require a copy of the closing statement be submitted with the
closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.

Schedule B-Section 1
Form No. 1106-3

TITLE INSURANCE COMPANY
· A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B - SECTION II

Commitment No.

File No. CT-16879

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4.  Any liens on your title, arising now or later, for labor and material not shown by the public record.

5.  Taxes, charges and assessments.

6.  Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

    NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9.  Restrictions as contained in Deed Book 303 Page 185.

    NOTE:  Release of right of reverter in Deed Book 444 page 118.

    NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
                  Authorized Signatory

NJRB 3-02
10-15-82

Schedule B-Section II
Form No. 1106-6

04/03/96    09:23    COASTAL TITLE AGENCY INC. → NADINE JENN                    NO.319    P06

**Commonwealth**
Land Title Insurance Company

Audit No. X-01-015094

Date:  April 03, 1996

To: NATIONAL HOME FUNDING, INC.,
    its successors and/or assigns

    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yacker, Esq.
    330 Highway 34, Suite 3
    Matawan, NJ   07747

    File No: CT-16879
    Transaction: GARY GEISER
    Premises: 606 EMBURY AVENUE
              ASBURY PARK

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                                      NJRB 6-04
*INSURANCE RATING BUREAU*                                                     8/1//94


WS1 056178

04/03/96    09:24    COASTAL TITLE AGENCY INC. - NADINE JENN          NO.319    P07

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

   1. Failure of the  Attorney to comply with your  closing instructions which require
      require title insurance protection inconsistent with that set forth in the title
      insurance binder or commitment issued by the Company. Instructions which require
      the removal of specific exceptions to title or compliance with  the requirements
      contained in said binder or commitment shall not be deemed to be inconsistent.

   2. Loss or impairment of your funds in the course of collection or while on deposit
      with a bank due to bank failure, insolvency or suspension,  except such as shall
      result from failure of the Issuing Agent or Attorney to comply with your written
      closing instructions to deposit the funds in a bank which you designated by name.

   3. Mechanics' and materialmen's liens in connection with a construction loan trans-
      action, except to the extent that protection against such liens is afforded by a
      title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance
   binder or commitment for the issuance of a policy of title insurance of  the Company
   must have been received by you  prior to the transmission  of your final closing in-
   struction to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be sub-
   rogated to all rights and  remedies which you  would have had against any  person or
   property had you  not been so reimbursed.  Liability of the  Company for such reim-
   bursement shall be  reduced to the extent  that you have  knowingly and  voluntarily
   impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of
   real estate  transactions by an  Issuing Agent or  Attorney shall be  limited to the
   protection provided by this letter.  However, this letter shall not  affect the pro-
   tection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8  Penn Center, Phila-
   delphia, Pennsylvania 19103.  When the failure to give prompt notice shall prejudice
   the Company, then liability of the Company  hereunder shall be reduced to the extent
   of such prejudice.


THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF  COMMONWEALTH LAND
TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in
the caption of this Letter.

Commonwealth Land Title Insurance Company

BY: _____
    Robert F. Agel, President
    Coastal Title Agency, Inc.
    Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

WS1 056179

# EXHIBIT 4

03/29/1996  18:38   90856627                MICHAEL ALFIER  50              PAGE  02

**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

### TITLE INSURANCE COMMITMENT

## SCHEDULE A

Commitment No.

1.  Commitment Date:  March 3, 1996                    File No.   CT-16878

2.  Policy or Policies to be issued:

    (a) [ X ] ALTA Residential Title Insurance Policy
            One-to-Four Family Residences (6/1/87)       $  30,000.00
      [   ] ALTA Owner -- (4/6/92)                   $

Proposed Insured:

GARY GEISER

    (b) [ X ] ALTA Loan Policy
          (10/17/92)                                 $  91,000.00

Proposed Insured:

NATIONAL HOME FUNDING, INC.
its successors and/or assigns

3.  FEE SIMPLE interest in the land described in this Commitment is owned, at the
    Commitment Date, by EMC Mortgage Corp.  by deed from,  William H. Lanzaro,
    Sheriff of Monmouth County, dated October 04, 1993, recorded December 16,
    1993, in the Monmouth County Clerk's/Register's office in deed book 5272,
    page 392.

4.  The land referred to in this Commitment is in the County of Monmouth,
    City of Asbury Park,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WSI 056817

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMEN**

Commitment No.

File No. CT-16878

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Asbury Park, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Property known as Lot 10-B as shown on map entitled "Plan of
Lots in the City of Asbury Park, Mon. Co., N.J. Part of the
Morrell Tract" and filed in the Monmouth County Clerk's Office
on September 24, 1907 as Case No. 7-18.

Beginning at a point in the southeasterly line of Jersey
Street, distant 100.00 feet northeasterly from the intersection
of the said southeasterly line of Jersey Street with the
northeasterly line of Washington Avenue and running; thence

1. North 14 degrees 13 minutes East, 50.00 feet to a point;
thence

2. South 75 degrees 47 minutes East, 70.00 feet to a point;
thence

3. South 14 degrees 13 minutes West, 50.00 feet to a point;
thence

4. North 75 degrees 47 minutes West, 70.00 feet to a point in
the southeasterly line of Jersey Street, said point being the
point and place of Beginning.

NOTE:  Being Lot(s) 25, Block 59, Tax Map of the City of
Asbury Park.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

WSI 056818

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

## TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-16878

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Asbury Park, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Property known as Lot 10-B as shown on map entitled "Plan of
Lots in the City of Asbury Park, Mon. Co., N.J. Part of the
Morrell Tract" and filed in the Monmouth County Clerk's Office
on September 24, 1907 as Case No. 7-18.

Beginning at a point in the southeasterly line of Jersey
Street, distant 100.00 feet northeasterly from the intersection
of the said southeasterly line of Jersey Street with the
northeasterly line of Washington Avenue and running; thence

1.   North 14 degrees 13 minutes East, 50.00 feet to a point;
thence

2.   South 75 degrees 47 minutes East, 70.00 feet to a point;
thence

3.   South 14 degrees 13 minutes West, 50.00 feet to a point;
thence

4.   North 75 degrees 47 minutes West, 70.00 feet to a point in
the southeasterly line of Jersey Street, said point being the
point and place of Beginning.

NOTE:  Being Lot(s) 25, Block 59, Tax Map of the City of
Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543  FAX #(908) 308-1881

WSI 056819

03/29/1996  18:38    90856622              MICHAEL ALFIERI   JQ                    PAGE   03

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
**A Reliance Group Holdings Company**

### TITLE INSURANCE COMMITMEN

Commitment No.

File No. CT-16878

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Asbury Park, County of Monmouth and state of New Jersey,
being more  particularly described as follows:

Property known as Lot 10-B as shown on map entitled "Plan of
Lots in the City of Asbury Park, Mon. Co., N.J. Part of the
Morrell Tract" and filed in the Monmouth County Clerk's Office
on September 24, 1907 as Case No. 7-18.

Beginning at a point in the southeasterly line of Jersey
Street, distant 100.00 feet northeasterly from the intersection
of the said southeasterly line of Jersey Street with the
northeasterly line of Washington Avenue and running; thence

1.   North 14 degrees 13 minutes East, 50.00 feet to a point;
thence

2.   South 75 degrees 47 minutes East, 70.00 feet to a point;
thence

3.   South 14 degrees 13 minutes West, 50.00 feet to a point;
thence

4.   North 75 degrees 47 minutes West, 70.00 feet to a point in
the southeasterly line of Jersey Street, said point being the
point and place of Beginning.

NOTE:  Being Lot(s) 25, Block 59, Tax Map of the City of
Asbury Park.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543  FAX #(908) 308-1881



WSI 056820

03/29/1996  18:38   90856622⌐          MICHAEL ALFIERI  `9              PAGE  04

TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

TITLE  INSURANCE  COMMITMENT

SCHEDULE B - SECTION 1

Commitment No.

File No. CT-16878

REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed from EMC Corp. to DEK Homes of New Jersey, Inc. to be recorded.

2. Deed made by DEK Homes of New Jersey, Inc. to the proposed insured(s) named in Schedule A, 2(a).

3. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) County judgment search is clear.



WSI 056821

ENDORSEMENT NO. 1

COMMONWEALTH LAND
    TITLE INSURANCE COMPANY
        A Reliance Group Holdings Company

RE: GEISER/EMC MORTGAGE CORP.
    31 & 33 JERSEY STREET
    ASBURY PARK, NJ

To be annexed to and form a part of Commitment/Policy No. CT-16878

insuring  GEISER  as set forth in said Commitment/Policy.

The said Commitment/Policy is hereby amended in the following manner:

Schedule A, Item 2(a) - Proposed Amount - OMIT AND SUBSTITUTE
$130,000.00

The  total  liability  of the  Company under  said commitment/policy  and any endorsements
attached thereto shall not exceed,  in the aggregate,  the face amount of said policy and
costs which the  Company is obligated under  the provisions of said  commitment/policy to
pay.

This endorsement is  made a part of said commitment/policy  and is subject to the exclus-
ions,   schedules,   endorsements,   conditions,   stipulations and terms thereof,   except as
modified by the provisions hereof.

Nothing herein contained shall be  construed as extending or  changing the effective date
of said Commitment/Policy, unless otherwise expressly stated.

IN WITNESS WHEREOF COMMONWEALTH LAND TITLE INSURANCE COMPANY  has  caused  its  corporate
name and seal to be hereunto affixed by  its duly  authorized officers on the  1st
April A. D. 1996.

                              COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned:

By
    Authorized Officer or Agent
    COASTAL TITLE AGENCY, INC.

Form 1013 (Rev'd 2-87)

WSI 056822

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
  A Reliance Group Holdings Company

### TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-16878

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Asbury Park, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Property known as Lot 10-B as shown on map entitled "Plan of
Lots in the City of Asbury Park, Mon. Co., N.J. Part of the
Morrell Tract" and filed in the Monmouth County Clerk's Office
on September 24, 1907 as Case No. 7-18.

Beginning at a point in the southeasterly line of Jersey
Street, distant 100.00 feet northeasterly from the intersection
of the said southeasterly line of Jersey Street with the
northeasterly line of Washington Avenue and running; thence

1.   North 14 degrees 13 minutes East, 50.00 feet to a point;
thence

2.   South 75 degrees 47 minutes East, 70.00 feet to a point;
thence

3.   South 14 degrees 13 minutes West, 50.00 feet to a point;
thence

4.   North 75 degrees 47 minutes West, 70.00 feet to a point in
the southeasterly line of Jersey Street, said point being the
point and place of Beginning.

NOTE:  Being Lot(s) 25, Block 59, Tax Map of the City of
Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

WSI 056823

03/29/1996  18:38   90856627                       MICHAEL ALFIER   59                    PAGE  05

(i) New Jersey Superior and U.S. District Court judgment search discloses a
judgment or judgments which are to be cancelled of record or disposed of by
a specific affidavit which is to be submitted.

NOTE:  Preliminary search is attached hereto.  Judgements will follow
immediately upon receipt.

(j) Subject to such facts which would be disclosed by sellers, purchasers,
and/or borrowers affidavit of title, to be submitted.

NOTE:  There are no open mortgages of record.

(k) Receipt of proper corporate affidavit of title for EMC Corp.

(l) Certificate as to corporate resolution authorizing the proposed deed made
by the proposed grantor is to be submitted.

(m) Receipt of proper corporate affidavit of title for DEK Homes of New Jersey,
Inc.

(n) Certificate as to corporate resolution authorizing the proposed deed made
by the proposed grantor is to be submitted.

NOTE:  Flood search is attached hereto and is provided as an accomodation
only.  No liability is assumed for the results of said flood search.

NOTE:  It is required that a Notice of Settlement be recorded and we require
that all searches be rundown prior to closing.

NOTE:  There is a possibility that the mortgage being insured herein
must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if
Negative Amortization is required, possibly an increase in premium.
When this has been determined we are to be notified prior to closing in
order to make the necessary amendment to the Title Commitment and our
invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as
originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.  Special comprehensive title protection is
afforded by said endorsement to the Mortgagee only.  Affirmative insurance to
the Owners can be given on a line by line basis.  Please see Schedule B,
Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the
closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the



WSI 056824

03/29/1996  18:38   9085662′           MICHAEL ALFIEF  SQ              PAGE  06

**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

## TITLE INSURANCE COMMITMENT

### SCHEDULE B - SECTION II

Commitment No.

File No. CT-16873

## EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4.  Any liens on your title, arising now or later, for labor and material not shown by the public record.

5.  Taxes, charges and assessments:

6.  Subsurface conditions or encroachments not disclosed by an instrument of record.  (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

    NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

    NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned:

Authorized Signatory

Schedule B-Section II
Form No. 1106-6

**Page 5**

MJRB 3-02
10-15-82



WSI 056825

Commonwealth
Land Title Insurance Company

Audit No. X01-015148

Date: March 29, 1996

To: NATIONAL HOME FUNDING, INC.
    its successors and/or assigns
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Michael A. Alfieri, Esquire
    187 Route 34 South
    Matawan, NJ   07747

    File No: CT-16878
    Transaction: GARY GEISER
    Premises: 31 & 33 JERSEY STREET
              ASBURY PARK

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1//94

SYSW010323

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.


THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

                                Commonwealth Land Title Insurance Company

                          BY: _____
                              Robert F. Agel, President
                              Coastal Title Agency, Inc.
                              Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*                    SYSW010324    RB 6-04
                                                           8/1/94

# EXHIBIT 5

Commitment for Title Insurance
Issued By

# Nations Title  Insurance
# of New York Inc.

6800 College Blvd. / Suite 700 / Overland Park, Kansas 66211
913-491-5585

WS1 026324

2550



## Commitment for Title Insurance

Issued by

\#  MT 11221

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, NJ 07701
(908) 758-0201

**Nations Title Insurance
of New York Inc.**

By:                         *Richard Alexander*
                                 President

Attest:                    *Chris W. Dhens*
                                 Secretary

Countersigned:
By

Authorized Officer or Agent

2550                    ALTA Commitment Form              WS1 026338

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

Effective Date: April 11, 1996 at 8:00 AM

Agent File No. MT 11221

1. Policy or Policies to be issued:

    (a) ALTA Owner's Policy                    $ 85,000.00

        Proposed Insured:
        KATHY POPE and MARVINA POPE ISLAM

    (b) ALTA Loan Policy                       $ TBD

        Proposed Insured:
        NATIONAL HOME FUNDING,
        its Successors and/or Assigns

2. Title to the           Fee Simple           estate or interest in the land
   described or referred to in this Commitment is at the effective date hereof vested in:
   D. & SONS CONSTRUCTION CORP., by deed from ABC Horizon Home Improvements, Inc.,
   dated May 24, 1995, recorded June 5, 1995, Clerk's Office, Monmouth County in Deed
   Book 5413 page 898.

3. The land referred to in this Commitment is described as follows:
   See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

WS1 026326

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

SMS Form TCMNTNJ Rev. 06/01/94



ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11221

1. The following are the requirements to be complied with:

    A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B. Instruments in insurable form which must be executed, delivered and duly filed for record.

    C.  DELIVERY AND RECORDING OF A DEED FROM: D & SONS CONSTRUCTION CORP. to KATHY POPE and MARVINA POPE ISLAM.

    D.  DELIVERY AND RECORDING OF A MORTGAGE FROM:  KATHY POPE and MARVINA POPE ISLAM, to NATIONAL HOME FUNDING.

    E.  This company requests that a title rundown be ordered at least 24 hours prior to closing of title.

    F.  Payment of the premiums and charges for the title policy to issue.

    G.  SUBMISSION of Standard form Affidavit of Title for proposed grantor(s)/mortgagor(s).

    H.  A copy of the corporate resolution of D & Sons Construction Corp. authorizing the sale of the premises must be produced at or prior to closing of title and provided to this Company.  Said corporate resolution must be certified to be a true copy adopted by the Board of Directors in accordance with the Certificate of Incorporation, etc., and that same has not been modified or rescinded

    I.  A NOTICE OF SETTLEMENT pursuant to N.J.S.A. 46:16A-1 et seq., must be filed prior to closing of title.

    J.  SATISFACTION AND CANCELLATION OF MORTGAGE(S) as set forth in Schedule B-II.

    K.  You must inform us in writing of the name of anyone not referred to in the Commitment who will receive an interest in the land or who will join in the mortgage on the land.

    NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien Endorsement. (Sample attached).

    NOTE: Mortgage policy will insure that the mortgage set forth herein is a valid first mortgage lien on the above mentioned property in accordance with the conditions shown herein.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551

SWS Form TCMNTNJ Rev. 06/01/94



WS1 026327

ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Agent File No.   MT 11221

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record.  Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Taxes.

   a) Tax and Assessment Search on the within described premises has been ordered.
   b) Possible additional taxes and assessments for the year 1996 assessed or levied under N.J.S.A. 54:4-63.1 et seq.

8. Upper court search vs. the proposed mortgagor/grantor has been ordered.

9. SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the property described in Schedule A-3(C). (Copy of Notice is attached)

10. Subject to subsurface conditions not of record. (Fee policy only.)

11. Mortgage from D & Sons Construction Corp. and John Dinaso, Personal Guarantor, to Community Home Mortgage Corporation, dated May 24, 1995, recorded June 5, 1995, Clerk's Office, Monmouth County in Mortgage Book 5799 page 592. SECURES: $78,750.00. Said mortgage was assigned to Federal Savings Bank, by Assignment Mortgage Book 710 page 136, recorded July 5, 1995.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

552

SMS Form TCMNTNJ Rev. 06/01/94

WS1 026328



# SCHEDULE ___C___

---

Agent File No. MT 11221

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the Township of NEPTUNE, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the easterly line of Fisher Avenue, said point being distant 121.30 feet southerly from the intersection formed by the easterly line of Fisher Avenue and the southerly line of West Lane Avenue and from; thence

(1)  South 06 degrees 40 minutes West along the easterly line of Fisher Avenue, 25.0 feet to a point; thence

(2)  South 83 degrees 20 minutes East, 148.43 feet to a point; thence

(3)  North 06 degrees 49 minutes East, 25.0 feet to a point; thence

(4)  North 83 degrees 20 minutes West, 148.55 feet to a point in the easterly line of Fisher Avenue and place of Beginning.

Being also known as Lot 166 in Block 195 as shown on the Tax Map of the Township of Neptune. (FOR INFORMATION PURPOSES ONLY).

WS1 026329



SRS Form TCMNTNJ Rev. 08/01/94

## ENDORSEMENT

Issued By

# Nations Title Insurance
# of New York Inc.

RE:   POPE
      270 FISHER AVENUE
      NEPTUNE, NJ  07753

Attached to Policy or Commitment Number   MT 11221
Endorsement No.: 01
The Company hereby endorses as follows:

Under Schedule A, Item 1(b) Loan Amount is hereby amended to read:

$85,000.00

This endorsement is made a part of the policy or commitment and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy or commitment and any prior endorsements, nor does it extend the effective date of the policy or commitment and any prior endorsements, nor does it increase the amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

Signed this   26th     day of          April          , 19 96 .

                                        Nations Title Insurance
                                        of New York Inc.

MONMOUTH TITLE AGENCY, INC.       By: _Lisa Alexander_
320 Broad Street                              President
Red Bank, New Jersey  07701
(908) 758-0201                    Attest: _Chris M. Dikens_
                                               Secretary

Countersigned:

By _Nancy A. Smith_
    Authorized Officer or Agent

                                        WS1 026330

2007

SNG Form TEDNTS5 Rev. 05/08/94

**Nations Title Insurance of New York Inc.**
54 Shrewsbury Avenue • Red Bank, NJ 07701
Phone (908) 219-6540

**NJ2- 203460**



Date: April 26, 1996

NATIONAL HOME FUNDING,
its Successors and/or Assigns
3443 Highway 9 North
Freehold, NJ 07728

Re: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered: STANLEY YACKER, ESQUIRE
    File No.: MT 11221 (POPE)
    Premises: Lot 166, Block 195 Tax Map, Township of Neptune, County of Monmouth

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the documents and the disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a one-to-four family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

    1. Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

    2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

    3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

MONMOUTH TITLE AGENCY, INC.
          Issuing Office

320 Broad Street
          Address

Red Bank, N. J.   07701   (908) 758-0201
  City       State      Phone

451

Sincerely,

Henry R. Kellermann

Henry R. Kellermann
Nations Title Insurance of New York Inc.
Regional Vice President

NT 001222

NJRB 6-04
8/1/94

ALTA Loan Policy
Schedule A



# MORTGAGE TITLE INSURANCE POLICY

## SCHEDULE A

Amount of Insurance: $ 87,500.00

Policy No.  **M** 189-193150

Agent File No.  MT 11221

Date of Policy   May 21, 1996

1.  Name of Insured:
    NATIONAL HOME FUNDING, INC.,
    its Successors and/or Assigns

2.  The estate or interest in the land which is encumbered by the insured mortgage is:
    Fee Simple

3.  Title to the estate or interest in the land is vested in:
    KATHY POPE, a single woman; MARVINA POPE, a married woman; MELVINA POPE, a single
    woman, by Deed from D. & SONS CONSTRUCTION CORP., dated April 30, 1996, recorded May
    21, 1996, Clerk's Office Monmouth County, in Deed Book 5501 at page 877.

4.  The insured mortgage and the assignments thereof, if any, are described as follows:
    Mortgage in the amount of $87,500.00 and interest made by KATHY POPE, UNMARRIED,
    MARVINA POPE ISLAM, UNMARRIED AND MELVINA POPE, UNMARRIED, to NATIONAL HOME FUNDING,
    INC., dated May 8, 1996, recorded May 21, 1996 in the Monmouth County Clerk's Office,
    New Jersey, in Mortgage Book 5987, page 725.
    NOTE:  Mortgage policy will insure that the mortgage set forth herein is a valid first
    mortgage lien on the above mentioned property in accordance with the conditions shown
    herein.

5.  The land referred to in this policy is described as follows:
    See Attached Title Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

This policy is not valid unless
Schedule B is attached hereto.

730

SMS Form TMPNTNJ Rev. 06/01/94

NT 001223



Loan Policy
Schedule B
Part I

# MORTGAGE TITLE INSURANCE POLICY

## SCHEDULE B

Policy No. **M**189-193150

Agent File No. MT 11221

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorney's fees or expenses) which arise by reason of:

1.  Lien of Municipal Taxes for the year 1996.  However, taxes have been paid through the 2nd Quarter, 1996.  Subsequent quarters are not yet due and payable.

2.  Based upon a survey made by Thomas M. Ernst & Associates dated May 18, 1995, the Company hereby insures against loss or damage which the insured shall sustain by reason of any encroachments, overlaps, boundary line disputes or easements, except as follows:

NONE.



731-R

**S&S** Form TMPNTNJ Rev. 06/01/94

NT 001224

Loan Policy
Schedule B
Part II

# MORTGAGE TITLE INSURANCE POLICY

Agent File No. MT 11221          **SCHEDULE B-II**          Policy No. M 189-193150

In addition to the matters set forth in Schedule (B), the title to the estate or interest in the land described or referred to in Schedule (A) is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest:

NONE

732

SWS Form TMPNTNJ Rev. 06/01/94

NT 001225



# SCHEDULE ___c___

Agent File No. MT 11221                    Policy No. M 189-193150

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the Township of NEPTUNE, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the easterly line of Fisher Avenue, said point being distant 121.30 feet southerly from the intersection formed by the easterly line of Fisher Avenue and the southerly line of West Lane Avenue and from; thence

(1)  South 06 degrees 40 minutes West along the easterly line of Fisher Avenue, 25.0 feet to a point; thence

(2)  South 83 degrees 20 minutes East, 148.43 feet to a point; thence

(3)  North 06 degrees 49 minutes East, 25.0 feet to a point; thence

(4)  North 83 degrees 20 minutes West, 148.55 feet to a point in the easterly line of Fisher Avenue and place of Beginning.

Being also known as Lot 166 in Block 195 as shown on the Tax Map of the Township of Neptune. (FOR INFORMATION PURPOSES ONLY):

NT 001226



# ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT
## (New Jersey)
### Issued By

# Nations Title Insurance
# of New York Inc.

Attached to Policy Number   M 189-193150

Agent File No. MT 11221
RE:  POPE
     270 FISHER AVENUE
     NEPTUNE, NJ  07753

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

    a)  any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

    b)  any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

        *This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et. seq. subsequent to the effective date of this policy.*

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

Signed this   10th   day of   June   , 19 96 .

Nations Title Insurance
of New York Inc.

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

By:    *Richard Alexander*
                    President

Attest:    *Chris M. Sikens*
                    Secretary

Countersigned:

By _____
    Authorized Officer or Agent

Z358
ALTA Endorsement 8.1 (NJ)

SMS Form TEDNT81 Rev. 06/09/94

NT 001227

# RESTRICTIONS, ENCROACHMENTS
# AND MINERALS ENDORSEMENT

Issued By

# Nations Title Insurance
# of New York Inc.

Attached to Policy Number

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.  Any incorrectness in the assurance that, at Date of Policy:

    (a)  There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

    (b)  Unless expressly excepted in Schedule B:

        (1)  There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public record.

        (2)  Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

        (3)  There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.

        (4)  There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

        (5)  There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.

2.  Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:

    (a)  invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or

    (b)  loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.

3.  Damage to existing improvements, including lawns, shrubbery or trees:

    (a)  which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

    (b)  resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4.  Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

5.  Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in Paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

Signed this _____ day of _____, 19____.

Nations Title Insurance
of New York Inc.

By:  _Lieuse Alexanfa_
    President

Attest:  _Christ / Sikens_
    Secretary

Countersigned:

By _____
    Authorized Officer or Agent

NT 001228

## MONMOUTH TITLE AGENCY, INC.

320 Broad Street • Red Bank, New Jersey 07701
Tel: 908 758-0201 • Fax: 908 758-0122

### IMPORTANT NOTICE REGARDING RECOGNIZANCES

Please be advised that recognizances are not being indexed in the County Clerk's/Register's offices and thus this Company is unable to search for recognizances that may have been given by the grantors/mortgagees in this transaction. Any policy issued by this Company will take exception to recognizances, if any, filed against the grantors/mortgagees or the property described in Schedule A unless the grantors/mortgagees give the following statement in affidavit form:

> The grantor(s)/mortgagor(s) have been advised that recognizances and/or abstracts of recognizances of bail are not being indexed among the records of the County Clerk/Register and that the title company is unable to search the land records for these items. Knowing that the title company, purchaser, and/or mortgagee will rely on the truthfulness of this statement, the undersigned hereby certify that there are no recognizances filed against the undersigned as either principal or surety or the property which is the subject of this transaction.

NT 001229

# EXHIBIT 6

COMMIT... FOR TITLE INSURANCE

SCHEDULE A

Effective Date: March 17, 1996                     Commitment No.  CT-16950

1.  Policy or Policies to be issued:

(a) ALTA Owners Policy                                          $140,000.00

    Proposed Insured: THOMAS G. LEODIS and ANNA LEODIS, husband and wife

(b) ALTA Loan Policy                                           $105,000.00
    (10/17/92)

    Proposed Insured: NATIONAL HOME FUNDING CORPORATION, its successors and/or assigns
                      as their interest may appear

2.  Title to the FEE SIMPLE  estate or interest in the land described or referred to
    in this Commitment is at the effective date hereof vested in

    Title is vested in Ernestine Murphy as surviving tenant by the entirety,
    by Deed from Salvatore LoPresti and Maria LoPresti his wife, dated
    December 2, 19__, recorded December 5, 1968, in Deed Book 2881, Page
    492.  Curtis Murphy died July 8, 1995.

3.  The land referred to in this Commitment is described as follows:

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550                                                              KW6



WS1 057055

COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-16950

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Red Bank, County of Monmouth , and state of New Jersey.

Beginning at a point being the intersection of the northerly line of Bank Street with the easterly line of Leighton Avenue and running; thence

1.  Along the northerly line of Bank Street, South 84 degrees 00 minutes East, 30.00 feet to a point; thence

2.  North 06 degrees 00 minutes East, 116.50 feet to a point; thence

3.  North 84 degrees 00 minutes West, 30.00 feet to a point in the easterly line of Leighton Avenue; thence

4.  Along the easterly line of Leighton Avenue, South 06 degrees 00 minutes West, 116.50 feet to a point and place of Beginning.

The above description is drawn in accordance with a survey prepared by Thomas M. Ernst & Associates, Inc., dated April 9, 1996.

NOTE: Being Lot(s) 28, Block 78, Tax Map of the Borough  of Red Bank.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

WS1 057056

Schedule B-1

COMMITMENT FOR TITLE INSURANCE

SCHEDULE B-I
(REQUIREMENTS)

Commitment Number: CT-16950

1.  The following are the requirements to be complied with:

    A.  Payment to, or for the account of, the sellers or mortgagors of the full
        consideration for the estate or interest to be insured.

    B.  Instruments in insurable form which must be executed, delivered and duly
        filed for record.

    C.  Deed made by Ernestine Murphy, widow to D.E.K. Homes of New Jersey; Inc.

    D.  Deed made by D.E.K. Homes of New Jersey, Inc. to the proposed insured(s)
        named in Schedule A, 1(a).

    E.  Mortgage made by Anna and Thomas Leodis, husband and wife to the proposed
        insured named in Schedule A Section 1(b).

    F.  Proof is required as to the past and present marital status of the
        proposed grantors/mortgagors.

        NOTE:  The spouse of the record owner must join in the proposed
        transaction, unless this is not the principal marital residence and was
        acquired subsequent to May 28, 1980.  On any property acquired prior to
        May 28, 1980, the spouse must join in the proposed transaction
        regardless of whether it is the principal marital residence or not. ▾

    G.  All taxes and other municipal liens are to be paid through and including
        the current quarter.

        NOTE: In the event the tax search reveals a senior citizen deduction or a
        veteran's deduction, a proper escrow must be established to safeguard in
        the event the deduction is disallowed.  If it is to be disallowed, the
        deduction should be restored to the taxes when calculating your adjustment.

    H.  Municipal Lien and Unconfirmed Assessment searches are attached hereto
        and made a part hereof.

    I.  County Judgment search is clear.

    J.  New Jersey Superior and U.S. District Court Judgment search discloses a
        judgment or judgments which are to be cancelled of record or disposed of
        by a specific affidavit which is to be submitted.

    K.  Subject to such facts which would be disclosed by sellers, purchasers,
        and/or borrowers affidavit of title, to be submitted.

        NOTE:  There are no open mortgages of record.

05/01/96  11:26    TX/RX NO.2968    P.004

MAY  1 '96 10:38        1 718 317 7701              PAGE.05

WS1 057057

NOTE: · Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

L.  Receipt of proper corporate affidavit of title for D.E.K. Homes of New Jersey, Inc.

M.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

N.  Survey dated April 9, 1996 made by Thoams H. Ernst & Associates, Inc. discloses no mislocatipns or encroachments except those set forth in Schedule B, Section 2. hereunder.

*NTI*

Schedule B-I consists of _2_ pages.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

151                                                                                          1066

COMMITMENT FOR TITLE INSURANCE

SCHEDULE B-II

Commitment Number: CT-16950

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

omit - 2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

omit - 4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for, services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Concrete walk encroaches on premises adjoining to the south. (Bank Street).

11. Fence encroaches on premises adjoining to the west.

12. Fence encroaches on lands herein described from premises adjoining to the east.

13. Possible encroachment of fence along northerly line of lands herein described.

05/01/1996  10:24    9085P¯¯49F          MICHAEL A ALᵀᵀER                     PAGE   07

05/01/'96    09:40    COASTAL TITLE AGENCY INC. → 9085662225              NO.127    007

14. Possible encroachment of concrete drive along westerly line of lands herein described.

15. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

   NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Schedule X-IJ consists of  2   pages.

*NTI*

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

552

WS1 057060

05/01/'96   11:26   CX/CX NO.2968    P.007