# EXHIBIT 7

ALTA COMMITMENT

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A (Description)

#### Commitment No. CT-17175

**ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the** Borough of Red Bank, **County of** Monmouth **, and state of New Jersey.**

Beginning  at a point in the southerly line of River Street distant  westerly 320.00 feet from the intersection of the southerly line of River Street  with the westerly line of Tilton Avenue and running; thence

1.  Along said southerly line of River Street, North 84 degrees  54  minutes West, 35.00 feet to a point; thence

2.  Along the easterly line of lands n/f John H. Cock, Jr., South 05  degrees 06 minutes West, 128.50 feet to a point; thence

3.  Along the northerly line of lands n/f W.A. Van Schoick, South 84  degrees 54 minutes East, 35.00 feet to a point; thence

4.  Along the westerly line of lands n/f Bernardo Nicoletti, North 05 degrees 06 minutes East, 128.50 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey prepared by Thomas M. Ernst & Associates, Inc., dated May 6, 1996.

NOTE:  Being Lot(s) 5, Block 82, Tax Map of the Borough of Red Bank

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881**

*NTI*

ALTA COMMITMENT
Schedule B-I

<u>**COMMITMENT FOR TITLE INSURANCE**</u>
**SCHEDULE B-I**
**(REQUIREMENTS)**

**Commitment Number:** CT-17175

**1.  The following are the requirements to be complied with:**

    **A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.**

    **B.  Instruments in insurable form which must be executed, delivered and duly filed for record.**

C.    Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 1(a).

D.    Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

E.    Proof is required as to the past and present marital status of the    proposed grantors/mortgagors.

    NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

F.    All taxes and other municipal liens are to be paid through and including the current quarter.

    NOTE:  In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

G.    Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

H.    County judgment search is clear.

I.    New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

J.    Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

    NOTE: For information only:

    a) Financing Statement filed September 19, 1989 as No. 62660 continued August 17, 1994.
    b) Financing Statement filed October 2, 1989 as No. 62762 continued September 7, 1994.
    c) Financing Statement filed May 12, 1995 as # 76119.

K.      Tax Sale Certificate recorded in Mortgage Book 5740ge 480s to be cancelled or discharged of record. (See copy of first page attached.)

    NOTE: There are no open mortgages of record.

L.      Title derives through a foreclosure. Abstracts of the Chancery Proceedings involved have been ordered and this commitment is issued subject to the results of an examination of said abstract and any further exceptions based on said examination.

M.      As an accommodation, a Flood Letter has been ordered, but not yet received.

    NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE:   There is a possibility that the mortgage being insured herein must include one of the following:

a. Variable Rate Endorsement - Renegotiable or Adjustable.
b. Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

    NOTE: This Policy will insure all facsimile copies of endorsements as
        originals.

    NOTE: The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued. Special comprehensive title protection is          afforded by said endorsement to the Mortgagee only. Affirmative insurance to          the Owners can be given on a line by line basis. Please see Schedule B, Section 2.

    NOTE: The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

    NOTE: We require a copy of the closing statement be submitted with the          closing package.

        NOTE: The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

*NTI*

**Schedule B-I consists of  2  pages.**

**This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.**

**551**                                                          **NM6**

ALTA COMMITMENT
Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

**Commitment Number:** CT-17175

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7.    Subsurface conditions or encroachments not disclosed by an instrument of record.  (Owner's Policy Only)

8.    Lien for unpaid taxes for the year 1996.

9.    Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

NOTE:  Policy insures that the alphabetical Indicies have been searched    through the recording of the Deed and/or Mortgage, and same are properly         indexed.

10.      Subject to rights of the utility company servicing the insured  property for water, sewer, electric, telephone and cable television.

NOTE:  Policy insures that said rights are beneficial and appurtenant to  the            insured property and that the dwelling does not encroach on the utility  lines           and  said  utility lines do not interfere with the use and  occupancy  of  the dwelling.

NOTE:  This policy insures that the mortgage set forth under Schedule  A hereof is a valid first lien on the property described therein.

**Schedule B-II consists of  2   pages.**

*NTI*

**This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.**

**552**

Endorsement No. 1

Issued By

**NATIONS TITLE INSURANCE
OF NEW YORK INC.**

**RE:** LEODIS/DEK HOMES/BANKERS SAVIN
205 RIVER STREET
RED BANK, NJ

**File Number:** CT-17175

**Attached to Policy Number:**
 **or**
**Attached to Commitment Number:**

The Company hereby endorses as follows:

Schedule B Section 1 - add Item N
N.       There was no proof filed in the action of mailing a notice of sale as required by Rule 4:5-2. (See Assoulin vs. Sugarman 159 N.J. Super 393).  Once we receive the above proof we will be able to omit the chancery exception.

Schedule B Section 1 - Item M - omit and substitute
NOTE:   Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

This endorsement is made a part of the policy or commitment and is subject to all the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy or commitment and prior endorsements, if any, nor does it extend the effective date of the pollicy or commitment and prior endorsements or increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signature as designated below.

**Signed this** 3rd **day of** May, 1996.

**Nations Title Insurance
of New York Inc.**

By:    Richard Alexander
President

Attest:    Chris M. Likens
Secretary

Countersigned:

By _____
*Authorized Officer or Agent*

2007

Endorsement No. 2

Issued By

**NATIONS TITLE INSURANCE
OF NEW YORK INC.**

**RE:** LEODIS/DEK HOMES/BANKERS SAVIN
205 RIVER STREET
RED BANK, NJ

**File Number:** CT-17175

**Attached to Policy Number:**
**or**
**Attached to Commitment Number:**

The Company hereby endorses as follows:

Schedule A, Item 3, Description - OMIT AND SUBSTITUTE
See attached rider.

Schedule B, Section 1, Item O - ADD
O.      Survey dated May 6, 1995 made by Thomas M. Ernst & Associates, Inc. discloses no mislocations or encroachments except those set forth in Schedule B, Section 2, hereunder.

Schedule B, Section 2, Items 2 & 4 - OMIT

Schedule B, Section 2, Items 11, 12, 13 & 14 - ADD
11.     Railroad tie wall encroaches on premises adjoining to the north.

NOTE: Policy insures against loss or damage caused or created by enforced removal of said encroachment by a final order of a court of a competent jurisdiction. (MORTGAGE POLICY ONLY)

12.     Possible encroachment of concrete wall along easterly and westerly lines of lands herein described.

NOTE: Policy insures against loss or damage caused or created by enforced removal of said encroachment by a final order of a court of a competent jurisdiction. (MORTGAGE POLICY ONLY)

13.     Blacktop drive and fence encroaches on lands herein described from premises adjoining to the east.

NOTE: Policy insures against loss or damage caused or created by enforced removal of said encroachment by a final order of a court of a competent jurisdiction. (MORTGAGE POLICY ONLY)

14.     Possible encroachment of fence along westerly line of lands herein described.

NOTE: Policy insures against loss or damage caused or created by enforced removal of said encroachment by a final order of a court of a competent jurisdiction. (MORTGAGE POLICY ONLY)

This endorsement is made a part of the policy or commitment and is subject to all the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy or commitment and prior endorsements, if any, nor does it extend the effective date of the pollicy or commitment and prior endorsements or increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signature as designated below.

**Signed this** 16th **day of** May, 1996.

**Nations Title Insurance
of New York Inc.**

By:   Richard Alexander
        President

Attest:   Chris M. Likens
          Secretary

Countersigned:

By _____
      *Authorized Officer or Agent*

2007

# COASTAL TITLE AGENCY, INC.

P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728  (908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

## ***INVOICE***

**DATE:** 05/01/1996

**TO:** Stanley Yacker,  Esquire
330 Highway 34, Suite 3
Matawan, NJ   07747

**TITLE NO:** CT-17175

**AMOUNT OF INSURANCE**
FEE      AMT:      $140,000.00
MORTGAGE AMT:      $105,000.00

Account No.

( ` )

**TRANSACTION:** BASIC/REISSUE
Fee & Mortgage Policies
LEODIS/DEK HOMES/BANKERS SAVIN
205 RIVER STREET
RED BANK, NJ

PLEASE ORDER RUNDOWN 48 HOURS IN ADVANCE

| ITEM | CHARGES | |
|---|---|---|
| **PREMIUM** | | |
| Fee | 585.00 | |
| Mortgage | 25.00 | |
| Leasehold | | |
| SUBTOTAL | | 610.00 |
| | | |
| Base Examination Reissue/Refinance | 90.00 | |
| Municipal Lien Searches | 40.00 | |
| Photo Copies | 25.00 | |
| Closing Service Letter | 25.00 | |
| Upper Court Searches | 40.00 | |
| Alta 1 Endorsement | 25.00 | |
| Chancery | 175.00 | |
| Variable Rate Mortgage Endorsement | 25.00 | |
| Removal of Survey Exception | 25.00 | |
| Environmental (8.1) Endorsement | 25.00 | |
| ALTA 9 Coverage | 25.00 | |
| Preparation of Description | 25.00 | |
| Flood Search | 20.00 | |
| Search & Examination | .00 | |
| REISSUE | .00 | |
| SUBTOTAL | | 565.00 |
| | | |
| TOTAL | | $1,175.00 |

***** THIS INVOICE SUPERSEDES ANY/ALL PRIOR INVOICES *****

NOTE1:  THIS BILL IS SUBJECT TO CHANGE.  FINAL TOTAL BILL MUST BE VERIFIED AT CLOSING.

NOTE2:  THIS BILL IS SUBJECT TO CANCELLATION CHARGES. PLEASE CALL FOR APPROPRIATE CHARGES.

    THE INSURANCE COMMISSIONER HAS DIRECTED THAT A STATEMENT DETAILING EACH PASS-THROUGH
SEARCH CHARGE MUST BE SUPPLIED TO THE PURCHASER/BORROWER/LESSEE IN EACH INSURED TRANSACTION

**Loan Policy of Title Insurance**

# Fidelity National Title Insurance Company
## of New York
A Stock Company

**POLICY NUMBER 5412- 484041**

*SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, a New York corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:*

1. *Title to the estate or interest described in Schedule A being vested other than as stated therein;*

2. *Any defect in or lien or encumbrance on the title;*

3. *Unmarketability of the title;*

4. *Lack of a right of access to and from the land;*

5. *The invalidity or unenforceability of the lien of the insured mortgage upon the title;*

6. *The priority of any lien or encumbrance over the lien of the insured mortgage;*

7. *Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:*
   a. *arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or*
   b. *arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;*

8. *The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.*

*The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.*

*IN WITNESS WHEREOF, FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK has caused this policy to be signed and sealed by its duly authorized officers as of Date of Policy shown in Schedule A.*

*IN THE EVENT THIS POLICY IS ISSUED IN SOUTH CAROLINA NOTICE IS HEREBY GIVEN THAT THIS POLICY IS SUBJECT TO ARBITRATION PURSUANT TO THE PROVISIONS OF CHAPTER 48 OF TITLE 15 (SEC. 15-48 10 ET. SEQ.) OF THE SOUTH CAROLINA CODE OF LAWS, 1976, AS AMENDED.)*

FIDELITY NATIONAL TITLE INSURANCE COMPANY
OF NEW YORK

Countersigned _____
**Authorized Signature**
**(PLEASE PRINT NAME)**

SEAL

By: _____ President

Attest: Charles H. Wimer  Secretary

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17175

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Red Bank, County of Monmouth , and state of New Jersey.

Beginning at a point in the southerly line of River Street distant westerly 320.00 feet from the intersection of the southerly line of River Street with the westerly line of Tilton Avenue and running; thence

1.  Along said southerly line of River Street, North 84 degrees 54 minutes West, 35.00 feet to a point; thence

2.  Along the easterly line of lands n/f John H. Cock, Jr., South 05 degrees 06 minutes West, 128.50 feet to a point; thence

3.  Along the northerly line of lands n/f W.A. Van Schoick, South 84 degrees 54 minutes East, 35.00 feet to a point; thence

4.  Along the westerly line of lands n/f Bernardo Nicoletti, North 05 degrees 06 minutes East, 128.50 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey prepared by Thomas M. Ernst & Associates, Inc., dated May 6, 1996.

NOTE:  Being Lot(s) 5, Block 82, Tax Map of the Borough of Red Bank

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A

**Effective Date:** April 11, 1996          **Commitment No.** CT-17175

**1. Policy or Policies to be issued:**

**(a) ALTA Owners Policy**                    $140,000.00

   **Proposed Insured:** ANNA LEODIS and
                        THOMAS G. LEODIS

**(b) ALTA Loan Policy**                      $105,000.00
   (10/17/92)

   **Proposed Insured:** National Home Funding Corporation, its successors and/or
                        assigns, as their interest may appear

**2. Title to the** FEE SIMPLE **estate or interest in the land described or referred to
   in this Commitment is at the effective date hereof vested in**

   Bankers Savings  **by deed from**  William M. Lanzaro, Sheriff of Monmouth County, dated  August 28, 1995, recorded
September 22,  1995,  in  the Monmouth County Clerk's/Register's office in deed book 5445, page 47.

**3. The land referred to in this Commitment is described as follows:**

*NTI*

**This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.**

550                                                    NM6

# EXHIBIT 8



## Commitment for Title Insurance

Issued by

\# MT 11243

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.



MONMOUTH TITLE AGENCY
320 Broad Street
Red Bank, NJ 07701
(908) 758-0201

**Nations Title Insurance
of New York Inc.**

By: _Richard Alexander_
President

Attest: _Chris M. Dikens_
Secretary

Countersigned:

By _____
Authorized Officer or Agent

2550

ALTA Commitment Form

WS1 019277

Commitment for Title Insurance

Issued By

# Nations Title  Insurance
# of New York Inc.

6800 College Blvd. / Suite 700 / Overland Park, Kansas 66211
913-491-5585

WS1 019278

2550

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

Effective Date:  May 3, 1996 at 8:00 AM                    Agent File No. MT 11243
                                                          MD/MD

1.  Policy or Policies to be issued:

    (a)  ALTA Owner's Policy                            $ 140,000.00

         Proposed Insured:
         NICHOLAS JOHN COSARES

    (b)  ALTA Loan Policy - 1992                        $ 105,000.00

         Proposed Insured:
         NATIONAL HOME FUNDING,
         its Successors and/or Assigns

2.  Title to the              Fee Simple              estate or interest in the land
    described or referred to in this Commitment is at the effective date hereof vested in:
    AMERICAN HOUSING TRUST I, by deed from Administrator of Veterans Affairs, dated May
    26, 1988, recorded July 25, 1988, Clerk's Office, Monmouth County in Deed Book 4867
    page 321.

3.  The land referred to in this Commitment is described as follows:
    See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

SMS Form TCMNTNJ Rev. 06/01/94

WS1 019279



ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11243

1.  The following are the requirements to be complied with:

    A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B.  Instruments in insurable form which must be executed, delivered and duly filed for record.

    C.  DELIVERY AND RECORDING OF A DEED FROM AMERICAN HOUSING TRUST I, TO OAKWOOD PROPERTIES.

    D.  DELIVERY AND RECORDING OF A DEED FROM OAKWOOD PROPERTIES, TO NICHOLAS JOHN COSARES.

    E.  PROOF AS TO WHO WILL BE CONVEYING TITLE AS TO A TRUSTEE.

    F.  PROOF THAT THE INSTRUMENT CREATING THE TRUST IS STILL IN FORCE AND EFFECT.

    G.  DELIVERY AND RECORDING OF A MORTGAGE FROM:  NICHOLAS JOHN COSARES, to NATIONAL HOME FUNDING.

    H.  This company requests that a title rundown be ordered at least 24 hours prior to closing of title.

    I.  Payment of the premiums and charges for the title policy to issue.

    J.  SUBMISSION of Standard form Affidavit of Title for proposed grantor(s)/mortgagor(s).

    K.  A NOTICE OF SETTLEMENT pursuant to N.J.S.A. 46:16A-1 et seq., must be filed prior to closing of title.

    L.  SATISFACTION AND CANCELLATION OF MORTGAGE(S) as set forth in Schedule B-II.

    M.  You must inform us in writing of the name of anyone not referred to in the Commitment who will receive an interest in the land or who will join in the mortgage on the land.

    NOTE:  Mortgage Policy to issue will contain an ALTA 9 Endorsement.  (sample attached)

    NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien

    (Continued)

WS1 019280

**This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.**

551

SMS Form TCMNTNJ Rev. 06/01/94

ALTA COMMITMENT
Schedule B Cont'd

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B -I
#### (CONTINUED)

Agent File No. MT 11243

Endorsement. (Sample attached).

NOTE: Mortgage policy will insure that the mortgage set forth herein is a valid first mortgage lien on the above mentioned property in accordance with the conditions shown herein.

WS1 019281



This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

553

SMS Form TCMNTNJ Rev. 06/01/94

ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Agent File No.    MT 11243

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1.  Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2.  Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3.  Rights or claims of parties in possession not shown by the public records.

4.  Easements or claims of easements not shown by the public records.

5.  Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7.  Taxes.

    a) Tax and Assessment Search on the within described premises has been ordered.
    b) Possible additional taxes and assessments for the year 1996 assessed or levied under N.J.S.A. 54:4-63.1 et seq.

8.  Upper Courts Search dated May 10, 1996, is attached.

9.  SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the property described in Schedule A-3(C). (Copy of Notice is attached)

10.  Subject to subsurface conditions not of record.  (Fee policy only.)

11.  Restrictions as contained in Deed Book 955 page 311. NOTE: Contains Right of Reverter.  NOTE: Mortgage Policy will insure against enforcement of reversionary clause.

12.  Certificate of Tax Sale in Mortgage Book 5739 page 277.  Assignment in Book 742 page 472.

WS1 019282

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

552

SMS Form TCMNTNJ Rev. 06/01/94

# SCHEDULE ___c___

Agent File No. MT 11243

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the Borough of RED BANK, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the northerly side of Sunset Avenue, said point being 43.0 feet easterly from the intersection of the northerly side of Sunset Avenue and the easterly side of Bridge Avenue; thence

(1)   North 02 degrees 30 minutes East, 149.10 feet to a point; thence

(2)   South 87 degrees 00 minutes 30 seconds East, 43.00 feet to a point; thence

(3)   South 02 degrees 30 minutes West, 148.73 feet to a point in the northerly side of Sunset Avenue; thence

(4)   Along the northerly side of Sunset Avenue, North 87 degrees 30 minutes West, 43.00 feet to the point and place of Beginning.

Being also known as Lot 12 in Block 96 as shown on the Tax Map of the Borough of Red Bank.

WSI 019283



SMS Form TCMNTNJ Rev. 06/01/94

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue • Red Bank, NJ 07701
Phone (908) 219-6540

NJ2- 203483

**ntf**

Date: May 21, 1996

Cosares
617762

NATIONAL HOME FUNDING, ITS
SUCCESSORS AND/OR ASSIGNS

Re: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered: STANLEY YACKER, ESQUIRE
    File No.:    MT 11243 COSARES
    Premises:   42 E. SUNSET AVE., RED BANK, NJ

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

1.  Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the documents and the disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

2.  Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a one-to-four family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A.  The Company will not be liable to you for loss arising out of:

    1.  Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

    2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

    3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

MONMOUTH TITLE AGENCY, INC.
                Issuing Office

320 BROAD ST.
                Address

RED BANK, NJ   07701
City          State          Phone

Henry R. Kellermann
Nations Title Insurance of New York Inc.
Regional Vice President

451

LENDER

NJRB 5-
9/1?

**WSWT 000963**



**Fidelity National Title**
INSURANCE COMPANY

**File No.** MT 11243

**POLICY NO.** 5412-447298

### SCHEDULE A

Date of Policy  May 29, 1996

Amount of Insurance $ 105,000.00

1.  Name of Insured:
    NATIONAL HOME FUNDING,
    its Successors and/or Assigns

2.  The estate or interest in the land which is encumbered by the insured mortgage is:
    Fee Simple

3.  Title to the estate or interest in the land is vested in:
    NICHOLAS JOHN COSARES by deed from AMERICAN HOUSING TRUST I, dated May  29,
    1996, recorded December  4, 1996, in Deed Book 5554, at page 167 in the
    MONMOUTH County Clerk's Office.

4.  The insured mortgage and assignments thereof, if any, are described as follows:
    Mortgage in the amount of $.00 and interest made by NICHOLAS JOHN COSARES to
    NATIONAL HOME FUNDING, dated May 29, 1996, recorded December 4, 1996 in the
    MONMOUTH County Clerk's Office, New  Jersey, in Mortgage Book 6100, Page 294.
    NOTE: Mortgage policy insures that the mortgage set forth herein is a valid
    first mortgage lien on the above mentioned property in accordance with the
    conditions shown herein.

5.  The land referred to in this policy is described as follows:
    See attached Legal Description

Countersigned

BY _____
   AUTHORIZED SIGNATORY

   DAVID E. FINKEL
   PRINT NAME HERE

Issued By:
MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
908-758-0201

FORM U412-A (11/93)

SMS Form TMPFNNJ Rev. 09/25/96

ALTA LOAN POLICY 1992 (10-17-92) SCHEDULE A

NT 000919

**Fidelity National Title**
INSURANCE COMPANY

COMMITMENT OR POLICY NO: 5412-447298                    File No.: MT 11243

Legal Description

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the Borough of RED BANK, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the northerly side of Sunset Avenue, said point being 43.0 feet easterly from the intersection of the northerly side of Sunset Avenue and the easterly side of Bridge Avenue; thence

(1)   North 02 degrees 30 minutes East, 149.10 feet to a point; thence

(2)   South 87 degrees 00 minutes 30 seconds East, 43.00 feet to a point; thence

(3)   South 02 degrees 30 minutes West, 148.73 feet to a point in the northerly side of Sunset Avenue; thence

(4)   Along the northerly side of Sunset Avenue, North 87 degrees 30 minutes West, 43.00 feet to the point and place of Beginning.

Being also known as Lot 12 in Block 96 as shown on the Tax Map of the Borough of Red Bank.

Current and corrected description is as follows:

BEGINNING at a point lying in the Northerly Right of Way Line of Sunset Avenue, said point being distant 43.00 feet easterly, from a point formed by the intersection of the said Northerly Right of Way Line of Sunset Avenue, and the Easterly Right of Way Line of Bridge Avenue; thence

(1)   North 02 degrees 30 minutes 00 seconds East, a distance of 148.72 feet to a point; thence

(2)   South 87 degrees 00 minutes 30 seconds East, a distance of 43.00 feet to a point; thence

(3)   South 02 degrees 30 minutes 00 seconds West, a distance of 148.50 feet to a point lying in the aforesaid Northerly Right of Way Line of Sunset Avenue; thence

(4)   North 87 degrees 30 minutes 00 seconds West, along said Right of Way Line, a distance of 43.00 feet to the point and place of Beginning.

Being also known as Lot 12 in Block 96 as shown on the Tax Map of the Borough of Red Bank.

Said description is in accordance with a survey prepared by Leo A. Kalieta & Co., dated May 21, 1996.



# Fidelity National Title
## INSURANCE COMPANY

**POLICY NO.** 5412-447298                                    File No.:  MT 11243

## SCHEDULE B

### PART I

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason or:

1.   The lien of all taxes for the year 19 95 , and thereafter all subsequent years.

2.   Lien of Municipal Taxes for the year 1996.  However, taxes have been paid through the SECOND quarter, 1996.  Subsequent quarters are not yet due and payable.

3.   Subject to subsurface conditions not of record.  (Fee policy only.)

4.   Restrictions as contained in Deed Book 955 page 311. NOTE: Contains Right of Reverter.  NOTE: Mortgage Policy will insure against enforcement of reversionary clause.



**Fidelity National Title**

INSURANCE COMPANY

**POLICY NO.** 5412-447298

File No.: MT 11243

## SCHEDULE B

## PART II

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest:

NONE



# Fidelity National Title Insurance Company
## OF NEW YORK

NEW YORK, NEW YORK

### ENDORSEMENT

Attached to and forming a part of Policy No.  5412-447298  .        **File Number:  MT 11243**
of **FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK**
The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.   Any incorrectness in the assurance that, at Date of Policy:
   - a.   There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.
   - b.   Unless expressly excepted in Schedule B:
     1. There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.
     2. Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.
     3. There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.
     4. There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.
     5. There are no notices of violation of covenants, conditions and restrictions relating to environment protection recorded or filed in the public records.
2.   Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:
   - a.   invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or
   - b.   loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.
3.   Damage to existing improvements, including lawns, shrubbery or trees:
   - a.   which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved.
   - b.   resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.
4.   Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.
5.   Any final court order or judgement denying the right to maintain any existing improvement on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Whenever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.
This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signatory as designated below.

Signed this      **24th**      day of      **January**       , 19 **97** .

Countersigned:

By _____

              Authorized Signatory

           (PLEASE PRINT NAME BELOW)

           DAVID E. FINFKEL'

NT 000923

FORM 26-9.0-88 (4/93)
Reprinted (7/95)
SMS Form TEDFY50 Rev. 07/09/96

ALTA ENDORSEMENT FORM 9 - RESTRICTIONS, ENCROACHMENTS, MINERALS (10-19-88)

 **Fidelity National Title Insurance Company**
OF NEW YORK

---

ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT
ENDORSEMENT

Attached to and forming a part of Policy No.  5412-447298          File Number:  MT 11243
of **FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK**

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a)   any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

(b)   any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

> This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23:11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signatory as designated below.

Dated:  January 24, 1997

Countersigned:

BY _____
              Authorized Signatory
           (PLEASE PRINT NAME BELOW)
              DAVID E. FINKEL

FORM 26/31E5-17-88(3/88)                              ALTA ENDORSEMENT 8.1 (ENVIRONMENTAL PROTECTION LIEN)
                                                            NJRB 5-17(Revised 3/12/88)

SWS Form TEDFY52 Rev. 09/26/96

NT 000924

# EXHIBIT 9

# Commitment for Title Insurance

Issued by

\#MT 11239

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, NJ 07701
(908) 758-0201

Nations Title Insurance
of New York Inc.

By: _Richard Alexander_
President

Attest: _Chris M. Dihena_
Secretary

Countersigned:

By _____
Authorized Officer or Agent

WS1 025145

2550                    ALTA Commitment Form

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

Effective Date: May 3, 1996 at 8:00 AM          Agent File No. MT 11239
                                                MD/MD

1. Policy or Policies to be issued:

   (a) ALTA Owner's Policy               $ 120,000.00

       Proposed Insured:
       NICHOLAS JOHN COSARES

   (b) ALTA Loan Policy - 1992           $ 75,000.00

       Proposed Insured:
       NATIONAL HOME FUNDING,
       its Successors and/or Assigns.

2. Title to the            Fee Simple             estate or interest in the land
   described or referred to in this Commitment is at the effective date hereof vested in:
   SYLVIA APONTE, UNMARRIED, by deed from Santiago S. Lopez, single, dated February 15,
   1979, recorded February 21, 1979, Clerk's Office, Monmouth County in Deed Book 4154
   page 810; and by deed from Jose Aponte and Sylvia Aponte, formerly husband and wife;
   recorded April 21, 1987, Clerk's Office, Monmouth County in Deed Book 4749 page
   383.

3. The land referred to in this Commitment is described as follows:
   See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

SMS Form TCMNTNJ Rev. 08/01/64

WSI 025146

ntf

ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11239

1.  The following are the requirements to be complied with:

   A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B.  Instruments in insurable form which must be executed, delivered and duly filed for record.

   C.  DELIVERY AND RECORDING OF A DEED FROM SYLVIA APONTE, UNMARRIED, TO OAKWOOD PROPERTIES.

   D.  DELIVERY AND RECORDING OF A DEED FROM OAKWOOD PROPERTIES, TO NICHOLAS JOHN COSARES.

   E.  DELIVERY AND RECORDING OF A MORTGAGE FROM:  NICHOLAS JOHN COSARES, to NATIONAL HOME FUNDING.

   F.  This company requests that a title rundown be ordered at least 24 hours prior to closing of title.

   G.  Payment of the premiums and charges for the title policy to issue.

   H.  SUBMISSION of Standard form Affidavit of Title for proposed grantor(s)/mortgagor(s).

   I.  A NOTICE OF SETTLEMENT pursuant to N.J.S.A. 46:16A-1 et seq., must be filed prior to closing of title.

   J.  SATISFACTION AND CANCELLATION OF MORTGAGE(S) as set forth in Schedule B-II.

   K.  You must inform us in writing of the name of anyone not referred to in the Commitment who will receive an interest in the land or who will join in the mortgage on the land.

   NOTE:  Mortgage Policy to issue will contain an ALTA 9 Endorsement.  (sample attached)

   NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien Endorsement. (Sample attached).

   NOTE: Mortgage policy will insure that the mortgage set forth herein is a valid first mortgage lien on the above mentioned property in accordance with the conditions shown herein.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

551

SMS Form TCMNTNJ Rev. 06/01/94

WS1 025147

ncf

ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE B-II

Agent File No.   MT 11239

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record.  Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Taxes.

   a) Possible additional taxes and assessments for the year 1996 assessed or levied under N.J.S.A. 54:4-63.1 et seq.
   b) Tax Search dated May 17, 1996, is attached.
   c) Assessment Search dated May 17, 1996, shows none.
   d) Lien for water and/or sewer rents.

8. New Jersey Superior Court and U.S. District Court Search Report dated May 10, 1996, shows clear.

9.  SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the property described in Schedule A-3(C). (Copy of Notice is attached)

10.  Subject to subsurface conditions not of record.  (Fee policy only.)

11.  Restrictions as contained in Deed Book 1137 page 399.

12.  Mortgage from Santiago S. Lopez, to Joseph Cagliostro and Rose Cagliostro, his wife, dated April 13, 1974, recorded April 16, 1974, Clerk's Office, Monmouth County in Mortgage Book 3056 page 259. SECURES: $9,500.00.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

552

Form TCMNTNJ Rev. 06/01/94

WS1 025148

ntf

# SCHEDULE   c

Agent File No. MT 11239

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of LONG BRANCH, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point on the west side of Fifth Avenue, distant 100 feet north from the point of intersection of the said west side of Fifth Avenue with the north side of Slocum Place, being the northeast corner of Lot 14 sold and conveyed from Susan E. Slocum to Linda Cole; thence

(1)   North 82 degrees 10 minutes West, 154.83 feet to the northeast corner of Lot 27; thence

(2)   Northerly along the east line of Lot 28, 25.00 feet; thence

(3)   South 82 degrees 10 minutes East, 153.83 feet to the west side of Fifth Avenue; thence

(4)   Along the same, South 06 degrees 30 minutes West, 25.00 feet to the point or place of Beginning.

Being also known as Lot 24 in Block 233 as shown on the Tax Map of the City of Long Branch.



WS1 025149

SNS Form TCMNTNJ Rev. 06/01/94

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue • Red Bank, NJ 07701
Phone (908) 219-6540

NJL 293481 

Date: May 21, 1996

*Cosares*
*617763*

NATIONAL HOME FUNDING, ITS
SUCCESSORS AND/OR ASSIGNS

Re: Closing Service Letter
 Issuing Agent or Attorney whose conduct is covered:  STANLEY YACKER, ESQUIRE
 File No.:  MT 11239 COSARES
 Premises:  50 SOUTH 5th AVENUE, LONG BRANCH, NJ

Dear Customer:

When title Insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

1.  Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or title validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the documents and the disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

2.  Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to such borrower. If you are a purchaser of a one-to-four family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A.  The Company will not be liable to you for loss arising out of:

1.  Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

MONMOUTH TITLE AGENCY, INC.
Issuing Office

320 BROAD ST.
Address

RED BANK, NJ 07701
City          State          Phone

*Henry R. Kellerman*

Henry R. Kellerman
Nations Title Insurance of New York Inc.
Regional Vice President

451

NJRB 6-
8/1/

LENDER

**WSWT 000918**

# EXHIBIT 10



# Commitment for Title Insurance

Issued by

#MT 11231

# Nations Title Insurance of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, NJ 07701
(908) 758-0201

**Nations Title Insurance
of New York Inc.**

By: _Richard Alexander_

President

Attest: _Chris M. Sikena_

Secretary

Countersigned:

By _[signature]_

Authorized Officer or Agent

WSI 026506

2550                    ALTA Commitment Form

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A

Effective Date: May 1, 1996 at 8:00 AM                Agent File No. MT 11231
                                                      MD/MD

1.  Policy or Policies to be issued:

    (a) ALTA Owner's Policy                    $ 150,000.00

        Proposed Insured:
        NICHOLAS JOHN COSARES

    (b) ALTA Loan Policy - 1992                $ TBD

        Proposed Insured:
        NATIONAL HOME FUNDING,
        its Successors and/or Assigns

2.  Title to the            Fee Simple            estate or interest in the land
    described or referred to in this Commitment is at the effective date hereof vested in:
    PIEROT SAINTFORT, DANIELA SAINTFORD, HIS WIFE AND JEAN CLAUDE SAINTFORT, by deed
    from Town Associates, dated February 27, 1990, Clerk's Office, Monmouth County in
    Deed Book 4989 page 379.

3.  The land referred to in this Commitment is described as follows:
    See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

S&S Form TCMNTNJ Rev. 06/01/94

WSI 026507                    ncf

ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11231

1.  The following are the requirements to be complied with:

    A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B.  Instruments in insurable form which must be executed, delivered and duly filed for record.

    C.  DELIVERY AND RECORDING OF A DEED FROM PIEROT SAINTFORT, DANIELA SAINTFORT, HIS WIFE AND JEAN CLAUDE SAINTFORT, TO OAKWOOD PROPERTIES.

    D.  DELIVERY AND RECORDING OF A DEED FROM OAKWOOD PROPERTIES, TO NICHOLAS JOHN COSARES.

    E.  DELIVERY AND RECORDING OF A MORTGAGE FROM:  NICHOLAS JOHN COSARES, to NATIONAL HOME FUNDING.

    F.  This company requests that a title rundown be ordered at least 24 hours prior to closing of title.

    G.  Payment of the premiums and charges for the title policy to issue.

    H.  SUBMISSION of Standard form Affidavit of Title for proposed grantor(s)/mortgagor(s).

    I.  A NOTICE OF SETTLEMENT pursuant to N.J.S.A. 46:16A-1 et seq., must be filed prior to closing of title.

    J.  SATISFACTION AND CANCELLATION OF MORTGAGE(S) as set forth in Schedule B-II.

    K.  You must inform us in writing of the name of anyone not referred to in the Commitment who will receive an interest in the land or who will join in the mortgage on the land.

    NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien Endorsement. (Sample attached).

    NOTE: Mortgage policy will insure that the mortgage set forth herein is a valid first mortgage lien on the above mentioned property in accordance with the conditions shown herein.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

WS1 026508



551

SMS Form TCMNTNJ Rev 06/01/94

ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Agent File No.    MT 11231

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record.  Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Taxes.

    a) Tax and Assessment Search on the within described premises has been ordered.
    b) Possible additional taxes and assessments for the year 1996 assessed or levied under N.J.S.A. 54:4-63.1 et seq.

8. Upper court search vs. the proposed mortgagor/grantor has been ordered.

9. SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the property described in Schedule A-3(C). (Copy of Notice is attached)

10. Subject to subsurface conditions not of record.  (Fee policy only.)

11. Mortgage from Pierot Saintfort and Daniela Saintfort, his wife, and Jean Claude Saintfort, unmarried, to N.A. Home Investors Mortgage Corporation, dated February 27, 1990, recorded March 8, 1990, Clerk's Office, Monmouth County in Mortgage Book 4799 page 819.  SECURES: $60,000.00.  Said mortgage was assigned to The National State Bank, by Assignment Mortgage Book 562 page 551; further assigned to Berkeley Federal Bank & Trust FSB, by Assignment Mortgage Book 729 page 396. Lis Pendens

(Continued)

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

552

SMS Form TCMNTNJ Rev 06/01/94

WS1 026509

ntf

ALTA COMMITMENT
Schedule B Cont'd

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B -II
#### (CONTINUED)

Agent File No. MT 11231

#39811.

12.  Mortgage from Daniella, Pierot, & Jean Claude Saintfort, to The National State Bank, dated January 17, 1990, recorded March 8, 1990, Clerk's Office, Monmouth County in Mortgage Book 4799 page 826. SECURES: $12,000.00. Lis Pendens #39811.

13.  Certificate of Tax Sale in Mortgage Book 5739 page 955, recorded January 10, 1995; and Certificate of Tax Sale in Mortgage Book 5903 page 294, recorded December 13, 1995.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

553

SMS Form TCMNTNJ Rev. 06/01/94

WS1 026510



## SCHEDULE __c__

Agent File No. MT 11231

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of LONG BRANCH, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at the northwest corner of Elmwood Avenue and Hearn Avenue, and running; thence

(1)  North 87 degrees 53 minutes 00 seconds West, along the northerly line of Elmwood Avenue, 50.00 feet to a point; thence

(2)  North 02 degrees 07 minutes 00 seconds East, 150.00 feet to a point; thence

(3)  South 87 degrees 53 minutes 00 seconds East, 50.00 feet to a point in the westerly line of Hearn Avenue; thence

(4)  South 02 degrees 07 minutes 00 seconds West along same, 150.00 feet to the point and place of Beginning.

Being known as Lot 1 in Block 411 as shown on the Tax Map of the City of Long Branch.

WS1 026511



SMS Form TCMNTNJ Rev. 06/01/94

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue • Red Bank, NJ    1
Phone (908) 219-6540

No. · 203478

Date:  May 14, 1996

*(Cosares)*

**nti**

NATIONAL HOME FUNDING, ITS
SUCCESSORS AND/OR ASSIGNS

Re: Closing Service Letter
Issuing Agent or Attorney whose conduct is covered:  STANLEY YACKER, ESQUIRE
File No.:   MT 11231 COSARES
Premises:   125 ELMWOOD AVENUE, LONG BRANCH, NJ

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the documents and the disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a one-to-four family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A.  The Company will not be liable to you for loss arising out of:

1. Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

MONMOUTH TITLE AGENCY, INC.
_____
Issuing Office

320 BROAD ST.
_____
Address

RED BANK, NJ   07701
_____
City          State          Phone

451

Sincerely,

*Henry R. Kellermann*

Henry R. Kellermann
Nations Title Insurance of New York Inc.
Regional Vice President

LENDER

NJRB 6-04
8/1/94

**WSWT 000913**



**Fidelity National Title**

INSURANCE COMPANY

**File No.** MT 11231

**POLICY NO.** 5412-447219

### SCHEDULE A

Date of Policy  July 18, 1996

Amount of Insurance $ 135,000.00

1.  Name of Insured:
    NATIONAL HOME FUNDING,
    its Successors and/or Assigns

2.  The estate or interest in the land which is encumbered by the insured mortgage is:
    Fee Simple

3.  Title to the estate or interest in the land is vested in:
    NICHOLAS JOHN COSARES by deed from PIEROT SAINTFORT and DANIELA SAINTFORT, his
    wife and JEAN CLAUDE SAINTFORT, dated May  30, 1996, recorded July  18, 1996,
    in Deed Book 5518, at page 419 in the MONMOUTH County Clerk's Office.

4.  The insured mortgage and assignments thereof, if any, are described as follows:
    Mortgage in the amount of $135,000.00 and interest made by NICHOLAS JOHN
    COSARES to NATIONAL HOME FUNDING, dated May 30, 1996, recorded July 18, 1996
    in the MONMOUTH County Clerk's Office, New  Jersey, in Mortgage Book 6023,
    Page 551.
    NOTE: Mortgage policy insures that the mortgage set forth herein is a valid
    first mortgage lien on the above mentioned property in accordance with the
    conditions shown herein.

5.  The land referred to in this policy is described as follows:
    See attached Legal Description

Countersigned

BY _____
    AUTHORIZED SIGNATORY

    DAVID E. FINKEL
    PRINT NAME HERE

Issued By:
MONMOUTH TITLE AGENCY, INC.
            320 Broad Street
Red Bank, New Jersey  07701
            908-758-0201

FORM U412-A (11/93)

SMS Form TMPFNNJ Rev. 09/25/96

ALTA LOAN POLICY 1992 (10-17-92) SCHEDULE A

FY 012289

## Fidelity National Title
### INSURANCE COMPANY

COMMITMENT OR POLICY NO: 5412-447219                    File No.: MT 11231

### Legal Description

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of LONG BRANCH, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point formed by the intersection of the northerly right of way line of Elmwood Avenue and the westerly right of way line of Hearn Avenue; thence

(1)  North 87 degrees 53 minutes 00 seconds West, along the northerly line of Elmwood Avenue, 50.00 feet to a point; thence

(2)  North 02 degrees 07 minutes 00 seconds East, 150.00 feet to a point; thence

(3)  South 87 degrees 53 minutes 00 seconds East, 50.00 feet to a point in the westerly line of Hearn Avenue; thence

(4)  South 02 degrees 07 minutes 00 seconds West along same, 150.00 feet to the point and place of Beginning.

Being known as Lot 1 in Block 411 as shown on the Tax Map of the City of Long Branch.

Said description is in accordance with a survey prepared by Leo A. Kalieta & Co., dated May 14, 1996.

SMS Form TCMFNMS Rev. 06/14/96

FY 012290



# Fidelity National Title
INSURANCE COMPANY

POLICY NO. 5412-447219

File No.:   MT 11231

## SCHEDULE B

### PART I

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason or:

1.   The lien of all taxes for the year 19  95  , and thereafter all subsequent years.

2.   Lien of Municipal Taxes for the year 1996.  However, taxes have been paid through the third quarter, 1996.  Subsequent quarters are not yet due and payable.

3.   Based upon a survey made by Leo A. Kalieta & Co., dated May 14, 1996, the Company hereby insures against loss or damage which the insured shall sustain by reason of any encroachments, overlaps, boundary line disputes or easements, except as follows: (a) Mislocation of fence along property lines. NOTE: Policy will insure against loss or damage due to enforced removal of said fence.

FORM U412-BI (11/93)

SWS Form TMPFNMS Rev. 03/05/96

ALTA LOAN POLICY 1992 SCHEDULE BI

FY 012291



**Fidelity National Title**
INSURANCE COMPANY

POLICY NO. 5412-447219                                        File No.:  MT 11231

## SCHEDULE B

## PART II

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest:

NONE



## Fidelity National Title Insurance Company
### OF NEW YORK

ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT
ENDORSEMENT

Attached to and forming a part of Policy No. 5412-447219          File Number: MT 11231
of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a)  any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

(b)  any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

> This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23:11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signatory as designated below.

Dated: May 30, 1996

Countersigned:

BY _____
             Authorized Signatory
        (PLEASE PRINT NAME BELOW)
             DAVID E. FINKEL

FORM 26/31ES-17-88(3/88)

SWS Form TEDFY52 Rev. 09/26/96

ALTA ENDORSEMENT 8.1 (ENVIRONMENTAL PROTRECTION LIEN)
NJRB 5-17(Revised 3/12/88)

FY 012293

 **Fidelity National Title Insurance Company**
OF NEW YORK

NEW YORK, NEW YORK
ENDORSEMENT

Attached to and forming a part of Policy No.  5412-447219                    File Number:  MT 11231
of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK
The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.  Any incorrectness in the assurance that, at Date of Policy:

   a.  There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

   b.  Unless expressly excepted in Schedule B:

      1.  There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.

      2.  Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

      3.  There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.

      4.  There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

      5.  There are no notices of violation of covenants, conditions and restrictions relating to environment protection recorded or filed in the public records.

2.  Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:

   a.  invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or

   b.  loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.

3.  Damage to existing improvements, including lawns, shrubbery or trees:

   a.  which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved.

   b.  resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4.  Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

5.  Any final court order or judgement denying the right to maintain any existing improvement on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Whenever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signatory as designated below.

Signed this      30th        day of       May          , 19 96  .

Countersigned:

By _____
Authorized Signatory
(PLEASE PRINT NAME BELOW)
DAVID E. FINKEL

FORM 26-9 0-88 (4/93)
Reprinted (7/95)
SWS Form TEDFY50 Rev. 07/09/96                    ALTA ENDORSEMENT FORM 9 - RESTRICTIONS, ENCROACHMENTS, MINERALS (10-19-88)

FY 012294

# EXHIBIT 11

Commitment for Title Insurance

Issued By

# Nations Title  Insurance
# of New York Inc.

6800 College Blvd. / Suite 700 / Overland Park, Kansas 66211
913-491-5585

2550

WS1 034079

# SCHEDULE ___C___

Agent File No. MT 11234

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of ASBURY PARK, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at the southwest corner of Bangs Avenue and Comstock Street and running; thence

(1) North 62 degrees 00 minutes West, along the southerly line of Bangs Avenue, 50.00 feet to a point; thence

(2)  South 28 degrees 00 minutes West, 57 feet to a point; thence

(3)  South 62 degrees 00 minutes East, 50 feet to a point in the easterly line of Comstock Street; thence

(4)  North 28 degrees 00 minutes East, along same, 57 feet to the point and place of Beginning.

Being also known as Lot 2 in Block 68 as shown on the Tax Map of the City of Asbury Park.

WS1 034080



SMS Form TCMNTNJ Rev 08/01/94

# SCHEDULE __c__

Agent File No. MT 11234

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of ASBURY PARK, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at the southwest corner of Bangs Avenue and Comstock Street and running; thence

(1) North 62 degrees 00 minutes West, along the southerly line of Bangs Avenue, 50.00 feet to a point; thence

(2) South 28 degrees 00 minutes West, 57 feet to a point; thence

(3) South 62 degrees 00 minutes East, 50 feet to a point in the easterly line of Comstock Street; thence

(4) North 28 degrees 00 minutes East, along same, 57 feet to the point and place of Beginning.

Being also known as Lot 2 in Block 68 as shown on the Tax Map of the City of Asbury Park.

WS1 034081



SBS Form TCMNTNJ Rev 06/01/94



## Commitment for Title Insurance

Issued by

#MT 11234

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

```
MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, NJ 07701
(908) 758-0201
```

**Nations Title Insurance
of New York Inc.**

By        *Richard Alexander*
                    President

Attest:   *Chris W. Dikens*
                    Secretary

Countersigned
By        *David Yule*
       Authorized Officer or Agent

2550

ALTA Commitment Form

WS1 034082

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

Effective Date:  May 2, 1996 at 8:00 AM          Agent File No. MT 11234

1.  Policy or Policies to be issued:

    (a) ALTA Owner's Policy          $ 150,000.00

       Proposed Insured:
       THOMAS G. LEODIS and ANNA LEODIS, his wife

    (b) ALTA Loan Policy          $ 112,500.00

       Proposed Insured:
       NATIONAL HOME FUNDING,
       its Successors and/or Assigns

2.  Title to the          Fee Simple          estate or interest in the land
described or referred to in this Commitment is at the effective date hereof vested in:

WILLIAM SHEFFIELD and MERNELLA M. SHEFFIELD, his wife by deed from Annunziata
Vacarro, widow dated December 8, 1978, recorded December 11, 1978 in Deed Book 4141
at page 512 in the Monmouth County Clerk's Office.

3.  The land referred to in this Commitment is described as follows:
    See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

S&S Form TCMNTNJ Rev 06/01/94

WS1 034083



ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11234

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. DELIVERY AND RECORDING OF A DEED FROM: William Sheffield and Mernella M. Sheffield, his wife to Oakwood Properties, Inc.

   D. DELIVERY AND RECORDING OF A DEED FROM: OAKWOOD PROPERTIES, INC. to THOMAS G. LEODIS and ANNA LEODIS, his wife.

   E. DELIVERY AND RECORDING OF A MORTGAGE FROM: THOMAS G. LEODIS and ANNA LEODIS, his wife, to NATIONAL HOME FUNDING.

   F. Submission of standard form Affidavit of title for proposed grantor(s)/mortgagor(s).

   G. Submission of standard form Affidavit of Title vs. William Sheffield and Mernella M. Sheffield, his wife (record owners).

   H. This company requests that a title rundown be ordered at least 24 hours prior to closing of title.

   I. A NOTICE OF SETTLEMENT pursuant to N.J.S.A. 46:16A-1 et seq., must be filed prior to closing of title.

   NOTE: County Search discloses that there are no open mortgages of record.

   NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien Endorsement. (Sample attached).

   NOTE: Mortgage Policy to issue will contain an ALTA 9 Endorsement. (sample attached)

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551

SMS Form TCMNTNJ Rev 06/01/94



WS1 034084

ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Agent File No.   MT 11234

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Taxes.

   a) Possible additional taxes and assessments for the year 1996 assessed or levied under N.J.S.A. 54:4-63.1 et seq.
   b) Tax Search dated May 15, 1996 is attached.
   c) Assessment Search dated May 15, 1996 shows none.
   d) Lien for water and/or sewer rents.

8. We require the attached (2) Upper Court Judgments vs. William Sheffield be satisfied and cancelled of record.
NOTE: Upper vs. Grantor/Mortgagors show CLEAR thru May 10, 1996.

9. Restrictions as contained in Deed Book 837 at Page 482.

10. Subject to the terms of Agreement for encroachment of wall as contained in Deed Book 4185 at page 698.

11. SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the property described in Schedule A-3(C). (Copy of Notice is attached)

   (Continued)

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

SMS Form TCMNTNJ Rev. 08/01/94



WS1 034085

ALTA COMMITMENT
Schedule B Cont'd

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B -II_____
(CONTINUED)

Agent File No. MT 11234

NOTE: The description contained in Schedule C herein is for information only and
subject to revision upon receipt of a current and accurate survey of the premises to
be insured herein.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

553

SMS Form TCMNTNJ Rev 08/01/94



WS1 034086

**Nations Title Insurance of New York In**⌐
54 Sh⌐⌐⌐⌐sbury Avenue • Red Bank, NJ ⌐⌐⌐ ⌐
Phone (908) 219-6540



N⌐ · 2U3479

Date:  May 17, 1996

*Leodis
617770*

NATIONAL HOME FUNDING, ITS SUCCESSORS AND/OR ASSIGNS
3443 HIGHWAY 9 NORTH
FREEHOLD, NJ  07728

Re: Closing Service Letter
   Issuing Agent or Attorney whose conduct is covered:  STANLEY YACKER, ESQUIRE
   File No.:  MT 11234 (LEODIS)
   Premises:  Lot 1, Block 68 TAX MAP, CITY OF ASBURY PARK, MONMOUTH COUNTY

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

1.  Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the documents and the disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

2.  Fraud or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a one-to-four family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A.  The Company will not be liable to you for loss arising out of:

1.  Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its offfice at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

**WSWT 000908**

MONMOUTH TITLE AGENCY, INC.
                  Issuing Office

320 Broad Street
                  Address

*Henry R. Kellermann*

Henry R. Kellermann
Nations Title Insurance of New York Inc.
Regional Vice President

Red Bank, N. J.   07701      (908) 758-0201
      City            State       Phone

451

LENDER

**EXHIBIT 12**

## Commitment for Title Insurance

Issued by



# nti

# MT 11228

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, NJ 07701
(908) 758-0201

**Nations Title Insurance
of New York Inc.**

By:

*President*

Attest:

*Secretary*

Countersigned:

By

*Authorized Officer or Agent*

WS1 031419

2550                          ALTA Commitment Form

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

Effective Date:  May 1, 1996 at 8:00 AM                    Agent File No. MT 11228

1.  Policy or Policies to be issued:

    (a)  ALTA Owner's Policy                $ 140,000.00

        Proposed Insured:
        THOMAS G. LEODIS and ANNA LEODIS

    (b)  ALTA Loan Policy                $ 105,000.00

        Proposed Insured:
        NATIONAL HOME FUNDING,
        its Successors and/or Assigns

2.  Title to the        Fee Simple        estate or interest in the land
    described or referred to in this Commitment is at the effective date hereof vested in:

STEVEN STRAUS AND HARRIET STRAUS, HIS WIFE and KENNETH WASSER AND DEBORAH WASSER,
HIS WIFE by deed from Bruca A. Thompson, dated August 7, 1987, recorded August 26,
1987 in Deed Book 4784 at page 407 in the Monmouth County Clerk's Office.

3.  The land referred to in this Commitment is described as follows:
    See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey  07701
(908) 758-0201

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

SMS Form TCMNTNJ Rev 06/01/94



WS1 031420

ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11228

1.  The following are the requirements to be complied with:

    A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B.  Instruments in insurable form which must be executed, delivered and duly filed for record.

    C.  DELIVERY AND RECORDING OF A DEED FROM: STEVEN STRAUS and HARRIET STRAUS, HIS WIFE and KENNETH WASSER and DEBORAH WASSER, his wife to OAKWOOD PROPERTIES, INC.

    D.  DELIVERY AND RECORDING OF A DEED FROM: OAKWOOD PROPERTIES, INC. to THOMAS G. LEODIS and ANNA LEODIS.

    E.  DELIVERY AND RECORDING OF A MORTGAGE FROM:  THOMAS G. LEODIS and ANNA LEODIS, to NATIONAL HOME FUNDING.

    F.  This company requests that a title rundown be ordered at least 24 hours prior to closing of title.

    G.  SUBMISSION of Standard form Affidavit of Title for proposed grantor(s)/mortgagor(s).

    H.  Submission of corporate standard form Affidavit of Title together with resolution of the Board of Directors of Oakwood Properties, Inc. authorizing the within transaction.

    I.  Subject to information of the Office of the Secretary of the State regarding the Corporate Standing of Oakwood Properties, Inc. (Ordered)

    J.  A NOTICE OF SETTLEMENT pursuant to N.J.S.A. 46:16A-1 et seq., must be filed prior to closing of title.

    K.  You must inform us in writing of the name of anyone not referred to in the Commitment who will receive an interest in the land or who will join in the mortgage on the land.

    NOTE:  County Search discloses that there are no open mortgages of record.
    NOTE:  Same to be verified prior to closing.

    NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien Endorsement. (Sample attached).

    (Continued)

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551

SMS Form TCMNTNJ Rev 06/01/94



WS1 031421

ALTA COMMITMENT
Schedule B Cont'd

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B -I
(CONTINUED)

Agent File No. MT 11228

NOTE:  Mortgage Policy to issue will contain an ALTA 9 Endorsement. (sample attached)

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

553

Form TCMNTNJ Rev 06/01/94

WS1 031422



ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

---

### SCHEDULE B-II

Agent File No.    MT 11228

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record.  Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Taxes.

    a) Tax and Assessment Search vs.the within described premises has been ordered.
    b) Possible additional taxes and assessments for the year 1995 assessed or levied under N.J.S.A. 54:4-63.1 et seq.

8. New Jersey Superior Court and U.S. District Court Search Report vs. Grantors/Mortgagors dated May 1, 1996, shows clear.
NOTE: Additional Upper Court Searches vs. record owners has been ordered and will be reported upon receipt.

9. SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the property described in Schedule A-3(C). (Copy of Notice is attached)

10. Subject to subsurface conditions not of record. (Fee policy only.)

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

SNS Form TCMNTNJ Rev 05/01/94



WS1 031423

# SCHEDULE __c__

Agent File No. MT 11228

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the Borough of RED BANK, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the westerly line of Leighton Avenue, distant southerly 88.00 feet from the southerly line of River Street and running; thence

(1)   Along said line of Leighton Avenue South 5 degrees 06 minutes West, 40.50 feet to a point; thence

(2)   North 84 degrees 54 minutes West, 35.00 feet to a point; thence

(3)   North 5 degrees 06 minutes East, 40.50 feet to a point; thence

(4)   South 84 degrees 54 minutes East, 35.00 feet to the point and place of Beginning.

A modern more description having in accordance with a survey prepared by Leo A. Kalieta & Co. P.L.S. dated May 9, 1996 reads as follows:

Beginning at a point lying in the Westerly Right of Way Line of Leighton Avenue, said point being distant 88.00 feet, Southerly, from a point formed by the intersection of the said Westerly Right of Way Line of Leighton Avenue and the Southerly Right of Way Line of River Street, thence

(1)   South 05 degrees 06 minutes 00 seconds West, along the Westerly Right of Way Line of Leighton Avenue, a distance of 25.00 feet to a point, thence

(2)   North 84 degrees 54 minutes 00 seconds West, a distance of 35.00 feet to a point, thence

(3)   North 05 degrees 06 minutes 00 seconds East, a distance of 40.50 feet to a point, thence

(4)   South 84 degrees 54 minutes 00 seconds East, a distance of 35.00 feet to THE POINT AND PLACE OF BEGINNING.

Being also known as Lot 12 in Block 81 as shown on the Tax Map of the Borough of Red Bank.



SMS Form TCMNTNJ Rev. 06/01/94

WS1 031424



Nations Title Insurance of New York Inc
54 Shrewsbury Avenue • Red Bank, NJ C
Phone (908) 219-6540

Nᵒ 203474

Date:  May 10, 1996

*Leodis*

NATIONAL HOME FUNDING,
its Successors and/or Assigns
3443 Highway 9 North
Freehold, NJ  07728

Re: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:  STANLEY YACKER, ESQUIRE
    File No.:   MT 11228 (LEODIS)
    Premises:  Lot 12, Block 81 TAX MAP, BOROUGH OF RED BANK, MONMOUTH COUNTY

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

    1.  Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the documents and the disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

    2.  Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a one-to-four family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A.  The Company will not be liable to you for loss arising out of:

    1.  Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

    2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

    3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

                                        Sincerely,

MONMOUTH TITLE AGENCY, INC.
_____
           Issuing Office

320 Broad Street
_____
           Address

                                 Henry R. Kellermann
Red Bank, N. J.   07701   (908) 758-0201     Nations Title Insurance of New York Inc.
  City      State           Phone        Regional Vice President

451

                                        LENDER      **WSWT 000989**

NJRB 6-04
8/1/94

**WSWT 000989**

# Fidelity National Title
### INSURANCE COMPANY

File No. MT 11228

POLICY NO. 5412-447260

## SCHEDULE A

Date of Policy May 29, 1996

Amount of Insurance $ 105,000.00

1.  Name of Insured:
    NATIONAL HOME FUNDING,
    its Successors and/or Assigns

2.  The estate or interest in the land which is encumbered by the insured mortgage is:
    Fee Simple

3.  Title to the estate or interest in the land is vested in:
    THOMAS G. LEODIS and ANNA LEODIS by deed from OAKWOOD PROPERTIES, INC., dated
    May 29, 1996, recorded December 11, 1996, in Deed Book 5514, at page 761 in
    the MONMOUTH County Clerk's Office.

4.  The insured mortgage and assignments thereof, if any, are described as follows:
    Mortgage in the amount of $105,000.00 and interest made by THOMAS G. LEODIS
    and ANNA LEODIS to NATIONAL HOME FUNDING, dated May 29, 1996, recorded
    December 11, 1996 in the MONMOUTH County Clerk's Office, New  Jersey, in
    Mortgage Book 6104, Page 701.
    NOTE: Mortgage policy insures that the mortgage set forth herein is a valid
    first mortgage lien on the above mentioned property in accordance with the
    conditions shown herein.

5.  The land referred to in this policy is described as follows:
    See attached Legal Description

Countersigned

BY _____
   AUTHORIZED SIGNATORY

   DAVID E. FINKEL
   PRINT NAME HERE

Issued By:
MONMOUTH TITLE AGENCY, INC.
          320 Broad Street
Red Bank, New Jersey  07701
          908-758-0201

FORM U412-A (11/93)

SMS Form TMPFNNJ Rev. 09/25/96

ALTA LOAN POLICY 1992 (10-17-92) SCHEDULE A

FY 012592

**Fidelity National Title**
INSURANCE COMPANY

COMMITMENT OR POLICY NO: 5412-447260                    File No.: MT 11228

Legal Description

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the Borough of RED BANK, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the westerly line of Leighton Avenue, distant southerly 88.00 feet from the southerly line of River Street and running; thence

(1)  Along said line of Leighton Avenue South 5 degrees 06 minutes West, 40.50 feet to a point; thence

(2)  North 84 degrees 54 minutes West, 35.00 feet to a point; thence

(3)  North 5 degrees 06 minutes East, 40.50 feet to a point; thence

(4)  South 84 degrees 54 minutes East, 35.00 feet to the point and place of Beginning.

A modern more description having in accordance with a survey prepared by Leo A. Kalieta & Co. P.L.S. dated May 9, 1996 reads as follows:

Beginning at a point lying in the Westerly Right of Way Line of Leighton Avenue, said point being distant 88.00 feet, Southerly, from a point formed by the intersection of the said Westerly Right of Way Line of Leighton Avenue and the Southerly Right of Way Line of River Street, thence

(1)  South 05 degrees 06 minutes 00 seconds West, along the Westerly Right of Way Line of Leighton Avenue, a distance of 25.00 feet to a point, thence

(2)  North 84 degrees 54 minutes 00 seconds West, a distance of 35.00 feet to a point, thence

(3)  North 05 degrees 06 minutes 00 seconds East, a distance of 40.50 feet to a point, thence

(4)  South 84 degrees 54 minutes 00 seconds East, a distance of 35.00 feet to THE POINT AND PLACE OF BEGINNING.

Being also known as Lot 12 in Block 81 as shown on the Tax Map of the Borough of Red Bank.



**Fidelity National Title**
INSURANCE COMPANY

**POLICY NO.** 5412-447260                                  File No.:  MT 11228

**SCHEDULE B**

PART I

EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason or:

   1.   The lien of all taxes for the year 19 95 , and thereafter all subsequent years.

   2.   Lien of Municipal Taxes for the year 1996.  However, taxes have been paid through the SECOND quarter, 1995.  Subsequent quarters are not yet due and payable.

   3.   Subject to subsurface conditions not of record. (Fee policy only.)



**Fidelity National Title**
INSURANCE COMPANY

POLICY NO. 5412-447260                                    File No.:  MT 11228

**SCHEDULE B**

**PART II**

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest:

NONE



# Fidelity National Title Insurance Company
## OF NEW YORK

NEW YORK, NEW YORK
ENDORSEMENT

Attached to and forming a part of Policy No.   5412-447260                    File Number:   MT 11228
of **FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK**
The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.  Any incorrectness in the assurance that, at Date of Policy:

    a.  There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

    b.  Unless expressly excepted in Schedule B:

        1.  There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.
        2.  Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.
        3.  There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.
        4.  There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.
        5.  There are no notices of violation of covenants, conditions and restrictions relating to environment protection recorded or filed in the public records.

2.  Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:

    a.  invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or

    b.  loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.

3.  Damage to existing improvements, including lawns, shrubbery or trees:

    a.  which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved.

    b.  resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4.  Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

5.  Any final court order or judgement denying the right to maintain any existing improvement on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Whenever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.
This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signatory as designated below.

Signed this        24th        day of        January        , 19 97 .

Countersigned:

By _____
        Authorized Signatory
        (PLEASE PRINT NAME BELOW)
        DAVID E. FINKEL

FY 012596

FORM 26-9.0-88 (4/93)                                                   ALTA ENDORSEMENT FORM 9 - RESTRICTIONS, ENCROACHMENTS,
Reprinted (7/95)                                                                               MINERALS (10-19-88)
**SMS** Form TEDFY50 Rev. 07/09/96

# Fidelity National Title Insurance Company
### OF NEW YORK

ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT
ENDORSEMENT

Attached to and forming a part of Policy No.  5412-447260                    File Number:  MT 11228
of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

(b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

> This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23:11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signatory as designated below.

Dated:  January 24, 1997

Countersigned:

BY _____
Authorized Signatory
(PLEASE PRINT NAME BELOW)
DAVID E. FINKEL

FORM 26/31E5-17-88(3/88)

SWS Form TEDFY52 Rev. 09/26/96

ALTA ENDORSEMENT 8.1 (ENVIRONMENTAL PROTECTION LIEN)
NJRB 5-17(Revised 3/12/88)

FY 012597