# EXHIBIT 13



## Commitment for Title Insurance

Issued by

\# MT 11240

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, NJ 07701
(908) 758-0201

**Nations Title Insurance
of New York Inc.**

By: _Richard Alexander_
President

Attest: _Chris M. Dikens_
Secretary

Countersigned

By _____
Authorized Officer or Agent

ALTA Commitment Form

WS1 031563

2550

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A

Effective Date: May 6, 1996 at 8:00 AM                    Agent File No. MT 11240
MD/MD

1.  Policy or Policies to be issued:

    (a) ALTA Owner's Policy                              $ 180,000.00

    Proposed Insured:
    THOMAS G. LEODIS and ANNA LEODIS

    (b) ALTA Loan Policy - 1992                          $ 135,000.00

    Proposed Insured:
    NATIONAL HOME FUNDING,
    its Successors and/or Assigns

2.  Title to the              Fee Simple              estate or interest in the land
    described or referred to in this Commitment is at the effective date hereof vested in:
    SHADOW LAWN SAVINGS BANK, by deed from William M. Lanzaro, High Sheriff of the
    County of Monmouth, recorded October 20, 1994, Clerk's Office, Monmouth County in
    Deed Book 5356 page 825.

3.  The land referred to in this Commitment is described as follows:
    See Attached Legal Description in Schedule C

MONMOUTH TITLE AGENCY, INC.
320 Broad Street
Red Bank, New Jersey 07701
(908) 758-0201

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

5985 Form TCMNTNJ Rev. 06/01/94

WS1 031564



ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Agent File No. MT 11240

1.  The following are the requirements to be complied with:

    A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B.  Instruments in insurable form which must be executed, delivered and duly filed for record.

    C.  DELIVERY AND RECORDING OF A DEED FROM SHADOW LAWN SAVINGS BANK, TO OAKWOOD PROPERTIES.

    D.  DELIVERY AND RECORDING OF A DEED FROM OAKWOOD PROPERTIES, TO THOMAS G. LEODIS AND ANNA LEODIS.

    E.  DELIVERY AND RECORDING OF A MORTGAGE FROM:  THOMAS G. LEODIS and ANNA LEODIS, to NATIONAL HOME FUNDING.

    F.  This company requests that a title rundown be ordered at least 24 hours prior to closing of title.

    G.  Payment of the premiums and charges for the title policy to issue.

    H.  SUBMISSION of Standard form Affidavit of Title for proposed grantor(s)/mortgagor(s).

    I.  A NOTICE OF SETTLEMENT pursuant to N.J.S.A. 46:16A-1 et seq., must be filed prior to closing of title.

    J.  SATISFACTION AND CANCELLATION OF MORTGAGE(S) as set forth in Schedule B-II.

    K.  You must inform us in writing of the name of anyone not referred to in the Commitment who will receive an interest in the land or who will join in the mortgage on the land.

    NOTE:  Mortgage Policy to issue will contain an ALTA 9 Endorsement.  (sample attached)

    NOTE: Final mortgage policy will contain an ALTA 8.1 Environmental Protection Lien Endorsement. (Sample attached).

    NOTE: Mortgage policy will insure that the mortgage set forth herein is a valid first mortgage lien on the above mentioned property in accordance with the conditions shown herein.

**This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.**

551

SMS Form TCMNTNJ Rev. 09/01/94

WS1 031565



ALTA COMMITMENT
Schedule B-II

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE B-II

Agent File No.   MT 11240

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed Insured acquires for value of record the estate or interest or mortgage thereon covered by the Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to lien for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record.  Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether or not shown by the records of such agency or the public record.

7. Taxes.

   a) Possible additional taxes and assessments for the year 1996 assessed or levied under N.J.S.A. 54:4-63.1 et seq.
   b) Tax Search dated May 17, 1996, is attached.
   c) Assessment Search dated May 17, 1996, shows none.
   d) Lien for water and/or sewer rents.

8. New Jersey Superior Court and U.S. District Court Search Report dated May 10, 1996, shows clear.  Additional search ordered, not yet received.

9. SUBJECT TO RECOGNIZANCES, if any, filed against the sellers/mortgagors or the property described in Schedule A-3 (C). (Copy of Notice is attached)

10. Subject to subsurface conditions not of record.  (Fee policy only.)

11. Restrictions as contained in Deed Book 448 page 349.

12. Easement as contained in Deed Book 2709 page 242.

(Continued)

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

552

Form TCMNTNJ Rev. 06/01/94

WSI 031566



ALTA COMMITMENT
Schedule B Cont'd

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B -II
(CONTINUED)

Agent File No. MT 11240

13.  Certificate of Tax Sale in Mortgage Book 5843 page 328.

14.  Federal Lien in Book 68 page 239.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

553

SMS Form TCMNTNJ Rev. 06/01/94

WS1 031567



# SCHEDULE __c__

Agent File No. MT 11240

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of ASBURY PARK, County of MONMOUTH and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point on the west side of Comstock Street distant 57.00 feet north from the intersection of said westerly side of Comstock Street with the northerly line of Sewall Avenue and running; thence

(1)  North 72 degrees 30 minutes West, 50.0 feet to a point; thence

(2)  North 17 degrees 30 minutes East, 43.0 feet to a point; thence

(3)  South 72 degrees 30 minutes East, 50.0 feet to a point on the west side of Comstock Street; thence

(4)  Along the same, South 17 degrees 30 minutes West, 43.0 feet to the point and place of Beginning.

Being also known as Lot 19 in Block 46 as shown on the Tax Map of the City of Asbury Park.

SMS Form TCMNTNJ Rev. 06/01/94

WS1 031568

**Nations Title Insurance of New York Inc.**
54 Shrewsbury Avenue • Red Bank, NJ 0770.
Phone (908) 219-6540

NJ2  203482

Date: May 21, 1996



NATIONAL HOME FUNDING, ITS
SUCCESSORS AND/OR ASSIGNS

*Leodis*
*617774*

Re: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:  STANLEY YACKER, ESQUIRE
    File No.:  MT 11240 LEODIS
    Premises:  703 COMSTOCK ST., ASBURY PARK, NJ

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified for your protection in connection with the closing of the above described real estate transaction in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with that closing when conducted by the above named Issuing Agent (an agent authorized to issue title insurance for the Company) of Nations Title Insurance of New York Inc. or the above named Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that they relate to: (a) the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land including the obtaining of documents and the disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a one-to-four family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

1. Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or the Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

MONMOUTH TITLE AGENCY, INC.
         Issuing Office

320 BROAD ST.
         Address

RED BANK, NJ  07701

Henry R. Kellermann
Nations Title Insurance of New York Inc.
Regional Vice President

    City       State       Phone

451

WSWT 000903

NJRB 6-84
8/1/94

# EXHIBIT 14

# NATIONS TITLE INSURANCE OF NEW YORK INC.

## IMPORTANT NOTICE AND DISCLOSURE

1.  By law Nations Title Insurance of New York Inc. is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive. **REAL ESTATE TRANSACTIONS ARE COMPLEX. THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.**

2.  **THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS <u>NOT</u> AN AGENT FOR AND DOES NOT ACT ON BEHALF OF NATIONS TITLE OF NEW YORK INC. THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.** Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make. Our <u>only</u> liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3.  If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4.  By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment. If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ   07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

## Commitment for Title Insurance

Issued by

\#

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a ...ew York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor, all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

**Nations Title Insurance
of New York Inc.**

By:   *[signature]*

President

Attest:   *[signature]*

Secretary

Countersigned:

By _____

Authorized Officer or Agent

2550

ALTA Commitment Form

ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A

Effective Date:  June 15, 1996                     Commitment No.   CT-17759

1.  Policy or Policies to be issued:

(a) ALTA Owners Policy                                       $150,000.00

   Proposed Insured: JILL A. MONTANYE

(b) ALTA Loan Policy                                         $112,500.00
   (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or its
                     assigns
                     3443 Highway 9 North
                     Freehold, NJ 07728

2.  Title to the FEE SIMPLE  estate or interest in the land described or referred to
   in this Commitment is at the effective date hereof vested in

   State Street Bank and Trust Co.   by deed from  William M. Lanzaro.
   Sheriff of Monmouth County, dated November 06, 1995, recorded December
   07, 1995, in the Monmouth County Clerk's/Register's office in deed book
   5464, page 935.

3.  The land referred to in this Commitment is described as follows:

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550                                                             HM6

WS1 033810

A COMMITMENT

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17759

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Asbury Park, County of Monmouth , and state of New Jersey.

Beginning at a point in the northerly line of Sewall Avenue said point being distant 66.67 feet easterly from the intersection formed by the northerly line of Sewall Avenue and the easterly line of Heck Street and running from thence

1.  North 26 degrees 30 minutes east a distance of 100.00 feet to a point; thence

2.  South 63 degrees 30 minutes east a distance of 25.00 feet to a point; thence

3.  South 26 degrees 30 minutes west a distance of 100.00 feet to a point in the northerly line of Sewall Avenue; thence

4.  North 63 degrees 30 minutes west along the northerly line of Sewall Avenue a distance of 25.00 feet to the point and place of Beginning.

NOTE:  Being Lot(s) 9, Block 142, Tax Map of the City of Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

WS1 033811

ALTA COMMITMENT
Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
(REQUIREMENTS)

Commitment Number: CT-17759

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed from State Street Bank and Trust Co., to Christo Property Management Ltd., to be recorded.

   D. Deed made by Christo Property Management, Ltd. to the proposed insured(s) named in Schedule A, 1(a).

   E. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

   F. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

      NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

   G. All taxes and other municipal liens are to be paid through and including the current quarter.

      NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   H. Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

   I. County judgment search is clear.

   J. New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

   K. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 033812

NOTE:  There are no open mortgages of record.

L.  Receipt of proper corporate affidavit of title for State Street Bank and Trust Company.

M.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

N.  Receipt of proper corporate affidavit of title for Christo Property Management. Ltd.

O.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

P.  WE REQUIRE A COPY OF THE CERTIFICATE OF REGULARITY ISSUED UNDER THE CURRENT FORECLOSURE ACTION.  IN THE EVENT A CERTIFICATE OF REGULARITY WAS NOT ISSUED, A CHANCERY ABSTRACT MUST BE ORDERED AT ADDITIONAL EXPENSE TO THE INSURED.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.

*NTI*

Schedule B-I consists of ___3___ pages.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551                                                                      KM6

WS1 033814

ALTA COMMITMENT
Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17759

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE:  Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

11. Restrictions as contained in Deed Book 269 Page 204.

NOTE:  This policy insures that the mortgage set forth under Schedule A
hereof is a valid first lien on the property described therein.

Schedule B-II consists of    2    pages.

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

WS1 033816

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue, Red Bank, ``` 07701
Phone (908) 219-8540

NJ2- 230912

Date: July 11, 1996

*nti*

*Montanye*

To: National Home Funding, Inc., its successors and/or its
assigns
3443 Highway 9 North
Freehold, NJ  07728
Attention: Closing Department

RE: Closing Service Letter
Issuing Agent or Attorney whose conduct is covered:
Richard J. Pepsny, Esquire
Law Office of Michael A. Alfieri
187 Route 34
Matawan, NJ  07747

File No: CT-17759
Transaction: JILL A. MONTANYE

Premises: 319 SEWALL AVENUE
ASBURY PARK

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified
for your protection  in connection  with the closing of the above  described real estate
transaction  in which  you are to be  a lender secured  by a  mortgage of an  interest in
land,  the Company,  subject to  the Conditions  and Exclusions set  forth below,  hereby
agrees to reimburse you for actual loss incurred by you in connection  with that  closing
when  conducted  by the  above named Issuing Agent  (an agent  authorized to  issue title
insurance for the Company) of Nations Title Insurance of New York Inc. or the above named
Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and priority of the  lien of said mortgage on  said
   interest in land, including the obtaining of documents and the documents and the dis-
   bursement of funds  necessary to establish such title or lien; or  (b) the collection
   and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the princi-
pal residence of the borrower, shall be protected,  but only to the  extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you  are a pur-
chaser of  a one-to-four  family dwelling, including a  condominium unit,  which is your
principal residence,  and are paying cash for the purchase,  you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

WSWT 000853

1. Failure of the Attor    to comply with your closing    tructions which require require title insurance protection inconsistent with the set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

*Mortgage* [handwritten annotation]

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

*[signature]*

Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

ISSUING OFFICE:
COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NEW JERSEY 07728
(908) 308-1660

WSWT 000854

P-20B ALTA Loan Policy

**COASTAL TITLE AGENCY, INC.**
**PO Box 740  21 West Main Street**
**Freehold NJ  07728**
**(800) 521-0378  FAX# (908) 308-1881**

**SCHEDULE A**

| Policy Number | Date of Policy | Amount of Insurance |
|---|---|---|
| 5412-484154 | 4/7/97 | $112,500.00 |

1. **Name of Insured:**

   National Home Funding, Inc., its successors and/or assigns, as their interest may appear
   3443 Highway 9 North
   Holiday Plaza
   Freehold, NJ  07728

2. **The estate or interest in the land which is encumbered by the insured mortgage**
   **is:  FEE SIMPLE**

3. **Title to the estate or interest in the land is vested in:**

   JILL A. MONTANYE

4. **The insured mortgage and assignments thereof, if any, are described as follows:**

   Mortgage made by JILL A. MONTANYE  to  National Home Funding, Inc., dated 7/25/96 and recorded 4/7/97 in the
   Monmouth County Clerk's Office in Mortgage Book 6165 Page 927 in the amount of $112,500.00.

5. **The land referred to in this policy is described in Schedule A-4.**

   (SEE DESCRIPTION ATTACHED)

**FIDELITY**
**NATIONAL TITLE**
**Insurance Company of New York**

P.71.NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2-05

**COMMITMENT FOR TITLE INSURANCE**

## SCHEDULE A (Description)

**ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the** City of Asbury Park, **County** of Monmouth **, and state of New Jersey.**

Beginning at a point in the northerly line of Sewall Avenue said point being distant  66.67  feet easterly from the intersection formed by  the  northerly line  of Sewall Avenue and the easterly line of Heck Street and running  from thence

1.   North 26 degrees 30 minutes east a distance of 100.00 feet to  a  point; thence

2.   South  63 degrees 30 minutes east a distance of 25.00 feet to  a  point; thence

3.  South 26 degrees 30 minutes west a distance of 100.00 feet to a point  in the northerly line of Sewall Avenue; thence

4.   North  63  degrees 30 minutes west along the northerly  line  of  Sewall Avenue a distance of 25.00 feet to the point and place of Beginning.

NOTE:  Being Lot(s) 9, Block 142, Tax Map of the City of Asbury Park.

The  above description is in accordance with a survey prepared by William J. Fiore, Inc., dated July 11, 1996.


**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881**


*NTI*


## SCHEDULE B

**POLICY NUMBER:** 5412-484154


## EXCEPTIONS FROM COVERAGE

**This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees of expenses) which arise by reason of:**

## PART I

1. **Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate inspection of the premises. - OMIT**

2. Subsurface conditions or encroachments not disclosed by an instrument of record.

3. Lien for unpaid taxes for the year 1996. (Taxes paid through date of closing) "Subsequent taxes not yet due and payable".

4. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq. "None yet due and payable".

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

5. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

6. Restrictions as contained in Deed Book 269 Page 204.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.


**Note: If there are matters which affect the title to the estate or interest in the land described in Schedule A-4, but which are subordinate to the lien of the insured mortgage, see PART II of Schedule B.**



### FIDELITY NATIONAL TITLE
### Insurance Company of New York

P71.B NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2.05

# SCHEDULE B

**POLICY NUMBER:**  5412-484154

## PART II

**In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest: None.**

## FIDELITY NATIONAL TITLE
### Insurance Company of New York

P61.BII FOR USE WITH ALTA LOAN POLICY (6-1-87)
NJRB 2-03
7/2/90

# EXHIBIT 15

Schedule A

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A

Effective Date:  June 13, 1996                    Commitment No.  CT-17764

1.  Policy or Policies to be issued:

(a) ALTA Owners Policy                                    $200,000.00

   Proposed Insured: JILL A. MONTANYE          CERTIFIED TRUE COPY

(b) ALTA Loan Policy                                      $150,000.00
    (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
                      assigns
                      3443 Highway 9 North
                      Freehold, New Jersey 07728

2.  Title to the FEE SIMPLE  estate or interest in the land described or referred to
    in this Commitment is at the effective date hereof vested in

    Hi-lakes Corporation   by deed from  richard Simon, Trustee, dated
    August 30, 1994, recorded September 09, 1994, in the Monmouth County
    Clerk's/Register's office in deed book 5345, page 442.

3.  The land referred to in this Commitment is described as follows:

                                                                      NTI

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550                                                                   1046

                                                          WS1 046974

Endorsement No. 3

Issued By

## NATIONS TITLE INSURANCE
## OF NEW YORK INC.

RE: MONTANYE/HI-LAKES CORPORATION
506 ASBURY AVENUE
ASBURY PARK, NJ

File Number: CT-17764

Attached to Policy Number:
  or
Attached to Commitment Number:

The Company hereby endorses as follows:

Schedule A, Item 1 (b) Policy Amount – OMIT AND SUBSTITUTE:  $146,250.00

This endorsement is made a part of the policy or commitment and is subject to all the terms and provisions thereof and  of any  prior endorsements thereto.  Except to the extent expressly stated, it neither modifies  any of the terms and  provisions of the policy or commitment and prior endorsements, if any, nor does it extend the effective date of the pollicy or commitment  and prior endorsements or increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signature as designated below.

Signed this 29th day of July, 1996.

Nations Title Insurance
of New York Inc.

By:     Richard Alexander
President

Attest:     Chris M. Likens
Secretary

Countersigned:

By _____
Authorized Officer or Agent

2007

WSI 046975

COMMI.... NT FOR TITLE INSURAN....

SCHEDULE A (Description)

Commitment No. CT-17764

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Asbury Park, County of Monmouth , and state of New Jersey.

Tract 1

Beginning at a point in the southerly line of Absury Park avenue, said point being distant 100.00 feet westerly from the intersection of the westerly line of Grand Avenue and the said southerly line of Asbury Avenue and from the thence; running

1. Along the said southerly line of Asbury Avenue north 63 degrees 00 minutes West, a distance of 33.33 feet to a point: thence

2. South 27 degrees 00 minutes West, a distance of 100.00 feet to a point: thence

3. South 63 degrees 00 minutes East, a distance of 33.33 feet to a point; thence

4. North 27 degrees 00 minutes East, a distance of 100.00 feet to a point in the southerly line of Asbury Avenue and place of Beginning.

NOTE: Being Lot(s) 15, Block 140, Tax Map of the City of Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

WS1 046976

Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Commitment Number: CT-17764

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed from Hi-Lakes Corporation to Christo Property Mangement, Ltd. to be recorded.

   D. Deed made by Christo Property Management to the proposed insured(s) named in Schedule A, 1(a).

   E. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

   F. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

   G. All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   H. Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

   I. County judgment search is clear.

   J. New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

   K. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

   L. Tax Sale Certificate recorded in Mortgage Book 5836, Page 873, is to be cancelled or discharged of record. (See copy of first page attached.)

WSI 046977

N. Certificate as to ~~rate resolution authorizing the proposed deed made by the propose grantor is to be submitted.

O. Corporate status report and supplement franchise tax report have been ordered but not yet received as to Hi-Lakes Corporation.

NOTE:  IN THE EVENT THAT YOU DO NOT RECEIVE THE FRANCHISE TAX SEARCH BY THE CLOSING DATE, PLEASE CONTACT THIS OFFICE FOR ESCROW INSTRUCTIONS...

P. Receipt of proper corporate affidavit of title for Christo Property mangement, LTD.

Q. Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

R. As an accommodation, a Flood Letter has been ordered, but not yet received.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

*NTI*

Schedule B-I consists of _2_ pages.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

551

NN6

WSI 046978

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17764

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

CONTINUED

WS1 046979

10. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

NOTE: Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

NOTE: This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Schedule B-II consists of __2__ pages.

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

WSI 046980

.ations Title Insurance of New York Inc.
54 Shrewsbury Avenue, Red Bank  NJ 07701
Phone (908) 219-8540

NJ2- 230857

*Montanye*

Date:  July 10, 1996                    *nti*

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

           RE: Closing Service Letter
               Issuing Agent or Attorney whose conduct is covered:
               Richard J. Pepsny, Esquire
               Law Office of Michael A. Alfieri
               187 Route 34
               Matawan, NJ  07747

      File No: CT-17764
Transaction: JILL A. MONTANYE

      Premises: 506 ASBURY AVENUE
                ASBURY PARK

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified
for your protection in connection with the closing of the above described real estate
transaction in which you are to be a lender secured by a mortgage of an interest in
land, the Company, subject to the Conditions and Exclusions set forth below, hereby
agrees to reimburse you for actual loss incurred by you in connection with that closing
when conducted by the above named Issuing Agent (an agent authorized to issue title
insurance for the Company) of Nations Title Insurance of New York Inc. or the above named
Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the documents and the dis-
   bursement of funds necessary to establish such title or lien; or (b) the collection
   and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the princi-
pal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

WSWT 000847

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

*Montanye*

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

Robert F. Nagel, President
Coastal Title Agency, Inc.
Agent

ISSUING OFFICE:
COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NEW JERSEY 07728
(908) 308-1660

WSWT 000848

P-20B ALTA Loan Policy

**COASTAL TITLE AGENCY, INC.**
PO Box 740  21 West Main Street
Freehold NJ  07728
(800) 521-0378  FAX# (800) 521-0378

## SCHEDULE A

| Policy Number | Date of Policy | Amount of Insurance |
|---|---|---|
| 5412-484152 | 4/8/97 | $146,250.00 |

1. **Name of Insured:**

   National Home Funding, Inc., its successors and/or assigns, as their interest may appear
   3443 Highway 9 North
   Holiday Plaza
   Freehold, NJ   07728

2. **The estate or interest in the land which is encumbered by the insured mortgage
   is:  FEE SIMPLE**

3. **Title to the estate or interest in the land is vested in:**

   JILL A MONTANYE

4. **The insured mortgage and assignments thereof, if any, are described as follows:**

   Mortgage made by JILL A MONTANYE, unmarried to  National Home Funding, Inc.,  dated 7/25/96 and recorded 4/8/97 in
   the Monmouth County County Clerk's Office in Mortgage Book 6166 Page 649 in the amount of $146,250.00.

5. **The land referred to in this policy is described in Schedule A-4.**

   (SEE DESCRIPTION ATTACHED)

**FIDELITY**
**NATIONAL TITLE**
**Insurance Company of New York**

P.71.NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2-05

**COMMITMENT FOR TITLE INSURANCE**

## SCHEDULE A (Description)

**ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the** City of Asbury Park, **County of** Monmouth **, and state of New Jersey.**

Beginning at a point in the southerly line of Asbury Avenue, said point being distant 100.00 feet westerly from the corner formed by the intersection of the southerly line of Asbury Avenue and the westerly line of Grand Avenue running; thence

1. South 27 degrees 00 minutes 00 seconds West, 100.00 feet to a point; thence

2. North 63 degrees 00 minutes 00 seconds West, 33.33 feet to a point; thence

3. North 27 degrees 00 minutes 00 seconds East, 100.00 feet to a point in the southerly line of Asbury Avenue; thence

4. Along the southerly line of Asbury Avenue, South 63 degrees 00 minutes 00 seconds East, 33.33 feet to the point or place of Beginning.

The above description is drawn in accordance with a survey prepared by William J. Fiore, Inc., dated July 11, 1996.

NOTE: Being Lot(s) 15, Block 140, Tax Map of the City of Asbury Park.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881**

*NTI*

**SCHEDULE B**

**POLICY NUMBER:**  5412-484152

## EXCEPTIONS FROM COVERAGE

**This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees of expenses) which arise by reason of:**

### PART I

1.  **Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate inspection of the premises. - OMIT**

2.  Lien for unpaid taxes for the year 1996.  (Taxes paid through date of closing)  "Susbsequent taxes not yet due and payable".

3.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.  "None yet due and payable".

    NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and  same  are  properly indexed.

4.  Subject to rights of the utility company servicing the insured  property for water, sewer, electric, telephone and cable television.

    NOTE:  Policy insures that said rights are beneficial and appurtenant to  the insured property and that the dwelling does not encroach on the utility  lines and  said  utility lines do not interfere with the use and  occupancy  of  the dwelling.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

**Note: If there are matters which affect the title to the estate or interest in the land described in Schedule A-4, but which are subordinate to the lien of the insured mortgage, see PART II of Schedule B.**

### FIDELITY NATIONAL TITLE
### Insurance Company of New York

P71.B NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2.05

## SCHEDULE B

**POLICY NUMBER**: 5412-484152

## PART II

**In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest: None.**

## FIDELITY NATIONAL TITLE
### Insurance Company of New York

P61.BII FOR USE WITH ALTA LOAN POLICY (6-1-87)
NJRB 2-03
7/2/90

**EXHIBIT 16**

**COMMONWEALTH LAND
TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMEN**

Commitment No.

File No. CT-17755-A

## DESCRIPTION

ALL that certain tract. lot and parcel of land lying and being in the
City of Asbury Park. County of Monmouth and state of New Jersey.
being more particularly described as follows:

Beginning at a point in the southerly line of Sewall Avenue
distant 37.61 feet westerly from the intersection of the
westerly line of Ridge Avenue and the southerly line of Sewall
Avenue; thence    .

1.  North 77 degrees 45 minutes west 21.51 feet to a point;
thence

2.  South 12 degrees 15 minutes west 78.31 feet to a point;
thence

3.  South 80 degrees 34 minutes east 21.53 feet to a point;
thence

4.  North 12 degrees 15 minutes east 77.25 feet to a point in
the southerly line of Sewall Avenue, being the point or place of
Beginning.

NOTE:  Being Lot(s) 4, Block 50, Tax Map of the City of Asbury
Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

WS1 055966

COMMONWEALTH LAND
   TITLE INSURANCE COM ANY
   A Reliance Group Holdings Company

TITLE INSURANCE COMMITMENT

## SCHEDULE A

Commitment No.

1. Commitment Date: June 15, 1996      File No.  CT-17755-A

2. Policy or Policies to be issued:                     Policy Amount

    (a) [ X ] ALTA Residential Title Insurance Policy        $      ~~115,000.00~~
            One-to-Four Family Residences (6/1/87)
        [   ] ALTA Owner -- (4/6/92)                         $     105,000.00

    Proposed Insured:

    GEORGE T. LEODIS

                                                                  78,750.00
    (b) [ X ] ALTA Loan Policy                             $      ~~82,050.00~~
            (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
                      assigns
                      3443 Highway 9 North
                      Freehold, New Jersey

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, LTD  by deed from, Arthur
   Batts, Executor of the Last Will and Testament, to be recorded in the
   Monmouth County Clerk's/Register's office.

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Asbury Park,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 055967

**COMMONWEALTH LAND**
**TITLE INSURANCE COM..ANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

### SCHEDULE B - SECTION 1

Commitment No.

File No. CT-17755-A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed made by Cristo Property Management, LTD to the proposed insured(s) named in Schedule A, 2(a).

2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 055968

(j) Receipt of proper corporate affidavit of title for Cristo Property Management.

(k) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE  INSURANCE  COMMITMENT**

### SCHEDULE B – SECTION II

Commitment No.

File No. CT-17755-A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4.  Any liens on your title, arising now or later, for labor and material not shown by the public record.

5.  Taxes, charges and assessments:

6.  Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

    NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9.  Utility easement(s) as contained in Deed Book 2727, Page 279.

    NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
                    Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WSI 055970

Commonwealth
Land Title Insurance Company

Audit No. X01-015317

Date: July 11. 1996

To: National Home Funding. Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Richard J. Pepsny, Esquire
    187 Route 34
    Matawan, NJ  07747

    File No: CT-17755-A
    Transaction: GEORGE T. LEODIS
    Premises: 1604 SEWALL AVENUE
              Asbury Park

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

NJRB 6-04
8/1//94

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

CTC 0996

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan trans- action, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing in- strutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be sub- rogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reim- bursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall not affect the pro- tection provided by this letter. However, this letter shall not affect the pro- tection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Phila- delphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

NJRB 6-04
8/1/94

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

**EXHIBIT 17**

# NATIONS TITLE INSURANCE OF NEW YORK INC.

## IMPORTANT NOTICE AND DISCLOSURE

*768 State St, Perth Amboy*

1. By law Nations Title Insurance of New York Inc. is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive. **REAL ESTATE TRANSACTIONS ARE COMPLEX. THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.**

2. **THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS <u>NOT</u> AN AGENT FOR AND DOES NOT ACT ON BEHALF OF NATIONS TITLE OF NEW YORK INC. THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.** Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make. Our <u>only</u> liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3. If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4. By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment. If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ 07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

WS1 033951

ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A

Effective Date:  June 17, 1996                    Commitment No.  CT-17758

1.  Policy or Policies to be issued:

*CERTIFIED TRUE COPY*

(a) ALTA Owners Policy                                        165,000 —
                                                             $180,000.00

   Proposed Insured: GEORGE T. LEODIS


                                                             123,750 —
(b) ALTA Loan Policy                                         $135,000.00
   (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or its
                     assigns
                     3443 Highway 9 North
                     Freehold, New Jersey 07728

2.  Title to the FEE SIMPLE  estate or interest in the land described or referred to
    in this Commitment is at the effective date hereof vested in

    Bristol Oaks, LP   by deed from  Joseph C. Spicuzzo, Sheriff of
    Middlesex County, dated October 22, 1995, recorded June 28, 1996, in the
    Middlesex County Clerk's/Register's office in deed book 4334, page 701.


3.  The land referred to in this Commitment is described as follows:


                                                             *NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550                                                          NM6

WS1 033952

## Endorsement No. 1

Issued By

## NATIONS TITLE INSURANCE
## OF NEW YORK INC.

RE: LEODIS/BRISTOL OAKS L.P.
768 STATE STREET
PERTH AMBOY, NJ

File Number: CT-17758

Attached to Policy Number:
  or
Attached to Commitment Number:

The Company hereby endorses as follows:

Schedule A, Item 1 (a) Policy Amount – OMIT AND SUBSTITUTE:  $165,000.00

Schedule A, Item 1 (b) Policy Amount – OMIT AND SUBSTITUTE:  $123,750.00

This endorsement is made a part of the policy or commitment and is subject to all the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy or commitment and prior endorsements, if any, nor does it extend the effective date of the pollicy or commitment and prior endorsements or increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signature as designated below.

Signed this 29th day of July, 1996.

Nations Title Insurance
of New York Inc.

By:      Richard Alexander
              President

Attest:    Chris M. Likens
              Secretary

Countersigned:

By _Robert M Agal_
    Authorized Officer or Agent

2007

WS1 033953

ALTA COMMITMENT
Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
(REQUIREMENTS)

Commitment Number: CT-17758

1.  The following are the requirements to be complied with:

    A.  Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B.  Instruments in insurable form which must be executed, delivered and duly filed for record.

    C.  Deed from Bristoll Oaks, LP to Christo Property Management, LTD to be reocrded.

    D.  Deed made by Christo Property Mangement, LTD to the proposed insured(s) named in Schedule A, 1(a).

    E.  Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

    F.  Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

        NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

    G.  All taxes and other municipal liens are to be paid through and including the current quarter.

        NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

    H.  Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

    I.  County judgment search is clear.

    J.  New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

    K.  Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

        NOTE:  There are no open mortgages of record.

WS1 033954

L.  Receipt of proper corporate affidavit of title for Christo Property
    Management, LTD.

M.  Certificate as to corporate resolution authorizing the proposed deed
    made by the proposed grantor is to be submitted.

N.  WE REQUIRE A COPY OF THE CERTIFICATE OF REGULARITY ISSUED UNDER THE
    CURRENT FORECLOSURE ACTION.  IN THE EVENT A CERTIFICATE OF REGULARITY
    WAS NOT ISSUED, A CHANCERY ABSTRACT MUST BE ORDERED AT ADDITIONAL
    EXPENSE TO THE INSURED.

    NOTE:  Flood search is attached hereto and is provided as an
    accomodation only.  No liability is assumed for the results of said
    flood search.

    NOTE: It is required that a Notice of Settlement be recorded and we
    require that all searches be rundown prior to closing.

    NOTE:  There is a possibility that the mortgage being insured herein
    must include one of the following:

    a.  Variable Rate Endorsement - Renegotiable or Adjustable.
    b.  Negative Amortization Endorsement

    There is an additional $25.00 charge for this endorsement and, if
    Negative Amortization is required, possibly an increase in premium.
    When this has been determined we are to be notified prior to closing in
    order to make the necessary amendment to the Title Commitment and our
    invoice.

    NOTE:  This Policy will insure all facsimile copies of endorsements as
    originals.

    NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the
    Mortgage Policy to be issued.  Special comprehensive title protection is
    afforded by said endorsement to the Mortgagee only.  Affirmative insurance to
    the Owners can be given on a line by line basis.  Please see Schedule B,
    Section 2.

    NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the
    Mortgage Policy to be issued.

    NOTE:  We require a copy of the closing statement be submitted with the
    closing package.

    NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the
    Mortgage Policy to be issued.

*NTI*

Schedule B-I consists of __2__ pages.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

KM6

WS1 033955

ALTA COMMITMENT
Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17758

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE: Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

11. Pedestrian easement as set forth in Deed Book 3593, Page 893.

NOTE: This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Schedule B-II consists of ___2___ pages.

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

WS1 033957

Commitment for Title Insurance



Issued by

\#

# Nations Title Insurance of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

Nations Title Insurance
of New York Inc.

By: _Richard Alexander_
President

Attest: _Chris M. Dikens_
Secretary

Countersigned:

By _____
Authorized Officer or Agent

2550

ALTA Commitment Form

**Nations Title Insurance of New York Inc.**
54 Shrewsbury Avenue, Red B:    IJ 07701
Phone (908) 219-8540

NJ2- 230861

*nti*

Date: July 29, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ 07728
    Attention: Closing Department

    RE: **Closing Service Letter**
        **Issuing Agent or Attorney whose conduct is covered:**
        Stanley Yacker,  Esquire
        330 Highway 34, Suite 3
        Matawan, NJ   07747

    **File No:** CT-17758
**Transaction:** GEORGE T. LEODIS

    **Premises:** 768 STATE STREET
                PERTH AMBOY

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified
for your protection  in connection  with the closing of the above  described real  estate
transaction  in which  you are to be  a  lender secured  by a  mortgage of an  interest in
land,  the Company,  subject to  the Conditions  and Exclusions set  forth below,  hereby
agrees to reimburse you for actual loss incurred by you in connection  with that  closing
when  conducted  by the  above named Issuing Agent  (an agent  authorized to  issue title
insurance for the Company) of Nations Title Insurance of New York Inc. or the above named
Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and  priority of  the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the documents and the dis-
   bursement of funds  necessary to establish such title or lien; or  (b) the collection
   and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the princi-
pal residence of the borrower, shall be protected,  but only to the  extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you  are a pur-
chaser of  a one-to-four  family dwelling, including a  condominium unit,  which is your
principal residence,  and are paying cash for the purchase,  you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

CTC 2013

1. Failure of the ∴ ney to comply with your clo: ∴ instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan trans-action, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing in-structions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be sub-rogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reim-bursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the pro-tection provided by this letter. However, this letter shall not affect the pro-tection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies com-mitted to be issued by the Company. Any payment of loss under this letter shall con-stitute a payment under the policy.

**THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.**

The protection under this Letter is limited to the closing on the premises described in the caption of this letter.

                                        Sincerely,


                                        Robert F. Agel, President
                                        Coastal Title Agency, Inc.
                                        Agent

ISSUING OFFICE:
COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NEW JERSEY  07728
(908)  308-1660                                              CTC 2014

**EXHIBIT 18**

# NATIONS T~~1~~ ~~LE~~ INSURANCE OF NE~~W Y~~ORK INC.

## IMPORTANT NOTICE AND DISCLOSURE

1. By law Nations Title Insurance of New York Inc. is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive. **REAL ESTATE TRANSACTIONS ARE COMPLEX. THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.**

2. **THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF NATIONS TITLE OF NEW YORK INC. THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.** Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make. Our only liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3. If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4. By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment. If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ 07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

WS1 039772



## Commitment for Title Insurance

Issued by

\#

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor, all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

**Nations Title Insurance
of New York Inc.**

By:  *Richard Alexander*
President

Attest:  *Chris M Dihene*
Secretary

Countersigned:

By  *Robert P. Agel*
Authorized Officer or Agent

2550

ALTA Commitment Form

WS1 039773

ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A

Effective Date: May 23, 1996                Commitment No.  CT-17766(A)

1. Policy or Policies to be issued:

(a) ALTA Owners Policy                                    $120,000.00

    Proposed Insured: George T. Leodis


(b) ALTA Loan Policy                                      $90,000.00
    (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
                    assigns
                    3443 Highway 9 North
                    Freehold, NJ 07728

2. Title to the FEE SIMPLE  estate or interest in the land described or referred to
   in this Commitment is at the effective date hereof vested in

   Cristo Property Management, Ltd., a New Jersey Corporation   by deed from
   Bristo Oaks, L.P., dated   , recorded , in the Monmouth County
   Clerk's/Register's office in deed book , page . (about to be recorded).


3. The land referred to in this Commitment is described as follows:

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550                                                          HH6

WSI 039774

ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A

Effective Date: May 23, 1996                    Commitment No.  CT-17766(A)

1. Policy or Policies to be issued:

   (a) ALTA Owners Policy                                   $120,000.00

      Proposed Insured: George T. Leodis


   (b) ALTA Loan Policy                                      $90,000.00
       (10/17/92)

      Proposed Insured: National Home Funding, Inc., its successors and/or its
                        assigns
                        3443 Highway 9 North
                        Freehold, NJ 07728

2. Title to the FEE SIMPLE estate or interest in the land described or referred to
   in this Commitment is at the effective date hereof vested in

   Cristo Property Management, Ltd., a New Jersey Corporation   by deed from
   Bristo Oaks, L.P., dated    .  recorded  , in the Monmouth County
   Clerk's/Register's office in deed book , page . (about to be recorded).


3. The land referred to in this Commitment is described as follows:

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

NM6

550

WS1 03977

ALTA COMMITMENT

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17766(A)

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Long Branch, County of Monmouth , and state of New Jersey.

Beginning at a point in the westerly side of Eastwood Avenue (also known as Eastwood Terrace) said point being distant 140.00 feet southerly from the intersection of the westerly side of Eastwood Avenue with the southerly side of Jolie Avenue (also known as New Jersey State Highway Route No. 36) and thence running

1.  South 25 degrees 35 minutes east and along the westerly side of Eastwood Avenue, a distance of 120.00 feet to an angle point in the northerly side of Eastwood Avenue; thence

2.  South 63 degrees 04 minutes west and along the northerly side of Eastwood Avenue, a distance of 40.00 feet to a point; thence

3.  North 25 degrees 35 minutes west and along the easterly side of Lot 2 Block 317 on the Official Tax Map of the City of Long Branch, Monmouth County, New Jersey, a distance of 120.00 feet to a point in the southerly side of a 15' wide Right of Way; thence

4.  North 63 degrees 04 minutes east and along the southerly side of a 15' wide Right of Way, a distance of 40.00 feet to the point or place of Beginning.

NOTE:  Being Lot(s) 1, Block 317, Tax Map of the City of Long Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

WS1 039776

ALTA COMMITMENT

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17766(A)

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Long Branch, County of Monmouth , and state of New Jersey.

Beginning at a point in the westerly side of Eastwood Avenue (also known as Eastwood Terrace) said point being distant 140.00 feet southerly from the intersection of the westerly side of Eastwood Avenue with the southerly side of Jolie Avenue (also known as New Jersey State Highway Route No. 36) and thence running

1.  South 25 degrees 35 minutes east and along the westerly side of Eastwood Avenue, a distance of 120.00 feet to an angle point in the northerly side of Eastwood Avenue; thence

2.  South 63 degrees 04 minutes west and along the northerly side of Eastwood Avenue, a distance of 40.00 feet to a point; thence

3.  North 25 degrees 35 minutes west and along the easterly side of Lot 2 Block 317 on the Official Tax Map of the City of Long Branch, Monmouth County, New Jersey, a distance of 120.00 feet to a point in the southerly side of a 15' wide Right of Way; thence

4.  North 63 degrees 04 minutes east and along the southerly side of a 15' wide Right of Way, a distance of 40.00 feet to the point or place of Beginning.

NOTE:  Being Lot(s) 1, Block 317, Tax Map of the City of Long Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

*NTI*

WS1 039777

ALTA COMMITMENT
Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE B-I
(REQUIREMENTS)

Commitment Number: CT-17766(A)

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed made by Cristo Property Management, Ltd. to the proposed insured(s) named in Schedule A, 1(a).

   D. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

   E. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

      NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

   F. All taxes and other municipal liens are to be paid through and including the current quarter.

      NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   G. Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

   H. New Jersey Superior and U.S. District Court and County judgment searches are clear.

   I. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

   J. Receipt of proper corporate affidavit of title for Cristo Property Management, Ltd.

   K. Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

WSI 0397

ALTA COMMITMENT
Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

**SCHEDULE B-I**
**(REQUIREMENTS)**

Commitment Number: CT-17766(A)

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed made by Cristo Property Management, Ltd. to the proposed insured(s) named in Schedule A, 1(a).

   D. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

   E. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

   F. All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   G. Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

   H. New Jersey Superior and U.S. District Court and County Judgment searches are clear.

   I. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

   J. Receipt of proper corporate affidavit of title for Cristo Property Management, Ltd.

   K. Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

WSI 039779

NOTE: There is a possibility that the mortgage being insured herein must include one of the following:

a. Variable Rate Endorsement - Renegotiable or Adjustable.
b. Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE: This Policy will insure all facsimile copies of endorsements as originals.

NOTE: The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued. Special comprehensive title protection is afforded by said endorsement to the Mortgagee only. Affirmative insurance to the Owners can be given on a line by line basis. Please see Schedule B, Section 2.

NOTE: The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: We require a copy of the closing statement be submitted with the closing package.

NOTE: The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: Flood search is attached hereto and is provided as an accomodation only. No liability is assumed for the results of said flood search.

*NTI*

Schedule B-I consists of __2__ pages.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551

1046

WS1 039780

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.   Variable Rate Endorsement - Renegotiable or Adjustable.
b.   Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

*NTI*

Schedule B-I consists of __2__ pages.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

551

kМ6

WSI 039781

ALTA COMMITMENT
Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17766(A)

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE: Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

WSI 039782

ALTA COMMITMENT
Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17766(A)

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE: Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

WS1 039783

NOTE:  This policy insures that the mortgage set forth under Schedule A
hereof is a valid first lien on the property described therein.

Schedule B-II consists of___2___ pages.

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

WS1 03978

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue, Red Bank, NJ 07701
Phone (908) 219-8540

*Leodis*

NJ2- 230907

Date: July 10, 1996

*nti*

To: National Home Funding, Inc., its successors and/or its
assigns
3443 Highway 9 North
Freehold, NJ  07728
Attention: Closing Department

RE: Closing Service Letter
Issuing Agent or Attorney whose conduct is covered:
Richard J. Pepsny, Esquire
Law Office of Michael A. Alfieri
187 Route 34
Matawan, NJ  07747

File No: CT-17766(A)
Transaction: George T. Leodis

Premises: 5 EASTWOOD AVENUE

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified
for your protection in connection with the closing of the above described real estate
transaction in which you are to be a lender secured by a mortgage of an interest in
land, the Company, subject to the Conditions and Exclusions set forth below, hereby
agrees to reimburse you for actual loss incurred by you in connection with that closing
when conducted by the above named Issuing Agent (an agent authorized to issue title
insurance for the Company) of Nations Title Insurance of New York Inc. or the above named
Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the documents and the dis-
   bursement of funds necessary to establish such title or lien; or (b) the collection
   and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the princi-
pal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

WSWT 000973

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan trans-action, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing in-structions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be sub-rogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reim-bursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the pro-tection provided by this letter. However, this letter shall not affect the pro-tection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies com-mitted to be issued by the Company. Any payment of loss under this letter shall con-stitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

ISSUING OFFICE:
COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NEW JERSEY  07728
(908)  308-1660

WSWT 000974