**EXHIBIT 19**

ALTA COMMITMENT

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17765(A)

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Long Branch, County of Monmouth , and state of New Jersey.

Known and designated as and by Lots Nos. 25, 26, 27, 28 in Block 2, as shown on map entitled Map "A", Asbury Park Terrace, Neptune Township, Monmouth County, New Jersey, owned by Louis Smadbeck, Weston Realty Company, dated June 2, 1908, Niart Rogers, C.E., which was filed in the Monmouth County Clerk's Office on August 6, 1908 as Map No. 35-16.

Beginning at the southwest intersection of West End Avenue and Central Boulevard and running; thence

1. South 40 degrees 48 minutes 30 seconds east along the southwesterly line of Central Boulevard, 100.00 feet to a point; thence

2. South 49 degrees 11 minutes 30 seconds west, 100.00 feet to a point; thence

3. North 40 degrees 48 minutes 30 seconds west, 100.00 feet to a point in the southeasterly line of West End Avenue; thence

4. North 49 degrees 11 minutes 30 seconds east along same, 100.00 feet to the point and place of Beginning.

NOTE: Being Lot(s) 3, Block 319.02, Tax Map of the Township of Neptune.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

WSI 055841

ALTA COMMITMENT
Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

**SCHEDULE B-I**
(REQUIREMENTS)

Commitment Number: CT-17765(A)

1. The following are the requirements to be complied with:

    A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

    B. Instruments in insurable form which must be executed, delivered and duly filed for record.

    C. Deed made by Cristo Property Management, Ltd. to the proposed insured(s) named in Schedule A, 1(a).

    D. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

    E. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

    NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

    F. All taxes and other municipal liens are to be paid through and including the current quarter.

    NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

    G. Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

    H. New Jersey Superior and U.S. District Court and County judgment searches are clear.

    I. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 055842

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

J.  Receipt of proper corporate affidavit of title for Cristo Property Management Ltd.

K.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

*NTI*

Schedule B-I consists of  _2_  pages.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

551

KK6

WS1 055843

ALTA COMMITMENT
Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17765(A)

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Utility easement(s) as contained in Deed Book 3080, Page 345.

11. Restrictions as contained in Deed Book 3122 Page 427.

WS1 055844

NOTE:  This policy insures that the mortgage set forth under Schedule A
hereof is a valid first lien on the property described therein.


Schedule B-1I consists of___2___ pages.

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

WSI 055845

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue, Red Bank  NJ 07701
Phone (908) 219-8540

NJ2- 230906
                                                                        *nti*
Date: July 10, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

        RE: Closing Service Letter
            Issuing Agent or Attorney whose conduct is covered:
            Richard J. Pepsny, Esquire
            Law Office of Michael A. Alfieri
            187 Route 34
            Matawan, NJ  07747

    File No: CT-17765(A)
Transaction: George T. Leodis

    Premises: 104 WEST END AVENUE


Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified
for your protection  in connection  with the closing of the above  described  real  estate
transaction  in which  you are to be a  lender secured  by a  mortgage of an  interest in
land, the Company,  subject to  the Conditions  and Exclusions set  forth below,  hereby
agrees to reimburse you for actual loss incurred by you in connection  with that  closing
when  conducted  by the  above named  Issuing Agent  (an agent  authorized to  issue title
insurance for the Company) of Nations Title Insurance of New York Inc. or the above named
Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to: (a) the title to said interest  in land or
   the  validity,  enforceability and priority  of the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the documents and the dis-
   bursement of funds  necessary to establish such title or lien; or  (b) the collection
   and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the princi-
pal residence of the borrower, shall be protected,  but only to the  extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you  are a pur-
chaser of  a one-to-four  family dwelling, including a  condominium unit,  which is your
principal residence,  and are paying cash for the purchase,  you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

WS1 055762

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

ISSUING OFFICE:
COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NEW JERSEY  07728
(908)  308-1660

WS1 055763



**Loan Policy of Title Insurance**

## Fidelity National Title Insurance Company
### of New York
A Stock Company

**POLICY NUMBER** 5412-518224

*SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, a New York corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:*

1. *Title to the estate or interest described in Schedule A being vested other than as stated therein;*
2. *Any defect in or lien or encumbrance on the title;*
3. *Unmarketability of the title;*
4. *Lack of a right of access to and from the land;*
5. *The invalidity or unenforceability of the lien of the insured mortgage upon the title;*
6. *The priority of any lien or encumbrance over the lien of the insured mortgage;*
7. *Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:*
   a. *arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or*
   b. *arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;*
8. *The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.*

*The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.*

*IN WITNESS WHEREOF, FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK has caused this policy to be signed and sealed by its duly authorized officers as of Date of Policy shown in Schedule A.*

*IN THE EVENT THIS POLICY IS ISSUED IN SOUTH CAROLINA NOTICE IS HEREBY GIVEN THAT THIS POLICY IS SUBJECT TO ARBITRATION PURSUANT TO T HE PROVISIONS OF CHAPTER 48 OF TITLE 15 (SEC. 15-48 10 ET. SEQ.) OF THE SOUTH CAROLINA CODE OF LAWS, 1976, AS AMENDED.)*

FIDELITY NATIONAL TITLE INSURANCE COMPANY
OF NEW YORK

By: _____
President

Attest: *Charles H. Wimer*
Secretary

(SEAL)

Countersigned _____
**Authorized Signature**
(PLEASE PRINT NAME)

FORM 5412 (5/1/93)
Reprinted (1/96)

ALTA LOAN POLICY 1992 (10-17-92)

CTC 3359

P-20B ALTA Loan Policy



COASTAL TITLE AGENCY, INC.
PO Box 740  21 West Main Street
Freehold NJ  07728
(800) 521-0378  FAX# (908) 308-1881

FILE NO.  CT-17765(a)

### SCHEDULE A

| Policy Number | Date of Policy | Amount of Insurance |
|---|---|---|
| 5412-518224 | May 21, 1996 | $93,750.00 |

1. Name of Insured:

   National Home Funding, Inc., its successors and/or assigns, as their interest may appear

2. The estate or interest in the land which is encumbered by the insured mortgage is:  FEE SIMPLE

3. Title to the estate or interest in the land is vested in:

   George T Leodis

4. The insured mortgage and assignments thereof, if any, are described as follows:

   Mortgage made by George T Leodis to National Home Funding, Inc., its successors and/or assigns, dated 7/25/96 and recorded 5/6/97 in the Monmouth County Clerk's Office in Mortgage Book 6186 Page 209 in the amount of $93,750.00.

5. The land referred to in this policy is described in Schedule A-4.

   (SEE DESCRIPTION ATTACHED)

### FIDELITY
### NATIONAL TITLE
### Insurance Company of New York

P-71.NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2-05

CTC 3360

ALTA COMMITMENT

COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17765(A)

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Neptune County of Monmouth, and state of New Jersey.

Known and designated as and by Lots Nos. 25, 26, 27, 28 in Block 2, as shown on map entitled Map "A", Asbury Park Terrace, Neptune Township, Monmouth County, New Jersey, owned by Louis Smadbeck, Weston Realty Company, dated June 2, 1908, Niart Rogers, C.E., which was filed in the Monmouth County Clerk's Office on August 6, 1908 as Map No. 35-16.

Beginning at the southwest intersection of West End Avenue and Central Boulevard and running; thence

1. South 40 degrees 48 minutes 30 seconds east along the southwesterly line of Central Boulevard, 100.00 feet to a point; thence

2. South 49 degrees 11 minutes 30 seconds west, 100.00 feet to a point; thence

3. North 40 degrees 48 minutes 30 seconds west, 100.00 feet to a point in the southeasterly line of West End Avenue; thence

4. North 49 degrees 11 minutes 30 seconds east along same, 100.00 feet to the point and place of Beginning.

NOTE: Being Lot(s) 3, Block 319.02, Tax Map of the Township of Neptune.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

CTC 3361

## SCHEDULE B

**POLICY NUMBER:** 5412-518224

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees of expenses) which arise by reason of:

### PART I

1. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate inspection of the premises.

2. Lien for unpaid taxes for the year 1996. (Taxes paid through date of closing) (Subsequent taxes not yet due and payable)

3. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq. (None yet due and payable)

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

4. Utility easement(s) as contained in Deed Book 3080, Page 345.

5. Restrictions as contained in Deed Book 3122 Page 427.

   NOTE: This policy insures that the mortgage set forth under Schedule  A hereof is a valid first lien on the property described therein.

Note: If there are matters which affect the title to the estate or interest in the land described in Schedule A-4, but which are subordinate to the lien of the insured mortgage, see PART II of Schedule B.

## FIDELITY NATIONAL TITLE
### Insurance Company of New York

P71.B NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2.05

SCHEDULE B

POLICY NUMBER: 5412-518224

PART II

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest:  NONE

FIDELITY NATIONAL TITLE
Insurance Company of New York

P61.BII FOR USE WITH ALTA LOAN POLICY (6-1-87)
NJRB 2-03
7/2/90

CTC 3363

**FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK**

ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT

Attached to and forming a part of Policy No. 5412-518224 of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK.

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, the Company has caused its corporate name and seal to be hereunto affixed by its duly authorized officers and countersigned on the date hereinafter set forth.

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

DATED: 7/1/97

Countersigned: By: William P. Foley, President

Attest: Charles H. Wimer, Secretary

BY:_____
Authorized Signatory

ALTA ENDORSEMENT - Form 8.1 (Environmental Protection Lien
to Accompany only ALTA Loan Policies
NJRB 5-17 (3-12-88) FOR USE IN NEW JERSEY ONLY
FORM 26-31-8.1-88 (11/93)

FIDELITY NATIONAL TITLE INSURANCE COMPANY
OF NEW YORK

## ENDORSEMENT

Attached to and forming a part of Policy No. 5412-518224 of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK.

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

Any incorrectness in the assurance that, at Date of Policy:

There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

Unless expressly excepted in Schedule B:

There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.

Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.

There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

There are no notices of violation of covenants, conditions or restrictions relating to environmental protection recorded or filed in the public records.

Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:

Impairment or loss of the lien of the insured mortgage; or,

Loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the mortgage.

Damage to existing improvements (including lawns, shrubbery or trees)

Which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

Which results from the future exercise of any right to use the surface of the land for the extraction or development minerals excepted from the description of the land or excepted in Schedule B.

Any final court order or judgment requiring the removal from any land of any encroachment excepted in Schedule B.

Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat or subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1 (b) (1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, the Company has caused its corporate name and seal to be hereunto affixed by its duly authorized officers and countersigned on the date hereinafter set forth.

DATED:7/1/97
Countersigned :

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

By: William P. Foley, President
Attest: Charles H. Wimer, Secretary

_____
Authorized Signatory

ALTA ENDORSEMENT FORM 9 RESTRICTIONS, ENCROACHMENTS, MINERALS(REV. 3-27-92) NJRB 5-30
FORM 26-9.0-92 (11/93)

## STREET ASSESSMENT ENDORSEMENT
### (NEW JERSEY)

ISSUED BY

### Fidelity National Title Insurance Company
### of New York

Attached to Policy Number 5412-518224

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designed below.

Signed 7/1/97.

Fidelity National Title Insurance Company
of New York

Countersigned:

By: _____
Authorized Officer or Agent

2355
ALTA Endorsement - Form 1

CTC 3366

## FIDELITY NATIONAL TITLE INSURANCE COMPANY
## OF NEW YORK

### FNMA BALLOON MORTGAGE ENDORSEMENT

Attached to and forming a part of Policy No. 5412-518224 of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK.

The Company insures the insured mortgagee against loss or damage by reason of:

1.  The invalidity or unenforceability of the lien of the insured mortgage resulting from the provisions therein which provide for a Conditional Right to Refinance and a change in the rate of interest as set forth in the Mortgage Rider.

2.  Loss of priority of the lien of the insured mortgage as security for the unpaid principal balance of the loan, together with interest thereon, which loss of priority is caused by the exercise of the Conditional Right to Refinance and the extension of the loan term to the New Maturity Date set forth on the Rider and a change in the rate of interest, provided that all of the conditions set forth in paragraphs 2 and 5 of the Balloon Mortgage ·Rider have been met, and there are no other liens, defects, encumbrances, or other adverse matters affecting title arising subsequent to Date of Policy.

This endorsement does not insure against loss or damage based upon (a) usury or (b) any consumer credit protection or truth in lending law (c) bankruptcy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

In Witness Whereof, FIDELITY NATIONAL TITLE INSURANCE COMPANY OF PENNSYLVANIA has caused this Endorsement to be signed and sealed on its date of issue set forth herein.

DATED: 7/1/97                        FIDELITY NATIONAL TITLE INSURANCE COMPANY
                                     OF NEW YORK

                                     By: William P. Foley ,President

                                     Attest:  Charles H. Wimer, Secretary

_____
Authorized Signatory

Note: This endorsement shall not be valid or binding until countersigned by an authorized signature.

FORM 26-31-FNMA BME (11/93)                              FNMA Balloon
Mortgage Endorsement                                    NJRB 5-31

CTC 3367

CONDITIONS AND STIPULATIONS - ( Continued from Reverse Side of Policy Face )

**4. DEFENSE AND PROSECUTION OF ACTIONS; DUTY OF INSURED CLAIMANT TO COOPERATE**

(a) Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy.

(b) The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

(c) Whenever the Company shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

(d) In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding, the insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the insured for this purpose. Whenever requested by the Company, the insured, at the Company's expense, shall give the Company all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured. If the Company is prejudiced by the failure of the insured to furnish the required cooperation, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

**5. PROOF OF LOSS OR DAMAGE**

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in the above paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

**6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY**

In case of a claim under this policy, the Company shall have the following additional options:

(a) To Pay or Tender Payment of the Amount of Insurance or to Purchase the Indebtedness.

(i) to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay; or

(ii) to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which the Company was authorized to pay and which the Company is obligated to pay.

If the Company offers to purchase the indebtedness as herein provided, the owner

of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to the Company upon payment therefor.

Upon the exercise by the Company of either of the options provided for in paragraphs a (i) or (ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

(b) To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.

(i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay; or

(ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in paragraphs b(i) or (ii), the Company's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

**7. DETERMINATION AND EXTENT OF LIABILITY**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of the Company under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2 (c) of these Conditions and Stipulations;

(ii) the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage insured against by this policy occurs, together with interest thereon; or

(iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b) In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of the Company shall continue as set forth in Section 7(a) of these Conditions and Stipulations.

(c) The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8. LIMITATION OF LIABILITY**

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c) The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

(d) The Company shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

**9. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY**

(a) All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce pro tanto the amount of the insurance afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage.

(b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c) Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations.

# EXHIBIT 20

COMMONWEALTH
**TITLE INSURANCE COMPANY**
A Reliance Group Holdings C  mpany

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date:  June 24, 1996          File No.   CT-17757(A)

2. Policy or Policies to be issued:                       Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy          $          180,000.00
           One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)                           $

   Proposed Insured:

   George T. Leodis

   (b) [ X ] ALTA Loan Policy                                 $          135,000.00
           (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or its
                     assigns
                     3443 Highway 9 North
                     Freehold, NJ 07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management Ltd.   by deed from
   Citicorp Mortgage Inc., dated, recorded   , in the Union County
   Clerk's/Register's office in deed book . page . (about to be recorded).

4. The land referred to in this Commitment is in the County of Somerset,
   Borough of North Plainfield.  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 056088

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
    A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B - SECTION 1

Commitment No.

File No. CT-17757(A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

  1. Deed made by Cristo Property Management Ltd. to the proposed insured(s) named in Schedule A, 2(a).

  2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

  NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

  NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 056089

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

(j) Receipt of proper corporate affidavit of title for Cristo Property Management Ltd.

(k) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

WSI 056090

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B - SECTION II

Commitment No.

File No. CT-17757(A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:


6. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

   NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.


Countersigned: _____
                   Authorized Signatory

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WS1 056091

COMMONWEALTH LAND
TITLE INSURANCE COMPA  Y
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-17757(A)

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the Borough of North Plainfield, County of Somerset and state of New Jersey, being more particularly described as follows:

NOTE: Being Lot(s) 20, Block 642, Tax Map of the City of Plainfield.

NOTE: The above description is for identification purposes only, subject to receipt of a metes and bounds description to be drawn in accordance with a survey made by a surveyor licensed to do business in this State.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

WS1 056092

**Commonwealth**
Land Title Insurance Company

Audit No. X01-015430

Date:  July 11, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Richard J. Pepsny, Esquire
    187 Route 34
    Matawan, NJ  07747

    File No: CT-17757(A)
    Transaction: George T. Leodis
    Premises: 917 WATCHUNG AVENUE


Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1//94

CTC 1628

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.


THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
    Robert F. Agel, President
    Coastal Title Agency, Inc.
    Agent


*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

# EXHIBIT 21

MONWEALTH LAND
E INSURANCE COMPA.Y
ance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE A

Commitment No.

1. Commitment Date: June 24, 1996          File No.   CT-17852

2. Policy or Policies to be issued:                    Policy Amount

    (a) [ X ] ALTA Residential Title Insurance Policy          $     *~~100,000.00~~*
           One-to-Four Family Residences (6/1/87)                *~~125,000.00~~*
      [   ] ALTA Owner -- (4/6/92)                       $

    Proposed Insured:

    GEORGE T. LEODIS

    (b) [ X ] ALTA Loan Policy                          $     *90,000*
         (10/17/92)                                     *~~93,750.00~~*

Proposed Insured: National Home Funding, Inc., its successors and/or its
               assigns
               3443 Highway 9 North
               Freehold, New Jersey 07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Bristol Oaks, L.P. · by deed from,  Sheriff of Monmouth
   County, dated April 24, 1996, recorded May 31, 1996, in the Monmouth County
   Clerk's/Register's office in deed book 5504, page 648.

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Asbury Park,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 039522

**COMMONWEALTH LAND**
**TITLE INSURANCE COMP. .Y**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B - SECTION 1**

Commitment No.

File No. CT-17852

**REQUIREMENTS**

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s)  satisfactory to us creating the interest  in the land and/or the mortgage to be insured must be signed, delivered and recorded:

    1.  Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

    2.  Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You  must tell us  in writing  the name  of anyone  not referred  to  in this Commitment  who will get an interest  in the land or who will  make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

    NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

    NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) County judgment search is clear.

(i) New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

WS1 039523

(j) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE: There is a possibility that the mortgage being insured herein must include one of the following:

  a. Variable Rate Endorsement - Renegotiable or Adjustable.
  b. Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE: This Policy will insure all facsimile copies of endorsements as originals.

NOTE: The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued. Special comprehensive title protection is afforded by said endorsement to the Mortgagee only. Affirmative insurance to the Owners can be given on a line by line basis. Please see Schedule B, Section 2.

NOTE: The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: We require a copy of the closing statement be submitted with the closing package.

NOTE: The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: Flood search is attached hereto and is provided as an accomodation only. No liability is assumed for the results of said flood search.

(k) WE REQUIRE A COPY OF THE CERTIFICATE OF REGULARITY ISSUED UNDER THE CURRENT FORECLOSURE ACTION. IN THE EVENT A CERTIFICATE OF REGULARITY WAS NOT ISSUED, A CHANCERY ABSTRACT MUST BE ORDERED AT ADDITIONAL EXPENSE TO THE INSURED.

(l) Proof is required that relief from the automatic stay under the bankruptcy of Abdul Al-Amin and Debbie Al-Amin was obtained.

Schedule B-Section 1
Form No. 1106-3

WS1 039524

**COMMONWEALTH LAND
TITLE INSURANCE COMP  NY**
   A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B - SECTION II**

Commitment No.

File No. CT-17852

## EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4.  Any liens on your title, arising now or later, for labor and material not shown by the public record.

5.  Taxes, charges and assessments:

6.  Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _Robert F. Reed_
                Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WS1 039525

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-17852

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Asbury Park, County of Monmouth and state of New Jersey, being more particularly described as follows:

Beginning at the northwesterly center of Summerfield Avenue and from said northeasterly corner running; thence

1. Along the easterly line of Ridge Avenue North 14 degrees 30 minutes East, 57.50 feet to a point; thence

2. South 69 degrees 52 minutes East, 116.08 feet to a point; thence

3. South 09 degrees 32 minutes 30 seconds West, 57.15 feet to a point in the Northerly line of Summerfield Avenue; thence continuing along the same

4. North 70 degrees 22 minutes West 131.00 feet to the point and place of Beginning.

The above descriptions drawn in accordance with a survey prepared by Azimuth Land Surveying, Inc., dated May 11, 1988

Being known and designated as Lot 1 in Block 62 as shown on the tax assessment map of the City of Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

WS1 039526

# COMMONWEALTH LAND TITLE INSURANCE COMPANY

## IMPORTANT NOTICE AND DISCLOSURE

*H O 2  Ridge / Neptune*

1. By law Commonwealth Land Title Insurance Company is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive.  **REAL ESTATE TRANSACTIONS ARE COMPLEX.  THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.**

2. **THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS <u>NOT</u> AN AGENT FOR AND DOES NOT ACT ON BEHALF OF COMMONWEALTH LAND TITLE INSURANCE COMPANY   THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.**  Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make.  Our <u>only</u> liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3. If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4. By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment.  If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ  07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

WS1 039528

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

| TABLE OF CONTENTS | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|   1. Commitment Date | |
|   2. Policies to be Issued, Amounts and Proposed Insureds | |
|   3. Interest in the Land and Owner | |
|   4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

## TITLE INSURANCE COMMITMENT
### BY

# Commonwealth.
## Land Title Insurance Company

COMMONWEALTH LAND TITLE INSURANCE COMPANY

By: _(signature)_

President

Attest: _(signature)_ James J W Lynch Jr

Secretary

Countersigned:

By _(signature)_

AUTHORIZED SIGNATORY

American Land Title Association Commitment - 1982
NJBR 3-02
Form 1106-9

WS1 039531

# Commonwealth
**Land Title Insurance Company**

**Audit No. X01-015336**

Date:  July 29, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ 07728
    Attention: Closing Department

RE: **Closing Service Letter**
    **Issuing Agent or Attorney whose conduct is covered:**
    Stanley Yacker, Esquire
    330 Highway 34, Suite 3
    Matawan, NJ   07747


    **File No:** CT-17852
    **Transaction:** GEORGE T. LEODIS
    **Premises:** 402 RIDGE AVENUE
            ASBURY PARK


Dear Customer:

When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured  by a  mortgage of an  interest in land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and  priority of  the lien of said mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling,  including a  condominium unit,  which is your
principal residence, and are paying cash for the purchase,  you are protected,  but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                        NJRB 6-04
*INSURANCE RATING BUREAU*                                      8/1//94

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

  1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

  2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

  3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

**THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.**

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
    Robert F. Agel, President
    Coastal Title Agency, Inc.
    Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

**EXHIBIT 22**

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE A

Commitment No.

1. Commitment Date:  June 16, 1996          File No.   CT-17756-A

2. Policy or Policies to be issued:                          Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy          $        180,000.00
           One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)                           $

   Proposed Insured:

   GEORGE T. LEODIS

   (b) [ X ] ALTA Loan Policy                                 $        135,000.00
           (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or its
                     assigns
                     3443 Highway 9 North
                     Freehold, New Jersey 07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, LTD   by deed from,
   Residential Portfolio Investment Group, about to be recorded, in the
   Monmouth County Clerk's/Register's office.

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Asbury Park, State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WSI 056862

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B - SECTION 1

Commitment No.

File No. CT-17756-A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s)  satisfactory to us creating the interest  in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1.  Deed made by Cristo Property Management to the proposed insured(s) named in Schedule A, 2(a).

(d) You  must tell us  in writing  the name  of anyone  not referred  to  in this Commitment  who will get an interest  in the land or who will  make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment  searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

(j) Receipt of proper corporate affidavit of title for Cristo Property Management, LTD.

WSI 056865

(k) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

Schedule B-Section 1
Form No. 1106-3

WSI 056866

COMMONWEALTH LAND
TITLE INSURANCE COM  \NY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B - SECTION II

Commitment No.

File No. CT-17756-A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4.  Any liens on your title, arising now or later, for labor and material not shown by the public record.

5.  Taxes, charges and assessments:

6.  Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

    NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

    NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
            Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WSI 056867

**Commonwealth**
Land Title Insurance Company

Audit No. X01-015316

Date:  July 29, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: **Closing Service Letter**
    **Issuing Agent or Attorney whose conduct is covered:**
    Stanley Yacker,  Esquire
    330 Highway 34, Suite 3
    Matawan, NJ   07747

    File No: CT-17756-A
    Transaction: GEORGE T. LEODIS
    Premises: 1207 BERGH AVENUE
              ASBURY PARK

Dear Customer:

When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured  by a  mortgage of an  interest in  land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and  priority  of the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling,  including a  condominium unit,  which is your
principal residence, and are paying cash for the purchase,  you are protected,  but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                              NJRB 6-04
*INSURANCE RATING BUREAU*                                           8/1//94

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

   1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

   2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

   3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

**THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.**

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

                           *Commonwealth Land Title Insurance Company*

             BY: _____
                   Robert F. Agel, President
                   Coastal Title Agency, Inc.
                   Agent

*NEW JERSEY LAND TITLE*                           NJRB 6-04
*INSURANCE RATING BUREAU*                    8/1/94

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

LOAN POLICY OF TITLE INSURANCE

 **Commonwealth**

POLICY NUMBER

F89-353217

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an assessment or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

   The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest: _James J W Lynch Jr_

Secretary

By: _[signature]_

President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

PA 20
ALTA Loan Policy (10-17-92)
**Form 1191-2A** Face Page                    ORIGINAL                    Valid Only If Schedules A and B and Cover Are Attached

COM 08424

## CONDITIONS AND STIPULATIONS

### 1. DEFINITION OF TERMS.

The following terms when used in this policy mean:

(a) "insured": the insured named in Schedule A. The term "insured" also includes

(i) the owner of the indebtedness secured by the insured mortgage and each successor in ownership of the indebtedness except a successor who is an obligor under the provisions of Section 12(c) of these Conditions and Stipulations (reserving, however, all rights and defenses as to any successor that the Company would have had against any predecessor insured, unless the successor acquired the indebtedness as a purchaser for value without knowledge of the asserted defect, lien, encumbrance, adverse claim or other matter insured against by this policy as affecting title to the estate or interest in the land);

(ii) any governmental agency or governmental instrumentality which is an insurer or guarantor under an insurance contract or guaranty insuring or guaranteeing the indebtedness secured by the insured mortgage, or any part thereof, whether named as an insured herein or not;

(iii) the parties designated in Section 2(a) of these Conditions and Stipulations.

(b) "insured claimant": an insured claiming loss or damage.

(c) "knowledge" or "known": actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records as defined in this policy or any other records which impart constructive notice of matters affecting the land.

(d) "land": the land described or referred to in Schedule A, and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule A, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but nothing herein shall modify or limit the extent to which a right of access to and from the land is insured by this policy.

(e) "mortgage": mortgage, deed of trust, trust deed, or other security instrument.

(f) "public records": records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge. With respect to Section 1 (a) (iv) of the Exclusions From Coverage, "public records" shall also include environmental protection liens filed in the records of the clerk of the United States district court for the district in which the land is located.

(g) "unmarketability of the title": an alleged or apparent matter affecting the title to the land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A or the insured mortgage to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title.

### 2. CONTINUATION OF INSURANCE.

(a) After Acquisition of Title. The coverage of this policy shall continue in force as of Date of Policy in favor of (i) an insured who acquires all or any part of the estate or interest in the land by foreclosure, trustee's sale, conveyance in lieu of foreclosure, or other legal manner which discharges the lien of the insured mortgage; (ii) a transferee of the estate or interest so acquired from an insured corporation, provided the transferee is the parent or wholly-owned subsidiary of the insured corporation, and their corporate successors by operation of law and not by purchase, subject to any rights or defenses the Company may have against any predecessor insureds; and (iii) any governmental agency or governmental instrumentality which acquires all or any part of the estate or interest pursuant to a contract of insurance or guaranty insuring or guaranteeing the indebtedness secured by the insured mortgage.

(b) After Conveyance of Title. The coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest. This policy shall not continue in force in favor of any purchaser from the insured of either (i) an estate or interest in the land, or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

(c) Amount of Insurance: The amount of insurance after the acquisition or after the conveyance shall in neither event exceed the least of:

(i) the Amount of Insurance stated in Schedule A;

(ii) the amount of the principal of the indebtedness secured by the insured mortgage as of Date of Policy, interest thereon, expenses of foreclosure, amounts advanced pursuant to the insured mortgage to assure compliance with laws or to protect the lien of the insured mortgage prior to the time of acquisition of the estate or interest in the land and secured thereby and reasonable amounts expended to prevent deterioration of improvements, but reduced by the amount of all payments made; or

(iii) the amount paid by any governmental agency or governmental instrumentality, if the agency or instrumentality is the insured claimant, in the acquisition of the estate or interest in satisfaction of its insurance contract or guaranty.

### 3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.

The insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 4(a) below, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest or the lien of the insured mortgage, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if title to the estate or interest or the lien of the insured mortgage, as insured, is rejected as unmarketable. If prompt notice shall not be given to the Company, then as to the insured all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

### 4. DEFENSE AND PROSECUTION OF ACTIONS; DUTY OF INSURED CLAIMANT TO COOPERATE.

(a) Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy.

(b) The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

(c) Whenever the Company shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion to appeal from any adverse judgement or order.

(d) In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding, the insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the insured for this purpose. Whenever requested by the Company, the insured, at the Company's expense, shall give the Company all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured. If the Company is prejudiced by the failure of the insured to furnish the required cooperation, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

Conditions and Stipulations Continued Inside Cover

Issued with Policy No. 187-082722

COMMONWEALTH LAND
  TITLE INSURANCE COMPANY
    A Reliance Group Holdings Company

**POLICY OF TITLE INSURANCE**

**POLICY NUMBER**   F89-353217

### SCHEDULE A

Amount of Insurance  $135,000.00

File No.   CT-17756-a

Premium:  Simultaneous Issue

Date of Policy  12/11/96

1.  **Name of Insured:**

   National Home Funding, Inc., its successors and/or assigns, as their interest may appear

2.  **The estate or interest in the land described in this Schedule and which is encumbered by the insured mortgage is: Fee Simple and is at Date of Policy vested in:**

   GEORGE T LEODIS

3.  **The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described as follows:**

   Mortgage made by GEORGE T LEODIS  to  National Home Funding, Inc., dated 8/5/96 and recorded 12/11/96 in the Monmouth County Clerk's Office in Mortgage Book 6104 Page 729 in the amount of $135,000.00.

4.  **The land referred to in this policy is described as set forth in the insured mortgage, is situated in the** Monmouth County **, City of Asbury Park, State of New Jersey and is identified as follows:**

(SEE DESCRIPTION ATTACHED)

Countersigned:  _____
                   **Authorized Officer or Agent**

ALTA Loan/Construction Loan
Schedule A
FORM 1191 -13

COM 08426

C19485

# EXHIBIT 23



## Commitment for Title Insurance

Issued by

\#

# Nations Title Insurance of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

**COASTAL TITLE AGENCY, INC.**
21 West Main Street
P.O. Box 740
Freehold, NJ 07728
Toll Free in N.J. 800-521-0378
(___) ___-1660

Countersigned:

By _____
Authorized Officer or Agent

**Nations Title Insurance**
**of New York Inc.**

By: _____
President

Attest: _____
Secretary

2550

ALTA Commitment Form

WS1 032882

ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE A

Effective Date: May 29, 1996                    Commitment No.  CT-17538

1. Policy or Policies to be issued:

(a) ALTA Owners Policy                              $220,000.00

   Proposed Insured: ANTHONY J. D'APOLITO and
                     ROBERT W. SKOWRENSKI

(b) ALTA Loan Policy                               $154,000.00
    (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or its
                     assigns
                     3443 Highway 9 North
                     Freehold, New Jersey 07728

2. Title to the FEE SIMPLE estate or interest in the land described or referred to
   in this Commitment is at the effective date hereof vested in

   D & Sons Construction Corporation   by deed from  ABC Home Improvements,
   Inc., dated July 27, 1995, recorded August 09, 1995, in the Monmouth
   County Clerk's/Register's office in deed book 5432, page 328.

3. The land referred to in this Commitment is described as follows:

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

NM6

WS1 032883

COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17538

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Long Branch, County of Monmouth , and state of New Jersey.

Beginning at a point in the northerly line of Chelsea Avenue, distant 75.00 feet westerly from the northwest corner of Chelsea Avenue and Memorial Parkway and running; thence

1.  North 89 degrees 21 minutes West, along the northerly line of Chelsea Avenue, 75.00 feet to a point; thence

2.  North 01 degrees 08 minutes East, 125.65 feet to a point; thence

3.  South 88 degrees 52 minutes East, 75.00 feet to a point; thence

4.  South 01 degrees 08 minutes West, 125.00 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey prepared by Flannery, Webb & Hansen, P.A. dated June 21, 1995.

Being Lot 6.01 in Block 278 on the Tax Map of the City of Long Branch, County of Monmouth.

The above description is drawn in accordance with a survey prepared by Charles M. Widdis, PP & LS dated April 29, 1988.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

WS1 032884

## NATIONS TITLE INSURANCE OF NEW YORK INC.

### IMPORTANT NOTICE AND DISCLOSURE

1.  By law Nations Title Insurance of New York Inc. is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive.  **REAL ESTATE TRANSACTIONS ARE COMPLEX.  THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE.  YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE.  WE STRONGLY ADVISE THAT YOU DO SO.**

2.  **THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF NATIONS TITLE OF NEW YORK INC.   THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.**  Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make.  Our only liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3.  If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4.  By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment.  If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ  07728
TOLL FREE IN N.J.  800-521-0378
(908) 308-1660

WS1 032887

ALTA COMMITMENT
Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE B-I
(REQUIREMENTS)

Commitment Number: CT-17538

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full
      consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly
      filed for record.

   C. Deed made by present owner(s) to the proposed insured(s) named in
      Schedule A, 1(a).

   D. Mortgage made by purchaser(s) to the proposed insured(s) named in
      Schedule A, 1(b).

   E. Proof is required as to the past and present marital status of the
      proposed grantors/mortgagors.

      NOTE:  The spouse of the record owner must join in the proposed
      transaction, unless this is not the principal marital residence and was
      acquired subsequent to May 28, 1980.  On any property acquired prior to
      May 28, 1980, the spouse must join in the proposed transaction
      regardless of whether it is the principal marital residence or not.

   F. All taxes and other municipal liens are to be paid through and including
      the current quarter.

      NOTE: In the event the tax search reveals a senior citizen deduction or a
      veteran's deduction, a proper escrow must be established to safeguard in
      the event the deduction is disallowed.  If it is to be disallowed, the
      deduction should be restored to the taxes when calculating your adjustment.

   G. Municipal Lien and Unconfirmed Assessment Searches have been ordered,
      not yet received.

   H. County judgment search is clear.

   I. New Jersey Superior and U.S. District Court judgment search discloses a
      judgment or judgments which are to be cancelled of record or disposed of
      by a specific affidavit which is to be submitted.

   J. Subject to such facts which would be disclosed by sellers, purchasers,
      and/or borrowers affidavit of title, to be submitted.

WS1 032891

K.  Cancellation or other disposition of mortgage made by D & Sons Construction Corporation to Community Home Mortgage Corporation, dated July 27, 1995, recorded August 9, 1995, in Mortgage Book 5832, Page 334, in the sum of $ 152,150.00.  Said mortgage was assigned to The Prudential Home Mortgage Company, Inc., by Assignment of Mortgage Book AM0720, Page 0432. (See copy of first page of mortgage and assignment attached.)

L.  As an accommodation, a Flood Letter has been ordered, but not yet received.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE: There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE: This Policy will insure all facsimile copies of endorsements as originals.

NOTE: The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE: The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: We require a copy of the closing statement be submitted with the closing package.

NOTE: The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

M.  Receipt of proper corporate affidavit of title for D & Sons Construction Corporation.

N.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.


CONTINUED


WS1 032892

O.  Corporate status report and/or corporate franchise tax report for D &
    Sons Construction Corporation shows:  Clear.

*NTI*

Schedule B-I consists of __3__ pages.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551

NN6

WS1 032893

Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17538

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

CONTINUED

WS1 032894

10. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

NOTE: Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

NOTE: This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Schedule B-II consists of __2__ pages.

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

WSI 032894A

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue, Red Ba    ᴺᴵ 07701
Phone (908) 219-8540

NJℓ 230820

Date:  June 19, 1996

*nti*

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

        RE: Closing Service Letter
            Issuing Agent or Attorney whose conduct is covered:
            Richard J. Pepsny, Esquire
            Law Office of Michael A. Alfieri
            187 Route 34
            Matawan, NJ  07747

    File No: CT-17538
Transaction: ANTHONY J. D'APOLITO and
             ROBERT W. SKOWRENSKI
    Premises: 155 CHELSEA AVENUE
              LONG BRANCH

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified
for your protection in connection with the closing of the above described real estate
transaction in which you are to be a lender secured by a mortgage of an interest in
land, the Company, subject to the Conditions and Exclusions set forth below, hereby
agrees to reimburse you for actual loss incurred by you in connection with that closing
when conducted by the above named Issuing Agent (an agent authorized to issue title
insurance for the Company) of Nations Title Insurance of New York Inc. or the above named
Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the documents and the dis-
   bursement of funds necessary to establish such title or lien; or (b) the collection
   and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the princi-
pal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

WS1 032888

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

ISSUING OFFICE:
COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NEW JERSEY  07728
(908)  308-1660

WS1 032895

# EXHIBIT 24

COMMONWEALTH LAND
**TITLE INSURANCE COMPANY**
**A Reliance Group Holding, ompany**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date: June 13, 1996          File No.   CT-17762

2. Policy or Policies to be issued:                    Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy      $        125,000.00
             One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)                       $

   Proposed Insured:

   ALPHONSE SALVATORIALLEO

   (b) [ X ] ALTA Loan Policy                             $         93,750.00
             (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or its
                     assigns
                     3443 Highway 9 North
                     Freehold, NJ 07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Peter Kevin Barnett and Betty Lyon Barnett, husband and
   wife   by deed from,  Georgianna Ballerino formerly known as Georgianna
   Kindred and James Ballerino, husband and wife, dated October 11, 1988,
   recorded October 19, 1988, in the Monmouth County Clerk's/Register's office
   in deed book 4887, page 202.

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Asbury Park,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WSI 056580

**COMMONWEALTH LAND.
TITLE INSURANCE COMPANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-17762

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Asbury Park, County of Monmouth and state of New Jersey, being more particularly described as follows:

Beginning at a point in the southerly line of Second Avenue distant 100 feet westerly from the point of intersection of the westerly line of Pine Street and the southerly line of Second Avenue and running; thence

1. North 63 degrees 30 minutes west along southerly line of Second Avenue 30.00 feet to a point; thence

2. South 26 degrees 30 minutes west 150.00 feet to a point in the northerly line of alley; thence

3. South 63 degrees 30 minutes east along same, 30.00 feet to a point; thence

4. North 26 degrees 30 minutes east 150.00 feet to the point and place of Beginning.

This conveyance is made subject to a right of way over the rear fifteen (15) feet of the above described premises for an alleyway and together with a right of way in and over said alleyway extending from New Street to Pine Street, for the use of the owners of lots north of said alleyway in the block of lots in which this lot is situate, their heirs and assigns and his and their servants and the tenants and occupants from time to time of said lots at all time freely to pass and re-pass on foot or with animals, vehicles, load or otherwise to and fro over said alleyway from said lot to Pine Street or New Street.

NOTE: Being Lot(s) 8, Block 38, Tax Map of the City of Asbury Park.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

WSI 056581

COMMONWEALTH LAND
**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B - SECTION 1

Commitment No.

File No. CT-17762

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed from Sheriff of Monmouth County to Brestol Oaks, LP to be recorded.

2. Deed from Brestol Oaks, LP to Christo Property Management LTD to be recorded.

3. Deed made by Christo Property Mangement to the proposed insured(s) named in Schedule A, 2(a).

4. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) County judgment search is clear.

WS1 056582

(i) New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

(j) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

(k) Cancellation or other disposition of mortgage made by Peter Kevin Barnett and Betty Lyon Barnett to Citicorp Mortgage, Inc., dated October 11, 1988, recorded October 14, 1988, in Mortgage Book 4579, Page 469, in the sum of $ 72,000.00. (See copy of first page attached.)

(l) Lis Pendens filed February 4, 1993 as No. 35529 must be discharged of record.

   NOTE:  Upon recording of the Sheriff's Deed, the above Mortgage and Lis Pendens will merge with the fee.

(m) Receipt of proper corporate affidavit of title for Christo Property Mangement, LTD.

(n) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

(o) WE REQUIRE A COPY OF THE CERTIFICATE OF REGULARITY ISSUED UNDER THE CURRENT FORECLOSURE ACTION.  IN THE EVENT A CERTIFICATE OF REGULARITY WAS NOT ISSUED, A CHANCERY ABSTRACT MUST BE ORDERED AT ADDITIONAL EXPENSE TO THE INSURED.

   NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

CONTINUED

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.   Variable Rate Endorsement - Renegotiable or Adjustable.
b.   Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

Schedule B-Section 1
Form No. 1106-3

COMMONWEALTH LAND
**TITLE INSURANCE COMPANY**
  A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B - SECTION II**

Commitment No.

File No. CT-17762

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9. Utility easement(s) as contained in Deed Book 3355, Page 536.

10. Restrictions as contained in Deed Book 1210 Page 467.

WSI 056585

11. Right of Way as set forth in Deed Book 1217, Page 189.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
          Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WSI 056586

Commonwealth
Land Title Insurance Company

Audit No. X01-015313

Date:  July 10, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Richard J. Pepsny, Esquire
    187 Route 34
    Matawan, NJ  07747


    File No: CT-17762
    Transaction: ALPHONSE SALVATORIALLEO
    Premises: 1206 SECOND AVENUE
              ASBURY PARK


Dear Customer:

When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured  by a  mortgage of an  interest in land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and  priority  of  the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling,  including a  condominium unit,  which is your
principal residence, and are paying cash for the purchase,  you are protected,  but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                                    NJRB 6-04
*INSURANCE RATING BUREAU*                                                  8/1//94

WS1 056577

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

   1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

   2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

   3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

Commonwealth Land Title Insurance Company

BY: _____
    Robert F. Agel, President
    Coastal Title Agency, Inc.
    Agent

NEW JERSEY LAND TITLE
INSURANCE RATING BUREAU

NJRB 6-04
8/1/94

WS1 056578