# EXHIBIT 25



# Commitment for Title Insurance

Issued by

\#

# Nations Title Insurance
# of New York Inc.

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

Nations Title Insurance
of New York Inc.

By: _Richard Alexander_
President

Attest: _Christy Dikens_
Secretary

Countersigned
By _____
Authorized Officer or Agent

2550

ALTA Commitment Form

WS1 038379

Schedule A

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A

Effective Date:  June 15, 1996                    Commitment No.  CT-17761

1.  Policy or Policies to be issued:

(a) ALTA Owners Policy                                    TO BE ADVISED

    Proposed Insured:

                                                CERTIFIED TRUE COPY

(b) ALTA Loan Policy                                      TO BE ADVISED
    (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
                      assigns
                      3443 Highway 9 North
                      Freehold, New Jersey 07728

2.  Title to the FEE SIMPLE  estate or interest in the land described or referred to
    in this Commitment is at the effective date hereof vested in

    Emory Ave. Company, a Delaware Corporation   by deed from  Thomas A.
    Maher, dated February 24, 1995, recorded March 21, 1995, in the Monmouth
    County Clerk's/Register's office in deed book 5395, page 678.

3.  The land referred to in this Commitment is described as follows:

                                                        *NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550                                                  NM6

WS1 038380

COMMITM.    ' FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17761

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Asbury Park, County of Monmouth , and state of New Jersey.

Beginning at a point in the southeasterly line of Emory Street, distant southwesterly 58.00 feet from the intersection of the southeasterly line of Emory Street with the southwesterly line of Summerfield Avenue and running; thence

1.  South 56 degrees 30 minutes East 40.00 feet to a point; thence

2.  South 33 degrees 30 minutes West 42.00 feet to a point; thence

3.  North 56 degrees 30 minutes West 40.00 feet to a point in the southeasterly line of Emory Street; thence

4.  Along the southeasterly line of Emory Street North 33 degrees 30 minutes East 42.00 feet to the point and place of Beginning.

NOTE:  Being Lot(s) 9, Block 119, Tax Map of the City of Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

**WS1 038381**

Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
(REQUIREMENTS)

Commitment Number: CT-17761

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed from Emory Ave. Company, to Christo Property Management, ITD to be recorded.

   D. Deed made by Christo Property Management, LTD to the proposed insured(s) named in Schedule A, 1(a).

   E. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

   F. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

   G. All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   H. Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

   I. County judgment search is clear.

   J. New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

   K. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

   L. Tax Sale Certificate recorded in Mortgage Book 5843, Page 313, is to be cancelled or discharged of record. (See copy of first page attached.)

WSI 038382

M.  Receipt of proper corporate affidavit of title for Emory Avenue Company.

N.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

O.  Corporate status report and supplement franchise tax report have been ordered but not yet received as to Emory Avenue Company.

NOTE:  IN THE EVENT THAT YOU DO NOT RECEIVE THE FRANCHISE TAX SEARCH BY THE CLOSING DATE, PLEASE CONTACT THIS OFFICE FOR ESCROW INSTRUCTIONS...

P.  Receipt of proper corporate affidavit of title for Christo Property Mangement, LTD.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

Q.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

*NTI*

Schedule B-I consists of __2__ pages.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

551

WK6

**WS1 038383**

Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17761

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE: Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

    NOTE: This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

WS1 038384

11. Restrictions as contained in Deed Book 319 Page 166.

NOTE: Said restrictions contain a right of reverter.

Schedule B-II consists of __2__ pages.

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

WS1 038385

Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue, Red Bank   NJ 07701
Phone (908) 219-8540

NJ2- 230860

Date:  July 10, 1996                          *nti*

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728

    Attention: Closing Department

          RE: Closing Service Letter
              Issuing Agent or Attorney whose conduct is covered:
              Richard J. Pepsny, Esquire
              Law Office of Michael A. Alfieri
              187 Route 34
              Matawan, NJ  07747

      File No: CT-17761
    Transaction: 404-408 EMORY AVE CO. to CHRISTO
                 PROPRERTY MANGEMENT

      Premises: 404-408 EMORY AVENUE
                ASBURY PARK

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified
for your protection  in connection  with the closing of the above  described real  estate
transaction  in which  you are to be a  lender secured  by a mortgage of an  interest in
land,  the Company,  subject to  the Conditions  and Exclusions set  forth below,  hereby
agrees to reimburse you for actual loss incurred by you in connection  with that  closing
when  conducted  by the  above named Issuing Agent  (an agent  authorized to  issue title
insurance for the Company) of Nations Title Insurance of New York Inc. or the above named
Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and  priority  of the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the documents and the dis-
   bursement of funds  necessary to establish such title or lien; or  (b) the collection
   and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the princi-
pal residence of the borrower, shall be protected,  but only to  the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you  are a pur-
chaser of  a one-to-four  family dwelling, including a  condominium unit,  which is your
principal residence,  and are paying cash for the purchase,  you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

  A. The Company will not be liable to you for loss arising out of:

WS1 038418

1.  Failure of the Att o comply with your closin ctions which require require title insur . protection inconsistent with et forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

Robert  Agel, President
Coastal Title Agency, Inc.
Agent

ISSUING OFFICE:
COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NEW JERSEY   07728
(908) 308-1660

WSI 038419



Loan Policy of Title Insurance

# Fidelity National Title Insurance Company
## of New York
A Stock Company

POLICY NUMBER 5412- 484153

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, a New York corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   a. arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or
   b. arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK has caused this policy to be signed and sealed by its duly authorized officers as of Date of Policy shown in Schedule A.

IN THE EVENT THIS POLICY IS ISSUED IN SOUTH CAROLINA NOTICE IS HEREBY GIVEN THAT THIS POLICY IS SUBJECT TO ARBITRATION PURSUANT TO THE PROVISIONS OF CHAPTER 48 OF TITLE 15 (SEC. 15-48 10 ET. SEQ.) OF THE SOUTH CAROLINA CODE OF LAWS, 1976, AS AMENDED.)

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

By: _____ President

(SEAL)

Attest: Charles H. Wimer Secretary

Countersigned _____
Authorized Signature
(PLEASE PRINT NAME)

ALTA LOAN POLICY 1992 (10-17-92)

FORM 5412 (5/1/93)
Reprinted (1/96)

Coastal Title Agency, Inc.
21 West Main Street · PO Box 740
Freehold, NJ 07728
1-800-521-0578

CTC 2303

P-20B ALTA Loan Policy

COASTAL TITLE AGENCY, INC.
PO Box 740  21 West Main Street
Freehold NJ  07728
(800) 521-0378  FAX# (800) 521-0378

## SCHEDULE A

| Policy Number | Date of Policy | Amount of Insurance |
|---|---|---|
| 5412-484153 | 4/7/97 | $135,000.00 |

1.  Name of Insured:

    National Home Funding, Inc., its successors and/or assigns, as their interest may appear
    3443 Highway 9 North
    Holiday Plaza
    Freehold, NJ  07728

2.  The estate or interest in the land which is encumbered by the insured mortgage
    is:  FEE SIMPLE

3.  Title to the estate or interest in the land is vested in:

    JILL A. MONTANYE

4.  The insured mortgage and assignments thereof, if any, are described as follows:

    Mortgage made by JILL A. MONTANYE to  National Home Funding, Inc., dated 7/26/96 and recorded 4/7/97 in the
    Monmouth County County Clerk's Office.in Mortgage Book 6165 Page 907 in the amount of $135,000.00.

5.  The land referred to in this policy is described in Schedule A-4.

(SEE DESCRIPTION ATTACHED)

**FIDELITY
NATIONAL TITLE
Insurance Company of New York**

P.71.NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2-05

CTC 2304

COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

**ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Asbury Park, County of Monmouth , and state of New Jersey.**

Veginning at a point in the southeasterly line of Emory Street, distant southwesterly 58.00 feet from the intersection of the southeasterly line of Emory Street with the southwesterly line of Summerfield Avenue and running; thence

1. South 56 degrees 30 minutes East 40.00 feet to a point; thence

2. South 33 degrees 30 minutes West 42.00 feet to a point; thence

3. North 56 degrees 30 minutes West 40.00 feet to a point in the southeasterly line of Emory Street; thence

4. Along the southeasterly line of Emory Street North 33 degrees 30 minutes East 42.00 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey prepared by William J. Fiore, Inc., dated July 11, 1996.

NOTE: Being Lot(s) 9, Block 119, Tax Map of the City of Asbury Park.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

CTC 2305

SCHEDULE B

POLICY NUMBER: 5412-484153

EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees of expenses) which arise by reason of:

PART I

1. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate inspection of the premises. - OMIT

2. Subsurface conditions or encroachments not disclosed by an instrument of record.

3. Lien for unpaid taxes for the year 1996. (Taxes paid through date of closing) "Subsequent taxes not yet due and payable".

4. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq. "None yet due and payable".

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

5. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE: Policy insures that said rights are beneficial and appurtenant to the insured property and that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling.

6. Restrictions as contained in Deed Book 319 Page 166.

   NOTE: Said restrictions contain a right of reverter.

NOTE: This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Note: If there are matters which affect the title to the estate or interest in the land described in Schedule A-4, but which are subordinate to the lien of the insured mortgage, see PART II of Schedule B.

**FIDELITY NATIONAL TITLE**
**Insurance Company of New York**

P71.B NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2.05

CTC 2306

SCHEDULE B

POLICY NUMBER: 5412-484153

PART II

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest: None.

**FIDELITY NATIONAL TITLE**
**Insurance Company of New York**

P61.BII FOR USE WITH ALTA LOAN POLICY (6-1-87)
NJRB 2-03
7/2/90

CTC 2307

**FIDELITY NATIONAL TITLE INSURANCE**
**OF NEW YORK**

### SURVEY ENDORSEMENT

Attached to and forming a part of Policy No: 5412-484153
of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

Exception number 1 in Schedule B of this Policy is deleted and the following is substituted therefor:

1.  Based upon a survey made by William J. Fiore, Inc. dated 7/11/96, the Company hereby insures you against loss
    or damages which you suffer by reason of any encroachments, overlaps, boundary line disputes or easements,
    except as follows:

    a)  Second story building roof and overhang encroach on premises adjoining to the west.

NOTE: Policy insures against loss or damage caused or created by enforced removal of said encroachment by a final
order of a court of a competent jurisdiction.

This endorsement is a part of your policy or commitment and is subject to all the terms and provisions thereof and
of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and
provisions of the policy or commitment and prior endorsements, if any, nor does it extend the effective date of the
policy or commitment and prior endorsements or increase the face amount hereof.

IN WITNESS WHEREOF, the Company has caused its corporate name and seal to be hereunto affixed by its duly
authorized officers and countersigned on the date hereinafter set forth.

DATED: 4/22/97                                    FIDELITY NATIONAL TITLE INSURANCE COMPANY
                                                  OF NEW YORK

COUNTERSIGNED:

                                                  By:  William P. Foley, President

_____
Authorized Signature                              Attest:  Charles H. Wimer, Secretary

FORM 26-31-5-01-75 (11/93                                  SURVEY ENDORSEMENT - NJRB 5-01
(10-20-75)

**FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK**

**ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT**

Attached to and forming a part of Policy No. 5412-484153 of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, the Company has caused its corporate name and seal to be hereunto affixed by its duly authorized officers and countersigned on the date hereinafter set forth.

**FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK**

DATED: 4/22/97

Countersigned: By: William P. Foley, President

Attest: Charles H. Wimer, Secretary

BY:_____
Authorized Signatory

ALTA ENDORSEMENT - Form 8.1 (Environmental Protection Lien -
to Accompany only ALTA Loan Policies
NJRB 5-17 (3-12-88) FOR USE IN NEW JERSEY ONLY
FORM 26-31-8.1-88 (11/93)

CTC 2309

DELITY NATIONAL TITLE INS___ANCE COMPANY
NEW YORK

## ENDORSEMENT

ached to and forming a part of Policy No. 5412-484153 of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK.

Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

y incorrectness in the assurance that, at Date of Policy:

re are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested,
ordinated or extinguished, or its validity, priority or enforceability impaired.

less expressly excepted in Schedule B:

re are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the
d violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.

y instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an
ement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to
chase, a right of first refusal or the prior approval of a future purchaser or occupant.

re is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing
rovements located on adjoining land.

re is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in
edule B.

re are no notices of violation of covenants, conditions or restrictions relating to environmental protection recorded or filed in the public
ords.

y future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or
erest i f@@@ @ 3m ōñ X           GÀ_ù*p2680YImpairment or loss of the lien of the insured mortgage; or,

ss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the mortgage.

mage to existing improvements (including lawns, shrubbery or trees)

lich are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from
exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

lich results from the future exercise of any right to use the surface of the land for the extraction or development minerals excepted from
description of the land or excepted in Schedule B.

y final court order or judgment requiring the removal from any land of any encroachment excepted in Schedule B.

y final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of
venants, conditions or restrictions or building setback lines shown on a plat or subdivision recorded or filed in the public records.

erever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the
ms, covenants, conditions or limitations contained in an instrument creating a lease.

used in paragraphs 1 (b) (1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any
venants, conditions or restrictions relating to environmental protection.

iis endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto.
cept to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it
tend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

WITNESS WHEREOF, the Company has caused its corporate name and seal to be hereunto affixed by its duly authorized officers and
untersigned on the date hereinafter set forth.

ATED:4/22/97                              FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK
untersigned:

                                          By:  William P. Foley, President
                                          Attest:  Charles H. Wimer, Secretary

_____
uthorized Signatory

TA ENDORSEMENT FORM 9 RESTRICTIONS, ENCROACHMENTS, MINERALS(REV. 3-27-92) NJRB 5-30
RM 26-9.0-92 (11/93)

## STREET ASSESSMENT ENDORSEMENT
### (NEW JERSEY)

ISSUED BY

## Fidelity National Title Insurance Company
## of New York

Attached to Policy Number 5412-484153

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

> any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designed below.

Signed 4/22/97.

Fidelity National Title Insurance Company
of New York

Countersigned:

By: _____
   Authorized Officer or Agent

2355
ALTA Endorsement - Form 1

**CTC 2311**

CONDITIONS AND STIPULATIONS – ( Continued from Reverse Side of Policy Face )

**4. DEFENSE AND PROSECUTION OF ACTIONS; DUTY OF INSURED CLAIMANT TO COOPERATE**

(a) Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy.

(b) The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

(c) Whenever the Company shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

(d) In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding, the insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the insured for this purpose. Whenever requested by the Company, the insured, at the Company's expense, shall give the Company all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured. If the Company is prejudiced by the failure of the insured to furnish the required cooperation, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

**5. PROOF OF LOSS OR DAMAGE**

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in the above paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

**6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY**

In case of a claim under this policy, the Company shall have the following additional options:

(a) **To Pay or Tender Payment of the Amount of Insurance or to Purchase the Indebtedness.**

(i) to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay; or

(ii) to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of purchase and which the Company is obligated to pay.

If the Company offers to purchase the indebtedness as herein provided, the owner of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to the Company upon payment therefor.

Upon the exercise by the Company of either of the options provided for in paragraphs a (i) or (ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

(b) **To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.**

(i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay; or

(ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in paragraphs b(i) or (ii), the Company's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

**7. DETERMINATION AND EXTENT OF LIABILITY**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of the Company under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2 (c) of these Conditions and Stipulations;

(ii) the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage insured against by this policy occurs, together with interest thereon; or

(iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b) In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of the Company shall continue as set forth in Section 7(a) of these Conditions and Stipulations.

(c) The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8. LIMITATION OF LIABILITY**

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c) The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

(d) The Company shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

**9. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY**

(a) All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce pro tanto the amount of the insurance afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage.

(b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c) Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations.

CTC 2312

# EXHIBIT 26

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company.  It is issued to show the basis on which we will issue a Title Insurance Policy to you.  The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

|  | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
| 1. Commitment Date | |
| 2. Policies to be Issued, Amounts and Proposed Insureds | |
| 3. Interest in the Land and Owner | |
| 4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

## TITLE INSURANCE COMMITMENT

### BY



# Commonwealth®
## Land Title Insurance Company

COMMONWEALTH LAND TITLE INSURANCE COMPANY

By: _(signature)_                      President

Attest: _James J. W. Lynch, Jr._                Secretary

Countersigned:

By _(signature)_
AUTHORIZED SIGNATORY

American Land Title Association Commitment - 1982
NJBR 3-02
Form 1106-9

WS1 034229

# COMMONWEALTH LAND TITLE INSURANCE COMPANY

## IMPORTANT NOTICE AND DISCLOSURE

1. By law Commonwealth Land Title Insurance Company is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive. **REAL ESTATE TRANSACTIONS ARE COMPLEX. THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.**

2. **THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS <u>NOT</u> AN AGENT FOR AND DOES NOT ACT ON BEHALF OF COMMONWEALTH LAND TITLE INSURANCE COMPANY  THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.** Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make. Our <u>only</u> liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3. If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4. By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment. If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ  07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

WS1 034230

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1.  Commitment Date:  June 24, 1996              File No.   CT-17853

2.  Policy or Policies to be issued:                    Policy Amount

    (a) [ X ] ALTA Residential Title Insurance Policy        $        125,000.00
           One-to-Four Family Residences (6/1/87)
      [   ] ALTA Owner -- (4/6/92)                    $

    Proposed Insured:

    ALPHONSE SALVATORIELLO


    (b) [ X ] ALTA Loan Policy                       $         93,750.00
          (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
               assigns
               3443 Highway 9 North
               Freehold, New Jersey 07728

3.  FEE SIMPLE interest in the land described in this Commitment is owned, at the
    Commitment Date, by D. and Sons Construction Corporation   by deed from,
    Fannie Mae Chatmon, married, dated April 28, 1995, recorded May 17, 1995,
    in the Monmouth County Clerk's/Register's office in deed book 5409, page
    368.


4.  The land referred to in this Commitment is in the County of Monmouth,
    Township of Aberdeen,   State of New Jersey and is described as follows:


Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

**COMMONWEALTH LAND**
  **TITLE INSURANCE COMPA**
  **A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-17853

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the Township of Aberdeen, County of Monmouth and state of New Jersey, being more particularly described as follows:

All that certain lot,piece or parcel of land, with the building and improvements thereon erected, situate, lying and being in the Township of Aberdeen County of Monmouth and State of New Jersey.

Commonly known as Lot 3 Block 168.

Lot 3, Block 168 Tax Map, lots 5 and6 Block "U" Map of Cliffwood Heights, revised map of the Rose Farm, filed in the Monmouth County Clerk's Office on June 17, 1910 Case 14-4.

Beginning at a point in the southerly line of Roosevelt Avenue (as found established by various existing corner markers) said beginning point is 100.00 feet on a course of South 51 degrees 02 minutes 50 seconds West from an iron pin found marking the (as established) intersection of the southerly line of Roosevelt Avenue, in the westerly line of Bayview Street.

Running thence the following courses:

1.   From an iron pipe found at said beginning point South 23 degrees 32 minutes 10 seconds East 170 feet more or less to the northerly edge of a stream; thence

2.   Mendering southwesterly along said northerly line of a stream, 20 feet more or less to a point; thence

3.   Departing from said stream North 38 degrees 57 minutes 10 seconds West, 160 feet more or less to a point marked by an existing iron pipe which coincides with other found corner markers, in the southerly line of Roosevelt Avenue.

CONTINUED

WS1 034232

4.  Along the southerly line of Roosevelt Avenue, (as found established by various existing corner markers) North 51 degrees 02 minutes East 59.00 feet to the point of beginning.

NOTE:  Being Lot(s) 3, Block 168, Tax Map of the Township of Aberdeen.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

WS1 034233

**COMMONWEALTH LAND**
 **TITLE INSURANCE COMPANY**
  **A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B – SECTION 1**

Commitment No.

File No. CT-17853

**REQUIREMENTS**

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

   1. Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

   2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WSI 034234

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

(j) Cancellation or other disposition of mortgage made by D and Sons Consturction Corporation to Continental Capital Corporation, dated April 28, 1995, recorded May 17, 1995, in Mortgage Book 5790, Page 968 as corected in Mortgage Book 5800, Page 793, in the sum of $ 95,100.00.  Said mortgage was assigned to The Prudential Home Mortgage Company, by Assignment of Mortgage Book 742, Page 524. (See copy of first page of mortgage and assignment attached.)

(k) Receipt of proper corporate affidavit of title for D. and Sons Construction Corporation.

(l) Corporate status report and/or corporate franchise tax report for D. and Sons Construction Corporation shows:  Clear.

(m) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

Schedule B-Section 1
Form No. 1106-3

WS1 034235

**COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B – SECTION II**

Commitment No.

File No. CT-17853

**EXCEPTIONS**

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record.  (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

   NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _Robert P. Agrol_
           Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WS1 034236

**Commonwealth**
Land Title Insurance Company

Audit No. X01-015337

Date:  July 17, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Richard J. Pepsny, Esquire
    187 Route 34
    Matawan, NJ  07747

    File No: CT-17853
    Transaction: ALPHONSE SALVATORIELLO
    Premises: 211 ROOSEVELT AVENUE
              ABERDEEN

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured  by a mortgage of an  interest in  land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity, enforceability and priority of the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling,  including a  condominium unit,  which is your
principal residence, and are paying cash for the purchase,  you are protected,  but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                              NJRB 6-04
*INSURANCE RATING BUREAU*                                           8/1/94

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

    1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

    2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

    3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

    BY: _____
         Robert F. Agel, President
         Coastal Title Agency, Inc.
         Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

WS1 034227

◆ Commonwealth

| PRIOR POLICY CREDIT INFO |
|---|
| Liability Cr. $ |
| Premium Cr. $ |
| Policy No. |

**POLICY NUMBER**
F89-094186

## LOAN POLICY OF TITLE INSURANCE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage: ...
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title in the named insured assignee free and clear of all liens...

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunder affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY**

Attest: *[signature]* Secretary          By: *[signature]* President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

PA 20
ALTA Loan Policy (10-17-92)
Form 1191-2A  Face Page          CLT COPY          Valid Only If Schedules A and B and Cover Are Attached

COM0000042

Issued with Policy No. 187-074574

COMMONWEALTH LAND                                    POLICY OF TITLE INSURANCE
  TITLE INSURANCE COMPANY
    A Reliance Group Holdings Company
                                                     POLICY  NUMBER
                                                     F89-094186

                              SCHEDULE A

Amount of Insurance        $93,750.00          File No. CT-17853

Premium                    Standard Rates

Date of Policy             November 06, 1996

1.  Name of Insured:

      National Home Funding, Inc., its successors and/or its
      assigns

2.  The estate or interest in the land described in this Schedule and which is encumbered
    by the insured mortgage is: FEE SIMPLE  and is at Date of Policy vested in:

    ALPHONSE SALVATORIELLO AND
    ELIANE SALVATORIELLO

3.  The mortgage, herein referred to as the insured mortgage, and the assignments
    thereof, if any, are described as follows:

    Mortgage made by Alphonse Salvatoriello and Elaine Salvatoriello, husband and
    wife  to National Home Funding, Inc.,  dated July 26, 196, recorded November
    6, 1996 in the Monmouth County Clerk's Office in Mortgage Book 6083,Page 709
    in the sum of $93,750.00.

4.  The land referred to in this policy is described as set forth in the insured
    mortgage, is situated in the County of Monmouth, Township of Aberdeen
    State of New Jersey and is identified as follows:

    (See description attached)

Countersigned: _____
                    Authorized Officer or Agent

PA 28
American Land Title Association Loan Policy - 1970 (Amended 10/17/70)

                                              COM0060043



COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-17853

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
Township of Aberdeen, County of Monmouth and State of New Jersey,
being more particularly described as follows:

All that certain lot,piece or parcel of land, with the building
and improvements thereon erected, situate, lying and being in
the Township of Aberdeen County of Monmouth and State of New
Jersey.

Commonly known as Lot 3 Block 168.

Lot 3, Block 168 Tax Map, lots 5 and6 Block "U" Map of
Cliffwood Heights, revised map of the Rose Farm, filed in the
Monmouth County Clerk's Office on June 17, 1910 Case 14-4.

Beginning at a point in the southerly line of Roosevelt Avenue,
(as found established by various existing corner markers) said
beginning point is 100.00 feet on a course of South 81 degrees
02 minutes 50 seconds West from an iron pin found marking the
(as established) intersection of the southerly line of Roosevelt
Avenue, in the westerly line of Bayview Street.

Running thence the following courses:

1.  From an iron pipe found at said beginning point South 23-
degrees 32 minutes 10 seconds East 170 feet more or less to the
northerly edge of a stream; thence

2.  Mendering southwesterly along said northerly line of a
stream, 20 feet more or less to a point; thence

3.  Departing from said stream North 38 degrees 57 minutes 10
seconds West, 160 feet more or less to a point marked by an
existing iron pipe which coincides with other found corner
markers, in the southerly line of Roosevelt Avenue.

CONTINUED

COM0000044

4.  Along the southerly line of Roosevelt Avenue, (as found
established by various existing corner markers) North 51
degrees 02 minutes East 59.00 feet to the point of beginning.

NOTE:  Being Lot(s) 3, Block 168, Tax Map of the Township of
Aberdeen.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

COM0000045

Policy No. F89-094186

File No.   CT-17853

SCHEDULE B

PART I

This policy does not insure against loss or damage by reason of the following:

1. Encroachments, overlaps, boundary line disputes, and any other matters which
   would be disclosed by an accurate survey and inspection of the premises.

2. Lien for unpaid taxes for the year 1996.
   (Taxes paid through date of closing)
   (Subsequent taxes not yet due and payable)

3. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et
   seq.  (None yet due and payable)

   NOTE:   Policy insures that the alphabetical Indicies have been searched
   through the recording of the Deed and/or Mortgage; and same are properly
   indexed.

   NOTE:  This policy insures that the mortgage set forth under Schedule A
   hereof is a valid first lien on the property described therein.

NOTE: Unless Schedule B Part II is attached there are no subordinate matters that affect
      the title to the estate or interest referred to in Schedule A.

American Land Title Association Loan Policy - 1970 (Rev. 10/17/70 and 10/17/84)
Schedule B-Part I
Form 1056-7

COM0000046

Policy No. F89-094186

File No.   CT-17853

SCHEDULE B

PART II

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest:

NONE

PA 26
Schedule B-Part II
American Land Title Association Loan Policy - 1970
Form 9506-6

COM0000047

**EXHIBIT 27**

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|    1. Commitment Date | |
|    2. Policies to be Issued, Amounts and Proposed Insureds | |
|    3. Interest in the Land and Owner | |
|    4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

## TITLE INSURANCE COMMITMENT
### BY

# Commonwealth®
## Land Title Insurance Company

COMMONWEALTH LAND TITLE INSURANCE COMPANY

By: _____
President

Attest: _____ *James J W Lynch Jr*
Secretary

Countersigned:
By _____
**AUTHORIZED SIGNATORY**

WS1 034473

American Land Title Association Commitment - 1982
UBR 3-02
Form 1106-9

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
  A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1.  Commitment Date: June 16, 1996          File No.   CT-17763(A)

2.  Policy or Policies to be issued:                    Policy Amount

    (a) [ X ] ALTA Residential Title Insurance Policy        $
              One-to-Four Family Residences (6/1/87)
        [   ] ALTA Owner -- (4/6/92)                     $TO BE ADVISED

    Proposed Insured:  TO BE ADVISED


    (b) [ X ] ALTA Loan Policy                           $
              (10/17/92)                                 TO BE ADVISED

    Proposed Insured: TO BE ADVISED


3.  FEE SIMPLE interest in the land described in this Commitment is owned, at the
    Commitment Date, by Cristo Property Management Ltd.   by deed from
    Citicorp Mortgage, Inc., dated   . recorded   . in the Monmouth County
    Clerk's/Register's office in deed book   . page   . (about to be
    recorded).


4.  The land referred to in this Commitment is in the County of Monmouth,
    Township of Neptune,  State of New Jersey and is described as follows:


Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 034474

**COMMONWEALTH LAND
TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

### TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-17763(A)

#### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the Township of Neptune, County of Monmouth and state of New Jersey, being more particularly described as follows:

Beginning at a point in the south side of Seventh Avenue distant two hundred feet and seventy-eight one hundredths of a foot (200.78) on a course of North 67 degrees 45 minutes west from the intersection of the westerly line of Ridge Avenue with the southerly line of the said Seventh Avenue and running; thence

1. South 22 degrees 15 minutes west one hundred and fifty feet (150.00) to a point; thence

2. North 67 degrees 45 minutes west fifty feet (50.00) to a point; thence

3. North 22 degrees 15 minutes east one hundred and fifty feet (150.00) to a point in the southerly line of said Seventh Avenue; thence

4. along said southerly line of Seventh Avenue on a course of South 67 degrees 45 minutes east fifty feet (50.00) to the point and place of Beginning.

NOTE: Being Lot(s) 321, Block 205, Tax Map of the Township of Neptune.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

WS1 034475

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
  A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

### SCHEDULE B - SECTION 1

Commitment No.

File No. CT-17763(A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

    1. Deed made by Cristo Property Management Ltd. to the proposed insured(s) named in Schedule A, 2(a).

    2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

    NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

    NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 034476

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

(j)  Receipt of proper corporate affidavit of title for Cristo Property Management Ltd.

(k)  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

Schedule B-Section 1
Form No. 1106-3

**COMMONWEALTH LAND**
 **TITLE INSURANCE COM    NY**
   A Reliance Group Holdings ∪ompany

**TITLE  INSURANCE  COMMITMENT**

**SCHEDULE B - SECTION II**

Commitment No.

File No. CT-17763(A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care
of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public
    record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about  the land which a correct survey would disclose,  and  which
    are not shown by the public record.

4.  Any liens  on your title,  arising now  or later,  for labor and material not
    shown by the public record.

5.  Taxes, charges and assessments:


6.  Subsurface conditions or encroachments not disclosed by an instrument of
    record.  (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et
    seq.

    NOTE:  Policy insures that the alphabetical Indicies have been searched
    through the recording of the Deed and/or Mortgage, and same are properly
    indexed.

9.  Restrictions as contained in Deed Book 602 Page 120 and Deed Book 674 page
    312.

    NOTE:  This policy insures that the mortgage set forth under Schedule A
    hereof is a valid first lien on the property described therein.

Countersigned: _____
            Authorized Signatory

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WSI 034478

## AGREEMENT TO ISSUE POLICY       Page 2

We agree to issue a policy to you according to the terms of this Commitment. When we show the policy amount and your name as the proposed insured in Schedule A, this Commitment becomes effective as of the Commitment Date shown in Schedule A.

If the Requirements shown in this Commitment have not been met within nine (9) months after the Commitment Date, our obligation under this Commitment will end. Also, our obligation under this Commitment will end when the Policy is issued and then our obligation to you will be under the Policy.

Our obligation under this Commitment is limited by the following:

- The Provisions in Schedule A.
- The Requirements in Schedule B-I.
- The Exceptions in Schedule B-II.
- The Conditions on Page 3.

**This Commitment is not valid without SCHEDULE A and Sections I and II of SCHEDULE B.**

Conditions on Inside Back Cover

WSI 034479

Commonwealth
Land Title Insurance Company

Audit No. X01-015102

Date:  July 13, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: **Closing Service Letter**
    **Issuing Agent or Attorney whose conduct is covered:**
    Richard J. Pepsny, Esquire
    187 Route 34
    Matawan, NJ  07747


    **File No:** CT-17763(A)
    **Transaction:** GEORGE LEODIS
    **Premises:** 1308 SEVENTH AVENUE


Dear Customer:

When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured by a  mortgage of an  interest in  land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and  priority of  the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling,  including a  condominium unit,  which is your
principal residence, and are paying cash for the purchase,  you are protected,  but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                              NJRB 6-04
*INSURANCE RATING BUREAU*                                           8/1//94

RP020645

IONS AND EXCLUSIONS

A.  The Company will not be liable to you for loss arising out of:

1.   Failure of the  Attorney to comply with your  closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with  the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2.   Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension,  except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3.   Mechanics' and materialmen's liens in connection with a construction loan trans- action, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of  the Company must have been received by you  prior to the transmission  of your final closing in- strutions to the Attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be sub- rogated to all rights and  remedies which you  would have had against any  person or property had you  not been so  reimbursed.  Liability of the  Company for such reim- bursement shall be  reduced to the extent  that you have  knowingly and  voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate  transactions by an  Issuing Agent or  Attorney shall be  limited to the protection provided by this letter.  However, this letter shall not  affect the pro- tection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 8  Penn Center, Phila- delphia, Pennsylvania 19103.  When the failure to give prompt notice shall prejudice the Company, then liability of the Company  hereunder shall be reduced to the extent of such prejudice.

**THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF  COMMONWEALTH LAND TITLE INSURANCE COMPANY.**

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____

Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94



# EXHIBIT 28

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company.  It is issued to show the basis on which we will issue a Title Insurance Policy to you.  The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|    1. Commitment Date | |
|    2. Policies to be Issued, Amounts and Proposed Insureds | |
|    3. Interest in the Land and Owner | |
|    4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

## TITLE INSURANCE COMMITMENT

### BY

# Commonwealth®
## Land Title Insurance Company

COASTAL TITLE AGENCY, INC.
P.O. Box 740
Freehold, NJ 07728
Toll Free in N.J. 800-521-0378
(908) 308-1660

Countersigned:

By _____
AUTHORIZED SIGNATORY

COMMONWEALTH LAND TITLE INSURANCE COMPANY

By: _____ President

Attest: _____ Secretary

American Land Title Association Commitment - 1982
NJBR 3-02
Form 1106-9

WS1 033515

# COMMONWEALTH LAND TITLE INSURANCE COMPANY

## IMPORTANT NOTICE AND DISCLOSURE

: law Commonwealth Land Title Insurance Company is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive.  REAL ESTATE TRANSACTIONS ARE COMPLEX.  THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.

THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF COMMONWEALTH LAND TITLE INSURANCE COMPANY   THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.  Because the attorney . not our agent, we assume no responsibility for any information, advice, or insurance promises the attorney may give or make.  Our only liability you is under the terms of the Commitment, Policy and Closing Service letter if you choose to obtain one.

If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide a settlement service.

By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment.  If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
PREEHOLD, NJ 07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

WS1 033516

**COMMONWEALTH LAND**
**TITLE INSURANCE CO. ?ANY**
  **A Reliance Group Holdings Company**

                             **TITLE INSURANCE COMMITMENT**

                  **SCHEDULE A**

                           Commitment No.

1. Commitment Date:  July  9, 1996         File No.   CT-17958 A

2. Policy or Policies to be issued:                Policy Amount

    (a) [ X ] ALTA Residential Title Insurance Policy    $      125,000.00
           One-to-Four Family Residences (6/1/87)
      [   ] ALTA Owner -- (4/6/92)               $

    Proposed Insured:

    RONALD BALOGH

    (b) [ X ] ALTA Loan Policy                $      93,750.00
        (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
                assigns
                3443 Highway 9 North
                Freehold, NJ 07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, Ltd.    by deed from,  FBC,
   Inc., et al. dated     , recorded    , in the Monmouth County
   Clerk's/Register's office in deed book . page . (about to be recorded).

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Long Branch,  State of New Jersey and is described as follows:

                        Issued By:
                COASTAL TITLE AGENCY, INC.
    P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
    (908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 033519

COMMONWEALTH LANI
TITLE INSURANCE COMPANY
    A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMEN**

Commitment No.

File No. CT-17958 A

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Long Branch, County of Monmouth and state of New Jersey,
being more  particularly described as follows:

Beginning at a point in the southerly side of Central Avenue
distant 117 feet from the point of intersection of the
southerly side of Central Avenue and the easterly side of
Rockwell Avenue and running; thence

1.   southerly direction parallel to the westerly side of Lot
No. 23, 80 feet more or less to the northerly side of Lot No.
21; thence

2.   in an easterly direction along the northerly side of Lot
No. 21, 38 feet more or less to the westerly side of Lot No.
23; thence

3.   in a northerly direction along the westerly side of Lot No.
23, 91 feet 3 inches to the  southerly side of Central Avenue;
thence

4.   in a westerly direction along the south side of Central
Avenue 35 feet to the place of Beginning.

NOTE:  Being Lot(s) 7, Block 313, Tax Map of the City of Long
Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543  FAX #(908) 308-1881

WSI 033520

COMMONWEALTH LAND
  TITLE INSURANCE CO!  PANY
   A Reliance Group Holdings Company

**TITLE  INSURANCE  COMMITMENT**

**SCHEDULE B – SECTION 1**

Commitment No.

File No. CT-17958 A

**REQUIREMENTS**

The following requirements must be met:

a  Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

b  Pay us the premiums, fees and charges for the policy.

c  Document(s)  satisfactory to us creating the interest  in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1   Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

2.  Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).


(d)  You  must tell us  in writing  the name  of anyone  not referred  to  in this Commitment  who will get an interest  in the land or who will  make a loan on the land. We may then make additional requirements or exceptions.

(e)  Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment  searches are clear.

WS1 033521

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE: There is a possibility that the mortgage being insured herein must include one of the following:

a. Variable Rate Endorsement - Renegotiable or Adjustable.
b. Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE: This Policy will insure all facsimile copies of endorsements as originals.

NOTE: The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued. Special comprehensive title protection is afforded by said endorsement to the Mortgagee only. Affirmative insurance to the Owners can be given on a line by line basis. Please see Schedule B, Section 2.

NOTE: The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: We require a copy of the closing statement be submitted with the closing package.

NOTE: The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: Flood search is attached hereto and is provided as an accomodation only. No liability is assumed for the results of said flood search.

(j) Receipt of proper corporate affidavit of title for Cristo Property Management Ltd.

(k) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

Schedule B-Section 1
Form No. 1106-3

WS1 033522

COMMONWEALTH LAND
  TITLE INSURANCE CO'  'ANY
    A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B - SECTION II**

Commitment No.

File No. CT-17958 A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care
of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public
   record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about  the land which a correct  survey would disclose,  and  which
   are not shown by the public record.

4. Any liens  on your title,  arising now  or later,  for labor and material not
   shown by the public record.

5. Taxes, charges and assessments:


6. Subsurface conditions or encroachments not disclosed by an instrument of
   record.  (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et
   seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched
   through the recording of the Deed and/or Mortgage, and same are properly
   indexed.

9. Subject to rights of the utility company servicing the insured property for
   water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures that the dwelling does not encroach on the utility lines
   and said utility lines do not interfere with the use and occupancy of the
   dwelling for residential purposes.


- continued -

WS1 033523

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
                    Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WS1 033524

Commonwealth
Land Title Insurance Compa⁻

Audit No. X01-015518

Date:  July 30, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
      Stanley Yacker, Esq.
      330 Highway 34
      Suite 3
      Matawan, NJ 07747

    File No: CT-17958 A
    Transaction: RONALD BALOGH
    Premises: 272 CENTRAL AVENUE
              LONG BRANCH

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closing when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                              NJRB 6-04
*INSURANCE RATING BUREAU*                                            8-17/94

WSI 033517

[...] AND EXCLUSIONS

[...] Company will not be liable to you for loss arising out of:

[...] failure of the Attorney to comply with your closing instructions which require [...] require title insurance protection inconsistent with that set forth in the title [...] insurance binder or commitment issued by the Company. Instructions which require [...] removal of specific exceptions to title or compliance with the requirements [...] tained in said binder or commitment shall not be deemed to be inconsistent.

[...] or impairment of your funds in the course of collection or while on deposit [...] a bank due to bank failure, insolvency or suspension, except such as shall [...] from failure of the Issuing Agent or Attorney to comply with your written [...] ing instructions to deposit the funds in a bank which you designated by name.

[...] anics' and materialmen's liens in connection with a construction loan trans- [...] except to the extent that protection against such liens is afforded by a [...] insurance binder, commitment or policy of the Company.

[...] closing is to be conducted by an Issuing Agent or Attorney, a title insurance [...] commitment for the issuance of a policy of title insurance of the Company [...] have been received by you prior to the transmission of your final closing in- [...] to the Attorney.

[...] Company shall have reimbursed you pursuant to this letter, it shall be sub- [...] to all rights and remedies which you would have had against any person or [...] had you not been so reimbursed. Liability of the Company for such reim- [...] shall be reduced to the extent that you have knowingly and voluntarily [...] the value of such right of subrogation.

[...] ility of the Company for loss incurred by you in connection with closings of [...] ate transactions by an Issuing Agent or Attorney shall be limited to the [...] tion provided by this letter. However, this letter shall not affect the pro- [...] afforded by a title insurance binder, commitment or policy of the Company.

[...] shall be made promptly to the Company at its office at 8 Penn Center, Phila- [...] Pennsylvania 19103. When the failure to give prompt notice shall prejudice [...] Company, then liability of the Company hereunder shall be reduced to the extent [...] such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND
TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in
the caption of this Letter.

Commonwealth Land Title Insurance Company

BY: _____
    Robert F. Agel, President
    Coastal Title Agency, Inc.
    Agent

NEW JERSEY LAND TITLE                                          NJF3 6-04
INSURANCE RATING BUREAU                                        6-1-91

WS1 033518

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

 **Commonwealth**

LOAN POLICY OF TITLE INSURANCE

POLICY NUMBER

**F89-094207**

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest: *James J D Lynch Jr*
Secretary



By: _____
President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

PA 20
ALTA Loan Policy (10-17-92)
**Form 1191-2A**  Face Page

ORIGINAL

Valid Only If Schedules A and B and Cover Are Attached

COM 09911

Issued with Policy No. B7-074575

COMMONWEALTH LAND
   TITLE INSURANCE COMPANY
     A Reliance Group Holdings Company

POLICY OF TITLE INSURANCE

POLICY   NUMBER
F89-094207

## SCHEDULE A

Amount of Insurance    $90,000.00      File No. CT-17958 A

Premium             Standard Rates

Date of Policy        February 06, 1997

1. Name of Insured:

   National Home Funding, Inc., its successors and/or its
   assigns

2. The estate or interest in the land described in this Schedule and which is encumbered
   by the insured mortgage is: FEE SIMPLE  and is at Date of Policy vested in:

   RONALD BALOGH

3. The mortgage, herein referred to as the insured mortgage, and the assignments
   thereof, if any, are described as follows:

   Mortgage made by Ronald C. Balough, Jr., unmarried  to National Home Funding,
   Inc., dated August 20,1996, recorded February 6, 1997, in the Monmouth County
   Clerk's Office in Mortgage Book 6135, Page 850 in the sum of $90,000.00.

4. The land referred to in this policy is described as set forth in the insured
   mortgage, is situated in the County of Monmouth, City of Long Branch
   State of New Jersey and is identified as follows:

   (See description attached)

Countersigned: _____
               Authorized Officer or Agent

PA 20
American Land Title Association Loan Policy - 1970 (Amended 10/17/70)

COM 09912

**EXHIBIT 29**

COMMONWEALTH LAND
TITLE INSURANCE CC     ANY
    A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE A

Commitment No.

1. Commitment Date:  June 29, 1996           File No.   CT-17953 A

2. Policy or Policies to be issued:                    Policy Amount

    (a) [ X ] ALTA Residential Title Insurance Policy        $        150,000.00
              One-to-Four Family Residences (6/1/87)
        [   ] ALTA Owner -- (4/6/92)                         $

    Proposed Insured:

    RONALD BALOGH

    (b) [ X ] ALTA Loan Policy                               $        112,500.00
              (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
                      assigns
                      3443 Highway 9 North
                      Freehold, New Jersey 07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Berkeley Federal bank and Trust, FSB   by deed from,
   Armando B. Fontoura, Sheriff of Essex County, dated April 30, 1996,
   recorded May 23, 1996, in the Essex County Clerk's/Register's office in
   deed book 5417, page 701.

4. The land referred to in this Commitment is in the County of Essex,
   City of Newark, State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 056349

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B – SECTION 1**

Commitment No.

File No. CT-17953 A

**REQUIREMENTS**

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WSI 056350

NOTE:  There are no open mortgages of record.

(j) Receipt of proper corporate affidavit of title for Christo Property Management, LTD.

(k) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

Schedule B-Section 1
Form No. 1106-3

WSI 056351

COMMONWEALTH LAND
TITLE INSURANCE CO  IPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B – SECTION II

Commitment No.

File No. CT-17953 A

## EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

WS1 056352

9.  Subject to rights of the utility company servicing the insured property for
    water, sewer, electric, telephone and cable television.

    NOTE:  Policy insures that the dwelling does not encroach on the utility lines
    and said utility lines do not interfere with the use and occupancy of the
    dwelling for residential purposes.

    NOTE:  This policy insures that the mortgage set forth under Schedule A
    hereof is a valid first lien on the property described therein.

Countersigned: _____
                   Authorized Signatory

Schedule B-Section II                                    NJRB 3-02
Form No. 1106-6                                           10-15-82

WS1 056353

COMMONWEALTH LAND
 TITLE INSURANCE COMPANY
  A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMEN**

Commitment No.

File No. CT-17953 A

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Newark, County of Essex and state of New Jersey,
being more particularly described as follows:

Beginning in the easterly line of Columbia Avenue at a point
westerly 182.82 foot from the intersection of the easterly line
of Columbia Avenue with the southerly line of South Orange
Avenue; thence

1.  Easterly at right angles to Columbia Avenue south 64
degrees 33 minutes East 100.00 feet; thence

2.  South 25 degrees 27 minutes West 25.00 feet; thence

3.  North 64 degrees 33 minutes  West 100.00 feet to the
easterly line of Columbia Avenue; thence

4.  Along said easterly line of Columbia Avenue North 25
degrees 27 minutes East 25.00 feet to the point and place of
Beginning.

Being known and designated on a certain map entitled "Map of
Columbia Heights 1492-1892 South Orange Avenue adjoining the
Newark Shooting Park" owned by the West End Land Improvement
Company, surveyed by Lewis P. Taylor, Surveyor and filed in
Register's Office October 24, 1892 as Map No. 359 as and By Lot
No. 130.

NOTE:  Being Lot(s) 12, Block 4031, Tax Map of the City of
Newark.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

WS1 056354

# INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company.  It is issued to show the basis on which we will issue a Title Insurance Policy to you.  The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.

YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.

If you have any questions about the commitment, contact the Issuing Agent.

## TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
| 1.  Commitment Date | |
| 2.  Policies to be Issued, Amounts and Proposed Insureds | |
| 3.  Interest in the Land and Owner | |
| 4.  Description of the Land | |
| SCHEDULE B-1 — REQUIREMENTS | Insert |
| SCHEDULE B-1 — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

COMMITMENT FOR TITLE INSURANCE

## Commonwealth

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned

By: _____ President

Attest: _____ Secretary

By _____
Authorized Officer or Agent

American Land Title Association Commitment - 1982
NJBR 3-02
**Form 1106-9**

WSI 056355

**Commonwealth**
Land Title Insurance Compai

Audit No. X01-015360

Date:  August 01, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Richard J. Pepsny, Esquire
    187 Route 34
    Matawan, NJ  07747

    File No: CT-17953 A
    Transaction: RONALD BALOGH
    Premises: 16 COLUMBIA STREET
              NEWARK

Dear Customer:

When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured  by a mortgage of an  interest in land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and  priority  of the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling, including a  condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                                   NJRB 6-04
*INSURANCE RATING BUREAU*                                                 8/1//94

CTE 0126

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension. except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan trans-action. except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing in-structions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be sub-rogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reim-bursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the pro-tection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Phila-delphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

CTE 0127

ISSUED BY

**Commonwealth.**
**Land Title Insurance Company**

**LOAN POLICY OF TITLE INSURANCE**

POLICY NUMBER

554-632893

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.
   The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.
IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest: *James J W Lynch Jr*

Secretary



By: _____

President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

NM 2  PA 20
ALTA Loan Policy (10-17-92)
**Form 1191-2** Face Page

ORIGINAL

Valid Only If Schedules A and B and Cover Are Attached

CTE 0163



**Commonwealth.**
Land Title Insurance Company

PRIOR POLICY CREDIT INFO

Liability Cr. $ _____

Premium Cr. $ _____

Policy No. _____

POLICY NUMBER

554-632893

## LOAN POLICY OF TITLE INSURANCE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest: *James J W Lynch Jr*

Secretary

By: _____

President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgage being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

NM 2   PA 20
ALTA Loan Policy (10-17-92)
**Form 1191-2** Face Page

CLT COPY

Valid Only If Schedules A and B and Cover Are Attached

## CONDITIONS AND STIPULATIONS
(Continued)

**5. PROOF OF LOSS OR DAMAGE.**

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligation to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

**6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.**

In case of a claim under this policy, the Company shall have the additional options:

(a) To Pay or Tender Payment of the Amount of Insurance or to Purchase the Indebtedness.

(i) to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay; or

(ii) to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of purchase and which the Company is obligated to pay.

If the Company offers to purchase the indebtedness as herein provided, the owner of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to the Company upon payment therefor.

Upon the exercise by the Company of either of the options provided for in paragraphs a(i) or (ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

(b) To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.

(i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay; or

(ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in paragraphs b(i) or (ii), the Company's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

**7. DETERMINATION AND EXTENT OF LIABILITY.**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of the Company under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2 (c) of these Conditions and Stipulations;

(ii) the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time of loss or damage insured against by this policy occurs, together with interest thereon; or

(iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b) In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of the Company shall continue as set forth in Section 7(a) of these Conditions and Stipulations.

(c) The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8. LIMITATION OF LIABILITY.**

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c) The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

(d) The Company shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy relating to improvements to the land which were secured by and which the insured has advanced or is obligated to advance at and after Date of Policy.

**9. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY.**

(a) All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce pro tanto the amount of the insurance afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage.

(b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c) Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations.

**10. LIABILITY NONCUMULATIVE.**

If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy.

**11. PAYMENT OF LOSS.**

(a) No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

**12. SUBROGATION UPON PAYMENT OR SETTLEMENT.**

(a) The Company's Right of Subrogation.

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to all rights and remedies of the insured claimant after the insured claimant shall have recovered its principal, interest, and costs of collection.

(b) The Insured's Rights and Limitations.

Notwithstanding the foregoing, the owner of the indebtedness secured by the insured mortgage, provided the priority of the lien of the insured mortgage or its enforceability is not affected, may release or substitute the personal liability of any debtor or guarantor, or extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness.

When the permitted acts of the insured claimant occur and the insured has knowledge of any claim of title or interest adverse to the title to the estate or interest or the priority or enforceability of the lien of the insured mortgage, as insured, the Company shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(c) The Company's Rights Against Non-insured Obligors.

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

The Company's right of subrogation shall not be avoided by acquisition of the insured mortgage by an obligor (except an obligor described in Section 1(a) (i) of these Conditions and Stipulations) who acquires the insured mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond and the obligor will not be an insured under this policy, notwithstanding Section 1(a)(i) of these Conditions and Stipulations.

**13. ARBITRATION.**

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court or arbitrator to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

**14. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.**

(a) This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or a validating officer or authorized signatory of the Company.

**15. SEVERABILITY.**

In the event any provision of this policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

**16. NOTICES, WHERE SENT.**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to COMMONWEALTH LAND TITLE INSURANCE COMPANY, 1700 Market Street, Philadelphia, PA 19103-3990.

**Valid Only If Face Page and Schedules A and B Are Attached**

NM2                     PA 20
ALTA Loan Policy (10-17-92)                          ORIGINAL
Cover Page
Form 1191-3



ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

**Commonwealth**

SURVEY ENDORSEMENT
(PLAIN LANGUAGE FORM)

ENDORSEMENT NO.
744-151460

File No.

Attached to Policy No.

Exception number 1 in Schedule B of this policy is deleted and the following is substituted:

1. Based upon a survey made by

dated                                    , the Company hereby insures you against loss or damage
which you suffer by reason of any encroachments, overlaps, boundary line disputes or easements,
except as follows:

This endorsement is a part of your policy or commitment. Nothing else in your policy or commitment
changes.

DATED:

Countersigned

_____
Authorized Officer or Agent

COMMONWEALTH LAND TITLE INSURANCE COMPANY

BY:                                    President

Attest:                                    Secretary

Form 1107

ORIGINAL

N J R B 5 - 14
10-15-82

CTE 0166

PRIOR POLICY CREDIT INFO

Liability Cr. $ _____

Premium Cr. $ _____

Policy No. _____

SURVEY ENDORSEMENT
(PLAIN LANGUAGE FORM)

ENDORSEMENT NO.
744-151460

 **Commonwealth**

File No. _____

Attached to Policy No. _____

Exception number 1 in Schedule B of this policy is deleted and the following is substituted:

1. Based upon a survey made by _____

    dated _____, the Company hereby insures you against loss or damage which you suffer by reason of any encroachments, overlaps, boundary line disputes or easements, except as follows:

This endorsement is a part of your policy or commitment. Nothing else in your policy or commitment changes.

DATED:

Countersigned

COMMONWEALTH LAND TITLE INSURANCE COMPANY

BY: _____  President

_____
Authorized Officer or Agent

Attest: _____  Secretary

Form 1107

CLT COPY

N J R B 5 - 14
10-15-82

CTE 0167



ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

ALTA ENDORSEMENT - FORM 8.1
ENVIRONMENTAL PROTECTION LIEN

 **Commonwealth**

ENDORSEMENT NO.

779-079217

File No.

Attached to and made a part of Policy Number

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B, or

(b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on the
day of _____ 19___

Countersigned

COMMONWEALTH LAND TITLE INSURANCE COMPANY

By _____
   Authorized Officer or Agent

By _____  President

Attest: _____  Secretary

ALTA Endorsement - Form 8.1 (Environmental Protection Lien) (3-12-88)
**Form 2291-3**

ORIGINAL

CTE 0168

PRIOR POLICY CREDIT INFO
Liability Cr. $ _____
Premium Cr. $ _____
Policy No. _____





**Commonwealth**

ENDORSEMENT NO.

779-079217

ALTA ENDORSEMENT – FORM 8.1
ENVIRONMENTAL PROTECTION LIEN

File No.

Attached to and made a part of Policy Number

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B, or

(b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on the day of _____ 19___

Countersigned                    COMMONWEALTH LAND TITLE INSURANCE COMPANY

By _____                    By _____
   Authorized Officer or Agent                                      President

                                       Attest: _____
                                                              Secretary

ALTA Endorsement – Form 8.1 (Environmental Protection Lien) (3-12-88)
**Form 2291-3**                    CLT COPY

CTE 0169

# Commonwealth.
## Land Title Insurance Company

ENDORSEMENT NUMBER
786-127709

## ALTA ENDORSEMENT - FORM 9

Premium: $                                                File No.

Attached to and made a part of Policy Number

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.  Any incorrectness in the assurance that, at Date of Policy:
    (a) There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.
    (b) Unless expressly excepted in Schedule B:
        (1) There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.
        (2) Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.
        (3) There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.
        (4) There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.
        (5) There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.
2.  Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:
    (a) invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or
    (b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.
3.  Damage to existing improvements, including lawns, shrubbery or trees:
    (a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;
    (b) resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.
4.  Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.
5.  Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.
        Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.
        As used in paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.
This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on the                 day of                 19

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest:                                                        By:

        Secretary                                                      President

Countersigned:

Authorized Officer or Agent

ALTA Endorsement - Form 9 (Restrictions, Easements, Minerals) (3-27-92)
Form 2313                                ORIGINAL

CTE 0170



**Commonwealth.**
Land Title Insurance Company

ENDORSEMENT NUMBER

786-127709

Premium: $                            **ALTA ENDORSEMENT – FORM 9** File No.

Attached to and made a part of Policy Number

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.  Any incorrectness in the assurance that, at Date of Policy:
    (a) There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.
    (b) Unless expressly excepted in Schedule B:
      (1) There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.
      (2) Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.
      (3) There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.
      (4) There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.
      (5) There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.
2.  Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:
    (a) invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or
    (b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.
3.  Damage to existing improvements, including lawns, shrubbery or trees:
    (a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;
    (b) resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.
4.  Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.
5.  Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

    Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

    As used in paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on the _____ day of _____ 19____

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest: _James J. D. Lynch Jr._                     By: _____

                              Secretary                                        President

Countersigned: _____

_____
Authorized Officer or Agent

ALTA Endorsement - Form 9 (Restrictions, Easements, Minerals) (3-27-92)
**Form 2313**                              CLT COPY

CTE 0171

ENDORSEMENT
NUMBER

P07-002399

 **Commonwealth.**
Land Title Insurance Company

## ALTA ENDORSEMENT - FORM 1

File No.

Premium $

Attached to and made a part of Policy Number

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on the day of                                                                 19

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest:                                                             By:

_James J. W. Lynch, Jr._
                          Secretary                                                    President

Countersigned:

_____
Authorized Officer or Agent

ALTA Endorsement - Form 1 (Street Assessment)(6-1-87)
**Form 1144-6**

ORIGINAL

NJRB 5-36



<table>
<tr><td colspan="2"><strong>PRIOR POLICY CREDIT INFO</strong></td></tr>
<tr><td>Liability Cr. $</td><td>_____</td></tr>
<tr><td>Premium Cr. $</td><td>_____</td></tr>
<tr><td>Policy No.</td><td>_____</td></tr>
</table>

ENDORSEMENT
NUMBER

# P07-002399

 **Commonwealth.**
Land Title Insurance Company

## ALTA ENDORSEMENT - FORM 1

File No:

Premium $

    Attached to and made a part of Policy Number

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on the day of                                          19

**COMMONWEALTH LAND TITLE INSURANCE COMPANY**

Attest:                                                                           By:

*James J D Lynch Jr*                                                              _____

                                   Secretary                                                              President

Countersigned:

_____

Authorized Officer or Agent

ALTA Endorsement - Form 1 (Street Assessment)(6-1-87)
**Form 1144-6**                                        CLT COPY                                        NJRB 5-36

CTE 0173

STATISTICAL STATES ONLY

Policy Type

Title Source

Property Type

Escrow Charge

Work Type

Work Charge

STATISTICAL STATES ONLY