# EXHIBIT 30

**COMMONWEALTH LAND
TITLE INSURANCE COMPANY**
   A Reliance Group Holdings Company

## TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-17954 A

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Newark, County of Essex and state of New Jersey,
being more  particularly described as follows:

Beginning at a point on the southwesterly line of Silver
Street, said point being a distance of 75.42 feet southeasterly
from a point formed by the intersection of the southwesterly
line of Silver Street and the southeasterly line of Smith
Street; thence

1.   South 32 degrees 19 minutes West, 92.14 feet to a point;
thence

2.   South 57 degrees 41 minutes East, 25.00 feet to a point;
thence

3.   North 32 degrees 19 minutes East, 89.15 feet to the
southwesterly side of Silver Street; thence

4.  Along the same, North 51 degrees 42 minutes West, 25.14
feet to the point and place of Beginning.

The above description is drawn in accordance with a survey
prepared by Baseline Surveying, Inc., dated August 1, 1996.

Being known as Lot 367 on a map entitled "Map of Lindlsey
Manor", City of Newark, County of Essex, N.J., Map filed
October 17, 1896, No. 481.

NOTE:  Being Lot(s) 5, Block 4108, Tax Map of the City of
Newark.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

WSI 056420

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|    1. Commitment Date | |
|    2. Policies to be Issued, Amounts and Proposed Insureds | |
|    3. Interest in the Land and Owner | |
|    4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

**TITLE INSURANCE COMMITMENT**
BY
## Commonwealth®
## Land Title Insurance Company

**COASTAL TITLE AGENCY, INC.**
P.O. Box 740
Freehold, NJ 07728
Toll Free in N.J. 800-521-0378
(908) 308-1660

Countersigned:

By _____
**AUTHORIZED SIGNATORY**

COMMONWEALTH LAND TITLE INSURANCE COMPANY

By: _____ President

Attest: _____ Secretary

American Land Title Association Commitment - 1982
NJBR 3-02
Form 1106-9

WS1 056421

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date:  July 16, 1996              File No.   CT-17954 A

2. Policy or Policies to be issued:                        Policy Amount

    (a) [ X ] ALTA Residential Title Insurance Policy      $  150,000.00
           One-to-Four Family Residences (6/1/87)
     [   ] ALTA Owner -- (4/6/92)                           $

Proposed Insured:

RONALD BALOGH

    (b) [ X ] ALTA Loan Policy                             $  ~~112,500.00~~
          (10/17/92)                                       86,250

Proposed Insured:

NATIONAL HOME FUNDING, INC.,
its successors and/or its assigns
3443 Highway 9 North
Freehold, NJ   07728

3. LEASEHOLD  interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, Ltd.  by deed from,
   F.B.C., Inc., dated        and is about to be recorded in the Essex County
   Clerk's Office.

4. The land referred to in this Commitment is in the County of Essex,
   City of Newark,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 056422

**COMMONWEALTH LAND**
**TITLE·INSURANCE COMPANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-17954 A

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Newark, County of Essex and state of New Jersey,
being more particularly described as follows:

Beginning in the southerly side of Silver Street (formerly Wall
Street) at a point therein distant easterly 75.42 feet from the
intersection of the same with the easterly side of Smith Street
(formerly Hillside Road) and from thence running:

1.   South 32 degrees 19 minutes West, 92.14 feet to a point;
thence

2.   South 57 degrees 41 minutes East, 25.00 feet to a point;
thence

3.   North 32 degrees 19 minutes East, 89.15 feet to the
southerly side of Silver Street; thence

4.   Along the same, North 51 degrees 42 minutes West, 25.14
feet to the point and place of Beginning.

Being known as Lot 367 on a map entitled "Map of Lindlsey
Manor", City of Newark, County of Essex, N.J., Map filed
October 17, 1896, No. 481.

NOTE:  Being Lot(s) 5, Block 4108, Tax Map of the City of
Newark.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881**

WS1 056423

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

### TITLE INSURANCE COMMITMENT

### SCHEDULE B - SECTION 1

Commitment No.

File No. CT-17954 A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 056424

(j) Receipt of proper corporate affidavit of title for Cristo Property Management, Ltd.

(k) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

(l) As an accommodation, a Flood Letter has been ordered, but not yet received.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

Schedule B-Section 1
Form No. 1106-3

WSI 056425

**COMMONWEALTH LAND**
**TITLE INSURANCE CO***\_\_***ANY**
  **A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B - SECTION II**

File No. CT-17954 A

**EXCEPTIONS**

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4.  Any liens on your title, arising now or later, for labor and material not shown by the public record.

5.  Taxes, charges and assessments:

6.  Subsurface conditions or encroachments not disclosed by an instrument of record.  (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

    NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9.  Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE:  Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

    NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
                    Authorized Signatory

Page 5

WS1 056426

Commonwealth
Land Title Insurance Company

Audit No. X01-015114

Date:  July 30, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yakcer, Esq.
    330 Highway 34
    Suite 3
    Matawan, NJ  07747


    File No: CT-17954 A
    Transaction: RONALD BALOGH
    Premises: 26 SILVER STREET
              NEWARK


Dear Customer:

When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which you are  to be a lender  secured by a mortgage of an  interest in  land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability and  priority  of the  lien of  said  mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling, including a  condominium unit,  which is your
principal residence, and are paying cash for the purchase,  you are protected,  but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                          NJRB 6-04
*INSURANCE RATING BUREAU*                                        8/1//94

WS1 056444

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

   1.  Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

   2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

   3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

**THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.**

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

WSI 056445

# EXHIBIT 31

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.

YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|    1. Commitment Date | |
|    2. Policies to be Issued, Amounts and Proposed Insureds | |
|    3. Interest in the Land and Owner | |
|    4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

## TITLE INSURANCE COMMITMENT

### BY



# Commonwealth ®
## Land Title Insurance Company

COASTAL TITLE AGENCY, N.J.
P.O. Box 740
Freehold, NJ 07728
Toll Free in N.J. 800-521-0378
(908) 308-1650

Countersigned:

By _____
AUTHORIZED SIGNATORY

COMMONWEALTH LAND TITLE INSURANCE COMPANY



By: _____
President

Attest: _____
Secretary

American Land Title Association Commitment - 1982
R 3-02
m 1106-9

WS1 033234

## AGREEMENT TO ISSUE POLICY

Page 2

We agree to issue a policy to you according to the terms of this Commitment. When we show the policy amount and your name as the proposed insured in Schedule A, this Commitment becomes effective as of the Commitment Date shown in Schedule A.

If the Requirements shown in this Commitment have not been met within nine (9) months after the Commitment Date, our obligation under this Commitment will end. Also, our obligation under this Commitment will end when the Policy is issued and then our obligation to you will be under the Policy.

Our obligation under this Commitment is limited by the following:

- The Provisions in Schedule A.
- The Requirements in Schedule B-I.
- The Exceptions in Schedule B-II.
- The Conditions on Page 3.

**This Commitment is not valid without SCHEDULE A and Sections I and II of SCHEDULE B.**

Conditions on Inside Back Cover

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date: July 9, 1996          File No.   CT-17959 A

2. Policy or Policies to be issued:                    Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy        $  125,000.00
           One-to-Four Family Residences (6/1/87)
       [    ] ALTA Owner -- (4/6/92)                        $

   Proposed Insured:

   RONALD BALOUGH

   (b) [ X ] ALTA Loan Policy                              $   93,750.00
           (10/17/92)

   Proposed Insured:

   NATIONAL HOME FUNDING, INC.,
   its successors and/or its assigns
   3443 Highway 9 North
   Freehold, NJ   07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, Ltd.  by deed from,
   F.B.C., Inc., et al, dated _____, about to be recorded in the Monmouth
   County Clerk's Office.

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Long Branch,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 033236

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
    A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMEN**

Commitment No.

File No. CT-17959 A

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Long Branch, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Beginning at a point in the north side of a 26 foot wide street
connecting Rockwell Avenue and Liberty Street, now known as
Railroad Street, said point of beginning being distant 25 feet
easterly from the southeast corner of Lot No. 45 owned by Annie
E. Hayes; thence

1. In an easterly direction along the said northerly side of
Railroad Street, 25.00 feet to a point; thence

2. In a northerly direction and parallel with the easterly
side of said Lot No. 45, 98.00 feet, more or less, to the
southerly line of Lot No. 24; thence

3. In a westerly direction along Lot No. 24, 25.00 feet and
one inch to the northeasterly corner of lot, sold by Robert
Higginson to Jere P. Baldwin; thence

4. In a southerly direction, parallel with the east line of
Lot No. 45, 94.00 feet, more or less to the place of Beginning.

Being a part of Lot No. 44 as laid down on a map of Joel Potter
Estate, on the west side of Liberty Street.

NOTE:  Being Lot(s) 41, Block 313, Tax Map of the City of Long
Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

COMMONWEALTH LAND
TITLE INSURANCE C  APANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B - SECTION 1

Commitment No.

File No. CT-17959 A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s)  satisfactory to us creating the interest  in the land and/or the mortgage to be insured must be signed, delivered and recorded:

   1.  Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

   2.  Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You  must tell us  in writing  the name  of anyone  not referred  to  in this Commitment  who will get an interest  in the land or who will  make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) County judgment search is clear.

(i) New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

(j) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

(k) Receipt of proper corporate affidavit of title for Cristo Property Management, Ltd.

(l) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

Schedule B-Section 1
Form No. 1106-3

WS1 033239

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

## TITLE INSURANCE COMMITMENT

### SCHEDULE B - SECTION II

File No. CT-17959 A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE: Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

   NOTE: This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _X̲&̲T̲ ̲T̲i̲j̲e̲_̲ ̲_̲_̲_̲_̲_̲_̲
                   Authorized Signatory

Page 5

WS1 033240

Commonwealth
Land Title Insurance Compa

Audit No. X01-015112

Date:  July 30, 1996

To: National Home Funding, Inc.,
    its successors and/or its assigns
    3443 Highway 9 North
    Freehold. NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yacker, Esq.
    330 Highway 34
    Suite 3
    Matawan, NJ  07747


    File No: CT-17959 A
    Transaction: RONALD BALOUGH
    Premises: 251 WILBUR STREET
              LONG BRANCH


Dear Customer:

When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured  by a  mortgage of an  interest in  land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability  and  priority  of the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the  collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling,  including a  condominium unit,  which is your
principal residence, and are paying cash for the purchase,  you are protected,  but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                              NJRB 6-04
*INSURANCE RATING BUREAU*                                           8/1//94

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

   1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

   2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

   3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

                                   *Commonwealth Land Title Insurance Company*

                      BY: _____
                         Robert F. Agel, President
                         Coastal Title Agency, Inc.
                         Agent

*NEW JERSEY LAND TITLE*                                 NJRB 6-04
*INSURANCE RATING BUREAU*                         8/1/94

WS1 033233

**Commonwealth**

**LOAN POLICY OF TITLE INSURANCE**

PRIOR POLICY CREDIT INFO
Liability No. 2
Premium Cr. $
Policy No.

POLICY NUMBER
F84-0940415

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;

5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
(a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising in whole or in part from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title in the insured assignee in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY**

Attest: _James W. Lynch Jr._
Secretary

By: _[signature]_
President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
(i) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
(ii) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
(iii) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
(a) to timely record the instrument of transfer; or
(b) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

PA 270
ALTA Loan Policy (10-17-92)
Form 1191-2A Face Page

Valid Only If Schedules A and B and Cover Are Attached.

COM0000027

...ed with Policy No. 187-074727

COMMONWEALTH LAND
TITLE INSURANCE COMPANY                              POLICY OF TITLE INSURANCE
 - A Reliance Group Holdings Company

                                                        POLICY NUMBER
                                                        F89-094048
                        SCHEDULE A

Amount of Insurance            $90,000.00
                                                    File No. CT-17969 A
Premium                    Simultaneous Issue

Date of Policy             January 30, 1997

1. Name of Insured:

   NATIONAL HOME FUNDING, its successors and/or its assigns
   3443 Highway 9 North, Freehold, NJ  07728

2. The estate or interest in the land described in this Schedule and which is encumbered
   by the insured mortgage is: FEE SIMPLE  and is at Date of Policy vested in:

   RONALD C. BALOGH JR.

3. The mortgage, herein referred to as the insured mortgage, and the assignments
   thereof, if any, are described as follows:

   Mortgage from RONALD C. BALOGH JR. to NATIONAL HOME FUNDING, to secure the
   payment of $90,000.00 and interest, dated August 20, 1996, recorded January
   30, 1997, in the Monmouth County Clerk's/Register's office in mortgage book
   6131 page 0836.

4. The land referred to in this policy is described as set forth in the insured
   mortgage, is situated in the County of Monmouth, City of Long Branch
   State of New Jersey and is identified as follows:

                        See Description Attached

                            Issued By:
                      COASTAL TITLE AGENCY, INC.
            P.O. Box 749, 21 W. Main Street, Suite 2, Freehold, NJ 07728
         (908) 306-1660  (800) 621-9278  (908) 775-6543  FAX #(908) 308-1881

Countersigned:       _____
                         Authorized Officer or Agent

P4 70
American Land Title Association Loan Policy - 1970 (Amended 10/17/70)

                                                        COM0000028

MONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

## TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-17959 A

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Long Branch, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Beginning at a point in the northerly line of Wilbur Ray Avenue
(Potter Avenue), said point being distant 491.17 feet westerly
from the corner formed by the intersection of the northerly
line of Wilbur Ray Avenue and the westerly line of Liberty
Street running; thence

1.  Along the northerly line of Wilbur Ray Avenue, South 76
degrees 21 minutes 00 seconds West, 25.00 feet to a point,
thence

2.  North 13 degrees 39 minutes 00 seconds West, 94.34 feet to
a point; thence

3.  North 71 degrees 10 minutes 00 seconds East, 25.10 feet to
a point; thence

4.  South 13 degrees 39 minutes 00 seconds East, 96.62 feet to
the point or place of Beginning.

The above description is drawn in accordance with a survey
prepared by William J. Fiore, Inc., dated August 1, 1996.

Being a part of Lot No. 44 as laid down on a map of Joel Potter
Estate, on the west side of Liberty Street.

NOTE:  Being Lot(s) 41, Block 313, Tax Map of the City of Long
Branch.

Issued by:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-6543  FAX #(908) 308-1581

CON0000029

**EXHIBIT 32**

**COMMONWEALTH LAND
TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date: July 9, 1996          File No.   CT-17960 A

2. Policy or Policies to be issued:                    Policy Amount

     (a) [ X ] ALTA Residential Title Insurance Policy        $  125,000.00
              One-to-Four Family Residences (6/1/87)
         [   ] ALTA Owner -- (4/6/92)                         $

     Proposed Insured:

     RONALD BALOGH

     (b) [ X ] ALTA Loan Policy          90,000                $  93,750.00
              (10/17/92)

     Proposed Insured:

     NATIONAL HOME FUNDING, INC.,
     its successors and/or its assigns
     3443 Highway 9 North
     Freehold, NJ   07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, Ltd.  by deed from,
   F.B.C., Inc. , dated _____ and is about to be recorded in the Monmouth
   County Clerk's Office.

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Long Branch,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 060266

**COMMONWEALTH LAN.**
**TITLE INSURANCE COMPANY**
**A Reliance Group Holdings Company**

### TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-17960 A

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Long Branch, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Beginning at a point in the southerly right of way line of
Central Avenue (60 foot right of way), said point being 223.50
feet westerly along same from the westerly line of Liberty
Street and running; thence

1.  South 19 degrees 30 minutes 00 seconds East, a distance of
100.00 feet to a point; thence

2.  South 70 degrees 30 minutes 00 seconds West, a distance of
25.00 feet to a point; thence

3.  North 19 degrees 30 minutes 00 seconds West, a distance of
100.00 feet to a point in the southerly line of Central Avenue;
thence

4.  North 70 degrees 30 minutes 00 seconds East along same, a
distance of 25.00 feet to the point and place of Beginning.

NOTE:  Being Lot(s) 21, Block 313, Tax Map of the City of Long
Branch.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881**

WS1 060267

**COMMONWEALTH LAND**
**TITLE INSURANCE CC    ANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B – SECTION 1

Commitment No.

File No. CT-17960 A

## REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s)  satisfactory to us creating the interest  in the land and/or the mortgage to be insured must be signed, delivered and recorded:

    1.  Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

    2.  Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You  must tell us  in writing  the name  of anyone  not referred  to in this Commitment  who will get an interest  in the land or who will  make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

    NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

    NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment  searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 060268

(j) Receipt of proper corporate affidavit of title for Cristo Property Managment, Ltd.

(k) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

(l) As an accommodation, a Flood Letter has been ordered, but not yet received.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE:   There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement – Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

Schedule B-Section 1
Form No. 1106-3

WS1 060269

**COMMONWEALTH LAND**
**TITLE INSURANCE CO   'ANY**
   **A Reliance Group Holdings Company**

### TITLE INSURANCE COMMITMENT

### SCHEDULE B – SECTION II

File No. CT-17960 A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care
of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public
    record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about the land which a correct survey would disclose, and which
    are not shown by the public record.

4.  Any liens on your title, arising now or later, for labor and material not
    shown by the public record.

5.  Taxes, charges and assessments:

6.  Subsurface conditions or encroachments not disclosed by an instrument of
    record. (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et
    seq.

    NOTE: Policy insures that the alphabetical Indicies have been searched
    through the recording of the Deed and/or Mortgage, and same are properly
    indexed.

9.  Subject to rights of the utility company servicing the insured property for
    water, sewer, electric, telephone and cable television.

    NOTE: Policy insures that the dwelling does not encroach on the utility lines
    and said utility lines do not interfere with the use and occupancy of the
    dwelling for residential purposes.

    NOTE: This policy insures that the mortgage set forth under Schedule A
    hereof is a valid first lien on the property described therein.

Countersigned: _____
                  Authorized Signatory

Page 5

Schedule B-Section 11                                                   NJRE 3-02
Form No. 1106-6                                                         10-15-82

WS1 060270

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-17960 A

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Long Branch, County of Monmouth and state of New Jersey, being more particularly described as follows:

Beginning at a point in the southerly right of way line of Central Avenue (60 foot right of way), said point being 223.50 feet westerly along same from the westerly line of Liberty Street and running; thence

1.   South 19 degrees 30 minutes 00 seconds East, a distance of 100.00 feet to a point; thence

2.   South 70 degrees 30 minutes 00 seconds West, a distance of 25.00 feet to a point; thence

3.   North 19 degrees 30 minutes 00 seconds West, a distance of 100.00 feet to a point in the southerly line of Central Avenue; thence

4.   North 70 degrees 30 minutes 00 seconds East along same, a distance of 25.00 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey prepared by William J. Fiore, Inc., dated August 1, 1996.

NOTE:   Being Lot(s) 21, Block 313, Tax Map of the City of Long Branch.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881**

# COMMONWEALTH LAND TITLE INSURANCE COMPANY

## IMPORTANT NOTICE AND DISCLOSURE

1.  By law Commonwealth Land Title Insurance Company is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive.  REAL ESTATE TRANSACTIONS ARE COMPLEX.  THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.

2.  THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF COMMONWEALTH LAND TITLE INSURANCE COMPANY  THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.  Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make.  Our only liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3.  If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4.  By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment.  If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ  07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

**Commonwealth**
Land Title Insurance Comp.

Audit No. X01-015113

Date:  July 30, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yacker, Esq.
    330 Highway 34
    Suite 3
    Matawan, NJ  07747

    File No: CT-17960 A
    Transaction: RONALD BALOGH
    Premises: 232 CENTRAL AVENUE
              LONG BRANCH

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                              NJRB 6-04
*INSURANCE RATING BUREAU*                                           8/1/94

WS1 060273

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

   1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

   2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

   3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
    Robert F. Agel, President
    Coastal Title Agency, Inc.
    Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

WSI 060274

**Commonwealth**

PRIOR POLICY CREDIT INFO

Liability Cr. $
Premium Cr. $
Policy No.

POLICY NUMBER
F89-0990%b

# LOAN POLICY OF TITLE INSURANCE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused this corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY**

Attest:                                                        By:

_____                    _____
Secretary                                                    President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

PR.20
ALTA Loan Policy (10-17-92)
Form 1191-22, Face Page

Valid Only If Schedules A and B and Cover Are Attached

COM0000223

...d with Policy No. 187-074726

COMMONWEALTH LAND
· TITLE INSURANCE COMPANY
    A Reliance Group Holdings Company

POLICY OF TITLE INSURANCE

POLICY NUMBER
P89-094044

SCHEDULE A

| | | |
|---|---|---|
| Amount of Insurance | $90,000.00 | File No. CT-17960 A |
| Premium | Simultaneous Issue | |
| Date of Policy | February 11, 1997 | |

1. Name of Insured:

   NATIONAL HOME FUNDING, INC., its successors and/or its assigns
   3443 Highway 9 North, Freehold, NJ   07728

2. The estate or interest in the land described in this Schedule and which is encumbered
   by the insured mortgage is: FEE SIMPLE and is at Date of Policy vested in:

   RONALD C. BALOGH, JR

3. The mortgage, herein referred to as the insured mortgage, and the assignments
   thereof, if any, are described as follows:

   Mortgage from RONALD C. BALOGH, JR, Unmarried to NATIONAL HOME FUNDING, INC.,
   to secure the payment of $90,000.00 and interest, dated August 20, 1996,
   recorded February 11, 1997, in the Monmouth County Clerk's/Register's office
   in mortgage book 6137 page 0980.

4. The land referred to in this policy is described as set forth in the insured
   mortgage, is situated in the County of Monmouth, City of Long Branch
   State of New Jersey and is identified as follows:

                        See Description Attached

                            Issued By:
                    COASTAL TITLE AGENCY, INC.
        P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
        (908) 308-1660  (800) 521-0378  (908) 776-8543  FAX #(908) 308-1881

Countersigned: _____
                    Authorized Officer of Agent

'PA 29
American Land Title Association Loan Policy - 1970 (Amended 10/17/70)

COM0000024

MONWEALTH LAND
TLE·INSURANCE COMPANY
A Reliance Group Holdings Company

## TITLE·INSURANCE·COMMITMENT

Commitment No.

File No. CT-17960 A

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Long Branch, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Beginning at a point in the southerly right of way line of
Central Avenue (60 foot right of way), said point being 223.50
feet westerly along same from the westerly line of Liberty
Street and running; thence

1.   South 19 degrees 30 minutes 00 seconds East, a distance of
100.00 feet to a point; thence

2.   South 70 degrees 30 minutes 00 seconds West, a distance of
25.00 feet to a point; thence

3.   North 19 degrees 30 minutes 00 seconds West, a distance of
100.00 feet to a point in the so southerly line of Central Avenue;
thence

4.   North 70 degrees 30 minutes 00 seconds East along same, a
distance of 25.00 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey
prepared by William J. Piere, Inc., dated August 1, 1996.

NOTE: Being Lot(s) 21, Block 313, Tax Map of the City of Long
Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 745, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX @(908) 308-1991.

COM00D0025

Policy No. F89-094046

File No.  CT-17960 A

SCHEDULE B

PART I

This policy does not insure against loss or damage by reason of the following:

OMIT   1.  Encroachments, overlaps, boundary line disputes, and any other matters which
would be disclosed by an accurate survey and inspection of the premises.

2.  Lien for unpaid taxes for the year 1996 and 1997.  (Taxes have been paid
through the second quarter 1996)

3.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.
(None yet due and payable)

NOTE:  Policy insures that the Alphabetical Indicies have been searched
through the recording of the Deed and/or Mortgage, and same are properly
indexed.

4.  Subject to rights of the utility company servicing the insured property for
water, sewer, electric, telephone and cable television.

NOTE:  Policy insures that the dwelling does not encroach on the utility lines
and said utility lines do not interfere with the use and occupancy of the
dwelling for residential purposes.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof
is a valid first lien on the property described therein.

NOTE: Unless Schedule B Part II is attached there are no subordinate matters that affect
the title to the estate or interest referred to in Schedule A.

American Land Title Association Loan Policy - 1970 (Rev. 10/17/70 and 10/17/84)
Schedule B-Part I
Form 1305-7

CCH0000026

**EXHIBIT 33**

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
| 1. Commitment Date | |
| 2. Policies to be Issued, Amounts and Proposed Insureds | |
| 3. Interest in the Land and Owner | |
| 4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

## TITLE INSURANCE COMMITMENT

### BY



# Commonwealth®
## Land Title Insurance Company

COASTAL TITLE AGENCY, INC.
P.O. Box 740
Freehold, NJ 07728
Toll Free in N.J. 800-521-0378
(908) 308-1660

Countersigned:

By _____
**AUTHORIZED SIGNATORY**

COMMONWEALTH LAND TITLE INSURANCE COMPANY

By: _____
                                     President

Attest: _____
                                     Secretary

American Land Title Association Commitment - 1982
NJBR 3-02
Form 1106-9

WS1 040588

**COMMONWEALTH LAND**
**TITLE INSURANCE C    APANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date:  June 29, 1996          File No.   CT-17956 A

2. Policy or Policies to be issued:                        Policy Amount

  (a) [ X ] ALTA Residential Title Insurance Policy          $        150,000.00
            One-to-Four Family Residences (6/1/87)
      [    ] ALTA Owner -- (4/6/92)                          $

  Proposed Insured:

  RONALD BALOGH

  (b) [ X ] ALTA Loan Policy                                 $        112,500.00
            (10/17/92)

  Proposed Insured: National Home Funding, Inc., its successors and/or its
                    assigns
                    3443 Highway 9 North
                    Freehold, NJ 07728

3. LEASEHOLD  interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, Ltd.   by deed from,
   Midlantic Bank, N.A., dated  . recorded  . in the Essex County
   Clerk's/Register's office in deed book . page . (about to be recorded).

4. The land referred to in this Commitment is in the County of Essex,
   Township of Irvington,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1851

WS1 040589

# COMMONWEALTH LAND TITLE INSURANCE COMPANY

## IMPORTANT NOTICE AND DISCLOSURE

1. By law Commonwealth Land Title Insurance Company is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive.  REAL ESTATE TRANSACTIONS ARE COMPLEX.  THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.

2. THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF COMMONWEALTH LAND TITLE INSURANCE COMPANY   THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.  Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make.  Our only liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3. If you decide not to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4. By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment.  If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ  07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

COMMONWEALTH LA. )
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMEN'**

Commitment No.

File No. CT-17956 A

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the Township of Irvington, County of Essex and state of New Jersey, being more particularly described as follows:

Beginning at a point in the westerly side of South 20th Street distant 387.50 feet northerly from the northwest corner of 16th Street; thence running

1.   North 67 degrees 00 minutes west 100.00 feet to a point; thence

2.   North 23 degrees 00 minutes east 37.50 feet to a point; thence

3.   South 67 degrees 00 minutes east 100.00 feet to a point in the said westerly side of South 20th Street; thence

4.   along the same, South 23 degrees 00 minutes west 37.50 feet to the point and place of Beginning.

NOTE:  Being Lot(s) 21, Block 159, Tax Map of the Township of Irvington.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543  FAX #(908) 308-1881

WS1 040594

COMMONWEALTH LAND
   TITLE INSURANCE C  APANY
   A Reliance Group Holdings Company

TITLE INSURANCE COMMITMENT

## SCHEDULE B - SECTION 1

Commitment No.

File No. CT-17956 A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

   1. Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

   2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1960, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 040595

NOTE:    There is a possibility that the mortgage being insured herein
will include one of the following:

:    Variable Rate Endorsement - Renegotiable or Adjustable.
:    Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if
Negative Amortization is required, possibly an increase in premium.
When this has been determined we are to be notified prior to closing in
order to make the necessary amendment to the Title Commitment and our
file.

NOTE:    This Policy will insure all facsimile copies of endorsements as
originals.

NOTE:    The attached ALTA 9 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.  Special comprehensive title protection is
provided by said endorsement to the Mortgagee only.  Affirmative insurance to
the owners can be given on a line by line basis.  Please see Schedule B,
Section 2.

NOTE:    The attached ALTA 8.1 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.

NOTE:    We require a copy of the closing statement be submitted with the
closing package.

NOTE:    The attached ALTA 1 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.

NOTE:    Flood search is attached hereto and is provided as an accomodation
only.  No liability is assumed for the results of said flood search.

(j) Receipt of proper corporate affidavit of title for Cristo Property
Management, Ltd.

(k) Certificate as to corporate resolution authorizing the proposed deed made
by the proposed grantor is to be submitted.

WS1 040596

COMMONWEALTH LAND
TITLE INSURANCE C   APANY
A Reliance Group Holdings Company

### TITLE INSURANCE COMMITMENT

### SCHEDULE B - SECTION II

Commitment No.

File No. CT-17956 A

### EXCEPTIONS

·Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

WS1 040597

NOTE.   This policy insures that the mortgage set forth under Schedule A
hereof is a valid first lien on the property described therein.

Countersigned: _____
              Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WS1 040598

WSI 040590

**Commonwealth**
Land Title Insurance Comp

Audit No. XII-015519

Date:  July 30, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
      Stanley Yacker, Esq.
      3443 Highway 9 North
      Freehold, NJ 07728

    File No: CT-17956 A
    Transaction: RONALD BALOGH
    Premises: 529 20TH STREET
              IRVINGTON

Dear Customer:

    When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured  by a mortgage of an interest in  land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity, enforceability and priority  of the  lien of said mortgage on  said
   interest in land. including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

    If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling,  including a  condominium unit, which is your
principal residence, and are paying cash for the purchase,  you are protected, but only
to the extent of the foregoing paragraph 2.

WSI 040591

AND EXCLUSIONS

The Company will not be liable to you for loss arising out of:

Failure of the  Attorney to comply with your  closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require removal of specific exceptions to title or compliance with  the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension,  except such as shall result from failure of the Issuing Agent or Attorney to comply with your written instructions to deposit the funds in a bank which you designated by name.

Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of  the Company, must have been received by you  prior to the transmission  of your final closing instructions to the Attorney.

When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and  remedies which you  would have had against any  person or property, had you  not been so  reimbursed.  Liability of the  Company for such reimbursement shall be  reduced to the extent  that you have  knowingly and  voluntarily impaired the value of such right of subrogation.

B. Any liability of the Company for loss incurred by you in connection with closings of real estate  transactions by an Issuing Agent or  Attorney shall be  limited to the protection provided by this letter.  However, this letter shall not  affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claim shall be made promptly to the Company at its office at 8  Penn Center, Philadelphia, Pennsylvania 19103.  When the failure to give prompt notice shall prejudice the Company, then liability of the Company  hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF  COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

# EXHIBIT 34

# COMMONWEALTH LAND TITLE INSURANCE COMPANY

## IMPORTANT NOTICE AND DISCLOSURE

1.   By law Commonwealth Land Title Insurance Company is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive.   REAL ESTATE TRANSACTIONS ARE COMPLEX.   THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.

2.   THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF COMMONWEALTH LAND TITLE INSURANCE COMPANY   THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.   Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make.   Our only liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3.   If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4.   By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment.   If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ   07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

WS1 033039

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|   1. Commitment Date | |
|   2. Policies to be Issued, Amounts and Proposed Insureds | |
|   3. Interest in the Land and Owner | |
|   4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

## TITLE INSURANCE COMMITMENT

### BY

# Commonwealth®
## Land Title Insurance Company

**COASTAL TITLE AGENCY, INC.**
P.O. Box 740
Freehold, NJ 07728
Toll Free in N.J. 800-521-0378
(908) 308-1660
Countersigned:

By _____
AUTHORIZED SIGNATORY

COMMONWEALTH LAND TITLE INSURANCE COMPANY



By _____
President

Attest _____
Secretary

American Land Title Association Commitment - 1982
NJBR 3-02
Form 1106-9

WS1 033040

**COMMONWEALTH LAND
 TITLE INSURANCE COMPANY**
  A Reliance Group Holding Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date:  July 10, 1996                    File No.   CT-17957 A

2. Policy or Policies to be issued:                              Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy        $       225,000.00
            One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)                         $

   Proposed Insured:

   RONALD BALOGH

   (b) [ X ] ALTA Loan Policy                               $       168,750.00
            (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or its
                     assigns
                     3443 Highway 9 North
                     Freehold, NJ 07728

3. LEASEHOLD  interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management Ltd.  by deed from, FBC,
   Inc., dated . recorded    , in the Monmouth County Clerk's/Register's
   office in deed book , page . (about to be recorded).

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Long Branch,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 033041

**COMMONWEALTH LAND
   TITLE INSURANCE COMPANY**
   **A Reliance Group Holdings Company**

### TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-17957 A

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Long Branch, County of Monmouth and state of New Jersey, being more particularly described as follows:

Being known as Lot 19 in Block 153, on the tax map of Long Branch, NJ 07740.

More commonly known as 408 Second Ave.

Beginning on the west side of Second Avenue distant 15.00 feet northerly from the northeast corner of a lot of land conveyed to George Darby Company by Hotel St. Lorenz Co. by deed bearing date of April 18, 1898, recorded in Book 606 of deeds on page 391; and from said point running

1.  along the west side of Second Avenue North 20 degrees east, 85.00 feet; thence

2.  North 75 degrees 20 minutes west, parallel with the north line of said Darby Company lot conveyed as aforesaid, 175.00 feet to a point; thence

3.  southerly and parallel with Second Avenue, 85.00 feet; thence

4.  easterly and parallel with the second course 175.00 feet to the point or place of Beginning.

Together with the right of way or easement over a strip of land 15 feet wide adjoining the above described premises on the south, as recorded in Deed Book 1248 page 122.

- continued -

WS1 033042

NOTE:  Being Lot(s) 19, Block 153, Tax Map of the City of Long
Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

WS1 033043

**COMMONWEALTH LAND
TITLE INSURANCE COMPANY**
A Reliance Group Holding Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B - SECTION 1**

Commitment No.

File No. CT-17957 A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed made by Cristo Property Management Ltd. to the proposed insured(s) named in Schedule A, 2(a).

2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE: There is a possibility that the mortgage being insured herein must include one of the following:

a. Variable Rate Endorsement - Renegotiable or Adjustable.
b. Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE: This Policy will insure all facsimile copies of endorsements as originals.

NOTE: The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued. Special comprehensive title protection is afforded by said endorsement to the Mortgagee only. Affirmative insurance to the Owners can be given on a line by line basis. Please see Schedule B, Section 2.

NOTE: The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: We require a copy of the closing statement be submitted with the closing package.

NOTE: The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: Flood search is attached hereto and is provided as an accomodation only. No liability is assumed for the results of said flood search.

(j) Receipt of proper corporate affidavit of title for Cristo Property Management Ltd.

(k) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

(l) Receipt of proper corporate affidavit of title for FBC Inc.

(m) Corporate status report and supplement franchise tax report have been ordered but not yet received as to FBC Inc.

NOTE: IN THE EVENT THAT YOU DO NOT RECEIVE THE FRANCHISE TAX SEARCH BY THE CLOSING DATE, PLEASE CONTACT THIS OFFICE FOR ESCROW INSTRUCTIONS...

(n) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

Schedule B-Section 1
Form No. 1106-3

WS1 033045

**COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holding Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B – SECTION II**

Commitment No.

File No. CT-17957 A

**EXCEPTIONS**

Any policy we issue will have the following exceptions unless they are taken care
of to our satisfaction.

1.  Rights or claims of parties in possession of the land not shown by the public
    record.

2.  Easements, or claims of easements, not shown by the public record.

3.  Any facts about the land which a correct survey would disclose, and which
    are not shown by the public record.

4.  Any liens on your title, arising now or later, for labor and material not
    shown by the public record.

5.  Taxes, charges and assessments:

6.  Subsurface conditions or encroachments not disclosed by an instrument of
    record. (Owner's Policy Only)

7.  Lien for unpaid taxes for the year 1996.

8.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et
    seq.

    NOTE: Policy insures that the alphabetical Indicies have been searched
    through the recording of the Deed and/or Mortgage, and same are properly
    indexed.

9.  Subject to rights of the utility company servicing the insured property for
    water, sewer, electric, telephone and cable television.

    NOTE: Policy insures that the dwelling does not encroach on the utility lines
    and said utility lines do not interfere with the use and occupancy of the
    dwelling for residential purposes.

10. Rights of others in and to the uninterrupted flow of the brook and/or
    stream crossing or bounding the subject premises, together with flooding
    and drainage rights appurtenant thereto if any.

    NOTE: Policy insures that said rights do not interfere with the use and
    occupancy of the dwelling.

WS1 033046

11. Utility easement(s) as contained in Deed Book 2658, Page 548.

12. Easement as contained in Deed Book 1248, Page 122.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
                 Authorized Signatory

Page 5

Schedule B-Section II          NJRB 3-02
Form No. 1106-6                10-15-82

WS1 033047

**Commonwealth**
Land Title Insurance Company

Audit No. X01-015517

Date:  July 30, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
      Stanley Yacker, Esq.
      330 Highway 34
      Suite 3
      Matawan, NJ 07747

    File No: CT-17957 A
    Transaction: RONALD BALOGH
    Premises: 408 2ND AVENUE
              LONG BRANCH

Dear Customer:

When title insurance of Commonwealth Land Title  Insurance Company is specified  for your
protection in connection with the closing of the above  described real estate transaction
in which  you are  to be  a lender  secured by a  mortgage of an  interest in  land, the
Company, subject to the  Conditions and Exclusions set  forth below, hereby agrees to re-
imburse you for actual loss  incurred by you in connection  with  that closings when con-
ducted by the  above named Issuing Agent  (an agent  authorized to issue  title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity, enforceability and  priority of the  lien of said mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four  family dwelling,  including a  condominium unit,  which is your
principal residence, and are paying cash for the purchase,  you are protected,  but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                              NJRB 6-04
*INSURANCE RATING BUREAU*                                           8/1//94

WS1 033037

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

  1. Failure of the  Attorney to comply with your  closing instructions which require
     require  title insurance protection inconsistent with that set forth in the title
     insurance binder or commitment issued by the Company.  Instructions which require
     the removal of specific exceptions to title or compliance with  the requirements
     contained in said binder or commitment shall not be deemed to be inconsistent.

  2. Loss or impairment of your funds in the course of collection or while on deposit
     with a bank due to bank failure, insolvency or suspension, except such as shall
     result from failure of the Issuing Agent or Attorney to comply with your written
     closing instructions to deposit the funds in a bank which you designated by name.

  3. Mechanics' and materialmen's liens in connection with a construction loan trans-
     action, except to the extent that protection against such liens is afforded by a
     title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance
   binder or commitment for the issuance of a policy of title insurance of  the Company
   must have been received by you  prior to the transmission  of your final closing in-
   strutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be sub-
   rogated to all rights and  remedies which you  would have had against any  person or
   property had you  not been so  reimbursed.  Liability of the  Company for such reim-
   bursement shall be  reduced to the extent  that you have  knowingly and  voluntarily
   impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of
   real estate  transactions by an  Issuing Agent or  Attorney shall be  limited to the
   protection provided by this letter.  However, this letter shall not  affect the pro-
   tection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8  Penn Center, Phila-
   delphia, Pennsylvania 19103.  When the failure to give prompt notice shall prejudice
   the Company, then liability of the Company  hereunder shall be reduced to the extent
   of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF  COMMONWEALTH LAND
TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in
the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
    Robert F. Agel, President
    Coastal Title Agency, Inc.
    Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

WS1 033038

Commonwealth.
Land Title Insurance Company

PRIOR POLICY CREDIT INFO
Liability Co. $
Premium Co. $
Policy No.

POLICY NUMBER
554-632894

## LOAN POLICY OF TITLE INSURANCE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.
The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest: _James D. Lynch Jr._   By: _[signature]_
Secretary                         President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.

4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.

5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.

7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on: (i) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or (ii) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or (iii) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure: (a) to timely record the instrument of transfer; or (b) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

NM-2  PA-02
ALTA Loan Policy (10-17-92)

Valid Only If Schedules A and B and Cover Are Attached

COM0000031

Issued with Policy No. 127-042841

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

POLICY OF TITLE INSURANCE

POLICY NUMBER   556-031894

SCHEDULE A

Amount of Insurance $161,250.00

File No.   CT-17957 A

Premium: Simultaneous Issue

Date of Policy  3/3/97

1. Name of Insured:

   National Home Funding, Inc., its successors and/or assigns, as their interest may appear

2. The estate or interest in the land described in this Schedule and which is encumbered by the insured mortgage in Fee Simple and is at Date of Policy vested in:

   GEORGE T. LEODIS

3. The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described as follows:

   Mortgage made by GEORGE T. LEODIS, mortgaged to National Home Funding, Inc., dated 8/28/96 and recorded 3/3/96 in the Monmouth County Clerk's Office in Mortgage Book 5548 Page 415 in the amount of $161,250.00.

4. The land referred to in this policy is described as set forth in the insured mortgage, is situated in the Monmouth County , City of Long Branch, State of New Jersey and is identified as follows:

   (SEE DESCRIPTION ATTACHED)

Countersigned:  _____
                    Authorized Officer or Agent

ALTA Loan/Construction Loan
Schedule A
FORM 1191 -43

CGM0000032

NOTE:   Being Lot(s) 19, Block 153, Tax Map of the City of Long
Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

COM0000034

Policy No.   556-622094

File No.   CT-17957 A

## SCHEDULE B

### PART I

This policy does not insure against loss or damage by reason of the following:

1. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises. - OMIT

2. Lien for unpaid taxes for the year 1996. (Taxes paid through date of closing) "Subsequent taxes not yet due and payable".

3. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq. "None yet due and payable".

    NOTE: Policy insures that the alphabetical indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

4. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE: Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

5. Rights of others in and to the uninterrupted flow of the brook and/or stream crossing or bounding the subject premises, together with flooding and drainage rights appurtenant thereto if any.

    NOTE: Policy insures that said rights do not interfere with the use and occupancy of the dwelling.

6. Utility easement(s) as contained in Deed Book 2658, Page 543.

7. Easement as contained in Deed Book 1248, Page 322.

    NOTE: This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

    NOTE: Unless Schedule B Part II is attached there are no subordinate matters that affect the title to the estate or interest referred to in Schedule A.

ALTA Lease/LH Lease/Construction Lease
Schedule B-Part I (7&7)
Form 1191-39

CGM0000028

Policy No.  254-632204

File No.   CT-17957 A-

SCHEDULE B

PART II

In addition to the matters set forth in Part I of this Schedule, the title to the Estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest: None.

PA 32
ALTA Loan/Lsld Loan/Construction Loan
Schedule B - Part II
Form 1190-15

CMO0000026