**EXHIBIT 41**

### TITLE INSURANCE COMMITMENT
### BY
### FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

#### AGREEMENT TO ISSUE POLICY

We agree to issue a policy to you according to the terms of this Commitment. When we show the policy amount and your name as the proposed insured in Schedule A, this Commitment becomes effective as of the Commitment Date shown in Schedule A.

If the Requirements shown in this Commitment have not been met within six (6) months after the Commitment Date, our obligation under this Commitment will end. Also, our obligation under this Commitment will end when the Policy is issued and then our obligation to you be under the Policy.

Our obligation under this Commitment is limited by the following:

    The provisions in Schedule A.
    The Requirements in Scheule B - I.
    The Exceptions in Schedule B - II.
    The Conditions on Page 7.

This Commitment is not valid without SCHEDULE A and Sections I and II of SCHEDULE B.

THIS COMMITMENT SHALL NOT BE VALID OR BINDING UNTIL COUNTERSIGNED BY EITHER AN OFFICER OR AUTHORIZED AGENT OF THIS COMPANY.

Fidelity National Title Insurance Company of New York has caused its corporate seal to be affixed and this Commitment to be signed in facsimile under authority of its by-laws.

FIDELITY NATIONAL TITLE INSURANCE COMPANY
OF NEW YORK

Countersigned:

BY _____
       Authorized Signatory

_____
(PLEASE PRINT NAME HERE)

By _____
       President

Attest: _Charles H. Wimer_
       Secretary

**PAGE 2**

WS1 046297

ITY NATIONAL TITLE
Insurance Company of New York

### Schedule A

1. Effective Date: October 14, 1996          File No. CT-18718(A)

2. Policy or Policies to be issued:                    Policy Amount

   (a) ALTA Residential Policy - (Plain Language)    $   180,000.00

      Proposed Insured:

      ALICIA JUERGENSEN


   (b) ALTA Loan Policy                             $   135,000.00

      Proposed Insured:

      National Home Funding, Inc., its successors and/or its
      assigns
      3443 Highway 9 North Freehold, NJ  07728


3. FEE SIMPLE  interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, LTD  by deed from, Elaine
   Smalls, dated          , recorded        ,        , in the Monmouth County
   Clerk's/Register's office in deed book , page .(About to be recorded)


4. The land referred to in this Commitment is described in Schedule A-4.


FORM 26-84-82 A (11/93)                        ALTA COMMITMENT - PLAIN LANGUAGE
                                               SCHEDULE A. NJRB 3-02 (10-26-82)


WS1 046298

ITY NATIONAL TITLE
Insurance Company of New York

Schedule A-4

File No. CT-18718(A)

All that certain lot, piece of land, with the buildings and improvements thereon
erected, situate, lying and being in the  City of Asbury Park,
County of  Monmouth,     State of New Jersey:

Being known and designated as Lot Number 221 and in Block L as shown on a plan
of West Asbury Park made by W.H. DeNyse, C.E., and more particularly described
as follows:

Beginning at a point in the southerly line of Bangs Avenue distant 83 feet
easterly from the southeasterly corner of Bangs Avenue and Comstock Street;
thence

1.  Easterly along the southerly line of Bangs Avenue 42 feet; thence

2.  Southerly at right angles to Bangs Avenue 10 feet to the center line of
the block; thence

3.  Westerly parallel with Bangs Avenue 42 feet; thence

4.  Northerly again at right angles to Bangs Avenue 100 feet to the place of
Beginning.

Being Lot 23, Block 67 on the City of Asbury Park Tax Map.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

FORM 26-84-82 A-4(11/93)

ALTA COMMITMENT - PLAIN LANGUAGE
SCHEDULE A-4, NJRB 3-02 (10-26-82

WS1 046299



**FIDELITY NATIONAL TITLE**
Insurance Company of New York

### Schedule B - Section I

File No.  CT-18718(A)

The following requirements must be met:

A.   Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded and properly indexed in the land records.

B.   Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

C.   Pay us the premiums, fees and charges for the policy.

D.   You must tell us in writing the name of anyone not referred to in this Commitment who will make a loan on the land. We may then make additional requirements or exceptions.

E.   Deed made by Cristo Property Mangement, LTD to the proposed insured(s) named in Schedule A, 2(a).

F.   Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

G.   Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

H.   All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

I.   Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

J.   New Jersey Superior and U.S. District Court and County judgment searches are clear.

K.   Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

WS1 046300



NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement  -  Renegotiable or Adjustable
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

L.  Receipt of proper corporate affidavit of title for Cristo Property Mangement, LTD.

M.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

FORM 26-84-82 BT (11/93)

ALTA COMMITMENT - PLAIN LANGUAGE
SCHEDULE B1, NJRB 3-02 (10-26-82)

WS1 046301

ITY NATIONAL TITLE
Insurance Company of New York

## Schedule B - Section II

File No. CT-18718(A)

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public records; and encroachments, overlaps or boundary line disputes; and other matters any of which would be disclosed by a survey of the land satisfactory to the Company.

2. Any liens on your title, arising now or later, for labor and material not shown by the public record.

3. Taxes, assessments and governmental utility liens as follows:

4. Mortgages of record ( See Schedule B, Section 1 )

5. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

6. Lien for unpaid taxes for the year 1996.

7. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

8. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

   NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

FORM 26-84-82 BII (11/93)

ALTA COMMITMENT - PLAIN LANGUAGE
SCHEDULE B11. NJRB 3-02 (10-26-82

WSI 046302

OF NEW YORK

ENVIRONMENTAL PROTECTION LIEN
ENDORSEMENT

Attached to and forming a part of Policy No.
of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

The insurance afforded by this endorsement is only effective if the land is used or
is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of
priority of the lien of the insured mortgage over:

(a)   any environmental protection lien which, at Date of Policy, is recorded in those
      records established under state statutes at Date of Policy for the purpose of
      imparting constructive notice of matters relating to real property to purchasers
      for value and without knowledge, or filed in the records of the clerk of the
      United States district court for the district in which the land is located,
      except as set forth in Schedule B; or

(b)   any environmental protection lien provided for by any state statute in effect at
      Date of Policy, except environmental protection liens provided for by the
      following state statutes:

            This endorsement will not insure against liens arising pursuant to
            the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et
            seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all of the terms and
provisions thereof and of any prior endorsements thereto. Except to the extent
expressly stated, it neither modifies any of the terms and provisions of the policy
policy and any prior endorsements, nor does it extend the effective date of the
policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, the Company has caused its corporate name and seal to be hereunto
affixed by its duly authorized officers and countersigned on the date hereinafter set
forth.

FIDELITY NATIONAL TITLE INSURANCE COMPANY
OF NEW YORK

DATED: *

By:  William P. Foley
                        President

Countersigned:

BY:_____          Attest:  Charles H. Wimer
        Authorized Signatory                            Secretary

ALTA ENDORSEMENT - Form 8.1 (Environmental Protection Lien -
to Accompany only ALTA Loan Policies)
NJRB 5-17 (3-12-88) FOR USE IN NEW JERSEY ONLY.

FORM 26-31-8.1-88 (11/93)

WS1 046303

**Fidelity National Title**
INSURANCE COMPANY OF NEW YORK
Two Park Avenue / New York, New York 10016 / (212) 481-5858 / Fax: (212) 481-8747

ICS 5744-11027                                      Date:   October 30, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728

    Attention: Closing Department

          RE: Closing Service Letter
              Issuing Agent or Attorney whose conduct is covered:
              Stanley Yacker, Esquire

              330 Highway 34, Suite 3
              Matawan, NJ   07747

    File No: CT-18718(A)
Transaction: ALICIA JUERGENSEN

    Premises: 1032-1034 BANGS AVENUE
              ASBURY PARK

Dear Customer:

When  title  insurance  of  Fidelity  National  Title  Insurance  Company  of  New York is
specified for your protection in connection with the closing of the above described real
estate transaction  in which you are to be a lender secured by a mortgage of an interest
in land, the Company, subject to  the Conditions and Exclusions set  forth below, hereby
agrees to reimburse you for actual loss incurred by you in connection  with that closing
when  conducted  by  the  above named Issuing Agent  (an agent authorized to  issue title
insurance for the Company) of Fidelity National Title Insurance  Company of New York or
the above named Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the  validity,  enforceability  and  priority  of  the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the  disbursement of funds
   necessary to establish such title or lien; or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage  on a one-to-four family dwelling,  which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a  one-to-four  family dwelling,  including a condominium unit,  which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

Fidelity CSL -- Page

*Juergensen*

1. Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such lien is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 2 Park Avenue, New York, N.Y. 10016. When failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this Letter.

Fidelity National Title Insurance Company of New York

BY: _____
Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

WSWT 000559

P-20B ALTA Loan Policy

**COASTAL TITLE AGENCY, INC.**
**PO Box 740   21 West Main Street**
**Freehold NJ  07728**
**(800) 521-0378  FAX# (908) 308-1881**

**SCHEDULE A**

| Policy Number | Date of Policy | Amount of Insurance |
|---|---|---|
| 5412-484164 | 4/9/97 | $135,000.00 |

1.   **Name of Insured:**

National Home Funding, Inc., its successors and/or assigns, as their interest may appear

2.   **The estate or interest in the land which is encumbered by the insured mortgage**
**is:  FEE SIMPLE**

3.   **Title to the estate or interest in the land is vested in:**

ALICIA  JUERGENSEN

4.   **The insured mortgage and assignments thereof, if any, are described as follows:**

Mortgage made by ALICIA  JUERGENSEN to  National Home Funding, Inc.,  dated 11/13/96 and recorded 4/9/97 in the
Monmouth County Clerk's Office in Mortgage Book 6167 Page 721 in the amount of $135,000.00.

5.   **The land referred to in this policy is described in Schedule A-4.**

(SEE DESCRIPTION ATTACHED)

**FIDELITY**
**NATIONAL TITLE**
**Insurance Company of New York**

P.71.NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2-05

**FIDELITY NATIONAL TITLE**
**Insurance Company of New York**

Schedule A-4

**File No.** CT-18718(A)

**All that certain lot, piece of land, with the buildings and improvements thereon erected, situate, lying and being in the** City of Asbury Park,
**County of** Monmouth,     **State of New Jersey;**

Being known and designated as Lot Number 221 and in Block L as shown on a plan of West Asbury Park made by W.H. DeNyse, C.E., and more particularly described as follows:

Beginning  at  a point in the southerly line of Bangs Avenue distant  83  feet easterly  from the southeasterly corner of Bangs Avenue and Comstock  Street; thence

1.  Easterly along the southerly line of Bangs Avenue 42 feet; thence

2.  Southerly at right angles to Bangs Avenue 10 feet to the center  line  of the block; thence

3.  Westerly parallel with Bangs Avenue 42 feet; thence

4.  Northerly again at right angles to Bangs Avenue 100 feet to the place  of Beginning.

Being Lot 23, Block 67 on the City of Asbury Park Tax Map.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881**

FORM 26-84-82 A-4(11/93)                          ALTA COMMITMENT - PLAIN
LANGUAGE
                                               SCHEDULE A-4. NJRB 3-02 (10-26-82)

**SCHEDULE B**

**POLICY NUMBER:** 5412-484164

**EXCEPTIONS FROM COVERAGE**

**This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees of expenses) which arise by reason of:**

**PART I**

1. **Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate inspection of the premises.**

2. Lien for unpaid taxes for the year 1997. (Taxes paid through date of closing) "Subsequent taxes not yet due and payable".

3. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq. "None yet due and payable".

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

4. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE: Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

NOTE: This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

**Note: If there are matters which affect the title to the estate or interest in the land described in Schedule A-4, but which are subordinate to the lien of the insured mortgage, see PART II of Schedule B.**

**FIDELITY NATIONAL TITLE
Insurance Company of New York**

P71.B NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2.05

## SCHEDULE B

**POLICY NUMBER:**  5412-484164

## PART II

**In addition to the matters set forth in Part I of this Schedule,  the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters,  if any be shown,  but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest:  None.**

## FIDELITY NATIONAL TITLE
### Insurance Company of New York

P61.BII FOR USE WITH ALTA LOAN POLICY (6-1-87)
NJRB 2-03
7/2/90

**EXHIBIT 42**

# INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|   1. Commitment Date | |
|   2. Policies to be Issued, Amounts and Proposed Insureds | |
|   3. Interest in the Land and Owner | |
|   4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

COMMITMENT FOR TITLE INSURANCE

**Commonwealth**

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned

By: _____

President

Attest: _____ James J. W. Lynch Jr.

Secretary

By _____
Authorized Officer or Agent

American Land Title Association Commitment - 1982
NJBR 3-02
Form 1106-9

**COMMONWEALTH LAND**
**TITLE INSURANCE CO.   ANY**
  **A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date: October 9, 1996          File No.   CT-18641(A)

2. Policy or Policies to be issued:                    Policy Amount

     (a) [ X ] ALTA Residential Title Insurance Policy        $
             One-to-Four Family Residences (6/1/87)
         [   ] ALTA Owner -- (4/6/92)                    $ 175,000.00

     Proposed Insured:

     Brian G. Reilly

     (b) [ X ] ALTA Loan Policy                         $  131,250.00
          (10/17/92)

     Proposed Insured: National Home Funding, Inc., its successors and/or
                       assigns, as their interest may appear

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by GJL Limited   by deed from. Charles Puth, dated
   . recorded      ,      . in the Monmouth County Clerk's/Register's office in
   deed book , page .(About to be recorded)

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Long Branch, State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

CTE 4525

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-18641(A)

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Long Branch, County of Monmouth and state of New Jersey, being more particularly described as follows:

Beginning at a point in the southerly line of Union Avenue, (66 feet wide), said point being distant 126.02 feet northwestwardly from the intersection of the westerly line of Seconds Avenue, (60 feet wide) with said southerly line of Union Avenue and from said Beginning Point running; thence

1.   South 05 degrees 57 minutes 00 seconds West, 96.37 feet to a point; thence

2.   North 85 degrees 04 minutes 47 seconds West, 40.00 feet to an iron pipe found; thence

3.   North 05 degrees 57 minutes 00 seconds East, 100.00 feet to a monument found in said southerly line of Union Avenue; thence

4.   Along same, South 79 degrees 55 minutes 00 seconds East, 40.11 feet to a point in said southerly line of Union Avenue, said point being the Point and Place of Beginning.

The above description was drawn in accordance with a survey prepared by Seneca Survey Company, Inc., Frank J. Ernst, P.L.S., dated July 17, 1996.

NOTE:  Being Lot(s) 11, Block 31, Tax Map of the City of Long Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
   **A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B – SECTION 1

Commitment No.

File No. CT-18641(A

## REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

   1. Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

   2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

(h) County judgment search is clear.

(i) New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

CTE 4527

(j) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE: There are no open mortgages of record.

(k) As an accommodation, a Flood Letter has been ordered, but not yet received.

(l) Receipt of proper corporate affidavit of title for GJL Limited.

(m) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

(n) Survey dated July 17, 1996 last updated October 9, 1996 made by Seneca Survey Company, Inc., discloses no mislocations or encroachments except those set forth in Schedule B, Section 2, hereunder.

(o) Survey Affidavit to be submitted.

NOTE: It is required that a Notice of Settlement be recorded and we require that all searches be rundown prior to closing.

NOTE: There is a possibility that the mortgage being insured herein must include one of the following:

a. Variable Rate Endorsement - Renegotiable or Adjustable.
b. Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE: This Policy will insure all facsimile copies of endorsements as originals.

NOTE: The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued. Special comprehensive title protection is afforded by said endorsement to the Mortgagee only. Affirmative insurance to the Owners can be given on a line by line basis. Please see Schedule B, Section 2.

NOTE: The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE: We require a copy of the closing statement be submitted with the closing package.

NOTE: The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

Schedule B-Section 1
Form no. 1106-3

**COMMONWEALTH LAND**
**TITLE INSURANCE CO.  ANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B – SECTION II

Commitment No.

File No. CT-18641(A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE: Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

10. Rights of others in and to overhead wires crossing subject premises.

    NOTE: Policy insures said rights do not interfere with the use and occupancy of the insured premises.

11. Concrete walk encroaches on premises adjoining to the north.

    NOTE: Policy insures against loss or damage caused or created by enforced removal of said encroachment by a final order of a court of a competent jurisdiction. (MORTGAGE POLICY ONLY)

CTE 4529

12. Possible encroachment of asphalt along southerly and westerly line(s) of lands herein described.

   NOTE: Policy insures against loss or damage caused or created by enforced removal of said encroachment by a final order of a court of a competent jurisdiction. (MORTGAGE POLICY ONLY)

13. Possible encroachment of chain link fence along easterly line(s) of lands herein described.

   NOTE: Policy insures against loss or damage caused or created by enforced removal of said encroachment by a final order of a court of a competent jurisdiction. (MORTGAGE POLICY ONLY)

   NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
                Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

CTE 4530

TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

ALTA ENDORSEMENT - FORM 8.1
ENVIRONMENTAL PROTECTION LIEN

ENDORSEMENT NO.

File No.

Attached to and made a part of Policy Number

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

    (a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B, or

    (b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

        This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on the      day of

                    COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned:

BY:_____
       Authorized Officer or Agent

ALTA ENDORSEMENT - Form 8.1 (Environmental Protection Lien - to accompany only ALTA loan policies as revised 10-17-70 and 10-17-84) (3-27-87)
Form 2291-3 (NJ)

CTE 4531

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

ALTA ENDORSEMENT - FORM 1

Endorsement Number:

File No.

Premium $

Attached to and made a part of Policy Number 554-857151

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on the 29th day of January 1996.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned:

BY:_____

ALTA Endorsement - Form 1 (Street Assessment)(6-1-87)
FORM 1144-6

CTE 4532

COMMONWEALTH
Land Title Insurance Company   ENDORSEMENT NUMBER

## ALTA ENDORSEMENT - FORM 9

Premium: $                                                                                        File No.

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.     Any incorrectness in the assurance that, at Date of Policy:

(a)  There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

(b)  Unless expressly excepted in Schedule B:

(1)  There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.

(2)  Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

(3)  There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.

(4)  There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

(5)  There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.

2.  Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:

(a)  invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or

(b)  loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.

3.  Damage to existing improvements, including lawns, shrubbery or trees:

(a)  which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

(b)  resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4.  Any final court order of judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

5.  Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include any covenants, conditions or limitations contained in an instrument creating a lease.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

## COMMONWEALTH LAND TITLE INSURANCE COMPANY

Signed this        day of

Countersigned:

By:  _____
      Authorized Officer or Agent

ALTA ENDORSEMENT - Form 9 (Restrictions, Easements, Minerals) (3-27-92)
Form 2313

**Commonwealth**
Land Title Insurance Compa

Audit No. X01-020659

*Reilly*

Date:  October 25, 1996

To: National Home Funding, Inc., its successors and/or
     assigns, as their interest may appear


     Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yacker, Esquire
    330 Highway 34, Suite 3
    Matawan, NJ    07747


    File No: CT-18641(A)
    Transaction: BRIAN G. REILLY
    Premises: 126 UNION AVENUE
              LONG BRANCH


Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, and are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                          NJRB 6-04
*INSURANCE RATING BUREAU*                                        8/1//94

**WSWT 000115**

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

  1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

  2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

  3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

Commonwealth Land Title Insurance Company

BY: _____
Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

*NEW JERSEY LAND TITLE
INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

**WSWT 000116**



ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

LOAN POLICY OF TITLE INSURANCE



# Commonwealth

POLICY NUMBER

F89-353140

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material; (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest: *James J D Lynch Jr*                    By: _____

Secretary                                                                      President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured, or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
       (i) to timely record the instrument of transfer; or
       (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

PA 20
ALTA Loan Policy (10-17-92)
**Form 1191-2A** Face Page

ORIGINAL

Valid Only If Schedules A and B and Cover Are Attached

 

Issued with Policy No. 187-082845

COMMONWEALTH LAND
  TITLE INSURANCE COMPANY
     A Reliance Group Holdings Company

POLICY OF TITLE INSURANCE

POLICY NUMBER   f89-353140

## SCHEDULE A

Amount of Insurance  $91,500.00

File No.   CT-18641(A)

Premium:  Simultaneous Issue

Date of Policy  3/3/97

1.  Name of Insured:

   National Home Funding, Inc., its successors and/or assigns, as their interests may appear

2.  **The estate or interest in the land described in this Schedule and which is encumbered by the insured mortgage
   is: Fee Simple and is at Date of Policy vested in:**

   BRIAN G. REILLY

3.  The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described
   as follows:

   Mortgage made by BRIAN G. REILLY to  National Home Funding, dated 11/6/96 and recorded 3/3/97 in the Monmouth
   County Clerk's Office in Mortgage Book 6148 Page 370 in the amount of $91,500.00.

4.  **The land referred to in this policy is described as set forth in the insured mortgage, is situated in the Monmouth
   County , City of Long Branch, State of New Jersey and is identified as follows:**

(SEE DESCRIPTION ATTACHED)

Countersigned: _____
                   Authorized Officer or Agent

ALTA Loan/Construction Loan
Schedule A
FORM 1191 -13

CTE 4495



COMMONWEALTH LAND
TITLE INSURANCE COMPANY
   A Reliance Group Holdings Company

TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-18641(A)

DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Long Branch, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Beginning at a point in the southerly line of Union Avenue, (66 feet wide), said point being distant 126.02 feet
northwestwardly from the intersection of the westerly line of Seconds Avenue, (60 feet wide) with said southerly line
of Union Avenue and from said Beginning Point running; thence

1. South 05 degrees 57 minutes 00 seconds West, 96.37 feet to a point; thence

2. North 85 degrees 04 minutes 47 seconds West, 40.00 feet to an iron pipe found; thence

3. North 05 degrees 57 minutes 00 seconds East, 100.00 feet to a monument found in said southerly line of Union
Avenue; thence

4. Along same, South 79 degrees 55 minutes 00 seconds East, 40.11 feet to a point in said southerly line of Union
Avenue, said point being the Point and Place of Beginning.

The above description was drawn in accordance with a survey prepared by Seneca Survey Company, Inc., Frank J.
Ernst, P.L.S., dated July 17, 1996.

NOTE: Being Lot(s) 11, Block 31, Tax Map of the City of Long Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

CTE 4496

Policy No.    F89-353140

File No.    CT-18641(A)

## SCHEDULE B

### PART I

This policy does not insure against loss or damage by reason of the following:

1.  Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises. - OMIT

2.  Lien for unpaid taxes for the year 1996. (Taxes paid through date of closing)  "Subsequent taxes not yet due and payable".

3.  Possible  additional taxes assessed or levied under N.J.S.A.  54:4-63.1  et seq.  "None yet due and payable".

    NOTE:  Policy insures that the alphabetical Indicies  have  been  searched through  the  recording  of the Deed and/or Mortgage, and  same  are  properly indexed.

4.  Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE:  Policy  insures  that  the  dwelling  does  not encroach  on  the  utility  lines  and  said  utility  lines  do  not interfere  with  the  use  and  occupancy  of  the  dwelling for residential purposes.

    NOTE:  This  policy insures that the mortgage set forth under  Schedule  A hereof is a valid first lien on the property described therein.

NOTE: Unless Schedule B Part II is attached there are no subordinate matters that affect the title to the estate or interest referred to in Schedule A.

ALTA Loan/LH Loan/Construction Loan
Schedule B-Part I (NJ)
Form 1191-38



Policy No.  f89-353140

File No.  CT-18641(A)

SCHEDULE B

PART II

In addition to the matters set forth in Part I of this Schedule,  the title to the Estate or interest in the land described or referred to in Schedule A is subject to the following matters,  if any be shown,  but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest:  None.

PA 20
ALTA Loan/LH Loan/Construction Loan
Schedule B - Part II
Form 1191-15

CTE 4498



# ENDORSEMENT

Endorsement No. 779-079223

Attached to and forming a part of Policy No. f89-353140

Issued by

## Commonwealth Land Title Insurance Company

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

(b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement will not insure against liens filed pursuant to the Spill Compensation and Control Act, N.J.S.A. 58: 10-23.11 et seq. subsequent to the effective date of this policy.

The endorsement is made a part of this policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated,  it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date  of the policy and any prior endorsements, nor does it increase the face amount thereof.

DATED: 7/10/97

Commonwealth Land Title Insurance Company

_____
Authorized Signatory

*Note: This Endorsement shall not be valid or binding until signed by an Authorized Signatory.*

ALTA Endorsement - Form No. 8.1
Loan (Environmental Protection Lien)

F.10974 (3514A N.J.) 10/87

# Commonwealth Land Title Insurance Company
## ENDORSEMENT

Endorsement No. 786-127716

Attached to and made a part of Commonwealth Land Title Insurance Company Policy No £89-353140

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1. Any incorrectness in the assurance that, at Date of Policy:
    (a) There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.
    (b) Unless expressly excepted in Schedule B:
        (1) There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.
        (2) Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages, (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.
        (3) There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.
        (4) There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.
        (5) There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.
2. Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:
    (a) invalidity, loss or priority, or unenforceability of the lien of the insured mortgage; or
    (b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.
3. Damage to existing improvements, including lawns, shrubbery or trees:
    (a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;
    (b) resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.
4. Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.
5. Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1(b)(1) and (5), the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, the Company has caused this Endorsement to be signed and sealed as of 7/10/97 to be valid when countersigned by an authorized officer or agent of the Company, all in accordance with its By-laws.

**Commonwealth Land Title Insurance Company**

COUNTERSIGNED:

_____
Authorized Officer or Agent

·ALTA Endorsement Form 9



**COMMONWEALTH LAND
TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**ALTA ENDORSEMENT- FORM 1**

Endorsement Number: P07-004803

File No. CT-18641 (A)

Attached to and made a part of Policy Number F89-353140

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on 7/10/97.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned:

By: _____

ALTA Endorsement - Form 1 (Street Assessment) (6-1-87)
Form 1144-6

 

# COMMONWEALTH LAND TITLE INSURANCE COMPANY

### FNMA BALLOON MORTGAGE ENDORSEMENT

**Attached to and forming a part of Policy No. F89-353140/CT-18641(a) of COMMONWEALTH LAND TITLE INSURANCE COMPANY**

The Company insures the insured mortgagee against loss or damage by reason of:

1.  The invalidity or unenforceability of the lien of the insured mortgage resulting from the provisions therein which provide for a Conditional Right to Refinance and a change in the rate of interest as set forth in the Mortgage Rider.

2.  Loss of priority of the lien of the insured mortgage as security for the unpaid principal balance of the loan, together with interest thereon, which loss of priority is caused by the exercise of the Conditional Right to Refinance and the extension of the loan term to the New Maturity Date set forth on the Rider and a change in the rate of interest, provided that all of the conditions set forth in paragraphs 2 and 5 of the Balloon Mortgage Rider have been met, and there are no other liens, defects, encumbrances, or other adverse matters affecting title arising subsequent to Date of Policy.

This endorsement does not insure against loss or damage based upon (a) usury or (b) any consumer credit protection or truth in lending law or (c) bankruptcy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

In Witness Whereof, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused this Endorsement to be signed and sealed on its date of issue set forth herein.

**DATED: 7/10/97**                                          COMMONWEALTH LAND TITLE INSURANCE COMPANY

_____
**Authorized Signatory**

**Note: This endorsement shall not be valid or binding until countersigned by an authorized signature.**

FORM 26-31-FNMA BME (11/93)                                                        FNMA Balloon
Mortgage Endorsement                                                               NJRB 5-31

CTE 4502



## CONDITIONS AND STIPULATIONS
(Continued)

**5. PROOF OF LOSS OR DAMAGE.**

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 60 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage should describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

**6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.**

In case of a claim under this policy, the Company shall have the additional options:

(a) To Pay or Tender Payment of the Amount of Insurance or to Purchase the Indebtedness.

(i) to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay; or

(ii) to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of purchase and which the Company is obligated to pay.

If the Company offers to purchase the indebtedness as herein provided, the owner of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to the Company upon payment therefor.

Upon the exercise by the Company of either of the options provided for in paragraphs a(i) or (ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

(b) To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.

(i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay; or

(ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in paragraphs b(i) or (ii), the Company's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

**7. DETERMINATION AND EXTENT OF LIABILITY.**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of the Company under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2 (c) of these Conditions and Stipulations;

(ii) the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage insured against by this policy occurs, together with interest thereon; or

(iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b) In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of the Company shall continue as set forth in Section 7(a) of these Conditions and Stipulations.

(c) The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8. LIMITATION OF LIABILITY.**

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c) The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

(d) The Company shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

**9. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY.**

(a) All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce pro tanto the amount of the insurance afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage.

(b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c) Payments in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations.

**10. LIABILITY NONCUMULATIVE.**

If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy.

**11. PAYMENT OF LOSS.**

(a) No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

**12. SUBROGATION UPON PAYMENT OR SETTLEMENT.**

(a) The Company's Right of Subrogation.

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to all rights and remedies of the insured claimant after the insured claimant shall have recovered its principal, interest, and costs of collection.

(b) The Insured's Rights and Limitations.

Notwithstanding the foregoing, the owner of the indebtedness secured by the insured mortgage, provided the priority of the lien of the insured mortgage or its enforceability is not affected, may release or substitute the personal liability of any debtor or guarantor, or extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness.

When the permitted acts of the insured claimant occur and the insured has knowledge of any claim of title or interest adverse to the title to the estate or interest or the priority or enforceability of the lien of the insured mortgage, as insured, the Company shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(c) The Company's Rights Against Non-insured Obligors.

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

The Company's right of subrogation shall not be avoided by acquisition of the insured mortgage by an obligor (except an obligor described in Section 1(a) (ii) of these Conditions and Stipulations) who acquires the insured mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond and the obligor will not be an insured under this policy, notwithstanding Section 1(a)(ii) of these Conditions and Stipulations.

**13. ARBITRATION.**

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

**14. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.**

(a) This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or a validating officer or authorized signatory of the Company.

**15. SEVERABILITY.**

In the event any provision of this policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

**16. NOTICES, WHERE SENT.**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to COMMONWEALTH LAND TITLE INSURANCE COMPANY, 1700 Market Street, Philadelphia, PA 19103-3990.

**Valid Only If Face Page and Schedules A and B Are Attached**

NM2        PA 20
ALTA Loan Policy (10-17-92)        ORIGINAL
Cover Page
Form 1191-3

# EXHIBIT 43

**ALTA COMMITMENT - 1982**

*Issued by*



**Fidelity National Title**
INSURANCE COMPANY OF NEW YORK

### INFORMATION

The Title Insurance Commitment is a legal contract between you and the Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.

YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.

If you have any questions about the Commitment, contact:

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

2 Park Avenue
New York, New York 10016

### TABLE OF CONTENTS

| | PAGE |
|---|---|
| AGREEMENT TO ISSUE POLICY . . . . . . . . . . . . . . . . . | 2 |
| SCHEDULE A . . . . . . . . . . . . . . . . . . . . . . . . . | 3 |
|     1. Commitment Date . . . . . . . . . . . . . . . . | 3 |
|     2. Policies to be Issued, Amounts and Proposed Insureds . . | 3 |
|     3. Interest in the Land and Owner . . . . . . . . . . . | 3 |
|     4. Description of the Land . . . . . . . . . . . . . . | 3 |
| SCHEDULE B - I - - REQUIREMENTS . . . . . . . . . . . . . . | 4 |
| SCHEDULE B - II - - EXCEPTIONS. . . . . . . . . . . . . . | 5 |
| SCHEDULE C - - CONTINUATION . . . . . . . . . . . . . . . | 6 |
| CONDITIONS . . . . . . . . . . . . . . . . . . . . . . . . | 7 |

FORM 26 - 84 - 82 (11/93)


0040063422PTR

WS1 059155

**FIDELITY NATIONAL TITLE**
Insurance Company of New York

**Schedule A**

1. Effective Date:  September 24, 1996          File  No. CT-18563(A)

2. Policy or Policies to be issued:              Policy Amount

   (a) ALTA Residential Policy - (Plain Language)    $ 200,000.00

       Proposed Insured:

       Joseph L. Amador


   (b) ALTA Loan Policy                          $ 150,000.00

       Proposed Insured:

       National Home Funding, Inc., its successors and/or
       assigns, as their interest may appear


3. FEE SIMPLE  interest in the land described in this Commitment is owned, at the

   Commitment Date, by Cristo Property Management, LTD  by deed from, J & J
   Associates, dated    .    , recorded    .    in the Monmouth County
   Clerk's/Register's office in deed book , page .(about to be recorded)


4. The land referred to in this Commitment is described in Schedule A-4.


FORM 26-84-82 A (11/93)                          ALTA COMMITMENT - PLAIN LANGUAGE
                                                 SCHEDULE A, NJRB 3-02 (10-26-82)

FIDELITY NATIONAL TITLE
Insurance Company of New York

### Schedule A-4

File No. CT-18563(A)

All that certain lot, piece of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Asbury Park, County of Monmouth,     State of New Jersey:

All that certain lot tract or parcel of land and premises, situate lying and being in the City of Asbury Park, in the County of Monmouth and State of New Jersey, more particularly described as follows:

Known an designated as the Easterly half of Lot 831 and the westerly half of Lot 832 West bounded and described as follows:

Beginning at a point in the Northerly line of Second Avenue, distant 200 feet 4 inches Westerly from the Northwest Corner of Second Avenue and Kingsley Street; thence

1.    Northerly parallel with Kingsley Street, 132 feet 11 inches to the middle line of the block; thence

2.    Westerly along the middle line of the block, 50 feet; thence

3.    Southerly, again parallel with Kingsley Street, 135 feet 6 inches to the Northerly line of the aforesaid Second Avenue; thence

4.    Easterly, along Second Avenue, 50 feet and 1 inch to the place of Beginning.

Said premises also known and designated as 209 Second Avenue, Asbury Park, New Jersey, and also known as Lot 4 in Block 162 on the Tax Map of the City of Asbury Park.

NOTE:  Being Lot(s) 4, Block 162, Tax Map of the City of Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

FORM 26-84-82 A-4(11/93)

ALTA COMMITMENT - PLAIN LANGUAGE
SCHEDULE A-4, NJRB 3-02 (10-26-82

WS1 059157

FID     TY NATIONAL TITLE
Insurance Company of New York

**Schedule B - Section I**

File No.  CT-18563(A)

The following requirements must be met:

A. Documents satisfactory to us creating the interest in the land and/or the mortgage
   to be insured must be signed, delivered and recorded and properly indexed in the
   land records.

B. Pay the agreed amounts for the interest in the land and/or the mortgage to be
   insured.

C. Pay us the premiums, fees and charges for the policy.

D. You must tell us in writing the name of anyone not referred to in this Commitment
   who will make a loan on the land. We may then make additional requirements or
   exceptions.

E. Deed made by Cristo Property Management LTD to the proposed insured(s) named
   in Schedule A, 1(a).

F. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A,
   1(b).

G. Proof is required as to the past and present marital status of the
   proposed grantors/mortgagors.

   NOTE:  The spouse of the record owner must join in the proposed transaction,
   unless this is not the principal marital residence and was acquired subsequent
   to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse
   must join in the proposed transaction regardless of whether it is the
   principal marital residence or not.

H. All taxes and other municipal liens are to be paid through and including the
   current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a
   veteran's deduction, a proper escrow must be established to safeguard in
   the event the deduction is disallowed.  If it is to be disallowed, the
   deduction should be restored to the taxes when calculating your adjustment.

I. Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet
   received.

J. County judgment search is clear.

K. New Jersey Superior and U.S. District Court judgment search discloses a
   judgment or judgments which are to be cancelled of record or disposed of by a
   specific affidavit which is to be submitted.

WS1 059158

L.  Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

M.  Receipt of proper corporate affidavit of title for Cristo Property Management.

N.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

FORM 26-84-82 BI (11/93)

ALTA COMMITMENT - PLAIN LANGUAGE
SCHEDULE B1. NJRB 3-02 (10-26-82)

WS1 059159

FIC   .TY NATIONAL TITLE
Insurance Company of New York

Schedule B - Section II

File No.  CT-18563(A)

Any policy we issue will have the following exceptions unless they are  taken care of
to our satisfaction.

1.  Rights  or claims of parties in  possession of the land  not shown by the  public
    records: and encroachments. overlaps or boundary line disputes: and other matters
    any of  which would be  disclosed by a  survey of  the land  satisfactory to the
    Company.

2.  Any liens on your title, arising  now or later, for labor and material not shown
    by the public record.

3.  Taxes, assessments and governmental utility liens as follows:

4.  Mortgages of record ( See Schedule B. Section 1 )

5.  Subsurface conditions or encroachments not disclosed by an instrument of
    record.  (Owner's Policy Only)

6.  Lien for unpaid taxes for the year 1996.

7.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

    NOTE:  Policy insures that the alphabetical Indicies have been searched
    through the recording of the Deed and/or Mortgage, and same are properly
    indexed.

8.  Subject to rights of the utility company servicing the insured property for
    water, sewer, electric, telephone and cable television.

    NOTE:  Policy insures that the dwelling does not encroach on the utility lines
    and said utility lines do not interfere with the use and occupancy of the
    dwelling for residential purposes.

9.  Restrictions as contained in Deed Book 298 Page 418.

    NOTE:  Said restrictions contain a right of reverter that has not been
    released.

    NOTE:  This policy insures that the mortgage set forth under Schedule A hereof
    is a valid first lien on the property described therein.

FORM 26-84-82 BII (11/93)

ALTA COMMITMENT - PLAIN LANGUAGE
SCHEDULE BII, NJRB 3-02 (10-26-8

WS1 059160

**National Title**
COMPANY OF NEW YORK
Park Avenue / New York, New York 10016 / (212) 481-5858 / Fax: (212) 481-8747

ICS 5744-11018

Date: October 28, 1996

To: National Home Funding, Inc., its successors and/or assigns, as their interest may appear

Attention: Closing Department

RE: Closing Service Letter
Issuing Agent or Attorney whose conduct is covered:
Stanley Yacker, Esquire

330 Highway 34, Suite 3
Matawan, NJ   07747

File No: CT-18563(A)
Transaction: JOSEPH L. AMADOR

Premises: 209 SECOND AVENUE
ASBURY PARK

Dear Customer:

When title insurance of Fidelity National Title Insurance Company of New York is specified for your protection in connection with the closing of the above described real estate transaction  in which you are to be a lender secured by a mortgage of an interest in land, the Company, subject to the Conditions and Exclusions set  forth below, hereby agrees to reimburse you for actual loss incurred by you in connection  with that closing when  conducted  by the  above named Issuing Agent  (an agent authorized to  issue title insurance for the Company) of  Fidelity National Title Insurance  Company of New York or the above named Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instructions to the extent that  they relate to:  (a) the title to said interest  in land or the  validity,  enforceability and priority  of the  lien of said  mortgage on  said interest in land, including the obtaining of documents and the  disbursement of funds necessary to establish such title or lien; or (b) the collection and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage  on a one-to-four family dwelling, which is the principal residence of the borrower, shall be protected, but only to the extent of the foregoing paragraph 2, as if this letter were addressed to your borrower. If you are a purchaser of a  one-to-four  family dwelling, including a condominium unit, which is your principal residence, and are paying cash for the purchase, you are protected, but only to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

SYSW008487

Fidelity CSL -- Page 2

1. Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such lien is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 2 Park Avenue, New York, N.Y. 10016. When failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this Letter.

Fidelity National Title Insurance Company of New York

BY: _____

Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

SYSW008488

# EXHIBIT 44

14/11/1996  12:48   1-988-298-2477        ATTORNEYS OFFICE              PAGE  05

**TITLE INSURANCE CO****Y**
A Reliance Group Holdings Company

## TITLE INSURANCE COMMITMENT

### SCHEDULE A

Commitment No.

1. Commitment Date:  September 19, 1996          File No.  CT-18551(A)

2. Policy or Policies to be issued:
                                                        Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy      $  130,000.00
             One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)                       $

   Proposed Insured:                          CERTIFIED TRUE COPY

       DONALD DEVINCENZO

   (b) [ X ] ALTA Loan Policy                             $   97,500.00
             (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or
                     assigns, as their interest may appear

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by Cristo Property Management, LTD   by deed from,
   Raymond Sexton and Cecila Sexton, his wife, dated      , recorded
   in the Monmouth County Clerk's/Register's office in deed book , page,
   (about to be recorded).

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Long Branch,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881



0040062945PTR

WS1 057155

14/11/1996  12:48   1-908-290-2477          ATTORNEYS OFFICE                    PAGE  08

OMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

## TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-18551(A)

### DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Long Branch, County of Monmouth and state of New Jersey,
being more particularly described as follows:

All that tract or parcel of land and premises, situate, lying
and being the City of Long Branch, County of Monmouth and State
of New Jersey, more particularly described as follows:

Beginning at a point in the northerly line of South Fifth
Avenue, said point being distant 125.00 feet easterly from the
intersection with the easterly line of Slocum Place and from
said point, running; thence

1.  North 12 degrees 30 minutes West, 154.33 feet to a point;
thence

2.  North 76 degrees 21 minutes 15 second East, 25.01 feet to a
point; thence

3.  South 12 degrees 30 minutes East, 153.83 feet to a point in
the northerly line of South Fifth Avenue; thence

4.  Along the northerly line of South Fifth Avenue, South 77
degrees 30 minutes West, 25.00 feet to the point and place of
Beginning.

The above description id drawn in accordance with a survey
prepared by LeRoy C. Stroby, dated September 8, 1987.

Also known as Lot 23, Block 233, Tax Map of the City of Long
Branch.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

WS1 057156

14/11/1996  12:48    1-908-290-2477         ATTORNEYS OFFICE         PAGE  07

TITLE INSURANCE CO    NY
A Reliance Group Holdings Company

### TITLE INSURANCE COMMITMENT

### SCHEDULE B - SECTION 1

Commitment No.

File No. CT-18551(A

### REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s)  satisfactory to us creating the interest  in the land and/or the mortgage to be insured must be signed, delivered and recorded:

  1. Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

  2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You  must tell us  in writing  the name  of anyone  not referred  to  in this Commitment  who will get an interest  in the land or who will  make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

  NOTE:  The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

  NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

(h) County judgment search is clear.

(i) New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

14/11/1996  12:48    1-908-298-2477        ATTORNEYS OFFICE               PAGE  05

(j) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

(k) Receipt of proper corporate affidavit of title for Cristo Property Management.

(l) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

Schedule B-Section 1
Form No. 1106-3

WS1 057158

14/11/1996  12:48    1-908-290-2477          ATTORNEYS OFFICE                    PAGE  03

**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

## TITLE INSURANCE COMMITMENT

### SCHEDULE B – SECTION II

Commitment No.

File No. CT-18551(A

## EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens, on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

    NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE:  Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

CONTINUED

14/11/1996   12:48      1-908-290-2477          ATTORNEYS OFFICE              PAGE  10

10. Restrictions as contained in Deed Book 343 Page 177.

NOTE:  This policy insures that the mortgage set forth under Schedule A
hereof is a valid first lien on the property described therein.

Countersigned: _____
              Authorized Signatory

Page 5

Schedule B-Section II                                      WJRB 3-02
Form No. 1106-6                                            10-15-82

WS1 057160

**Commonwealth**
Land Title Insurance Company

Audit No. X01-020673

Date:  November 05, 1996

To: National Home Funding, Inc., its successors and/or
    assigns, as their interest may appear

    Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yacker, Esquire
    330 Highway 34, Suite 3
    Matawan, NJ   07747

    File No: CT-18551(A)
    Transaction: DONALD DEVINCENZO
    Premises: 48 SOUTH FIFTH AVENUE
              LONG BRANCH

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                                    NJRB 6-04
*INSURANCE RATING BUREAU*                                                  8/1/94

CTE 3740

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

1. Failure of the -Attorney to comply with your  closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with  the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan trans- action, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of  the Company must have been received by you  prior to the transmission  of your final closing in- strutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be sub- rogated to all rights and  remedies which you  would have had against any  person or property had you  not been so  reimbursed.  Liability of the  Company for such reim- bursement shall be  reduced to the extent  that you have  knowingly and  voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate  transactions by an  Issuing Agent or  Attorney shall be  limited to the protection provided by this letter.  However, this letter shall not  affect the pro- tection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8  Penn Center, Phila- delphia, Pennsylvania 19103.  When the failure to give prompt notice shall prejudice the Company, then liability of the Company  hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF  COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY:_____
      Robert F. Agel, President
      Coastal Title Agency, Inc.
      Agent

*NEW JERSEY LAND TITLE
INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

CTE 3741