# EXHIBIT 49

ALTA COMMITMENT - 1982
*Issued by*



# Fidelity National Title
### INSURANCE COMPANY OF NEW YORK

## INFORMATION

The Title Insurance Commitment is a legal contract between you and the Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.

YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.

If you have any questions about the Commitment, contact:

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

2 Park Avenue
New York, New York 10016

## TABLE OF CONTENTS

PAGE

AGREEMENT TO ISSUE POLICY . . . . . . . . . . . . . . . . . 2

SCHEDULE A . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1. Commitment Date . . . . . . . . . . . . . . . . . . . . 3

    2. Policies to be Issued, Amounts and Proposed Insureds . . 3

    3. Interest in the Land and Owner   . . . . . . . . . . . . 3

    4. Description of the Land   . . . . . . . . . . . . . . . . 3

SCHEDULE B - I - - REQUIREMENTS . . . . . . . . . . . . . . 4

SCHEDULE B - II - - EXCEPTIONS  . . . . . . . . . . . . . . 5

SCHEDULE C - - CONTINUATION . . . . . . . . . . . . . . . . 6

CONDITIONS . . . . . . . . . . . . . . . . . . . . . . . . 7

WSI 82865

**FIDELITY NATIONAL TITLE**
Insurance Company of New York

Schedule A

1. Effective Date: October 20, 1996          File No. CT-18806(A)

2. Policy or Policies to be issued:                    Policy Amount

   (a) ALTA Residential Policy - (Plain Language)       $    168,000.00

   Proposed Insured:

   MARIO CUZZI, JR.

   (b) ALTA Loan Policy                                 $    126,000.00

   Proposed Insured:

   National Home Funding, Inc., its successors and/or
   assigns, as their interest may appear
   3443 Highway 9 North Freehold, New Jersey 07728

3. FEE SIMPLE  interest in the land described in this Commitment is owned, at the
   Commitment Date, by GJL Limited  by deed from, Remell Odom, dated
   recorded          , in the Monmouth County Clerk's/Register's office in deed
   book , page (about to be recorded).

4. The land referred to in this Commitment is described in Schedule A-4.

FORM 26-84-82 A (11/93)                    ALTA COMMITMENT - PLAIN LANGU
                                           SCHEDULE A, NJRB 3-02 (10-26-

WSI 82866

FIDELITY NATIONAL TITLE
Insurance Company of New York

Schedule A-4

File No. CT-18806(A)

All that certain lot, piece of land, with the buildings and improvements thereon
erected, situate, lying and being in the  City of Asbury Park,
County of Monmouth,     State of New Jersey;

Beginning at a point in the southerly side line of Asbury Avenue, said point
being distant 361.50 feet from the intersection of said side line with the
easterly side line of Prospect Avenue running; thence

1.  South 67 degrees 30 minutes East, a distance of 50.0 feet to a point;
thence

2.  South 2 degrees 30 minutes West, a distance of 97.50 feet to a point;
thence

3.  South 83 degrees 50 minutes West, a distance of 55.50 feet to a point;
thence

4.  North 22 degrees 30 minutes East, a distance of 137.25 feet to the point
and place of Beginning.

The above description is drawn in accordance with a survey made by William H.
Zieman, Jr., New Jersey licensed Land Surveyor No. 18259 dated October 29,
1983.

Also known and designated as Lot 9 in Block 47 on the Tax Map of the City of
Asbury Park, Monmouth County, New Jersey.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

FORM 26-84-82 A-4(11/93)

ALTA COMMITMENT - PLAIN LAN
SCHEDULE A-4, NJRB 3-02 (10-

WSI 82867

FIDELITY NATIONAL TITLE
Insurance Company of New York

Schedule B - Section I

File No. CT-18806(A)

The following requirements must be met:

A. Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded and properly indexed in the land records.

B. Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

C. Pay us the premiums, fees and charges for the policy.

D. You must tell us in writing the name of anyone not referred to in this Commitment who will make a loan on the land. We may then make additional requirements or exceptions.

E. Deed made by GJL Limited to the proposed insured(s) named in Schedule A. 2(a).

F. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A. 2(b).

G. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

H. All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

I. Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

J. New Jersey Superior and U.S. District Court and County judgment searches are clear.

K. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE:   There is a possibility that the mortgage being insured herein must include one of the following:

a.   Variable Rate Endorsement - Renegotiable or Adjustable.
b.   Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B. Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:   Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

L.  Receipt of proper corporate affidavit of title for GJL Limited.

M.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

FORM 26-B4-82 B1 (11/93)

ALTA COMMITMENT - PLAIN LANGU
SCHEDULE B1. NJRB 3-02 (10-26

600 ☑

07/25/11  THU 06:54  FAX

WSI 82869

FIDELITY NATIONAL TITLE
Insurance Company of New York

Schedule B - Section II

File No. CT-18806(A)

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public records: and encroachments, overlaps or boundary line disputes; and other matters any of which would be disclosed by a survey of the land satisfactory to the Company.

2. Any liens on your title, arising now or later, for labor and material not shown by the public record.

3. Taxes, assessments and governmental utility liens as follows:

4. Mortgages of record ( See Schedule B, Section 1 )

5. Subsurface conditions or encroachments not disclosed by an instrument of record.  (Owner's Policy Only)

6. Lien for unpaid taxes for the year 1996.

7. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

8. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

   NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

FORM 26-84-82 B11 (11/95)

ALTA COMMITMENT - PLAIN LANGUA-
SCHEDULE B11, RJRB 3-02 (10-26

Ø010

XAT PC:80 UHT 11-52-16

WSI 82870

**Fidelity National Title**
INSURANCE COMPANY OF NEW YORK
Two Park Avenue / New York, New York 10016 / (212) 481-5858 / Fax: (212) 481-8747

ICS 5744-11045                                        Date:  November 11, 1996

To: National Home Funding, Inc., its successors and/or
    assigns, as their interest may appear
    3443 Highway 9 North
    Freehold, New Jersey 07728

    Attention: Closing Department

        RE: Closing Service Letter
            Issuing Agent or Attorney whose conduct is covered:
            Stanley Yacker, Esquire

            330 Highway 34, Suite 3
            Matawan, NJ   07747

    File No: CT-18806(A)
Transaction: MARIO CUZZI, JR.

    Premises: 1324 ASBURY AVENUE
              ASBURY PARK

Dear Customer:

When title insurance of Fidelity National Title Insurance Company of New York is
specified for your protection in connection with the closing of the above described real
estate transaction in which you are to be a lender secured by a mortgage of an interest
in land, the Company, subject to the Conditions and Exclusions set forth below, hereby
agrees to reimburse you for actual loss incurred by you in connection with that closing
when conducted by the above named Issuing Agent (an agent authorized to issue title
insurance for the Company) of Fidelity National Title Insurance Company of New York or
the above named Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien; or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

WK004273

Fidelity CSL -- Page 2

1. Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such lien is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 2 Park Avenue, New York, N.Y. 10016. When failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this Letter.

Fidelity National Title Insurance Company of New York

BY: _____
Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

WK004274

P-20B ALTA Loan Policy

**COASTAL TITLE AGENCY, INC.**
PO Box 740  21 West Main Street
Freehold NJ  07728
(800) 521-0378  FAX# (908) 308-1881

## SCHEDULE A

| Policy Number | Date of Policy | Amount of Insurance |
|---|---|---|
| 5412-484159 | 4/8/97 | $100,125.00 |

1.  **Name of Insured:**

    National Home Funding, Inc., its successors and/or assigns, as their interest may appear

2.  **The estate or interest in the land which is encumbered by the insured mortgage**
    **is:  FEE SIMPLE**

3.  **Title to the estate or interest in the land is vested in:**

    MARIO  CUZZI, JR. single

4.  **The insured mortgage and assignments thereof, if any, are described as follows:**

    Mortgage made by MARIO  CUZZI, JR. single  to National Home Funding, Inc.,  dated 11/22/96 and recorded 4/8/97 in the
    Monmouth County Clerk's Office in Mortgage Book 6166 Page 540 in the amount of $100,125.00.

5.  **The land referred to in this policy is described in Schedule A-4.**

(SEE DESCRIPTION ATTACHED)

**FIDELITY**
**NATIONAL TITLE**
**Insurance Company of New York**

P.71.NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2-05

**FIDELITY NATIONAL TITLE**
**Insurance Company of New York**

Schedule A-4

**All that certain lot, piece of land, with the buildings and improvements thereon
erected, situate, lying and being in the** City of Asbury Park,
**County of** Monmouth,   **State of New Jersey:**

Beginning at a point in the southerly side line of Asbury Avenue, said point being distant 361.50 feet from the
intersection of said side line with the easterly side line of Prospect Avenue running; thence

1. South 67 degrees 30 minutes East, a distance of 50.0 feet to a point; thence

2. South 2 degrees 30 minutes West, a distance of 97.50 feet to a point; thence

3. South 83 degrees 50 minutes West, a distance of 55.50 feet to a point; thence

4. North 22 degrees 30 minutes East, a distance of 137.25 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey made by William H. Zieman, Jr., New Jersey licensed Land
Surveyor No. 18259 dated October 29, 1983.

Also known and designated as Lot 9 in Block 47 on the Tax Map of the City of Asbury Park, Monmouth County, New
Jersey.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881**

FORM 26-84-82 A-4(11/93)                                    ALTA COMMITMENT - PLAIN
LANGUAGE
                                                   SCHEDULE A-4. NJRB 3-02 (10-26-82)

**SCHEDULE B**

**POLICY NUMBER:** 5412-484159

**EXCEPTIONS FROM COVERAGE**

**This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees of expenses) which arise by reason of:**

**PART I**

1. **Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate inspection of the premises.**

2. Lien for unpaid taxes for the year 1997. (Taxes paid through date of closing) "Subsequent taxes not yet due and payable".

3. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq. "None yet due and payable".

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

4. Subject  to rights of the utility company servicing the insured  property  for water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures  that  the dwelling does not encroach on  the utility lines and  said utility lines do not interfere with  the  use and occupancy  of  the  dwelling for residential purposes.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

**Note: If there are matters which affect the title to the estate or interest in the land described in Schedule A-4, but which are subordinate to the lien of the insured mortgage, see PART II of Schedule B.**

**FIDELITY NATIONAL TITLE**
**Insurance Company of New York**

P7I.B NJL FOR USE WITH ALTA LOAN POLICY (4-6-90)
NJRB 2.05

## SCHEDULE B

**POLICY NUMBER:** 5412-484159

## PART II

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest: None.

**FIDELITY NATIONAL TITLE**
**Insurance Company of New York**

P61.BII FOR USE WITH ALTA LOAN POLICY (6-1-87)
NJRB 2-03
7/2/90

# EXHIBIT 50

## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company.  It is issued to show the basis on which we will issue a Title Insurance Policy to you.  The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

|  | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|    1. Commitment Date | |
|    2. Policies to be Issued, Amounts and Proposed Insureds | |
|    3. Interest in the Land and Owner | |
|    4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

COMMITMENT FOR TITLE INSURANCE

**Commonwealth**

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned

By _____
Authorized Officer or Agent

By _____ President

Attest: _____ Secretary

American Land Title Association Commitment - 1982
NJBR 3-02
**Form 1106-9**

WS1 045705

**COMMONWEALTH LAND
TITLE INSURANCE COl   ANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date: October 30, 1996          File No.   CT-18848(A)

2. Policy or Policies to be issued:                    Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy        $        100,214.00
          One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)                         $

   Proposed Insured:

   SUSAN VISCARDO

                                                          70,000

   (b) [ X ] ALTA Loan Policy                    $        75,161.00
          (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or
                     assigns, as their interest may appear
                     3443 Highway 9 North
                     Freehold, New Jersey 07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by GJL Limited   by deed from, Eloise Ragland, dated  00,
   , recorded  00,    , in the Monmouth County Clerk's/Register's office in
   deed book , page (About to be recorded).

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Asbury Park,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

WS1 045706

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-18848(A)

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Asbury Park, County of Monmouth and state of New Jersey, being more particularly described as follows:

Known as part of Lot No. 261 on Map of West Asbury Park, made by W.H. DeNyse, C.E. and more particularly described as follows:

Beginning at a point in the westerly line of Comstock Street distant 57 feet southwardly from the southwest corner of Bangs Avenue and Comstock Street; thence

1. Southwardly along the westerly line of said Comstock Street, 25 feet; thence

2. Westwardly and at right angles to said Comstock Street, 50 feet; thence

3. Northwardly parallel with said Comstock Street, 25 feet; thence

4. Eastwardly and again at right angles to said Comstock Street 50 feet to the point or place of Beginning.

Being also known as Block 68, Lot 3 on the tax map of the City of Asbury Park and commonly known as 303 Comstock Street, Asbury Park, New Jersey.

**Issued By:**
**COASTAL TITLE AGENCY, INC.**
**P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728**
**(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881**

WS1 045707

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

(i)  Receipt of proper corporate affidavit of title for GJL Ltd.

(j)  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

Schedule B-Section 1
Form No. 1106-3

WS1 045708

COMMONWEALTH LAND
   TITLE INSURANCE COM___ANY
   A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B - SECTION 1

Commitment No.

File No. CT-18848(A

## REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed made by present owner(s) to the proposed insured(s) named in Schedule A, 2(a).

2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

(h) New Jersey Superior and U.S. District Court and County judgment searches are clear.

(i) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

COMMONWEALTH LAND
  TITLE INSURANCE COMPANY
    A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

### SCHEDULE B – SECTION II

Commitment No.

File No. CT-18848(A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record.  (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

CONTINUED

WSI 045710

9. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

NOTE:  Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
          Authorized/Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WS1 045711

**Commonwealth**
Land Title Insurance Company

Audit No. X01-021053

$(0,0^{22}$

Date:  December 09, 1996

To: National Home Funding, Inc., its successors and/or
     assigns, as their interest may appear
     3443 Highway 9 North
     Freehold, New Jersey 07728
     Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yacker, Esquire
    330 Highway 34, Suite 3
    Matawan, NJ   07747

        File No: CT-18848(A)
        Transaction: SUSAN VISCARDO
        Premises: 303 COMSTOCK AVENUE
                  ASBURY PARK

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                      NJRB 6-04
*INSURANCE RATING BUREAU*                                    8/1//94

WS1 045716

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

   1.  Failure of the Attorney to comply with your closing instructions which require
       require title insurance protection inconsistent with that set forth in the title
       insurance binder or commitment issued by the Company. Instructions which require
       the removal of specific exceptions to title or compliance with the requirements
       contained in said binder or commitment shall not be deemed to be inconsistent.

   2.  Loss or impairment of your funds in the course of collection or while on deposit
       with a bank due to bank failure, insolvency or suspension, except such as shall
       result from failure of the Issuing Agent or Attorney to comply with your written
       closing instructions to deposit the funds in a bank which you designated by name.

   3.  Mechanics' and materialmen's liens in connection with a construction loan trans-
       action, except to the extent that protection against such liens is afforded by a
       title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance
   binder or commitment for the issuance of a policy of title insurance of the Company
   must have been received by you prior to the transmission of your final closing in-
   strutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be sub-
   rogated to all rights and remedies which you would have had against any person or
   property had you not been so reimbursed. Liability of the Company for such reim-
   bursement shall be reduced to the extent that you have knowingly and voluntarily
   impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of
   real estate transactions by an Issuing Agent or Attorney shall be limited to the
   protection provided by this letter. However, this letter shall not affect the pro-
   tection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Phila-
   delphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice
   the Company, then liability of the Company hereunder shall be reduced to the extent
   of such prejudice.

**THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND
TITLE INSURANCE COMPANY.**

The protection under this Letter is limited to the closing on the premises described in
the caption of this Letter.

                                        *Commonwealth Land Title Insurance Company*

                                        BY: _____
                                            Robert F. Agel, President
                                            Coastal Title Agency, Inc.
                                            Agent

*NEW JERSEY LAND TITLE*                                          NJRB 6-04
*INSURANCE RATING BUREAU*                                        8/1/94

WS1 045717

# EXHIBIT 51

A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

### SCHEDULE A

Commitment No.

1. Commitment Date: November 2, 1996          File No.   CT-18901(A)

2. Policy or Policies to be issued:                              Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy          $ 187,302.00
           One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)                            $


   Proposed Insured:

   LAWRENCE M. CUZZI


   (b) [ X ] ALTA Loan Policy                                  $ 140,477.00
           (10/17/92)

   Proposed Insured:  National Home Funding, Inc., its successors and/or
                      assigns as their interest may appear
                      3443 Highway 9 North
                      Freehold, New Jersey 07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by GJL Limited   by deed from,  Gary Klein, dated
   , recorded          ,        , in the Monmouth County Clerk's/Register's office in
   deed book , page (About to be recorded).

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Asbury Park,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

CTB 2522

COMMONWEALTH LAND
**TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-18901(A)

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Asbury Park, County of Monmouth and state of New Jersey, being more particularly described as follows:

Beginning at the intersection of the northerly line of First Avenue and the westerly line of Bond Street and extending; thence

1. North 24 degrees 30 minutes East along the westerly line of Bond Street, 79.43 feet; thence

2. North 65 degrees 30 minutes West, 50 feet; thence

3. South 24 degrees 30 minutes West, 79.43 feet to the northerly line of First Avenue; thence

4. South 65 degrees 30 minutes East, along First Avenue, 50 feet to the point or place of Beginning.

Being also known as Lot 1 in Block 154 on the Official Tax Map of the City of Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

CTB 2523

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B – SECTION 1

Commitment No.

File No. CT-18901(A)

## REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

1. Deed made by GJL Limited to the proposed insured(s) named in Schedule A, 2(a).

2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

(h) County judgment search is clear.

(i) New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

CTB 252A

(j) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.   Variable Rate Endorsement - Renegotiable or Adjustable.
b.   Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

(k) Receipt of proper corporate affidavit of title for GJL Limited.

(l) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

Schedule B-Section 1
Form No. 1106-3

CTB 2525

TITLE INSURANCE CO    ANY
A Reliance Group Holdings Company

TITLE INSURANCE COMMITMENT

## SCHEDULE B – SECTION II

Commitment No.

File No. CT-18901(A

### EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE:  Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

CONTINUED

CTB 2526

10. Restrictions as contained in Deed Book 354 Page 29.

NOTE:  Said restrictions contain a right of reverter which has been released by Deed Book 2095, Page 380.

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Countersigned: _____
                  Authorized Signatory

Page 5

NJ&R 3-62
10-15-82

Schedule B-Section II
Form No. 1106-6

CTB 2527

# INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

## TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
|    1. Commitment Date | |
|    2. Policies to be Issued, Amounts and Proposed Insureds | |
|    3. Interest in the Land and Owner | |
|    4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

COMMITMENT FOR TITLE INSURANCE



**Commonwealth**

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned

By: _____
President

Attest: James J. W. Lynch Jr.
Secretary

By _____
Authorized Officer or Agent

American Land Title Association Commitment - 1982
NJBR 3-02
Form 1106-9

## CONDITIONS

Page 3

**1. DEFINITIONS**
(a) **"Mortgage"** means mortgage, deed of trust or other security instrument. (b) **"Public Records"** means title records that give constructive notice of matters affecting the title according to the state law where the land is located.

**2. LATER DEFECTS**
The Exceptions in Schedule B-Section II may be amended to show any defects, liens or encumbrances that appear for the first time in the public records or are created or attached between the Commitment Date and the date on which all of the Requirements (a) and (c) of Schedule B-Section I are met. We shall have no liability to you because of this amendment.

**3. EXISTING DEFECTS**
If any defects, liens or encumbrances existing at Commitment Date are not shown in Schedule B, we may amend Schedule B to show them. If we do amend Schedule B to show these defects, liens or encumbrances, we shall be liable to you according to Paragraph 4 below unless you knew of this information and did not tell us about it in writing.

**4. LIMITATION OF OUR LIABILITY**
Our only obligation is to issue to you the Policy referred to in this Commitment, when you have met its Requirements. If we have any liability to you for any loss you incur because of an error in this Commitment, our liability will be limited to your actual loss caused by your relying on this Commitment when you acted in good faith to:

comply with the Requirements shown in Schedule B-Section I

or

eliminate with our written consent any Exceptions shown in Schedule B-Section II.

We shall not be liable for more than the Policy Amount shown in Schedule A of this Commitment and our liability is subject to the terms of the Policy form to be issued to you.

**5. CLAIMS MUST BE BASED ON THIS COMMITMENT**
Any claim, whether or not based on negligence, which you may have against us concerning the title to the land must be based on this Commitment and is subject to its terms.

B 1106-9

CTB 2590

Land Title Insurance Company

Audit No. X01-021057

Date:   December 11, 1996

To: National Home Funding, Inc., its successors and/or
assigns, as their interest may appear
3443 Highway 9 North
Freehold, New Jersey 07728
Attention: Closing Department

RE: Closing Service Letter
Issuing Agent or Attorney whose conduct is covered:
Stanley Yacker, Esquire
330 Highway 34, Suite 3
Matawan, NJ   07747

File No: CT-18901(A)
Transaction: LAWRENCE M. CUZZI
Premises: 701 FIRST AVENUE
ASBURY PARK

Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*                                                    NJRB 6-04
*INSURANCE RATING BUREAU*                                                  8/1/94

CTB 2520

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

  1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

  2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

  3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

*NEW JERSEY LAND TITLE
INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

CTB 2521

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

**Commonwealth**

LOAN POLICY OF TITLE INSURANCE

POLICY NUMBER

F89-353172

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material: (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest:                                                          By:

_____                                _____
Secretary                                                       President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.

4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.

5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.

7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
     (i) to timely record the instrument of transfer; or
     (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

PA 20
ALTA Loan Policy (10-17-92)
Form 1191-2A  Face Page                    ORIGINAL                    Valid Only If Schedules A and B and Cover Are Attached

CTB 2504

Issued with Policy No. 187-082855

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

POLICY OF TITLE INSURANCE

POLICY NUMBER   789-353172

SCHEDULE A

Amount of Insurance  $122,850.00

File No.  CT-18901(A)

Premium:  Simultaneous Issue

Date of Policy  4/8/97

1.  Name of Insured:

    National Home Funding, Inc., its successors and/or assigns, as their interest may appear

2.  The estate or interest in the land described in this Schedule and which is encumbered by the insured mortgage
    is: Fee Simple and is at Date of Policy vested in:

    LAWRENCE M CUZZI

3.  The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described
    as follows:

    Mortgage made by LAWRENCE M CUZZI to National Home Funding, Inc., dated 12/30/96 and recorded 4/8/97 in the
    Monmouth County Clerk's Office in Mortgage Book 6166 Page 796 in the amount of $122,850.00.

4.  The land referred to in this policy is described as set forth in the insured mortgage, is situated in the Monmouth
    County , City of Asbury Park, State of New Jersey and is identified as follows:

                            (SEE DESCRIPTION ATTACHED)

Countersigned: _____
                    Authorized Officer or Agent

ALTA Loan/Construction Loan
Schedule A
FORM 1191 -13

CTB 2505

# ENDORSEMENT

Endorsement No. 779-079314

Attached to and forming a part of Policy No. F89-353172

Issued by

**Commonwealth Land Title Insurance Company**

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

(b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement will not insure against liens filed pursuant to the Spill Compensation and Control Act, N.J.S.A. 58: 10-23.11 et seq. subsequent to the effective date of this policy.

The endorsement is made a part of this policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

DATED: 6/23/97

Commonwealth Land Title Insurance Company

_____

Authorized Signatory

*Note: This Endorsement shall not be valid or binding until signed by an Authorized Signatory.*

ALTA Endorsement - Form No. 8.1
Loan (Environmental Protection Lien)

F.10974 (3314A N.J.) 10/87

CTB 2509

ENDORSEMENT

Endorsement No. 786-131685

Attached to and made a part of Commonwealth Land Title Insurance Company Policy No F89-352172

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1. Any incorrectness in the assurance that, at Date of Policy:
   (a) There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.
   (b) Unless expressly excepted in Schedule B:
      (1) There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.
      (2) Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages, (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.
      (3) There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.
      (4) There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.
      (5) There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.
2. Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:
   (a) invalidity, loss or priority, or unenforceability of the lien of the insured mortgage; or
   (b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.
3. Damage to existing improvements, including lawns, shrubbery or trees:
   (a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;
   (b) resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.
4. Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.
5. Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1(b)(1) and (5), the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, the Company has caused this Endorsement to be signed and sealed as of 6/23/97 to be valid when countersigned by an authorized officer or agent of the Company, all in accordance with its By-laws.

Commonwealth Land Title Insurance Company

COUNTERSIGNED:

_____
Authorized Officer or Agent

ALTA Endorsement Form 9

CTB 2510

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

ALTA ENDORSEMENT- FORM 1

Endorsement Number: P07-004831

File No. CT-18901 (A)

Attached to and made a part of Policy Number F89-353172

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on 6/23/97.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned:

By: _____

ALTA Endorsement – Form 1 (Street Assessment) (6-1-87)
Form 1144-6

CTB 2511

5. PROOF OF LOSS OR DAMAGE.

6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS;
TERMINATION OF LIABILITY.

7. DETERMINATION AND EXTENT OF LIABILITY.

8. LIMITATION OF LIABILITY.

9. REDUCTION OF INSURANCE; REDUCTION OR
TERMINATION OF LIABILITY.

10. LIABILITY NONCUMULATIVE.

11. PAYMENT OF LOSS.

12. SUBROGATION UPON PAYMENT OR SETTLEMENT.

13. ARBITRATION.

14. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.

15. SEVERABILITY.

16. NOTICES, WHERE SENT.
All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to COMMONWEALTH LAND TITLE INSURANCE COMPANY, 1700 Market Street, Philadelphia, PA 19103-3990.

NM2        PA 20
ALTA Loan Policy (10-17-92)
Cover Page
Form 1191-3

ORIGINAL

Valid Only If Face Page and Schedules A and B Are Attached

CTB 2512

# EXHIBIT 52



## INFORMATION SHEET

The Title Insurance Commitment is a legal contract between you and Commonwealth Land Title Insurance Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land and title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy Form, if you ask.

The Commitment is based on the land and the title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

**THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.**

**YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.**

If you have any questions about the commitment, contact the Issuing Agent.

### TABLE OF CONTENTS

| | Page |
|---|---|
| AGREEMENT TO ISSUE POLICY | 2 |
| SCHEDULE A | Insert |
| 1. Commitment Date | |
| 2. Policies to be Issued, Amounts and Proposed Insureds | |
| 3. Interest in the Land and Owner | |
| 4. Description of the Land | |
| SCHEDULE B-I — REQUIREMENTS | Insert |
| SCHEDULE B-II — EXCEPTIONS | Insert |
| CONDITIONS | 3 |

ISSUED BY:
COMMONWEALTH LAND TITLE INSURANCE COMPANY

COMMITMENT FOR TITLE INSURANCE

## Commonwealth

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned

President

Secretary

Authorized Officer or Agent

American Land Title Association Commitment — 1966
N.JRR 3-02

WS1 004155

**COMMONWEALTH LAND**
**TITLE INSURANCE COMPANY**
**A Reliance Group Holdings Company**

**TITLE INSURANCE COMMITMENT**

**SCHEDULE A**

Commitment No.

1. Commitment Date: November 13, 1996        File No.   CT-18948(A)

2. Policy or Policies to be issued:                    Policy Amount

   (a) [ X ] ALTA Residential Title Insurance Policy        $
           One-to-Four Family Residences (6/1/87)
       [   ] ALTA Owner -- (4/6/92)                    $178,090.00

   Proposed Insured:

   LAWRENCE M. CUZZI

                                        124,600

   (b) [ X ] ALTA Loan Policy                  $ 133,568.00
           (10/17/92)

   Proposed Insured: National Home Funding, Inc., its successors and/or
                     assigns, as their interest may appear

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the
   Commitment Date, by GJL Ltd.  by deed from  Frank J. Zuccaro and Ann
   Zuccaro, dated  , recorded  , in the Monmouth County Clerk's/Register's
   office in deed book , page . (about to be recorded).

4. The land referred to in this Commitment is in the County of Monmouth,
   City of Asbury Park,  State of New Jersey and is described as follows:

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

**WS1 004156**

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

Commitment No.

File No. CT-18948(A)

**DESCRIPTION**

ALL that certain tract, lot and parcel of land lying and being in the
City of Asbury Park, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Beginning at a point in the northerly line of Second Avenue
distant 100 feet westerly from the northwest corner of Second
Avenue and Bergh Street (formerly Avenue); thence

1.  North 65 degrees 18 minutes west along Second Avenue, 50
feet; thence

2.  North 24 degrees 42 minutes east 150 feet; thence

3.  South 65 degrees 18 minutes east 50 feet; thence

4.  South 24 degrees 42 minutes west, 150 feet to the place of
Beginning.

NOTE:  Being Lot(s) 3, Block 163, Tax Map of the City of
Asbury Park.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

WS1 004157

COMMONWEALTH LAND
TITLE INSURANCE CO. I  NY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

## SCHEDULE B – SECTION 1

Commitment No.

File No. CT-18948(A

## REQUIREMENTS

The following requirements must be met:

(a) Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

(b) Pay us the premiums, fees and charges for the policy.

(c) Document(s) satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

   1. Deed made by GJL Ltd. to the proposed insured(s) named in Schedule A, 2(a).

   2. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

(d) You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

(e) Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

(f) All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

(g) Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

(h) Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

(i) County judgment search is clear.

**WSI 004158**

(j) New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE: This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

(k) Receipt of proper corporate affidavit of title for GJL Ltd.

(l) Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

Schedule B-Section 1
Form No. 1106-3

**WS1 004159**

COMMONWEALTH LAND
TITLE INSURANCE CO. NY
A Reliance Group Holdings Company

**TITLE INSURANCE COMMITMENT**

**SCHEDULE B – SECTION II**

Commitment No.

File No. CT-18948(A

**EXCEPTIONS**

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1. Rights or claims of parties in possession of the land not shown by the public record.

2. Easements, or claims of easements, not shown by the public record.

3. Any facts about the land which a correct survey would disclose, and which are not shown by the public record.

4. Any liens on your title, arising now or later, for labor and material not shown by the public record.

5. Taxes, charges and assessments:

6. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

7. Lien for unpaid taxes for the year 1996.

8. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

9. Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

   NOTE: Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

WSI 004160

NOTE:  This policy insures that the mortgage set forth under Schedule A
hereof is a valid first lien on the property described therein.

Countersigned: _____
                    Authorized Signatory

Page 5

Schedule B-Section II
Form No. 1106-6

NJRB 3-02
10-15-82

WS1 004161

**Commonwealth**
Land Title Insurance Compa·

Audit No. X01-020719

Date:   December 11, 1996

To: National Home Funding, Inc., its successors and/or
    assigns, as their interest may appear

   Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yacker, Esquire
    330 Highway 34, Suite 3
    Matawan, NJ   07747


    File No: CT-18948(A)
    Transaction: LAWRENCE M. CUZZI
    Premises: 305 SECOND AVENUE


Dear Customer:

When title insurance of Commonwealth Land Title Insurance Company is specified for your
protection in connection with the closing of the above described real estate transaction
in which you are to be a lender secured by a mortgage of an interest in land, the
Company, subject to the Conditions and Exclusions set forth below, hereby agrees to re-
imburse you for actual loss incurred by you in connection with that closings when con-
ducted by the above named Issuing Agent (an agent authorized to issue title insurance
for the Company) of Commonwealth Land Title Insurance Company or the above named Attorney
and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that they relate to: (a) the title to said interest in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien, or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase, you are protected, but only
to the extent of the foregoing paragraph 2.

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

WS1 004191

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

1. Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instrutions to the Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its office at 8 Penn Center, Philadelphia, Pennsylvania 19103. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF COMMONWEALTH LAND TITLE INSURANCE COMPANY.

The protection under this Letter is limited to the closing on the premises described in the caption of this Letter.

*Commonwealth Land Title Insurance Company*

BY: _____
Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

*NEW JERSEY LAND TITLE*
*INSURANCE RATING BUREAU*

NJRB 6-04
8/1/94

**WS1 004192**

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

 **Commonwealth**

LOAN POLICY OF TITLE INSURANCE

POLICY NUMBER

# F89-353212

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**COMMONWEALTH LAND TITLE INSURANCE COMPANY**

Attest: _____        By: _____
                        Secretary                                              President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

PA 20
ALTA Loan Policy (10-17-92)
**Form 1191-2A** Face Page

ORIGINAL

Valid Only If Schedules A and B and Cover Are Attached

COM 19524

Issued with Policy No. 187-082718

COMMONWEALTH LAND                                    POLICY OF TITLE INSURANCE
   TITLE INSURANCE COMPANY
   A Reliance Group Holdings Company


                                                     POLICY NUMBER    F89-353212


                              SCHEDULE A


Amount of Insurance  $124,600.00                     File No.  CT-18948(A)

Premium:  Simultaneous Issue

Date of Policy  4/7/97

1.  **Name of Insured:**

    National Home Funding, Inc., its successors and/or assigns, as their interest may appear

2.  **The estate or interest in the land described in this Schedule and which is encumbered by the insured mortgage
    is: Fee Simple and is at Date of Policy vested in:**

    LAWRENCE M CUZZI


3.  **The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described
    as follows:**

    Mortgage made by LAWRENCE M CUZZI      to  National Home Funding, Inc., dated 12/30/96 and recorded 4/7/97 in the
    Monmouth County Clerk's Office in Mortgage Book 6165 Page 743 in the amount of $124,600.00.

4.  **The land referred to in this policy is described as set forth in the insured mortgage, is situated in the** Monmouth
    County , City of Asbury Park, State of New Jersey and is identified as follows:


                         (SEE DESCRIPTION ATTACHED)




Countersigned:  _____
                    **Authorized Officer or Agent**




**ALTA Loan/Construction Loan**
**Schedule A**
**FORM 1191 -13**


                                                                            **COM  19525**