# EXHIBIT K

# NEW JERSEY
# Legal Bulletin

An information bulletin for the Commonwealth family of companies



DATE: July 9, 1999

TO: All Branches and Agents

FROM: Nancy L. Koch, Esq.
Vice President and Underwriting Counsel

RE: Non-Approved Attorneys List
Closing Attorney Criteria

Enclosed herewith you will find an updated Non-Approved Attorneys List (revised 7/6/99). This list is current through its revision date and replaces all prior lists issued by this office. To avoid confusion, such prior lists should be destroyed at this time. For your quick reference, the revised list includes a schedule of additions/deletions since the last edition of the list.

This memo should not be construed as adversely reflecting on the professional ability and integrity of any of these attorneys; rather this Company is simply exercising its right as to whom it appoints as an Approved Attorney.

You will note that the first page of the Non-Approved Attorneys List sets forth the Company's Closing Attorney Criteria. Please be reminded that you are only authorized to issue single transaction Closing Service Letters on attorneys who satisfy all of the listed criteria (blanket Closing Service Letters cannot be issued). If a particular closing attorney client or a prospective closing attorney client does not satisfy all of the stated requirements, you must contact the State Office.

We continue to experience problems caused by closing attorneys who fail to comply with the lender's instructions and our Schedule B requirements. Fortunately, because of early notification and quick response, we have been able to avoid these potentially serious matters.

Although it is often impossible to predict which attorney will fail to comply with closing requirements (or worse), we have found certain indications which may serve as warning signs and for which we should be on guard:

1. An attorney fails to promptly return all required documents after closing.

2. Complaints are received from lending institutions as to the attorney's handling of the transaction either by way of incomplete or inaccurate documentation.

3. The attorney fails to promptly pay the premium on a transaction after it has closed. This often indicates that the attorney is using the premium, which is trust money, for his/her own purposes. Typically, an attorney who is running into financial difficulties fails to pay premiums on his/her real estate transactions.

4. There is a rapid and unexplained decline in staff in the attorney's office.

5. There is a continual turnover of staff in the attorney's office.

6. The attorney fails to call for rundowns prior to closing.

7. The attorney fails to respond to your requests for post-closing documentation.

8. When placing an order, the attorney does not seem to understand the nature of the transaction.

9. An attorney from outside of your geographic area places an order with your agency for property located outside of the county in which you are located or customarily do business.

10. The attorney does not maintain a bona fide, fully staffed office in New Jersey.

Problem attorneys are often forced to "shop" for title evidence outside of the county in which they normally do business as they have probably alienated all local title insurers. In order to prevent adequate investigation, the attorney will often request a "rush" job. These attorneys are a minority however, it only takes one to cause major problems.

What this all boils down to is that you must know your clients. A random application from an attorney with whom you have no previous experience requires investigation.

We have said it before but it bears repeating — you are our best line of defense. If you are experiencing problems with an attorney or firm, you must advise us immediately. Ceasing to do business with a problem attorney solves only the immediate problem. Placing the attorney on a non-approved status will stop him/her from bringing his/her problems to another office.

From your offices' standpoints, the best defense is to stay on top of each file. Policy issuance is not a mere clerical act which can be put off until a member of your staff is available to order the cover record and type policies. Files which have closed but which are awaiting cover records and policies should never sit for months without attention. The cover record for each file must be run as soon as practicable after closing taking into account the recording gap in the subject county. If the deed and/or mortgage is not found

COM 24219

Additionally, there is no excuse for an attorney to allow prior mortgages and other liens to remain open of record for months and years after a closing. Even if a Lender fails to return the mortgage receipted for cancellation after receiving the payoff, it is still the attorney's responsibility to follow up on the matter until it is completed. Not only do uncancelled mortgages create nightmares for policy issuance, they create an unnecessary market for letters of indemnification AND they are potentially a warning sign of a bigger problem. If the payoffs have been made, the lender is absolutely obligated to execute a cancellation, release or discharge. These items remain open only because of poor tracking at the attorney's office or worse.

With the number of transactions some attorneys handle, mistakes may be made. We expect this to happen and are always available to help rectify problems. Recurring problems with the same attorney or firm may indicate a less than thorough approach to handling real estate transactions. We do not need to do business with attorneys who cost us time (and money) by not completing real estate transactions properly. Please be on the lookout for the warning signs and report any problems you experience to our offices. Hopefully the warning signs you spot will be false leads but it would be unacceptable to miss one because of lack of attention.

cc:  A. Roger Blauvelt, Esq.  
     Richard A. Wilson  
     Kimberly A. Lacz, Esq.  
     Cris Franco  

     Donna M. Sullivan, Esq.  
     Judith M. Davidson  
     Charles Hayden

# CLOSING SERVICE LETTER NEWS

July 1999

In addition to addressing the Company's Approved Attorney procedures with this mailing, it seems appropriate at this time to address several issues which have arisen in connection with Closing Service Letters.

I. <u>Bank's Attorneys</u>

We are occasionally asked by the proposed insured lender to issue a Closing Service letter naming the lender's in-house or outside review counsel as our Approved Attorney. This request is not to be honored. Issuance of such a letter is not authorized.

II. <u>Non-Attorneys, Non-Agents</u>

We are beginning to see an increase in the number of independent settlement agents operating within the State who are neither attorneys nor title agents (most often, they are Independent paralegals). Please be reminded that you may not, without this Company's prior approval, issue a Closing Service Letter naming anyone other than the attorney(s) for the Borrower or your office as the Settlement Agent.

III. <u>Letters of Authorization</u>

Lenders are beginning to request, in addition to our Closing Service Letter, a letter authorizing the Closing Attorney/Settlement Agent to perform on our behalf additional functions such as recording documents, "marking up" the binder, recertifying title, etc. These requests should not be routinely honored. In fact, such letters may only be issued after obtaining our office's prior approval.

IV. <u>Blanket Closing Service Letters</u>

Please be reminded that the Closing Service Letter is limited to single transactions and may not be issued on a "Blanket" basis.

As always, any questions should be addressed to our offices.

## CRITERIA FOR CLOSING ATTORNEYS

You are authorized to issue single transaction closing service letters on attorneys who satisfy all of the following criteria:

- Listed as an Active Member of the New Jersey Bar in the current Lawyers Diary.

- Continues to be a member of same law firm as listed in current Lawyers Diary.

- Office is located at same address as listed in Current Lawyers Diary.

- Licensed to practice law in New Jersey for at least two years or associated with an attorney with at least two years experience.

- Engaged in full-time practice of law (no other occupation such as real estate developer, builder, etc.) <u>with a staffed New Jersey office open on a full-time basis.</u>

- Not included on Company's Non-Approved Attorney List attached.

- Maintains Errors & Omissions insurance coverage.

NOTE:

If a particular closing attorney client or a prospective closing attorney client does not satisfy all of the above requirements you must contact the State Office. The closing attorney may be required to complete a closing attorney application which is to be submitted to Nancy L. Koch, Vice President & State Counsel, for approval.

## Additions/Deletions to the Non-Approved List Dated 11/9/98
### As of 7/6/99

| NAME | YEAR ADMITTED |
|---|---|
| *Attorneys Added to the List:* | |
| Abdallah, Iman A. | 1989 |
| Annenko, Luba | 1983 |
| Armellino, John N. | 1976 |
| Banks, Cecil J. | 1976 |
| Belfon, Angela C.W. | 1993 |
| Berger, Dan H. | 1996 |
| Berson, Jack D. | 1980 |
| Biunno, David B. | 1982 |
| Bolno, Susan B. | 1988 |
| Breyer, Hugh J. | 1983 |
| Brooks, Derek E. | 1993 |
| Callahan, William S. | 1993 |
| Cantini, Gerald P. | 1963 |
| Cardone, Pasquale J. | 1976 |
| Carney, James F. | 1972 |
| Carracino, Anthony F. | 1982 |
| Caswell, Mark D. | 1980 |
| Chamberlin, Elizabeth S. | 1988 |
| Chasan, Michael A. | 1975 |
| Chua, Poh C. | 1997 |
| Cicalese, Anthony M. | 1995 |
| Cipolla, Charles W. | 1967 |
| Dalton, Carol A. | 1986 |
| Daly, Kevin J. | 1980 |
| Damm, Robert C. | 1972 |
| D'Arienzo, Marc | 1993 |
| Davidoff, Barry F. | 1978 |
| Dudas, John J., Jr. | 1968 |
| Dykstra, Paul A. | 1973 |
| Ellenport, Robert S. | 1975 |
| Fifield, Richard D. | 1971 |
| Flynn, Peter M. | 1986 |
| Gagliano, Karen A. | 1982 |
| Geoghan, Sean J. | 1991 |

## Additions/Deletions to the Non-Approved List Dated 11/9/98
### As of 7/6/99

| NAME | YEAR ADMITTED |
|---|---|
| Goldberg, Harvey B. | 1963 |
| Gorman, Robert P. | 1983 |
| Hammer, Vivian M. | 1990 |
| Hausman, Stanley J. | 1970 |
| Hoffmann, Howard H. | 1976 |
| Hummel, Charlotte K. | 1991 |
| Ismael, Thiaki | 1985 |
| Jackson, Michele E. | 1992 |
| King, S. Dorell | 1980 |
| Kinney, Donal A. | 1983 |
| Kubulak, Karen Ann | 1980 |
| Lawson, Edward Jr. | 1992 |
| Marum, Scott J. | 1979 |
| McCormack, Cathleen A. | 1993 |
| McEnroe, James J. | 1977 |
| Mischel, Felice F. | 1980 |
| Morris, Judi E. | 1993 |
| Nicolas, Danielle M. | |
| O'Brien, Dennis J. | 1968 |
| Oncu, Melike S. | 1998 |
| Owens, James R. | 1976 |
| Page, Raymond T. | 1983 |
| Pajerowski, Patrick M. | 1978 |
| Paragano, Vincent D. | 1980 |
| Pepin, Arthur W. | 1988 |
| Picciano, James R. | 1972 |
| Porro, Joan Atkins | 1980 |
| Prado, Rafael A. | 1978 |
| Primavera, Thomas E. | 1975 |
| Richards, Daniel D. | 1963 |
| Ringer, Steven I. | 1987 |
| Robinson, Joanne E. | 1984 |
| Roitman, Serena R. | 1993 |
| Rubin, Alice Fisher | |
| Schiavo, Thomas J. | 1979 |
| Schiff, Ina P. | 1975 |

COM 24224

## Additions/Deletions to the Non-Approved List Dated 11/9/98
## As of 7/6/99

| NAME | YEAR ADMITTED |
|---|---|
| Segal, Theodore J. | 1972 |
| Sharrar, Larry L. | 1995 |
| Sloboda, Joseph D. | 1990 |
| Spang, Kenneth O., III | 1992 |
| Toelke, Jennifer A. | 1993 |
| Tompkins, Donald F. | 1969 |
| Touhey, Seamus M. | 1986 |
| Tuohey, Seamus M. | 1986 |
| Van Sciver, Harvey Jr. | 1980 |
| Vedatsky, Robert J. | 1974 |
| Velazquez, Antonio | 1988 |
| Venenchak, Danny M. | 1985 |
| Weil, Richard B. | 1973 |
| Weiner, Alan J. | 1982 |
| Weiss, Howard S. | 1971 |
| West, John H.C., III | 1989 |
| Wheeler, Lawson & Snyder | |
| Yacker, Stanley | 1963 |
| Zagar, Eric L. | 1996 |

COM 24225