# EXHIBIT X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CITYSCAPE CORP.,                              :

                             Plaintiff,       :        98 Civ. 223

                  - against -                 :        ORDER

WALSH SECURITIES, INC.                        :

                             Defendant.       :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

        Cityscape Corp. brought this action to recover damages arising from the breach of certain

obligations pursuant to a Master Agreement for Sale and Purchase of Mortgages, as amended

(the "Master Agreement").  Pursuant to that Agreement, Walsh Securities, Inc. sold Cityscape

seven pools of residential home mortgage loans.  Cityscape alleged that 108 of those loans were

made based on inflated property appraisals (the "Apprisal Variance Loans"), and that 32 loans

were part of a fraudulent land flipping scheme in New Jersey (the "New Jersey Loans").  Walsh

filed a counterclaim alleging that Cityscape owed it money pursuant to a side agreement

regarding participation in "residuals" remaining after certain loans were securitized.

        On December 23, 1998, this Court dismissed Cityscape's claims relating to 69 of the 108

Appraisal Variance Loans.  On June 8, 2000, this Court granted both Walsh's motion for

summary judgment as to the remaining Appraisal Variance Loans and Cityscape's motion for

partial summary judgment that Walsh had breached the Master Agreement by failing to "buy

back" the New Jersey Loans.  The sole remaining issues in this case are the amount of damages

to which Cityscape is entitled for that breach and whether Walsh is entitled to any recovery on its

counterclaim.

The parties have agreed that the Court may decide those issues on the basis of written submissions without an evidentiary hearing. The following are the Court's findings of fact and conclusions of law:

## I.  MEASURE OF DAMAGES FOR FAILURE TO BUY BACK THE NEW JERSEY LOANS

Cityscape contends that the proper measure of damages is the full "Buy Back Price" as set forth in section VI(C) of the Master Agreement. Walsh does not dispute that the full "Buy Back Price" is the proper measure of damages, but contends that it is entitled to certain "offsets," as further discussed below. The Court finds that, aside from any possible offsets, the proper measure of damages is the full "Buy Back Price". The Master Agreement provides:

> The term "Buy Back Price" shall mean the sum total of: (1) the outstanding principal balance of the Loan, with accrued interest thereon through the date the Loan is repurchased by Seller; (2) all advances made by Buyer and all charges due from the Borrower; (3) the total amount, including accrued interest and other expenses paid by the Buyer to any senior lienholders, if any, to secure a priority lien position; (4) all reasonable and necessary expenses, losses and damages paid or incurred by the Buyer in connection with an investigation of said Loan and/or related collateral, including but not limited to, property taxes, maintenance costs, interest expense, insurance appraisals, advertising, sales commissions, reasonable attorney's fees, expenses, costs, fines and penalties; and (5) the rebate of the premium due Buyer, if applicable.

Master Agreement (Carl Decl. Ex. E) § VI(C).

## II.  THE PARTIES' SUBMISSIONS

Cityscape has submitted a declaration of Cheryl P. Carl dated August 1, 2000, in which Carl sets forth for each of the thirty-two loans in question: (1) the outstanding principal balance; (2) the accrued interest up to July 31, 2000; (3) the premium paid by Cityscape for the loan when it purchased it from Walsh; and (4) certain expenses Cityscape has incurred in connection with

the loan, all totalling $4,732,568.93.  Carl Decl. ¶¶ 17-21 & Ex. A.  Cityscape has also submitted

declarations of George Ford and Mickey Yung, executives of its mortgage servicing company,

Aegis Mortgage Corporation, dated September 21, 2000, and a supplemental declaration of

Cheryl P. Carl dated September 21, 2000.  In addition, Cityscape has submitted a declaration of

Jerry J. Strochlic dated August 2, 2000, and a supplemental declaration of Jerry J. Strochlic dated

September 22, 2000, setting forth certain attorneys' fees Cityscape incurred during this litigation.

Cityscape contends that those fees are recoverable as part of the "Buy Back Price."

     Walsh does not dispute the accuracy of any of Cityscape's figures.  Rather, Walsh

contends that:  (1) the declarations submitted by Cityscape should be stricken as inadmissible,

(2) even if the declarations are admissible, they are insufficient to prove Cityscape's damages;

and (3) attorneys' fees incurred during this litigation are not recoverable as part of the "Buy Back

Price."  Walsh also maintains that it is entitled to certain "offsets."

     For the reasons set forth below, the Court finds that:  (A) attorneys' fees incurred during

this litigation are not recoverable as part of the "Buy Back Price"; (B) the Cityscape declarations

necessary to prove damages are admissible; (C) Cityscape has proved its damages; and

(D) Walsh has not proved that it is entitled to any offsets.

     A.    <u>Attorney's Fees</u>

     Cityscape has submitted declarations of Jerry J. Strochlic setting forth the attorneys' fees

and costs Cityscape has incurred in seeking to recover for the New Jersey Loans.  Cityscape

seeks to recover these fees and costs as part of the "Buy Back Price" pursuant to section VI(C)(4)

of the Master Agreement.

That section, however, provides that the Buy Back Price for a particular loan may include only attorneys' fees and expenses "in connection with an investigation" of that loan. Attorneys' fees incurred in the course of litigation between the parties are not "in connection with an investigation" for purposes of calculating the Buy Back Price. Thus, Cityscape's attorneys' fees are not part of its damages for the New Jersey Loans.

B.    Admissibility of the Carl and Ford Declarations

Walsh has moved to strike virtually all of Cityscape's submissions on damages. First, Walsh objects to the Carl declaration on the grounds that it was not based on Carl's personal knowledge. Rule 602 of the Federal Rules of Evidence requires that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."

In her declaration Carl states that she is "fully familiar" with the loans at issue and that she was Cityscape's Executive Vice President until 1999. Carl Decl. ¶¶ 4-5. In addition, she states in a supplemental declaration dated September 21, 2000, that during her tenure at Cityscape, she "supervised employees in operations and underwriting," "was involved in loan processing and servicing," and "had primary responsibility for securitizations and whole loan sales." Supp. Carl Decl. ¶ 2. These averments are sufficient to establish that Carl is testifying based on her personal knowledge, and, thus, the Court overrules Walsh's objection. Cf. Merrill

<u>Lynch, Pierce, Fenner & Smith, Inc. v. Davis</u>, No. Civ. A. 398CV2861-D, 1998 WL 920328, at
*2 (N.D. Tex. Dec. 30, 1998).[1]

Second, Walsh contends that reports generated by Cityscape's servicing company, Aegis
Mortgage Corporation, upon which Carl relies and which are attached to the Carl declaration as
exhibit F, are inadmissible hearsay.  Cityscape, however, has submitted the Declaration of
George Ford dated September 21, 2000, in which Ford avers that:  (1) he is Vice President of
Servicing Operations for Aegis; (2) Aegis maintains a database of loans in the regular course of
its business; (3) Aegis provides reports from its database such as those in Carl exhibit F in the
regular course of its business; and (4) Aegis generated the reports attached as Carl exhibit F.
Ford Decl. ¶¶ 2, 4-7, 9, 11.  The Court finds that the documents constituting Carl exhibit F have
"sufficient indicia of trustworthiness."  Therefore, those documents are admissible as business
records pursuant to Rule 803(6) of the Federal Rules of Evidence.  <u>See</u> <u>Potamkin Cadillac Corp.</u>
<u>v. B.R.I. Coverage Corp.</u>, 38 F.3d 627, 632 (2d Cir. 1994); <u>Securities and Exchange Comm'n v.</u>
<u>Credit Bancorp, Ltd.</u>, No. 99 Civ. 11395, 2000 WL 968010, at *9 (S.D.N.Y. Aug 8, 2000); <u>see</u>
<u>also</u> United States v. Williams, 205 F.3d 23, 34 (2d Cir.2000) ("Rule 803(6) 'favor[s] the
admission of evidence rather than its exclusion if it has any probative value at all.'" (citation
omitted)).

Third, Walsh argues that because the Aegis documents and Ford were not listed in the
Joint Pretrial Order of August 2, 1999, Cityscape should be precluded from relying on the
documents or Ford's testimony in proving its damages.  A pretrial order, however, may be

_____

[1] The deposition testimony by Carl regarding responses to interrogatories made in September
1998, cited by Walsh in its memorandum at 2-3, is irrelevant to Carl's personal knowledge of the
facts in her declaration of August 2000.

modified unless prejudice will result. See Yuan v. Rivera, No. 96 Civ. 6628, 2000 WL 365036, at *3 (S.D.N.Y. Apr. 3, 2000). Walsh has not and cannot show prejudice or surprise here, as the amounts stated in the Aegis documents are identical, apart from an increased amount of accrued interest due to the passage of time, to the amounts listed in exhibit D to the complaint in this action. Moreover, documents supporting the amounts in the Aegis reports were produced in discovery and listed in the pretrial order. See, e.g., Joint Pretrial Order Ex. G. Walsh's objections to the Carl and Ford declarations are overruled.

      C.    <u>Sufficiency of Cityscape's Proof</u>

     Walsh also contends that the proof submitted by Cityscape is insufficient to establish the claimed damages. For example, Walsh maintains that "[n]one of the documents indicating that Walsh sold [loans] to Cityscape has been provided," that the amounts attributed to premiums and expenses are "conclusory" and had not been previously provided in Cityscape's interrogatory answers, and that various details, such as the original loan balance, are not ascertainable from Cityscape's submission. Def.'s Mem at 4-5.

     Walsh's contentions lack merit. First, Walsh admitted in the pretrial order – as it must – that it had sold the loans at issue to Cityscape. Joint Pretrial Order Ex. B at 13. Thus, further proof of that sale is unnecessary. Second, none of the details cited by Walsh are necessary to the calculation of Cityscape's damages. The Carl declaration and accompanying exhibits set forth the principal balance, accrued interest, premium, and expenses associated for each loan. That is sufficient to enable the Court to calculate the "Buy Back Price," which, as noted above, is the proper measure of damages.

-6-

Walsh's argument that Carl's testimony is "conclusory" is, in essence, a restatement of its contention that Carl's testimony is not based on her personal knowledge.  Accordingly, it is rejected for the reasons set forth above.  To the extent that Walsh argues that Carl's testimony is insufficient because it provides no documentary evidence of expenses or premiums paid, that argument is also rejected.  Walsh declined to submit evidence regarding the calculation of the "Buy Back Price," leaving Carl's testimony the only evidence before the Court on this issue.  Moreover, contrary to Wlash's contentions, the amounts attributed to premiums and expenses had been previously set forth in exhibit D to the complaint, which was incorporated by reference into Cityscape's responses to interrogatories.  See Response of Cityscape Corp. to Walsh Securities, Inc.'s First Interrogatories (Phillips Cert. Ex. 2) at 6.  Carl's testimony satisfies Cityscape's burden of proving its damages.

> D.     Offsets

Walsh contends that it is entitled to two offsets.  First, Walsh claims that it is entitled to participate in certain "residuals" pursuant to a side agreement between the parties, and that its share of those residuals totals $2.3 million.  Second, Walsh maintains that Cityscape's failure to properly service the loans at issue entitles Walsh to "an offset equal to one half the value of the properties."  Def.'s Mem. at 8.  Walsh bears the burden of proving each offset by a preponderance of the evidence.  See, e.g., Royal Bank and Trust Co. v. Midwest Boutiques, Inc., No. 86 CIV. 3386, 1988 WL 140876, at *6 (S.D.N.Y. Dec 19, 1988).

> 1.     Participation in Residuals

In support of its claim for participation in residuals, Walsh has submitted a certification of Robert Walsh, its president, in which he testifies that the company sold more than $120

million in loans to Cityscape, for which Walsh was entitled to participate in a total residual of $14,609,084. Walsh Cert. ¶ 3. He also claims that Cityscape was to pay Walsh "approximately 16.5% of the residual" in exchange for Walsh's agreement to forego a premium payment for the loans. Id. ¶¶ 2-3. Walsh has also submitted copies of two faxes from Peter McMullin at Greenwich Capital Financial to Cityscape containing valuations of two loan portfolios and showing a total mortgage loan balance in excess of $120 million and estimates of the value of the residuals totalling $14,609,084. Phillips Cert. Exs. 5 & 6.

　　　Even assuming that Robert Walsh's testimony is sufficient to establish the existence of a side agreement, however, the Court finds that it is insufficient to establish the amount to which Walsh is entitled pursuant to participation in residuals. The McMullin faxes contain only estimates of the value of the residuals at issue, which estimates are explicitly based on certain assumptions. See Phillips Cert. Exs. 5 & 6. Walsh's testimony is clearly based on those estimates – the value of the residuals according to Walsh is identical to the value set forth in the faxes. There has been no showing that the assumptions upon which the estimates were based were accurate. In New York, "[a] plaintiff seeking compensatory damages has the burden of proof and should present to the court a proper basis for ascertaining the damages [it] seeks to recover. They must be susceptible of ascertainment in some manner other than by mere conjecture or guesswork." ESPN, Inc. v. Office of the Commissioner of Baseball, 76 F. Supp. 2d 416, 418 (S.D.N.Y. 1999) (quoting Dunkel v. McDonald, 272 A.D. 267, 70 N.Y.S.2d 653, 656 (1st Dep't 1947), aff'd, 298 N.Y. 586, 81 N.E.2d 323 (1948)). Walsh has failed to present a

-8-

"proper basis for ascertaining the damages it seeks" with respect to residuals, and, accordingly, it is not entitled to an offset for a breach of the alleged side agreement.[2]

### 2.   Failure to Properly Service Loans

In support of its claim that Cityscape failed to properly service loans, Walsh again relies on the testimony of Robert Walsh. He avers that he is familiar with the industry standards for the servicing of residential mortgages, and that, when a mortgagor has defaulted, those standards include boarding and securing the property if it is abandoned, maintaining the exterior of the property in order to avoid municipal liens, and paying property taxes. Walsh Cert. ¶¶ 5-6. He also states that Walsh has inspected the properties that secure the New Jersey loans, and has determined that most are abandoned but not boarded, some have fire damage, taxes have generally not been paid, and some new municipal liens have been imposed. Id. ¶ 8. He estimates that the failure to properly look after the properties has reduced their value by over 50%. Id. ¶ 9.

Robert Walsh's statement that the value of the properties has been reduced by more than half is opinion testimony. Accordingly, its admissibility is governed by Rule 702 of the Federal Rules of Evidence if it requires "specialized knowledge and expertise," i.e., if it is expert testimony, and by Rule 701 of the Federal Rules of Evidence if it does not. See Giles v. Rhodes, No. 94 Civ. 6385, 2000 WL 1425046, at *5-*6 (S.D.N.Y. Sept. 27, 2000). Testimony regarding the valuation of real property plainly requires specialized knowledge relating to the appraisal process and the local real estate market. Thus, the admissibility Robert Walsh's opinion

---

[2] Because the Court finds that Walsh has failed to prove damages relating to its claim for participation in residuals, the Court need not consider Cityscape's contention that Walsh's residual claim is barred by the May 4, 2000, order of the Bankruptcy Court in In re Cityscape Financial Group., and Cityscape Corp., Nos. 98-B-22569, 98-B-22570 (Bankr. S.D.N.Y.).

regarding the loss caused by Cityscape's failure to properly service the loans is expert testimony governed by Rule 702.

That rule provides that expert testimony may only be given by "a witness qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Walsh, however, has submitted no evidence of Robert Walsh's "knowledge, skill, experience, training, or education" relating to real estate appraisals or to the local real estate market in which the properties in question are located. Indeed, the only evidence before the Court as to Walsh's qualifications is his testimony that he is president of the company. See Walsh Cert. ¶ 1. Thus, Walsh is not qualified to opine regarding the loss caused by Cityscape's failure to properly service loans, and paragraph nine of the his certification, which contains that testimony, is stricken. Because the remaining record contains no evidence of any losses caused by Cityscape's failure to properly service the loans, Walsh's claim for an offset for that failure must fail.

> E.    Cityscape's Remaining Motions to Strike

In determining damages, the Court has not relied on the declarations of Mickey Yung and Jerry Strochlic or the supplemental declaration of Jerry Strochlic. Accordingly, Walsh's motions to strike those declarations are dismissed as moot.

## III.    CONCLUSION

For the reasons set forth above, the Court grants Cityscape's motion for an order awarding damages and awards Cityscape damages in the amount of $4,732,568.93. Walsh's

motions to strike the declarations of Cheryl Carl and George Ford are denied, and its motions to strike the declarations of Mickey Yung and Jerry Strochlic and the supplemental declaration of Jerry Strochlic are dismissed as moot.

Dated: New York, New York
        October 20, 2000

                                        SO ORDERED:

                                        Sidney H. Stein, U.S.D.J.