# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | Civil Action No. 97-cv-3496 (DRD)(MAS) |
| Plaintiff, | Hon. Dickinson R. Debevoise, U.S.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J. |
| v. | |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, et al., | |
| Defendants. | |

**DEFENDANT COMMONWEALTH LAND TITLE INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT TO DISMISS, WITH PREJUDICE, THE BAD FAITH CLAIMS AT PARAGRAPHS 98 TO 100 OF THE FOURTH AMENDED COMPLAINT**

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant
  Commonwealth Land Title
  Insurance Company

Of Counsel
    David R. Kott
On the Brief
    David R. Kott
    Sara F. Merin

ME1 12500509v.1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ i

PRELIMINARY STATEMENT ......................................................................... 1

CONCISE STATEMENT OF FACTS ................................................................ 1

ARGUMENT ....................................................................................................... 2
    WALSH'S BREACH THE DUTY OF GOOD FAITH AND FAIR
    DEALING CLAIM MUST FAIL AS A MATTER OF LAWMENT ............. 2

CONCLUSION .................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Am. Gen. Life Ins. Co. v. Ellman Sav. Irrevocable Trust,*
   No. 08-cv-5364, 2010 U.S. Dist. LEXIS 133713 (D.N.J. 2010) ........................... 3

*Ketzner v. John Hancock Mut. Life Ins. Co.,*
   118 Fed. App'x 594 (3d Cir. 2004) .............................................................. 2, 3, 4

*Tarsio v. Provident Ins. Co.,*
   108 F. Supp. 2d 397 (D.N.J. 2000) ................................................................ 3, 4

**STATE CASES**

*Pickett v. Lloyd's,*
   131 N.J. 457 (1993) ......................................................................................... 3, 4

## PRELIMINARY STATEMENT

This brief is submitted on behalf of Defendant Commonwealth Land Title Insurance Company ("Commonwealth") in support of its motion for partial summary judgment seeking dismissal, with prejudice, of the bad faith claims asserted at paragraphs 98 to 100 of the Fourth Amended Complaint.

Walsh Securities, Inc. ("Walsh") alleges that Commonwealth breached its contractual duty of good faith and fair dealing. Under New Jersey law, a plaintiff is not entitled to damages for a breach of good faith and fair dealing from its insurer unless it is also entitled to summary judgment on the claim for insurance benefits. Here, Walsh is not entitled to summary judgment on its insurance benefit claims. As a result, Walsh is not entitled to bad faith damages. Summary judgment in Commonwealth's favor should therefore be granted on Walsh's bad faith claim, dismissing the claim in its entirety with prejudice.

## CONCISE STATEMENT OF FACTS

Walsh alleges that it was injured by unlawful acts engaged in by a number of individuals and entities wherein a large number of loans were purchased by Walsh from National Home Funding, Inc. ("NHF") (a named defendant, now dismissed from this matter) for amounts ranging up to eight times the preceding sales prices of the properties at issue." (*See* Fourth Am. Compl. ¶ 36 [document 302].) Under New Jersey law, title policies and closing service letters are treated as contracts of

insurance. (*See, e.g., id.* at ¶ 98.) Counts 98 to 100 of the Fourth Amended Complaint allege that the Title Insurance Defendants, which include Commonwealth, breached a contractual duty of good faith and fair dealing to Walsh based on the title policies and closing service letters that were issued to NHF on loans involved in the unlawful scheme. (*See* Fourth Am. Compl. ¶¶ 98-100.)

## ARGUMENT

### WALSH'S BREACH THE DUTY OF GOOD FAITH AND FAIR DEALING CLAIM MUST FAIL AS A MATTER OF LAW

Because it is not entitled to summary judgment on the insurance coverage claims, Walsh lacks a substantive claim for breach of the duty of good faith and fair dealing. Summary judgment should therefore be granted in Commonwealth's favor on the bad faith allegations.

Under New Jersey law, a breach of good faith and fair dealing is only available in cases where a plaintiff is granted summary judgment on the insurance claim due to there being no disputed facts. Two elements must be shown "to establish a claim for bad faith in the insurance context . . . . : (1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." *Ketzner v. John Hancock Mut. Life Ins. Co.*, 118 Fed. App'x 594, 599 (3d Cir. 2004) (citing *Pickett v. Lloyd's*, 131 N.J. 457, 473 (1993)). A claim is "fairly

debatable" where there is a question of fact as to whether or not the claim determination is correct. "[A] question of fact permits an insurer to 'fairly debate' an insured's claim." *Tarsio v. Provident Ins. Co.*, 108 F. Supp. 2d 397, 401 (D.N.J. 2000).

As a result,

> [t]o establish a bad faith claim, plaintiff must be able to establish, as a matter of law, a right to summary judgment on the substantive claim; if plaintiff cannot establish a right to summary judgment, the bad faith claim fails. In other words, if there are material issues of disputed fact which would preclude summary judgment as a matter of law, an insured cannot maintain a cause of action for bad faith.

*Ketzner, supra,* 118 Fed. App'x at 599 (emphasis added) (citing *Pickett, supra,* 131 N.J. at 473; *Tarsio, supra,* 108 F. Supp. 2d at 400-01; *Polizzi Meats v. Aetna Life & Cas. Co.*, 931 F. Supp. 328, 335 (D.N.J. 1996)); *Am. Gen. Life Ins. Co. v. Ellman Sav. Irrevocable Trust*, No. 08-cv-5364, 2010 U.S. Dist. LEXIS 133713, *19-*20 (D.N.J. 2010).

Thus, under the standard set forth in *Pickett* and applied by the Third Circuit in *Ketzner*, if the plaintiff is not entitled to judgment as a matter of law with respect to his claim for benefits (*i.e.*, if there is an issue of fact as to the correctness of the claim determination), then the Court must dismiss plaintiff's bad faith claim. *Tarsio, supra,* 108 F. Supp. 2d at 401. In sum, as stated by the New Jersey Supreme Court, "[u]nder the "fairly debatable" standard, a claimant who could not

ME1 12500509v.1

have established as a matter of law a right to summary judgment on the substantive claim would not be entitled to assert a claim for an insurer's bad faith for refusing to pay the claim." *Pickett, supra,* 131 N.J. at 473. Since summary judgment in Walsh's favor is inappropriate here, Walsh's bad faith claim against the Title Insurance Defendants should similarly be precluded. *See Pickett, supra,* 131 N.J. at 473; *Tarsio, supra,* 108 F. Supp. 2d at 401; *Ketzner, supra,* 118 Fed. App'x at 599.

## CONCLUSION

For the foregoing reasons, Commonwealth's motion for partial summary judgment seeking dismissal, with prejudice, of the bad faith claims asserted at paragraphs 98 to 100 of the Fourth Amended Complaint should be granted in its entirety.

> Respectfully submitted,
>
> **McCARTER & ENGLISH, LLP**
> Attorneys for Defendant/
> Third-Party Plaintiff Commonwealth
> Land Title Insurance Company
>
> By:  *s/David R. Kott*
>      David R. Kott
>      A Member of the Firm

Dated: November 10, 2011

ME1 12500509v.1