**EXHIBIT 1H**

COASTAL TITLE AGENCY, INC.
21 WEST MAIN STREET
P.O. BOX 740
FREEHOLD, NJ 07728

Prepared By RICHARD J. PEPSNY, ESQ.

**DEED**

COUNTY OF MONMOUTH
CONSIDERATION 147,500
RTF 516.25  add'l RTF
DATE 4/9/97 BY

This Deed is made on December 18, 1996

**BETWEEN**

G.J.L. Limited,

a corporation organized and existing under the laws of the State of New Jersey, with its principal office at 25 Oakwood Drive, Parlin, New Jersey,

referred to as Grantor,

**AND**

Pamela Ricigliano, single

whose post office address is about to be c/o Capital Assets, 10 Bergen Place, Red Bank, NJ

referred to as Grantee.

CLERK'S OFFICE
MONMOUTH COUNTY
NEW JERSEY
INSTRUMENT NUMBER
9970389770
RECORDED ON
 09, 1997
=11:02 PM
BOOK:DB-5589 PG:423
Total Pages: 3
NTY RECORDING   $20.00
S
ICATED TRUST    $2.00
D COMMISSION
NTY REALTY     $147.65
NSFER FEES
TE REALTY      $368.60
NSFER FEES
AL             $538.25

The word "Grantee" shall mean all grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of One Hundred Forty Seven Thousand Five Hundred Dollars ($147,500.00). The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-2.1) Municipality of Asbury Park
Block: 62  Lot: 75                          Account No.
☐ No property tax identification number is available on the date of this Deed. (Check box if applicable).

**Property.** The property consists of the land and all the buildings and structures on the land in the City of Asbury Park, County of Monmouth and State of New Jersey. The legal description is:
SEE ATTACHED SCHEDULE FOR LEGAL DESCRIPTION
COMMONLY KNOWN AS: 1507 Summerfield Avenue, Asbury Park, NJ

Being the same premises conveyed to the Grantor herein by deed from William B. Hill, dated November 25, 1996 and recorded on _____ in the Monmouth County Clerk/Register's office in Deed Book _____ at Page _____.

102-Deed-Bargain and Sale
Cov. to Grantor's Act-Corp. to Ind. or Corp.

CTB 0673

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-18721(A)

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the
City of Asbury Park, County of Monmouth and state of New Jersey,
being more particularly described as follows:

Beginning at a point in the northerly line of Summerfield
Avenue distant 100 feet westerly from the westerly line of
DeWitt Avenue extended in a northerly direction and running;
thence

1. North 71 degrees 14 minutes West along the northerly line
of Summerfield Avenue, 50.0 feet to a point; thence

2. North 18 degrees 46 minutes East, 104.07 feet to a point;
thence

3. South 70 degrees 52 minutes East, 50.0 feet to a point;
thence

4. South 18 degrees 46 minutes West, 103.76 feet to the point
and place of Beginning.

The above description is drawn in accordance with a survey made
by JY Land Surveying, dated July 15, 1987.

Also known as Lot 75 in Block 62 on the City of Asbury Park Tax
Map.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

CTB 0674

**Promises By Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgement to be entered against the Grantor).

**Signatures.** This Deed is signed and attested to by the Grantor's proper corporate officers as of the date at the top of the first page. Its proper corporate seal is affixed.

G.J.L. Limited

By: _____
William J. Kane, President

State of New Jersey   :
                      ss:
County of Middlesex   :

I CERTIFY that on December 18, 1996, William J. Kane personally appeared before me and this person acknowledged under oath, to my satisfaction, that:
  (a) this person is the President of G.J.L. Limited, the corporation named in this deed, and was fully authorized to and did execute this deed on its behalf;
  (b) this deed was made for $147,500.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A.46:15-5).

Signed and sworn before me on
December 18, 1996

_____
Richard J. Pepsny, Esq.
Attorney at Law of the
State of New Jersey

102-Deed-Bargain and Sale
Cov. to Grantor's Act-Corp. to Ind. or Corp.

**EXHIBIT 1I**

COASTAL TITLE AGENCY, INC.
21 WEST MAIN STREET
P.O. BOX 740
FREEHOLD, NJ 07728

Prepared by: LORRAINE E. KING

| COUNTY OF MONMOUTH |
| --- |
| CONSIDERATION _____ |
| RTF _4/ in pt_ add'l RTF _____ |
| DATE 4/ 9/ 97 BY _L_ |

# Deed

**This Deed,** made this 27TH day of DECEMBER, 1996

**Between**   PAMELA RICIGLIANO
located at   10 WEST BERGEN PLACE, SUITE 104, RED BANK, NJ 07701
herein designated as Grantor

LERK'S OFFICE
ONMOUTH COUNTY
NEW JERSEY

INSTRUMENT NUMBER
997038971
RECORDED ON
r 09, 1997
:11:03 PM
OOK:DB-5589 PG:429
Total Pages
TY RECORDING   $22.00
ICATED TRUST   $2.00
D COMMISSION
AL                $24.00

PAMELA RICIGLIANO and CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT, CO., INC.

PAMELA RICIGLIANO   AS TO 40% INTEREST and
CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT, CO., INC. AS TO 60% INTEREST

located at 10 WEST BERGEN PLACE, SUITE 104, RED BANK, NJ 07701 herein designated as the Grantee;

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of **UNDER ONE HUNDRED DOLLARS.** The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-1.1) Municipality of **ASBURY PARK**
Block 62   Lot 75   Account No.

____ No Property tax identification number is available on the date of this Deed. (Check this box if applicable.)

**Property.** The Property consists of the land and all the buildings and structures on the land in the **CITY OF ASBURY PARK** County of **MONMOUTH**, the State of New Jersey, and is commonly known as **1507 SUMMERFIELD AVENUE, ASBURY PARK, NEW JERSEY** The legal description is:

**SEE ATTACHED SCHEDULE FOR LEGAL DESCRIPTION.**

THE GRANTOR WILL WARRANT, SECURE AND FOREVER DEFEND THE TITLE TO THE SUBJECT PROPERTY.

CTB 0676

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-18721(A)

## DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Asbury Park, County of Monmouth and state of New Jersey, being more particularly described as follows:

Beginning at a point in the northerly line of Summerfield Avenue distant 100 feet westerly from the westerly line of DeWitt Avenue extended in a northerly direction and running; thence

1. North 71 degrees 14 minutes West along the northerly line of Summerfield Avenue, 50.0 feet to a point; thence

2. North 18 degrees 46 minutes East, 104.07 feet to a point; thence

3. South 70 degrees 52 minutes East, 50.0 feet to a point; thence

4. South 18 degrees 46 minutes West, 103.76 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey made by JY Land Surveying, dated July 15, 1987.

Also known as Lot 75 in Block 62 on the City of Asbury Park Tax Map.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660   (800) 521-0378   (908) 775-5543   FAX #(908) 308-1881

CTB 0677

# EXHIBIT 1J

COASTAL TITLE AGENCY, INC.
21 WEST MAIN STREET
P.O. BOX 740
FREEHOLD, NJ 07728

Prepared by: LORRAINE E. KING

075004

**DEED**

COUNTY OF MONMOUTH
CONSIDERATION _____
RTF 4 exmpt add'l RTF ____
DATE 4/9/97 BY __

**This Deed,** made this 27TH day of DECEMBER, 1996

**Between** PAMELA RICIGLIANO
located at 10 WEST BERGEN PLACE, SUITE 104, RED BANK, NJ 07701
herein designated as Grantor

CLERK'S OFFICE
MONMOUTH COUNTY
NEW JERSEY
INSTRUMENT NUMBER
1997038971
RECORDED ON
APR 09, 1997
=11:03 PM
BOOK:DB-5589 PG:429
Total Pages:
CTY RECORDING $22.00
DEDICATED TRUST
D COMMISSION
AL $2.00
$24.00

PAMELA RICIGLIANO and CAPITAL ASSETS PROPERTY MANAGEMENT &
INVESTMENT, CO., INC.

PAMELA RICIGLIANO    AS TO 40% INTEREST and
CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT, CO., INC. AS TO
60% INTEREST
located at 10 WEST BERGEN PLACE, SUITE 104, RED BANK, NJ 07701 herein designated as the Grantee;

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

Transfer of Ownership. The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of UNDER ONE HUNDRED DOLLARS. The Grantor acknowledges receipt of this money.

Tax Map Reference. (N.J.S.A. 46:15-1.1) Municipality of ASBURY PARK
Block 62       Lot 75        Account No.

____ No Property tax identification number is available on the date of this Deed. (Check this box if applicable.)

Property. The Property consists of the land and all the buildings and structures on the land in the CITY OF ASBURY PARK County of MONMOUTH, the State of New Jersey, and is commonly known as 1507 SUMMERFIELD AVENUE, ASBURY PARK, NEW JERSEY  The legal description is:

SEE ATTACHED SCHEDULE FOR LEGAL DESCRIPTION.

THE GRANTOR WILL WARRANT, SECURE AND FOREVER DEFEND THE TITLE TO THE SUBJECT PROPERTY.

CTB 0676

---

COASTAL TITLE AGENCY, INC.
21 WEST MAIN STREET
P.O. BOX 740
FREEHOLD, NJ 07728

075005    33

.CKER, ESQ.
'O  BOX  991
'47-0991

Loan Number : 622633

[SPACE ABOVE THIS LINE FOR RECORDING DATA]

**MORTGAGE**

THIS MORTGAGE ("Security Instrument") is given on     December 18, 1996
The mortgagor is  PAMELA RICIGLIANO, UNMARRIED

("Borrower"). This Security Instrument is given to
NATIONAL HOME FUNDING
, which is organized and existing
under the laws of  NEW JERSEY            , and whose principal office and mailing address is
3443 HIGHWAY 9-N; HOLIDAY PLAZA, FREEHOLD, NJ 07728
("Lender"). Borrower owes Lender the principal sum of
One Hundred Ten Thousand Six Hundred Twenty-Five Dollars And 00/100
Dollars (U.S.$     110,625.00 ). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
January     1,  2012        . This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all
other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the
performance of Borrower's covenants and agreements under this Security Instrument and the Note. This Security
Instrument and the Note secured hereby are subject to modification (including changes in the interest rate, the due date,
and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353, § 1 et seq., and upon such modification,
shall have the benefit of the lien priority provisions of that law. The maximum principal amount secured by this Security
Instrument is $    110,625.00     . For these purposes, Borrower does hereby mortgage, grant and convey to Lender the
following described property located in  MONMOUTH                                              County, New Jersey:
SEE LEGAL DESCRIPTION ATTACHED HERETO

CLERK'S OFFICE
MONMOUTH COUNTY
NEW JERSEY
INSTRUMENT NUMBER
1997038972
RECORDED ON
APR 09, 1997
2:11:04 PM
BOOK:MB-6167 PG:696
Total Pages: 10
NTY RECORDING $31.00
DICATED TRUST $2.00
ND COMMISSION
JTAL $33.00

which has the address of  1507 SUMMERFIELD AVENUE              ,   ASBURY PARK             ,
                                             [Street]                                          [City]
New Jersey        07712             ("Property Address");
                     [Zip Code]

* THE NOTE THIS SECURITY INSTRUMENT SECURES CONTAINS
PROVISIONS FOR A BALLOON PAYMENT. THE ENTIRE PRINCIPAL
BALANCE OF THE LOAN AND UNPAID INTEREST IS PAYABLE
IN FULL AT MATURITY.

NEW JERSEY-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3031  9/90 (page 1 of 6 pages)

Eastern
Software       ITEM 1924 (9012)

CTB 0680

# EXHIBIT 1K

ISSUED BY
COMMONWEALTH LAND TITLE INSURANCE COMPANY

# Commonwealth

LOAN POLICY OF TITLE INSURANCE

POLICY NUMBER

**F89-353168**

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Attest: *[signature]* Secretary    By: *[signature]* President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
     (i) to timely record the instrument of transfer; or
     (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

PA 20
ALTA Loan Policy (10-17-92)
Form 1191-2A Face Page

ORIGINAL

Valid Only If Schedules A and B and Cover Are Attached

CTB 0496

.ith Policy No. 187-082861

MONWEALTH LAND
.ITLE INSURANCE COMPANY
A Reliance Group Holdings Company

POLICY OF TITLE INSURANCE

POLICY NUMBER   F89-353168

SCHEDULE A

Amount of Insurance $110,625.00

File No.   CT-18721(a)

Premium: Simultaneous Issue

Date of Policy   4/9/97

1. Name of Insured:

   National Home Funding, Inc., its successors and/or assigns, as their interest may appear

2. The estate or interest in the land described in this Schedule and which is encumbered by the insured mortgage is: Fee Simple and is at Date of Policy vested in:

   PAMELA RICIGLIANO SINGLE

3. The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described as follows:

   Mortgage made by PAMELA RICIGLIANO SINGLE to National Home Funding, Inc., dated 12/18/96 and recorded 4/9/97 in the Monmouth County Clerk's Office in Mortgage Book 6167 Page 696 in the amount of $110,625.00.

4. The land referred to in this policy is described as set forth in the insured mortgage, is situated in the Monmouth County, City of Asbury Park, State of New Jersey and is identified as follows:

(SEE DESCRIPTION ATTACHED)

Countersigned: _____
                Authorized Officer or Agent

ALTA Loan/Construction Loan
Schedule A
FORM 1191-13

CTB 0497

COMMONWEALTH LAND
TITLE INSURANCE COMPANY
A Reliance Group Holdings Company

TITLE INSURANCE COMMITMENT

Commitment No.

File No. CT-18721(A)

DESCRIPTION

ALL that certain tract, lot and parcel of land lying and being in the City of Asbury Park, County of Monmouth and state of New Jersey, being more particularly described as follows:

Beginning at a point in the northerly line of Summerfield Avenue distant 100 feet westerly from the westerly line of DeWitt Avenue extended in a northerly direction and running; thence

1. North 71 degrees 14 minutes West along the northerly line of Summerfield Avenue, 50.0 feet to a point; thence

2. North 18 degrees 46 minutes East, 104.07 feet to a point; thence

3. South 70 degrees 52 minutes East, 50.0 feet to a point; thence

4. South 18 degrees 46 minutes West, 103.76 feet to the point and place of Beginning.

The above description is drawn in accordance with a survey made by JY Land Surveying, dated July 15, 1987.

Also known as Lot 75 in Block 62 on the City of Asbury Park Tax Map.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

CTB 0498

Policy No. F89-353168

File No. CT-18721(a)

## SCHEDULE B

### PART I

This policy does not insure against loss or damage by reason of the following:

1. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises. OMIT

2. Lien for unpaid taxes for the year 1996. (Taxes paid through date of closing) (Subsequent taxes not yet due and payable)

3. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq. (None yet due and payable)

4. NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

NOTE: Unless Schedule B Part II is attached there are no subordinate matters that affect the title to the estate or interest referred to in Schedule A.

ALTA Loan/LH Loan/Construction Loan
Schedule B-Part I (NJ)
Form 1191-38

CTB 0499

Policy No. F89-353168

File No.   CT-18721(a)

## SCHEDULE B

### PART II

In addition to the matters set forth in Part I of this Schedule, the title to the Estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest: NONE

PA 20
ALTA Loan/LH Loan/Construction Loan
Schedule B - Part II
Form 1191-15

# ENDORSEMENT

Endorsement No. 779-079310

Attached to and forming a part of Policy No. P89-353168

Issued by

Commonwealth Land Title Insurance Company

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

(b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement will not insure against liens filed pursuant to the Spill Compensation and Control Act, N.J.S.A. 58: 10-23.11 et seq. subsequent to the effective date of this policy.

The endorsement is made a part of this policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

DATED: 6/9/97

Commonwealth Land Title Insurance Company

_____
Authorized Signatory

*Note: This Endorsement shall not be valid or binding until signed by an Authorized Signatory.*

ALTA Endorsement - Form No. 8.1
Loan (Environmental Protection Lien)

F.10974 (3514A N.J.) 10/87

## Commonwealth Land Title Insurance Company
### ENDORSEMENT

Endorsement No. 786-131681

Attached to and made a part of Commonwealth Land Title Insurance Company Policy No F89-353168

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1. Any incorrectness in the assurance that, at Date of Policy:
   (a) There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.
   (b) Unless expressly excepted in Schedule B:
      (1) There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.
      (2) Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages, (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.
      (3) There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.
      (4) There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.
      (5) There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.
2. Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:
   (a) invalidity, loss or priority, or unenforceability of the lien of the insured mortgage; or
   (b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.
3. Damage to existing improvements, including lawns, shrubbery or trees:
   (a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;
   (b) resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.
4. Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.
5. Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1(b)(1) and (5), the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, the Company has caused this Endorsement to be signed and sealed as of 6/9/97 to be valid when countersigned by an authorized officer or agent of the Company, all in accordance with its By-laws.

Commonwealth Land Title Insurance Company

COUNTERSIGNED:

_____
Authorized Officer or Agent

ALTA Endorsement Form 9

**COMMONWEALTH LAND
TITLE INSURANCE COMPANY**
A Reliance Group Holdings Company

ALTA ENDORSEMENT- FORM 1

Endorsement Number: P07-004827

File No. CT-18721(a)

Attached to and made a part of Policy Number F89-353168

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, COMMONWEALTH LAND TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers on 6/9/97.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

Countersigned:

By: _____

ALTA Endorsement - Form 1 (Street Assessment) (6-1-87)
Form 1144-6