# EXHIBIT 3A



ALTA COMMITMENT – 1982
*Issued by*



# Fidelity National Title
INSURANCE COMPANY OF NEW YORK

---

## INFORMATION

The Title Insurance Commitment is a legal contract between you and the Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.

YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.

If you have any questions about the Commitment, contact:

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

2 Park Avenue
New York, New York 10016

---

## TABLE OF CONTENTS

PAGE

AGREEMENT TO ISSUE POLICY . . . . . . . . . . . . . . . . . . . 2

SCHEDULE A . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1. Commitment Date . . . . . . . . . . . . . . . . . . . . . 3

    2. Policies to be Issued, Amounts and Proposed Insureds . . 3

    3. Interest in the Land and Owner . . . . . . . . . . . . . 3

    4. Description of the Land . . . . . . . . . . . . . . . . 3

SCHEDULE B - I - - REQUIREMENTS . . . . . . . . . . . . . . . 4

SCHEDULE B - II - - EXCEPTIONS . . . . . . . . . . . . . . . . 5

SCHEDULE C - - CONTINUATION . . . . . . . . . . . . . . . . . 6

CONDITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FY 002489

---

FID.  :  7 NATIONAL TITLE
Insurance Company of New York

## Schedule  A

1.  Effective Date:  October 14, 1996          File  No. CT-18718

2.  Policy or Policies to be issued:                    Policy Amount

    (a) ALTA Residential Policy - (Plain Language)          $

      Proposed Insured:

      CRISTO PROPERTY MANAGEMENT, LTD

    (b) ALTA Loan Policy                                    $

      Proposed Insured:

      N/A

3.  FEE SIMPLE  interest in the land described in this Commitment is owned, at the

    Title is vested in Elaine M. Smalls as surviving tenant by the entirety, by
    Deed from Alexander Bell, dated November 29, 1988, recorded December 29, 1988,
    in Deed Book 4904, Page 306.  William E. Smalls died March 6, 1993.

4.  The land referred to in this Commitment is described in Schedule A-4.

FORM 26-84-82 A (11/93)                      ALTA COMMITMENT - PLAIN LANGUA(
                                             SCHEDULE A, NJRB 3-02 (10-26-8)

FY 002490

FID   Y NATIONAL TITLE
Insurance Company of New York

### Schedule A-4

File No.  CT-18718

All that certain lot, piece of land, with the buildings and improvements thereon
erected, situate, lying and being in the  City of Asbury Park,
County of Monmouth,      State of New Jersey:

Being known and designated as Lot Number 221 and in Block L as shown on a plan
of West Asbury Park made by W.H. DeNyse, C.E., and more particularly described
as follows:

Beginning at a point in the southerly line of Bangs Avenue distant 83 feet
easterly from the southeasterly corner of Bangs Avenue and Comstock Street;
thence

1.  Easterly along the southerly line of Bangs Avenue 42 feet; thence

2.  Southerly at right angles to Bangs Avenue 10 feet to the center line of
the block; thence

3.  Westerly parallel with Bangs Avenue 42 feet; thence

4.  Northerly again at right angles to Bangs Avenue 100 feet to the place of
Beginning.

Being Lot 23, Block 67 on the City of Asbury Park Tax Map.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

FORM 26-84-82 A-4(11/93)

ALTA COMMITMENT - PLAIN LANGU
SCHEDULE A-4. NJRB 3-02 (10-26-

FY 002491

FID▀ ▀ Y NATIONAL TITLE
Insurance Company of New York

### Schedule B - Section I

File No.  CT-18718

The following requirements must be met:

A.  Documents satisfactory to us creating the interest in the land and/or the mortgage
    to be insured must be signed, delivered and recorded and properly indexed in the
    land records.

B.  Pay the agreed amounts for the interest in the land and/or the mortgage to be
    insured.

C.  Pay us the premiums, fees and charges for the policy.

D.  You must tell us in writing the name of anyone not referred to in this Commitment
    who will make a loan on the land. We may then make additional requirements or
    exceptions.

E.  Deed made by Elaine M. Smalls and spouse if any to the proposed insured(s)
    named in Schedule A, 2(a).

F.  Proof is required as to the past and present marital status of the
    proposed grantors/mortgagors.

    NOTE: The spouse of the record owner must join in the proposed transaction,
    unless this is not the principal marital residence and was acquired subsequent
    to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse
    must join in the proposed transaction regardless of whether it is the
    principal marital residence or not.

G.  All taxes and other municipal liens are to be paid through and including the
    current quarter.

    NOTE: In the event the tax search reveals a senior citizen deduction or a
    veteran's deduction, a proper escrow must be established to safeguard in
    the event the deduction is disallowed. If it is to be disallowed, the
    deduction should be restored to the taxes when calculating your adjustment.

H.  Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet
    received.

I.  New Jersey Superior and U.S. District Court and County judgment searches are
    clear.

CONTINUED

FY 002492

J.   Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

NOTE:   There are no open mortgages of record.

NOTE:   Flood search is attached hereto and is provided as an accomodation only.   No liability is assumed for the results of said flood search.

FORM 26-84-82 BI (11/93)

ALTA COMMITMENT - PLAIN LANGUAG
SCHEDULE B1, NJRB 3-02 (10-26-8

FY 002493

**FID᠂ ᠂Y NATIONAL TITLE**
**Insurance Company of New York**

**Schedule B – Section II**

File No.  CT-18718

Any policy we issue will have the following exceptions unless they are  taken care of to our satisfaction.

1.  Rights  or claims of parties in  possession of the land  not shown by the ·public records; and encroachments, overlaps or boundary line disputes; and other matters any of  which would be  disclosed by a  survey of  the land  satisfactory  to the Company.

2.  Any liens on your title, arising  now or later, for labor and material not shown by the public record.

3.  Taxes, assessments and governmental utility liens as follows:

4.  Mortgages of record ( See Schedule B, Section 1 )

5.  Subsurface conditions or encroachments not disclosed by an instrument of record.  (Owner's Policy Only)

6.  Lien for unpaid taxes for the year 1996.

7.  Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

    NOTE: ᠂ Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

8.  Subject to rights of the utility company servicing the insured property for water, sewer, electric, telephone and cable television.

    NOTE:  Policy insures that the dwelling does not encroach on the utility lines and said utility lines do not interfere with the use and occupancy of the dwelling for residential purposes.

# CONDITIONS

## 1. DEFINITIONS

(a) "Mortgage" means mortgage, deed of trust or other security instrument.

(b) "Public Records" means title records that give constructive notice of matters affecting your title according to the state statutes where your land is located.

## 2. LATER DEFECTS

The Exceptions in Schedule B - Section II may be amended to show any defects, liens or encumbrances that appear for the first time in the public records or are created or attach between the Commitment Date and the date on which all of the Requirements (a) and (c) of Schedule B - Section I are met. We shall have no liability to you because of this amendment.

## 3. EXISTING DEFECTS

If any defects, liens or encumbrances existing at Commitment Date are not shown in Schedule B, we amend Schedule B to show them. If we do amend Schedule B to show these defects, liens or encumbrances, we shall be liable to you according to Paragraph 4 below unless you knew of this information and did not tell us about it in writing.

## 4. LIMITATION OF OUR LIABILITY

Our only obligation is to issue to you the Policy referred to in this Commitment, when you have met its Requirements. If we have any liability to you for any loss you may incur because of an error in this Commitment, our liability will be limited to your actual loss caused by your relying on this Commitment when you acted in good faith to:

- comply with the Requirements shown in Schedule B - Section I

  or

- eliminate with our written consent any Exceptions shown in Schedule B - Section II.

We shall not be liable for more than the Policy Amount shown in Schedule A of this Commitment and our liability is subject to the terms of the Policy form to be issued to you.

## 5. CLAIMS MUST BE BASED ON THIS COMMITMENT

Any claim, whether or not based on negligence, which you may have against us concerning the title to the land must be based on this Commitment and is subject to its terms.

FY 002495

# EXHIBIT 3B

**ALTA COMMITMENT - 1982**
*Issued by*





**Fidelity National Title**
INSURANCE COMPANY OF NEW YORK

---

## INFORMATION

The Title Insurance Commitment is a legal contract between you and the Company. It is issued to show the basis on which we will issue a Title Insurance Policy to you. The Policy will insure you against certain risks to the land title, subject to the limitations shown in the Policy.

The Company will give you a sample of the Policy form, if you ask.

The Commitment is based on the land title as of the Commitment Date. Any changes in the land title or the transaction may affect the Commitment and the Policy.

The Commitment is subject to its Requirements, Exceptions and Conditions.

THIS INFORMATION IS NOT PART OF THE TITLE INSURANCE COMMITMENT.

YOU SHOULD READ THE COMMITMENT VERY CAREFULLY.

If you have any questions about the Commitment, contact:

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

2 Park Avenue
New York, New York 10016

---

## TABLE OF CONTENTS

PAGE

AGREEMENT TO ISSUE POLICY . . . . . . . . . . . . . . . . 2

SCHEDULE A . . . . . . . . . . . . . . . . . . . . . . . 3

    1. Commitment Date . . . . . . . . . . . . . . . . . . . 3

    2. Policies to be Issued, Amounts and Proposed Insureds . . 3

    3. Interest in the Land and Owner . . . . . . . . . . . . 3

    4. Description of the Land . . . . . . . . . . . . . . . 3

SCHEDULE B - I - - REQUIREMENTS . . . . . . . . . . . . . . 4

SCHEDULE B - II - - EXCEPTIONS . . . . . . . . . . . . . . 5

SCHEDULE C - - CONTINUATION . . . . . . . . . . . . . . . 6

CONDITIONS . . . . . . . . . . . . . . . . . . . . . . . 7

FY 002477

FID ꞊ 𝑌 NATIONAL TITLE
Insurance Company of New York

## Schedule  A

1. Effective Date: October 14, 1996          File  No. CT-18718(A)

2. Policy or Policies to be issued:                    Policy Amount

    (a) ALTA Residential Policy - (Plain Language)        $    180,000.00

        Proposed Insured:

        ALICIA JUERGENSEN


    (b) ALTA Loan Policy                                  $    135,000.00

        Proposed Insured:

        National Home Funding, Inc., its successors and/or its
        assigns
        3443 Highway 9 North Freehold, NJ  07728

3. FEE SIMPLE  interest in the land described in this Commitment is owned, at the
    Commitment Date, by Cristo Property Management, LTD  by deed from  Elaine
    Smalls, dated      ,      . recorded      ,      . in the Monmouth County
    Clerk's/Register's office in deed book , page .(About to be recorded)


4. The land referred to in this Commitment is described in Schedule A-4.


FORM 26-84-82 A (11/93)

ALTA COMMITMENT - PLAIN LANGUA(
SCHEDULE A. NJRB 3-02 (10-26-8:

FY 002478

**FIRST NATIONAL TITLE**
**Insurance Company of New York**

### Schedule A-4

File No.  CT-18718(A)

All that certain lot, piece of land, with the buildings and improvements thereon erected, situate, lying and being in the  City of Asbury Park, County of Monmouth,      State of New Jersey:

Being known and designated as Lot Number 221 and in Block L as shown on a plan of West Asbury Park made by W.H. DeNyse, C.E., and more particularly described as follows:

Beginning at a point in the southerly line of Bangs Avenue distant 83 feet easterly from the southeasterly corner of Bangs Avenue and Comstock Street; thence

1.  Easterly along the southerly line of Bangs Avenue 42 feet; thence

2.  Southerly at right angles to Bangs Avenue 10 feet to the center line of the block; thence

3.  Westerly parallel with Bangs Avenue 42 feet; thence

4.  Northerly again at right angles to Bangs Avenue 100 feet to the place of Beginning.

Being Lot 23, Block 67 on the City of Asbury Park Tax Map.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

FORM 26-84-82 A-4(11/93)

ALTA COMMITMENT - PLAIN LANGUAGE
SCHEDULE A-4, NJRB 3-02 (10-26-

FY 002479

FID      Y NATIONAL TITLE
Insurance Company of New York

### Schedule B - Section I

File No.  CT-18718(A)

The following requirements must be met:

A.  Documents satisfactory to us creating the interest in the land and/or the mortgage
to be insured must be signed, delivered and  recorded and properly  indexed in the
land records.

B.  Pay the  agreed  amounts for the  interest in the  land and/or the  mortgage to be
insured.

C.  Pay us the premiums, fees and charges for the policy.

D.  You must tell us in writing the name of anyone not  referred to in this Commitment
who  will make a loan on  the land.  We may then  make additional  requirements or
exceptions.

E.  Deed made by Cristo Property Mangement, LTD to the proposed insured(s) named
in Schedule A, 2(a).

F.  Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A,
2(b).

G.  Proof is required as to the past and present marital status of the
proposed grantors/mortgagors.

NOTE:  The spouse of the record owner must join in the proposed transaction,
unless this is not the principal marital residence and was acquired subsequent
to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse
must join in the proposed transaction regardless of whether it is the
principal marital residence or not.

H.  All taxes and other municipal liens are to be paid through and including the
current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a
veteran's deduction, a proper escrow must be established to safeguard in
the event the deduction is disallowed.  If it is to be disallowed, the
deduction should be restored to the taxes when calculating your adjustment.

I.  Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet
received.

J.  New Jersey Superior and U.S. District Court and County judgment  searches are
clear.

K.  Subject to such facts which would be disclosed by sellers, purchasers, and/or
borrowers affidavit of title, to be submitted.

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.   Variable Rate Endorsement - Renegotiable or Adjustable.
b.   Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

L.   Receipt of proper corporate affidavit of title for Cristo Property Mangement, LTD.

M.   Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

FIL _ Y NATIONAL TITLE
Insurance Company of New York

## Schedule B - Section II

File No.  CT-18718(A)

Any policy we issue will have the following exceptions unless they are  taken care of
to our satisfaction.

1. Rights  or claims of parties in  possession of the land  not shown by the  public
   records; and encroachments, overlaps or boundary line disputes; and other matters
   any of  which would be  disclosed by a  survey of  the land  satisfactory  to the
   Company.

2. Any liens on your title, arising  now or later, for labor and material not shown
   by the public record.

3. Taxes, assessments and governmental utility liens as follows:

4. Mortgages of record ( See Schedule B, Section 1 )

5. Subsurface conditions or encroachments not disclosed by an instrument of
   record.  (Owner's Policy Only)

6. Lien for unpaid taxes for the year 1996.

7. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched
   through the recording of the Deed and/or Mortgage, and same are properly
   indexed.

8. Subject to rights of the utility company servicing the insured property for
   water, sewer, electric, telephone and cable television.

   NOTE:  Policy insures that the dwelling does not encroach on the utility lines
   and said utility lines do not interfere with the use and occupancy of the
   dwelling for residential purposes.

   NOTE:  This policy insures that the mortgage set forth under Schedule A hereof
   is a valid first lien on the property described therein.

ALTA COMMITMENT - PLAIN LANGUAE
SCHEDULE BII. NJRB 3-02 (10-26-

FY 002482

OF NEW YORK

ENVIRONMENTAL PROTECTION LIEN
ENDORSEMENT

Attached to and forming a part of Policy No.
of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

(a)  any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B: or

(b)  any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

    This endorsement will not insure against liens arising pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq. subsequent to the effective date of this policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

IN WITNESS WHEREOF, the Company has caused its corporate name and seal to be hereunto affixed by its duly authorized officers and countersigned on the date hereinafter set forth.

                                        FIDELITY NATIONAL TITLE INSURANCE COMPANY
                                        OF NEW YORK

DATED: *                                By:  William P. Foley
                                                         President

Countersigned:

BY:_____              Attest:  Charles H. Wimer
         Authorized Signatory                             Secretary


ALTA ENDORSEMENT - Form 8.1 (Environmental Protection Lien - to Accompany only ALTA Loan Policies)
NJRB 5-17 (3-12-88) FOR USE IN NEW JERSEY ONLY.

FORM 26-31-8.1-88 (11/93)

FY 002483



# Fidelity National Title Insurance Company
## OF NEW YORK

---

### ENDORSEMENT

Attached to and forming a part of Policy No.
of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

> any assessments for street improvements under construction or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until countersigned by an authorized signatory as designated below.

Signed and sealed this _            day of                      , 19   .

Countersigned:                                          FIDELITY NATIONAL TITLE INSURANCE COMPANY
                                                                                          OF NEW YORK

BY_____                    By: _____
            Authorized Signatory                                                President
        (PLEASE PRINT NAME BELOW)                 Attest: Charles H. Wimer
                                                                                          Secretary

                                                                    FY 002484

FORM 26-1.0-87(4/93)                                 ALTA Endorsement - Form 1 (Street Assessments), (6-1-87).

# Fidelity National Title Insurance Company
## OF NEW YORK

NEW YORK, NEW YORK

## ENDORSEMENT

Attached to and forming a part of Policy No.
of FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK
The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1. Any incorrectness in the assurance that, at Date of Policy:
   a. There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.
   b. Unless expressly excepted in Schedule B:
      1. There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.
      2. Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.
      3. There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.
      4. There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.
      5. There are no notices of violation of covenants, conditions and restrictions relating to environment protection recorded or filed in the public records.
2. Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:
   a. invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or
   b. loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.
3. Damage to existing improvements, including lawns, shrubbery or trees:
   a. which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved.
   b. resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.
4. Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.
5. Any final court order or judgment denying the right to maintain any existing improvement on the land because of any violation of covenants, conditions or restriction or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Whenever in this endorsement the words "covenants, conditions or restriction" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.
This endorsement is made a part of the policy and is subject to all the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

This Endorsement shall not be valid or binding until countersigned by an authorized signatory as designated below.

Signed and sealed this                day of                                              , 19

Countersigned:

                                                                Fidelity National Title Insurance Company
                                                                of New York

                                                                BY _____
                                                                                    President

                                                      SEAL      ATTEST

                                                                Charles H. Wimer
                                                                                    Secretary

BY _____
              Authorized Signatory
              (PLEASE PRINT NAME BELOW)

FORM 26-9.0-88 (4/93)
Reprinted (7/95)

ALTA ENDORSEMENT FORM 9 - RESTRICTIONS, ENCROACHMENTS, MINERALS (10-19-88)

FY 002485

# CONDITIONS

## 1. DEFINITIONS

(a) "Mortgage" means mortgage, deed of trust or other security instrument.

(b) "Public Records" means title records that give constructive notice of matters affecting your title according to the state statutes where your land is located.

## 2. LATER DEFECTS

The Exceptions in Schedule B - Section II may be amended to show any defects, liens or encumbrances that appear for the first time in the public records or are created or attach between the Commitment Date and the date on which all of the Requirements (a) and (c) of Schedule B - Section I are met. We shall have no liability to you because of this amendment.

## 3. EXISTING DEFECTS

If any defects, liens or encumbrances existing at Commitment Date are not shown in Schedule B, we amend Schedule B to show them. If we do amend Schedule B to show these defects, liens or encumbrances, we shall be liable to you according to Paragraph 4 below unless you knew of this information and did not tell us about it in writing.

## 4. LIMITATION OF OUR LIABILITY

Our only obligation is to issue to you the Policy referred to in this Commitment, when you have met its Requirements. If we have any liability to you for any loss you may incur because of an error in this Commitment, our liability will be limited to your actual loss caused by your relying on this Commitment when you acted in good faith to:

- comply with the Requirements shown in Schedule B - Section I

  or

- eliminate with our written consent any Exceptions shown in Schedule B - Section II.

We shall not be liable for more than the Policy Amount shown in Schedule A of this Commitment and our liability is subject to the terms of the Policy form to be issued to you.

## 5. CLAIMS MUST BE BASED ON THIS COMMITMENT

Any claim, whether or not based on negligence, which you may have against us concerning the title to the land must be based on this Commitment and is subject to its terms.

FY 002486

INTERMEDIATE SEARCH RESULTS                (ALL REPORTED REFERENCES STILL TO BE
                                            CHECKED IN COURTS FOR CURRENT STATUS

       RT300017    PRINTED 10-30-96 AT 09:08

308-1660-20    RE: 18718

  FEE: $


                                                          FROM        TO

ALICIA            JUERGENSEN                     10-23-76 10-23-9

        NAME IS CLEAR

              ******* END OF SEARCH *******


CHARLES JONES, INC.

FY 002487

FIDELITY NATIONAL TITLE INSURANCE COMPANY

# IMPORTANT NOTICE AND DISCLOSURE

1.  By law Fidelity National Title Insurance Company is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive.  REAL ESTATE TRANSACTIONS ARE COMPLEX.  THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE.  YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE.  WE STRONGLY ADVISE THAT YOU DO SO.

2.  THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF FIDELITY NATIONAL TITLE INSURANCE COMPANY.  THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.  Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make. Our only liability to you is under the terms of the Commitment, Policy and Closing  Service Letter if you choose to obtain one.

3.  If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4.  By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment.  If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NJ  07728
TOLL FREE IN N.J. 800-521-0378
(908) 308-1660

FY 002488

# EXHIBIT 3C



**FIDELITY NATIONAL TITLE**
Insurance Company of New York

**Schedule A**

1. Effective Date: October 14, 1996          File No. CT-18718

2. Policy or Policies to be issued:          Policy Amount

   (a) ALTA Residential Policy - (Plain Language)     $

       Proposed Insured:

       CRISTO PROPERTY MANAGEMENT, LTD

   (b) ALTA Loan Policy                        $

       Proposed Insured:

       N/A

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the

   Title is vested in Elaine M. Smalls as surviving tenant by the entirety, by Deed from Alexander Bell, dated November 29, 1988, recorded December 29, 1988, in Deed Book 4904, Page 306.  William E. Smalls died March 6, 1993.

4. The land referred to in this Commitment is described in Schedule A-4.

FORM 26-84-82 A (11/93)                    ALTA COMMITMENT - PLAIN LANG
                                           SCHEDULE A, NJ98 3-82 (10-26-

                                           FY 002498

---

**FIDELITY NATIONAL TITLE**
Insurance Company of New York

**Schedule A**

1. Effective Date: October 14, 1996          File No. CT-18718(A)

2. Policy or Policies to be issued:          Policy Amount

   (a) ALTA Residential Policy - (Plain Language)     $   180,000.00

       Proposed Insured:

       ALICIA JUERGENSEN

   (b) ALTA Loan Policy                        $   135,000.00

       Proposed Insured:

       National Home Funding, Inc., its successors and/or its assigns
       3443 Highway 9 North Freehold, NJ  07728

3. FEE SIMPLE interest in the land described in this Commitment is owned, at the Commitment Date, by Cristo Property Management, LTD  by deed from, Elai Smalls, dated ____, recorded ____, in the Monmouth Coun Clerk's/Register's office in deed book , page .(About to be recorded)

4. The land referred to in this Commitment is described in Schedule A-4.

26-84-82 A (11/95)                         ALTA COMMITMENT - PL
                                           SCHEDULE A, NJ98 3-8

                                           FY 002478

# EXHIBIT 3D

FID Y NATIONAL TITLE
Insurance Company of New York

Schedule B - Section I

File No.  CT-18718

The following requirements must be met:

A.   Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded and properly  indexed in the land records.

B.   Pay the  agreed amounts for the  interest in the  land and/or the mortgage to be insured.

C.   Pay us the premiums, fees and charges for the policy.

D.   You must tell us in writing the name of anyone not  referred to in this Commitment who  will make a loan on  the land. We may then  make additional  requirements or exceptions.

E.   Deed made by Elaine M. Smalls and spouse if any to the proposed insured(s) named in Schedule A, 2(a).

F.   Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE: ˙ The spouse of the record owner must join in the proposed transaction. unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

G.   All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

H.   Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

J.   New Jersey Superior and U.S. District Court and County judgment searches are clear.

CONTINUED

FY 002492

---

FID Y NATIONAL TITLE
Insurance Company of New York

Schedule B - Section I

File No.  CT-18718(A)

The following requirements must be met:

A.   Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded and properly  indexed in the land records.

B.   Pay the  agreed amounts for the  interest in the  land and/or the mortgage to be insured.

C.   Pay us the premiums, fees and charges for the policy.

D.   You must tell us in writing the name of anyone not  referred to in this Commitment who  will make a loan on  the land. We may then  make additional  requirements or exceptions.

E.   Deed made by Cristo Property Mangement, LTD to the proposed insured(s) named in Schedule A, 2(a).

F.   Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 2(b).

G.   Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

NOTE:  The spouse of the record owner must join in the proposed transaction. unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

H.   All taxes and other municipal liens are to be paid through and including the current quarter.

NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed.  If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

I.   Municipal Lien and Unconfirmed Assessment Searches have been ordered, not yet received.

J.   New Jersey Superior and U.S. District Court and County judgment  searches are clear.

K.   Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

FY 002480

# EXHIBIT 3E



D = DEED - BARGAIN AND
AND TO IND. OR COR
(Rev. June 1992)

E (Covenant as to Grantor's Acts)
son Language

G   V S T—2

Copyright 1982 by ALL-STATE LEGAL SUPPLY CO
One Commerce Drive, Cranford, NJ   07016



# DEED

| Prepared by (print, typewrite name below signature) |
|---|
| ROBERT J. SAXTON, ESQUIRE |

This Deed is made on   October   23   , 19 96 .

BETWEEN

ELAINE M. SMALLS, Unmarried

whose address is   705 Berkeley Lane, Neptune, NJ  07753

referred to as the Grantor.

AND

CRISTO PROPERTY MANAGEMENT LTD.

| COUNTY OF MONMOUTH |
|---|
| CONSIDERATION  42,500 - |
| RTF  148 75     3001 RTF  00 |
| DATE  4  9   197 BY  00 |

whose post office address is

referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

Transfer of Ownership. The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of   FORTY-TWO THOUSAND FIVE HUNDRED ($42,500.00) DOLLARS AND NO/100

The Grantor acknowledges receipt of this money.

Tax Map Reference. (N.J.S.A. 46:15-1.1) Municipality of
Block No.   67                        Lot No.   23                    Account No.
☐   No property tax identification number is available on the date of this Deed. (Check box if applicable).

Property. The property consists of the land and all the buildings and structures on the land in the   City                                    of   Asbury Park
County of   Monmouth                    and State of New Jersey. The legal description is:

BEING known and designated as Lot Number two hundred and twenty-one and in Block L as shown on a plan of West Asbury Park made by W. H. DeNyse, C.E. and more particularly described as follows:

BEGINNING at a point in the southerly line of Bangs Avenue distant eighty-three feet easterly from the southeasterly corner of Bangs Avenue and Comstock Street; thence

(1)  Easterly along the southerly line of Bangs Avenue forty-two feet; thence

(2)  Southerly at right angles to Bangs Avenue one hundred feet to the center line of the block; thence

(3)  Westerly parallel with Bangs Avenue forty-two feet; thence

(4)  Northerly again at right angles to Bangs Avenue one hundred feet to the place of BEGINNING.

BEING Lot 23, Block 67 on the City of Asbury Park Tax Map.

Subject to easements, restrictions, conditions and rights of way of record, and such state of facts as would be disclosed by an accurate survey of the premises.

Being the same premises conveyed to William E. Smalls and Elaine M. Smalls, husband and wife. The said William E. Smalls departed this life on March 6, 1993.

*Coastal Title Agency, Inc.*
21 West Main Street · PO Box 740
Freehold, NJ 07728
1-800-521-0378

CLERK'S OFFICE
MONMOUTH COUNTY
NEW JERSEY
INSTRUMENT NUMBER
1997038978
RECORDED ON
Apr 09, 19 97
2:21:00 PM
BOOK OR-5587 PG 443
Total Pages: 3

COUNTY RECORDING FEES   $ 3.00
DEDICATED TRUST   12.00
FUND COMMISSION
COUNTY REALTY   1.54
TRANSFER FEES
STATE REALTY
TRANSFER FEES
TOTAL

FY 002531

FIDELITY NATIONAL TITLE
Insurance Company of New York

### Schedule A-4

File No.  CT-18718(A)

All that certain lot, piece of land, with the buildings and improvements thereon
erected, situate, lying and being in the  City of Asbury Park,
County of  Monmouth,     State of New Jersey:

Being known and designated as Lot Number 221 and in Block L as shown on a plan
of West Asbury Park made by W.H. DeNyse, C.E., and more particularly described
as follows:

Beginning at a point in the southerly line of Bangs Avenue distant 83 feet
easterly from the southeasterly corner of Bangs Avenue and Comstock Street;
thence

1.  Easterly along the southerly line of Bangs Avenue 42 feet; thence

2.  Southerly at right angles to Bangs Avenue 10 feet to the center line of
the block; thence

3.  Westerly parallel with Bangs Avenue 42 feet; thence

4.  Northerly again at right angles to Bangs Avenue 100 feet to the place of
Beginning.

Being Lot 23, Block 67 on the City of Asbury Park Tax Map.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

FORM 26-84-82 A-4(11/93)

ALTA COMMITMENT - PLAIN LANGUA
SCHEDULE A-4, NJRB 3-02 (10-26-

FY 002532

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page.

Witnessed by:

_____    _____ (Seal)

_____    _____ (Seal)
ROBERT J. SAXTON, ESQUIRE                         ELAINE M. SMALLS

STATE OF NEW JERSEY, COUNTY OF   MONMOUTH                SS.:
I CERTIFY that on  October 23 , 19 96 ,

     ELAINE M. SMALLS

          personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached deed;
(b) executed this deed as his or her own act; and,

(c) made this Deed for $ 42,500.00          as the full and actual consideration paid or to be paid for the transfer of title.
(Such consideration is defined in N.J.S.A. 46:15-5.)

_____
(Print name and title below signature)
ROBERT J. SAXTON, ESQUIRE

FY 002533

# EXHIBIT 3F

COASTAL TITLE AC  NC  I, INC.

P.O. Box 740, 21 W. Main Street, Suite 3, Freehold, NJ 07728 (908) 308-1668, (800) 641-0378, (908) 775-5643, FAX# (908) 308-1681

## ***INVOICE***

DATE: 10/30/1996

TO: Stanley Yacker, Esquire
    330 Highway 34, Suite 3
    Matawan, NJ  07747

TITLE NO: CT-18718(A)

AMOUNT OF INSURANCE
FEE    AMT:       $180,000.00
MORTGAGE AMT:     $135,000.00

Account No.

    (908) 566-9300
    (908) 290-2477

TRANSACTION: BASIC RATE
Fee & Mortgage Policies
JUERGENSEN/CRISTO PROPERTY
1032-1034 BANGS AVENUE
ASBURY PARK, NJ

PLEASE ORDER RUNDOWN 48 HOURS IN ADVANCE

| ITEM | CHARGES | |
|---|---|---|
| PREMIUM | | |
| Fee | 755.00 | |
| Mortgage | 25.00 | |
| Leasehold | | |
| SUBTOTAL | | 780.00 |
| Base Examination | 105.00 | |
| Municipal Lien Searches | 40.00 | |
| Photo Copies | 25.00 | |
| Closing Service Letter | 25.00 | |
| Upper Court Searches | 40.00 | |
| Alta 1 Endorsement | 25.00 | |
| Variable Rate Mortgage Endorsement | 25.00 | |
| Removal of Survey Exception | 25.00 | |
| Environmental (8.1) Endorsement | 25.00 | |
| ALTA 9 Coverage | 25.00 | |
| Preparation of Description | 25.00 | |
| Flood Search | 20.00 | |
| BASIC | .00 | |
| SUBTOTAL | | 405.00 |
| TOTAL | | $1,185.00 |

***** THIS INVOICE SUPERSEDES ANY/ALL PRIOR INVOICES *****

NOTE1:  THIS BILL IS SUBJECT TO CHANGE.  FINAL TOTAL BILL MUST BE VERIFIED AT CLOSING.

NOTE2:  THIS BILL IS SUBJECT TO CANCELLATION CHARGES. PLEASE CALL FOR APPROPRIATE CHARGES.

    THE INSURANCE COMMISSIONER HAS DIRECTED THAT A STATEMENT DETAILING EACH PASS-THROUGH
SEARCH CHARGE MUST BE SUPPLIED TO THE PURCHASER/BORROWER/LESSEE IN EACH INSURED TRANSACTION

FY 002570

# EXHIBIT 3G

**Fidelity National Title**
INSURANCE COMPANY OF NEW YORK
Two Park Avenue / New York, New York 10016 / (212) 481-5858 / Fax: (212) 481-8747

ICS 5744-11027

Date:  October 30, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728

Attention: Closing Department

RE: Closing Service Letter
    Issuing Agent or Attorney whose conduct is covered:
    Stanley Yacker, Esquire

    330 Highway 34, Suite 3
    Matawan, NJ  07747

File No: CT-18718(A)
Transaction: ALICIA JUERGENSEN

Premises: 1032-1034 BANGS AVENUE
          ASBURY PARK

Dear Customer:

When title insurance of Fidelity National Title Insurance Company of New York is
specified for your protection in connection with the closing of the above described real
estate transaction  in which you are to be a lender secured by a mortgage of an interest
in land, the Company, subject to the Conditions and Exclusions set forth below, hereby
agrees to reimburse you for actual loss incurred by you in connection with that closing
when conducted by the above named Issuing Agent (an agent authorized to issue title
insurance for the Company) of Fidelity National Title Insurance Company of New York or
the above named Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the validity, enforceability and priority of the lien of said mortgage on said
   interest in land, including the obtaining of documents and the disbursement of funds
   necessary to establish such title or lien; or (b) the collection and payment of funds
   due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the prin-
cipal residence of the borrower, shall be protected, but only to the extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower.  If you are a pur-
chaser of a one-to-four family dwelling, including a condominium unit, which is your
principal residence, and are paying cash for the purchase,  you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

WSWT 000558

Fidelity CSL -- Page                                    *Juergensen*

1.  Failure of the Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such lien is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 2 Park Avenue, New York, N.Y. 10016. When failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK.

The protection under this Closing Service Letter is limited to the closing on the premises described in the caption of this Letter.

Fidelity National Title Insurance Company of New York

BY: *Robert F. Agel*

Robert F. Agel, President
Coastal Title Agency, Inc.
Agent