# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION NO. 97-3407 (DRD)

WALSH SECURITIES, INC.,           :

             Plaintiff,           :    DEPOSITION UPON
                      :    ORAL EXAMINATION
      v.                :         OF
                      :    ROBERT WALTER
CRISTO PROPERTY MANAGEMENT,       :    SKOWRENSKI, II
LTD., et al.,                     :
                      :
           Defendants.           :

- - - - - - - - - - - - - - - - -

T R A N S C R I P T of the

stenographic notes of STANLEY B. RIZMAN, a Notary

Public and Certified Shorthand Reporter of the State

of New Jersey, Certificate No. XI00304, taken at the

offices of Manning, Caliendo & Thomson, PA, 36 West

Main Street, Freehold, New Jersey, on Tuesday, May

25, 2010, commencing at 10:12 a.m.



**Rizman Rappaport Dillon & Rose, LLC**
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

50

1    Q    Which individuals?
2    A    The loan originators.
3    Q    How would the loan originators make
4  that decision? Why would they choose Walsh? Why
5  would they choose Aimes?
6    A    That was one of the responsibilities of
7  the wholesale Account Executive. There was an
8  Anthony D'Apolito for every one of these lenders
9  that would come and solicit my guys' business.
10 Either through the combination of the
11 relationship -- if pricing, for example, fit.
12 Either doing business. They would make a selection.
13   Q    Did Walsh have any programs that were
14 unique to Walsh?
15   A    I don't recall particularly the
16 program.
17   Q    Were all of Kane's loans sold to Walsh?
18   A    I don't believe all of them. No.
19   Q    Where else were Kane's loans sold to?
20   A    I don't recall who. I believe there
21 was a couple that went to or some that went to
22 Coastal, though.
23   Q    The "Coastal" you're referring to is
24 not the title insurance agent?
25   A    Yes. Correct.

51

1    Q    Another entity that happens to be
2  called Coastal?
3    A    The wholesale lender.
4    Q    How did National Home Funding make
5  money on loans it sold to Walsh? Sorry. Shall I
6  call it "broker"?
7    A    How we make money in a scenario like
8  that. A typical wholesale-retail relationship. We
9  are giving pricing in a wholesale model that is
10 marked up, for all intents and purposes, and that
11 spread is our profit.
12   Q    With respect to Walsh in particular,
13 were the financial incentives on National Home
14 Funding to sell somebody a loan that was more
15 expensive than the person needed?
16   A    No.
17   Q    Why do you say that?
18   A    It was no different than any of the
19 lenders in the sub-prime world. I don't
20 differentiate them. It was just sub-prime paper.
21   Q    If a particular lender -- withdrawn.
22 I'm sorry. If a particular borrower --
23      MR. MANNING: I have to get that call.
24 Sorry.
25      (Recess.)

52

1  BY MR. KOTT:
2    Q    My words might be unartful. Let me
3  tell you what I'm trying to ask you. If a lender --
4  withdrawn.
5         If a broker came in and he would
6  qualify for one type of loan but National Home
7  Funding put him in a more expensive loan for him,
8  would Walsh compensate National Home more than they
9  would than if they put him in the loan that he
10 qualified for?
11      MR. MAGNANINI: Objection to form.
12   A    This one I can answer?
13   Q    Yes. Unless your attorney tells you
14 you can't.
15   A    I don't believe so.
16   Q    Why do you say that?
17   A    Because I don't have any recollection
18 of how it worked back then.
19      You have to understand I'm measuring
20 today's knowledge with 14 years ago.
21   Q    You described the structure of what
22 Walsh funded and Walsh underwrote. Do you remember
23 all of that?
24   A    Yes.
25   Q    To whom was the title insurance policy

53

1  issued? Was it issued to Walsh or was it issued to
2  National Home Funding?
3    A    I believe the way they were funded
4  through Walsh -- we were cable funding. So that
5  meant we closed in NHF's name with Walsh's money.
6  So we would do an assignment, an allonge, prior to
7  closing. That would mean we were the -- NHF was the
8  lender of record. So I believe that the title
9  policy should be in NHF's name.
10   Q    You used the word "allonge." Can you
11 put that in lay terms, what that is?
12   A    The allonge in the assignment gave all
13 rights instantly in that loan over to the funder.
14   Q    Did Walsh set up its relationship with
15 National Home Funding such that National Home
16 Funding would be the named insured under the title
17 policy?
18   A    I believe that was their model at the
19 time.
20   Q    If I refer to a closing service letter
21 or closing-protection letter, do you know what I'm
22 referring to?
23   A    By name and by look, yes.
24   Q    Calling your attention, for instance,
25 to Skowrenski Exhibit 2. Exhibit B, which is a

14 (Pages 50 to 53)



Rizman Rappaport Dillon & Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650  Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

Sworenski - direct



170

1  since and we've never been able to find them.
2      A    Ha, ha.
3      Q    Do you know where those files are?
4      A    I don't have them.
5      Q    It wouldn't have been among the things
6  you shredded?
7      A    No. The things I shredded came back
8  from the federal building.
9      Q    Coastal Title Agency. They apparently
10  are the title agency involved in a great number of
11  these fraudulent transactions?
12     A    Yes.
13     Q    Were you aware of that at the time?
14     A    No.
15     Q    Did you have anything to do with
16  anybody picking Coastal Title Agency to use in these
17  files?
18     A    No.
19     Q    Do you know who Bob Engle is?
20     A    I do, yes.
21     Q    Back at the time, back in '96 and '97
22  and '95, did you know who Bob Engel was?
23     A    No.
24     Q    Do you know if you ever met or have
25  spoken with Bob Engel?

171

1      A    I don't believe so.
2      Q    Do you know whether or not anybody at
3  NHF or you spoke on the phone with either Mr. Engle
4  or anybody over at Coastal Title Agency in
5  connection with these loans?
6      A    You said anybody over at NHF other than
7  me?
8      Q    Yes.
9      A    No.
10     Q    You certainly didn't?
11     A    No.
12     Q    Now, did I understand you correctly
13  after one of these -- before the funding comes down,
14  you have to sign the assignment and everything and
15  send it back to Walsh, right?
16     A    Correct.
17     Q    The idea is you're only supposed to own
18  this loan for the nanosecond it is signed and then
19  it becomes Walsh's property?
20     A    Yes.
21     Q    Because it's their money?
22     A    Correct.
23     Q    After the closing, notwithstanding the
24  requirements that were read to you in that exhibit,
25  you didn't send any package back to Walsh after the

172

1  closing, did you?
2      A    No.
3      Q    But you had already sent them the
4  assignment and whatever other documents they needed
5  in order to take over this loan before it was ever
6  funded?
7      A    Correct.
8      Q    After the close, the note marked-up
9  binding mortgage -- any of the documents signed at
10  the closing you would have nothing to do with, would
11  you?
12     A    Correct.
13     Q    You wouldn't even see them, correct?
14     A    Yes.
15     Q    Who was supposed to send those to
16  Walsh?
17     A    The closing agent.
18     Q    The attorney?
19     A    If there was an attorney, correct.
20         MR. MC GOWAN: Have nothing else.
21  Thank you.
22         MS. WAGNER: Take a five-minute break.
23         (Recess.)
24  DIRECT EXAMINATION
25  BY MS. WAGNER:

173

1      Q    Mr. Skowrenski, you testified that you
2  did attend some business school. When was that?
3      A    I graduated in 2003.
4      Q    Where did you graduate from?
5      A    Monmouth University, M.B.A. program.
6      Q    That was an M.B.A. program?
7      A    Yes.
8      Q    Where did you get your Bachelor's
9  degree?
10     A    Fairfield University.
11     Q    When was that?
12     A    '89. Graduated.
13     Q    '89, you said?
14     A    Yes.
15     Q    What was that degree in?
16     A    Finance.
17     Q    You had some business experience when
18  you set up National Home Funding -- business
19  education, rather?
20     A    I had some business education, yes.
21     Q    Can you describe the structure of
22  National Home Funding? The way it was organized?
23     A    Basically, me and an Office Manager.
24  At one point we did get a processor in there and a
25  hell of a lot of loan officers.

44 (Pages 170 to 173)

**Rizman Rappaport Dillon&Rose,LLC**
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

# EXHIBIT 5

282434

6282-861

OFG# 3053068
LOAN NO.    628930
(Complete this document and acknowledgement
as required by State law or corporate authority, as applicable)

## ASSIGNMENT OF SECURITY INSTRUMENT

KNOW ALL MEN BY THESE PRESENTS, THAT

NATIONAL HOME FUNDING, INC.    WITH OFFICES AT 3443 HIGHWAY 9-N HOLIDAY PLAZA FREEHOLD, NJ 07728
party of the first part, in consideration of the sum of TEN ($10.00) DOLLARS and other good and valuable
consideration to it in hand paid by

WALSH SECURITIES, INC. WITH OFFICES AT 4 CAMPUS DRIVE PARSIPPANY, NJ 07054
party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby
acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does hereby
grant, bargain, sell, assign, transfer, and set over unto the said party of the second part that certain Mortgage or
Deed of Trust ("Security Instrument") by  VICTOR GUZMAN, UNMARRIED    TO
National Home Funding, Inc., Beneficiary
dated June  5, 1997    and (to be) filed for record in the Office of the recorder of Mortgages or Deeds of Trust; as
applicable of the City/County of  MONMOUTH                 , State of   NJ
in  (Insert if recorded) Book, Volume or Liber number 6252        at Page 5161         , and
given to secure payment of $       69,000.00        , and secured by the following described property:
* RECORDED: 7/30/97              Commonly known as :
18 FORD AVE FREEHOLD, NJ 07728
together with the Note or obligation described in said Security Instrument, and the money due and to become due
thereon, with interest due and owing thereon.

TO HAVE AND TO HOLD the same unto the said part of the second part, its successors and assigns forever, the
said party of the first part has caused these presents to be signed in its name by its officer, on  June  7 , 1997

WITNESSES / ATTEST:                   NATIONAL HOME FUNDING, INC.

_____                      By: _____
                                          Robert W. Skowrenski II
                                          President

STATE OF  New Jersey         COUNTY OF  Monmouth ss

I, an Officer duly authorized to take acknowledgements of deeds according to the laws of this state, duly qualified
and acting, hereby certify that Robert W. Skowrenski II    Pres & duly    of
NATIONAL HOME FUNDING, INC.
to me personally known, this day acknowledged before me that said person executed the foregoing Assignment of
Security Instrument as such Officer of said organization, and that said person acknowledged that said instrument is
the valid and binding obligation of said organization, and that said person executed said  Assignment of Security
Instrument as the voluntary act and deed of such person, and of said organization, and was duly authorized to
execute it on behalf of said organization.

IN WITNESS WHEREOF, I hereunto set my hand and Official Seal in said county and state, this
9     Day of June, 1997
(affix Notary stamp & official seal)

Prepared and return to:                      _____
Maureen O. Chung                             MARY M. DI NONNO
Specialized Mortgage Services, Inc.          NOTARY PUBLIC OF NEW JERSEY
17341 Southwest 18th Street                  My Commission Expires March 4, 2002
Miramar, FL 33029,
(954)441-8196

FT/NT04666



262435

TOTAL            $18.00
DEED/RATE TRUST  $2.00
FUND CONSIDERATION
FEES
COUNTY RECORDING $16.00
Total Pages: 1
PAGE#2644
BOOK#AM-801
41:01:17 PM
May 26, 1998
RECORDED ON
1998072661
INSTRUMENT NUMBER
MONMOUTH COUNTY
NEW JERSEY
CLERK'S OFFICE

OFG#3055068
LOAN NO. 628930
(Complete this document and acknowledgment
as required by State lawand corporate authority, as applicable)

## ASSIGNMENT OF SECURITY INSTRUMENT

KNOW ALL MEN BY THESE PRESENTS, THAT

Walsh Securities, Inc., a Delaware Corporation with offices at 4 Campus Drive, Parsippany, N.J. 07054 party of the first part, in consideration of the sum of TEN ($10.00) DOLLARS and other good and valuable consideration to it in hand paid by Ocwen Federal Bank FSB
1665 Palm Beach Lakes Blvd, #105, West Palm Beach, FL 33401
party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does hereby grant, bargain, sell, assign, transfer, and set over unto the said party of the second part that certain Mortgage or Deed of Trust ("Security Instrument") by
VICTOR GUZMAN, UNMARRIED TO National Home Funding, Inc., Beneficiary
dated      06-Jun-97   and (to be) filed for record in the Office of the recorder of Mortgages or Deeds of Trust, as applicable of the City/County of   MONMOUTH         , State of   NJ
in  (insert if recorded) Book, Volume or Liber number  6252      at Page  861
, and given to secure payment of         $69,000.00  , and secured by the following described property
RECORDED: 7/30/97                                        Commonly known as :
19 FORD AVE
FREEHOLD, NJ 07728
together with the Note or obligation described in said Security Instrument, and the money due and to become due thereon, with interest due and owing thereon. This assignment is made without recourse.

TO HAVE AND TO HOLD the same unto the said part of the second part, its successors and assigns forever, the said party of the first part has caused these presents to be signed in its name by its officer, on Wednesday, June 11, 1997

WITNESSES / ATTEST:                    Walsh Securities, Inc.

By
                                        John H. Isbrandtsen
                                        Vice President

STATE OF  New Jersey          COUNTY OF  Morris        ) SS

I, am an Officer duly authorized to take acknowledgements of deeds according to the laws of this state, duly qualified and acting, hereby certify that  John H. Isbrandtsen
Vice President          of Walsh Securities, Inc.
to me personally known, this day acknowledged before me that said person executed the foregoing Assignment of Security Instrument as such Officer of said organization, and that said person acknowledged that said instrument is the valid and binding obligation of said organization, and that said person executed said Assignment of Security Instrument as the voluntary act and deed of such person, and of said organization, and was duly authorized to execute it on behalf of said organization and, if required by law or corporate authorization, affixed the seal of said organization hereto.

IN WITNESS WHEREOF, I hereunto set my hand and Official Seal in said county and state, on
Wednesday, June 11, 1997
(affix Notary stamp & official seal)

Prepared by and return to:
Maureen O. Cheng
Specialized Mortgage Services, Inc.
17341 Southwest 18th Street
Miramar, FL 33029.
(954)441-8196

                                        KATHLEEN A. FALLON GONZALEZ
                                        NOTARY PUBLIC OF NEW JERSEY
                                        My Commission Expires 1/20/2002

FT/NT04667

# EXHIBIT 6



0073416 23 A

WHEN RECORDED RETURN TO:
Fivelia Bacha
Principal Portfolio Services
3150 Bristol Street Suite 250
Costa Mesa CA  92626

PREPARED BY:
CAROLYNN CZACHOR

TELEPHONE #:
LOAN #: 614472

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
3443 HIGHWAY 9 NORTH,
FREEHOLD, NEW JERSEY 07728
does hereby grant, sell, assign, transfer and convey, unto the
GF MORTGAGE CORP.
a corporation organized and existing under the laws of
(herein "Assignee"), whose address is
4 CAMPUS DRIVE,
PARSIPPANY, NJ 07054
a certain Mortgage dated FEBRUARY 27, 1996 , made and executed by
JULIO CRESPO AND CRUZ M. CRESPO

to and in favor of NATIONAL HOME FUNDING, INC.
                                                                upon the following described property situated in
MIDDLESEX                   County, State of NEW JERSEY           :
LEGAL DESCRIPTION ATTACHED HERETO
Commonly Known as: 335 Watson Avenue, Perth Amboy, NJ 08861

RECEIVED/RECORDED
MIDDLESEX COUNTY  03/24/96       149592

BK0658PG129        FEE         ACR.00
                   INSTRUMENT ASSIGNMENT  13204    NONE

such Mortgage having been given to secure payment of $ 109,200.00   which Mortgage is of record in Book,
Volume, or Liber No. 5030      , at page   562   (or on No: Recorded on 3/19/96 ) of the
Instr. 5421    Records of MIDDLESEX                   County, State of NEW JERSEY
together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all
rights accrued or to accrue under such Mortgage.
    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and
conditions of the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on 28, FEB, 96

                                                NATIONAL HOME FUNDING, INC.
                                                249
Witness (Print Name)                            (Assignor)

Witness (Print Name)                  By: _____
                                         (Signature) ROBERT W. SKAWINSKI, II, PRESIDENT
MARY M. DI NONNI                          (Print Name & Title)
(Print Name)

Seal:

State of   New Jersey    County of  Monmouth
  On this  28  day of  February , 1996  , before me, the subscriber, personally appeared
Robert W. Skawinski, II
who, I am satisfied, is/are the person(s) named in and who executed the within instrument and thereupon acknowledged that
he/she/they signed, sealed and delivered the same as his/her/their act and deed, for the purposes therein expressed.

                                                _____
                                                NOTARY PUBLIC OF NEW JERSEY
New Jersey Assignment of Mortgage 6/95   BK0658PG129   My Commission Expires March 4, 1998 2-21-96 28-21943-21

SCHEDULE __c__

Agent File No. MT 11334

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of PERTH AMBOY, County of MIDDLESEX and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point on the westerly sideline of Watson Avenue (66 feet wide) said point being distant southerly 177.44 feet from the intersection of said sideline with the southerly sideline of Fayette Street, and running, thence:

1)   Leaving Watson Avenue, North 68 degrees 30 minutes 00 seconds west a distance of 72.00 feet to a point, thence;

2)   South 21 degrees 30 minutes 00 seconds west a distance of 25.00 feet to a point, thence;

3)   South 68 degrees 30 minutes 00 seconds east a distance of 72.00 feet to a point on the westerly sideline of said Watson Avenue, thence;

4)   Along said sideline, North 21 degrees 30 minutes 00 seconds east a distance of 25.00 feet to the point and place of BEGINNING.

FOR INFORMATION PURPOSES ONLY - Said premises being also known as Lot 19 in Block 115 as shown on the current Tax Map of the  City of Perth Amboy, County of Middlesex and State of New Jersey.

BK0658PG130

RETURN TO →
LOAN NO. 005304(6458B)
614472

WHEN RECORDED RETURN TO:
Evelia Stuba
Principal Portfolio Services
3150 Bristol Street Suite 250
Costa Mesa CA  92626

1061

### ASSIGNMENT OF SECURITY INSTRUMENT

KNOW ALL MEN Y THESE PRESENTS, THAT GF Mortgage Corp. , 4 Campus Drive, Parsippany, New Jersey, 07054 party of the first part, in consideration of the sum of TEN ($10.00) DOLLARS and other good and valuable consideration in lawful money of the United States to it in hand paid by          TMS Mortgage Inc, A New Jersey Corporation

party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does hereby grant, bargain, sell, assign, transfer and set over unto the said party of the second part that certain Security Instrument by
JULIO CRESPO and CRUZ M. CRESPO
dated   2/27/96          and (to be) filed for record in the Office of the recorder of Mortgages / Deeds of Trust, as applicable of the City/County of  Middlesex
on the following described property:   See schedule A for additional information, if attached hereto.
Commonly known as :                                      Recorded on 3/19/96
                                                         BK 5050 PG 562
335 WATSON AVE PERTH AMBOY, NJ  00876   BK 5050 PG 562
together with the Note or obligation described in said Security Instrument, and the money due and to become due thereon, with interest and owing thereon.

TO HAVE AND TO HOLD the same unto the said part of the second part, its successors and assigns forever, the said party of the first part has caused these presents to be signed in its name by its officer, and its corporate seal to be affixed on          April 15, 1996

WITNESSES / ATTEST:                          GF MORTGAGE CORP.

                                             By:
                                                Arnold J. Cohn, Vice President


STATE OF NEW JERSEY,   COUNTY OF MORRIS ) SS

I, an Officer duly authorized to take acknowledgements of deeds according to the laws of this state, duly qualified and acting, hereby certify that    Arnold J. Cohn, Vice President
of  GF Mortgage Corp., to me personally known, this day acknowledged before me that said person executed the foregoing Assignment of Security Instrument as such Officer of said organization, and that said person acknowledged  that said instrument is the valid and binding obligation of said organization, and that said person executed said  Assignment of Security Instrument as the voluntary act and deed of such person, and of said organization, and was duly authorized to execute it on behalf of said organization.

IN WITNESS WHEREOF,  I have hereunto set my hand and Official Seal in said county and state, this    15th Day of April, 1996

RECEIVED/RECORDED
MIDDLESEX COUNTY  07/24/96
                             144914
FEE              $26.00
INSTRUMENT ASSIGNMENT  13025       RB

                                             Denise L. Zarek
                                             (affix Notary stamp & seal)

                                             DENISE L. ZAREK
                                             NOTARY PUBLIC OF NEW JERSEY
                                             My Commission Expires Dec. 2, 1999

BK0658PG131

05141115051

BK0658PG131

SCHEDULE   c

Agent File No. MT 11134

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of PERTH AMBOY, County of MIDDLESEX and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point on the westerly sideline of Watson Avenue (66 feet wide) said point being distant southerly 177.44 feet from the intersection of said sideline with the southerly sideline of Fayette Street, and running, thence:

1)  Leaving Watson Avenue, north 68 degrees 30 minutes 00 seconds west a distance of 72.00 feet to a point, thence;

2)  South 21 degrees 30 minutes 00 seconds west a distance of 25.00 feet to a point, thence;

3)  South 68 degrees 30 minutes 00 seconds east a distance of 72.00 feet to a point on the westerly sideline of said Watson Avenue, thence;

4)  Along said sideline, North 21 degrees 30 minutes 00 seconds east a distance of 25.00 feet to the point and place of BEGINNING.

FOR INFORMATION PURPOSES ONLY - Said premises being also known as Lot 19 in Block 115 as shown on the current Tax Map of the  City of Perth Amboy, County of Middlesex and State of New Jersey.

BK0658PG132

FT/NT00622



Account Number : 0073141673

PLEASE RECORD & RETURN TO:
The Money Store
Attn: Correspondent Lending Department
3301 C Street, Suite 801E
Sacramento, CA  95816

_____
Space Above This Line For Recording Data
ASSIGNMENT OF MORTGAGE / DEED OF TRUST

KNOW ALL MEN BY THESE PRESENTS:

That TMS Mortgage, Inc., 3301 C Street, Suite 801E, Sacramento, CA  95816,
Assignor, for and in consideration of the sum of One Dollar and 00/100 ($1.00) and other good
and valuable consideration, by these presents does hereby transfer, sell, assign and convey
unto     The Bank of New York, as Trustee under the Pooling and Servicing Agreement
dated as of May 31, 1996, Series 1996-B  101 Barclay Street 12W, New York,
NY 10286

Assignee, its successors, transferees and assigns, all its right, title and interest in that certain
Mortgage/Deed of Trust dated April 27, 1996 made by  Julio Crespo and Cruz M. Crespo on
lands located at 335 Watson Ave., in the City of Perth Amboy in the County of Middlesex and
State of New Jersey,  08861, as more particularly described in Exhibit "A" attached hereto,
which Mortgage/Deed of Trust was recorded or registered on ____3 \ 19 \ 96____ in
Book ___5050___ at Page ___562___, and/or as Document Number _____

TOGETHER with the Bond, Note or other Obligation therein described in the amount of
$109,200.00 Dollars principal with interest.  TO HAVE AND TO HOLD the same unto the said
assignee forever, subject only to all the provisions contained in the said Mortgage/Deed of Trust
and the Bond, Note or other Obligation.

IN WITNESS WHEREOF, the said Assignor, via its proper corporate officer(s), has
appropriately executed the above named document and has caused its corporate seal to be
hereto affixed and caused these presents to be signed in its name and behalf by Linda
Wheeler, Assistant Vice President, this 6th day of June AD, 1996.

Attested by:                                TMS MORTGAGE INC.
                                           Attn: Correspondent Lending
                                           3301 C Street, Suite 801E
                                           Sacramento, CA 95816

_____
Kip-Maria Dunkleberger, Witness            By:_____
                                              Linda Wheeler, Assistant Vice President
_____

State of California,
County of Sacramento
On Thursday, June 6, 1996 before me, Kathryn Ann Rosicker, personally appeared Linda Wheeler and
Kip-Maria Dunkleberger, personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or entity upon behalf of which the person(s) acted, executed
the instrument.  WITNESS my hand and official seal.

_____(Seal)
Kathryn Ann Rosicker, Notary Public

Title Order No. _____  Esc

                                    RECEIVED/RECORDED
                             MIDDLESEX COUNTY  07/22/97      454512
                                        FEE      102.00
BK0678PG273        BK0678PG273 INSTRUMENT ASSIGNMENT  7929  NONE  BU

SCHEDULE ___c___

Agent File No. MT 11334

LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the City of PERTH AMBOY, County of MIDDLESEX and State of New Jersey, and being more particularly described as follows:

BEGINNING at a point on the westerly sideline of Watson Avenue (66 feet wide) said point being distant southerly 177.44 feet from the intersection of said sideline with the southerly sideline of Fayette Street, and running, thence:

1)  Leaving Watson Avenue, north 69 degrees 30 minutes 00 seconds west a distance of 72.00 feet to a point, thence;

2)  South 21 degrees 30 minutes 00 seconds west a distance of 25.00 feet to a point, thence;

3)  South 69 degrees 30 minutes 00 seconds east a distance of 72.00 feet to a point on the westerly sideline of said Watson Avenue, thence;

4)  Along said sideline, North 21 degrees 30 minutes 00 seconds east a distance of 25.00 feet to the point and place of BEGINNING.

FOR INFORMATION PURPOSES ONLY - Said premises being also known as Lot 19 in Block 115 as shown on the current Tax Map of the  City of Perth Amboy, County of Middlesex and State of New Jersey.

BK0678PG274