# EXHIBIT 11

Donna Sullivan

Page 1

```
1                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
2                    Civil Action No.
                     97-cv-3496 (DRD) (MAS)
3
    WALSH SECURITIES, INC.,  :
4                            :
              Plaintiff,     :
5                            :
        vs.                  :   DEPOSITION OF:
6                            :   DONNA SULLIVAN
    CRISTO PROPERTY MANAGEMENT,
7   LTD., a/k/a G.J.L. LIMITED;
    OAKWOOD PROPERTIES, INC.;
8   NATIONAL HOME FUNDING, INC.;
    CAPITAL ASSETS PROPERTY
9   MANAGEMENT & INVESTMENT CO.,
    INC.; CAPITAL ASSETS PROPERTY
10  MANAGEMENT, L.L.C.; WILLIAM
    KANE; GARY GRIESER; ROBERT
11  SKOWRENSKI, II; RICHARD CALANNI;
    RICHARD DiBENEDETTO; JAMES R.
12  BROWN; THOMAS BRODO; ROLAND
    PIERSON; STANLEY YACKER, ESQ.;
13  MICHAEL ALFIERI, ESQ.; RICHARD
    PEPSNY, ESQ.; ANTHONY M.
14  CICALESE, ESQ.; LAWRENCE CUZZI;
    ANTHONY D'APOLITO; DAP
15  CONSULTING INC.; COMMONWEALTH
    LAND TITLE INSURANCE CO.;
16  NATIONS TITLE INSURANCE OF
    NEW YORK, INC.; FIDELITY
17  NATIONAL TITLE INSURANCE CO.
    OF NEW YORK, INC.; COASTAL
18  TITLE AGENCY; DONNA PEPSNY;
    WEICHERT REALTORS; and VECCHIO
19  REALTY, INC., d/b/a MURPHY
    REALTY BETTER HOMES AND
20  GARDENS                  :
              Defendants. :
21                           :
    - - - - - - - - - - - -
22
23
24
25
```

Donna Sullivan

Page 2

1            TRANSCRIPT of the stenographic notes of

2     the proceedings in the above-entitled matter, as

3     taken by and before JANET BAILYN, a Certified

4     Shorthand Reporter and Notary Public of the State of

5     New Jersey, held at the office of STONE & MAGNANINI,

6     150 John F. Kennedy Parkway, Short Hills, New Jersey,

7     on September 28, 2011, commencing at 9:30 in the

8     forenoon.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Donna Sullivan

Page 103

1    first page it states that the closing date is

2    November 13, 1996.  Based on the documents that

3    you've reviewed are you able to tell whether or not a

4    title policy was sent to Walsh Securities within 30

5    days of that closing date?

6         A.    Doesn't appear that that was possible

7    given the policy effective date of April '97.

8         Q.    Do you know -- at the bottom underneath

9    Section B it states:  "Conditions to be satisfied

10   prior to disbursement of loan proceeds."  Underneath

11   that it says:  "Pay off of all liens, mortgages and

12   judgments."

13              Would you consider the intervening 60/40

14   deed a lien on this property?

15        A.    I don't think of it as a lien but

16   obviously it affects the priority of the mortgage.

17        Q.    Would it be considered a mortgage?

18        A.    No.

19        Q.    What would you characterize it as?

20        A.    A portion of the -- or an interest in

21   the property that was not encumbered by the mortgage.

22        Q.    Would it be -- would you consider it an

23   un-encumbrance on the property?

24        A.    I don't think I would characterize it as

25   that either.  It's -- it was a prior conveyance of an

Donna Sullivan

1    interest in the property such that the mortgage being

2    made couldn't encumber the entire property because it

3    was not signed by all the owners.

4         Q.    Do you think that that deed fits within

5    the descriptions under Section B?

6         A.    No, no.

7         Q.    And what do you base that answer on?

8         A.    I don't think that's the nature of the

9    defect.  I don't think it -- I don't think that's

10   what you would call a lien or a mortgage or a

11   judgment.

12        Q.    Can you try again to define what you

13   would call it then?

14             MR. HAYES:  Other than how she's already

15   done it?

16             MR. MEE:  I'm just asking her again.

17        A.    No.  An interest in a property had been

18   conveyed to another party who didn't sign the

19   mortgage, so the mortgage was not effective to

20   encumber the interest of the party that didn't sign

21   it.

22        Q.    If you turn to the second page again, it

23   says at "Section E, Title Insurance Requirements:

24   This loan must record in the first lien position."

25             Based on that 60/40 deed that I've shown

# EXHIBIT 12

LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
(973) 992-8700

ROBERTS, SHERIDAN & KOTEL
Tower 49
12 East 49th Street
New York, New York  10017
(212) 299-8690

Attorneys for Plaintiffs

**F I L E D**

FEB  5 1999

CLARKSON S. FISHER, JR., P.J.Ch.

- - - - - - - - - - - - - - - - - - - - - - - - - x
RAFAEL BUSTOS, SR., YOLANDA C.
BUSTOS-LACY, AMANDA DIPPOLITO,          :
MICHAEL DIPPOLITO, JOSEPH
PISCIONERI, HANS JUERGENSEN, INGRID   :
JUERGENSEN, ALICIA JUERGENSEN,
and RALPH JUERGENSEN,                            :

                Plaintiffs,                :

       -v-                                              :

CRISTO PROPERTY MANAGEMENT,
LTD.(a/k/a/ G.J.L. LIMITED),                    :
NATIONAL HOME FUNDING, INC.,
CAPITAL ASSETS PROPERTY                   :
MANAGEMENT & INVESTMENT CO.,
CLERK OF THE COUNTY OF UNION,       :
CLERK OF THE COUNTY OF
MONMOUTH, CLERK OF THE COUNTY   :
OF ESSEX, CLERK OF THE COUNTY
HUDSON,

                        :

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - x

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
MONMOUTH COUNTY

DOCKET NO. MONC-240-98

CIVIL ACTION

**ORDER**

      This matter having been opened to the Court by Lowenstein Sandler and Roberts,

Sheridan & Kotel, attorneys for Plaintiffs Rafael Bustos, Sr., Yolanda Bustos-Lacy, Amanda

Dippolito, Michael Dippolito, Joseph Piscioneri, Hans Juergensen, Ingrid Juergensen, Alicia

Juergensen and Ralph Juergensen on Plaintiffs' motion for summary judgment and for default

judgment, and the Court having considered the briefs, certifications and other papers submitted

by counsel in support of and in opposition to the motion, as well as the argument of counsel, and for good cause appearing,

IT IS on this *5th* day of *January* 1999,

ORDERED that the motion of Plaintiffs Rafael Bustos, Sr., Yolanda Bustos-Lacy, Amanda Dippolito, Michael Dippolito, Joseph Piscioneri, Hans Juergensen, Ingrid Juergensen, Alicia Juergensen and Ralph Juergensen for summary judgment and for default judgment is hereby granted in its entirety; and it is further

ORDERED that the following contracts are hereby rescinded and cancelled, and each such contract is hereby declared unenforceable against the plaintiff named in such contract, or against his or her heirs, executors, successors, assigns or transferees:

    (a)   with respect to a property at 138 Ridge Avenue, Asbury Park, New Jersey:

        (i)  a promissory note dated December 31, 1996 with the parties thereto indicated as NHF and Rafael Bustos, Sr, annexed to the Complaint and to the Sullivan Certification as Exhibit 2A.

        (ii) a first mortgage dated December 31, 1996 with the parties thereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 2B.

        (iii) a secondary mortgage loan dated September 10, 1996 with the parties thereto indicated as Cristo and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 2C.

        (iv) an affidavit of title dated December 31, 1996 with the parties thereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 2D.

    (b)   with respect to a property at 703 Fourth Avenue, Asbury Park, New Jersey:

        (i)  a promissory note dated November 6, 1996 with the parties thereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 3A.

        (ii) a first mortgage dated November 6, 1996 with the parties thereto

indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 3B.

(iii)  a secondary mortgage loan dated October 31, 1996 with the parties thereto indicated as Cristo and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 3C.

(iv)   a deed-in dated November 6, 1996 with the parties annexed hereto indicated as Cristo and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 3D.

(v)   a deed-out dated November 6, 1996 with the parties annexed hereto indicated as Rafael Bustos, Sr. and Rafael Bustos, Sr. as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 3E.

(vi)  an affidavit of title dated November 6, 1996 with the parties hereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 3F.

(c)   with respect to a property at 904 Emory Avenue, Asbury Park, New Jersey:

(i)  a promissory note dated November 5, 1996 with the parties thereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 4A.

(ii) a first mortgage dated November 5, 1996 with the parties thereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 4B.

(iii)  a secondary mortgage loan dated October 26, 1996 with the parties thereto indicated as Cristo and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 4C.

(iv)  an affidavit of title dated November 5, 1996 with the parties hereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 4D.

(d)   with respect to a property at 509 Ridge Avenue, Asbury Park, New Jersey:

(i)  a promissory note dated November 6, 1996 with the parties thereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 5A.

(ii)  a first mortgage dated November 6, 1996 with the parties thereto

indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 5B.

(iii) a secondary mortgage loan dated October 31, 1996 with the parties thereto indicated as Cristo and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 5C.

(iv) a deed-in dated November 6, 1996 with the parties hereto indicated as Cristo and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 5D.

(v) a deed-out dated November 6, 1996 with the parties hereto indicated as Rafael Bustos, Sr. and Rafael Bustos, Sr. as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 5E.

(vi) an affidavit of title dated November 6, 1996 with the parties thereto indicated as NHF and Rafael Bustos, Sr., annexed to the Complaint and to the Sullivan Certification as Exhibit 5F.

(e)   with respect to a property at 1105 Grand Avenue, Asbury Park, New Jersey:

(i) a promissory note dated November 5, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 6A.

(ii) a first mortgage dated November 5, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 6B.

(iii) a secondary mortgage dated October 31, 1996 with the parties thereto indicated as Cristo and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 6C.

(iv) a deed-in dated November 11, 1996 with the parties thereto indicated as G.J.L. Limited (Cristo) and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 6D.

(v) a deed-out dated November 5, 1996 with the parties thereto indicated as Yolanda C. Bustos-Lacy and Yolanda C. Bustos-Lacy as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 6E.

(vi) an affidavit of title dated November 5, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint

and to the Sullivan Certification as Exhibit 6F.

(f)   with respect to a property at 601 Fourth Avenue, Asbury Park, New Jersey:

    (i)   a promissory note dated December 30, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 7A.

    (ii)  a first mortgage dated December 30, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 7B.

    (iii) a secondary mortgage loan dated October 20, 1996 with the parties thereto indicated as Cristo and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 7C.

    (iv)  an affidavit of title dated December 30, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 7D.

(g)   with respect to a property at 508 Sixth Avenue, Asbury Park, New Jersey:

    (i)   a promissory note dated November 5, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 8A.

    (ii)  a first mortgage dated November 5, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 8B.

    (iii) a secondary mortgage loan dated October 21, 1996 with the parties thereto indicated as Cristo and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 8C.

    (iv)  an affidavit of title dated November 5, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 8D.

(h)   with respect to a property at 1312 Washington Avenue, Asbury Park, New Jersey:

    (i)   a promissory note dated November 6, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 9A.

(ii)  a first mortgage dated November 5, 1996 with the parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 9B.

(iii)  a secondary mortgage loan dated October 31, 1996 with parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 9C.

(iv)  an affidavit of title dated November 5, 1996 with parties thereto indicated as NHF and Yolanda C. Bustos-Lacy, annexed to the Complaint and to the Sullivan Certification as Exhibit 9D.

(i)    with respect to a property at 1230 Arlington Avenue, Plainfield, New Jersey:

(i)  a promissory note dated February 21, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 10A.

(ii) a first mortgage dated February 21, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 10B.

(iii)  a secondary mortgage loan dated January 27, 1997 with the parties thereto indicated as Cristo and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 10C.

(iv)  an affidavit of title dated February 21, 1996 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 10D.

(j)    with respect to a property at 245 Clerk Street, Jersey City, New Jersey:

(i)  a promissory note dated January 30, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 11A.

(ii)  a first mortgage dated January 30, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 11B.

(iii)  a secondary mortgage loan dated January 26, 1997 with the parties thereto indicated as Cristo and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 11C.

(iv)  a deed-in dated January 30, 1997 with the parties thereto indicated as

Cristo Property Management, Ltd., and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 11D.

(v) a deed-out dated February 6, 1997 with the parties thereto indicated as Amanda Dippolito and Amanda Dippolito as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 11E.

(vi) an affidavit of title dated January 30, 1996 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 11F.

(k)   with respect to a property at 24 Webster Avenue, Seaside Heights, New Jersey:

(i) a promissory note dated January 23, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 12A.

(ii) a first mortgage dated January 23, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 12B.

(iii) a secondary mortgage loan dated January 16, 1997 with the parties thereto indicated as Cristo and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 12C.

(iv) an affidavit of title dated January 23, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 12D.

(l)   with respect to a property at 744-46 W. 4th Street, Plainfield, New Jersey:

(i) a promissory note dated January 30, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 13A.

(ii) a first mortgage dated January 30, 1997 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 13B.

(iii) a secondary mortgage loan dated January 26, 1997 with the parties thereto indicated as Cristo and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 13C.

(iv) a deed-in dated January 30, 1997 with the parties thereto indicated as G.J.L. Limited (Cristo) and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 13D.

(v) a deed-out dated February 6, 1997 with the parties thereto indicated as Amanda Dippolito as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 13E.

(vi) an affidavit of title dated January 30, 1996 with the parties thereto indicated as NHF and Amanda Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 13F.

(m) with respect to a property at 724 E. 6th Street, Plainfield, New Jersey:

(i) a promissory note dated January 30, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 14A.

(ii) a first mortgage dated January 30, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 14B.

(iii) a secondary mortgage loan dated January 26, 1997 with the parties thereto indicated as Cristo and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 14C.

(iv) a deed-in dated January 30, 1997 with the parties thereto indicated as G.J.L. Limited (Cristo) and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 14D.

(v) a deed-out dated February 6, 1997 with the parties thereto indicated as Michael Dippolito and Michael Dippolito as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 14E.

(vi) an affidavit of title dated January 30, 1996 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 14F.

(n) with respect to a property at 503 Ridge Avenue, Asbury Park, New Jersey:

(i) a promissory note dated January 23, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 15A.

(ii)  a first mortgage dated January 23, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 15B.

(iii)  a secondary mortgage loan dated January 16, 1997 with the parties thereto indicated as Cristo and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 15C.

(iv)  a deed-in dated January 23, 1997 with the parties thereto indicated as G.J.L. Limited (Cristo) and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 15D.

(v)  a deed-out dated January 30, 1997 with the parties thereto indicated as Michael Dippolito and Michael Dippolito as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 15E.

(vi)  an affidavit of title dated January 23, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 15F.

(o)  with respect to a property at 604 4th Avenue, Asbury Park, New Jersey:

(i)  a promissory note dated January 27, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 16A.

(ii)  a first mortgage dated January 27, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 16B.

(iii)  a secondary mortgage loan dated January 12, 1997 with the parties thereto indicated as Cristo and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 16C.

(iv)  a deed-in dated January 23, 1997 with the parties thereto indicated as G.J.L. Limited (Cristo) and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 16D.

(v)  a deed-out dated February 7, 1997 with the parties thereto indicated as Michael Dippolito and Michael Dippolito as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 16E.

(vi)  an affidavit of title dated January 27, 1997 with the parties thereto

indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 16F.

(p)   with respect to a property at 941 West 5th Street, Plainfield, New Jersey:

(i)   a promissory note dated January 30, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 17A.

(ii)   a first mortgage dated January 30, 1997 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 17B.

(iii)   a secondary mortgage loan dated January 26, 1997 with the parties thereto indicated as Cristo and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 17C.

(iv)   an affidavit of title dated January 30, 1996 with the parties thereto indicated as NHF and Michael Dippolito, annexed to the Complaint and to the Sullivan Certification as Exhibit 17D.

(q)   with respect to a property at 806 Emory Street, Asbury Park, New Jersey:

(i)   a promissory note dated January 24, 1997 with the parties thereto indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 18A.

(ii)   a first mortgage dated January 24, 1997 with the parties thereto indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 18B.

(iii)   a secondary mortgage loan dated October 21, 1996 with the parties thereto indicated as Cristo and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 18C.

(iv)   a deed-in dated January 24, 1997 with the parties thereto indicated as G.J.L. Limited and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 18D.

(v)   a deed-out dated January 26, 1997 with the parties thereto indicated as Joseph Piscioneri and Joseph Piscioneri as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 18E.

(vi)   an affidavit of title dated January 24, 1997 with the parties thereto

10

indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 18F.

(r)   with respect to a property at 405 Sewall Avenue, Asbury Park, New Jersey:

(i)   a promissory note dated November 21, 1996 with the parties thereto indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 19A.

(ii)   a first mortgage dated November 21, 1996 with the parties thereto indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 19B.

(iii)   a secondary mortgage loan dated October 20, 1996 with the parties thereto indicated as Cristo and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 19C.

(s)   with respect to a property at 1124 Sewall Avenue, Asbury Park, New Jersey:

(i)   a promissory note dated November 27, 1996 with the parties thereto indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 20A.

(ii)   a first mortgage dated November 27, 1996 with the parties thereto indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 20B.

(iii)   a secondary mortgage loan dated October 20, 1996 with the parties thereto indicated as Cristo and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 20C.

(iv)   a deed-in dated November 27, 1996 with the parties thereto indicated as Cristo and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 20D.

(v)   a deed-out dated November 27, 1996 with the parties thereto indicated as Joseph Piscioneri and Joseph Piscioneri as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 20E.

(t)   with respect to a property at 136 James Street, Long Branch, New Jersey:

(i)   a promissory note dated January 17, 1997 with the parties thereto indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 21A.

11

(ii)  a first mortgage dated January 17, 1997 with the parties thereto indicated as NHF and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 21B.

(iii)  a secondary mortgage loan dated January 7, 1997 with the parties thereto indicated as Cristo Property and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 21C.

(iv)  a deed-in dated January 17, 1997 with the parties thereto indicated as G.J.L. Limited and Joseph Piscioneri, annexed to the Complaint and to the Sullivan Certification as Exhibit 21D.

(v)  a deed-out dated January 31, 1997 with the parties thereto indicated as Joseph Piscioneri and Joseph Piscioneri as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 21E.

(u)  with respect to a property at 62 Sherman Avenue, Jersey City, New Jersey:

(i)  a promissory note dated January 23, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 22A.

(ii)  a first mortgage dated January 23, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 22B.

(iii)  a secondary mortgage loan dated January 16, 1997 with the parties thereto indicated as Cristo and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 22C.

(iv)  a deed-in dated January 23, 1997 with the parties thereto indicated as Cristo and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 22D.

(v)  a deed-out dated January 30, 1997 with the parties thereto indicated as Hans and Ingrid Juergensen and Hans and Ingrid Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 22E.

(vi)  an affidavit of title dated January 23, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 22F.

(v)  with respect to a property at 207 Virginia Avenue, Jersey City, New Jersey:

12

(i) a promissory note dated January 23, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 23A.

(ii) a first mortgage dated January 23, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 23B.

(iii) a secondary mortgage loan dated January 16, 1997 with the parties thereto indicated as Cristo and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 23C.

(iv) a deed-in dated January 23, 1997 with the parties thereto indicated as Cristo and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 23D.

(v) a deed-out dated January 30, 1997 with the parties thereto indicated as Hans and Ingrid Juergensen and Hans and Ingrid Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 23E.

(vi) an affidavit of title dated January 23, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 23F.

(w) with respect to a property at 110 Liberty Street, Long Beach, New Jersey:

(i) a promissory note dated January 27, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 24A.

(ii) a first mortgage dated January 27, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 24B.

(iii) a secondary mortgage loan dated January 16, 1997 with the parties thereto indicated as Cristo and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 24C.

(iv) an affidavit of title dated January 27, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 24D.

(x) with respect to a property at 58 3rd Street, Newark, New Jersey:

13

(i)  a promissory note dated January 31, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 25A.

(ii)  a first mortgage dated January 31, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 25B.

(iii)  an affidavit of title dated January 31, 1997 with the parties thereto indicated as NHF and Hans and Ingrid Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 25C.

(y)   with respect to a property at 1200 Munroe Avenue, Asbury Park, New Jersey:

(i)  a promissory note dated October 16, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 26A.

(ii)  a first mortgage dated October 16, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 26B.

(iii)  a secondary mortgage loan dated May 27, 1996 with the parties thereto indicated as Cristo and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 26C.

(iv)  a deed-in dated October 16, 1996 with the parties thereto indicted as Cristo and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 26D.

(v)  a deed-out dated October 16, 1996 with the parties thereto indicated as Alicia Juergensen and Alicia Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 26E.

(z)   with respect to a property at 1032-34 Bangs Avenue, Asbury Park, New Jersey:

(i)  a promissory note dated November 13, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 27A.

(ii)  a first mortgage dated November 13, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to

14

the Sullivan Certification as Exhibit 27B.

(iii)  a secondary mortgage loan dated October 26, 1996 with the parties thereto indicated as Cristo and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 27C.

(iv)  a deed-in dated November 13, 1996 with the parties thereto indicated as Cristo and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 27D.

(v)  a deed-out dated November 13, 1996 with the parties thereto indicated as Alicia Juergensen and Alicia Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 27E.

(vi)  an affidavit of title dated November 13, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 27F.

(aa)  with respect to a property at 1014 Second Avenue, Asbury Park, New Jersey:

(i)  a promissory note dated October 21, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 28A.

(ii)  a first mortgage dated October 21, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 28B.

(iii)  an undated secondary mortgage loan with the parties thereto indicated as Cristo and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 28C.

(iv)  a deed-in dated October 21, 1996 with the parties thereto indicated as Cristo and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 28D.

(v)  a deed-out dated October 21, 1996 with the parties thereto indicated as Alicia Juergensen and Alicia Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 28E.

(bb)  with respect to a property at 1292 Washington Avenue, Asbury Park, New Jersey:

15

(i) a promissory note dated October 30, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 29A.

(ii)  a first mortgage dated October 30, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 29B.

(iii) a secondary mortgage loan with the parties thereto indicated as Cristo and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 29C.

(iv) a deed-in dated October 30, 1996 with the parties thereto indicated as Cristo and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 29D.

(v) a deed-out dated October 30, 1996 with the parties thereto indicated as Alicia Juergensen and Alicia Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 29E.

(vi) an affidavit of title dated October 30, 1996 with the parties thereto indicated as NHF and Alicia Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 29F.

(cc)   with respect to a property at 49 Second Avenue, Long Branch, New Jersey:

(i) a promissory note dated November 8, 1996 with the parties thereto indicated as  NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 30A.

(ii) a first mortgage dated November 8, 1996 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 30B.

(iii)   a secondary mortgage loan dated October 3, 1996 with the parties indicated as Cristo and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 30C.

(iv) a deed-in dated November 8, 1996 with the parties thereto indicated as Cristo and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 30D.

(v) a deed-out dated November 30, 1996 with the parties thereto indicated as Ralph Juergensen and Ralph Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan

16

Certification as Exhibit 30E.

(vi)  an affidavit of title dated November 8, 1996 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 30F.

(dd)  with respect to a property at 338 Franklin Place, Plainfield, New Jersey:

(i)  a promissory note dated January 23, 1997 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 31A.

(ii)  a first mortgage dated January 23, 1997 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 31B.

(iii)  a secondary mortgage loan dated January 16, 1997 with the parties thereto indicated as Cristo and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 31C.

(iv)  a deed-in dated January 23, 1997 with the parties thereto indicated as G.J.L. Limited and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 31D.

(v)  a deed-out dated January 30, 1997 with the parties thereto indicated as Ralph Juergensen and Ralph Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 31E.

(vi)  an affidavit of title dated January 23, 1997 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 31F.

(ee)  with respect to a property at 29 Westervelt Avenue, Jersey City, New Jersey:

(i)  a promissory note dated January 30, 1997 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 32A.

(ii)  a first mortgage dated January 30, 1997 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 32B.

(iii)  a secondary mortgage loan dated January 27, 1997 with the parties

17

thereto indicated as Cristo and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 32C.

(iv)  a deed-in dated January 30, 1997 with the parties thereto indicated as G.J.L. Limited and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 32D.

(v)  a deed-out dated February 3, 1997 with the parties thereto indicated as Ralph Juergensen and Ralph Juergensen as to a 40% interest and Capital Assets as to a 60% interest, annexed to the Complaint and to the Sullivan Certification as Exhibit 32E.

(vi)  an affidavit of title dated January 30, 1996 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 32F.

(ff)   with respect to a property at 1422 Mattison Avenue, Asbury Park, New Jersey:

(i)  a promissory note dated December 30, 1996 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 33A.

(ii)  a first mortgage dated December 30, 1996 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 33B.

(iii)  a secondary mortgage loan dated December 17, 1996 with the parties thereto indicated as Cristo and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 33C.

(iv)  an affidavit of title dated December 30, 1996 with the parties thereto indicated as NHF and Ralph Juergensen, annexed to the Complaint and to the Sullivan Certification as Exhibit 33D.

_____
Honorable Clarkson S. Fisher, Jr., J.S.C.

Opposed _____
Unopposed ✓   *The Clerk of Hudson County.*

18

# EXHIBIT 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

CITYSCAPE CORP.,                          :

            Plaintiff,                    :          98 Civ. 223

        - against -                        :          ORDER

WALSH SECURITIES, INC.                    :

          Defendant.                    :

-----------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Cityscape Corp. brought this action to recover damages arising from the breach of certain

obligations pursuant to a Master Agreement for Sale and Purchase of Mortgages, as amended

(the "Master Agreement"). Pursuant to that Agreement, Walsh Securities, Inc. sold Cityscape

seven pools of residential home mortgage loans. Cityscape alleged that 108 of those loans were

made based on inflated property appraisals (the "Apprisal Variance Loans"), and that 32 loans

were part of a fraudulent land flipping scheme in New Jersey (the "New Jersey Loans"). Walsh

filed a counterclaim alleging that Cityscape owed it money pursuant to a side agreement

regarding participation in "residuals" remaining after certain loans were securitized.

      On December 23, 1998, this Court dismissed Cityscape's claims relating to 69 of the 108

Appraisal Variance Loans. On June 8, 2000, this Court granted both Walsh's motion for

summary judgment as to the remaining Appraisal Variance Loans and Cityscape's motion for

partial summary judgment that Walsh had breached the Master Agreement by failing to "buy

back" the New Jersey Loans. The sole remaining issues in this case are the amount of damages

to which Cityscape is entitled for that breach and whether Walsh is entitled to any recovery on its

counterclaim.

The parties have agreed that the Court may decide those issues on the basis of written submissions without an evidentiary hearing. The following are the Court's findings of fact and conclusions of law:

## I.   MEASURE OF DAMAGES FOR FAILURE TO BUY BACK THE NEW JERSEY LOANS

Cityscape contends that the proper measure of damages is the full "Buy Back Price" as set forth in section VI(C) of the Master Agreement. Walsh does not dispute that the full "Buy Back Price" is the proper measure of damages, but contends that it is entitled to certain "offsets," as further discussed below. The Court finds that, aside from any possible offsets, the proper measure of damages is the full "Buy Back Price". The Master Agreement provides:

> The term "Buy Back Price" shall mean the sum total of: (1) the outstanding principal balance of the Loan, with accrued interest thereon through the date the Loan is repurchased by Seller; (2) all advances made by Buyer and all charges due from the Borrower; (3) the total amount, including accrued interest and other expenses paid by the Buyer to any senior lienholders, if any, to secure a priority lien position; (4) all reasonable and necessary expenses, losses and damages paid or incurred by the Buyer in connection with an investigation of said Loan and/or related collateral, including but not limited to, property taxes, maintenance costs, interest expense, insurance appraisals, advertising, sales commissions, reasonable attorney's fees, expenses, costs, fines and penalties; and (5) the rebate of the premium due Buyer, if applicable.

Master Agreement (Carl Decl. Ex. E) § VI(C).

## II.   THE PARTIES' SUBMISSIONS

Cityscape has submitted a declaration of Cheryl P. Carl dated August 1, 2000, in which Carl sets forth for each of the thirty-two loans in question: (1) the outstanding principal balance; (2) the accrued interest up to July 31, 2000; (3) the premium paid by Cityscape for the loan when it purchased it from Walsh; and (4) certain expenses Cityscape has incurred in connection with

-2-

the loan, all totalling $4,732,568.93. Carl Decl. ¶¶ 17-21 & Ex. A. Cityscape has also submitted declarations of George Ford and Mickey Yung, executives of its mortgage servicing company, Aegis Mortgage Corporation, dated September 21, 2000, and a supplemental declaration of Cheryl P. Carl dated September 21, 2000. In addition, Cityscape has submitted a declaration of Jerry J. Strochlic dated August 2, 2000, and a supplemental declaration of Jerry J. Strochlic dated September 22, 2000, setting forth certain attorneys' fees Cityscape incurred during this litigation. Cityscape contends that those fees are recoverable as part of the "Buy Back Price."

Walsh does not dispute the accuracy of any of Cityscape's figures. Rather, Walsh contends that: (1) the declarations submitted by Cityscape should be stricken as inadmissible, (2) even if the declarations are admissible, they are insufficient to prove Cityscape's damages; and (3) attorneys' fees incurred during this litigation are not recoverable as part of the "Buy Back Price." Walsh also maintains that it is entitled to certain "offsets."

For the reasons set forth below, the Court finds that: (A) attorneys' fees incurred during this litigation are not recoverable as part of the "Buy Back Price"; (B) the Cityscape declarations necessary to prove damages are admissible; (C) Cityscape has proved its damages; and (D) Walsh has not proved that it is entitled to any offsets.

A.    Attorney's Fees

Cityscape has submitted declarations of Jerry J. Strochlic setting forth the attorneys' fees and costs Cityscape has incurred in seeking to recover for the New Jersey Loans. Cityscape seeks to recover these fees and costs as part of the "Buy Back Price" pursuant to section VI(C)(4) of the Master Agreement.

-3-

That section, however, provides that the Buy Back Price for a particular loan may include only attorneys' fees and expenses "in connection with an investigation" of that loan. Attorneys' fees incurred in the course of litigation between the parties are not "in connection with an investigation" for purposes of calculating the Buy Back Price. Thus, Cityscape's attorneys' fees are not part of its damages for the New Jersey Loans.

B.   Admissibility of the Carl and Ford Declarations

Walsh has moved to strike virtually all of Cityscape's submissions on damages. First, Walsh objects to the Carl declaration on the grounds that it was not based on Carl's personal knowledge. Rule 602 of the Federal Rules of Evidence requires that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."

In her declaration Carl states that she is "fully familiar" with the loans at issue and that she was Cityscape's Executive Vice President until 1999. Carl Decl. ¶¶ 4-5. In addition, she states in a supplemental declaration dated September 21, 2000, that during her tenure at Cityscape, she "supervised employees in operations and underwriting," "was involved in loan processing and servicing," and "had primary responsibility for securitizations and whole loan sales." Supp. Carl Decl. ¶ 2. These averments are sufficient to establish that Carl is testifying based on her personal knowledge, and, thus, the Court overrules Walsh's objection. Cf. Merrill

<u>Lynch, Pierce, Fenner & Smith, Inc. v. Davis</u>, No. Civ. A. 398CV2861-D, 1998 WL 920328, at *2 (N.D. Tex. Dec. 30, 1998).[1]

Second, Walsh contends that reports generated by Cityscape's servicing company, Aegis Mortgage Corporation, upon which Carl relies and which are attached to the Carl declaration as exhibit F, are inadmissible hearsay. Cityscape, however, has submitted the Declaration of George Ford dated September 21, 2000, in which Ford avers that: (1) he is Vice President of Servicing Operations for Aegis; (2) Aegis maintains a database of loans in the regular course of its business; (3) Aegis provides reports from its database such as those in Carl exhibit F in the regular course of its business; and (4) Aegis generated the reports attached as Carl exhibit F. Ford Decl. ¶¶ 2, 4-7, 9, 11. The Court finds that the documents constituting Carl exhibit F have "sufficient indicia of trustworthiness." Therefore, those documents are admissible as business records pursuant to Rule 803(6) of the Federal Rules of Evidence. See <u>Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.</u>, 38 F.3d 627, 632 (2d Cir. 1994); <u>Securities and Exchange Comm'n v. Credit Bancorp, Ltd.</u>, No. 99 Civ. 11395, 2000 WL 968010, at *9 (S.D.N.Y. Aug 8, 2000); <u>see also</u> United States v. Williams, 205 F.3d 23, 34 (2d Cir.2000) ("Rule 803(6) 'favor[s] the admission of evidence rather than its exclusion if it has any probative value at all.'" (citation omitted)).

Third, Walsh argues that because the Aegis documents and Ford were not listed in the Joint Pretrial Order of August 2, 1999, Cityscape should be precluded from relying on the documents or Ford's testimony in proving its damages. A pretrial order, however, may be

---

[1] The deposition testimony by Carl regarding responses to interrogatories made in September 1998, cited by Walsh in its memorandum at 2-3, is irrelevant to Carl's personal knowledge of the facts in her declaration of August 2000.

modified unless prejudice will result. See Yuan v. Rivera, No. 96 Civ. 6628, 2000 WL 365036, at *3 (S.D.N.Y. Apr. 3, 2000). Walsh has not and cannot show prejudice or surprise here, as the amounts stated in the Aegis documents are identical, apart from an increased amount of accrued interest due to the passage of time, to the amounts listed in exhibit D to the complaint in this action. Moreover, documents supporting the amounts in the Aegis reports were produced in discovery and listed in the pretrial order. See, e.g., Joint Pretrial Order Ex. G. Walsh's objections to the Carl and Ford declarations are overruled.

      C.    Sufficiency of Cityscape's Proof

Walsh also contends that the proof submitted by Cityscape is insufficient to establish the claimed damages. For example, Walsh maintains that "[n]one of the documents indicating that Walsh sold [loans] to Cityscape has been provided," that the amounts attributed to premiums and expenses are "conclusory" and had not been previously provided in Cityscape's interrogatory answers, and that various details, such as the original loan balance, are not ascertainable from Cityscape's submission. Def.'s Mem at 4-5.

Walsh's contentions lack merit. First, Walsh admitted in the pretrial order – as it must – that it had sold the loans at issue to Cityscape. Joint Pretrial Order Ex. B at 13. Thus, further proof of that sale is unnecessary. Second, none of the details cited by Walsh are necessary to the calculation of Cityscape's damages. The Carl declaration and accompanying exhibits set forth the principal balance, accrued interest, premium, and expenses associated for each loan. That is sufficient to enable the Court to calculate the "Buy Back Price," which, as noted above, is the proper measure of damages.

Walsh's argument that Carl's testimony is "conclusory" is, in essence, a restatement of its contention that Carl's testimony is not based on her personal knowledge. Accordingly, it is rejected for the reasons set forth above. To the extent that Walsh argues that Carl's testimony is insufficient because it provides no documentary evidence of expenses or premiums paid, that argument is also rejected. Walsh declined to submit evidence regarding the calculation of the "Buy Back Price," leaving Carl's testimony the only evidence before the Court on this issue. Moreover, contrary to Wlash's contentions, the amounts attributed to premiums and expenses had been previously set forth in exhibit D to the complaint, which was incorporated by reference into Cityscape's responses to interrogatories. See Response of Cityscape Corp. to Walsh Securities, Inc.'s First Interrogatories (Phillips Cert. Ex. 2) at 6. Carl's testimony satisfies Cityscape's burden of proving its damages.

D.     Offsets

Walsh contends that it is entitled to two offsets. First, Walsh claims that it is entitled to participate in certain "residuals" pursuant to a side agreement between the parties, and that its share of those residuals totals $2.3 million. Second, Walsh maintains that Cityscape's failure to properly service the loans at issue entitles Walsh to "an offset equal to one half the value of the properties." Def.'s Mem. at 8. Walsh bears the burden of proving each offset by a preponderance of the evidence. See, e.g., Royal Bank and Trust Co. v. Midwest Boutiques, Inc., No. 86 CIV. 3386, 1988 WL 140876, at *6 (S.D.N.Y. Dec 19, 1988).

1.     Participation in Residuals

In support of its claim for participation in residuals, Walsh has submitted a certification of Robert Walsh, its president, in which he testifies that the company sold more than $120

-7-

million in loans to Cityscape, for which Walsh was entitled to participate in a total residual of $14,609,084. Walsh Cert. ¶ 3. He also claims that Cityscape was to pay Walsh "approximately 16.5% of the residual" in exchange for Walsh's agreement to forego a premium payment for the loans. Id. ¶¶ 2-3. Walsh has also submitted copies of two faxes from Peter McMullin at Greenwich Capital Financial to Cityscape containing valuations of two loan portfolios and showing a total mortgage loan balance in excess of $120 million and estimates of the value of the residuals totalling $14,609,084. Phillips Cert. Exs. 5 & 6.

Even assuming that Robert Walsh's testimony is sufficient to establish the existence of a side agreement, however, the Court finds that it is insufficient to establish the amount to which Walsh is entitled pursuant to participation in residuals. The McMullin faxes contain only estimates of the value of the residuals at issue, which estimates are explicitly based on certain assumptions. See Phillips Cert. Exs. 5 & 6. Walsh's testimony is clearly based on those estimates – the value of the residuals according to Walsh is identical to the value set forth in the faxes. There has been no showing that the assumptions upon which the estimates were based were accurate. In New York, "[a] plaintiff seeking compensatory damages has the burden of proof and should present to the court a proper basis for ascertaining the damages [it] seeks to recover. They must be susceptible of ascertainment in some manner other than by mere conjecture or guesswork." ESPN, Inc. v. Office of the Commissioner of Baseball, 76 F. Supp. 2d 416, 418 (S.D.N.Y. 1999) (quoting Dunkel v. McDonald, 272 A.D. 267, 70 N.Y.S.2d 653, 656 (1st Dep't 1947), aff'd, 298 N.Y. 586, 81 N.E.2d 323 (1948)). Walsh has failed to present a

"proper basis for ascertaining the damages it seeks" with respect to residuals, and, accordingly, it is not entitled to an offset for a breach of the alleged side agreement.[2]

### 2.    Failure to Properly Service Loans

In support of its claim that Cityscape failed to properly service loans, Walsh again relies on the testimony of Robert Walsh. He avers that he is familiar with the industry standards for the servicing of residential mortgages, and that, when a mortgagor has defaulted, those standards include boarding and securing the property if it is abandoned, maintaining the exterior of the property in order to avoid municipal liens, and paying property taxes. Walsh Cert. ¶¶ 5-6. He also states that Walsh has inspected the properties that secure the New Jersey loans, and has determined that most are abandoned but not boarded, some have fire damage, taxes have generally not been paid, and some new municipal liens have been imposed. Id. ¶ 8. He estimates that the failure to properly look after the properties has reduced their value by over 50%. Id. ¶ 9.

Robert Walsh's statement that the value of the properties has been reduced by more than half is opinion testimony. Accordingly, its admissibility is governed by Rule 702 of the Federal Rules of Evidence if it requires "specialized knowledge and expertise," i.e., if it is expert testimony, and by Rule 701 of the Federal Rules of Evidence if it does not. See Giles v. Rhodes, No. 94 Civ. 6385, 2000 WL 1425046, at *5-*6 (S.D.N.Y. Sept. 27, 2000). Testimony regarding the valuation of real property plainly requires specialized knowledge relating to the appraisal process and the local real estate market. Thus, the admissibility Robert Walsh's opinion

―――――――――――――――――――

[2] Because the Court finds that Walsh has failed to prove damages relating to its claim for participation in residuals, the Court need not consider Cityscape's contention that Walsh's residual claim is barred by the May 4, 2000, order of the Bankruptcy Court in In re Cityscape Financial Group., and Cityscape Corp., Nos. 98-B-22569, 98-B-22570 (Bankr. S.D.N.Y.).

regarding the loss caused by Cityscape's failure to properly service the loans is expert testimony governed by Rule 702.

That rule provides that expert testimony may only be given by "a witness qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702.  Walsh, however, has submitted no evidence of Robert Walsh's "knowledge, skill, experience, training, or education" relating to real estate appraisals or to the local real estate market in which the properties in question are located.  Indeed, the only evidence before the Court as to Walsh's qualifications is his testimony that he is president of the company.  See Walsh Cert. ¶ 1.  Thus, Walsh is not qualified to opine regarding the loss caused by Cityscape's failure to properly service loans, and paragraph nine of the his certification, which contains that testimony, is stricken.  Because the remaining record contains no evidence of any losses caused by Cityscape's failure to properly service the loans, Walsh's claim for an offset for that failure must fail.

> E.   Cityscape's Remaining Motions to Strike

In determining damages, the Court has not relied on the declarations of Mickey Yung and Jerry Strochlic or the supplemental declaration of Jerry Strochlic.  Accordingly, Walsh's motions to strike those declarations are dismissed as moot.

## III.   CONCLUSION

For the reasons set forth above, the Court grants Cityscape's motion for an order awarding damages and awards Cityscape damages in the amount of $4,732,568.93.  Walsh's

motions to strike the declarations of Cheryl Carl and George Ford are denied, and its motions to strike the declarations of Mickey Yung and Jerry Strochlic and the supplemental declaration of Jerry Strochlic are dismissed as moot.

Dated: New York, New York
      October 20, 2000

SO ORDERED:

Sidney H. Stein, U.S.D.J.