# EXHIBIT 2A



## Commitment for Title Insurance

Issued by

#

# Nations Title Insurance
# of New York Inc.



EXHIBIT

NATIONS-9
7/27/11

Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor; all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

Nations Title Insurance
of New York Inc.

By: _____
President

Attest: _____
Secretary

Countersigned:

By _____
Authorized Officer or Agent

2550

ALTA Commitment Form

CTO-3415

ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A

Effective Date:  May 21, 1996                    Commitment No.  CT-17765

1. Policy or Policies to be issued:

(a) ALTA Owners Policy                                    $TO BE ADVISED

   Proposed Insured: CRISTO PROPERTY MANAGEMENT, LTD.

(b) ALTA Loan Policy                                      $TO BE ADVISED
    (10/17/92)

   Proposed Insured: TO BE ADVISED

2. Title to the FEE SIMPLE  estate or interest in the land described or referred to
   in this Commitment is at the effective date hereof vested in

   Marjorie Hawk   by deed from  Primere Loiseau and Michele Loiseau,
   husband and wife, dated March 05, 1990, recorded March 09, 1990, in the
   Monmouth County Clerk's/Register's office in deed book 4989, page 500.

3. The land referred to in this Commitment is described as follows:

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550                                                                      JJK6

CTC 3416

ALTA COMMITMENT

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17765

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Neptune, County of Monmouth , and state of New Jersey.

Known and designated as and by Lots Nos. 25, 26, 27, 28 in Block 2, as shown on map entitled Map "A", Asbury Park Terrace, Neptune Township, Monmouth County, New Jersey, owned by Louis Smadbeck, Weston Realty Company, dated June 2, 1908, Niart Rogers, C.E., which was filed in the Monmouth County Clerk's Office on August 6, 1908 as Map No. 35-16.

Beginning at the southwest intersection of West End Avenue and Central Boulevard and running; thence

1. South 40 degrees 48 minutes 30 seconds east along the southwesterly line of Central Boulevard, 100.00 feet to a point; thence

2. South 49 degrees 11 minutes 30 seconds west, 100.00 feet to a point; thence

3. North 40 degrees 48 minutes 30 seconds west, 100.00 feet to a point in the southeasterly line of West End Avenue; thence

4. North 49 degrees 11 minutes 30 seconds east along same, 100.00 feet to the point and place of Beginning.

NOTE:  Being Lot(s) 3, Block 319.02, Tax Map of the Township of Neptune.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

CTC 3417

ALTA COMMITMENT
Schedule B-1

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Commitment Number: CT-17765

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed from the Sheriff of Monmouth County to Bristol Oaks, L.P.

   D. Deed made by Bristol Oaks, L.P. to the proposed insured(s) named in Schedule A, 1(a).

   E. All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   F. Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

   G. County judgment search is clear.

   H. New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

   I. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

   J. Mortgage made by Marjorie Hawk to Citicorp Mortgage Inc., dated March 5, 1990, recorded March 9, 1990, in Mortgage Book 4799, Page 958, in the sum of $ 95,200.00.

   K. Lis Pendens filed as No. 32978 must be discharged of record.

   NOTE: Upon recording of the Sheriff's Deed, the above Mortgage and Lis Pendens will merge with the fee.

   L. Mortgage made by Marjorie Hawk to Aubrey G. Vibbert, dated March 5, 1990, recorded March 16, 1990, in Mortgage Book 4802, Page 57, in the sum of $ 3,300.00.

CTC 3418

NOTE:  Upon recording of the Sheriff's Deed, the above Mortgage will be cut off by the foreclosure.

M.  Mortgage made by Marjorie Hawk to General Home Financial Services, Inc., dated March 10, 1990, recorded April 23, 1990, in Mortgage Book 4815, Page 893, in the sum of $ 11,000.00.  Said mortgage was assigned to United States of America in Assignment of Mortgage Book *, Page *.

NOTE:  Upon recording of the Sheriff's Deed, the above Mortgage will be cut off by the foreclosure.

N.  Mortgage made by Marjorie Hawk to Primere Loiseau et ux, dated June 2, 1990, recorded June 8, 1990, in Mortgage Book 4834, Page 357, in the sum of $ 8,000.00.

NOTE:  Upon recording of the Sheriff's Deed, the above Mortgage will be cut off by the foreclosure.

O.  Mortgage made by Marjorie Hawk to Aubrey Vibbert, dated March 5, 1991, recorded March 22, 1991, in Mortgage Book 4924, Page 757, in the sum of $ 3,300.00.

P.  Proof is required that relief from the automatic stay under the bankruptcy of Marjorie Hawk was obtained.

NOTE:  A clear Certificate of Regularity has been received.

*NTI*

Schedule B-1 consists of __2__ pages.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

1006

CTC 3419

ALTA COMMITMENT
Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17765

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Utility easement(s) as contained in Deed Book 3080, Page 345.

11. Restrictions as contained in Deed Book 3122 Page 427.

CTC 3420

NOTE:  This policy insures that the mortgage set forth under Schedule A
hereof is a valid first lien on the property described therein.

Schedule B-11 consists of ___2___ pages.

*NTI*

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

552

CTC 3421

## CONDITIONS AND STIPULATIONS

1. The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2. If the proposed Insured has or acquires actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to Paragraph 3 of these Conditions and Stipulations.

3. Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and the Conditions and Stipulations, and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4. Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

2550

CTC 3422

# EXHIBIT 2B



# Commitment for Title Insurance

Issued by

\#

# Nations Title Insurance of New York Inc.



Nations Title Insurance of New York Inc., a New York corporation, herein called the company, for a valuable consideration, hereby commits to issue its policy or policies of title insurance, as identified in Schedule A, in favor of the proposed Insured named in Schedule A, as owner or mortgagee of the estate or interest covered hereby in the land described or referred to in Schedule A, upon payment of the premiums and charges therefor, all subject to the provisions of Schedules A and B and to the Conditions and Stipulations hereof.

This Commitment shall be effective only when the identity of the proposed Insured and the amount of the policy or policies committed for have been inserted in Schedule A hereof by the Company, either at the time of the issuance of this Commitment or by subsequent endorsement.

This Commitment is preliminary to the issuance of such policy or policies of title insurance and all liability and obligations hereunder shall cease and terminate six months after the effective date hereof or when the policy or policies committed for shall issue, whichever first occurs, provided that the failure to issue such policy or policies is not the fault of the Company.

IN WITNESS WHEREOF, Nations Title Insurance of New York Inc. has caused this Commitment to be signed as of the effective date of Commitment shown in Schedule A, the Commitment to become valid when countersigned by an authorized signatory.

**Nations Title Insurance of New York Inc.**

By:  *Richard Alexander*

President

Attest:  *Chris M. Dikens*

Secretary

Countersigned:

By _____

Authorized Officer or Agent

2550                    ALTA Commitment Form                    FY 000800

ALTA COMMITMENT
Schedule A

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

Effective Date:  May 21, 1996                Commitment No.  CT-17765(A)

1.  Policy or Policies to be issued:

(a) ALTA Owners Policy                                    $125,000.00

    Proposed Insured: George T. Leodis


(b) ALTA Loan Policy                                      $93,750.00
    (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
               assigns
               3443 Highway 9 North
               Freehold, NJ 07728

2.  Title to the FEE SIMPLE  estate or interest in the land described or referred to
    in this Commitment is at the effective date hereof vested in

    Cristo Property Management, Ltd.   by deed from  Bristol Oaks, L.P. ,
    dated     , recorded     . in the Monmouth County Clerk's/Register's
    office in deed book , page . (about to be recorded)

3.  The land referred to in this Commitment is described as follows:


This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

*NTI*

NM6

FY 000801

ALTA COMMITMENT

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A (Description)

Commitment No. CT-17765(A)

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Long Branch, County of Monmouth , and state of New Jersey.

Known and designated as and by Lots Nos. 25, 26, 27, 28 in Block 2, as shown on map entitled Map "A", Asbury Park Terrace, Neptune Township, Monmouth County, New Jersey, owned by Louis Smadbeck, Weston Realty Company, dated June 2, 1908, Niart Rogers, C.E., which was filed in the Monmouth County Clerk's Office on August 6, 1908 as Map No. 35-16.

Beginning at the southwest intersection of West End Avenue and Central Boulevard and running; thence

1. South 40 degrees 48 minutes 30 seconds east along the southwesterly line of Central Boulevard, 100.00 feet to a point; thence

2. South 49 degrees 11 minutes 30 seconds west, 100.00 feet to a point; thence

3. North 40 degrees 48 minutes 30 seconds west, 100.00 feet to a point in the southeasterly line of West End Avenue; thence

4. North 49 degrees 11 minutes 30 seconds east along same, 100.00 feet to the point and place of Beginning.

NOTE:  Being Lot(s) 3, Block 319.02, Tax Map of the Township of Neptune.

Issued By:
COASTAL TITLE AGENCY, INC.
P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728
(908) 308-1660  (800) 521-0378  (908) 775-5543  FAX #(908) 308-1881

*NTI*

FY 000802

ALTA COMMITMENT
Schedule B-I

# COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Commitment Number: CT-17765(A)

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed made by Cristo Property Management, Ltd. to the proposed insured(s) named in Schedule A, 1(a).

   D. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

   E. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980. On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

   F. All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   G. Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

   H. New Jersey Superior and U.S. District Court and County judgment searches are clear.

   I. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

FY 000803

NOTE:  There is a possibility that the mortgage being insured herein must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if Negative Amortization is required, possibly an increase in premium. When this has been determined we are to be notified prior to closing in order to make the necessary amendment to the Title Commitment and our invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.  Special comprehensive title protection is afforded by said endorsement to the Mortgagee only.  Affirmative insurance to the Owners can be given on a line by line basis.  Please see Schedule B, Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an accomodation only.  No liability is assumed for the results of said flood search.

J.  Receipt of proper corporate affidavit of title for Cristo Property Management Ltd.

K.  Certificate as to corporate resolution authorizing the proposed deed made by the proposed grantor is to be submitted.

*NTI*

Schedule B-I consists of  2  pages.

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

551

FY 000804

ALTA COMMITMENT
Schedule B-II

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-II

Commitment Number: CT-17765(A)

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

2. Encroachments, overlaps, boundary line disputes, shortages in area, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Easements or claims of easements not shown by the the public records.

5. Any lien or right to a lien for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Taxes, or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record. Proceedings by a public agency which may result in taxes or assessments, or notice of such proceedings, whether of not shown by the records of such agency or the public record.

7. Subsurface conditions or encroachments not disclosed by an instrument of record. (Owner's Policy Only)

8. Lien for unpaid taxes for the year 1996.

9. Possible additional taxes assessed or levied under N.J.S.A. 54:4-63.1 et seq.

   NOTE: Policy insures that the alphabetical Indicies have been searched through the recording of the Deed and/or Mortgage, and same are properly indexed.

10. Utility easement(s) as contained in Deed Book 3080, Page 345.

11. Restrictions as contained in Deed Book 3122 Page 427.

FY 000805

NOTE:  This policy insures that the mortgage set forth under Schedule A hereof is a valid first lien on the property described therein.

Schedule B-II consists of___2___ pages.

*NTI*

This commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

552

FY 000806

STREET ASSESSMENT ENDORSEMENT
(New Jersey)

Issued By

## Nations Title Insurance of New York Inc.

Attached to Policy Number

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

> any assessments for street or other municipal improvements authorized, under construction, or completed at Date of Policy not excepted in Schedule B which now have gained or hereafter may gain priority over the lien of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

Signed this      day of      19   .


                                        Nations Title Insurance
                                        of New York Inc.


                              By:   Richard Alexander
                                        President

                         Attest:   Chris M. Likens
                                        Secretary



Countersigned:

By_____
   *Authorized Officer or Agent*


2355
ALTA Endorsement - Form 1 (NJ)


FY 000807

# ENDORSEMENT

NATIONS TITLE INSURANCE OF NEW YORK INC.
Attached to Policy No.

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.    Any incorrectness in the assurance that, at Date of Policy:

(a)  There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

(b)  Unless expressly excepted in Schedule B:

(1)  There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.

(2)  Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

(3)  There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.

(4)  There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

(5)  There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.

2.  Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:

(a) invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or

(b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.

3.  Damage to existing improvements, including lawns, shrubbery or trees:

(a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

(b)  resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4.  Any final court order of judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

5.  Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include any covenants, conditions or limitations contained in an instrument creating a lease.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

Signed this        day of

Countersigned:

By: _____
       Authorized Officer or Agent

NATIONS TITLE INSURANCE OF NEW YORK INC.

45-131 (2/89)
Ptd. 5/92

ALTA Endorsement - Form 9 (10/19788)
(Restrictions, Encroachments and Minerals)

FY 000808

# ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT

Issued By

# Nations Title Insurance
# of New York Inc.

Attached to Policy Number

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

   a)  any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

   b)  any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

This endorsement shall not be valid or binding until signed by an authorized signature as designated below.

Signed this          day of          , 19   .

Nations Title Insurance
of New York Inc.

By: _[signature]_
President

Attest: _[signature]_
Secretary

Countersigned:

By _____
         Authorized Officer or Agent

2008
ALTA Endorsement 8.1

FY 000809

### CONDITIONS AND STIPULATIONS

1.  The term mortgage, when used herein, shall include deed of trust, trust deed, or other security instrument.

2.  If the proposed Insured has or acquires actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof, and shall fail to disclose such knowledge to the Company in writing, the Company shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent the Company is prejudiced by failure to so disclose such knowledge. If the proposed Insured shall disclose such knowledge to the Company, or if the Company otherwise acquires actual knowledge of any such defect, lien, encumbrance, adverse claim or other matter, the Company at its option may amend Schedule B of this Commitment accordingly, but such amendment shall not relieve the Company from liability previously incurred pursuant to Paragraph 3 of these Conditions and Stipulations.

3.  Liability of the Company under this Commitment shall be only to the named proposed Insured and such parties included under the definition of Insured in the form of policy or policies committed for and only for actual loss incurred in reliance hereon in undertaking in good faith (a) to comply with the requirements hereof, or (b) to eliminate exceptions shown in Schedule B, or (c) to acquire or create the estate or interest or mortgage thereon covered by this Commitment. In no event shall such liability exceed the amount stated in Schedule A for the policy or policies committed for and such liability is subject to the insuring provisions and the Conditions and Stipulations, and the Exclusions from Coverage of the form of policy or policies committed for in favor of the proposed Insured which are hereby incorporated by reference and are made a part of this Commitment except as expressly modified herein.

4.  Any action or actions or rights of action that the proposed Insured may have or may bring against the Company arising out of the status of the title to the estate or interest or the status of the mortgage thereon covered by this Commitment must be based on and are subject to the provisions of this Commitment.

2550

FY 000810

**FEDERAL EMERGE**  **MANAGEMENT AGENCY**  ☐ Are Attached Instructions   O.M.B. No. 3067-0264  Expires April 30, 1998

## STANDARD FLOOD HAZARD DETERMINATION

### SECTION 1 - LOAN INFORMATION

| 1. LENDER NAME AND ADDRESS | 2. COLLATERAL (Building/Mobile Home/Personal Property) PROPERTY ADDRESS (Legal Description may be attached) |
|---|---|
| | NEPTUNE TWP          MONMOUTH |
| | 104 W. END AVENUE |
| | BLOCK: 319.02 |
| | LOT(S): 3 |

| 3. LENDER ID. NO. | 4. LOAN IDENTIFIER | 5. AMOUNT OF FLOOD INSURANCE REQUIRED  $ |
|---|---|---|

### SECTION II

A. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) COMMUNITY JURISDICTION

| NFIP Community Name | County(ies) | State | NFIP Community Number |
|---|---|---|---|
| NEPTUNE TWP | MONMOUTH | NJ | 340317-0002-C |

B. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) DATA AFFECTING BUILDING/MOBILE HOME

| NFIP Map Number or Community-Panel Number (Community name, if not the same as "A") | NFIP Map Panel Effective/ Revised Date | LOMA/LOMR | Flood Zone | No NFIP Map |
|---|---|---|---|---|
| | 3/1/84 | Yes ___ Date ___ | C | |

C. FEDERAL FLOOD INSURANCE AVAILABILITY (Check all that apply)

[X] Federal Flood Insurance is available (community participates in NFIP).   [X] Regular Program   ☐ Emergency Program of NFIP

☐ Federal Flood Insurance is not available because community is not participating in the NFIP.

☐ Building/Mobile Home is in a Coastal Barrier Resources Area (CBRA). Federal Flood Insurance may not be available.

CBRA designation date: _____

D. DETERMINATION

## IS BUILDING/MOBILE HOME IN SPECIAL FLOOD HAZARD AREA (ZONES BEGINNING WITH LETTERS "A" OR "V")?   ☐ YES   [X] NO

If yes, Flood insurance is required by the Flood Disaster Protection Act of 1973.

If no, Flood insurance is not required by the Flood Disaster Protection Act of 1973.

E. COMMENTS (Optional):            TITLE NUMBER: CT 17765                          COA-F

This determination is based on examining the NFIP map, any Federal Emergency Management Agency revisions to it, and any other information needed to locate the building/mobile home on the NFIP map.

F. PREPARER'S INFORMATION

| NAME, ADDRESS, TELEPHONE NUMBER (If other than Lender)  CURRENT STATUS, INC.  6 COMMERCE DRIVE  CRANFORD, NJ 07016-3552  (908) 276-5656 | DATE OF DETERMINATION  7/10/96 |
|---|---|

FY 000811

FEMA Form 81-93, JUN 96

CHARLES JONES, INC.

HEREBY CERTIFIES TO:

308-1660-20

NEW JERSEY SUPE   OR COURT,
UNITED STATES DISTRICT COURT AND
UNITED STATES BANKRUPTCY COURT

RE: MASTER

Coastal Title Agency, Inc
P O Box 740
Freehold          NJ     07728

THAT IT HAS MADE ITS CUSTOMARY UPPER COURT SEARCH AGAINST THE
NAMES AND PERIODS HEREIN STATED WITH THE FOLLOWING RESULTS:

| | | FROM | TO |
|---|---|---|---|
| GEORGE | LEODIS | 07-01-76 | 07-01-96 |

*****     CLEAR     *****

DATED   07-01-96
TIME    08:45 AM

FEE: $  5.00

RT092426  191  192

CHARLES JONES, INC.

FY 000812

CHARLES JONES, INC.          NEW JERSEY SUPE. JR COURT,
                            UNITED STATES DISTRICT COURT AND
HEREBY CERTIFIES TO:         UNITED STATES BANKRUPTCY COURT

308-1660-20 ·                RE: MASTER


                  Coastal Title Agency, Inc
                  P O Box 740
                  Freehold      NJ   07728


     THAT IT HAS MADE ITS CUSTOMARY UPPER COURT SEARCH AGAINST THE
    NAMES AND PERIODS HEREIN STATED WITH THE FOLLOWING RESULTS:

                                   FROM      TO

  CRISTO PROPERTY MANAGEMENT LTD.        07-01-76  07-01-96


        *****        CLEAR      *****


DATED   07-01-96
TIME    08:45 AM              CHARLES JONES, INC.

FEE: $  5.00

RT092330  191  192


                                        FY 000813

# NATIONS TITLE INSURANCE OF NEW YORK INC.

## IMPORTANT NOTICE AND DISCLOSURE

1. By law Nations Title Insurance of New York Inc. is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations and requirements governing our liability and the coverage you may receive. REAL ESTATE TRANSACTIONS ARE COMPLEX. THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.

2. THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF NATIONS TITLE OF NEW YORK INC. THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS. Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make. Our only liability to you is under the terms of the Commitment, Policy and Closing Service Letter if you choose to obtain one.

3. If you desire to obtain protection from this Company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the Company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.

4. By law we are also required to advise you that we have been asked to issue a mortgage policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment. If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

**COASTAL TITLE AGENCY, INC.**
**P.O. BOX 740**
**FREEHOLD, NJ  07728**
**TOLL FREE IN N.J. 800-521-0378**
**(908) 308-1660**

FY 000814

# EXHIBIT 2C



ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A

Effective Date: May 21, 1996                    Commitment No.  CT-17765

1.  Policy or Policies to be issued:

(a) ALTA Owners Policy                                          $TO BE ADVISED

    Proposed Insured: CRISTO PROPERTY MANAGEMENT, LTD.

(b) ALTA Loan Policy                                           $TO BE ADVISED
    (10/17/92)

    Proposed Insured: TO BE ADVISED

2.  Title to the FEE SIMPLE estate or interest in the land described or referred to
    in this Commitment is at the effective date hereof vested in

    Marjorie Hawk   by deed from  Primera Loiseau and Michele Loiseau,
    husband and wife, dated March 05, 1990, recorded March 09, 1990, in the
    Monmouth County Clerk's/Register's office in deed book 4989, page 500.

3.  The land referred to in this Commitment is described as follows:

This Commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

*NTI*

1996

CTC 3496

---

ALTA COMMITMENT
Schedule A

## COMMITMENT FOR TITLE INSURANCE

SCHEDULE A

Effective Date: May 21, 1996                    Commitment No.  CT-17765(A)

1.  Policy or Policies to be issued:

(a) ALTA Owners Policy                                          $125,000.00

    Proposed Insured: George T. Leodis

(b) ALTA Loan Policy                                           $93,750.00
    (10/17/92)

    Proposed Insured: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ 07728

2.  Title to the FEE SIMPLE estate or interest in the land described or referred to
    in this Commitment is at the effective date hereof vested in

    Cristo Property Management, Ltd.   by deed from  Bristol Oaks, L.P.,
    dated  , recorded  , in the Monmouth County Clerk's/Register's
    office in deed book , page , (about to be recorded)

3.  The land referred to in this Commitment is described as follows:

This Commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

550

*NTI*

1996

FY 000001

# EXHIBIT 2D

ALTA COMMITMENT
Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Commitment Number: CT-17765

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed from the Sheriff of Monmouth County to Bristol Oaks, L.P.

   D. Deed made by Bristol Oaks, L.P. to the proposed insured(s) named in Schedule A, 1(a).

   E. All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   F. Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

   G. County judgment search is clear.

   H. New Jersey Superior and U.S. District Court judgment search discloses a judgment or judgments which are to be cancelled of record or disposed of by a specific affidavit which is to be submitted.

   I. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

   J. Mortgage made by Marjorie Hawk to Citicorp Mortgage Inc., dated March 5, 1990, recorded March 9, 1990, in Mortgage Book 4799, Page 958, in the sum of $ 96,200.00.

   K. Lis Pendens filed as No. 32978 must be discharged of record.

   NOTE: Upon recording of the Sheriff's Deed, the above Mortgage and Lis Pendens will merge with the fee.

   L. Mortgage made by Marjorie Hawk to Aubrey G. Vibbert, dated March 5, 1990, recorded March 16, 1999, in Mortgage Book 4802, Page 67, in the sum of $ 3,300.00.

CTC 3418

ALTA COMMITMENT
Schedule B-I

## COMMITMENT FOR TITLE INSURANCE

### SCHEDULE B-I
### (REQUIREMENTS)

Commitment Number: CT-17765(A)

1. The following are the requirements to be complied with:

   A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.

   B. Instruments in insurable form which must be executed, delivered and duly filed for record.

   C. Deed made by Cristo Property Management, Ltd. to the proposed insured(s) named in Schedule A, 1(a).

   D. Mortgage made by purchaser(s) to the proposed insured(s) named in Schedule A, 1(b).

   E. Proof is required as to the past and present marital status of the proposed grantors/mortgagors.

   NOTE: The spouse of the record owner must join in the proposed transaction, unless this is not the principal marital residence and was acquired subsequent to May 28, 1980.  On any property acquired prior to May 28, 1980, the spouse must join in the proposed transaction regardless of whether it is the principal marital residence or not.

   F. All taxes and other municipal liens are to be paid through and including the current quarter.

   NOTE: In the event the tax search reveals a senior citizen deduction or a veteran's deduction, a proper escrow must be established to safeguard in the event the deduction is disallowed. If it is to be disallowed, the deduction should be restored to the taxes when calculating your adjustment.

   G. Municipal Lien and Unconfirmed Assessment searches are attached hereto and made a part hereof.

   H. New Jersey Superior and U.S. District Court and County judgment searches are clear.

   I. Subject to such facts which would be disclosed by sellers, purchasers, and/or borrowers affidavit of title, to be submitted.

FY 000003

NOTE:  Upon recording of the Sheriff's Deed, the above Mortgage will be
cut off by the foreclosure.

M.  Mortgage made by Marjorie Hawk to General Home Financial Services, Inc.,
dated March 10, 1990, recorded April 23, 1990, in Mortgage Book 4815,
Page 893, in the sum of $ 11,039.00.  Said mortgage was assigned to
United States of America in Assignment of Mortgage Book *, Page *.

NOTE:  Upon recording of the Sheriff's Deed, the above Mortgage will be
cut off by the foreclosure.

N.  Mortgage made by Marjorie Hawk to Primere Loiseau et ux, dated June 2,
1990, recorded June 6, 1990, in Mortgage Book 4834, Page 357, in the sum
of $ 8,000.00.

NOTE:  Upon recording of the Sheriff's Deed, the above Mortgage will be
cut off by the foreclosure.

O.  Mortgage made by Marjorie Hawk to Aubrey Vibbert, dated March 5, 1991,
recorded March 22, 1991, in Mortgage Book 4924, Page 757, in the sum of
$ 3,300.00.

P.  Proof is required that relief from the automatic stay under the
bankruptcy of Marjorie Hawk was obtained.

NOTE:  A clear Certificate of Regularity has been received.

Schedule B-1 consists of __2__ pages.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551

*NTI*

CTC 3419

---

NOTE:  There is a possibility that the mortgage being insured herein
must include one of the following:

a.  Variable Rate Endorsement - Renegotiable or Adjustable.
b.  Negative Amortization Endorsement

There is an additional $25.00 charge for this endorsement and, if
Negative Amortization is required, possibly an increase in premium.
When this has been determined we are to be notified prior to closing in
order to make the necessary amendment to the Title Commitment and our
invoice.

NOTE:  This Policy will insure all facsimile copies of endorsements as
originals.

NOTE:  The attached ALTA 9 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.  Special comprehensive title protection is
afforded by said endorsement to the Mortgagee only.  Affirmative insurance to
the Owners can be given on a line by line basis.  Please see Schedule B,
Section 2.

NOTE:  The attached ALTA 8.1 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.

NOTE:  We require a copy of the closing statement be submitted with the
closing package.

NOTE:  The attached ALTA 1 Specimen Endorsement will be made a part of the
Mortgage Policy to be issued.

NOTE:  Flood search is attached hereto and is provided as an
accomodation only.  No liability is assumed for the results of said
flood search.

J.  Receipt of proper corporate affidavit of title for Cristo Property
Management Ltd.

K.  Certificate as to corporate resolution authorizing the proposed deed
made by the proposed grantor is to be submitted.

Schedule B-1 consists of __2__ pages.

This commitment is invalid unless the Insuring Provisions
and Schedules A and B are attached.

551

*NTI*

FY 000804

# EXHIBIT 2E

# COASTAL TITLE AGENCY, INC.

P.O. Box 740, 21 W. Main Street, Suite 2, Freehold, NJ 07728 (908) 308-1660, (800) 521-0378, (908) 775-5543, FAX# (908) 308-1881

## ***INVOICE***

EXHIBIT

Notions-17
9/27/11   92

DATE: 07/10/1996

TO: Richard J. Pepsny, Esquire
    Law Office of Michael A. Alfieri
    187 Route 34
    Matawan, NJ  07747

TITLE NO: CT-17765(A)

AMOUNT OF INSURANCE

FEE      AMT:        $125,000.00
MORTGAGE AMT:         $93,750.00

Account No.
        (908) 566-7117

TRANSACTION: BASIC RATE
Fee & Mortgage Policies
Leodis/Cristo Property Managem
104 WEST END AVENUE
, NJ

PLEASE ORDER RUNDOWN 48 HOURS IN ADVANCE

| ITEM | CHARGES | |
|------|---------|---|
| PREMIUM | | |
| Fee | 563.00 | |
| Mortgage | 25.00 | |
| Leasehold | | |
| SUBTOTAL | | 588.00 |
| Base Examination | 105.00 | |
| Municipal Lien Searches | 40.00 | |
| Photo Copies | 25.00 | |
| Closing Service Letter | 25.00 | |
| Upper Court Searches | 21.00 | |
| Alta 1 Endorsement | 25.00 | |
| Variable Rate Mortgage Endorsement | 25.00 | |
| Removal of Survey Exception | 25.00 | |
| Environmental (8.1) Endorsement | 25.00 | |
| ALTA 9 Coverage | 25.00 | |
| Preparation of Description | 25.00 | |
| Flood Search | 20.00 | |
| BASIC | .00 | |
| SUBTOTAL | | 386.00 |
| TOTAL | | $974.00 |

***** THIS INVOICE SUPERSEDES ANY/ALL PRIOR INVOICES *****

NOTE1:  THIS BILL IS SUBJECT TO CHANGE.  FINAL TOTAL BILL MUST BE VERIFIED AT CLOSING.

NOTE2:  THIS BILL IS SUBJECT TO CANCELLATION CHARGES. PLEASE CALL FOR APPROPRIATE CHARGES.

    THE INSURANCE COMMISSIONER HAS DIRECTED THAT A STATEMENT DETAILING EACH PASS-THROUGH
SEARCH CHARGE MUST BE SUPPLIED TO THE PURCHASER/BORROWER/LESSEE IN EACH INSURED TRANSACTION

FY 000796

# EXHIBIT 2F



Nations Title Insurance of New York Inc.
54 Shrewsbury Avenue, Red Bank  NJ 07701
Phone (908) 219-8540

NJ2- 230906                                                          *nti*

Date:  July 10, 1996

To: National Home Funding, Inc., its successors and/or its
    assigns
    3443 Highway 9 North
    Freehold, NJ  07728
    Attention: Closing Department

        RE: Closing Service Letter
            Issuing Agent or Attorney whose conduct is covered:
            Richard J. Pepsny, Esquire
            Law Office of Michael A. Alfieri
            187 Route 34
            Matawan, NJ  07747

    File No: CT-17765(A)
Transaction: George T. Leodis

    Premises: 104 WEST END AVENUE

Dear Customer:

When title insurance of Nations Title Insurance of New York Inc. ("Company") is specified
for your protection  in connection  with the closing of the above  described real  estate
transaction  in which  you are to be a  lender secured  by a  mortgage of an  interest in
land,  the Company,  subject to  the Conditions  and Exclusions set  forth below,  hereby
agrees to reimburse you for actual loss incurred by you in connection  with that  closing
when conducted  by the  above named Issuing Agent  (an agent  authorized to  issue title
insurance for the Company) of Nations Title Insurance of New York Inc. or the above named
Attorney and when such loss arises out of:

1. Failure of the Issuing Agent or Attorney to comply with your written closing instruc-
   tions to the extent that  they relate to:  (a) the title to said interest  in land or
   the validity, enforceability and priority  of the  lien of said  mortgage on  said
   interest in land, including the obtaining of documents and the documents and the dis-
   bursement of funds  necessary to establish such title or lien; or  (b) the collection
   and payment of funds due you; or

2. Fraud of or misapplication by the Issuing Agent or Attorney in handling your funds in
   connection with the matters set forth in numbered paragraph 1 above.

If you are a lender protected under the foregoing paragraph, your borrower in connection
with a loan secured by a mortgage on a one-to-four family dwelling, which is the princi-
pal residence of the borrower, shall be protected,  but only to the  extent of the fore-
going paragraph 2, as if this letter were addressed to your borrower. If you  are a pur-
chaser of  a one-to-four family dwelling, including a  condominium unit,  which is your
principal residence,  and are paying cash for the purchase,  you are protected, but only
to the extent of the foregoing paragraph 2.

CONDITIONS AND EXCLUSIONS

A. The Company will not be liable to you for loss arising out of:

WS1 055762

1.  Failure of the Attorney to comply with your closing instructions which require require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

2.  Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of the Issuing Agent or Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

3.  Mechanics' and materialmen's liens in connection with a construction loan transaction, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B.  If the closing is to be conducted by an Issuing Agent or Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the attorney.

C.  When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D.  Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E.  Claims shall be made promptly to the Company at its office at 6800 College Blvd., Suite 700, Overland Park, Kansas 66211. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F.  Liability under this letter is limited to the amount of insurance committed for and is subject to all of the Conditions and Stipulations of the policy or policies committed to be issued by the Company. Any payment of loss under this letter shall constitute a payment under the policy.

THIS LETTER DOES NOT APPOINT THE ABOVE NAMED ATTORNEY AS AN AGENT OF NATIONS TITLE INSURANCE OF NEW YORK INC.

The protection under this Letter is limited to the closing on the premises described in the caption of this letter.

Sincerely,

Robert F. Agel, President
Coastal Title Agency, Inc.
Agent

ISSUING OFFICE:
COASTAL TITLE AGENCY, INC.
P.O. BOX 740
FREEHOLD, NEW JERSEY  07728
(908)  308-1660

WS1 055763