FOX ROTHSCHILD LLP
Princeton Pike Corporate Center
997 Lenox Drive – Building 3
Lawrenceville, New Jersey 08648-2311
(609) 896-3600

Attorneys for Defendants, Fidelity National
Title Insurance Co. of New York and Nations
Title Insurance of New York, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | : |
| Plaintiff, | : Judge Dickinson R. Debevoise |
| v. | : Magistrate Judge Michael A. Shipp |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED; DEK HOMES OF NEW JERSEY, INC.; OAKWOOD PROPERTIES, INC.; NATIONAL HOME FUNDING, INC.; CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC.; CAPITAL ASSETS PROPERTY MANAGEMENT, LLC; WILLIAM KANE; GARY GRIESER; ROBERT SKOWRENSKI, II; RICHARD CALANNI; RICHARD DiBENEDETTO; JAMES R. BROWN; THOMAS BRODO; ROLAND PIERSON; STANLEY YACKER, ESQ.; MICHAEL ALFIERI, ESQ.; RICHARD PEPSNY, ESQ.; ANTHONY M. CICALESE, ESQ.; LAWRENCE CUZZI; ANTHONY D'APOLITO; DAP CONSULTING, INC.; COMMONWEALTH LAND TITLE INSURANCE CO.; NATIONS TITLE INSURANCE OF NEW YORK, INC.; FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK; COASTAL TITLE AGENCY; STEWART TITLE GUARANTY COMPANY; IRENE DiFEO; DONNA PEPSNY; WEICHERT REALTORS; and VECCHIO REALTY, INC., d/b/a MURPHY REALTY BETTER HOMES AND GARDENS, | : No. 97-3496 (DRD)(MAS)<br><br>: **SUPPLEMENTAL STATEMENT**<br>: **OF UNDISPUTED MATERIAL**<br>: **FACTS PURSUANT TO LOCAL**<br>: **RULE 56.1** |
| Defendants. | : |

Defendants, Fidelity National Title Insurance Co. of New York and Nations Title Insurance of New York, Inc. (collectively, "Fidelity"), by and through their undersigned counsel, Fox Rothschild LLP, respectfully submit this supplemental statement of undisputed material facts pursuant to Local Rule 56.1.

1. A loan transaction with Walsh would start with the taking of a loan application by a participant/mortgage broker. *Deposition of Robert C. Walsh (Apr. 9 & 23, 2010 & Sept. 30, 2011), p. 325 ("Walsh deposition").*

2. The participant would gather all of the documentation necessary for the underwriting of the loan. *Walsh deposition, p. 326-327.*

3. The participant would also order an appraisal of the subject property. *Walsh deposition, p. 325-326.*

4. Once the loan package was completed, it would be forwarded to Walsh for underwriting. *Walsh deposition, p. 327.*

5. If Walsh was satisfied with the package, it would issue a commitment for the loan to the participant. *Walsh deposition, p. 328.*

6. Walsh would then prepare the loan documents. *Walsh deposition, p. 329.*

7. At this point, the closing department at Walsh would get involved in the transaction. *Walsh deposition, p. 331.*

8. The closing department would issue closing instructions and would arrange for the transfer of funds to the closing attorney. *Walsh deposition, p. 331.*

9. Walsh required that all of the loans in this case be closed in the name of NHF. *Walsh deposition, p. 382.*

10. It also required that the title insurance be issued in the name of NHF. *Walsh deposition, p. 382.*

11. Walsh decided to structure the deals in this manner in an effort to limit its liability for wrongdoing by NHF. *Walsh deposition, p. 668.*

12. Walsh agrees that assignments are the manner in which mortgages are transferred and that it is important to record assignments. *Walsh deposition, p. 667.*

13. Walsh prepared the assignments on these transactions. *Walsh deposition, p, 670.*

14. Assignments were sent by Walsh directly to NHF for execution. *Walsh deposition, p. 671.*

15. After execution, assignments were returned by NHF to Walsh directly. *Walsh deposition, pp. 671-672.*

16. Upon receipt of the assignment, Walsh would execute an additional assignment of the loan documents in blank for the benefit of the ultimate purchaser of the loan in the secondary market. *Walsh deposition, p. 672.*

17. Walsh transmitted both assignments to the whole loan buyer of the mortgage. *Walsh deposition, p. 675.*

18. Walsh expected the whole loan buyer to record the assignments. *Walsh deposition, p. 675.*

19. Walsh did not include the assignments in the closing instructions as one of the document transmitted by Walsh to the closing attorneys. *Walsh deposition, p. 674.*

20. Walsh could not point to any facts which would support a claim against Fidelity on unrecorded assignments when those assignments were never delivered to the title company for recording. *Walsh deposition, p. 676-677.*

Date: December 23, 2011                    s/David H. Colvin, Esquire