**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant
    Commonwealth Land Title
    Insurance Company

|  |  |
|---|---|
| WALSH SECURITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, et al., <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> Civil Action No. 97-cv-3496 (DRD)(MAS) <br><br> Hon. Dickinson R. Debevoise, U.S.S.D.J. <br> Hon. Michael A. Shipp, U.S.M.J. <br><br> **COMMONWEALTH LAND TITLE INSURANCE COMPANY'S REPLY TO PLAINTIFF'S COUNTERSTATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1** |

Defendant Commonwealth Land Title Insurance Company ("Commonwealth") submits this Reply to Plaintiff Walsh Securities, Inc.'s Counterstatement Pursuant to Local Civil Rule 56.1 in response to the Counterstatement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 filed by Plaintiff Walsh Securities, Inc. ("WSI" or "Plaintiff") in opposition to Commonwealth's motions for partial summary judgment. Commonwealth also joins in the Response to Walsh Counter-Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 on January 13, 2012 by Fidelity National Title Insurance Co. of New York and Nations Title Insurance of New York.

ME1 12758519v.1

## REPLY TO PLAINTIFF'S RESPONSES TO DEFENDANT'S
## LOCAL RULE 56.1 STATEMENT

Plaintiff's objections to Commonwealth's Statement of Material Facts (which was joined by Fidelity National Title Insurance Co. of New York ("Fidelity"), and Nations Title Insurance of New York ("Nations") (collectively, with Commonwealth, the "Title Insurance Defendants")) are irrelevant for the purposes of the pending motions. Despite this, Commonwealth states as follows:

1. Undisputed that the allegation of breach of the duty of good faith and fair dealing is asserted in the Fourth Amended Complaint *in addition to* the allegations by WSI set out in paragraph 36 of the Fourth Amended Complaint and accurately summarized in paragraph one of Commonwealth's Statement of Material Facts. (*See* Fourth Am. Compl.)

2. Objection. Plaintiff's independent assertion of alleged inducement to purchase mortgages by *all* defendants should be disregarded as it contains no supporting citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a) (requiring that the separately numbered paragraphs of the statement of undisputed material fact be supported by citation to "affidavits and other documents submitted in support of that motion"); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2]. Further noted that Plaintiff has not objected to the accuracy of the direct quotation from paragraph 36 of Plaintiff's Fourth Amended Complaint that makes up the entirety of the statement at paragraph two of Commonwealth's Statement of Material Facts.

3. Objection. Plaintiff's response should be disregarded as it contains no supporting citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a) (requiring that the separately numbered paragraphs of the statement of undisputed material fact be supported by citation to "affidavits and other documents submitted in support of that motion"); *see also*

Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2].

4. The statement made by Commonwealth is undisputed. The additional information offered by Plaintiff is irrelevant to this motion and irrelevant to the statement at paragraph four of Commonwealth's Statement of Material Facts. It is denied that "[t]he Title Insurance Defendants were or should have been on notice on April 21, 1997 of the merger based on the press release that was issued on that date." The Title Insurance Defendants had no obligation to know of press releases of their insureds, and Plaintiff cites nothing in support of the existence of such an obligation.

5. The statement made by Commonwealth is undisputed. The additional information offered by Plaintiff is irrelevant to this motion and irrelevant to the statement at paragraph five of Commonwealth's Statement of Material Facts. The additional statement offered by Plaintiff, that "[t]he Title Insurance Defendants' agent, Coastal Title and their "approved attorneys" knew or should have known about the fraud prior to it becoming public" is denied as to Coastal Title, as Coastal's 30(b)(6) representative testified as to a lack of knowledge of the fraud. (*See* Merin Reply Certif., Ex. D: Dep. of Robert Agel (June 23 & Aug. 5, 2010) ("Agel 30(b)(6) Dep.") at 50, 185-86.) Further objection to the portions of Plaintiff's additional statement that are not cited. See Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2].

6. Undisputed.

7. The additional information offered by Plaintiff is irrelevant to this motion and irrelevant to the statement at paragraph seven of Commonwealth's Statement of Material Facts.

3

Objection to the portions of Plaintiff's additional statement that are not cited. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2]. WSI's statement that it lacked the financial ability to repurchase loans is denied in that WSI repurchased loans involved in the *Cityscape* matter after the judgment was entered. (*See* Merin Reply Certif., Ex. A: Robert Walsh Dep. 549-51, 554-55 (WSI repurchased Cityscape loans and purchased the judgment entered against it in Cityscape).

8. Undisputed.

9. Objection. Plaintiff's response should be disregarded as it contains no supporting factual citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2].

10. The additional information offered by Plaintiff is irrelevant to this motion and irrelevant to the statement at paragraph ten of Commonwealth's Statement of Material Facts. Denied that the Title Insurance Companies have the burden to produce an accounting of the number of policies issued by Coastal Title or the amount of premiums paid on those policies. Admitted that WSI is seeking coverage under title insurance policies, although coverage is unavailable for the reasons set out in the Title Insurance Defendants' briefing on the pending partial summary judgment motions, including WSI's first seeking coverage under title insurance policies in its Fourth Amended Complaint, which was filed in July 2009 [document 302].

11. Objection. The citation provided does not support the statement made. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2]. Further denied in that it is

undisputed that the closing service letters were issued to "National Home Funding, Inc., its successors and/or assigns[.]" *See, e.g.,* Fourth Am. Compl., Ex. A: Sample Commonwealth Closing Service Letter issued to NHF.)

12. Undisputed that all closing service letters were issued to "National Home Funding, Inc., its successors and/or assigns[.]" *See, e.g.,* Fourth Am. Compl., Ex. A: Sample Commonwealth Closing Service Letter issued to NHF.) Objection to Plaintiff's independent statement regarding Coastal Title's knowledge; that statement should be disregarded as it contains no supporting factual citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2].

13. Undisputed that all closing service letters were issued to "National Home Funding, Inc., its successors and/or assigns[.]" *See, e.g.,* Fourth Am. Compl., Ex. A: Sample Commonwealth Closing Service Letter issued to NHF.) Objection as to the remainder of Plaintiff's additional statement as no citation is provided that supports the statement that the closing service letters "contemplated that NHF was not the sole recipient" nor that "[t]he CPL does not specifically prohibit a successor and/or assignee from becoming the party in interest to its assurances"; due to the lack of citation, these statements should be disregarded. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2].

14. Undisputed.

15. The statement at paragraph seven of Commonwealth's Statement of Material Facts should not be in dispute as N.J.S.A. 17:46B-54 requires that all closing service letters be approved by the Commissioner of Banking and Insurance: "Every title insurance company shall

ME1 12758519v.1

file with the commissioner all forms of title policies and other contracts of title insurance before the same shall be issued. Any such filing may be made by a title insurance rating organization in behalf of all of its members or subscribers . . . ."

16. Undisputed.

17. Objection. Plaintiff's response should be disregarded as it contains no supporting factual citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2].

18. Undisputed.

19. Objection. Plaintiff's response should be disregarded as it contains no supporting factual citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2].

20. Objection. Plaintiff's response should be disregarded as it contains no supporting factual citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2].

21. The additional information offered by Plaintiff is irrelevant to this motion and irrelevant to the statement at paragraph twenty-one of Commonwealth's Statement of Material Facts. Undisputed that such Memorandum was issued; disputed to the extent Plaintiff implies any conclusions therefrom.

22. Undisputed.

23. The additional information offered by Plaintiff is irrelevant to this motion and irrelevant to the statement at paragraph twenty-one of Commonwealth's Statement of Material Facts, namely WSI's lack of response to Commonwealth's inquiries has nothing to do with Commonwealth's contacts with Coastal Title. Objection to the portions of Plaintiff's response that contain no supporting factual citation to the record or citations that do not support the statements made, as those segments should be disregarded. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2]. Denied to the extent that Mr. Agel, Coastal's 30(b)(6) representative, testified that the FBI seized all of his files in the summer of 1997 and thus, per his testimony, no files would have been in his possession by September 29, 1997. (*See* Merin Reply Certif., Ex. D: Agel 30(b)(6) Dep. 62, 64-65, 83-84.)

24. Objection. Plaintiff's response should be disregarded as it contains no supporting factual citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2]. Moreover, the citation in support of the statement at paragraph 24 of Commonwealth's Statement of Material Facts (pages 587, line 25 to page 589, line 18 of Robert Walsh's 30(b)(6) deposition) was accurately summarized by Commonwealth, as the cited text reads:

> Q. All right. After Walsh Securities received the September 29 1997 letter and before the First Amended Complaint was filed in November of 1997 adding the title insurance companies did Walsh Securities respond to the September 29 letter and provide the information requested?
>
> A. Sitting here today Mr. Kott I don't know the answer to that.
>
> Q. Okay. Well in one of your depositions you said you wanted to go back and look at the files on what Ill call the bad faith.

7

ME1 12758519v.1

A.    Yes.

Q.    And I assume you did that after that deposition where you said you needed to go back and look at some dates and correspondence, right?

A.    I probably did, yes, if I said I would do it.

*   *   *

Q.    Would it be fair to say that as far as you know your company never responded to the September 29, 1997 letter?

A.    I don't know either way, yes.

Q.    Okay Well how are we going to find that out if you –

A.    Do you have records that could help me? Are you saying that there's no records that Commonwealth has that we responded to this?

Q.    Well, I will represent to you this letter was sent by me.

A.    Yes, I understand that

Q.    And I'll represent to you that there was no response and the next event that occurred as far as I know was the filing of the First Amended Complaint adding the title insurance companies as defendants.

A.    I would then take your statement. I don't – wouldn't challenge it.

### RESPONSE TO PLAINTIFF'S COUNTERSTATEMENT OF MATERIAL FACTS

1.    Undisputed, however no evidence has been produced that any losses sustained by WSI resulted from error in recording joint venture deeds. Further, WSI's failure to provide timely notice of this claim prejudiced the Title Insurance Defendants in that they lost the right to bring curative actions to correct any problems that resulted from the error in order of recording. (*See* Fidelity & Nations Br. In Supp. of Partial Mot. for Summ. J. [document 477]; Fidelity & Nations Reply Br. In Further Supp. of Partial Mot. for Summ. J.)

2. Denied. Title searches were performed by Coastal Title or someone hired by Coastal to conduct the search. (*See* Magnanini Certif., Ex. B: Donna Sullivan Dep. 79 (discussing how the Commonwealth agent, Coastal Title, should perform a search), 128-29 (explaining that the duties of a title agent include performing searches), 135 ("The agent is doing the search work and issuing the commitment so the agent is responsible if there is a defect in that.").)

3. Objection. Plaintiff's response should be disregarded as it contains no supporting factual citation to the record. *See* Fed. R. Civ. P. 56(c); L. Civ. R. 56.1(a); *see also* Commonwealth's Responsive Statement of Material Facts Pursuant to Local Civil Rule 56.1 at ¶ 1 [document 492-2]. Moreover, this incorrect legal conclusion is addressed in full in Commonwealth's reply brief in support of its Motion for Partial Summary Judgment seeking dismissal of Plaintiff's bad faith claims.

4. Denied. Commonwealth hereby incorporates by reference its Responses to Plaintiff's Statement of Material Facts Pursuant to Local Civil Rule 56.1 [document 492-2], as though fully set forth herein.

**McCARTER & ENGLISH, LLP**

Attorneys for Defendant
  Commonwealth Land Title
  Insurance Company

By: *s/David R. Kott*
    David R. Kott
    A Member of the Firm

Dated: January 13, 2012