FOX ROTHSCHILD LLP
Princeton Pike Corporate Center
997 Lenox Drive – Building 3
Lawrenceville, New Jersey 08648-2311
(609) 896-3600

Attorneys for Defendants, Fidelity National
Title Insurance Co. of New York and Nations
Title Insurance of New York, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALSH SECURITIES, INC., | : | |
| | : | |
| Plaintiff, | : | Judge Dickinson R. Debevoise |
| v. | : | Magistrate Judge Michael A. Shipp |
| | : | |
| CRISTO PROPERTY MANAGEMENT, LTD., a/k/a | : | No. 97-3496 (DRD)(MAS) |
| G.J.L. LIMITED; DEK HOMES OF NEW JERSEY, INC.; | : | |
| OAKWOOD PROPERTIES, INC.; NATIONAL HOME | : | |
| FUNDING, INC.; CAPITAL ASSETS PROPERTY | : | |
| MANAGEMENT & INVESTMENT CO., INC.; CAPITAL | : | |
| ASSETS PROPERTY MANAGEMENT, LLC; WILLIAM | : | |
| KANE; GARY GRIESER; ROBERT SKOWRENSKI, II; | : | |
| RICHARD CALANNI; RICHARD DiBENEDETTO; | : | |
| JAMES R. BROWN; THOMAS BRODO; ROLAND | : | **RESPONSE TO WALSH** |
| PIERSON; STANLEY YACKER, ESQ.; MICHAEL | : | **COUNTER-STATEMENT** |
| ALFIERI, ESQ.; RICHARD PEPSNY, ESQ.; ANTHONY | : | **OF UNDISPUTED MATERIAL** |
| M. CICALESE, ESQ.; LAWRENCE CUZZI; ANTHONY | : | **FACTS PURSUANT TO LOCAL** |
| D'APOLITO; DAP CONSULTING, INC.; | : | **RULE 56.1** |
| COMMONWEALTH LAND TITLE INSURANCE CO.; | : | |
| NATIONS TITLE INSURANCE OF NEW YORK, INC.; | : | |
| FIDELITY NATIONAL TITLE INSURANCE CO. OF | : | |
| NEW YORK; COASTAL TITLE AGENCY; STEWART | : | |
| TITLE GUARANTY COMPANY; IRENE DiFEO; | : | |
| DONNA PEPSNY; WEICHERT REALTORS; and | : | |
| VECCHIO REALTY, INC., d/b/a MURPHY REALTY | : | |
| BETTER HOMES AND GARDENS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Defendants, Fidelity National Title Insurance Co. of New York and Nations Title Insurance of New York, Inc. (collectively, "Fidelity"), by and through their undersigned counsel, Fox Rothschild LLP, respectfully submit this response to the Rule 56.1 counter-statement of undisputed material facts *[Docket no. 489-1]* filed by Walsh Securities, Inc. ("Plaintiff").

## REPLY TO PLAINTIFF'S RESPONSES TO FIDELITY'S LOCAL RULE 56.1 STATEMENT

1.      The notice letters referred to by Plaintiff are irrelevant to the current motion which involves solely claims under title insurance policies. The letters referred to closing service letters claims asserted by Walsh, not title insurance policy claims. The 39 title policy claims must be dismissed as set forth in Fidelity's motion.

2.      It appears that Walsh acknowledges that its mortgages were divested as a result of third party tax foreclosure sales. As to the allegations that Walsh has suffered losses as to some other title problem, Walsh has not submitted any record citation to support the claim that any loss resulted from the other title problems. Therefore, those allegations should be disregarded as violative of Fed.R.Civ.P. 56(c); L.Civ. R. 56.1(a).

3.      It appears that Walsh acknowledges that its mortgages were divested as a result of third party tax foreclosure sales. As to the allegations that Walsh has suffered losses as to some other title problem, Walsh has not submitted any record citation to support the claim that any loss resulted from the other title problems. Therefore, those allegations should be disregarded as violative of Fed.R.Civ.P. 56(c); L.Civ. R. 56.1(a).

4.      While Walsh disputes that counsel's actions in ordering title searches are irrelevant, Walsh cannot dispute that the results of those title searches, as reflected in the chart attached as Exhibit "B" to the Certification of Edward J. Hayes filed in connection with Fidelity's initial motion for partial summary judgment (to Fidelity's motion *[Document no. 477]*.

5.    The objection asserted by Walsh to statement 5 is improper.

6.    The additional statement made by Walsh is disputed in that the records do not show

that assignments to Walsh were of record <u>at the time of the foreclosure sales.</u>

7.    Undisputed.

8.    Undisputed.

9.    Undisputed.

10.    Undisputed

11.    Undisputed.

12.    Undisputed.

13.    Undisputed.

14.    Undisputed.

15.    Undisputed.

16.    Undisputed.

17.    Disputed.  Fidelity stands by its characterization of the testimony of Robert Walsh.

18.    Undisputed

19.    As to the allegations that assignments could not be recorded, it is denied that there

is any evidence in the record to support an argument that Walsh failed to record assignments due

to lack of recording information. Therefore, those allegations should be disregarded as violative of

Fed.R.Civ.P. 56(c); L.Civ. R. 56.1(a).

20.    Undisputed.

21.    Undisputed.

22.    Undisputed.

23.    Undisputed.

24.     Undisputed.

25.     As to the inference that there were closing instructions which required the recording of assignments, it is denied that there is any evidence in the record to support such an allegation and the allegation is inconsistent with the testimony of Walsh's Rule 30(b)(6) witness. Therefore, those allegations should be disregarded as violative of Fed.R.Civ.P. 56(c); L.Civ. R. 56.1(a).

26.     Undisputed.

## REPLY TO PLAINTIFF'S COUNTER-STATEMENT OF MATERIAL FACTS

1.     Disputed.  The record cited by Walsh does not support the statement of fact made in Counterstatement 1.

2.     Counter-statement 2 is objected to due to the fact that Walsh does not place any time period on the statement of fact made in Counter-statement 2.   Admitted that the public records show that some loans were assigned by NHF to GF Mortgage Corp.

3.     Admitted in part for purposes of this partial motion for summary judgment only.  It is denied that the joint venture deeds were fraudulent and secret.  There has been testimony that all parties were aware of the joint venture deeds. *Grieser deposition attached as Exhibit "A" to Hayes Certification, p. 20.*

4.     Disputed.  The interest in the property was properly vested in the buyers by deed from the seller.  The fact that there was a later conveyance of an interest in the property does not mean that the property was not properly vested in the buyer at the time of its acquisition. Furthermore, the conveyance to Capital Assets was subject to the NHF Mortgage for the reasons set forth in Fidelity's Reply Brief, which is incorporated herein by reference.  It is also denied that

the record reference in Counter-statement 4 supports the statement that Coastal Title Agency was aware of the joint venture deeds at the time they were being executed. Furthermore, Walsh has produced no record evidence that it sustained any loss compensable under the title policy due to the joint venture deeds.

5. Admitted that as to the joint venture deeds attached as exhibits to the Wagner certification, the documents indicate that they were being recorded by either the closing attorneys or Coastal Title. The legal conclusion that in recording these documents, the closing attorneys and/or Coastal Title were acting as agents of the Title Insurance Defendants is disputed as the transactions by which the joint venture interests were created were not insured by Fidelity.

6. Disputed as stated. For the reasons set forth in detail in Fidelity's Reply Brief, which is incorporated herein by reference, the conveyance of the 60% interest in the properties was subject to the NHF mortgage as Capital Assets was not a bona fide purchaser of the properties, paid no consideration for the transfers and acquired the 60% interest with full knowledge that the properties were encumbered. *Grieser deposition pp. 15, 20,26.*

7. Admitted that the records reflect that there as an error in the order of recording of the documents on the properties identified in Counter-statement 7. It is disputed that this error results in any liability under the title policies for the reasons set forth in Fidelity's Reply Brief, which is incorporated herein by reference. The conveyance of the 60% interest in the properties was subject to the NHF mortgage as Capital Assets was not a bona fide purchaser of the properties, paid no consideration for the transfers and acquired the 60% interest with full knowledge that the properties were encumbered. *Grieser deposition pp. 15, 20, 26.*

8. Admitted that the Order was entered. It is disputed that Fidelity was provided notice of the *Bustos* litigation by Walsh or was afforded the opportunity to exercise its rights

under the applicable title policies to defend the litigation, resulting in prejudice to Fidelity and a bar of any right on the part of Walsh to recover under the policies, as set forth in Fidelity's Reply Brief, which is incorporated herein by reference.  Walsh has provided no pleadings or other documents from that litigation as part of its submission with this Court.

9.     Admitted that the Order was entered.  It is disputed that Fidelity was provided notice of the *Bustos* proceeding by Walsh or was afforded the opportunity to exercise its rights under the applicable title policies to defend the litigation, resulting in prejudice to Fidelity and a bar of any right on the part of Walsh to recover under the policies, as set forth in Fidelity's Reply Brief, which is incorporated herein by reference.

10.     Admitted that the Order was entered.  It is disputed that the Order is properly characterized by Walsh in Counter-statement 10.  It is further disputed that Walsh repurchased the loans for the amount reflected in Counter-statement 10.

Date:  January 13, 2012                                          s/Edward J. Hayes, Esquire