# STONE M MAGNANINI
## LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

January 13, 2012

<u>**VIA ECF and HAND DELIVERY**</u>

Honorable Dickinson R. Debevoise
United States District Court for the
District of New Jersey
M.L. King. Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07101

<u>**COURTESY COPY OF AN ECF DOCUMENT**</u>

Re:   Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.
      <u>Civil Action No.: 97-3496 (DRD/MAS)</u>

Dear Judge Debevoise:

     We write for two reasons. First, earlier today, defendants improperly filed what can only be labeled as sur-responses to their L. Civ. R. 56.1 statements. *See* Doc. 500-2, 501-2, and 502-3. Local Rule 56.1(a) clearly allows the movant to respond to any "supplemental statement of disputed material facts" furnished by the opponent to a motion for summary judgment. It does not, however, give the movant a second bite at the apple by filing responses to their own original statements. The commentary by Allyn Z. Lite is illuminating. Under the pertinent section, Mr. Lite advises that "[t]he moving party may then respond to any *supplemental statement*, indicating where there is or is not agreement with the *supplemental statement*. . . ." Lite, N.J. Federal Practice Rules, Comment 2(c) to L. Civ. R. 56.1 (emphasis added). We advised counsel for defendant Commonwealth of their error and requested that they withdraw and re-file the document before writing this letter; however, relying on the same Comment quoted above, they claim to have a different interpretation of this straight forward rule. We respectfully request that the Court make an appropriate ruling concerning defendants' improper filing, such as by striking their "sur-responses" to paragraphs 1 through 24 in Doc. 500-2 and 501-2 and paragraphs 1 through 26 in Doc. 502-3.

     Second, we enclose courtesy copies of the following, filed via ECF today in the above-referenced matter:

1.   Reply Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment;

Honorable Dickinson R. Debevoise
January 13, 2012
Page 2 of 2

2. Counterstatement to Defendant Commonwealth Land Title Insurance Company's Supplemental Statement of Disputed Material Facts Pursuant to Local Civil Rule 56.1;
3. Counterstatement to Defendants Nations Title Insurance of New York, Inc.'s and Fidelity National Title Insurance Co. of New York's Supplemental Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1;
4. Certification of Amy Walker Wagner in Support of Plaintiff's Counterstatement to Defendant Commonwealth Land Title Insurance Company's Supplemental Statement of Disputed Material Facts Pursuant to Local Civil Rule 56.1, and Exhibits thereto;
5. Certification of Amy Walker Wagner in Support of Plaintiff's Counterstatement to Defendants Nations Title Insurance of New York, Inc.'s and Fidelity National Title Insurance Co. of New York's Supplemental Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1, and Exhibits thereto; and
6. Certificate of Service.

Please note that, pursuant to our telephone conversation with Your Honor's law clerk yesterday, we were informed that our request to file an overlength Reply Memorandum was granted.

Please feel free to contact me with any questions Your Honor may have.

Respectfully submitted,

/s/ Robert A. Magnanini
Robert A. Magnanini

RAM/aa
Enclosures