**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALSH SECURITIES, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 97-cv-3496 (DRD)(MAS) |
| : | |
| vs. : | Hon. Dickinson R. Debevoise, U.S.D.J. |
| : | |
| CRISTO PROPERTY MANAGEMENT, : | |
| LTD., a/k/a G.J.L. LIMITED; et al., : | |
| : | |
| Defendants. : | |

**PLAINTIFF WALSH SECURITIES, INC.'S COUNTERSTATEMENT TO DEFENDANTS NATIONS TITLE INSURANCE OF NEW YORK, INC.'S AND FIDELITY NATIONAL TITLE INSURANCE CO. OF NEW YORK'S SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

STONE & MAGNANINI LLP
150 John F. Kennedy Parkway, 4th Floor
Short Hills, New Jersey 07078
(973) 218-1111
*Attorneys for Plaintiff Walsh Securities, Inc.*

Pursuant to Federal Rule of Civil Procedure 56 and Rule 56.1 of the Local Rules for the District of New Jersey, Plaintiff Walsh Securities, Inc. ("Plaintiff" or "WSI") hereby submits its responses to Defendants' Fidelity National Title Insurance Co. of New York ("Fidelity") and Nations Title Insurance of New York, Inc.'s ("Nations") (collectively "Title Insurance Defendants") supplemental statement of undisputed material facts in response to Plaintiff's motion for partial summary judgment on the subject properties pursuant to the CPLs and/or title insurance policies issued by Defendant.

## PLAINTIFF'S RESPONSES TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT

1. A loan transaction with Walsh would start with the taking of a loan application by a participant/mortgage broker. Deposition of Robert C. Walsh (Apr. 9 & 23, 2010 & Sept. 30, 2011), p. 325 ("Walsh deposition").

**RESPONSE:** [1]

It is undisputed that the vast majority of loan transactions with WSI would start with the taking of a loan application by a participant/mortgage broker.

2. The participant would gather all of the documentation necessary for the underwriting of the loan. Walsh deposition, p. 326-327.

**RESPONSE:**

It is undisputed that the participant/mortgage broker would gather all of the information and documentation necessary to submit the loan to WSI for underwriting.

3. The participant would also order an appraisal of the subject property. Walsh deposition, p. 325-326.

**RESPONSE:**

It is undisputed that the participant/mortgage broker would also order an appraisal of the subject property.

---

[1] Any statements contained in this response that are deemed undisputed or admitted are done so solely for the purpose of this motion and are not binding admissions by WSI.

1

      4.      Once the loan package was completed, it would be forwarded to Walsh for underwriting. Walsh deposition, p. 327.

**RESPONSE:**

      It is undisputed that once the loan package was completed, it would be forwarded to WSI for underwriting.

      5.      If Walsh was satisfied with the package, it would issue a commitment for the loan to the participant. Walsh deposition, p. 328.

**RESPONSE:**

      It is undisputed that if WSI was satisfied with the package and it met WSI's requirements, it would issue a commitment for the loan to the participant and it was the participant's responsibility to ensure any conditions on the commitment were fulfilled.

      6.      Walsh would then prepare the loan documents. Walsh deposition, p. 329.

**RESPONSE:**

      It is undisputed that after underwriting was completed, WSI would then prepare the loan documents.  (Hayes Cert., Ex. A, Walsh Dep. at 330-331).

      7.      At this point, the closing department at Walsh would get involved in the transaction. Walsh deposition, p. 331.

**RESPONSE:**

      It is undisputed that the next step was for the closing department at WSI to get involved in the transaction.

      8.      The closing department would issue closing instructions and would arrange for the transfer of funds to the closing attorney. Walsh deposition, p. 331.

**RESPONSE:**

      It is undisputed that the closing department would, among other things, issue closing instructions to the title insurance company's approved agent, the closing attorney, and arrange for the transfer of funds to the closing attorney.  (Hayes Cert., Ex. A, Walsh Dep. at 331-332).

      9.      Walsh required that all of the loans in this case be closed in the name of NHF. Walsh deposition, p. 382.

**RESPONSE:**

It is undisputed that it was the standard procedure at WSI for all loans to be closed in the name of the participant while WSI supplied the closing funds directly to the closing attorney (table funding). (Wagner Cert., Ex. A, Skowrenski Dep. at 53; Hayes Cert. in Support of Motion for Partial Summary Judgment filed November 10, 2011, Ex. C at 3). For the properties at issue in this case, they were closed in the name of NHF, the participant.

10. It also required that the title insurance be issued in the name of NHF. Walsh deposition, p. 382.

**RESPONSE:**

It is undisputed that WSI required that the title insurance be issued in the name of the participant, its successors, and/or assigns. For the properties at issue in this case, the title insurance was to be issued in the name of "NATIONAL HOME FUNDING, INC., Its successors, and/or Assigns." (Hayes Cert. in Support of Motion for Partial Summary Judgment filed November 10, 2011, Ex. C at 2).

11. Walsh decided to structure the deals in this manner in an effort to limit its liability for wrongdoing by NHF. Walsh deposition, p. 668.

**RESPONSE:**

Disputed. Defendants' statement mischaracterizes the corporate representative's testimony, which speaks for itself. WSI did not structure the deals in this manner in an effort to limit its liability for wrongdoing by NHF. It was company policy that loans were to be closed in the participant's name for disclosure purposes under the Real Estate Settlement Procedures Act (RESPA). (Hayes Cert., Ex. A, Walsh Dep. at 668). As a result, participants, including NHF, would be responsible for making RESPA disclosures. (Hayes Cert., Ex. A, Walsh Dep. at 670).

12. Walsh agrees that assignments are the manner in which mortgages are transferred and that it is important to record assignments. Walsh deposition, p. 667.

**RESPONSE:**

It is undisputed that WSI agrees that assignments are the manner in which mortgages are transferred and that assignments should be recorded.

13. Walsh prepared the assignments on these transactions. Walsh deposition, p. 670.

**RESPONSE:**

It is undisputed that the corporate representative stated that he believed WSI prepared the assignments on these transactions. As is clear from the face of an assignment, the assignments could not be recorded until they were completed with information concerning the recording of the deeds and mortgages, which could only be completed by the acquirer in the secondary market because they

3

were promptly sold by WSI to the secondary market or were securitized. (Wagner Cert., Exs. B-C; Wagner Cert., Ex. D, Walsh Dep. at 341-342).

14. Assignments were sent by Walsh directly to NHF for execution. Walsh deposition, p.671.

**RESPONSE:**

It is undisputed that assignments were sent by WSI directly to NHF for execution.

15. After execution, assignments were returned by NHF to Walsh directly. Walsh deposition, pp. 671-672.

**RESPONSE:**

It is undisputed that after execution, assignments were returned by NHF to WSI directly.

16. Upon receipt of the assignment, Walsh would execute an additional assignment of the loan documents in blank for the benefit of the ultimate purchaser of the loan in the secondary market. Walsh deposition, p. 672.

**RESPONSE:**

It is undisputed that upon receipt of the assignment, WSI would execute an additional assignment of the loan documents in blank for the benefit of the ultimate acquirer of the loan in the secondary market.

17. Walsh transmitted both assignments to the whole loan buyer of the mortgage. Walsh deposition, p. 675.

**RESPONSE:**

It is undisputed that WSI transmitted both assignments to the whole loan buyer of the mortgage.

18. Walsh expected the whole loan buyer to record the assignments. Walsh deposition, p. 675.

**RESPONSE:**

It is undisputed that WSI expected the whole loan buyer to record the assignments.

19. Walsh did not include the assignments in the closing instructions as one of the documents transmitted by Walsh to the closing attorneys. Walsh deposition, p. 674.

**RESPONSE:**

4

Disputed. Defendants' statement mischaracterizes the corporate representative's testimony. It is undisputed that with respect to the loan discussed at the deposition, that WSI did not include the assignment in the closing instructions as one of the documents transmitted by WSI to the closing attorneys.

20. Walsh could not point to any facts which would support a claim against Fidelity on unrecorded assignments when those assignments were never delivered to the title company for recording. Walsh deposition, p. 676-677.

**RESPONSE:**

It is undisputed that WSI has not made any claim against the Title Insurance Defendants for their failure to record assignments.

Dated: January 13, 2012                    Respectfully submitted,

/s/Robert A. Magnanini
Robert A. Magnanini
Amy Walker Wagner
Daniel Ian Mee
Jeffrey A. Shooman
STONE & MAGNANINI LLP
150 JFK Parkway, 4th Floor
Short Hills, NJ  07078
(973) 218-1111
*Attorneys for Plaintiff Walsh Securities, Inc.*

5