# EXHIBIT D

262

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW JERSEY
         CIVIL NO. 97-3496 (DRD)

         ------------------------------
         WALSH SECURITIES,            :
         INC.,                        :
                                      :
              Plaintiff,              :
                                      :
              v.                      :
                                      :
         CRISTO PROPERTY              :
         MANAGEMENT, LTD., a/k/a      :
         G.J.L. LIMITED; DEK          :
         HOMES OF NEW JERSEY,         :
         INC.; OAKWOOD                :
         PROPERTIES, INC.;            :
         NATIONAL HOME FUNDING,       :
         INC.; CAPITAL ASSETS         :
         PROPERTY MANAGEMENT &        :
         INVESTMENT CO., INC.;        :    CONTINUED
         CAPITAL ASSETS               :    DEPOSITION UPON
         PROPERTY MANAGEMENT,         :    ORAL EXAMINATION
         L.L.C.; WILLIAM KANE;        :         OF
         GARY GRIESER; ROBERT         :    ROBERT C. WALSH
         SKOWRENSKI, II;              :
         RICHARD CALANNI;             :
         RICHARD DI BENEDETTO;        :
         JAMES R. BROWN; THOMAS       :
         BRODO; ROLAND PIERSON;       :    PAGE 262
         STANLEY YACKER, ESQ.;        :
         MICHAEL ALFIERI, ESQ.;       :
         RICHARD PEPSNY, ESQ.;        :
         ANTHONY M. CICALESE,         :
         ESQ.; LAWRENCE CUZZI;        :
         ANTHONY D'APOLITO; DAP       :
         CONSULTING, INC.;            :
         COMMONWEALTH LAND            :
         TITLE INSURANCE CO.;         :
         NATIONS TITLE                :
         INSURANCE OF NEW YORK,       :
         INC.;                        :
```



Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650  Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdresr.com

Page 263

```
 1                                    :
 2   FIDELITY NATIONAL                :
     TITLE INSURANCE CO. OF            :
 3   NEW JERSEY; COASTAL              :
     TITLE AGENCY; DONNA              :
 4   PEPSNY; WEICHERT                 :
     REALTORS and VECCHIO             :
 5   REALTY, INC. D/b/a               :
     MURPHY REALTY BETTER             :
 6   HOMES AND GARDENS,               :
                                      :
 7        Defendants.                 :
     ..................................
 8
 9
10
11
12        T R A N S C R I P T of the stenographic
13   notes of HOWARD A. RAPPAPORT, a Notary Public and
14   Certified Shorthand Reporter of the State of
15   New Jersey, Certificate No. XI00416, taken at the
16   offices of MC CARTER & ENGLISH, LLP, Four Gateway
17   Center, Newark, New Jersey, on Friday,
18   April 23, 2010, commencing at 8:35 a.m.
```

Page 264

```
 1   A P P E A R A N C E S:
 2   STONE & MANGANINI
     150 John F. Kennedy Parkway
 3   Short Hills, New Jersey 07078
     BY:  DAVID STONE, ESQ.,
 4        AMY WALKER WAGNER, ESQ.,
     for the Plaintiff
 5
     MC CARTER & ENGLISH, LLP
 6   Four Gateway Center
     100 Mulberry Street
 7   Newark, New Jersey 07102-0652
     BY:  DAVID R. KOTT, ESQ.,
 8   for Defendant/Third-Party Plaintiff Commonwealth Land
     Title Insurance Company
 9
     FOX, ROTHSCHILD, O'BRIEN & FRANKEL
10   997 Lenox Drive
     Lawrenceville, New Jersey 08648
11   BY:  EDWARD J. HAYES, ESQ.,
     for Defendants Nations Title Insurance and
12   Fidelity National Title Insurance
13   METHFESSEL & WERBEL
     1 Ethel Road
14   Suite 300
     Edison, New Jersey 08818
15   BY:  MARTIN R. MC GOWAN, ESQ.,
     for Coastal Title Agency
```

Page 265

```
                              I N D E X

     WITNESS                                    PAGE

     ROBERT C. WALSH

     Cross-Examination by Mr. Hayes              266


     EXHIBITS     DESCRIPTION                 FOR IDENT.

     Robert       Closing instructions            373
     Walsh-7
     Robert       Closing service letter          373
     Walsh-8
     Robert       Letter via e-mail and           409
     Walsh-9      regular mail dated
                  March 5, 2010
     Robert       Letter via e-mail and           409
     Walsh-10     regular mail dated
                  April 6, 2010
     Robert       Uniform settlement              420
     Walsh-11     statement
     Robert       Secondary mortgage loan         421
     Walsh-12
     Robert       Wholesale mortgage              421
     Walsh-13     commitment
     Robert       Contract for sale of real       433
     Walsh-14     estate
     Robert       Document entitled,              433
     Walsh-15     "Fidelity National Title"
     Robert       Review checklist                440
     Walsh-16
     Robert       HUD 1, Uniform Settlement       440
     Walsh-17     Statement
     Robert       HUD 1 review form               448
     Walsh-18
     Robert       Uniform underwritten            448
     Walsh-19     transmittal summary form
     Robert       Wholesale mortgage              453
     Walsh-20     commitment
     Robert       WSI common stock                476
     Walsh-21     ownership, SEC filing
```

Page 266

```
 1   R O B E R T  C.  W A L S H, having been previously
 2        sworn, testifies as follows:
 3   CROSS-EXAMINATION (CONTINUING)
 4   BY MR. HAYES:
 5        Q    Good morning, Mr. Walsh.
 6        A    Good morning.
 7        Q    You recall you were sworn at the last
 8   deposition and that oath continues this morning?
 9        A    I do.
10        Q    At the last deposition, Mr. Walsh, you
11   indicated that there were any number of things that
12   you were going to do in response to questions between
13   that deposition and before this morning.
14             Do you recall that?
15        A    I do.
16        Q    Did you take steps to try to answer some
17   of the questions that you could not answer at the
18   last deposition?
19        A    I did.
20        Q    Can you tell me what you did between the
21   last deposition and today to further prepare for
22   today's deposition other than speaking with your
23   attorneys?
24             MR. STONE:  You can answer that
25   question, other than conversations with counsel.
```

2 (Pages 263 to 266)



Rizman Rappaport Dillon & Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

Walsh - cross

339

1  Q   So my question to you is, who is making
2  the decision at Walsh? I'm not asking for an
3  individual person, but I'm trying to figure out what
4  department we are in at this point in time, that we
5  are now comfortable funding this loan.
6  A   The closing department.
7  Q   And that is done after the closing,
8  correct?
9  A   Correct.
10 Q   So that the closing department has the
11 opportunity to satisfy itself that Walsh is protected
12 before it lets its money out the door, correct?
13 A   Correct.
14 Q   You would not expect to see any file
15 funded where the closing department hadn't confirmed
16 that it had a signed closing protection letter, it
17 had an executed HUD 1, and it had a completed
18 appraisal, correct?
19 A   Some of those documents -- again, things
20 happen on an exception basis.
21 Q   I'm talking about what you would expect
22 to find in a properly handled file.
23 A   Correct.
24 Q   All of those things I mentioned,
25 correct?

340

1  A   With the exception that from time to
2  time there may have been an exception.
3  Q   Can you think of any reason at all,
4  Mr. Walsh, where Walsh Securities would have made an
5  exception for not having a closing protection letter
6  in the file?
7  A   Right now, no.
8  Q   Would there be someone who would know
9  that at Walsh besides you?
10 A   Possibly Fred Schlesinger.
11 Q   Can you think of anyone -- I'm sorry,
12 strike that.
13     Can you think of any exception that
14 Walsh would make to not having a completed executed
15 HUD 1 prior to disbursing?
16 A   I do not know the answer to that.
17 Q   Is there anyone that you believe would?
18 A   Fred Schlesinger.
19 Q   Is there anything more the closer
20 handles after authorizing the wire of the money and
21 collecting the documents back from the closing? Or
22 is that the end of their function?
23 A   I believe that's the end.
24 Q   And does that then kick in the post
25 closing department?

341

1  A   Yes.
2  Q   What is it the post closing department
3  does at Walsh?
4  A   Follows up on documents, making sure
5  documents are sent to the investor, if there was an
6  investor, or the trustee in case of a security.
7  Q   And the post closer would be responsible
8  for putting the file in a position where the
9  potential investor could review it and make a
10 decision about buying the paper, correct?
11 A   That would be one of their functions,
12 correct.
13 Q   And was there a general time period when
14 Walsh wanted the loan out the door?
15 A   Can you be more specific?
16 Q   Sure.
17     Walsh didn't hold loans, correct? It
18 sold them in the secondary market?
19 A   That's correct.
20 Q   Was there a time period within which
21 Walsh would have liked to dispose of its loans?
22 A   There was periods of time that we held
23 loans longer because we were forming securities,
24 whereas in loans we wanted them out quickly.
25 Q   In a perfect world, other than

342

1  securities, you would have a loan out the door the
2  day you funded it?
3  A   In a perfect world, yes.
4  Q   In order to sell a loan in the secondary
5  market, did you have to have a title policy in hand?
6  A   I do not believe so, no.
7  Q   Did you have to have a marked-up
8  commitment?
9  A   I don't know the answer to that.
10 Q   Did you have to have an executed HUD 1?
11 A   To my knowledge, yes.
12 Q   Did there have to be an appraisal in the
13 file?
14 A   Yes.
15 Q   And once the loan is out the door,
16 Mr. Walsh, your involvement is completed, correct?
17 A   No.
18 Q   What do you do after it goes out the
19 door, the company?
20 A   Follow up on trailing documents.
21 Q   Walsh was not a servicer, correct?
22 A   That is correct.
23 Q   Some companies such as yours would
24 service loans afterwards, and that was another
25 mechanism by which they could make additional money

21 (Pages 339 to 342)



Rizman
Rappaport
Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650   Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com