Case 2:97-cv-03496-DRD-JAD   Document 507-1   Filed 01/17/12   Page 1 of 3 PageID: 9965

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant/Third-Party
 Plaintiff Commonwealth Land Title Insurance Company

|  |  |
|---|---|
| WALSH SECURITIES, INC.,<br><br>                 Plaintiff,<br><br>v.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, DONNA PEPSNY, WEICHERT REALTORS, and VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS,<br><br>                 Defendants.<br><br>and<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY<br><br>                 Defendant/Third-Party Plaintiff,<br><br>v.<br><br>ROBERT WALSH, JAMES WALSH and ELIZABETH ANN DeMOLA,<br><br>                 Third-Party Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 97-cv-3496 (DRD) (MAS)<br><br>Hon. Dickinson R. Debevoise, U.S.S.D.J.<br>Hon. Michael A. Shipp, U.S.M.J.<br><br><br><br>**AFFIDAVIT OF VINCENT SHARKEY WITH RESPECT TO TITLE DEFENDANTS' RESPONSE TO THE COURT'S JANUARY 3, 2012 LETTER ORDER REQUESTING ADDITIONAL INFORMATION REGARDING TITLE DEFENDANTS' LOSS RESERVES** |

STATE OF NEW JERSEY )
                               : SS
COUNTY OF ESSEX     )

        VINCENT SHARKEY, of full age, being duly sworn according to law, upon his oath, deposes and says:

        1.     I am the Senior Vice President, Major Claims in the Office of the General Counsel of Fidelity National Title Group, Inc., a Delaware corporation ("Fidelity"), which includes defendants Nations Title Insurance of New York Inc.("Nations"), Fidelity National Title Insurance Company of New York ("FNTIC") and defendant/third-party plaintiff Commonwealth Land Title Insurance Company ("Commonwealth")(collectively the "Title Defendants"). (Nations no longer exists. It was merged into FNTIC, a CA corporation, in March, 2010. FNTIC is a wholly owned subsidiary of Fidelity, which in turn is a wholly owned subsidiary of Fidelity National Financial, Inc. (DE), which is publicly traded on the New York Stock Exchange. Commonwealth (NE) is a wholly owned subsidiary of Chicago Title Insurance Company (NE), which is also a wholly owned subsidiary of Fidelity.).

        2.     The Title Defendants establish loss and expense reserves for each claim. These reserves may be set at zero.

        3.     The loss reserves in this matter were set by Claims Administrators at some point following notice of the plaintiffs' claims in July 1997 in anticipation of litigation.

        4.     The Claims Administrators who set the loss and expense reserves for the plaintiffs' claims were attorneys within the claims departments of FNTIC and Commonwealth.

        5.     To set each reserve related to plaintiffs' claims, the Claims Administrator evaluated the information available about each claim, made an assessment of the strength of the evidence and the particular legal issues involved, and considered the potential expenses necessary to litigate the claim. With input from outside counsel and using his/her own expertise,

ME1 12819360v.1

the Claims Administrator estimated the approximate potential loss exposure of each legal claim and the fees and expenses that might be incurred in its defense.

6. While the initial reserve was set upon receipt of notice of each claim, the reserve figures were adjusted, either upward or downward, as litigation was commenced, pleadings were filed, and discovery moved forward, to reflect the Claim Administrator's continuing assessment of the potential loss and expense exposure associated with the claim(s).

7. While aggregate loss reserve amounts for the companies are set forth in various financial reports, no individual loss reserve figures are disclosed on FNTIC or Commonwealth's financial reports or any reports to regulatory bodies.

_____
VINCENT J SHARKEY, Jr.

Sworn and subscribed to
before me this 17th day of
January, 2012

_____
Donna M. Sullivan
Attorney at Law
State of New Jersey

-4-

ME1 12819360v.1