# STONE M MAGNANINI
## LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

January 20, 2012

**VIA CM/ECF**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07101

      Re:   *Walsh Securities, Inc. v. Cristo Property Management, LTD, et al.*
            Civil Action No. 97-3496 (DRD/MAS)

Dear Judge Shipp:

      This firm represents plaintiff Walsh Securities Inc. ("WSI") in the above-referenced action. WSI submits this brief letter in response to the woefully inadequate affidavit of Vincent Sharkey submitted by defendants Commonwealth, Nations and Fidelity ("Defendants"). WSI relies on its prior submissions [Dkt. 469 & 471] because once again Defendants fail to provide any facts that remotely suggest the information sought is protected by the work product doctrine. Accordingly, the Court should overrule Defendants' objections concerning the amount of their loss reserves and allow WSI to continue the deposition of the Defendants' Rule 30(b)(6) witness.

      As the Court noted in its January 3, 2012 Letter Order, the burden of showing that certain information is protected rests with Defendants. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). Defendants did not overcome that burden in their initial submissions or during oral argument. Thus, the Court graciously gave Defendants another opportunity to provide "more specific information" from which the Court could render its decision. In response, the Defendants filed a seven paragraph affidavit that is so barren and bereft of meaningful information that it flies in the face of this Court's Order. The affidavit simply regurgitates the *few* facts already provided to the Court in the letters submitted on October 5th and October 11th and during oral argument on December 7, 2011. [Dkt. 469-472].[1]

      Without explaining *who* set the reserves, *when* the reserves were set or changed, or *why* the reserves were changed, the Court is left to guess whether the information qualifies as work product. While Defendants believe that anonymous claims representatives adjusting reserves at various undisclosed times is sufficient, the Third Circuit held in *Holmes* that the Court's determination, even if reasonable, cannot be "based on nothing more than *assumptions*." *Id.* (emphasis added). *Holmes* is especially apt here. There, the defendants "claimed nothing more

---

[1] For example, compare paragraphs 2-6 of the Sharkey affidavit with the testimony of Donna Sullivan provided in Dkt. 469, at 2-8. The Sharkey affidavit does not provide any more information than Ms. Sullivan's testimony.

**NEW YORK OFFICES**   575 Lexington Avenue, New York NY 10022   P 212.644.5854
www.stonemagnalaw.com     www.false-claims.net

Hon. Michael A. Shipp
January 20, 2012
Page 2 of 2

than that the memorandum was written in connection with the claim by Plaintiff" and was therefore not work product. *Id.* at 139. If that phrase sounds familiar it is because that is in essence the same claim made by Defendants. The entirety of the affidavit boils down to this simple statement: "[t]he loss reserves in this matter were set by Claims Administrators at some point...." (Sharkey Aff'd at ¶ 3). The Third Circuit wholeheartedly rejected the notion that such statements could establish the privilege – "[t]he mere fact that the memorandum was prepared 'in connection with' [Plaintiff's] administrative claim . . . hardly establishes that it was prepared in anticipation of litigation." *Id.* Additionally, Defendants' statements are suspect because as indicated during oral argument not all of Defendants' claims administrators are lawyers. (*See, e.g.*, Exhibit A attached hereto). Clearly, Your Honor's request for "particularized" information was ignored by Defendants.

The other case cited in the Court's Order also supports the conclusion that Defendants' claim should be rejected. In *Amerada Hess*, the Third Circuit held that the mere fact a report was prepared by outside counsel was not dispositive. "[A]pplication of the [attorney work product doctrine] depends upon the nature of the document, the extent to which it may directly or indirectly reveal the attorney's mental processes, the likely reliability of its reflection of witness' statements, the degree of danger that it will convert the attorney from advocate to witness, and the degree of availability of the information from other sources." *United States v. Amerada Hess Corp.*, 619 F.2d 980, 987 (3d Cir. 1980). In the instant case, the information sought is simply a number and a date – no communications and no mental impressions. The *Amerada Hess* court held that this type of information, which "does not directly or indirectly reveal the mental processes of the [attorney] . . . [and] furnishes no information as to the content of any statement," is not subject to work product protection. *Id.* at 987-988. Had Defendants read these two cases cited in the Court's Order they would have understood that the same reasoning applies with equal force here.

At the very least, Defendants should have identified the anonymous claims administrators and the exact dates that the reserves were set and changed. Given Defendants' paltry, spare submission, this exercise is nothing but a guessing game. Moreover, if any of this information is truly protected, which it clearly cannot be, then Defendants could have submitted documentary proof *in camera*. They did not do so despite all the opportunities given by the Court. They are stalling this case by seeking cover under a work product protection that is unavailable to them because the loss reserves were set in the *ordinary course of their business* and not in anticipation of litigation. *Holmes*, 213 F.3d at 138.

For these reasons and those previously stated on the record, the Court should order that the amount of Defendants' claim reserves and the date the reserves were set and changed is discoverable and not subject to Defendants' claims of work product protection.

                                         Respectfully submitted,

                                         /s/ Robert A. Magnanini
                                         Robert A. Magnanini

Enclosures

# EXHIBIT A



Sandra (Sandi) Miller
Title Insurance at Fidelity National Financial
Greater Chicago Area | Real Estate

## Join LinkedIn and access Sandra (Sandi) Miller's full profile.

As a LinkedIn member, you'll join 135 million other professionals who are sharing connections, ideas, and opportunities. And it's free! You'll also be able to:

- See who you and **Sandra (Sandi) Miller** know in common
- Get introduced to **Sandra (Sandi) Miller**
- Contact **Sandra (Sandi) Miller** directly



## Sandra (Sandi) Miller's Overview

| | |
|---|---|
| Past | • Claims Administrator at Fidelity National Title Group<br>• Title Insurance at Fidelity National Title<br>• Title Insurance at Chicago Title Insurance Company |
| Education | • Benedictine University<br>• Elmhurst College |
| Connections | **21 connections** |

## Sandra (Sandi) Miller's Experience

**Claims Administrator**
**Fidelity National Title Group**
2008 – 2009 (1 year)

**Title Insurance**
**Fidelity National Title**
1976 – 2007 (31 years)

**Title Insurance**
**Chicago Title Insurance Company**
Public Company; 5001-10,000 employees; FNF; Real Estate industry
1976 – 2007 (31 years)

## Sandra (Sandi) Miller's Education

**Benedictine University**
MBA, Marketing

#### Angela Hoffenkamp
Paralegal - Real Estate Industry

Greater Chicago Area | Law Practice

| | |
|---|---|
| Past | • Title Insurance - Real Estate Professional at Fidelity National Financial<br>• Paralegal - Claims Administrator - Assistant VP at Fidelity National Financial |
| Connections | **52 connections** |

## Angela Hoffenkamp's Experience

### Title Insurance - Real Estate Professional
**Fidelity National Financial**
Public Company; 5001-10,000 employees; FNF; Insurance industry
July 1984 – March 2009 (24 years 9 months)

### Paralegal - Claims Administrator - Assistant VP
**Fidelity National Financial**
Public Company; 5001-10,000 employees; FNF; Insurance industry
July 1984 – March 2009 (24 years 9 months)

## Contact Angela for:

- career opportunities
- new ventures
- expertise requests
- reference requests
- consulting offers
- job inquiries
- business deals
- getting back in touch

## View Angela Hoffenkamp's full profile to...

- See who you and **Angela Hoffenkamp** know in common
- Get introduced to **Angela Hoffenkamp**
- Contact **Angela Hoffenkamp** directly

[View Full Profile]

Not the Angela Hoffenkamp you were looking for? View more »

LinkedIn member directory - Browse members by country a b c d e f g h i j k l m n o

LinkedIn Corporation © 2011



**Philip Meluch**
Claims Administrator at Fidelity National Title
Greater Omaha Area | Banking

| | |
|---|---|
| Current | • **Claims Administrator** at Fidelity National Title |
| Past | • Senior Title Examiner at LendingTree<br>• Commercial Loan Administrator at Bank of America<br>• Commercial Documentation Review Analyst at First Union National Bank |
| Education | • Philadelphia Institute for Paralegal Training<br>• Duke University<br>• Michigan State University |
| Recommendations | **6** people have recommended Philip |
| Connections | **39** connections |

## Philip Meluch's Summary

Professional level documentation and compliance analyst with 12 years of industry experience. Having ac Estate, Construction Lending, Commercial Default, Tax, and Estates & Trusts administration. Have a dem work in a production environment without loss of client service or increase in institutional risk.

### Specialties

Commercial Loan Documentation, Participations, Real Estate, Construction Lending. Complex interest rat Commercial and Residential Title

## Philip Meluch's Experience

### Claims Administrator
**Fidelity National Title**
Public Company; 5001-10,000 employees; fnf; Real Estate industry
March 2009 – Present (2 years 10 months)

Supporting a pipeline of approx. 150 Claims ranging from deed reformation and prior tax liens to dimunitic

### Senior Title Examiner
**LendingTree**
2005 – 2008 (3 years)

### Commercial Loan Administrator
**Bank of America**
Public Company; 10,001+ employees; BAC; Banking industry
July 2001 – November 2002 (1 year 5 months)

Processed Real Estate Commercial Loan Documentation.
Coordinated the work of outside vendors.
Booked loans on the CLAS system

**Commercial Documentation Review Analyst**
**First Union National Bank**
Public Company; 10,001+ employees; WB; Banking industry
July 1993 – July 1998 (5 years 1 month)

- Responsible for revision and distribution of Commercial Loan Procedure Manual for 325 employees acrc
- Reviewed participation, and construction loans.
- Processed and audited complex commercial loan documentation for Virginia, Maryland, DC, Tennessee

## Philip Meluch's Education

### Philadelphia Institute for Paralegal Training
Certificate, Fiduciary Management
1990 – 1990

### Duke University
Certificate of Advanced Graduate Study, Political Science
1984 – 1988

### Michigan State University
B.A., International Relations
1980 – 1984

*Activities and Societies:* Graduate: James Madison College

## Philip Meluch's Additional Information

Groups and Associations:

 American Land Title Association - ALTA

 Bank of America Employees & Alumni Network

 Craigslist Group

 Economy

 Florida Title Companies and Agents

 James Madison College at Michigan State University

 Lending Tree

 LendingTree Alumni

 Paralegal Network

Title Insurance Law

 Title Insurance and Settlement Service Network

 Wachovia, Financial Services & Banking Alumni

White House

Honors and Awards:   Lending Tree Employee of the Month September 2005
Compuserve/AOL employee of the Month May 2001

## Contact Philip for:

- career opportunities
- new ventures
- reference requests
- consulting offers
- expertise requests
- getting back in touch

## View Philip Meluch's full profile to...

- See who you and **Philip Meluch** know in common
- Get introduced to **Philip Meluch**
- Contact **Philip Meluch** directly

[View Full Profile]

Not the Philip Meluch you were looking for? View more »

LinkedIn Corporation © 2011