

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

May 1, 2012

<u>VIA ELECTRONIC FILING & REGULAR MAIL</u>

Honorable Michael A. Shipp
Magistrate Judge
U.S. District Court, District of New Jersey
Martin Luther King Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

David R. Kott
Partner
T. 973.639.2056
F. 973.624.7070
dkott@mccarter.com

Re: <u>Walsh Securities, Inc. v. Cristo Property Management, et al.</u>
United States District Court for the District of New Jersey
Civil Action No. 97-3496 (DRD/MAS)

Dear Judge Shipp:

We represent defendant/third-party plaintiff, Commonwealth Land Title Insurance Company ("Commonwealth"), in this case. The Plaintiff has pending before Your Honor a motion concerning the discoverability of any reserves set by the title insurance defendants. [See Document Nos. 469, 470, 472, 494, 507, 535 & 537.] Please accept the following letter brief in reply to Plaintiff's April 19, 2012 submission on behalf of the Title Defendants regarding the pending discovery dispute regarding the loss reserves. [Document No. 537 Filed 4/19/12.] We have been informed by Edward J. Hayes, Jr., Esq., attorney for Fidelity and Nations, that he joins in this letter brief.

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

The loss reserve amounts are irrelevant
to Plaintiff's current claims against the Title Defendants.

Plaintiff now attempts to claim that the dismissal of its "bad faith" claims has no bearing on the admissibility of the loss reserve amounts; yet spent two and a half pages arguing the great relevance of the reserve amounts to those same claims in its October 10, 2011 submission [Document 471 Filed 10/10/11]. Conversely, the Title Defendants have consistently argued that the amount of the loss reserves at issue in this case are irrelevant to Plaintiff's claims in this first-party coverage suit and further protected under the work-product doctrine. The dismissal of the "bad faith" claims simply renders Plaintiff's argument regarding relevance -- and by extension the discovery dispute -- moot.

Throughout this discovery dispute, Plaintiff has posited a multitude of conflicting and contradictory positions on the relevance of the loss reserve amounts. In its first submission on the matter on October 5, 2011 [Document 469 Filed 10/5/11], Plaintiff acknowledged (by way of footnote) that the issue of relevance of loss reserve information has divided courts, especially when the question of whether the

ME1 13318618v.1

Honorable Michael A. Shipp
May 1, 2012
Page 2

insurance company acted in "bad faith" was at issue. Indeed, Plaintiff stated: "In other words, courts are generally more inclined to find the information discoverable when there is a bad faith claim at issue. In this litigation, Plaintiff has specifically pleaded bad faith in Count V in its Fourth Amended Complaint." Plaintiff's Ltr. Br., Oct. 5, 2011, p. 11, n. 1. [Document 469].

In its October 11, 2011 submission to the Court, Plaintiff stated: "To be clear, Plaintiff is not seeking communications or work product. **How much the Defendants reserved for this litigation is an issue of fact that pertains to WSI's bad faith claim.**" Plaintiff's Ltr. Br., Oct. 11, 2011, p. 2 (emphasis added) [Document 471]. Plaintiff then went on to argue that when confronted with the admissibility of loss reserve information in cases involving bad faith claims, generally courts held that the information was relevant to show the insurer's state of mind in relation to the claim. In fact, Plaintiff pointed out that the cases Defendants principally relied upon in their initial briefing -- *Rhone-Poulenc, Inc. v. Home Indemn. Co*, 139 F.R.D. 609 (E.D. Pa. 1991) and *Simon v. G.D. Searle & Co.*, 816 F.2d 397 (8th Cir. 1987) -- were silent on the topic of reserve information in cases involving "bad faith" and therefore the Defendants' "meager analysis" of these cases was "unpersuasive."[1] Plaintiff's Ltr. Br., Oct. 11, 2011 p. 2 [Document 471]. Plaintiff claimed that the loss reserve amounts were relevant *specifically* to its "bad faith" claims, to show that Defendants adjusted their reserves during critical periods and therefore were motivated by avoiding coverage rather than by the validity of Plaintiff's claims. *Id.* at 4.

Now, faced with the dismissal of their "bad faith" claims against the Title Defendants, Plaintiff disregards the "bad faith"-based relevance argument it relied so heavily upon in previous submissions and claims that the loss reserve information is, at this moment, relevant to its breach of contract claims -- a novel argument without support in the case law. Plaintiff's Ltr. Brf., Apr. 19, 2012 [Document 537]. In fact, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, cited by Plaintiff in support of its argument, involved claims of "bad faith" against an insurer. 244 F.R.D. 638, 645 (D. Kan. 2007 ) ("the actual amounts of the Insurers' loss reserves - including any changes to those amounts - could, at the least, lead to admissible evidence relating to the Insurers' own beliefs about coverage and their liability, as well as their good or bad faith in handling and investigating Bunge's claims"). Despite setting forth vague assertions of use for credibility and

---

[1] To be clear, both *Rhone-Poulenc* and *Simon* held that the individual loss reserve figures were protected by the work-product doctrine, and did not discuss the relevance of these individual figures to the claims in each litigation. *See*, *Rhone-Poulenc*, 139 F.R.D. at 614 ("The individual case reserve figures reveal the mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim. By their very nature they are prepared in preparation of litigation, and consequently, they are protected from discovery as opinion work product."); *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401-02 (8th Cir. 1987) ("[I]ndividual case reserve figures reveal the mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim" and are protected opinion work product).



Honorable Michael A. Shipp
May 1, 2012
Page 3

impeachment purposes, Plaintiff fails to cite any relevant case law in support of its argument that the insurance reserve amounts are relevant to any of its current claims against the Title Defendants.

The Title Defendants have asserted throughout this dispute that the loss reserve amounts are irrelevant to Plaintiff's claims, and even if deemed relevant, inadmissible under the work-product doctrine. By definition, a loss reserve is an evaluation of the potential liability for a particular claim; it does not involve an assessment of coverage. *Leksi, Inc. v. Federal Ins. Co.* 129 F.R.D. 99, 106 (D.N.J. 1989). For that reason, courts have consistently held that information concerning loss reserves is irrelevant in first party coverage suits, as the information will not lead to admissible evidence. See *Mirarchi v. Seneca Specialty Ins. Co.* 2011 WL 2982401, (E.D.Pa. 2011) ("Plaintiff, rather, has information regarding the 'factual internal estimates' of his loss by way of estimates provided by the various claims adjusters and appraisers who visited his business. Thus, stripping away Plaintiff's assumption of what loss reserves represent, no argument for the relevance of the amount of the reserves remains"); *Union Carbide Corp. v. Traveler's Indemnity Co.,* 61 F.R.D. 411, 413 (W.D.Pa. 1973). Now that Plaintiff's "bad faith" claims have been dismissed with prejudice, Plaintiff has not shown how the loss reserve amount will lead to admissible evidence. Accordingly, the dismissal of the "bad faith" claims has rendered Plaintiff's chief argument, and this discovery dispute, moot.

Conclusion.

Donna Sullivan's anticipated testimony about the amount of the loss reserves in place by the Title Defendants is irrelevant to the Plaintiff's claims and protected under the work-product doctrine. We respectfully request that Your Honor deny Plaintiff's motion to compel the title insurers to provide discovery on reserves.

Respectfully Submitted,

David R. Kott

cc: Robert A. Magnanini, Esq. (via electronic filing & email)
    Edward J. Hayes, Jr., Esq. (via email)

ME1 13318618v.1