UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
WALSH SECURITIES, INC.,  :
                         :
       Plaintiff,        : Civil Action No. 97-cv-3496 (DRD)(MAS)
                         :
vs.                      : Hon. Dickinson R. Debevoise, U.S.D.J.
                         :
CRISTO PROPERTY MANAGEMENT, :
LTD., a/k/a G.J.L. LIMITED; *et al*., :
                         :
       Defendants.       :
_____

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S APRIL 17, 2012 DECISION DENYING, IN PART,
THEIR MOTIONS FOR SUMMARY JUDGMENT, OR, IN THE
ALTERNATIVE, FOR CERTIFICATION TO THE THIRD CIRCUIT
ON PLAINTIFF'S CLAIMS FOR DAMAGES RESULTING FROM
THE LOSS OF MERGER AND DIMINUTION IN VALUE OF WSI**

_____

STONE & MAGNANINI LLP
150 John F. Kennedy Parkway,
4th Floor
Short Hills, New Jersey 07078
(973) 218-1111

*Attorneys for Plaintiff Walsh Securities, Inc.*

Dated:  May 29, 2012

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ..................................................................................................i

**TABLE OF AUTHORITIES** ........................................................................................ ii

**PRELIMINARY STATEMENT** ..................................................................................4

**ARGUMENT** ...............................................................................................................7

   I.   DEFENDANTS' DISAGREEMENT WITH THE COURT'S DECISION THAT WSI HAS STANDING TO PURSUE ITS LOSS OF MERGER CLAIM DOES NOT ESTABLISH CLEAR ERROR ................................................................................7

   II.   THERE IS NO CONTROLLING QUESTION OF LAW OR DEMONSTRATION THAT AN APPEAL WOULD MATERIALLY ADVANCE THE LITIGATION TO JUSTIFY CERTIFICATION TO THE THIRD CIRCUIT ......................................................11

**CONCLUSION** ........................................................................................................14

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Bond v. Ingersoll-Rand Co.*,
 No. 08-3481 (DRD), 2010 U.S. Dist. LEXIS 130807
 (D.N.J. Dec. 10, 2010) .................................................................................. *passim*

*Brictson v. Woodrough*,
 164 F.2d 108 (8th Cir. 1947) .................................................................................10

*Dare Invs., LLC v. Chi. Title Ins. Co.*,
 No. 10-6088 (DRD), 2011 U.S. Dist. LEXIS 130288
 (D.N.J. Nov. 10, 2011)..........................................................................................8, 9

*Design Strategies v. Davis,*
 355 F. Supp. 2d 715 (S.D.N.Y. 2005) ....................................................................7

*In re Dein Host, Inc.*,
 835 F.2d 402 (1st Cir. 1987).................................................................................10

*Kauffman v. Dreyfus Fund, Inc.*,
 434 F.2d 727 (3d Cir. 1970)..................................................................................10

*Lamont v. Woods*,
 948 F.2d 825 (2d Cir. 1991)..................................................................................12

*Lesende v. Borrero*,
 No. 06-4967 (DRD), 2011 U.S. Dist. LEXIS 137263
 (D.N.J. Nov. 30, 2011).......................................................................................8, 10

*Nisselson v. Lernout*,
 No. 03-10843, 2004 U.S. Dist. LEXIS 28655 (D. Mass. Aug. 9, 2004)..............8

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*,
 No. 97-3496 (DRD), 2012 U.S. Dist. LEXIS 60321
 (D.N.J. April 17, 2012) ................................................................................ *passim*

**Federal Statutes**

28 U.S.C. § 1292(b) ..............................................................................................11

Plaintiff Walsh Securities Inc. ("WSI" or "Plaintiff") respectfully submits this memorandum of law in opposition to the motion for partial reconsideration of the Court's April 17, 2012 decision [Doc. No. 533] denying, in part, Defendants Commonwealth Land Title Insurance Company ("Commonwealth"), Fidelity National Title Insurance Co. of New York ("Fidelity"), and Nations Title Insurance of New York, Inc. ("Nations") (collectively the "Defendants") motions for summary judgment, or, in the alternative, for certification to the Third Circuit on WSI's claims for damages resulting from the loss of merger and diminution in value to WSI [Doc. No. 540.]

## PRELIMINARY STATEMENT

Having affirmatively raised and lost the issue in a motion for partial summary judgment, Defendants now grasp at straws in an attempt to avoid facing the real potential of a damages claim stemming from the loss of a Plaintiff's merger that amounts to "more than $400 million." (Br.[1] at 5; Fourth Amended Complaint ¶ 38.) Notably, in addition to disregarding Plaintiff's claims under the title insurance policies and closing service protection letters ("CPLs") since 1997, Defendants have disregarded the scope and material impact of the potential damages from this case in each of its annual statements filed with the U.S. Securities and Exchange Commission. Their attempt to now save face and

---

[1] All references to "Br." are to Defendants' Brief in Support of Their Motion for Reconsideration, filed on May 1, 2012. [Doc. No. 540-2.]

4

resuscitate their motion for partial summary judgment is to no avail because Defendants' motion for reconsideration and motion for certification of interlocutory appeal fail to meet the high burden to prevail on either. Defendants' arguments solely demonstrate their disagreement with the Court's well-reasoned decision, which did not involve a controlling question of law or fact that would materially advance this litigation.

In moving for partial summary judgment seeking a dismissal of Plaintiff's claims for damages resulting from the loss of Walsh Holding Co., Inc.'s (WSI's parent corporation) merger with Resource Bancshares Mortgage Group ("RBMG") or for its diminution in value, Defendants unsuccessfully argued, in relevant part, that the Merger Agreement demonstrates that WSI was not entitled to any benefits from the merger and therefore lacked standing to recover losses resulting from the termination of the merger. [Commonwealth Moving Brief, Doc. No. 479-3 at 13.] Their position that only the shareholders, and not WSI which was to be a wholly owned subsidiary of RBMG and which held the assets that were the subject of the merger, had standing to assert these damages because WSI was not a named party to the Merger Agreement was firmly analyzed and rejected by this Court in its April 17, 2012 Opinion.

This Court concluded that even though WSI was not a party to the Merger Agreement, the evidence suggested that WSI was harmed from the failed merger

5

between Walsh Holding and RBMG. *See Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, No. 97-3496 (DRD), 2012 U.S. Dist. LEXIS 60321, at *25-27, 58, 61-63 (D.N.J. April 17, 2012). Indeed, the Court quoted from Section 1.05 of the Merger Agreement, titled Effect of the Merger. *Id.* at *62-63. The Merger Agreement provided that the Effect of the Merger was that "all the property, rights, privileges, powers and franchises of [Walsh Holding] and Merger Sub shall vest in [Walsh Holding] as the Surviving Corporation, and all debts, liabilities and duties of [Walsh Holding] and Merger Sub shall become the debts, liabilities and duties of [Walsh Holding] as the Surviving Corporation." (Merger Agreement, Original Merin Cert., Ex. D at 3.) WSI was clearly contemplated in the Representations and Warranties of WSI and Robert Walsh, as the principal stockholder. (*Id.*, Merger Agreement – Article III, at 9-23.) Specifically, in Sections 3.21, 3.22, 3.23, 3.30, 3.33, among others, WSI's loan portfolio, loan files, mortgage servicing agreements, sold loans, and title insurance are specifically addressed. (*Id.*) Nevertheless, Defendants now again argue that "the merger would ***not*** have resulted in any sale or transfer of Plaintiff's assets. . . . the merger involved the Walsh family's transfer of ***their*** Walsh Holding stock, ***not*** Walsh Holding's assets, much less any assets of Plaintiff." (Br. at 2 (emphasis in original).)

As the Court already held, WSI is entitled to prove its claim for these consequential damages at trial and Defendants' motion should be denied in its entirety.

## ARGUMENT

### I. DEFENDANTS' DISAGREEMENT WITH THE COURT'S DECISION THAT WSI HAS STANDING TO PURSUE ITS LOSS OF MERGER CLAIM DOES NOT ESTABLISH CLEAR ERROR

This Court's well-reasoned Opinion clearly addressed the specific standing issue on which Defendants move for reconsideration. *See Walsh Sec.*, 2012 U.S. Dist. LEXIS 60321, at *25-27, 58, 61-63. The Court articulated that the Defendants' argument was that "WSI does not have standing to seek damages for the failed merger with RBMG because only WSI's shareholders, not WSI itself, would have benefitted from the merger." *Id.* at *58. Defendants were not able to cite any cases from this District or even this Circuit. Instead, they attempted to rely on an inapposite case. As the Court recognized, this case is different from *Design Strategies, Inc. v. Davis*, 355 F. Supp. 2d 715, 716-17 (S.D.N.Y. 2005), where the Letter of Intent contemplated only the sale of stock by the shareholders and did not mention the sale of the property or assets of the corporation, because here the merger agreement contemplated the sale of WSI's assets to RBMG as part of the merger. *Walsh Sec.*, 2012 U.S. Dist. LEXIS 60321, at *61-62. In fact, WSI and its mortgage operations were the primary, if not the only, asset of Walsh

7

Holding involved in the merger.  In addition, unlike in *Nisselson v. Lernout*, No. 03-10843, 2004 U.S. Dist. LEXIS 28655 (D. Mass. Aug. 9, 2004), where the loss arising from the drop in stock value of a merged company was a loss suffered by the shareholders and not the pre-merger corporation, in this case WSI suffered the diminution of value in the company resulting from the failed merger due in large part to Defendants' breach of contract.

As this Court has repeatedly stated, a motion for reconsideration is a "limited procedural vehicle" for which "a party seeking reconsideration must satisfy a high burden."  *Lesende v. Borrero*, No. 06-4967 (DRD), 2011 U.S. Dist. LEXIS 137263, at *8-9 (D.N.J. Nov. 30, 2011); *Dare Invs., LLC v. Chi. Title Ins. Co.*, No. 10-6088 (DRD), 2011 U.S. Dist. LEXIS 130288, at *11-13 (D.N.J. Nov. 10, 2011); *Bond v. Ingersoll-Rand Co.*, No. 08-3481 (DRD), 2010 U.S. Dist. LEXIS 130807, at *12-13 (D.N.J. Dec. 10, 2010).  Here, Defendants argue that the Court committed clear error because it "overlooked clear and dispositive facts in the record." (Br. at 3.)  However,

> [a] decision suffers from "clear error" only if the record cannot support the findings that led to that ruling. *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008) (citations omitted). Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in "manifest injustice" if not addressed. *See Grape*, 549 F.3d at 603-04; *N. River Ins.*, 52 F.3d 1218. Mere "disagreement with the Court's decision" will not suffice.  *P.*

8

> *Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp.2d 349, 353 (D.N.J. 2001).

*Dare Invs., LLC*, 2011 U.S. Dist. LEXIS 130288, at *13; *Bond*, 2010 U.S. Dist. LEXIS 130807, at *13.

It is obvious that Defendants are unhappy with the Court's decision and are attempting to gain a second bite at the apple by again advancing their baseless, semantic argument that WSI lacks standing to recover any consequential damages as a result of the failed WSI/RBMG merger. As discussed above and in the Court's Opinion, WSI was harmed by the loss of the merger. The Court weighed evidence presented by both sides, followed the procedures relevant to moving and non-moving parties' summary judgment motions, and made a determination. It was WSI's assets, as the Court quoted, that were the subject of the merger with RBMG. Quoting from Section 1.05 of the Merger Agreement, titled Effect of the Merger, the Court stated that the Merger Agreement provided for

> the sale of "all the property rights, privileges, powers and franchises of [Walsh Holding]," which includes WSI, its main operating subsidiary, to RBMG to become RBMG's "direct wholly owned subsidiary."

*Walsh Sec.*, 2012 U.S. Dist. LEXIS 60321, at *62. The Court did not overlook clear and dispositive facts in the record, nor did it commit clear error.

Furthermore, the Court's analysis makes it apparent that Defendants' argument is in contravention of the law of shareholders and corporations in the

9

Third Circuit. *Walsh Sec.*, 2012 U.S. Dist. LEXIS 60321, at *61-63. *See also Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ("A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when the alleged injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares resulting from the impairment of corporate assets."); *In re Dein Host, Inc.*, 835 F.2d 402, 405-06 (1st Cir. 1987); *Brictson v. Woodrough*, 164 F.2d 108, 109 (8th Cir. 1947) ("Actions to enforce corporate rights or redress injuries to the corporation cannot be maintained by a stockholder in his own name . . . even though the injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock"). Certainly, WSI was harmed by the termination of the merger and the subsequent complete diminution of its value and it thus has the right to pursue damages as against the Defendants.

Defendants simply have not met their "difficult burden" of demonstrating clear error in this Court's Opinion. *See Lesende*, 2011 U.S. Dist. LEXIS 137263, at *9-10. Therefore, their motion for reconsideration should be denied.

10

## II. THERE IS NO CONTROLLING QUESTION OF LAW OR DEMONSTRATION THAT AN APPEAL WOULD MATERIALLY ADVANCE THE LITIGATION TO JUSTIFY CERTIFICATION TO THE THIRD CIRCUIT

Defendants have not shown "that there is (1) a controlling question of law; (2) as to which there is a substantial ground for a difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Bond*, 2010 U.S. Dist. LEXIS 130807, at *18. Accordingly, there is no basis for this Court to certify their proposed question to the Third Circuit.

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

First, the issue of whether or not WSI has standing to assert a particular damages claim is not a "controlling question of law." Defendants are not challenging whether WSI has standing to assert a claim for the breach of approximately two hundred and twenty two contracts (*i.e.*, the CPLs and title

11

policies) for which WSI would be entitled to damages.[2]  Rather, Defendants assert that WSI does not have standing to pursue its "loss of merger damages" – an issue that a jury might never reach.  (Br. at 9-10.)  As the Court held, it is an issue of fact for the jury to determine "whether the breakdown of the merger with RBMG and WSI's diminution in value was caused by the Title Insurers' breach of the CPLs and title policies."  *Walsh Securities*, 2012 U.S. Dist. LEXIS 60321, at *61.  The damages from the failed merger are merely consequential damages that also flow from the Defendants' breach of contract.  There is no question that WSI has standing to assert the breach of contract claim and if a jury ultimately finds that those breaches caused WSI to suffer consequential damages, among other damages, it is a sub-issue that Defendants can appeal along with many other potential issues which may or may not come to pass at the conclusion of the case.

Second, Defendants' disagreement with the Court's ruling does not constitute a substantial ground for a difference of opinion as to a non-existent controlling question of law.  *See Bond*, 2010 U.S. Dist. LEXIS 130807, at *20.  As set forth above, the cases cited by Defendants are inapposite to the issue before this Court.  Moreover, it is apparent from the Court's Opinion that it thoughtfully

---

[2] Defendants' citation to *Lamont v. Woods*, 948 F.2d 825, 827 (2d Cir. 1991), is in vain because the case involved whether the plaintiffs had Article III standing as federal taxpayers to assert an Establishment Clause challenge to the government's appropriation and use of public funds for foreign religious schools.

considered Defendants' arguments and concluded that "the evidence suggests that WSI was harmed" by the failed merger, that merger agreement "contemplated the sale of [WSI's] corporate assets to RBMG," and "that WSI was set to benefit enormously from the merger, as it would have been able to continue to subprime lending operations through Walsh Holding, while taking advantage of RBMG's national reach and substantial account relationships." *Walsh Securities*, 2012 U.S. Dist. LEXIS 60321, at *62-63.

    Third, the resolution of the alleged standing issue will not "materially advance the ultimate termination of the litigation." In fact, it will continue Defendants' strategy of delay. The parties have been in litigation since 1997, fact discovery is complete, dispositive motions are decided, and all that is remaining is expert discovery and a trial. Whether or not this particular damages claim is at issue in the litigation will not have any impact on the end of this litigation. "If the instant motion ruling were certified for interlocutory appeal it would not eliminate the need for trial or remove complex issues from the case." *Bond*, 2010 U.S. Dist. LEXIS 130807, at *20. Instead, this is just another of Defendants' many attempts to delay and further prolong this litigation.

    Lastly, although not even mentioned in their brief, Defendants' Proposed Order also submits "that the proceedings in *Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.*, be and hereby are **STAYED** until the resolution

13

of the question certified herein." This request further demonstrates how an appeal of this standing issue would impede the ultimate termination of the litigation. Nevertheless, should the Court decide to certify this question for appeal, any stay pending appeal should be denied because Defendants have not demonstrated to the Court any basis for a stay of the proceedings of the entire action pending the appeal of a limited damages claim.

Accordingly, Defendants' request for an interlocutory appeal and a stay pending appeal should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration and Motion for Certification to the Third Circuit should be denied.

Respectfully submitted,

/s/ Robert A. Magnanini
Robert A. Magnanini
Amy Walker Wagner
Daniel Ian Mee
STONE & MAGNANINI LLP
150 JFK Parkway, 4th Floor
Short Hills, NJ  07078
(973-218-1111)

*Attorneys for Plaintiff Walsh Securities, Inc.*

Dated: May 29, 2012

14

## **CERTIFICATION OF SERVICE**

I, Robert A. Magnanini, hereby certify that on May 29, 2012, the within Memorandum of Law in Opposition to Defendants' Motion for Partial Reconsideration of the Court's April 17, 2012 Decision Denying, in Part, Their Motions for Summary Judgment, or, in the Alternative, for Certification to the Third Circuit on Plaintiff's Claims for Damages Resulting From the Loss of Merger and Diminution in Value of WSI, and Certificate of Service, was filed electronically with the Court and served upon all counsel of record via the ECF System, with a courtesy copy sent via Federal Express to the following:

Honorable Dickinson R. Debevoise
United States District Court for the
District of New Jersey
M.L. King. Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07101

/s/ Robert A. Magnanini
Robert A. Magnanini