**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.  ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

**LETTER OPINION AND ORDER**

July 24, 2012

**VIA CM/ECF**
All counsel of record

    Re:    *Walsh Securities, Inc. v. Cristo Property Management, LTD, et al.*
             Civil Action No. 97-3496 (DRD)(MAS)

Dear Counsel:

This matter comes before the Court by way of Plaintiff Walsh Securities, Inc.'s ("Plaintiff") informal Motion to Compel ("Motion") Defendants Nations Title Insurance of New York, Inc., Commonwealth Land Title Insurance Company, and Fidelity National Title Insurance Company of New York (collectively, "Defendants") to disclose the specific amount set aside for loss reserves regarding Plaintiff's claims. For the reasons expressed below, Plaintiff's Motion is denied without prejudice.

**I.    RELEVANT FACTS**

As the Parties are well versed with the lengthy background of this case, which is set forth in other opinions, the Court shall proceed to the specific dispute as outlined in the Parties' briefs. During the 30(b)(6) deposition of Ms. Sullivan, in her capacity as the corporate designee of Defendants, Plaintiff's counsel asked if Defendants had set a loss reserve with regard to this

matter. Ms. Sullivan testified that a reserve had been set. However, Defendants' counsel objected to further questioning, stating that the actual amount of the loss reserves was privileged under the work product doctrine. (Docket Entry Number ("Doc. No.") 469 at 1.) The Court provided counsel with the opportunity to brief the matter. After consideration of the initial briefs, the Court required a Supplemental Certification from Defendants regarding the loss reserves procedures. (Doc. No. 494.) The Court will now address the discoverability of the loss reserves in question.

## II. RELEVANCE OF LOSS RESERVES

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(b), upon a finding of good cause, a court may order discovery of any non-privileged matter relevant to a party's claims, defenses or the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Rule 401 of the Federal Rules of Evidence describes relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Once a party seeking to compel discovery establishes the relevance of the information it seeks, the Court has discretion to order the opposing party to disclose the requested discovery. *See Jones v. DeRosa*, 238 F.R.D. 157, 163-64 (D.N.J. 2006). Stated differently, the burden remains on the party seeking discovery to "[show] that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 105 (D.N.J. 1990)).

Since "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation[,]" *Hickman v. Taylor*, 329 U.S. 495, 507 (1947), discovery rules in general are given broad and liberal reading. *Tele-Radio Sys., Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). This is particularly true in a civil action, in which relevancy is to be construed liberally. *See Williams v. Am. Cyanamid*, 164 F.R.D. 615, 616 (D.N.J. 1996). However, the scope of discovery may be properly narrowed or limited to specific issues and topics according to the facts and circumstances of the particular case and "the determination of relevance is within the Court's discretion." *Id.* (citing *O'Neal v. Riceland Foods*, 684 F.2d 577, 581 (8th Cir. 1982)). Thus, when the burden of a discovery request is likely to outweigh the benefits, Federal Rule of Civil Procedure 26(b)(2)(C) vests this Court with the authority to limit a party's pursuit of otherwise discoverable information. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

With respect to the discoverability of loss reserves, courts often find that "there is a 'tenuous link between [loss] reserves and actual liability.'" *Safeguard Lighting Sys., Inc. v. N. Am. Specialty Ins. Co.*, No. 03-4145, 2004 WL 3037947, at *3 (E.D. Pa. Dec. 30, 2004) (citation and quotation omitted) (finding that reserves information does not lead to admissible evidence). *See Mazur v. Hartford Life & Accident Co.*, No. 06-1045, 2007 WL 4233400, at *19 (W.D. Pa. Nov. 28, 2007) ("Case law makes clear that the relationship between claim reserves and the claim's actual value is tenuous."). Generally, loss reserves are considered irrelevant, barring a bad faith claim. *Mirarchi v. Seneca Specialty Ins. Co.*, No. 10-3617, 2011 WL 2982401, at *2 (E.D. Pa. July 22, 2011); *N. River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) ("[The amount of the reserve] in turn, is relevant to the question of whether or not [defendant] acted in bad faith during the pretrial settlement negotiations."); *Maiden Creek*

3

*T.V. Appliance, Inc. v. Gen. Cas. Ins. Co.*, No. 05-667, 2005 WL 1712304, at *1 (E.D. Pa. July 21, 2005) ("[T]he reserve information is 'germane' to defendant's analysis of the value of the insured's claims and is therefore discoverable on the question of bad faith."). While case precedent on the discoverability of loss reserves in the District of New Jersey is limited, in *Leski, Inc. v. Federal Insurance Co.*, the court found "that the reserve information is only tenuously relevant to whether insurance coverage exists in this matter and this information is not discoverable at this time." 129 F.R.D. 99, 106 (D.N.J. 1989).

B. **Analysis**

In the instant matter, Defendants claim that the amount of the reserve is irrelevant and outside the scope of discovery, because it will not lead to admissible evidence and is unrelated to Plaintiff's claims. (Doc. No. 472 at 4.) Plaintiff, on the other hand, argues that the amount of the loss reserves is relevant to its breach of contract claim, and will help determine Defendants' state of mind. (Doc. No. 537 at 2.) Plaintiff further asserts that the amount of the loss reserves could lead to questions regarding underlying facts of the case and Defendants' belief about Plaintiff's claims.[1] (*Id.*)

This Court is not persuaded by Plaintiff's arguments, as Plaintiff has not demonstrated that the specific amount of loss reserves is relevant to its remaining claims, particularly in light of the fact that Plaintiff's bad faith claim was summarily dismissed. Indeed, Plaintiff was unable to cite any law from this district that provides that litigation reserves are relevant absent a bad faith claim and, as such, has failed to meet its burden of proof. After careful consideration, the

---

[1] Initially, Plaintiff contended that loss reserves are discoverable in connection with its bad faith claim. (Doc. No. 471 at 3.) However, the Honorable Dickinson R. Debevoise, U.S.D.J., dismissed Plaintiff's bad faith claim with prejudice in a partial summary judgment decision. (Doc. No. 534.) As such, Plaintiff's relevancy arguments based on its previous bad faith claims are moot.

4

Court is convinced that "[t]he purpose of discovery—expedition of the litigation by narrowing the area of controversy or by avoiding unnecessary testimony or by providing a lead to evidence—will not be served by allowing discovery of [loss] reserves." *Leksi, Inc.*, 129 F.R.D. at 106 (citing *Union Carbide Corp. v. Traveler's Indem. Co.*, 61 F.R.D. 411, 413 (W.D. Pa. 1973)). Absent a stronger showing that links the specific amount of the loss reserves to one or more elements required to prove any of Plaintiff's remaining claims in this case, or that otherwise demonstrates that the specific amount of the loss reserves is relevant or reasonably calculated to lead to the discovery of relevant information, the Court must deny Plaintiff's application. Therefore, Plaintiff's Motion is denied without prejudice.

### III.   WORK-PRODUCT DOCTRINE

While the Parties spent considerable time in their briefs discussing whether loss reserves are privileged pursuant to the work-product doctrine, the Court withholds making a decision due to the finding above. Should the Plaintiff successfully meet their burden of showing that loss reserves are relevant in a future motion, the Court will then determine whether the loss reserves at issue are protected work-product.

### IV.   CONCLUSION

For the foregoing reasons, and for good cause shown, it is hereby ORDERED that Plaintiff's Motion is denied without prejudice.

_____
Honorable Michael A. Shipp
United States Magistrate Judge