# EXHIBIT F

COPY



**McCARTER & ENGLISH**
ATTORNEYS AT LAW

February 11, 2011

**VIA FACSIMILE AND REGULAR MAIL**

Steven J. Polansky, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002

Re: <u>Walsh Securities, Inc. v. Cristo Property Management, Coastal Title, et al.</u>
Civil Action No. 97-3496/WGB
Your File No.: 07232-103 SJP

David R. Kott
Partner
T. 973.639.2056
F. 973.624.7070
dkott@mccarter.com

Dear Mr. Polansky:

Thank you very much for your February 1, 2011 letter and its enclosures forwarding a draft Settlement Agreement and Release.

My comments are as follows:

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

    Paragraph 1 -- it may take some time for the Bankruptcy Court to approve the settlement, and it may be that the settlement proceeds will be divided between the plaintiff and the title insurers. For this reason, we believe that General Star should make the payment of the settlement proceeds to the plaintiff's law firm's trust account. If the Bankruptcy Court ends up not approving the settlement, then plaintiff's attorney can return the settlement funds to General Star.

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

    Paragraph 4 -- it is not realistic that Walsh within 10 days of the execution of the Settlement Agreement and Release apply to the Bankruptcy Court for an Order approving the settlement. I say that because I do not believe that Walsh and the title insurers will be in a position to determine how the settlement proceeds are divided between and among them (if they in fact are to be divided) within 10 days of the execution of the Settlement Agreement and Release. However, I am copying Robert Magnanini, Esq., on this letter and I would ask if he would advise if he can get the approval of the Bankruptcy Court to the proposed settlement without the Bankruptcy Court being involved in a subsequent approval of any division of the settlement proceeds between and among the plaintiff and the title insurers. In other words, I would ask that Bob Magnanini advise whether he can obtain approval of the Bankruptcy Court for this settlement with General Star without thereafter obtaining approval of the Bankruptcy Court for any resolution of how the settlement proceeds are divided between and among the plaintiff and the title insurers.

ME1 11205123v.1

COPY

Steven J. Polansky, Esq.
February 11, 2011
Page 2

Paragraph 5 -- there should be a dismissal with prejudice of not only the title insurers' cross-claims against Coastal but any cross-claims asserted by Coastal against the title insurers.

Very truly yours,


David R. Kott

DRK:tas

cc: Robert A. Magnanini, Esq. (via fax and regular mail)
    James G. Aaron, Esq. (via fax and regular mail)
    Martin R. McGowan, Jr., Esq. (via fax and regular mail)
    Edward J. Hayes, Jr., Esq. (via fax and regular mail)