# EXHIBIT I

# STONE ⋈ MAGNANINI
## LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

July 27, 2011

**VIA CM/ECF**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07101

    Re:    *Walsh Securities, Inc. v. Cristo Property Management, LTD, et al.*
            Civil Action No. 97-3496 (DRD/MAS)

Dear Judge Shipp:

    We write briefly in response to Defendants' letter to the Court filed this morning [Dkt. 462], in anticipation of a telephone conference before Your Honor tomorrow at 2:00 p.m. Defendants make a number of specious, spurious arguments with respect to (1) the settlement with Coastal; (2) the Court's amended scheduling order; and (3) the witness interview memos.

    *First.* Defendants contend that they do not think "the Court could assist the plaintiff and [the defendants] in resolving their dispute on this issue." Defendants explain that the reason for this is that the parties are simply too far apart given their respective litigation positions: *viz.* WSI thinks it's entitled to all of the proceeds of settlement, and the Defendants think they are entitled to all of the proceeds of the settlement. The parties have thus taken diametrically opposed positions in a litigation. This feature is unremarkable as it animates the initial positions of virtually all litigants at the start of virtually all litigations, and as Your Honor knows, the vast majority of civil litigation in federal courts wind up settling amicably. It is thus quite puzzling why the Defendants think that mediation would be futile at this juncture for the mere fact that the parties are far apart. The settlement monies in this case should be distributed expeditiously so that the issue does not turn into another "Bleak House."[1] It would be perverse if this discrete issue spawned an entirely separate litigation. Defendants' new position is also diametrically opposed to prior discussions and understandings between counsel which have been repeatedly conveyed to Your Honor, Judge Winfield and Judge Debevoise with no opposition from

---

[1] "This suit has, in course of time, become so complicated, that . . . no two . . . lawyers can talk about it for five minutes, without coming to a total disagreement as to all the premises." *Stern v. Marshall*, 131 S. Ct. 2594 (2011) (quoting C. Dickens, Bleak House in 1 Works of Charles Dickens 4-5 (1891)).

Case 2:97-cv-03496-DRD-JAD   Document 549-10   Filed 08/09/12   Page 3 of 4 PageID: 10488
Case 2:97-cv-03496-DRD -MAS   Document 463   Filed 07/27/11   Page 2 of 3 PageID: 5126

Honorable Michael A. Shipp, U.S.M.J
July 27, 2011
Page 2 of 3

Defendants' counsel, until it tactically suited Defendants to delay the distribution of funds. Accordingly, WSI hereby renews its request that Your Honor mediate this matter.

*Second.* Defendants have offered no reason to the Court why it should revisit the issues raised by the Defendants that were *already properly rejected* by this Court in crafting its Amended Scheduling Order. Defendants argue that they want an affirmative ruling on the matter "[f]or purposes of having a complete record." The record is absolutely complete on this point: Defendants' request for discovery – burdensome discovery of documents they have in their control/custody/possession, or that they have *immediate and unfettered* access to in the document repository – was denied by this Court. There is no onus on the Court to mark up a scheduling order with "granted" and "denied," given that Defendants' request did not come in the form of a formal or even an informal motion to compel. Defendants' request was informal, requested via a proposed scheduling order. The Court then entered the Amended Scheduling Order without the relief sought by the Defendants. We sincerely do not think the Court's disposition of this issue could be any clearer.

*Third.* Defendants' position that it have access to those former employees in WSI's litigation control group is bizarre as it is meritless. Defendants cast their argument in this way: because WSI's counsel conducted interviews of company employees (which they had a right to do as part of the internal investigation), and because this Court ruled that those memoranda reflecting the attorneys' accounting of the interviews, Defendants should have the right to be put in the position WSI's counsel as having access to certain witnesses without WSI's counsel present. To see that this argument is quite stilted is to consider the converse situation: Defendants surely would not allow WSI to have *carte blanche* access to, for instance, the President or General Counsel of Commonwealth Land Title Insurance Company to interview them without counsel for the Defendants present. Defendants essentially argue that given that they have *no legal right* to interview memos, and that they must conduct their own investigation, this somehow circumvents WSI's right to be present at interviews with witnesses in the litigation control group. This is untenable, just as it would be untenable for WSI to have direct, unfettered access to Commonwealth's executives. The interview memos are simply irrelevant in this calculus, given that the Court ordered their destruction because Defendants *never* had a legal entitlement to them.

*Fourth and finally.* Counsel for Commonwealth has asserted that his office has discarded the interview memos. This representation needs to be accompanied by a certification to the Plaintiff describing the details in which destruction was effectuated, both in paper and electronic form. Counsel for Fidelity National Title Insurance Company of New York, and Nations Title Insurance of New York, Inc., has not represented to the Court nor to the Plaintiff that destruction of the memos has been effectuated. The Court should order that Defendants certify (as Plaintiff requested in a letter dated July 5, 2011 to the Defendants) the details of their compliance with this Court's Order as soon as possible.

Honorable Michael A. Shipp, U.S.M.J
July 27, 2011
Page 3 of 3

    We look forward to the status conference tomorrow and thank the Court, as always, for its kind and continued attention to this matter.

                                                  Respectfully submitted,

                                                  /s/Robert A. Magnanini
                                                Robert A. Magnanini

cc:    David Kott (via CM/ECF only)
       Edward J. Hayes (via CM/ECF only)