

McCARTER
&ENGLISH
ATTORNEYS AT LAW

August 21, 2012

**VIA ELECTRONIC FILING AND REGULAR MAIL**

Honorable Joseph A. Dickson
United States District Court
Martin Luther King Building & Courthouse
50 Walnut Street
Newark, NJ 07101

David R. Kott
Partner
T. 973.622.4444
F. 973.624.7070
dkott@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Re: <u>Walsh Securities, Inc. v. Cristo Property Management, et al.</u>
United States District for the District of New Jersey
Civil Action No. 97-3496 (DRD)(JAD)

Dear Judge Dickson:

We, together with David M. Satnick, Esq. of Loeb & Loeb LLP, represent defendant Commonwealth Land Title Insurance Company ("Commonwealth"). I understand from plaintiff Walsh Securities, Inc.'s ("WSI") counsel, Amy Walker Wagner, Esq., that Your Honor has requested that the parties submit a joint letter on the status of this case. Before sending this letter, I provided a draft to Ms. Wagner, as well as to Edward J. Hayes, Jr., Esq., the attorney for co-defendants Nations Title Insurance of New York Inc. ("Nations") and Fidelity National Title Insurance Company of New York ("Fidelity"). Both Ms. Wagner and Mr. Hayes join in this letter.

While a number of individuals and companies were originally named as defendants in this matter, due to settlements and default judgments, the only parties that remain as defendants in the case are the three title insurance companies (Commonwealth, Nations and Fidelity), an individual defendant, Richard Calanni (appearing *pro se*) and an individual defendant named Richard DiBenedetto, who reportedly died during the course of the litigation. We do not believe an administrator or executor for the estate of Mr. DiBenedetto has been substituted or appeared in the case. The title insurance defendants had asserted various cross-claims against all of the defendants. Judge Debevoise has dismissed the cross-claims of the title insurance companies against certain of the defendants, but the cross-claims of the title insurance companies against other defendants remain and have not been dismissed.

All fact discovery has been completed with one exception. Magistrate Judge Shipp had granted the defendants leave to take an additional two-hour deposition of a Rule 30(b)(6) representative of the plaintiff.

No expert discovery has taken place. Pursuant to an Order entered earlier in the litigation by Magistrate Judge Shipp, the plaintiff and the title insurance defendants have exchanged letters identifying the subjects upon which they will have expert testimony. Magistrate Judge Shipp had entered an Order (Document No. 514, filed 02/03/12) that expert discovery dates were adjourned *sine die* pending resolution of the pending summary judgment motions.

ME1 14001264v.1

Honorable Joseph A. Dickson
August 21, 2012
Page 2

Judge Debevoise recently granted one motion for partial summary judgment filed by the title insurance defendants (dismissing plaintiff's bad faith claims). Judge Debevoise denied a motion for partial summary judgment filed by the title insurance defendants dismissing certain of the damage claims of the plaintiff. Judge Debevoise also denied the plaintiff's motion for partial summary judgment on liability. The title companies moved for reconsideration of Judge Debevoise's order denying a portion of their motion for partial summary judgment on certain damage claims, and, on August 10, 2012, Judge Debevoise granted the motion for reconsideration and dismissed certain of plaintiff's damage claims. (Document Nos. 550 & 551, filed 08/10/12). In preparing this joint letter, it has become evident that there is a disagreement concerning the meaning of Judge Debevoise's ruling on the motion for reconsideration in which it was held "...WSI's claim for damages arising out of the failed merger between Walsh Holding and RBMG is dismissed with prejudice." (Doc. No. 551). It is plaintiff's position that Judge Debevoise's opinion concluded that WSI does not have standing to assert damages arising out of the failed merger between Walsh Holding and RBMG, thus only these claims for damages were dismissed with prejudice.

Judge Shipp recently issued a Report and Recommendation on plaintiff's motion for the disbursement of funds from the settlement of plaintiff and the title company defendants with defendant Coastal Title Agency. Plaintiff filed a timely objection to that Report and Recommendation on August 9, 2012. (Document No. 549, filed 08/09/12). The title companies will be filing opposition to plaintiff's submission.

Judge Debevoise has also scheduled a settlement conference for September 5, 2012.

Respectfully submitted,

*s/David R. Kott*

David R. Kott

cc: Robert A. Magnanini, Esq. (via electronic filing and email)
    Amy Walker Wagner, Esq. (via email)
    Daniel I. Mee, Esq. (via email)
    Edward J. Hayes, Jr., Esq. (via email)
    David M. Satnick, Esq. (via email)
    Richard Calanni, Pro Se (via regular mail)
    Richard DiBenedetto, Pro Se (via regular mail at last known address)