**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALSH SECURITIES, INC., | : Civil Action No. 97-3496 (DRD) (JAD) |
| | : |
| Plaintiff, | : Hon. Dickinson R. Debevoise |
| | : |
| vs. | : |
| | : |
| CRISTO PROPERTY MANAGEMENT, | : |
| LTD., *et al.* | : |
| | : |
| Defendants. | : |
| | : |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF AN ORDER
CLARIFYING THE AUGUST 10, 2012 OPINION AND ORDER ON
THE TITLE INSURANCE DEFENDANTS' MAY 1, 2012 MOTION FOR
PARTIAL RECONSIDERATION OF THE COURT'S APRIL 17, 2012 DECISION
DENYING, IN PART, THEIR MOTIONS FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, FOR CERTIFICATION TO THE THIRD CIRCUIT**

---

STONE & MAGNANINI LLP
150 John F. Kennedy Parkway,
4th Floor
Short Hills, New Jersey 07078
(973) 218-1111

*Attorneys for Plaintiff Walsh Securities, Inc.*

Dated:  September 21, 2012

Pursuant to the Court's instruction at the settlement conference on September 5, 2012, Plaintiff Walsh Securities Inc. ("WSI", "Walsh" or "Plaintiff") respectfully submits this memorandum of law in support of its motion for clarification of the Court's August 10, 2012 Opinion and Order [Docket Entry Nos. 550-551] on Defendants' Commonwealth Land Title Insurance Company ("Commonwealth"), Fidelity National Title Insurance Co. of New York ("Fidelity"), and Nations Title Insurance of New York, Inc. ("Nations") (collectively the "Title Insurance Defendants") May 1, 2012 Motion for Partial Reconsideration of the Court's April 17, 2012 Decision Denying, in Part, their Motions for Summary Judgment or, in the Alternative, for Certification to the Third Circuit [Docket Entry No. 540]. During the September 5th settlement conference, a dispute between the parties crystalized concerning the interpretation of this Court's August 10th Opinion and Order. To ensure there is no confusion as to the Court's ruling, the Court instructed Plaintiff to file this motion to clarify.

## PRELIMINARY STATEMENT

The Title Insurance Defendants moved for partial summary judgment on two independent grounds pertaining to two of Plaintiff's claims for damages, namely (1) lost profits from the merger between Walsh Holding and RBMG and (2) the loss of the entire value of WSI, amounting to in excess of $400 million. The Title Insurance Defendants argued first that these two types of consequential damages were not foreseeable and were not, thus, recoverable as a matter of law. They argued second that specifically as to Plaintiff's claims for lost profits resulting from the loss of the merger between Walsh Holding and RBMG that only the shareholders, and not the Plaintiff, had standing to assert these claims. These were two separate and independent legal arguments in support of their motion for partial summary judgment. The second argument, however, only applied to Plaintiff's claims for lost profits resulting from the

loss of the merger between Walsh Holding and RBMG and had no impact on Plaintiff's claims for the diminution in value resulting from the loss of the entire value of WSI. Accordingly, the Court's Opinion and Order on the motion for reconsideration only dealt with the second argument raised by the Title Insurance Defendants when it held that "WSI's claim for damages arising out of the failed merger between Walsh Holding and RBMG is dismissed with prejudice." [Docket Entry No. 550 at 9; 551].

As the Court and the Title Insurance Defendants are fully aware, WSI's consequential damages claims include both the loss of the merger and also the diminution in value of the company. Nonetheless, in another attempt to further delay this litigation and force the parties to engage in unnecessary motion practice, the Title Insurance Defendants have taken the unsupported position before this Court that the decision on the motion for reconsideration also somehow applied as a dismissal of WSI's claim for diminution in value of the company itself. Accordingly, WSI files this motion requesting that the Court conclusively clarify that its holding applied only to the claim on which the Title Insurance Defendants moved for reconsideration, damages from the failed merger, and not the diminution in value of the company, which is foreseeable and unrelated to the failed merger, that occurred as the result of the Title Insurance Defendants' breaches of contracts.

## **PROCEDURAL BACKGROUND**

As the parties and the Court are fully familiar with the facts in this case, Plaintiff will only recite those facts relevant to the procedural background of this motion for clarification.

In moving for partial summary judgment on November 10, 2011, the Title Insurance Defendants sought a "dismissal, with prejudice, of [Plaintiff's] claims for damages resulting from the loss of a merger with [RBMG] and/or any claims for diminution of [Plaintiff's] value."

2

(*See* Defendants' Motion for Partial Summary Judgment ("Mtn. for PSJ"), Docket Entry No.

479, at 1).  The Title Insurance Defendants first argued that WSI could not recover either the loss

of merger damages or diminution in value damages for losses that were not foreseeable at the

time the closing service letters were issued. (*Id*. at 4-12).  After stating that the merger damages

were not a foreseeable consequence of the Title Insurance Defendants' breach of contract, they

added that "Any diminution in value of Walsh is similarly remote."  (*Id*. at 2).  Their secondary

argument was that WSI was not entitled to any benefits from the merger and therefore lacked

standing to recover losses resulting from the termination of the merger.  (*Id*. at 13-15).  They

specifically stated:  "A separate and independent basis to dismiss Walsh's claims for merger

damages is lack of standing."  (*Id*. at 2).  Without a doubt, Plaintiff's claims for merger damages

are wholly separate and independent of its diminution in value damages.

     In its April 17, 2012 Opinion, as to the foreseeability of the damages, this Court ruled

that a jury could find it was foreseeable.  This Court explained:

> at the time WSI and the Title Insurers entered into one of the CPLs and title
> policies in this case, a jury could reasonably find that the parties should have
> reasonably contemplated that a fraudulent scheme affecting hundreds of mortgage
> loans would give rise to substantial losses.  And to the extent that WSI is entitled
> to coverage under the CPLs and title policies for those losses, a jury could
> reasonably find that the Title Insurers' failure to indemnify WSI would
> foreseeably hinder its ability to (1) offset its losses and (2) repurchase the
> fraudulent mortgage loans from the secondary market, thereby causing WSI to be
> in a state of financial disarray and leading to the breakdown of the merger
> between Walsh Holding (WSI's parent company) and RBMG and diminution of
> WSI's value.

(April 17 Opinion at 36-37).  This decision has never been challenged and is law of the case.

     This Court then went on to address the Title Insurance Defendants' second argument

regarding the merger claim and held that the evidence suggested that WSI was harmed from the

failed merger between Walsh Holding and RBMG and therefore WSI had standing to pursue the loss of merger damages.  (*Id*. at 37-38).

The Title Insurance Defendants then sought only reconsideration on the Court's second ruling pertaining to standing to claim damages as a result of the loss of the merger.  The words "foreseeable" and "foreseeability" appear nowhere in their memorandum of law or proposed order.  Their motion for reconsideration solely challenged the Court's "finding that Plaintiff has standing to pursue a merger damages claim."  (Defendants' Motion for Reconsideration ("Mtn. for Reconsid."), Docket Entry No. 540-2, at 10).  In addition, in support of their request for certification to the Third Circuit, they identified the question of law as:  "where a parent corporation has an agreement to merge into another corporation, can a subsidiary of that corporation recover damages if the merger fails?"  (*Id*. at 8).  Notably absent from the Title Insurance Defendants' motion for reconsideration was any challenge to this Court's holding on the issue of the foreseeability of the damages of diminution in the value of WSI.

On August 10, 2012, this Court reversed its earlier decision "that WSI has standing to seek damages arising out of the failed merger between Walsh Holding and RBMG."  (Aug. 10 Opinion at 5).  In evaluating whether WSI had standing to pursue these specific damages, the focus of the Court's analysis was on the terms of the merger agreement.  The Court concluded that based upon the terms of the merger agreement, only Walsh Holding's shareholders had standing to purse damages from lost merger because the merger agreement contemplated an exchange of Walsh Holding's shares for shares in RBMG.  (*Id*. at 8).  Consequently, the motion for reconsideration was granted and the Court held that "WSI's claim for damages arising out of the failed merger between Walsh Holding and RBMG is dismissed with prejudice."  (*Id*. at 8-9).

4

WSI continued in business after the merger was terminated in November of 1997.  As common sense dictates, the terms of the merger agreement are completely unrelated to the ultimate demise of WSI and the damages claim for WSI's diminution in its value.  Furthermore, the Court was not even asked by the Title Insurance Defendants to reconsider its first holding concerning foreseeability, and they cannot ask the Court to do so now.

Thus, Plaintiff properly understood its claim for diminution in value remained unhindered and the time to move for reconsideration of the April 17th Opinion and Order has long since passed.  It was not until the parties were preparing a joint case status letter for the magistrate judge newly assigned to this case that Plaintiff suspected that the Title Insurance Defendants would seek to expand this Court's August 10 Opinion beyond its holding to also apply to the diminution of the value of WSI damages.  This suspicion became crystal clear at the September 5, 2012 settlement conference with this Court.  Accordingly, the Court asked Plaintiff to file this motion to clarify.

## ARGUMENT

This is a motion for clarification.  The time for the Title Insurance Defendants to  move for reconsideration of the Court's holding that the diminution in value damages suffered by WSI could be foreseeable has long passed.  Plaintiff only seeks for the Court to clarify for the Title Insurance Defendants that the August 10 Opinion and Order only covered the merger damages claim they moved on and did not impact Plaintiff's claims for damages from its diminution in value.

There can certainly be no question that the Title Insurance Defendants moved for partial summary judgment on both of these claims for damages in November 2011 and that this Court ruled in Plaintiff's favor on both of these types of damages in its April 2012 Opinion.  In fact,

5

when the Title Insurance Defendants moved for partial summary judgment they argued that both

of these categories of damages were not a foreseeable result of a breach of a closing service

protection letter ("CPL") or a title policy and also that plaintiff did not have standing to recover

damages from, specifically, the loss of the merger. In moving for partial summary judgment, the

Title Insurance Defendants' secondary argument was that Walsh Securities does not have

standing to seek damages for the loss of merger pursuant to the terms of the merger agreement,

and that only its shareholders would have standing to pursue these claims for damages.  In ruling

against the Title Insurance Defendants, this Court's April 17, 2012 Opinion plainly articulated

that:

> The Title Insurers contend that they are entitled to summary judgment against
> WSI's claim for damages resulting from its diminution in value and the failed
> merger between Walsh Holding and RBMG because (1) those two events are not
> the foreseeable result of a breach of a single CPL or a title policy; and (2) WSI
> does not have standing to seek damages for the failed merger with RBMG
> because only WSI' shareholders, not WSI itself, would have benefitted from the
> merger.

(April 17 Opinion at 35).  What is also crystal clear is that the Title Insurance Defendants only

moved for reconsideration of this Court's decision regarding Walsh Securities' standing to seek

damages for a loss of merger.

As the Court outlined, these were two different, strategic challenges by the Title

Insurance Defendants on Plaintiff's claims for damages.  When the Title Insurance Defendants

moved for reconsideration of this Court's decision, they chose to only move on the specific issue

of whether WSI "has standing to pursue a claim for damages for the unconsummated merger

transaction between Plaintiff's parent corporation and [RBMG]."  (Mtn. for Reconsid. at 1).  At

no point in the Title Insurance Defendants' brief in support of their Motion for Partial

Reconsideration do they challenge this Court's decision that:

6

a jury could reasonably find that the Title Insurers failure to indemnify WSI would foreseeably hinder its ability to (1) offset its losses and (2) repurchase the fraudulent mortgage loans from the secondary market, thereby causing WSI to be in a state of financial disarray and leading to the breakdown of the merger between Walsh Holding (WSI's parent company) and RBMG and diminution of WSI's value.

(April 17 Opinion at 37).

The core of Plaintiff's claim for diminution of value, in a nutshell, is based on the fact that Walsh Securities had a specific value and then, as a result of the Title Insurance Defendants' failures to meet their contractual obligations, Walsh Securities' value diminished until it was worth nothing. These specific damages ultimately arose after Walsh Securities went out of business -- well after the merger failed. By failing to pay policy claims – *over 200 claims* – resulting from the fraud, which clearly and unequivocally implicated coverage under the CPLs, disastrous consequences ensued for WSI as a viable underwriter of mortgages, and thus, a healthy, stable company. In addition, as a result of the fraud, WSI was found liable to a company to whom it had sold some of the fraud loans, and, as a result, WSI had to repurchase the loans because they were unmarketable.

Consequently, separate and apart from damages from the failed merger, the Title Insurance Defendants' contractual breaches drove WSI out of business. As specifically outlined in Plaintiff's Fourth Amended Complaint:

### Consequences Visited Upon Walsh Securities

64.     Following proper and timely demands by Walsh Securities that their losses be covered under the closing service protection letters and/or the title insurance policies, the Title Insurance Defendants failed to process and pay the covered claims. To date, the Title Insurance Defendants have refused to process and pay these claims.

65.     Additionally, as a result of the aforementioned acts, Walsh Securities experienced the diminution and/or complete loss of its value as a going concern, which exceeded $450 million.

(Fourth Amended Complaint ¶¶ 64-65).  Also, in response to Commonwealth's First Set of

Interrogatories, dated October 15, 2005, Plaintiff explained:

> The fraud perpetrated on Walsh Securities that is the subject of this action
> injured the business reputation of Walsh Securities and led to the loss of Walsh
> Securities' line of credit which it needed to fund new mortgage loans.  The fraud
> also made it impossible to obtain a new line of credit and to continue to sell whole
> loans.  The fraud also caused the termination of the merger of Walsh Securities
> and Resource Bancshares Mortgage Group.  The fraud also prevented Walsh
> Securities from obtaining new investors or merger partners and the mortgage
> banking business of Walsh Securities finally collapsed, resulting in the loss of
> jobs for over 250 employees and the closing of 14 offices causing Walsh
> Securities to lose a substantial amount of business and profits.

(Pl.'s Certified Resps. & Objections to Def./Third-Party Pl. Commonwealth Land Title Ins. Co.'s

First Set of Interrogs. Addressed to Pl. Walsh Securities, Inc. at Resp. to Interrog. No. 6, attached

to Merin Certif. at Ex. M [Docket Entry No. 479-4]).  Moreover, in Commonwealth's Statement

of Undisputed Material Facts Filed Pursuant to Local Civil Rule 56.1, the Title Insurance

Defendants admitted that:

> Walsh seeks to impose on Commonwealth and the other Title Insurance
> Defendants damages resulting from the termination of an Agreement of Merger
> between Walsh and Resource Bankshares Mortgage Group, Inc. ("RBMG") dated
> as of April 18, 1997 and/or for losses from Walsh's diminution in value due to the
> fraud.

(Commonwealth's Stmt. of Undisputed Mat. Facts at ¶ 4 [Docket Entry No. 479-2]).

As WSI argued in opposition to the Title Insurance Defendants' motion for partial

summary judgment,

> if this Court chooses to limit WSI's damages from the loss of the merger,
> summary judgment should nonetheless be denied on the diminution in value of
> WSI.  Put simply, Defendants have cited no law or record evidence that entitles it
> to summary judgment based on this damages claim.  Indeed, it was entirely
> foreseeable at the time the Defendants entered into the  CPLs that denial of
> hundreds of claims under the clear dictates of those contracts could have a ruinous
> impact on WSI, as the denial of insurance effectively forced WSI to be "holding
> the bag" – stuck as the owner of unmarketable mortgages that it had to repurchase

and unable to foreclose on as a result of the fraud.  WSI's value as a company
plummeted – indeed, it was ultimately destroyed.

(Plaintiff's Opposition to Motion for Partial Summary Judgment ("Opp. to Mtn. for PSJ"),

Docket Entry No.488, at 6-7).

As is abundantly evident, whether Walsh Securities' or its shareholders had standing to

pursue the loss of the merger is totally unrelated to damages arising out of Walsh Securities'

ultimate demise. Since this claim is not seeking lost profits from the merger, there is simply

nothing in their motion for reconsideration that dealt with this claim for damages.

The Title Insurance Defendants' proposed construction of this Court's August 10

Opinion and Order fails to recognize that an issue not properly before the Court could not

conceivably be encompassed by an Opinion that does not even address that issue. The Title

Insurance Defendants clearly cannot reasonably suggest to this Court that its decision on

reconsideration finding that only the shareholders have standing to pursue the loss of merger

could be stretched to include damages for the demise of WSI that occurred after the termination

of the merger.  WSI continued as an operating business after the termination of the merger, thus

terms contained in a merger agreement pre-dating the termination have no relation to WSI's

subsequent damages.

Moreover, even in their original Motion for Partial Summary Judgment, the Title

Insurance Defendants never argued that Walsh did not have standing to seek damages from its

own diminution in value.  The Title Insurance Defendants' full argument on standing in their

original Motion for Partial Summary Judgment can be summed up as "any loss from the failure

to consummate the transaction contemplated in the Agreement of Merger would be incurred by

the shareholders of Walsh, who are not parties to the action.  Accordingly, Plaintiff Walsh

Securities, Inc. does not have standing to seek merger damages." (Motion for Partial Summary

Judgment at 15).  Indeed, the position that the Title Insurance Defendants are taking is not only contrary to the plain language of the Court's Opinion and Order, but has no relation to what they requested in their motion for reconsideration.

Even before this Court at the settlement conference on September 5, 2012, when the Title Insurance Defendants improperly attempted to ask this Court to reconsider another issue from its April 17, 2012 Opinion (that they had never previously moved for reconsideration on), they still did not ask the Court for clarification or reconsideration on the issue of these damages.  The Federal Rules do not contemplate that a party can just hire a new lawyer, with different viewpoints and legal strategies, and somehow circumvent the rules of procedure.  Under our practice in New Jersey, a party has 14 days after entry of the order on the original motion to file a motion for reconsideration.  *See* Local Civil Rule 7.1(i).  The Title Insurance Defendants have never moved for reconsideration of this Court's ruling that Plaintiff's diminution in value claim, which was the result of the Title Insurance Defendants' breach of the Closing Service Protection Letters and title policies, could proceed to trial.  Not only was this issue not a subject of the motion for reconsideration that the Title Insurance Defendants did file, the parties never briefed this issue and the Court never considered it in its August 10, 2012 Opinion.

It is simply too late for the Court to reconsider its April 17, 2012 Opinion, considering that the Title Insurance Defendants never asked for an extension of time to file a motion for reconsideration, and particularly given that the Title Insurance Defendants did move for reconsideration and specifically chose not to move on this issue of diminution in value or foreseeability.  Accordingly, this Court should respectfully clarify its decision which stated "WSI's claim for damages arising out of the failed merger between Walsh Holding and RBMG is dismissed with prejudice."  (August 10 Opinion at 9).  While those plain terms are clear to

Plaintiff, it would aid this litigation for the Court to unambiguously clarify that its August 10 Opinion did not alter the Court's April 17 Opinion that Walsh Securities is entitled to pursue its claim for damages resulting from its diminution in value.

## CONCLUSION

For the foregoing reasons, Plaintiff Walsh Securities, Inc. requests that the Court clarify that its Opinions and Orders do not bar Plaintiff from pursuing its claims seeking damages related to its own diminution in value and that its holding on the Title Insurance Defendants' Motion for Partial Reconsideration held that only "WSI's claim for damages arising out of the failed merger between Walsh Holding and RBMG is dismissed with prejudice." In addition, Plaintiff respectfully requests that this Court impose sanctions on the Title Insurance Defendants to compensate it for being forced into unnecessary motion practice on an issue that is clearly contrary to this Court's holdings.

Respectfully submitted,

/s/ Robert A. Magnanini
Robert A. Magnanini
Amy Walker Wagner
Daniel Ian Mee
STONE & MAGNANINI LLP
150 JFK Parkway, 4th Floor
Short Hills, NJ  07078
(973) 218-1111

*Attorneys for Plaintiff Walsh Securities, Inc.*

Dated: September 21, 2012

11