# STONE M MAGNANINI
## LLP

COMPLEX COMMERCIAL LITIGATION

**NEW JERSEY OFFICES**   150 JFK Parkway, Short Hills, NJ 07078   P 973.218.1111   F 973.218.1106

October 12, 2012

**VIA CM/ECF AND FEDERAL EXPRESS**

Honorable Joseph A. Dickson
United States District Court for the
District of New Jersey
M.L. King Federal Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:   *Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.*
            Case No.: 97-3496 (DRD/JAD)

Dear Judge Dickson:

      This firm represents Plaintiff Walsh Securities, Inc. ("Plaintiff") in the above-referenced matter. We write to request leave to file a motion for a protective order or to quash the 830 Requests for Admissions ("RFAs") that Defendants Commonwealth Land Title Insurance Company ("Commonwealth"), Fidelity National Title Insurance Co. of New York ("Fidelity"), and Nations Title Insurance of New York, Inc. ("Nations") (collectively the "Title Insurance Defendants") recently served upon Plaintiff. (*See* Exhibits A and B.)

      These RFAs are untimely and improper since they fail to comply with the fact discovery deadline of October 10, 2011 as set forth in the Court's final July 19, 2011 Scheduling Order. [Doc. Entry 458.] In fact, the Title Insurance Defendants recently represented to the Court, in a status letter dated August 21, 2012, that: "All fact discovery has been completed with one exception. Magistrate Judge Shipp had granted the defendants leave to take an additional two-hour deposition of a Rule 30(b)(6) representative of the plaintiff." [Doc. Entry 553]. The Court has not otherwise entered any Order modifying fact discovery end date which was over one year ago on October 10, 2011. Nevertheless, on September 14, 2012 and September 25, 2012 the Title Insurance Defendants served Plaintiff with 830 RFAs seeking information that should have and could have been collected through interrogatories and/or document requests. These RFAs are an attempt, likely guided by newly appointed/less familiar counsel, for end-run around long past discovery end-dates and the prior discovery orders and opinions by the judges presiding over this case. [*See* Doc. Entries 46, 458, 466, 553.]

      The overwhelming majority of courts have held that RFAs are discovery devices that must be served within sufficient time to allow responses to be served prior to the close of fact discovery. *See, e.g., McNeil v. City of Pittsburgh*, No. 09-825, 2011 U.S. Dist. LEXIS 134251, at *5 (W.D. Pa. Nov. 21, 2011); *Freeman v. Napier*, 274 F.R.D. 610, 612-13 (E.D. Mich. 2011); *U.S. ex rel. Fry v. Guidant Corp.*, No. 3:03-0842, 2010 U.S. Dist. LEXIS 72137, 7-8 (M.D. Tenn. July 19, 2010); *3M Innovative Props. Co. v. DuPont Dow Elastomers, LLC*, No. 03-3364, 2005 U.S. Dist. LEXIS 47972, at *5 (D. Minn. Aug. 29, 2005); *Brodeur v. McNamee*, No. 3:02-

cv-823, 2005 U.S. Dist. LEXIS 14939, at *9 (N.D.N.Y. 2005); *Shroyer v. Vaughn*, No. 1:00-CV-256, 2002 U.S. Dist. LEXIS 28741, at *5 n.2 (N.D. Ind. July 10, 2002); *Joseph L. v. Connecticut Dep't of Children & Families*, 225 F.R.D. 400, 403 (D. Conn. 2005); *Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001); *Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*, No. 00-cv-5960, 2001 U.S. Dist. LEXIS 6616, at *2-3 (S.D.N.Y. May 16, 2001); *Coram Health Care Corp. of Ill. v. MCI Worldcom Communs., Inc.*, No. 01-cv-1096, 2001 U.S. Dist. LEXIS 18909, at *8-10 (N.D. Ill. Nov. 15, 2001).

Unlike the issue presented here, Defendants may cite to one distinguishable case in New Jersey that goes against the vast case law cited above. The court's dicta in *RLA Mktg. v. Wham-O, Inc.*, 2007 U.S. Dist. LEXIS 16629, 9-17 (D.N.J. Mar. 5, 2007) relied on two cases from foreign jurisdictions to suggest that that RFAs are not subject to discovery cutoff dates since the parties are not actually seeking to discover anything. *See id.* (citing *O'Neill v. Medad*, 166 F.R.D. 19, 21-22 (E.D. Mich. 1996); *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614 (W.D. Tenn. 1989)). Then Magistrate Judge Salas ultimately ruled on other grounds to allow the RFAs. *RLA Mktg*, 2007 U.S. Dist. LEXIS 16629 (the Court "concluded that it need not define Requests for Admissions as discovery or non-discovery to rule on WHAM-O's motion and leaves this discussion for a time when it is more properly before this Court. The Motion can and shall be decided on different grounds."). More importantly, the two cases she cited (1) are not precedential and (2) have since been rejected by other courts in the Sixth Circuit. *See McNeil*, 2011 U.S. Dist. LEXIS 134251, at *5; *Freeman*, 274 F.R.D. at 612-13; *U.S. ex rel. Fry*, 2010 U.S. Dist. LEXIS 72137, at *7-8. As the court in *U.S. ex rel. Fry* more recently explained:

> Although there appears to be a split of authority on whether requests for admission are subject to court-ordered discovery deadlines, the undersigned Magistrate Judge finds the majority of these cases, and the better reasoned cases, conclude that requests for admission are subject to court-ordered discovery deadlines. Moreover, from the practical, utilitarian standpoint, to exempt requests for admission from the court's deadline here would permit the parties to serve requests on their adversaries without limitation -- and potentially generate discovery disputes -- right up to the trial date.

*United States ex rel. Fry*, 2010 U.S. Dist. LEXIS 72137, at *7.

Furthermore, these RFAs contain both document requests and interrogatories, which, *ab initio*, makes them improper. The purpose behind a F.R.C.P. 36, Request for Admission, which, incidentally, is part of Section V, Depositions and Discovery, of the Federal Rules, is for a party to either admit or deny a statement or allegation. The Title Insurance Defendants, however, have propounded requests that require the production of proof – not an admission or a denial. They do not seek to establish facts. Indeed, facts that the Title Insurance Defendants *know* to be true are asked in the negative and then require the production of evidence to support the response. Because the Title Insurance Defendants have failed to adequately search the document repository, and because the time for seeking this information through interrogatories and document requests has already passed, they disguise their document requests and interrogatories as RFAs. This discovery dispute has arisen numerous times and has been decided against them. The Title Insurance Defendants never sought further extensions of discovery and failed to ask for

Honorable Joseph A. Dickson
October 12, 2012
Page 3 of 3

the information that they now want when they propounded their interrogatories and document requests.

      Finally, the requests are so excessive and would impose such a tremendous burden on Plaintiff, as the Defendants no doubt intend, to do their work for them serve up facts and documents on a silver platter so that the Title Insurance Defendants do not have to review the very same files and documents in the document repository that is their obligation. The initial Order by then Magistrate Judge Cavanaugh in establishing the repository made it clear that it is "the responsibility of each party to make arrangements to review the documents and request and pay for specific copies they deem appropriate." [Doc. Entry 46 at ¶ 14.] The Title Insurance Defendants have repeatedly attempted to shift their burden to review the documents onto Plaintiff. Indeed, despite requests by the Title Insurance Defendants, Magistrate Judge Shipp refused to hold, in the Summer of 2011 and the Winter of 2012, that Plaintiff should identify the existence of specific types of documents and their location in the repository. [Doc. Entry 466 and also Telephone Status Conference held on Jan. 25, 2012.] Plaintiff has no obligation to do the work for the Title Insurance Defendants. The Title Insurance Defendants' original counsel, who are very familiar with the Court's rulings concerning this overly-litigated issue, are seeking a fifth bite at the apple. [*See* Doc. Entries 46, 458, 466, 553.]

      This Court has discretion to circumscribe discovery, even of relevant evidence, by making "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). There can be no doubt that there is good cause for this Court to prevent the Title Insurance Defendants from serving untimely discovery requests such that are not only voluminous but are really interrogatories and document requests masked as RFAs. Accordingly, Plaintiff respectfully requests leave to file a motion for a protective order or to quash the Title Insurance Defendants' RFAs.

      Respectfully submitted,

      /s/ Robert A. Magnanini
      Robert A. Magnanini

cc: All Counsel of Record (via CM/ECF)