# EXHIBIT A

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
(212) 407-4823

Attorneys for Defendant
  Commonwealth Land Title Insurance Company

|  | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
|---|---|
| WALSH SECURITIES, INC.,<br>                                        Plaintiff,<br>v.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, DONNA PEPSNY, WEICHERT REALTORS, and VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS,<br>                                        Defendants. | Civil Action No. 97-cv-3496 (DRD) (JAD)<br>Honorable Dickinson R. Debevoise<br><br><br><br>**DEFENDANT COMMONWEALTH LAND TITLE INSURANCE COMPANY'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF** |

Defendant Commonwealth Land Title Insurance Company, Inc. requests that plaintiff, within 30 days after service of this Request, make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the time of trial:

Request No. 1.   Plaintiff did not repurchase the mortgage loan made to Raymond C. Apgar (Loan No. 621713).

      Admitted_____        Denied_____

Request No. 2.   If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 3.   The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Raymond C. Apgar (Loan No. 621713).

      Admitted_____        Denied_____

Request No. 4.   If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 5.   No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Raymond C. Apgar (Loan No. 621713) can be found or is located in the document repository located at plaintiff's counsel's office.

      Admitted_____        Denied_____

Request No. 6.   If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 7.   There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Raymond C. Apgar (Loan No. 621713) or the payment of any consideration therefor.

      Admitted_____        Denied_____

Request No. 8.   If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 9.   The plaintiff does not have the original note executed by Raymond C. Apgar in favor of National Home Funding (Loan No. 621713).

      Admitted_____        Denied_____

Request No. 10. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 11. Plaintiff did not repurchase the mortgage loan made to Raymond C. Apgar (Loan No. 621714).

Admitted_____          Denied_____

Request No. 12. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 13. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Raymond C. Apgar (Loan No. 621714).

Admitted_____          Denied_____

Request No. 14. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 15. No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Raymond C. Apgar (Loan No. 621714) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 16. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 17. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Raymond C. Apgar (Loan No. 621714) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 18. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 19. The plaintiff does not have the original note executed by Raymond C. Apgar in favor of National Home Funding (Loan No. 621714).

Admitted_____          Denied_____

Request No. 20. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

3

Request No. 21. Plaintiff did not repurchase the mortgage loan made to James Ala (Loan No. 622025).

        Admitted_____        Denied_____

Request No. 22. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 23. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to James Ala (Loan No. 622025).

        Admitted_____        Denied_____

Request No. 24. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 25. No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to James Ala (Loan No. 622025) can be found or is located in the document repository located at plaintiff's counsel's office.

        Admitted_____        Denied_____

Request No. 26. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 27. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to James Ala (Loan No. 622025) or the payment of any consideration therefor.

        Admitted_____        Denied_____

Request No. 28. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 29. The plaintiff does not have the original note executed by James Ala in favor of National Home Funding (Loan No. 622025).

        Admitted_____        Denied_____

Request No. 30. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

MEI 14072626v.2

Request No. 31. Plaintiff did not repurchase the mortgage loan made to James Ala (Loan No. 622025).

Admitted_____          Denied_____

Request No. 32. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 33. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to James Ala (Loan No. 622654).

Admitted_____          Denied_____

Request No. 34. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 35. No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to James Ala (Loan No. 622654) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 36. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 37. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to James Ala (Loan No. 622654) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 38. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 39. The plaintiff does not have the original note executed by James Ala in favor of National Home Funding (Loan No. 622654).

Admitted_____          Denied_____

Request No. 40. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

5

Request No. 41. Plaintiff did not repurchase the mortgage loan made to Joseph Amador (Loan No. 622661).

Admitted_____            Denied_____

Request No. 42. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 43. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Joseph Amador (Loan No. 622661).

Admitted_____            Denied_____

Request No. 44. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 45. No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Joseph Amador (Loan No. 622661) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____            Denied_____

Request No. 46. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 47. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Joseph Amador (Loan No. 622661) or the payment of any consideration therefor.

Admitted_____            Denied_____

Request No. 48. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 49. The plaintiff does not have the original note executed by Joseph Amador in favor of National Home Funding (Loan No. 622661).

Admitted_____  .          Denied_____

Request No. 50. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

6

Request No. 51. Plaintiff did not repurchase the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619942).

Admitted_____          Denied_____

Request No. 52. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 53. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619942).

Admitted_____          Denied_____

Request No. 54. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 55. No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619942) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 56. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 57. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619942) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 58. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 59. The plaintiff does not have the original note executed by Ronald C. Balogh Jr. in favor of National Home Funding (Loan No. 619942).

Admitted_____          Denied_____

Request No. 60. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

7

Request No. 61. Plaintiff did not repurchase the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619946).

        Admitted_____        Denied_____

Request No. 62. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 63. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619946).

        Admitted_____        Denied_____

Request No. 64. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 65. No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619946) can be found or is located in the document repository located at plaintiff's counsel's office.

        Admitted_____        Denied_____

Request No. 66. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 67. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619946) or the payment of any consideration therefor.

        Admitted_____        Denied_____

Request No. 68. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 69. The plaintiff does not have the original note executed by Ronald C. Balogh Jr. in favor of National Home Funding (Loan No. 619946).

        Admitted_____        Denied_____

Request No. 70. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

8

Request No. 71. Plaintiff did not repurchase the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619948).

Admitted_____          Denied_____

Request No. 72. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 73. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619948).

Admitted_____          Denied_____

Request No. 74. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 75. No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619948) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 76. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 77. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619948) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 78. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 79. The plaintiff does not have the original note executed by Ronald C. Balogh Jr. in favor of National Home Funding (Loan No. 619948).

Admitted_____          Denied_____

Request No. 80. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

9

Request No. 81. Plaintiff did not repurchase the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619949).

Admitted_____          Denied_____

Request No. 82. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 83. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619949).

Admitted_____          Denied_____

Request No. 84. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 85. No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619949) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 86. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 87. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Ronald C. Balogh Jr. (Loan No. 619949) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 88. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 89. The plaintiff does not have the original note executed by Ronald C. Balogh Jr. in favor of National Home Funding (Loan No. 619949).

Admitted_____          Denied_____

Request No. 90. If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

ME1 14072626v.2

Request No. 91. Plaintiff did not repurchase the mortgage loan made to Rafael Bustos, Sr. (Loan No. 622626).

        Admitted_____        Denied_____

Request No. 92. If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 93. The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Rafael Bustos, Sr. (Loan No. 622626).

        Admitted_____        Denied_____

Request No. 94. If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 95. No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Rafael Bustos, Sr. (Loan No. 622626) can be found or is located in the document repository located at plaintiff's counsel's office.

        Admitted_____        Denied_____

Request No. 96. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 97. There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Rafael Bustos, Sr. (Loan No. 622626) or the payment of any consideration therefor.

        Admitted_____        Denied_____

Request No. 98. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 99. The plaintiff does not have the original note executed by Rafael Bustos, Sr. in favor of National Home Funding (Loan No. 622626).

        Admitted_____        Denied_____

Request No. 100.      If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 101.    Plaintiff did not repurchase the mortgage loan made to Nicholas Cosares (Loan No. 619959).

Admitted_____    Denied_____

Request No. 102.    If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 103.    The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 619959).

Admitted_____    Denied_____

Request No. 104.    If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 105.    No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 619959) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____    Denied_____

Request No. 106.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 107.    There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 619959) or the payment of any consideration therefor.

Admitted_____    Denied_____

Request No. 108.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 109.    The plaintiff does not have the original note executed by Nicholas Cosares in favor of National Home Funding (Loan No. 619959).

Admitted_____    Denied_____

Request No. 110.    If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

12

Request No. 111.      Plaintiff did not repurchase the mortgage loan made to Mario Cuzzi Jr.

(Loan No. 623309).

Admitted_____      Denied_____

Request No. 112.      If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 113.      The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Mario Cuzzi Jr. (Loan No. 623309).

Admitted_____      Denied_____

Request No. 114.      If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 115.      No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Mario Cuzzi Jr. (Loan No. 623309) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____ Denied_____

Request No. 116.      If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 117.      There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Mario Cuzzi Jr. (Loan No. 623309) or the payment of any consideration therefor.

Admitted_____      Denied_____

Request No. 118.      If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 119.      The plaintiff does not have the original note executed by Mario Cuzzi Jr. in

favor of National Home Funding (Loan No. 623309).

Admitted_____      Denied_____

Request No. 120.      If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

13

ME1 14072626v.2

Request No. 121.      Plaintiff did not repurchase the mortgage loan made to Lawrence Cuzzi (Loan No. 623848).

Admitted_____      Denied_____

Request No. 122.      If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 123.      The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Lawrence Cuzzi (Loan No. 623848).

Admitted_____      Denied_____

Request No. 124.      If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 125.      No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Lawrence Cuzzi (Loan No. 623848) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____      Denied_____

Request No. 126.      If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 127.      There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Lawrence Cuzzi (Loan No. 623848) or the payment of any consideration therefor.

Admitted_____      Denied_____

Request No. 128.      If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 129.      The plaintiff does not have the original note executed by Lawrence Cuzzi in favor of National Home Funding (Loan No. 623848).

Admitted_____      Denied_____

Request No. 130.      If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

14

ME1 14072626v.2

Request No. 131.        Plaintiff did not repurchase the mortgage loan made to Paul Desilva (Loan No. 628562).

Admitted_____        Denied_____

Request No. 132.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 133.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Paul Desilva (Loan No. 628562).

Admitted_____        Denied_____

Request No. 134.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 135.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Paul Desilva (Loan No. 628562) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 136.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 137.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Paul Desilva (Loan No. 628562) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 138.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 139.        The plaintiff does not have the original note executed by Paul Desilva in favor of National Home Funding (Loan No. 628562).

Admitted_____        Denied_____

Request No. 140.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

15

Request No. 141.      Plaintiff did not repurchase the mortgage loan made to Dimitar D. Deliyski (Loan No. 624170).

Admitted_____          Denied_____

Request No. 142.      If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 143.      The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Dimitar D. Deliyski (Loan No. 624170).

Admitted_____          Denied_____

Request No. 144.      If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 145.      No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Dimitar D. Deliyski (Loan No. 624170) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____     Denied_____

Request No. 146.      If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 147.      There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Dimitar D. Deliyski (Loan No. 624170) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 148.      If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 149.      The plaintiff does not have the original note executed by Dimitar D. Deliyski in favor of National Home Funding (Loan No. 624170).

Admitted_____          Denied_____

Request No. 150.      If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

16

MEI 14072626v.2

Request No. 151.     Plaintiff did not repurchase the mortgage loan made to Donald Divencenzo (Loan No. 622861).

Admitted_____     Denied_____

Request No. 152.     If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 153.     The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Donald Divencenzo (Loan No. 622861).

Admitted_____     Denied_____

Request No. 154.     If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 155.     No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Donald Divencenzo (Loan No. 622861) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____     Denied_____

Request No. 156.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 157.     There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Donald Divencenzo (Loan No. 622861) or the payment of any consideration therefor.

Admitted_____     Denied_____

Request No. 158.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 159.     The plaintiff does not have the original note executed by Donald Divencenzo in favor of National Home Funding (Loan No. 622861).

Admitted_____     Denied_____

Request No. 160.     If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 161.    Plaintiff did not repurchase the mortgage loan made to Louis Dicaro Jr. (Loan No. 622018).

Admitted_____        Denied_____

Request No. 162.    If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 163.    The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Louis Dicaro Jr. (Loan No. 622018).

Admitted_____        Denied_____

Request No. 164.    If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 165.    No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Louis Dicaro Jr. (Loan No. 622018) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 166.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 167.    There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Louis Dicaro Jr. (Loan No. 622018) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 168.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 169.    The plaintiff does not have the original note executed by Louis Dicaro Jr. in favor of National Home Funding (Loan No. 622018).

Admitted_____        Denied_____

Request No. 170.    If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

18

ME1 14072626v.2

Request No. 171.     Plaintiff did not repurchase the mortgage loan made to Thomas J. Oldonna Jr. (Loan No. 622008).

Admitted_____     Denied_____

Request No. 172.     If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 173.     The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Thomas J. Oldonna Jr. (Loan No. 622008).

Admitted_____     Denied_____

Request No. 174.     If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 175.     No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Thomas J. Oldonna Jr. (Loan No. 622008) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____     Denied_____

Request No. 176.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 177.     There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Thomas J. Oldonna Jr. (Loan No. 622008) or the payment of any consideration therefor.

Admitted_____     Denied_____

Request No. 178.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 179.     The plaintiff does not have the original note executed by Thomas J. Oldonna Jr. in favor of National Home Funding (Loan No. 622008).

Admitted_____     Denied_____

Request No. 180.       If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 181.       Plaintiff did not repurchase the mortgage loan made to Thomas J. Oldonna Jr. (Loan No. 622010).

Admitted_____       Denied_____

Request No. 182.       If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 183.       The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Thomas J. Oldonna Jr. (Loan No. 622010).

Admitted_____       Denied_____

Request No. 184.       If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 185.       No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Thomas J. Oldonna Jr. (Loan No. 622010) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____       Denied_____

Request No. 186.       If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 187.       There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Thomas J. Oldonna Jr. (Loan No. 622010) or the payment of any consideration therefor.

Admitted_____       Denied_____

Request No. 188.       If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

20

ME1 14072626v.2

Request No. 189.        The plaintiff does not have the original note executed by Thomas J.

Oldonna Jr. in favor of National Home Funding (Loan No. 622010).

Admitted_____          Denied_____

Request No. 190.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 191.        Plaintiff did not repurchase the mortgage loan made to Amanda Dippolito

(Loan No. 624695).

Admitted_____          Denied_____

Request No. 192.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 193.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Amanda Dippolito (Loan No. 624695).

Admitted_____          Denied_____

Request No. 194.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 195.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Amanda Dippolito (Loan No. 624695) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 196.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 197.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Amanda Dippolito (Loan No. 624695) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 198.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

21

Request No. 199.      The plaintiff does not have the original note executed by Amanda Dippolito in favor of National Home Funding (Loan No. 624695).

Admitted_____          Denied_____

Request No. 200.      If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 201.      Plaintiff did not repurchase the mortgage loan made to Anthony W. Fania Jr. (Loan No. 626827).

Admitted_____          Denied_____

Request No. 202.      If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 203.      The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Anthony W. Fania Jr. (Loan No. 626827).

Admitted_____          Denied_____

Request No. 204.      If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 205.      No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Anthony W. Fania Jr. (Loan No. 626827) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 206.      If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 207.      There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Anthony W. Fania Jr. (Loan No. 626827) or the payment of any consideration therefor.

Admitted_____          Denied_____

22

Request No. 208.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 209.        The plaintiff does not have the original note executed by Anthony W. Fania

Jr. in favor of National Home Funding (Loan No. 626827).

Admitted_____          Denied_____

Request No. 210.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 211.        Plaintiff did not repurchase the mortgage loan made to Barbara Freeden

(Loan No. 626849).

Admitted_____          Denied_____

Request No. 212.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 213.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Barbara Freeden (Loan No. 626849).

Admitted_____          Denied_____

Request No. 214.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 215.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Barbara Freeden (Loan No. 626849) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____ Denied_____

Request No. 216.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 217.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Barbara Freeden (Loan No. 626849) or the payment of any consideration therefor.

Admitted_____          Denied_____

23

Request No. 218.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 219.        The plaintiff does not have the original note executed by Barbara Freeden in favor of National Home Funding (Loan No. 626849).

Admitted_____        Denied_____

Request No. 220.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 221.        Plaintiff did not repurchase the mortgage loan made to Fred Fusco (Loan No. 626019).

Admitted_____        Denied_____

Request No. 222.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 223.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Fred Fusco (Loan No. 626019).

Admitted_____        Denied_____

Request No. 224.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 225.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Fred Fusco (Loan No. 626019) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 226.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 227.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Fred Fusco (Loan No. 626019) or the payment of any consideration therefor.

Admitted_____        Denied_____

24

ME1 14072626v.2

Request No. 228.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 229.        The plaintiff does not have the original note executed by Fred Fusco in favor of National Home Funding (Loan No. 626019).

Admitted_____          Denied_____

Request No. 230.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 231.        Plaintiff did not repurchase the mortgage loan made to Plamen Hristov (Loan No. 621719).

Admitted_____          Denied_____

Request No. 232.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 233.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Plamen Hristov (Loan No. 621719).

Admitted_____          Denied_____

Request No. 234.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 235.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Plamen Hristov (Loan No. 621719) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 236.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 237.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Plamen Hristov (Loan No. 621719) or the payment of any consideration therefor.

Admitted_____          Denied_____

25

Request No. 238.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 239.          The plaintiff does not have the original note executed by Plamen Hristov in favor of National Home Funding (Loan No. 621719).

Admitted_____          Denied_____

Request No. 240.          If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 241.          Plaintiff did not repurchase the mortgage loan made to John Glenn Keleher (Loan No. 628856).

Admitted_____          Denied_____

Request No. 242.          If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 243.          The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to John Glenn Keleher (Loan No. 628856).

Admitted_____          Denied_____

Request No. 244.          If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 245.          No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to John Glenn Keleher (Loan No. 628856) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 246.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 247.          There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to John Glenn Keleher (Loan No. 628856) or the payment of any consideration therefor.

Admitted_____          Denied_____

26

Request No. 248.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 249.        The plaintiff does not have the original note executed by John Glenn

Keleher in favor of National Home Funding (Loan No. 628856).

Admitted_____          Denied_____

Request No. 250.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 251.        Plaintiff did not repurchase the mortgage loan made to George T. Leodis

(Loan No. 619484).

Admitted_____          Denied_____

Request No. 252.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 253.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619484).

Admitted_____          Denied_____

Request No. 254.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 255.        No written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to George T. Leodis (Loan No. 619484) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 256.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 257.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to George T. Leodis (Loan No. 619484) or the payment of any consideration therefor.

Admitted_____          Denied_____

27

Request No. 258.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 259.        The plaintiff does not have the original note executed by George T. Leodis in favor of National Home Funding (Loan No. 619484).

Admitted_____        Denied_____

Request No. 260.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 261.        Plaintiff did not repurchase the mortgage loan made to George T. Leodis (Loan No. 619485).

Admitted_____        Denied_____

Request No. 262.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 263.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619485).

Admitted_____        Denied_____

Request No. 264.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 265.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619485) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 266.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 267.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619485) or the payment of any consideration therefor.

Admitted_____        Denied_____

28

Request No. 268.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 269.        The plaintiff does not have the original note executed by George T. Leodis in favor of National Home Funding (Loan No. 619485).

Admitted_____          Denied_____

Request No. 270.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 271.        Plaintiff did not repurchase the mortgage loan made to George T. Leodis (Loan No. 619957).

Admitted_____          Denied_____

Request No. 272.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 273.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619957).

Admitted_____          Denied_____

Request No. 274.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 275.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619957) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 276.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 277.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619957) or the payment of any consideration therefor.

Admitted_____          Denied_____

29

MEI 14072626v.2

Request No. 278.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 279.        The plaintiff does not have the original note executed by George T. Leodis in favor of National Home Funding (Loan No. 619957).

Admitted_____        Denied_____

Request No. 280.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 281.        Plaintiff did not repurchase the mortgage loan made to David A. Liebler (Loan No. 618728).

Admitted_____        Denied_____

Request No. 282.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 283.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to David A. Liebler (Loan No. 618728).

Admitted_____        Denied_____

Request No. 284.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 285.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to David A. Liebler (Loan No. 618728) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 286.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 287.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to David A. Liebler (Loan No. 618728) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 288.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 289.        The plaintiff does not have the original note executed by David A. Liebler

in favor of National Home Funding (Loan No. 618728).

Admitted_____        Denied_____

Request No. 290.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 291.        Plaintiff did not repurchase the mortgage loan made to Joseph Piscioneri

(Loan No. 622650).

Admitted_____        Denied_____

Request No. 292.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 293.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Joseph Piscioneri (Loan No. 622650).

Admitted_____        Denied_____

Request No. 294.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 295.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Joseph Piscioneri (Loan No. 622650) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 296.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 297.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Joseph Piscioneri (Loan No. 622650) or the payment of any consideration therefor.

Admitted_____        Denied_____

31

Request No. 298.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 299.        The plaintiff does not have the original note executed by Joseph Piscioneri in favor of National Home Funding (Loan No. 622650).

Admitted_____        Denied_____

Request No. 300.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 301.        Plaintiff did not repurchase the mortgage loan made to Kimberly E. Powell (Loan No. 624172).

Admitted_____        Denied_____

Request No. 302.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 303.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Kimberly E. Powell (Loan No. 624172).

Admitted_____        Denied_____

Request No. 304.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 305.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Kimberly E. Powell (Loan No. 624172) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 306.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 307.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Kimberly E. Powell (Loan No. 624172) or the payment of any consideration therefor.

Admitted_____        Denied_____

32

Request No. 308.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 309.        The plaintiff does not have the original note executed by Kimberly E.

Powell in favor of National Home Funding (Loan No. 624172).

Admitted_____        Denied_____

Request No. 310.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 311.        Plaintiff did not repurchase the mortgage loan made to Brian G. Reilly

(Loan No. 622658).

Admitted_____        Denied_____

Request No. 312.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 313.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Brian G. Reilly (Loan No. 622658).

Admitted_____        Denied_____

Request No. 314.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 315.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Brian G. Reilly (Loan No. 622658) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 316.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 317.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Brian G. Reilly (Loan No. 622658) or the payment of any consideration therefor.

Admitted_____        Denied_____

33

Request No. 318.       If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 319.       The plaintiff does not have the original note executed by Brian G. Reilly in favor of National Home Funding (Loan No. 622658).

Admitted_____          Denied_____

Request No. 320.       If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 321.       Plaintiff did not repurchase the mortgage loan made to Pamela Ricigliano (Loan No. 622622).

Admitted_____          Denied_____

Request No. 322.       If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 323.       The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Pamela Ricigliano (Loan No. 622622).

Admitted_____          Denied_____

Request No. 324.       If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 325.       No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Pamela Ricigliano (Loan No. 622622) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 326.       If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 327.       There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Pamela Ricigliano (Loan No. 622622) or the payment of any consideration therefor.

Admitted_____          Denied_____

34

Request No. 328.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 329.        The plaintiff does not have the original note executed by Pamela Ricigliano in favor of National Home Funding (Loan No. 622622).

Admitted_____        Denied_____

Request No. 330.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 331.        Plaintiff did not repurchase the mortgage loan made to Loretta Rizzuto (Loan No. 622016).

Admitted_____        Denied_____

Request No. 332.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 333.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622016).

Admitted_____        Denied_____

Request No. 334.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 335.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622016) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 336.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 337.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622016) or the payment of any consideration therefor.

Admitted_____        Denied_____

35

Request No. 338.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 339.        The plaintiff does not have the original note executed by Loretta Rizzuto in favor of National Home Funding (Loan No. 622016).

Admitted_____          Denied_____

Request No. 340.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 341.        Plaintiff did not repurchase the mortgage loan made to Loretta Rizzuto (Loan No. 622017).

Admitted_____          Denied_____

Request No. 342.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 343.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622017).

Admitted_____          Denied_____

Request No. 344.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 345.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622017) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 346.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 347.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622017) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 348.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 349.        The plaintiff does not have the original note executed by Loretta Rizzuto in favor of National Home Funding (Loan No. 622017).

Admitted_____        Denied_____

Request No. 350.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 351.        Plaintiff did not repurchase the mortgage loan made to Loretta Rizzuto (Loan No. 622020).

Admitted_____        Denied_____

Request No. 352.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 353.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622020).

Admitted_____        Denied_____

Request No. 354.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 355.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622020) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 356.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 357.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Loretta Rizzuto (Loan No. 622020) or the payment of any consideration therefor.

Admitted_____        Denied_____

37

Request No. 358.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 359.    The plaintiff does not have the original note executed by Loretta Rizzuto in favor of National Home Funding (Loan No. 622020).

Admitted_____    Denied_____

Request No. 360.    If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 361.    Plaintiff did not repurchase the mortgage loan made to Alphonse Salvatoriello (Loan No. 619487).

Admitted_____    Denied_____

Request No. 362.    If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 363.    The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619487).

Admitted_____    Denied_____

Request No. 364.    If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 365.    No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619487) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____    Denied_____

Request No. 366.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 367.    There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Alphonse Salvatoriello (Loan No. 619487) or the payment of any consideration therefor.

Admitted_____       Denied_____

Request No. 368.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 369.        The plaintiff does not have the original note executed by Alphonse Salvatoriello in favor of National Home Funding (Loan No. 619487).

Admitted_____       Denied_____

Request No. 370.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 371.        Plaintiff did not repurchase the mortgage loan made to Alphonse Salvatoriello (Loan No. 619488).

Admitted_____       Denied_____

Request No. 372.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 373.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619488).

Admitted_____       Denied_____

Request No. 374.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 375.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619488) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____       Denied_____

Request No. 376.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

39

Request No. 377.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619488) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 378.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 379.        The plaintiff does not have the original note executed by Alphonse Salvatoriello in favor of National Home Funding (Loan No. 619488).

Admitted_____        Denied_____

Request No. 380.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 381.        Plaintiff did not repurchase the mortgage loan made to Alphonse Salvatoriello (Loan No. 619589).

Admitted_____        Denied_____

Request No. 382.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 383.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619589).

Admitted_____        Denied_____

Request No. 384.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 385.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619589) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

MEI 14072626v.2

Request No. 386.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 387.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Alphonse Salvatoriello (Loan No. 619589) or the payment of any consideration

therefor.

Admitted_____        Denied_____

Request No. 388.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 389.        The plaintiff does not have the original note executed by Alphonse

Salvatoriello in favor of National Home Funding (Loan No. 619589).

Admitted_____        Denied_____

Request No. 390.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 391.        Plaintiff did not repurchase the mortgage loan made to Alphonse

Salvatoriello (Loan No. 619590).

Admitted_____        Denied_____

Request No. 392.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 393.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No.

619590).

Admitted_____        Denied_____

Request No. 394.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 395.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619590) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____      Denied_____

Request No. 396.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 397.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619590) or the payment of any consideration therefor.

Admitted_____      Denied_____

Request No. 398.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 399.        The plaintiff does not have the original note executed by Alphonse Salvatoriello in favor of National Home Funding (Loan No. 619590).

Admitted_____      Denied_____

Request No. 400.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 401.        Plaintiff did not repurchase the mortgage loan made to Carmen Southern (Loan No. 626014).

Admitted_____      Denied_____

Request No. 402.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 403.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Carmen Southern (Loan No. 626014).

Admitted_____      Denied_____

Request No. 404.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 405.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Carmen Southern (Loan No. 626014) can be found or is located in the document

repository located at plaintiff's counsel's office.

        Admitted_____   Denied_____

Request No. 406.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 407.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Carmen Southern (Loan No. 626014) or the payment of any consideration therefor.

        Admitted_____        Denied_____

Request No. 408.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 409.        The plaintiff does not have the original note executed by Carmen Southern

in favor of National Home Funding (Loan No. 626014).

        Admitted_____        Denied_____

Request No. 410.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 411.        Plaintiff did not repurchase the mortgage loan made to Janice Vilardi (Loan

No. 626824).

        Admitted_____        Denied_____

Request No. 412.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 413.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Janice Vilardi (Loan No. 626824).

        Admitted_____        Denied_____

43

Request No. 414.       If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 415.       No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Janice Vilardi (Loan No. 626824) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____   Denied_____

Request No. 416.       If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 417.       There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Janice Vilardi (Loan No. 626824) or the payment of any consideration therefor.

Admitted_____   Denied_____

Request No. 418.       If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 419.       The plaintiff does not have the original note executed by Janice Vilardi in favor of National Home Funding (Loan No. 626824).

Admitted_____   Denied_____

Request No. 420.       If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 421.       Plaintiff did not repurchase the mortgage loan made to Janice Vilardi (Loan No. 627997).

Admitted_____   Denied_____

Request No. 422.       If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 423.       The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Janice Vilardi (Loan No. 627997).

Admitted_____   Denied_____

44

Request No. 424.        If the answer to the above is anything other than an unqualified "Admitted,"
produce the original or a copy of said written assignment.

Request No. 425.        No  written assignment reflecting the repurchase by the plaintiff of the
mortgage loan made to Janice Vilardi (Loan No. 627997) can be found or is located in the document
repository located at plaintiff's counsel's office.

Admitted_____    Denied_____

Request No. 426.        If the answer to the above is anything other than an unqualified "Admitted,"
furnish a copy of said written assignment.

Request No. 427.        There are no other documents of any kind (including, without limitation,
wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the
mortgage loan made to Janice Vilardi (Loan No. 627997) or the payment of any consideration therefor.

Admitted_____    Denied_____

Request No. 428.        If the answer to the above is anything other than an unqualified "Admitted,"
furnish a copy of said documents.

Request No. 429.        The plaintiff does not have the original note executed by Janice Vilardi in
favor of National Home Funding (Loan No. 627997).

Admitted_____    Denied_____

Request No. 430.        If the answer to the above is anything other than an unqualified "Admitted,"
produce the original of the note.

Request No. 431.        Plaintiff did not repurchase the mortgage loan made to Susan Viscardo
(Loan No. 623846).

Admitted_____    Denied_____

Request No. 432.        If the answer to the above is anything other than an unqualified "Admitted,"
produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 433.        The plaintiff does not have the original or a copy of any written assignment
reflecting the repurchase by plaintiff of the mortgage loan made to Susan Viscardo (Loan No. 623846).

Admitted_____    Denied_____

45

Request No. 434.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 435.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Susan Viscardo (Loan No. 623846) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____    Denied_____

Request No. 436.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 437.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Susan Viscardo (Loan No. 623846) or the payment of any consideration therefor.

Admitted_____    Denied_____

Request No. 438.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 439.        The plaintiff does not have the original note executed by Susan Viscardo in favor of National Home Funding (Loan No. 623846).

Admitted_____    Denied_____

Request No. 440.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 441.        Plaintiff did not repurchase the mortgage loan made to Susan Viscardo (Loan No. 624260).

Admitted_____    Denied_____

Request No. 442.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 443.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Susan Viscardo (Loan No. 624260).

Admitted_____    Denied_____

46

Request No. 444.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 445.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Susan Viscardo (Loan No. 624260) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____    Denied_____

Request No. 446.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 447.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Susan Viscardo (Loan No. 624260) or the payment of any consideration therefor.

Admitted_____    Denied_____

Request No. 448.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 449.        The plaintiff does not have the original note executed by Susan Viscardo in favor of National Home Funding (Loan No. 624260).

Admitted_____    Denied_____

Request No. 450.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.


McCarter & English, LLP
Attorneys for Defendant
 Commonwealth Land Title Insurance Company


By:

David R. Kott
A Member of the Firm

Dated: 9-14-12

ME1 14072626v.2