# EXHIBIT B

**FOX ROTHSCHILD**
2000 Market Street, Twentieth Floor
Philadelphia, PA 19103
(215) 299-2092

**LOEB & LOEB LLP**
345 Park Avenue
New York, New York 10154
(212) 407-4823

Attorneys for Defendants
  Fidelity National Title Insurance Company
  and Nations Title Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WALSH SECURITIES, INC.,<br><br>                        Plaintiff,<br><br>v.<br><br>CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, RONALD J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, COASTAL TITLE AGENCY, DONNA PEPSNY, WEICHERT REALTORS, and VECCHIO REALTY, INC. D/B/A MURPHY REALTY BETTER HOMES and GARDENS,<br><br>                        Defendants. | Civil Action No. 97-cv-3496 (DRD) (JAD)<br>Honorable Dickinson R. Debevoise<br><br><br><br>**DEFENDANTS FIDELITY NATIONAL TITLE INSURANCE COMPANY AND NATIONS TITLE INSURANCE COMPANY'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF** |

Defendants, Fidelity National Title Insurance Company and Nations Title Insurance Company,

hereby request that plaintiff, within 30 days after service of this Request, make the following admissions

for the purpose of this action only and subject to all pertinent objections to admissibility which may be

interposed at the time of trial:

Request No. 1.        Plaintiff did not repurchase the mortgage loan made to James Ala (Loan No. 622655).

Admitted_____        Denied_____

Request No. 2.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 3.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to James Ala  (Loan No. 622655).

Admitted_____        Denied_____

Request No. 4.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 5.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to James Ala  (Loan No. 622655) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 6.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 7.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to James Ala  (Loan No. 622655) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 8.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 9.        The plaintiff does not have the original note executed by James Ala  in favor of National Home Funding (Loan No. 622655).

Admitted_____        Denied_____

Request No. 10.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 11.        Plaintiff did not repurchase the mortgage loan made to Christopher

Crawford  (Loan No. 627288).

Admitted_____        Denied_____

Request No. 12.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 13.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Christopher Crawford (Loan No. 627288).

Admitted_____        Denied_____

Request No. 14.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 15.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Christopher Crawford (Loan No. 627288) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 16.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 17.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Christopher Crawford (Loan No. 627288) or the payment of any consideration

therefor.

Admitted_____        Denied_____

Request No. 18.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 19.        The plaintiff does not have the original note executed by Christopher Crawford in favor of National Home Funding (Loan No. 627288).

Admitted_____        Denied_____

Request No. 20.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 21.        Plaintiff did not repurchase the mortgage loan made to Mario Cuzzi, Jr. (Loan No. 623303).

Admitted_____        Denied_____

Request No. 22.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 23.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Mario Cuzzi, Jr. (Loan No. 623303).

Admitted_____        Denied_____

Request No. 24.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 25.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Mario Cuzzi, Jr. (Loan No. 623303) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 26.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 27.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Mario Cuzzi, Jr. (Loan No. 623303) or the payment of any consideration therefor.

Admitted_____        Denied_____

4

Request No. 28.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 29.     The plaintiff does not have the original note executed by Mario Cuzzi, Jr. in favor of National Home Funding (Loan No. 623303).

Admitted_____     Denied_____

Request No. 30.     If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 31.     Plaintiff did not repurchase the mortgage loan made to Mario Cuzzi, Sr. (Loan No. 623306).

Admitted_____     Denied_____

Request No. 32.     If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 33.     The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Mario Cuzzi, Sr. (Loan No. 623306).

Admitted_____     Denied_____

Request No. 34.     If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 35.     No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Mario Cuzzi, Sr. (Loan No. 623306) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____     Denied_____

Request No. 36.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 37.     There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Mario Cuzzi, Sr. (Loan No. 623306) or the payment of any consideration therefor.

Admitted_____    Denied_____

Request No. 38.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 39.    The plaintiff does not have the original note executed by Mario Cuzzi, Sr. in favor of National Home Funding (Loan No. 623306).

Admitted_____    Denied_____

Request No. 40.    If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 41.    Plaintiff did not repurchase the mortgage loan made to Dimitar D. Deliyski (Loan No. 624171).

Admitted_____    Denied_____

Request No. 42.    If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 43.    The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Dimitar D. Deliyski (Loan No. 624171).

Admitted_____    Denied_____

Request No. 44.    If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 45.    No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Dimitar D. Deliyski (Loan No. 624171) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____    Denied_____

Request No. 46.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 47.    There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Dimitar D. Deliyski (Loan No. 624171) or the payment of any consideration therefor.

Admitted_____    Denied_____

Request No. 48.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 49.    The plaintiff does not have the original note executed by Dimitar D. Deliyski in favor of National Home Funding (Loan No. 624171).

Admitted_____    Denied_____

Request No. 50.    If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 51.    Plaintiff did not repurchase the mortgage loan made to Michael Dippolito (Loan No. 624692).

Admitted_____    Denied_____

Request No. 52.    If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 53.    The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Michael Dippolito (Loan No. 624692).

Admitted_____    Denied_____

Request No. 54.    If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 55.    No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Michael Dippolito (Loan No. 624692) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____    Denied_____

Request No. 56.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 57.     There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Michael Dippolito (Loan No. 624692) or the payment of any consideration therefor.

Admitted_____     Denied_____

Request No. 58.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 59.     The plaintiff does not have the original note executed by Michael Dippolito in favor of National Home Funding (Loan No. 624692).

Admitted_____     Denied_____

Request No. 60.     If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 61.     Plaintiff did not repurchase the mortgage loan made to Victor Guzman (Loan No. 628930).

Admitted_____     Denied_____

Request No. 62.     If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 63.     The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Victor Guzman (Loan No. 628930).

Admitted_____     Denied_____

Request No. 64.     If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 65.     No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Victor Guzman (Loan No. 628930) can be found or is located in the document repository located at plaintiff's counsel's office.

8

Admitted_____ Denied_____

Request No. 66.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 67.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Victor Guzman (Loan No. 628930) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 68.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 69.        The plaintiff does not have the original note executed by Victor Guzman in favor of National Home Funding (Loan No. 628930).

Admitted_____        Denied_____

Request No. 70.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 71.        Plaintiff did not repurchase the mortgage loan made to Hans and/or Alicia Juergensen (Loan No. 622645).

Admitted_____        Denied_____

Request No. 72.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 73.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Hans and/or Alicia Juergensen (Loan No. 622645).

Admitted_____        Denied_____

Request No. 74.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 75.          No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Hans and/or Alicia Juergensen (Loan No. 622645) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____ Denied_____

Request No. 76. If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 77.          There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Hans and/or Alicia Juergensen (Loan No. 622645) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 78.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 79.          The plaintiff does not have the original note executed by Hans and/or Alicia Juergensen in favor of National Home Funding (Loan No. 622645).

Admitted_____          Denied_____

Request No. 80.          If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 81.          Plaintiff did not repurchase the mortgage loan made to Hans and/or Ralph Juergensen (Loan No. 622863).

Admitted_____          Denied_____

Request No. 82.          If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 83.          The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Hans and/or Ralph Juergensen (Loan No. 622863).

Admitted_____          Denied_____

Request No. 84.          If the answer to the above is anything other than an unqualified "Admitted,"
produce the original or a copy of said written assignment.

Request No. 85.          No  written assignment reflecting the repurchase by the plaintiff of the
mortgage loan made to Hans and/or Ralph Juergensen (Loan No. 622863) can be found or is located in the
document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 86.          If the answer to the above is anything other than an unqualified "Admitted,"
furnish a copy of said written assignment.

Request No. 87.          There are no other documents of any kind (including, without limitation,
wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the
mortgage loan made to Hans and/or Ralph Juergensen (Loan No. 622863) or the payment of any
consideration therefor.

Admitted_____          Denied_____

Request No. 88.          If the answer to the above is anything other than an unqualified "Admitted,"
furnish a copy of said documents.

Request No. 89.          The plaintiff does not have the original note executed by Hans and/or Ralph
Juergensen  in favor of National Home Funding (Loan No. 622863).

Admitted_____          Denied_____

Request No. 90.          If the answer to the above is anything other than an unqualified "Admitted,"
produce the original of the note.

Request No. 91.          Plaintiff did not repurchase the mortgage loan made to Hans Juergensen
(Loan No. 624714).

Admitted_____          Denied_____

Request No. 92.          If the answer to the above is anything other than an unqualified "Admitted,"
produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 93.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Hans Juergensen (Loan No. 624714).

Admitted_____        Denied_____

Request No. 94.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 95.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Hans Juergensen (Loan No. 624714) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 96.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 97.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Hans Juergensen (Loan No. 624714) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 98.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 99.        The plaintiff does not have the original note executed by Hans Juergensen in favor of National Home Funding (Loan No.  624714).

Admitted_____        Denied_____

Request No. 100.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 101.        Plaintiff did not repurchase the mortgage loan made to Hans Juergensen (Loan No. 625058).

Admitted_____        Denied_____

Request No. 102.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 103.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Hans Juergensen  (Loan No. 625058).

Admitted_____        Denied_____

Request No. 104.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 105.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Hans Juergensen  (Loan No. 625058) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 106.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 107.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Hans Juergensen  (Loan No. 625058) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 108.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 109.        The plaintiff does not have the original note executed by Hans Juergensen in favor of National Home Funding (Loan No. 625058).

Admitted_____        Denied_____

Request No. 110.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 111.        Plaintiff did not repurchase the mortgage loan made to Laurie J. Kaczmarek (Loan No. 627377).

13

Admitted_____          Denied_____

Request No. 112.          If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 113.          The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Laurie J. Kaczmarek (Loan No. 627377).

Admitted_____          Denied_____

Request No. 114.          If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 115.          No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Laurie J. Kaczmarek (Loan No. 627377) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 116.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 117.          There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Laurie J. Kaczmarek (Loan No. 627377) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 118.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 119.          The plaintiff does not have the original note executed by Laurie J. Kaczmarek  in favor of National Home Funding (Loan No. 627377).

Admitted_____          Denied_____

Request No. 120.          If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

14

Request No. 121.        Plaintiff did not repurchase the mortgage loan made to Milosh N. Kitchovitch (Loan No. 624493).

Admitted_____        Denied_____

Request No. 122.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 123.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Milosh N. Kitchovitch (Loan No. 624493).

Admitted_____        Denied_____

Request No. 124.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 125.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Milosh N. Kitchovitch (Loan No. 624493) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 126.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 127.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Milosh N. Kitchovitch (Loan No. 624493) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 128.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 129.        The plaintiff does not have the original note executed by Milosh N. Kitchovitch in favor of National Home Funding (Loan No. 624493).

Admitted_____          Denied_____

Request No. 130.          If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 131.          Plaintiff did not repurchase the mortgage loan made to David A. Liebler (Loan No. 618726).

Admitted_____          Denied_____

Request No. 132.          If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 133.          The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to David A. Liebler (Loan No. 618726).

Admitted_____          Denied_____

Request No. 134.          If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 135.          No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to David A. Liebler (Loan No. 618726) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____ Denied_____

Request No. 136.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 137.          There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to David A. Liebler (Loan No. 618726) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 138.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 139.       The plaintiff does not have the original note executed by David A. Liebler in favor of National Home Funding (Loan No. 618726).

Admitted_____       Denied_____

Request No. 140.       If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 141.       Plaintiff did not repurchase the mortgage loan made to Jill A. Montanye (Loan No. 619474).

Admitted_____       Denied_____

Request No. 142.       If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 143.       The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619474).

Admitted_____       Denied_____

Request No. 144.       If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 145.       No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619474) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____       Denied_____

Request No. 146.       If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 147.       There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619474) or the payment of any consideration therefor.

Admitted_____       Denied_____

Request No. 148.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 149.        The plaintiff does not have the original note executed by Jill A. Montanye

in favor of National Home Funding (Loan No. 619474).

Admitted_____        Denied_____

Request No. 150.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 151.        Plaintiff did not repurchase the mortgage loan made to Jill A. Montanye

(Loan No. 619478).

Admitted_____        Denied_____

Request No. 152.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 153.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619478).

Admitted_____        Denied_____

Request No. 154.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 155.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Jill A. Montanye (Loan No. 619478) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 156.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 157.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Jill A. Montanye (Loan No. 619478) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 158.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 159.          The plaintiff does not have the original note executed by Jill A. Montanye in favor of National Home Funding (Loan No. 619478).

Admitted_____          Denied_____

Request No. 160.          If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 161.          Plaintiff did not repurchase the mortgage loan made to Jill A. Montanye (Loan No. 619588).

Admitted_____          Denied_____

Request No. 162.          If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 163.          The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619588).

Admitted_____          Denied_____

Request No. 164.          If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 165.          No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619588) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 166.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 167.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619588) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 168.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 169.        The plaintiff does not have the original note executed by Jill A. Montanye in favor of National Home Funding (Loan No. 619588).

Admitted_____        Denied_____

Request No. 170.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 171.        Plaintiff did not repurchase the mortgage loan made to James Papa (Loan No. 626025).

Admitted_____        Denied_____

Request No. 172.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 173.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to James Papa (Loan No. 626025).

Admitted_____        Denied_____

Request No. 174.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 175.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to James Papa (Loan No. 626025) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 176.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 177.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to James Papa (Loan No. 626025) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 178.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 179.        The plaintiff does not have the original note executed by James Papa  in favor of National Home Funding (Loan No. 626025).

Admitted_____        Denied_____

Request No. 180.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 181.        Plaintiff did not repurchase the mortgage loan made to Afrodite E. Pelardis. (Loan No. 627636).

Admitted_____        Denied_____

Request No. 182.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 183.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Afrodite E. Pelardis. (Loan No. 627636).

Admitted_____        Denied_____

Request No. 184.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 185.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Afrodite E. Pelardis. (Loan No. 627636) can be found or is located in the document repository located at plaintiff's counsel's office.

21

Admitted_____ Denied_____

Request No. 186.         If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 187.         There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Afrodite E. Pelardis. (Loan No. 627636) or the payment of any consideration therefor.

Admitted_____ Denied_____

Request No. 188.         If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 189.         The plaintiff does not have the original note executed by Afrodite E. Pelardis in favor of National Home Funding (Loan No. 627636).

Admitted_____ Denied_____

Request No. 190.         If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 191.         Plaintiff did not repurchase the mortgage loan made to Pamela Ricigliano (Loan No. 622624).

Admitted_____ Denied_____

Request No. 192.         If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 193.         The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Pamela Ricigliano (Loan No. 622624).

Admitted_____ Denied_____

Request No. 194.         If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 195.      No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Pamela Ricigliano (Loan No. 622624) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____ Denied_____

Request No. 196.      If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 197.      There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Pamela Ricigliano (Loan No. 622624) or the payment of any consideration therefor.

Admitted_____ Denied_____

Request No. 198.      If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 199.      The plaintiff does not have the original note executed by Pamela Ricigliano in favor of National Home Funding (Loan No. 622624).

Admitted_____ Denied_____

Request No. 200.      If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 201.      Plaintiff did not repurchase the mortgage loan made to Joanna M. White (Loan No. 627863).

Admitted_____ Denied_____

Request No. 202.      If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 203.      The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Joanna M. White (Loan No. 627863).

Admitted_____ Denied_____

23

Request No. 204.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 205.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Joanna M. White (Loan No. 627863) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____ Denied_____

Request No. 206.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 207.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Joanna M. White (Loan No. 627863) or the payment of any consideration therefor.

Admitted_____ Denied_____

Request No. 208.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 209.        The plaintiff does not have the original note executed by Joanna M. White

in favor of National Home Funding (Loan No. 627863).

Admitted_____ Denied_____

Request No. 210.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 211.        Plaintiff did not repurchase the mortgage loan made to Wesley Wright

(Loan No. 626828).

Admitted_____ Denied_____

Request No. 212.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 213.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Wesley Wright (Loan No. 626828).

Admitted_____        Denied_____

Request No. 214.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 215.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Wesley Wright (Loan No. 626828) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 216.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 217.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Wesley Wright (Loan No. 626828) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 218.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 219.        The plaintiff does not have the original note executed by Wesley Wright in favor of National Home Funding (Loan No. 626828).

Admitted_____        Denied_____

Request No. 220.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 221.        Plaintiff did not repurchase the mortgage loan made to Nicholas Cosares (Loan No. 615792).

Admitted_____        Denied_____

Request No. 222.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

25

Request No. 223.     The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 615792).

Admitted_____          Denied_____

Request No. 224.     If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 225.     No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 615792) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 226.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 227.     There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 615792) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 228.     If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 229.     The plaintiff does not have the original note executed by Nicholas Cosares in favor of National Home Funding (Loan No. 615792).

Admitted_____          Denied_____

Request No. 230.     If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 231.     Plaintiff did not repurchase the mortgage loan made to Nicholas Cosares (Loan No. 617762).

Admitted_____          Denied_____

Request No. 232.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 233.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 617762).

    Admitted_____          Denied_____

Request No. 234.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 235.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 617762) can be found or is located in the document repository located at plaintiff's counsel's office.

    Admitted_____          Denied_____

Request No. 236.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 237.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 617762) or the payment of any consideration therefor.

    Admitted_____          Denied_____

Request No. 238.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 239.        The plaintiff does not have the original note executed by Nicholas Cosares in favor of National Home Funding (Loan No. 617762).

    Admitted_____          Denied_____

Request No. 240.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 241.        Plaintiff did not repurchase the mortgage loan made to Nicholas Cosares (Loan No. 617763).

Admitted_____          Denied_____

Request No. 242.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 243.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 617763).

Admitted_____          Denied_____

Request No. 244.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 245.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 617763) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 246.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 247.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares (Loan No. 617763) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 248.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 249.        The plaintiff does not have the original note executed by Nicholas Cosares in favor of National Home Funding (Loan No. 617763).

Admitted_____          Denied_____

Request No. 250.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 251.        Plaintiff did not repurchase the mortgage loan made to Nicholas Cosares (Loan No. 617764).

Admitted_____        Denied_____

Request No. 252.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 253.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares  (Loan No. 617764).

Admitted_____        Denied_____

Request No. 254.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 255.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Nicholas Cosares  (Loan No. 617764) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 256.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 257.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Nicholas Cosares  (Loan No. 617764) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 258.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 259.        The plaintiff does not have the original note executed by Nicholas Cosares in favor of National Home Funding (Loan No. 617764).

Admitted_____        Denied_____

Request No. 260.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 261.        Plaintiff did not repurchase the mortgage loan made to Gary D. Grieser

(Loan No. 614368).

Admitted_____        Denied_____

Request No. 262.        If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 263.        The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Gary D. Grieser (Loan No. 614368).

Admitted_____        Denied_____

Request No. 264.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 265.        No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Gary D. Grieser (Loan No. 614368) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 266.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 267.        There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Gary D. Grieser (Loan No. 614368) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 268.        If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 269.        The plaintiff does not have the original note executed by Gary D. Grieser in

favor of National Home Funding (Loan No. 614368).

30

Admitted_____          Denied_____

Request No. 270.          If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 271.          Plaintiff did not repurchase the mortgage loan made to Gary D. Grieser (Loan No. 614404).

Admitted_____          Denied_____

Request No. 272.          If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 273.          The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Gary D. Grieser (Loan No. 614404).

Admitted_____          Denied_____

Request No. 274.          If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 275.          No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Gary D. Grieser (Loan No. 614404) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 276.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 277.          There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Gary D. Grieser (Loan No. 614404) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 278.          If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 279.      The plaintiff does not have the original note executed by Gary D. Grieser in favor of National Home Funding (Loan No. 614404).

Admitted_____      Denied_____

Request No. 280.      If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 281.      Plaintiff did not repurchase the mortgage loan made to Gary D. Grieser (Loan No. 614500).

Admitted_____      Denied_____

Request No. 282.      If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 283.      The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Gary D. Grieser (Loan No. 614500).

Admitted_____      Denied_____

Request No. 284.      If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 285.      No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Gary D. Grieser (Loan No. 614500) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____      Denied_____

Request No. 286.      If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 287.      There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Gary D. Grieser (Loan No. 614500) or the payment of any consideration therefor.

Admitted_____      Denied_____

Request No. 288.       If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 289.       The plaintiff does not have the original note executed by Gary D. Grieser

in favor of National Home Funding (Loan No. 614500).

Admitted_____           Denied_____

Request No. 290.       If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 291.       Plaintiff did not repurchase the mortgage loan made to Anna Leodis (Loan

No. 617770).

Admitted_____           Denied_____

Request No. 292.       If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 293.       The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Anna Leodis (Loan No. 617770).

Admitted_____           Denied_____

Request No. 294.       If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 295.       No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Anna Leodis (Loan No. 617770) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____ Denied_____

Request No. 296.       If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 297.       There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to Anna Leodis (Loan No. 617770) or the payment of any consideration therefor.

33

Admitted_____          Denied_____

Request No. 298.          If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 299.          The plaintiff does not have the original note executed by Anna Leodis in

favor of National Home Funding (Loan No. 617770).

Admitted_____          Denied_____

Request No. 300.          If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 301.          Plaintiff did not repurchase the mortgage loan made to Anna Leodis (Loan

No. 617772).

Admitted_____          Denied_____

Request No. 302.          If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 303.          The plaintiff does not have the original or a copy of any written assignment

reflecting the repurchase by plaintiff of the mortgage loan made to Anna Leodis (Loan No. 617772).

Admitted_____          Denied_____

Request No. 304.          If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 305.          No  written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to Anna Leodis (Loan No. 617772) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 306.          If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 307.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Anna Leodis (Loan No. 617772) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 308.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 309.        The plaintiff does not have the original note executed by Anna Leodis in favor of National Home Funding (Loan No. 617772).

Admitted_____        Denied_____

Request No. 310.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 311.        Plaintiff did not repurchase the mortgage loan made to Anna Leodis (Loan No. 617774).

Admitted_____        Denied_____

Request No. 312.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 313.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Anna Leodis (Loan No. 617774).

Admitted_____        Denied_____

Request No. 314.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 315.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Anna Leodis (Loan No. 617774) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 316.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 317.    There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Anna Leodis (Loan No. 617774) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 318.    If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 319.    The plaintiff does not have the original note executed by Anna Leodis in favor of National Home Funding (Loan No. 617774).

Admitted_____          Denied_____

Request No. 320.    If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 321.    Plaintiff did not repurchase the mortgage loan made to George T. Leodis (Loan No. 619480).

Admitted_____          Denied_____

Request No. 322.    If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 323.    The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619480).

Admitted_____          Denied_____

Request No. 324.    If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 325.    No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619480) can be found or is located in the document repository located at plaintiff's counsel's office.

36

Admitted_____ Denied_____

Request No. 326.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 327.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619480) or the payment of any consideration therefor.

Admitted_____ Denied_____

Request No. 328.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 329.        The plaintiff does not have the original note executed by George T. Leodis in favor of National Home Funding (Loan No. 619480).

Admitted_____ Denied_____

Request No. 330.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 331.        Plaintiff did not repurchase the mortgage loan made to George T. Leodis (Loan No. 619481).

Admitted_____ Denied_____

Request No. 332.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 333.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619481).

Admitted_____ Denied_____

Request No. 334.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 335.        No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619481) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____        Denied_____

Request No. 336.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 337.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to George T. Leodis (Loan No. 619481) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 338.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 339.        The plaintiff does not have the original note executed by George T. Leodis in favor of National Home Funding (Loan No. 619481).

Admitted_____        Denied_____

Request No. 340.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 341.        Plaintiff did not repurchase the mortgage loan made to David A. Liebler (Loan No. 618670).

Admitted_____        Denied_____

Request No. 342.        If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 343.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to David A. Liebler (Loan No. 618670).

Admitted_____        Denied_____

Request No. 344.        If the answer to the above is anything other than an unqualified "Admitted,"
produce the original or a copy of said written assignment.

Request No. 345.        No written assignment reflecting the repurchase by the plaintiff of the
mortgage loan made to David A. Liebler (Loan No. 618670) can be found or is located in the document
repository located at plaintiff's counsel's office.

      Admitted_____ Denied_____

Request No. 346.        If the answer to the above is anything other than an unqualified "Admitted,"
furnish a copy of said written assignment.

Request No. 347.        There are no other documents of any kind (including, without limitation,
wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the
mortgage loan made to David A. Liebler (Loan No. 618670) or the payment of any consideration therefor.

      Admitted_____ Denied_____

Request No. 348.        If the answer to the above is anything other than an unqualified "Admitted,"
furnish a copy of said documents.

Request No. 349.        The plaintiff does not have the original note executed by David A. Liebler
in favor of National Home Funding (Loan No. 618670).

      Admitted_____ Denied_____

Request No. 350.        If the answer to the above is anything other than an unqualified "Admitted,"
produce the original of the note.

Request No. 351.        Plaintiff did not repurchase the mortgage loan made to David A. Liebler
(Loan No. 618732).

      Admitted_____ Denied_____

Request No. 352.        If the answer to the above is anything other than an unqualified "Admitted,"
produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 353.        The plaintiff does not have the original or a copy of any written assignment
reflecting the repurchase by plaintiff of the mortgage loan made to David A. Liebler (Loan No. 618732).

Admitted_____          Denied_____

Request No. 354.          If the answer to the above is anything other than an unqualified "Admitted,"

produce the original or a copy of said written assignment.

Request No. 355.          No written assignment reflecting the repurchase by the plaintiff of the

mortgage loan made to David A. Liebler (Loan No. 618732) can be found or is located in the document

repository located at plaintiff's counsel's office.

Admitted_____          Denied_____

Request No. 356.          If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said written assignment.

Request No. 357.          There are no other documents of any kind (including, without limitation,

wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the

mortgage loan made to David A. Liebler (Loan No. 618732) or the payment of any consideration therefor.

Admitted_____          Denied_____

Request No. 358.          If the answer to the above is anything other than an unqualified "Admitted,"

furnish a copy of said documents.

Request No. 359.          The plaintiff does not have the original note executed by David A. Liebler

in favor of National Home Funding (Loan No. 618732).

Admitted_____          Denied_____

Request No. 360.          If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.

Request No. 361.          Plaintiff did not repurchase the mortgage loan made to Jill A. Montanye

(Loan No. 619472).

Admitted_____          Denied_____

Request No. 362.          If the answer to the above is anything other than an unqualified "Admitted,"

produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 363.        The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619472).

Admitted_____        Denied_____

Request No. 364.        If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 365.        No  written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619472) can be found or is located in the document repository located at plaintiff's counsel's office.

Admitted_____ Denied_____

Request No. 366.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 367.        There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Jill A. Montanye (Loan No. 619472) or the payment of any consideration therefor.

Admitted_____        Denied_____

Request No. 368.        If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 369.        The plaintiff does not have the original note executed by Jill A. Montanye in favor of National Home Funding (Loan No. 619472).

Admitted_____        Denied_____

Request No. 370.        If the answer to the above is anything other than an unqualified "Admitted," produce the original of the note.

Request No. 371.        Plaintiff did not repurchase the mortgage loan made to Alphonse Salvatoriello (Loan No. 619486).

Admitted_____        Denied_____

41

Request No. 372.         If the answer to the above is anything other than an unqualified "Admitted," produce a copy of any documents concerning, reflecting or evidencing said repurchase.

Request No. 373.         The plaintiff does not have the original or a copy of any written assignment reflecting the repurchase by plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619486).

            Admitted_____         Denied_____

Request No. 374.         If the answer to the above is anything other than an unqualified "Admitted," produce the original or a copy of said written assignment.

Request No. 375.         No written assignment reflecting the repurchase by the plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619486) can be found or is located in the document repository located at plaintiff's counsel's office.

            Admitted_____         Denied_____

Request No. 376.         If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said written assignment.

Request No. 377.         There are no other documents of any kind (including, without limitation, wire transfer receipts, cancelled checks or bank statement), evidencing the repurchase by plaintiff of the mortgage loan made to Alphonse Salvatoriello (Loan No. 619486) or the payment of any consideration therefor.

            Admitted_____         Denied_____

Request No. 378.         If the answer to the above is anything other than an unqualified "Admitted," furnish a copy of said documents.

Request No. 379.         The plaintiff does not have the original note executed by Alphonse Salvatoriello in favor of National Home Funding (Loan No. 619486).

            Admitted_____         Denied_____

Request No. 380.        If the answer to the above is anything other than an unqualified "Admitted,"

produce the original of the note.


Fox Rothschild, LLP
Attorneys for Defendants,
Fidelity National Title Insurance Company and
Nations Title Insurance Company

By:_____
Edward J. Hayes
A Member of the Firm


Dated:   September 25, 2012


43

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the Requests for

Admission upon the following individuals via e-mail:

Robert A. Magnanini, Esq.
Stone Magnaini, LLP
150 John F. Kennedy
Short Hills, NJ  07078


David R. Kott, Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102

David M. Satnick, Esquire
Loeb & Loeb LLP
345 Park Avenue
New York, N.Y. 10154


Date:   September 25, 2012

_____

Edward J. Hayes