UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRISTO PROPERTY MANAGEMENT, LTD., a/k/a G.J.L. LIMITED, et al., <br><br> Defendants. | Civil Action No. 97-cv-3496 (DRD)(JAD) <br><br> Hon. Dickinson R. Debevoise, U.S.S.D.J. <br> Hon. Joseph A. Dickson, U.S.M.J. |

## THE TITLE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY THIS COURT'S AUGUST 10, 2012 ORDER

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

**LOEB & LOEB LLP**
345 Park Avenue
New York, New York 10154
(212) 407-4823
*Attorneys for Defendant*
  *Commonwealth Land Title*
  *Insurance Company*

**FOX ROTHSCHILD, LLP**
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291
*Attorneys for Defendants*
  *Fidelity National Title Insurance Co.*
  *of New York and Nations Title*
  *Insurance of New York, Inc.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ................................................................................................................3

    WSI'S MOTION SHOULD BE DENIED.  IT IS AN IMPROPER ATTEMPT TO REARGUE THE COURT'S APRIL 2012 DISMISSAL OF WSI'S "BAD FAITH" CLAIM, WHICH ELIMINATED ANY BASIS FOR WSI'S REQUEST FOR "DIMINUTION OF VALUE" DAMAGES ..............................................3

CONCLUSION............................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Berrol v. AIG*,
   No. 07-cv-1565, 2007 U.S. Dist. LEXIS 82578 (D.N.J. Nov. 6, 2007) ..................8, 9

*Krasner v. Nationwide Mut. Ins. Co.*,
   No. 95-cv-2156, 1996 U.S. Dist. LEXIS 22859 (D.N.J. Oct. 30, 1996) ...................8

*Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*,
   No. 05-281, 2011 U.S. Dist. LEXIS 16446 (E.D. Pa. Feb. 17, 2011) .......................5

*Pacific Employers Insurance Co. v. Clean Harbors Environmental Services, Inc.*,
   2011 U.S. Dist. LEXIS 107987 (N.D. Ill. Sept. 21, 2011) .........................................5

*Pickett v. Lloyd's*,
   131 N.J. 457 (1993) ..............................................................................................7, 9

*Polito v. Continental Casualty Co.*,
   689 F.2d 457 (3d Cir. 1982)...........................................................................6, 8, 9

*Polizzi Meats v. Aetna Life & Cas. Co.*,
   931 F. Supp. 328 (D.N.J. 1996) ..........................................................................8, 9

*Taddei v. State Farm Indem. Co.*,
   401 N.J. Super. 449 (App. Div. 2008) ....................................................................7

*Walsh Securities, Inc. v. Cristo Property Mgmt., Ltd.*,
   No. 97-cv-3496 (D.N.J. Apr. 17, 2012) (slip op.).....................................................3

**PRELIMINARY STATEMENT**

This brief is respectfully submitted on behalf of Defendants Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Co. of New York, and Nations Title Insurance of New York, Inc. (collectively, the "Title Defendants") in opposition to Plaintiff Walsh Securities, Inc.'s ("WSI") motion for an order "clarifying" the August 10, 2012 Opinion and Order [documents 550 & 551] ("8/10 Opinion & Order"). The 8/10 Opinion & Order granted the Title Defendants' motion for reconsideration [document 557] of a portion of this Court's April 17, 2012 Opinion and Order ("4/17 Opinion & Order") and dismissed with prejudice, due to WSI's lack of standing, WSI's claimed-for damages by reason of the terminated WSI/RBMG merger.[1]

WSI now moves to "clarify" the Court's 8/10 Opinion & Order, so as to re-insert into this case its request for "diminution of value" damages. But the basis of that request for damages, namely WSI's "bad faith" claim, was eliminated from this case by this Court's 4/17 Order. Indeed, WSI's own pleadings and the arguments it advanced to support its request for "diminution of value" damages, as

---

[1] WSI's request for "diminution of value" damages was based upon WSI's claim that the Title Defendants acted in "bad faith" by not promptly paying WSI's claim for the losses it allegedly sustained on the subject mortgage loans, which would have enabled it to have repurchased those loans and remain in business. *See* Fourth Am. Compl. ¶¶ 97-100 [document 302].

1

well as the law of New Jersey, demonstrate that such prayed-for damages were premised upon its now-dismissed "bad faith" claim.

Hence, as to the 8/10 Opinion & Order, there is nothing to clarify; the Title Defendants agree that the 8/10 Opinion & Order addressed only WSI's request for the recovery of "loss of merger damages," finding that WSI lacked standing to seek those damages. The Title Defendants did not, and had no reason to, also move for reconsideration of this Court's 4/17 Opinion & Order insofar as WSI's request for "diminution of value" damages, since the 4/17 Opinion & Order disposed of that requested relief when it dismissed WSI's "bad faith" claim.

Thus, WSI's motion improperly attempts to reargue the April 2012 dismissal of its "bad faith" claim by seeking an Order from this Court stating that the *8/10 Opinion & Order* allowed to remain in the case WSI's prayer for "diminution of value" damages. (*See* Pl.'s Proposed Form of Order [document 557-2] seeking entry of the following statement: "the Court's Opinion and Order ***do not bar Plaintiff Walsh Securities, Inc. from pursuing its claims seeking damages related to its own diminution of value.***" (emphasis added).)

In short, WSI's recovery of "diminution of value" damages failed when this Court's 4/17 Opinion and Order dismissed WSI's "bad faith" claim. Thus, the relief WSI now seeks by its proposed order – to "reinstate" its request for damages

2

that could only be cognizable on proof of a "bad faith" claim – is foreclosed as a matter of law. Accordingly, WSI's motion should be denied.

## ARGUMENT

### WSI'S MOTION SHOULD BE DENIED. IT IS AN IMPROPER ATTEMPT TO REARGUE THE COURT'S APRIL 2012 DISMISSAL OF WSI'S "BAD FAITH" CLAIM, WHICH ELIMINATED ANY BASIS FOR WSI'S REQUEST FOR "DIMINUTION OF VALUE" DAMAGES.

WSI's "bad faith" claim was based on the Title Defendants' alleged "bad faith" failure to have (1) afforded coverage to WSI and (2) promptly reimbursed WSI for its losses stemming from the subject fraudulent mortgage loans. That claim was dismissed by this Court's 4/17 Opinion & Order. This Court there held that the Title Defendants had a reasonable basis for both denying coverage and for not promptly reimbursing WSI given the "factual questions regarding (1) which mortgage loans WSI repurchased; and (2) whether WSI had knowledge of the fraudulent scheme giving rise to its claims." *Walsh Securities, Inc. v. Cristo Property Mgmt., Ltd.*, No. 97-cv-3496 (D.N.J. Apr. 17, 2012) (slip op. at 34-35) [Document 533] ("4/17 Opinion"); *see id.*, Order at 1 [Document 534] ("4/17 Order"). Indeed, this Court found that "the Title Insurers had *ample* reason to delay processing WSI's coverage claims." 4/17 Opinion at 35 (emphasis added). Upon the dismissal of WSI's "bad faith" claim, any right to recover consequential damages – no matter how denominated or labeled (*i.e.*, whether as "diminution of value" or "loss of value") – arising from proof of "bad faith" conduct has been

3

extinguished. Because proof of a "bad faith" claim is a prerequisite for the recovery of consequential damages, the 4/17 Order's dismissal of that claim eliminated the ability of WSI's to recover "diminution of value" damages.

WSI's request for consequential "diminution of value" damages was both pled and argued by WSI to be premised upon its "bad faith" claim. In its Fourth Amended Complaint, WSI acknowledged that its claim for "diminution of value" damages was predicated on its "bad faith" claim. For example, WSI alleged that the Title Defendants' "failure to process and pay the covered claims" resulted in WSI being "substantially damaged, including consequential damages encompassing the diminution and/or complete loss of its value as a going concern." (Fourth Am. Compl. ¶¶ 112-113.) Similarly, in Count III of the Fourth Amended Complaint, WSI alleged that the Title Defendants had breached their duty of good faith and claimed that WSI's damage therefrom included "consequential damages encompassing the diminution and/or complete loss of its value as a going concern, which exceeded $450 million." (Fourth Am. Compl. ¶ 100.)

Furthermore, WSI's brief in opposition to the Title Defendants' summary judgment motion further acknowledged and represented to the Court that the "diminution of value" damages it sought were based solely on its "bad faith" claim. WSI stated: "if this Court chooses to limit WSI's damages from the loss of the merger, summary judgment should nonetheless be denied on the diminution in

4

value of WSI. . . . *But for* the Defendants' willful, bad faith breach of their obligations, WSI would have been indemnified for the losses they incurred on the properties and would have been able to maintain itself as a viable company." (*See* Pl.'s Br. in Opp. to Defs.' Mot. for Partial Summ. J. on Pl.'s Claims for Damages Resulting from the Loss of Merger & Diminution in Value of WSI at 6 [document 488] ("Pl.'s 12/11 Opp. Br.") (emphasis in original).)

Moreover, cases that WSI cited on that motion show that it based its request for "diminution of value" damages on its "bad faith" claim. The cases cited by WSI show that, throughout the country, "bad faith" is the *sine qua non* for recovering any consequential damages resulting from denial or delay of insurance coverage. *See Pacific Employers Insurance Co. v. Clean Harbors Environmental Services, Inc.*, 2011 U.S. Dist. LEXIS 107987, *4 (N.D. Ill. Sept. 21, 2011) ("attorneys fees and other damages" are permitted when an insurer denies a claim in bad faith, but also noting that no such damages are available when the insurer acts with reasonable cause) (cited in Pl.'s 12/11 Opp. Br. at 10); *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 U.S. Dist. LEXIS 16446, at *90 (E.D. Pa. Feb. 17, 2011) (stating that "in order for Plaintiff to recover consequential damages from Defendant, it must establish that Defendant acted in bad faith," but finding that, unlike here, the existence of bad faith remained in issue of fact for the jury) (cited in Pl.'s 12/11 Opp. Br. at 9). Notably,

WSI's opposition brief failed to cite a *single* case interpreting or applying New Jersey law, which allowed an award of consequential damages *absent* proof of an insurer's "bad faith." (*See* Pl.'s 12/11 Opp. Br.)

In short, WSI's *own* pleadings and arguments demonstrate that any right to recover consequential "diminution of value" damages could only be predicated upon proving its "bad faith" claim. The Court's dismissal of the "bad faith" claim therefore altogether eliminated WSI's ability to recover such damages. That is because New Jersey law precludes a first-party insured, such as WSI, from obtaining consequential damages absent the insurer's "bad faith" in respect of the insured's claim. "Under a contract theory the insured is generally denied consequential damages for failure to pay the loss, because in a suit for money due under a contract, recovery is limited to the debt plus interest."[2] *Polito v. Continental Casualty Co.*, 689 F.2d 457, 461 (3d Cir. 1982).

In *Polito*, the Third Circuit recognized that "New Jersey [] does not thus far appear to depart from the general rule excluding consequential damages," *ibid.*, but posited that an exception would exist allowing consequential damages if the implied duty of good faith and fair dealing was breached, *id.* at 463.

---

[2] Here, of course, the damages WSI sought for its alleged "diminution of value" ($400-plus million dollars) based on the Title Defendants' supposed "bad faith" refusal of WSI's demand for payment, far exceeds "debt plus interest" on the subject insurance contracts. *See Polito, supra*, 689 F.2d at 461.

6

In *Pickett v. Lloyd's*, 131 N.J. 457 (1993), the New Jersey Supreme Court recognized this one exception to the general rule denying any right by an insured to recover consequential damages: in first-party insurance cases, an insurer may also be liable to its insured for foreseeable consequential damages if the insurer denied or delayed payment in bad faith. *Id.* at 470 ("[A]n insurance company may be liable to a policyholder for bad faith in the context of paying benefits under a policy. . . In either case ([of bad faith conduct in] denial or delay), liability may be imposed for consequential economic losses that are fairly within the contemplation of the insurance company"); *see also id.* at 471-72 (citing with approval Judge Gibbons' analysis in *Polito* of the availability of consequential damages for an insurer's "bad faith" denial or delay of coverage); *Taddei v. State Farm Indem. Co.*, 401 N.J. Super. 449, 461 (App. Div. 2008) ("We agree with plaintiff that *Pickett* stands for the proposition that he has the right to assert a claim against his UM carrier for foreseeable consequential damages for breaching the covenant of good faith and fair dealing implied in the insurance contract. However, following *Pickett*, his measure of damages, ***if he could prove bad faith***, would be any foreseeable consequential damages." (emphasis added)).

Thus, in first-party insurance cases in New Jersey, proof of "bad faith" handling of an insurance claim is a prerequisite for recovery of consequential

damages.³ A plaintiff can only "recover damages in excess of the policy limits" if that plaintiff shows two things: "(1) that the insurer was without even a 'debatably valid' reason for its failure to pay; and, (2) that the insured's consequential damages were 'clearly within the contemplation of the insurance company.'" *Polizzi Meats v. Aetna Life & Cas. Co.*, 931 F. Supp. 328, 334 (D.N.J. 1996) (citing and quoting *Pickett v. Lloyd's*, 131 N.J. 457, 461 (1993)); *Berrol v. AIG*, No. 07-cv-1565, 2007 U.S. Dist. LEXIS 82578, *6 (D.N.J. Nov. 6, 2007) (citing *Pickett, supra, 131* N.J. at 447 for the statement that, "***[o]nce bad faith is established***, an insured may recover the consequential damages that were 'clearly within the contemplation of the insurance company'" (emphasis added)).

Although this Court's 4/17 Opinion considered that the "foreseeability" of WSI's prayed-for "diminution of value" damages was a fact issue, foreseeability is only the ***second*** prong of the requirements for recovery of consequential damages that are applicable here *See Polito, supra*, 689 F.2d at 461. The ***threshold*** requirement – before the issue of foreseeability is ever reached – is the proof of "bad faith". *See ibid.* Therefore, on the dismissal of WSI's "bad faith" claim,

---

³ A "first-party" insurance claim "is a 'suit by an insured against his insurance company because of its failure to settle his claim,' as opposed to a suit based on the insurer's failure to settle a third party tort claim for a reasonable sum." *E.g., Krasner v. Nationwide Mut. Ins. Co.*, No. 95-cv-2156, 1996 U.S. Dist. LEXIS 22859, *10 n.6 (D.N.J. Oct. 30, 1996) (citation omitted). Thus, here, all of the claims against the Title Defendants are first-party insurance claims.

WSI's ability to recover consequential damages for "diminution of value" was simultaneously foreclosed. *See Polizzi Meats, supra*, 931 F. Supp. at 334; *Berrol, supra*, 2007 U.S. Dist. LEXIS 82578, at *6; *Polito, supra*, 689 F.2d at 461; *Pickett, supra*, 131 N.J. at 471.

In sum, the Title Defendants do not contend that the Court's 8/10 Opinion & Order – or their motion for reconsideration – addressed WSI's purported entitlement to recover consequential "diminution in value" damages. There was nothing for the Court to "reconsider" in that respect. Rather, by dismissing WSI's "bad faith" claim in its April 2012 Order, this Court – as a matter of law – foreclosed the only basis upon which WSI could recover "diminution in value" damages. WSI's motion, which improperly seeks an order that would resurrect its dismissed "bad faith" claim, must therefore be denied.

## CONCLUSION

Accordingly, for the foregoing reasons, WSI's motion to clarify the 8/10 Opinion & Order so as to allow it to seek "diminution of value" damages should be denied. No clarification is necessary, because WSI's prayed-for consequential "diminution of value" damages went out of this case when this Court dismissed WSI's "bad faith" claim by its 4/17 Opinion & Order.

Dated: October 22, 2012

                              Respectfully submitted,

By:  *s/David R. Kott*
     David R. Kott
     **McCARTER & ENGLISH, LLP**
     Four Gateway Center
     100 Mulberry Street
     Newark, New Jersey 07102
     (973) 622-4444

     David M. Satnick
     **LOEB & LOEB LLP**
     345 Park Avenue
     New York, New York 10154
     (212) 407-4823
     *Attorneys for Defendant*
     *Commonwealth Land Title*
     *Insurance Company*

By:
     Edward J. Hayes
     **FOX ROTHSCHILD, LLP**
     *Attorneys for Defendants*
     *Fidelity National Title Insurance*
     *Co. of New York and Nations Title*
     *Insurance of New York, Inc.*