**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.

                Plaintiff,

v.

CRISTO PROPERTY MANAMGEMENT, LTD., a/k/a G.J.L. LIMITED, et al.,

                Defendants.

Civ. No. 97-3496 (DRD)

**O P I N I O N**

*Appearances by:*

STONE & MAGNANINI LLP
By: Robert A. Magnanini, Esq.
    Amy Walker Wagner, Esq.
    Daniel Ian Mee, Esq.
150 John F. Kennedy Parkway
4th Floor
Short Hills, New Jersey 07078

    *Attorneys for Plaintiff*

McCARTER & ENGLISH, LLP
By: David R. Kott, Esq.
Four Gateway Center
1000 Mulberry Street
Newark, New Jersey 07102

LOEB & LOEB LLP
By: David M. Satnick, Esq.
345 Park Avenue
New York, New York 10154

*Attorneys for Defendant Commonwealth Land Title Insurance Company*

FOX ROTHSCHILD, LLP
By: Edward J. Hayes, Esq.
2000 Market Street, 10th Floor
Philadelphia, Pennsylvania 19103

*Attorneys for Defendants Fidelity National Title Insurance Co. of New York and Nations Title Insurance of New York, Inc.*

**DEBEVOISE, Senior District Judge**

This matter arises out of confusion regarding the damages that Plaintiff Walsh Securities, Inc. ("WSI") may pursue at this stage of its litigation against Defendants Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Co. of New York, and Nations Title Insurance of New York (collectively referred to as "the Title Insurers") for their failure to pay WSI's claims under a substantial number of title insurance policies for losses arising out of a large-scale mortgage fraud. On September 21, 2012, WSI filed a Motion for Clarification seeking an Order stating that WSI may pursue damages for diminution of its value as a company. For the reasons set forth below, WSI's motion is DENIED.

## I.   BACKGROUND

The Court will repeat only those facts that are pertinent to the instant motion. On November 10, 2011, the Title Insurers moved for Summary Judgment against WSI on, among other things, WSI's claim for damages arising out of (1) the breakdown of a merger between Walsh Holding Co., Inc. ("Walsh Holding"), WSI's parent company, and Resource Bancshares Mortgage Group ("RBMG"); and (2) WSI's in value as a company. In doing so, the Title Insurers argued that (1) WSI did not have standing to pursue damages arising out of the merger; and (2) WSI's diminution in value was not foreseeable. In addition, the Title Insurers moved for Summary Judgment against WSI on its claim for bad faith.

On April 17, 2012, the Court issued an Opinion and Order that, among other things, granted the Title Insurers' motion on WSI's claim for bad faith, but denying it on the aforementioned damages claims. In doing so, the Court found that (1) WSI had standing to pursue damages arising out of the failed merger; and (2) WSI's diminution in value was foreseeable.

The Title Insurers then moved for reconsideration of the Court's April 17, 2012 ruling allowing WSI to pursue its claim for damages arising out of the failed merger. On August 10, 2012, the Court issued an Opinion and Order granting the motion and dismissing that claim for damages.

During a subsequent settlement conference, the parties expressed disagreement over the meaning of the Court's August 10, 2012 Opinion. According to the Title Insurers, the Court dismissed WSI's claim for damages arising out of both the failed merger and WSI's diminution in value. WSI, in contrast, maintained that the Court dismissed only its claim for damages arising out of the failed merger, and that it was therefore entitled to continue pursuing its claim for diminution in value. Consequently, the Court ordered the parties to submit motion papers on this issue.

## II.   DISCUSSION

WSI now moves for clarification of the Court's August 10, 2012 Opinion an Order. In doing so, it argues that (1) the Court's April 17, 2012 Opinion unequivocally held that WSI could pursue its claims for damages arising out of its diminution in value; and (2) the Court's August 10, 2012 Opinion did not address or alter that holding whatsoever and only addressed whether WSI had standing to seek damages arising out of the failed merger between Walsh Holding and RBMG.

The Title Insurers oppose the motion, contending that when the Court dismissed WSI's claim for bad faith in its April 17, 2012 Opinion, it in effect dismissed WSI's diminution claim. Specifically, according to the Title Insurers, WSI's diminution claim amounts to a claim for consequential damages that, in the first-party insurance context, WSI cannot pursue absent a viable claim for bad faith.

**A.     WSI's Motion for Clarification**

It is well-settled that an insurance policy is a contract, and "[u]nder a contract theory the insured is generally denied consequential damages for failure to pay the loss, because in a suit for money due under a contract, recovery is limited to the debt plus interest." Polito v. Continental Cas. Co., 689 F.2d 457, 461 (3d Cir. 1982) (citation omitted). However, under New Jersey law, "insurers undertake an implied contractual duty, as fiduciaries to parties with whom they have a contractual relationship, to act in good faith and to deal fairly in the settlement of claims, and that such an implied contractual duty supports a claim for consequential damages." Id. at 463; see also Pickett v. Lloyd's, 131 N.J. 457, 461 ("We hold that our law does recognize such a cause of action when the failure to pay the policy results from a denial or a withholding of benefits for reasons that are not even debatably valid and the economic losses sustained by the policyholder are clearly within the contemplation of the insurance company.").

Therefore, "[i]n order to recover damages in excess of the policy limits the plaintiff must show: (1) that the insurer was without even a 'debatably valid' reason for its failure to pay; and, (2) that the insured's consequential damages were 'clearly within the contemplation of the insurance company.'" Polizzi Meats, Inc. v. Aetna Life & Cas. Co., 931 F. Supp. 328, 334 (1996) (quoting Pickett, 131 N.J. at 461).

4

Here, there can be little doubt that WSI's claim for damages for its diminution in value are consequential damages arising out of the Title Insurers' failure to pay WSI's claims under a substantial number of title insurance policies.[1]  Indeed, in its pleadings, WSI characterizes its diminution in value as consequential damages for its claims for breach of contract and bad faith. See (Fourth Amend. Compl. ¶¶ 100, 113.)

While the Court ruled that these damages are foreseeable, it also dismissed the bad faith claim that would have provided the basis for those damages.  Thus, the cart has now been placed before the horse.  And while the Title Insurers raise this issue at a very late date, it would be illogical to allow WSI to pursue a theory of damages for which it has no supporting claim.[2]  Consequently, WSI's claim for damages arising out of its diminution in value is dismissed with prejudice.

### III.  CONCLUSION

For the foregoing reasons, WSI's Motion for Clarification is DENIED.  WSI's claim for damages arising out of its diminution in value is dismissed with prejudice.

The Court will issue an Order implementing this Opinion.

    /s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: November 28, 2012

---

[1] WSI's claim for damages arising out of the failed merger between Walsh Holding and RBMG that was dismissed for lack of standing also amounts to consequential damages.

[2] WSI contends that New Jersey law ties consequential damages to a claim for bad faith only in the casualty insurance context.  However, there is no indication that New Jersey courts have analyzed consequential damages outside of a bad faith claim whatsoever in the first-party insurance context.