misinformation and directions and instructions provided to Calanni led to his making appraisals which were inaccurate and inflated. These actions by Walsh and the other defendants as set forth herein were intended to and did deceive Calanni.

14. Calanni believed and relied upon these material misrepresentations and omissions.

15. As result of the actions of Walsh and the other defendants herein plaintiff suffered damages in access of $500,000.00.

WHEREFORE, on this count, plaintiff prays that the Court find and determine that Walsh and the defendants as set forth herein are liable to him jointly and severally, for common law fraud and award damages, punitive damages and other such relief as may be appropriate.

DEMAND is hereby made for jury trial.

Calanni hereby demands a jury for all issues for which he has a right to trial by jury.

Dated November    , 1997

AUGUST W. FISCHER,
Attorney for Defendant,
Counterclaimant and Cross-
claimant, RICHARD CALANNI

number 75 as far as he is concerned, but, upon information and belief, understands the same to be true and accurate with regard to the other defendant.

37. This defendant denies the allegations of paragraph number 76, and 77 in that plaintiff, and/or its officers and principals were fully aware of the scheme as set forth herein.

38. Defendant has no knowledge of the allegations of paragraph 78 and leaves the plaintiff to its proof.

39. The allegations of paragraph number 79, 80, 81, 82, 83, and 84 are not against this defendant and this defendant, therefore, makes no response thereto.

40. The allegation of paragraphs 85, 86, 87, 88, 89, 90, and 91 are not against this defendant and this defendant, therefore, makes no response thereto.

## COUNTER CLAIM and CROSS-CLAIM

The defendant, Richard Calanni, by way of counter claim and Cross-claim states:

1. This counterclaimant, cross-claimant brings this action for violation of the Racketeer Influenced and Corrupt Organizations Act, and common law fraud.

### Parties

2. Calanni adopts the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 18, 20, 24, and 25 as if set forth at length herein.

## JURISDICTION

3. Jurisdiction is proper according to 28 U.S.C. 1331 and 18 U.S.C. 1964(c).

## VENUE

4. Venues proper according to 28 U.S.C. 1391(b) and 18 U.S.C. 1965(a).

## INTRODUCTION

5. Calanni hereby adopts the allegations of paragraph 33,34, and 35 and additionally alleges that Walsh, through its principals and officers knew or should have known, of the actions and frauds being committed.

## FACTUAL ALLEGATION

6. Calanni adopts the allegations of paragraph 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48.

## NEW JERSEY MORTGAGE LOAN FRAUDS

7. Calanni adopts the allegations of paragraphs 52, 53, 54, 55, 56 and 57 of the complaint except Calanni alleges that Walsh, through its principals and/or agents knew and was aware of the fraudulent scheme and participated in or approved thereof. And that Calanni was never aware of the same, warned of the same or advised of the process which was occurring, but was directed to use information provided by Walsh and/or the other parties set forth herein.

## COUNT ONE

8. Calanni adopts the allegations of paragraph 61, 62, 63,