# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA      :

            v.      :

THOMAS BRODO, JAMES BROWN   :
and RICHARD CALANNI,

                 :

       Defendants.
------------------------------x

Criminal
No. 98-427

TRANSCRIPT OF
PROCEEDINGS

Newark, New Jersey
December 1, 1998

BEFORE:

    THE HON. ALFRED M. WOLIN, U.S.D.J.

Reported by:
CHARLES P. McGUIRE, C.S.R.
Official Court Reporter

Pursuant to Section 753, Title 28, United States Code,
the following transcript is certified to be an accurate
record as taken stenographically in the above entitled
proceedings.

                      CHARLES P. McGUIRE, C.S.R.

CHARLES P. McGUIRE, C.S.R.
OFFICIAL COURT REPORTER

FORM CSR - LASER  REPORTERS PAPER & MFG. CO.  800-626-6313

COM 00153

2

1   APPEARANCES:

2       ALAN LIEBMAN, Assistant U.S. Attorney,
        On Behalf of the Government

3
        HAYDEN & SILBER, ESQS.,
4       H. TODD HESS, ESQ.,
        On Behalf of Defendant Brodo

5
        JOHN McGOVERN, ESQUIRE,
6       On Behalf of Defendant Brown

7       CHARLES M. MORIARTY, ESQUIRE,
        On Behalf of Defendant Calanni

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CHARLES P. McGUIRE, C.S.R.
OFFICIAL COURT REPORTER

COM 00154

5

1    THE COURT CLERK:  No.

2    THE COURT:  I'm sorry.

3    Please swear them.

4    THE COURT CLERK:  Gentlemen, will you raise your right

5 hands and place your left hands on the bible?

6 T H O M A S   G E O R G E   B R O D O, sworn.

7 J A M E S   R U D O L P H   B R O W N, sworn.

8 R I C H A R D   C A L A N N I, sworn.

9    THE COURT CLERK:  Would each of you state your name

10 for the record, please?

11    DEFENDANT BRODO:  Thomas George Brodo, B-r-o-d-o.

12    DEFENDANT BROWN:  James Rudolph Brown.

13    DEFENDANT CALANNI:  Richard Calanni.

14    THE COURT CLERK:  Thank you.

15    THE COURT:  And I take it, counsel, that you have no

16 objection to my engaging in an inquiry of your respective

17 clients.

18    MR. HESS:  No objection.

19    MR. McGOVERN:  No objection.

20    MR. MORIARTY:  No objection.

21    THE COURT:  We'll start where we were.

22    How old are you, Mr. Brodo?

23    DEFENDANT BRODO:  Fifty-one, Your Honor.

24    THE COURT:  Mr. Brown?

25    DEFENDANT BROWN:  Forty-two.

CHARLES P. McGUIRE, C.S.R.
OFFICIAL COURT REPORTER

FORM CSR · LASER  REPORTERS PAPER & MFG. CO.  800-626-6313

COM 00157

51

1    THE COURT:  Did you generally understand that, in the

2    ordinary course, at the time of closing on a property which you

3    appraised, the mortgage loan proceeds would be sent by or

4    through the lender to an attorney for disbursement at the

5    closing?

6    DEFENDANT CALANNI:  Yes, Your Honor, I did.

7    THE COURT:  In this period, did you, by agreement and

8    understanding with others, issue appraisal reports which

9    overstated the value of the subject properties?

10   DEFENDANT CALANNI:  Yes, Your Honor.

11   THE COURT:  Were various of your reports false in

12   that, while the properties were actually in a state of

13   disrepair, you assigned values to them as if the properties had

14   been repaired and improved, without disclosing that important

15   fact in the resulting reports?

16   DEFENDANT CALANNI:  True, Your Honor.

17   THE COURT:  Did various of your reports falsely state

18   that the properties in their current "as is" condition required

19   no repairs?

20   DEFENDANT CALANNI:  Yes, Your Honor.

21   THE COURT:  Was it your understanding that a number of

22   the appraisal reports which you prepared in this period related

23   to properties as to which Walsh Securities was the lender?

24   DEFENDANT CALANNI:  That's true, Your Honor.

25   THE COURT:  At a meeting which occurred at Walsh

CHARLES P. McGUIRE, C.S.R.
OFFICIAL COURT REPORTER

COM 00203

# EXHIBIT B

1

1                 UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
2                 CRIMINAL NO.   98-427-3

3

4   UNITED STATES OF AMERICA,        SENTENCE

5        vs.

6   RICHARD CALANNI,

7        Defendant.
   -------------------------------

8                       October 10, 2001
                       Newark, New Jersey

COPY

9

10  B E F O R E:  HONORABLE ALFRED M. WOLIN, USDJ

11

12  A P P E A R A N C E S:

13       ALAIN LEIBMAN, Assistant U.S. Attorney
        For the Government

14

15       WALDMAN & MORIARTY
        BY:  CHARLES M. MORIARTY, ESQ.
        For the Defendant.

16

17  Pursuant to Section 753 Title 28 United States Code, the
   following transcript is certified to be an accurate record
18  as taken stenographically in the above-entitled proceedings.

19  _____
   JACQUELINE KASHMER
20  Official Court Reporter

21

22

23        JACQUELINE KASHMER, C.S.R.
         OFFICIAL COURT REPORTER
24           P. O. Box 12
          Pittstown, NJ 08867
25           (609) 656-2595

5

1   with the government.  On more than one occasion he brought

2   documents in to me that he found that I submitted to the

3   government to review on his own without them even looking

4   for it and he'll continue to do that.

5           We just ask the Court to allow him to stay with his

6   family, to work.  He's never missed a day of work since

7   then.  He's been a chauffeur, lost his license, voluntarily

8   turned it in, will lose it anyway as a result of his

9   conviction but he turned in it.  He just wants to be with

10  his family, Judge.  Thank you.

11          THE COURT:  All right.  Mr. Calanni, now is the

12  time afforded to you.  I'll be pleased to hear anything

13  you'd like to say.

14          THE DEFENDANT:  I'd like to, first of all, thank

15  the court for hearing me personally and my attorney and Mr.

16  Leibman, and understanding that the beginning where I was

17  kind of icy, as Mr. Leibman indicated, until I did get

18  counsel and understand where exactly this was going, and

19  what I have done with the work on my part I guess leaded to

20  an area of criminal activity and getting caught up in that.

21  Why it happened at this point is unimportant but it did

22  happen, and the pain and suffering from that and in

23  retrospect and how can you correct it, you can't, because

24  you can't do it again and you wouldn't even think of doing

25  it.  It's caused my family pain.  It's caused myself pain.

1     It caused us just to live with your name marked forever, and

2     the emotions is just more than anyone could have imagined.

3              I apologize to the Court and I think the greatest

4     effect that all this has had was with the society itself.   I

5     used to come down here to pretrial and couldn't believe how

6     busy they were and just to see what was happening is sad.

7     And all I can do is apologize on my end and just want to go

8     on with my life and start a new but not forget the past, and

9     use that as part of my growth as opposed to denying it.

10             THE COURT:  All right.  Mr. Leibman, within the

11    terms of the plea agreement --

12             MR. LEIBMAN:  Your Honor, the government has

13    nothing to add.

14             THE COURT:  All right.  I've heard you, Mr.

15    Calanni, and I think there is great emotion and pain

16    involved.  Whenever anybody is charged with the commission

17    of a crime, the pain and emotion is not only yours, it's

18    everyone who cares about you, impacts your family.  You hurt

19    a lot of people.  You did eight fraudulent appraisals.  You

20    heard me go, I know you heard before speaking about the real

21    estate market, how destructive flips are to our society, and

22    how it undermines the public confidence in land sales and

23    people like Mr. Grieser, who were allegedly the

24    beneficiaries of these land flips.

25             You weren't making the big money but you were a


7

1  link in the chain that permitted this to occur because
2  without the fraudulent appraisals with their falsely
3  inflated values, Banker's Trust and even Walsh Securities
4  could not have been victimized.  So, you played a role in
5  that.
6         I think that it's important that you stand here
7  today and say I haven't forgotten the past and that the past
8  hopefully is going to be a foundation for the future because
9  we should always learn from what has occurred.  There's not
10 a day that I come to this Court that I don't learn.
11 Sometimes I ask questions to increase my learning curve and
12 to develop insight into the human species that appears
13 before me, so, life is a constant learning experience and I
14 don't ask people to go out and commit crimes in order to
15 learn how they should live their life in the future, but
16 when it does occur, hopefully it's that type of experience
17 that will permit you to return to the normalcy of your life,
18 your church which you're involved with, whatever community
19 endeavors that you've been involved with in the past.
20        And, so, pursuant to the Sentencing Reform Act of
21 1984 and Section 5K1.1, it is the judgment of the Court that
22 you, Mr. Calanni, are hereby placed on probation for a term
23 of five years.  While on probation you shall not commit
24 another federal, state or local crime, shall be prohibited
25 from possessing a firearm or other dangerous device, shall

# EXHIBIT C

Calanni 1 10 07 dep transcript ASCII.txt

                                                              1


     1          IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
     2          CIVIL NO. 97-3496

     3     ----------------------------

           WALSH SECURITIES,              :
     4     INC.,                          :
                                          :
     5          Plaintiff,                :
                                          :
     6          v.                        :
                                          :
     7     CRISTO PROPERTY                :
           MANAGEMENT,                    :
     8     LTD., et al.,                  :
                                          :
     9          Defendants.              :   DEPOSITION UPON
                                          :   ORAL EXAMINATION
     10         and                       :       OF
                                          :   RICHARD CALANNI
     11    COMMONWEALTH LAND              :
           TITLE INSURANCE                :
     12    COMPANY,                       :
                                          :
     13         Defendant/                :
                Third-Party               :
     14         Plaintiff,                :
                                          :
     15         v.                        :
                                          :
     16    ROBERT WALSH and               :
           ELIZABETH ANN DE MOLA,         :
     17                                   :
                Third-Party               :
     18         Defendants.              :
           ----------------------------

     19

     20

     21

     22

     23

     24

     25

                                                              2


                          Page 1

```
                    Calanni 1 10 07 dep transcript ASCII.txt
 1                   T R A N S C R I P T  of the stenographic

 2      notes of HOWARD A. RAPPAPORT, a Notary Public and

 3      Certified Shorthand Reporter of the State of

 4      New Jersey, Certificate No. XI00416, taken at the

 5      offices of BOIES, SCHILLER & FLEXNER, LLP

 6      150 John F. Kennedy Parkway, Short Hills, New Jersey,

 7      on Wednesday, January 10, 2007, commencing at 10:05 a.m.

 8
        A P P E A R A N C E S:
 9

10      BOIES, SCHILLER & FLEXNER, LLP
        150 John F. Kennedy Parkway
11      Short Hills, New Jersey 07078
        BY: ROBERT A. MAGNANINI, ESQ.,
12          AMY WALKER WAGNER, ESQ.,
        For the Plaintiff
13

14      MC CARTER & ENGLISH, LLP
        Four Gateway Center
15      100 Mulberry Street
        Newark, New Jersey 07102-0652
16      BY:  DAVID R. KOTT, ESQ.,
        For Defendant/Third-Party Plaintiff Commonwealth Land
17      Title Insurance Company

18      FOX, ROTHSCHILD, O'BRIEN & FRANKEL
        2000 Market Street
19      Philadelphia, Pennsylvania  19103
        BY:  EDWARD J. HAYES, ESQ.,
20      For Defendants Nations Title Insurance and
        Fidelity National Title Insurance
21
        METHFESSEL & WERBEL
22      3 Ethel Road
        Suite 300
23      Edison, New Jersey 08818
        BY:  KEITH MURPHY, ESQ.,
24      For the Defendants

25
```

                                                        3
```
 1

 2                      I N D E X

 3

 4      WITNESS                              PAGE

 5      RICHARD CALANNI

 6      Direct examination by Mr. Kott           4
```
                        Page 2

Calanni 1 10 07 dep transcript ASCII.txt
Cross-examination by Mr. Hayes                    101

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

♀

                                                  4

                        Calanni - direct

1       R I C H A R D   C A L A N N I, having been first

2            duly  sworn, testifies as follows:

3    DIRECT EXAMINATION BY MR. KOTT:

4        Q     Mr. Calanni, I attempted to serve a

5    subpoena on you.  I'm not sure we ever made service.

6            I think you are here because you

7    received in the mail my letter, but I note from

8    talking to either my secretary or to me, you had

9    indicated you didn't get a witness appearance fee for

                        Page 3

Calanni 1 10 07 dep transcript ASCII.txt
10    today.

11                I brought with me McCarter check number

12    345058 dated December 27, 2006, payable to you in the

13    amount of $85.11.

14                MR. KOTT:  Unless some counsel says

15    there is something improper about me providing

16    Mr. Calanni with a witness feet and mileage --

17                MR. MAGNANINI:  No.

18                MR. KOTT:  I'm handing that to

19    Mr. Calanni.

20        Q     Mr. Calanni, my name is David Kott.  We

21    met on a few occasions in this case.

22                I think you know I'm a lawyer and I

23    represent one of the defendants, Commonwealth Land

24    Title, in the lawsuit that Mr. Magnanini has started

25    on behalf of Walsh Securities.

                                                        5

                          Calanni - direct

1                The lawyer to my left is Ed Hayes.

2     Mr. Hayes represents two other title insurance

3     companies who have also been sued, and the lawyer to

4     his left is an attorney whose name I do not know.

5                MR. MURPHY:  Keith Murphy.

6         Q     Keith Murphy, who is here representing a

7     title agent and Coastal Title, who also has been sued

8     by Mr. Magnanini on behalf of Walsh.

9                What we are doing today is a deposition.

10    Have you ever done this before?

11        A     No.

12        Q     Let me -- you testified under oath, is

13    that correct?
                          Page 4

Calanni 1 10 07 dep transcript ASCII.txt

14          A          No.

15          Q          I read your plea and your sentencing.

16    Were they under oath?

17          A          I don't think so.

18          Q          Okay.

19                     Let me tell you some ground rules for

20    today's deposition.  The man to your left, Howard

21    Rappaport, is a court reporter, and he will take down

22    everything that is stated in the deposition.

23                     For that reason you need to answer out

24    loud.  You cannot answer with a nod of the head or

25    things like that because Mr. Rappaport cannot take

                                                        6

                         Calanni - direct

1     down a nod of the head.

2                      Do you understand that?

3           A          Yes, I do.

4           Q          Do you also understand that a deposition

5     is a question and answer period where the attorneys

6     are asking the questions and you, as a witness, is

7     giving the answers?

8           A          Yes.

9           Q          If you are asked a question today and

10    you do not understand the question, will you tell us

11    you do not understand it?

12          A          Absolutely.

13          Q          So if you answer a question today, we

14    will assume that you understood it.  Is that okay

15    with you?

16          A          If I answer a question today, it's -- as

                         Page 5

# EXHIBIT D

Calanni 1 22 07 dep transcript ASCII.TXT

162

1              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
2              CIVIL NO. 97-3496

3     WALSH SECURITIES, INC.,        :
                                     :        CONTINUED
4                  Plaintiff,        :   DEPOSITION UPON
                                     :   ORAL EXAMINATION
5              -vs-                   :          OF
                                     :   RICHARD CALANNI
6     CRISTO PROPERTY MANAGEMENT,    :
      LTD., et al.,                  :      Volume 2
7
                   Defendants,       :
8
               -and-                 :
9
      COMMONWEALTH LAND TITLE        :
10    INSURANCE COMPANY,             :

11         Defendant/Third Party     :
               Plaintiff,            :
12
               -vs-                  :
13
      ROBERT WALSH and               :
14    ELIZABETH ANN DE MOLA,         :

15         Third-Party               :
               Defendants.           :
16    - - - - - - - - - - - - - - - -

17

18             T R A N S C R I P T  of the

19    stenographic notes of STANLEY B. RIZMAN, a Notary

20    Public and Certified Shorthand Reporter of the State

21    of New Jersey, Certificate No. XI00304, taken at

22    the offices of Boise, Schiller & Flexner, LLP,

23    150 John F. Kennedy Parkway, Short Hills, New

24    Jersey, on Monday, January 22, 2007, commencing at

25    10:23 a.m.

163

1     A p p e a r a n c e s:

2     BOIES, SCHILLER & FLEXNER, LLP
      150 John F. Kennedy Parkway
3     Short Hills, New Jersey  07078
      BY:  ROBERT A. MAGNANINI, ESQ., and
                      Page 1

```
                 Calanni 1 22 07 dep transcript ASCII.TXT
   4              AMY WALKER WAGNER, ESQ.
          For the Plaintiff
   5
          MC CARTER & ENGLISH, LLP
   6      Four Gateway Center
          Newark, New Jersey  07102-0652
   7      BY:  DAVID R. KOTT, ESQ.
          For Commonwealth Land Title Insurance Company
   8
          FOX, ROTHSCHILD, O'BRIEN & FRANKEL, ESQS.
   9      2000 Market Street
          Philadelphia, Pennsylvania  19103?
  10      BY:  ANTHONY ARGIROPOULOS, ESQ.
          For Nations Title Insurance and
  11          Fidelity National Title Insurance

  12      METHFESSEL & WERBEL, ESQS.
          Three Ethel Road
  13      Suite 300
          Edison, New Jersey  08818
  14      BY:  MARTIN R. MC GOWAN, ESQ.
          For Coastal Title Agency.
  15

  16

  17

  18

  19

  20

  21

  22

  23

  24

  25
 ♀
```

```
                                                         164
```

```
   1                    I N D E X

   2     WITNESS                                   PAGE

   3     RICHARD CALANNI

   4          Direct examination by Mr. Magnanini    165

   5          Direct examination by Mr. Kott         298

   6     EXHIBITS     DESCRIPTION                  IDENT.

   7     Calanni-1    Transcript of Plea           167
                      Agreement
   8
           Calanni-2  Letter dated 2-18-97         254
```

```
                          Page 2
```

Calanni 1 22 07 dep transcript ASCII.TXT

9

Calanni-3    Document dated 6-24-97              286

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

♀

                                                      165

1      R I C H A R D    C A L A N N I, residing at

2            One Old Farm Road, Tinton Falls, New Jersey,

3            being first duly sworn, testifies as follows:

4      DIRECT EXAMINATION

5      BY MR. MAGNANINI:

6            Q       Mr. Calanni, thank you for coming back.

7      I think I got this stuff streamlined so we can get

8      this done relatively quickly.  Most of my questions

9      are follow-ups to questions that were asked at the

10     last session.  So if I'm jumping around a bit and

11     you need some clarification or context, just ask me.

12           A       Okay.

13           Q       You recall the instructions Mr. Kott

Calanni 1 22 07 dep transcript ASCII.TXT

16      asked you the questions what questions Judge Wolin

17      was going to ask you?

18              A       Have I known?  He was reading what was

19      in the plea.

20              Q       That is my question.  Before Judge

21      Wolin read you those questions, did you see a piece

22      of paper that had the questions on them?

23              A       Yes.

24              Q       Had you gone over that with your

25      attorney?

                        Calanni - direct                   305

1               A       Yes.

2               Q       Did your attorney explain to you that

3       you were going to be under oath before Judge Wolin

4       and, therefore, you had to be very careful to be

5       truthful?

6               A       Yes.

7               Q       Your attorney told you when he told you

8       that because if you were not truthful before Judge

9       Wolin that could be a different crime; that is,

10      perjury?

11              A       No.

12              Q       Were the questions -- withdrawn.

13                      Were your answers to the questions

14      Judge Wolin asked you that are in Calanni-1, the

15      transcript of your plea -- were your answers

16      truthful to his questions?

17              A       My answers were truthful according to

18      the description the way the federal law was told to

19      me.  That was told to me; that parts of these took

20      place in my presence.  That is someone else's truth

                              Page 121

Calanni 1 22 07 dep transcript ASCII.TXT
21    and federal law there is no intent.  As long as you

22    were part of a little bit of this and a little bit

23    of that, you're guilty.

24              Now, don't make me a perjurer because

25    that's the way the law was defined to me in a

Calanni - direct                306

1     layman's term.  I've explained everything to you the

2     way I explained it to the FBI and my attorney.  You

3     know, I'm getting new problems here now?  You're

4     telling me I'm perjurizing myself.

5          Q    I'm not telling you that.

6               When Kellie O'Neill asked you to take

7     Cristo off as an owner, hadn't you done some

8     appraisals where you listed Cristo as an owner?

9          A    That is why she took me to take the

10    name off.  The name was on.  The name, Cristo

11    Management, was on as an owner.  I believe it was on

12    one or two of the comparables.  I found a previous

13    owner.

14         Q    I wanted to deal when Cristo was an

15    owner.  Did you do some appraisals where the owner

16    was listed as Cristo?

17         A    Yes.

18         Q    Were those among the appraisals that

19    you were paid to do by either Kane or Cristo?

20         A    Yes.

21         Q    So wouldn't that be a conflict of

22    interest, to do an appraisal where you were paid by

23    the seller?

24         A    No.  Didn't Bob just say he hired an

25    appraiser for himself and he paid the appraiser?

Page 122

# EXHIBIT E

Pierson Transcript.TXT

1

```
 1          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
 2          CIVIL NO. 97-3496

 3     ---------------------------
       WALSH SECURITIES,              :
 4     INC.,                          :
                                      :
 5          Plaintiff,                :
                                      :
 6          v.                        :
                                      :
 7     CRISTO PROPERTY                :
       MANAGEMENT,                    :
 8     LTD., et al.,                  :
                                      :
 9          Defendants.               :    DEPOSITION UPON
                                      :    ORAL EXAMINATION
10          and                       :         OF
                                      :    ROLAND PIERSON
11     COMMONWEALTH LAND              :
       TITLE INSURANCE                :
12     COMPANY,                       :
                                      :
13          Defendant/               :
            Third-Party              :
14          Plaintiff,               :
                                      :
15          v.                        :
                                      :
16     ROBERT WALSH and               :
       ELIZABETH ANN DE MOLA,         :
17                                    :
            Third-Party              :
18          Defendants.               :
       ---------------------------

19

20

21

22

23

24

25
```

2

Page 1

```
                    Pierson Transcript.TXT
1            T R A N S C R I P T  of the stenographic

2    notes of HOWARD A. RAPPAPORT, a Notary Public and

3    Certified Shorthand Reporter of the State of

4    New Jersey, Certificate No. XI00416, taken at the

5    offices of BOIES, SCHILLER & FLEXNER, 150 John F.

6    Kennedy Parkway, Short Hills, New Jersey, on Friday,

7    February 16, 2007, commencing at 3:15 p.m.

8
     A P P E A R A N C E S:
9

10   BOIES, SCHILLER & FLEXNER, LLP
     150 John F. Kennedy Parkway
11   Short Hills, New Jersey 07078
     BY: ROBERT A. MAGNANINI, ESQ.,
12   For the Plaintiff

13
     MC CARTER & ENGLISH, LLP
14   Four Gateway Center
     100 Mulberry Street
15   Newark, New Jersey 07102-0652
     BY:  DAVID R. KOTT, ESQ.,
16   For Defendant/Third-Party Plaintiff Commonwealth Land
     Title Insurance Company
17
     FOX, ROTHSCHILD, O'BRIEN & FRANKEL
18   997 Lenox Drive
     Lawrenceville, New Jersey 08648
19   BY:  MUKTI PATEL, ESQ.,
     For Defendants Nations Title Insurance and
20   Fidelity National Title Insurance

21   METHFESSEL & WERBEL
     3 Ethel Road
22   Suite 300
     Edison, New Jersey 08818
23   BY:  MARTIN R. MC GOWAN, ESQ.,
     For Coastal Title Agency

24

25
                                                    3



1    A P P E A R A N C E S (CONTINUING):

2    PASQUALE MENNA, ESQ.,
     170 Broad Street
3    Red Bank, New Jersey  07701
     For the Witness
4
                       Page 2
```

Pierson Transcript.TXT

                5
                6
                7
                8
                9
               10
               11
               12
               13
               14
               15
               16
               17
               18
               19
               20
               21
               22
               23
               24
               25

                                                            4
                1
                2                        I N D E X
                3
                       WITNESS                          PAGE
                4
                        ROLAND PIERSON
                5
                        Direct examination by Mr. Kott            5
                6        Cross-examination by Mr. Magnanini       56
                7
                       EXHIBITS      DESCRIPTION        FOR IDENT.
                8
                       Pierson-1   Transcript of guilty plea      47
                9
                                        Page 3

Pierson Transcript.TXT

21    about two minutes and that was it.

22         Q       What was that fellow doing in

23    Mr. Calanni's house, if you know?

24         A       I do not know.  He was there when I

25    arrived.  I assumed at the time they were discussing

                                                        17

                    Pierson - direct

1     business.  I was introduced to him, and there was a

2     little small talk, glad to have you on board type

3     stuff.

4          Q       The Assistant United States Attorney who

5     prosecuted you at your sentencing seemed to indicate

6     that you really had no involvement with most of what

7     went on here, no direct involvement, is that correct?

8          A       That is correct.

9          Q       How did you get caught up in this?

10         A       Mr. Calanni gave me a call.  A few years

11    prior to that I had done some appraisals for him, and

12    he had asked me initially if I would do some review

13    appraisals for him.  He said he was doing a lot of

14    appraisals for one company, and because of the amount

15    of them, they wanted a second signature.  I agreed to

16    do this on there.

17               Later on it came in that they needed

18    different people, they wanted more than just him

19    signing on the appraisals, which is not uncommon.

20    Banks and mortgage companies don't generally like too

21    many of their appraisals done by one person.  So he

22    asked if I would do some, and particularly out of the

23    area that he was working in primarily.

                    Page 15

Pierson Transcript.TXT
24          As a result of that I did, oh, geez, two
25      or three, I think, appraisals in Trenton, and I did

18

Pierson - direct

1      one or two Red Bank, one of which was a redo of one
2      that he had done.
3              He then said that he needed and wanted
4      me to sign the appraisals that he was doing in Asbury
5      Park because he had to sign too many of them with his
6      name, and I very foolishly agreed.
7      Q      Okay.  Thank you for that answer because
8      I got a lot of information.
9              I'm going to ask you to explain some
10     things to me because I'm not an appraiser.
11     A      All right.
12     Q      You referred that Mr. Calanni wanted you
13     to do review appraisals for him.  Those were the
14     words that you used.
15             Put in lay terms what a review appraisal
16     is.
17     A      What he was asking me to do is called a
18     desktop review.  Essentially, you don't go out to the
19     property itself or check things, other than to look
20     the appraisal itself over and make sure that it falls
21     within the recommended guidelines for a proper
22     appraisal.
23             The comparables are recent.  They are
24     within the neighborhood.  There are no excessive
25     adjustments made for differences in the properties,

19

Page 16

# EXHIBIT F

Michael Chertoff (MC 6790)
Geoffrey S. Berman (GB 0851)
Robert A. Magnanini (RM 7356)
LATHAM & WATKINS
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(201) 639-1234
Attorneys for Plaintiff Walsh Securities, Inc.



ORIGINAL FILED

DEC 2 2 1997

WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALSH SECURITIES, INC., | Civil Action No. CV 97-3496 (WGB) |
| Plaintiff, | Hon. William G. Bassler |
| v. | |
| CRISTO PROPERTY MANAGEMENT, LTD., A/K/A G.J.L. LIMITED, DEK HOMES OF NEW JERSEY, INC., OAKWOOD PROPERTIES INC., NATIONAL HOME FUNDING, INC., CAPITAL ASSETS PROPERTY MANAGEMENT & INVESTMENT CO., INC., CAPITAL ASSETS PROPERTY MANAGEMENT, L.L.C., WILLIAM J. KANE, GARY GRIESER, ROBERT SKOWRENSKI, II, RICHARD CALANNI, RICHARD DIBENEDETTO, JAMES R. BROWN, THOMAS BRODO, ROLAND J. PIERSON, STANLEY YACKER, ESQ., MICHAEL ALFIERI, ESQ., RICHARD PEPSNY, ESQ., ANTHONY M. CICALESE, ESQ., LAWRENCE M. CUZZI, ANTHONY D'APOLITO, DAP CONSULTING, INC., COMMONWEALTH LAND TITLE INSURANCE COMPANY, NATIONS TITLE INSURANCE OF NEW YORK INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, and COASTAL TITLE AGENCY, | **ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM OF DEFENDANT RICHARD CALANNI** |
| Defendants. | |

## ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff, Walsh Securities, Inc. ("Walsh"), having its principal place of business at 4 Campus Drive, Parsippany, New Jersey, by way of answer to the Counterclaim of Defendant Richard Calanni ("Calanni"), says:

1. This paragraph states legal conclusions to which no response is required.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied as to Walsh but admitted as to the defendants.

6. Admitted.

7. Denied as to Walsh, and denied as to Calanni. The remaining allegations are admitted.

### COUNT ONE

8. Denied as to Walsh, and denied as to Calanni. The remaining allegations are admitted.

9. Denied.

WHEREFORE, Walsh Securities, Inc. demands judgment dismissing Count One of the Counterclaim of Defendant Richard Calanni.

### COUNT TWO

10. Walsh repeats each and every answer to the allegations contained in Paragraphs 1 through 9 above as if set forth fully herein.

11. Denied as to Walsh. The remaining allegations are admitted.

12. Denied.

WHEREFORE, Walsh Securities, Inc. demands judgment dismissing Count Two of the Counterclaim of Defendant Richard Calanni.

### COUNT THREE

13. Denied as to Walsh.  After reasonable investigation, Walsh does not have knowledge regarding the remaining allegations and leaves Defendant Calanni to his proofs.

14. After reasonable investigation, Walsh does not have knowledge as to defendant Calanni's beliefs and leaves defendant Calanni to his proofs.

15. Denied as to Walsh.

WHEREFORE, Walsh Securities, Inc. demands judgment dismissing Count Three of the Counterclaim of Defendant Richard Calanni.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each and every Count of Defendant's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Insofar as Defendant purports to state claims for misrepresentation and fraud, the allegations in Defendant's Counterclaims lack the particularity required by Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant has no authority or standing to bring this suit.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Defendant has sustained any injuries, such injuries, if any, were caused, in whole or in part, by the acts or omissions of others for whose conduct Walsh is not responsible.

## TENTH AFFIRMATIVE DEFENSE

Walsh had no knowledge of, and was not a culpable participant in, any violations of any laws.

## ELEVENTH AFFIRMATIVE DEFENSE

Walsh acted in good faith and did not directly or indirectly induce the act or acts complained of by the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Walsh violated no legal duty owed to Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Walsh's conduct is not the cause of any injury or damages allegedly suffered by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant was contributorily negligent, and such negligence was the proximate, efficient, and contributing cause of his damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Walsh hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its answer to assert other related defenses as may become available.

**WHEREFORE,** Plaintiff Walsh Securities, Inc. seeks judgment dismissing the counterclaim of defendant Richard Calanni, against Walsh and for interest, costs, attorney fees and other relief this Court deems to be just and equitable.

Dated: December 19, 1997

LATHAM & WATKINS
Michael Chertoff (MC 6790)
Geoffrey S. Berman (GB 1851)
One Newark Center
Newark, NJ 07101-3174
Telephone (201) 639-1234
ATTORNEYS FOR PLAINTIFF WALSH
SECURITIES, INC.

By: _____
Michael Chertoff

Michael Chertoff (MC 6790)
Geoffrey S. Berman (GB 0851)
Robert A. Magnanini (RM 7356)
LATHAM & WATKINS
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
(201) 639-1234
Attorneys for Plaintiff Walsh Securities, Inc.

RECEIVED

DEC 2 2 1997

AT 8:30  1:50 P M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,

        Plaintiff,

    v.

CRISTO PROPERTY MANAGEMENT,
LTD., A/K/A G.J.L. LIMITED, DEK
HOMES OF NEW JERSEY, INC.,
OAKWOOD PROPERTIES INC.,
NATIONAL HOME FUNDING, INC.,
CAPITAL ASSETS PROPERTY
MANAGEMENT & INVESTMENT CO.,
INC., CAPITAL ASSETS PROPERTY
MANAGEMENT, L.L.C., WILLIAM J.
KANE, GARY GRIESER, ROBERT
SKOWRENSKI, II, RICHARD CALANNI,
RICHARD DIBENEDETTO, JAMES R.
BROWN, THOMAS BRODO, ROLAND J.
PIERSON, STANLEY YACKER, ESQ.,
MICHAEL ALFIERI, ESQ., RICHARD
PEPSNY, ESQ., ANTHONY M.
CICALESE, ESQ., LAWRENCE M.
CUZZI, ANTHONY D'APOLITO, DAP
CONSULTING, INC., COMMONWEALTH
LAND TITLE INSURANCE COMPANY,
NATIONS TITLE INSURANCE OF NEW
YORK INC., FIDELITY NATIONAL
TITLE INSURANCE COMPANY OF NEW
YORK, and COASTAL TITLE AGENCY,

        Defendants.

Civil Action No. CV  97-3496 (WGB)

Hon. William G. Bassler

CERTIFICATE OF SERVICE

I, TARA V. SAYBE, of full age, certify and state as follows:

1.      I am employed as a paralegal by the law firm of Latham & Watkins, attorneys for the Plaintiff in the above-referenced action.

2.      I hereby certify that on this date, I caused an original and two (2) copies of Plaintiff Walsh Securities, Inc.'s Answers and Affirmative Defenses to Counterclaims of Defendants National Home Funding, Inc. and Robert Skowrenski, II and Defendant Richard Calanni to be filed with the Clerk of the United States District Court, District of New Jersey, Dr. M.L. King, Jr. Federal Building and Courthouse, 50 Walnut Street, Newark, New Jersey by hand delivery.

3.      I further certify that on this date, I caused one copy of the within papers to be served via U.S. mail upon All Parties on the attached list.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_Tara V. Saybe_
Tara V. Saybe

Dated: December 22, 1997

2

**Walsh Securities, Inc. v. Cristo Property Management**
**Civil Action No. 97-3496 (WGB)**
**Service List**

Michael Washor, Esq.
275 Madison Avenue
10th Floor
New York, NY 10016

    Attorney for:

    Cristo Property Management, LTD.,
    a/k/a G.J.L. Limited
    c/o Willam J. Kane
    (registered agent)
    809 Highway 36
    Union Beach, NJ 07735

    DEK Homes of New Jersey, Inc.
    c/o William J. Kane
    (registered agent)
    809 Highway 36
    Union Beach, NJ 07735

    Oakwood Properties Inc.
    c/o William J. Kane
    (registered agent)
    809 Highway 36
    Union Beach, NJ 07735

    William J. Kane
    809 Highway 36
    Union Beach, NJ 07735

Michael D. Schottland, Esq.
36 W. Main Street
Freehold, NJ 07728
(908) 462-4405

    Attorney for:

    National Home Funding, Inc.

NY_DOCS\148182.1

3443 Highway 9 North
Freehold, NJ 07728

Robert Skowrenski, II
3443 Highway 9 North
Freehold, NJ 07728

Ronald Lee Reisner, Esq.
Drazin and Warshaw
26 Reckless Place
P.O. Box 8909
Red Bank, NJ 07701-8909
(908) 747-3730
(908) 741-0865 (fax)

Attorney for:

Capital Assets Property Management
 & Investment Co., Inc.
10 West Bergen Place
Red Bank, NJ 07701

Capital Assets Property Management, LLC
10 West Bergen Place
Red Bank, NJ 07701

Gary Greiser
444 Ocean Avenue
Long Branch, NJ 07740

Richard L. Friedman, Esq.
Giordano, Halleran & Ciesla
125 Half Mile Road
PO Box 190
Morristown, NJ 07748

Attorney for:

Michael Alfieri, Esq.

Mark W. Catanzaro, Esq.
Blason IV, Suite 208
513 S. Lenola Road
Morrestown, NJ 08057

NY_DOCS\148182.1

Attorney for:

Richard Pepsny, Esq.
Law Office of Michael Alfieri
187 Route 34, Suite 1
Matawan, NJ 07747

Miles Feinstein, Esq.
1135 Clifton Avenue
Clifton, NJ 07013
(973) 779-1224

Attorney for:

Lawrence M. Cuzzi

Charles J. Uliano, Esq.
268 Norwood Avenue
W. Long Branch, NJ 07764

Attorney for:

Anthony D'Apolito
86 Parker Road
W. Long Branch, NJ 07764

DAP Consulting, Inc.
Anthony D'Apolito
(registered agent)
86 Parker Road
W. Long Branch, NJ 07764

John Martini, Esq.
Fox, Rothschild, O'Brien & Frankel
997 Lenox Drive
Lawrenceville, New Jersey 08648
(609) 895-3318
(609) 896-1469

Attorney for:

Nations Title Insurance
   Company of New York Inc.
106 Apple Street, Suite 300

Tinton Falls, NJ 07724

Fidelity National Title Insurance
  Company of New York
106 Apple Street, Suite 300
Tinton Falls, NJ 07724


August W. Fischer, Esq.
53 Pequot Road
Ringwood, NJ 07456

  Attorney for:

  Richard Calanni
  1 Old Farm Road
  Tinton Falls, NJ 07724

Lawrence S. Lustberg, Esq.
James I. O'Hern, Esq.
Crummy, Del Deo, et al.
One Riverfront Plaza
Newark, NJ 07102-5497

  Attorney for:

  Stanley Yacker, Esq.
  330 Highway 34
  Oldbridge, NJ


Pro se:

  Richard DiBenedetto
  384 Greenwich Street
  Bergenfield, NJ 07621

  James R. Brown
  1089 Cedar Avenue
  Union, NJ 07083

  Anthony M. Cicalese, Esq.
  72 Eagle Rock Avenue
  Building 2
  East Hanover, NJ 07936

Commonwealth Land Title
 Insurance Company
90 East Halsey Road
Suite 108
Parsippany, NJ 07054

Coastal Title Insurance
21 West Main Street
Freehold, NJ 07728

Thomas Brodo
139 B Fort Lee Road
Teaneck, NJ 0766

Roland J. Pierson
Pierson Appraisals
2 Maryland Drive
Jackson, New Jersey 08527
(908) 905-0059