**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALSH SECURITIES, INC.,

    Plaintiff,

v.

CRISTO PROPERTY MANAGEMENT, LTD., et al.,

    Defendants.

Civil Action No. 97-3496 (DRD) (JAD)

REPORT AND RECOMMENDATION ON DEFENDANT RICHARD CALANNI'S INFORMAL REQUEST TO REOPEN MATTER

JOSEPH A. DICKSON, U.S.M.J.

    This matter comes before the Court upon Defendant Richard Calanni's informal request to reopen this civil action. (ECF Nos. 577, 583). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. After carefully considering the parties' submissions, and for good cause shown; and

    **WHEREAS** Plaintiff Walsh Securities commenced this action by filing a Complaint in the United States District Court for the District of New Jersey on July 17, 1997. (ECF No. 1). Plaintiff filed an Amended Complaint on November 7, 1997; (ECF No. 3); and

    **WHEREAS**, on or about December 3, 1997, Defendant Richard Calanni, through his former attorney, August W. Fisher, Esq. filed an Answer to the Amended Complaint, as well as a counterclaim against Plaintiff and crossclaims against all defendants (ECF No. 7); and

    **WHEREAS**, attorney Fisher withdrew as counsel for Defendant Calanni on or about October 29, 1999. From that point forward, Mr. Calanni participated in this action as a pro se litigant; and

**WHEREAS** the Court finds that Mr. Calanni did not submit any other filings in this matter until May 30, 2008, when he filed an Answer to Plaintiff's Third Amended Complaint. (ECF No. 256). Mr. Calanni did not replead his counterclaims or crossclaims at that time; and

**WHEREAS** Mr. Calanni's next submission to the Court was a letter dated August 30, 2009. (ECF No. 336). While Mr. Calanni registered various complaints regarding the status of the case (i.e., he was not timely notified of a conference call; he felt Plaintiff had been given too many opportunities to amend its complaint; Plaintiff sought to limit defendants from deposing its representatives), Mr. Calanni referred to himself only as a "defendant" and made no mention of either his counterclaims or crossclaims; (id.); and

**WHEREAS**, Mr. Calanni filed an Answer to Plaintiff's Fourth Amended Complaint on September 29, 2009. (ECF No. 353). Mr. Calanni did not replead his counterclaims or crossclaims at that time; and

**WHEREAS**, by letter dated October 13, 2009, (ECF No. 355), Mr. Calanni provided the Clerk's Office with an updated address. Once again, he made no mention of either his counterclaims or crossclaims; and

**WHEREAS**, by joint letter dated March 31, 2010, (ECF No. 381), Mr. Calanni and all counsel of record provided the Court with an update regarding the status of discovery. Mr. Calanni did not reference his counterclaims or crossclaims in that correspondence; and

**WHEREAS**, by letter dated July 12, 2010, (ECF No. 406), Mr. Calanni made "a request to seek leave to file a dismissal of all charges and claims/and cross claims against" him, but again made no mention of his counterclaims or crossclaims. (Id.). The Court granted Mr. Calanni leave to file a motion to dismiss on or before August 11, 2010. (ECF No. 407). Mr. Calanni failed file a formal motion, but explained in a letter dated September 10, 2010 that he

believed his July 12, 2010 letter was sufficient. (ECF No. 424). While Mr. Calanni made additional arguments regarding the claims against him in his September 10, 2010 letter, he did not discuss his affirmative claims; (id.); and

**WHEREAS**, on February 22, 2011, the Court conducted oral argument on Mr. Calanni's motion to dismiss. (ECF No. 441). Following oral argument, the Court denied Mr. Calanni's application, but stayed the proceedings against him in light of his pending bankruptcy. (Id.). In opposition to Plaintiff's January 4, 2012 application to lift that stay, (ECF No. 496), Mr. Calanni submitted a letter reflecting his belief that his role in the case was over and that he would be able to "go on with his life and no one will be chasing him." (ECF No. 499 at 1). Mr. Calanni again made arguments concernng the claims against him, but still made no mention of his counterclaims or crossclaimsi. (Id. at 1-2). Mr. Calanni wrote a similar letter, filed on February 15, 2012, describing the hardships the claims against him had caused and again failed to mention his affirmative claims; (ECF No. 518); and

**WHEREAS**, by Order dated February 16, 2012, the Court set a deadline for Mr. Calanni to provide evidence demonstrating that the bankruptcy stay should remain in place and permitting him to file an application for pro bono counsel by March 23, 2012. (ECF No. 511). Though the deadline to apply for pro bono counsel was later extended through April 5, 2012. (ECF No. 529), Mr. Calanni never submitted any such application; and

**WHEREAS** the Court notes that Mr. Calanni filed a Consent & Registration Form to Receive Documents Electronically on November 30, 2012. (ECF No. 567). This Court subsequently conducted an in-person status conference on June 19, 2013, on notice to Mr. Calanni, which Mr. Calanni did not attend. (ECF No. 572). Following the status conference, this Court scheduled a settlement conference, which was later adjourned to accommodate Mr.

3

Calanni's schedule. (ECF Nos. 573, 573). Prior to that conference, however, the Court was advised that the matter had settled; and

**WHEREAS**, by Order dated September 26, 2013, which Mr. Calanni received electronically, the Hon. Dickinson R. Debevoise, U.S.D.J. dismissed this matter as to all litigants, without prejudice to their rights to make an application, within sixty days, to reinstate the case upon good cause shown; (ECF No. 574); and

**WHEREAS**, by letter dated October 12, 2013, Mr. Calanni advised that he objected to the dismissal and stated that "the case must remain in effect or to litigate [sic] my cross and counter claim." (ECF No. 577 at 1). Mr. Calanni's letter marked the first time that he made any reference to his affirmative claims in any filing since he first raised them on December 3, 1997; and

**WHEREAS**, after reviewing Plaintiff and Defendant Commonwealth Land Title Insurance Company's ("Commonwealth") responses to Mr. Calanni's October 12, 2013 letter, (ECF Nos. 579, 589), this Court scheduled a "an in-person status conference regarding the status of Mr. Calanni's claims" for December 6, 2013; (ECF No. 581); and

**WHEREAS**, by letter dated December 3, 2013, (ECF No. 583), Mr. Calanni described his view of the claims raised against him, asserted that he was unable respond to Plaintiff's legal arguments regarding the status of his counterclaims and crossclaims, and requested either "a public defender" or "time to research a [sic] attorney who may find interest in a high profile case as this." (Id.); and

**WHEREAS** this Court conducted an in-person status conference on December 6, 2013 regarding the viability of Mr. Calanni's affirmative claims. On the same date, this Court entered an Order requiring, in pertinent part, that Mr. Calanni "submit a letter advising the Court as to

whether or not he wishes to proceed with his application to re-open this case, (ECF No. 577), or rather if such application is withdrawn." (ECF No. 582). Mr. Calanni was required to submit that letter on or before January 24, 2014. The Order also specified dates for Plaintiff and Defendant Commonwealth to respond and for Mr. Calanni to file a reply; (id.); and

**WHEREAS** Mr. Calanni failed to comply with this Court's December 6, 2014 Order. Indeed, as of the date of this Report and Recommendation, the Court has still not received the information that Mr. Calanni was required to submit pursuant to that Order; and

**WHEREAS** the record indicates that Mr. Calanni failed to pursue any discovery concerning his counterclaims and crossclaims, (ECF No. 579 at 3-4), or otherwise prosecute those claims during the long history of this litigation,

**WHEREAS** this Court finds that, even if Mr. Calanni's counterclaims and/or crossclaims remained viable, they would be subject to sua sponte dismissal given Mr. Calanni's protracted and ongoing failure to prosecute them. Shipman v. Delaware, 381 F. App'x. 162, 164 (3d Cir. 2010) ("A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."). This Court recognizes that, "[w]hen using dismissal as a sanction, a District Court is ordinarily required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." Id (affirming a District Court's dismissal without consideration of the Poulis factors where the plaintiff failed to engage in discovery and then failed to respond to the Court's request for an explanation regarding those discovery defaults); and

**WHEREAS** this Court finds that Mr. Calanni not only failed to initiate discovery regarding his counterclaims and crossclaims, which were pending for almost sixteen years at the time the District Court dismissed them, (see ECF Nos. 7, 574), but he failed to even reference those affirmative claims in any filing with Court since December 3, 1997. Mr. Calanni also failed to comply with the requirements of this Court's December 6, 2014 Order (requiring him to advise the Court whether he even wished to proceed with an application to reinstate his crossclaims and counterclaims). This Court further finds that Calanni's conduct has made it impossible to adjudicate his counterclaims and crossclaims, and that it would be appropriate for the District Court to dismiss those claims sua sponte; and

**WHEREAS** the Court finds that Mr. Calanni has failed to establish good cause sufficient to justify reinstating this case,

**IT IS** on this 18th day of February, 2014,

**RECOMMENDED** that Mr. Calanni's informal application to reopen this matter be denied, with prejudice.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Dickinson R. Debevoise, U.S.D.J.