

COMPLEX COMMERCIAL LITIGATION

NEW JERSEY OFFICES    150 JFK Parkway, Short Hills, NJ 07078    P 973.218.1111    F 973.218.1106

March 7, 2014

**VIA CM/ECF & REGULAR MAIL**

Hon. Dickinson R. Debevoise, U.S.S.D.J.
United States District Court for the
District of New Jersey
Martin Luther King, Jr. Federal Bldg.
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Walsh Securities, Inc. v. Cristo Property Management, Ltd., et al.*
             Case No.: 97-3496 (DRD/JAD)

Dear Judge Debevoise:

      This firm represents Plaintiff Walsh Securities Inc. ("WSI") in the above-referenced action and submits this letter pursuant to Fed. R. Civ. P. 72 in response to the letter filed by Defendant Richard Calanni on February 24, 2014 ("Objection"). [Doc. 587]. Mr. Calanni's correspondence regarding Judge Dickson's Report and Recommendation ("R&R"), [Doc. 586], does not raise any facts or evidence that the Court overlooked and further supports the R&R's conclusion that Mr. Calanni's request to reopen this matter should be denied.

      Mr. Calanni has still not demonstrated that (1) he timely filed anything with the Court indicating that he intended to pursue any counterclaims that were set forth in a prior answer that was no longer operative; (2) he propounded any discovery in support of his counterclaims; or (3) he intended to pursue counterclaims when he was pleading with the Court to let him out of the case. Indeed, Mr. Calanni made a big kerfuffle about WSI's claims against him being included in his bankruptcy, which was ultimately found to be incorrect by this Court. [*See*, *e.g.*, Docs. 443, 499, 513, 517, 518, 521, 531]. Notably, he never even identified his counterclaims as an asset in his bankruptcy petition and never asserted to this Court that he had such an asset. Simply put, Mr. Calanni has at all times in the past decade held himself out as a defendant in this action. Even in his objection to the R&R, Mr. Calanni states: "I am not a plaintiff bringing a case to court, I am a defendant. . . ." [Objection at p.4].

      In addition, WSI relies on its previously submitted brief in opposition to Mr. Calanni's application to reopen the case, which outlines Mr. Calanni's role in the fraud, his plea, his

Hon. Dickinson R. Debevoise, U.S.S.D.J.
March 7, 2014
Page 2

sentencing, the testimony of a co-conspirator, and the history of discovery in this case. [Doc. 579]. As the record shows, Mr. Calanni pleaded to this Court at every turn to be let out of this case and now, when WSI agrees to dismiss its claims against him with prejudice, Mr. Calanni belatedly attempts to revive an old counterclaim that he has wholly failed to prosecute and that lacks any merit.

       The Court has indulged Mr. Calanni's requests, because he is *pro se*, and dealt with his letters as if they were motions. He has not been prejudiced and, rather, he has been repeatedly accommodated by this Court. Accordingly, WSI respectfully requests that this Court adopt Judge Dickson's thorough and well-reasoned R&R and let Mr. Calanni out of this case.

                               Respectfully submitted,

                               s/Robert A. Magnanini
                               Robert A. Magnanini


cc:    Honorable Joseph A. Dickson (via CM/ECF & Regular Mail)
        All counsel of record (via CM/ECF)
        Richard Calanni (via CM/ECF, E-Mail & Regular Mail)