**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WALSH SECURITIES, INC.,** <br> **Plaintiff,** <br> **v.** <br> **CRISTO PROPERTY MANAGEMENT, LTD., et al.,** <br> **Defendants** | **Civ. No. 97-3496 (DRD)** <br> **O P I N I O N** |

**Dickinson R. Debevoise, U.S.S. District Judge**

On February 18, 2014, Magistrate Judge Joseph A. Dickson filed a Report and Recommendation that Defendant Richard Calanni's application to reopen this matter be denied, with prejudice. On February 24, 2014, Calanni, appearing pro se, filed objections.

Plaintiff, Walsh Securities, filed a complaint in this action on July 17, 1997 and it filed an amended complaint on November 7, 1997. It was a complex securities fraud action having numerous defendants, including Calanni. Calanni, through an attorney August W. Fisher, Esq., answered the amended complaint. The answer included a counterclaim against plaintiff and crossclaims against all defendants.

On or about October 29, 1999, attorney Fisher withdrew as Calanni's attorney, and from that point forward, Calanni was a pro se litigant. He did not submit other filings until May 30, 2008, when he filed an answer to plaintiff's third amended complaint. He did not replead his

counterclaims or crossclaims at that time. In an August 30, 2009 letter to the Court and in his answer to plaintiff's fourth amended complaint on September 29, 2009, Calanni did not replead his counterclaim or crossclaims.

Nor did Calanni pursue his counterclaim and crossclaims in subsequent 2009 and 2010 correspondence with the Court, including his July 12, 2010 letter "request to seek leave to file a dismissal of all charges and claims/and cross claims against" him. The Court granted Calanni leave to file a motion to dismiss on or before August 11, 2010. He failed to file such a motion but in a September 10, 2010 letter contended that his July 12, 2010 letter was sufficient.

On February 22, 2011, the Court conducted oral argument on Calanni's motion to dismiss, denying the application but staying proceedings against him in light of his pending bankruptcy.

By order dated February 16, 2012, the Court set a deadline for Calanni to provide evidence demonstrating that the bankruptcy stay remains in place and permitting him to file an application for pro bono counsel by March 23, 2012. That deadline was later extended through April 5, 2012, but Calanni never submitted such an application.

The Magistrate Judge scheduled an in-person status conference on June 19, 2013 on notice to Calanni. Calanni failed to attend. Thereafter, the Magistrate Judge scheduled a settlement conference, which was later adjourned to accommodate Calanni's schedule. Prior to the conference, the Court was advised that the matter had settled. By order dated September 26, 2013, the Court dismissed the matter as to all litigants without prejudice to their rights to make application within 60 days to reinstate the case for good cause shown.

By letter dated October 12, 2003, Calanni advised that he objected to the dismissal,

stating that "the case must remain in effect to litigate any cross and counterclaim." This was the first time that Calanni made any reference to those claims in any filing since he first raised them on December 3, 1997.

The Magistrate Judge scheduled an in-person status conference regarding the status of Calanni's claims for December 6, 2013. In a December 3, 2013 letter to the Magistrate Judge, Calanni described his view of the claims raised against him, asserted that he was unable to respond to plaintiff's legal arguments regarding the status of his counterclaims and crossclaims and requested either "a public defender" or "time to research a (sic) attorney who may find interest in a high profile case as this."

The Magistrate Judge conducted an in-person conference on December 6, 2013 concerning the viability of Calanni's affirmative claims. He entered an order that day requiring that Calanni "submit a letter advising the Court as to whether or not he wishes to proceed with his application to re-open this case, or rather if such application is withdrawn." Calanni was required to submit a reply on or before January 24, 2014. Calanni did not comply with the December 6, 2013 order. The Court's records demonstrate that Calanni failed to pursue any discovery concerning his counterclaims and crossclaims or otherwise prosecute those claims during the years when the case was active.

The history is substantiated by the Court's records, leading the Magistrate Judge to find in his Report and Recommendation that "Mr. Calanni not only failed to initiate discovery regarding his counterclaims and crossclaims which were pending for almost sixteen years at the time the District dismissed them, but he failed to even reference those affirmative claims in any filing with [the]Court since December 3, 1997 . . . This Court further finds that Calanni's conduct has

made it impossible to adjudicate his counterclaims and crossclaims, and it would be appropriate for the District Court to dismiss those claims sua sponte." The Magistrate Judge noted that when a litigant's conduct makes adjudication of the case impossible, a balancing under Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984) is unnecessary.

Calanni's February 24, 2014 letter, which the Court will treat as an objection to the Report and Recommendation, does not address the reasons the Magistrate Judge gave for his ruling. There is no question that Calanni has suffered or is suffering from terrible adversities. He is fighting to get his health insurance back. He is being billed by the I.R.S. $4,000.00 more than the $9,000.00 he has been trying to pay off since 2009. He has had a "strep throat, lost a weeks work, dealing with shoveling snow at Midnight so I can go to work 4am still sick."

He noted that no attorney wanted to touch his case because of his lack of money. Perhaps the reluctance to take on his case was a conclusion by the attorneys that it lacked merit. Calanni persists in his contention that his plea of guilty to the criminal conspiracy charge against him was improvidently entered and that he is in fact innocent of the charges.

Calanni offers no explanation of why for nearly 16 years he failed to pursue his claims. He simply notes that "I made counter/cross claims December 1997. But I never withdrew. And I never heard that I needed to mention it with every other sentence." Calanni pleads an ignorance of the law, saying, "I looked Poulis cant find a meaning. Cant respond."

It is distressing that Calanni and his wife were thrown into a situation which he was unable to comprehend. As he states, "The bottom line is this. Laws and cases are now being thrown at me by very competent people with staffs of which I am no match . . . All I know is, It was proven by depositions of many that I had no knowledge of this scam and had no

conspirators. My plea keeps being thrown in my face and I'm not even certain it can be used in a civil trial."

Much as one sympathizes with Calanni and his present situation, the fact remains that for nearly sixteen years, as the Magistrate Judge found, he "failed to pursue any discovery concerning his counterclaims and crossclaims, or otherwise prosecute those claims during the long history of this litigation." During that time the other parties to the litigation strenuously pursued or defended it, finally resolving it by settlement. It would be virtually impossible at this late date to go over the same ground while Calanni attempted to pursue his claims. In the present circumstances it would be unreasonable to request an attorney to represent him, and Calanni is patently unable to pursue such a questionable case by himself. As the Magistrate Judge stated in his Report and Recommendation, "when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary" when dismissing a case for failure to prosecute.

For the foregoing reasons, the Court will issue an order adopting the Magistrate Judge's Report and Recommendation and dismissing Calanni's counterclaims and crossclaims.

**s/Dickinson R. Debevoise**
**DICKINSON R. DEBEVOISE**
**U.S. Senior District Judge**

**DATED: March 21, 2014**